

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 7, 2017

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

> Re: <u>United States v. Joshua Adam Schulte</u>,
> **17 Cr. 548 (PAC)**

Dear Judge Crotty:

We write to notify the Court that the defendant was arrested this morning pursuant to a warrant issued in connection with sexual assault charges pending in Loudoun County Virginia. In light of these charges, as well as other evidence that the defendant is using the Internet in violation of his bail conditions, the Government respectfully requests that the Court remand the defendant.

### Relevant Background

The defendant was arrested by complaint in this case on August 24, 2017 on three counts related to his possession, receipt, and interstate transportation of over ten thousand images of child pornography. During his presentment, the Government argued for detention on the grounds that the defendant is both a danger to the community and a flight risk. As relevant here, the Government discussed several photographs recovered from the defendant's cellphone that depicted an unknown individual using his hands to sexually assault an unconscious female woman (the "Victim"). (*See* Exhibit A, Aug. 24, 2017 Tr. at 12-13). At the time, the Government was aware that the Victim knew the defendant and had lived in his apartment as a roommate in the past. (*Id.*) Magistrate Judge Henry B. Pitman, who presided over the presentment, did not consider the information proffered by the Government regarding the Victim, explaining that "facts have [not] been proffered that . . . tie Mr. Schulte to the conduct in that incident." (*Id.* at 48-89). Nevertheless, Judge Pitman detained the defendant concluding that the defendant had not rebutted the presumption that he was a danger to the community. (*Id.* at 47-49).

The Honorable Paul A. Crotty                                                                                                Page 2
December 7, 2017

      On September 6, 2017, a grand jury returned an indictment containing the same charges included in the complaint, and the defendant was arraigned on September 13, 2017. During the arraignment, the defendant moved again for bail, repeatedly arguing that the risk of dangerousness articulated by the Government would be "completely negated" if the defendant was not permitted to have a computer while on supervised release. (*See* Exhibit B, Sept. 13, 2017 Tr. at 17, 26, 28-29). In response, the Government explained that the defendant is highly sophisticated with computers and that there was simply no set of conditions that could ensure that he would not attempt to circumvent his bail conditions and access the Internet. (*Id.* at 20, 22-25). After considering the parties' arguments and the position of Pretrial Services, the Court released the defendant, imposing strict conditions including, among others, home incarceration with electronic monitoring and no use of computers or the Internet in the absence of express authorization from Pretrial Services. *See* Dkt. No. 8. The defendant met all of his bail conditions and was released on September 15.

      On or about November 15, 2017, the defendant was charged in Loudoun County Virginia with two crimes: (i) object sexual penetration, a felony, in violation Virginia Code Section 18.2-67.2; and (ii) the unlawful creation of an image of another, a misdemeanor, in violation of Virginia Code Section 18.2-386.1. The Government understands that these charges are premised on the photographs of the Victim. Specifically, the Loudoun County Commonwealth's Attorneys Office has developed evidence that the defendant was the individual whose hands are visible in the photographs sexually penetrating the Victim.

      Separately, since the defendant was released on bail, the Government has obtained evidence that he has been using the Internet. First, the Government has obtained data from the service provider for the defendant's email account (the "Schulte Email Account"), which shows that the account has regularly been logged into and out of since the defendant was released on bail, most recently on the evening of December 6, 2017. Notably, the IP address used to access the Schulte Email Account is almost always the same IP address associated with the broadband internet account for the defendant's apartment (the "Broadband Account")—*i.e.*, the account used by Schulte in the apartment to access the Internet via a Wi-Fi network. Moreover, data from the Broadband Account shows that on November 16, 2017, the Broadband Account was used to access the "TOR" network, that is, a network that allows for anonymous communications on the Internet via a worldwide network of linked computer servers, and multiple layers of data encryption. The Broadband Account shows that additional TOR connections were made again on November 17, 26, 30, and December 5.[1]

## **The Court Should Reimpose Detention**

      In light of the above information, the Government respectfully requests that the Court reconsider its bail determination and remand the defendant. Under 18 U.S.C. § 3148(b), the Court must revoke the defendant's bail if it finds that two conditions are satisfied: (1) there is

---

[1] The Government will provide the defendant with the underlying data from the Schulte Email Account and the Broadband Account.

