I3FPSCHC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                17 CR 548 (PAC)

JOSHUA ADAM SCHULTE,

            Defendant.

------------------------------x

                             New York, N.Y.
                             March 15, 2018
                             11:07 a.m.

Before:

                HON. PAUL A. CROTTY,

                             District Judge

                    APPEARANCES

JOON H. KIM,
    Acting United States Attorney for the
    Southern District of New York
MATTHEW LAROCHE
    Assistant United States Attorney

JACOB KAPLAN
SABRINA SHROFF
    Attorneys for Defendant


ALSO PRESENT:  MICHAEL CHANG-FRIEDEN,
                Paralegal with Mr. Laroche

1             (In open court)

2             (Case called)

3             MR. LAROCHE:  Good morning, your Honor.  Matt Laroche
4    for the government.  With me is Michael Chang-Frieden, a
5    paralegal at the U.S. Attorney's Office.

6             THE COURT:  Good morning.

7             MR. KAPLAN:  Good morning, your Honor.  Jacob Kaplan
8    from Brafman and Associates on behalf of Mr. Schulte.

9             THE COURT:  Good morning.  Mr. Schulte, good morning.
10            Mr. Laroche, do you want to bring me up to date?

11            MR. LAROCHE:  Yes, your Honor.  We were last here on
12   January 8th of this year.  We did not set a schedule at that
13   time because of a classified discovery issue.

14            THE COURT:  Right.

15            MR. LAROCHE:  As the Court may recall, there is a
16   classified document that is on the computer -- desktop computer
17   that contains the child pornography in this case.  As a result,
18   the FBI has made that computer available to defense counsel at
19   the FBI's facility in a SCIF.

20            Unfortunately, defense counsel needs a security
21   clearance to view that material, and although defense counsel
22   has been going through that process, we understand that he
23   submitted his complete application within the last few weeks.
24   Unfortunately, we learned last night that that process is going
25   to take, conservatively, about 90 more days.  Bad news for the

1   case.

2          I've spoken briefly with defense counsel before this
3   appearance, and I understand that, based on that and some other
4   things that are going on with the representation, that he has
5   an application for the Court today.

6          THE COURT:  Mr. Laroche, refresh my recollection.
7   That was pretty much the story you gave me last time, except
8   for the 90 days.

9          MR. LAROCHE:  That's correct, your Honor.

10         THE COURT:  I thought it was going to be finished in a
11  week or two?

12         MR. LAROCHE:  So we thought that there would be an
13  interim clearance granted.  Unfortunately, we were informed
14  that that is not going to be granted in this case.  The
15  government does not have much insight into that decision-making
16  process.

17         THE COURT:  Who makes the decision?

18         MR. LAROCHE:  So I believe that's security folks
19  within the Department of Justice that work with a group of
20  individuals who will make the security clearance determination.
21  It's not up to, obviously, our office to make that
22  determination.  We just understand that, at least with the
23  interim clearance, that has not been granted at this time, and
24  that he'll have to go through the full process.  And the
25  typical time frame for the full process, after the full

I3FPSCHC

1   application was submitted, which was a couple of weeks ago,
2   will be about 90 more days.
3           THE COURT:  Well, let's assume the worst.  What if the
4   application is denied?
5           MR. LAROCHE:  If the application is denied, then -- so
6   he would need to get additional counsel to be able to review
7   the classified discovery.  The government was prepared today to
8   propose to your Honor, and we have a list here of stand-in
9   counsel.  So in cases where counsel is obtaining a security
10  clearance, we'd ask for the Court to appoint stand-in counsel
11  who is already cleared and could review the classified
12  materials.
13          I have that list here today, and I'm happy to provide
14  it to the Court.  However, it's my understanding, based on
15  discussions with defense counsel, that he has a separate
16  application.  Either way, the government's position is that is
17  stand-in counsel should be put in right now so we could get the
18  case moving.
19          THE COURT:  Mr. Kaplan?
20          MR. KAPLAN:  Yes, your Honor.  Mr. Schulte retained
21  counsel even prior to his arrest and was funding this counsel
22  through savings that he had.  Unfortunately, in the past few
23  weeks, Mr. Schulte and his father were defrauded in Texas, and
24  the savings that he had has been taken.  And, unfortunately, he
25  does not have any money going forward to fund his defense,

