I5bWschC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                                  17 Cr. 548 (PAC)

JOSHUA ADAM SCHULTE,

                                   Conference
            Defendant.

------------------------------x

                                   New York, N.Y.
                                   May 11, 2018
                                   10:00 a.m.

Before:

                    HON. PAUL A. CROTTY,

                                   District Judge

                       APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
MATTHEW J. LAROCHE
SIDHARDHA KAMARAJU
     Assistant United States Attorneys

DAVID E. PATTON
     Federal Defenders of New York, Inc.
     Attorney for Defendant
SABRINA P. SHROFF


Also Present:  Michael Chang-Frieden
               Hannah Sotnick
               Jason Fischer

I5bWschC

```
1            (Case called)
2            THE COURT:  Good morning.  Please be seated.
3            MR. LAROCHE:  Good morning, your Honor.  Matt Laroche
4   and Sidhardha Kamaraju, for the government, and with us is
5   Michael Chang-Frieden, a paralegal from the U.S. Attorney's
6   Office.
7            THE COURT:  Good morning.
8            MS. SHROFF:  Good morning, your Honor.  On behalf of
9   Josh Schulte, who is seated on my left, Federal Defenders of
10  New York, by Sabrina Shroff.
11           THE COURT:  Good morning, Ms. Shroff.
12           MS. SHROFF:  Good morning, your Honor.
13           With me at counsel table is Hannah Sotnick -- she's a
14  paralegal in my office -- and Mr. Jason Fischer, who is in
15  charge of all things electronic at the Federal Defenders.
16  Since this case raises issues that involve so many different
17  expertise, they are here, and I ask the Court to allow them at
18  counsel table.
19           THE COURT:  Sure.
20           MS. SHROFF:  Thank you.
21           THE COURT:  Ms. Shroff, you came into this case on
22  March 15.
23           MS. SHROFF:  Yes, your Honor.
24           THE COURT:  At that time, you asked for 30 days.
25           MS. SHROFF:  Yes, your Honor.
```

I5bWschC

1          THE COURT:  You were on trial for the last several

2    weeks.

3          MS. SHROFF:  I have been on trial, your Honor.

4          THE COURT:  OK.

5          MS. SHROFF:  I'm done now.

6          THE COURT:  Are you up to speed now in the case?

7          MS. SHROFF:  I'm getting up to speed, your Honor, and

8    I can update the Court as to where we are.

9          I think I've finally gotten to a position where at

10   least most of the discovery is now available to Mr. Schulte.

11   Apparently it was not available to him at the MCC in a manner

12   that he could review it.  Apparently he's still having trouble

13   with the viewing of the documents that are on the computer.

14         I think the government will correct me if I'm wrong,

15   but they are still anticipating producing for me a copy of the

16   server which is at issue in this case.  The government informs

17   me that that production is voluminous and requires the Federal

18   Defenders to buy the computer for them, because the computer's

19   quite expensive.  We plan to move forward with that and get

20   that discovery review started.

21         The government also tells me that they are not yet

22   ready, and I'm going to ask the Court for some relief on this

23   point, in terms of superseding Mr. Schulte with the additional

24   charges that they've been talking about bringing.

25         Mr. Schulte in the meantime is continuing his

I5bWschC

1    discovery review along with us.

2            I would ask the Court, your Honor, to allow

3    Mr. Schulte to go to Virginia so that he can once and for all

4    resolve the Virginia state case, which seems to be just sort of

5    pending and being held against him.  If Virginia wants to bring

6    charges or pursue those charges, they should pursue them now

7    rather than wait until this case is resolved, because it's

8    standing in the way of Mr. Schulte's being able to argue to the

9    Court that the Virginia case does not matter.

10           If Virginia wants to move forward, they should move

11   forward.  Or if they choose not to move forward, this Court

12   should consider at least that case to be weak or dismissed, but

13   it seems unfair to Mr. Schulte to have this Virginia matter

14   pending, so I've asked Mr. Laroche, and he has kindly agreed,

15   to put me in touch with the state authorities so that we can

16   make progress on that front as well.

17           I think from my point of view, I've brought the Court

18   up to speed.  I think we're now really waiting on the

19   government, so if the Court still wants to set some deadlines

20   there, that might give us all some sense of where we're going

21   and when.

22           THE COURT:  All right.  Mr. Laroche.

23           MR. LAROCHE:  Thank you, your Honor.

24           With respect to discovery, to be clear, defense

25   counsel has access to all of the discovery with respect to the

I5bWschC

1   child pornography case.  That includes access to the server

2   that Ms. Shroff just noted.

3           Now, with respect to Mr. Schulte, the government has

4   provided a substantial amount of the discovery -- the

5   electronic discovery -- in the case to Mr. Schulte.  We were

6   notified today that he's having issues viewing some of that

7   discovery.  We believe we'll be able to provide him with a

8   necessary laptop that will solve that problem.  We just learned

9   of it today, and we'll address it as soon as we can.

