```
I6SVSCHC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                              17 CR 548 (PAC)

JOSHUA ADAM SCHULTE,

          Defendant.                      CONFERENCE

------------------------------x
                                          New York, N.Y.
                                          June 28, 2018
                                          4:02 p.m.


Before:

                HON. PAUL A. CROTTY,

                                          District Judge


                    APPEARANCES


GEOFFREY S. BERMAN,
     United States Attorney for the
     Southern District of New York
MATTHEW LAROCHE
SIDHARDHA KAMARAJU
     Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
SABRINA P. SHROFF
MATTHEW LARSON

ALSO PRESENT:  MICHAEL CHANG-FRIEDEN, Paralegal, USAO
```

1              (Case called)
2              MR. LAROCHE:  Good afternoon, your Honor.
3              Matt Laroche and Sid Kamaraju, for the government.
4              THE COURT:  Mr. Laroche, Mr. Kamaraju.
5              Who's with you?
6              MR. LAROCHE:  With us at counsel table is Michael
7    Chang-Frieden.  He's a paralegal at the U.S. Attorney's Office.
8              THE COURT:  Mr. Frieden.
9              THE DEPUTY CLERK:  For defendant?
10             MS. SHROFF:  Good afternoon, your Honor.
11             Federal Defenders of New York, by Sabrina Shroff and
12   Matt Larson.
13             THE COURT:  Mr. Larson.
14             MS. SHROFF:  On behalf of Mr. Schulte.
15             THE COURT:  Mr. Schulte, how are you today?
16             MS. SHROFF:  Your Honor, I'm not sure if the Court has
17   previously had Mr. Larson appear before you, but Matt Larson is
18   a lawyer in our office and usually sits in Brooklyn, but has
19   graciously agreed to help me here today.
20             THE COURT:  Good.  All right.
21             MS. SHROFF:  And on the case.
22             THE COURT:  All right.
23             We were last together on Wednesday, June 20th.  We had
24   arraigned Mr. Schulte.  I asked Mr. Schulte at that time -- I
25   told him about Counts One through Seven, alleging that the

crimes charged in the indictment were said to have taken place in the Eastern District of Virginia. I asked him if he wanted to waive venue with regard to Counts One through Seven. Mr. Schulte said we want a week to discuss.

So you've had the week. What do you want to do, Ms. Shroff?

MS. SHROFF: Your Honor, I understand that Mr. Schulte is going to waive venue and proceed in the Southern District of New York. I just state this for the record.

Obviously the fact that he's waiving venue would not, down the road, preclude a motion to sever certain counts from the other. We will retain that argument.

THE COURT: All right.

I have to ask Mr. Schulte a few questions to make sure that he wants to waive.

MS. SHROFF: Certainly, your Honor.

THE DEFENDANT: I have a pro se motion I would like to submit to your Honor before.

THE COURT: Before what, Mr. Schulte?

THE DEFENDANT: Before the questions.

THE COURT: Oh, okay.

THE DEFENDANT: If that's okay.

THE COURT: Fine.

THE DEFENDANT: And if there's any way that we could schedule the oral arguments between now and Tuesday, I'm not

1   sure if that's enough time --
2              THE COURT:  This is 137 pages, not including the
3   appendix.
4              THE DEFENDANT:  That's correct.
5              Our typewriter was broken, so unfortunately it's all
6   handwritten.
7              THE COURT:  Mr. Laroche -- did you serve a copy on the
8   government?
9              THE DEFENDANT:  No, that's the only copy there.
10             MS. SHROFF:  Your Honor?
11             THE COURT:  Yes.
12             MS. SHROFF:  I know it's a pro se motion, but we can
13  provide a copy to the government or I can provide a copy to the
14  government.
15             THE COURT:  Well, copying is easy enough to do.  We
16  can copy it.
17             But Mr. Schulte, do you want to tell me what's in your
18  motion?  Because obviously I don't want to sit here and read
19  127 pages.
20             THE DEFENDANT:  Yes, your Honor.
21             It's a bail application.  There's been information,
22  new information, discovered in the case.  And so I make a
23  couple arguments regarding my initial remand that I think was
24  done improperly.  And then a couple of other arguments that I
25  make regarding pretrial detention itself.  And then the new

Case 1:17-cr-00548-PAC   Document 57   Filed 07/24/18   Page 5 of 11    5
I6SVSCHC

information in the bail application that we've discovered through discovery; and based on that information, attacking the presumption of danger.

