I885sch1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

            v.                           17 Cr. 548 (PAC)

JOSHUA ADAM SCHULTE,

            Defendant.

------------------------------x
                                         August 8, 2018
                                         2:10 p.m.

Before:

                    HON. PAUL A. CROTTY,

                                         District Judge


                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  MATTHEW J. LAROCHE
     SIDHARDHA KAMARAJU
     Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY:  SABRINA P. SHROFF
     MATTHEW LARSEN
```

I885sch1

1         (Case called)
2         THE COURT:  Good afternoon.  Please, be seated.
3         THE DEPUTY CLERK:  Counsel for the government, please
4   state your appearance.
5         MR. LAROCHE:  Good afternoon, your Honor.  Matt
6   Laroche and Sid Kamaraju for the government.
7         MR. KAMARAJU:  Good afternoon, your Honor.
8         THE COURT:  Yes, good afternoon.
9         MS. SHROFF:  Good afternoon, your Honor.  On behalf of
10  Mr. Schulte, who is seated to my left, Federal Defenders of New
11  York by Sabrina Shroff and Matt Larsen.
12        THE COURT:  Mr. Larsen, Ms. Shroff.
13        Mr. Schulte, how will you today?
14        MS. SHROFF:  Good afternoon, your Honor.
15        THE COURT:  Okay, Mr. Laroche.
16        MR. LAROCHE:  Yes, your Honor.  We were last here on
17  June 28th.
18        THE COURT:  Yes.
19        MR. LAROCHE:  Since that time the government has
20  continued to produce discovery in this case.  We are at a point
21  in the discovery production where the government would like to
22  proceed using a protective order under CIPA.  We circulated a
23  protective order about a week and a half ago and it is our
24  understanding that defense is going to consent to that order
25  which we will submit for the Court's consideration tonight.

I885sch1

1    Once that order is in place, we have a number of other
2    discovery productions which we can produce in the near term.
3    We expect that our discovery productions will be complete by
4    September 20th for classified productions.
5         We are prepared today, based on that schedule, to set
6    a schedule going forward, both with respect to CIPA filings,
7    suppression motions, and a trial date.  The schedule that we
8    have in mind that we floated with defense counsel is the
9    following:
10        A CIPA filing by the government sometime at the end of
11   October, followed by suppression motions which would be filed
12   sometime in early 2019, followed by a trial date subject to the
13   Court's schedule, sometime in March, April, or May of 2019.
14        THE COURT:  Okay.
15        Ms. Shroff?
16        MS. SHROFF:  Your Honor, I did have a conversation
17   with the government about the schedule that they have proposed
18   and as of now I don't particularly have an objection to it.
19        I do have two issues, your Honor.  One issue is about
20   the scheduling dependent on the experts that we may or may not
21   be able to retain to accommodate that trial schedule.  I will
22   not know that until next week Monday or Tuesday because my
23   calls to people during the month of August are returned rather
24   slowly.  So, I would be able to confirm such a schedule perhaps
25   early next week, that's one.

1          And two, your Honor, I think that the government owes
2     Mr. Schulte a Brady disclosure.  We have been told to expect a
3     Brady disclosure, we have not yet received the Brady
4     disclosure, and based on the Brady disclosure, I would be in a
5     better position to tell the Court if the schedule is fine with
6     the defense.  But, I reiterate again for the Court, that I
7     think we should be okay with the proposed schedule.
8          THE COURT:  Is it worthwhile for us to set a tentative
9     schedule today or do you just think it is better to wait a
10    week?
11         MS. SHROFF:  I think it is better to wait.  I think
12    that the government and I should confer and submit to the Court
13    a proposed schedule, it might make your life easier.  It is
14    just a suggestion, but whichever way the Court wants to proceed
15    is fine.  If you give us a tentative trial date then we can
16    work our way back and submit to you a proposed schedule.
17         THE COURT:  What are the dates, Mr. Laroche?  March,
18    April or May?
19         MR. LAROCHE:  Yes, your Honor.
20         THE COURT:  I can predict.  I'm not busy during March,
21    April, and May of 2019.  I don't even know if I will be here.
22         MR. LAROCHE:  We hope you are, your Honor.
23         THE COURT:  Yes.
24         MR. LAROCHE:  We defer to the Court.  We are available
25    any of those months.

I885sch1

1           THE COURT:  Ms. Shroff, what do you say?
2           MS. SHROFF:  I don't have a preference.  I think I'm
