```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,                 New York, N.Y.

 4            v.                               S2 17 Cr. 0548(PAC)

 5   JOSHUA ADAM SCHULTE,

 6            Defendant.

 7   ------------------------------x

 8
                                               November 2, 2018
 9                                             10:45 a.m.

10
     Before:
11
                        HON. PAUL A. CROTTY,
12
                                               District Judge
13

14                            APPEARANCES

15   GEOFFREY S. BERMAN
          United States Attorney for the
16        Southern District of New York
     BY:  SIDHARDHA KAMARAJU
17        Assistant United States Attorney

18   FEDERAL DEFENDERS OF NEW YORK INC.
          Attorneys for Defendant
19   BY:  SABRINA P. SHROFF
          ALLEGRA GLASHAUSSER
20
              - also present -
21
     DANIEL HARTENSTINE (via speakerphone),
22        DOJ Classified Information Security Officer

23

24

25
```

1     THE CLERK:  This is the matter of docket number 17
2  Criminal 548, United States of American versus Joshua Schulte.
3     Counsel for the government, please state your
4  appearance, please.
5     MR. KAMARAJU:  Good morning, your Honor.  Sid Kamaraju
6  on behalf of the government.
7     THE COURT:  Mr. Kamaraju, how are you?
8     THE CLERK:  For defendant?
9     MS. SHROFF:  Good morning, your Honor.  Sabrina Shroff
10  and Allegra Glashausser on behalf of Mr. Schulte, who is seated
11  to my left.
12     THE COURT:  OK.  Good morning.
13     MS. SHROFF:  Good morning, your Honor.
14     THE CLERK:  And on the phone?
15     MR. HARTENSTINE:  Good morning, your Honor.  Daniel
16  Hartenstine, Classified Information Security Officer.
17     THE COURT:  Thank you, Mr. Hartenstine.
18     Mr. Kamaraju, the purpose of today's meeting is to
19  arraign Mr. Schulte on the Superseding Indictment?
20     MR. KAMARAJU:  Yes, your Honor.  From the government's
21  perspective, there are two topics for the agenda.  One is the
22  arraignment and the other is to address the government's
23  request to modify the discovery schedule in light of the new
24  charges.
25     THE COURT:  Let's do the arraignment first.

1           Ms. Shroff, is that all right?
2           MS. SHROFF:  That is fine, your Honor.
3           THE COURT:  Mr. Schulte, have you seen a copy of the
4    Superseding Indictment?
5           THE DEFENDANT:  Yes.
6           THE COURT:  I didn't hear you.
7           THE DEFENDANT:  Yes.
8           THE COURT:  All right.  And have you had a chance to
9    consult with Ms. Shroff about it?
10          THE DEFENDANT:  Yes.
11          THE COURT:  Do you want me to read it to you, or do
12   you waive the reading?
13          THE DEFENDANT:  Waive.
14          THE COURT:  Do you want to enter your plea now,
15   Mr. Schulte?
16          THE DEFENDANT:  Not guilty.
17          THE COURT:  A plea of not guilty will be entered.
18          OK.  Next item, Mr. Kamaraju.
19          MR. KAMARAJU:  The next item is the government's
20   request to modify the discovery schedule and the schedule for
21   CIPA filings in this case, your Honor.
22          The government submitted a letter on the same day that
23   the Superseding Indictment was returned, October 31st, in which
24   it requested four additional weeks in light of the new charges
25   and the discovery that would be required to be produced in

connection with those as well as the issues of classified information that the new charges implicate. Together with that, for the record, the government also submitted a classified ex parte submission to your Honor.

Principally, I think the basis for the request is the new charges themselves generated a substantial amount of new discovery. There were approximately six search warrants done in connection with numerous grand jury subpoenas. Some of the returns from those grand jury subpoenas and search warrants have not even yet been received by the government. So in order to process that, turn it over to the defendant, that will take a little bit of time.

In addition, as some of the charges make clear, there were items of -- classified information was included in some of the information disclosed by the defendant. So, we are addressing that with the Central Intelligence Agency and hope to turn that over in a format that the defense can review it as quickly as possible.

