UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v.-

JOSHUA ADAM SCHULTE,

Defendant.

---

S2 17 Cr. 548 (PAC)

**SUPPLEMENTAL PROTECTIVE ORDER**
**PERTAINING TO CLASSIFIED INFORMATION**

This matter comes before the Court upon the Government's Consent Motion for a Supplemental Protective Order Pursuant To Section 3 of the Classified Information Procedures Act ("CIPA"). Pursuant to the authority granted under Section 3 of CIPA, the "Revised Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information" (hereinafter "Security Procedures," which are reprinted after CIPA § 9), Rules 16 and 57 of the Federal Rules of Criminal Procedure, and the general supervisory powers of the Court, and to protect the national security, the following Protective Order is entered[1]:

1.  WHEREAS, the Court has previously found that this case will involve information that has been classified in the interest of national security ("Classified Information") and that the storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation, and access to this information requires

---

[1] The Court understands that the Government may move for a supplemental protective order depending on the nature of additional information that is determined to be discoverable.

1

appropriate security clearances and need-to-know, as set forth in Executive Order 13256 (or successor order), that has been validated by the government;

2.  WHEREAS, as a result, upon the Government's motion on consent, the Government entered a protective order pursuant to Section 3 of CIPA (the "Initial CIPA Protective Order") on or about August 16, 2018, which governs the production of Classified Information in discovery in this action.  The Initial CIPA Protective Order, including the definitions contained therein, is incorporated by reference herein;

3.  WHEREAS, the Initial CIPA Protective Order provides that the defense will review Classified Information produced by the Government in a secure area maintained by the Classified Information Security Officer (the "CISO");

4.  WHEREAS, the CISO has prepared a sensitive compartmented information facility (the "Secure Area") in which the defense can review Classified Information;[2]

IT IS HEREBY ORDERED THAT:

5.  In order to arrange for the transportation of the defendant to the Secure Area for the authorized disclosure, review, and discussion of classified material, defense counsel will arrange with the United States Marshals' Service (the "Marshals") a schedule for the transportation of the defendant to the Secure Area one week in advance of when cleared counsel wishes to meet with the defendant in the Secure Area, except that such schedule can be modified with 48 hours' notice prior to the time cleared counsel wish to meet with the defendant in the Secure Area.  A request for a meeting on Monday must be made on or before 12:00 pm on the preceding Friday. The parties

---

[2] The Court understands that, prior to the preparation of the Secure Area, the defense was able to review Classified Information produced by the Government in an appropriate space maintained by the Federal Bureau of Investigation (the "FBI").

will coordinate with the Marshals to develop a permanent schedule regarding defendant production to the SCIF, then notify the CISO who will advise the Court. All requests to produce the defendant to the SCIF should be made 48 hours in advance.

6. The defense council will be screened for electronic devices prior to entering the SCIF when she meets with her client. Once inside the Secure Area, the defendant will be allowed to meet with cleared counsel during normal business hours. The Secure Area contains equipment (the "Computer Equipment") to allow the defendant and cleared defense counsel to review the Classified Information produced by the Government. The Computer Equipment shall be used only for purposes of preparing the defense, and is enabled to log computer activity occurring on the equipment and is equipped with security measures. These logs may be reviewed by law enforcement agents or personnel who are not involved in the prosecution of the defendant (the "Wall Team"). In the event the Wall Team determines the Computer Equipment has been used in an unauthorized manner, including by attempting to circumvent any security measures or logging features, the Wall Agent will report that information to the CISO, who will notify the Court for further action.

7. When the defendant is present in the Secure Area, the Secure Area will be monitored for security purposes through closed circuit television ("CCTV") by the Marshals and an authorized FBI agent for all scheduled productions. The CCTV will allow only for visual monitoring of the defendant and cleared defense counsel, and will not include audio. The CCTV will not be recorded. Should any Marshal or member of the Wall Team hear any conversation between the defendant and any of his counsel, those conversations will not be communicated to

any member of the government prosecution team, including, but not limited to attorneys, agents, and support staff.

8. The Defendant will be in full restraints during the time he is in the SCIF and secured to a bolt in the floor. The Defendant will be stripped searched after departing the SCIF at the conclusion of each session. The Defense attorney will sign a waiver of liability due to the fact she will be alone and in close proximity to the defendant. The USMS reserves the right to terminate these meetings if security issues arise during any session.

9. Except where explicitly stated, nothing in this Order is intended to amend or modify the Initial CIPA Protective Order.

Dated: _____

                                    SO ORDERED:

                                    _____
                                    THE HONORABLE PAUL A. CROTTY
                                    UNITED STATES DISTRICT JUDGE