# Exhibit A

I5lrschc                                                                      1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

         v.                                    17 CR 548 (PAC)

JOSHUA ADAM SCHULTE,
                                               Conference
              Defendant.

------------------------------x

                                               New York, N.Y.
                                               May 21, 2018
                                               2:00 p.m.

Before:

         HON. PAUL A. CROTTY

                                               District Judge




              APPEARANCES


GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
MATTHEW J. LAROCHE
SIDHARDHA KAMARAJU
     Assistant United States Attorneys


FEDERAL DEFENDERS OF NEW YORK, INC.
     Attorneys for Defendant
BY:  SABRINA SHROFF


              SOUTHERN DISTRICT REPORTERS, P.C.
                      (212) 805-0300

1               (Case called)

2               THE COURT:  Good afternoon.  Mr. Laroche?

3               MR. LAROCHE:  Thank you, your Honor.

4               We are here at the government's request.  As the Court
5    is aware, on May 15th the government alerted the Court to a
6    violation, a potential breach of the protective order.  As the
7    Court is aware, in September of 2017 the Court entered the
8    protective order in this case.  The basis for entering that
9    protective order was to cover materials that, if disseminated
10   to third parties, could jeopardize the safety of others, impede
11   ongoing evaluations and potentially jeopardize national
12   security.

13              The terms of the protective order included that
14   anything marked pursuant to it could not be disclosed to anyone
15   not connected to the defense, including the information or
16   identities or other information within materials marked
17   pursuant to the protective order.  Also, the defendant could
18   not keep copies of those materials pursuant to the protective
19   order.

20              In connection with our disclosure obligations, the
21   government has produced various search warrants and search
22   warrant affidavits that were executed in connection with this
23   case.  It became published in several news articles on May 15th
24   that various reporters had apparently obtained copies of those
25   materials, of the search warrant materials, which was obviously

I5lrschc                                                                  3

1  concerning to the government.
2           Since that time the government has obtained some of
3  the defendant's prison calls.  On certain of those calls it is
4  clear that the defendant is discussing both the search warrant
5  affidavits and the materials and information that is included
6  within them.  In the government's view that is a clear breach
7  of the protective order.  It is unacceptable, particularly
8  unacceptable given that this defendant has a pattern of
9  violating the Court's orders.
10          As the Court is aware, while he was on bail, he had
11 strict conditions that included not using computers unless
12 expressly authorized to do so.  Nevertheless, while he was on
13 bail he at least caused others to use Tor on his behalf in
14 violation of his bail conditions.
15          Now, coupled with this apparent breach of the protect-
16 ive order by the defendant, it is particularly concerning to
17 the government.  We are simply requesting that the Court
18 reiterate to the defendant the terms of the protective order
19 and that this type of conduct is unacceptable from the
20 government's view.
21          THE COURT:  Is it clear, Mr. Laroche, whether or not
22 the search warrants were in fact turned over to the press?
23          MR. LAROCHE:  There are two articles, your Honor, in
24 which the press has indicated that they had copies and reviewed
25 copies of the warrants.  With respect to the prison calls, it

I5lrschc 4

1  certainly appears, based on the discussions, that they had
2  copies or at least had been told the information within the
3  search warrants.  Again, pursuant to the protective order,
4  disclosing information within those search warrants to folks
5  who are not involved in the defense of this action would be a
6  breach of the protective order.
7          THE COURT:  Ms. Shroff.
8          MS. SHROFF:  Your Honor, I'm loath to get into -- I
9  don't really know if Mr. Laroche is saying that the documents
10 were given to the press by my client.  There seems to be no
11 indication that he was the one providing the documents.  I do
12 not know the scope of how he was informed about the protective
13 order, if he signed something about the protective order.
14         THE COURT:  You have seen the protective order,
15 haven't you?
16         MS. SHROFF:  I certainly have.
17         THE COURT:  You certainly have?
18         MS. SHROFF:  Right, I certainly have.  Your Honor,
19 when I first heard about it --
20         THE COURT:  It starts out, "Whereas, in the interests
21 of expediting the discovery, the defendant, by his attorneys,
22 consents to the entry of this order."  It says here that Mr.
23 Schulte has consented to the order.
24         MS. SHROFF:  I have no doubt that that is what the
25 protective order said.  But I told the government the moment I

heard about this quote-unquote breach that I was not his counsel prior to a certain date, I did not know the scope of the explanation provided to him.

