# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                          Government,

              -against-

AHMAD RAHIMI,

                          Defendant(s).

----------------------------------------------------------------X

16 Cr 760 (RMB)

**ORDER**

**Richard M. Berman, U.S.D.J.:**

      Having reviewed the record herein including, without limitation, the Government

submissions (publicly filed and filed *ex parte*) dated November 30, 2016 and December 6, 2016;

the Defense submissions (publicly filed and filed *ex parte*) dated November 30, 2016, December

2, 2016, and December 7, 2016; having heard the parties in open court and *ex parte* on

December 5, 2016; and having reviewed protective order jurisprudence in criminal cases, the

Court hereby enters the Protective Order (attached hereto as Exhibit A) sought by the

Government and opposed by the Defense, along with certain modifications set forth below:

      1- The Protective Order is the least restrictive mechanism which satisfies the security and

investigatory concerns raised by the Government as well as the Defense requirement for full and

prompt disclosure of discovery materials needed to prepare a thorough defense.  It should be

noted that the Protective Order pertains only to Government-designated unredacted

"confidential" discovery materials.  All other discovery falls outside of the Protective Order,

including, without limitation,  "reports of the defendant's statements, surveillance videos,

materials that were produced in the New Jersey prosecution . . . grand jury materials and other

documents that do not relate to the ongoing investigation . . ."  (Transcript of proceedings held

on December 5, 2016 ("Tr.") at 3:20-25.)

It should also be noted that even "confidential" materials are being provided to defense counsel of record as well as to other members of the defense team and the defendant, Ahmad Rahimi, co-counsel, paralegals, investigators, translators, litigation support personnel, secretarial staff and expert witnesses.[1]

2- The parties have done a commendable job of narrowing the Protective Order/discovery issues concerning "confidential" materials. The issue they were unable to resolve consensually relates to the conditions under which materials marked "confidential" may be shown to fact witnesses.

3- The Government has met its burden of establishing good cause to support the Court's issuance of the Protective Order. See United States v. Smith, 985 F.Supp.2d 506, 531 (S.D.N.Y. 2013) (where there were "ongoing investigations into criminal conduct related to the discovery materials . . . and [] public disclosure of some of [those] materials plausibly could undermine [those] investigations."); United States v. Gangi, 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998). Among other things, the Government is justifiably concerned about (i) securing the safety and well being of the community against physical harm; and (ii) the confidentiality and timing of ongoing related investigations. See Tr. at 4:22-25 (AUSA Bove: "[T]he government's position is that the measures that were proposed by the defense . . . are not sufficient to account for the concerns we have raised relating to the ongoing investigation . . ."); and Tr. at 11:23-25, 12:1-3 (AUSA Bove: "[T]he [confidential] discovery is going to include materials that . . . could be used by others to create other situations that compromise public safety and national security. . .")

---

[1] Protective orders have been entered in this District in the following cases, among others: United States v. Alimehmeti, 16 Cr. 398 (PAE); United States v. Flores et al., S2 15 Cr. 765 (PAC); United States v. Viafara-Mina, S6 11 Cr. 793 (ALC); United States v. Rivera-Mena, 15 Cr. 438 (LAP); United States v. El Gammal, 15 Cr. 588 (ER); and United States v. Zarrab, 15 Cr. 867 (RMB).

4- Protective orders are also routinely granted prior to the production of documents pursuant to 18 U.S.C. § 3500 where there are legitimate security concerns, see, e.g., United States v. Basciano, 2006 WL 2270432, at *2 (E.D.N.Y. June 30, 2006); United States v. Garcia, 406 F.Supp.2d 304, 306-307 (S.D.N.Y. 2005); United States v. Williams, 2005 WL 664933, at *1 (S.D.N.Y. Mar. 22, 2005).  Protective orders are also granted pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III §§ 1- 16,  and Federal Rule of Criminal Procedure 16(d)(1) when the disclosure adversely could affect national security.  See United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008); United States v. Al Farekh, 2016 WL 4444778, *3 (E.D.N.Y. Aug. 23, 2016); and United States v. Abu-Jihaad, 2008 WL 346121, *1 (D. Conn. Feb. 4, 2008).

