USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA        :        17 Cr. 548 (PAC)

       :        **ORDER**

-against-

       :

JOSHUA SCHULTE,        :

     Defendant.        :
----------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

A reporter at the most recent pretrial conference in this matter, held on Wednesday, April 10, 2019, objected to the Court's holding of two sidebar conferences, at the request of counsel, and subsequent sealing of the transcripts. This reporter has since sent a letter to the Court reiterating his objections and requesting that the transcripts of all sidebar conferences from the April 10, 2019 conference be unsealed.

"Bench conferences between judge and counsel outside of public hearing are an established practice . . . and protection of their privacy is generally within the court's discretion . . . .Such conferences are an integral part of the internal management of a trial, and screening them from access by the press is well within a trial judge's broad discretion." *Application of Daily News*, 787 F. Supp. 319, 326 (E.D.N.Y. 1992) (quoting *United States v. Gurney*, 558 F.2d 1202, 1210 (5th Cir. 1977)). "This doctrine permits not only the exclusion of the public from such conferences, but also the withholding of the transcript itself." *Id.*

Nonetheless, the Third Circuit has held that the First Amendment right of access applies to sidebar and chambers conferences. *See United States v. Smith*, 787 F.2d 111,

115 (3d Cir. 1986). In *Smith*, the court noted that while contemporaneous access to substantive rulings made in sidebars is not necessary, "[a]t some stage . . . that ruling must be available for public review so that the purposes of open trials can be satisfied." *Id.* at 114. Courts in this Circuit have followed *Smith, see United States v. King*, 911 F. Supp. 113, 118 (S.D.N.Y. 1995), *aff'd on other grounds*, 140 F.3d 76 (2d Cir. 1998), but also interpreted it narrowly, limiting its application to sidebar conferences in which evidentiary or substantive rulings are involved. *Application of Daily News*, 787 F. Supp. at 326.

"It is obvious and unarguable that no governmental interest is more compelling than the security of the Nation." *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) (citing *Haig v. Agee*, 453 U.S. 280, 307, 101 S.Ct. 2766, 69 L.Ed.2d 640 (1981) (internal quotation marks omitted)). The Second Circuit and other circuits have nonetheless cautioned against sealing, even in cases that relate to national security, without proper consideration and justification. *See Aref*, 533 F.3d at 83 (2d Cir. 2008) ("[W]e reinforce the requirement that district courts avoid sealing judicial documents in their entirety unless necessary."); *see also In re Washington Post Co.*, 807 F.2d 383, 393 (4th Cir. 1986) (reversible error for trial court to conduct closed plea and sentencing hearings in national security case without proper justification).

The Court has carefully reviewed the sealed transcript in light of this precedent and the reporter's objections. The transcript from the first sidebar conference relates solely to an attorney's scheduling conflicts and personal circumstances and will not be unsealed. Since nothing discussed at this sidebar relates to a substantive or evidentiary ruling regarding the Defendant's trial, the public's interest in this information is weak at

2

best. *See Application of Daily News*, 787 F. Supp. 319, 326 (E.D.N.Y. 1992). Counsel's request for privacy regarding his schedule and personal affairs outweighs any interest to the public.

The second sidebar conference, however, relates to procedural disputes between the Government and defense counsel regarding the procedure for CIA classification review of defense work product, and likely should be unsealed. The transcript has been deemed not classified, and the Court does not believe its release risks harm to the Defendant's right to a fair trial, or to national security. Nonetheless, given the sensitive nature of this case, the Court will allow both parties to raise objections, if any, to the unsealing of the second sidebar transcript before taking action.

Accordingly, the transcript of the Wednesday, April 10, 2019 first sidebar conference will remain under seal. As for the second sidebar transcript, the parties are now ORDERED to review the transcript and advise the Court, within ten days of this Order, of any objections to unsealing or requests for redaction. Any objection not received within ten days will be deemed waived.

Dated: New York, New York
      April 12, 2019

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

3

April 11, 2019

U.S. District Judge Paul Crotty
Southern District of New York
500 Pearl Street
New York, NY

Judge Crotty:

I am a member of the public and a reporter for Newsday covering the case of U.S. v Schulte, 17 CR 548. I am writing to request that the transcripts of all sidebar conferences held during the hearing yesterday, April 10, be unsealed so that I can review what was said by you and by the parties.

As you know, there is a presumption of access for the public and the press under both our Constitution and the common law to all court proceedings and judicial documents. Proceedings can be conducted in secret and documents sealed only if a judge makes specific findings on the record of a compelling government interest in secrecy that overrides the presumption. Closure or sealing must be narrowly tailored, and any closure of the court requires notice and the opportunity to be heard.

At the hearing on April 10, the only basis for going to sidebar was that defense counsel Ms. Shroff asked to. When I stood and objected, you said my objection was "noted" but made no findings. When the sidebar ended and you began to adjourn, I stood and asked if the transcript of the sidebar was sealed. You said it was. When I asked if you shouldn't make findings, you did not, and repeated that it was sealed.

First, the sealing is improper because you have made no findings providing any basis for it, contrary to the law. The presumption exists because public trust in the court system is enhanced by transparency. By blocking the public's ability to monitor your conduct and rulings in handling a dispute about CIA involvement in this case, as well as the parties' arguments, understanding and trust is eroded rather than enhanced.

Second, no findings would be justified here. We were able to overhear much of what was said at the sidebar. It was for the most part a continuation of the discussion that had occurred in open court of the CIA role in reviewing and screening communications from the defendant to counsel. No classified information was revealed. If we did not hear some particular, sensitive items, narrow tailoring requires that you redact those items rather than seal the entire transcript.

Thank you.

John Riley
Newsday
516-458-2393
riley@newsday.com

John Riley
Newsday
4th Floor Press Rm.

**RECEIVED APR 11 2019 — CHAMBERS OF HONORABLE PAUL A. CROTTY, U.S.D.J.**

U.S. Dist Judge Paul Crotty
Southern District
500 Pearl St.
New York, NY