USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA     :

    -v-     :

JOSHUA ADAM SCHULTE,     :

    Defendant.     :

------------------------------------------------------X

S-2  17 Cr. 548 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On March 26, 2019, defendant requested that the Court order that six search warrants, issued in 2017, and the affidavits in support of the search warrants, are no longer subject to the Court's protective order, dated September 18, 2017. Defendant cites the passage of time and asserts that "the time for investigation is long gone" in support of his request. Secondly, the defendant requests that the Court order the Government to review all documents that are marked confidential to ensure that there is still good cause for such designation.

The Court denies the request to exclude the search warrants and affidavits in support from the protective order. With regard to the confidential documents, the defendant should prepare a list of the confidential documents it is concerned about and then meet and confer with the government to resolve any disputes concerning the continuing confidentiality designation of any document.

The September, 2017 protective order, which the defendant signed, and pursuant to which he obtained the search warrants and affidavits in support, provides that the order is necessary to protect on-going investigations, the safety of others and national security. Having signed the protective order, the defendant is not free to walk away from his agreement. U.S. ex

1

rel. Reilly v. New England Teamsters and Trucking Industry Pension Fund, 737 F.2d 1274, 1278 (2d Cir. 1984). It is clear that the search warrants and affidavits in support have been properly designated as "USG-Confidential." The materials describe the Intelligence Agency's use of computers in its intelligence gathering operations. Surely this impacts the national security interests of the country.

With regard to defendant's assumption that "time is up" and the "investigation is over," that appears to be premature. The Government represents that its investigation is continuing. Furthermore, it is not for the defendant to specify or declare when a government investigation is concluded. Defendant has the ability to prepare whatever defense might spring from the search warrants and affidavits in support. There is no evidence or argument that defendant's ability to defend against the charges pending against him would be aided or assisted in any way by the public disclosure to any third parties of the sensitive materials contained in the search warrants and affidavits.

The request for modification of the protective order is DENIED.

Dated: New York, New York
April 15, 2019

SO ORDERED

PAUL A. CROTTY
United States District Judge