**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

April 15, 2019

By ECF

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Joshua Schulte, 17 Cr. 548 (PAC)

Dear Judge Crotty:

     I write in response to the government's April 2, 2019 letter opposing Mr. Schulte's request that the six search warrants and search warrant affidavits of 2017 (the "Search Warrant Materials") no longer be subject to the Court's Protective Order (ECF No. 11). The government's assertion that the Search Warrant Materials should remain forever designated as protected materials under the Protective Order (Govt. Ltr. at 1) is unfounded.

     The Search Warrant Materials are judicial documents "entitled to a strong presumption of public access." *United States v. Cohen*, __ F. Supp. 3d ___, 2019 WL 472577, *4 (S.D.N.Y. Feb. 7, 2019). Indeed, the "notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cty.*, 763 F.3d 235, 238-39 (2d Cir. 2014). Applying this strong presumption, Judge William H. Pauley, III recently ordered search warrants and search warrant materials involved in the prosecution of Michael Cohen unsealed, despite the government's claim that such disclosure would jeopardize its ongoing investigation. *Cohen*, 2019 WL 472577, at *4-5 (holding that "disclosure of the Materials with redactions strikes an appropriate balance between the strong presumption of public access to search warrant materials and the countervailing interest identified by the Government"). As in *Cohen*, the Search Warrant Materials are "entitled to a strong

Honorable Paul A. Crotty                         April 15, 2019
Judge, Southern District of New York             Page 2

Re:     United States v. Joshua Schulte, 17 Cr. 548 (PAC)

presumption of public access" and should not be subject to the blanket Protective Order in this matter. *Id*. at *4.[1]

    The government has not met its burden of showing good cause sufficient to outweigh the strong presumption of public access to the Search Warrant Materials. The government's April 2, 2019 letter provides no facts showing that disclosure of the Search Warrant Materials will impede its investigation, or even explaining what remains to be investigated and how long this purported investigation will take.[2] The government also fails to demonstrate how public disclosure of the Search Warrant Materials would harm national security. In this regard, the government admits that portions of the Search Warrant Materials were provided to members of the media almost one year ago, in May 2018. Govt. Ltr. at 2. Tellingly, the government has made no attempt to retrieve these materials, demonstrating that they do not contain information that, if published, would jeopardize public safety, national security, or any supposed ongoing investigation. Further, the government never sought to mark the Search Warrant Materials as classified and the Search Warrant Materials have never been classified. They remain unclassified. If the Search Warrant Materials did in fact present a national security risk, the CIA (or other intelligence agency) presumably would have classified them, like the many other documents in this case that have been classified.

    The government's citations to *United States v. Yousef,* 327 F.3d 56 (2d Cir. 2003), and *United States v. Lindh*, 198 F. Supp. 2d 739 (E.D. Va. 2002), are unavailing, and both cases are easily distinguishable from the situation here. In *Yousef*, the information subject to protective orders were materials relating to a jailhouse informant and were sealed for "the protection of confidential informants and the need for secrecy about how [the government] investigates and responds to terrorist threats." 327 F.3d at 168. In *Lindh*, the materials subject to a protective order were interviews with detained members of a foreign terrorist organization that were "of critical importance to national security, as detainees may reveal information leading to the identification and apprehension of other terrorist suspects." 198 F. Supp. 2d at 742. In other words, the government in *Lindh* and

---

[1] That the media made the request to unseal in *Cohen*, while the request here is made by Mr. Schulte, is irrelevant. *See id.,* 2019 WL 472577, at *5 (observing that "the public's right of access . . . is not afforded any less weight based on its pedestrian nature").

[2] The Government has offered to provide more detailed information about its investigation on an *ex parte* basis. Govt. Ltr. at 2-3. To the extent the Government's investigation identifies any exculpatory information, it must disclose that information to the defense as *Brady* material.

Honorable Paul A. Crotty  April 15, 2019
Judge, Southern District of New York  Page 2

Re:  United States v. Joshua Schulte, 17 Cr. 548 (PAC)

*Yousef* met its heavy burden of showing that the public's right to access was outweighed in those specific instances. Here, of course, the Search Warrant Materials do not contain information that reveals the identities of terrorist suspects, confidential informants, or how specifically the government responds to terrorist threats. The government has not otherwise met its heavy burden of showing that the materials must remain sealed to avert a concrete, harmful, and likely consequence. At most, small portions of the Search Warrant Materials contain general information about a computer system used by a U.S. Intelligence Agency. In this case, the Government's decision not to classify the Search Warrant Materials, nor to retrieve these materials from the press, demonstrates that unsealing the Search Warrant Materials poses no real threat that outweighs the strong constitutional interests at stake.

The Government has offered to provide the Search Warrant Materials to the Court for *in camera* review. Gov. Ltr. at 2. If upon review, the Court finds that the Search Warrant Materials contain information harmful to either the Government's purported ongoing investigation or national security, the Court should order that specific information redacted and the rest of the materials released from the blanket Protective Order. "[I]n determining what degree of protection is appropriate, courts should ensure that a protective order is no broader than necessary to serve the intended purposes." *United States v. Smith*, 985 F.Supp.2d 506, 545 (S.D.N.Y. 2013) (internal quotations and citation omitted). When it comes to the Search Warrant Materials, a continued blanket sealing would be improperly overbroad. None of the six search warrants contain any details about the computer system. Three out of the six search warrant affidavits make no mention of the computer system at all.[3] Only portions of the three other warrant affidavits contain information about the computer system. Thus, at most, a few careful redactions is the appropriate resolution here, not perpetual blanket sealing of all the Search Warrant Materials.

Finally, Mr. Schulte is not barred from raising this issue with the Court. The Search Warrant Materials are judicial documents. Hence, "any presumption that may exist against modifying" the Protective Order "is reversed" and "does not apply here." *Lown v. Salvation Army, Inc.*, 2012 WL 4888534, *4 (S.D.N.Y. Oct. 12, 2012) (citation omitted) (granting defendant's motion to unseal judicial documents formerly subject to a protective order); *Cohen*, 2019 WL 472577 at *3-4 (ordering search warrants and search

---

[3] Those affidavits contain attached exhibits to other Search Warrant Materials that do contain information about the computer system. Those exhibits could either be redacted or removed from those affidavits.

Honorable Paul A. Crotty                                April 15, 2019
Judge, Southern District of New York                    Page 2

Re:   United States v. Joshua Schulte, 17 Cr. 548 (PAC)

warrant materials unsealed with redactions).  Mr. Schulte agreed to the Protective Order so he would have access to pretrial discovery vital to his defense and his agreement was not unconditional or in perpetuity. He never agreed that the Protective Order would remain etched in stone. Indeed, in the May 21, 2018 Court conference the Court explicitly told Mr. Schulte: "If you want to vary the terms of the protective order . . . have your lawyer come into court and explain why there should be a modification to the order." Ex. A, Transcript of May 21, 2018 at 7. Mr. Schulte has done so now.

      For the reasons set forth herein and in Mr. Schulte's original request, the Search Warrant Materials should no longer be subject to the Protective Order.

                              Respectfully submitted,

                              /s/
                              Allegra Glashausser
                              Sabrina Shroff
                              Edward Zas
                              Assistant Federal Defenders