# Exhibit A

Case 1:17-cr-00548-PAC   Document 98-1   Filed 06/18/19   Page 1 of 9

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>See Attachment A | )<br>)<br>)  **18 MAG 8377**<br>)  Case No.  S1 17 Cr. 548 (PAC)<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Southern____ District of ____New York____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:
Title 18, United States Code, Sections 401 (contempt of court), 793 (unlawful disclosure of classified information); 1030 (unauthorized computer access), 1343 (wire fraud), 1503 (obstruction of justice), 1791 (smuggling contraband into a federal detention facility) and 2252A (illegal acts related to child pornography)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    October 15, 2018
                                                                *(not to exceed 14 days)*

☐ in the daytime  6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
☑ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court.   /PAC/
                                                                                                                      *USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for __30__ days *(not to exceed 30)*.
                                         ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  October 2, 2018
                                @ 10am                                       _____
                                                                                                *Judge's signature*

City and state:   New York, NY                                 The Honorable Paul A. Crotty, U.S.D.J.
                                                                                    *Printed name and title*

JAS_020998

AO 93  (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.:<br>S1 17 Cr. 548 (PAC) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

JAS_020999

## Attachment A

**I.   Premises to be Searched—Subject Premises**

The premises to be searched (the "Subject Premises") is described as follows, and includes all locked and closed containers found therein:

> The Subject Premises is particularly described as the 7 South Unit, 7 North Unit, including the cells located in those units, and the Education Department's law library on the second floor of the building, located in Metropolitan Correctional Center, 150 Park Row, New York, New York 10007.

**II.   Execution of the Warrant**

Law enforcement agents are permitted to execute the search warrant at any time in the day or night. Upon the execution of this warrant, notice will be provided at or as soon as possible after the execution of the search.

**III.   Items to Be Searched and Seized**

    **A.   Evidence, Fruits, and Instrumentalities of the Subject Offenses**

The items to be searched and/or seized from the Subject Premises include the following evidence, fruits, and instrumentalities of: Title 18, United States Code, Sections 401 (contempt of court); Title 18, United States Code, Section 793 (unlawful disclosure of classified information); Title 18, United States Code, Section 1030 (unauthorized computer access), Title 18, United States Code, Section 1343 (wire fraud), Title 18, United States Code, Section 1503 (obstruction of justice), Title 18, United States Code, Section 1791 (smuggling contraband into a federal detention facility) and Title 18, United States Code, Section 2252A (illegal acts related to child pornography); as well as conspiracies and attempts to violate these provisions and aiding and abetting these offenses, among other statutes (the "Subject Offenses"):

    1.   A Samsung cellphone with IMEI 357073084445432 and/or Serial Number R58J61Q0JCD (the "Schulte Cellphone").

2. An iPhone cellphone with IMEI 358793052665161 ("iPhone-1");

3. An iPhone cellphone with IMEI 354444064445994 ("iPhone-2," together with iPhone-1 and the Schulte Cellphone, the "Contraband Cellphones").

4. Evidence pertaining to the smuggling in of the Contraband Cellphones.

5. Evidence concerning the identity or location of, and communications with, any co-conspirators.

6. Any and all notes, documents, records, correspondence, or materials, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information, and handwritten notes), pertaining to the unauthorized retention, gathering, and transmission of classified documents or materials, and the unauthorized removal and retention of classified documents or materials, and, in particular, the documents bearing the following titles or descriptions:

    a. Article 1: "Presumption of Innocence: A petition for redress of grievances"

    b. Article 2: "Presumption of Innocence: A loss of citizenship"

    c. Article 3: "Presumption of Innocence: Do you want to play a game"

    d. Article 4: "Presumption of Innocence: Detention is not punishment"

    e. Article 5: "Presumption of Innocence: Innocent until proven Wealthy"

    f. Article 6: "Presumption of Innocence: Can you afford to be accused?"

    g. Article 7: "Presumption of Innocence: A proposed solution"

    h. Article 8: "Presumption of Innocence: Origins"

    i. Article 9: ". . . unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness"

JAS_021001

~~j.    Handwritten document dated on or about June 7, 2018 and titled "United States v. Joshua Adam Schulte, 17 Cr. 548 (PAC), PRO SE BAIL APPLICATION."~~ JOO JOO

7. Evidence of the Subject Offenses on the Contraband Cellphones, including:

   a. The phone numbers associated with the Contraband Cellphones, as well as call log information of phone numbers of incoming and outgoing, and missed or unanswered calls to and from the Contraband Cellphones;

   b. Address books and contact lists stored on the Contraband Cellphones or its memory card(s);

   c. Voicemail messages, opened or unopened, related to the Subject Offenses;

   d. Evidence concerning the identity or location of the owner(s) or user(s) of the Contraband Cellphones;

   e. Evidence concerning the identity and/or location of the individual(s) involved in the commission of the Subject Offenses;

   f. Evidence of communications among, or concerning, participants in or witnesses to the commission of the Subject Offenses;

   g. Contact information of co-conspirators and witnesses to the commission of the Subject Offenses, including telephone numbers, email addresses, and identifiers for instant messaging and social media accounts;

   h. Text, data, "chats," MMS ("Multimedia Messaging Service") messages, SMS ("Short Message Service") messages, FaceTime messages, and e-mail messages, any attachments to those messages, such as digital photographs and videos, and any associated information, such as the phone number or e-mail address from which the message was sent, pertaining to the Subject Offenses;

   i. Digital photographs and videos related to the Subject Offenses;

3

j. Browsing history, websites visited, and internet searches conducted on the Contraband Cellphones related to the Subject Offenses.

8. If law enforcement personnel seize the Contraband Cellphones, the personnel will search the device within a reasonable amount of time, not to exceed 60 days from the date of execution of the warrant. If, after such a search has been conducted, it is determined that a computer or device contains any data listed in paragraphs 2 and 3, the Government will retain the computer or device. If it is determined that the computer(s) or device(s) are no longer necessary to retrieve and preserve the data, and the items are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(b), such materials and/or equipment will be returned within a reasonable time. In any event, such materials and/or equipment shall be returned no later than 60 days from the execution of this warrant, unless further application is made to the Court.

**B.  Search and Seizure of Electronically Stored Information**

The items to be searched and seized from the Subject Premises also include any cellphones that may contain any electronically stored information falling within the categories set forth in Section III.A of this Attachment above, including, but not limited to, desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners. The items to be searched and seized from the Subject Premises also include:

1. Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

4

JAS_021003

2. Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3. Any evidence concerning the persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

C. **Review of ESI**

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques, including but not limited to:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);
- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;
- scanning storage areas to discover and possibly recover recently deleted files;
- scanning storage areas for deliberately hidden files;

5

JAS_021004

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and
- making reasonable efforts to utilize computer search methodology to search only for files, documents, or other electronically stored information within the categories identified in this Attachment.

JAS_021005