UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA :
:
-against- : NOTICE OF MOTION TO SEVER
:
JOSHUA ADAM SCHULTE :
: 17 Cr. 548 (PAC)
Defendant. :
-----------------------------------------------------X

PLEASE TAKE NOTICE, that the defendant **Joshua Adam Schulte**, by and through his counsel, will move this Court, before the Honorable Paul A. Crotty, United States District Judge for the Southern District of New York, for an order severing counts twelve, thirteen, fourteen, and fifteen from the second superseding indictment filed by the government on October 31, 2018.

DATED: NEW YORK, N.Y.
June 18, 2019

Respectfully submitted,
Federal Defenders of New York

/s/ Sabrina P. Shroff
By: ___________________________
Attorney for Defendant
**Joshua Adam Schulte**
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8713

TO: GEOFFREY S. BERMAN, ESQ.
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attn: **Matthew Laroche and Sidhardha Kamaraju**
Assistant United States Attorneys

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA :
:
-against- :
: MEMORANDUM OF LAW
JOSHUA ADAM SCHULTE, :
: 17 Cr. 548 (PAC)
Defendant. :
-------------------------------------------------------X

**Memorandum of Law In Support of Motion to Sever the Child Pornography and Copyright Counts (12-15) from the Classified Information Counts (1-11)**

Federal Defenders of New York, Inc.
Counsel for Defendant
**Joshua Adam Schulte**
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8713

**Sabrina P. Shroff**
**Edward S. Zas**
**Allegra Glashausser**
**Lauren M. Dolecki**
*Of Counsel*

TO: GEOFFREY S. BERMAN, ESQ.
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attn: **Matthew Laroche and Sidhardha Kamaraju**
Assistant United States Attorneys

# TABLE OF CONTENTS

Preliminary Statement ........................................ 1

Statement of Facts ........................................ 1

Argument ........................................ 3

The child pornography counts are improperly joined with the classified-information counts because they are not similar in character, based on the same act or transaction, or part of a common scheme or plan ........................................ 3

A. The child pornography counts and the leak counts should not be joined under Rule 8(a) ........................................ 4

B. Alternatively, the child pornography counts should be severed because including them would be substantially prejudicial to Mr. Schulte ........................................ 9

Conclusion ........................................ 12

## Preliminary Statement

Joshua Adam Schulte moves to sever the child pornography counts (counts twelve through fourteen) from the counts related to the theft and disclosure of classified information (counts one through ten). [1] Joinder of the child pornography counts with the classified information counts is improper under the Federal Rules of Criminal Procedure, Rule 8(a), because the child pornography counts and the counts related to the disclosure of classified information are not of a similar character, based on the same act or transaction, or part of a common scheme or plan. Alternatively, even if joinder were proper, the counts should be severed pursuant to Rule 14(a) because including them would substantially prejudice Mr. Schulte.

## Statement of Facts

Joshua Adam Schulte is a 30-year-old man with no criminal record and no past arrests. Starting in college, he worked for six years at the CIA, passing numerous background checks and polygraph examinations. On March 7, 2017, WikiLeaks published classified information that came from the CIA, and Mr. Schulte became the target of the FBI's investigation. Although the FBI executed a search warrant and

[1] There are two other counts in the indictment that do no squarely fit with either category: the copyright infringement and the contempt of court counts. These are also not of a similar character, based on the same act or transaction, or part of a common scheme or plan as the counts related to the leak of classified information or possession of child pornography. This motion does not specifically address these counts. However, because the copyright count is more similar to the child pornography counts in that both are broadly about the possession of contraband, while the contempt of court count is more similar to the leak counts in that both are broadly about the improper distribution of information, we request that they be joined with those groups respectively.

seized a large volume of Mr. Schulte's personal electronic devices from his home, they apparently found no leaked materials on those devices. Instead, they found a single image they claimed was child pornography, as well as purported evidence of the illegal streaming of movies. The FBI sought another warrant to search Mr. Schulte's devices for evidence of child pornography and copyright infringement. After finding additional alleged child pornography, on September 6, 2017, the government filed an indictment charging Mr. Schulte with receipt, possession, and transportation of child pornography. Indictment (ECF No. 6).

