*Exhibit G*

TOP SECRET███████NOFORN



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

<small>The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007</small>

April 29, 2019

**Delivered to Courthouse SCIF**

Sabrina P. Shroff, Esq.
Federal Defenders of New York
52 Duane Street
New York, New York 10007

     Re:    <u>United States</u> v. <u>Joshua Adam Schulte</u>
           **S2 17 Cr. 548 (PAC)**

Dear Counsel:

(U) We write in response to your request for a bill of particulars, dated March 29, 2019. Although we do not believe that the Government is obligated to provide a bill of particulars in this matter – particularly given the detailed complaint outlining the child pornography charges and the attorney proffer that we gave to some of the defense team regarding the balance of the charged conduct – we nevertheless are providing the following information in response to your requests to help facilitate your preparation of pre-trial motions and for trial. The Government reserves the right to supplement or modify this disclosure, and notes that this disclosure is not intended to be the Government's notice under Section 10 of the Classified Information Procedures Act ("CIPA") or to be a comprehensive identification of the Government's trial exhibits. Furthermore, this letter does not purport to specify the form in which the Government will seek to introduce any of the classified information described herein, and the Government reserves its rights under Sections 4 and 6 of CIPA to seek to delete, summarize, or substitute any part of the classified information described in this letter. This letter is being provided to you pursuant to the "Protective Order Pertaining to Classified Information," which was entered by the Court on August 16, 2018.

<u>(U) Response to Requests 1 through 3</u>

(U) **Request 1**: "With respect to Count One (Illegal Gathering of National Defense Information), please identify what Classified Information Mr. Schulte allegedly took and the specific time period during which he allegedly took it."

(S/NF) **Response to Request 1**: Count One charges the defendant with illegally gathering and transmitting classified information in violation of Title 18, United States Code, Section 793(b). Count One is based on the defendant's theft of classified information ████████████████ ████████████████████████████████████████ maintained by the Engineering

TOP SECRET███████NOFORN

~~TOP SECRET~~ █████ ~~/NOFORN~~

Defense Counsel
April 29, 2019
Page 2

Development Group ("EDG").  The Government expects that the evidence at trial will show that Schulte stole this information in or about April 2016. ████████████████████

████████████████████████████████████████████████████████████████████████  This information has been produced to you in classified discovery.

(U) **Request 2**: "With respect to Count Two (Illegal Transmission of Lawfully Possessed National Defense Information) and Count Three (Illegal Transmission of Unlawfully Possessed National Defense Information), please identify what Classified Information Mr. Schulte allegedly possessed, how he possessed it, the specific time period of the alleged possession and transmission, and the specific mode of the alleged transmission."

(U) **Response to Request 2**:  Please refer to our response to Request 1.  With respect to the timing and mode of transmission, the Government expects that the evidence at trial will show that Schulte transferred the stolen classified information in late April or early May 2016 using a combination of TOR and Tails software from his home desktop.

(U) **Request 3**:  "With respect to Count Four (Illegal Transmission and Attempted Transmission of Unlawfully Possessed National Defense Information), please identify what Classified Information and other national defense information Mr. Schulte allegedly possessed, the person or persons to whom he transmitted or attempted to transmit the information, the specific time period of the alleged transmission and attempted transmission, and the specific mode of transmission."

(U) **Response to Request 3**:  The specific classified information for which the defendant is being prosecuted in Count Four includes the following:

(S█ ~~/NF)~~  Since being arrested in this case, Schulte has written a series of essays (which he described as "articles") discussing, among other things, his case and employment at the CIA. In one of those "articles," Schulte identifies ████████████████████  Specifically, while discussing ████████████████████  Schulte stated:

████████████████████████████████████████

(U) The Classified Article was transmitted by Schulte to his cousin, Shane Presnall.

TOP SECRET █████ /NOFORN

Defense Counsel
April 29, 2019
Page 3

(TS█ /NF)  While Schulte was incarcerated in the Metropolitan Correctional Center ("MCC"), he used at least one contraband cellphone and an encrypted messaging application to transmit and attempt to transmit classified information to third parties.  In particular, in or about September 2018, Schulte used an encrypted messaging application to send a document to a third party that contained ████████████████████████████████████████████████████. Specifically, Schulte stated:



(TS█ /NF)  During a search of the MCC on or about October 3, 2018, law enforcement recovered notebooks belonging to Schulte.  The notebooks contained, among other things, classified information that Schulte intended to disseminate to the public.  For example, one of the notebooks contains a document titled "Malware of the Mind" that discusses aspects of Schulte's work at the agency (the "Malware Disclosure").  In particular, on page █ of the document, Schulte states:

(TS█ /NF)  In another of Schulte's prison notebooks, Schulte drafted an apparent tweet that includes classified information (the "Fake Authentication Tweet").  In the Fake Authentication Tweet, Schulte disclosed classified information concerning the ██████████████████████████████████████████

TOP SECRET/█████████/NOFORN

Defense Counsel
April 29, 2019
Page 4

████████████████████████████████████████████

(U) The Classified Article, the Network Structure Document, the Malware Disclosure, and the Fake Authentication Tweet have all been produced to you in classified discovery.

(U) **Request 4**: "With respect to Count Five (Unauthorized Access to a Computer to Obtain Classified Information), Count Six (Theft of Government Property) and Count Seven (Unauthorized Access of a Computer to Obtain Information from a Department or Agency of the United States), please identify the alleged unauthorized access and what Classified Information Mr. Schulte allegedly obtained."

