USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-25-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -*against*-

JOSHUA ADAM SCHULTE,

    *Defendant.*

------------------------------------------------------------X

S2 17 Cr. 548 (PAC)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

The Government has charged Defendant Joshua Schulte in a fifteen-count second superseding indictment.[1] (Dkt. 68.) Counts One through Eleven relate to the alleged theft and transmission of national defense information ("NDI") from the Central Intelligence Agency ("CIA"), where Schulte formerly worked, to the website WikiLeaks (the "NDI Counts"). Counts Twelve through Fifteen involve allegations of possession of child pornography and criminal copyright infringement (the "Child Pornography Counts").

On June 19, 2019, Schulte filed a motion for separate trials pursuant to Fed. R. Crim. P. 8 and 14, arguing that joinder of the two groups of counts is improper, and seeking to sever the Child Pornography Counts from the NDI Counts. (Dkts. 100, 101.) Schulte argues that joinder is improper because the Child Pornography Counts are not of a similar character, based on the same act or transaction, or part of a common scheme or plan as the NDI Counts, and that

---

[1] The Counts are: One (Illegal Gathering of National Defense Information); Two (Illegal Transmission of Lawfully Possessed National Defense Information); Three (Illegal Transmission of Unlawfully Possessed National Defense Information); Four (Illegal Transmission and Attempted Transmission of Unlawfully Possessed National Defense Information); Five (Unauthorized Access to a Computer To Obtain Classified Information); Six (Theft of Government Property); Seven (Unauthorized Access of a Computer to Obtain Information from a Department or Agency of the United States); Eight (Causing Transmission of a Harmful Computer Program, Information, Code, or Command); Nine (Making False Statements); Ten (Obstruction of Justice); Eleven (Contempt of Court); Twelve (Receipt of Child Pornography); Thirteen (Possession of Child Pornography); Fourteen (Transportation of Child Pornography); Fifteen (Criminal Copyright Infringement).

severance is appropriate because trying all of the counts together would substantially prejudice Schulte. (*See* Dkt. 101.) On July 12, 2019, the Government stated that it does not oppose the severance motion and agrees to proceed to two separate trials, but does not concede that evidence from Child Pornography Counts would be inadmissible at the trial for the NDI Counts. (*See* Dkt. 114.)

The NDI Counts are unrelated to the Child Pornography Counts—the only nexus between them is the fact that Schulte's home computer system or server was searched for and might have contained evidence that supports both sets of counts. But there is no factual overlap across the NDI Counts and the Child Pornography Counts. *See United States v. Kerik*, 615 F. Supp. 2d 256, 274-75 (S.D.N.Y. 2009). They are not (1) "of the same or similar character"; (2) "based on the same act or transaction"; or (3) "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

Even if joinder were proper, trying the counts together would be prejudicial to Schulte. Fed. R. Crim. P. 14(a). Allegations relating to child pornography charges are highly inflammatory and joining them with unrelated counts carries a great risk of prejudice. *See, e.g.*, *United States v. Lee*, No. 4:14-CR-0254, 2015 WL 12631238, at *3 (M.D. Pa. June 2, 2015) ("Even with limiting instructions, it would be psychologically impossible for a jury to disregard the evidence of child pornography in deciding Defendant's guilt of coercion or enticement, or vice versa."); *United States v. Wellman*, No. 1:08-CR-00043, 2009 WL 159301, at *7 (S.D. W. Va. Jan. 20, 2009) (severing gun count from obscenity and child pornography counts because trying the two together "presents a serious risk that the jury would not make a reliable judgement"); *United States v. Sturm*, No. CRIM 06-CR-00342-LTB, 2007 WL 601976, at *4 (D. Colo. Feb. 22, 2007) ("the charge of child pornography possession, particularly detestable and

inflammatory conduct, creates a real danger both that [the defendant] may be confounded in presenting defenses and that they jury might decide to convict [the defendant] of both crimes based upon a perceived criminal disposition").

The Court GRANTS Schulte's motion to sever Counts Twelve through Fifteen from Counts One through Eleven. Any issues involving the admission of evidence from one trial in the other will be addressed in motions *in limine* prior to trial.

Dated: New York, New York
July 25, 2019

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

3