# Exhibit B

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.
200 East 39th Street, Apartment 8C, New York, New )
York 10016, as well as Any Closed Containers/Items; )
See Attachment A )

## SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location)*:

200 East 39th Street, Apartment 8C, New York, New York 10016; see Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:
18 U.S.C. 793(d), 793(e), 1030(a)(1), 1030(a)(2)(B).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     March 27, 2017
                                                                *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10 p.m.  ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
☐ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. _____
                                                                                                            *USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☑ for  30  days *(not to exceed 30).*
☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  3/14/17 1:45 AM       [signature]
                                              *Judge's signature*

City and state:  New York, NY                Honroable Barbara C. Moses
                                              *Printed name and title*

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# UNITED STATES DISTRICT COURT

for the
Southern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

200 East 39th Street, Apartment 8C, New York, New York 10016, as well as Any Closed Containers/Items

) 
) 
) Case No.
) 
) 
)

## APPLICATION FOR A SEARCH AND SEIZURE WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

200 East 39th Street, Apartment 8C, New York, New York 10016

located in the _____ Southern _____ District of _____ New York _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attached Affidavit and its Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description(s) |
|---|---|
| 18 U.S.C. 793(d), 793(e), 1030(a)(1), 1030(a)(2)(B). | Offenses relating to unauthorized possession and distribution of national defense information |

The application is based on these facts:

See Attached Affidavit and its Attachment A

☒ Continued on the attached sheet.

☒ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Jeff D. Donaldson, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ~~03/13/2017~~ 3/14/17 1:36 A.M.

_____
*Judge's signature*

City and state: New York, NY

Honroable Barbara C. Moses
*Printed name and title*

A095
(SDNY Rev. 01/17)

(AUSA: complete items 1-5 and 8 and submit with warrant.)

ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

# DELAYED-NOTICE SEARH WARRANT REPORT

The information on this form should be submitted each time judicial action is taken on an application for a delayed-notice search warrant or for an extension of a delayed-notice period. See 18 U.S.C. § 3103a(d)(l).
NOTE: If an extension to the notice period is requested, information will need to be submitted for each extension.

Please enter the information on this form into the InfoWeb Delayed-Notice Search Warrant Reporting System on the J-Net or into CM/ECF version 6.0 or later, if available.

For more information, see the Delayed-Notice Search Warrant page on the J-Net.

1. Name of Judge: __Honorable Barbara C. Moses__ ( ☐ check if state court judge)

2. Federal Judicial District: __Southern District of New York__

3. Date of Application for Delayed Notice: __March 13, 2017__

4. Offense (Most Serious) Specified:
   ☐ Immigration    ☐ Drugs        ☐ Fraud       ☐ Weapons
   ☐ Sex Offenses   ☐ Terrorism
                    ☐ Theft        ☐ Kidnapping  ☐ Tax
   ☐ Extortion/Racketeering        ☐ Fugitive/Escape/Supervised Release Violation
   ☑ Other (specify): __Distribution of national defense information__

5. Type of Application:   ☑ Initial request for delay
                          ☐ Extension of previously authorized delay
                          (Number of extensions previously granted: ____ )

6. Judicial Action Taken:   ☐ Denied    ☐ Granted    ☐ Granted as modified

7. Case Number (e.g., 'mc' Number) of Warrant: _____ : _____ - _____ - _____
                                               office    year     type     number

8. USAO No: _____

9. Period of Delay Authorized in This Action (days): _____

10. Preparer's Name: _____    Title: _____
    Phone number: _____       Date of report: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| In the Matter of the Application of the United States of America for a Search Warrant for the Premises Known and Described as 200 East 39th Street, Apartment 8C, New York, New York 10016, as well as Any Closed Containers/Items Contained in the Premises | **TO BE FILED UNDER SEAL**<br><br>**Agent Affidavit in Support of Application for Search Warrant** |

SOUTHERN DISTRICT OF NEW YORK) ss.:

JEFF D. DONALDSON, being duly sworn, deposes and says:

I. **Introduction**

    A.    **Affiant**

    1.    I am a Special Agent of the Federal Bureau of Investigation ("FBI") assigned to the New York Field Office, and have been employed by the FBI since 2010. I am currently assigned to a squad responsible for counterespionage matters and have worked in the field of counterintelligence from 2010 to present. In the course of my duties as a Special Agent, I am responsible for investigating offenses involving espionage and related violations of law, including unauthorized retention, gathering, transmitting or losing classified documents or materials; unauthorized removal and retention of classified documents or materials; illegally acting in the United States as a foreign agent; other national security offenses; and the making of false statements. As a result of my involvement in espionage investigations and investigations involving the unauthorized disclosure or retention of classified information, as well as my training in counterintelligence operations, I am familiar with the tactics, methods, and techniques of United States persons who possess, or have possessed a United States Government security clearance and may choose to harm the United States by misusing their access to classified information. I am also

familiar, though my training and experience with the use of computers in criminal activity and the forensic analysis of electronically stored information.

