**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

August 26, 2019

**By ECF (with redactions)**
**Ex Parte (without redactions)**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Joshua Schulte*, 17 Cr. 548 (PAC)

Hon. Judge Crotty:

We write ex parte[1] to advise the Court of an ethical issue that has arisen in this case. In preparing for trial, it has become apparent that two attorneys from the Federal Defender's office have favorable, relevant, and admissible testimony to provide in Mr. Schulte's defense to count four of the Second Superseding Indictment. (ECF No. 68.) In light of Rule 3.7 of the New York Rules of Professional Conduct (regarding Lawyer as Witness), and for the reasons described below, we request that the Court appoint new counsel for Mr. Schulte on counts four and eleven only (the "MCC Counts"), and order two separate trials—one on counts one through three, and five through ten (the "WikiLeaks Counts"), and another on the MCC Counts.[2]

In the Second Superseding Indictment filed on October 31, 2018, the government added an additional count of illegal transmission of national defense information under 18 U.S.C. § 793(e) (count four) and contempt of court (count eleven). Both counts are based exclusively on alleged conduct by Mr. Schulte during and after December 2017,

---

[1] This letter is being filed ex parte to avoid disclosing to the prosecutors the favorable defense testimony discussed herein. A redacted version of this letter is being served on the prosecutors and filed on the public docket.

[2] By order dated July 25, 2019, the Court granted severance of counts one through eleven of the Second Superseding Indictment, generally relating to the theft and transmission of national defense information (the "NDI Counts"), from counts twelve through fifteen on child pornography and copyright infringement. (ECF No. 117.)

Hon. Paul A. Crotty								Page 2
United States District Judge

while he was in custody at the MCC. The government alleges that while at the MCC, Mr. Schulte willfully transmitted and attempted to transmit classified and protected information to third parties.

The government has indicated that its evidence on the MCC Counts will include portions of notebooks seized from Mr. Schulte's cell, in which he allegedly documented his plans to transmit classified information. To prove count four at trial, the government must show, *inter alia*, that the defendant (1) had "unauthorized possession" of documents relating to the national defense, § 793(e); (2) transmitted or attempted to transmit the documents to a person not entitled to receive them, *id.*; and (3) acted "willfully," *id.*, i.e., voluntarily and intentionally, and with the specific intent to do something that the law forbids, namely with a bad purpose either to disobey or disregard the law.[3] Defense counsel expects that at trial, the government will seek to introduce excerpts of Mr. Schulte's writings in his notebooks as evidence of his specific intent to violate the law.

To defend against the government's allegations, Mr. Schulte would call two of his attorneys—Matthew B. Larsen and Sabrina P. Shroff—to present favorable testimony bearing on his state of mind. Early on in this office's representation of Mr. Schulte (in or about May or June 2018), Mr. Larsen and Ms. Shroff met with Mr. Schulte to discuss his case. ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████. Their testimony is important ███
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████

███ *See, e.g., United States v. Scully*, 877 F.3d 464, 478 n.6 (2d Cir. 2017) ("Reliance on the advice of counsel, in cases where fraudulent intent is a required element for guilt, is a defense that tends to refute the government's proof of such intent."); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193-94 (2d Cir. 1989); *United States v. Taglione*, 546 F.2d 194, 201 (5th Cir. 1977) (attorney testimony admissible to show defendant's "then existing state of mind" even if testimony did not establish a full-fledged advice-of-counsel "defense").[4]

---

[3] *See, e.g., United States v. Lee*, 589 F.2d 980, 986 (9th Cir. 1979).

[4] The defense is currently preparing its reply in support of Mr. Schulte's motion to suppress evidence seized from the MCC (ECF Nos. 97, 98). That motion addresses in part the extent to which Mr. Schulte's notebooks are protected by the attorney-client and work-product privileges, a mixed question of law and fact. Mr. Larsen and Ms. Shroff could potentially be fact witnesses on this issue as well. ███████████
███████████████████████████████████████████████████████

Hon. Paul A. Crotty                                                                                                          Page 3
United States District Judge

      Under Rule 3.7(a) of the New York Rules of Professional Conduct, an attorney generally "shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." *See also United States v. Kliti*, 156 F.3d 150, 156 (2d Cir. 1998) ("When faced with an attorney as a sworn or unsworn witness, the proper recourse is to disqualify the attorney, not to exclude the testimony.").[5] As described above, Mr. Larsen and Ms. Shroff will likely need to testify as key witnesses on the significant and contested issue of Mr. Schulte's scienter with respect to count four.

      Additionally, Mr. Larsen and Ms. Shroff were also witnesses—along with the Court, Court personnel, and the prosecutors—to Mr. Schulte's efforts in or about June 2018 to submit a pro se bail application. According to the prosecutors, that application, which was filed publicly on the docket for a brief period, contained classified information. We have attempted to determine whether the government intends to rely in any way on the pro se bail application to prove count four (or any other counts) at trial, but we are not certain of the government's position. If the government does intend to rely on the pro se bail application at trial, defense counsel would once again be placed in the untenable position of being both advocates and fact witnesses.

---

[REDACTED] We do not believe at this time that our potential role as fact witnesses prohibits us from replying to the government's opposition to suppression, but we did want to bring the issue to the Court's attention.

[5] Rule 3.7 provides in full:

> (a) A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless:
>
> > (1) the testimony relates solely to an uncontested issue;
> > (2) the testimony relates solely to the nature and value of legal services rendered in the matter;
> > (3) disqualification of the lawyer would work substantial hardship on the client;
> > (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or
> > (5) the testimony is authorized by the tribunal.
>
> (b) A lawyer may not act as advocate before a tribunal in a matter if:
>
> > (1) another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client; or
> > (2) the lawyer is precluded from doing so by Rule 1.7 or Rule 1.9.

Hon. Paul A. Crotty  Page 4
United States District Judge

  Appointing new counsel for Mr. Schulte on the MCC counts would address Rule 3.7(a)'s bar against advocates serving as witnesses, while avoiding imposing a significant hardship on Mr. Schulte. Relieving Federal Defenders on all counts, in contrast, would cause substantial and unfair prejudice to Mr. Schulte. This office has represented Mr. Schulte for over a year, and we are preparing for his trial. As the WikiLeaks Counts involve highly technical details regarding classified operations of CIA networks and systems, appointment of new counsel for all of the NDI counts (one through eleven) would likely delay the entire trial indefinitely. The fact that Mr. Schulte remains imprisoned under exceptionally severe conditions of solitary confinement only underscores the hardship he would face if Federal Defenders were relieved as counsel entirely.

  In light of the clear conflict between this office's duty to present the best possible defense for Mr. Schulte on count four, and Mr. Larsen's and Ms. Shroff's role as fact witnesses to support that defense, we respectfully request that the Court relieve Federal Defenders and appoint new counsel for Mr. Schulte on the MCC Counts only (counts four and eleven),[6] and order that trial for the WikiLeaks Counts proceed first, with trial of the MCC Counts to follow.

  Thank you for considering this request.

               Respectfully submitted,

               /s/ Sabrina Shroff/Edward S. Zas
               Assistant Federal Defenders

---

[6] Since count eleven (contempt of court) is based on alleged conduct occurring at the MCC, count eleven most naturally should be grouped with count four and tried together before the same jury, particularly as this will avoid the WikiLeaks jury from learning that Mr. Schulte was incarcerated at the MCC while awaiting trial, which would present serious due process concerns. *See United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010) (noting that a "constant reminder" or "extended comment" on the accused's pretrial detention would be impermissible).