

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 9, 2019

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United State Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

    Re:    *United States* v. *Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

    We respectfully submit this letter in response to the defendant's letter filed earlier today, seeking to serve their notice pursuant to Section 5 of the Classified Information Procedures Act ("CIPA") on the Government's wall team. The constitutional basis for Schulte's request has been explicitly rejected by numerous courts, including the Second Circuit. *See, e.g.*, *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984) ("We see no constitutional infirmity in the pretrial notification requirements of Section 5."); *United States v. Hashmi*, 621 F. Supp. 2d 76, 81 (S.D.N.Y. 2008) ("CIPA Section 5's pretrial notification requirement likewise does not infringe on a defendant's privilege against self-incrimination."). As a result, the defendant's request should be denied, and he should be directed to immediately produce his Section 5 notice to the prosecution team.

    The Government first produced classified discovery in this case over a year ago. The defense has been on notice of its obligation to provide a Section 5 disclosure since at least then. Indeed, the undersigned prosecutors have had many conversations with defense counsel about their Section 5 notice. Nevertheless, the defense did not raise this wall issue until today, the deadline for their Section 5 notice, which is also weeks after the defendant's original deadline to file a Section 5 notice. Their delay in raising the issue only highlights the inappropriateness of the request, which appears to be another effort to delay these proceedings by preventing the prosecution team from timely filing its response to Schulte's Section 5 notice. Schulte's request is also entirely at odds with CIPA's purpose, statutory text, and the case law interpreting it.

    CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). Section 5 furthers that purpose by requiring the defendant to "notify the attorney for the United States and the court in writing," if the defendant "reasonably expects to disclose or to cause the disclosure of classified

The Honorable Paul A. Crotty, U.S.D.J.
September 9, 2019
Page 2

information" in his case. 18 U.S.C. App. 3, § 5(a). The purpose of this notification is to allow the Government the opportunity to challenge the admission of the noticed material or seek a substitution. As the statutory language makes clear in requiring notification to the "attorney for the United States," making that challenge requires an in depth knowledge of the underlying facts, evidence, discovery, and procedural history of the case. That type of experience is gained by prosecuting the case, not simply by acting as wall counsel. Accordingly, Section 5 does not contemplate, let alone provide for, notice to be made to anyone other than the prosecution team.

Schulte's attempt to circumvent CIPA's plain language is also an abuse of the wall process. The only wall procedure contemplated in the CIPA protective order relates to the defense's contact of CIA employees. It was never contemplated that the wall team would be responsible for responding to Schulte's Section 5 notice. Nor does it make any sense for the wall team to do so because they are not familiar with the underlying facts of the prosecution. For example, asking the wall team to assess the relevance of complicated classified forensic evidence in a case they are not prosecuting would be inefficient, unproductive, and unreasonable.

Schulte's reasons for requesting this extraordinary departure from CIPA are baseless. First, the defendant's claim that "almost all of the discovery in this case is classified" is simply not true. The Government has made 25 unclassified discovery productions in this case. Those productions contain documents and forensic materials that are critical to the Government's case including, for example, forensic images of numerous electronic devices recovered from the defendant's residence, content obtained from various of the defendant's electronic accounts, and inculpatory prison calls.

Schulte is also not the only defendant who has had to operate within the confines of CIPA even though the discovery involved a large amount of classified material. For example, in *United States v. Lee*, No. 18 Cr. 89 (E.D.V.A.), a case involving the prosecution of a former Central Intelligence Agency ("CIA") officer for illegally disclosing classified material to a foreign power, the Government produced a substantial volume of classified discovery. The defense in that case, however, complied with CIPA's directive to provide the trial team with Section 5 notice. Indeed, the Government is aware of no case in which the defendant was permitted to make Section 5 notice to the Government's wall team on the ground that providing notice to the prosecution team would violate his constitutional rights. Rather, as noted above, every court to consider the issue, including the Second Circuit, has upheld the constitutionality of CIPA Section 5. *See, e.g.*, *Wilson*, 750 F.2d at 9; *Hashmi*, 621 F. Supp. 2d at 81; *see also United States v. Bin Laden*, No. 98 CR. 1023 (LBS), 2001 WL 66393, at *8 (S.D.N.Y. Jan. 25, 2001) (noting that the cases upholding CIPA's disclosure requirements "emphasize that CIPA does not require that a defendant reveal his or her trial strategy, but only mandates that the defendant identify whatever classified information he plans to use").

At bottom, Schulte's request has no statutory or precedential support and would turn CIPA on its head, robbing the Court of a thorough analysis by the prosecution team of the issues involving classified information. Moreover, granting his request—which should have been made months ago and well in advance of his Section 5 deadline—risks further delaying this case because the Government's deadline to file its Section 6 notice, which is in effect a response to Schulte's

The Honorable Paul A. Crotty, U.S.D.J.
September 9, 2019
Page 3

Section 5 notice, is less than one month away on October 4, 2019. Particularly in light of the defense's recent request to adjourn the trial and belatedly raised conflict issue, the Court should deny this request and direct Schulte to immediately produce his Section 5 notice to the prosecution team.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

By: _____/s/_____
    David Denton / Sidhardha Kamaraju /
    Matthew Laroche
    Assistant United States Attorneys
    Tel.: 212-637-2744 / 6523 / 2420

Cc: Defense Counsel (via ECF)
    Daniel Hartenstine, Court Information Security Officer (via Email)