*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 10, 2019

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United State Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

      Re:    *United States* **v.** *Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

      We respectfully submit this letter in response to the defendant's letter, dated September 10, 2019, in which the defendant re-iterates his request to serve his CIPA Section 5 notice on the Government's wall team. The Government submits this brief response to address two arguments in the defendant's reply.

      *First*, the defendant's entire request is based on a non-existent right for the defendant to shield his defense theory from the Government until some undefined point in the future. The defendant cites no support for this position, and indeed, there is none. The case law considering this question—including specifically CIPA Section 5—expressly rejects the defendant's argument. "Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State's case before announcing the nature of his defense, any more than it entitles him to await the jury's verdict on the State's case-in-chief before deciding whether or not to take the stand himself." *Williams v. Florida*, 399 U.S. 78, 85 (1970). Indeed, in many instances, the defendant is required to provide pre-trial notice of an asserted defense, including when the defendant intends to argue an alibi, Fed. R. Crim. P. 12.1(a)(2) (requiring defense to provide Government with pre-trial notice of alibi defense, including description of where the defendant claims to be and which witnesses the defendant intends to rely on); insanity, Fed. R. Crim. P. 12.2(a) (requiring defense to give pretrial notice of insanity defense); public authority, Fed. R. Crim. P. 12.3(a) (requiring defense to give pretrial notice of a public authority defense, including the name of the agency, the official, and time-period involved and witnesses upon whom the defendant intends to rely); and advice of counsel, *see United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011) (directing defendants to provide notice to the Government of an advice-of-counsel defense in sufficient time to take any disputes to the magistrate judge prior to the final pretrial conference). Moreover, on October 4, the defendant is required to provide expert notice to the prosecution team, which necessarily would divulge

The Honorable Paul A. Crotty, U.S.D.J.
September 10, 2019
Page 2

significant details concerning the defendant's trial strategy with respect to forensic evidence. *See* Fed. R. Crim. P. 16(b)(C) (requiring defendant to give Government summary of defense expert witness testimony). Furthermore, CIPA Section 5 is considerably less invasive in that it does not require the defendant to describe a defense at all, but only to identify what classified information he intends to introduce at trial. *See United States v. Bin Laden*, No. 98 CR. 1023 LBS, 2001 WL 66393, at *5–6 (S.D.N.Y. Jan. 25, 2001) (noting that courts have held that "CIPA does not require that a defendant reveal his or her trial strategy, but only mandates that the defendant identify whatever classified information he plans to use."). That is why every court to have considered the issue, including the Second Circuit has squarely rejected challenges to CIPA Section 5's pretrial disclosure obligations. *See, e.g.*, *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984) ("We see no constitutional infirmity in the pretrial notification requirements of Section 5."); *United States v. Hashmi*, 621 F. Supp. 2d 76, 81 (S.D.N.Y. 2008) ("CIPA Section 5's pretrial notification requirement likewise does not infringe on a defendant's privilege against self-incrimination."). Schulte's refusal to comply with his statutory obligations rests entirely on a purported right that has no basis in law.

*Second*, Schulte's obstinate refusal to abide by CIPA's requirements does prejudice the Government. To be sure, the Government asked the Court to appoint a wall attorney. But the Government did not make such a request so that there could essentially be a shadow trial team that the defense could hide behind. Rather, as has been clear from the beginning, the wall team's purpose was to address matters that specifically pertained to Schulte's attorney-client privilege, not substantive trial matters. Indeed, defense counsel has stated on the record that the government's wall assistant has no substantive knowledge of the case. *See* April 10, 2019 Tr. p. 15 (defense counsel arguing that Government wall counsel should not be appointed because wall counsel "has absolutely zero knowledge" regarding classification issues). Put simply, the wall team is simply not equipped to address the substantive questions of whether particular pieces of classified evidence are relevant—which would require a knowledge of all of the various factual issues in the case—or admissible—which similarly would require knowledge of the evidentiary positions that the trial team intends to take. Thus, in order to respond to the Section 5 effectively, the wall team would have to consult with the trial team and the CIA employees involved in this prosecution, the very people from which Schulte seeks to hide his Section 5. Schulte's proposal thus would either (1) only delay the process more, which is especially problematic given that the Government's Section 6 response is due in approximately three weeks or (2) lead to a response from the wall team that does not properly address all of the issues that the Court should consider. Either option is extremely prejudicial to the Government, particularly considering the sensitive classified information at issue. Put bluntly, Schulte's withholding of notice that he is statutorily mandated to provide is—whether intended to or not—compromising the Government's ability to exercise its rights under CIPA, specifically, its "right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996).

The Honorable Paul A. Crotty, U.S.D.J.
September 10, 2019
Page 3

     For these reasons, the Government respectfully requests that the Court direct Schulte to provide his Section 5 notice to the trial team immediately.

                                      Respectfully submitted,

                                      GEOFFREY S. BERMAN
                                      United States Attorney

                          By:        /s/
                                      David Denton / Sidhardha Kamaraju /
                                      Matthew Laroche
                                      Assistant United States Attorneys
                                      Tel.: 212-637-2744 / 6523 / 2420

Cc:  Defense Counsel (via ECF)
     Daniel Hartenstine, Court Information Security Officer (via Email)