*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 13, 2019

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United State Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

      Re:    *United States* **v.** *Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

      We respectfully submit this letter in response to the defendant's letter, dated August 29, 2019, requesting that the Court order the Central Intelligence Agency ("CIA") to review certain consensual audio recordings (the "Recordings") and set forth the bases to maintain each of those recordings in classified discovery. For the reasons below, the defendant's request should be denied.

      As an initial matter, the August 29 letter misstates both the scope of the Recordings and their classification. The Recordings are comprised of 74 recordings of calls or meetings involving the defendant. Although the defendant makes much of the fact that the Recordings were produced on "46 discs," each of those discs contains only a few Recordings, and some of the Recordings contain no audio because they were calls in which the defendant did not answer his phone. The defendant also incorrectly asserts that all of the Recordings remain subject to a classification review. Almost three months ago, on June 14, 2019, the Government produced 65 of the 74 Recordings in unclassified discovery.[1] In its discovery letter, the Government made clear that the 65 recordings "were determined to be unclassified" and noted that "the Government previously produced all of the confidential source recordings in classified discovery, and they remain available in the courthouse SCIF." The defendant nevertheless asserts in the August 29 Letter that all of the Recordings remain in classified discovery.

---

[1] In conducting a review to respond to the defense's letter, the Government learned of the existence of another consensual audio recording, approximately 55 minutes long, that the Government had not produced to the defendant previously. The Government is now producing that recording to the defense in classified discovery, and the CIA is reviewing the recording to determine whether it is classified. If this recording does not contain any classified information, then the Government promptly will reproduce the recording to the defense in unclassified discovery.

The Honorable Paul A. Crotty, U.S.D.J.
September 13, 2019
Page 2

      With respect to the nine Recordings that remain in classified discovery, those Recordings were withheld because they contain discussions by the defendant of his work at the CIA and/or other CIA employees. In this respect, the defendant is simply wrong that a discussion concerning classified information automatically becomes unclassified when recorded at the Government's direction outside of a Sensitive Compartmented Information Facility ("SCIF"). The defendant cites no authority supporting that *ipse dixit* proposition and, in any event, the Government should not be forced to declassify information simply because the defendant chose to talk with others about it in public or on a phone call. Regardless, in light of the defendant's letter, the Government will work with the CIA to determine whether it is possible to produce the remaining recordings in an unclassified form.

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney

By:     /s/
      David W. Denton, Jr. / Sidhardha Kamaraju / Matthew Laroche
      Assistant United States Attorneys
      Tel.: 212-637-2744 / 6523 / 2420

Cc: Defense Counsel (via ECF)
    Daniel Hartenstine, Court Information Security Officer (via Email)