**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

September 17, 2019

**By ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Joshua Adam Schulte*, 17 Cr. 548 (PAC)

Hon. Judge Crotty:

Counsel for Joshua Adam Schulte respectfully submits this reply in response to the government's letter dated September 13, 2019, regarding the 74 recordings that the government produced in classified and unclassified discovery. While I accept that I was incorrect, in that the government (more than a year after) has produced after finally conceding that 65 of the 74 recordings provided to the defense were not properly designated as classified in the first place, the government is utterly wrong in the manner in which it describes how these recordings came about. Govt. Letter at page 2.

Rather than simply declassifying the improperly designated recordings, the government moans of the burden to properly classify discovery and argues that it was the "defendant (who) chose to talk with others about it in public or on a phone call." Id. Should it not already be clear, however, these recordings were made by individuals who are or were employed by the CIA and were made after the government had identified (wrongly) Mr. Schulte as the Vault 7 leaker.

Mr. Schulte did not reach out to these individuals; they reached out to him. They (and of course we are not allowed to identify these individuals), not Mr. Schulte, instigated the reach out. CIA employees and ex-employees, and not Mr. Schulte, set up the recordings. They, and not Mr. Schulte, decided when and where to make the recordings. They – not Mr. Schulte – asked the questions. These CIA and ex-CIA employees were the ones who decided how, when, and where the reach out should occur. To then try to blame Mr. Schulte for replying to the questions they – the CIA -- posed is unfair and unpersuasive.

Hon. Paul A. Crotty   Page 2
United States District Judge

     When a CIA employee (or ex-employee) is the one who elicited the information and did so with the blessings of the CIA (and perhaps even the DOJ), they should not then be allowed to claim the very information they chose to elicit in a public place to be classified. The Court should order relief in favor of Mr. Schulte.

     We thank the Court for its continued attention to this matter.

                         Respectfully submitted,

                         /s/ Sabrina Shroff/Edward S. Zas
                         Assistant Federal Defenders