UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA           :

                -v-                                    :

JOSHUA ADAM SCHULTE,               :

               Defendant.                  :

-----------------------------------------------------------X

S-2  17 Cr. 548 (PAC)

MEMORANDUM & ORDER

      HONORABLE PAUL A. CROTTY, United States District Judge:

On September 9, 2019 Schulte requested that he be allowed to provide CIPA § 5[1] notice to the wall counsel, as opposed to DOJ trial counsel, Dkt. 134. Schulte argues that providing CIPA § 5 notice now would prematurely force him to reveal details of his defense strategy in violation of his Fifth Amendment due process rights and Sixth Amendment rights to an effective defense.

Schulte, however, notes that if the Court directs that notice be provided to the trial team it will immediately comply with the Court's ruling.

At a court conference on Wednesday, September 18, 2019, Counsel for Schulte provided to the Court its CIPA § 5 Notice. Upon a brief review it does not appear to disclose any theory of defense which has not been discussed previously. Furthermore, courts have considered and rejected requests like Schulte's previously. *See United States v. Hashimi*, 621 F. Supp. 2d 76

---

[1] The Classified Information Procedures Act ("CIPA") establishes the procedures for pretrial determinations of the disclosure and the admissibility at trial of classified information in federal criminal proceedings. *United States v. Libby*, 453 F. Supp. 2d 35, 37 (D.D.C. 2006). The CIPA sets forth a structure for determining the admissibility of classified information at trial. *Id.* Section 5(a) of the CIPA requires a defendant to file a notice "including a brief description" of the classified information he "reasonably expects to disclose or cause the disclosure of" at trial. 18 U.S.C. App III. §§ 5-6.

(S.D.N.Y. 2008) (upholding the constitutionality of CIPA where the defendant argued that Sections 5 and 6 of CIPA unfairly required him to preview his case to the Government and violated his due process and Sixth Amendment rights); *United States v. Drake*, 818 F. Supp. 2d 909, 913 (D. Md. 2011) (same). *See also United States v. Hitselberger*, 991 F. Supp. 2d 91, 95 (D.D.C. 2013) ("Given CIPA's careful balancing, it is unsurprising that every court to consider the issue, including the D.C. Circuit, has rejected Fifth and Sixth Amendment challenges to CIPA's [Sections 5 and 6] pretrial discovery rule"). There is no basis for the request and production to the wall team would be both ineffective and inefficient.

The request to serve CIPA § 5 notice on the wall team is DENIED. Schulte's counsel is directed to forthwith produce CIPA § 5 notice to the trial team.

Dated:  New York, New York
        September 18, 2019

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge