# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

**BY ECF**

October 16, 2019

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Joshua Adam Schulte*, 17 Cr. 548 (PAC)

Dear Judge Crotty:

We reply briefly to the government's letter of October 15, 2019 (ECF No. 154), in which the government opposes Federal Defenders' motion to be relieved but does not oppose the appointment of *Curcio* counsel.

The government claims that motions to disqualify or relieve counsel under the advocate-witness rule are "disfavored," subject to "strict scrutiny," and open to "strong potential for abuse," and that they require a "substantial" showing of "prejudice." Gov't Ltr. at 2. But the government neglects to mention that all of the cases it cites involved disqualification motions made by a party's *adversary*. *See id.* (citing, *inter alia, United States v. Locascio*, 357 F. Supp. 2d 536, 539 (E.D.N.Y. 2004) (government moved to disqualify defense counsel)). Those cases—and the demanding standard they recite—are inapposite where, as here, the motion is made by the client's *own* lawyer to protect the client's *own* interests. *See, e.g., Rizzuto v. De Blasio*, No. 17-cv-7381-ILG-ST, 2019 WL 1433067, at *3 (E.D.N.Y. Mar. 29, 2019) ("In this Circuit, motions to disqualify counsel under the advocate-witness rule are assessed differently depending on whether the attorney (a) 'ought to' testify on behalf of *his own* client or (b) may be called as a witness *by another party*.") (citing *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)). In this situation, there is neither a "potential for abuse" nor a need to show "prejudice." The only requirement is that the lawyer's "testimony could be significantly useful to his client. If so, he should be

disqualified regardless of whether he will actually be called." *Lamborn*, 873 F.2d at 531.

In this case, for the reasons we have already discussed, Ms. Shroff's testimony "could be significantly useful" to Mr. Schulte. Accordingly, she and Federal Defenders should be relieved as counsel. The government suggests that, at most, only Ms. Shroff herself needs to be relieved, and that this case can still proceed to trial on the current schedule. The government's position, however, ignores that (1) Ms. Shroff is (and has been) the only trial lawyer on the defense team with security clearance; (2) it will take at least several months to replace her with new cleared counsel and for new counsel to master the many difficult and technologically complex issues necessary to try this case effectively; and (3) relieving only Ms. Shroff would potentially place the remaining (or newly added) Federal Defenders trying the case in the awkward (and ethically tenuous) position of having to argue their own colleagues'—Ms. Shroff's and Mr. Larsen's—credibility to the jury.

Given all the circumstances, the more prudent course is to relieve Federal Defenders entirely and appoint new counsel.

Respectfully submitted,

_____/s/_____
Edward S. Zas/Sabrina P. Shroff


cc: All Counsel (by ECF)