UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA      :

   -v-                     :      **DECLARATION OF EDWARD S. ZAS**

JOSHUA ADAM SCHULTE,      :

            *Defendant.*     :      S2 17 Cr. 548 (PAC)
-------------------------------------------------------X

    **EDWARD S. ZAS**, an attorney duly admitted, declares under penalty of perjury:

    1. I am a supervising attorney with the Federal Defenders of New York, Inc., counsel to defendant Joshua Adam Schulte. I respectfully submit this declaration in support of Mr. Schulte's motion for an order, pursuant to Fed. R. Crim. P. 12(c)(3), accepting the annexed untimely motion (and supporting memorandum) to dismiss Counts One, Two, Three, Four, and Six of the Second Superseding Indictment on the ground that the Espionage Act, 18 U.S.C. § 793, and the federal larceny statute, 18 U.S.C. § 641, are unconstitutionally overbroad and void for vagueness. *See* Exhibit "A." The facts set forth herein are based on my personal knowledge.

    2. Rule 12 of the Federal Rules of Criminal Procedure requires a defendant to make certain pretrial motions in compliance with any court-imposed deadline. *See* Fed. R. Crim. P. 12(b)(3) & (c). One such motion is a motion challenging the constitutionality of a statute giving rise to a charged offense, which is considered a motion to dismiss for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v); *United States v. Thomas*, 534 F. Supp. 2d 912, 915 (N.D. Iowa 2008) ("It is settled that a claim that 'the indictment ... fails ... to state an offense' under Rule 12(b)(3)(B) includes a claim that the statute creating the offense is unconstitutional.") (citing *United States v. Seuss*, 474 F.2d 385, 387 n.2 (1st Cir. 1973); 24 James Wm. Moore *et al.*, *Moore's Federal Practice—Criminal Procedure* § 612.04, at 612–13 (3d ed. 2002) [hereinafter "Moore"] ("The

defense of failure to charge an offense may be based on ... the unconstitutionality of the statute relied upon.")). If a party misses the deadline, the motion is "untimely." Fed. R. Crim. P. 12(c)(3). But the Court may still consider the motion "if the party shows good cause." *Id.* "Good cause" is a "flexible standard that requires consideration of all interests in the particular case." Fed. R. Crim. P. 12 advisory committee notes to 2014 amendments. "Good cause" encompasses an attorney's unreasonable failure to file a meritorious pretrial motion. *See, e.g.*, *United States v. Soto*, 794 F.3d 635, 655 n.18 (6th Cir. 2015) (citing Moore, *supra*, § 612.06).

3. In this case, the Court originally set June 17, 2019, as the deadline for pretrial motions under Fed. R. Crim. P. 12(b)(3). This deadline was later extended to on or about July 7, 2019.

4. Defense counsel filed several timely pretrial motions. These included a motion to vacate the special administrative measures imposed on Mr. Schulte (Dkt. No. 92), a motion to suppress evidence seized from the MCC (Dkt. No. 97), a motion to sever Counts 12–15 (Dkt. No. 100), and a motion to suppress evidence obtained pursuant to search warrants issued between March 13, 2017, and May 17, 2017 (Dkt. No. 108).

5. Defense counsel, however, neglected to file a pretrial motion challenging the constitutionality of the Espionage Act, 18 U.S.C. § 793, or 18 U.S.C. § 641. This was not a tactical, strategic, or reasoned decision. Counsel simply and inexcusably overlooked that the constitutionality of these statutes is open to serious question and vigorously debated by courts, journalists, and commentators. Counsel also overlooked that neither the Supreme Court nor the Second Circuit has definitively resolved whether these statutes are unconstitutionally overbroad or vague in their current form, particularly as applied to news organizations and their sources. Counsel did not realize that a viable motion to dismiss under the Constitution existed until on or about October 22, 2019.

6. Under these circumstances, counsel submits that there is "good cause" for the Court to accept the motion to dismiss. Counsel believes that the motion is not only colorable, but meritorious. If granted, the motion would require dismissal of five counts carrying a cumulative potential punishment of 50 years in prison. Thus, it would be fundamentally unfair to penalize Mr. Schulte for counsel's unreasonable failure to file the motion in a timely manner. *See United States v. Hall*, 565 F.2d 917, 920 (5th Cir. 1978) ("We believe [a] district court's desire to avoid penalizing a criminal defendant for the inadvertence of his attorney constitutes 'cause' under [former] Rule 12(f) and is within the court's discretion."); *see also Jones v. Wilder-Tomlinson*, 577 F. Supp. 2d 1064, 1076–77, 1086 (N.D. Iowa 2008) (attorney's inexcusable failure to file meritorious suppression motion constituted "cause and prejudice" sufficient to warrant habeas relief).[1] As Judge Engelmayer recognized in finding "good cause" to accept a late suppression motion in a case involving "gravely serious charges," "[t]he defendant has an interest and there is a strong systemic interest in cases being resolved on the merits[,] not because of an arguable misstep by counsel." *United States v. Almehmeti*, No. 16 Cr. 398 (PAE), Transcript of Oral Ruling, Apr. 24, 2017, at 11.

7. Finally, declining to consider the tardy motion would "likely open the door for a collateral attack by the Defendant and, if so, lead to a waste of judicial resources." *United States v. Grimes*, 911 F. Supp. 1485, 1491 (M.D. Fla. 1996).

---

[1] The Second Circuit has ruled that, under a prior version of Rule 12, an attorney's "inadvertence" did not constitute "cause" sufficient to excuse the defendant's "waiver." *See, e.g.*, *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) (citing *United States v. Forrester*, 60 F.3d 52, 59 (2d Cir. 1995); *United States v. Yu-Leung*, 51 F.3d 116, 1122 (2d Cir. 1995)). But the Second Circuit recognizes that, if the attorney's negligence rises to the level of a Sixth Amendment violation, "good cause" may be found. *See, e.g., Tavarez v. Larkin*, 814 F.3d 644, 650 (2d Cir. 2016) ("There is no doubt that ineffective assistance of counsel can serve as cause to excuse a procedural default.").

**WHEREFORE**, it is respectfully requested that the Court accept the annexed motion to dismiss.

I declare under penalty of perjury, 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: New York, New York
      November 4, 2019

*Edward S. Zas*
_____
Edward S. Zas