**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 4, 2019

**BY ECF**
Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Joshua A. Schulte*, 17 Cr. 548 (PAC)**

Dear Judge Crotty:

    We are counsel to Joshua A. Schulte. We write to inform the Court of an apparent breach of the protective wall that purportedly exists between the CIA and the prosecution's trial team and seek relief designed to identify the extent of any breach and prevent future breaches.

    On October 31, 2019, Mr. Schulte, by his counsel, contacted Court Information Security Officer (CISO) Hartenstine so he could effectuate service of trial subpoenas upon individuals currently employed by the CIA. The defense saw no legal reason to inform the government who Mr. Schulte was planning to call as a defense witness at trial, and still knows of no reason why a defendant would be required to inform the government of this information, in this or in any other criminal matter.

    Conforming to the rules governing classified material in this case, the defense prepared the subpoenas in the SCIF and, again conforming to the rules governing classified material, gave the subpoenas to CISO Hartenstine and asked him to serve them upon walled counsel at the CIA.[1]

---

[1] To date, one individual at the CIA has met with the defense. Compare that to the number of individuals at the CIA who have spoken to the government over the course of this litigation and signed NDAs with the FBI. Although the government is permitted to contact the CIA employee directly, the defense is prohibited from such contact. Unlike the government, defense counsel may only speak to the CISO, who in turn speaks to the walled lawyer at the CIA, who in turn speaks to the CIA witness/employee. Despite numerous defense requests, we have been given no direct access to the witnesses, the walled lawyer at the CIA, or the trial team lawyer at the CIA. No lawyer from the CIA has ever appeared before the Court in this matter.

Hon. Paul A. Crotty  Page 2
Judge, Southern District of New York  November 4, 2019

    On November 1, 2019, a lawyer from the government's trial team reached out to the defense demanding a copy of the "50 subpoenas" served on the walled lawyer at the CIA. The government provided no explanation as to how they knew of the "50 subpoenas" served by the defense, and no legal basis for their demand. The defense has refused to comply with the government's demand, and we now write the Court seeking relief.

    Without any notice to the defense, the CISO, or the Court, it appears the "walled lawyer" at the CIA informed the trial team at the CIA and at the United States Attorney's Office that the defense had served trial subpoenas on CIA employees. By doing so, the walled lawyer at CIA has improperly crossed the wall and informed upon the defense. The government's trial team is now in possession of facts the government has no reason to know and the defendant had no obligation to reveal. Such cross-over is improper.

    If the walled attorney at the CIA believed the subpoenas were improperly served, or suffered from some other material defect, it could have (i) contacted the walled lawyer at the United States Attorney's Office who could have moved to quash the subpoenas; (ii) directly moved this Court to quash the subpoenas; or (iii) informed the CISO that, as walled counsel, it refused to accept service.  What the walled lawyer should not have done is what it apparently did: cross the wall and improperly share information with the trial lawyer at the CIA and the United States Attorney's Office.

    This breach is deeply concerning to the defense -- it dilutes the wall and leaves the defendant wondering what other information has been shared improperly with the trial team by the wall team. Accordingly, we ask the Court to order the walled lawyer at the CIA to disclose to the Court and defense counsel any other facts or information it has shared with the trial team at the CIA or at the United States Attorney's Office.  In addition, because the government has no right to know who the defense has subpoenaed, we ask the Court to order the walled lawyer at the CIA to keep this information from the trial team.

    We thank the Court for its time and consideration of this matter.

                                                   Respectfully submitted,

                                                   */s/*

                                                 Edward Zas & Sabrina Shroff
                                               Counsel for Joshua A. Schulte