DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA           :

                -v-                              :

JOSHUA ADAM SCHULTE,               :

              Defendant.           :

------------------------------------------------------------X

S-2  17 Cr. 548 (PAC)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On September 26, 2019, the Court issued its Memorandum and Order (Docket 147) denying defendant's motion to sever Counts 4 and 11 (the "MCC Counts") and defendant's request for the appointment of *Curcio* counsel to advise defendant with respect to the likely testimony of the Federal Defenders of New York attorneys, Larsen and Shroff on the attorney-witness rule.[1] Two weeks later, on October 10, 2019, the Federal Defenders of New York stated that it had determined that in light of the Court's ruling, it could no longer effectively represent the defendant and asked to be relieved as counsel. According to the Federal Defenders, since "Ms. Shroff is both lead trial counsel and one of the potential fact witnesses on an important subject, she cannot objectively assess [the strategy decision of] whether she or Mr. Larsen would make the most effective witness" or whether "both witnesses are essential." (*See* October 10, 2019 Letter, Docket 150, at 3, 6). Defendant asked that *Curcio* counsel be assigned to "advise Mr. Schulte with respect to the potential testimony" of Ms. Shroff and Mr. Larsen. (*See id.* at 1).

---

[1] Even if the Court granted severance of the MCC Counts it would not eliminate the specific evidence issue raised by the Federal Defenders (i.e., the attorney-witness matter) because evidence relating to the MCC Counts may be admissible at trial on the Wikileaks counts.

On October 15, 2019, the Government responded, (Dkt. 154), that the Federal Defenders' motion to be relieved should be denied, and, if the Court felt it necessary, that conflict-free counsel be appointed to advise defendant about the specific evidence at issue now: the testimony of Ms. Shroff and/or Mr. Larsen concerning their advice to Mr. Schulte about recording his thoughts and feelings in notebooks as opposed to filing *pro se* applications, which could be used against him. The advice relates to evidence that the Government intends to introduce to prove Counts 4 and 11 ("the MCC Counts") of the superseding indictment.

On October 16, 2019, the Federal Defenders responded. (Dkt. 157.) The letter points out that this is not the usual *Curcio* situation where one party moves to disqualify or relieve adversary counsel. Here, instead, the motion to be relieved is made by the defendant's own lawyers to protect their client's own interests. The Federal Defenders argue that the test is "whether the lawyers' testimony could be significantly useful to the client."[2] (Dkt. 157 at 1-2.) But pursuit of this testimonial path creates other difficulties as it may waive the attorney-client privilege and open the door to other lines of inquiry regarding the MCC Counts.

"The authority of federal courts to disqualify attorneys derives from their inherent power to 'preserve the integrity of the adversary process.' " *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 132 (2d Cir. 2005) (quoting *Bd. of Educ. v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979)). Although courts look to state disciplinary rules which provide valuable guidance when considering motions for disqualification, a violation of those rules may not warrant disqualification. *See id.* Instead, disqualification is warranted only if "an attorney's conduct tends to taint the underlying trial." *GSI Commerce Sols., Inc. v. BabyCenter, L.L.C.,* 618 F.3d 204, 209 (2d Cir. 2010).

---

[2] Courts, however, consider both whether testimony would be significantly useful and whether testimony is necessary to a client's case. *See e.g., Kubin v. Miller,* 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992).

2

It is not at all clear whether the proposed advice of counsel testimony by Mr. Larsen and Ms. Shroff provides a defense to Counts 4 and 11 which cover *inter alia* the transmission of classified data and the use of false exculpatory notes. There is doubt whether an attorney's advice to keep a journal, as opposed to filing *pro se* applications, provides a defense to the MCC Counts. Finally, it is far from clear whether simply because one attorney witnessed another attorney give advice, that both attorneys must testify, or that the defendant would be at a disadvantage unless both attorneys testify. The proposed testimony that both Mr. Larsen and Ms. Shroff intend to provide may simply be cumulative. *See e.g.*, *Miller*, 801 F. Supp. at 1113 ("An attorney whose testimony would merely corroborate the testimony of others may not be subject to disqualification"); *MacArthur v. Bank of New York*, 524 F. Supp. 1205, 1208–09 (S.D.N.Y. 1981) ("[A]n additional corroborative witness would almost always be of some use to a party, but might nevertheless be essentially cumulative. At some point, the utility of additional corroboration is de minimus and does not require the attorney's disqualification.").

In light of the significance of the issue, however, and the difficulty with predicting potential conflicts, the Court will grant Defendant's request for a *Curcio* hearing. *See Wheat v. United States*, 486 U.S. 153, 162–63 (1988) ("The likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials.").

The Court will appoint a conflict-free *Curcio* counsel to advise defendant about the "specter of conflict" at issue—that is, the attorney-witness matter. In order to make the independent counsel's advice meaningful, the defendant must disclose the proposed testimony by the two attorney-witnesses. *Curcio* counsel should advise Schulte on at least the following matters:

1. The advocate-witness rule and what specific testimony Schulte would be required to forgo as well as what testimony would be presented

2. The advisability of agreeing to a testimonial stipulation to corroborate Mr. Larsen's in-person testimony

3. Whether Schulte should pursue this testimony at all, any potential waiver of attorney-client privilege, and the potential that such testimony may open the door to further evidence of Schulte's MCC conduct

4. The benefits and risks of altered trial strategy and the appointment of new counsel

Dated: New York, New York
November __, 2019

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge