# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 7, 2019

**BY ECF**
Hon. Paul A. Crotty
Judge, Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Joshua A. Schulte*, 17 Cr. 548 (PAC)**

Dear Judge Crotty:

We are counsel to Joshua A. Schulte. We write in brief response to yesterday's letter by the prosecution regarding the subpoenas the defense properly served on walled counsel at the CIA.

In its five-page single spaced letter, the government points to no legal authority for their claim that the defense erred by serving defense subpoenas to the walled lawyer at the CIA, except to claim that this somehow means the defense is trying to litigate this case in "secret." Such a claim is ironic, and entirely unpersuasive, when made by the litigant who filed a 69 page CIPA § 6(a) motion, supported by a 52-page affidavit asking the Court to hold nothing short of a "secret" trial. *See* Dkt. Entry #

Ignoring both the irony and the case law, the government threatens that, absent Court intervention, the CIA will "be providing the subpoenas to the prosecution team." 11/6/19 Govt. Letter at 5. For the reasons stated herein, and in Mr. Schulte's November 4, 2019 letter, we write to request that the Court order the walled lawyer at the CIA to not share this (or any other) information with the prosecution trial team.

A defendant is not required to provide the prosecution trial team with a copy of its trial subpoenas. Neither the Federal Rule of Criminal Procedure 17 nor CIPA imposes such a requirement, and the government cites no case law in its letter imposing such a requirement upon the defense or permitting a CIA Wall Attorney to disclose this information to the prosecution trial team. In short, neither the prosecution trial team nor the CIA have any statutory or case support for what they are trying to do here -- breach the wall and share defense information amongst themselves.

Hon. Paul A. Crotty
November 7, 2019
Page 2

      Any purported defect in service or the subpoenas themselves can and should be addressed without disclosing the subpoenas to the prosecution trial team. The CIA or the CIA Wall Attorney can (i) move this Court to quash the subpoenas; (ii) have the walled lawyer at the United States Attorney's Office move to quash the subpoenas; or (iii) refuse to accept service. What the CIA and the prosecution cannot do is breach the wall to give the prosecution trial team information the defense has no obligation or desire to share with them. The Court should prevent this from happening by issuing an appropriate order. The Court should further order the CIA walled counsel to inform the Court of any other information they have shared with the litigation team – either at the CIA or at the DOJ.

      We thank the Court for its continuing attention to this matter.

      Respectfully submitted,

      /s/

      Edward Zas & Sabrina Shroff
      Counsel for Joshua A. Schulte