# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 19, 2019

<u>By ECF</u>
Hon. Paul A. Crotty
Judge, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Hon. Judge Crotty,

The Court has scheduled a CIPA (6) (a) hearing at which time the Court is to "make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." *See* CIPA section 6(a).

In preparation for the November 20, 2019 CIPA (6) (a) hearing, the parties spoke this afternoon. The government informed us that it anticipates asking the Court to rule on the admissibility of broad categories, rather than on the admissibility of each document or item noticed in the defendant's CIPA 5 filing. We object to the government's suggested method. One of the purposes of CIPA section 6(a) is to allow for the development of a record for appeal, and the only way to preserve the record is for the Court to rule on each document or item noticed by the defendant in his CIPA 5 filing. To proceed by ruling on categories of documents does violence to the text and purpose of the rule.

CIPA section 6(a) states: "As to each item of classified information, the Court shall set forth in writing the basis for its determination." Nothing in the statute allows the government to proceed by asking the Court to rule on broad categories of documents. To the contrary, CIPA section 6(a) requires a ruling on "each item," i.e., each document or specific portion of proposed testimony. To do otherwise could defeat the need for specificity in the defendant's CIPA 5 filing. The only time the statute allows for rulings

Honorable Paul A. Crotty                                    November 19, 2019
United States District Judge
Southern District of New York

Re:    <u>United States v. Joshua Schulte</u>, 14 Cr. 033 (PAC)

on "generic categories" is when the "United States has not previously made the
information available to the defendant in connection with the case." *See* CIPA section
6(b)(1). Only in that circumstance may the Court rule by category.

      To illustrate, if the Court were to hear argument only on broad categories, the
defendant would be deprived of showing the Court how each document is relevant and
admissible at trial. As an example, we ask the Court to review Exhibit A[1]. The detailed
explanations are important to a proper ruling by the Court.

      Additionally, the government has failed to provide to the defense or to the Court
the requisite notice under CIPA section 6(b). Section 6(b)(1) requires the government,
"[*b*]*efore any hearing is conducted*," to "provide the defendant with notice of the
classified information that is at issue." (Emphasis added.) "Such notice *shall identify the
specific classified information at issue* whenever that information previously has been
made available to the defendant by the United States." (Emphasis added.) To the extent
the government states it has somehow already provided to the defendant notice under
section 6(b), we object to it as late notice and request that the CIPA 6 hearing be
adjourned until after the proper notice is given.

      Thank you for your time and consideration of this request.

Respectfully submitted,

/s/

Sabrina Shroff & Edward Zas
Attorneys for Joshua Schulte

---

[1] Exhibit A is a classified filing and not filed on ECF.