UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA            :
                                                            S2 17 Cr. 548 (PAC)

              -v-                                   :

JOSHUA ADAM SCHULTE,                 :

                          *Defendant.*      :
-----------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOSHUA ADAM
SCHULTE'S MOTION IN LIMINE TO PRECLUDE
THE TESTIMONY OF PAUL ROSENZWEIG**

Edward S. Zas
Allegra M. Glashausser
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8742

Sabrina P. Shroff
233 Broadway
New York, New York 10007

*Counsel for Defendant Joshua Adam Schulte*

TO:    GEOFFREY S. BERMAN, ESQ.
        United States Attorney
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007
        Attn**:** Matthew Laroche, Sidhardha Kamaraju, and David Denton
                *Assistant United States Attorneys*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ......................................................................................................................... 2

    1.   The expert notice is insufficient ...................................................................... 2

    2.   Nothing the government has provided indicates that Mr. Rosenzweig is an expert on WikiLeaks ....................................................................................... 3

    3.   The proposed testimony will not be helpful to the jury ................................... 5

    4.   The testimony will be irrelevant, prejudicial, and confusing .......................... 6

    5.   Public statements made by unknown people at WikiLeaks must be excluded as hearsay ............................................................................................................. 7

CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES

*Cases*

*Daubert v. Merrell Dow Pharm.*,
  509 U.S. 579 (1993) .......................................................................................... 5

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) .......................................................................................... 2

*United States v. Amador-Huggins*,
  799 F.3d 124 (1st Cir. 2015) ............................................................................ 3

*United States v. Duvall*,
  272 F.3d 825 (7th Cir. 2001) ............................................................................ 2

*United States v. Ferguson*,
  2007 WL 4539646 (D. Conn. Dec. 14, 2007) .................................................. 2

*United States v. Mahaffy*,
  No. 05–CR–613 (ILG), 2007 WL 1213738 (E.D.N.Y. Apr. 24, 2007) .................... 2

*United States v. Mejia*,
  545 F.3d 179 (2d Cir. 2008) ............................................................................. 5

*United States v. Reddick*,
  284 F. Supp. 3d 159 (D. Conn. 2018) .............................................................. 5

*Rules*

Fed. R. Evid. 702 .................................................................................................. 3

Fed. R. Evid. 803 .................................................................................................. 8

Fed. R. Crim. P. 16(a)(1)(E) ................................................................................. 2

## PRELIMINARY STATEMENT

Mr. Schulte respectfully submits this memorandum in support of his motion to preclude the proposed testimony of Paul Rosenzweig, a purported expert on WikiLeaks.[1]

Mr. Rosenzweig is a lecturer at a law school, an advisor at the Chertoff Group, a risk-management and security consulting company, and a fellow at a think tank. The government has asserted that he will testify about the "history, technical and organizational structure, goals and objectives" of WikiLeaks. The government also proposes that Mr. Rosenzweig will "describe in general terms prior leaks" by WikiLeaks to explain its "typical practices with regard to receiving leaked classified information," "its practices or lack thereof regarding the review and redaction of sensitive information" and "certain well-publicized harms to the United States that have occurred as a result of disclosures by WikiLeaks." Finally, the government says that he will "testify as to WikiLeaks' public statements regarding the leaked material at issue in this case." *See* Gov. Expert Disclosure.

WikiLeaks is a famously secretive organization. *See*, *e.g.,* Ellen Nakashima, *et al.*, "A German Hacker Offers a Rare Look inside the Secretive World of Julian Assange and WikiLeaks," *The Washington Post*, available at https://tinyurl.com/yaou22nc. Nothing in the government's description of Mr. Rosenzweig's employment indicates that he has pierced this veil. Instead, he seems to have no expertise in the "history, technical and organizational structure, goals and objectives" of WikiLeaks, its practices regarding sensitive information, or prior disclosures by the organization. There is no indication that Mr. Rosenzweig is an

---

[1] The government has advised defense counsel that it will be moving in limine to admit numerous items of evidence. Mr. Schulte expects to oppose the admission of much of that evidence, but will set forth his arguments opposing admission in response to the government's motions in limine.

expert on any of the general topics proposed by the government. His proposed testimony will also not be helpful to the jury, but instead will be irrelevant, prejudicial, and confusing.

