UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                             :

UNITED STATES OF AMERICA
                             :

        - v. -                       S2 17 Cr. 548 (PAC)
                             :

JOSHUA ADAM SCHULTE,
                             :

        Defendant.
                             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS


GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

David W. Denton, Jr.
Matthew Laroche
Sidhardha Kamaraju
Assistant United States Attorneys
    *Of Counsel*

## **TABLE OF CONTENTS**

1. DUTY OF THE COURT ........................................................................................2

2. DUTY OF THE JURY ........................................................................................3

3. DUTY OF IMPARTIALITY ................................................................................5

4. PUNISHMENT ..................................................................................................7

5. PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF.........................8

6. REASONABLE DOUBT ....................................................................................9

7. INDICTMENT ..................................................................................................10

8. DIRECT AND CIRCUMSTANTIAL EVIDENCE ...........................................11

9. WITNESS CREDIBILITY ................................................................................13

10. PREPARATION OF WITNESSES ....................................................................15

11. LAW ENFORCEMENT WITNESSES ...............................................................16

12. CENTRAL INTELLIGENCE AGENCY WITNESSES .....................................17

13. EXPERT WITNESSES ......................................................................................19

14. COOPERATING WITNESS ..............................................................................21

15. DEFENDANT'S RIGHT NOT TO TESTIFY ...................................................23

16. DEFENDANT'S TESTIMONY .........................................................................24

17. PERSONS NOT ON TRIAL .............................................................................25

18. UNCALLED WITNESSES EQUALLY AVAILABLE TO BOTH SIDES.........26

19. PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED..............27

20. EVIDENTIARY SOURCES: SEARCH RESULTS...........................................28

21. EVIDENTIARY SOURCES: CLASSIFIED INFORMATION...........................29

22. REDACTION OF EVIDENTIARY ITEMS .......................................................30

23. CHARTS AND SUMMARIES ........................................................................31

24. STIPULATIONS.........................................................................................32

25. INFERENCES ...........................................................................................33

26. MOTIVE...................................................................................................34

27. OTHER ACTS ...........................................................................................35

28. FALSE EXCULPATORY STATEMENTS.........................................................36

29. CLANDESTINE BEHAVIOR ......................................................................37

30. SUMMARY OF INDICTMENT ....................................................................38

31. SIMILARITY IN DATES .............................................................................39

32. COUNTS ONE THROUGH FOUR: PURPOSE OF THE STATUTE ...............................40

33. COUNT ONE: ELEMENTS .........................................................................41

34. COUNT ONE: FIRST ELEMENT—TAKING INFORMATION........................................42

35. COUNT ONE: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION...........43

36. COUNT ONE: THIRD ELEMENT—KNOWLEDGE AND INTENT ...............................45

37. COUNTS TWO-FOUR: ELEMENTS .................................................................47

38. COUNTS TWO-FOUR: FIRST ELEMENT—POSSESSION ...........................................49

39. COUNTS TWO-FOUR: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION .....................................................................................................51

40. COUNTS TWO-FOUR: THIRD ELEMENT—NATIONAL DEFENSE INFORMATION .52

41. COUNTS TWO-FOUR: FOURTH ELEMENT—TRANSMISSION................................53

42. COUNTS TWO-FOUR: ATTEMPT ...................................................................54

43. COUNTS FIVE, SEVEN, EIGHT: PURPOSE OF THE STATUTE....................................56

44. COUNT FIVE: ELEMENTS............................................................................57

45. COUNT FIVE: FIRST ELEMENT—UNAUTHORIZED ACCESS .....................................58

46. COUNT FIVE: SECOND ELEMENT—KNOWLEDGE ....................................................60

47. COUNT FIVE: THIRD ELEMENT—PROTECTED OR RESTRICTED INFORMATION 62

48. COUNT FIVE: FOURTH ELEMENT—TRANSMISSION ..................................................63

49. COUNT FIVE: ATTEMPT ..................................................................................................64

50. COUNT SEVEN: ELEMENTS ............................................................................................65

51. COUNT SEVEN: FIRST ELEMENT—UNAUTHORIZED ACCESS ...............................66

52. COUNT SEVEN: SECOND ELEMENT—INTENTIONALLY ..........................................67

53. COUNT SEVEN: THIRD ELEMENT—U.S. GOVERNMENT INFORMATION ..............68

54. COUNT EIGHT: ELEMENTS.............................................................................................69

55. COUNT EIGHT: FIRST ELEMENT—UNAUTHORIZED TRANSMISSION OF A
COMPUTER PROGRAM......................................................................................................70

56. COUNT EIGHT: SECOND ELEMENT—INTENT TO CAUSE DAMAGE .....................71

57. COUNT EIGHT: THIRD ELEMENT—DAMAGE..............................................................72

58. COUNT EIGHT: FOURTH ELEMENT—HARM ...............................................................73

59. COUNT SIX: ELEMENTS ..................................................................................................74

60. COUNT SIX: FIRST ELEMENT—PROPERTY OF THE UNITED STATES...................75

61. COUNT SIX: SECOND ELEMENT—THEFT ...................................................................76

62. COUNT SIX: THIRD ELEMENT—INTENT.....................................................................77

63. COUNT SIX: THIRD ELEMENT—VALUE.......................................................................78

64. COUNT NINE: PURPOSE OF THE STATUTE .................................................................79

65. COUNT NINE: ELEMENTS ...............................................................................................80

66. COUNT NINE: FIRST ELEMENT—STATEMENT OR REPRESENTATION ................81

67. COUNT NINE: SECOND ELEMENT—MATERIALITY ..................................................82

68. COUNT NINE: THIRD ELEMENT—FALSE, FICTITIOUS, OR FRAUDULENT ..........83

iii

69. COUNT NINE: FOURTH ELEMENT—KNOWINGLY AND WILLFULLY ...................84

70. COUNT NINE: FIFTH ELEMENT—JURISDICTION OF THE U.S. GOVERNMENT.....85

71. COUNT TEN: PURPOSE OF THE STATUTE...................................................................86

72. COUNT TEN: ELEMENTS .........................................................................................87

73. COUNT TEN: FIRST ELEMENT—PENDING PROCEEDING.........................................88

74. COUNT TEN: SECOND ELEMENT--KNOWLEDGE.......................................................89

75. COUNT TEN: THIRD ELEMENT—ACTED TO OBSTRUCT OR IMPEDE...................90

76. COUNT ELEVEN: PURPOSE OF THE STATUTE ...........................................................91

77. COUNT ELEVEN: ELEMENTS ....................................................................................92

78. COUNT ELEVEN: FIRST ELEMENT—SPECIFIC COURT ORDER ..............................93

79. COUNT ELEVEN: SECOND ELEMENT—KNOWLEDGE..............................................94

80. COUNT ELEVEN: THIRD ELEMENT—DISOBEDIENCE ..............................................95

81. COUNT ELEVEN: FOURTH ELEMENT—INTENT .......................................................96

82. VENUE......................................................................................................................97

83. UNANIMOUS VERDICT..............................................................................................99

84. SELECTION OF FOREPERSON ..................................................................................100

85. DUTY TO DELIBERATE ............................................................................................101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

UNITED STATES OF AMERICA

                                    :

              - v. -                           S2 17 Cr. 548 (PAC)

                                    :

JOSHUA ADAM SCHULTE,

                                    :

              Defendant.

                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully submits the following proposed jury instructions.

**Request No. 1.**

**<u>DUTY OF THE COURT</u>**

I told you at the beginning how important your service is to our country and our system of justice.  You have been most conscientious in your attendance, your punctuality, and the complete attention you have given during the trial.

I am going to read these instructions to you now, but I want you to know that I am going to send the instructions into the jury room.  You do not have to take notes as you listen.

Do not single out any particular instruction as alone stating the law; you should instead consider my instructions as a whole.

You are about to start your deliberations now.  You have heard all of the evidence, as well as the final arguments of the lawyers for the parties.  Now it is my duty to instruct you as to the law that will govern your deliberations.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and to apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You will begin your deliberations after these instructions.[1]

---

[1] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 2.**

**<u>DUTY OF THE JURY</u>**

Your duty is to decide the factual issues in the case and arrive at a verdict.  The jury is the sole and exclusive judge of the facts.  You decide the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, closing arguments, questions, or objections is evidence.  They are not sworn as witnesses; they do not testify; they make arguments about what conclusions you should draw from the evidence or lack of it.  But as I said, that is argumentation, not evidence.  And the same applies to me; anything I may have said is not evidence.  I have allowed you to take notes, but as I said earlier, your notes are not evidence.

The evidence before you consists of just two things: the testimony given by witnesses that was received in evidence and the exhibits that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted.  The questions themselves are not evidence.  It is the answers to the questions that count.  Also, as I instructed you at the beginning of this case, and I am sure you complied with my instruction, anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

It is the duty of the attorney for each party to object when the other party offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences out of hearing

of the jury.  All such questions of law must be decided by me.  You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of your hearing, or asked me for a ruling on the law.

