UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

-v-

JOSHUA ADAM SCHULTE,

                Defendant.

------------------------------------------------------------X

17 Cr. 548 (PAC)

**ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    On November 4, 2019, Schulte wrote concerning a purported breach of the protective wall between the CIA Wall Counsel and the prosecution team (Dkt. 172), in that the CIA Wall Counsel sought to notify the prosecution team of subpoenas served on CIA Wall Counsel by defense counsel. On November 6, 2019, the Government responded claiming that defendant had no basis to serve the trial subpoena's through the wall attorney (Dkt. 178), which was a procedure in place only for defense requests to interview current CIA employees. The Government further provided that the CIA Wall Counsel had not yet provided the prosecution team with the subpoenas, but that the CIA Wall Counsel intends to provide the subpoenas to the prosecution team. (Gov. Letter, at 3, Dkt. 178.)

    The Government argues that the names of current CIA employees and their affiliation with the CIA is classified information. Accordingly, defense counsel is unable to serve the subpoenas in the ordinary course. The Court has reviewed the subpoenas at issue, which were

provided *ex parte* to the Court on November 25, 2019. The Court has also reviewed the Government's witness list dated August 16, 2019, which was provided to Schulte and the Court. Schulte is directed to serve the 23 subpoenas[1] on the CIA Wall Counsel for the employees that are listed on the Government's witness list dated August 16, 2019.

On August 16, 2018, the Court entered a protective order (Dkt. 59) to govern the use of classified information in this case (the "CIPA Protective Order") pursuant to Section 3 of the Classified Information Procedures Act ("CIPA"). The CIPA Protective Order provided that "[t]he employment and/or affiliation of certain individual with a U.S. Intelligence Agency and/or their responsibilities at the U.S. Intelligence Agency may constitute classified or highly sensitive facts." (Dkt 59 at ¶ 25.) The CIPA Protective Order further provided that "[a]s a result, if the defense would like to *contact* individuals who may be employed by or affiliated with a U.S. Intelligence Agency, the following procedures, *among others*, apply: (i) the defense submit the name of the employee to the Classified Information Security Officer (the "CISO"); (2) the CISO would notify a designated employee at the CIA who will be walled off the prosecution team (the "CIA Wall Counsel"); (3) the CIA Wall Counsel will notify the CIA employee of the defense's request to contact and/or interview him or her. (Dkt 59 at ¶ 25(a)-(c).) Pursuant to the CIPA Protective Order, the CIA designated an attorney in its Office of the General Counsel ("OGC") as the CIA Wall Attorney. (Gov. Letter at 2.)

The Government urges that the Protective Order created a "specific and narrow role for the CIA Wall Attorney" to coordinate defense requests only for interviews and does not cover

---

[1] Since the names of CIA employees are classified they are not listed in this Order. Schulte is directed to serve the 23 subpoenas on CIA Wall Counsel that overlap with the Government's witness list dated August 16, 2019, which were provided *ex parte* to the Court on November 25, 2019.

the service of subpoenas. (Gov. Letter at 2.)[2] But the Protective Order is not as narrow as the Government claims as it covers "contact" with CIA employees. The Court is authorizing defense counsel to serve the 23 subpoenas on the CIA Wall Counsel consistent with the procedure articulated in the CIPA Protective Order governing defense counsel contacting CIA employees. The CIA Wall Counsel in turn is directed to notify the CIA employees of the subpoenas.

The Government notes that the law does not prohibit the recipient of a trial subpoena from disclosing the subpoena to the prosecution team, and that under CIA regulations current employees must notify the CIA Office of General Counsel that they received a subpoena. (Gov. Letter at 3-4.) Neither this opinion nor the wall procedure prohibits the individual CIA employees who receive subpoenas from choosing to inform the prosecution team that they have been subpoenaed. Nor are such employees prevented from complying with CIA regulations notifying the Office of General Counsel that they have received a subpoena.

Accordingly, Schulte is directed to serve the 23 subpoenas on the CIA Wall Counsel for the employees that are listed on the Government's witness list dated August 16, 2019. The Clerk of the Court is directed to close Docket 172.

Dated: New York, New York
November 26, 2019

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[2] At the Court Conference dated November 13, 2019, defense counsel noted that it sought to speak with over 60 witnesses at the CIA using the required Wall Procedure, but only one witness responded. (Dkt. 190, at 13.)