UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA      :       **S2 17 Cr. 548 (PAC)**

          -v-            :

JOSHUA ADAM SCHULTE,       :

         *Defendant.*     :
--------------------------------------------------------x

# DEFENDANT JOSHUA ADAM SCHULTE'S
# PROPOSED JURY INSTRUCTIONS

Edward S. Zas
Allegra M. Glashausser
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8742

Sabrina P. Shroff
233 Broadway
New York, New York 10007

*Counsel for Defendant Joshua Adam Schulte*

TO:     GEOFFREY S. BERMAN, ESQ.
        United States Attorney
        Southern District of New York
        One St. Andrew's Plaza
        New York, New York 10007
        Attn**:** Matthew Laroche, Sidhardha Kamaraju, and David Denton
          *Assistant United States Attorneys*

# TABLE OF CONTENTS

General Instructions..................................................................................................... 2

Request No. 1 Count One: Illegal Gathering of National Defense Information, 18 U.S.C. § 793(b) .................................................................................................. 3

Request No. 2 Count One: Elements of the Offense................................................... 4

Request No. 3 Count One: First Element(Defendant Copied or Took Document)...... 5

Request No. 4 Count One: Second Element (Document Was Connected With National Defense) ..................................................................................................... 6

Request No. 5: Count One: Third Element (Purpose of Obtaining National Defense Information)................................................................................................ 8

Request No. 6 Count One: Fourth Element (Knowledge and Intent)......................... 9

Request No. 7 Count Two: Illegal Transmission of Lawfully Possessed National Defense Information, 18 U.S.C. § 793(d) ................................................. 11

Request No. 8 Count Two: Elements of the Offense ................................................. 12

Request No. 9 Count Two: First Element (Possession).............................................. 13

Request No. 10 Count Two: Second Element (National Defense Information)......... 14

Request No. 11 Count Two: Third Element (Prejudice to United States)................. 15

Request No. 12 Count Two: Fourth Element (Willfully Delivered Information)...... 16

Request No. 13 Count Three: Illegal Transmission of Unlawfully Possessed National Defense Information, 18 U.S.C. § 793(e) ................................................. 17

Request No. 14 Count Three: Elements of the Offense............................................. 18

Request No. 15 Count Three: First Element (Possession) ......................................... 19

Request No. 16 Count Three: Second Element (National Defense Information)...... 20

Request No. 17 Count Three: Third Element (Prejudice to United States) .............. 21

Request No. 18 Count Three: Fourth Element (Willfully Delivered Information) ..................................................................................................... 22

Request No. 19 Count Four: Illegal Transmission and Attemped Transmission of Unlawfuly Possessed National Defense Information 18 U.S.C. § 793(e) ............. 23

Request No. 20 Count Four: Elements of the Offense............................................... 24

Request No. 21 Count Four: First Element (Possession)........................................... 25

Request No. 22 Count Four: Second Element (National Defense Information)........ 26

Request No. 23 Count Four: Third Element (Prejudice to United States)................. 27

Request No. 24 Count Four: Fourth Element (Willfully Delivered Information)..... 28

i

Request No. 25 Count Five: Unauthorized Access to a Computer to Obtain Classified Information, 18 U.S.C. § 1030(a)(1) .................................................. 29

Request No. 26 Count Five: Elements of the Offense ................................................. 31

Request No. 27 Count Five: First Element (Unauthorized Access of Computer) ..... 32

Request No. 28 Count Five: Second Element (Knowing Conduct) ............................ 33

Request No. 29 Count Five: Third Element (Obtaining Federal Information) ......... 34

Request No. 30 Count Five: Fourth Element (Reason to Believe Injury to the United States) ................................................................................................................ 35

Request No. 31 Count Five: Fifth Element (Willful Communication) ....................... 36

Request No. 32 Count Six: Theft of Government Property, 18 U.S.C. § 641 ............ 37

Request No. 33 Count Six: Elements of the Offense .................................................. 38

Request No. 34 Count Six: First Element (Property Belonged to United States) .... 39

Request No. 35 Count Six: Second Element (Defendant Stole or Knowingly Converted Property) .................................................................................................... 40

Request No. 36 Count Six: Third Element (Intent) .................................................... 41

Request No. 37 Count Six: Fourth Element (Value of Property) ............................... 42

Request No. 38 Count Seven: Unauthorized Access of a Computer to Obtain Information From a Department or Agency of the United States, 18 U.S.C. § 1030(a)(2)(B) ............................................................................................................. 43

Request No. 39 Count Seven: Elements of the Offense ............................................. 44

Request No. 40 Count Seven: First Eement (Unauthorized Access of Computer) ... 45

Request No. 41 Count Seven: Second Element (Intentional conduct) ...................... 46

Request No. 42 Count Seven: Third Element (Obtaining Federal Information) ...... 48

Request No. 43 Count Eight: Causing Transmission of a Harmful Computer Program, Information, Code, or Command, 18 U.S.C. § 1030(a)(5)(A) .................... 49

Request No. 44 Count Eight: Elements of the Offense .............................................. 50

Request No. 45 Count Eight: First Element (Unauthorized Transmission) ............. 51

Request No. 46 Count Eight: Second Element (Intent to Cause Damage) .............. 52

Request No. 47 Third Element (Causing Damage) .................................................... 53

Request No. 48 Count Eight: Fourth Element (Harmful Consequences) ................. 54

Request No. 49 Count Nine: Making False Statements, 18 U.SC. § 1001 ............... 55

Request No. 50 Count Nine: Elements of the Offense ............................................... 56

Request No. 51 Count Nine: First Element (Falsified Information) ......................... 57

Request No. 52 Count Nine: Second Element (Materiality) ...................................... 58

