*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 2, 2019

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United State Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

    **Re: *United States* v. *Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)**

Dear Judge Crotty:

   The Government writes in opposition to defense counsel's November 25, 2019 request for a six-month adjournment of the trial in this matter, currently scheduled to begin on January 13, 2020. This is the defendant's third request for an adjournment of a trial related to the largest unauthorized disclosure of classified information from the Central Intelligence Agency (the "CIA") in history, and a case in which the defendant has repeatedly proclaimed his innocence and his unlawful detention at the hands of the Government. It is also a case in which the Government has made unprecedented pretrial disclosures to assist the defendant in preparing for trial—including a proffer of the Government's proof to defense counsel more than a year before trial, disclosure of witness statements more than a year before trial, a bill of particulars detailing specific aspects of the charges in this case almost nine months before trial, disclosure of the bulk of the Government's exhibits over four months before trial, and multiple pretrial filings in which the Government has described in great detail the case it intends to present at trial (including motions *in limine* filed on November 23, 2019). Finally, it is also a case in which the defendant—over the course of those three adjournment requests—has cycled through at least 13 attorneys,[1] including the instant defense team, which includes at least three attorneys who have represented the defendant for more than a year and a half. Notwithstanding his newest attorney's representations in the defense's most recent adjournment request, the defendant has had more than enough time to prepare for trial, and any delay will jeopardize important national security interests.

---

[1] Those 13 attorneys who have represented the defendant are Sabrina Shroff, Edward Zas, Allegra Glashausser, James Branden (all of whom currently represent the defendant, and three of whom have security clearances), Matthew Larsen, Lauren Dolecki, Jacob Kaplan, Mark Baker, Alex Spiro, Taylor Koss, Kenneth Smith, Sean Maher (who was recently appointed as *Curcio* counsel), and at least one attorney who has not filed a notice of appearance but who appears to be advising Schulte about constitutional arguments to make with respect to the Classified Information Procedures Act ("CIPA").

Nevertheless, the defendant now seeks a six-month adjournment on the ground that Mr. Branden believes the case is too complicated for him to learn by January 13. Mr. Branden's letter is inaccurate, incomplete, and without any legal basis. For example, Mr. Branden states that he is the only other cleared attorney on the defense team other than Ms. Shroff, but Mr. Zas also holds the requisite security clearance. Mr. Branden states that he is "inundated by the complexity, quantity, and unique challenges of the discovery," but fails to note that—despite apparently his own failure to visit the courthouse SCIF to review classified discovery—Schulte's defense team has been working with the classified discovery in this case for more than a year (such that they were able to provide multiple CIPA Section 5 notices outlining exhibits and testimony Schulte intended to introduce at trial), and he can benefit from that work. Mr. Branden otherwise fails to cite a single case justifying his extraordinary request to delay this trial six more months so that he, as additional counsel, can familiarize himself with the materials, all while taking "a previously planned trip" during the first week of December despite agreeing to represent Mr. Schulte in October, well after the January 13 trial date had been scheduled. (Ltr. at 2).

The defendant's request is only the latest part of a troubling pattern of delayed filings and belated presentation of issues calculated to serve no purpose other than preventing the defendant from being brought to trial for his charged offenses. Indeed, in addition to this six-month adjournment request, Mr. Branden indicates in his letter that the defendant likely intends to seek yet another adjournment if he ultimately decides to call one or more of his attorneys to testify. (Ltr. at 1 ("This request is separate and apart from any postponement of trial which could occur should Mr. Schulte decide that he may need to call his current lawyers as witnesses at his trial.")). Any such request would be without merit in light of the defendant's decision to delay raising the potential need for such testimony until August 26, 2019, even though the supposed "conflict" arose from charges in the Second Superseding Indictment filed on October 31, 2018, and the defendant filed a motion seeking to suppress evidence from the Metropolitan Correctional Center ("MCC") on June 18, 2019. This course of conduct is especially troubling given that defense counsel has on several occasions represented to the Government that they believe this strategy—delaying the trial for as long as possible—will put pressure on the CIA to abandon this prosecution or acquiesce to a favorable plea agreement. The Court should not countenance the defendant's gamesmanship in this matter. Accordingly, the Government respectfully submits that the Court should deny the latest adjournment request and make clear that trial will proceed on January 13, 2020.

