**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

December 3, 2019

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Joshua Adam Schulte*, No. 17 Cr. 548 (PAC)

Dear Judge Crotty,

    We write to clarify the current scheduling deadlines and request a one-week extension of time to file the defense response to the government's 77-page motion in limine. The motion in limine schedule was originally set with opening motions due on November 18, 2019, and responses due on December 6, 2019. *See* Dkt 146. After the Court granted a one-week adjournment of the schedule, the government filed a 77-page motion on November 25, 2019. As the defense understands it, due to the one-week adjournment in the filing of the opening motion, the response date also should have been moved by one week, i.e., from December 6 until December 13, 2019.

    The government's motion raises at least 8 separate topics, and many subtopics. Unlike traditional motions in limine, it does not point to specific documents or statements the government wishes to introduce, but instead includes a lengthy recitation of the government's trial theory and requests to introduce large categories of information. For example, in Point II, the government states that Schulte's "conduct in prison," his "MCC Calls," and his "Notebooks" should be admissible. The government does not limit its request to certain calls, conduct, or notebook pages that it seeks to admit.[1] Dkt 195, at 37-38. When the government does point to specific

---

[1] In a November 13, 2019, email and November 14, 2019, phone call, the defense team asked the government which of Mr. Schulte's statements and writings it was seeking to introduce. The government indicated that the motion in limine would answer that question, so that the defense

1

statements or actions it seeks to introduce, it couches the requests by using the word "including," repeatedly indicating that its requests are not limited to the listed examples. *See, e.g.,* Dkt 195, p. 21 ("the Government intends to introduce…numerous events that occurred at the CIA involving [Mr.] Schulte, including" five listed events); p. 33 (the contents of the accounts "contained [four listed pieces of evidence], among other things") p. 55 (asking to use proffer statements, "including" "claims about" passengers getting off a train) (emphasis added). In Point VIII, it identifies additional categories of information the government would like to rely on in its cross-examination of Mr. Schulte, some of which, confusingly, overlap with the information already discussed in Point II. *Id.* at 74-75. It then states in a footnote that the "Government may seek to introduce [Mr.] Schulte statements" in "its case-in-chief," in "light of some of the arguments made by defense counsel in pretrial proceedings," despite asking to use the evidence only in cross-examination in the body of the motion. *Id.* at 75, n. 17. These blanket requests make the government's motion unusually difficult to respond to.

      The Court's ruling on the government's motion will shape the entire character of the trial evidence in this case. Therefore, due to the length and complexity of the government's motion, as well as the crush of other deadlines scheduled in this case, (including multiple defense filings due December 6 and a CIPA hearing set for December 16), the defense now respectfully requests a one-week extension of time to respond to the government's motion, i.e., from December 13 to December 20, 2019.

      The government has advised us that, despite receiving an extra week on its filing, it opposes a response deadline beyond December 9, 2019.

                                                          Respectfully submitted,

                                                        _____/s/_____
                                                        Edward S. Zas
                                                        _____/s/_____
                                                        Sabrina P. Shroff

---

would be able to respond with specific objections. The government's motion, as filed, however, does not pinpoint what statements or writings it seeks to use.