*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 5, 2019

Via ECF
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United State Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

      Re:    *United States* v. *Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

      The Government writes in opposition to the defendant's December 3, 2019 letter seeking yet another adjournment of the January 13, 2020 trial date.  The defendant's request is based on an incorrect and illogical description of the record, as well as the flawed premise that he is entitled to know every detail of the Government's theory of the case weeks before trial, and thus should be denied.  Moreover, the issues identified in the defendant's letter could have been raised in their November 26, 2019 adjournment request.  The defendant's serial meritless adjournment requests reinforce that the defense's efforts to delay this trial are part of an improper strategy to stall this case for as long as possible to put inappropriate pressure on the Central Intelligence Agency ("CIA").  *See* Dkt. 203, at 2.

      In his letter, the defendant principally contends that the Government misled him into believing that a particular SanDisk thumb drive (the "Thumb Drive) was "the device that was <u>used to steal</u>" all of the classified information taken from the CIA, *i.e.*, that the entirety of the classified information was loaded onto the Thumb Drive from a computer at the CIA.  To support this claim, the defendant cites to one portion of one sentence in a classified discovery letter from June 2019, in which the Government stated that the Thumb Drive "was used <u>during</u> the illegal theft of the classified information."  That statement accurately summarizes one part of the Government's theory of this case, and is consistent with the cited portion of the Government's argument at the November 20, 2019 conference.  The Thumb Drive was inserted into the defendant's workstation on April 20, 2016, <u>during</u> the time period when he stole the classified information, and then, after the theft was complete, the defendant erased logs of his activities and repurposed the Thumb Drive to make it appear as if it had never been used.  Thus, the defense's claim that the Government is using "confusing bait-and-switch tactics"—when in fact the Government has provided an immense amount of early pretrial disclosures—is simply false.  The Government's theory that the Thumb Drive was used during the theft has been consistently presented, and is entirely consistent with the Government's arguments at the November 20 conference.

The Honorable Paul A. Crotty, U.S.D.J.
December 5, 2019
Page 2

      Due to the defendant's destruction of evidence and the facts that he thereby obscured, the Government has not made any representations to the defense about precisely <u>how</u> the Thumb Drive was used.  Nevertheless, the Government has disclosed its anticipated expert testimony well in advance of trial and addressed follow-up questions from defense counsel, leaving the defense experts well-positioned to scrutinize those opinions, conduct independent analysis, and respond with their own views.  It has also been clear to the defense for more than a year that the Thumb Drive could not possibly have been the only piece of storage media involved in the defendant's crimes.  Specifically, the Thumb Drive did not have enough storage capacity to hold all of the classified information that the defendant stole from the CIA, as reflected in the forensic image of the Thumb Drive that the Government produced in discovery in December 2018.  Defense counsel indeed confirmed months ago that they knew the Thumb Drive was not large enough to have stored all of the stolen classified information.  They also highlighted that fact to the Court in their opposition to the Government's motion pursuant to section 6 of the Classified Information Procedures Act ("CIPA").  (Def.'s Opp'n at 4, 11 (identifying the Thumb Drive as being 32-gigabytes in size, but noting that the Government contends that the defendant stole a substantially larger total quantity of classified information).  Thus, there can be no reasonable claim of unfair surprise.  To the extent the defense devoted time to "refuting" a theory never presented by the Government, such efforts would not warrant an adjournment or any other relief based on a motion presented six weeks prior to the start of the trial.

      In this respect, the defendant contends that the Government must "clearly identif[y] for the defense how it claims the classified information was stolen and sent to WikiLeaks," and then their "expert would need sufficient time to examine the government's new theory." (Ltr. at 2).  This is wrong as a matter of law.  "The Government is not required to disclose the manner in which it will attempt to prove the charges, nor the means by which the crimes charged were committed."  *United States v. Triana-Mateus*, No. 98 CR. 958 (SWK), 2002 WL 562649, at *5 (S.D.N.Y. Apr. 15, 2002);  *see also, e.g., United States v. Dupigny*, No. S1 18 CR. 528 (JMF), 2019 WL 2327697, at *2 (S.D.N.Y. May 30, 2019) ("The Government need not preview its case or legal theory or 'particularize all of its evidence' against a defendant."); *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) ("The Government may not be compelled to . . . disclos[e] the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Government's evidence or legal theories."); *United States v. Kaplan*, No. 02 CR. 883 (DAB), 2003 WL 22880914, at *13 (S.D.N.Y. Dec. 5, 2003) ("[T]he Government is not required to provide to defendant information that would, in effect, provide the defendant with a pretrial preview of the Government's case.").  The defense has all that is appropriate at this point—and more—to prepare for trial.  The Government has provided the defendant a detailed (and consistent) preview of its case on numerous occasions over the past year, including a proffer of the Government's proof to defense counsel more than a year before trial, a bill of particulars detailing specific aspects of the charges in this case almost nine months before trial, and multiple pretrial filings (in addition to the motions *in limine*) in which the Government has described in great detail the case it intends to present at trial.  Put simply, there is no "new theory" to be disclosed or to be investigated.

      Finally, the defendant's other alleged bases for an adjournment are without merit.  The defendant's claim that he is entitled to a complete forensic image of his workstation, the ESXi

The Honorable Paul A. Crotty, U.S.D.J.
December 5, 2019
Page 3

server, and other servers has been rejected repeatedly by the Court and the defendant has not articulated a valid basis to revisit the Court's prior ruling. *See* CIPA § 4 Order at 12 (explaining that "Schulte is not entitled to unfettered access," but that the Court may consider additional forensic discovery if the defendant "submits a more tailored request and provides a good reason for further forensic discovery"). The defendant's claim that the Government's November 5, 2019 production is both "minimal" and "strategic" is not only false, it is belied by the fact that the defense *has yet to even review those materials*. The defendant's claim that there "remains outstanding discovery and rulings by the Court on CIPA practice that make a January 13, 2020 fair trial impossible" ignores that the only outstanding CIPA issues will be addressed at a hearing on December 16, 2019, roughly a month before trial. And the defendant's claim that trial must be adjourned because the Government has yet to provide the names of "two cooperators" ignores that the Government is not required to disclose any witness's name until it produces 3500 material. *See, e.g.*, *United States v. Bejasa*, 904 F.2d 137, 139-140 (2d Cir. 1990) (finding no abuse of discretion in district court's decision not to compel such disclosure absent "a specific showing that disclosure was both material to the preparation of the defense and reasonable in light of the circumstances surrounding the case"); *see also United States v. Campo Flores*, No. 15 Cr. 765 (PAC), 2016 WL 5946472, at *11-12 (S.D.N.Y. Oct. 12, 2016) (denying requests for early witness disclosures).

For all of these reasons, and those detailed in the Government's December 2, 2019 opposition to the defendant's other pending adjournment request, the Court should deny the defendant's repeated and frivolous attempts to delay this trial.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

By:     /s/
    David W. Denton, Jr.
    Sidhardha Kamaraju
    Matthew Laroche
    Assistant United States Attorneys
    Tel.: 212-637-2744 / 6523 / 2420

Cc: Defense Counsel (via ECF)