# THE LAW OFFICES OF SEAN M. MAHER, PLLC

December 13, 2019

**VIA ECF (with redactions)**
**EX PARTE (without redactions)**

The Honorable Paul A. Crotty
Unites States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      RE:    *United States v. Joshua Adam Schulte*,
              17 Cr. 548 (PAC)

Dear Judge Crotty:

      As directed by the Court, I respectfully write in connection to the *Curcio* hearing scheduled for December 18, 2020 to offer my requests as Mr. Schulte's *Curcio* counsel regarding the process the Court should follow to resolve the actual and potential conflicts of interest involving members of Mr. Schulte's current trial team. My requests and the reasoning underlying the requests are set forth in numbered paragraphs below in an effort to untangle the issues that can easily be conflated or overlooked because of the complicated scenario that is unfolding.[1]

1.      Mr. Schulte has the constitutional rights to call witnesses on his behalf and to present a defense.[2] Mr. Schulte wants to have the ability to call both Ms. Shroff and Mr. Larsen at trial as fact witnesses in his defense.

---

[1] Because this letter contains some passages that contain protected information, I respectfully request permission to file this letter publicly with redactions and to provide the Court with an unredacted copy of the letter *ex parte* and under seal.

[2] These rights derive directly from the Sixth Amendment, and are supported by the Due Process Clause of the Fifth Amendment. "The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf has long been recognized as essential to due process." *Chambers v. Mississippi*, 401 U.S. 284, 294 (1973). "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Howard v. Walker*, 406 F.3d 114, 131 (2d Cir. 2005)(quoting *Taylor v. Illinois*, 484 U.S. 400, 408 (1987). "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present

THE LAW OFFICES OF SEAN M. MAHER, PLLC

[redacted]

3.     The issue before the Court is whether Ms. Shroff, Mr. Larsen, and the entire Federal Defenders Office should be disqualified from being involved in the representation of Mr. Schulte in this criminal matter.[3]

4.     In some conflict of interest situations, the trial court should disqualify trial counsel even if a defendant is willing to waive the conflict.[4] Thus, even if Mr. Schulte were to state right now that he is choosing not to call Mr. Larsen or Ms. Shroff as fact witnesses at trial, the Court still may have the authority to disqualify the attorneys to ensure that Mr. Schulte can make the arduous decision of whether to call a member or former member of his legal team as a witness unfettered by the weight of knowing that his legal team will be dismantled depending upon what choice he makes.

5.     A defendant should never be placed in the position to have to make the decision himself whether to retain his current counsel and forego potentially exculpatory evidence.[5] It is a core function of our court system to take such a decision out of the hands of a defendant once it is clear that the attorney is a necessary fact witness.[6]

---

his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19 (1967).
[3] [redacted]

[4] "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States,* 486 U.S. 153, 160 (1988). "[W[here a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver." *Id.* at 162; *United States v. Arrington*, 867 F.2d 122, 129 (2d Cir. 1989); *see, e.g. United States v. Kliti*, 156 F.3d 150 n.10 (2d Cir. 1998).
[5] Disqualification in advocate-witness rule situations "prevents parties from being forced to 'choose between the attorney's testimony and his representation.'" *Rizzuto v. De Blasio*, 2019WL1433067 at *3, Memorandum and Order, 17-CV-7381 (ILG)(ST)(E.D.N.Y. March 29, 2019)(quoting *MacArthur v. Bank of New York*, 524 F. Supp. 1205, 1209 (S.D.N.Y. 1981)).
[6] "When faced with an attorney as a sworn or unsworn witness, the proper recourse is to disqualify the attorney, not to exclude the testimony." *Kliti*, 156 F.3d at 156 (citing *United States v. Dennis*, 843 F.2d 652, 656 (2d Cir.1988)). The trial court's obligations to conduct inquiries

# THE LAW OFFICES OF SEAN M. MAHER, PLLC

6. Notwithstanding the Court's authority to order disqualification over the wishes of a defendant, Mr. Schulte's desire to have the ability to call Mr. Larsen and Ms. Shroff as trial witnesses and the Court's duty to order disqualification in light of the present facts before it align.

