**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 13, 2019

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United State Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

     **Re:**    *United States* **v.** *Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

     The Government submits this letter regarding the *Curcio* proceeding scheduled in this matter for December 18, 2019, to provide the Court with relevant legal authorities, to suggest an order of proposed proceedings at the hearing, and to provide the Court with suggested questions to pose to the defendant to ensure that any waiver of his rights is knowing and voluntary. The Government respectfully submits that the hearing on December 18 should proceed in two parts. *First*, the Court should determine if—after consulting with independent counsel, Sean Maher— the defendant does in fact wish to call both Matthew Larsen, an attorney from the Federal Defenders of New York ("Federal Defenders") who formerly represented the defendant, and Sabrina Shroff, an attorney formerly from the Federal Defenders who currently represents the defendant, to testify on his behalf at trial. If, after being advised of the consequences of calling an attorney to testify—including the waiver of attorney-client privilege that would result—the defendant knowingly and voluntarily confirms that he does not in fact wish to call either attorney to testify, then no further inquiry is required. *Second*, if the defendant wishes to call one or both attorneys to testify, the Court should then determine if the testimony is admissible. If the Court concludes that the testimony of one or both attorneys is inadmissible, then there would likewise be no conflict, for the reasons identified in the Court's September 26, 2019 Order (Dkt. 147) and discussed further below. Because the defendant does not have a right to present inadmissible testimony, he would not be giving up any rights by not calling a witness the Court has precluded.

     At the hearing, "[t]he ultimate goal of these procedures is to permit the court to determine whether the defendant's waiver of his right[s] . . . is knowing and intelligent." *United States v. Perez*, 325 F.3d 115, 119 (2d Cir. 2003). "When the trial court knows or reasonably should know of the possibility of a conflict of interest, it has a threshold obligation to determine whether the attorney has an actual conflict, a potential conflict, or no conflict." *United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998). Here, the Court has received extensive submissions from counsel, appointed independent counsel for the defendant who has reported to the Court *ex parte*, and will receive additional information at the hearing on December 18, 2019, and therefore will have

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 2

satisfied the threshold obligation to conduct the appropriate inquiry. *See, e.g.*, *United States v. Pappa*, 37 F. App'x 551, 554 (2d Cir. 2002) ("The district court's numerous colloquies with counsel satisfied its obligation to make this initial inquiry, which is distinct from a *Curcio* hearing."). "If, as a result of its inquiry, the court concludes that there is no conflict," there is "therefore no need to disqualify the attorney or to hold a *Curcio* hearing," *id.*, because the defendant would not be waiving his right to conflict-free counsel.

Confirming the Defendant's Desire to Call His Attorneys to Testify

Here, the possibility of a conflict of interest arises because the defendant has indicated that he wishes to call both Mr. Larsen and Ms. Shroff to testify on his behalf about advice that they provided him that may be relevant to Counts Four and Eleven (the "MCC Counts") of the Second Superseding Indictment (the "Indictment"). Unlike a typical *Curcio* hearing, in which a defendant is asked to waive his right to the undivided loyalty of counsel, which goes to all aspects of counsel's performance, here the potential conflict only arises because the New York Rules of Professional Conduct prohibit an attorney from acting as both an advocate and a fact witness in the same proceeding. *See* N.Y. R. Prof'l Conduct § 3.7(a); *see also Kliti*, 156 F.3d 156 (reasoning that trial counsel "testifying on behalf of his client . . . would result in his disqualification"). An *actual* conflict of interest exists only when, "during the course of the representation, the attorney's and the defendant's interest diverge with respect to a material factual or legal issue, or when the attorney's representation to the defendant is impaired by loyalty owed a former client." *United States v. Blau*, 159 F.3d 68, 75 (2d Cir. 1998) (internal citation omitted). Here, by contrast, as the Court has already observed, the interests of counsel and the defendant are aligned: the proposed testimony "is favorable and on behalf of [counsel's] client." Dkt. 147 at 5. Accordingly, if—irrespective of the potential attorney-witness issue—the defendant does not in fact wish to call Mr. Larsen and Ms. Shroff to testify, then there is no conflict of interest and the defendant would not be waiving any rights.

