# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 13, 2019

**BY ECF (with redactions to protect privileged information)**
**BY HAND (without redactions)**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** ***United States v. Schulte*, S2 17 Cr. 548 (PAC)**

Dear Judge Crotty:

The Court has scheduled a *Curcio* hearing for December 18, 2019. We write to bring to the Court's attention additional information that bears on that hearing. We have already disclosed this information to *Curcio* counsel.

In preparing the defense's response to the government's motions in limine (Dkt. No. 195), we have determined that Mr. Schulte may have a viable claim that Federal Defenders of New York, Inc., rendered ineffective assistance relating to certain advice given to Mr. Schulte in connection with entries he made in notebooks he kept at the MCC ("MCC notebooks"). Specifically, as we previously informed the Court (*see* Dkt. No. 150), in May or June 2018, counsel advised Mr. Schulte, in substance, that



The government subsequently seized Mr. Schulte's notebooks and has moved in limine to introduce portions of them into evidence at trial to prove that Mr. Schulte intended to disclose classified information to third parties in violation of law.

While the defense continues to maintain that these notebooks are in fact protected by the attorney-client or work-product privileges—an issue the Court has not yet resolved (*see* Dkt. No. 159, at 7-8)—Mr. Schulte appears to have a non-frivolous alternative argument that warrants being included in his response to the government's motions in limine: namely, if the notebooks are not deemed privileged, his counsel rendered ineffective assistance by ███████████

Further, Mr. Schulte may be able to argue that, because of counsel's deficient performance, the Court should suppress the notebooks to remedy the prejudice caused by this Sixth Amendment violation. Suppression has long been employed as a remedy for violations of the Sixth Amendment right to the effective assistance of counsel. *See United States v. Wade*, 388 U.S. 218, 240–41 (1967); *Massiah v. United States*, 377 U.S. 201, 207 (1964). As the Supreme Court has declared: "Cases involving Sixth Amendment deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation . . . ." *United States v. Morrison*, 449 U.S. 361, 364 (1981). The Court added that its approach "has thus been to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial." *Id.* at 365.

Moreover, the nature of a Sixth Amendment violation supports the use of suppression as a remedy even when the violation occurs because of defense counsel's ineffectiveness rather than government misconduct. *See Frazier v. Berghuis*, 2003 WL 25195212, at *7 (E.D. Mich. Aug. 6, 2003) (granting habeas relief and ordering suppression of statements made by defendant to police after his counsel abandoned him during interrogation); *People v. Quintero–Amador*, 357 P.3d 844, 848 (Col. 2015) (noting that "a number of courts across the country have suppressed a defendant's prior testimony based on counsel's ineffective assistance, even absent state action . . .") (collecting cases); *People v. Peters*, 66 N.Y.S.3d 238, 243–44 (N.Y. App. Div. 1st Dep't 2017) (ordering exclusion of testimony as remedy "to dissipate the taint of counsel's conflicted and ineffective representation" in "violation of defendant's State and Federal right to the effective assistance of counsel").

Because counsel from this Office gave the advice in question to Mr. Schulte, we cannot ethically be the ones who evaluate or pursue these potential claims of ineffective assistance against ourselves. *See, e.g.*, N.Y. State Bar Ass'n Ethics Ops. 941 (2012), 862 (2001), 592 (1988) & 462 (1977) (conflicts of interest of one attorney are imputed to all attorneys in a public defender office); *see also United States v. Del Muro*, 87 F.3d 1078, 1080 (9th Cir. 1996) (per curiam) (holding that district court "created an inherent conflict of interest by forcing trial counsel to prove his own ineffectiveness and thereby deprived Del Muro of his Sixth Amendment right to effective assistance of counsel"). Accordingly, to protect Mr. Schulte's constitutional rights, and in accordance with our ethical duties, we have disclosed this conflict to *Curcio* counsel and, now, to the Court for appropriate action.[1]

Respectfully submitted,

_____/s/_____
Edward S. Zas

_____/s/_____
Sabrina P. Shroff

cc:  Government Counsel (by ECF, with redactions)
     Sean M. Maher, Esq. (by e-mail, without redactions)

---

[1] The ABA Criminal Justice Standards for the Defense Function (4th ed. 2015) provide in relevant part:

> If defense counsel concludes that he or she did not provide effective assistance in an earlier phase of the case, counsel should explain this conclusion to the client. Unless the client clearly wants counsel to continue, counsel in this situation should seek to withdraw from further representation of the client with an explanation to the court of the reason, consistent with the duty of confidentiality to the client. Counsel should recommend that the client consult with independent counsel if the client desires counsel to continue with the representation. Counsel should continue with the representation only if the client so desires after informed consent and such further representation is consistent with applicable conflict of interest rules.

Standard 4–9.6.