*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 16, 2019

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United State Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

  Re: *United States* v. *Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

  We write in response to defense counsel's December 13, 2019 letter, which is their latest attempt to be relieved from these proceedings and to secure a trial adjournment on behalf of the defendant. In their letter, defense counsel states that they have now concluded that the same information about which they "previously informed the Court" in August 2019, and which they have known about since shortly after the filing of the October 2018 superseding indictment (*see* Dkt. 131), constitutes a basis for an unprecedented pretrial claim of ineffective assistance of counsel, requiring the Federal Defenders of New York (the "Federal Defenders") to be relieved as counsel and the trial to be adjourned so new counsel can "evaluate or pursue" the potential claim. Defense counsel makes this request for extraordinary relief—which would upend a trial on national security charges the majority of which will have been pending for more than a year and a half—based on, to the Government's knowledge, only the scantest of record and without any real description of the purported legal advice that allegedly rendered at least two attorneys with the Federal Defenders fact witnesses in this matter and constitutionally ineffective. Rather than grant this request based purely on defense counsel's vague assertions of ineffectiveness, the Court should require Matthew Larsen, Esq. and Sabrina Shroff, Esq. (the two attorneys who allegedly rendered ineffective assistance to the defendant) and any other relevant member of the defense team to provide the Court with a detailed and comprehensive proffer as to what the potentially problematic testimony and advice is, so that the Court can evaluate the merits of defense counsel's claims.

  "[W]hen a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding." *United States v. Brown*, 623 F.3d 104, 113 (2d Cir. 2010).[1] In exercising that discretion, the Second Circuit in *Brown* noted that precisely the sort of relief that

---

[1] In *Brown*, the Second Circuit addressed the district court's ability to consider a claim of ineffective assistance after conviction but before sentence had been imposed. The Government is unaware of any case considering the merits of an ineffective assistance claim before trial.

The Honorable Paul A. Crotty, U.S.D.J.
December 16, 2019
Page 2

defense counsel seeks here may counsel against consideration of a claim of ineffective assistance of counsel before judgment:

> We are mindful that district courts face competing considerations in deciding whether it is appropriate to inquire into the merits of such claims prior to judgment, including principally the potential disruption of the proceedings, especially if the attorney against whom the complaint is directed continues at the time to represent the defendant. The decision to interrupt the pre-judgment proceedings to inquire into the merits of an ineffective assistance of counsel claim may depend on, among other things, whether the court would need to relieve the defendant's attorney, or in any event, to appoint new counsel in order to properly adjudicate the merits of the claim.

*Id.*; *see also United States v. Ortiz-Vega,* 860 F.3d 20, 30-31 (1st Cir. 2017) (adopting reasoning of *Brown*, and noting that "[t]he court may also take into consideration whether the defendant's 'claim [is] broad-based and the evidentiary record to consider it [is] sorely lacking,' as well as 'whether the interests of justice and judicial economy would be served by delaying the trial proceedings to conduct an immediate hearing on an under-developed motion'" (quoting *United States v. Steele*, 733 F.3d 894, 898-99 (9th Cir. 2013))).

In assessing whether it is appropriate to consider a claim of ineffective assistance before judgment, it is critical for the Court to assess "the facial plausibility of [the] ineffective assistance claim." *Brown*, 623 F.3d at 114.  Where "by contrast, [the] claim of ineffective assistance was implausible on its face and comprised solely conclusory allegations contradicted by the court's questioning of [the defendant], his trial counsel, and the interpreter who had been present at his meetings with counsel . . . . it [i]s 'within the district court's discretion to choose a middle road that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other . . . baseless claims that would have resulted from a full testimonial hearing.'" *United States v. Fleurimont*, 401 F. App'x 580, 582-83 (2d Cir. 2010) (quoting *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001)).

The Court here should follow the same practice approved in *Brown* and *Fleurimont* and require Ms. Shroff, Mr. Larsen, and any other relevant persons to provide a detailed proffer regarding what the purportedly relevant legal advice was and to what they would testify if called by the defendant at trial.  Not only will this allow the Court to assess whether the claim warrants the extraordinary disruption of the proceedings that the relief sought would require, it will also allow the Court to assess whether any measures short of appointing new counsel and further adjourning the trial would avoid the perceived issue.  The Government has repeatedly offered to pursue steps that would avoid any potential conflict of interest.  For example, if the claim at issue pertains to a particular aspect of the defendant's writings while in custody, the Government may choose to forgo introduction of that evidence, thereby mooting the issue.  Defense counsel, in their eagerness to obtain an adjournment and withdraw from this representation, have refused to share with the Government the nature of the advice at issue, but they should at least inform the Court so the Court can determine whether there exists "a middle road that avoid[s] the delay, the needless

The Honorable Paul A. Crotty, U.S.D.J.
December 16, 2019
Page 3

expenditure of judicial resources, [and] the burden on trial counsel and the government" that would otherwise result.  *Chang*, 250 F.3d at 86.

The Government continues to maintain that if the defendant intends to rely on his attorneys' legal advice at trial, then he is obligated to disclose that advice to the Government and waive his privilege over the relevant subject matter.  *See In re Grand Jury Proceedings,* 219 F.3d 175, 183 n.4 (2d Cir. 2000) ("The client's offer of his own or the attorney's testimony as to a specific communication to the attorney is a waiver as to all other communications to the attorney on the same matter." (citation and quotation marks omitted)); *Rudaj v. United States*, No. 11 Civ. 1782, 2011 WL 2610544 (S.D.N.Y. June 13, 2011) ("It is well settled . . . that the assertion of a claim of ineffective assistance of counsel . . . constitutes a waiver of the attorney-client privilege.").  The Government therefore respectfully submits that the Government's trial team should be permitted to attend any hearing the Court holds on the matter, so that it can appropriately address defense counsel's proffer, including by arguing that the proffered testimony is inadmissible or could be mooted, or that the purported ineffective-assistance claim is baseless.  If, however, the Court is concerned about disclosing the defendant's privileged communications to the Government trial team while this issue remains unsettled, then the Government believes that the Court should hold a conference at which the relevant members of the defense team proffer the required information to the Court with Government wall counsel in attendance, and then the Court should decide whether it is appropriate to disclose to the Government trial team some or all of counsel's testimony, so that the Government has the opportunity to offer potential solutions short of the drastic disruption defense counsel now seeks.

Over the past year, defense counsel has sought to suppress the evidence of the defendant's conduct while detained, moved to sever certain counts based on that conduct, and requested to withdraw from this representation based on that conduct, all without success.  Now, on the verge of trial, they seek to repackage those allegations in a way that would prevent the timely prosecution of the defendant.  While defense counsel alleges that their claims impact the defendant's rights, they also implicate important interests of the public.  "Certainly, the public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'"  *United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995).  The Court should not entertain the relief currently sought solely on the summary representations of counsel and their own conclusions that their relief is required, but should rather conduct a detailed inquiry, on the record and in the presence of Government attorneys, to determine whether it is appropriate for the

The Honorable Paul A. Crotty, U.S.D.J.
December 16, 2019
Page 4

Court to exercise its discretion to consider the ineffectiveness claim at this stage and whether the conduct of counsel merits any further action by the Court.

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney

By:         /s/
            David W. Denton, Jr.
            Sidhardha Kamaraju
            Matthew Laroche
              Assistant United States Attorneys
            Tel.: 212-637-2744 / 6523 / 2420

Cc: Defense Counsel (via ECF)