**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

January 3, 2020

**By ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

The Court has ruled provisionally that Mr. Schulte has waived the attorney-client privilege with respect to certain legal advice he received while confined at the MCC. *See* Transcript of *Curcio* Hearing, Dec. 18, 2019 ("Tr."), at 44. In support of waiver, the Court cited defense counsel's letters to the Court of August 26, 2019, October 10, 2019, and December 13, 2019 (filed publicly with redactions as Dkt. Nos. 128, 150, and 220, respectively) (collectively, the "Letters"), and unspecified portions of Mr. Schulte's testimony at the *Curcio* hearing. *See* Tr. at 44. The Court further directed defense counsel to produce the Letters in their unredacted form, i.e., to reveal the privileged communications they contain to the government. *See id.* at 43–46. The Court stated, however, that its rulings were subject to further briefing by counsel. *Id.* at 44, 46.

For the reasons set forth below, we respectfully submit that no waiver of the attorney-client privilege has occurred.

## Argument

### A. Legal Principles

"The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re Cnty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007) ("*Erie I*"). The privilege is "the oldest rule of privilege known to common law" and the "most sacred." *Upjohn Co. v. United*

The Honorable Paul A. Crotty  January 3, 2020
United States District Judge  Page 2
Southern District of New York

*States*, 449 U.S. 383, 389 (1981); *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989). The right of clients to consult in confidence with lawyers is "essential to preservation of liberty against a powerful government" and, "[w]ithout the attorney-client privilege, that right and many other rights belonging to those accused of crime would in large part be rendered meaningless." *Id.*

Despite its importance, the attorney-client privilege, like other legal privileges, is subject to waiver. Thus, "[a]lthough the attorney-client privilege serves a public interest of the highest order, under some very limited circumstances, it is appropriate for a court to infer that a client has waived the privilege." *Giordano v. United States*, 2011 WL 1931578, at *1 (D. Conn. Mar. 17, 2011) (citing *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) ("*Erie II*") (discussing implied waiver of the attorney-client privilege)). Waiver may be reasonably inferred, for example, "where the privilege holder 'asserts a claim that *in fairness* requires examination of the protected communications.'" *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)). Disclosing a claimed privileged communication to a court ex parte, for the limited purpose of obtaining a legal ruling as to whether the communication is in fact privileged, or whether counsel suffers from a conflict of interest, does not waive the privilege. *See, e.g.*, *United States v. Zolin*, 491 U.S. 554, 568 (1989) ("[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege."); *United States v. DeCay*, 406 F. Supp. 2d 679, 682 (E.D. La. 2005) (in camera disclosure to resolve the question of whether counsel had a conflict of interest would not result in a waiver of the attorney-client privilege); *Flint Hills Sci., LLC. v. Davidchack*, 2002 WL 975881, at *8–*9 (D. Kan. Mar. 21, 2002) (same). So long as the communication is not intentionally disclosed to an adversary or third parties not bound by the privilege, the privilege remains intact. *See, e.g.*, *United States v. McDonald*, 2002 WL 31956106, at *3 (E.D.N.Y. May 9, 2002) (no waiver where defendant "did not reveal the substance of counsel's advice").

Moreover, because the privilege belongs exclusively to the client, only he or she can waive it. *See, e.g.*, *In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987) (privilege "belongs solely to the client and may only be waived by him"). "An attorney may not waive the privilege without his client's consent." *Id.*; *see also United States v. Juarez*, 573 F.2d 267, 276 (5th Cir. 1978) (noting "the bedrock principle that the attorney-client privilege is the client's and his alone").

A defendant waives the attorney-client privilege to a limited extent when the defendant introduces into evidence his or her communications with counsel in an effort to defend against a civil or criminal action—commonly but inaccurately

The Honorable Paul A. Crotty                                      January 3, 2020
United States District Judge                                       Page 3
Southern District of New York

referred to as an "advice-of-counsel defense."[1] *See, e.g., Nitinol Med. Techs., Inc. v. AGA Med. Corp.*, 135 F. Supp. 2d 212, 215 (D. Mass. 2000) ("There is no question … that when a party asserts an advice of counsel defense, the result is at least some waiver of the attorney-client and work product privileges, though the scope of the waiver may be the subject of discussion.") (citing *Saint–Gobain/Norton Indus. Ceramics Corp. v. Gen. Elec. Co.*, 884 F. Supp. 31, 33 (D. Mass. 1995)). The privilege is not waived, however, until the defendant actually "asserts reliance on an attorney's advice as an element of a claim or defense." *Erie II*, 546 F.3d at 228; *see also Nitinol Med. Techs.,* 135 F. Supp. 2d at 215 (declining to find waiver where defendant stated that "it has not yet made a decision as to whether to assert a reliance on counsel defense"); *Fabick, Inc. v. Fabco Equip., Inc.*, 2017 WL 4466620, at *2 (W.D. Wis. Oct. 5, 2017) (finding no waiver of privilege because plaintiff "has not *asserted* an advice of counsel defense"; waiver occurs only when "privilege holder attempts to prove a claim or defense by disclosing or describing an attorney-client communication").

