**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

January 9, 2020

**By ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Schulte*, S2 17 Cr. 548 (PAC)**

Dear Judge Crotty:

We reply to the government's letter of January 6, 2020 (Dkt. No. 241) ("Ltr."), which argues that Mr. Schulte has implicitly waived the attorney-client privilege—the oldest and, "perhaps, most sacred of all legally recognized privileges." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997).

The government fails to cite a single case—from any jurisdiction—holding that merely submitting privileged information to a court ex parte, for the limited purpose of determining whether counsel can ethically continue to represent a party, waives the privilege. The absence of authority for that position is hardly surprising: the law is exactly the opposite. *See* Defense Counsel's Letter of January 3, 2020 (Dkt. No. 232), at 6; *see also United States v. Hoey*, No. S6 11-cr-337(PKC), 2015 WL 13846912, at *3 (S.D.N.Y. Mar. 24, 2015) ("<u>In camera</u> submissions enable the lawyer to explain the reasons for withdraw[ing as counsel] to the Court *without concern that an applicable privilege is waived* or without alerting the adversary to information that could harm the client.") (italics added); *id*. ("Protection against unfounded grounds for withdrawal supports the need for judicial review of those grounds <u>in camera</u> *without fear of waiver of any privilege*.") (italics added).

Hon. Paul A. Crotty  January 9, 2020
United States District Judge  Page 2
Southern District of New York

**Re: *United States v. Schulte*, S2 17 Cr. 548 (PAC)**

With no cases on its side, the government instead resorts to falsehoods. It states repeatedly that Mr. Schulte "intends to rely on the advice of counsel to defend himself" (Ltr. at 1), "plans to use the advice at trial" (*id.* at 2), and "desire[s] to rely on his counsel's advice to defend himself" (*id.*). But repeating a false statement does not make it true. As we (and Mr. Schulte himself) have consistently stated, Mr. Schulte has not decided whether to call any of his lawyers as witnesses at trial—he simply seeks to preserve his Sixth Amendment right to do so by having them relieved as counsel. *See, e.g.*, *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("Few rights are more fundamental than that of an accused to present witnesses in his defense."). That effort is a far cry from "assert[ing] reliance on an attorney's advice as an element of a claim or defense"—"[t]he key to a finding of implied waiver." *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008).

The government accuses defense counsel of "gamesmanship," claiming that we are using the Rules of Professional Conduct and the attorney-client privilege unfairly as a "sword" to force a lengthy trial adjournment. Ltr. at 1, 6–7. The record demonstrates otherwise. Indeed, when we first raised our ethical conflict (in August 2019)—and first disclosed privileged information to the Court ex parte—we did so precisely to *avoid* the need for a lengthy adjournment. That is why we suggested relieving counsel on two counts only (the MCC Counts), severing those counts, and proceeding to trial with current counsel on the remaining counts. *See* Dkt. No. 128, at 4 (noting that relieving counsel on all counts "would likely delay the entire trial indefinitely"). But the government opposed our request, and did so successfully—demonstrating that it did not (and does not now) need to know the precise privileged communications between Mr. Schulte and his lawyers to defend its interests.

Protecting the defendant's right to conflict-free counsel and the sanctity of privileged communications is no game. This Court should reject the government's attempt to use our sincere efforts to comply with our ethical responsibilities as an excuse to obtain privileged information to which it has no right.

Respectfully submitted,

_____/s/_____
Edward S. Zas
_____/s/_____
Sabrina P. Shroff