# THE LAW OFFICES OF SEAN M. MAHER, PLLC

January 13, 2020

**VIA ECF**

The Honorable Paul A. Crotty
Unites States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      RE:    *United States v. Joshua Adam Schulte*,
               17 Cr. 548 (PAC)

Dear Judge Crotty:

      I write in reply to the government's January 9, 2020 letter[1] objecting to the withdrawal of defense counsel.

      The government has opposed the defense's application for withdrawal of counsel and an adjournment of the February 3, 2020 trial date.  The government argues that Mr. Schulte has a trial team that is sufficient and that Mr. Schulte has conflict-free counsel, including me.  The government is wrong.  I am not trying this case. As *Curcio* counsel, I have -- and should continue to have -- a limited role.  That role does not include advising Mr. Schulte at trial whether to actually call his lawyers as witnesses and certainly does not include me advising and helping Mr. Branden with preparing a trial defense.  By expanding the limited role any *Curcio* counsel should play, the government invites error and unethical conduct from me.  I decline their invitation and so should the Court.

      The Court's *Curcio* Order delineates my role.[2]  That role does not include being trial counsel, a role that would entail learning all of the facts of the case, reviewing all the discovery, meeting with experts and other witnesses, and assisting Mr. Schulte in making the final tactical decisions that can only be made after the government has rested.  Nor should it.  As the record makes clear, I have not undertaken an assignment to represent Mr. Schulte at trial; nor would I.  Mr. Schulte is entitled to an effective and conflict-free defense, one that I would not be able to provide by February 3, 2020.[3]

---

[1] Doc. No. 244.
[2] Doc. No. 177.
[3] *See* Doc. Nos. 218 ¶¶ 16-19 & 233.

THE LAW OFFICES OF SEAN M. MAHER, PLLC

More importantly, ordering me to cross over the clear line between my role as *Curcio* counsel and step into the role of Mr. Schulte's trial counsel would violate various ethical strictures and could form another basis for appeal.[4]  The advice I provide Mr. Schulte concerning his decision of whether he does not want to waive his right to call a member or former member of his legal defense team should be protected from any appearance that my advice is influenced in any way by a personal motivation to see that any member of Mr. Schulte's defense team is disqualified so that I personally can be assigned as trial counsel.  I already have requested that the Court disqualify members of Mr. Schulte's defense team.  Should I now be given a trial counsel role, there could be a perception that my request for disqualification and any advice I have provided Mr. Schulte was motivated by my personal interests, not those of Mr. Schulte.  It is precisely to avoid this appearance of impropriety that that caselaw draws a clear line between *Curcio* counsel and trial counsel.  To merge the two would undermine the integrity of the judicial system, the *Curcio* process, and Mr. Schulte's constitutional right to effective assistance of conflict-free counsel.[5]

The government's suggestion that *Curcio* counsel should provide trial advice to Mr. Branden, an attorney on the defense team, does not comport with my limited role and would lead to an ethical quagmire.

First, I am unable to contribute to trial strategy because I only know a small portion of the facts in this case.  I have not undertaken the extensive trial preparation that is required in a case like this.  It would take me months to get up to speed on all of the classified and unclassified discovery in the case.

Second, my role as *Curcio* counsel has been to provide independent advice to Mr. Schulte about whether to waive his right to call a member or former member of his defense team as a trial witness.  Since my appointment, Mr. Schulte raised his concerns regarding the commitment Mr. Branden has shown to the case and asked the Court to relieve Mr. Branden for ineffectiveness.  Should the Court keep Mr. Branden on the case and order me to provide trial assistance to Mr. Branden, I would be in an impossible position as Mr. Schulte reasonably could

---

[4] The government's response inflates the composition and preparedness of Mr. Schulte's current trial team.  As of today, Mr. Schulte has a defense team consisting of Ms. Shroff, Mr. Zas, Ms. Glashausser, and Mr. Branden.  Mr. Branden's lack of preparedness has been documented by Mr. Schulte and affirmed by Mr. Branden.  Mr. Zas is an appellate lawyer who has never tried a case.  He will have no role at trial other than to provide support for legal arguments and briefing.  Ms. Glashausser has no security clearance, has never reviewed the classified discovery, has not met with Mr. Schulte since 2018, and is not part of the trial team.

[5] There is a factual inaccuracy in the government's response.  The government asserts that at the December 18, 2019 *Curcio* hearing the defense only raised a conflict based upon the advocate-witness rule.  Doc. No. 244 at 4.  That is not accurate.  The defense had an *ex parte* sidebar to which the government was not privy.  *Curcio* Hearing transcript of December 18, 2019 at 4-16 (filed partially under seal).

THE LAW OFFICES OF SEAN M. MAHER, PLLC

question whether my duty of loyalty lies with him or to a colleague in the defense bar -- Mr. Branden.

Third, the government states that Mr. Branden can still come up to speed -- in the three weeks that remain until trial begins -- and that I could shore up any inadequacies in Mr. Branden's trial preparation. Asking me to put a veneer of effectiveness on a situation where a lawyer has told the Court he is unprepared would be improper and I am ethically precluded from doing so.

Finally, nothing about the Prison Notebooks constitutes an "exceedingly narrow set of evidence."[6] The government has previously argued that the Prison Notebooks are admissible not only on the two so-called "MCC Counts," but on the Espionage Act counts as well. Thus, the ultimate decision whether to call a defense team member to rebut the Prison Notebooks evidence will be monumental and will need to take into account every piece of evidence and every nuance of the trial dynamic. No advice I could give Mr. Branden during a February 2020 trial would come close to effective assistance of counsel and would leave me in an untenable position.[7]

Mr. Schulte is currently in an impossible situation. He needs informed conflict-free advice from trial counsel on matters such as whether to actually call any members of his legal team as witnesses, whether he should testify, and other crucial litigation matters interrelated to the advocate-witness issues. The Federal Defenders and Ms. Shroff cannot advise him because they are conflicted. I cannot advise him because I am not trial counsel. And Mr. Branden cannot advise him because he does not have sufficient familiarity with the case. Thus, Mr. Schulte in a very real sense has no counsel at this critical stage of the proceedings.

In summary, Mr. Schulte needs conflict-free counsel who knows all the facts of the case, including the classified and unclassified discovery, the complicated forensic information, knowledge of what other witnesses, including rebuttal witnesses, might say, and knowledge of how Mr. Schulte would testify at trial. A fully-informed conflict-free trial counsel also should be the one to advise Mr. Schulte on the specific tactical trial decision of whether to call a member or former member of Mr. Schulte's defense team as a trial witness.

Respectfully submitted,

_____/S/_____
Sean M. Maher
*Curcio Counsel for Joshua Adam Schulte*

cc:    All counsel via ECF

---

[6] Doc. No. 244 at 5.
[7] Doc. No. 233 at 1-2.

233 BROADWAY, SUITE 820, NEW YORK, NEW YORK 10279
(212) 661-5333 • (347) 548-9959 FAX
WWW.SEANMAHERLAW.COM