**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 17, 2020

**By ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re*: *United States v. Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

    From the outset of this prosecution, the CIA has advised defense counsel, through CISO Hartenstine, that the names and addresses of CIA employees/witnesses are "classified," such that the defense may not conduct even the most rudimentary investigation into their background. We have been advised that we are not allowed, for example, to run a witness's name through an Internet search, disclose the name to a witness's neighbors, friends, or family, or even utter the witness's name outside a SCIF. This is the standard vetting of witnesses that is conducted in every trial case in this district.

    These purported restrictions deny Mr. Schulte his rights under the Confrontation Clause. Since defense counsel is not being allowed to utter or use the witnesses' names outside a SCIF (which, of course, has no Internet access), we cannot conduct any meaningful out-of-court investigation into their background, reputation in the community, criminal history, employment history, public statements, and many other potentially relevant aspects of their lives. The Supreme Court has held that the ability to know a witness's true name and address—and to use that information to conduct a meaningful out-of-court investigation—is a fundamental aspect of a criminal defendant's Sixth Amendment right to confrontation. *See Smith v. Illinois*, 390 U.S. 129, 131 (1968) (holding that allowing a witness to testify under a pseudonym without revealing his identity or address to the defense violated the defendant's fundamental right to confront witnesses

Honorable Paul A. Crotty                                                                                  Page 2

against him; "[t]he witness'[s] name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself"); *see also*, *e.g.*, *United States v. Fuentes*, 988 F. Supp. 861, 864–65 (E.D. Pa. 1997) (holding that concealing a witness's true identity from defense counsel violates *Smith* because it "forecloses any possibility of defendants' meaningful investigation into [the witness's] background" and "requires the defendants to rely exclusively on the Government for information about [the witness]. It also leaves the defense with no way of testing the veracity or completeness of the Government's disclosures. This complete reliance on the prosecution is … inimical to our adversary process and to the checks on government prosecution embedded in our constitutional framework.").

Here, while the defense has been given the names of the CIA witnesses, we are told we cannot use those names to conduct any independent investigation; as in *Fuentes*, the defense is being forced to rely entirely on the government's limited pretrial disclosures to learn anything about the witnesses. That is not sufficient under the Confrontation Clause. *See id.*

Similarly, the purported investigative restrictions are preventing defense counsel from rendering effective assistance. *See Strickland v. Washington*, 466 U.S. 668, 691 (1984) (holding that defense "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary").

We therefore ask the Court to immediately authorize the defense to conduct the necessary investigation into the CIA witnesses, notwithstanding the restrictions the CIA is purporting to impose. Alternatively, we ask the Court to preclude the testimony of the CIA witnesses because we cannot effectively investigate and cross-examine them.

> Respectfully submitted,
>  /s/_____
> Edward S. Zas
>   /s/_____
> Sabrina P. Shroff

cc: All Counsel of Record (by ECF)