USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-17-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA            :

               -v-            :            S-2  17 Cr. 548 (PAC)

JOSHUA ADAM SCHULTE,            :            ORDER

            Defendant.            :

------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Joshua Schulte is facing eleven charges in the upcoming trial, including (1) three counts of violating 18 U.S.C. § 793, for theft of classified information from the Central Intelligence Agency ("CIA") and transmission of that information to WikiLeaks (Counts One through Three); (2) another count of violating §793, for unlawful disclosure and attempted disclosure of classified information from the MCC (Count Four); (3) four counts of violating 18 U.S.C. §§ 641 and 1030, for unauthorized accessing of CIA computer systems and theft of classified information (Counts Five through Eight); (4) two counts of violating 18 U.S.C. §§ 1001 and 1503, for false statements made to the FBI during its investigation (Counts Nine and Ten) and (5) one count of violating 18 U.S.C. § 401(3), for violating the protective order (Count Eleven).  The Government filed motions *in limine.*  (*See* Gov. Mot. *In Limine*, Dkt. 195.) Defendant filed an opposition to the Government's motions *in limine.*  (*See* Def. Opp'n, Dkt. 242.)

For the reasons set forth below, the Government's motions are GRANTED in part and DENIED in part.

1

## LEGAL STANDARD

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted).  FRE 402 provides that relevant evidence is generally admissible, and FRE 403 provides that evidence that is relevant may nonetheless be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 402, 403.  Under FRE 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

## DISCUSSION

### I.    Actions on DevLAN and Anger at the CIA

The Government moves to admit evidence of Schulte unauthorized actions on DevLAN as direct evidence of the Wikileaks Counts and to introduce evidence of Schulte's anger at CIA personnel under FRE 404(b). (Gov. Mot. at 21-27.)  The Government's motion is GRANTED. Schulte's unauthorized actions on DevLAN is direct evidence of the Wikileaks Counts and is inextricably intertwined.  Evidence of Schulte's anger at the CIA and the dispute with his co-worker is proper under FRE 404(b) to show motive. Fed. R. Evid. 404(b).

### II.   Admissibility of MCC Evidence

The Government moves to admit the following evidence (1) witness testimony, such as CW-1's testimony about CW-1's interactions with Schulte at the MCC; (2) the Samsung Phone,

including the chats recovered from that phone; (3) the Encrypted Email and Social Media Accounts; (4) the Schulte Notebooks; and (5) Schulte's recorded calls from the MCC (the "MCC Calls"). (Gov. Mot. at 37-38.) The Government's motion is GRANTED in part as to the direct evidence of the MCC charges, except for the Schulte notebooks. With respect to the Schulte notebooks, the Court requests further information. *See* January 15 Order, Dkt. 252.

The Defendant's incarceration is necessary background information for the MCC Counts. The CW-1's testimony will not make sense without eliciting Schulte's incarceration. *See United States v. Mauro*, 80 F.3d 73, 76 (2d Cir. 1996) (holding no abuse of discretion where incarceration was introduced only as background information and as proof of motive). The probative value of the evidence is not substantially outweighed by prejudice under FRE 403. The Court will issue a limiting instruction.

### III.     Child Pornography Evidence

The Government seeks to redact references to child pornography charges and substitute a different crime. (Gov. Mot. at 48.) The Government's motion is DENIED. The Court severed the child pornography counts. The evidence is not relevant and is excluded. There will be no substitution.

### IV.     Expert Testimony on Wikileaks

The Government intends to call Paul Rosenzweig as an expert on WikiLeaks under FRE 702. Rosenzweig is a Professorial Lecturer in Law at George Washington School of Law and a Resident Senior Fellow for National Security and Cybersecurity at R Street, a think tank. He has previous public service experience in the Department of Homeland Security. (Gov. Mot. at 49.) Additionally, Rosenzweig was the lead editor of a book published by the ABA and the Medill

School of Journalism at Northwestern University, which included an extended discussion of WikiLeaks. He has authored a number of articles on WikiLeaks.

Rosenzweig will testify about prior WikiLeaks disclosures, and the specific harm they caused. The Government argues that it is important for the jury to understand what WikiLeaks is: its history, organization and operation, and the damage and injury caused by its prior disclosures. Rosenzweig will testify about the following disclosures:

      (1)  2010 document disclosure by Chelsea Manning;
      (2)  2010 disclosure of United States diplomatic cables;
      (3)  2012 disclosure of documents taken from Stratfor; and
      (4)  2016 disclosure of emails stolen from the Democratic National Committee.

