# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 21, 2020

**BY ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Schulte*, S2 17 Cr. 548 (PAC)**

Dear Judge Crotty:

The defense, without waiving its previous objections, respectfully asks the Court to reconsider one aspect of its January 17, 2020 *in limine* rulings—its decision allowing Paul Rosenzweig to testify as an expert on WikiLeaks.

The Court ruled, in relevant part, that "[a]n understanding of the WikiLeaks organization and how it operates is directly relevant to the allegation that, in transmitting Classified Information to WikiLeaks, Schulte intended or had reason to believe there would be injury to the United States." Dkt. 256, at 4. This ruling makes sense only if the government first presents foundational evidence showing that *Mr. Schulte knew* how WikiLeaks was organized and operated. Absent such evidence showing what Mr. Schulte knew, expert testimony about these subjects would be totally disconnected from—and therefore would have no bearing on—Mr. Schulte's state of mind. *See, e.g., United States v. Kaplan*, 490 F.3d 110, 120–21 (2d Cir. 2007) (rejecting government's argument that testimony that the fraud was "obvious and widely-known tended to make it more probable that [the defendant] also knew about it"; Circuit stated that "[e]vidence of others' knowledge would have been highly relevant had it been supplemented by evidence supporting the conclusion that such knowledge was communicated to [the defendant], or that [the defendant] had been exposed to the same sources from which these others derived their knowledge"). In *Kaplan*, the Second Circuit vacated the defendant's conviction on the counts related to the testimony about other people's knowledge that was not sufficiently connected to the defendant's knowledge. *Id.* at 124; *see also United States v. Zayyad*, 741 F.3d 452, 460 (4th Cir. 2014) ("Unless there is a connection between the external facts and the defendant's state of mind, the evidence of the external facts is not relevant.") (quoting *United States v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986)).

Here, absent proof that Mr. Schulte was aware of how WikiLeaks was organized or functioned, Mr. Rosenzweig's testimony about those subjects, even if accurate and admissible under Fed. R. Evid. 702, would be irrelevant to what Mr. Schulte "intended or

Hon. Paul A. Crotty
January 21, 2020
Page 2

had reason to believe" when he allegedly leaked information to WikiLeaks in 2016. As in *Kaplan*, it would be error to admit this testimony without the required connection to what Mr. Schulte actually knew.

The same principle applies to Mr. Rosenzweig's purported testimony about harm ostensibly caused by prior WikiLeaks revelations. If Mr. Schulte did not know in 2016 about the prior revelations or the harm they supposedly caused to the United States, any expert testimony about those revelations and resulting harm is irrelevant (and unfairly prejudicial under Rule 403).

For these reasons, we respectfully ask the Court to reconsider its ruling with respect to Mr. Rosenzweig. Absent evidence from the government as to Mr. Schulte's 2016 knowledge regarding these matters, Mr. Rosenzweig's testimony is irrelevant and should be precluded.

We thank the Court for its continuing attention to this matter.

                                                  Respectfully submitted,

                                                  /s/
                                        Edward S. Zas & Sabrina P. Shroff
                                        *Counsel for Joshua A. Schulte*