**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 23, 2020

Via ECF
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United State Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

> Re:    *United States v. Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

The Government submits this letter in response to the defendant's motion for reconsideration (the "Reconsideration Motion"), dated January 21, 2020, of the Court's order on the Government's Motions *in Limine* (the "Order"), dated January 17, 2020.   In the Reconsideration Motion, the defendant asks the Court to reconsider the portion of the Order that allows the Government to call Paul Rosenzweig to testify as an expert on the organization WikiLeaks.  The sole basis for the Reconsideration Motion is an argument that the defendant could have raised before,[1] but which, in any event, is entirely meritless.  In particular, the defendant claims that the Mr. Rosenzweig should not be allowed to testify about WikiLeaks and its prior activities unless the Government proves that the defendant knew of WikiLeaks' prior disclosures. *See* Reconsideration Motion at 1-2 (arguing that if defendant did not know about WikiLeaks, its organization and structure, or prior disclosures and resulting harms, then Mr. Rosenzweig's testimony about those subjects would be irrelevant).

As an initial matter, the defendant's Reconsideration Motion directly contradicts the argument he made in his original motions *in limine* concerning Mr. Rosenzweig's testimony.  The defendant argues in the instant motion that Mr. Rosenzweig's testimony should not be admitted because there is no evidence that the defendant knew of, for example, Chelsea Manning's disclosures to WikiLeaks.  In his original opposition to the Government's motions in *limine*, however, the defendant argued the exact opposite:

---

[1] The defendant's failure to include this argument in his original opposition to the Government's motions *in limine*—even though he had all of the facts available to him to make it—is, in and of itself, fatal to the Reconsideration Motion.  *See, e.g.*, *United States v. Diaz*, 17 Cr. 227, 2018 WL 3632509, at *1 (S.D.N.Y. July 30, 2018) (noting that the standard for reconsideration is a "strict" one and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked") (internal citation and quotation omitted).

The Honorable Paul A. Crotty, U.S.D.J.
January 23, 2020
Page 2

> Next, the government says that it intends to introduce evidence of Mr. Schulte's "knowledge of [Ms.] Manning's leak." Gov. Res. 11. The release of documents by Ms. Manning was front page news in every major news publication for numerous days. Of course, Mr. Schulte knew about it; so did everyone else who picked up a newspaper. It is not clear what the expert would have to add to this information.

(Dkt. 242 at 44).

Moreover, even setting aside the dubious assertion that a member of the U.S. intelligence community could have been completely unaware of WikiLeaks' serial disclosures of classified and sensitive information and the resulting harm, the Government's proof at trial will include evidence that the defendant himself was well aware of WikiLeaks' actions and the harms it caused. For example, WikiLeaks began to disclose classified information Manning provided to the organization beginning in or about April 2010, including purported information about the United States' activities in Afghanistan. In electronic chats stored on the defendant's server, the defendant discussed these disclosures. For example, on August 10, 2010, the defendant wrote in a chat "you didn't read the wikileaks documents did you?" and, after that "al qaeda still has a lot of control in Afghanistan." In addition, on October 18, 2010, the defendant had another exchange in which he discussed Manning's disclosures, including the fact that the information provided was classified, came from U.S. military holdings, and that (according to the defendant) it was easy for Manning to steal the classified information and provide it to WikiLeaks. Similarly, in a June 9, 2013 exchange, the defendant compared Manning to Edward Snowden, the contractor who leaked classified information from the National Security Agency, and stated, in substance and in part, that Snowden, unlike Manning, "didnt endanger in [sic] people."

Accordingly, the Government respectfully submits that the Court should deny the Reconsideration Motion.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
David W. Denton, Jr.
Sidhardha Kamaraju
Matthew Laroche
Assistant United States Attorneys
Tel.: 212-637-2744 / 6523 / 2420

Cc:  Defense Counsel (via ECF)