# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 7, 2020

By Hand – ~~Classified Pending Review~~

Hon. Paul A. Crotty
Judge, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Your Honor:

We write regarding the government's letters of December 20, 2019 and January 3, 2020, setting forth various new or amended proposals for substitutions pursuant to CIPA Section 6(c). We object to those proposals for the reasons set forth below.

In its December 20, 2019 letter, the government continues to propose to use full trial pseudonyms for a limited number of witnesses[1] for whom it is also seeking restrictions on public and media access to the courtroom. *See* Letter of Dec. 20, numbered paragraph 1. However, the government now proposes to "refer to other, non-public facing CIA officers by their first-name only, with covert officers using the first-name of their CIA pseudo[nym]." *Id.*, numbered paragraph 2. This latter, new proposal is problematic for a number of reasons.

To begin with, it risks conveying the same prejudice and creating the same sorts of confusion that the use of full trial pseudonyms would create. As we have consistently argued to this Court, the use of such pseudonyms will surely convey to the jury the impression that the defendant is dangerous and that the evidence is so sensitive that it re-

---

[1] These include eight witnesses named in its earlier motions and, potentially, others. *See* Letter of Dec. 20, at 2 (noting that if ███████ testifies, the government will seek "the same protections" for her as it is seeking for the eight other witnesses). Ms. ███████ name and relationship to Mr. Schulte is known to the public. ███████

Honorable Paul A. Crotty  
United States District Judge

January 7, 2020  
Page 2

Re:   United States v. Joshua Schulte, 17 Cr. 548 (PAC)

quires special protections, regardless of whatever corrective jury instruction this Court issues. *See United States v. Rosen*, 487 F. Supp. 2d 703, 709-10 (E.D. Va. 2007). Moreover, as other courts in this Circuit have noted, the use of pseudonyms also risks creating chaos at trial. As Judge Cogan of the Eastern District recently noted:

> In fact, evidence submitted to the Court highlights the problems pseudonyms may pose at trial and the confusion it will undoubtedly produce, despite counsel's best efforts to adequately prepare their respective clients. This was apparent from the parties' depositions: "Moira Hathaway" could not recall her pseudonym's first name, and "Hillary Lawson" could not recall her close friend and co-plaintiff's pseudonym. As one court in this circuit has already recognized, "conducting a trial in such an atmosphere, all the while using pseudonyms, promise trouble and confusion." *Guerilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 575 (S.D.N.Y. 2004). In the event a witness inadvertently testified to a plaintiff's real name, the Court would have to immediately excuse the jury in the middle of crucial testimony, admonish the witness, and provide a limiting instruction, which may signal to the jury that either the attorney or the witness acted improperly. Accordingly, I find that the prejudice to defendants at trial outweighs the interests of plaintiffs in their anonymity.

*Lawson v. Rubin*, No. 17-CV-6404(BMC)(SMG), 2019 WL 5291205, at *3 (E.D.N.Y. Oct. 18, 2019). The specific new proposal the government sets forth in its December 20th letter with respect to all non-public facing CIA officers not testifying to a partially-closed courtroom—using only the first names of their familiar CIA pseudonyms[2]—may perhaps diminish the risk of confusion for the attorneys and other trial participants, but it will only do so at the cost of flagging for the jury that these individuals and what they have to say is particularly sensitive. The use of full trial pseudonyms might *theoretically* pass without being noticed by the jury—assuming, implausibly, that no one has a lapse during trial. But the use of only first names for a large group of (adult) witnesses will be glaringly obvious to everyone on the jury, a constant, inescapable reminder of the purported danger to

---

[2] The government additionally states that it "will propose a minor modification" to any distinctive first-name pseudonyms. Letter of Dec. 20, numbered paragraph 2 ("(e.g. ▌                    ▐)"). Such proposed substitutions, whenever they are actually proposed by the government, will simply combine the worst features of the two proposals for non-public facing CIA officers—confusing all participants while also continually highlighting for the jury that the witnesses' identities are sensitive and are being concealed, as we argue above.

Honorable Paul A. Crotty  
United States District Judge

January 7, 2020  
Page 3

Re:   United States v. Joshua Schulte, 17 Cr. 548 (PAC)

national security posed by the subject matter of the trial. In short, the government's new proposal simply trades one form of poison for another.[3]

The baseline risk of confusion inherent here will be amplified by the fact that there will now be *three* different methodologies for identifying CIA witnesses at trial. The multiplicity of schemes for concealing identities creates a heightened risk of error that will have a natural tendency to inhibit defense counsel. Even the most zealous defense counsel may appear hesitant before the jury as they attempt to figure out on the fly which scheme applies and which name should be used to refer to past or present witnesses in what the *Rosen* court appropriately termed a "trial by code." 487 F. Supp. 2d at 714. The risk of error is an asymmetrical one, as the most serious professional consequences of such mistakes inure only to the harm of defense counsel.[4] The consequent chilling effect will impair Defendant's Sixth Amendment rights. And surely the entire scheme does not leave the defense in substantially the same position it would have been in without the substitutions, as CIPA demands.

The government's January 3d letter proposes to use "alternative, rather than generic" pseudonyms for undisclosed tools, as well as whatever redactions the government proposes between now and the next hearing. We object to the use of such pseudonyms for the same reasons already set forth with respect to the use of pseudonyms for the CIA witnesses. The same risk of error exists with respect to the names of these tools. Jurors will notice if defense counsel are fumbling over documents at trial; corrective actions that will be required in response to the inevitable mistakes at trial will, as the *Lawson* court noted, "signal to the jury that either the attorney or the witness acted improperly." Again, that asymmetrical risk will invariably chill the zealous advocacy to which the Constitution entitles Mr. Schulte.

---

[3] The same concerns apply to any exhibits to which the government would apply "[t]he foregoing naming conventions," as it also proposes to do in its December 20th letter. *See* Letter of Dec. 20, numbered paragraph 4.

[4] This harm is not theoretical. Criminal cases are wrought with stress and emotion, and it is natural to be in the "zone" during cross-examination or oral argument. Not focused on substitutions, counsel could and has had a spill of information. To elucidate, when representing another defendant in the Southern District of New York, Ms. Shroff inadvertently used the *fake* name of an *online fake individual* instead of referring to the individual as "CC-1." In response to the inadvertent spill, the equity holder of the information sought administrative sanctions against Ms. Shroff. She had to retain counsel to represent her in an administrative process relating to her security clearance. As punishment, she received a reprimand letter from the Department of Justice and was informed that the letter would remain in her file for the next 5 years, and would be removed only if she did not have another inadvertent spill. Should Ms. Shroff have another spill of classified information, her clearance would be at risk, and such risk would endanger her ability to work on such cases in the future.

Honorable Paul A. Crotty  
United States District Judge

January 7, 2020  
Page 4

Re:   United States v. Joshua Schulte, 17 Cr. 548 (PAC)

As the *Rosen* court noted, the widespread use of pseudonyms for CIA witnesses and tools in this trial will, at best, constitute "an unwieldy inconvenience fraught with potential for confusion," and, at worst, "unfairly shackle[ Defendant] to a script written by the prosecution, bewildering the jury and all but the most well-coached government witnesses...." 487 F. Supp. 2d at 714. The Court should reject the government's proposals.

We are available to further discuss these matters at the next court appearance on January 10, 2020 at noon.

Respectfully submitted,

/s/

Edward Zas & Sabrina Shroff  
Attorneys for Joshua A. Schulte

cc:   All counsel