# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 21, 2020

By hand – ~~classified pending review~~
Hon. Paul A. Crotty
Judge, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Crotty,

We write in response to the government's letters of January 16 and 17, 2020, proposing a third set of modifications to its prior proposals for restrictions on public and media access to the courtroom and use of trial pseudonyms.

In response to the Court's concern for potential confusion engendered by the use of trial pseudonyms for a large number of witnesses, the government has reduced the number of witnesses for whom it proposed to use full trial pseudonyms – from eight to five. Nothing in this proposal reduces in any significant fashion the potential for trial confusion, jury prejudice, and the risk of error asymmetrically falling upon defense counsel that we have already repeatedly objected to. Indeed, the government's own letters neatly illustrate the potential for chaos at trial. The letter of January 17th effectively serves as a chart setting out the appropriate treatment of different individual witness names. Not only does that chart list *ad hoc* exceptions to the generalized rules proposed in the January 16th letter (listing ▮▮▮▮ as subject to the same treatment as other "Overt Developers" even though he is not an "Overt Developer"), it flags an apparently-serious error in the government's January 16th letter. In the January 16th letter, the government had asked that "public facing" "Overt Employee" Bonnie ▮▮ testify using her "true full name" (January 16th letter, at 5), but in the next day's letter, the government noted (without explanation) that she should instead be referred to as "Bonnie ▮▮" at trial. *See* Jan. 17 letter at 3, 3 n.2. If the government cannot keep its own witness naming codes straight while drafting a letter in the repose of their own offices, imagine how difficult that task will be under the pressures of trial for defense counsel (who, again, bear the greatest professional and personal consequences for any mistakes made at trial) or for that matter the Court.

* * *

The government continues to demand that this Court impose restrictions on public and media access to the trial courtroom. Nothing in the government's latest letters addresses the many serious concerns raised in our December 6, 2019 response to the government's Nov. 26, 2019 *Motion for Witness Protective Measures*. The rules proposed by the prosecution were already complex, with that complexity continuing to grow, requiring a chart to follow, *see, e.g.*, Jan. 17 letter at 3 (noting that no "witness protections" need be applied for two public facing CIA officials, but that one of them should "be allowed to use a non-public entrance" when entering or exiting the courtroom).

One particularly serious issue merits this Court's attention. As we noted in our response brief, at page 7, "the Government has failed to provide any notice of [its] requested closure to the public" and "declined to provide such notice despite requests by the defense to file an unclassified version of its motion on the Court's public CM/ECF docket." It is black-letter law that there must be public notice of any effort to close parts of a criminal trial sufficiently far in advance of trial to permit intervention by interested members of the press and public. *See In re The Herald Co.*, 734 F.2d 93, 102-03 (2d Cir. 1984) (requiring that a motion for closure, or notice of such a motion where a court has granted leave to seal the motion, must be docketed "promptly" and in "detail[]" sufficient to afford the general public notice and an opportunity to challenge the requested closure); *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008); *United States v. Alcantara*, 396 F.3d 189, 199-200 (2d Cir. 2005) (motion should be docketed "sufficiently in advance of a hearing" to permit intervention). There is no longer sufficient time for the government to provide adequate notice to the press and public of its intended restrictions on access prior to the start of trial on February 3, 2020. Today is January 21, 2020. For that reason alone, the requests for proposed closures should be denied. The press' failure to receive timely notice within which they intervene and challenge could constitute structural error.

Respectfully submitted,

/s/Sabrina Shroff & Edward Zas
Attorneys for Joshua A. Schulte