**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

January 27, 2020

**BY ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *United States v. Schulte*, **S2 17 Cr. 548 (PAC)**

Dear Judge Crotty:

As discussed in our letter of January 17, 2020 (Dkt. 255), the government has effectively prevented the defense throughout this case from conducting any investigation into the 15 or more current and former CIA employees expected to testify at the trial commencing next week.[1]

The government's letter of January 24, 2020 (Dkt. 269), states that the CIA will now permit defense counsel to do a limited investigation into the witnesses, subject to unwritten rules dictated by the CIA. The government states, for example, that the defense may run a witness's name through an Internet search, so long as we do not "specifically tie[]" the name to the CIA. But the CISO has since advised us that he and the CIA are "uncomfortable" with us typing into the Internet the witness's name along with key terms such as "WikiLeaks," "spying," and other words essential to gathering relevant information about the witness.

The government's offer to permit this kind of highly restricted purported "investigation," if it can even be called that—subject to ground rules that are still hopelessly unclear—is too little, too late. There is simply no way for defense counsel to conduct a reasonable investigation of 15 CIA witnesses under these conditions in time

---

[1] The government claims that our January 17 letter was the first time it became aware of this issue. In fact, the government has long known that the defense has been unable to investigate the CIA witnesses. We have objected for many months, for example, to the government's decision to redact relevant sections of the FBI 302 reports for the CIA witnesses, including their addresses. We have also asked the CISO numerous times for permission to conduct a basic out-of-court investigation of the CIA witnesses; we were told that the CIA would not allow us to conduct such an investigation because the names and addresses of the witnesses are "classified."

Hon. Paul A. Crotty
January 27, 2020
Page 2

for trial. Indeed, the government still refuses to provide the defense with the addresses of *any* of the CIA witnesses, the very starting point of an adequate defense investigation. *See Smith v. Illinois,* 390 U.S. 129, 131 (1968) ("The witness'[s] name *and address* open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.") (emphasis added).

The Court should direct the government to produce to the defense immediately the home addresses of all the CIA witnesses and should authorize the defense to conduct an unrestricted investigation into those witnesses (subject only to the requirement that the defense not intentionally disclose to any third person that the witness works for the CIA). And since the defense cannot possibly conduct an adequate investigation of the witnesses in the few days remaining until trial, the Court should adjourn the trial date. Alternatively, if the Court declines to adjourn the trial, the Court should preclude the government from calling any of the current or former CIA employees as witnesses. *See United States v. Fuentes,* 988 F. Supp. 861, 864–67 (E.D. Pa. 1997) (precluding testimony of confidential informant where government failed to comply with *Smith*'s requirements).

Respectfully submitted,

/s/

Edward S. Zas & Sabrina P. Shroff
*Counsel for Joshua A. Schulte*