# Federal Defenders
## OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

January 27, 2020

**By ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Joshua Adam Schulte*, No. 17 Cr. 548 (PAC)

Dear Judge Crotty,

We respectfully submit this letter in response to the government's letter of January 21, 2020, regarding the admissibility of the MCC notebooks and other prisons writings (Dkt. 257) ("Gov. Ltr.").

As the Court has correctly noted, "writing down his thoughts on classified information is not the crime" Mr. Schulte is charged with, nor is he charged with "spreading misinformation intended to portray [Mr.] Schulte as the victim of an attempted framing by the FBI and CIA." *E.g.*, Order, Dkt. 252. The Court has also explained that it "continues to believe that the Government may be able to prove transmission without any reference to the contents" of the notebooks. *Id.* The Court's inclination to find that the notebooks are not relevant evidence of the charged crimes is correct.

Instead, the government largely seeks to use them to unfairly prejudice Mr. Schulte. The government wishes to use the notebooks to show his purported "rage at being imprisoned," Gov. Ltr. 3, a common reaction to pretrial incarceration. This is irrelevant to the charges and only highlights the circumstances of his incarceration – an improper purpose. The government wishes to use the notebooks to show he "engaged in a campaign to drum up media attention for his case and paint himself as

1

an innocent man." Gov. Ltr. 4. This too is not an unusual reaction of a criminal defendant, and not relevant to the charges. And, the government wishes to use the two-word phrase "information war," which is plucked out of context from the notebooks, as a theme in its case, which should be prohibited.[1] None of these are valid purposes.

The government has apparently made no effort to redact the pages it seeks to introduce to eliminate unnecessarily prejudicial obscenities, which can serve no legitimate purpose in front of the jury. It also includes language that is derogatory towards Mr. Schulte's family and clearly written in anger. Mr. Schulte and his family have a loving relationship and it is purely prejudicial for the jury to hear otherwise.

Finally, the government's more general assertion that the conflict surrounding the MCC notebooks has somehow "disappear[ed]" based on the court's ruling over objection that Mr. Schulte may not raise an advice-of-counsel defense is also incorrect. Gov. Ltr. 1. Indeed, the specific pages the government seeks to introduce include work product in preparation for Mr. Schulte's defense. Some the pages that the government seeks to introduce also specifically mention "Sabrina" and refer to his family reaching out to different defense lawyers, strongly implying that Mr. Schulte had concerns about his current defense team. These portions of the notebooks only highlight the inherent conflict that the current defense team faces in representing Mr. Schulte. Additionally, if Mr. Schulte is convicted, this issue will surely be taken up on appeal, and may well cause a reversal of a conviction. The issue will only begin to "disappear" if the notebooks are excluded from the trial.

The Court should exclude the notebooks in their entirety.[2]

Alternatively, if the Court allows portions of the notebooks, these portions should be significantly limited and redacted. For example, the government argues that it will not be able to show the "attempted" transmission of national defense information by Mr. Schulte's alleged attempt to transmit the "Fake Authentication Tweet" and the "Malware Disclosure" without the notebooks. Gov. Ltr. 15. But –

---

[1] As argued in the defense motion in limine, even if the Court allows portions of the notebooks into evidence, it should preclude the government from using the phrase "information war," which was written once in a hardcopy notebook and never disseminated in the inflammatory way the government has been using it in motions.

[2] The government also again makes repeated reference to the "Anonymous" group. Dkt 257, at 5, 12, 17. As explained in our response to the motions in limine, all reference to Anonymous should be excluded under Rule 404(b).

even accepting, *arguendo,* the government's argument that it needs to introduce the "Fake Authentication Tweet" and the "Malware Disclosure" – these two pieces of evidence are exceedingly brief and appear in just a couple of lines on two pages of the notebooks. The government need not also introduce 21 other pages of extraneously, inflammatory, and prejudicial information about information that even the government does not suggest was "national defense information."

Below are additional, specific objections to some of pages that the government seeks to introduce:

- "If you need help ask WikiLeaks for my code." Gov. Ltr. 8. The government says that this sentence means that "WikiLeaks is in possession of source code for tools upon which the defendant worked and that are continued in the back-up file that was stolen, even though WikiLeaks has not publicly disclosed that it possesses any source code for all of the tools."

