USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-28-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                        :

UNITED STATES OF AMERICA,          :

                                          :

    -v-                                   :

JOSHUA ADAM SCHULTE,           :        S2 17 Cr. 548 (PAC)

               *Defendant.*        :

                                          :        **ORDER**

                                        :
-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      Defendant Joshua Schulte ("Defendant" or "Schulte") moves to dismiss Counts 1, 2, 3, 4,

and 6 of the Second Superseding Indictment arguing the Espionage Act, 18 U.S.C. § 793, and

Federal Larceny Act, 18 U.S.C. § 641, are unconstitutionally overbroad and vague ("Def. Mot."),

Dkt. 174.  The motion is denied.

## BACKGROUND

      Defendant, a former Central Intelligence Agency ("CIA") employee, has been indicted

for stealing national defense information and transmitting it to Wikileaks.  At the CIA, Schulte

worked within the Center for Cyber Intelligence ("CCI"), Engineering Development Group

("EDG").  Schulte held a security clearance and he participated in training on the different types

of classified information and the proper handling of such materials.  While employed by the

CIA, Schulte signed a non-disclosure agreement in connection with his access to classified

information.

      The Government alleges that in the spring of 2016, Schulte while working for CIA

accessed certain CIA systems without permission and stole repositories of CIA cyber tools and

1

source code, which he later transmitted to Wikileaks. The Second Superseding Indictment charges Schulte with, *inter alia*, four counts of violating 18 U.S.C. § 793 and one count of violating 18 U.S.C. § 641. *See* Second Superseding Indictment ¶¶ 1-4, 6.

Counts One through Three charge Schulte with stealing information and transmitting it to Wikileaks in violation of 18 U.S.C. § 793(b)[1]; 793(d)[2]; and 793(e).[3] Count Four also charges Schulte under 18 U.S.C. § 793(e)[4] for retaining portions of classified information and other national defense information maintained by the CIA and disclosing it, or attempting to disclose it, to third parties not entitled to receive it. Count Six charges Schulte with theft of government property, in violation of 18 U.S.C. § 641.[5]

Defendant now moves to dismiss Counts One through Four and Count Six arguing

---

[1] Count One charges that, in or about 2016, Schulte "for the purpose of obtaining information respecting the national defense with intent or reason to believe that the information would be used to the injury of the United States, or to the advantage of any foreign nation, took a document, writing, or note connected with national defense." Second Superseding Indictment ¶ 1.

[2] Count Two charges that, in or about 2016, Schulte "having possession of, access to, control over, and being entrusted with information relating to the national defense...which information the defendant had reason to believe could be used to the injury of the United States and to the advantage of any foreign nation, did knowingly and willfully communicate, deliver, and transmit that aforesaid information to a person not entitled to receive it." Second Superseding Indictment ¶ 2.

[3] Count Three charges that, in or about 2016, Schulte "having unauthorized possession of, access to, or control over records containing information related to the national defense, which information the defendant had reason to believe could be used to the injury of the United States and to the advantage of any foreign nation, willfully retained the records and failed to deliver it [*sic*] to the officer or employee of the United States entitled to receive it." Second Superseding Indictment ¶ 3.

[4] Count Four charges that, in or about December 2017, "having unauthorized possession of, access to, or control over records containing information related to the national defense, which information the defendant had reason to believe could be used to the injury of the United States and to the advantage of any foreign nation, willfully retained the records and failed to deliver it [*sic*] to the officer or employee of the United States entitled to receive it." Second Superseding Indictment ¶ 4.

[5] Count Six charges that in or about 2016, Schulte "embezzle[d], st[tole], purloin[ed], and knowingly convert[ed] to his own use...things of value to the United States, which exceeded the sum of $1,000, and...receiv[ed], conceal[ed], and retain[ed] the same with intent to convert it to his own use and gain, knowing it to have been embezzled, stolen, purloined and converted." Second Superseding Indictment ¶ 6.

