**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

January 30, 2020

**BY ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Joshua Adam Schulte*, No. 17 Cr. 548 (PAC)**

Dear Judge Crotty:

We object to the 38-page power point exhibit that the government proposes accompany Paul Rosenzweig's testimony (annexed as Exhibit A). This exhibit should be excluded because it contains numerous hearsay statements, is unfairly prejudicial, and violates Mr. Schulte's right to confront the witnesses against him.

The proposed exhibit contains an assortment of quotations that largely seem to be lifted from news articles or blog posts. These include statements from the former President of Mexico, Hillary Clinton, Helmut Metzner (an aide to a German foreign minister), Fred Kaplan (a journalist and author), and Julian Assange. *See* page 6, 20-21. The government apparently seeks to admit these statements for the truth of the matters asserted. This is improper and must be prohibited.

For example, a slide called "'Cablegate' Consequences" includes quotations to show the supposed "consequences" of a particular release of information by WikiLeaks. Instead of any data or facts to support that there were any particular consequences from this leak, however, the power point relies on a hodgepodge of assorted remarks: an excerpt from Secretary Clinton's memoir, in which she recounts an anecdote about the President of Mexico telling her that he wanted to work with a new ambassador; a statement from an interview with the President of Mexico that he believed that there was "severe damage"; and a statement by a German deputy, apparently to the BBC, https://www.bbc.com/news/world-europe-11913406, about the cables. These statements are pure hearsay.

The statements also have no indicia of reliability: politicians' statements during news interviews are often directed at other politicians, and include spin, puffery, or exaggeration. Politicians' statements in books are frequently not actually written by the politician. *See* Paul Farhi, "Who wrote that political memoir? No, who actually wrote

Hon. Paul A. Crotty
January 30, 2020
Page 2

it?" *The Washington Post*, June 9, 2014, *available at* https://tinyurl.com/zxy6kz4 (noting that Clinton had at least three assistant writers in creating "Hard Choices"). And, of course, quotations in news articles are not always accurately recorded.

In the same vein, on page 21, the government quotes a journalist saying that it is "well known" that the *New York Times* redacted information from WikiLeaks documents to keep people from "being killed," apparently to show that WikiLeaks' "practices with respect to redaction are inconsistent." And, on page 20, it asserts that "Assange" "has actively promoted leaking of classified information," and includes quotes that appear to be from Mr. Assange in support of this conclusion.

The government identifies no hearsay exception that would allow admission of any of these statements, and there is none.

Although the Rules of Evidence permit experts some leeway with respect to hearsay evidence if "experts in the particular field would reasonably rely on" the evidence in "forming an opinion," Fed. R. Evid. 703, "a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Malletier v. Dooney & Bourke, Inc.,* 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007). *See also Wantanabe Realty Corp. v. The City of New York*, 2004 WL 188088, at *2 (S.D.N.Y. Feb.2, 2004) (government may not use an expert as "a mere conduit for the hearsay of another"); *Island Intellectual Prop. LLC v. Deutsche Bank AG*, 2012 WL 526722, at *6 (S.D.N.Y. Feb. 14, 2012) (same); *United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008) (expert may not "simply transmit ... hearsay to the jury"). Moreover, if the facts or data relied upon by an expert "would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury *only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect*." Fed. R. Evid. 703 (emphasis added).

The Supreme Court has also admonished trial courts to "screen out experts who would act as mere conduits for hearsay," stating that courts should "strictly enforc[e] the requirement that experts display some genuine 'scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue,'" and preclude experts "from disclosing inadmissible evidence to a jury." *Williams v. Illinois*, 567 U.S. 50, 80–81 (2012) (plurality opinion, Alito, J.).[1]

---

[1] To the extent inadmissible hearsay evidence is actually disclosed at trial by an expert, the Supreme Court counsels that the trial judge "may and, under most circumstances, must, instruct the jury that out-of-court statements cannot be accepted for their truth, and that an expert's opinion is only as good as the independent evidence that establishes its underlying premises." *Williams*, 567 U.S. at 80–81. "If the prosecution cannot muster any independent admissible

Hon. Paul A. Crotty
January 30, 2020
Page 3

Here, there is no indication that experts in the purported "field" of WikiLeaks would rely on a small selection of unreliable quotations to conclude what type of harm was caused to the United States from the release of information in other cases, or what the general practices are of news organizations when receiving information from WikiLeaks.

The "appropriate way to adduce factual details of specific past events is, where possible, through persons who witnessed those events. And the jobs of judging these witnesses' credibility and drawing inferences from their testimony belong to the factfinder." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) (citing *Nimely v. City of New York,* 414 F.3d 381, 397–98 (2d Cir. 2005)). *See also Highland Capital Mgmt. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) (warning that "an expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence").

In this case, there is no indication that the prosecution will muster any independent admissible evidence to prove the "consequences" from past leaks or the general practices of organizations such as the *New York Times* in working with WikiLeaks. Accordingly, this type of hearsay evidence must be excluded. Additionally, allowing this evidence would be unfairly prejudicial under Rule 403 and would violate Mr. Schulte's constitutional right to confront the witnesses against him.

Additional objections

- Pages 9-19: These pages purport to be screen shots of information from the WikiLeaks website. There is, however, no indication as to when these screen shots were taken, or whether the website contained the same information at the time period relevant to Mr. Schulte's trial. If these screen shots are recent, they have no relevance to what information anyone would have learned from the webpage in 2016 or 2017.

- Each page of the power point has the WikiLeaks logo and name from the WikiLeaks website as if the power point document itself was created by WikiLeaks. This creates a misleading impression and should be removed.

- The excerpts from the WikiLeaks website are taken out of context. If the government is permitted to introduce two sentences from the lengthy "about" page on WikiLeaks.org, the defense would be entitled to introduce other portions of that page, including that WikiLeaks is a "multi-national media organization and associated library," that it has

---

evidence to prove the foundational facts that are essential to the relevance of the expert's testimony, then the expert's testimony cannot be given any weight by the trier of fact." *Id.*

Hon. Paul A. Crotty
January 30, 2020
Page 4

      "contractual relationships" with more than 100 major media organizations, and that it has won numerous media awards. *See* https://wikileaks.org/What-is-WikiLeaks.html.

- We renew our objections to references to Anonymous, which are irrelevant and prejudicial.

For these reasons, the Court should exclude the proposed expert demonstrative exhibit and any of the underlying improper hearsay evidence that the government attempts to elicit through Mr. Rosenzweig.

Thank you for your attention.

                                                Respectfully submitted,

                                                     /s/
                                         Edward S. Zas & Sabrina P. Shroff
                                         *Counsel for Joshua A. Schulte*