*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 9, 2020

Via ECF
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

      We write regarding the Court's February 4, 2020 order (the "February 4 Order") concerning Government Exhibit 616, which is one of a series of exhibits related to networks at issue in this case (the "Network Documentation"). In the February 4 Order, the Court ruled that Government Exhibit 616 would be admitted with its original "'UNCLASSIFIED' marking, which reflects the form that the Defendant would have seen the document in while he worked for the Central Intelligence Agency." (Dkt. 300, at 1). The Court also ordered that "the classification markings of other documents, including, *inter alia*, 'network diagrams' remains as set forth in the Court's Section 6(c) opinion." (*Id.*). The Section 6(c) opinion, in turn, stated that the parties agreed that no classification markings would be included on the Network Documentation because the defendant did not classify them. (Section 6(c) Op., at 9).

      In light of the February 4 Order, the Government respectfully submits that all of the exhibits in the Network Documentation should be admitted with their original classification markings. The Government understands that the defendant intends to argue that because Government Exhibit 616 was marked unclassified and relates to the network Hickok, the defendant did not intend to harm the United States when he disclosed information relating to Hickok to a reporter. To the extent the defendant intends to rely on the classification of Government Exhibit 616 for this purpose, the Government should be permitted to rely on the other Network Documentation exhibits relating to Hickok (and DEVLAN more generally) that were originally marked as classified to argue to the contrary. Such an approach is consistent with the February 4 Order in that it would ensure that admitted exhibits "reflect[] the form that the Defendant would have seen the document in while he worked for the Central Intelligence Agency." (Dkt. 300, at 1).[1]

      The Government conferred with defense counsel on February 9, 2020, and understands that defense counsel does not agree to using the original classification markings on the other Network Documentation. However, the defense's position would leave the jury with the misleading impression that the only classification marking ever applied with respect to Hickok was

---

[1] The Government has no evidence that the defendant reviewed any of the Network Documentation while he worked at the CIA, including Government Exhibit 616.

The Honorable Paul A. Crotty, U.S.D.J.
February 9, 2020
Page 2

unclassified.  In fact, the opposite is true.  For example, Government Exhibit 612 is a Security Assessment Report for Hickok that was originally marked as "TOP SECRET//NOFORN."  On the third page of that document under "Executive Summary," the document describes Hickok as "[a] DMZ between the IOC/COG COG network and the IOC/EDG DEVLAN network to facilitate sharing of formal exploits and tools between COG and EDG for the purpose of deployment" and further reflects that that specific information is classified at the TOP SECRET//NOFORN level of classification.  The foregoing information, which does not appear in Government Exhibit 616, is similar to the information the defendant disclosed to a reporter from prison.  *See* Government Ex. 812 (defendant stating that, "[t]hey dont include COG who was connected to our DEVLAN through HICOC [*sic*], an intermediary network that connected both COG and EDG").  To the extent the defense is going to argue that the defendant did not intend to harm the United States because one document related to Hickok was marked unclassified, the Government should be permitted to rebut that argument by showing the jury that the majority of documents relating to Hickok (including a document that contains similar information to what the defendant sent to a reporter) were in fact classified in their original form at the CIA.

     As a result, the Government respectfully submits that, given the defense's position with respect to Government Exhibit 616, all of the Network Documentation should be admitted with their original classification markings.

                        Respectfully submitted,

                        GEOFFREY S. BERMAN
                        United States Attorney

             By: _____/s/_____
                  David W. Denton, Jr.
                  Sidhardha Kamaraju
                  Matthew Laroche
                  Assistant United States Attorneys
                  Tel.: 212-637-2744 / 6523 / 2420

Cc:  Defense Counsel (via ECF)