*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 9, 2020

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

Re:   *United States v. Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

    We write on behalf of the Government in response to the defendant's February 9, 2020 letter concerning their ability to investigate CIA witnesses.  (Dkt. 317).  Despite having waited until two weeks before trial to raise with the Court, for the first time, issues relating to CIA witness investigation (Dkt. 255, Jan. 17, 2020 Defense Letter), the defendant now seeks a 30-day continuance or the preclusion of the remaining CIA witnesses from testifying on the ground that he just received their home addresses last week.  The defendant's requests should be denied.  As explained below, the defendant has had ample time to investigate the CIA witnesses—most of whom the defendant has known personally for years—and he otherwise fails to explain how CIA witness addresses are necessary for him to defend the charges against him.

    As an initial matter, the defendant's letter misstates the record.  Neither the Government nor the CIA has ever objected (let alone "repeated[ly]" objected) to the defense conducting "a basic out-of-court investigation into [CIA] witnesses."  (Dkt. 317, at 1).  Rather, on January 24, 2020, after first learning that the defense believed there were limitations on its ability to investigate CIA witnesses, the Government filed a letter stating that the only limitation to the defense's "out-of-court investigation" that the Government believed was appropriate was that the defense should not conduct searches in a way that specifically tied the witnesses' name to their employment at the CIA—a condition the Court adopted in its February 6, 2020 order on the issue.

    Regardless, the defense is wrong that they have not "been able to investigate these witnesses for nearly three years."  (Ltr. at 1).  Unlike most other cases in which the defendant is provided witness statements and identifying information just days before trial, the Government produced the majority of 3500 material for all CIA witnesses with its regular discovery productions beginning in December 2018.  The Government then provided the defense with a preliminary witness list in August 2019—six months before trial began.  The overwhelming majority of those witnesses are well known to the defendant—he worked with most of them for years, remained in contact with some of them after leaving the CIA, and, as evidenced by documents the FBI recovered from his New York apartment, maintained most of their personal phone numbers (phone numbers that were produced to the defendant in discovery in September 2017).  With respect to at least Jeremy Weber—who completed his testimony last Thursday—the defendant has also spent

The Honorable Paul A. Crotty, U.S.D.J.
February 9, 2020
Page 2

time at Weber's home when they worked together at the CIA. Thus, the defendant's claim that he has been unable to meaningfully investigate his former friends and colleagues until he received their addresses this past Friday is simply baseless.

Moreover, although the Government consented to providing witness addresses last week as a courtesy, it was not required to do so under the law. The Second Circuit has held that the Government is not required to disclose a witness's address unless the defense establishes a "particularized need" for that information so that the Court can "weigh these requirements against danger to the witness." *United States v. Bennett*, 409 F.2d 888, 901 (2d Cir. 1969); *see also United States v. Dyman*, 739 F.2d 762 (2d Cir. 1984) (holding that a witness's failure to state his current address did not deny the defendant his Sixth Amendment right to confront opposing witnesses because the witness testified using his real name and the defendant did not explain why they needed his home address so that the Court could weigh these reasons "against the danger to the witness" (citation omitted)); *United States v. Persico*, 425 F.2d 1375, 1383-84 (2d Cir. 1970) (upholding order refusing to disclose addresses of Government witnesses and noting that defendants had not made a particularized showing of need especially because one witness had testified in four separate trials); *United States v. Baker*, 419 F.2d 83, 87 (2d Cir. 1969) (same).

The defendant has failed to establish a "particularized need" in this case, and his reliance on *Smith v. Illinois*, 390 U.S. 129 (1968) is misplaced. (*See* Dkt. 255, at 1; Dkt. 280, at 2; Trial Tr. 383-84). There, the Supreme Court held that the trial court's refusal to allow a defendant to ask the principal prosecution witness his real name and where he lived, even though the witness admitted that the name he gave on direct examination was false, denied the defendant his Sixth Amendment rights. The Court explained that "[t]he witness' name and address open countless avenues of in-court examination and out-of-court investigation." 390 U.S. at 131. Here, by contrast, it is clear that the defendant has not lost "countless avenues" of investigation because he did not learn the CIA witness addresses until last week—only a few weeks after he first requested them. As noted above, these individuals are well-known to the defendant and he has been in possession of most of their 3500 material for well over a year.

Accordingly, the Government respectfully submits that the defendant's requests should be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
David W. Denton, Jr.
Sidhardha Kamaraju
Matthew Laroche
Assistant United States Attorneys
Tel.: 212-637-2744 / 6523 / 2420

Cc: Defense Counsel (via ECF)