*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 10, 2020

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

Re:   *United States v. Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

We write in response to the Court's February 7, 2020 order concerning the WikiLeaks Task Force Report (the "Report"). As described below, the Government does not intend to rely on any information that has not been produced to the defense. The criminal investigation into who stole the information provided to WikiLeaks was handled by the Federal Bureau of Investigation ("FBI"). The fruits of that investigation have been produced to the defense in discovery and are being introduced as evidence at trial. Obviously, from the Government's perspective, that evidence demonstrates conclusively that the defendant was the perpetrator.

The Task Force, by contrast, was responsible for evaluating and proposing potential remedial measures in response to the leak, not to identify the perpetrator. Of course, in order to propose those remedial measures, the Task Force considered deficiencies in the system, including flaws exposed by the defendant's conduct. For example, the Report states that: (i) "seams in communications between components such as the Office of Medical Services, Human Resources, Security, Counterintelligence Mission Center, and line management that have sometimes prevented [the CIA] from connecting the dots to corporately detect and address insider threats" (Report at 14); (ii) there were infrequent personnel security reviews for "privileged users on mission systems or those with extraordinary access or capabilities, such as EDG developers" (*id.* at 14); and (iii) the CIA "failed to recognize or act in a coordinated fashion on warning signs that a person or persons with access to CIA classified information posed an unacceptable risk to national security" (*id.* at 7). All of those assessments are unredacted in the exhibit version of the Report that the Court approved during the Section 6 process, the evidence collected by the FBI that underlies those assessments has been produced to the defense in discovery, and is now being introduced into evidence at trial. Simply put, the defense has all of the relevant information from the Report.

In its order, the Court directed the Government to provide rebuttal information pursuant to Section 6 of the Classified Information Procedures Act. (Order at 1-2). To be clear, to the extent any of the Government's witnesses testify about the Report during cross-examination, the Government does not intend to elicit any testimony about the Report in response other than its

The Honorable Paul A. Crotty, U.S.D.J.
February 10, 2020
Page 2

purpose—that is, to propose potential remedial measures at the CIA and not to interfere with the FBI's investigation into the specific perpetrator of the crime.[1]

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney

By: _____/s/_____
      David W. Denton, Jr.
      Sidhardha Kamaraju
      Matthew Laroche
      Assistant United States Attorneys
      Tel.: 212-637-2744 / 6523 / 2420

Cc: Defense Counsel (via ECF)

---

[1] The only witness whom the Government intends to call at trial that has personal knowledge about the preparation of the Report is Sean Roche, and the Government has already produced and will continue to produce 3500 material for Mr. Roche, including 3500 material related to the Report.