**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

February 10, 2020

**BY ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re: United States v. Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

 The defense respectfully moves to preclude any testimony from the government's forensic expert, Patrick Leedom, regarding supposed access to a March 3, 2016 back-up file at the CIA on April 20, 2016.

 The government's expert notice, dated October 18, 2019, did not indicate, as it must, *see* Fed. R. Crim. P. 16(a)(1)(G) (expert notice "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications"), that Mr. Leedom would testify about any access to a March 3 file, much less what his opinions about the access would be. The notice described Mr. Leedom's expected testimony regarding April 20, 2016, as follows:

> **(U) Access to the ESXi Server on April 20, 2016.** Mr. Leedom will testify that on April 20, 2016, Schulte's workstation again accessed the ESXi server as a Server Administrator using the Schulte Administrative Key. Schulte's workstation was then used to create a snapshot of Confluence, which was titled "bkup" (the "April 20 Snapshot"). At approximately 5:35 p.m., Schulte's workstation was used to revert Confluence to the snapshot titled "bkup 4-16-2016." At approximately 6:51, p.m., Schulte's workstation was used to revert Confluence back to the April 20 Snapshot. After doing so, Schulte's workstation was used to delete the April 20 Snapshot, and then delete various logs of activity from the prior hour. The deletion of the log files caused the system to stop creating certain log files going forward. During the time Confluence was reverted, the user of Schulte's workstation would have had access to the Altabackups and the ability to

Honorable Paul A. Crotty  February 10, 2020
United States District Judge  Page 2 of 2

Re:  United States v. Joshua A. Schulte, 17 Cr. 548 (PAC)

> download from the workstation to removable electronic devices, such as USB devices or a hard drive.

Gov't Expert Notice, at 4–5.

The government also described this expected testimony from Mr. Leedom:

> **(U) Other Activities in April 2016.** Mr. Leedom will testify concerning certain USB activity on Schulte's workstation including that on April 20, at approximately 5:30 p.m., a San Disk USB device was detected by VMWare on Schulte's workstation. Mr. Leedom will also testify that on April 15, Schulte's workstation was used to attempt to create a new path to the backups in the NetApp.

*Id.* at 5.

Nothing in these disclosures mentions any testimony about access to a March 3, 2016 file. And, so far as we can tell, the government never supplemented its expert notice to describe Mr. Leedom's opinions on this subject or the bases and reasons for such opinions.

Accordingly, given the government's failure to comply with its obligations under Fed. R. Crim. P. 16(a)(1)(G), any expert testimony by Mr. Leedom about access to a March 3, 2016 file should be barred. *See, e.g.*, *United States v. Mahaffy*, 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007) ("It is well-settled that a court may in its discretion preclude expert examination pursuant to Rule 16(d)(2)(C) of the Federal Rules of Criminal Procedure regarding any topics or opinions not properly disclosed.").

Respectfully submitted,

_____/s/_____

Edward S. Zas & Sabrina P. Shroff
*Counsel for Joshua A. Schulte*