*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 11, 2020

<u>Via ECF</u>
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

  Re: *United States v. Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

  We write in response to the defendant's February 10, 2020 letter, filed at 11:15 p.m. on the night before the Government intends to call its expert Patrick Leedom to testify about key forensic evidence in this case. In his letter, the defendant contends that the Government's expert notice (the "Notice") "did not indicate . . . that Mr. Leedom would testify about any access to a March 3 file, much less, what his opinions about the access would be." (Ltr. at 1). This is gross misstatement of the record and a blatant attempt to exclude critical expert testimony mere hours before the Government's expert is set to take the stand.

  To start, the Notice plainly states that Mr. Leedom will testify about the defendant inappropriately gaining access to the altabackups on April 20, 2016—the date the Government has alleged throughout this case (for example, in meetings with defense counsel, in the bill of particulars, and in multiple pretrial filings) that the defendant stole the classified information that he provided to WikiLeaks. In particular, the Notice provides that on April 20, 2016, after the defendant inappropriately reverted Confluence to a time when the defendant had full access to DEVLAN, the defendant "would have had access to the altabackups and the ability to download from the workstation to removable electronic devices, such as USB devices or a hard drive." Although omitted from the defendant's letter, the Notice further provides that Mr. Leedom's opinions are based on, among other things, "forensic exhibits and videos . . . specifically identified to you and reproduced in classified discovery on August 16, 2019." Among those exhibits—which were identified to defense counsel months before trial in an effort to avoid the very issue that the defense now raises—were forensic files reflecting that the defendant had access to the March 3, 2016 backup file (among others) in the altabackups and videos showing how the defendant would have navigated to those backups while Confluence was in its reverted state. In other words, the very point that the defendant contends was not identified in the Notice—that Mr. Leedom would testify about the defendant having access to the March 3, 2016 altabackup file—was addressed in the Notice, cited as evidence that Mr. Leedom specifically relied on in reaching his opinions in this case, and identified as a specific exhibit five months ago.

  Moreover, any purported ambiguity in Mr. Leedom's opinions (and there was none from the Notice) would have been resolved by his 3500 material, which was produced beginning in mid-

The Honorable Paul A. Crotty, U.S.D.J.
February 11, 2020
Page 2

January. Among those materials are detailed notes concerning every aspect of his testimony, including his opinions concerning the altabackups, as well as a 150-plus page presentation that painstakingly details the defendant's activities on April 20, 2016, including his access to the, among others, March 3, 2016 altabackup file.[1] The first draft of that presentation was produced on January 27, 2020—over two weeks ago—and the Government has provided several updated drafts since that time. To the extent the defense is complaining that Mr. Leedom incorporated a revised exhibit into his presentation—that is, an exhibit that includes the date accessed time for the same altabackup files that were identified in August 2019—that exhibit was produced at the defense's request weeks ago and the Government disclosed Mr. Leedom's views of the exhibit to the defense on multiple occasions. Instead of raising this issue with the Court in a timely fashion, the defense has chosen to wait until the eve of Mr. Leedom's testimony to raise what was plainly apparent from the Notice and multiple subsequent pretrial disclosures. The defense's request is entirely inappropriate and should be rejected for what it is—a last ditch attempt to avoid the devastating implications of key expert testimony in this case.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____/s/_____
David W. Denton, Jr.
Sidhardha Kamaraju
Matthew Laroche
Assistant United States Attorneys
Tel.: 212-637-2744 / 6523 / 2420

Cc: Defense Counsel (via ECF)

---

[1] By comparison, the defendant has disclosed no notes from either of his experts, including his forensic expert Steven Bellovin.