The Law Office of<br>
James M. Branden<br>
551 Fifth Avenue<br>
New York, New York 10176<br>
Tel. 212-286-0173<br>
Fax 212-286-0495

February 17, 2020

Hon. Paul A. Crotty<br>
United States District Judge<br>
Southern District of New York<br>
500 Pearl Street<br>
New York, New York 10007

       Re: United States v. Joshua Adam Schulte<br>
          S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

  This letter is submitted in opposition to the government's letter dated February 12, 2020, seeking preclusion of testimony from now Secretary of State Michael Pompeo, who was subpoenaed by the defense pursuant to Federal Rule of Criminal Procedure 17. As it must, the government recognizes that the Sixth Amendment provides a defendant a fundamental right to offer the testimony of witnesses in his favor. This right is cabined only by the Rules of Evidence requiring that the witness has personal knowledge of relevant facts. <u>See</u> Fed.R.Evid. 401 and 602.

  As noted in the government's letter, Sec. Pompeo was Director of the CIA at the time of the WikiLeaks disclosure at issue in this case and for more than a year thereafter. The defense is aware that Sec. Pompeo was immediately debriefed about the WikiLeaks disclosure and he was specifically informed that Mr. Schulte was an early suspect. He was also informed that Mr. Schulte had a disciplinary history. Further, less than a week after the disclosure, Sec. Pompeo approved the substance of the first search warrant application, authorizing the FBI to make various statements therein, at least some of which later proved untrue.

  As such, Sec. Pompeo took an active role in the investigation and appears to have first-hand, non-hearsay information that is relevant to the charges. The defense also seeks to inquire of Sec. Pompeo whether he directed his staff to push charges against Mr. Schulte to the exclusion of anyone else or to the exclusion of exculpatory evidence.

Hon. Paul A. Crotty
United States District Judge
February 17, 2020
Page 2

    Further, in this case, the government has sought to establish the grave harm of a WikiLeaks leak while just months after Mr. Schulte allegedly leaked, Sec. Pompeo championed WikiLeaks's publication of the stolen DNC emails on social media. This disconnect, too, is ripe for examination.

    For the foregoing reasons, the testimony of Sec. Pompeo should not be precluded. As to the remaining subpoenaed witnesses at issue in the government's February 12 letter, the parties have conferred and have reached agreement on how to proceed.

                                 Respectfully submitted,

                                 James M. Branden