

The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

February 17, 2020

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re:   United States v. Joshua Adam Schulte
                      S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

     This letter is submitted in opposition to the government's letter dated February 12, 2020, seeking preclusion of testimony from now Secretary of State Michael Pompeo, who was subpoenaed by the defense pursuant to Federal Rule of Criminal Procedure 17. As it must, the government recognizes that the Sixth Amendment provides a defendant a fundamental right to offer the testimony of witnesses in his favor. This right is cabined only by the Rules of Evidence requiring that the witness has personal knowledge of relevant facts. See Fed.R.Evid. 401 and 602.

     As noted in the government's letter, Sec. Pompeo was Director of the CIA at the time of the WikiLeaks disclosure at issue in this case and for more than a year thereafter. The defense is aware that Sec. Pompeo was immediately debriefed about the WikiLeaks disclosure and he was specifically informed that Mr. Schulte was an early suspect. He was also informed that Mr. Schulte had a disciplinary history. Further, less than a week after the disclosure, Sec. Pompeo approved the substance of the first search warrant application, authorizing the FBI to make various statements therein, at least some of which later proved untrue.

     As such, Sec. Pompeo took an active role in the investigation and appears to have first-hand, non-hearsay information that is relevant to the charges. The defense also seeks to inquire of Sec. Pompeo whether he directed his staff to push charges against Mr. Schulte to the exclusion of anyone else or to the exclusion of exculpatory evidence.

Further, in this case, the government has sought to establish the grave harm of a WikiLeaks leak while just months after Mr. Schulte allegedly leaked, Sec. Pompeo championed WikiLeaks's publication of the stolen DNC emails on social media. This disconnect, too, is ripe for examination.

For the foregoing reasons, the testimony of Sec. Pompeo should not be precluded. As to the remaining subpoenaed witnesses at issue in the government's February 12 letter, the parties have conferred and have reached agreement on how to proceed.

Respectfully submitted,

James M. Branden

## ENDORSEMENT

### USA v. Joshua Adam Schulte
### S-2 17 Cr. 548 (PAC)

The matters raised in the Government's letter of February 12, 2020, with regard to witnesses that Defendant may call to testify has been resolved, with the exception of Secretary Pompeo. As to his testimony, Defendant has failed to show any facts related to this case of which Secretary Pompeo has first-hand knowledge. There is not any evidence that Secretary Pompeo took an active role in conducting the investigation of the Vault 7 leak, nor any evidence that he approved the substance of the first search warrant application on the Defendant. Moreover, it is not relevant who approved the search warrant, which the Court has already determined to be appropriate.

Finally, the suggestion that WikiLeaks' role in the "publication of the stolen DNC emails" somehow justifies calling Secretary Pompeo is off base. The topic is irrelevant.

The Government's motion to preclude Secretary Pompeo's testimony is granted.

Dated: New York, New York
February 21, 2020

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY
U.S. District Judge