*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 23, 2020

**By ECF (Letter)**
**By Hand (with Classified Enclosures)**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

      The Government writes respectfully to address certain inaccuracies in the affidavit of Steven M. Bellovin, submitted on February 22, 2020 (the "Bellovin Affidavit") regarding the Government's discovery productions in this case.

      The Bellovin Affidavit asserts that the log files from the ESXi server produced by the Government in discovery were "demonstrably damaged" as a "result of prior forensic examination." However, on or about June 14, 2019, in response to the defense's request, the Government produced unmodified copies in their original format of both log files and unallocated space from the ESXi server.

      The Bellovin Affidavit also asserts that the Government only provided "heavily redacted" versions of the Confluence databases, and not "a full copy of the SQL file." On or about November 5, 2019, the Government provided defense counsel and the defendant's expert access to a standalone computer at the CCI Office containing, among other things, (1) complete, unredacted copies of the March 2 and 3, 2016 Confluence databases (*i.e.*, a "full copy of the SQL file") and all of the Confluence data points used by Michael Berger, one of the Government's expert witnesses, to conduct his timing analysis; (2) complete, unredacted copies of the Stash repositories for the tools for which source code had been released by WikiLeaks; (3) complete, unredacted copies of all Stash documentation released by WikiLeaks; and (4) all commit logs for all projects released by WikiLeaks, redacting only usernames. The Government understands that Dr. Bellovin examined the standalone computer at the CCI Office in December 2019.

      Copies of the relevant discovery letters are attached as classified enclosures.

      Finally, the Government does not address Dr. Bellovin's incorrect assertions regarding Michael's access to the Altabackups in this letter. Should Dr. Bellovin testify, the Government

The Honorable Paul A. Crotty, U.S.D.J.
February 23, 2020
Page 2

will cross-examine him regarding, among others, those substantive matters (using information that has already been produced to the defense in discovery).  The Government notes, however, that, to assert incorrectly that Michael had access to the Altabackups, Dr. Bellovin relies on information that has been available to him since well before trial, such as the screenshot taken by Michael on April 20, 2016, which was produced by the Government to the defense in December 2018, and data for the Confluence virtual machine, which was produced by the Government to the defense by July 2019, and not on any information disclosed by the Government regarding Michael's administrative leave status during trial.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

By:     /s/
    David W. Denton, Jr.
    Sidhardha Kamaraju
    Matthew Laroche
    Assistant United States Attorneys
    Tel.: 212-637-2744 / 6523 / 2420

Cc:  Defense Counsel (via ECF and Hand for classified enclosures)

(Classified Enclosures)