# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

*Appeals Bureau*
Barry D. Leiwant
Attorney-in-Charge

February 25, 2020

**BY ECF**
Honorable Paul Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Joshua Adam Schulte*
17 Cr. 548 (PAC)

Dear Judge Crotty:

Defendant Joshua Adam Schulte respectfully requests that the Court include the attached supplemental instruction in its charge to the jury.

Respectfully submitted,

/s/
Sabrina Shroff
Edward Zas
Attorneys for Joshua Schulte

cc: Government counsel (by ECF)

SUPPLEMENTAL REQUEST NO. 1

DEFENDANT'S ELECTION NOT TO TESTIFY
(IF APPLICABLE)

Mr. Schulte did not testify in this case. Under our Constitution, the defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt. The right of a defendant not to testify is an important part of our Constitution.

As I stated earlier, the government's burden to prove the defendant guilty remains with the prosecution throughout the entire trial and never shifts to Mr. Schulte. He is never required to prove that he is innocent.

You may not speculate as to why Mr. Schulte did not testify. There are many reasons why a defendant may decide not to testify. The defendant may feel because of the strain of being a witness, the tension, that the defendant may not be calm. A defendant may be embarrassed by his inability to speak well in front of a group of people. You are not to speculate as to these things. You may not draw any inference whatsoever from a defendant's decision not to take the stand.

You are not to attach any significance to the fact that Mr. Schulte did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against Mr. Schulte in any way in your deliberations in the jury room.

## AUTHORITY

Adapted from the charges of the Hon. Robert P. Patterson, Jr. in *United States v. Grayson*, 04 Cr. 1382 (RPP); Hon. John S. Martin in *United States v. Flanagan*, 95 Cr. 105 (JSM) (Tr. at 558-59) and *United States v. Anosike*, 94 Cr. 717 (JSM). *See also Carter v. Kentucky*, 450 U.S. 288, 300 n.15 (1981); *Griffin v. California*, 380 U.S. 609, 613 (1965).