**Federal Defenders OF NEW YORK, INC.**

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Appeals Bureau
Barry D. Leiwant
Attorney-in-Charge

February 26, 2020

**BY ECF**

Honorable Paul Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *United States v. Joshua Adam Schulte*
            **17 Cr. 548 (PAC)**

Dear Judge Crotty:

      If the Court declines to grant a mistrial, Joshua Adam Schulte moves to admit into evidence, as part of the defense case, the August 2019 CIA memorandum recommending that Michael be placed on administrative leave (the "Memo"). The Memo—which qualifies as a business record, *see* Fed. R. Evid. 803(6)[1]—identifies reasons to (1) suspect Michael of the theft Mr. Schulte is accused of perpetrating, and (2) doubt Michael's veracity. To exclude the Memo would deny Schulte his constitutional right to confront the witnesses against him and present a complete defense.

## Background

      As the government recounts, the Memo was prepared on August 16, 2019, the day "the FBI and two members of the Government's trial team interviewed Michael in New York." Dkt Entry 329 at 6. The interview "ended when Michael indicated that he wanted an attorney." *Id.* "[A]fter learning about his interview earlier that day, the CIA decided to place Michael on paid administrative leave." *Id.*

---

[1] We understand from conversations with the government that, while the government does not believe that the Memo is sufficiently probative to be admissible, the government does not disagree that the Memo qualifies as a business record. The defense has also provided the government with CIPA § 5 notice regarding the Memo, which is currently classified.

1

"'Several concerns about [Michael] have emerged,'" the Memo states, "'including his proximity to the theft of the data.'" Dkt. Entry 328 at 2 (quoting Memo). His "'lack of cooperation with inquiries into his past activities with the primary person of interest in the FBI investigation,'" coupled with "'his unexplained activities on the computer system from which the [Vault 7 Information was stolen], [] raises significant concern about his truthfulness, trustworthiness, and willingness to cooperate with both routine OS reinvestigation processes and the criminal investigation into the left [*sic*] from his office.'" Dkt Entry 329 at 6 (quoting Memo). Further, "'curtailing [Michael's] access to CIA spaces and data systems is necessary,'" *id.* (quoting Memo), he "'may have additional knowledge of anomalies on the system at the time of the theft,'" *id.* at 7 (quoting Memo), and the CIA views his "'lack of cooperation as a significant and untenable risk.'" *Id.* (quoting Memo).

## Discussion

"Relevant evidence is admissible," Fed. R. Evid. 402, and "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Memo is plainly relevant, as "evidence that a person other than the defendant is guilty is necessarily relevant." *Narrod v. Napoli*, 763 F. Supp. 2d 359, 376 (W.D.N.Y. 2011).

And the probative value of the Memo is not "substantially outweighed" by a danger of "unfair prejudice"—or any cognizable prejudice at all—to the government. Fed. R. Evid. 403. "The interest of the United States in a criminal prosecution . . . 'is not that it shall win a case, but that justice shall be done.'" *United States v. Tomaiolo*, 286 F.2d 568, 569 (2d Cir. 1961) (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)). There is nothing unfairly prejudicial about evidence reasonably suggesting an alternate perpetrator: rebutting such evidence is simply part and parcel of the government's burden of proving guilt beyond a reasonable doubt.

The government says the author of the Memo thinks Michael was placed on leave "because of concerns he was not providing information about *the defendant* (not that he is a suspect in the theft)." Dkt. Entry 329 at 1 (emphasis in original). But the admissibility of evidence does not depend on the government's characterization of it.

The "Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (internal punctuation and citations omitted). Pursuant to this right, "'the accused may introduce any legal evidence tending to prove that another person may have committed the crime.'" *Id.* at 327 (citation omitted). "Just because the prosecution's evidence, *if credited,* would provide strong support for a guilty verdict, it does not follow that evidence of third-party guilt has only a weak logical connection to the central issues in the case." *Id.* at 330 (emphasis in original).

Accordingly, the Second Circuit recently vacated a conviction because the trial court excluded evidence that "went to the obvious and decisive question of whether [a third party, who testified for the prosecution,] committed the [crime]." *Scrimo v. Lee*, 935 F.3d 103, 116 (2d Cir. 2019). The evidence was not "being offered solely to contradict [the third party]: it was offered to affirmatively support the defense's theory of third-party culpability." *Id*. "At the risk of being obvious," the Second Circuit said, the third party "was on the scene and connected to the crime, the only question being whether he did it." *Id*. at 117. So too of Michael here.

