# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
and Attorney-in-Chief

*Appeals Bureau*
*Barry D. Leiwant*
Attorney-in-Charge

February 27, 2020

**BY ECF**
Honorable Paul Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Joshua Adam Schulte*
17 Cr. 548 (PAC)

Dear Judge Crotty:

In advance of today's 2:30 p.m. charge conference, Mr. Schulte respectfully requests that the Court include the attached two supplemental instructions in its charge to the jury: the first relates to an adverse inference regarding Michael; the second relates to the theory of defense.

Thank you.

Respectfully submitted,

/s/
Sabrina Shroff
Edward Zas
Attorneys for Joshua Schulte

cc: Government counsel (by ECF)

1

<u>Adverse Inference Regarding Michael</u>

You heard testimony from a government witness named Michael, whom the CIA placed on enforced leave in August 2019 because of certain concerns the CIA had about him.

The government knew about this information in August 2019 but did not inform the defense of it until February 12, 2020, when Michael was testifying on the stand.

I instruct you that the government should have disclosed this information to the defense sooner. Under our Constitution, the government is required to inform the defense of any information known to the government that tends to suggest the defendant might not have committed the crimes charged as well as information that casts doubt on the credibility of the government's own witnesses. In this case, the government withheld such evidence from the defense. Specifically, the government failed to inform the defense of Michael's being placed on enforced leave and the reasons for it. In evaluating the merits of this case, you can decide what weight, if any, to give to the government's conduct. That conduct, standing alone or in combination with other facts presented in this case, may create a reasonable doubt in your mind about the defendant's alleged guilt.

Finally, you may also consider whether Michael's testimony for the government was influenced by his being on enforced leave and any motive he might have to return to regular status with the CIA.

AUTHORITY

*Adapted from* Cynthia E. Jones, *A Reason to Doubt: The Suppression of Evidence and the Inference of Innocence*, 100 J. Crim. L. & Criminology 415, 451 (2010). *See also id.* ("A jury should be told, plainly and clearly, that the government's intentional nondisclosure of favorable evidence was wrong. A jury should also be told that it may draw a permissive inference regarding the connection between the government's misconduct and whether the government has proven guilt beyond a reasonable doubt."); *Rosario v. Smith*, 2009 WL 1787715, at *1 (S.D.N.Y. June 23, 2009) ("The trial court also instructed the jury that it could draw an adverse inference against the Government because of the prosecution's failure to disclose the statements."); 3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, *Federal Jury Practice and Instructions* § 104.27 (5th ed. 2000) ("If you should find that a party willfully [suppressed] [hid] [destroyed] evidence in order to prevent its being presented in this trial, you may consider such [suppression] [hiding] [destruction] in determining what inferences to draw from the evidence or facts in the case."); 4 Thom Lundy, *The National Criminal Jury Instructions Compendium* § 36.1.2 (2008), available at http://www.juryinstruction.com/toc.shtml (password and paid

registration required) ("If you find that the [government] attempted to suppress evidence in any manner, you may draw an adverse inference to the prosecution. Such an adverse inference may be sufficient, alone or in combination with other matters, for you to have a reasonable doubt as to defendant's guilt.").

*See also, e.g., United States v. Rowland*, 826 F.3d 100, 115 (2d Cir. 2016) ("A criminal defendant is entitled to have instructions presented relating to any theory of defense for which there is any foundation in the evidence."); *United States v. Vaughn*, 430 F.3d 518, 522 (2d Cir. 2005) ("A defendant is entitled to have his theory of the case fairly submitted to the jury, as long as it has some foundation in the evidence. This includes a defendant's theory that the government's witnesses are lying.") (Sotomayor, J.) (citation omitted); *id.* at 523 (A "defendant 'is entitled to a charge that . . . specifies the ways . . . that a person . . . might be particularly advantaged by promoting the prosecution's case.'") (citation omitted); *United States v. Mayo*, 14 F.3d 128, 132 (2d Cir. 1994) ("[T]he jury was properly instructed that it could take into account a witness's personal interest in assessing credibility."); *United States v. Pedroza*, 750 F.2d 187, 205 (2d Cir. 1984) ("'[I]t is of some value to a defendant to have the trial judge clearly indicate to the jury what his theory of the case is, and that that theory, if believed, justifies acquittal.'") (citation omitted); *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974) (The "jury received adequate instruction regarding the possible motives Coogan might have had to testify falsely" where the "trial judge [] took note of Coogan's possible motive to falsify his testimony in his charge to the jury.").

<u>Theory of the Defense</u>

The defense contends that Mr. Schulte did not improperly gather, steal, disclose, or attempt to disclose national defense information. Nor did he knowingly or intentionally exceed his authorized access to any CIA computer system or files. The defense further contends that Mr. Schulte did not obstruct justice or willfully make any material false statements to the FBI. Finally, Mr. Schulte maintains that he did not willfully violate any court order.

If the government fails to disprove these contentions beyond a reasonable doubt, you must acquit Mr. Schulte.

## AUTHORITY

*United States v. Dove*, 916 F.2d 41, 47 (2d Cir. 1990) ("A criminal defendant is entitled to instructions relating to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court.").