# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

*Appeals Bureau*
Barry D. Leiwant
Attorney-in-Charge

February 27, 2020

**BY ECF**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: *United States v. Joshua Adam Schulte*
          S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

    We write regarding the unresolved issues raised at today's charge conference.

    First, the government has requested an instruction entitled "False Exculpatory Statements." *See* Government's Proposed Jury Instruction No. 28 (Dkt. 196, at 36). The defense objects. Even assuming a factual predicate for a "false exculpatory" instruction exists on this record, the Court should exercise its broad discretion not to give it. *See, e.g.*, *Fernandez v. Fitzgerald*, 711 F.2d 485, 486 n.1 (2d Cir. 1983) (noting that "we have never held it error not to give the charge," and that "there are those who believe it is better to leave matters of this sort to argument of counsel") (citing, *e.g.*, *United States v. Robinson*, 475 F.2d 376, 384 (D.C. Cir. 1973)). *See also United States v. Glenn*, 312 F.3d 58, 69 (2d Cir. 2002) (reiterating that "falsehoods told by a defendant in the hope of extricating himself from suspicious circumstances are insufficient proof on which to convict where other evidence of guilt is weak and the evidence before the court is as hospitable to an interpretation consistent with the defendant's innocence as it is to the Government's theory of guilt") (quoting *United States v. Johnson*, 513 F.2d 819, 824 (2d Cir. 1975)).

    If the Court nevertheless concludes that a "false exculpatory" instruction is appropriate, the defense requests the model "Sand" charge, which is more balanced and fair than the government's proposed charge. *See* Leonard B. Sand, *Modern Federal Jury Instructions—Criminal*, Instruction 6-11.

Second, the Court noted a potential inconsistency between Count Two, which charges the illegal transmission of *lawfully* possessed national defense information, and Count Three, which charges the illegal transmission of *unlawfully* possessed national defense information. We believe the best way to address this issue is for the Court to specify in its instructions which particular information, according to the government, forms the basis for each count. Doing so may minimize jury confusion and avoid the possibility of multiple or inconsistent guilty verdicts for the same underlying conduct

Third, the Court questioned the parties about the charges alleging violations of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030. The defense believes that the evidence, even taken at its best for the government, suggests, at most, that Mr. Schulte "exceed[ed] [his] authorized access" to a CIA computer, not that he acted "without authorization." "[A]n individual who is authorized to use a computer for certain purposes but goes beyond those limitations is considered by the CFAA as someone who has 'exceed[ed] authorized access.' On the other hand, a person who uses a computer 'without authorization' has no rights, limited or otherwise, to access the computer in question." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1133 (9th Cir. 2009). Since there appears to be no evidence that Mr. Schulte had "no rights" to access CIA computers at all, the Court should instruct the jury regarding the "exceeds authorized access" prong of the statute only—not the "without authorization" prong, which does not seem to apply here and would therefore serve only to confuse the jury. And "the term 'exceeds authorized access' means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6). The Court should instruct the jury accordingly.

Finally, the defense continues to object to a "conscious avoidance" instruction. As discussed at the charge conference, the record does not contain evidence that Mr. Schulte "deliberately avoided learning" whether he was exceeding his authorized access to the computers or systems in question. *See United States v. Ferrarini*, 219 F.3d 145, 157 (2d Cir. 2000) (holding that no predicate for conscious avoidance charge existed: "The fact that a jury can—on the evidence—find actual knowledge does not mean that it can also find conscious avoidance. If conscious avoidance could be found whenever there was evidence of actual knowledge, a jury could be given a conscious avoidance instruction in a case where there was only equivocal evidence

that the defendant had actual knowledge and where there was no evidence that the defendant deliberately avoided learning the truth.").

Thank you.

          Respectfully submitted,
              /s/
          Sabrina P. Shroff
          Edward S. Zas
          *Attorneys for Joshua Schulte*

cc:    Government counsel (by ECF)