The Honorable Paul A. Crotty  Page 3
December 7, 2017

probable cause to believe that the defendant has committed a crime while on release, or clear and convincing evidence that he has violated some other release condition, *see* § 3148(b)(1); and (2) there is no combination of conditions of release that will prevent the defendant from fleeing or posing a danger to the safety of the community, or it is unlikely that he will abide by any condition of pretrial release, *see* § 3148(b)(2).  *See also United States* v. *Gotti*, 794 F.2d 773, 776 (2d Cir. 1986).  Both conditions are satisfied here.

First, there is clear and convincing evidence that the defendant has violated a release condition—namely, the condition that he shall not use the Internet without express authorization from Pretrial Services to do so.  As explained above, data obtained from the Schulte Email Account and the Broadband Account strongly suggests that the defendant has been using the Internet since shortly after his release on bail.  Especially troubling is the defendant's apparent use on five occasions of the TOR network.  TOR networks enable anonymous communications over the Internet and could be used to download or view child pornography without detection.  Indeed, the defendant has a history of using TOR networks.  The defendant's Google searches obtained in this investigation show that on May 8, 2016, the defendant conducted multiple searches related to the use of TOR to anonymously transfer encrypted data on the Internet.  In particular, the defendant had searched for "setup for relay," "test bridge relay," and "tor relay vs bridge."  Each of these searches returned information regarding the use of interconnected computers on TOR to convey information, or the use of a computer to serve as the gateway (or bridge) into the TOR network.

In light of the defendant's conduct, there is simply no combination of conditions of release to ensure the defendant will not pose a danger to the safety of the community or abide by the conditions of his pretrial release.  As the Government argued during the defendant's arraignment, electronic devices are ubiquitous and easy to procure and hide, and there are several avenues through which the defendant can obtain such devices.  In fact, several cases demonstrate the significant difficulties posed by the supervision of defendants accused of child pornography offenses like those charged in this case.  *See United States* v. *Familetti*, 13 Cr. 903 (LAP) (defendant accused of enticement and child pornography violated bail conditions and downloaded child pornography while on pretrial detention, and was subsequently remanded); *United States* v. *Valerio*, No. 14 Cr. 94 (JFB), 2014 U.S. Dist. LEXIS 45790, at *14 (E.D.N.Y. Apr. 1, 2014) (describing that the conditions that a defendant in a child pornography case not possess, use or access an Internet capable device "are difficult, if not impossible, to enforce, and otherwise insufficient to assure the safety of the community" because "[c]omputers, mobile phones, tablets, etc. – the types of instrumentalities allegedly used to commit the crimes – are ubiquitous and easy to procure or hide, and increasingly even the lowest-level devices have Internet functionality."); *United States* v. *Schenberger*, 498 F. Supp. 2d 738, 742 (D.N.J. 2007) ("[I]t is difficult to conceive of measures that could confidently assure that defendant would not communicate with others and encourage the distribution of child pornography and related illicit activities.").  These concerns are magnified in this case, where the defendant—who is highly sophisticated with computers—has already shown himself to be unwilling to comply with the terms of his court-ordered supervision.

The Honorable Paul A. Crotty                                                                                                    Page 4
December 7, 2017

      Furthermore, the Court now has additional information concerning the Victim from which it can make a determination regarding the defendant's dangerousness. In this regard, it appears that neither Judge Pitman nor this Court considered the information proffered by the Government concerning the Victim when making its bail determinations. Given that the defendant is now charged with this conduct, the Government respectfully submits that this information is both reliable and highly relevant to his risk of dangerousness. In particular, it shows that the defendant is someone who will act out on his impulses and actually engage in sexually dangerous behavior.

      In sum, given the pending charges against the defendant and the defendant's use of the Internet in violation of his bail conditions, it is difficult to conceive of any measures that could confidently assure that this defendant will not pose a danger to the community or abide by the terms of court-ordered supervision. Accordingly, the Government respectfully requests that the Court revoke the defendant's bail and detain him pending trial.[2]

      Respectfully submitted,

      JOON H. KIM
      Acting United States Attorney

By:   /s/ Matthew Laroche
      Matthew Laroche
      Shane Stansbury
      Assistant United States Attorneys
      (212) 637-2420

Enclosures

Cc:   Defense Counsel
      (Via ECF)

---

[2] The Government understands that the defendant was detained on the basis of the Loudoun County charges and is currently in state custody in New York City. The Government plans to seek a writ so that the defendant will appear in this case as scheduled on December 14 at 3:30 p.m.