1    which is problematic, given that this case is going to require
2    a series of experts to go through the computer-related
3    information to determine where exactly the child pornography
4    was located on the computer.  And this expert would also have
5    to have full clearance because they would only be able to view
6    the computers with clearance at the FBI facility.
7            And given Mr. Schulte's inability to fund that going
8    forward, as well as pay his current outstanding legal bills, I
9    would ask to be relieved at this time.  And, also, given the
10   fact that I don't have clearance and won't have clearance for
11   another three months, if I get clearance at all.  In an effort
12   not to delay the case further, I would ask that I be relieved.
13           THE COURT:  Are any of the lawyers on your list,
14   Mr. Laroche, CJA eligible?
15           MR. LAROCHE:  Yes, your Honor.  I believe that several
16   on this list are, and I can provide it to the Court.
17           THE COURT:  Let's see.
18           MR. LAROCHE:  Yes, your Honor.  I also know that
19   Ms. Shroff is on the list, who is a Federal Defender, your
20   Honor.
21           THE COURT:  I don't recognize all the names, but I
22   recognize many of them.  They're all very talented.  These are
23   all CJA eligible?
24           MR. LAROCHE:  I don't know that -- I could check on
25   that, your Honor.  I don't know that all of them are, but I do

I3FPSCHC

1   recognize -- for instance, I know that Andy Patel is.  I
2   believe Steve Zissou is.
3              THE COURT:  Bobbi Sternheim is.
4              MR. LAROCHE:  That's correct.
5              THE COURT:  Steven Witzel is.
6              MR. LAROCHE:  That's correct.
7              THE COURT:  Ms. Shroff is over at the Federal
8   Defenders.
9              MR. LAROCHE:  That's correct, your Honor.
10             THE COURT:  Ms. Dolan is the same.
11             What's the procedure now?  If I relieve Mr. Kaplan, is
12  it to go back to the magistrate judge to ask for the
13  appointment of one of these attorneys?
14             MR. LAROCHE:  Yes, your Honor.  Your Honor could do
15  that proceeding, or it could be referred to magistrate court.
16  Either one would work in this case, your Honor.
17             THE COURT:  All right.  I think the magistrate's court
18  is better equipped to deal with the lawyer and the assignment
19  of lawyers.  I mean, how would they select from this group?
20  And this is, what, about 15 names?
21             MR. LAROCHE:  I think it would be a question of
22  availability, your Honor.  For instance, typically, if we
23  needed an appointed lawyer today, the Court would contact
24  magistrate court --
25             THE COURT:  No, if I need one today, I know what to

1    do.  I call and say, give me the on-duty attorney.
2             MR. LAROCHE:  That's right.  But in terms of how they
3    pick, I think it's just closest to who's on duty.  So if one of
4    these was on duty today, they would be the attorney, and I
5    think that's generally how the process goes.
6             THE COURT:  David, do you want to call the on-duty
7    attorney and see who's up next on this list?
8             And, Mr. Kaplan, you referred to having not only the
9    attorney needs top secret clearance, but you would need an
10   expert, as well?
11            MR. KAPLAN:  Yes, your Honor.  Part of the big issue I
12   see in this case is going to be the location, the exact
13   location of the child pornography on the computer, and how
14   accessible it is, one, from the desktop and, two, from the
15   servers that Mr. Schulte ran.
16            Given that the computers right now are only viewable
17   in the FBI office because of the security issue, I'm assuming
18   that any expert who's going to analyze the computer containing
19   this information, will also need the same sort of clearance.
20            In addition to that, I believe there might be other
21   sensitive information, not just pertaining to computers, but
22   other discovery that we may be requesting as part of the search
23   warrant -- Franks hearing challenging the search warrant; so I
24   think there might be more clearance issues going forward.
25            THE COURT:  Do you have a battery of qualified experts