10          There's also a separate issue with the server, which

11  is a significant amount of electronic evidence that Mr. Schulte

12  does not yet have access to at the MCC.

13          THE COURT:  Now, whose server is this?

14          MR. LAROCHE:  We executed a search warrant on

15  Mr. Schulte's residence last year.  It is Mr. Schulte's server.

16  He had a very large server in his residence that had a very

17  substantial amount of data.

18          THE COURT:  And who has that server?  You have the

19  server now?

20          MR. LAROCHE:  We have the server in our possession.

21  That's correct, your Honor.  And we made a forensic copy of

22  that server and provided it to defense counsel.

23          THE COURT:  So Ms. Shroff has that.

24          MR. LAROCHE:  Ms. Shroff has it, yes.

25          THE COURT:  But Mr. Schulte has difficulty accessing

6

I5bWschC

1    it.

2            MR. LAROCHE:  Mr. Schulte cannot yet access it.

3            We notified Ms. Shroff, and this is what she was

4    referring to about a very expensive computer, because of the

5    nature of the server and how it was set up, it requires

6    specialized software and a specialized server to be able to run

7    it.  You would not simply be able to plug it into a regular old

8    computer and be able to look at it.

9            We provided that information to Ms. Shroff several

10   weeks ago.  We're still discussing that with her as well as

11   with her technical folks to make sure that they can get the

12   necessary equipment so that he would be able to use it.

13           From the government's perspective, with respect to the

14   child pornography case, the key evidence is what was recovered

15   from his desktop computer, and that's where all the child

16   pornography was recovered from.  That desktop computer is

17   available to review at the SCIF at this courthouse.  Because it

18   contains child pornography, Mr. Schulte cannot be provided a

19   copy, and it must be reviewed in a secure location.  Now,

20   that's been available to defense counsel since she came on the

21   case.

22           Those are the discovery issues we're working through.

23   We're working to get Mr. Schulte access as quickly as possible

24   and will continue doing that.

25           With respect to additional charges in this case --

7

I5bWschC

| | |
|---|---|
| 1 | THE COURT:  The superseder, yes. |
| 2 | MR. LAROCHE:  The superseder, that's correct, your |
| 3 | Honor. |
| 4 | As the Court is aware, this case -- the |
| 5 | investigation -- started not as a child pornography |
| 6 | investigation but a broader investigation that's been referred |
| 7 | to during court.  The government is moving as quickly as |
| 8 | possible to try to get to a superseder in this case, and we are |
| 9 | anticipating that there will be a superseder.  Because of the |
| 10 | nature of the underlying investigation, that requires |
| 11 | consultation with people outside of our office, which we are |
| 12 | doing as quickly as we can.  We're trying to get that done. |
| 13 | THE COURT:  Can you put a time frame on this, |
| 14 | Mr. Laroche? |
| 15 | MR. LAROCHE:  We are hopeful that we will get this |
| 16 | done within the next 45 days.  That's our hope.  We're moving |
| 17 | as quickly as we can to get that done, and as I said, we're |
| 18 | consulting with a lot of folks that are not within our office, |
| 19 | so we're moving as quickly as we can on that front. |
| 20 | With respect to Virginia, the last issue raised by Ms. |
| 21 | Shroff, as we had informed the Court several court appearances |
| 22 | ago, Virginia is taking the position that since our case is |
| 23 | proceeding first, they do not want to writ Mr. Schulte back |
| 24 | down to Virginia to proceed on that case when it's our position |
| 25 | that this federal case should go first. |

I5bWschC

1          That's the only update I have with respect to that

2     case, and that's the status of this case from the government's

3     perspective.

4          THE COURT:  So your answer on the Virginia case is

5     that you're not going to do anything.

6          MR. LAROCHE:  We will certainly contact Virginia again

7     and put Ms. Shroff in contact with Virginia, but we've had

8     extensive discussions with Virginia about that case.  They are

9     taking the position that they do not want to take the step of

10    writ'g him out of federal custody to go down to proceed on the

11    state case, because we are taking the position, and I think

12    rightfully so, that because we charged our case first, it

13    should proceed first.

14         THE COURT:  Ms. Shroff, what's my jurisdiction over

15    Virginia?  I don't have jurisdiction, do I?

16         MS. SHROFF:  You don't.

17         THE COURT:  So how could I possibly implement your

18    request?

19         MS. SHROFF:  That's what I'm saying.  I'm saying that

20    what the government is saying here is somewhat confusing.

21         They can go first whenever they want.  They can go

22    first right now.  But just as I'm listening to them, and I want

23    to be clear about certain things.  OK?