THE COURT:  Okay.  Well, I'll read it.

I'd like to return now to the waiver of venue.

You've had a week's time now to consider it, Mr. Schulte.  Am I correct that you want to waive your right to challenge venue in this case?

THE DEFENDANT:  That's correct.

THE COURT:  Do you understand, with the exception that Ms. Shroff makes, that by waiving challenges to venue now, you're waiving your right at a later time to object to Counts One through Seven being tried in the Southern District of New York on the basis that venue is not appropriate in this district?

THE DEFENDANT:  That's correct.

THE COURT:  Are you doing this knowingly and voluntarily after you've consulted with your counsel?

THE DEFENDANT:  I am.

THE COURT:  Has anybody made any threats or promises to force you to waive your right to venue in the Eastern District of Virginia?

THE DEFENDANT:  No.

THE COURT:  Anything else you want me to ask, Ms. Shroff or Mr. Laroche?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1          MR. LAROCHE:  No.  Thank you, your Honor.
2          THE COURT:  Ms. Shroff?
3          MS. SHROFF:  No, your Honor.  Thank you.
4          THE COURT:  I'm going to accept the waiver as
5  knowingly and voluntarily made with respect to Counts One
6  through Seven, which allege the crime took place in the Eastern
7  District of Virginia.  Those counts will be tried here in the
8  Southern District of New York.
9          Now, with regard to the pro se motion, I'll make
10 copies and distribute them.  I'll start reading them.  I'm not
11 sure when I'll get finished with it, but I'll start reading it.
12         THE DEFENDANT:  Thank you.
13         THE COURT:  Anything else to do today, Ms. Shroff?
14         MS. SHROFF:  Yes, your Honor.
15         I hate to sort of have the Court get in the middle of
16 this, but we continue to have discovery-related problems in the
17 MCC.
18         So the government has actually given us now a second
19 hard drive.  The MCC does not have the equipment to allow
20 Mr. Schulte to actually open, I would say, three-quarters of
21 the files that are on the drive itself.  So I ask the Court --
22 I mean we've tried to try and resolve this with the MCC, and I
23 have had very little success.
24         So I'm asking the Court to either order the MCC to
25 accept from us or have the government provide to the MCC the

1     discovery on a laptop with a program that's on the laptop that
2     allows Mr. Schulte to access each and every one of the files
3     that is part of his discovery.
4             THE COURT:  Mr. Laroche.
5             MR. LAROCHE:  Your Honor, we're working towards a
6     solution to this as soon as possible.  I think part of this is
7     complicated by the fact that the underlying discovery includes
8     a lot of extensive forensic images of various devices.
9             We are aware of the issue.  Our tech people are in
10    contact with the MCC and we are trying to resolve it as soon as
11    possible.
12            THE COURT:  "As soon as possible" means when?
13            MR. LAROCHE:  So it is our understanding, based on
14    discussions with our tech folks, that the drive that we
15    provided is -- there is equipment at the MCC that is capable of
16    viewing it.  That's our understanding today.  We're trying to
17    get a little bit -- we're going to discuss with defense counsel
18    if there are specific files that they are not able to open, and
19    then we can address those files on a case-by-case basis.  If it
20    turns out that we have to provide a laptop, we will do so as
21    soon as possible so that he does have access.
22            So we are working through this.  We are trying to do
23    it as quickly as possible.  And we certainly understand the
24    desire to get the discovery in a form that is viewable by the
25    defendant, and we will resolve it as soon as we can.