3  just fine March, April, or May so maybe April, May.  Whatever
4  the Court wants or works is fine.
5           THE COURT:  David, what are we doing in April?
6           THE DEPUTY CLERK:  Clear.
7           MR. LAROCHE:  Your Honor, just for the Court's
8  scheduling purposes, we expect the trial will take about a
9  month.
10          THE COURT:  Why don't we pick April 8th, then, as a
11 tentative date for the start of trial, and you can start
12 working backwards from the 8th of April.
13          MR. LAROCHE:  That's fine, your Honor.  Thank you.
14          MS. SHROFF:  So we will confer and send a letter to
15 the Court.  Would that work?
16          THE COURT:  Yes.
17          MS. SHROFF:  Okay.  Your Honor, may I bring up one
18 other matter, though?
19          THE COURT:  Yes, please.
20          MS. SHROFF:  This will impact the defense's being able
21 to be ready for trial.
22          We are having an inordinate amount of difficulty with
23 the volume of discovery and the amount of time Mr. Schulte has
24 to review it given the fact that he is still incarcerated.  I
25 think that the government has tried and I am told that they are

going to continue to try to assist us on three separate issues. I want to flag them for you just in case they are not able to help me.

One is that Mr. Schulte has no ability, through the MCC, to talk to people on CorrLinks. I'm not sure why. It just seems to be a preposterous ban by the MCC to not allow him to e-mail either his lawyers or experts. He should be able to talk to us through e-mail and we would like the government to really help us resolve this matter with the MCC. That's one.

The second thing is we would like to have Mr. Schulte have weekend access to his discovery so that he can work at the MCC on Saturdays and Sundays on the third floor, so that I can sit with him and work with him on the discovery. Right now his access is limited to discovery in the education department and, frankly, if I had to go to the education department of the MCC I don't really I think I would have a problem with that, but I don't think the MCC is going to allow that. So, in lieu of that, the government should try and please help us get him discovery review time on the third floor of the MCC.

And the third is the CIPA discovery that we are in the process of reviewing. The process now -- and again, I reiterate, there is no complaint against the government, I think everybody is trying to do the best they can. As of right now, we are reviewing the CIPA material at the FBI offices. It is a drain on us and it is a drain on the FBI I'm sure, but it

I885sch1

1    is also inordinately difficult because Mr. Schulte is
2    transported from the jail every time with a takeout order,
3    there are delays, he is cuffed -- hand, leg, and waist -- and
4    we are hoping that Mr. Hartenstine, who is here in court today,
5    can assist us in trying to facilitate that the review be done
6    at the SCIF at 500 Pearl Street which would be, I think, easier
7    on everyone.
8             So, those are the three issues that I know Mr. Laroche
9    and Mr. Kamaraju are trying to help us with, but if they're not
10   resolved I would like to be able to write to you, which I know
11   you would have no trouble with but I wanted to flag it for the
12   Court.
13            THE COURT:  Mr. Laroche.
14            MR. LAROCHE:  Yes.
15            Ms. Shroff flagged these for us last night.  I think I
16   propose that we address these in the letter to the Court,
17   whether it be in a week or so, with respect to the scheduling.
18   I think the government is going to be able to work with
19   Ms. Shroff and to the extent we can't reach an agreement or
20   solve these issues, we can flag it for your Honor.
21            THE COURT:  Is Mr. Hartenstine here?
22            MR. HARTENSTINE:  Yes, your Honor.
23            THE COURT:  Oh.  There you are.
24            Do you want to say anything about the SCIF at 500
25   Pearl?

1  MR. HARTENSTINE:  Well, your Honor, there is a
2  facility that's regularly used by Ms. Shroff that is available
3  for defense attorneys to use.  We would have to, I think,
4  implement some security measures in order to --
5  THE COURT:  How long would it take you to implement
6  the security measures?
7  MR. HARTENSTINE:  Well, I would need to collaborate
8  with the United States Marshals on those issues but that's
9  something that I could do immediately.
10  THE COURT:  Okay.  Well, will you do that?
11  MR. HARTENSTINE:  Yes, your Honor.
12  THE COURT:  Please.
13  MR. LAROCHE:  And just to flag it for the Court, the
14  government reached out to the United States Marshals yesterday
15  anticipating this issue, so we are also trying to work with
16  them and we will update the court.
17  THE COURT:  I am sure the marshals office will be
18  cooperative.  They're always cooperative in this regard.
19  MR. LAROCHE:  Yes, your Honor.
20  THE COURT:  The real problem, do we have to do any