But in light of all of that, the government is asking for the additional time.

THE COURT: I note in your letter that the discovery with regard to the child pornography, that has been completed?

MR. KAMARAJU: Yes, your Honor.

THE COURT: Ms. Shroff.

MS. SHROFF: Thank you, your Honor.

1            So, your Honor, we have a sort of mixed position in

2     response to the government's request.  First is that the

3     discovery that relates to the child porn in our view is not

4     fully complete.  We have specifically asked for an isolated

5     image of the computer system in place, and we are still not in

6     possession of what we asked for.  So we're still working on

7     issues relating to how that discovery can be made available to

8     us and to our expert.

9            But putting that issue aside, the Court has previously

10    set a discovery scheduled for production of discovery and

11    completion of production of discovery on the counts other than

12    the two superseding counts that are before the Court today.  We

13    ask that that schedule remain in place and that it not be

14    modified.

15           I think more than two weeks ago I wrote the government

16    a discovery letter.  I set out additional information that we

17    had requested.  We still have not received a reply from the

18    government.  And we ask that that discovery letter be responded

19    to no later than next week Friday because --

20           THE COURT:  What is the substance of that discovery

21    letter?  What is it you want to seek discovery on?

22           MS. SHROFF:  Your Honor, the letter seeks discovery on

23    various files -- file logs that were produced to us in a manner

24    that are incomplete.  I think Mr. Kamaraju has a copy of the

25    letter.  I am happy to submit it to the Court.  It is a

1  detailed letter that was prepared after consulting with others
2  in the field who are far more savvy than I, so I would have a
3  little difficulty telling you exactly what we asked for.  But
4  they are files, file logs, where the file logs were stored.
5           THE COURT:  This deals with the child pornography
6  charges?
7           MS. SHROFF:  No, your Honor.  This deals with the
8  national defense information charges but not the last two
9  counts that was just added now.
10          MR. KAMARAJU:  Your Honor, I have a copy of the
11 letter, if you would like to see it, but I could also address
12 Ms. Shroff's point.
13          THE COURT:  I don't know if Ms. Shroff is finished.
14          MR. KAMARAJU:  Oh, I'm sorry.
15          THE COURT:  Are you finished?
16          MS. SHROFF:  No, your Honor.
17          THE COURT:  OK.  I didn't think so.
18          MS. SHROFF:  Your Honor, as to the last two counts
19 that the government superseded on I think two days ago, we
20 don't know why it would require four weeks of production.  I am
21 not sure what calls for a four-week deadline.  I leave it up to
22 the Court.  But I also want the Court to know that essentially
23 the government's position is that the information that was
24 transmitted, according to the government, is exactly the same
25 information that is the subject of the other counts.  So why

1  they would have to delay their CIPA filing deadline, I don't
2  quite understand that argument because it is the same
3  information.  It's not like suddenly while he was sitting at
4  the MCC, the CIA gave him additional NDI information and it
5  disclosed new information.  So whatever information was going
6  to be subject to the CIPA filings before, it is the same
7  information now.  So, I do not think that the deadline for the
8  CIPA filings should be in any way extended.
9          THE COURT:  All right.  Mr. Kamaraju.
10         MR. KAMARAJU:  Yes, your Honor.
11         So, if I may, I'm going to start with that last point
12 first because I think it informs.  And to the extent there was
13 a misunderstanding with Ms. Shroff, we apologize.
14         It is not that the information is the same information
15 disclosed twice.  Certainly Ms. Shroff is right that the CIA
16 did not provide Mr. Schulte with additional information once he
17 became detained.  But the information that has been disclosed
18 since Mr. Schulte's detention at the MCC is additional
19 information of what was produced by Wikileaks between
20 March 2017 and November 2017.  It is not simply an overlap of
21 that same information.
22         There are instances in which the two touch on the same
23 thing, which is fundamentally Mr. Schulte's work at the CIA,
24 but it is not identical pieces of information.  And so, as a
25 result, the new information does have to be arrested with the