Honestly, your Honor, regardless of all of that, I told the government that if they wished me to reiterate something to the client, I would. I am also happy to have the Court reiterate whatever the Court deems appropriate. Short of that, I'm not really clear --

THE COURT: Mr. Laroche, what do you want? You just want me to reiterate the impact of the order, isn't that correct? It's scope and how it applies?

MR. LAROCHE: That's correct, your Honor. One other quick point. On one of the calls the defendant actually says in discussions with who we believe was a reporter that: I know that these search warrant affidavits have a protective order on them. He was clearly aware of the order itself. We think that conduct and that type of statement acknowledging that one was in place --

THE COURT: Other than bringing the order to Mr. Schulte's attention again, you are not asking for any further sanctions?

MR. LAROCHE: At this point we are not, your Honor.

THE COURT: You don't object to that, do you, Ms. Shroff? I don't see how you can.

MS. SHROFF: Not at all, your Honor. In fact, just to

```
 1  make sure in case his prior counsel did not provide Mr. Schulte
 2  with a copy of the protective order, I will assure the Court
 3  that I will. All that would need to be remedied would be
 4  remedied. Finally, your Honor, if I'm wrong, the government
 5  can correct me, but I don't think my office was assigned at the
 6  time that this alleged conduct took place.
 7           THE COURT: No, you weren't assigned until December.
 8  This took place in September. But it is part of the court
 9  file.
10           MS. SHROFF: May I have one second, your Honor?
11           THE COURT: Yes.
12           (Counsel conferred)
13           MS. SHROFF: I have no objection to the Court
14  reiterating the confines of the protective order. If it makes
15  the government feel any better, I'm happy to supplement that
16  and move forward.
17           THE COURT: It is not a question of making the
18  government feel better. It is a question of complying with the
19  court order. We are not into feeling better here. We are into
20  giving reasonable enforcement to the Court's order.
21           MS. SHROFF: Your Honor, I understand.
22           I checked to see where there was a place for prior
23  counsel to have the client sign the protective order. I don't
24  need to add further to whether or not I did what I was required
25  to do. But going forward I'm certainly more than willing to
```

1  make sure that he receives the order, and I can confront to the
2  government --
3        THE COURT: Does anybody have an extra copy of the
4  order?
5        MR. LAROCHE: Yes, your Honor.
6        THE COURT: This is a protective order dated September
7  18, 2017. I am going to give it to Mr. Gonzalez, who will give
8  it to you, Ms. Shroff. There is no doubt about it that that is
9  the order. I am directing you to call that to your client's
10 attention. I think you should warn him that the Court is
11 willing to enforce the order. He signed it on consent.
12       It contains various provisions, including that the
13 material marked "USG Confidential" shall be used by the
14 defendant and his counsel only for purposes of this action. It
15 is not to be disseminated to third parties, which apparently it
16 was disseminated to third parties.
17       If you want to vary the terms of the protective order,
18 your relief is not to do it on your own, Mr. Schulte, but to
19 have your lawyer come into court and explain why there should
20 be a modification of the order. It provides for that in the
21 order itself. That is the only means and method for disclosing
22 information or using information that is subject to the
23 protective order.
24       I take it, Mr. Laroche, that the affidavits in support
25 of the search warrant were designated as "USG Confidential"?

```
I5lrschc                                                          8
```

|   |   |
|---|---|
| 1 | MR. LAROCHE:  Yes, your Honor. |
| 2 | MS. SHROFF:  Your Honor, I will certainly do as |
| 3 | directed by the Court.  Perhaps I will go one step further and |
| 4 | discuss with the government the possibility of having Mr. |
| 5 | Schulte sign, because the protective order itself as of now is |
| 6 | only signed by his prior counsel.  I'm happy to take that step |
| 7 | and move forward. |
| 8 | THE COURT:  All right.  That's a positive step.  When |
| 9 | will you do that? |
| 10 | MS. SHROFF:  I could go to the jail tomorrow and do |
| 11 | it.  I could go tomorrow evening. |
| 12 | THE COURT:  Mr. Schulte, do you understand?  Yes? |
| 13 | THE DEFENDANT:  I do now. |
| 14 | THE COURT:  Anything else, Mr. Laroche? |
| 15 | MR. LAROCHE:  No, thank you, your Honor. |
| 16 | THE COURT:  Ms. Shroff? |
| 17 | MS. SHROFF:  No, thank you, your Honor. |
| 18 | THE COURT:  Thank you.  Thank you, Mr. Schulte. |
| 19 | (Adjourned) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,
                        Government,                     16 Cr 760 (RMB)