5- The Protective Order, as modified herein, is narrowly tailored to support Counsels' ability fully to prepare the defense of Mr. Rahimi.  The Court has taken and will continue to take all appropriate steps to ensure that Mr. Rahimi receives a fair trial.

6- To meet concerns expressed by the Defense, the Court further directs that the Government shall undertake good faith reviews at least every 4 weeks of the documents marked "confidential" and shall advise Defense Counsel (copy to the Court) as to whether any such documents may be released from the Protective Order.

In addition, any Court determination as to the circumstances under which a "confidential" document may be reviewed by a fact witness will be based upon the record and the *ex parte* submission by the Defense.  In reviewing such a request by the Defense, the Court foresees no circumstance under which it would seek additional information *ex parte* from the Government.

7- The Government is directed **forthwith** to make disclosure of discovery materials to the Defense, including pursuant to the Protective Order, and to apprise the Court of the status of discovery by letter by December 14, 2016.

Dated: New York, New York
        December 8, 2016

RMB
_____
Hon. Richard M. Berman, U.S.D.J.

UNITED STATES DISTRICT COURT                            EXHIBIT A
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

     - v. -                           :               PROTECTIVE ORDER

                                                     16 Cr. 760 (RMB)

AHMAD KHAN RAHIMI,                :
     a/k/a "Ahmad Rahami,"

                                      :

           Defendant.
- - - - - - - - - - - - - - - - x

       WHEREAS defendant AHMAD KHAN RAHIMI, a/k/a "Ahmad

Rahami," has certain rights under the United States

Constitution, federal statutes, and the Federal Rules of

Criminal Procedure, to pretrial discovery;

       WHEREAS the Government recognizes its obligation to

provide such discovery materials to the defendant, consistent

with national security concerns, the need to protect public

safety, and the confidentiality of ongoing investigations;

       WHEREAS the volume of discovery materials that the

Government intends to provide to the defendant contains certain

materials that, if disseminated to third parties, could, among

other things, pose a threat to public safety and the national

security and impede ongoing investigations;

       WHEREAS the Government has demonstrated good cause for

the relief set forth herein;

IT IS HEREBY ORDERED, pursuant to Federal Rule of
Criminal Procedure 16(d), that discovery materials designated
confidential by the Government and provided to counsel of record
(the "Confidential Discovery") shall not be further disseminated
by the defendant or his counsel to any individuals,
organizations, or other entities, other than:  (1) members of
the defense team (limited to the defendant, co-counsel,
paralegals, investigators, translators, litigation support
personnel, and secretarial staff); (2) defense experts; and
(3) such other persons as hereafter may be authorized by the
Court upon a motion by the defendant pursuant to the next
paragraph;

IT IS FURTHER ORDERED that defense counsel may seek
authorization of the Court to show (but not provide copies of)
certain specified Confidential Discovery materials to persons
whose access to Confidential Discovery materials is otherwise
prohibited by this Order, if it is determined by the Court that
such access is necessary for the purpose of preparing the
defense of the case.  Each of the individuals to whom disclosure
of Confidential Discovery materials is made shall be provided a
copy of this Order by counsel of record and advised by counsel
of record that he or she shall not further disseminate the
Confidential Discovery materials except by the express direction
of counsel of record;

2

IT IS FURTHER ORDERED that all Confidential Discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense to the charges in the Indictment, and that none of the Confidential Discovery materials produced by the Government to the defense shall be disseminated to any other third party not described in the preceding paragraphs;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 § 3, to protect against disclosure in this case of any classified information disclosed by the Government;

IT IS FURTHER ORDERED that nothing in this Order prohibits the media from requesting copies of any items that are received by the Court as public exhibits at a hearing, trial, or other proceeding; and

FINALLY, IT IS ORDERED that nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Federal Rule of Criminal Procedure 16(d) as to particular items of discovery material.

Dated: New York, New York
       December 8, 2016

RMB
_____
THE HONORABLE RICHARD M. BERMAN
United States District Judge
Southern District of New York

4