Nine months later, on June 18, 2018, the government filed a superseding indictment adding charges relating to the disclosure of classified information, as well as one count of copyright infringement. Superseding Indictment (ECF No. 47). The government's most recent indictment, filed on October 31, 2018, charges Mr. Schulte with fifteen separate counts. S2 Superseding Indictment (ECF No. 68). Counts one through ten all relate to the theft and leak of classified government information. *Id.* Counts twelve through fourteen are the child pornography counts, and count fifteen is the copyright count.

## Argument

**The child pornography counts are improperly joined with the classified-information counts because they are not similar in character, based on the same act or transaction, or part of a common scheme or plan.**

The indictment against Mr. Schulte charges at least two completely distinct sets of counts: those related to child pornography and those related to the disclosure of classified information. The child pornography charges are straightforward and easy to understand. The only anticipated questions for the jury at trial will be whether the seized material is child pornography and, if so, whether Mr. Schulte knew that there was child pornography on his device. The government's evidence of these charges will be direct: it will likely present images from Mr. Schulte's computer and argue they are child pornography.

In contrast, the classified-information charges are complex, and the anticipated evidence will involve sophisticated, difficult technological concepts. The government will likely rely on circumstantial evidence, using forensics and other experts who will testify about how the CIA's backup systems, security protocols, and technology functioned to explain why they believe it was Mr. Schulte who took the leaked information, even though the government never found any of the leaked documents on his computers.

These two groups of charges are not similar in character, part of the same act, or connected by any common scheme. The alleged actions are different: downloading

child pornography on a home electronic device versus stealing information from a work computer. The type of crimes are different: possession of contraband verses stealing classified information. And the timing is different: the child pornography charges start in 2009, the classified-information charges in 2016 and 2017. The two groups of crimes are just not alike. Therefore, they should be separated from each other.

A. The child pornography counts and the leak counts should not be joined under Rule 8(a).

Separate offenses may be charged in the same indictment only if they are (1) "of the same or similar character"; (2) "based on the same act or transaction"; or (3) "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Similar charges" include those that are "somewhat alike," "resembling in many respects," or those "having a general likeness," to each other. *United States v. Werner*, 620 F.2d 922, 926 (2d Cir. 1980) (quoting omitted). "Joinder is usually proper . . . when counts 'have a sufficiently logical connection to each other' or 'where the same evidence may be used to prove each count.'" *United States v. Ezeobi*, 2011 WL 3625662, at *1 (S.D.N.Y. Aug. 17, 2011) (quoting *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008)). "In reviewing the propriety of joinder, courts 'apply a commonsense rule to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to . . . the defendant[ ] resulting from the

joinder.'" *United States v. Kerik*, 615 F. Supp. 2d 256, 274 (S.D.N.Y. 2009) (quoting *United States v. Shellef,* 507 F.3d 82, 98 (2d Cir. 2007)).

Here, there is essentially no factual overlap between the charges, and few efficiencies to a joint trial because the child pornography counts are nothing like the leak counts. Indeed, the only common attribute between the leak counts and the child pornography counts are that both were allegedly committed by Mr. Schulte using a computer or other electronic devices and that the government searched for evidence of both crimes on the same electronic devices. That is simply not enough.

In a similar case, a court in the Eastern District of Virginia ruled that the joinder of charges involving unlawful access to a government computer and possession of child pornography was improper. *United States v. Gray*, 78 F. Supp. 2d 524, 532 (E.D. Va. 1999). In *Gray*, just as in Mr. Schulte's case, the FBI found supposed evidence of child pornography on the defendant's computer while executing a search warrant in connection with an unrelated investigation of unauthorized computer intrusions. *Id.* at 526-27. Despite the fact that "both offenses were probably committed by using the Internet to download and copy files onto a home computer," the court found that "the illegal actions themselves are of a completely different character." *Id.* at 531-32. The court reasoned that "[u]nauthorized access into a government computer is analogous to breaking and entering in the physical world; possession of child pornography on a computer is analogous, in the physical world, to possession of pictures of child pornography." *Id.* at 532. The court reached the logical

conclusion that "breaking and entering and possession of child pornography are not crimes of similar character." *Id.* As in *Gray*, that both types of offenses here were allegedly committed with electronic devices simply does not make them similar.