(U) **Response to Request 4**: With respect to Counts Five and Six, please refer to the response to Request 1 as to what classified information Schulte stole. The Government believes that the evidence at trial will show that Schulte's unauthorized access to CIA computer systems includes the following:

- (U) On or about April 14, 2016, Schulte was informed that he was no longer an administrator for the program OSB Libraries. After learning of this, Schulte illegally logged into the Stash Server as a server administrator and reinstated his administrator privileges to OSB Libraries.

- (U) On or about April 18, 2016, Schulte illegally accessed the ESXi server as a server administrator and around this time used a program that allowed him to view and edit log files. Schulte's actions had the effect of altering the log files.

- (U) On or about April 20, 2016, Schulte again illegally accessed the ESXi server as a server administrator. Schulte then created a snapshot of Confluence, which he titled "bkup" (the "April 20 Snapshot"). Schulte then unlawfully reverted Confluence to a snapshot of Confluence created on April 16, 2016. Schulte later reverted Confluence back to the April 20 Snapshot. After doing so, Schulte deleted the April 20 Snapshot, and then Schulte deleted various logs of his activity over the prior hour. Schulte's deletion of the log files caused the system to stop creating certain log files going forward.

- (U) In or about May and June 2016, after a server administrator mistakenly gave Schulte full access to Brutal Kangaroo, Schulte used that newly obtained access to illegally revoke the administrative privileges of the sole administrator of Brutal Kangaroo. Later, Schulte revoked the write privileges for Brutal Kangaroo from all other EDG employees assigned to work on Brutal Kangaroo. As a result, the employees responsible for Brutal Kangaroo no longer could write new code for the project.

---

[1] (TS/█████/NF) ████████████████████████████████████████

TOP SECRET/█████████/NOFORN

Defense Counsel
April 29, 2019
Page 5

(U) **Request 5**:  "With respect to Count Nine (Making False Statements) and Count Ten (Obstruction of Justice), please identify the alleged false statements, the specific person or persons to whom they were made, and what about the statements is false."

(U) **Response to Request 5**:   Counts Nine and Ten are based on a serious of false statements and misrepresentations made to law enforcement agents and/or prosecutors at the U.S. Attorney's Office, who are identified in the FBI 302s recounting the defendant's interviews.  *See* JAS_020891 – 020919.  The false statements for which Schulte is being prosecuted include:

- On or about March 15, 2017, Schulte (i) denied having any involvement in leaking the classified information referenced above in our response to Request 1; (ii) stated that he had not kept a copy of an email he sent to the Office of Inspector General that discussed purported security issues at the CIA; and (iii) denied having any classified materials in his apartment.

- On or about March 20 and 21, 2017, Schulte (i) denied having any involvement in leaking the classified information referenced above in our response to Request 1; (ii) denied ever taking information from the CIA and transferring it to an unclassified network; (iii) denied ever making CIA systems vulnerable to the theft of data; and (iv) denied housing information from the CIA on his home computer.

- On or about June 29, 2017, Schulte (i) stated that he had never worked on Brutal Kangaroo outside of the CIA; and (ii) stated that he had never removed any classified information from the CIA and took it home.

- On or about November 16, 2017, Schulte falsely described his trip to a court appearance from the vicinity of Grand Central Terminal to the vicinity of the courthouse, and also falsely claimed to have been approached on the way to that court appearance by an unknown male who allegedly stated, in substance and in part, that he knew that Schulte had been betrayed and bankrupted by the U.S. Government.

(U) **Request 6**:  "With respect to Count Eleven (Contempt of Court), please identify which documents and information were allegedly communicated, and to which persons, in violation of the order."

(U) **Response to Request 6**:  As you are aware, we have already provided you with detailed search warrant affidavits describing Schulte's violation of the protective order.  As a result, we object to your request for more particular information.  Nevertheless, please refer to the Government's application for a search warrant, dated October 26, 2018, *see* JAS_021345 – 021389, which describes Schulte's violation of the protective order.  Please also refer to the returns from the Government's search warrant, dated October 6, 2018, *see* JAS_021203 – 021205, relating to encrypted messaging accounts.

TOP SECRET/███████/NOFORN

Defense Counsel
April 29, 2019
Page 6


(U) **Request 7**:  "With respect to Count Twelve (Receipt of Child Pornography), Count Thirteen (Possession of Child Pornography), and Count Fourteen (Transportation of Child Pornography), please identify which electronic files, images or videos form the basis of each charge, the device or devices involved for each charge, and, for Counts Twelve and Thirteen, the specific time period for the alleged downloads and possession."

(U) **Response to Request 7**:  As you are aware, we have provided you with the specific locations of child pornography on Schulte's home desktop computer.  We object to your request calling for the Government to identify all of the files, images, and videos that contain child pornography.  *See United States v. Nunez*, 2001 U.S. Dist. LEXIS 883. At *15 (S.D.N.Y. Feb. 1, 2001) ("[A] bill of particulars is not a general investigative tool, a discovery device, or a means to compel the government to disclose evidence or witnesses to be offered prior to trial.").  *See also United States v. Robles*, 2005 U.S. Dist. LEXIS 7168, at *2-3 (S.D.N.Y. Apr. 21, 2005) (bill of particulars not appropriate to acquire evidentiary detail).  We note that some files containing child pornography are identified in the complaint, and we will identify all of our exhibits well in advance of trial, including all images of child pornography.

(U) Please feel free to contact us with any questions you may have.


Sincerely yours,

GEOFFREY S. BERMAN
United States Attorney

By:          _____/s/_____
             Matthew Laroche / Sidhardha Kamaraju
             Assistant United States Attorneys
             (212) 637-2420 / 6523
             Scott McCulloch
             Trial Attorney, National Security Division
             (202) 233-0793