2.      I make this Affidavit in support of an application pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a second warrant to search the premises specified below (the "Subject Premises") for the items and information described in Attachment A. This Affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training, experience and advice received concerning the use of computers in criminal activity and the forensic analysis of electronically stored information ("ESI"). Because this Affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**B.      The Subject Premises**

3.      The Subject Premises is particularly described as apartment 8C in a residential apartment building located at 200 East 39th Street, New York, New York 10016 (the "Building"). The Building is located near the corner of 39th Street and Third Avenue in Manhattan. The Building is nineteen stories high and contains approximately ninety-one apartment units. The Subject Premises is a one-bedroom apartment located on the eighth floor of the Building, and it is clearly identifiable as Apartment 8C from the outside of the Subject Premises.

**C.      The Subject Offenses**

4.      For the reasons detailed below, I believe that there is probable cause that the Subject Premises contain evidence, fruits, and instrumentalities of (i) the unauthorized possession and, *inter alia*, the communication of national defense information to someone not entitled to receive

2

it, in violation of Title 18, United States Code, Section 793(d); (ii) the unlawful retention of national defense information, in violation of Title 18, United States Code, Section 793(e); (iii) exceeding authorized access to a computer in order to obtain national defense information with reason to believe that information could be used to the injury of the United States and the advantage of a foreign nation and willfully transmitting that information to a person not entitled to receive it, in violation of Title 18, United States Code, Section 1030(a)(1); and (iv) intentionally exceeding authorized access to a computer and thereby obtaining information from a department or agency of the United States, in violation of Title 18, United States Code, Section 1030(a)(2)(B) (collectively the "Subject Offenses").

### D. Terminology

5. The term "computer," as used herein, is defined as set forth in 18 U.S.C. § 1030(e)(1).

6. The terms "records," "documents," and "materials" include all information recorded in any form, visual or oral, and by any means, whether in handmade form (including, but not limited to, writings, drawings, paintings), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device), as well as the equipment needed to record such information (including but not limited to cameras and video recording and storage devices).

## II. Probable Cause and Request to Search

7. On March 13, 2017, the Honorable Barbara C. Moses issued a search warrant for the Subject Premises (the "Covert SW"). The Covert SW authorized law enforcement officers to search the Subject Premises covertly without advance or contemporaneous notice of the execution of the warrant. The application in support of the Covert SW is attached as Exhibit A to this application and is incorporated herein by reference (the "Covert SW Application").

8. During the afternoon of March 13, 2017, I and other law enforcement officers, including an FBI agent who specializes in imaging or otherwise copying electronic devices (the "CART Personnel"), executed the Covert SW at the Subject Premises without providing advance or contemporaneous notice of the execution of the warrant ("Search-1"). During Search-1, I observed, among other things, a desktop computer, a computer server rack with at least one server in it, at least five external hard drives, and other electronic devices (together, the "Electronic Devices"), which together are believed to comprise multiple terabytes of computer storage. Based on my training and experience, as well as my discussions with the CART Personnel, I know, among other things, that attempting to image or copy the Electronic Devices in the Subject Premises would have been extremely time-consuming and would have risked alerting JOSHUA SCHULTE and/or other residents of the Apartment Building to the search of the Subject Premises. As a result, I and the other law enforcement officers terminated Search-1 and left the Subject Premises.

9. Based on the results of Search-1, I am seeking authorization for a second search of the Subject Premises for the same items and information, and under the same procedures as set forth in the Covert SW Application. (*See* Covert SW Application, Parts III, IV.) Based, in part, on the fact that it is impractical to search the Subject Premises covertly, this application does not seek authorization to execute the warrant without providing advance or contemporaneous notice

4

of the execution of the warrant. Rather, upon the execution of this warrant, notice will be provided at or as soon as possible after the execution of the search. Law enforcement officers will also provide notice of Search-1 at the time they execute the second search.

10. As described in detail in the Covert SW Application, SCHULTE is believed to possess sophisticated computer skills and may be able to delete or activate encryption programs that would make his devices virtually impossible to access if he has advance notice of the search. Accordingly, I am also requesting authority to execute the search warrant at any time in the day or night in order to allow law enforcement officers to execute the warrant in a manner that will decrease the likelihood that SCHULTE is able to destroy evidence.

### III. Conclusion and Ancillary Provisions

11. Based on the foregoing, I respectfully request the court to issue a warrant to search and seize the items and information specified in Attachment A to this Affidavit and to the Search and Seizure Warrant.

12. In light of the confidential nature of the continuing investigation, I respectfully request that this Affidavit and all papers submitted herewith be maintained under seal until the Court orders otherwise.