The trial judge has a "general 'gatekeeping' obligation" to determine if expert testimony is reliable and relevant—an obligation that "applies not only to testimony based on "scientific" knowledge, but also to testimony based on "technical" and "other specialized" knowledge. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Here, Mr. Rosenzweig's proposed testimony does not meet any criteria for reliability or relevance. The Court should exclude it.

## ARGUMENT

1. <u>The expert notice is insufficient</u>.

As a preliminary matter, the government's expert notice does not provide sufficient information about Mr. Rosenzweig's testimony. Federal Rule of Criminal Procedure 16(a)(1)(E) requires that the government provide a written summary of any expert testimony that it intends to use during its case-in-chief. That summary must "describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications." Fed. R. Crim. P. 16(a)(1)(E).

The Rule "requires a summary of the expected testimony, not a list of topics." *United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001). "Merely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions." *United States v. Ferguson*, 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007) (finding expert notice insufficient). *See also United States v. Mahaffy*, No. 05–CR–613 (ILG), 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007) (excluding

testimony "because the disclosure statement only proffered general topics and did not describe any opinions that would be offered by the witness on these topics").

Here, the government's notice merely lists general topics—it reveals nothing about the opinions the expert will offer. About which prior leaks does he plan to testify? What damage to the United States will he assert occurred as a result of those leaks? Has he done any analysis to determine that the "well-publicized harms" of prior leaks were in fact accurate? Does he have any personal experience with the WikiLeaks organization? Has he done any specialized research about the organization? What public statements does he plan to rely on?

The government's notice here is exactly the type of insufficient notice courts have condemned. This Court should exclude the expert on this ground alone, or, in the alternative, require the government to provide a much fuller expert notice.

> 2.  Nothing the government has provided indicates that Mr. Rosenzweig
>     is an expert on WikiLeaks.

A witness may be qualified as an expert by "knowledge, skill, experience, training, or education" and "may testify in the form of an opinion or otherwise if:"

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

As the rule explains, expert testimony must be based on "scientific, technical, or other specialized knowledge." *See, e.g., United States v. Amador-Huggins*, 799 F.3d 124 (1st Cir.

3

2015) (testimony by FBI agent regarding bumper damage to defendant's vehicle was lay testimony based on his on-the-job experience investigating bumpers, rather than expert testimony).

The expert here is not so qualified. Mr. Rosenzweig does not appear to have any special knowledge, skill, experience, training, or education about WikiLeaks. Indeed, the only information the government has provided about Mr. Rosenzweig's alleged expertise is his resume, which spans 72 pages, but mentions WikiLeaks just five times. Those five mentions indicate that he wrote op-eds, articles, or provided presentations related to WikiLeaks in 2010 and 2011. These included two brief articles on msnbc.com and the Heritage Foundation and two presentations. The lengthiest publication appears to be a seven-page article in a Heritage Foundation publication, published eight years ago. Nothing about this resume indicates that he has "specialized knowledge" of WikiLeaks as required under Rule 702(a).

Additionally, these five mentions of WikiLeaks nearly a decade ago do not suggest that Mr. Rosenzweig has any specialized expertise in any of the more specific subjects that the government has listed: not the "history, technical and organizational structure, goals and objectives" of WikiLeaks, not their typical practices in receiving classified information, nor prior leaks. He has not tested or examined any evidence. There is also no indication that he has some relevant personal experience in how WikiLeaks typically practices.

Indeed, there is nothing in the expert notice suggesting his testimony will be based on any specific facts or data, or any particular principles and methods, as required under Rule 702(b) & (c). On the contrary, based on the government's expert notice, the government proposes testimony about "publicly-available" information and his review of unnamed

4

"public documents." This notice suggests that Mr. Rosenzweig will testify about things he has read in newspapers or magazines.

Mr. Rosenzweig's testimony does not meet any of the prongs of Rule 702 and should be excluded. In the alternative, and to the extent that the government proffers an additional expert notice suggesting his testimony would be based on some sort of data or principles, this Court should order a *Daubert* hearing to determine whether the data and principles were used reliably. *See Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993).