The testimony and documents that have been admitted into evidence are appropriate for your consideration.  You may consider all the evidence that has been admitted.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case. [2]

---

[2] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 3.**

## DUTY OF IMPARTIALITY

You are to perform your duty of finding the facts without bias or prejudice as to any party.  You are to perform your duty with an attitude of complete fairness and impartiality.  This case is important to the parties.  The defendant is charged with serious crimes.  He has pleaded not guilty.  It is important to the Government, too; enforcement of criminal laws is a prime concern of the Government.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party.  By the same token, it is entitled to no less consideration.  All parties, whether the Government or individuals, stand as equals before the Court.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any witness or anyone else involved in this case.  The defendant is entitled to the presumption of innocence and the Government has the burden of proof, as I will discuss in more detail in a moment.  It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

Do not be swayed by sympathy.  Rather, the crucial question that you must ask yourselves as you review the evidence is:  Has the Government proved the guilt of the defendant beyond a reasonable doubt?

You cannot let bias, prejudice, fear, disgust, sympathy, or any other irrelevant consideration interfere with your thinking.  That might interfere with your obligation to arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence.  Sympathy should play no role in your deliberations.

You should also not consider any personal feelings you may have about the attorneys who represented the parties in this matter.  As I indicated at the beginning of this trial, the lawyers and the other participants at the counsel table have been instructed not to have any communication with you as jurors.  If due to the congestion in the courthouse you ran into counsel and they ignored you, they did so because they were supposed to ignore you.  That's the rule.  This should not influence your decision regarding the defendant's guilt or innocence in any way.[3]

---

[3] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 4.**

<u>**PUNISHMENT**</u>

The potential punishment of the defendant is not a concern for the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively with the Court.  Your function is to weigh the evidence, or lack of evidence, in the case and to determine whether or not the Government has proved that the defendant is guilty beyond a reasonable doubt.[4]

---

[4] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 5.**

**<u>PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF</u>**

I told you before—and I am now going to tell you again—the defendant is presumed innocent until proved guilty beyond a reasonable doubt.  Mr. Schulte has pleaded not guilty to the charges alleged in the Indictment.  As a result, the Government has the burden to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts from the Government to Mr. Schulte for the simple reason that the law presumes each defendant innocent and never imposes upon any defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, Mr. Schulte starts with a clean slate.  He is presumed innocent until such time that you the jury are unanimously satisfied that the Government has proved the defendant guilty beyond a reasonable doubt.  If the Government fails to sustain this burden with respect to a particular count, you must find him not guilty on that count.[5]

---

[5] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

8

## Request No. 6.

## <u>REASONABLE DOUBT</u>

The Government must prove every defendant guilty beyond a reasonable doubt. The question then is: What is reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

A reasonable doubt is not a guess or whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty, and it is not sympathy. The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt as to the guilt of the defendant as to a particular count, it is your duty to find the defendant you are considering not guilty of that count. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, it is your duty to find the defendant guilty.[6]

---

[6] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

9

**Request No. 7.**

**<u>INDICTMENT</u>**

The defendant was formally charged in an Indictment.  He is entitled to know the charges against him.  But as I instructed you when the trial started, the Indictment is not evidence.  It merely describes the charges against the defendant, and may not be considered by you as any evidence of guilt.  You are to give no weight to the fact that a Grand Jury properly returned an Indictment against the defendant.

I am not going to read the Indictment to you because I will provide you a copy of the Indictment.[7]

---

[7] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 8.**

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

In deciding whether the defendant is guilty or not guilty, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but now the courtroom blinds are drawn and you cannot look outside.  As you are sitting here, someone walks in with a dripping wet umbrella and, soon after, someone else walks in with a dripping wet raincoat.  Now, on our assumed facts, you cannot look outside of the courtroom and see whether it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to conclude that it had started raining.  That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

An inference is the deduction or conclusion that reason and common sense prompt a reasonable mind to draw from facts that have been proved by the evidence.  Not all logically possible conclusions are legitimate or fair inferences.  Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in this case.

Whether or not to draw a particular inference is, of course, a matter exclusively for you to decide, as are all determinations of fact.

Many material facts, such as state of mind, are rarely susceptible of proof by direct evidence. There is no way for us to look into people's minds, so those facts are established by circumstantial evidence and the inferences the jury draws from them. Circumstantial evidence is of no less value than direct evidence, and you can consider either or both, and can give them such weight as you conclude is warranted. The law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on all the evidence presented.[8]

---

[8] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 9.**

## <u>WITNESS CREDIBILITY</u>

It must be clear to you by now that counsel for the parties are asking you to draw very different conclusions about the significant factual issues in the case. An important part of your decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony. For example, was the testimony of a witness corroborated by the testimony of another witness, or another exhibit, or a recording which was received in evidence?

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright; or did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his knowledge accurately? What was the witness's demeanor like? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

In addition, you may consider whether a witness had any possible bias or relationship with a party, or any possible interest in the outcome of the case. Such a bias, relationship, or interest does not necessarily make the witness unworthy of belief. These are simply factors that you may consider.

13

In making a determination of witness credibility, you may consider whether the witness purposefully made a false statement or whether it was an innocent mistake. You may also consider whether an inconsistency concerns an important fact or merely a small detail, as well as whether the witness had an explanation for the inconsistency, and if so, whether that explanation appealed to your common sense. If you find that a witness has testified falsely as to any material fact, you may reject that witness's testimony in its entirety, or you may accept those parts that you believe to be truthful or that are corroborated by other independent evidence in the case. Further, you may consider whether a witness has been previously untruthful, including lying under oath in another proceeding, in determining how much of his or her testimony, if any, you wish to believe.

You should also consider whether the witness had an opportunity to observe the facts the witness testified about; whether the witness was under the influence of any substances when the event was observed and what impact that might have on the witness's recollection or perception of the events, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his recollection.[9]

---

[9] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 10.**

## <u>PREPARATION OF WITNESSES</u>

Now a word about the preparation of witnesses.  You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court.  You may consider that fact when you are evaluating a witness's credibility; but there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of all of the subjects that will be covered; focus on those subjects, and have the opportunity to review the relevant exhibits and documents before being questioned about them.  Such consultations help conserve your time and the Court's time. The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

It is for you, the jury, and for you alone, not the lawyers, or the witnesses, or me as the Judge, to decide the credibility of witnesses who appeared here and the weight that their testimony deserves.  After making your own judgment or assessment concerning the credibility of a witness, you can then attach such importance or weight to his or her testimony, if any, that you feel it deserves.  You will then be in a position to decide whether the Government has proved the charges beyond a reasonable doubt.[10]

---

[10] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 11.**

## LAW ENFORCEMENT WITNESSES

You have heard testimony from a number of law enforcement officials.  The Government's law enforcement witnesses do not deserve any more or less consideration, or greater or lesser weight than that of any other witness.  In this context, it is appropriate for defense counsel to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is up to you to accept or reject the testimony of each law enforcement witness; and to give such testimony the weight, if any, it deserves.[11]

---

[11] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 12.**

## <u>CENTRAL INTELLIGENCE AGENCY WITNESSES</u>

You have also heard testimony from a number of witnesses who were either currently or previously employed by the Central Intelligence Agency, which I will refer to by its initials as the CIA.  Some of these people work directly as officers of the CIA, and some of them work as contractors performing work for the CIA.  As with law enforcement officials, these witnesses do not deserve any more or less consideration, or greater or lesser weight than that of any other witness due to their employment with the CIA.  You should not let any feelings you have about the CIA in general affect your assessment of their testimony or of the charges in this case.  And it is appropriate for defense counsel to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

As I instructed you before, some of these witnesses testified either by using a made-up name—which you may have heard called a "pseudonym" or "pseudo"—or just their first name. Some of these witnesses were also allowed to testify in a way that prevented the general public from seeing them.  The disclosure of the witnesses' true names and their physical identities could potentially compromise either their continued work for the CIA or expose them to safety issues. You should not make any judgments about the credibility of those witnesses simply because they did not testify under their real names or because they testified without the public present. Moreover, you should not consider the fact that I allowed these witnesses to testify in this way as

17

an expression of my opinion as to any of the facts of this case.  Again, it is your job and your job alone to decide the facts of this case.[12]

_____

[12] Adapted from the charge of the Hon. Leonie M. Brinkema in *United States* v. *Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015).

**Request No. 13.**

**<u>EXPERT WITNESSES</u>**

In this case, you have heard testimony from [INSERT NAMES], who testified as experts in particular fields. An expert is someone who by education or experience has acquired learning or experience in a science or a specialized area of knowledge. Here the specialized areas were Wikileaks, the system of classifying national security materials, and the forensic analysis of computers and other electronic devices. The expert witnesses were allowed to testify as to the background of the organization Wikileaks; how the U.S. Government uses certain markings and designations to identify information that requires special protection in the interests of national security; the meaning of certain computer commands and what they would do; how various computers, servers, and networks work; how data is stored and transferred by various computer programs and commands; and the examination of data that is stored on computers and other electronics.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

19

If, however, you find that the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in relying on that expert's testimony. [13]

---

[13] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 14.**

**<u>COOPERATING WITNESS</u>**

You also heard testimony from a witness—[INSERT NAME]—who testified that he pled guilty to criminal conduct, and is now cooperating with the Government.  The law permits the use of testimony from cooperating witnesses.  The Government frequently must use such testimony in a criminal prosecution.  I instruct you that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that this prosecution witness pled guilty to other charges.