Request No. 53 Count Nine: Third Element (Ttrick, Scheme, or Device) ................. 59

Request No. 54 Count Nine: Fourth Element (Knowing and Willful Conduct) ........ 60

Request No. 55 Count Nine: Fifth Element (Matter Within Jurisdiction of the United States Government) ......................................................................................... 61

Request No. 56 Count Ten: Obstruction of Justice, 18 U.S.C. § 1503 ..................... 62

Request No. 57 Count Ten: Elements of the Offense ................................................ 63

Request No. 58 Count Ten: First Element (Official Proceeding) ............................. 64

Request No. 59 Count Ten: Second Element (Knowledge) ....................................... 65

Request No. 60 Count Eleven: Third Element (Acted to Obstruct or Impede) ......... 66

Request No. 61: Count Eleven: Contempt of Court, 18 U.S.C. § 401(3) .................. 67

Request No. 62 Count Eleven: Elements of the offense ............................................ 68

Request No. 63 Count Eleven: First Element (Court Order) ..................................... 69

Request No. 64 Count Eleven: Second Element (Disregard of Orders).................... 70

Request No. 65 Count Eleven: Third Element (Willfully and Knowingly)............... 71

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA            :            **S2 17 Cr. 548 (PAC)**

                    -v-                                    :

JOSHUA ADAM SCHULTE,                 :

                    *Defendant.*                    :
-------------------------------------------------------x


        Joshua Adam Schulte respectfully requests that the Court include the

following in its charge to the jury:

1

**General Instructions**

The defense respectfully requests that the Court give its usual instructions with respect to the following matters:

- Functions of Court and jury

- Statements of Court and counsel not evidence

- Indictment not evidence

- Witness credibility

- Bias and hostility

- Right to see exhibits and have testimony read during deliberations

- Requirement of unanimity of verdict

- Stipulations

- Expert witnesses

- Government as a party

- Law enforcement witnesses

- Burden of proof

- Presumption of innocence

- Venue

- Aiding and abetting

## <u>Request No. 1</u>

**COUNT ONE**

**Illegal Gathering of National Defense Information, 18 U.S.C. § 793(b)**

Count One of the indictment charges the defendant with violating § 793(b) of Title 18 of the United States Code, which provides:

> Whoever, for the purpose [of obtaining information respecting the national defense with intent or reason to believe that the information is to be used to the injury of the United States, or to the advantage of any foreign nation,] copies, takes, makes, or obtains … any sketch, photographic negative, blueprint, plan, map, model, instrument, appliance, document, writing, or note of anything connected with the national defense [is guilty of a crime].

**Request No. 2**

**COUNT ONE: ELEMENTS OF THE OFFENSE**

In order to establish a violation of § 793(b), the government must prove all of the following four elements beyond a reasonable doubt:

*First*, that in or about 2016, the defendant copied, took, made, or obtained a document, writing, or note.

*Second*, that the document, writing, or note was connected with the national defense of the United States.

*Third*, that the defendant acted for the purpose of obtaining information respecting the national defense of the United States.

*Fourth*, that the defendant acted with the intent or with reason to believe that the information would be used to the injury of the United States or to the advantage of a foreign nation.

**AUTHORITY**

18 U.S.C. § 793(b); adapted from Sand, Instruction 29-9.

4

**<u>Request No. 3</u>**

**COUNT ONE: FIRST ELEMENT**
**(DEFENDANT COPIED OR TOOK DOCUMENT)**

The first element that the government must prove beyond a reasonable doubt

is that the defendant copied, took, made, or obtained a document, writing, or note.

**AUTHORITY**

18 U.S.C. § 793(b); adapted from Sand, Instruction 29-10.

5

**Request No. 4**

## COUNT ONE: SECOND ELEMENT
## (DOCUMENT WAS CONNECTED WITH NATIONAL DEFENSE)

The second element that the government must prove beyond a reasonable doubt is that the document, writing, or note was connected with the national defense of the United States.

The government must prove that the item was directly and reasonably connected with the national defense. The term "national defense" is a broad term that refers to United States military and naval establishments and to all related activities of national preparedness. The item need not be classified under security criteria as long as you determine that the item has a reasonable and direct connection with our national defense. On the other hand, the fact that an item was classified does not automatically mean that the item was connected with the national defense.

To qualify as national defense information, the prosecution must also show that it was closely held by the United States Government. In determining whether material is "closely held," you may consider whether it has been classified by appropriate authorities and whether it remained classified on the dates pertinent to the Indictment. Where the information has been made public by the United States Government and is found in sources lawfully available to the general public, it is not "closely held." Similarly, where sources of information are lawfully available to the public and the United States Government has made no effort to guard such information, the information itself is not "closely held." In deciding this issue, you

should examine the information, and also consider the testimony of witnesses who testified as to their content and their significance and who described the purpose and the use to which the information contained therein could be put.

## AUTHORITY

Adapted from Sand, Instruction 29-11; *Gorin v. United States*, 312 U.S. 19 (1941); *United States v. Soblen*, 301 F.2d 236 (2d Cir. 1962).

**<u>Request No. 5</u>**

**COUNT ONE: THIRD ELEMENT
(PURPOSE OF OBTAINING NATIONAL DEFENSE INFORMATION)**

The third element of Count One that the government must prove is that the defendant acted for the purpose of obtaining information respecting the national defense of the United States.  I have already instructed you regarding the meaning of "national defense." That instruction applies here as well.

**AUTHORITY**

18 U.S.C. § 793(b).

**Request No. 6**

**COUNT ONE: FOURTH ELEMENT
(KNOWLEDGE AND INTENT)**

The final element of Count One that the government must establish beyond a reasonable doubt is that the defendant acted with the intent or with reason to believe that the information would be used to the injury of the United States or to the advantage of a foreign nation.