## BACKGROUND

This case has been pending for more than two years. The defendant was initially arrested on August 23, 2017, and has been detained in custody at the MCC since December 14, 2017. The initial charges relating to the defendant's theft and transmission of classified information from the CIA have been pending since June 18, 2018, and trial was originally set for April 2019. On November 2, 2018, the defendant was arraigned on the Second Superseding Indictment—the current operative charging instrument. In light of the Second Superseding Indictment, which included charges relating to disclosures of classified information from prison, the Government consented to a brief adjournment of the April 2019 trial date and proposed to defense counsel that trial proceed in June 2019. Nevertheless, during a conference on April 10, 2019, defense counsel

explained that they needed additional time, and the Court agreed to adjourn the trial date until November 4, 2019.

In August of this year, defense counsel contacted the Government to seek the Government's consent for a further adjournment of the then-scheduled November 4 trial date. Although the Government was prepared to proceed to trial on that date, the Government reluctantly consented to a further adjournment until January 13, 2020. Part of the Government's rationale for consenting to the adjournment was that the defendant had already missed or indicated that he would miss certain key filing deadlines, including his deadline to provide notice pursuant to Section 5 of CIPA. During discussions with defense counsel about the potential adjournment, the Government was clear that any additional adjournments beyond January 2020 would be exceptionally problematic because (i) many of the CIA witnesses are involved in important national security work that would be hindered by the delay; and (ii) one of the undersigned prosecutors, Matthew Laroche, is also co-counsel in *United States v. Saipov*, 17 Cr. 722 (VSB), a death-penalty case set for trial in April 2020 that Mr. Laroche had investigated since its inception (like this case) and, thus, an additional adjournment would prejudice the Government by precluding Mr. Laroche from trying one of the cases.[2] As a result, the Government explained to the Court in its August 27, 2019 letter that it consented to the defense's requested adjournment "with the understanding that the defendant will not seek another adjournment of the Espionage Trial absent exceptional and unforeseen circumstances." (Dkt. 129 at 1).

On October 28, 2019, defense counsel requested that Mr. Branden be appointed as additional counsel. In that application, defense counsel cited the "imminent trial date of January 13, 2020" as a basis for the appointment of a fourth attorney to represent the defendant, and expressly represented that Mr. Branden was "able and willing to accept this appointment." (Dkt. 164). In granting the defendant's request for Mr. Branden's appointment, the Court did so specifically "[i]n light of the trial schedule" and based on Mr. Branden's "availability for a 3 to 4 week trial." (Dkt. 166).

On November 25, 2019, despite these understandings, Mr. Branden sought a six-month adjournment of trial in this matter, based on the fact that the "case is far more complicated than I believed" (Dkt. 202), while failing to address why he is now seeking to upset the very purpose of his appointment—to facilitate, not prevent, the January 13 trial.

## APPLICABLE LAW

Trial courts have wide discretion with respect to the scheduled start of a trial. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (referring to "[t]he largely unfettered discretion of a district judge to deny or to grant a continuance"); *see also United States v. Pascarella*, 84 F.3d 61, 68 (2d Cir. 1996) ("The disposition of a request for continuance rests in the discretion of the trial judge and the exercise of that discretion will not be disturbed unless a clear abuse is shown." (quotation marks omitted)). As the Supreme Court has explained where a defendant unsuccessfully sought an adjournment to find a new attorney:

---

[2] In reliance on the current schedule, Mr. Kamaraju was also assigned to try the *Saipov* case.

The Honorable Paul A. Crotty, U.S.D.J.
December 2, 2019
Page 4

> Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances.

*Morris v. Slappy*, 461 U.S. 1, 11-12 (1983).

Accordingly, the Second Circuit "review[s] an order denying a continuance for abuse of discretion, and . . . will find no such abuse unless the denial was an arbitrary action that substantially impaired the defense." *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011); *see also United States v. Arena*, 180 F.3d 380, 397 (2d Cir. 1999) (the denial of a defendant's request for an adjournment "will not be reversed absent a showing of both arbitrariness and of prejudice to the defendant"). "The burden of showing such an impairment is on the party complaining of the lack of a sufficient continuance." *O'Connor*, 650 F.3d at 854.

## DISCUSSION

For several reasons, proceeding to trial on January 13, 2020, would be entirely reasonable, would not prejudice the defendant in any way, and would avoid unnecessary and unwarranted prejudice to the public and the Government.

*First*, setting aside the transparent gamesmanship of the defendant's strategy, which is addressed in more detail below, denying Mr. Branden's request is well within the Court's discretion, given the fact that defendant has at least three other attorneys (two of whom have clearances) who have been preparing for this trial since at least April 2018. Those attorneys have received more than enough pretrial disclosures to be prepared for trial: (i) because they have and are continuing to receive reports of witness interviews and the Government's witness list, they know what the Government's witnesses are expected to testify to at trial months in advance of trial; (ii) because they have received a particularized proffer from the Government and numerous detailed filings (including a bill of particulars and CIPA Section 10 notice), they have abundantly fair notice of the Government's theory of the case and trial arguments, months in advance; (iii) because they have received the Government's classified exhibits, they know which documents the Government will use to prove critical elements of its case, including why, when, and how Schulte stole the classified information at issue at trial; and (iv) because they have had more than a year with the Government's classified discovery and have worked with at least one forensic expert during that time, they have had ample time to prepare and litigate discovery requests and craft a defense strategy (which they plainly have done, as reflected in defense arguments in filings and at conferences). Put simply, Schulte's defense team has had more than enough time and notice to prepare for trial and develop defense strategy.