7. The *Curcio* hearing on December 18, 2019 should go no further than advising Mr. Schulte that Ms. Shroff and Mr. Larsen are fact witnesses who Mr. Schulte may decide to call in his defense at trial and, accordingly, the Court must disqualify Ms. Shroff, Mr. Larsen, and the entire Federal Defenders Office from representing Mr. Schulte any longer.

8. The Court should inform Mr. Schulte that the disqualification of counsel is an important safeguard of our judicial system to protect his right to call fact witnesses in his defense at trial. The Court should inform Mr. Schule that the consequences of disqualification are that new counsel will need to be appointed to represent Mr. Schulte, that new counsel will need time to get up to speed on the case, that the trial will need to be adjourned a reasonable amount of time to permit new counsel to be adequately prepared for trial, and that the ensuing delay will be excluded from Speedy Trial Act time calculations.

9. On December 18, 2019 the Court should enter an order disqualifying Ms. Shroff, Mr. Larsen, and all employees of the Federal Defender's Office from representing Mr. Schulte in this matter and should appoint new conflict-free counsel to represent Mr. Schulte.

10. The Court should adjourn the February 3, 2020 trial date in light of the proposed disqualification order.

11. At Mr. Schulte's rescheduled trial, Mr. Schulte should be free to call former members of his legal team in a manner no different than he would call any other defense witness. Should Mr. Schulte and his new counsel decide to raise an advice of counsel defense, all rules concerning the raising of such a defense will apply.

12. The Court should draw a demarcation between (1) the process of determining whether current counsel should be disqualified and (2) the ultimate defense tactical decision at trial of whether to actually call any specific defense witness, including one or more former members of Mr. Schulte's defense team.

---

into actual and potential conflicts of interest, to determine when a waiver is appropriate, and to order disqualification "stem from the Sixth Amendment, [and] arise whenever there is the possibility that a criminal defendant's attorney suffers from any sort of conflict of interest." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). These obligations "exist because trial courts have an 'independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment.'" *Id.* (quoting *Wheat*, 486 U.S. at 161).

THE LAW OFFICES OF SEAN M. MAHER, PLLC

13.     Until such time at trial that Mr. Schulte elects to call a former member of his legal team as a witness at trial, the Court should not place Mr. Schulte in the position of having to waive his attorney-client privilege or confidentiality in any way.[7]

14.     At the time that Mr. Schulte elects to call a former member of his legal team as a fact witness at trial, the Court should conduct a new *Curcio* hearing to make sure that Mr. Schulte understands that by calling a former member of his legal team to testify as a fact witness, he may be waiving his attorney-client privilege and confidentiality. The Court should advise Mr. Schulte of potential detriments that may ensue by calling former members of his legal team as fact witnesses at trial.

15.     The process described in ¶ 14 should not be conflated with the process described in ¶¶ 7-8. While it may seem more efficient to do everything at once, such a process would cause irreparable harm to Mr. Schulte's ability to mount an effective defense and to retain his attorney-client privilege and confidentiality.

16.     Should the Court disqualify counsel on December 18, 2019, the time still is not ripe for Mr. Schulte to be placed in the position to make the ultimate decision as to whether to call a former member of his legal team as a fact witness at trial. First, current trial counsel are conflicted from giving Mr. Schulte advice concerning this because they are fact witnesses themselves or work in the same law office with a fact witness.[8] Second, current *Curcio* counsel, while able to help advise Mr. Schulte on the general benefits and detriments associated with calling members of his legal team as a fact witnesses at trial, does not have the in-depth knowledge base of all classified, unclassified, and technical information in this case that must be carefully weighed to make the ultimate decision at trial of which witnesses to call. Third, the trial evidentiary landscape is still in flux. Important pieces of both unclassified and classified evidence have been challenged and what will finally be admitted or precluded at trial is still undetermined. Mr. Schulte should not be compelled to choose his trial witnesses when such uncertainty surrounding the actual trial evidence still exists. Fourth, and most important, Mr. Schulte should make the ultimate decision of whether to call a former member of his legal team with the advice of new conflict-free counsel who are fully up to speed on all aspects of the case.