By contrast, if the defendant does intend to call Mr. Larsen and Ms. Shroff to testify, he must waive important rights. Whatever the purpose of the defendant in calling a current or former attorney to testify—whether phrased as a formal advice-of-counsel defense or not—the law is clear that offering such testimony would constitute a waiver of attorney-client privilege. "[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000); *see also id.* at 183 n.4 ("The client's offer of his own or the attorney's testimony as to a specific communication to the attorney is a waiver as to all other communications to the attorney on the same matter." (citation and quotation marks omitted)); Fed. R. Evid. 502(a) (waiver of privilege extends to "communications or information concern[ing] the same subject matter"). The law recognizes that an affirmative waiver of privilege must apply fairly to both parties, because "[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). Accordingly, if the defendant calls one of his attorneys to testify—for any purpose—the Government is entitled to receive, whether in discovery or by subpoena, all of the defendant's communications with that attorney "on the same matter." 219 F.3d at 182. Similarly,

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 3

the defendant's decision to introduce testimony from his attorneys would open the door to rebuttal evidence from the Government. *See, e.g.*, *United States v. Delia*, 944 F.2d 1010, 1018 (2d Cir. 1991) ("Delia was forced to make a difficult choice on whether the value of his anticipated evidence would outweigh whatever damaging rebuttal evidence the government might produce.").

In order to ensure that the defendant's decision regarding his wish to present attorney testimony at trial is informed, knowing, and voluntary, the Government respectfully proposes that, at the outset of the proceedings, the Court confirm that the defendant has had an adequate opportunity to consult with *Curcio* counsel about the decision, ensure that the defendant understands the consequences of the decision, and determine whether, in light of those consequences, it is in fact the defendant's wish to call one or both of Mr. Larsen and Ms. Shroff to testify at trial.

<u>Ruling on the Admissibility of Evidence</u>

If the defendant confirms that he wants to call either or both of Mr. Larsen and Ms. Shroff to testify, the Court should then make a determination whether the proffered testimony is admissible. Unlike the defendant's right to the undivided loyalty of counsel, the defendant has no right to present inadmissible evidence. "[A] trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence." *United States v. Holmes*, 44 F.3d 1150, 1157 (2d Cir. 1995) (citing *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). "Federal Rule of Evidence 403 allows a court to exclude relevant evidence when it is deemed cumulative of already admitted evidence." *United States v. Brand*, No. S1 04 Cr. 194 (PKL), 2005 WL 94849, at *1–2 (S.D.N.Y. Jan. 14, 2005). Under Rule 403, "[t]he exclusion of evidence is generally appropriate when the evidence merely repeats evidence already admitted." 2 Weinstein's Federal Evidence § 403.06 (2019).

Precluding cumulative evidence under Rule 403 does not violate the defendant's rights to present a defense or call witnesses. As the Second Circuit has recognized, although "the Sixth Amendment guarantees a defendant the right 'to have compulsory process for obtaining witnesses in his favor[,]' [a]t the same time, a defendant who alleges a violation of due process and compulsory process due to a missing witness must show the witness would have provided 'favorable evidence which was neither cumulative nor irrelevant.'" *United States v. Desena*, 287 F.3d 170, 176 (2d Cir. 2002) (quoting U.S. Const. amend VI; *Singleton v. Lefkowitz*, 583 F.2d 618, 623 (2d Cir. 1978)). "To establish a Sixth Amendment violation" in this context, "a defendant must demonstrate that he was deprived of the opportunity to present a witness who would have provided testimony that was both material and favorable to his defense," *Howard v. Walker*, 406 F.3d 114, 132 (2d Cir. 2005) (internal quotations omitted), "in ways not merely cumulative to the testimony of available witnesses," *United States v. Ginsberg*, 758 F.2d 823, 831 (2d Cir. 1985) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 873 (1982)).