Merely indicating in a tentative manner that the defendant may decide at trial to present her lawyer's advice does not constitute a waiver of the privilege. *See, e.g.*, *Potts v. S–Box LLC*, 2010 WL 4683884, at *1 (D. Conn. Nov. 10, 2010) (noting "the magnitude of the decision to assert an advice of counsel defense" and declining to find a waiver of the privilege based solely on "ambiguous statements"); *Fuji Photo Film Co. v. Benun*, 2008 WL 5084572, at *5 (D.N.J. Dec. 1, 2008) (trial testimony that "the first thing we did was to contact the attorneys that the company relied upon and get their opinion as to exactly what we should do and how we should go forward" did not constitute "taking an affirmative step to place the substance of the advice of counsel in issue"); *United States v. Lacour*, 2008 WL 5191596, at *1 (M.D. Fla. Dec. 10, 2008) (finding no waiver of privilege where no advice-of-counsel defense "has

---

[1] "Reliance on advice of counsel is not an affirmative defense, but rather negates the element of intent." *United States v. Meredith*, 2014 WL 897373, at *1 n.1 (W.D. Ky. Mar. 6, 2014). As noted in *United States v. Stevens*, 771 F. Supp. 2d 556 (D. Md. 2011), "[t]hough often referred to as the 'advice of counsel defense,' this label is actually a misnomer. ... An affirmative defense is '[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.'" *Id.* at 565 (quoting Black's Law Dictionary 482 (9th ed. 2009)). "By contrast, the advice of counsel 'defense' negates the defendant's wrongful intent, and therefore demonstrates an absence of an element of the offense—mens rea." *Id.* As the Second Circuit has explained: "[T]he claimed advice of counsel is evidence that, if believed, can raise a reasonable doubt in the minds of jurors about whether the government has proved the required element of the offense...." *United States v. Scully*, 877 F.3d 464, 476 (2d Cir. 2017). The burden of proof thus does not shift or diminish when a defendant raises the defense, and courts have stricken jury instructions that indicate the defendant must "avail himself" of the advice of counsel defense, *United States v. Greenspan*, 923 F.3d 138, 147 (3d Cir. 2019), or "satisfy" certain elements to "establish" the defense. *Scully*, 877 F.3d at 477.

The Honorable Paul A. Crotty  January 3, 2020
United States District Judge  Page 4
Southern District of New York

been formally tendered," and noting that "the government cites no authority for the proposition that a Defendant must assert the advice of counsel defense in advance [of trial]"); *Perius v. Abbott Labs.*, 2008 WL 3889942, at *7 (N.D. Ill. Aug. 20, 2008) (no waiver of privilege where defendant "has not asserted reliance on advice of counsel as a defense or otherwise formally inserted privileged communications as part of the case"; plaintiff's theory that defendant "will inevitably have to assert such reliance" was insufficient to establish waiver); *Nitinol Med. Techs.*, 135 F. Supp. 2d at 213–15 (where defendant stated in response to an interrogatory that it "relied on the letters written by counsel" and produced the opinion letters, but later stated that it had not yet decided whether to rely on advice of counsel defense, court did not infer waiver but instead required defendant to formally decide whether it intended to rely on the advice of counsel as a claim or defense).

Though the waiver issue arises most frequently in civil cases (particularly patent infringement cases), similar principles apply in criminal cases—with the important caveat that pretrial discovery in criminal cases is far more limited than in civil matters. *See United States v. Afremov*, 2007 WL 2475972, at *4 (D. Minn. Aug. 27, 2007) ("While Afremov's earlier pleadings alluded vaguely to consultations with counsel, Afremov has represented that he is not asserting an advice of counsel defense. At this time, then, Afremov has no obligation under Rule 16(b) to produce the discovery sought by the prosecution, which remains protected by the attorney-client privilege. Nor does the prosecution have a right to notice from the defense that it intends to assert an advice of counsel defense at trial.") (citing *United States v. Espy*, 1996 WL 560354, at *1 (E.D. La. Oct. 2, 1996) (finding "no caselaw to support [the prosecution's] proposition that a defendant must notify the government if he intends to rely on the advice of counsel defense")).