An understanding of the WikiLeaks organization and how it operates is directly relevant to the allegation that in transmitting Classified Information to WikiLeaks, Schulte intended or had reason to believe there would be injury to the United States. The Government's motion is GRANTED.

With regard to WikiLeaks public statements accompanying the Vault 7 Leak, Rosenzweig is permitted to testify about such statements, even though they are hearsay. The Government will not offer the statements to prove their truth, but rather only to establish that WikiLeaks made them, when they did so and how the Classified Information was published. The Court will provide a limiting instruction to the jury.

The proposed testimony is appropriate under FRE 702. The Government's motion is GRANTED.

### V.    Proffer Statements

The Government seeks a ruling authorizing it to offer statements made by Schulte during November 2017 proffer as direct evidence of false statements in violation of 18 U.S.C. § 1001 (count 9), obstruction of justice (count 10), to rebut claims at trial, and cross-examination if

4

Schulte elects to testify. (Gov. Mot. at 55-58.) The Government's motion is GRANTED in part. The Government is permitted to introduce statements from the proffer that relate directly to the charges.

With respect to introducing statements on cross-examination including, *inter alia*, statements about an MTA encounter, the Court reserves its ruling until trial. The Government is directed to provide the Court with all relevant proffer statements at trial so that the Court can determine when statements or arguments made by the defense contradict statements in the proffer.

## VI.    Video Demonstrative

The Government seeks to introduce video demonstrations of computer commands and actions allegedly taken by Schulte on the computer. (Gov. Mot. at 59-61.) The Court will grant the Government's motion provided that the defense has access to the files used to create the demonstrative and are able to make their own demonstrative. The parties dispute whether the Defendant has such information. (*See* Def. Mot. at 40.)

Accordingly, the Defendant is directed to file a letter stating whether it has access to the relevant files and specifying what additional materials (if any) are needed by Tuesday, January 21, 2020. If the parties can confer and agree on the information needed, all the better and they should file a joint letter informing the Court.

## VII.    Classification Expert

The Government seeks to preclude Schulte from eliciting testimony about the misclassification of specific documents or the purported over-classification of documents from the Government's expert, Schulte's own expert or any other witness. (Gov. Mot. at 61.) The Government's motion is GRANTED in part and DENIED in part. The motion is granted as to

testimony concerning deliberate misclassification of documents to hinder Schulte's ability to defend himself.

The motion is denied as to over-classification. Schulte is permitted to address classification practice and procedure through his own expert or on cross-examination and is permitted to elicit testimony concerning opinions on over-classification. Whether information is classified is relevant to whether information is considered closely held, which informs the jury's determination of whether a document constitutes national defense information ("NDI"). An expert opinion that documents and information are pervasively overclassified may affect the weight the jury assigns to classification status in determining whether certain information or documents qualify as NDI. *See United States v. Rosen*, 599 F. Supp. 2d 690, 697 (E.D. Va. 2009) (authorizing the defendant to call a classification expert where proposed trial topics included, *inter alia*, descriptions of classification practice and procedures, including in the expert's opinion pervasive practice of over classification, and whether the alleged NDI qualifies as such (i.e., closely held and potentially damaging to the U.S.)).

## VIII.   Jury Instruction

With respect to the Government's request that the Court give a jury instruction indicating that the Court authorized the Government to withhold material, the Court reserves its ruling until the jury charge conference at the conclusion of the trial.

## IX.   Scope of Cross-Examination and Impeachment Evidence

The Government seeks to introduce certain topics on cross-examination of the Defendant as "impeachment evidence" including evidence pertaining to (1) law abiding; (2) patriotism; (3) bias; and (4) past mishandling of classified information. (Gov. Mot. at 71-76.) The Government's motion is GRANTED in part and DENIED in part. Should Schulte open the door,

the Government may introduce statements concerning "law abiding" and "past mishandling of classified information."

The motion is denied as it relates to "patriotism." Schulte's statements about his anger towards the Government because he believes he was falsely arrested and indicted for the Vault 7 Leak do not contradict his patriotism pre-arrest. With respect to "bias" concerning racist statements (e.g., towel heads), the probative value of the statements is substantially outweighed by prejudice; they are excluded under FRE 403.

## CONCLUSION

For the foregoing reasons, the Government's motion is GRANTED in part and DENIED in part. The Clerk of the Court is directed to terminate the motion at Docket 195.

Dated:  New York, New York
       January /7, 2020

                                      SO ORDERED

                                        PAUL A. CROTTY
                                        United States District Judge