Nothing in the unredacted portion of Page JAS_022627 (classified #014099) is relevant to the government's case. On the contrary, the beginning of the page is clearly part of a legal motion that Mr. Schulte was drafting. The top of the page states: "You can create a forensic copy of the device & then have control over it. There has been no reason over this past year that we would not have had access to this critical evidence except that the prosecutors have lied to your honor & played games." This is privileged information or work product and is therefore not admissible.

The bottom of the page discusses what it means to be a "good Christian" and a "good person." Page JAS_022627 (classified #014099). This is simply irrelevant.

- Wrong Articles (014110) (undated). The fact that Mr. Schulte was "disappointed" in his family and that his mother "got all upset like she does" is both irrelevant and prejudicial. Soo, too, the repeated use of profanity is prejudicial.

- New Articles Plan  (014114) (July 14, 2018).  As evidenced by the government's use of the word "appears," this passage is not clear.  Taken at face value there is no mention of embarrassing the CIA or the FBI.  Further, there is no suggestion that Mr. Schulte intended to release classified or national defense information.  Rather, this passage simply contains a list of political views and as such it is irrelevant and potentially prejudicial.  In addition, the government has not suggested any relevance to the left side of 014114, and there is none.  The fact that Mr. Schulte planned to read "Win Your Case" by Gerry Spence

pertains to the preparation of the defense and should be excluded.  For these combined reasons, that half-page should be precluded.

- What We Expect to Find in Emails (014136) (undated).  This page is clearly part of Mr. Schulte's pro se motion to dismiss under the Fifth Amendment for prosecutorial misconduct.  The Fifth Amendment is referenced at the top of the right-hand page.  As such it is privileged work product.  In addition, the government has not specified which part of this page contains classified information and because the handwriting is not always legible the defense cannot fairly guess the offending part.  Again this seems more a statement of Mr. Schulte's political viewpoint, now as a wrongfully charged and detained defendant, and even were it not privileged, it would be irrelevant and unduly prejudicial.

- Breakup Diplomatic Relationships (014263) (Dated August 8, 2018).  Next to the portion of this page that the government seeks to admit, is Mr. Schulte's remark that he took the "last piece" and was "feeling great."  He was envisioning himself a Cardinal soon to become the young Pope as he "unified Christianity around the church."  Then, he noted, "took too much & feel sick."  This suggests that Mr. Schulte was high at the time of these entries and they therefore cannot evidence his real intent.  Further, the bottom half of the page memorialized attorney-client communication and should be deemed privileged.

- Stage My Information War (014287) (Dated August 14, 2018).  The desired passage does not disclose an intent to release classified information or secrets detrimental to the United States.  Instead, Mr. Schulte proposes to rant on his blog about his time in prison at the hands of a corrupt government.  In short, Mr. Schulte sounds like most detainees.  The selected passage is irrelevant.

- Using WhatsApp and Signal (014298).  Again, that Mr. Schulte is disappointed with his parents is irrelevant and prejudicial.  That his father sounded terrified at the government is not relevant.  The profanity and the obscenities should be redacted as prejudicial.  There is no suggestion that the articles contained classified information.  As to Use Evidence, in the section addressed next, there is an entry as to "setup Whatsapp, Signal, telegram" to which the defense does not object.  Thus the reference to Signal here is cumulative.  As such, there is no basis to introduce this evidence.

- Setting Up ProtonMail and Emailing the Reporter (014306) (Dated August 23, 2018). Again that Mr. Schulte is upset with his family is not relevant and the profanity should be redacted. Further there has been no showing that Articles 8 and 9 contain classified information or would otherwise harm the United States. The purported "intent" evidence is inadmissible.

- Identifying Malware of the Mind as Article 10 (014319). Again there is no indication that Article 9 or 10 will contain classified information or otherwise harm the United States. As such it fails as "intent" evidence. The next passage should be redacted because it concerns defense work product and is privileged ("Franks issue(s) for my case & SW). Similarly, "ask for bail application" is protected. The books that Mr. Schulte is reading or seeks to read are irrelevant. Indeed, this whole page seems a random collection of disconnected thoughts. The defense continues to object to any mention of Autonomous as unduly prejudicial and because it may confuse the jury.

- Signal and Twitter to Send Articles and Tweets (014327). As stated above, continued reference to Signal would be unnecessarily cumulative. In addition, the profanity should be redacted. The Hedge Fund reference, the numbers leading to a total of 66.15 and the reference to Thomas Mann's The Magic Mountain are all irrelevant and should be redacted.

Sincerely,

Respectfully submitted,

_____/s/_____
Edward S. Zas
_____/s/_____
Sabrina P. Shroff