18 U.S.C. § 793 and § 641 are unconstitutionally overbroad and vague.

## DISCUSSION

### I.   Defendant's Overbreadth Challenge to Section 793

Schulte contends that Section 793 is unconstitutionally overbroad.[6] He argues that Section 793 amounts to a content-based restriction on the right to free speech that cannot survive strict scrutiny.  He brings a facial challenge to Section 793.[7]

### A.   Legal Standard

A law is unconstitutionally overbroad if it "punishes a substantial amount of protected free speech, judged in relation to [its] plainly legitimate sweep." *Virginia v. Hicks,* 539 U.S. 113, 118–19 (2003) (internal quotation marks omitted).  Because finding a statute overbroad invalidates *all* enforcement of a challenged law, courts employ it with hesitation, and then "only as a last resort." *Id.* at 119; *New York v. Ferber*, 458 U.S. 747, 769 (1982).  "Mindful that such relief is 'strong medicine,' the law rigorously enforces the burden on the challenging party to demonstrate '*substantial*' infringement of speech." *United States v. Farhane*, 634 F.3d 127, 136–37 (2d Cir. 2011).

"[O]verbreadth challenges present an exception to the general rule against third-party

---

[6] At the outset, the Government urges that Defendant's instant motion is untimely and thus waived because defendant cannot show good cause under Rule 12(c)(3).  Rule 12(3)(B)(v) requires that motions for "failure to state an offense" be filed by the pretrial deadline. *See* Fed. R. Crim. P. 12(3)(B)(v).  The instant motion is untimely as it was filed months after the court-imposed deadline, as the Defendant concedes. (Dkt. 159 ¶ 2.)  Defendant urges that good cause encompasses an attorney's unreasonable failure to file a meritorious pretrial motion. (*Id.* ¶ 6.)  Counsel neglecting to file a motion, despite ample opportunity to do so, with no reasonable excuse—does not establish good cause. *See United States v. Forrester*, 60 F.3d 52, 59 (2d Cir. 1995) (holding inadvertence by counsel does not constitute cause).  In any event, for the reasons herein, the Court has determined Defendant's pretrial motion is not meritorious.

[7] Defendant concedes that 18 U.S.C. § 793, based on the original Espionage Act of 1917, has never been successfully challenged in its 100-year history.

standing." *Farrell v. Burke*, 449 F.3d 470, 498 (2d Cir. 2006). Accordingly, a defendant

challenging overbreadth "claims that[,] although a statute did not violate his or her [own] First

Amendment rights, it would violate the First Amendment rights of hypothetical third parties if

applied to them." *Id.* at 498. "All overbreadth challenges are therefore facial challenges."

*United States v. Thompson*, 896 F.3d 155, 162–63 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 2715,

204 L. Ed. 2d 1113 (2019).

The Supreme Court has made clear that not all categories of speech are protected by the

First Amendment. *See United States v. Stevens*, 559 U.S. 460, 468 (2010). "[S]peech integral to

criminal conduct" is an area in which the First Amendment has "permitted restrictions upon the

content of speech." *Id.*; *see Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 498 (1949) ("It

rarely has been suggested that the constitutional freedom for speech and press extends its

immunity to speech or writing used as an integral part of conduct in violation of a valid criminal

statute. We reject the contention now."). *See, e.g., Haig v. Agee,* 453 U.S. 280, 308–09 (1981)

(holding that defendant's "repeated disclosures of intelligence operations and names of

intelligence personnel" are "clearly not protected by the Constitution"); *United States v.

Morison*, 844 F.2d 1057, 1069 (4th Cir. 1988) (rejecting defendant's First Amendment

challenge, and stating that "it seems beyond controversy that a recreant intelligence department

employee who had abstracted from the government files secret intelligence information and had

willfully transmitted or given it to one 'not entitled to receive it' as did the defendant in this case,

is not entitled to invoke the First Amendment as a shield to immunize his act of thievery.");

*United States v. Kim*, 808 F. Supp. 2d 44, 56 (D.D.C. 2011) (same).

**B. Application to Section 793**

Conceding that Section 793 does not affect his constitutional rights, Schulte invokes the

overbreadth challenge.   The thrust of Defendant's argument is that the statutory phrases "relating to national defense" and "reason to believe that information could be used to injure the United States or to the advantage of a foreign nation" are so expansive that if applied literally could allow the Government to prosecute members of the media for obtaining and publishing truthful information about U.S. foreign policy.