The Memo identifies "[s]everal concerns" about Michael, the chief one being "his proximity to the theft of the data." Dkt. Entry 328 at 2. As the government recounts, Michael has been questioned no fewer than eight times about the theft, over the span of nearly three years, *see* Dkt. Entry 329 at 5, and the CIA has placed him on leave given "his unexplained activities on the computer system from which the [Vault 7 Information was stolen]" and the CIA's "significant concern about his truthfulness, trustworthiness, and willingness to cooperate." *Id*. at 6.

These are reasons to suspect Michael and question his testimony against Schulte, whom, it bears noting, he has physically assaulted. *See* Dkt Entry 329 at 2. Michael has told the jury he "was concerned that Josh was using his permissions to do something wrong," Tr. 1211, but the information in the Memo suggests Michael may be the guilty party and is testifying for the government in order to be reinstated at the CIA and/or deflect suspicion from himself. "Admission of circumstantial evidence of third person culpability is probably constitutionally mandated where the third person is a *Government witness*. The Supreme Court has on several occasions emphasized that a defendant has a Sixth Amendment right to suggest a Government witness has a motive to lie. What greater motive could a witness have to lie, than to deflect suspicion from himself or herself?" 2 *Jones on Evidence* § 13:38 (7th ed.) (emphasis in original).

Where, as here, "the credibility of the prosecution's witnesses or the reliability of its evidence is not conceded, the strength of the prosecution's case cannot be assessed without making the sort of factual findings that have traditionally been reserved for the trier of fact." *Holmes*, 547 U.S. at 330. The defense must be "permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, c[an] appropriately draw inferences relating to the reliability of the witness." *Davis v. Alaska*, 415 U.S. 308, 318 (1974).

Recognizing this, the Second Circuit vacated the conviction in *Scrimo* because the "trial court's exclusion of evidence" that a government witness might have committed the crime "violated Scrimo's constitutional right to present a complete defense." 935 F.3d at 106. *See also id*. at 112 ("The Supreme Court has clearly and repeatedly held that a criminal defendant is entitled by the Constitution to a meaningful opportunity to present a complete defense.") (citing, among others,

*Chambers v. Mississippi*, 410 U.S. 284 (1973); *Crane v. Kentucky*, 476 U.S. 683 (1986); *California v. Trombetta*, 467 U.S. 479 (1984)).

Likewise, to exclude the Memo would violate Schulte's constitutional right to confront witnesses and present a complete defense.

The government says the "only information that the CIA Memorandum added . . . was that the CIA questioned Michael's credibility, and that type of opinion evidence is inadmissible as a matter of law." Dkt. Entry 329 at 14. Besides this not being the "only information" the Memo has added to this case, Schulte does not seek its admission simply to "opine as to the credibility of the testimony of other witnesses at the trial." *Id.* at 16. He wants to admit it not "solely to contradict" Michel but because the Memo "affirmatively support[s] the defense's theory of third-party culpability." *Scrimo*, 935 F.3d at 116. And Schulte, like any defendant, has the right to present such evidence. *See also United States v. Blum*, 62 F.3d 63, 67-68 (2d Cir. 1995) (The "Constitution guarantees criminal defendants the right to present a defense. . . . [W]e do not share the district court's view that Blum attempted to introduce this evidence primarily to impeach Borovsky's credibility. . . . Although this evidence certainly reflects on Borovsky's credibility, that was not its intended purpose, and Blum's counsel stated as much in his proffer to the district court. Rather, what the evidence sought to demonstrate was that Borovsky had a personal motive to fabricate the production logbook having nothing to do with Blum's plight, *i.e.,* to cover up his own thefts. As evidence directly relevant to showing motive it plainly was admissible.").

An "'accused may introduce any legal evidence tending to prove that another person may have committed the crime.'" *Holmes*, 547 U.S. at 327 (citation omitted). To exclude the Memo would deny Mr. Schulte his right to confront the witnesses against him and "violate[] [his] constitutional right to present a complete defense." *Scrimo*, 935 F.3d at 106.

        Respectfully submitted,

        /s/
        Sabrina Shroff
        Edward Zas
        Attorneys for Joshua Schulte

cc:    Government counsel (by ECF)