I3FPSCHC

1   that the CJA lawyers can draw upon?
2           MR. LAROCHE:  I do believe that some of them are
3   already pre-qualified, and we can get that list to whoever is
4   appointed counsel, your Honor.
5           (Pause)
6           THE COURT:  We'll take a short recess.
7           (Recess)
8           THE COURT:  Hello, Ms. Shroff.  Thank you for coming.
9           MS. SHROFF:  Good afternoon, your Honor.
10          THE COURT:  Has Mr. Schulte signed his affidavit of
11  need?
12          MS. SHROFF:  He has, your Honor.
13          THE COURT:  Do you swear to it, Mr. Schulte?
14          THE DEFENDANT:  I'm sorry, your Honor?
15          THE COURT:  Do you swear to it?
16          THE DEFENDANT:  Yes.
17          THE COURT:  All right.  Mr. Kaplan, I'm going to
18  relieve you now.
19          MR. KAPLAN:  Thank you, your Honor.
20          THE COURT:  Ms. Shroff, I'm going to appoint you to
21  represent Mr. Schulte.
22          Mr. Kaplan, you'll have to cooperate with Ms. Shroff.
23          MR. KAPLAN:  Yes.  We're going to have some
24  communication going forward, and I'll get her up to speed as
25  soon as I can.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1          THE COURT:  I've signed the affidavit.

2          Ms. Shroff, how much time do you want?

3          MS. SHROFF:  Your Honor, I spoke with Mr. Laroche and
4  Mr. Kaplan.  This is what we'd like.  I would like about 30
5  days to sit down and talk with my client --

6          THE COURT:  Yes.

7          MS. SHROFF:  -- at least get partially up to speed.

8          THE COURT:  Yes.

9          MS. SHROFF:  They said that they aren't making
10 decisions about which way the case is headed; so I'm hoping
11 that they will have a better response for me in the next 30
12 days.  If not, if they don't have a response or a timetable by
13 30 days, I'm going to ask the Court to enforce a timetable for
14 the U.S. Attorney's Office.

15         THE COURT:  All right.

16         MS. SHROFF:  But at the very least, I would like 30
17 days, and then we can come back and update the Court, or we can
18 write in a letter and update the Court.

19         THE COURT:  I prefer we schedule a date for a Court
20 appearance.

21         MS. SHROFF:  That's fine.

22         THE COURT:  If you want to change that to a letter
23 update, that's fine.  How about the week of April 16th?

24         MS. SHROFF:  That's fine.

25         THE COURT:  David?

|   |   |
|---|---|
| 1 | THE DEPUTY CLERK:  Conference set for Tuesday, |
| 2 | April 17th at 11:30. |
| 3 | THE COURT:  Mr. Laroche? |
| 4 | MR. LAROCHE:  That's fine, your Honor.  The government |
| 5 | would also move to exclude time until the next conference, in |
| 6 | the interest of justice under the Speedy Trial Act, so defense |
| 7 | counsel, Ms. Shroff, can get up to date on the case, review |
| 8 | discovery, and discuss next steps with government counsel. |
| 9 | MS. SHROFF:  That's fine, your Honor. |
| 10 | THE COURT:  For the reasons stated, the time between |
| 11 | now and April 17th will be excluded.  Those interests outweigh |
| 12 | the interest of the public and the defendant in a speedy trial. |
| 13 | Anything else to do today, Mr. Laroche? |
| 14 | MR. LAROCHE:  No, your Honor.  Thank you. |
| 15 | THE COURT:  Ms. Shroff? |
| 16 | MS. SHROFF:  No.  I'm sorry, I couldn't pick up the |
| 17 | phone earlier.  I was before Judge Netburn.  I apologize. |
| 18 | THE COURT:  Well, that's Judge Netburn's problem, |
| 19 | then.  She has everybody busy all the time.  Thank you very |
| 20 | much. |
| 21 | MS. SHROFF:  Thank you, your Honor. |
| 22 | MR. LAROCHE:  Thank you, Judge. |
| 23 | THE COURT:  Thank you, Mr. Schulte. |
| 24 | (Adjourned) |
| 25 |  |