24         First of all, I'm not imputing any delay to the

25    government about the discovery production.  Part of the

1   discovery delay has to do with the fact that prior counsel

2   didn't really get MCC up to speed on what was needed, so that's

3   the defense's side of the problem.  Then, of course, there was

4   the problem where I was on trial, so that kind of slowed things

5   down.  Then they had to upgrade my clearance, which I did last

6   week, and so we're up to speed there.  But if Virginia is part

7   of the piece that has gotten Mr. Schulte remanded, and Virginia

8   is not willing to move forward, that seems unfair to

9   Mr. Schulte.

10          Now, I want to be clear, the Court may say Virginia

11   was irrelevant to my decision to remand and that may still be

12   true, but Virginia state cannot say, Hey, I'm just going to sit

13   back and not writ him over because your case goes first.

14          We have state court writs going back and forth all the

15   time.  If Mr. Schulte is willing to go to Virginia, take care

16   of his Virginia case and come back, and certainly Mr. Laroche

17   is not going to do anything at least for the next 45 days, I

18   see no reason for the government to say that Mr. Schulte should

19   be sitting at the MCC and not be allowed to go to Virginia.

20          Virginia should either move on the case, dismiss the

21   case or prosecute the case.  Virginia can't have its cake and

22   eat it too.  That's my point with Virginia.  All I'm telling

23   this Court is this is an open record.  Virginia has its time

24   frame from which to go to trial on the state case.  Mr. Schulte

25   is ready to proceed to Virginia, and Virginia should be on

I5bWschC

1    notice.  I intend to contact Virginia and tell them to move,

2    prosecute or dismiss, so that's Virginia.

3            I understand you have no authority.

4            THE COURT:  All right.  So I really am an observer on

5    Virginia.

6            MS. SHROFF:  Exactly, just a fair observer.  I want to

7    put that out there.  That's No. 1.

8            No. 2, I just want to make sure, I do not know what

9    charges they want to bring.  They keep talking about these

10   charges.  Are they secret charges that I'm not even allowed to

11   know about?  What are these charges?  Could somebody just

12   please tell me what these charges are?

13           Mr. Laroche, could you tell us what these charges are?

14           THE COURT:  I don't know if he has to inform you of

15   the charging decision, but Mr. Laroche, what do you have to

16   say?

17           MR. LAROCHE:  We've had discussions with Ms. Shroff

18   about this in the past.  It's an ongoing grand jury

19   investigation, and I don't think we have an obligation to

20   disclose that at this time, but we certainly have had

21   discussions with Ms. Shroff about the nature of the underlying

22   investigation.

23           THE COURT:  And the underlying investigation is going

24   to result in action by, you said, within 45 days, Mr. Laroche?

25           MR. LAROCHE:  That's what we anticipate, your Honor.

I5bWschC

1          THE COURT:  That would be around the 1st of July?

2          MR. LAROCHE:  That's correct.

3          THE COURT:  All right.

4          MS. SHROFF:  Mr. Schulte has been under indictment, as

5    I understand it, or at least under arrest, since August of

6    2017.  I came in late, so I want to make sure my dates are not

7    wrong.

8          I'm not asking Mr. Laroche or the government to tell

9    me what it is they're doing in the grand jury.  But surely

10   telling me that they're going to investigate him or charge him

11   with, I don't know, an 18 U.S.C. 371 violation -- or are they

12   charging him with sedition?  Are they charging him with

13   espionage?  I'd like to know generally out loud what

14   Mr. Schulte is being charged with.  I don't think it should be

15   a secret what he's being charged with.  That's No. 2.

16         And August of 2017, we're almost at -- look, I'm not

17   pushing this, because I'm behind in my review, so I want to be

18   candid with the Court, but I doubt it's fair to Mr. Schulte to

19   first proceed on a child pornography trial and then proceed on

20   a second trial when the evidence of the two is clearly

21   interlinked, as is the motion practice.  Basically we're just

22   spinning our wheels here.

23         I ask the Court most respectfully to set a deadline.

24   Either they supersede or they're done.  I'm not asking the

25   Court a week or a month, but it's been since August.

I5bWschC

1          THE COURT:  Ms. Shroff, I'm not going to do that.  I'm

2     going to encourage them to act as quickly as possible, and 45

3     days seems like a reasonable target.  That'd bring us to the

4     first week in July.  I'll ask Mr. Laroche to use his best

5     efforts to come to conclusion by that time, but it's not going

6     to come to conclusion or face dismissal or face prevention of a

7     superseder.  I'm not going to do that.

8          MS. SHROFF:  Look, I understand that, your Honor.

9          I'm just keeping the Court in mind the date is not 45

10    days from today.  Right?  This has been going on for a while,

11    and we've been at this August of 2017.  Let's be generous to

12    the government.  Let's say it's been at this since January of

13    2018.  We're still five months into 2018; 45 days is fine, 45

14    days I have no trouble with.  But if the 45 days comes back and

15    we're still looking for 45 days more, I'm just asking the Court

16    to keep that in mind.