1  THE COURT:  Well, you say as soon as you can, as
2  quickly as possible, and as reasonable.  Can we get some time
3  frames for that?
4  MR. LAROCHE:  Your Honor, I'm going to propose if we
5  can update the Court in a week by letter where we stand.  I
6  expect and hope that it will be resolved by then.  And then we
7  can report that there are no more issues with respect to the
8  discovery that's been produced.
9  THE COURT:  That would be by July 5th or 6th.
10 MR. LAROCHE:  That's correct, your Honor.  May I
11 propose Friday, just because of the holiday is in the middle?
12 THE COURT:  Yes, July 6th.
13 MR. LAROCHE:  Thank you, your Honor.
14 THE COURT:  And depending on what the answer is,
15 Ms. Shroff, we'll go from there.
16 MS. SHROFF:  That's fine.
17 THE DEFENDANT:  I have a couple other --
18 MS. SHROFF:  I'm sorry, your Honor.  I don't think
19 Mr. Schulte meant to interrupt you.
20 THE COURT:  Is there anything else?
21 MS. SHROFF:  Yes, your Honor.
22 In addition to the discovery that has already been
23 produced, I know that the government is planning to make
24 another production on the newer charges.  And I just ask that
25 the discovery that is now sent to the MCC be in a way -- is

1    produced in a way that he can access it.
2             THE COURT:  How is that different than the first
3    request?  I thought we've already addressed that.  Obviously
4    the material that's produced has to be accessible.
5             MS. SHROFF:  Fine.
6             Then I have nothing more to say on this issue.
7             THE COURT:  Otherwise, it's not really been fully
8    produced.
9             MS. SHROFF:  Thank you, your Honor.
10            THE COURT:  Is that right, Mr. Laroche?
11            MR. LAROCHE:  That's correct, your Honor.
12            THE COURT:  Okay.
13            Ms. Shroff, do you have anything else you want to
14   raise?
15            MS. SHROFF:  I do not, your Honor.
16            THE COURT:  Okay.
17            Mr. Laroche?
18            MR. LAROCHE:  Your Honor, the government would ask
19   that the Court -- and I think we did this at the last
20   conference -- set a control date of July 20th, which was 30
21   days from the original arraignment.  The purpose of that would
22   be for the government to update the Court concerning where we
23   stand on discovery.
24            And I think the proposal from the government would be
25   to exclude time until that date, July 20th, so that the parties

1  can continue their discussions and also the defendant can
2  continue reviewing discovery in this case.
3            THE COURT:  Can you make it July 19th?
4            MR. LAROCHE:  That's fair, your Honor.
5            THE COURT:  Give me a time on July 19th.
6            THE DEPUTY CLERK:  Thursday, July 19, at 11 a.m.
7            THE COURT:  Any objections to exclusion of time,
8  Ms. Shroff?
9            MS. SHROFF:  I do not, your Honor.
10           But your Honor, may I just have one minute with the
11 government please?
12           THE COURT:  Sure.
13           MS. SHROFF:  Thank you.
14           (Counsel conferred)
15           MS. SHROFF:  Your Honor, I've tried to resolve the
16 issues that Mr. Schulte wanted to raise with the Court with the
17 government.  I have their assurance that we can try and resolve
18 the matter by the end of next week.
19           THE COURT:  All right.
20           If I can make a suggestion, it would be helpful to
21 have these conversations take place before we have the hearing
22 rather than interrupt the hearing.  But do the best you can.
23           All right.  The time between now and July 19th is
24 excluded.  It's in the interest of justice to do so.  Those
25 interests outweigh the interests of the public and the

1  defendant in a speedy trial.
2              So July 19th at what time, David?
3              THE DEPUTY CLERK:  11.
4              THE COURT:  11 a.m.
5              MR. LAROCHE:  Thank you, your Honor.
6              That's all from the government.
7              THE COURT:  We're going to make a copy of
8  Mr. Schulte's pro se application.
9              MS. SHROFF:  Your Honor, actually I have a copy in the
10 court.  My paralegal was kind enough to bring it.  I can give
11 it to the government.
12             THE COURT:  Okay.
13             It might take a week or so in giving you a response.
14             MR. LAROCHE:  Yes, your Honor.
15             THE COURT:  Thank you.
16             All right.  Anything else?
17             MS. SHROFF:  No, your Honor.
18             I apologize.  Next time we'll try and iron it out
19 before.
20             THE COURT:  Thank you very much.
21                            *   *   *
22
23
24
25