21  building modification?  Because GSA is not cooperative, they're
22  inert.
23  MR. HARTENSTINE:  Your Honor, I think I will want to
24  discuss the specifics with the marshals more closely but I
25  don't think that major renovations would be required in the

1    SCIF to the extent that they may be able to be handled either
2    by my office or the marshals.
3             THE COURT:  Do you a have schedule for this,
4    Mr. Hartenstine?
5             MR. HARTENSTINE:  I don't at this time, your Honor,
6    but I can follow up this week and so on.
7             THE COURT:  Ms. Shroff, I think that's the best we can
8    do today.
9             MS. SHROFF:  It is the best we can do today, your
10   Honor, Mr. Hartenstine and I are in regular contact.
11            THE COURT:  Okay.
12            MS. SHROFF:  Much to his dismay, I'm sure.
13            MR. HARTENSTINE:  Not at all.
14            THE COURT:  Now, Mr. Laroche, what about Ms. Shroff's
15   questions for Brady disclosure?
16            MR. LAROCHE:  Your Honor, we are prepared to make all
17   appropriate disclosures as soon as possible.  I would say that
18   part of that will be solved by getting the CIPA protective
19   order in place.  Some of the disclosure specifically with
20   respect to forensics will address some of those issues but we
21   are working to get that out as quickly as possible and we have
22   been up front with Ms. Shroff about that.
23            THE COURT:  So CIPA, we are going to get some kind
24   of -- when will I get the letter that you propose to send to
25   me?

I885sch1

1    MR. LAROCHE:  The letter updating the Court?
2    THE COURT:  Yes.  Correct.
3    MR. LAROCHE:  We would propose sending that by next
4    Thursday.
5    THE COURT:  Yes.
6    MR. LAROCHE:  We will send you tonight a consent
7    motion to enter the CIPA protective order.
8    THE COURT:  Okay.  Anything else to do today?
9    MR. LAROCHE:  Other than the government's moving to
10   exclude time, nothing from the government, your Honor.
11   THE COURT:  Ms. Shroff?
12   MS. SHROFF:  Your Honor, I may, at the end of day
13   tomorrow send the Court, pursuant to the procedures
14   Mr. Hartenstine has put into place, Mr. Schulte's pro se
15   motions that he wants filed and I just wanted to flag that for
16   the Court.  If the Court wants more information, I would ask
17   that we allow that conversation to occur at the side bar
18   without the government.
19   THE COURT:  Yes.
20   MS. SHROFF:  May we?
21   THE COURT:  Yes, please.
22   MS. SHROFF:  Okay.
23   (Pages 11-13 SEALED by order of the Court)
24
25

1          THE COURT:  Mr. Laroche, let me get a tentative
2    reaction from you to Ms. Shroff's request about weekend access
3    and communication with Mr. Schulte and Ms. Shroff and
4    Mr. Schulte and the experts.
5          MR. LAROCHE:  We certainly have no objection to him
6    having more access.  I think I would want to talk to the Bureau
7    of Prisons first to see what exactly the situation is.  We are
8    trying to facilitate, as much as possible, his review of the
9    discovery so I think --
10          THE COURT:  That's in everybody's interest.
11          MR. LAROCHE:  Completely agree.  And we want to do
12   that so that we can get to a trial date as quickly as possible.
13   I know that that is what the defense team wants as well.  We
14   will touch base with the Bureau of Prisons and MCC to see what
15   the position is and we can update the Court in the letter next
16   Thursday.
17          THE COURT:  All right.
18          And with that, is there anything else, Ms. Shroff?
19          MS. SHROFF:  No, your Honor.  Thank you.
20          THE COURT:  When will be productive for us to get
21   together again?  End of September?
22          MR. LAROCHE:  That makes sense, your Honor.
23          MS. SHROFF:  That's fine with us as well.
24          THE COURT:  David?
25          THE DEPUTY CLERK:  Thursday, September 27th, at 4:30

I885schC3

1  p.m.
2           THE COURT:  Thursday, December 27 at 4:00 p.m.
3           Do you want to exclude time, Mr. Laroche.
4           MR. LAROCHE:  Yes, your Honor.
5           The basis for the exclusion is so that the parties can
6  continue their discussions, the defense can continue reviewing
7  the discovery, and consider motions.
8           THE COURT:  Any objection, Ms. Shroff?
9           MS. SHROFF:  No, your Honor.
10          THE COURT:  For the reasons stated, the time will be
11 excluded.  Those interests outweigh the interests of the public
12 and the defendant in a speedy trial.
13          We will see you on the 27th.  If you need intervention
14 before then, let me know and we will set up a conference right
15 away.
16          MR. LAROCHE:  Thank you, your Honor.
17          MS. SHROFF:  Thank you, your Honor.
18          THE COURT:  Thank you very much.
19                              o0o
20
21
22
23
24
25