1  CIA and does have to be addressed in the government's CIPA
2  motion, which is what requires additional time to deal with
3  that.
4         With respect to Ms. Shroff's discovery letter, I do
5  have a copy here, your Honor. And there are log files that are
6  requested. The other thing the discovery requests, for
7  example, is a forensic image of Mr. Schulte's CIA desk-top and
8  every server or machine allegedly involved in the breach, which
9  would -- in other words, that request is for multiple computers
10 or computer servers housed at the CIA, all of which includes
11 substantial classified information that's unrelated to the
12 charge against the defendant. And so the government is working
13 to respond to Ms. Shroff's discovery request and intends to do
14 so, including by the production of information, but it is not
15 as simple as just saying it is a handful of log files. It is a
16 tremendous amount of volume of material that has to be
17 reviewed, and the CIA and the government have to ensure it is
18 truly relevant to the charges. And so, I don't think a
19 four-week adjournment with respect to that would be
20 inappropriate in that circumstance.
21        THE COURT: Why couldn't you do it in a lesser period
22 of time?
23        MR. KAMARAJU: Your Honor, I think the issue here is
24 that there is a period of time which requires review of the
25 material, and then also there is the period of time by which

the relevant intelligence agency officials have to review and certify the information as properly classified and subject to withholding.  And that's why we're trying to build in time to ensure that we don't have to come back to your Honor to say so and so does not have sufficient time to review it.  It is a tremendous volume of information, and so that's why we're asking for the four-week period because I think initially it will address both the old CIPA motion and the new information.  It will address the additional discovery.  And it will address the discovery request that defense counsel has made.

But I will also note --

THE COURT:  Put aside Count Four and Eleven.

MR. KAMARAJU:  Yes.

THE COURT:  Where would you be with regard to doing the work that you have to do?  Would you be finished by November the 12th?

MR. KAMARAJU:  No, your Honor.  I don't think we would be finished by November the 12th, and part of the reason for that is because a substantial amount --

THE COURT:  You would be asking for relief anyway?

MR. KAMARAJU:  Yes, your Honor, we would be asking for relief.  And the reason why we would be asking for relief is because a significant amount of time in October was devoted to investigating the defendant's conduct at the MCC.  That is not just time on behalf of the government, that is also time that

the CIA had to review the material that was being found to ensure that classified information had not been disseminated broadly.

So we would be asking for time anyway as a result of having to do, for example, six search warrants or review the contents of thirteen email or social media accounts or conduct a search of the MCC entirely. So, we would be coming back to your Honor to ask for more time on that basis as well, but what we're hoping to do here is addressing all of the issues at once so that we don't have to do this again.

THE COURT: Ms. Shroff.

MS. SHROFF: Your Honor, I seriously doubt that it would be proper for the government to say because Mr. Schulte was being investigated on new charges it's OK for you -- it is not you, the court, but the government's argument basically is detain him longer so that I can investigate new charges.

Look, they have a deadline and they have a choice. The government can agree to sever Counts Four and Eleven. They can try him on Counts Four and Eleven two years from now, if they want. But given the fact that they've insisted that Mr. Schulte remain detained, they have now increased the horrible conditions of confinement for Mr. Schulte. I think it would be wrong for them to ask for more time and then say, hey, we used the additional time to bring more charges against your client so our delay is justified.

1         I'm asking the Court, most respectfully, to leave the
2    deadlines that have been put into place.  If the government
3    wants to insist on trying Counts Four and Eleven along with the
4    original charges brought in this case, then the government
5    should produce their discovery or get more manpower from the
6    FBI.  I understand that agency is thousands of agents strong.
7         I mean, I don't think that is an appropriate basis to
8    extend the schedule either for the CIPA or for the general
9    discovery, in any event.
10        Also, what does it mean that they are investigating
11   and trying to get us computer images from the CIA?  Look, all
12   of this is going to be public.  If it is not going to be
13   public, they can't try him.  They have to tell a jury that this
14   is national defense information, that the information itself
15   was protected and, therefore, Mr. Schulte is guilty.  They are
16   going to have to declassify a ton of it.  So, I'm not really
17   clear how they keep saying this process is going to take
18   forever.
19        I'm just saying, I ask the Court, most respectfully,
20   to leave the deadlines for the other counts the same.  If the
21   government wants to try Four and Eleven, they can have a
22   separate discovery schedule, and if they catch up, they catch
23   up, and if they don't, they don't.  That's on them.
24            MR. KAMARAJU:  Well, your Honor, first of all, I think
25   there are two issues with respect to what Ms. Shroff said.