      -against-                                    **ORDER**

AHMAD RAHIMI,
                        Defendant(s).
-------------------------------------------------------------X

**Richard M. Berman, U.S.D.J.:**

      Having reviewed the record herein including, without limitation, the Government submissions (publicly filed and filed *ex parte*) dated November 30, 2016 and December 6, 2016; the Defense submissions (publicly filed and filed *ex parte*) dated November 30, 2016, December 2, 2016, and December 7, 2016; having heard the parties in open court and *ex parte* on December 5, 2016; and having reviewed protective order jurisprudence in criminal cases, the Court hereby enters the Protective Order (attached hereto as Exhibit A) sought by the Government and opposed by the Defense, along with certain modifications set forth below:

      1- The Protective Order is the least restrictive mechanism which satisfies the security and investigatory concerns raised by the Government as well as the Defense requirement for full and prompt disclosure of discovery materials needed to prepare a thorough defense. It should be noted that the Protective Order pertains only to Government-designated unredacted "confidential" discovery materials. All other discovery falls outside of the Protective Order, including, without limitation, "reports of the defendant's statements, surveillance videos, materials that were produced in the New Jersey prosecution . . . grand jury materials and other documents that do not relate to the ongoing investigation . . ." (Transcript of proceedings held on December 5, 2016 ("Tr.") at 3:20-25.)

It should also be noted that even "confidential" materials are being provided to defense counsel of record as well as to other members of the defense team and the defendant, Ahmad Rahimi, co-counsel, paralegals, investigators, translators, litigation support personnel, secretarial staff and expert witnesses.[1]

2- The parties have done a commendable job of narrowing the Protective Order/discovery issues concerning "confidential" materials. The issue they were unable to resolve consensually relates to the conditions under which materials marked "confidential" may be shown to fact witnesses.

3- The Government has met its burden of establishing good cause to support the Court's issuance of the Protective Order. See United States v. Smith, 985 F.Supp.2d 506, 531 (S.D.N.Y. 2013) (where there were "ongoing investigations into criminal conduct related to the discovery materials . . . and [] public disclosure of some of [those] materials plausibly could undermine [those] investigations."); United States v. Gangi, 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998). Among other things, the Government is justifiably concerned about (i) securing the safety and well being of the community against physical harm; and (ii) the confidentiality and timing of ongoing related investigations. See Tr. at 4:22-25 (AUSA Bove: "[T]he government's position is that the measures that were proposed by the defense . . . are not sufficient to account for the concerns we have raised relating to the ongoing investigation . . ."); and Tr. at 11:23-25, 12:1-3 (AUSA Bove: "[T]he [confidential] discovery is going to include materials that . . . could be used by others to create other situations that compromise public safety and national security. . .")

---

[1] Protective orders have been entered in this District in the following cases, among others: United States v. Alimehmeti, 16 Cr. 398 (PAE); United States v. Flores et al., S2 15 Cr. 765 (PAC); United States v. Viafara-Mina, S6 11 Cr. 793 (ALC); United States v. Rivera-Mena, 15 Cr. 438 (LAP); United States v. El Gammal, 15 Cr. 588 (ER); and United States v. Zarrab, 15 Cr. 867 (RMB).

4- Protective orders are also routinely granted prior to the production of documents pursuant to 18 U.S.C. § 3500 where there are legitimate security concerns, see, e.g., United States v. Basciano, 2006 WL 2270432, at *2 (E.D.N.Y. June 30, 2006); United States v. Garcia, 406 F.Supp.2d 304, 306-307 (S.D.N.Y. 2005); United States v. Williams, 2005 WL 664933, at *1 (S.D.N.Y. Mar. 22, 2005). Protective orders are also granted pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III §§ 1- 16, and Federal Rule of Criminal Procedure 16(d)(1) when the disclosure adversely could affect national security. See United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008); United States v. Al Farekh, 2016 WL 4444778, *3 (E.D.N.Y. Aug. 23, 2016); and United States v. Abu-Jihaad, 2008 WL 346121, *1 (D. Conn. Feb. 4, 2008).