There is also no allegation that the child pornography counts are based on the same act or transaction or part of a common scheme or plan as the leak counts. *See Shellef*, 507 F.3d at 100 (joinder of non-tax counts with tax counts improper because the non-tax counts "neither depended upon nor necessarily led to the commission of the alleged . . . tax misconduct and proof of the one act neither constituted nor depended upon proof of the other"); *United States v. Caraway*, 2010 WL 275084, at *2 (W.D.N.Y. Jan 20, 2010) (failure to register as a sex offender count and possession of child pornography "two distinct charges requiring vastly different evidence to prove each crime"); *United States v. Schneider*, No. 07-CR-41, 2007 WL 2407060, at *2 (E.D. Wis. Aug. 20, 2007) (severing child pornography counts from gun possession counts, noting that "the simultaneous possession of the items does not automatically make them part of the same act or transaction").

Instead, the evidence necessary to prove the child pornography counts is entirely separate from the evidence necessary to prove the leak counts. When the evidence necessary to prove two types of dissimilar counts is separate, severance is necessary. *Compare United States v. Litwok*, 678 F.3d 208, 217 (2d Cir. 2012) (joinder of mail fraud and tax evasion counts improper because "there was no evidentiary overlap" between the counts); *United States v. Tubol*, 191 F.3d 88, 95 (2d Cir. 1999)

(reversing because the defendant "used distinctly different methods in the two robberies" and "targeted distinctly different victims—a bank and a small store."); *Caraway*, 2010 WL 275084 (granting severance for "two distinct charges requiring vastly different evidence to prove each crime."); *with United States v. Page*, 657 F.3d 126, 130 (2d Cir. 2011) (holding district court did not abuse its discretion in denying the defendant's motion to sever because "separate trials of the narcotics counts and the gun count would have required much of the same evidence").

In contrast, cases that uphold decisions not to sever counts involve conduct that is clearly similar in nature. For example, child pornography charges may be similar in character to other types of charges that involve the sexual exploitation of children. *See Rivera*, 546 F.3d at 253-54 (holding that child pornography and enticement counts were properly joined because "child molestation and child pornography . . . plainly represent acts of 'similar character' involving the extraordinary mistreatment of children") (citation and internal quotations omitted); *United States v. Jass*, 331 F. App'x 850, 854 (2d Cir. 2009) ("sexual abuse counts and child pornography counts were clearly of a similar character in that all counts involved the sexual exploitation of children"). Unlike *Rivera* and *Jass*, there is no commonality between the leak counts and the child pornography counts; the leak counts have absolutely nothing to do with mistreatment of children. They do not involve the same general subject matter and do not involve the admission of the same evidence.

Finally, the difference in timing between the alleged criminal actions further demonstrates that the child pornography counts are not logically connected to the leak counts. According to the government's affidavit, Mr. Schulte allegedly searched the Internet for child pornography in 2011 and 2012, four years before WikiLeaks published the classified material. *See* Ex. A, April 14, 2017 Affidavit ¶ 15. The indictment charges that the child pornography counts began in 2009, seven years before the leak offenses allegedly occurred. And the government indicted Mr. Schulte on the child pornography counts a full nine months before indicting him on the leak counts. For this reason too, severance is appropriate. *See Kerik*, 615 F. Supp. 2d at 275 (severing tax offenses from non-tax offense where "the Government [ ] cobbled together in the Superseding Indictment a laundry list of illegal schemes and false statements made over the span of eight years. The charges are not related to all others by time, actors, places, or subject matter"); *United States v. Martinez*, 92 CR. 839(SWK), 1993 WL 322768, at *9 (S.D.N.Y. Aug. 19, 1993) ("[T]he superseding Indictment in no way suggests that the possession of the weapon . . . has any relation to the narcotics conspiracy" in part because "[t]he gun was seized over four months later, at a completely different location, under circumstances having no bearing on . . . the alleged narcotics conspiracy.").