JEFF D. DONALDSON
Special Agent
Federal Bureau of Investigation

Sworn to before me on
this 13th day of March 2017

THE HONORABLE BARBARA MOSES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5

## Attachment A

### I. Premises to be Searched—Subject Premises

The premises to be searched (the "Subject Premises") is described as follows, and includes all locked and closed containers found therein:

> The Subject Premises is particularly described as apartment 8C in a building located at 200 East 39th Street, New York, New York 10016 (the "Building"). The Building is located near the corner of 39th Street and Third Avenue. The Building is nineteen stories high and contains approximately ninety-one apartment units. The Subject Premises is a one-bedroom apartment located on the eighth floor of the Building, and it is clearly identifiable as apartment 8C from the outside of the Subject Premises.

### II. Execution of the Warrant

Law enforcement agents are permitted to execute the search warrant at any time in the day or night. Upon the execution of this warrant, notice will be provided at or as soon as possible after the execution of the search.

### III. Items to Be Searched and Seized

#### A. Evidence, Fruits, and Instrumentalities of the Subject Offenses

The items to be searched and/or seized from the Subject Premises include the following evidence, fruits, and instrumentalities of: (i) the unauthorized possession and, *inter alia*, the communication of national defense information to someone not entitled to receive it, in violation of Title 18, United States Code, Section 793(d); (ii) the unlawful retention of national defense information, in violation of Title 18, United States Code, Section 793(e); (iii) exceeding authorized access to a computer in order to obtain national defense information with reason to believe that information could be used to the injury of the United States and the advantage of a foreign nation and willfully transmitting that information to a person not entitled to receive it, in violation of Title 18, United States Code, Section 1030(a)(1); and (iv) intentionally exceeding authorized access and

thereby obtaining information from a department or agency of the United States, in violation of Title 18, United States Code, Section 1030(a)(2)(B) (collectively, the "Subject Offenses"):

1. Evidence concerning occupancy or ownership of the Subject Premises, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books, telephone directories, and keys.

2. Evidence concerning the identity or location of, and communications with, any co-conspirators.

3. Any and all notes, documents, records, correspondence, or materials, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information, and handwritten notes), pertaining to the unauthorized retention, gathering, and transmission of classified documents or materials, and the unauthorized removal and retention of classified documents or materials.

4. Electronic devices (including but not limited to computers, tablets, smartphones, and cellular telephones) and storage media used in furtherance of the Subject Offenses, containing evidence of the Subject Offenses, or containing evidence authorized for seizure in paragraphs 1, 2 and 3 above. The term "storage media" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

5. Electronic forensic evidence relating to the Subject Offenses, including for any electronic device or storage media whose search and/or seizure is authorized by this warrant as described above in paragraph 4 (hereinafter, "Computers"[1]), including:

   a. evidence of the times the Computers were used in furtherance of the Subject Offenses;

   b. passwords, encryption keys, and other access devices that may be necessary to access the Computers;

   c. documentation and manuals that may be necessary to access the Computers or to conduct a forensic examination of the Computers;

   d. evidence of software that would allow others to control the Computers, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   e. evidence indicating how and when the Computers were accessed or used in furtherance of the Subject Offenses;

   f. evidence indicating the Computers' user's/users' state of mind as it relates to the Subject Offenses;

   g. evidence of the attachment to the Computers of other storage devices or similar containers for electronic evidence in furtherance of the Subject Offenses;

---

[1] The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

3

      h. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Computers;

      i. records of or information about Internet Protocol addresses used by the Computers;

      j. records of or information about the Computers' Internet activity in furtherance of the Subject Offenses, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

6.     If law enforcement personnel seize the computer(s) or other electronic device(s), the personnel will search the computer and/or device(s) within a reasonable amount of time, not to exceed 60 days from the date of execution of the warrant. If, after such a search has been conducted, it is determined that a computer or device contains any data listed in paragraphs 1 through 3, the Government will retain the computer or device. If it is determined that the computer(s) or device(s) are no longer necessary to retrieve and preserve the data, and the items are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(b), such materials and/or equipment will be returned within a reasonable time. In any event, such materials and/or equipment shall be returned no later than 60 days from the execution of this warrant, unless further application is made to the Court.

    **B.**     **Search and Seizure of Electronically Stored Information**

    The items to be searched and seized from the Subject Premises also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in Section III.A of this Attachment above, including, but not limited to,

desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners. The items to be searched and seized from the Subject Premises also include:

1. Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2. Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3. Any evidence concerning the persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

C. **Review of ESI**

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques, including but not limited to:

5

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);
- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;
- scanning storage areas to discover and possibly recover recently deleted files;
- scanning storage areas for deliberately hidden files;
- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and
- making reasonable efforts to utilize computer search methodology to search only for files, documents, or other electronically stored information within the categories identified in Sections I.A and I.B of this Attachment.