  3. The proposed testimony will not be helpful to the jury.

Rule 702 also requires that the proposed expert testimony be "help[ful] [to] the trier of fact to understand the evidence or to determine a fact in issue." Expert testimony is not helpful under Rule 702 when the subject of the testimony is not "beyond the ken of the average juror." *E.g. United States v. Mejia*, 545 F.3d 179, 191 (2d Cir. 2008) ("under Fed. R. Evid. 702, we have carefully circumscribed the use of [narcotics expert] testimony to occasions where the subject matter of the testimony is beyond the ken of the average juror"). *See also United States v. Reddick*, 284 F. Supp. 3d 159, 161 (D. Conn. 2018) ("Testimony is properly characterized as 'expert' only if it concerns matters that the average juror is not capable of understanding on his or her own") (citation omitted); *United States v. Pitts*, No. 16-CR-550 (DLI), 2018 WL 1169139, at *3 (E.D.N.Y. Mar. 2, 2018) (excluding expert whose "opinion largely appears" to be based on publicly available reports); *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d 396, 484 (S.D.N.Y. 2016) (jury does not need an expert opinion "because its common sense will suffice. And if the jury needs expert opinion because common sense will not suffice, it must come from an expert who is applying her

expertise"). Giving a witness "expert[ ] status" can give "factual testimony an 'unmerited credibility' before the jury." *Mejia*, 545 F.3d 179, 192 (2d Cir. 2008).

To the extent any testimony about WikiLeaks generally would be relevant, there is no reason it would require expert testimony. The jury would be able to understand "well-publicized" information about WikiLeaks, "public statements" by WikiLeaks, and the structure of an organization without expert assistance. Indeed, any public statements were surely, by their very nature, designed so that the public could understand them.

Therefore, the testimony also fails to meet the "help[ful]" requirement.

4. <u>The testimony will be irrelevant, prejudicial, and confusing.</u>

Instead of being helpful, the proposed testimony would be irrelevant and prejudicial even if presented through a lay witness, and should be excluded under Rule 401 or under Rule 403. Under Rule 401, evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Additionally, under Rule 403, the court may exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The proposed evidence here is irrelevant, prejudicial, and confusing.

At trial, the government will attempt to prove that Mr. Schulte took national defense information from the CIA and released it publicly. That some information was ultimately released by WikiLeaks is relevant, but the history of WikiLeaks, how the organization generally deals with classified information in other cases, and any supposed damage caused

by unrelated disclosures by WikiLeaks are irrelevant. WikiLeaks is not a criminal enterprise, but a non-profit media organization.

In Mr. Schulte's case, the government has no reliable evidence of how much information was taken from the CIA, how it was taken, or when it was provided to WikiLeaks. The government cannot overcome a lack of relevant evidence by introducing evidence from *other cases* about how much information was leaked or how information was leaked in unrelated contexts. The practices of WikiLeaks in other contexts and any testimony about alleged damage from other entirely unrelated leaks is completely irrelevant.

Instead, this testimony is purely prejudicial. Although the government has failed to identify what Mr. Rosenzweig's opinion about WikiLeaks will be, it is hard to imagine that this testimony could achieve anything other than to suggest to the jury that WikiLeaks is an inherently criminal or evil organization that harms the United States. This testimony could also suggest that the mere fact that information was released by WikiLeaks necessarily means that it was intended to—and did—cause harm to the United States. These are not valid evidentiary objectives. Instead, this type of testimony would create confusion and force a trial within a trial on the morality of WikiLeaks and the extent of damage caused by prior leaks. If the government is allowed to introduce this evidence, the defense will necessarily have to respond with testimony about how WikiLeaks is a non-profit news organization, that it has previously released information from government whistle-blowers that was vital to the public understanding of government malfeasance, and that any assertion of damages in the press is not reliable evidence. This would create a sideshow, irrelevant to any of the elements that the government must prove at trial.

For this reason too, the testimony should be excluded.

5.      <u>Public statements made by unknown people at WikiLeaks must be excluded as hearsay.</u>

The government also seems to suggest that this "expert" will relay to the jury pure hearsay, namely what someone at WikiLeaks supposedly said about the information involved in this case. The government has identified no hearsay exception that would allow Mr. Rosenzweig to regurgitate the statements made by someone at WikiLeaks. No hearsay exception seems to apply: statements by WikiLeaks are not learned treatises, market reports, or records made in the regular course of business. *See* Fed. R. Evid. 803. Any testimony that is merely reporting someone else's statements should be excluded as hearsay. And, since Mr. Schulte cannot confront those out-of-court statements, their admission would violate the Confrontation Clause as well.

## CONCLUSION

For these reasons, this Court should exclude Paul Rosenzweig's testimony and grant any other relief that may be appropriate.


Respectfully submitted,

                /s/
Edward S. Zas


                /s/
Sabrina P. Shroff

*Counsel for Defendant Joshua Adam Schulte*