Because of the possible interest a cooperating witness may have in testifying, let me say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.  Cooperating witness testimony must be scrutinized with special care and caution. The cooperating witness is facing sentencing for his own crimes, and is hoping for a reduced sentence.  For cooperating witnesses, the Government decides whether to file a motion for a reduced sentence, that is the "5K letter" that has been mentioned here; and the sentencing court, according to its own determination, decides what sentence to ultimately impose.  It does not follow, however, that simply because a person has admitted participation in one or more crimes, he is not capable of giving a truthful version of what happened.  But the cooperating witness might be motivated by reward or personal gain.  Would the cooperator gain more by lying—or telling the truth?

I must caution you that it is no concern of yours why the Government made an agreement with this witness.  Your sole concern is to decide whether the witness has given truthful testimony in this case before you.[14]

---

[14] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 15.**

<u>**DEFENDANT'S RIGHT NOT TO TESTIFY**</u>

*(If Applicable)*

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove guilt beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You must not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because they did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.[15]

---

[15] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 16.**

## <u>DEFENDANT'S TESTIMONY</u>

*(If Applicable)*

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate the defendant's testimony just as you would the testimony of any witness with an interest in the outcome of the case.[16]

---

[16] Adapted from the charges of the Hon. Richard M. Berman in *United States* v. *Atilla*, S4 15 Cr. 867 (RMB) (S.D.N.Y. 2017) and the Hon. Leonie M. Brinkema in *United States* v. *Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015); *see also United States v. Gaines,* 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

24

**Request No. 17.**

**<u>PERSONS NOT ON TRIAL</u>**

Some of the people who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that everyone involved in a crime be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that certain persons, other than the defendant, were not named as defendants in the Indictment.  Do not speculate as to the reasons why other persons were not named.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Whether a person should be named as a co-conspirator, or indicted as a defendant in this case or another separate case, is a matter within the sole discretion of the United States Attorney and the Grand Jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendants.[17]

---

[17] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 18.**

## UNCALLED WITNESSES EQUALLY AVAILABLE TO BOTH SIDES

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party has an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  The burden remains with the Government to prove the guilt of a defendant beyond a reasonable doubt.[18]

---

[18] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 19.**

## PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were used and that others were not used by the Government. The issue is not whether the best or most scientifically advanced method of proof is used for a particular fact, but whether the method of proof selected establishes the fact beyond a reasonable doubt. There is no legal requirement that the Government prove its case by any particular means. You should carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not based on the evidence or lack of evidence here in this case, the guilt of the defendant has been proved beyond a reasonable doubt.[19]

---

[19] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 20.**

**<u>EVIDENTIARY SOURCES: SEARCH RESULTS</u>**

You have heard evidence that law enforcement officials recovered certain evidence during certain searches.  This evidence was properly admitted in this case, and may be properly considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations.  I instruct you that the Government's use of the evidence is entirely lawful.  Regardless of your personal opinions, you may give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the guilt of the defendant beyond a reasonable doubt.[20]

---

[20] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

28

**Request No. 21.**

## EVIDENTIARY SOURCES: CLASSIFIED INFORMATION

A number of the exhibits received in evidence contain their original classification markings, such as Secret and Top Secret, as well as other markings that identify special procedures for handling or distributing certain types of classified material.  Except for Exhibits [INSERT NUMBERS], which I will address shortly, all of these exhibits are now unclassified.  These unclassified exhibits are public record documents and do not require any special handling procedures.  As I will explain in a moment, all of the unclassified exhibits will be provided to you in the jury room.

Exhibits [INSERT NUMBERS] remain classified.  Exhibits [INSERT NUMBERS] are classified as Top Secret, and Exhibits [INSERT NUMBERS] are classified as Secret.  These exhibits will not be provided to you in the jury room.  Some parts of these exhibits have been declassified, and will be available to you in the jury room.  [THE GOVERNMENT WILL CONFER WITH THE DEFENSE CONCERNING A DESCRIPTION OF THESE EXHIBITS] As with any of the testimony you would like to have read back to you or recordings you would like to have played, you can request to see these classified exhibits, and we will make arrangements for you to view them in an appropriate setting.  Because these exhibits remain classified, you may not communicate the contents of these exhibits to anyone after this trial is concluded.  You should draw no inference as to the guilt or innocence of the defendant from the fact that you cannot communicate anything about these exhibits. [21]

---

[21] Adapted from the charge of the Hon. Leonie M. Brinkema in *United States* v. *Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015).

29

**Request No. 22.**

## REDACTION OF EVIDENTIARY ITEMS

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out.  In other instances, you have seen that there have been words or phrases substituted for the original words or phrases that may appear in a document.  I have decided to allow substitutions and redactions in this fashion to protect national security interests.

You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not speculate about what the deleted information contains, nor should you consider any possible reason why the other part of it has been deleted.[22]

---

[22] Adapted from the charges of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016) and the Hon. Leonie M. Brinkema in *United States* v. *Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015).

**Request No. 23.**

<u>**CHARTS AND SUMMARIES**</u>

The Government has presented charts and summaries.  In understanding the evidence which you have heard, it can be easier and more convenient to utilize charts and summaries than to place all of the documents in front of you.  It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they are based.  The headings and titles on the charts and summaries are not evidence, however.  And the charts and summaries are not direct, independent evidence; they are summaries of the evidence.  They are admitted into evidence as aids to you.  To the extent that the charts and summaries conform to what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.[23]

---

[23] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

31

**Request No. 24.**

**<u>STIPULATIONS</u>**

(*If Applicable*)

You have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  It is for you, however, to determine the effect to be given to any stipulated fact.[24]

---

[24] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 25.**

**<u>INFERENCES</u>**

During the trial you have heard the attorneys use the terms "inference" or "infer."  In their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a logical factual conclusion that you might reasonably view from other facts that have been proved.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proved, such reasonable inferences as would be justified in light of your experience.

There are occasions when particular established facts, whether proved circumstantially or directly, might yield an inference in one direction or in the opposite direction.  The Government might ask you to draw one inference.  The defendants may say, well, the same facts point in the opposite direction; you should draw the other inference.  You are the ones who make up your mind about what, if any, inferences to draw, nobody else; not me, not the lawyers.

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of a defendant beyond a reasonable doubt before you may convict him.[25]

---

[25] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

**Request No. 26.**

## <u>MOTIVE</u>

With respect to evidence of the defendant's alleged motives for committing the crimes charged, motive is not a necessary element of the crimes for which the defendant is charged. Proof of motive does not establish guilt, nor does lack of motive establish a defendant is not guilty.  If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive for the crime may be or whether his motive was shown at all.  Presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant, which is an element of some of the offenses that I will describe to you in a moment.[26]

---

[26] Adapted from Modern Federal Jury Instructions ¶ 6-18 (2019); and the charge of the Hon. Paul A. Crotty in *United States* v. *Chai*, No. 13 Cr. 290 (PAC) (S.D.N.Y. 2014)

34

**Request No. 27.**

**<u>OTHER ACTS</u>**

There has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the conduct charged in the Indictment.  Let me remind you that the defendant is not on trial for committing those acts not alleged in the indictment. The evidence of the other, similar acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.  You may not consider this evidence as proof that the defendant has a criminal personality or bad character.

If you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in this indictment or that the acts charged in this indictment and the other conduct were part of a common plan or scheme committed by the defendant.

In addition, if you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

As I said, however, you may not consider the evidence of similar conduct as evidence that the defendant is of bad character or has a propensity to commit crime.[27]

---

[27] Adapted from Modern Federal Jury Instructions ¶¶ 5-25; 5-26 (2019).

**Request No. 28.**

## FALSE EXCULPATORY STATEMENTS

You have heard testimony that the defendant made certain statements outside the courtroom in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements, in which the defendant exonerated or exculpated himself are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may—but are not required to—infer that the defendant believed that he was guilty.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his or her innocence.  You may not, however, rely on this evidence alone to support a finding of guilt.  Whether a defendant's statement does or does not point to consciousness of guilt and the significance, if any, to be attached to any such evidence are matters for you, the jury, to decide.[28]

---

[28] Adapted from the Modern Federal Jury Instructions ¶ 6-11; *see also United States* v. *Strother*, 49 F.3d 869, 877 (2d Cir. 1995) (collecting cases).

**Request No. 29.**

## <u>CLANDESTINE BEHAVIOR</u>

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which an action is carried out.[29]

---

[29] Adapted from the Modern Federal Jury Instructions ¶ 6-19 (2019) and the charge of the Hon. Kiyo A. Matsumoto in *United States v. Greebel*, No. 15 Cr. 637 (KAM) (E.D.N.Y. 2017).

**Request No. 30.**

## SUMMARY OF INDICTMENT

As you begin your deliberations, you will receive copies of the Indictment.  I remind you the Indictment is simply a charge or accusation; not evidence.