The government is required to prove that the defendant acted with criminal intent—that is, that he acted in bad faith and with a deliberate purpose either to disregard or disobey the law.

In considering whether or not the defendant had the intent or reason to believe that the information would be used to injure the United States, or to provide an advantage to a foreign country, you may consider the nature of the information involved. I emphasize that you must determine whether or not the defendant had the intent that the information *would* be used against the United States, not just that it *could* be so used.

The government does not have to prove that the intent was *both* to injure the United States *and* to provide an advantage to a foreign country—the statute reads in the alternative. Further, the foreign country need not necessarily be an enemy of the United States.

If you find, therefore, that the defendant acted with the intent or with reason to believe that the information would be used to injure the United States, or to

9

provide an advantage to a foreign country, the fourth element of the offense is satisfied.

## AUTHORITY

Adapted from Sand, Instruction 29-12; *Gorin v. United States,* 312 U.S. 19 (1941); *United States v. Truong Dinh Hung*, 629 F.2d 908 (4th Cir. 1980); *United States v. Lee*, 589 F.2d 980 (9th Cir. 1979); *United States v. Perkins*, 47 C.M.R. 259, 1973 WL 14711 (A.F.C.M.R. 1973).

## **Request No. 7**

## **COUNT TWO**
## **Illegal Transmission of Lawfully Possessed National Defense Information, 18 U.S.C. § 793(d)**

Count Two of the indictment charges the defendant with violating section 793(d) of Title 18 of the United States Code, which provides:

Whoever, lawfully having possession of, access to, control over, or being entrusted with any document, writing, . . . or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, … the same to any person not entitled to receive it [is guilty of a crime].

**Request No. 8**

**COUNT TWO: ELEMENTS OF THE OFFENSE**

In order to establish a violation of § 793(d), the government must prove all of the following elements beyond a reasonable doubt:

*First*, that the defendant had lawful possession of, access to, or control over, or was entrusted with, a document, writing, or note.

*Second*, that the document, writing, or note was related to the national defense, or contained information relating to the national defense.

*Third*, that the defendant had reason to believe that the document or information could be used to the injury of the United States or to the advantage of a foreign nation.

*Fourth*, that in or about 2016, the defendant willfully communicated, delivered, transmitted, or caused to be communicated, delivered, or transmitted, the document or information to a person who was not entitled to receive it.

**AUTHORITY**

18 U.S.C. § 793(d); adapted from Sand, Instruction 29-21.

12

**<u>Request No. 9</u>**

**COUNT TWO: FIRST ELEMENT**
**(POSSESSION)**

The first element of Count Two that the government must prove beyond a reasonable doubt is that the defendant had lawful possession of, access to, or control over, or was entrusted with, a document, writing, note, or information.

The word "possession" is a commonly used and commonly understood word. Basically it means the act of having or holding property or the detention of property in one's power or command. Possession may mean actual physical possession or constructive possession. A person has constructive possession of something if he knows where it is and can get it any time he wants, or otherwise can exercise control over it.

A person has lawful possession of something if he is entitled to have it.

**AUTHORITY**

Adapted from Sand, Instruction 29-22.

13

**Request No. 10**

**COUNT TWO: SECOND ELEMENT**
**(NATIONAL DEFENSE INFORMATION)**

The second element of Count Two that the government must prove beyond a reasonable doubt is that the document, note, or information in question was related to the national defense of the United States.

I already instructed you regarding the meaning of "national defense." That instruction applies here as well.

**AUTHORITY**

Adapted from Sand, Instruction 29-23.

## Request No. 11

## COUNT TWO: THIRD ELEMENT
## (PREJUDICE TO UNITED STATES)

The third element of Count Two that the government must establish beyond a reasonable doubt is that the defendant had reason to believe that the information could be used to the injury of the United States or to the advantage of a foreign nation.

"Reason to believe" means that the defendant knew facts from which he concluded or reasonably should have concluded that the information could be used to injure the United States or to the advantage of a foreign nation. In considering whether or not the defendant had reason to believe that the information could be used to the injury of the United States or to the advantage of a foreign nation, you may consider the nature of the information involved. For this Count, unlike Count One, you need not determine that the defendant had reason to believe that the information *would* be used against the United States, only that it *could* be so used.

## AUTHORITY

Adapted from Sand, Instruction 29-24.

15

**Request No. 12**

## COUNT TWO: FOURTH ELEMENT
## (WILLFULLY DELIVERED INFORMATION)

The fourth element of Count Two that the government must establish beyond a reasonable doubt is that the defendant willfully communicated or transmitted the document or information in question to a person not entitled to receive it.

The word "person" includes a corporation, company, association, firm, partnership, society, and joint stock company, as well as an individual.

In deciding whether a person was entitled to receive a document or information, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the document.

An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

The government need not prove that the defendant actually delivered the document or information—it is enough to prove that the defendant merely attempted to do so. Further, the government need not prove that the defendant did the act himself—it is enough to prove that he caused the act to be done.

### AUTHORITY

Adapted from Sand, Instruction 29-25; 1 U.S.C. § 1 (defining "person").

**<u>Request No. 13</u>**

**COUNT THREE:**
**Illegal Transmission of Unlawfully Possessed National Defense**
**Information, 18 U.S.C. § 793(e)**

Count Three charges the defendant with violating § 793(e) of Title 18 of the

United States Code, which provides:

Whoever having unauthorized possession of, access to, or control over any

document, writing, . . . or note relating to the national defense, or information

relating to the national defense which information the possessor has reason to

believe could be used to the injury of the United States or to the advantage of any

foreign nation, willfully communicates, delivers, transmits, or causes to be

communicated, delivered, or transmitted, … the same to any person not entitled to

receive it [is guilty of a crime].