*Second*, Mr. Branden entered this case as *additional* counsel to a defense team that received all of the pretrial disclosures described above and which agreed not to seek an additional adjournment barring "exceptional and unforeseen circumstances." (Dkt. 129 at 1). His

The Honorable Paul A. Crotty, U.S.D.J.
December 2, 2019
Page 5

appointment was intended to help meet the current schedule, not delay it—the Court expressly appointed Mr. Branden because he was "able and willing to accept this appointment," "[i]n light of the trial schedule," and based on Mr. Branden's "availability for a 3 to 4 week trial." (Dkts. 164 & 166).  Mr. Branden's adjournment request is based on the claim that he needs additional time to prepare for trial as *additional* counsel, notwithstanding primary counsel's long history in the case.  But even in cases involving the replacement of primary counsel, courts in this Circuit are wary of approving continuances that are a "vehicle for achieving delay." *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir. 1996) (internal quotation marks and citation omitted); *United States v. Maxey*, 498 F.2d 474, 482-83 (2d Cir. 1974) (affirming denial of continuance where defendant discharged appointed counsel and retained new counsel approximately four weeks before trial, and where district court said that new lawyer "had to be one who would not come in on [the first day of trial] and ask for more time to prepare"); *see also United States v. West*, 878 F.2d 1111, 1113 (8th Cir. 1989) ("To retain new counsel [two weeks before trial] and then seek to delay trial to give the new counsel more preparation time is a tactic . . . a district court need not tolerate."); *United States v. Martin*, 740 F.2d 1352, 1360-61 (6th Cir. 1984) (affirming denial of continuance where defendant replaced appointed counsel with retained counsel ten days prior to trial, notwithstanding the "complexity of the case," because new "counsel did have more than a week to prepare for trial and presumably had access to the fruits of appointed counsel's earlier preparation efforts").

The Court should be particularly skeptical of this—or any future—adjournment request in light of the defendant's avowed intention to seek to cow the CIA and the Government into abandoning this prosecution.  The defendant has openly declared an "information war" against the United States, and his "war" contemplates the illegal disclosure of classified information for the purpose of crippling the United States' relationships with its foreign partners.  Schulte has stated so himself, and the requested adjournment would only increase Schulte's graymail leverage.  *See United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (noting the problem of "graymail," *i.e.*, "a threat by the defendant to disclose classified information in the course of trial").  Continuing to delay this trial invites continued impropriety by Schulte, rather than a resolution of this case in the proper manner—with a trial.

*Third*, trial is not scheduled to begin until January 13, 42 days from now, and Mr. Branden has more than enough time to prepare to discharge his duties as additional counsel supplementing Schulte's primary attorneys.  While Mr. Branden claims that this trial is extraordinarily complex, several features of the Government's proof, disclosed long in advance of trial, are straightforward.  For example, one aspect of the Government's case focuses on Schulte's motive, which the Government intends to prove though, among other things, witness testimony (which the defendant has the substance of), and emails and other communications (which the Government has identified for the defendant).  The most technical aspects of the case involve forensic evidence, but focus on discrete dates (all of which have been identified for the defense), and materials that the Government has specifically identified to the defense and its expert.  Moreover, Mr. Branden notes that the Government has identified 16 forensic examiners, but virtually all of those individuals were identified simply because they created a forensic image of an electronic device—something done in virtually every criminal case—and the Government intends to seek a stipulation from the