17.     At this stage, the Court should not release the substance of the attorneys' potential trial testimony that was proffered *ex parte* by trial counsel,[9] and should not order counsel to make any further public proffers concerning the anticipated testimony. First, Mr. Schulte should not be

---

[7] *See United States v. Wilkerson*, 388 F. Supp.3d 969 (E.D. Tenn. 2019).

[8] Mr. Branden, who was appointed to join the defense team on October 29, 2019, does not appear to have a conflict of interest in relation to the advocate-witness issue. His immediate preparedness to assist Mr. Schulte in fact-intensive litigation is another matter, as reflected in his trial adjournment request, Doc. No. 202, and the statements he made to the Court at the December 9, 2019 conference.

[9] Doc. Nos. 128 & 150 (filed partially under seal).

THE LAW OFFICES OF SEAN M. MAHER, PLLC

forced to waive attorney-client privilege and confidentiality so soon before trial.[10] Second, it is an open question as to how the Court would make such a factual finding. For example, who would make a factual showing on behalf of Mr. Schulte? Current counsel is conflicted and *Curcio* counsel to date has been tasked with advising Mr. Schulte as to the issues set forth in the Court's *Curcio* Order, not taking on the entire role of trial counsel who are fully immersed in every detail of the case. New conflict-free counsel who are up to speed on the case would be in the best position to handle this.

18.     If the Court requires any factual showing beyond what has already been proffered by current trial counsel,[11] then the Court should make sure that the process it utilizes safeguards Mr. Schulte's attorney-client privilege and confidentiality. For instance, any further defense showing should be permitted to be made *ex parte*.

19.     The government previously has sought to curtail the scope of disqualification by arguing that the attorneys' testimony would be cumulative. It is my understanding that the government may request the Court to conduct a "cumulative evidence" assessment of the attorneys' testimony at the December 18, 2019 *Curcio* hearing. It is premature, however, to conduct any such inquiry.[12] Mr. Schulte should not be forced at this point to choose calling one witness over another. After the government rests, Mr. Schulte and new counsel may decide that Ms. Shroff is the best witness to call; they may decide to call both Ms. Shroff and Mr. Larsen. At this point, one can't just say that Mr. Larsen is the "best" witness to call, and thus Mr. Schulte should be forced to have only Mr. Larsen available to be called. The reality is that there are so many potential scenarios in which Mr. Schulte would need the flexibility to call either witness. What if Mr. Larsen for any host of reasons is not available at trial because of sickness, travel, incapacity, or some other reason? What if Mr. Larsen testifies, but states something unexpected or forgets an important detail? At that point, *arguendo*, even if the Court previously believed Mr. Larsen's and Ms. Shroff's testimony would be cumulative, it no longer would be cumulative and Mr. Schulte would have the right to call Ms. Shroff, which would lead to an immediate mistrial and even more months of trial delay.

20.     The solution to the host of actual and potential conflicts before the Court is to disqualify Ms. Shroff and the entire Federal Defenders Office and to appoint new conflict-free counsel for Mr. Schulte.

---

[10] *See Wilkerson*, 388 F. Supp.3d at 972-975.

[11] Doc. Nos. 128 & 150 (filed partially under seal).

[12] It is not conceded in any way that the testimony of Mr. Larsen and Ms. Shroff would be cumulative.

233 BROADWAY, SUITE 820, NEW YORK, NEW YORK 10279
(212) 661-5333 ● (347)548-9959 FAX
WWW.SEANMAHERLAW.COM

## THE LAW OFFICES OF SEAN M. MAHER, PLLC

Page 6 of 6

Respectfully submitted,

____/S/_____
Sean M. Maher
*Curcio Counsel for Joshua Adam Schulte*

cc: All counsel via ECF