The admissibility of the evidence at issue is inextricably intertwined with the conflict issue to be resolved at the *Curcio* hearing. First, if the Court determines that all of the evidence is inadmissible, then the attorney-witness prohibition of Rule 3.7 presents no potential conflict affecting the defendant's right to counsel, because the defendant would not be waiving the presentation of any evidence that he otherwise would be authorized to admit.

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 4

It is unclear that the defendant intends to offer Mr. Larsen's or Ms. Shroff's testimony for a permissible purpose. If the defendant proposes to assert an affirmative defense of advice of counsel, then he must demonstrate that he can meet the prerequisites for such a defense. "To benefit from an advice-of-counsel defense, a party must show that he (1) 'honestly and in good faith' sought the advice of counsel; (2) 'fully and honestly la[id] all the facts before his counsel'; and (3) 'in good faith and honestly follow[ed]' counsel's advice, believing it to be correct and intending that his acts be lawful." *United States v. Colasuonno*, 697 F.3d 164, 81 (2d Cir. 2012) (quoting *Williamson v. United States*, 207 U.S. 425, 453 (1908)). "Each requirement must be satisfied." *Id.* If the defendant cannot make a showing that he is able to satisfy each element of the defense, the Court should preclude it. *See United States v. Bailey*, 444 U.S. 394, 416 (1980) ("If, as we here hold, an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense."). On the other hand, if the defendant intends to introduce the testimony of his attorneys for some purpose other than asserting such an affirmative defense, there are "legitimate concerns" where a defendant seeks to "forego any advice of counsel defense, but present[s] evidence of communications with attorneys for some other purpose." *United States v. Rubin/Chambers, Dunhill Ins. Servs.*, 828 F. Supp. 2d 698, 711 (S.D.N.Y. 2011). If the defendant seeks to call an attorney without asserting—and meeting the legal prerequisites for—an advice-of-counsel defense, the Government believes it would have a well-founded objection to such testimony under Federal Rules of Evidence 401 and 403, given that injecting the imprimatur of legal approval of the defendant's actions without actually negating an element of the offense would be either irrelevant, confusing to the jury, or both.

Second, even if the proffered testimony from each of Ms. Shroff and Mr. Larsen is separately relevant when considered in isolation, the Court must also determine whether offering testimony from both witnesses would be cumulative under Rule 403 (if that is what the defendant seeks to do). This too is intertwined with the conflict issue, because whereas Ms. Shroff is still serving as trial counsel in this matter, Mr. Larsen is not. Should the Court determine that testimony from Mr. Larsen is admissible, there would be no potential conflict because Mr. Larsen is no longer part of the defendant's trial team. Specifically, the Government understands that Mr. Larsen would not, regardless of whether he is called as a witness, act as an advocate in these proceedings. *See* Dkt. 147 at 4 ("Even assuming the need for testimony as to Schulte's state of mind arises, the advocate-witness conflict can be avoided because Mr. Larsen is not on Schulte's trial team and could testify as to Schulte's state of mind."). With respect to Mr. Larsen, the pertinent provision is Rule 3.7(b)(1), which prohibits an attorney from serving as an advocate only when "another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue *other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client*." (emphasis added). Because it appears that the testimony the defendant seeks to elicit from Mr. Larsen would be favorable to the defense, not prejudicial, and the testimony would be offered on the defendant's behalf, no potential conflict for the Federal Defenders serving on the defendant's trial team arises if only Mr. Larsen is permitted to testify. *See Murray v. Metro. Life Ins. Co.*, 583 F.3d 173 (2d Cir. 2009) (stating that none of the attorney witnesses were properly considered trial counsel for purposes of Rule 3.7(a) where three of the lawyers called to testify at trial were "transactional lawyers who are not and will not be trial advocates; the fourth, a litigator, is a

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 5

member of the trial team, but will not act as an advocate before the jury"); *United States v. Regan*, 897 F. Supp. 748, 757 (S.D.N.Y. 1995) ("Third, Assistant United States Attorney Gardephe is not participating in the trial of this case and he is available to testify even if his testimony were to be relevant.").