### B. Mr. Schulte has not waived the attorney-client privilege.

Given these principles, there is no factual or legal basis for concluding that Mr. Schulte has waived the attorney-client privilege, either expressly or implicitly. Indeed, finding a waiver—based on a potential "advice-of-counsel defense" or claim of ineffective assistance he may never assert—would be fundamentally unfair. *See, e.g.*, *John Doe Co. v. United States*, 350 F.3d 299, 302–07 (2d Cir. 2003) (discussing principles of waiver and reversing order compelling disclosure of documents claimed to be privileged).

Mr. Schulte did not waive the privilege expressly. An express waiver occurs when a party knowingly and voluntarily agrees to forgo the protections of the privilege. *E.g.*, *Piedmont Resolution, L.L.C. v. Johnston, Rivlin & Foley, L.L.P.*, 1997 WL 16071, at

| | |
|---|---|
| The Honorable Paul A. Crotty | January 3, 2020 |
| United States District Judge | Page 5 |
| Southern District of New York | |

*1 (D.D.C. Jan. 13, 1997). An express waiver also "occurs when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public." *Lambright v. Ryan*, 698 F.3d 808, 834 (9th Cir. 2012).

No express waiver occurred here. On the contrary, Mr. Schulte swore under oath at the *Curcio* hearing that he does *not* wish to waive the privilege. *See* Tr. at 27 ("Judge, I am not prepared to waive any privilege today . . . ."). And there is no evidence that he has disclosed the privileged communications in question to any third party not bound by the privilege.

Additionally, nothing Mr. Schulte or his lawyers said at the *Curcio* hearing supports a finding of waiver. On the contrary, both he and *Curcio* counsel repeatedly made clear that Mr. Schulte has not yet decided—and cannot yet make an informed decision— whether to proceed with an advice-of-counsel defense. *See, e.g.*, Tr. at 27 (Mr. Schulte: "I reserve the right to call them both [Ms. Shroff and Mr. Larsen], but I have not made any decision yet. It is up to the trial team to make that determination."). Mr. Schulte simply wants his lawyers relieved as counsel so they will be available to testify on his behalf if their testimony becomes necessary. As Mr. Maher explained:

> I believe we are in a situation right now where Mr. Schulte is being placed in the position where he has to choose between potentially exculpatory evidence or retaining counsel. That is exactly the choice that he is not supposed to make at this point. I believe that the decision to actually decide to call an attorney or former attorney at trial has to be done with conflict-free counsel who are fully up to speed at or close to the time of trial when the trial landscape is much more available than it is now. There is no way any human being right now could say, sitting in Mr. Schulte's position as a defendant or as his attorney, to say I know for sure I'm calling an attorney at this point. We have not seen the government's case at trial yet. And, my concern also is that, again, you are asking Mr. Schulte to effectively waive privilege weeks before trial when there is no authority for that.

Tr. at 28.

Far from constituting a waiver of the attorney-client privilege, Mr. Schulte's wishes, as articulated by himself and *Curcio* counsel, are reasonably designed to *protect* the

The Honorable Paul A. Crotty  January 3, 2020
United States District Judge  Page 6
Southern District of New York

privilege and are buttressed by controlling Second Circuit case law. *See Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989) (if "the attorney's testimony could be significantly useful to his client … he should be disqualified *regardless of whether he will actually be called*") (emphasis added).

Nor is there any basis to find an implied waiver. The Letters that supposedly give rise to a waiver were all filed ex parte. The government and the public have seen only redacted versions of those filings—and, as the Letters themselves state (*see, e.g.*, Dkt. No. 128, at 1 n.1; Dkt. No. 150, at 1 n.1; *see also* Dkt. No. 139, at 1–2), they were redacted precisely to *preserve* the confidentiality of the attorney-client communications. *See John Doe Co.*, 350 F.3d at 306 (reversing finding of waiver where party gave statement proclaiming its innocence to government, but did not unfairly place legal advice "at issue," "especially when the statement was accompanied by explicit insistence on retention of privileges"). Even if the government could surmise from the unredacted portions of the Letters the subject matter or general nature of the privileged advice, that would not constitute a waiver of the privileged communications themselves, which were scrupulously not disclosed. *See, e.g.*, *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984) (emphasizing that "the attorney-client privilege protects communications rather than information").