The first step in an overbreadth analysis is to "construe the challenged statutes." *Williams*, 553 U.S. at 293 ("[I]t is impossible to determine whether a statute reaches too far without first knowing what the statute covers.").  Section 793's legitimate sweep is apparent: it criminalizes (1) theft and disclosure of national defense information, by those who act willfully or with the requisite purpose and intent or reason to believe the information could be used to injure the United States or advantage a foreign nation.   There is no doubt the Government's interest in national security is compelling, *Haig*, 453 U.S. at 307, and that "[m]easures to protect the secrecy of the Government's foreign intelligence operations plainly serve these interests." *Id.*; *see Snepp v. United States*, 444 U.S. 507, 509 n. 3 (1980) (holding "[t]he Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.").

In furtherance of those legitimate interests the statute focuses on illicit activity that injures the United States, and which a defendant takes with the requisite culpable mental states. Defendant's overbreadth challenge is defeated by the *mens rea* requirements within Section 793. Section 793(b) prohibits copying, taking, making, or obtaining materials "connected with the national defense," and only when the defendant did so with "the purpose of obtaining information respecting the national defense with intent or reason to believe that information is to

be used to injure the United States, or to the advantage a foreign nation." 18 U.S.C. § 793(b).

Section 793(d) and (e) punish only those people who transmit information related to the national

defense, in tangible or intangible form, to one not entitled to receive it. Importantly, the statute

requires the Government to prove a defendant "willfully" retained the information or disclosed it

to an unauthorized recipient of national defense information. *See United States v. Rosen*, 445 F.

Supp. 2d 602, 643 (E.D. Va. 2006), *aff'd*, 557 F.3d 192 (4th Cir. 2009). Additionally, where the

alleged violation is unauthorized disclosure of intangible information—rather than documents—

the Government must further prove that the defendant acted with "reason to believe [the

information] could be used to the injury of the United States [or] to the advantage of a foreign

nation." 18 U.S.C. §§ 793(d), (e).

Absent from the record is evidence showing a substantial number of prosecutions of the

media for obtaining and publishing truthful information about U.S. foreign policy, as proposed

under Defendant's reading of the statute. Defendant's hypothetical examples under his reading

of the statute fail to persuade. *See Members of City Council of City of Los Angeles v. Taxpayers

for Vincent*, 466 U.S. 789, 800 (1984) (The "mere fact that one can conceive of some

impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth

challenge."). And nothing in the First Amendment confers on a government official permission

to violate the law in the name of disseminating "news." "By virtue of his security clearance,

Defendant was entrusted with access to classified national security information and had a duty

not to [steal and] disclose that information. He cannot use the First Amendment to cloak his

breach of that duty." *Kim*, 808 F. Supp. 2d at 57. Defendant's overbreadth claim fails. *See

Rosen*, 445 F. Supp. 2d at 643 ("So construed, the statute is narrowly and sensibly tailored to

serve the government's legitimate interest in protecting the national security, and its effect on

First Amendment freedoms is neither real nor substantial as judged in relation to this legitimate sweep."); *United States v. Kiriakou*, No. 1:12CR127 LMB, 2012 WL 3263854, at *8 (E.D. Va. Aug. 8, 2012) (same).

## II.   Defendant's Vagueness Challenge to Section 793

Turning to the claim of vagueness, Schulte argues Section 793 is unconstitutionally vague.  He raises an as-applied and facial challenge.  Schulte takes particular issue with the clauses: "relating to the national defense," "willfully," "persons not entitled to receive" national defense information, and "unauthorized possession" of national defense information.  As discussed further below, courts have uniformly held that the judicial gloss on these clauses provides sufficient notice of what conduct is criminalized under 18 U.S.C. § 793.  *See United States v. Hitselberger*, 991 F. Supp. 2d 101, 104 (D.D.C. 2013) (collecting cases).

### A.   Legal Standard

"Vagueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clause of the Fifth Amendment." *Williams*, 553 U.S. at 304.  A statute is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Id.* But "perfect clarity and precise guidance have never been required" even where statutes restrict expressive activity. *Id.*

In challenging vagueness there is a preference for as-applied review in certain circumstances.  This preference flows from " 'the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court. ' " *Parker v. Levy,* 417 U.S. 733, 759 (1974) (quoting *Broadrick v. Oklahoma,* 413 U.S.

601, 610 (1973)).

### B.   Application to Section 793

Schulte's vagueness claim is particularly unpersuasive given the conduct at issue and the content of the documents he is alleged to have stolen and transmitted.  Significantly, Schulte acknowledges that the Espionage Act may constitutionally apply to him.  (Def. Mot. at 19.) Accordingly, the as-applied preference applies to this motion.  *Farhane*, 634 F.3d at 138.  This alone is fatal to Schulte's claim.