17         THE COURT:  We'll cross that bridge when we come to

18    it.

19         MS. SHROFF:  Thank you, your Honor.

20         THE COURT:  Do you have any objections or comments on

21    Mr. Laroche's suggestion that with regard to the child

22    pornography, you've got the desktop computer and you have

23    access to all the information that you need?

24         MS. SHROFF:  No, no.  I never had an issue with that.

25    He's correct.  Judge, I'm not saying any of the delay came from

I5bWschC

1    the government on the discovery at all.

2             THE COURT:  I'm not talking about delay now.  I'm

3    talking about access.  You have access.

4             MS. SHROFF:  I have access.  I have access to the

5    SCIF.  Mr. Schulte doesn't have access.

6             THE COURT:  Right.  We're working on that with

7    Mr. Schulte, right?

8             MS. SHROFF:  No.  I think Mr. Laroche's position is

9    that Mr. Schulte will never see that evidence.

10             MR. LAROCHE:  That is not correct.

11             THE COURT:  I didn't understand that.

12             Mr. Laroche.

13             MR. LAROCHE:  Your Honor, I'm sorry.

14             MS. SHROFF:  If it's in the SCIF, how is he going to

15    see it?

16             MR. LAROCHE:  Obviously in child pornography cases,

17    the defendant has the ability to be able to look at the

18    evidence against him.  We can have discussions with defense

19    counsel about exactly how that would look.  The government is

20    certainly not taking the position now that the defendant cannot

21    have access to the evidence that will be used against him.  I

22    think we'll just have to work out those issues with counsel,

23    and I propose that Ms. Shroff and I just have those

24    conversations.  And if there are any issues on that front, we

25    can raise them with the Court.

I5bWschC

1          MS. SHROFF:  OK.  Then I misunderstood.  I thought

2     Mr. Schulte would not have access to what was in the SCIF.  I

3     apologize to Mr. Laroche.

4          THE COURT:  All right.

5          MS. SHROFF:  That's fine.  We can work things out.  I

6     think on discovery the government and I will be able to work

7     out almost everything.  I don't anticipate having trouble with

8     them in working out access to discovery.  I think we'll be

9     fine.

10          I'm more concerned about Virginia and more concerned

11     about whether or not the superseder will show up in 45 days.

12          THE COURT:  When would it be prudent for us to get

13     together again?  I would suppose the first week in July.

14          MR. LAROCHE:  Sounds right, your Honor.

15          THE COURT:  Ms. Shroff.

16          MS. SHROFF:  Whatever date the government wants so

17     they have their full 45 days.

18          THE COURT:  Why don't we schedule something in the

19     week of the 9th of July.

20          THE DEPUTY CLERK:  Tuesday, July 10, at 4:30.

21          THE COURT:  All right.

22          MS. SHROFF:  July 10 at 4:30, your Honor?

23          THE COURT:  July 10 at 4:30.

24          MS. SHROFF:  That's fine, your Honor.

25          THE COURT:  We'll get an update on the status then.

I5bWschC

1   In the meantime, Mr. Laroche and Ms. Shroff will meet to work

2   out any further details that are necessary so that there's no

3   hitch in discovery and everybody has access to the discovery in

4   the child pornography case.  We'll hear from Mr. Laroche on

5   where he stands with the superseder on July 10 at 4:30.

6          You're going to pursue your case in Virginia, Ms.

7   Shroff, and you'll be in a position to report on that on July

8   10?

9          MS. SHROFF:  Yes, your Honor.

10          THE COURT:  OK.

11          MS. SHROFF:  Thank you.

12          THE COURT:  Anything else, Mr. Laroche?

13          MR. LAROCHE:  Your Honor, the government moves to

14   exclude time from today until July 10 in the interest of

15   justice, under the Speedy Trial Act, and basis for the

16   exclusion is so that defense counsel can continue reviewing

17   discovery in this case.

18          MS. SHROFF:  Your Honor, may I just have one second?

19          THE COURT:  Yes.

20          MS. SHROFF:  Thank you.

21          We have no objection to the exclusion of time, your

22   Honor.

23          THE COURT:  The time between now and July 10 will be

24   excluded.  It's in the interest of justice to do so.  The

25   interests cited outweigh the interests of the public and the

I5bWschC

1    defendant in a speedy trial.

2           See you on July 10.  If you need intervention or a

3    conference before then, let me know.  I'll be in New York.

4           MR. LAROCHE:  Thank you, your Honor.

5           MS. SHROFF:  Thank you, your Honor.

6           THE COURT:  Thank you very much.

7           (Adjourned)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25