1          First, it is true that information is going to be made
2    public at trial, and the government is and will seek the
3    declassification of that information.  What is not true is that
4    every single piece of data on a CIA computer that was involved
5    in Mr. Schulte's work is relevant to the charges, and, thus,
6    every single bit of that is not going to be made public at a
7    trial.  That would cause a tremendous amount of national
8    security harm.  So that is the process which the government is
9    undertaking.  That is the process that CIPA contemplates.  It
10   is not unusual for the government to declassify or produce
11   material in classified material.
12         But we are not seeking to detain Mr. Schulte any
13   longer.  We are not asking for an adjournment of the trial
14   date.  We are not asking to shift that in way.  The same period
15   of time would exist whether we tried him on all the counts or
16   not.  We're asking for the same period of time.
17         MS. SHROFF:  Wait.  So they're going to --
18         THE COURT:  Yes.
19         MS. SHROFF:  They're going to give me the discovery
20   later.  They're going to keep the same trial date.  And I
21   should be able to catch up?
22         I will come from an office that is not even a quarter
23   of the size of either the U.S. Attorney's office, the FBI, or
24   the CIA.  Putting aside the issue of them saying that, OK, they
25   can have an extension and then we should still stick to the

Ib2dschc

1  same trial date, my difficult problem right now is despite
2  every effort we have made, our experts are still not cleared to
3  get into this case.
4            THE COURT:  All right.  I heard from counsel for both
5  sides.  I am going to grant the government's request for a
6  four-week extension, to Monday, December the 10th.  That's for
7  them to complete discovery and file their CIPA motion.
8            The new date is not November 12th, it is December the
9  10th.
10           Anything else, Mr. Kamaraju?
11           MR. KAMARAJU:  Nothing further from the government,
12 your Honor.
13           THE COURT:  Ms. Shroff, do you want to bring up
14 anything?
15           MS. SHROFF:  Yes, your Honor.
16           Your Honor, I would ask the Court -- and whatever the
17 Court's schedule is is fine -- to schedule an ex parte court
18 appearance with Mr. Hartenstine, defense counsel and the Court.
19           THE COURT:  When do you want to do that?
20           MS. SHROFF:  Whenever is convenient for the Court.  I
21 am happy to have Mr. Hartenstine of course be present by phone.
22 That is not a problem.
23           THE COURT:  Well, I'm going to be out of the office
24 from today -- or tomorrow through the 13th, so I would be happy
25 to do it on the 14th.

Ib2dschc

1      MS. SHROFF:  That is fine.
2      THE COURT:  Mr. Hartenstine, do you want to do it on
3  the 14th or 15th?  Can you be in New York?
4      MR. HARTENSTINE:  Your Honor, I will be in New York.
5  I have a hearing in another case with Judge Preska, but I am
6  otherwise available.
7      THE COURT:  So how long are you going to take with
8  Judge Preska?
9      MR. HARTENSTINE:  I would assume until -- I think
10  until lunchtime, your Honor.
11      THE COURT:  OK.  How is 2 o'clock?
12      MR. HARTENSTINE:  I would ask Judge Preska to get back
13  to you if --
14      THE COURT:  How is 2 o'clock in the afternoon, then?
15      MR. HARTENSTINE:  That should be fine.
16      THE COURT:  Ms. Shroff.
17      MS. SHROFF:  That should be fine.  I'm going to be in
18  the MDC in the morning so I am not available in the morning.
19      THE COURT:  OK.  So that is 2 o'clock on November the
20  14th.
21      Anything else?
22      (Continued on next page)

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Ib2dschc

1              MS. SHROFF:  That is fine, your Honor.  That's all I
2     have today.
3              THE COURT:  OK.  Thank you very much.
4              MR. HARTENSTINE:  Thank you, your Honor.
5              MR. KAMARAJU:  Thank you, your Honor.
6              (Adjourned)