5- The Protective Order, as modified herein, is narrowly tailored to support Counsels' ability fully to prepare the defense of Mr. Rahimi. The Court has taken and will continue to take all appropriate steps to ensure that Mr. Rahimi receives a fair trial.

6- To meet concerns expressed by the Defense, the Court further directs that the Government shall undertake good faith reviews at least every 4 weeks of the documents marked "confidential" and shall advise Defense Counsel (copy to the Court) as to whether any such documents may be released from the Protective Order.

In addition, any Court determination as to the circumstances under which a "confidential" document may be reviewed by a fact witness will be based upon the record and the *ex parte* submission by the Defense. In reviewing such a request by the Defense, the Court foresees no circumstance under which it would seek additional information *ex parte* from the Government.

7- The Government is directed **forthwith** to make disclosure of discovery materials to the Defense, including pursuant to the Protective Order, and to apprise the Court of the status of discovery by letter by December 14, 2016.

Dated: New York, New York
December 8, 2016

_RMB_
Hon. Richard M. Berman, U.S.D.J.

Case 1:17-cr-00548-PAC   Document 81-1   Filed 03/26/19   Page 14 of 17
Case 1:16-cr-00760-RMB   Document 27   Filed 12/08/16   Page 5 of 8
Case 1:16-cr-00760-RMB   Document 20-1   Filed 11/30/16   Page 1 of 4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

       - v. -                   :

AHMAD KHAN RAHIMI,              :
    a/k/a "Ahmad Rahami,"
                                :
              Defendant.
- - - - - - - - - - - - - - - - x
```

EXHIBIT A

PROTECTIVE ORDER

16 Cr. 760 (RMB)

WHEREAS defendant AHMAD KHAN RAHIMI, a/k/a "Ahmad Rahami," has certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pretrial discovery;

WHEREAS the Government recognizes its obligation to provide such discovery materials to the defendant, consistent with national security concerns, the need to protect public safety, and the confidentiality of ongoing investigations;

WHEREAS the volume of discovery materials that the Government intends to provide to the defendant contains certain materials that, if disseminated to third parties, could, among other things, pose a threat to public safety and the national security and impede ongoing investigations;

WHEREAS the Government has demonstrated good cause for the relief set forth herein;

IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d), that discovery materials designated confidential by the Government and provided to counsel of record (the "Confidential Discovery") shall not be further disseminated by the defendant or his counsel to any individuals, organizations, or other entities, other than: (1) members of the defense team (limited to the defendant, co-counsel, paralegals, investigators, translators, litigation support personnel, and secretarial staff); (2) defense experts; and (3) such other persons as hereafter may be authorized by the Court upon a motion by the defendant pursuant to the next paragraph;

IT IS FURTHER ORDERED that defense counsel may seek authorization of the Court to show (but not provide copies of) certain specified Confidential Discovery materials to persons whose access to Confidential Discovery materials is otherwise prohibited by this Order, if it is determined by the Court that such access is necessary for the purpose of preparing the defense of the case.  Each of the individuals to whom disclosure of Confidential Discovery materials is made shall be provided a copy of this Order by counsel of record and advised by counsel of record that he or she shall not further disseminate the Confidential Discovery materials except by the express direction of counsel of record;

IT IS FURTHER ORDERED that all Confidential Discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense to the charges in the Indictment, and that none of the Confidential Discovery materials produced by the Government to the defense shall be disseminated to any other third party not described in the preceding paragraphs;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 § 3, to protect against disclosure in this case of any classified information disclosed by the Government;

IT IS FURTHER ORDERED that nothing in this Order prohibits the media from requesting copies of any items that are received by the Court as public exhibits at a hearing, trial, or other proceeding; and

FINALLY, IT IS ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Federal Rule of Criminal Procedure 16(d) as to particular items of discovery material.

Dated: New York, New York
December 8, 2016

*RMB*

THE HONORABLE RICHARD M. BERMAN
United States District Judge
Southern District of New York