The only common denominator between the child pornography counts and leak counts is Mr. Schulte. Because the child pornography and leak counts are not of a

similar nature, or based on the same act or transaction or part of a common scheme or plan, they were improperly joined and should now be severed.

B. Alternatively, the child pornography counts should be severed because including them would be substantially prejudicial to Mr. Schulte.

Even when a court finds that joinder is proper under Rule 8(a), it should still sever counts when joining them would be prejudicial to a defendant. Fed. R. Crim. P. 14(a) ("If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."); *see also United States v. Ohle*, 678 F. Supp. 2d 215, 224 (S.D.N.Y. 2010) ("Even if joinder is proper under Rule 8, a court may still sever pursuant to Rule 14(a) if it appears joinder would prejudice a defendant or the government."). When "offenses . . . are purportedly of the same or similar character," severance is required "unless evidence of the joined offenses would be mutually admissible in separate trials" or if "the evidence is sufficiently simple and distinct to mitigate the dangers otherwise created by such a joinder." *United States v. Halper*, 590 F.2d 422, 431 (2d Cir. 1978) (citations and internal quotations omitted) (reversing joinder of Medicaid fraud and tax evasion counts).

Here, joining the child pornography and classified information counts would be exceedingly prejudicial to Mr. Schulte. Courts have routinely recognized the common sense conclusion that child pornography charges are inflammatory, so joining them to

other types of counts carries a great risk of prejudice. *See United States v. Lee*, 2015 WL 12631238, at *3 (M.D. Pa. June 2, 2015) ( "it would be psychologically impossible for a jury to disregard the evidence of child pornography in deciding Defendant's guilt of coercion or enticement; or vice versa"); *United States v. Wellman*, 2009 WL 159301, at *7 (S.D. W. Va. Jan. 20, 2009) (severing gun count from obscenity and child pornography counts because trying the two together "presents a serious risk that the jury would not make a reliable judgement"); *United States v. Sturm*, 2007 WL 601976, at *4 (D. Colo. Feb. 22, 2007) ("the charge of child pornography possession, particularly detestable and inflammatory conduct, creates a real danger both that [the defendant] may be confounded in presenting defenses and that they jury might decide to convict [the defendant] of both crimes based upon a perceived criminal disposition"). *See also United States v. Pantoliano*, 2010 WL 6371969, at *5 (E.D.N.Y. Nov. 24, 2010) (robbery "charges [we]re relatively straightforward" and each group of charges was "no more or less inflammatory" than the other). This risk of prejudice would surely be present in Mr. Schulte's case.

The child pornography evidence would also ordinarily be inadmissible propensity evidence in a trial about the classified information (and vice versa). *See* Fed. R. Evid. 404(b) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). In this circumstance too, joinder is prejudicial. *See United States v. Sampson*, 385 F.3d 183, 192 (2d Cir. 2004) (holding that joinder

substantially prejudiced the defendant in part because it allowed what otherwise would have been impermissible propensity evidence); *Kerik*, 615 F. Supp. 2d at 275 ( "When totally unrelated offense are joined, a defendant faces considerable risk of substantial prejudice"); *United States v. Krug*, 198 F. Supp. 3d 235, 251 (W.D.N.Y. 2016) ("A defendant may be substantially prejudiced . . . if evidence that the jury should not consider as to certain counts were nonetheless admitted in a joint trial," because "the jury might improperly use that evidence to infer a defendant's guilt as to counts on which the evidence is inadmissible").

Thus, given the substantial prejudice Mr. Schulte faces if the child pornography counts are joined with the leak counts, the counts should be severed.

## CONCLUSION

The Court should sever counts twelve through fifteen from the rest of the indictment because joinder is improper under Rule 8(a). Alternatively, the counts should be severed pursuant to Rule 14(a) because their inclusion would substantially prejudice Mr. Schulte.

Dated: New York, New York
June 18, 2019

Respectfully submitted,
Federal Defenders of New York

/s/ Sabrina P. Shroff
By: ___________________________

**Sabrina P. Shroff**
**Edward S. Zas**
**Allegra Glashausser**
**Lauren M. Dolecki**
Assistant Federal Defenders
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8713