The Indictment contains eleven counts.  Count One charges the defendant with the illegal gathering of national defense information, in violation of Title 18, United States Code, Section 793(b).  Count Two charges the defendant with the illegal transmission of lawfully possessed national defense information, in violation of Title 18, United States Code, Section 793(d).  Counts Three and Four charge the defendant with the illegal transmission of unlawfully possessed national defense information, in violation of Title 18, United States Code, Section 793(e).  Count Five charges the defendant with unauthorized access to a computer in order to obtain classified information, in violation of Title 18, United States Code, Section 1030(a)(1).  Count Six charges the defendant with theft of United States Government property, in violation of Title 18, United States Code, Section 641.  Count Seven charges the defendant with unauthorized access to a computer in order to obtain information from a department or agency of the United States Government, in violation of Title 18, United States Code, Section 1030(a)(2)(B).  Count Eight charges the defendant with causing the transmission of a harmful computer program, information, code or command, in violation of Title 18, United States Code, Section 1030(a)(5)(A).  Count Nine charges the defendant with making false statements to the Federal Bureau of Investigation, in violation of Title 18, United States Code, Section 1001.  Count Ten charges the defendant with obstruction of justice, in violation of Title 18, United States Code, Section 1503.  Finally, Count Eleven charges the defendant with contempt of court, in violation of Title 18, United States Code, Section 401(3).

**Request No. 31.**

**<u>SIMILARITY IN DATES</u>**

You will note that the Indictment alleges that certain acts occurred on or about various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.[30]

---

[30] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

39

**Request No. 32.**

## COUNTS ONE THROUGH FOUR: PURPOSE OF THE STATUTE

As I have just described to you, Counts One through Four of the Indictment charge the defendant with offenses related to the illegal gathering and/or transmitting of national defense information.  Protection of the national security secrets of the United States is crucial to the security of the United States and to its people. Congress, therefore, has made it a crime to jeopardize the security of the United States by gathering, transmitting, delivering or attempting to gather, transmit, or deliver information pertaining to the national defense.[31]

---

[31] Adapted from the Modern Federal Jury Instructions ¶ 29-8 (2019).

**Request No. 33.**

## COUNT ONE: ELEMENTS

As I have described to you, Count One charges the defendant with the illegal gathering of national defense information, in violation of Title 18, United States Code, Section 793(b).  In order to convict the defendant of Count One, the Government must prove all of the following elements beyond a reasonable doubt:

First, that in or about 2016, the defendant copied, took, made, or obtained a sketch, photograph, photographic negative, blueprint, map, model, instrument, appliance, document, writing, or note, to wit, the defendant took information maintained by an intelligence agency of the United States.

Second, that the information was connected to the national defense.

Third, that the defendant acted with the purpose of obtaining information respecting the national defense and with the intent or with reason to believe that the information was to be used to the injury of the United States, or used to the advantage of a foreign country.[32]

---

[32] Adapted from the Modern Federal Jury Instructions ¶ 29-9 (2019).

**Request No. 34.**

## COUNT ONE: FIRST ELEMENT—TAKING INFORMATION

The first element of the offense that the Government must prove beyond a reasonable doubt is that the defendant copied, took, made, or obtained a sketch, photograph, photographic negative, blueprint, map, model, instrument, appliance, document, writing, or note, to wit, the defendant took information maintained by an intelligence agency of the United States as charged in the Indictment.[33]

---

[33] Adapted from the Modern Federal Jury Instructions ¶ 29-10 (2019).

**Request No. 35.**

## COUNT ONE: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION

The second element of the offense that the Government must prove beyond a reasonable doubt is that the information that the defendant is charged with taking is connected with the national defense of the United States.

You must determine whether the information is directly and reasonably connected with the national defense.  Information relating to the national defense broadly refers to all matters that directly concern or may reasonably be connected with the national defense of the United States against any of its enemies.  The term "national defense" is a broad term that refers to United States military and naval establishments and to all related activities of national preparedness.  This includes matters relating to the nation's intelligence capabilities such as how a U.S.-intelligence agency carried on its work and information with respect to the development of an important intelligence gathering technique.

National defense information must also be closely held by the United States Government. Where the information has been made public by the United States Government and is found in sources lawfully available to the general public, it is not "closely held."  Similarly, where sources of information are lawfully available to the public at the time of the claimed violation and the United States Government has made no effort to guard such information, the information itself is not "closely held."  Only information relating to our national defense that is not lawfully available to the public at the time of the claimed violation falls within the prohibition of this section.

In determining whether material has been closely held, you may consider whether it has been classified by appropriate authorities and whether it remained classified on the dates

43

pertinent to the Indictment.  "Classified information" means any information or material that has been determined by the United States Government pursuant to executive order, statute or regulations, to require protection against unauthorized disclosure for reasons of national security. Although you may consider whether information has been classified in determining whether it has been closely held, I caution you that the mere fact that information is classified does not automatically mean that the information qualifies as "national defense information."  Whether the information is connected with the national defense is a question of fact that you, the jury, must determine, following the instructions that I have just given you about what those terms mean. [34]

---

[34] Adapted from the Modern Federal Jury Instructions ¶ 29-11 (2019); adapted from the charges of the Hon. Leonie M. Brinkema in *United States* v. *Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015) and the Hon. Mark. R. Kravitz in *United States* v. *Abu Jihaad*, No. 07 Cr. 57 (MRK) (D. Conn. 2008); *see also Gorin* v. *United States*, 312 U.S. 19, 28 (1941); *United States* v. *Soblen*, 301 F.2d 236, 239 (2d Cir. 1962).

**Request No. 36.**

## COUNT ONE: THIRD ELEMENT—KNOWLEDGE AND INTENT

The third element of the offense that the Government must establish beyond a reasonable doubt is that the defendant acted with the purpose of obtaining information respecting the national defense and with the intent or with reason to believe that the information was to be used to the injury of the United States, or used to the advantage of a foreign country.  This means that the defendant both intended to obtain information regarding the national defense and that he knew facts from which he concluded or reasonably should have concluded that the information relating to the national defense would be used for the prohibited purposes. In considering whether or not the defendant acted with the intent or having reason to believe that the material would be used to the injury of the United States or to the advantage of a foreign country, you may consider the nature of the documents or information involved.

The Government does not have to prove that the documents or information would be used both to injure the United States and to the advantage of a foreign country. The statute reads in the alternative, so proof of either will suffice.  Further, the country to whose advantage the information would be used need not necessarily be an enemy of the United States. The statute does not distinguish between friend and enemy.

If you find, therefore, that the defendant acted with the purpose of obtaining information respecting the national defense and with the intent or with reason to believe that the information

was to be used either to injure the United States or to provide an advantage to another country,

the third element of the offense is satisfied.[35]

---

[35] Adapted from the Modern Federal Jury Instructions ¶ 29-12 (2019); adapted from the charge of the Hon. Leonie M. Brinkema in *United States* v. *Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015); *see also United States* v. *Miller*, 874 F.2d 1255, 1277-78 (9th Cir. 1989) ("[T]he Government must show that Miller intentionally performed the acts charged and that he did so with 'intent or reason to believe that the information [delivered] is to be used to the injury of the United States, or to the advantage of any foreign Government.'  Contrary to the suggestion of Miller, this showing is all that the Supreme Court required when it stated that a person may not be convicted under these statutes absent a showing of 'bad faith.'" (quoting *Gorin*, 312 U.S. at 27-28)).

**Request No. 37.**

## COUNTS TWO-FOUR: ELEMENTS

Counts Two, Three, and Four of the Indictment charge the defendant with the illegal transmission of national defense information.  Count Two charges the defendant with transmitting information that he lawfully had possession of, access to, or control over, in violation of Title 18, United States Code, Section 793(d), and Counts Three and Four charge the defendant with transmitting information that he did not have authorization to have possession of, access to, or control over, in violation of Title 18, United States Code, Section 793(e).  Because the elements of these offenses are very similar, I am going to instruct you on them altogether, but I remind you that you must reach an independent verdict as to each Count.

In order to convict the defendant of the crimes charged in Counts Two, Three, and Four, the Government must prove all of the following elements beyond a reasonable doubt:

First, in the case of Count Two, that the defendant had lawful possession of, access to, or control over the information; or, in the case of Counts Three and Four, that the defendant had unauthorized possession of, access to, or control over the information.

Second, that the information was related to the national defense.

Third, that the defendant had reason to believe that the document could be used to the injury of the United States or to the advantage of a foreign country.

Fourth, that on or about the dates charged in Counts Two, Three, and Four of the Indictment, the defendant willfully communicated, delivered, transmitted, *or* caused to be

communicated, delivered, or transmitted *or* attempted to communicate, deliver or transmit the

information to a person who was not entitled to receive it.[36]

---

[36] Adapted from the Modern Federal Jury Instructions ¶ 29-21 (2019).

**Request No. 38.**

## COUNTS TWO-FOUR: FIRST ELEMENT—POSSESSION

The first element of these offenses that the Government must prove beyond a reasonable doubt is that the defendant had possession of *or* control over *or* access to the information.  In the case of Count Two, the Government must prove that the defendant had lawful access to the information; in the case of Counts Three and Four, the Government must prove that the defendant had unauthorized access to the information.

The word "possession" is a commonly used and commonly understood word. Basically it means the act of having or holding property or the detention of property in one's power or command.  A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. The example is I'm holding this pen in my hand. I have actual, physical possession of this pen.

Now, a person who although not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is said to have constructive possession of it.  My courtroom deputy, Mr. Gonzalez, sitting right here, works for me.  He's got the computer.  If I direct him to send an e-mail message to someone, I at that time have constructive possession of that computer because I'm in the position to control how it's being used.

With respect to Count Two, a person has lawful possession of something if he is entitled to have it.  In this case, lawful possession of classified information means possession of classified information by a person who held an appropriate security clearance and had a need to know at the time the person acquired the classified information.

With respect to Counts Three and Four, a person has unauthorized possession of something if he is not entitled to have it.  In this case, unauthorized possession of classified information means possession of classified information by a person who does not hold a security clearance or by a person who holds a security clearance without the need to know, or by a person who holds a security clearance, has a need to know, but removed the classified information from the official premises without authorization.  The term "need to know" means a determination made by an authorized holder of classified information that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized Government function.[37]

---

[37] Adapted from the Modern Federal Jury Instructions ¶ 29-22 (2019); adapted from the charge of the Hon. Leonie M. Brinkema in *United States* v. *Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015).

**Request No. 39.**

## COUNTS TWO-FOUR: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION

The second element of Counts Two, Three, and Four that the Government must prove beyond a reasonable doubt is that the information is related to the national defense of the United States.

I have already instructed you about what this means in connection with Count One, and you should follow that instruction with respect to Counts Two, Three, and Four as well.

**Request No. 40.**

**COUNTS TWO-FOUR: THIRD ELEMENT—NATIONAL DEFENSE INFORMATION**

The third element of the offense that the Government must establish beyond a reasonable doubt is that the defendant had reason to believe that the information could be used to the injury of the United States or to the advantage of another country.

I have already instructed you about what it means to have reason to believe that information could be used to the injury of the United States or to the advantage of another country in connection with Count One, and you should follow that instruction with respect to Counts Two, Three, and Four as well.

However, unlike with respect to Count One, for Counts Two, Three, and Four, you need not determine that the defendant had reason to believe that the information *would* be used against the United States, only that it *could* be so used.[38]

---

[38] Adapted from the Modern Federal Jury Instructions ¶ 29-24 (2019).

**Request No. 41.**

**<u>COUNTS TWO-FOUR: FOURTH ELEMENT—TRANSMISSION</u>**

The fourth element of the offense that the Government must establish beyond a reasonable doubt is that the defendant willfully communicated, delivered, transmitted, *or* caused to be communicated, delivered, or transmitted *or* attempted to communicate, deliver or transmit the information to a person who was not entitled to receive it.

In deciding whether the person who received the information at issue was entitled to have it, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the document.  A person is not entitled to receive classified information if he or she did not hold a security clearance, or if he or she holds a security clearance but has no need to know the information.

An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.  However, in determining whether a defendant has acted willfully, it is not necessary for the Government to establish that the defendant was aware of the specific law or rule that his conduct may be violating. But the defendant must have acted with the intent to do something the law forbids.  Further, the Government need not prove that the defendant did the act himself—it is enough to prove that he merely caused the act to be done.[39]

---

[39] Adapted from the Modern Federal Jury Instructions ¶ 29-25 (2019); adapted from the charge of the Hon. Mark. R. Kravitz in *United States* v. *Abu Jihaad*, No. 07 Cr. 57 (MRK) (D. Conn. 2008); see also *Bryan v. United States*, 524 U.S. 184 (1998) (affirming instruction that "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware

**Request No. 42.**

**<u>COUNTS TWO-FOUR: ATTEMPT</u>**

I have now provided you the elements of Counts Two through Four, illegal transmission of national defense information.  If you find that the Government has proved the elements of these crimes as I have described them, you should find the defendant guilty of these crimes.  However, with respect to Count Four, even if you find that the Government has not proved beyond a reasonable doubt that the defendant illegally transmitted national defense information, you may find the defendant guilty of Count Four if you find that the Government has proved beyond a reasonable doubt that the defendant attempted to illegally transmit national defense information.

In order to prove the charge of attempting to commit the crime of illegally transmitting national defense information, the Government must prove each of the following two elements beyond a reasonable doubt:

First, the defendant intended to commit the crime of illegally transmitting national defense information; and

Second, the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime of illegally transmitting national defense information.

Mere intention to commit a specific crime does not amount to an attempted crime.  In order to convict the defendant of an attempt to illegally transmit national defense information,

---

of the specific law or rule that his conduct may be violating. But he must act with the intent to do something the law forbids.").

54

you must find beyond a reasonable doubt that he intended to commit that crime, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.[40]

------

[40] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Baldeo*, No. 13 Cr. 125 (PAC) (S.D.N.Y. 2008); Modern Federal Jury Instructions ¶ 10-01 (2019).

**Request No. 43.**

**COUNTS FIVE, SEVEN, EIGHT: PURPOSE OF THE STATUTE**

Counts Five, Seven, and Eight charge the defendant with various computer crimes, in violation of different subsections of Title 18, United States Code, Section 1030.  Congress passed this law providing criminal penalties for certain abuses of computer technology in response to society's increased dependence on computers and the criminal element's enlarged capacity to carry out computer crimes.  I will instruct you as to Count Six later in the charge. [41]

---

[41] Adapted from the Modern Federal Jury Instructions ¶ 40A-2 (2019).

**Request No. 44.**

**COUNT FIVE: ELEMENTS**

Count Five charges the defendant with unauthorized access to a computer in order to obtain protected or restricted information, in violation of Title 18, United States Code, Section 1030(a)(1). In order to convict the defendant of Count Five, the Government must prove all of the following elements beyond a reasonable doubt:

First, either that the defendant accessed a computer without authorization or that the defendant accessed a computer with authorization, but exceeded his authority in accessing the information in question;

Second, that the defendant knowingly accessed that computer;

Third, that the defendant obtained information protected against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, with the intent to use such information against the interests of the United States; and

Fourth, that the defendant willfully communicated, delivered, transmitted, *or* caused to be communicated, delivered, or transmitted *or* attempted to communicate, deliver or transmit the information to a person who was not entitled to receive it.[42]

---

[42] Adapted from the Modern Federal Jury Instructions ¶ 40A-3 (2019).

**Request No. 45.**

## COUNT FIVE: FIRST ELEMENT—UNAUTHORIZED ACCESS

The first element that the Government must prove beyond a reasonable doubt is that the defendant either accessed a computer without authorization or accessed a computer with authorization, but exceeded his authority in accessing the information in question.

As defined in the statute, a "computer" means "an electronic, magnetic, optical, electromechanical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." The term "computer" does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar devices.

In this case, the Government charges both that the defendant did not have authorized access to the computer, and that the defendant, while authorized to access the computer, exceeded his authority in accessing the information in question.  You need not find both to be true in order to find this element satisfied beyond a reasonable doubt.  To prove that the defendant exceeded his authority, the Government must prove beyond a reasonable doubt that the defendant had access to the computer, and used that access to obtain or alter information in the computer that the defendant was not entitled to obtain or alter.

A defendant exceeds authorized access when he or she has no permission to access a computer or when such permission has been revoked explicitly. Once permission has been

revoked, technological gamesmanship or the enlisting of a third party to aid in access will not

excuse liability.[43]

---

[43] Adapted from the Modern Federal Jury Instructions ¶ 40A-4 (2019); *see also Facebook, Inc.* v. *Power Ventures, Inc.*, 844 F.3d 1058, 1067 (9th Cir. 2016) ("[A] defendant can run afoul of the CFAA when he or she has no permission to access a computer or when such permission has been revoked explicitly. Once permission has been revoked, technological gamesmanship or the enlisting of a third party to aid in access will not excuse liability."); *United States* v. *Valle*, 807 F.3d 508, 528 (2d Cir. 2015) (agreeing with interpretation of Ninth Circuit).

**Request No. 46.**

## COUNT FIVE: SECOND ELEMENT—KNOWLEDGE

The second element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly in accessing the computer without authorization *or* outside the scope of his authority.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  The question of whether a person acted knowingly is a question of fact for you to determine, like any other fact question. The question involves one's state of mind.

Direct proof of knowledge is almost never available. It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past he committed an act with knowledge. Such proof is not required. The ultimate fact of knowledge, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

As I have already told you, circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against the defendant, the Government must establish beyond a reasonable doubt that he knew that his accessing of a computer was unauthorized *or* that he knew his accessing of a computer was outside the scope of authorization granted.

The Government can also meet its burden of showing that a defendant had actual knowledge of the accessing of a computer without authorization if it establishes beyond a

60

reasonable doubt that he acted with deliberate disregard of whether he was so authorized, or with a conscious purpose to avoid learning the nature and scope of his authorization. Alternatively, the Government may satisfy its burden of proving knowledge by establishing beyond a reasonable doubt that the defendant acted with an awareness of the high probability that he was acting without authorization, unless the defendant actually believed that he had authorization to access a computer in the manner described in the Indictment. This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.[44]

---

[44] Adapted from the Modern Federal Jury Instructions ¶ 40A-5 (2019).

**Request No. 47.**

**COUNT FIVE: THIRD ELEMENT—PROTECTED OR RESTRICTED INFORMATION**

The third element that the Government must prove beyond a reasonable doubt is that the defendant obtained information protected against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, with the intent to use such information against the interests of the United States.

The United States may determine that information requires protection against unauthorized disclosure for reasons of national defense or foreign relations either by Executive Order or by statute.  I have previously instructed you about the meaning of classified information, and you should follow that instruction here as well.

This element requires that at the time he obtained the protected or restricted information, the defendant must have had reason to believe that the information could be used against the interests of the United States or to the advantage of a foreign nation.  I have already instructed you about these terms in connection with Counts One through Four, and you should follow those instructions here as well.  As with Counts Two, Three, and Four, for this count you need not determine that the defendant had reason to believe that the information would be used against the United States, only that it could be so used.[45]

---

[45] Adapted from the Modern Federal Jury Instructions ¶ 40A-6 (2019).

**Request No. 48.**

## <u>COUNT FIVE: FOURTH ELEMENT—TRANSMISSION</u>

The fourth element of Count Five that the Government must establish beyond a reasonable doubt is that the defendant willfully communicated, delivered, transmitted, *or* caused to be communicated, delivered, or transmitted *or* attempted to communicate, deliver or transmit the information to a person who was not entitled to receive it.  I have already instructed you about what this element requires in connection with Counts Two, Three, and Four, and you should follow those instructions here as well.

**Request No. 49.**

## <u>COUNT FIVE: ATTEMPT</u>

Like with Count Four, for Count Five, even if you find that the Government has not proved beyond a reasonable doubt that the defendant obtained unauthorized access to a computer in order to obtain protected or restricted information, you may find the defendant guilty of Count Five if you find that the Government has proved beyond a reasonable doubt that the defendant attempted to do so. I previously instructed you about the elements of an attempt in connection with Count Four, and you should follow those instructions here as well.

**Request No. 50.**

## <u>COUNT SEVEN: ELEMENTS</u>

Because Counts Seven and Eight also concern computer crimes, we are going to skip Count Six for the moment, and I will instruct you on it in a moment.

Count Seven charges the defendant with unauthorized access to a computer in order to obtain information from a department or agency of the United States Government, in violation of Title 18, United States Code, Section 1030(a)(2)(B). In order to convict the defendant of Count Seven, the Government must prove all of the following elements beyond a reasonable doubt:

First, either that the defendant accessed a computer without authorization or that the defendant accessed a computer with authorization, but exceeded his authority in accessing the information in question;

Second, that the defendant acted intentionally; and

Third, that the defendant obtained information from any department or agency of the United States.[46]

---

[46] Adapted from the Modern Federal Jury Instructions ¶ 40A-10 (2019).

**Request No. 51.**

**<u>COUNT SEVEN: FIRST ELEMENT—UNAUTHORIZED ACCESS</u>**

The first element of Count Seven is the same as the first element of Count Five, and you should follow the instructions I gave you there on this element of Count Seven as well.

**Request No. 52.**

**<u>COUNT SEVEN: SECOND ELEMENT—INTENTIONALLY</u>**

The second element that the Government must prove beyond a reasonable doubt is that the defendant acted intentionally.  "Intentionally" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of defendant's conscious objective, rather than the product of a mistake or accident.[47]

---

[47] Adapted from the Modern Federal Jury Instructions ¶ 40A-12 (2019).

67

**Request No. 53.**

**COUNT SEVEN: THIRD ELEMENT—U.S. GOVERNMENT INFORMATION**

The second element that the Government must prove beyond a reasonable doubt is that the defendant obtained information from any department or agency of the United States.  I charge you that the CIA is a department or agency of the United States. However, it is for you to determine if the Government has proven that without authorization, the defendant obtained information contained in a computer of the CIA.[48]

---

[48] Adapted from the Modern Federal Jury Instructions ¶ 40A-14 (2019).

**Request No. 54.**

**<u>COUNT EIGHT: ELEMENTS</u>**

Count Eight charges the defendant with causing the transmission of a harmful computer program, information, code or command, in violation of Title 18, United States Code, Section 1030(a)(5)(A).   In order to convict the defendant of Count Seven, the Government must prove all of the following elements beyond a reasonable doubt:

First, that the defendant knowingly caused the unauthorized transmission of a program, information, code, or command to a protected computer;

Second, that the defendant caused the transmission of the program, information, code, or command with the intent to damage or deny services to a computer or computer system;

Third, that the defendant thereby caused damage, as I will define that term for you; and

Fourth, that the defendant's actions resulted in damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security.[49]

---

[49] Adapted from the Modern Federal Jury Instructions ¶ 40A-31 (2019).

**Request No. 55.**

## COUNT EIGHT: FIRST ELEMENT—UNAUTHORIZED TRANSMISSION OF A COMPUTER PROGRAM

The first element that the Government must prove beyond a reasonable doubt is that the defendant knowingly caused the unauthorized transmission of a program, information, code, or command to a protected computer.

This element requires that the Government prove that the defendant's transmission of the computer program, information, code, or command was unauthorized. Under the statute, this means that the transmission occurred without the permission of the person or entity who owns or is responsible for the computer receiving the transmitted program, information, code, or command.

This element also requires that the Government prove that the defendant transmitted the program, information, code, or command knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Finally, this element requires that the Government prove that the defendant transmitted the program, information, code, or command to a "protected computer." As relevant to this case, this means that the Government must prove that the computer was exclusively for the use of the United States Government.[50]

---

[50] Adapted from the Modern Federal Jury Instructions ¶ 40A-32 (2019).

**Request No. 56.**

## COUNT EIGHT: SECOND ELEMENT—INTENT TO CAUSE DAMAGE

The second element that the Government must prove beyond a reasonable doubt is that the defendant caused the transmission of the program, information, code, or command with the intent to cause damage, as I will define that term for you.

To act with "intent" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of defendant's conscious objective, rather than the product of a mistake or accident.

As a practical matter, then, in order to sustain the charges against the defendant, the Government must establish beyond a reasonable doubt that the defendant transmitted the computer program, information, code, or command for the purpose of causing damage.[51]

---

[51]Adapted from the Modern Federal Jury Instructions ¶ 40A-33 (2019).

71

**Request No. 57.**

## COUNT EIGHT: THIRD ELEMENT—DAMAGE

The third element the Government must prove beyond a reasonable doubt is that by transmitting the program, information, code, or command, the defendant caused damage.

As defined in the statute, "damage" means any impairment to the integrity or availability of data, a program, a system, or information.[52]

---

[52] Adapted from the Modern Federal Jury Instructions ¶ 40A-34 (2019).

**Request No. 58.**

## COUNT EIGHT: FOURTH ELEMENT—HARM

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant's actions disrupted a computer system used by or for any Government agency in furtherance of the administration of justice, national defense or national security.[53]

---

[53] Adapted from the Modern Federal Jury Instructions ¶ 40A-35 (2019).

**Request No. 59.**

## COUNT SIX: ELEMENTS

Now I will go back to Count Six.  Count Six charges the defendant with theft of Government property, in violation of Title 18, United States Code, Section 641.  In order to convict the defendant of Count Six, the Government must prove all of the following elements beyond a reasonable doubt:

First, that the property described in the Indictment belonged to the United States Government;

Second, that the defendant stole, embezzled, or knowingly converted that property;

Third, that the defendant acted knowingly and willfully with the intent to deprive the Government of the use and benefit of its property; and

Fourth, that the value of the property was greater than $1,000.[54]

---

[54] Adapted from the Modern Federal Jury Instructions ¶ 23A-2 (2019).

**Request No. 60.**

## COUNT SIX: FIRST ELEMENT—PROPERTY OF THE UNITED STATES

The first element the Government must prove beyond a reasonable doubt is that the property described in the Indictment belonged to the United States Government.

To satisfy this element, the Government must prove that the classified information allegedly stolen was a "thing of value of the United States." That means that at the time the property was allegedly stolen, embezzled, *or* knowingly converted, the United States Government or an agency of the United States Government had either title to, possession of, or control over the property.[55]

---

[55] Adapted from the Modern Federal Jury Instructions ¶ 23A-3 (2019).

**Request No. 61.**

<u>**COUNT SIX: SECOND ELEMENT—THEFT**</u>

The second element the Government must prove beyond a reasonable doubt is that the defendant stole, embezzled, *or* knowingly converted that property.

To steal money or property means to take someone else's money or property without the owner's consent with the intent to deprive the owner of the value of that money or property.

To embezzle money or property means to voluntarily and intentionally take or convert to one's own use money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment or position of trust.

To knowingly convert money or property means to use the property in an unauthorized manner in a way that seriously interfered with the Government's right to use and control its own property, knowing that the property belonged to the United States, and knowing that such use was unauthorized.[56]

---

[56] Adapted from the Modern Federal Jury Instructions ¶ 23A-4 (2019).

76

**Request No. 62.**

## COUNT SIX: THIRD ELEMENT—INTENT

The third element the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully with the intent to deprive the Government of the use and benefit of its property.

I have already instructed you about what it means to act knowingly and willfully, and you should follow those instructions here as well.[57]

---

[57] Adapted from the Modern Federal Jury Instructions ¶ 23A-5 (2019).

**Request No. 63.**

<u>**COUNT SIX: THIRD ELEMENT—VALUE**</u>

The fourth and final element the Government must prove beyond a reasonable doubt is that the value of the property stolen, embezzled, or knowingly converted) was greater than $1,000.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a willing buyer would pay a willing seller at the time the property was stolen.  In determining the value of the property stolen, you may consider the aggregate or total value of the property referred to in the Indictment. If you find that the aggregate value is $1,000 or less, then you must find the defendant not guilty. On the other hand, if you find the aggregate value to be greater than $1,000, then this element is satisfied.[58]

_____

[58] Adapted from the Modern Federal Jury Instructions ¶ 23A-6 (2019).

**Request No. 64.**

## COUNT NINE: PURPOSE OF THE STATUTE

Count Nine charges the defendant with making false statements to the Federal Bureau of Investigation, also known as the FBI, in violation of Title 18, United States Code, Section 1001. The purpose of the statute is to protect the authorized functions of the various Governmental departments from any type of misleading or deceptive practice and from the adverse consequences that might result from such deceptive practices.

To establish a violation of this statute it is necessary for the Government to prove certain essential elements—which I will soon describe for you—beyond a reasonable doubt. However, I want to point out now that it is not necessary for the Government to prove that the Government agency was, in fact, misled as a result of the defendant's action. It does not matter that the agency was not misled, or even that it knew of the misleading or deceptive act, should you find that the act occurred. These circumstances would not excuse or justify a concealment undertaken, or a false, fictitious or fraudulent statement made, or a false writing or document submitted, willfully and knowingly about a matter within the jurisdiction of the Government of the United States.[59]

---

[59] Adapted from the Modern Federal Jury Instructions ¶ 36-2 (2019).

**Request No. 65.**

## COUNT NINE: ELEMENTS

In order to prove the defendant guilty of Count Nine, the Government must establish beyond a reasonable doubt that:

First, on or about the date specified, the defendant made a statement or representation;

Second, that this statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in a matter within the jurisdiction of the Government of the United States.[60]

---

[60] Adapted from the Modern Federal Jury Instructions ¶ 36-9 (2019); adapted from the charge of the Hon. Valerie E. Caproni in *United States* v. *Kaloyeros*, No. S2 16 Cr. 776 (S.D.N.Y. 2018).

80

**Request No. 66.**

<u>**COUNT NINE: FIRST ELEMENT—STATEMENT OR REPRESENTATION**</u>

The first element that the Government must prove beyond a reasonable doubt is that the defendant made a statement or representation to the FBI.  The statement does not have to be made under oath, and there is no distinction between written and oral statements.[61]

---

[61] Adapted from the Modern Federal Jury Instructions ¶ 36-10 (2019); adapted from the charge of the Hon. Valerie E. Caproni in *United States* v. *Kaloyeros*, No. S2 16 Cr. 776 (S.D.N.Y. 2018).

**Request No. 67.**

## <u>COUNT NINE: SECOND ELEMENT—MATERIALITY</u>

The second element the Government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.

A fact is material if it was capable of influencing the Government's decisions or activities.  The Government does not need to prove that anyone actually relied on, made any decision, or took any action based on the defendant's statement. This element requires only that the statement was capable of influencing those decisions or activities.[62]

---

[62] Adapted from the Modern Federal Jury Instructions ¶ 36-11 (2019); adapted from the charge of the Hon. Valerie E. Caproni in *United States* v. *Kaloyeros*, No. S2 16 Cr. 776 (S.D.N.Y. 2018).

**Request No. 68.**

## COUNT NINE: THIRD ELEMENT—FALSE, FICTITIOUS, OR FRAUDULENT

The third element that the Government must prove beyond a reasonable doubt is that the statement or representation was false, fictitious, or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the Government agency to which it was submitted.[63]

---

[63] Adapted from the Modern Federal Jury Instructions ¶ 36-12 (2019); adapted from the charge of the Hon. Valerie E. Caproni in *United States* v. *Kaloyeros*, No. S2 16 Cr. 776 (S.D.N.Y. 2018).

**Request No. 69.**

## <u>COUNT NINE: FOURTH ELEMENT—KNOWINGLY AND WILLFULLY</u>

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.  I have already instructed you about what those terms mean, and you should follow those instructions with respect to this count as well.[64]

---

[64] Adapted from the Modern Federal Jury Instructions ¶ 36-13 (2019); adapted from the charge of the Hon. Valerie E. Caproni in *United States* v. *Kaloyeros*, No. S2 16 Cr. 776 (S.D.N.Y. 2018).

**Request No. 70.**

**COUNT NINE: FIFTH ELEMENT—JURISDICTION OF THE U.S. GOVERNMENT**

Finally, the fifth element with respect to each count is that the statement *or* representation be made with regard to a matter within the jurisdiction of the Government of the United States. I instruct you that the FBI is a department of the United States Government.

To be within the jurisdiction of a department or agency of the United States Government means that the statement must concern an authorized function of that department or agency.  It is not necessary for the Government to prove that the defendant knew that the statement would be utilized in a manner that was within the jurisdiction of the United States Government, so long as you find that the statement, in fact, related to a matter that was within the jurisdiction of the United States Government.[65]

-----

[65] Adapted from the Modern Federal Jury Instructions ¶ 36-14 (2019); adapted from the charge of the Hon. Valerie E. Caproni in *United States* v. *Kaloyeros*, No. S2 16 Cr. 776 (S.D.N.Y. 2018).

**Request No. 71.**

## COUNT TEN: PURPOSE OF THE STATUTE

Count Ten charges the defendant with obstruction of justice, in violation of Title 18, United States Code, Section 1503.  This law is designed to prevent a miscarriage of justice resulting from corrupt methods. It is aimed at a variety of means by which the orderly and due process of the administration of justice may be impeded, thwarted, or corrupted.  The due administration of justice refers to the fair, impartial, uncorrupted, and unimpeded investigation, prosecution, disposition, or trial of any matter—civil or criminal—in the courts of the United States. It includes every step in a matter or proceeding in the federal courts to assure the just consideration and determination of the rights of parties, whether Government or individual.

In particular, the due administration of justice includes, but is not limited to, a grand jury proceeding or investigation. The sweep of the statute extends to any corrupt endeavor or effort to interfere with the grand jury's function in the discharge of its duties.[66]

---

[66] Adapted from the charge of the Hon. Jesse M. Furman in *United States v. Kaufman*, No. 13 Cr. 411 (JMF) (S.D.N.Y. 2013).

**Request No. 72.**

**<u>COUNT TEN: ELEMENTS</u>**

In order to convict the defendant of Count Ten, the Government must prove each of the following elements beyond a reasonable doubt.

First, that on or about the date set forth in the Indictment, there was a proceeding pending before a federal court *or* grand jury;

Second, that the defendant knew of the proceeding; and

Third, that the defendant corruptly acted to obstruct or impede, or endeavored to obstruct or impede the proceeding.[67]

---

[67] Adapted from the Modern Federal Jury Instructions ¶ 46-3 (2019).

**Request No. 73.**

## COUNT TEN: FIRST ELEMENT—PENDING PROCEEDING

The first element the Government must prove beyond a reasonable doubt is that on or about the date set forth in the Indictment, there was a proceeding pending before a federal grand jury.  With respect to grand juries, the proceeding commences, at a minimum, when an Assistant United States Attorney has issued subpoenas in furtherance of the grand jury investigation.  The grand jurors need not have heard testimony or taken a role in the decision to issue a subpoena.[68]

---

[68] Adapted from the Modern Federal Jury Instructions ¶ 46-4 (2019).

**Request No. 74.**

## <u>COUNT TEN: SECOND ELEMENT--KNOWLEDGE</u>

The second element the Government must prove beyond a reasonable doubt is that the defendant knew that such a proceeding was in progress.  In order to satisfy this element, you need only determine that the defendant knew on or about the date charged that a grand jury proceeding was in progress.  As I have already instructed you, a grand jury proceeding is considered to be in progress when the U.S. Attorney's Office has issued subpoenas in furtherance of the grand jury investigation.  Accordingly, if you find that the defendant knew on or about the date charged that the U.S. Attorney's Office had issued grand jury subpoenas in furtherance of an investigation, then you can conclude that the defendant knew that a grand jury proceeding was in progress.[69]

---

[69] Adapted from the Modern Federal Jury Instructions ¶ 46-5 (2019).

**Request No. 75.**

## COUNT TEN: THIRD ELEMENT—ACTED TO OBSTRUCT OR IMPEDE

The final element the Government must prove beyond a reasonable doubt is that the defendant did corruptly obstruct or impede, or corruptly endeavor to obstruct or impede the proceeding.

The word "corruptly" means simply having the improper motive or purpose of obstructing justice. The Government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the Government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice.

Success of the endeavor is not an element of the crime. The term endeavor is designed to reach all conduct that is aimed at influencing, intimidating and impeding the conduct of the proceeding. Thus, it is sufficient to satisfy this element if you find that the defendant knowingly acted in a way that obstructed or had the natural and probable effect of obstructing justice from being duly administered.[70]

---

[70] Adapted from the Modern Federal Jury Instructions ¶ 46-6 (2019); adapted from the charge of the Hon. Jesse M. Furman in *United States* v. *Kaufman*, No. 13 Cr. 411 (JMF) (S.D.N.Y. 2013)

**Request No. 76.**

**<u>COUNT ELEVEN: PURPOSE OF THE STATUTE</u>**

Count Eleven charges the defendant with contempt of court, in violation of Title 18, United States Code, Section 401(3), by violating certain court orders issued in this case.  The purpose of providing United States courts with the authority to punish disobedience or resistance to their lawful orders is to vindicate the authority of the courts and to protect the courts in the conduct of their business. The foundation of the criminal contempt power is the need to protect the judicial process from willful impositions, particularly those designed to obstruct the normal machinery of justice.[71]

---

[71] Adapted from the Modern Federal Jury Instructions ¶ 20-11 (2019); adapted from the charge given by the Hon. Lewis A. Kaplan in *United States* v. *Brennerman*, No. 17 Cr. 155 (LAK) (S.D.N.Y. 2017).

**Request No. 77.**

## COUNT ELEVEN: ELEMENTS

In order to sustain its burden of proof on Count Eleven, the Government must prove beyond a reasonable doubt each of the following four elements:

First, the Court order the defendant is charged with disobeying was reasonably specific.

Second, the defendant knew of that order.

Third, the defendant disobeyed that order.

Fourth, the defendant acted willfully and knowingly in disobeying that order.[72]

---

[72] Adapted from the charge given by the Hon. Lewis A. Kaplan in *United States* v. *Brennerman*, No. 17 Cr. 155 (LAK) (S.D.N.Y. 2017).

**Request No. 78.**

**<u>COUNT ELEVEN: FIRST ELEMENT—SPECIFIC COURT ORDER</u>**

The first element is that the Court entered an order that was reasonably specific. For an order to be reasonably specific, it must be clear and definite.

In determining whether an order was sufficiently clear or definite, you should consider the entire background of the order, considering both the context in which the order was entered and the audience to which it was addressed. You should bear in mind also that all orders and judgments of courts must be complied with promptly. An order issued by a Court must be obeyed by the parties unless and until it is reversed or suspended by a higher court or the court that issued the order.

If the Government has established that a judge entered a reasonably specific order directed to a defendant, then I instruct you as a matter of law that you must accept that the order was lawful and proper in every respect and did not violate any constitutional or other legal rights of the defendants or anyone else, and, therefore, that the first element of the offense is satisfied.[73]

_____

[73] Adapted from the charges given by the Hon. Lewis A. Kaplan in *United States* v. *Brennerman*, No. 17 Cr. 155 (LAK) (S.D.N.Y. 2017) and the Hon. Robert W. Sweet in *United States v. Thomas Ware*, No. 04 Cr. 1224 (S.D.N.Y. 2007); adapted from the Modern Federal Jury Instructions ¶ 20-13 (2019).

**Request No. 79.**

## COUNT ELEVEN: SECOND ELEMENT—KNOWLEDGE

The second element of the offense of criminal contempt is that the defendant whom you are considering knew of the court order in question. This knowledge can be based on something the defendant was told or something the defendant read.

As we have previously discussed, your decision about what a defendant knew involves, of course, a decision about the defendant's state of mind.  You must consider all of the facts and circumstances shown by the evidence and the exhibits in order to determine what the defendant's state of mind was.

Experience has taught us that frequently actions speak louder than words. You therefore may rely on circumstantial evidence—such as a defendant's conduct—in determining a defendant's state of mind.

Ultimately, it is up to you, based on all the evidence, to decide whether the defendant knew about the Court order that you are considering.[74]

---

[74] Adapted from the charge given by the Hon. Lewis A. Kaplan in *United States* v. *Brennerman*, No. 17 Cr. 155 (LAK) (S.D.N.Y. 2017).

**Request No. 80.**

<u>**COUNT ELEVEN: THIRD ELEMENT—DISOBEDIENCE**</u>

The third element of the offense of criminal contempt is that the defendant violated, disobeyed, or failed to comply with the Court order that you are considering. Court orders must be precisely, fully, and promptly obeyed by those to whom they are directed. If you find, therefore, that the defendant failed to comply with the Court order you are considering, this element of the offense is satisfied.[75]

---

[75] Adapted from the charge given by the Hon. Lewis A. Kaplan in *United States* v. *Brennerman*, No. 17 Cr. 155 (LAK) (S.D.N.Y. 2017); adapted from the Modern Federal Jury Instructions ¶ 20-14 (2019).

**Request No. 81.**

**COUNT ELEVEN: FOURTH ELEMENT—INTENT**

The fourth element of the offense of criminal contempt is that the defendant acted knowingly and willfully.  "Contempt" is defined as willful disregard or disobedience of public authority. In order to be guilty of criminal contempt, therefore, it is essential that the Government establish that the defendant acted knowingly and with the specific intent to disobey or disregard the Court's order. It is not necessary, however, that the defendant knew that he was violating some particular law as a result of disobeying the order.  I have previously instructed you about what it means for the defendant to act knowingly and willfully, and you should follow those instructions here as well.[76]

---

[76] Adapted from the charge given by the Hon. Lewis A. Kaplan in *United States* v. *Brennerman*, No. 17 Cr. 155 (LAK) (S.D.N.Y. 2017); adapted from the Modern Federal Jury Instructions ¶ 20-14 (2019).

**Request No. 82.**

<u>**VENUE**</u>

In addition to all the elements of each of the charges that I have just described for you, for Counts Four, Nine, Ten, and Eleven, you must also decide with respect to each of those four counts whether any act in furtherance of the crimes occurred within the Southern District of New York.  You do not need to consider whether any act in furtherance of Counts One, Two, Three, Five, Six, Seven, or Eight occurred in the Southern District.  The Southern District of New York includes, among other places, Manhattan, the Bronx, Westchester, Dutchess, Putnam, Orange, Sullivan, and Rockland counties.  In this regard, the Government need not prove that the crime was committed in this district, or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crimes charged in Counts Four, Nine, Ten, and Eleven occurred in the Southern District.

I should note that on this issue—and this issue alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged in Counts Four, Nine, Ten, and Eleven occurred in the Southern District.  If you find that the Government has

failed to prove this venue requirement with respect to any of Counts Four, Nine, Ten, or Eleven, then you must acquit the defendant on that Count.[77]

---

[77] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Rodriquez*, No. 15 Cr. 125 (PAC) (S.D.N.Y. 2008); Modern Federal Jury Instructions ¶ 10-01 (2019).

**Request No. 83.**

**<u>UNANIMOUS VERDICT</u>**

You are about to go into the jury room and begin your deliberations.  Your function now is to weigh the evidence in this case and to determine whether the Government has proved beyond a reasonable doubt that the defendant is guilty of the offenses charged in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.  If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do <u>not</u> report what it is until you are asked in open court.[78]

---

[78] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016)

**Request No. 84.**

**SELECTION OF FOREPERSON**

When you retire to the jury room, you must have a foreperson.  That person will preside over the deliberations and speak for you here in open court.  Other than those functions, the foreperson will have no greater or lesser authority than any other juror.

It is my custom to select juror number one in every case to be the foreperson of the jury. Accordingly, I am now selecting juror number one, _____, as your foreperson.[79]

---

[79] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).

100

**Request No. 85.**

## <u>DUTY TO DELIBERATE</u>

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change an opinion if you become convinced it is erroneous.  But do not surrender your honest convictions as to the weight or effect of evidence solely because of the opinions of your fellow jurors.

Because it is essential that every juror consider all the facts and arguments before reaching a decision, all of you must be present in order to deliberate.  If any juror takes a break during the course of your deliberations, you must stop discussing the case until he or she returns. Similarly, if any juror arrives late in the morning, you may not commence your deliberations until all twelve of you are present.

For your deliberations, you will be provided with copies of the instructions I am currently giving to you and copies of the Indictment.  You will also be provided with one verdict sheet on which you will record your verdict.

I am going to send the unclassified exhibits received in evidence into the jury room.  If you want to see any of the classified exhibits, you may request them.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting testimony or portions of testimony.  If you want further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of this charge, you may ask for clarification or further explanation.

101

Your requests—or any other communication you wish to make with the Court—should be made to me in writing, signed by your foreperson, and given to one of the court security officers.  Bear in mind that you are never to reveal to any person—not even to me—how you, the jury, stand, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Your decisions must be unanimous, but you are not bound to surrender your honest beliefs concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard for sympathy, prejudice, or favor for either party, and adopt the conclusion that in your good conscience appears to be in accordance with the truth.

Some of you have taken notes during the trial.  As I told you at the beginning of the trial, this is permitted because some people find that taking notes helps them focus on the testimony being given.  Your notes are for your private use only, as a way to help you recall the testimony as you begin your deliberations.  A juror's notes are not entitled to any greater weight than the recollections of a juror who does not take notes.

Your function now is to weigh the evidence in this case and to determine whether the Government has or has not established the defendant's guilt beyond a reasonable doubt with respect to the eleven count of the Indictment.  You must base your verdict solely on the evidence and these instructions as to the law.  You are obliged by your oath as jurors to follow the law as I instruct you, regardless of whether you agree or disagree with the particular law in question.  Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.

As to the alternate jurors, only twelve jurors may deliberate before reaching a verdict.  So I am going to <u>excuse</u> the alternates now.  You will notice I said "<u>excuse</u>," not "<u>dismiss</u>."  There may be circumstances where one or more of you will have to be recalled, such as if one or more of the twelve jurors unexpectedly becomes unavailable.

In addition to thanking you for your punctuality, your faithful attendance, and the close attention you paid, I am going to instruct the alternate jurors not to discuss the case with anyone; not to read, listen to, or watch any news reports; and not to do any research until this case is over.

We have the alternate jurors' contact information and we will contact you should the need arise.  If no need arises, we will contact you when the jury of twelve concludes its deliberations.

If you took notes, please leave your notes behinds.[80]

---

[80] Adapted from the charge of the Hon. Paul A. Crotty in *United States* v. *Campo Flores et al.*, S5 15 Cr. 765 (PAC) (S.D.N.Y. 2016).