### Request No. 14

**COUNT THREE: ELEMENTS OF THE OFFENSE**

In order to establish a violation of § 793(e), the government must prove all of the following four elements beyond a reasonable doubt:

*First*, that the defendant had unauthorized possession of, access to, or control over the document, writing, note, or information in question.

*Second*, that the document, writing, note, or information in question was related to the national defense.

*Third*, that the defendant had reason to believe that the document or information could be used to the injury of the United States or to the advantage of a foreign nation.

*Fourth*, that in or about May 2016, the defendant willfully communicated (or delivered or transmitted or caused to be communicated, delivered, or transmitted) the document or information to a person who was not entitled to receive it.

**AUTHORITY**

Adapted from Sand, Instruction 29-21.

### Request No. 15

**COUNT THREE: FIRST ELEMENT
(POSSESSION)**

The first element of Count Three that the government must prove beyond a reasonable doubt is that the defendant had unauthorized possession of (or control over or access to) the document, writing, note, or information in question.

I instructed you already about the meaning of "possession." That instruction applies here as well.

**AUTHORITY**

Adapted from Sand, Instruction 29-22.

## Request No. 16

### COUNT THREE: SECOND ELEMENT
### (NATIONAL DEFENSE INFORMATION)

The second element of Count Three that the government must prove beyond a reasonable doubt is that the document or information in question was connected with the national defense of the United States.

I previously instructed you regarding the meaning of "national defense." Those instructions apply here as well.

### AUTHORITY

Adapted from Sand, Instruction 29-23.

## Request No. 17

## COUNT THREE: THIRD ELEMENT
## (PREJUDICE TO UNITED STATES)

The third element of Count Three that the government must establish beyond a reasonable doubt is that the defendant had reason to believe that the information could be used to the injury of the United States or to the advantage of a foreign nation.

I instructed you earlier what "reason to believe" requires. That instruction applies here as well.

## AUTHORITY

Adapted from Sand, Instruction 29-23.

**Request No. 18**

## COUNT THREE: FOURTH ELEMENT
## (WILLFULLY DELIVERED INFORMATION)

The fourth element of Count Three that the government must establish beyond a reasonable doubt is that the defendant willfully communicated or transmitted the document or information in question to a person not entitled to receive it.

In deciding whether a person was entitled to receive information, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the document.

An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

The government need not prove that the defendant actually delivered the information himself—it is enough to prove that he caused the act to be done.

**AUTHORITY**

Adapted from Sand, Instruction 29-25.

22

## Request No. 19

**COUNT FOUR:**
**Illegal Transmission and Attempted Transmission of Unlawfully Possessed**
**National Defense Information, 18 U.S.C. § 793(e)**

Count Four charges the defendant with violating § 793(e) of Title 18 of the

United States Code, which provides:

Whoever having unauthorized possession of, access to, or control over any

document, writing, … or note relating to the national defense, or information

relating to the national defense which information the possessor has reason to

believe could be used to the injury of the United States or to the advantage of any

foreign nation, willfully communicates, delivers, transmits or causes to be

communicated, delivered, or transmitted, or attempts to communicate, deliver,

transmit, or cause to be communicated, delivered, or transmitted the same to any

person not entitled to receive it … [shall be guilty of a crime].

**Request No. 20**

**COUNT FOUR: ELEMENTS OF THE OFFENSE**

In order to establish a violation of § 793(e), the government must prove all of the following four elements beyond a reasonable doubt:

*First*, that the defendant had unauthorized possession of, access to, or control over the document, writing, note, or information in question.

*Second*, that the document, writing, note, or information was related to the national defense.

*Third*, that the defendant had reason to believe that the document, writing, note, or information could be used to the injury of the United States or to the advantage of a foreign nation.

*Fourth*, that the defendant willfully communicated, delivered, transmitted, or caused to be communicated, delivered, transmitted, or attempted to communicate, deliver, transmit, or cause to be communicated, delivered, or transmitted the same to a person not entitled to receive it.

**AUTHORITY**

Adapted from Sand, Instruction 29-21.

24

## Request No. 21

### COUNT FOUR: FIRST ELEMENT (POSSESSION)

The first element of Count Four that the government must prove beyond a reasonable doubt is that the defendant had unauthorized possession of, access to, or control over the document, writing, note, or information in question.

I already instructed you on the meaning of the word "possession." That instruction applies here as well.

A person has unauthorized possession of something if he is not entitled to have it.

### AUTHORITY

Adapted from Sand, Instruction 29-22.

## Request No. 22

## COUNT FOUR: SECOND ELEMENT
## (NATIONAL DEFENSE INFORMATION)

The second element of Count Four that the government must prove beyond a reasonable doubt is that the document, writing, note, or information in question was connected with the national defense of the United States.

I have already instructed you on the meaning of "national defense." Those instructions apply here as well.

## AUTHORITY

Adapted from Sand, Instruction 29-23.

**Request No. 23**

## COUNT FOUR: THIRD ELEMENT
## (PREJUDICE TO UNITED STATES)

The third element of Count Four that the government must establish beyond a reasonable doubt is that the defendant had reason to believe that the document, writing, note, or information could be used to the injury of the United States or to the advantage of a foreign nation.

## AUTHORITY

Adapted from Sand, Instruction 29-24.

**Request No. 24**

## COUNT FOUR: FOURTH ELEMENT
## (WILLFULLY DELIVERED INFORMATION)

The fourth element of Count Four that the government must establish beyond a reasonable doubt is that the defendant willfully communicated or transmitted the document, writing, note, or information in question to a person entitled to receive it.

In deciding whether a person was entitled to receive the document or information, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the document.

For this Count, the government need not prove that the defendant actually delivered or transmitted the information—it is enough to prove that the defendant merely attempted to do so. Further, the government need not prove that the defendant did the act himself—it is enough to prove that he caused the act to be done.

## AUTHORITY

Adapted from Sand, Instruction 29-25.

**Request No. 25**

**COUNT FIVE:**
**Unauthorized Access to a Computer to Obtain Classified Information, 18 U.S.C. § 1030(a)(1)**

Count Five charges that the defendant knowingly accessed a government computer without authorization and exceeded his authorized access, and thereby obtained classified information from a government agency, and, with reason to believe that the information could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicated or delivered the information to a person not entitled to receive it.

The relevant statute on this subject is § 1030(a)(1) of Title 18 of the United States Code. It provides:

[Whoever] having knowingly accessed a computer without authorization or exceeding authorized access, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an Executive order . . . to require protection against unauthorized disclosure for reasons of national defense or foreign relations, . . . with reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation, willfully communicates, delivers, transmits, or causes to be communicated, delivered, or  transmitted, or attempts to communicate, deliver, transmit, or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it ... [shall be guilty of a crime].

29

## AUTHORITY

18 U.S.C. § 1030(a)(1).

**Request No. 26**

**COUNT FIVE: ELEMENTS OF THE OFFENSE**

In order to prove the defendant guilty of Count Five, the government must establish each of the following five elements beyond a reasonable doubt:

*First*, that the defendant accessed a computer without authorization or exceeded authorized access;

*Second*, that the defendant knowingly accessed that computer outside of the scope of his authority.

*Third*, that by means of this conduct, the defendant obtained information that was determined by the United States Government under an Executive order to require protection against unauthorized disclosure for reasons of national defense or foreign relations.

*Fourth*, that the defendant had reason to believe that the information so obtained could be used to the injury of the United States or to the advantage of a foreign nation;

*Fifth*, that the defendant willfully communicated, delivered, transmitted, or caused to be communicated, delivered, or transmitted, or attempted to communicate, deliver, transmit, or cause to be communicated, delivered, or transmitted the information to a person not entitled to receive it.

**AUTHORITY**

Adapted from Sand, Instruction 40A-3.

### Request No. 27

### COUNT FIVE: FIRST ELEMENT
### (UNAUTHORIZED ACCESS OF COMPUTER)

The first element of Count Five that the government must prove beyond a reasonable doubt is that the defendant accessed a computer without authorization, or exceeded his authority in accessing the information in question. A "computer" means "an electronic, magnetic, optical, electromechanical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." The term "computer" does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar devices.

In this case, the government charges that the defendant, while authorized to access a government computer, exceeded his authority in accessing the information in question. This requires the government to prove beyond a reasonable doubt that the defendant used his authorized access to a computer to obtain information in the computer that the defendant was not entitled to obtain for any purpose. An individual does not exceed authorized access when he accesses a computer to obtain information he is authorized to access—even if he does so for an improper purpose.

### AUTHORITY

*United States v. Valle*, 807 F.3d 508 (2d Cir. 2015); adapted from Sand, Instruction 40A-4.

**Request No. 28**

**COUNT FIVE: SECOND ELEMENT
(KNOWING CONDUCT)**

The second element of Count Five is that the defendant acted knowingly in accessing a computer outside the scope of his authority. "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. This guilty knowledge cannot be established by demonstrating that the defendant was merely negligent or foolish. The question of whether a person acted knowingly is a question of fact for you to determine, like any other fact question. The question involves one's state of mind. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

As a practical matter, then, in order to sustain the charge against the defendant, the government must establish beyond a reasonable doubt that he knew that his accessing of a computer was outside the scope of authority granted, but did so anyway. If you find that the defendant believed that he had authorization to access a computer in the manner described, even if that belief was mistaken, you should acquit the defendant.

**AUTHORITY**

Adapted from Sand, Instruction 40A-5.

**Request No. 29**

**COUNT FIVE: THIRD ELEMENT
(OBTAINING FEDERAL INFORMATION)**

The third element of Count Five is that the defendant used his computer access to obtain information that was determined by the United States Government by Executive Order to require protection against unauthorized disclosure for reasons of national defense or foreign relations.

**AUTHORITY**

Adapted from Sand, Instruction 40A-6.

**Request No. 30**

**COUNT FIVE: FOURTH ELEMENT
(REASON TO BELIEVE INJURY TO THE UNITED STATES)**

The fourth element of Count Five is that, at the time he allegedly obtained the information in question, the defendant had reason to believe that the information obtained could be used to injure the United States or give advantage to a foreign nation.

**AUTHORITY**

Adapted from Sand, Instruction 40A-6.

**Request No. 31**

## COUNT FIVE: FIFTH ELEMENT
## (WILLFUL COMMUNICATION)

The fifth and final element of Count Five is that the defendant willfully communicated, delivered, transmitted, or caused to be communicated, delivered, or transmitted, or attempted to communicate, deliver, transmit, or cause to be communicated, delivered, or transmitted, the information to a person not entitled to receive it.

Once again, as I instructed you earlier, an act is done willfully only if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

## AUTHORITY

Adapted from Sand, Instruction 40A-7.

**Request No. 32**

**COUNT SIX:**
**Theft of Government Property, 18 U.S.C. § 641**

Count Six charges the defendant with violating § 641 of Title 18 of the United States Code. That section provides in relevant part:

Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys, or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof [shall be guilty of a crime].

### Request No. 33

**COUNT SIX: ELEMENTS OF THE OFFENSE**

In order to prove the defendant guilty of stealing or knowingly converting something of value belonging to the United States Government, the government must prove each of the following elements beyond a reasonable doubt:

First, that the property described in the Indictment belonged to the United States government;

Second, that the defendant stole or knowingly converted that property;

Third, that the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of its property; and

Fourth, that the value of the property was greater than $1,000.

**AUTHORITY**

Adapted from Sand, Instruction 23A-2.

**<u>Request No. 34</u>**

**COUNT SIX: FIRST ELEMENT**
**(PROPERTY BELONGED TO UNITED STATES)**

The first element of Count Six that the government must prove beyond a reasonable doubt is that the property described in the Indictment belonged to the United States Government.

To satisfy this element, the government must prove that the information allegedly stolen was a "thing of value of the United States." That means that at the time the information was allegedly stolen or knowingly converted the United States Government or an agency of the United States Government had either title to, possession of, or control over the information.

**AUTHORITY**

Adapted from Sand, Instruction 23A-3.

**Request No. 35**

**COUNT SIX: SECOND ELEMENT**
**(DEFENDANT STOLE OR KNOWINGLY CONVERTED PROPERTY)**

The second element of Count Six is that the defendant stole or knowingly converted the property.

To steal means to take someone else's property or information without the owner's consent and with the intent to deprive the owner of the value of that property or information.

To knowingly convert property means to use the property in an unauthorized manner in a way that seriously interfered with the government's right to use and control its own property, knowing that the property belonged to the United States, and knowing that such use was unauthorized.

**AUTHORITY**

Adapted from Sand, Instruction 23A-4.

40

**<u>Request No. 36</u>**

**COUNT SIX: THIRD ELEMENT (INTENT)**

The third element of Count Six is that the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of its property.

As you know by now, to act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

To act willfully means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law.

Whether the defendant acted knowingly and willfully may be proven by the defendant's conduct and by all of the circumstances surrounding the case.

**AUTHORITY**

Adapted from Sand, Instruction 23A-5.

### Request No. 37

**COUNT SIX: FOURTH ELEMENT
(VALUE OF PROPERTY)**

The fourth and final element the government must prove beyond a reasonable doubt is that the value of the property or information stolen or knowingly converted was greater than $1,000.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a willing buyer would pay a willing seller at the time the property was stolen.

**AUTHORITY**

Adapted from Sand, Instruction 23A-6.

**<u>Request No. 38</u>**

**COUNT SEVEN:**

**Unauthorized Aaccess of a Computer to Obtain Information From a Department or Agency of the United States, 18 U.S.C. § 1030(a)(2)(B)**

Count Seven charges that the defendant illegally accessed a computer without authorization or exceeded his authorized access, and thereby obtained information from a department or agency of the United States. The relevant statute on this subject is § 1030(a)(2) of Title 18 of the United States Code. It provides:

[Whoever] intentionally accesses a computer without authorization or exceeds authorized access, and by means of such conduct obtains . . . information from any department or agency of the United States . . . [shall be guilty of a crime].

<u>**Request No. 39**</u>

**COUNT SEVEN: ELEMENTS OF THE OFFENSE**

In order to prove the defendant guilty of this crime, the government must establish each of the following three elements beyond a reasonable doubt:

First, that the defendant accessed a computer without authorization or exceeded his authorized access;

Second, that the defendant acted intentionally;

Third, that by means of this conduct the defendant obtained information from a department or agency of the United States.

**AUTHORITY**

Adapted from Sand, Instruction 40A-8.

**Request No. 40**

**COUNT SEVEN: FIRST ELEMENT**
**(UNAUTHORIZED ACCESS OF COMPUTER)**

The first element of Count Seven is that the defendant accessed a computer
without authorization or exceeded his authorized accessed. I already defined the
term "computer" for you.

A person accesses a computer "without authorization" if he or she has not
received permission to use the computer for any purpose, or when his or her
employer has revoked permission to access the computer and the person uses the
computer anyway. A person "exceeds authorized access" when he or she is
authorized to access a computer for some purposes, but uses that access to obtain
information that he is not allowed to obtain for any purpose.

**AUTHORITY**

Adapted from Sand, Instruction 40A-11; *United States v. Valle,* 807 F.3d
508 (2d Cir. 2015).

**Request No. 41**

## COUNT SEVEN: SECOND ELEMENT
## (INTENTIONAL CONDUCT)

The second element of Count Seven is that the defendant acted intentionally in accessing a computer without authority or outside the scope of his authority. "Intentionally" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of defendant's conscious objective, rather than the product of a mistake or accident. The question of whether a person acted intentionally is a question of fact for you to determine, like any other fact question. The question involves one's state of mind. Direct proof of intent is almost never available. It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past he committed an act intentionally. Such proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

As a practical matter, then, in order to prove Count Six, the government must establish beyond a reasonable doubt that the defendant knew that his accessing of a computer was unauthorized or outside the scope of authority granted, but did so anyway. To conclude on this element, if you find that the defendant did not know he was acting outside the scope of authority, or if he did not intentionally access the computer beyond his authority, then you must acquit the defendant.

## AUTHORITY

Adapted from Sand, Instruction 40A-12.

**<u>Request No. 42</u>**

**COUNT SEVEN: THIRD ELEMENT
(OBTAINING FEDERAL INFORMATION)**

The third element of Count Seven is that the defendant obtained information contained in a computer of any department or agency of the United States. The Central Intelligence Agency is a department or agency of the United States. However, it is for you to determine if the government has proven, beyond a reasonable doubt, that the defendant, in excess of his authority, obtained information contained in a computer of the Central Intelligence Agency.

**AUTHORITY**

Adapted from Sand, Instruction 40A-14.

**Request No. 43**

**COUNT EIGHT:**
**Causing Transmission of a Harmful Computer Program, Information,**
**Code, or Command, 18 U.S.C. § 1030(a)(5)(A)**

The relevant statute on this subject is section 1030(a)(5)(A) of Title 18 of the United States Code. It provides: "[Whoever] knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer [shall be guilty of a crime]."

**<u>Request No. 44</u>**

**COUNT EIGHT: ELEMENTS OF THE OFFENSE**

In order to prove the defendant guilty of Count Eight the government must establish each of the following four elements beyond a reasonable doubt:

First, that the defendant knowingly caused the unauthorized transmission of a program, information, code, or command to a protected computer;

Second, that the defendant caused the transmission of the program, information, code, or command with the intent to damage or deny services to a computer or computer system;

Third, that the defendant thereby caused damage, as I will define that term for you; and

Fourth, that the defendant's actions resulted in damage to a computer system operated by the CIA.

**AUTHORITY**

Adapted from Sand, Instruction 40A-31.

**Request No. 45**

**COUNT EIGHT: FIRST ELEMENT**
**(UNAUTHORIZED TRANSMISSION)**

The first element of Count Eight is that the defendant knowingly caused the unauthorized transmission of a program, information, code, or command to a protected computer.

I have already explained to you what a "computer" means. A "protected computer" means a computer that was used exclusively by the U.S. Government.

This element requires that the government prove that the defendant's alleged transmission of the computer program, information, code, or command was "unauthorized." This means that the transmission occurred without the permission of the person or entity who owns or is responsible for the computer receiving the transmitted program.

This element also requires that the government prove that the defendant transmitted the program knowingly. As I explained earlier, a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

**AUTHORITY**

Adapted from Sand, Instruction 40A-32.

**Request No. 46**

**COUNT EIGHT: SECOND ELEMENT
(INTENT TO CAUSE DAMAGE)**

The second element that the government must prove beyond a reasonable doubt is that the defendant caused the transmission of the program, command, or code with the intent to cause damage, as I will define that term for you. To act with "intent" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of defendant's conscious objective, rather than the product of a mistake or accident.

**AUTHORITY**

Adapted from Sand, Instruction 40A-33.

## Request No. 47

**THIRD ELEMENT (CAUSING DAMAGE)**

The third element the government must prove beyond a reasonable doubt is that by transmitting the program, code, or command, the defendant caused damage.

For the purposes of Count Eight, "damage" means any impairment to the integrity or availability of data, a program, a system, or information.

**AUTHORITY**

Adapted from Sand, Instruction 40A-34.

**Request No. 48**

**COUNT EIGHT: FOURTH ELEMENT (HARMFUL CONSEQUENCES)**

The fourth element of Count Eight that the government must prove beyond a reasonable doubt is that the defendant's actions disrupted a computer system used by or for a government agency in furtherance of national defense or national security.

**AUTHORITY**

Adapted from Sand, Instruction 40A-35.

**Request No. 49**

**COUNT NINE:**
**Making False Statements, 18 U.S.C. § 1001**

The relevant statute on this subject is section 1001(a) of Title 18 of the United States Code. It provides:

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2) makes any materially false, fictitious or fraudulent statement or representation;

or

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry

shall be [guilty of a crime].

## <u>Request No. 50</u>

## COUNT NINE: ELEMENTS OF THE OFFENSE

In order to prove the defendant guilty of Count Nine, the government must prove beyond a reasonable doubt:

*First*, that on or about the date specified in the indictment, the defendant falsified a material fact;

*Second*, that the fact falsified was material;

*Third*, that defendant did so by trick, scheme, or device;

*Fourth*, that defendant acted knowingly and willfully; and

*Fifth*, that the falsification was with respect to a matter within the jurisdiction of the government of the United States.

## AUTHORITY

Adapted from Sand, Instruction 36-3.

**<u>Request No. 51</u>**

**COUNT NINE: FIRST ELEMENT
(FALSIFIED INFORMATION)**

The first element the government must prove beyond a reasonable doubt is that the defendant falsified a fact. These words almost define themselves. To "falsify" means to make an untrue statement that is untrue at the time made and is known to be untrue at the time made.

**AUTHORITY**

Adapted from Sand, Instruction 36-4.

**<u>Request No. 52</u>**

**COUNT NINE: SECOND ELEMENT (MATERIALITY)**

The second element the government must prove beyond a reasonable doubt is that the fact falsified was material.

A fact is material if it was capable of influencing the government's decisions or activities. However, proof of actual reliance on the statement by the government is not required.

**AUTHORITY**

Adapted from Sand, Instruction 36-5.

**Request No. 53**

**COUNT NINE: THIRD ELEMENT**
**(TRICK, SCHEME, OR DEVICE)**

The third element the government must prove beyond a reasonable doubt is that the defendant falsified by trick, scheme, or device. This language is almost self-explanatory. A scheme is a plan for the accomplishment of an object. A trick or device is a deceptive act or strategy calculated to deceive other persons.

Whether the defendant's behavior amounted to a trick, scheme, or device is a question for you, as finders of the facts to decide. It is the government's burden with respect to this element to prove beyond a reasonable doubt that the defendant falsified a material fact by trick, scheme, or device.

**AUTHORITY**

Adapted from Sand, Instruction 36-6.

59

**<u>Request No. 54</u>**

**COUNT NINE: FOURTH ELEMENT
(KNOWING AND WILLFUL CONDUCT)**

The fourth element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

As you know by now, an act is done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

An act is done willfully if it is done with an intention to do something the law forbids, a bad purpose to disobey the law.

**AUTHORITY**

Adapted from Sand, Instruction 36-7.

**Request No. 55**

**COUNT NINE: FIFTH ELEMENT
(MATTER WITHIN JURISDICTION OF THE UNITED STATES
GOVERNMENT)**

The fifth element that the government must establish beyond a reasonable doubt is that the statement was made with regard to a matter within the jurisdiction of the government of the United States. To be within the jurisdiction of the government of the United States means that the statement must concern an authorized function of that department or agency.

It is not necessary for the government to prove that the defendant had actual knowledge that the false statement was to be used in a matter that was within the jurisdiction of the government of the United States. It is sufficient to satisfy this element if you find that the false statement was made with regard to a matter within the jurisdiction of the government of the United States.

**AUTHORITY**

Adapted from Sand, Instruction 36-8.

## **Request No. 56**

## **COUNT TEN:**

## **Obstruction of Justice, 18 U.S.C. § 1503**

The relevant statute on this subject is 18 U.S.C. § 1503. It provides: "Whoever corruptly … influences, obstructs or impedes, or endeavors to influence, obstruct or impede the due administration of justice [shall be guilty of a crime]."

### Request No. 57

**COUNT TEN: ELEMENTS OF THE OFFENSE**

In order to prove the defendant guilty of Count Ten, the government must prove each of the following three elements beyond a reasonable doubt.

*First*, that on or about the date set forth in the indictment, there was a proceeding pending before a federal court or a federal grand jury.

*Second*, that the defendant knew of the proceeding; and

*Third*, that the defendant corruptly acted to obstruct or impede, or endeavored to obstruct or impede the proceeding.

**AUTHORITY**

Adapted from Sand, Instruction 46-3.

63

## Request No. 58

**COUNT TEN: FIRST ELEMENT (OFFICIAL PROCEEDING)**

The first element of Count Ten the government must prove beyond a reasonable doubt is that on or about March through November of 2017, the dates set forth in the indictment, there was a proceeding pending before a federal grand jury or a federal court.

**AUTHORITY**

Adapted from Sand, Instruction 46-4.

**Request No. 59**

**COUNT TEN: SECOND ELEMENT (KNOWLEDGE)**

The second element of Count Ten is that the defendant knew that such a proceeding was in progress. In order to satisfy this element, the government must prove that the defendant knew on or about the date charged that a grand jury proceeding was in progress.

**AUTHORITY**

Adapted from Sand, Instruction 46-5.

**Request No. 60**

**COUNT TEN: THIRD ELEMENT**
**(ACTED TO OBSTRUCT OR IMPEDE)**

The final element of Count Ten is that the defendant did corruptly obstruct or impede, or corruptly endeavor to obstruct or impede, the proceeding.

The word "corruptly" means having the improper motive or purpose of obstructing justice.

Success of the endeavor is not an element of the crime. The term endeavor is designed to reach all conduct that is aimed at influencing, intimidating and impeding jurors (or judges or officers). Thus, it is sufficient to satisfy this element if you find that the defendant knowingly acted in a way that obstructed or had the natural and probable effect of obstructing justice from being duly administered.

**AUTHORITY**

Adapted from Sand, Instruction 46-6.

**<u>Request No. 61</u>**

**COUNT ELEVEN:**

**Contempt of Court, 18 U.S.C. § 401(3)**

Count Eleven charges the defendant with violating § 401(3) of Title 18 of the United States Code. That subsection provides: "A court of the United States shall have power to punish … such contempt of its authority … as … [d]isobedience or resistance to its lawful writ, process, rule, decree or command."

**Request No. 62**

**COUNT ELEVEN: ELEMENTS OF THE OFFENSE**

In order to sustain its burden of proving the charge of contempt, the government must establish beyond a reasonable doubt each of the following three elements:

*First*, that the Court issued a protective order that applied to the defendant.

*Second*, that the defendant disobeyed or disregarded that order.

*Third*, that the defendant acted willfully and knowingly in disobeying the Court's order.

**AUTHORITY**

Adapted from Sand, Instruction 20-12.

**Request No. 63**

**COUNT ELEVEN: FIRST ELEMENT (COURT ORDER)**

The first element of the offense of contempt is that the Court gave a certain order to the defendant. If you find from the evidence that the Court ordered the defendant to [description of order of the court], I instruct you as a matter of law that this order was lawful and proper in every respect and, further, that it did not violate any constitutional or other legal rights of the defendant.

**AUTHORITY**

Adapted from Sand, Instruction 20-13.

**Request No. 64**

**COUNT ELEVEN: SECOND ELEMENT
(DISREGARD OF ORDER)**

The second element of the offense of contempt is that the defendant disobeyed or disregarded the Court's order. Court orders must be precisely and promptly obeyed. If you find, therefore, that the defendant failed to comply with the court's order to [description of order of the court], this element of the offense is satisfied.

**AUTHORITY**

Adapted from Sand, Instruction 20-14.

**Request No. 65**

**COUNT ELEVEN: THIRD ELEMENT
(WILLFULLY AND KNOWINGLY)**

The third element of the offense of contempt is that the defendant acted knowingly and willfully. Contempt is defined as a "willful disregard or disobedience of public authority." In order to be guilty of criminal contempt, therefore, it is essential that the defendant acted knowingly and with the specific intent to disobey or disregard the order of the court. A person acts knowingly if he acts intentionally and voluntarily and not because of ignorance, mistake, accident or carelessness. I instruct you that if you find beyond a reasonable doubt that the defendant understood this Court's order and consciously refused to obey that order, the defendant's conduct would then be knowing and willful, and this element of the offense would be satisfied.

**AUTHORITY**

Adapted from Sand, Instruction 20-15.

Respectfully submitted,

_____/s/_____

Edward S. Zas
Allegra M. Glashausser
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8742

Sabrina P. Shroff
233 Broadway
New York, New York 10007

*Counsel for Defendant Joshua Adam Schulte*