defense so that their testimony, which would be short and repetitive, is unnecessary.[3]  Given the nature of the Government's case and the pretrial disclosures the Government has already made to the defense, the purported complexity of this case does not support yet another adjournment.  *See, e.g.*, *United States v. Cronic*, 466 U.S. 648, 661-65 (1984) (25 days sufficient for inexperienced attorney to prepare for complex fraud trial that had taken the Government over four years to investigate); *United States v. Stevenson*, 660 F. App'x 4, 5-6 (2d Cir. 2016) (holding that, in complex public corruption case, "it was not arbitrary for the district court to conclude that 26 days was a sufficient time for counsel to prepare"); *United States v. Burgos*, 579 F.2d 747, 750 (2d Cir. 1978) (affirming denial of continuance where defendant "retained new counsel two weeks prior to the date set for trial"); *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009) (affirming denial of continuance in "complicated" mortgage fraud case where defendant substituted counsel six weeks prior to trial); *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007) (affirming denial of continuance where new counsel was appointed ten days prior to trial in a case involving "ten defendants, even more witnesses, and voluminous discovery"); *Martin*, 740 F.2d at 1361 (affirming denial of continuance where defendant replaced appointed counsel with retained counsel ten days prior to trial, notwithstanding the "complexity of the case," because new "counsel did have more than a week to prepare for trial and presumably had access to the fruits of appointed counsel's earlier preparation efforts").

*Fourth*, proceeding in January 2020 is particularly appropriate in this case because of the victim of the charged offenses—the CIA.  As described in more detail in the Government's witness protection motion, filed on November 26, 2019 (the "Nov. 26 Motion")—the Government's CIA witnesses include individuals who are involved in sensitive intelligence-gathering for the nation's security.  Some of the Government's witnesses are involved in operations that are of particular importance now and would be meaningfully impacted were this trial to be adjourned for six months.  The sensitivity of these witnesses has, as described in the Nov. 26 Motion and its attached declaration, required the Government and the CIA to seek and to implement significant protective measures to ensure the security of these witnesses.  It is no exaggeration to say that further delaying this trial would implicate real national security interests that should—in the absence of a counterbalancing prejudice to the defendant's rights—preclude any further adjournment.

*Finally*, to the extent the Court deems attorney scheduling issues relevant to the adjournment request, and as the Government stated to defense counsel in agreeing to the last adjournment, further adjournments of the trial would conflict with trial schedules in other cases.  Mr. Laroche has been involved in both this prosecution and the *Saipov* matter—a death penalty prosecution involving the deadliest terrorist attack in New York City since September 11, 2001—since their inception, and thus, is intimately familiar with the multitude of issues presented by both cases.  Mr. Kamaraju joined this matter in February 2018—and thus has helped address most of the complicated discovery, litigation, and trial issues—and was assigned to the *Saipov* trial team in reliance on the current schedule.  Jury selection in *Saipov* is scheduled to begin on April 13,

---

[3] Mr. Branden also references the fact that the "defense has subpoenaed more than 50 witnesses," but does not explain how that justifies a trial adjournment.  (Ltr. at 2).  To the extent Mr. Branden is arguing that attempting to subpoena 50 witnesses complicates defense preparation, that is a problem of the defense's own making and it does not justify a trial adjournment.

2020.  Mr. Denton was added to the *Schulte* trial team more recently, but already has been involved in critical stages of this litigation, including the significant CIPA Section 6 briefing, the *Curcio* briefing, and CIPA Sections 5 and 6 litigation.  Mr. Denton and Ms. Shroff are scheduled to begin trial on May 25, 2020, in *United States v. Mohamed et al.,* 18 Cr. 603 (ARR) (E.D.N.Y.), a case involving the kidnapping of an American citizen by Somali pirates.  The Government readily concedes that if a defendant's right to a fair trial is at stake, the prosecution team's schedule is of minimal significance.  But Schulte's right to a fair trial is in no way impacted, let alone "substantially impaired," *O'Connor*, 650 F.3d at 854, by the issues raised in Mr. Branden's letter, and the Court has discretion to consider countervailing scheduling and efficiency issues presented by the requested relief.[4]

For all of the foregoing reasons, the Government respectfully submits that Mr. Branden's adjournment request should be denied.  The defendant and his defense team are well positioned to present a robust and well-prepared defense if the trial proceeds on January 13, 2020—Schulte's primary counsel has been preparing for this trial for more than a year.  Moreover, Mr. Branden has more than enough time to prepare for his role as additional counsel, particularly in light of his access to other defense attorneys and at least one expert who have been working with this material for more than a year.  Finally, proceeding on January 13 will avoid diverting further the resources of a critical group of CIA employees during an important time period, and present scheduling conflicts with trials set by other judges that are expected to involve members of both the *Schulte* prosecution team as well as his defense team.

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the Court should deny Mr. Branden's request for a trial adjournment.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
David W. Denton, Jr.
Sidhardha Kamaraju
Matthew Laroche
Assistant United States Attorneys
Tel.: 212-637-2744 / 6523 / 2420

Cc:  Defense Counsel (via ECF)

---

[4] Even if an adjournment were necessary to ensure the defendant receives a fair trial (and for all the reason in this letter, it is not), the Government respectfully submits that the Court can and should set another trial date that avoids impacting the prosecution teams on this and other important national security prosecutions.