By contrast, if the defendant wishes to also call Ms. Shroff to testify and the Court determines that her testimony is admissible, she must be disqualified under Rule 3.7(a). *See Kliti*, 156 F.3d at 15 & n.8. Ms. Shroff's disqualification would likely require both the appointment of additional attorneys to serve as advocates before the jury and therefore also a probably lengthy adjournment of a trial that has already been repeatedly adjourned. Since first raising the issue in his letter dated August 26, 2019, the defendant has consistently refused to disclose the substance of the testimony he seeks to offer. It appears, however, that Ms. Shroff's testimony would be both irrelevant and cumulative. *See* Dkt. 147 at 5 ("Mr. Larsen is the attorney who provided the advice at issue . . . ."); *see also id.* n.7 (noting that "Ms. Shroff's duplicative testimony" would have little relevance). Her testimony is therefore inadmissible under Rule 403, and should be precluded on that basis. In the event the Court so holds, there is no potential conflict for the defendant to waive.

If the Court decides to admit Mr. Larsen's testimony but rules that Ms. Shroff's testimony is inadmissible, no additional allocution is required regarding the Court's decisions.[1] "A *Curcio* hearing is required whenever a defendant would forgo important testimony by his attorney *because of his attorney's continued representation of him*." *Kliti*, 156 F.3d at 155 (emphasis added). If the Court rules that testimony is inadmissible under the Rules of Evidence, however, the defendant is not forgoing anything as a result of counsel's continued representation.[2]

---

[1] Nor would such a ruling present any potential concern about Ms. Shroff being an "unsworn witness" to the events Mr. Larsen would testify to, because the Court can appropriately limit testimony to preclude mention of Ms. Shroff by name. *See Kliti,* 156 F.3d at 156 ("An agreement to limit inquiry to avoid the problem of counsel as an unsworn witness may be appropriate in some circumstances.") (citing *United States v. Jones*, 900 F.2d 512, 520 (2d Cir. 1990) (concluding that no unsworn witness issue arose from admission of letter drafted by attorney where attorney's name had been redacted, and the attorney's "name never was mentioned")). Indeed, it is routine for third parties to testify as to conversations at which attorneys trying a case were present, and to avoid an "unsworn witness" issue simply by avoiding mention of the attorney's presence. *See, e.g., United States v. Congi*, 420 F. Supp. 2d 124, 129 (W.D.N.Y. 2005) ("The Second Circuit has advised lawyers that they can avoid such a situation by having a third person present when the interview of a witness is conducted. That way, if there is a need for someone to testify as to statements made by the witness at the interview, the third person, instead of the attorney, may so testify.").

[2] In the context of attempts by parties to call opposing counsel as a witness, courts have routinely recognized that it is inappropriate to disqualify trial counsel whose testimony would be merely cumulative. *See, e.g., John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 423 (S.D.N.Y. 2015) (The "availability of other witnesses is essentially fatal to the 'necessity' prong of the disqualification inquiry."); *Finkel v. Frattarelli Bros., Inc.*, 740 F. Supp. 2d 368, 373 (E.D.N.Y. 2010) ("Where counsel's testimony would be merely cumulative of testimony provided by others, disqualification is not appropriate."); *Solow v. Conseco, Inc.*, No. 06 Civ. 5988 (THK), 2007 WL 1599151, at *4 (S.D.N.Y. June 4, 2007) ("The rule requires that a lawyer's testimony be

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 6

Because the defendant has refused to disclose the nature of the supposedly favorable testimony, the Government is unable to address more fully the admissibility of the proposed testimony (and the impact such admissibility would have on the conflict issue). The Government recognizes, however, that disclosing the substance of the advice would require at least a partial waiver of the defendant's attorney-client privilege in those communications. If, in the interests of protecting the defendant's privilege, the Court is able to rule that Ms. Shroff's testimony would be cumulative or otherwise inadmissible on the basis of the *ex parte* representations of the defendant's counsel (including both trial counsel and independent counsel appointed to advise him on these proceedings), the Government does not object to the Court doing so. As the Government has noted, if the Court rules that Ms. Shroff's testimony is inadmissible, then Rule 3.7 does not present a potential conflict, and so such a ruling would resolve most of the issues at stake in the planned hearing.

If the Court believes, however, that the testimony of both Mr. Larsen and Ms. Shroff may be admissible, the Government respectfully submits that it is appropriate for the Court to order the defendant to disclose the substance of the proposed testimony so that the Government has the opportunity to move *in limine* to preclude inadmissible evidence. Recognizing that "[t]he difficulty for the government is that it cannot interview or otherwise obtain discovery from the attorney as to privileged information until the privilege is waived, but the waiver will not occur, if at all, until the attorney testifies on direct examination," courts have "order[ed] that defendant give notice of an intent to rely on an advice-of-counsel defense," *United States v. Mubayyid*, No. 05 Cr. 40026 (FDS), 2007 WL 1826067, at *2 (D. Mass. June 22, 2007); *see also Rubin/Chambers,* 828 F. Supp. 2d at 711 (requiring resolution of issues pertaining to advice-of-counsel defense and attorney client privilege before final pretrial conference); *United States v. Barreiro*, No. 13 Cr. 636 (LHK), 2016 WL 258521, at *1 (N.D. Cal. Jan. 21, 2016) (granting Government motions *in limine* requiring defendants seeking to call attorneys to testify to clarify "whether Defendants waive the privilege as to the White & Case representation of ArtLoan [and] to clarify whether Defendants provided the entire White & Case client file to the government").

Nor does requiring such disclosure run afoul of the defendant's right to present his defense. The Supreme Court has long recognized that "[t]he principle that undergirds the defendant's right to present exculpatory evidence is also the source of essential limitations on the right. The adversary process could not function effectively without adherence to rules of procedure that govern the orderly presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit evidence to contradict or explain the opponent's case." *Taylor v. Illinois*, 484 U.S. 400, 410–11 (1988). Because "[t]he adversary system of trial . . . is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played," no right of the defendant is contravened "by insuring both the defendant and the State ample opportunity to

---

necessary, not simply that it be the best evidence, and to that end, courts deem a lawyer's testimony necessary only if there [are] no other witnesses to the circumstances at issue.") (internal quotation marks omitted); *Shabbir v. Pak. Int'l Airlines*, 443 F. Supp. 2d 299, 308 (E.D.N.Y. 2005) ("[A] lawyer who could provide only cumulative testimony may act as trial counsel."); *Kubin v. Miller*, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992) ("[A]n attorney whose testimony would merely corroborate the testimony of others may not be subject to disqualification.").

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 7

investigate certain facts crucial to the determination of guilt or innocence." *Williams v. Florida*, 399 U.S. 78, 82 (1970). The defendant's right to present a defense does not entitle him to delay the Court's consideration of legal issues such that the Government will "be unable to properly cross-examine witnesses on attorney-client communications because it will not have reviewed privileged documents or interviewed witnesses regarding privileged communications." *Rubin/Chambers*, 828 F. Supp. 2d at 711.

If, after affording the Government the right to be heard on the admissibility of the proposed testimony, the Court concludes that the defendant is entitled to call both Mr. Larsen and Ms. Shroff to testify, additional allocation of the defendant would be required. As noted above, the disqualification of Ms. Shroff would require the appointment of new counsel and would substantially delay the trial of a defendant who has now been in custody for approximately two years. Although calling Ms. Shroff to testify would not require any waiver of the right to conflict-free counsel (because her testimony would be offered on behalf of the defendant and would supposedly be favorable to him), it would require acknowledgement of other important consequences, including both the defendant's right to have his longest-tenured counsel serve as an advocate at trial[3] and the impact on his constitutional and statutory rights to a speedy trial. If the Court ultimately rules that the defendant is entitled to call both attorneys, the Government will propose additional questions to ensure the defendant's knowing and voluntary waiver of those rights at that time.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
David W. Denton, Jr. / Sidhardha Kamaraju /
Matthew Laroche
Assistant United States Attorneys
Tel.: 212-637-2744 / 6523 / 2420

Enclosure
Cc: Defense Counsel (via ECF)

---

[3] Even if the Court were to permit both Mr. Larsen and Ms. Shroff to testify, the nature of the conflict would not require disqualification of the Federal Defenders. Because their interests do not diverge from those of the defendant, "the testifying lawyer may continue to represent the client outside of the tribunal, with the client's informed consent, in pretrial activities such as legal research, fact gathering, and preparation or argument of motions and briefs on issues of law, and may be consulted during the trial by the lawyer serving as advocate." N.Y. R. Prof'l Conduct § 3.7, cmt. 5. Accordingly, there is no bar to the continued participation of the Federal Defenders in all aspects of the proceeding other than advocacy before the jury in this matter, and it would be extraordinarily wasteful to abandon their efforts to date in this case. *See* Order, Dec. 12, 2019 (noting that "none of the risks that Rule 3.7(a) was designed to eliminate apply to the Section 6(c) proceeding").

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 8

## Proposed *Curcio* Script

Brief Background and Competence:

1.   How old are you?

2.   How far did you go in school?

3.   Are you under the care of a physician for any condition that affects your ability to reason or understand today's proceedings? If yes, what condition?

4.   Have you taken any alcohol, drugs, or medications within the past 24 hours? If yes, what alcohol/drugs/medications? How much did you take?

5.   Is there anything interfering with your ability to understand what is happening today?

6.   Who are you represented by in this case?

   a.   How long have they represented you?

   b.   Are you satisfied with their services so far in this case?

Understanding of Purpose of Hearing:

7.   What is your understanding of the purpose of today's hearing? Do you understand that one purpose for today's hearing is to ensure a complete record of any waiver of your rights?

8.   I have appointed Sean Maher, Esq. to provide you with independent advice about the issues at this hearing.

   a.   Have you had adequate opportunity to discuss the purpose of today's hearing with Mr. Maher?

   b.   How long did you discuss the purpose of today's hearing with Mr. Maher?

9.   Mr. Maher has informed the Court that you wish to call two attorneys, Matthew Larsen and Sabrina Shroff, to testify as witnesses for you at trial.  I am going to explain to you certain consequences that would result from you deciding to call an attorney as a witness at trial.

Waiver of Attorney-Client Privilege

10.   Under most circumstances, the law protects your communications with your lawyers from being disclosed to anyone else unless you choose to disclose them.  This is what is known as the "attorney-client privilege."  Do you understand this?

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 9

11.    Do you understand that certain decisions you make, however, can result in a waiver of that privilege, and the Government would be entitled to know about some of your communications with your attorneys?

12.    Do you understand that, if you call an attorney to testify about advice that they gave you, this is one of the instances that would result in a waiver of at least some aspects of your attorney-client privilege?

13.    Do you understand that, if you call an attorney to testify about communications between you and the attorney, you would be waiving your attorney-client privilege as to any communications or information concerning the same subject matter, and not just the communications that you want the attorney to testify about?

14.    Do you understand that it will be up to the Court to determine what communications or information may be disclosed because of your waiver of attorney-client privilege?

15.    Do you understand that, if you decide today that you wish to call an attorney to testify, I will find that you have waived the attorney-client privilege with that attorney and will require you and your lawyers to disclose communications and information concerning the subject matter of the testimony before trial in this case?

Rebuttal Evidence

16.    Do you understand that, if you call an attorney to testify, the attorney will be subject to cross-examination by the Government at trial?

17.    Do you understand that, if you offer evidence during your case at trial, including the testimony of an attorney, the Government is entitled to offer evidence in rebuttal?

18.    Do you understand that, if you offer evidence during your case at trial, including the testimony of an attorney, that may open the door to evidence from the Government that would not otherwise be admissible in this case?

19.    For example, if you offer evidence that an attorney gave you certain advice and that you believed that by following that advice you were acting lawfully, do you understand that the Government would be entitled to offer evidence of other situations in which you did not follow advice from your attorneys, including by cross-examining defense witnesses?

20.    As another example, if you offer evidence that an attorney gave you certain advice and that you believed that by following that advice you were acting lawfully, do you understand that the Government would be entitled to offer evidence that you have previously stated that you do not care whether your actions are lawful?

21.    Do you understand that these are only examples, and that the Court will decide what if any other evidence is admissible after any of your lawyers, and any other defense witnesses, have testified?

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 10

Continued Participation of Federal Defenders

22.   Do you understand that Ms. Shroff is ethically prohibited from representing you
      during the trial and also testifying at trial as a witness, whether as a witness for you
      or for the Government?

23.   Do you understand that, if Ms. Shroff or Mr. Larsen testifies as a witness at the trial,
      their status as witnesses will limit the role that they can play in the proceedings?

24.   Do you believe that the testimony you wish to offer from an attorney would be
      helpful to you?

25.   Do you understand that, if you wish to offer testimony from an attorney from the
      Federal Defenders of New York, that would not mean that other lawyers from the
      Federal Defenders are disqualified from this case, but only that any lawyer from the
      Federal Defenders that you call as a witness would not be able to stand up in Court
      and make arguments, question witnesses, or present evidence on your behalf?

26.   Do you understand that you would still be bound by all of the rulings that the Court
      has already made in this case, including about your motions to suppress evidence,
      about disclosures under the Classified Information Procedures Act, and other
      matters?

27.   Do you understand that, even if a new attorney or attorneys are appointed to serve as
      your advocates at trial, those attorneys will not be entitled to revisit the rulings that
      the Court has already made in this case unless and until there is an appeal in this
      case?

Court's Rulings on Admissibility

28.   Do you understand that the Rules of Evidence give the Court the power to exclude
      evidence "if its probative value is substantially outweighed by a danger of one or
      more of the following: unfair prejudice, confusing the issues, misleading the jury,
      undue delay, wasting time, or needlessly presenting cumulative evidence"?

29.   Do you understand that, even if you say that you want to call Mr. Larsen and/or Ms.
      Shroff to testify on your behalf, it will be up to the Court to determine whether that
      evidence is admissible at trial in this case?

Concluding Questions

30.   Have you received any inducements, promises, or threats with regard to your
      decisions regarding calling your attorneys as witnesses in this case?

The Honorable Paul A. Crotty, U.S.D.J.
December 13, 2019
Page 11

31.   Have you had adequate opportunity to discuss the dangers I described with Mr. Maher?

32.   Do you want additional time to consult with Mr. Maher about your decisions regarding these matters?

33.   After considering all that I have said today about the ways in which calling Mr. Larsen and Ms. Shroff as witnesses could adversely affect your defense, do you believe that it is in your best interest to call Mr. Larsen or Ms. Shroff, or both, to testify about advice that they provided you as your attorneys in this matter? Is that your wish?

34.   Do you understand that by doing so, you will be waiving attorney-client privilege as I have described it to you?

35.   Are you knowingly and voluntarily waiving your attorney-client privilege as to the subject matter of the testimony from your attorneys?

36.   Do you understand that by calling an attorney to testify, the Government may be entitled to admit evidence to rebut that testimony which the Government might not otherwise be entitled to offer against you?

37.   Do you agree to waive any post-conviction argument, on appeal or otherwise, that you were denied effective assistance of counsel because you chose to call Mr. Larsen or Ms. Shroff as a witness in this matter?

38.   Is there anything that I have said that you wish to have explained further?