Moreover, the Letters were filed for a limited and proper purpose—to obtain a ruling from the Court as to whether defense counsel had an ethical conflict of interest that required them to be relieved as Mr. Schulte's lawyers for some or all of the counts against him. The filing of these ex parte letters thus does not constitute a waiver of the privilege. *See, e.g.*, *Zolin*, 491 U.S. at 568 ("[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege."); *DeCay*, 406 F. Supp. 2d at 682 (in camera disclosure to resolve the question of whether counsel's prior representation created a conflict would not result in a waiver of the attorney-client privilege); *Flint Hills Sci.,* 2002 WL 975881, at *8–9 (same).

Further, the Letters did not assert that Mr. Schulte had decided to present any of his lawyers' testimony at trial—they merely sought to preserve his right to do so. The Letters indicated that the lawyers had favorable and admissible testimony to offer on his behalf, and sought the appointment of new counsel so Mr. Schulte could call the lawyers if necessary and could receive disinterested advice on whether to present their testimony. The Letters thus did not commit—even tentatively—to proceed with

The Honorable Paul A. Crotty  January 3, 2020
United States District Judge  Page 7
Southern District of New York

an advice-of-counsel defense, much less announce a final decision that could be construed as a knowing and irrevocable waiver of the attorney-client privilege. Indeed, Mr. Schulte never authorized counsel to waive the privilege, which, as noted earlier, belongs solely to him. Likewise, the December 13 letter (Dkt. No. 220) simply advised the Court that Mr. Schulte "*may* have a viable claim" of ineffective assistance of counsel (emphasis added); it did not allege that counsel *was* ineffective, a claim we cannot ethically evaluate or pursue. *See id.* at 3.

In short, nothing defense counsel or Mr. Schulte has done to date constitutes a waiver of the attorney-client privilege.

### C. Even if a waiver occurred, it would be improper to compel defense counsel to disclose Ms. Shroff's or Mr. Larsen's recollections of their communications with Mr. Schulte in advance of trial.

The Court has declined to relieve Ms. Shroff as counsel, thus rendering her unavailable to testify as a witness. Accordingly, there is no basis to force the defense to disclose the substance of her now-unavailable (and thus irrelevant) potential testimony to the government. Giving the government that information would only bestow upon the prosecutors an unfair advantage: they would have fodder to cross-examine Mr. Larsen or Mr. Schulte, should they ultimately testify about their privileged communications, which occurred in Ms. Shroff's presence.
Requiring the defense to turn over the ex parte summaries of Mr. Larsen's potential testimony would be equally improper. The Federal Rules of Criminal Procedure require the defense to disclose a witness's prior statements only after the witness "has testified on direct examination." Fed. R. Crim. P. 26.2(a). In practice, defense counsel typically discloses such material one or two days before the witness testifies—even where the testimony concerns the advice of counsel. *See, e.g.*, *United States v. Serrano*, No. 16 Cr. 169 (WHP), Transcript of Pretrial Conference, July 28, 2017, at 35–36 (S.D.N.Y.) (directing the defense to disclose Rule 26.2 material involving potential attorney-witness "24 hours before" the witness testifies). There is no basis to require Mr. Schulte to disclose to the government Mr. Larsen's statements this far (a month) in advance of trial, before anyone has decided—or could reasonably decide—whether he will even testify. Indeed, such a requirement, by infringing upon Mr. Schulte's rights to due process and to present a defense, would be unconstitutional. *See United States v. Wilkerson*, 388 F. Supp. 3d 969, 975 (E.D. Tenn. 2019) (noting that the defense might decide, after the government rests, not to present any defense and that, as a result, "it would be untenable—and, most likely unconstitutional—to require Defendants to turn over potential evidence (most of which is currently privileged) to the Government [before trial] or risk forfeiting a [reliance-on-counsel]

The Honorable Paul A. Crotty  January 3, 2020
United States District Judge  Page 8
Southern District of New York

defense. The source of that concept, whatever it might be, is fundamentally foreign to the adversarial system of criminal justice contemplated by the United States Constitution.").

## Conclusion

In summary, the Court should rule that no waiver of the attorney-client privilege has occurred to date and that the defense therefore need not disclose any privileged communications to the government at this time.

Respectfully submitted,

/s/ Sabrina P. Shroff
_____
Sabrina P. Shroff

/s/ Edward S. Zas
_____
Edward S. Zas

cc: All Counsel of Record (by ECF)