The Supreme Court has found the phrase "relating to the national defense" to be sufficiently definite "to apprise the public of prohibited activities" and to be "consonant with due process."  *Gorin v. United States*, 312 U.S. 19, 28 (1941).  As the Court in *Gorin* explained, "from the standpoint of military or naval strategy it might ... be dangerous to us for a foreign power to know our weaknesses and our limitations."  *Id.* at 31.  Moreover, the Defendant points to no cases in which willfulness has ever been held to be unconstitutionally vague.  The Supreme Court interpreted "willfulness" in *Bryan v. United States*, 524 U.S. 184 (1998) and held that "in order to establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.' " *Id.* at 191–92.

Defendant also argues Section 793 is unconstitutionally vague because it does not specify "persons not entitled to receive" national defense information, and "unauthorized possession" of national defense information.  Courts interpreting similar language have generally construed the statute with applicable restrictions on disclosure of protected information.  The Second Circuit in *United States v. Girard*, 601 F.2d 69 (2d Cir. 1979), affirmed the defendants' convictions under 18 U.S.C. § 641 for selling confidential law enforcement records.  The Second Circuit held that the law enforcement agency's own "rules and regulations forbidding such disclosure may be

considered as both a delimitation and a clarification of the conduct proscribed by the statute." *Id.* at 71. And as the district court explained in *United States v. Morison,* "[t]he phrase 'not entitled to receive' is not at all vague when discussed in reference with the classification system, which clearly sets out who is entitled to receive (those with proper security clearances and the 'need to know') and [defendant] was certainly aware of the prescripts of the classification system." 604 F. Supp. 655, 662 (D. Md. 1985); *accord Kim,* 808 F. Supp. 2d at 54.

Every court that has considered the constitutionality of Section 793's various provisions has rejected the same claims of overbreadth and vagueness that the defendant raises. *Morison,* 844 F.2d at 1073 ("[W]e find no basis in this case for the invalidation of the statutes for either vagueness or overbreadth or for voiding the defendant's conviction under 793(d) and (e)."); *United States v. Boyce,* 594 F.2d 1246, 1252 n. 2 (9th Cir. 1979) (upholding the language of 18 U.S.C. §§ 793 and 794); *United States v. Squillacote,* 221 F.3d 542, 579–580 (4th Cir. 2000); *Hitselberger,* 991 F. Supp. 2d at 106 (rejecting vagueness challenge to various clauses in 793(e)); *Kim,* 808 F. Supp. 2d at 52–55 (holding that "[t]he Court is not persuaded that § 793(d) is so vague as to permit arbitrary enforcement" and finding the "First Amendment challenge lacked merit"); *Drake,* 818 F. Supp. 2d at 918–19; *United States v. Dedeyan,* 584 F.2d 36, 39 (4th Cir. 1978); *Rosen,* 445 F. Supp. 2d at 617–22. Defendant cites no cases to the contrary.[8] Accordingly, Defendant's vagueness challenge fails.

---

[8] Further, courts have noted that limiting instructions can cure potential overbreadth and vagueness challenges. "To prove information relating to national defense, the Government must prove (1) that the information is closely held by the Government; and (2) that the information is the type of information, that, if disclosed, could harm the United States." *Rosen,* 445 F. Supp. 2d at 618.

### C.   Defendant Challenges Section 641 as Overbroad and Vague

The Second Circuit has determined that Section 641 provides the requisite notice and clarity where the disclosure at issue was affirmatively prohibited by statute, regulation, policy, or longstanding agency practice. *See Girard,* 601 F.2d at 71; *United States v. Jones,* 677 F. Supp. 238, 240 (S.D.N.Y. 1988) ("Given the government's long standing practice of maintaining the confidentiality of information relevant to on-going criminal investigations, and given the government's obvious interest in maintaining such confidentiality, the defendant could reasonably know the proscribed nature of his alleged actions."). Defendant's challenge to Section 641 fails.

### CONCLUSION

For the foregoing reasons, the Court denies the Defendant's motion to dismiss Counts One through Four and Count Six of the Second Superseding Indictment. The Clerk of the Court is directed to terminate the motion at Docket 174.

Dated: New York, New York
      January 28, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge