UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
  UNITED STATES OF AMERICA                                 :
                                                           :            S2 17Cr548 (PAC)
       *-against-*                                         :
                                                           :
  JOSHUA SCHULTE,                                          :
                                                           :
                        *Defendant.*                       :
                                                           :
                                                           :
-----------------------------------------------------------X


PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE




**Jury Charge**

# Table of Contents

I.    General Principles ..................................................................................................... 1

    A.    Duty of the Court.................................................................................................. 1

    B.    Duty of the Jury................................................................................................... 2

    C.    Duty of Impartiality............................................................................................. 3

    D.    Punishment ......................................................................................................... 5

    E.    Presumption of Innocence and Burden of Proof ................................................. 5

    F.    Reasonable Doubt ............................................................................................... 6

II.    Evidence ................................................................................................................... 7

    A.    The Indictment Is Not Evidence ......................................................................... 7

    B.    Direct and Circumstantial Evidence ................................................................... 7

    C.    Witness Credibility.............................................................................................. 9

    D.    Adverse Inference ............................................................................................. 12

    E.    Law Enforcement Officials ............................................................................... 13

    F.    Central Intelligence Agency Witnesses ............................................................ 13

    G.    Bias and Hostility ............................................................................................. 14

    H.    Expert Witness ................................................................................................. 14

    I.    Cooperating Witness ......................................................................................... 15

    J.    Persons Not on Trial ......................................................................................... 16

    K.    Particular Investigative Techniques Not Required ........................................... 17

    L.    Evidence Obtained from Searches .................................................................... 17

    L.    Redaction of Evidentiary Items ........................................................................ 18

    M.    Charts and Summaries ..................................................................................... 18

    N.    Stipulations ...................................................................................................... 19

    O.    All Available Evidence Need Not Be Introduced ............................................. 19

    R.    Motive .............................................................................................................. 20

    Q.    Theory of the Defense...................................................................................... 20

    R.    Defendant's Testimony..................................................................................... 21

III.    Substantive Law .................................................................................................... 21

    A.    Summary of Indictment .................................................................................... 21

    B.    Similarity in Dates............................................................................................ 22

    C.    Count One: Elements  (Illegal Gathering of National Defense Information) ................ 23

D.   Count One: First Element—Taking Information ............................................. 23

E.   Count One: Second Element—National Defense Information ..................................... 24

F.   Count One: Third Element—Knowledge and Intent...................................... 25

G.   Count Two: Elements (Illegal Transmission of Unlawfully Possessed National Defense Information) ...................................................................................... 26

H. Count Two: First Element (Possession).................................................................. 27

I.   Count Two: Second Element (National Defense Information) ..................................... 28

J.   Count Two: Third Element (Prejudice to the United States) ......................................... 28

K.   Count Two: Fourth Element (Willfully Delivered Information).................................... 28

L.   Count Three: Elements (Illegal Transmission and Attempted Transmission of Unlawfully Possessed National Defense Information) ................................................ 29

M.   Count Three: First Element (Possession) ..................................................................... 30

N.   Count Three: Second Element (National Defense Information) ..................................... 31

O.   Count Three: Third Element (Prejudice to the United States) ...................................... 31

P.   Count Three: Fourth Element (Willfully Delivered Information).................................... 31

Q.   Count Three: Attempt........................................................................................... 32

R.   Count Four: Elements (Unauthorized Access to a  Computer to Obtain Classified Information) ......................................................................................................... 34

S.   Count Four: First Element—Unauthorized Access ........................................................ 35

T.   Count Four: Second Element—Knowledge ................................................................... 36

U.   Count Four: Third Element—Protected Information ...................................................... 37

V.   Count Four: Fourth Element—Willful Communication .................................................. 38

W.   Count Five: Elements (Theft of Government Property).................................................... 38

X.   Count Five: First Element—Property of the United States .............................................. 39

Y.   Count Five: Second Element—Theft ............................................................................... 39

Z.   Count Five: Third Element—Intent .............................................................................. 40

AA.  Count Five: Fourth Element—Value of Property ......................................................... 40

BB.  Count Six: Elements (Unauthorized Access of a Computer to Obtain Information from a Department or Agency of the United States)............................................... 41

CC.   Count Six: First Element—Unauthorized Access ........................................................ 42

DD. Count Six: Second Element—Intentional Conduct............................................... 43

EE. Count Six: Third Element—U.S. Government Information ............................... 44

FF.  Count Seven: Elements (Causing Transmission of a Harmful Computer Program, Information, Code or Command)........................................................... 44

GG. Count Seven: First Element—Unauthorized Transmission of a Computer Program ....... 45

HH. Count Seven: Second Element—Intent to Cause Damage ............................... 46

II. Count Seven: Third Element—Causing Damage .................................................. 47

JJ. Count Seven: Fourth Element—Harmful Consequence ..................................... 47

KK. Count Eight: Elements (Making False Statements) ........................................ 47

LL. Count Eight: First Element—Statement or Representation .............................. 48

MM. Count Eight: Second Element—Materiality .................................................. 48

NN. Count Eight: Third Element—False, Fictitious, or Fraudulent ........................ 48

OO. Count Eight: Fourth Element—Knowingly and Willfully ............................... 49

PP. Count Eight: Fifth Element—Jurisdiction of the U.S. Government ................. 49

QQ. Count Nine: Elements (Obstruction of Justice) ............................................. 50

RR. Count Nine: First Element—Pending Proceeding ........................................... 51

SS. Count Nine: Second Element—Knowledge .................................................... 51

TT. Count Nine: Third Element—Acted to Obstruct or Impede ............................ 51

UU. Count Ten: Elements (Contempt of Court) ................................................... 52

VV. Count Ten: First Element—Specific Court Order .......................................... 52

WW. Count Ten: Second Element—Knowledge ................................................... 53

XX. Count Ten: Third Element—Intent ............................................................... 53

YY. Venue ......................................................................................................... 54

IV.   Concluding Instructions ................................................................................ 55

A.   Unanimous Verdict ..................................................................................... 55

B.   Selection of Foreperson .............................................................................. 56

C.   Duty to Deliberate ...................................................................................... 56

## I.   General Principles

### A. <u>Duty of the Court</u>

I told you at the beginning how important your service is to our country and our system of justice. You have been most conscientious in your attendance, your punctuality, and the complete attention you have given during the trial.

I am going to read these instructions to you now, but I want you to know that I am going to send the instructions into the jury room. You do not have to take notes as you listen.

Do not single out any particular instruction as alone stating the law; you should instead consider my instructions as a whole.

You are about to start your deliberations now. You have heard all of the evidence, as well as the lawyers' final arguments. Now it is my duty to instruct you as to the law that will govern your deliberations. As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and to apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You will begin your deliberations after these instructions.

## B. <u>Duty of the Jury</u>

Your duty is to decide the factual issues in the case and arrive at a verdict. The jury is the sole and exclusive judges of the facts. You decide the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. None of what the lawyers have said in their opening statements, closing arguments, questions, or objections is evidence. They are not sworn as witnesses; they do not testify; they make arguments about what conclusions you should draw from the evidence or lack of it. But as I said, that is argumentation, not evidence. And the same applies to me; anything I may have said is not evidence. I have allowed you to take notes, but as I said earlier, your notes are not evidence.

The evidence before you consists of just two things: the testimony given by witnesses that was received in evidence and the exhibits that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted. The questions themselves are not evidence. It is the answers to the questions that count. Also, as I instructed you at the beginning of this case, and I am sure you complied with my instruction, anything you may have

seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

It is the duty of the attorney for each party to object when the other party offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences out of hearing of the jury.  All such questions of the law must be decided by me.  You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of your hearing, or asked me for a ruling on the law.

The testimony and documents that have been admitted into evidence are appropriate for your consideration.  You may consider all the evidence that has been admitted.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## C. **Duty of Impartiality**

You are to perform your duty of finding the facts without bias or prejudice as to any party.  You are to perform your duty with an attitude of complete fairness

and impartiality.  This case is important to the parties.  Mr. Schulte is charged with serious crimes.  He has pleaded not guilty.  It is important to the Government, too; enforcement of criminal laws is a prime concern of the Government.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded any other party.  By the same token, it is entitled to no less consideration.  All parties, whether the Government or individuals, stand as equals before the Court.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about Mr. Schulte's race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any witness or anyone else involved in this case.  The defendant is entitled to the presumption of innocence and the Government has the burden of proof, as I will discuss in more detail in a moment.  It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  Do not be swayed by sympathy.  Rather, the crucial question that you must ask yourselves as you review the evidence is:  Has the Government proved the guilt of Mr. Schulte beyond a reasonable doubt?

You cannot let bias, prejudice, fear, disgust, sympathy, or any other irrelevant consideration interfere with your thinking.  That might interfere with your obligation to arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence.

You should also not consider any personal feelings you may have about the attorneys who represented the parties in this matter.  As I indicated at the beginning of this trial, the lawyers and the other participants at the counsel table have been instructed not to have any communication with you as jurors.  If due to the congestion in the courthouse you ran into counsel and they ignored you, they did so because they were supposed to ignore you.  That's the rule.  This should not influence your decision regarding Mr. Schulte's innocence or guilt in any way.

### D. <u>Punishment</u>

The potential punishment of the defendant is not a jury concern and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively with the Court.  Your function is to weigh the evidence, or lack of evidence, in the case and to determine whether or not the Government has proved that Mr. Schulte is guilty beyond a reasonable doubt.

### E. <u>Presumption of Innocence and Burden of Proof</u>

I told you before—and I am now going to tell you again—Mr. Schulte is presumed innocent until proven guilty beyond a reasonable doubt.  Mr. Schulte has

pleaded not guilty to the charges alleged in the Indictment.  As a result, the Government has the burden to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts from the Government to Mr. Schulte for the simple reason that the law presumes the defendant innocent and never imposes upon any defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, Mr. Schulte starts with a clean slate.  He is presumed innocent until such time that you the jury are unanimously satisfied that the Government has proved Mr. Schulte guilty beyond a reasonable doubt.  If the Government fails to sustain this burden with respect to Mr. Schulte, you must find him not guilty.

## F.  Reasonable Doubt

The Government must prove the defendant guilty beyond a reasonable doubt.  The question then is:  What is reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason.  It is doubt that a reasonable person has after carefully weighing all of the evidence.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

A reasonable doubt is not a guess or whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty, and it is not

sympathy.  The law does not require that the Government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt as to the guilt of Mr. Schulte, it is your duty to find the defendant not guilty.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied that the Government has met its burden of proving Mr. Schulte's guilt beyond a reasonable doubt, it is your duty to find the defendant guilty.

## II.    Evidence

### A. <u>The Indictment Is Not Evidence</u>

The defendant, Mr. Schulte, was formally charged in an Indictment.  He is entitled to know the charges against him.  But as I instructed you when the trial started, the Indictment is not evidence.  It merely describes the charges against Mr. Schulte and may not be considered by you as any evidence of guilt.

I am not going to read the Indictment to you because I will provide you a copy of the Indictment.

### B. <u>Direct and Circumstantial Evidence</u>

In deciding whether Mr. Schulte is guilty or not guilty, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but now the courtroom blinds are drawn and you cannot look outside.  As you are sitting here, someone walks in with a dripping wet umbrella and, soon after, someone else walks in with a dripping wet raincoat.  Now, on our assumed facts, you cannot look outside of the courtroom and see whether it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to conclude that it had started raining.  That is all there is to circumstantial evidence.  Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

An inference is the deduction or conclusion that reason and common sense prompt a reasonable mind to draw from facts that have been proved by the evidence.  Not all logically possible conclusions are legitimate or fair inferences.  An inference is not a suspicion or a guess.  It is a reasoned logical decision to

conclude that a disputed fact exists on the basis of another fact which you know exists.  In drawing inferences, you should exercise your common sense. Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in this case.  Whether or not to draw a particular inference is, of course, a matter exclusively for you to decide, as are all determinations of fact.

Many material facts, such as state of mind, are rarely susceptible of proof by direct evidence.  There is no way for us to look into people's minds, so those facts are established by circumstantial evidence and the inferences the jury draws from them.  The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you can consider either or both, and can give them such weight as you conclude is warranted.

## C. <u>Witness Credibility</u>

It must be clear to you by now that counsel for the parties are asking you to draw very different conclusions about the significant factual issues in the case.  An important part of your decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence

that may help you to decide the truth and the importance of each witness's testimony.  For example, was the testimony of a witness corroborated by the testimony of another witness, or another exhibit, or a recording which was received in evidence?

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright; or did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his knowledge accurately?  What was the witness's demeanor like?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

In addition, you may consider whether a witness had any possible bias or relationship with a party, or any possible interest in the outcome of the case.  Such a bias, relationship, or interest does not necessarily make the witness unworthy of belief.  These are simply factors that you may consider.

In making a determination of witness credibility, you may consider whether the witness purposefully made a false statement or whether it was an innocent mistake. You may also consider whether an inconsistency concerns an

important fact or merely a small detail, as well as whether the witness had an explanation for the inconsistency, and if so, whether that explanation appealed to your common sense. If you find that a witness has testified falsely as to any material fact, you may reject that witness's testimony in its entirety, or you may accept those parts that you believe to be truthful or that are corroborated by other independent evidence in the case. Further, you may consider whether a witness has been previously untruthful, including lying under oath in another proceeding, in determining how much of his or her testimony, if any, you wish to believe.

You should also consider whether the witness had an opportunity to observe the facts the witness testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his recollection.

Now a word about the preparation of witnesses. You have heard testimony during the trial that witnesses have discussed the facts of the case and their testimony with lawyers before the witnesses appeared in court. You may consider that fact when you are evaluating a witness's credibility; but there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of all of the subjects that will be covered; focus on those

11

subjects, and have the opportunity to review the relevant exhibits and documents before being questioned about them.  Such consultations help conserve your time and the Court's time.  The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

It is for you, the jury, and for you alone, not the lawyers, or the witnesses, or me as the Judge, to decide the credibility of witnesses who appeared here and the weight that their testimony deserves.  After making your own judgment or assessment concerning the credibility of a witness, you can then attach such importance or weight to his or her testimony, if any, that you feel it deserves.  You will then be in a position to decide whether the Government has proved the charges beyond a reasonable doubt.

### D. Adverse Inference

You heard testimony from a Government witness named Michael, who the CIA placed on enforced administrative leave in August 2019.  The Government only disclosed this information to the Defendant in the course of the trial.  I instruct you that the Government should have disclosed the information regarding Michael's enforced administrative leave to the Defendant sooner.

In evaluating the evidence, you can decide what weight, if any, to give to the Government's conduct on this issue.  You may also consider whether Michael's

appearance in Court and his testimony for the Government was influenced by his being on enforced leave.

## E. Law Enforcement Officials

You have heard testimony from a number of law enforcement officials.  The Government's law enforcement witnesses do not deserve any more or less consideration, or greater or lesser weight than that of any other witness.  In this context, it is appropriate for defense counsel to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is up to you to accept or reject the testimony of each law enforcement witness; and to give such testimony the weight, if any, it deserves.

## F. Central Intelligence Agency Witnesses

You have also heard testimony from a number of witnesses who are either currently or were previously employed by the Central Intelligence Agency, or CIA. Some of these people work directly as officers of the CIA, and some of them work as contractors performing work for the CIA.

I have allowed some of these witnesses to testify either by using a made-up name—a pseudonym—or just their first name.  The disclosure of the witnesses' true names and what they look like could potentially compromise their work at the CIA.  That's why those precautions were taken; but you should weigh the

testimony of those witnesses just as you would any other witness, and not weigh it

differently because they testified using a pseudonym or used their first name only.

Moreover, you should not consider the fact that I allowed these witnesses to testify

in this way as an expression of my opinion as to any of the facts of this case.

Again, it is your job and your job alone to decide the facts of this case.

## G. Bias and Hostility

In connection with your evaluation of the credibility of the witnesses, you

should specifically consider evidence of resentment or anger which some

Government witnesses may have toward the Defendant.  Evidence that a witness is

biased, prejudiced, or hostile toward the Defendant requires you to view that

witness' testimony with caution, to weigh it with care and subject it to close and

searching scrutiny.

## H. Expert Witness

In this case, you have heard testimony from individuals, who testified as

experts in particular fields.  An expert is someone who by education or experience

has acquired learning or experience in a science or a specialized area of

knowledge.  Here the specialized areas and corresponding experts were:

WikiLeaks (Paul Rosenzweig), the system of classifying national security

materials (Mark Bradley), and the forensic analysis of computers and other

electronic devices (Patrick Leedom and Michael Berger).

14

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

If, however, you find that the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in relying on that expert's testimony.

## I. <u>Cooperating Witness</u>

You also heard testimony from a witness—Carlos Betances—who testified that he pled guilty to criminal conduct, and is now cooperating with the Government. The law permits the use of testimony from a cooperating witness. The Government frequently must use such testimony in a criminal prosecution. I instruct you that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that this prosecution witness pled guilty to other charges.

15

Because of the possible interest a cooperating witness may have in testifying, let me say a few things that you may want to consider during your deliberations on the subject of the cooperating witness. Cooperating witness testimony must be scrutinized with special care and caution. The cooperating witness is facing sentencing for his own crimes, and is hoping for a reduced sentence. For a cooperating witness, the Government decides whether to file a motion for a reduced sentence, that is the "5K letter" that has been mentioned here; and the sentencing court, according to its own determination, decides what sentence to ultimately impose. It does not follow, however, that simply because a person has admitted participation in one or more crimes, he is not capable of giving a truthful version of what happened. But the cooperating witness might be motivated by reward or personal gain. Would the cooperator gain more by lying— or telling the truth?

I must caution you that it is no concern of yours why the Government made an agreement with this witness. Your sole concern is to decide whether the witness has given truthful testimony in this case before you.

## J. <u>Persons Not on Trial</u>

Some of the people who may have been involved in the events leading to this trial are not on trial. This does not matter. You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact

that certain persons, other than the defendant, are not on trial here. Those matters are wholly outside your concern and have no bearing on your function as jurors.

## K. <u>Particular Investigative Techniques Not Required</u>

You may have heard reference to the fact that certain investigative techniques were used and that others were not used by the Government.  You may consider these facts in deciding whether the Government has met its burden of proof because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.  However, there is no legal requirement that the Government prove its case by any particular means and you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not based on the evidence or lack of evidence here in this case, the guilt of Mr. Schulte has been proven beyond a reasonable doubt.

## L. <u>Evidence Obtained from Searches</u>

You heard testimony in this case about the evidence seized in connection with searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case and may be properly considered by you. Whether you approve or disapprove of how the evidence was obtained

should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the guilt of Mr. Schulte beyond a reasonable doubt.

## L.  Redaction of Evidentiary Items

We have, among the exhibits received in evidence, some documents that are redacted.  "Redacted" means that part of the document was taken out.

You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

## M.   Charts and Summaries

During the trial, there were charts and summaries shown to you.  These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly

present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

## N.   Stipulations

You have heard evidence in the form of stipulations of testimony and stipulations of evidence, read to you from GX 3002, GX 3003, GX 3004, GX 3005, and Defense Exhibit O.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.  It is for you, however, to determine the effect to be given to any stipulated fact.

## O. All Available Evidence Need Not Be Introduced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require

any party to produce as exhibits all relevant papers and things available to either party during the course of the trial.

## R. Motive

Proof of motive is not a necessary element of the crimes for which the Defendant is charged. Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is not guilty.  If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive is shown.  But the presence or absence of motive is a circumstance that you may consider as bearing on the intent or actions of the defendant.

## Q. Theory of the Defense

The defense contends that Mr. Schulte did not improperly gather, steal, disclose, or attempt to disclose national defense information.  Nor did he knowingly or intentionally exceed his authorized access to any CIA computer system or files.  The defense further contends that Mr. Schulte did not obstruct justice or willfully make any material false statements to the FBI.  Finally, Mr. Schulte maintains that he did not willfully violate any court order.

If the Government fails to prove the defendant's guilt beyond a reasonable doubt, you must acquit Mr. Schulte.

### R. Defendant's Testimony

Mr. Schulte did not testify in this case. Under our Constitution, the defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the Defendant guilty beyond a reasonable doubt. The right of a defendant not to testify is an important part of our Constitution.

As I stated earlier, the Government's burden to prove the Defendant guilty remains with the prosecution throughout the entire trial and never shifts to Mr. Schulte. He is never required to prove that he is innocent.

You may not speculate as to why Mr. Schulte did not testify. There are many reasons why a defendant may decide not to testify. You are not to attach any significance to the fact that Mr. Schulte did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against Mr. Schulte in any way in your deliberations in the jury room.

## III.   Substantive Law

### A. Summary of Indictment

The Defendant, Joshua Schulte, has been charged in a ten-count Indictment. The Indictment in this case is not evidence. It merely describes the charges made against the Defendant. It is a set of accusations. It may not be considered by you as

evidence of the guilt of the Defendant. Only the evidence or lack of evidence decides that issue.

The Indictment charges that in or about 2016, the defendant allegedly took national defense information from CIA computer systems without authorization and transmitted that information to WikiLeaks, which posted the information online in 2017, specifically Counts 1, 2, 4, 5, 6, and 7. Those charges, the WikiLeaks charges, account for 6 of the counts in the Indictment. The Indictment further charges Mr. Schulte with one count, Count 3, of unlawful disclosure and attempted disclosure of national defense information while he was in the Metropolitan Correctional Center, or MCC, a federal detention center. Finally, the Indictment charges Mr. Schulte with two counts, Counts 8 and 9, relating to false statements he allegedly made to the FBI during its investigation; and one count, Count 10, related to his alleged violation of a protective order entered by this Court in 2017. The Government must prove all the charges in the Indictment beyond a reasonable doubt.

### B. <u>Similarity in Dates</u>

You will note that the Indictment alleges that certain acts occurred on or about various dates. I instruct you that it does not matter if the indictment charges that a specific act occurred on or about a certain date or month and the evidence indicates that, in fact, it was on another date. The law requires only a substantial

similarity between the dates alleged in the Indictment and the dates established by the evidence.

### C. <u>Count One: Elements</u><br>(Illegal Gathering of National Defense Information)

Count One charges the defendant, in or about 2016, with the illegal gathering of national defense information, in violation of Title 18, United States Code, Section 793(b).  In order to convict the defendant of Count One, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that in or about 2016, the defendant copied, took, made, or obtained a document, writing, or note, to wit, the defendant took information maintained by an intelligence agency of the United States.

Second, that the information was connected to the national defense.

Third, that the defendant acted with the purpose of obtaining information respecting the national defense and with the intent or with reason to believe that the information was to be used to the injury of the United States, or used to the advantage of a foreign country.

### D. <u>Count One: First Element—Taking Information</u>

The first element of the offense that the Government must prove beyond a reasonable doubt is that the defendant copied, took, made, or obtained document, writing, or note, to wit, the defendant took information maintained by an

intelligence agency of the United States as charged in the Indictment.

### E.  Count One: Second Element—National Defense Information

The second element of the offense that the Government must prove beyond a reasonable doubt is that the information that the defendant is charged with taking is connected with the national defense of the United States.

You must determine whether the information is directly and reasonably connected with the national defense.  The term "national defense" is a broad term that refers to United States military and naval establishments, intelligence and to all related activities of national preparedness.

To qualify as national defense information, the Government must prove that the material is closely held by the United States Government.  Where the information has been made public by the United States Government and is found in sources lawfully available to the general public, it is not "closely held."  Similarly, where sources of information are lawfully available to the public at the time of the claimed violation and the United States Government has made no effort to guard such information, the information itself is not "closely held."  Only information relating to our national defense that is not lawfully available to the public at the time of the claimed violation falls within the prohibition of this section.

In determining whether material is "closely held," you may consider whether it has been classified by appropriate authorities and whether it remained classified

24

on the dates pertinent to the indictment. Although you may consider whether information has been classified in determining whether it has been closely held, I caution you that the mere fact that information is classified does not mean that the information qualifies as "national defense information."  Whether the information is connected with the national defense is a question of fact that you, the jury, must determine, following the instructions that I have just given you about what those terms mean.

### F.  Count One: Third Element—Knowledge and Intent

The third element of the offense that the Government must establish beyond a reasonable doubt is that the defendant acted for the purpose of obtaining information respecting the national defense.  The Government must also prove beyond a reasonable doubt that the Defendant acted with the intent or with reason to believe that the information was to be used to the injury of the United States, or used to the advantage of a foreign country.  The Government is required to prove that the defendant acted with criminal intent—that is, that he acted in bad faith, and with a deliberate purpose either to disregard or disobey the law.  In considering whether or not the defendant had the intent or reason to believe that the information would be used to the injury of the United States or to provide an advantage to a foreign country, you may consider the nature of the documents or information involved.  I emphasize that to convict the Defendant of Count One you

must find that the defendant had the intent or reason to believe that the information *would* be used against the United States, not just that it *could* be so used.

The Government does not have to prove that the intent was both to injure the United States *and* to provide an advantage to a foreign country. The statute reads in the alternative.  Further, the country to whose advantage the information would be used need not necessarily be an enemy of the United States. The statute does not distinguish between friend and enemy.

If you find beyond a reasonable doubt, therefore, that the defendant acted with the intent or with reason to believe that the information would be used to injure the United States or to provide an advantage to a foreign country, the third element of the offense is satisfied.

### G. Count Two: Elements (Illegal Transmission of Unlawfully Possessed National Defense Information)

Count Two charges the Defendant, in or about 2016, with unauthorized possession of information relating to the national defense and transmitting it to persons not entitled to receive it, in violation 18 United States Code Section 793(e).  In order to establish a violation of Section 793(e), the Government must prove each of the following four elements beyond a reasonable doubt:

First, that in or about 2016, the Defendant had unauthorized possession of, access to, or control over the document or information in question;

Second, that the document or information in question was related to the

26

national defense;

Third, that the Defendant had reason to believe that the document or information could be used to the injury of the United States or to the advantage of a foreign nation; and

Fourth, that in or about 2016, the Defendant willfully communicated (or delivered or transmitted or caused to be communicated, delivered, or transmitted) the document or information to a person who was not entitled to receive it.

### H. Count Two: First Element (Possession)

The first element of Count Two that the Government must prove beyond a reasonable doubt is that the Defendant had unauthorized possession of, or control over, or access to the document or information in question.

The word "possession" is a commonly used and commonly understood word.  Basically it means the act of having or holding property or the detention of property in one's power or command.  Possession may mean actual physical possession or constructive possession.  A person has constructive possession of something if he knows where it is and can get it any time he wants, or otherwise can exercise control over it.

A person has unauthorized possession of something if he is not entitled to have it.

### I.  Count Two: Second Element (National Defense Information)

The second element of Count Two that the Government must prove beyond a reasonable doubt is that the document or information in question was connected with the national defense of the United States.

I previously instructed you regarding the meaning of "national defense" in Count One.  Those instructions apply here as well.

### J.  Count Two: Third Element (Prejudice to the United States)

The third element of Count Two that the Government must establish beyond a reasonable doubt is that the Defendant had reason to believe that the information could be used to the injury of the United States or to the advantage of a foreign nation.

As instructed with Count One, with respect to "reason to believe" you may consider the nature of the documents or information involved.  For this Count, unlike Count One, you need not determine that the Defendant had reason to believe that the information *would* be used against the United States, only that it *could* be so used.

### K. Count Two: Fourth Element (Willfully Delivered Information)

The fourth element of Count Two that the Government must establish beyond a reasonable doubt is that the Defendant willfully communicated or transmitted the document in question to a person not entitled to receive it.

28

In deciding whether a person was entitled to receive information, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the document.

An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

The Government need not prove that the Defendant actually delivered the information himself—it is enough to prove that he caused the act to be done.

I remind you now, and will remind you again, that it is the Government's burden to establish every element of each of these counts beyond a reasonable doubt. The Government must prove each element of each count beyond a reasonable doubt.  If you find the Government has not proved each of the elements of a count beyond a reasonable doubt, you must acquit the Defendant on that count.  Also, proof of guilt on one count does not establish proof of guilt on another count.  You must consider each count, and each element of each count, individually.

### L.  Count Three: Elements (Illegal Transmission and Attempted Transmission of Unlawfully Possessed National Defense Information)

Count Three charges that from at least in or about December 2017 up to and including at least in or about October 2018, the Defendant having unauthorized

possession of, access to, or control over information related to the national defense, willfully transmitted or communicated, and attempted to transmit or communicate information to persons not entitled to receive it, in violation of 18 United States Code Section 793(e).

In order to establish a violation of Section 793(e), the Government must prove each of the following four elements beyond a reasonable doubt:

First, that the Defendant had unauthorized possession of, access to, or control over the document, writing, note or information in question;

Second, that the document, writing, note or information was related to the national defense;

Third, that the defendant had reason to believe that the document, writing, note or information could be used to the injury of the United States or to the advantage of a foreign nation; and

Fourth, that the defendant willfully communicated, delivered, transmitted, or caused to be communicated, delivered, transmitted, or attempted to communicate, deliver, transmit, or cause to be communicated, delivered, or transmitted the same to a person not entitled to receive it.

### M. Count Three: First Element (Possession)

The first element of Count Three that the Government must prove beyond a reasonable doubt is that the Defendant had unauthorized possession of, access to,

30

or control over the document, writing, note or information in question.

I have already instructed you on the meaning of the word "possession" in connection with Count Two.  That instruction applies here as well.

As instructed on Count Two, a person has unauthorized possession of something if he is not entitled to have it.

### N. Count Three: Second Element (National Defense Information)

The second element of Count Three that the Government must prove beyond a reasonable doubt is that the document, writing, note or information in question was connected with the national defense of the United States.

You are reminded that you must determine whether the information is directly and reasonably connected with the national defense as I instructed you in Count One.

### O. Count Three: Third Element (Prejudice to the United States)

The third element of Count Three that the Government must establish beyond a reasonable doubt is that the Defendant had reason to believe that the document, writing, note or information could be used to the injury of the United States or to the advantage of a foreign nation.

### P. Count Three: Fourth Element (Willfully Delivered Information)

The fourth element of Count Three that the Government must establish beyond a reasonable doubt is that the Defendant willfully communicated or

transmitted the document, writing, note or information in question to a person not entitled to receive it.

In deciding whether a person was entitled to receive the document or information, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the document.

An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

For this Count, the Government need not prove that the Defendant actually delivered or transmitted the information.  It is enough to prove that the Defendant merely attempted to do so.  Further, the Government need not prove that the Defendant did the act himself—it is enough to prove that he caused the act to be done.

## Q. Count Three: Attempt

Now, with regard to Count 3, illegal transmission of national defense information, in or about December 2017 up to and including at least in or about October 2018, if you find that the Government has proved the elements of this crime as I have described it, you should find the defendant guilty on this Count. However, with respect to Count Three only, even if you find that the Government

has not proved beyond a reasonable doubt that the defendant illegally transmitted national defense information, you may find the defendant guilty of Count Three if you find that the Government has proved beyond a reasonable doubt that the defendant attempted to illegally transmit national defense information.

To prove the charge of attempted illegal transmission of national defense information, the Government must prove each of the following two elements beyond a reasonable doubt:

First, the defendant intended to commit the crime of illegally transmitting national defense information; and

Second, the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempted crime. In order to convict the defendant of an attempt to illegally transmit national defense information, you must find beyond a reasonable doubt that he intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of

devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

### R. Count Four: Elements (Unauthorized Access to a Computer to Obtain Classified Information)

Count Four charges that, in or about 2016, the Defendant knowingly accessed a computer and exceeded his authorized access in order to obtain protected or restricted information, in violation of Title 18, United States Code, Section 1030(a)(1). In order to convict the defendant of Count Four, the Government must establish each of the following four elements beyond a reasonable doubt:

First, that the defendant accessed a computer with authorization, but exceeded his authority in accessing the information in question;

Second, that the defendant knowingly accessed that computer;

Third, that the defendant obtained information protected against unauthorized disclosure for reasons of national defense or foreign relations, and that the Defendant had reason to believe that the information could be used against the interests of the United States or to the advantage of a foreign nation; and

Fourth, that the defendant willfully communicated, delivered, transmitted, or

caused to be communicated, delivered, or transmitted or attempted to communicate, deliver or transmit the information to a person who was not entitled to receive it.

### S. **Count Four: First Element—Unauthorized Access**

The first element that the Government must prove beyond a reasonable doubt is that the defendant accessed a computer with authorization, but exceeded his authority in accessing the information in question.

As defined in the statute, a "computer" means "an electronic, magnetic, optical, electromechanical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." The term "computer" does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar devices.

In this case, the Government charges that the defendant, while authorized to access the computer, exceeded his authority in accessing the information in question—here, the "alta backups."  This requires the Government to prove beyond a reasonable doubt that the defendant had access to the computer, and used that access to obtain or alter information in the computer that the defendant was not entitled to obtain or alter.

An individual does not exceed authorized access when he accesses a

computer to obtain information he is authorized to access—even if he does so for an improper purpose.

## T. Count Four: Second Element—Knowledge

The second element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly in accessing the computer outside the scope of his authority.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  The question of whether a person acted knowingly is a question of fact for you to determine, like any other fact question. The question involves one's state of mind.

Direct proof of knowledge is almost never available. It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past he committed an act with knowledge. Such proof is not required. The ultimate fact of knowledge, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against the defendant, the Government must establish beyond a reasonable doubt that he knew that his accessing of a computer was outside the scope of authorization granted.

The Government can also meet its burden of showing that a defendant had actual knowledge of the accessing of a computer without authorization if it establishes beyond a reasonable doubt that he acted with deliberate disregard of whether he was so authorized. Alternatively, the Government may satisfy its burden of proving knowledge by establishing beyond a reasonable doubt that the defendant acted with an awareness of the high probability that he was acting without authorization, unless the defendant actually believed that he had authorization to access a computer in the manner described in the Indictment. This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.

To conclude on this element, if you find that the Defendant did not know he was acting without authorization, then you should find the Defendant not guilty.

### U. Count Four: Third Element—Protected Information

The third element that the Government must prove beyond a reasonable doubt is that the defendant obtained information protected against unauthorized disclosure for reasons of national defense or foreign relations.

The United States may determine that information requires protection

against unauthorized disclosure for reasons of national defense or foreign relations either by Executive Order or by statute.

This element requires that at the time he obtained the protected information, the defendant must have had reason to believe that the information could be used against the interests of the United States or to the advantage of a foreign nation.

## V. <u>Count Four: Fourth Element—Willful Communication</u>

The fourth element of Count Four that the Government must establish beyond a reasonable doubt is that the defendant willfully communicated, delivered, transmitted, *or* caused to be communicated, delivered, or transmitted *or* attempted to communicate, deliver or transmit the protected information obtained to a person who was not entitled to receive it. To act willfully means to act knowingly and purposefully, with an intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

## W. <u>Count Five: Elements (Theft of Government Property)</u>

Count Five charges the defendant with theft of Government property, in or about 2016, in violation of Title 18, United States Code, Section 641. In order to convict the defendant of Count Five, the Government must prove each of the following four elements beyond a reasonable doubt:

First, that the property described in the Indictment belonged to the United States Government;

Second, that the defendant stole, embezzled, or knowingly converted that property;

Third, that the defendant acted knowingly and willfully with the intent to deprive the Government of the use and benefit of its property; and

Fourth, that the value of the property was greater than $1,000.

## X. Count Five: First Element—Property of the United States

The first element the Government must prove beyond a reasonable doubt is that the property described in the Indictment belonged to the United States Government.

To satisfy this element, the Government must prove that the information contained in the alta backups allegedly stolen was a "thing of value of the United States." That means that at the time the property was allegedly stolen, embezzled, *or* knowingly converted, the United States Government or an agency of the United States Government had either title to, possession of, or control over the property.

## Y. Count Five: Second Element—Theft

The second element the Government must prove beyond a reasonable doubt is that the defendant stole, embezzled, *or* knowingly converted that property. To steal property means to take someone else's property without the owner's consent with the intent to deprive the owner of the value of that property.

To embezzle property means to voluntarily and intentionally take or convert

to one's own use money or property of another after that money or property lawfully came into the possession of the person taking it by virtue of some office, employment or position of trust.

To knowingly convert property means to use the property in an unauthorized manner in a way that seriously interfered with the Government's right to use and control its own property, knowing that the property belonged to the United States, and knowing that such use was unauthorized.

### Z. Count Five: Third Element—Intent

The third element the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully with the intent to deprive the Government of the use and benefit of its property.

To act knowingly means to act intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.  To act willfully means to act with knowledge that one's conduct is unlawful, and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law. Whether the Defendant acted knowingly and willfully may be proven by the Defendant's conduct and by all of the circumstances surrounding the case.

### AA.       Count Five: Fourth Element—Value of Property

The fourth and final element the Government must prove beyond a reasonable doubt is that the value of the property stolen, embezzled, or knowingly

converted was greater than $1,000.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a willing buyer would pay a willing seller at the time the property was stolen.  In determining the value of the property stolen, you may consider the aggregate or total value of the property referred to in the Indictment. If you find that the aggregate value is $1,000 or less, then you must find the defendant not guilty. On the other hand, if you find the aggregate value to be greater than $1,000, then this element is satisfied.

I remind you again, it is the Government's burden to establish every element of each of these counts beyond a reasonable doubt. The Government must prove each element of each count beyond a reasonable doubt.  If you find the Government has not proved each of the elements of a count beyond a reasonable doubt, you must acquit the Defendant on that count.  Also, proof of guilt on one count does not establish proof of guilt on another count.  You must consider each count, and each element of each count, on its own.

## BB.     Count Six: Elements (Unauthorized Access of a Computer to Obtain Information from a Department or Agency of the United States)

Count Six charges that the defendant, in or about 2016, intentionally accessed a computer and exceeded his authorized access in order to obtain information from a department or agency of the United States Government, in

violation of Title 18, United States Code, Section 1030(a)(2)(B).  In order to prove the defendant guilty of Count Six, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that the defendant accessed a computer with authorization, but exceeded his authority in accessing the information in question;

Second, that the defendant acted intentionally; and

Third, that the defendant obtained information from any department or agency of the United States.

## CC.        Count Six: First Element—Unauthorized Access

The first element that the Government must prove beyond a reasonable doubt is that the defendant accessed a computer with authorization, but exceeded his authority in accessing the information in question.

I have already instructed you with regard to the definition of a "computer" in Count Four.  That same definition applies here.

In this case, the Government charges that the defendant, while authorized to access the computer, exceeded his authority in accessing the information in question.  This requires the Government to prove beyond a reasonable doubt that the defendant had access to the computer, and used that access to obtain or alter information in the computer that the defendant was not entitled to obtain or alter.

An individual does not exceed authorized access when he accesses a

computer to obtain information he is authorized to access—even if he does so for an improper purpose.

### DD. Count Six: Second Element—Intentional Conduct

The second element that the Government must prove beyond a reasonable doubt is that the defendant acted intentionally in accessing a computer either without authorization or outside the scope of authority. "Intentionally" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident. The question of whether a person acted intentionally is a question of fact for you to determine, like any other fact question. The question involves one's state of mind. Direct proof of intent is almost never available. It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past he committed an act intentionally. Such proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

As a practical matter, then, in order to prove Count Six, the Government must establish beyond a reasonable doubt that the defendant knew that his accessing of a computer was unauthorized or that he knew that his accessing of a

computer was outside the scope of authority granted, but did so anyway.  To conclude on this element, if you find that the Defendant did not know he was acting without authority or outside the scope of authority, or if he did not intentionally access the computer, then you should acquit the Defendant.

## EE. Count Six: Third Element—U.S. Government Information

The third element that the Government must prove beyond a reasonable doubt is that the defendant obtained information contained in a computer of any department or agency of the United States.  The CIA is a department or agency of the United States. However, it is for you to determine if the Government has proven that, without authorization, the defendant obtained information contained in a computer of the CIA.

## FF.  Count Seven: Elements (Causing Transmission of a Harmful Computer Program, Information, Code or Command)

Count Seven charges the defendant, from at least in or about March 2016, up to and including at least in or about June 2016, with causing the transmission of a harmful computer program, information, code or command, in violation of Title 18, United States Code, Section 1030(a)(5)(A).   In order to prove the defendant guilty of Count Seven, the Government must prove each of the four following elements beyond a reasonable doubt:

First, that the defendant knowingly caused the unauthorized transmission of

a program, information, code, or command to a protected computer;

Second, that the defendant caused the transmission of the program, information, code, or command with the intent to damage or deny services to a computer or computer system;

Third, that the defendant thereby caused damage, as I will define that term for you; and

Fourth, that the defendant's actions resulted in damage to a computer system operated by the CIA.

### GG. Count Seven: First Element—Unauthorized Transmission of a Computer Program

The first element that the Government must prove beyond a reasonable doubt is that the defendant knowingly caused the unauthorized transmission of a program, information, code, or command to a protected computer.

This element requires that the Government prove that the defendant's transmission of the computer program, information, code, or command was unauthorized. Under the statute, this means that the transmission occurred without the permission of the person or entity who owns or is responsible for the computer receiving the transmitted program, information, code, or command.  I have instructed you on the definition of a "computer" in Count Four and you should apply that definition here.

This element also requires that the Government prove that the defendant

transmitted the program, information, code, or command knowingly. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Finally, this element requires that the Government prove that the defendant transmitted the program, information, code, or command to a "protected computer."  As relevant to this case, this means that the Government must prove that the computer was exclusively for the use of the United States Government.

### HH. Count Seven: Second Element—Intent to Cause Damage

The second element that the Government must prove beyond a reasonable doubt is that the defendant caused the transmission of the program, information, code, or command with the intent to cause damage, as I will define that term for you.

To act with "intent" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident.

As a practical matter, then, in order to sustain the charges against the defendant, the Government must establish beyond a reasonable doubt that the defendant transmitted the computer program, information, code, or command for

the purpose of causing damage.

## II. Count Seven: Third Element—Causing Damage

The third element the Government must prove beyond a reasonable doubt is that by transmitting the program, information, code, or command, the defendant caused damage.

As defined in the statute, "damage" means any impairment to the integrity or availability of data, a program, a system, or information.

## JJ. Count Seven: Fourth Element—Harmful Consequence

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant's actions disrupted a computer system used by or for any Government agency in furtherance of the administration of justice, national defense or national security.

## KK. Count Eight: Elements (Making False Statements)

In Count Eight, the Defendant is charged with knowingly and willfully making false statements to the FBI, including statements, such as he (1) denied having any involvement in leaking the classified information; (2) stated that he had never worked on Brutal Kangaroo outside the CIA; (3) stated that he had never removed any classified information from the CIA and took it home.  In order to prove the defendant guilty of Count Eight, the Government must establish each of the following five elements beyond a reasonable doubt.

First, from at least in or about March 2017, up to and including at least in or about November 2017, the defendant made a statement or representation;

Second, that this statement or representation was material;

Third, the statement or representation was false, fictitious or fraudulent;

Fourth, the false, fictitious or fraudulent statement was made knowingly and willfully; and

Fifth, the statement or representation was made in a matter within the jurisdiction of the Government of the United States.

### LL. Count Eight: First Element—Statement or Representation

The first element that the Government must prove beyond a reasonable doubt is that the defendant made a statement or representation to the FBI.  There is no distinction between written and oral statements.

### MM. Count Eight: Second Element—Materiality

The second element that the Government must prove beyond a reasonable doubt is that the defendant's statement or representation was material.

A fact is material if it was capable of influencing the Government's decisions or activities.  However, proof of actual reliance on the statement by the Government is not required.

### NN. Count Eight: Third Element—False, Fictitious, or Fraudulent

The third element that the Government must prove beyond a reasonable

doubt is that the statement or representation was false, fictitious, or fraudulent. A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the Government agency to which it was submitted.

### OO. Count Eight: Fourth Element—Knowingly and Willfully

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully. An act is done knowingly if it is done purposefully and voluntarily, as opposed to mistakenly or accidentally. An act is done willfully if it is done with an intention to do something the law forbids, that is, with a bad purpose to disobey the law.

### PP. Count Eight: Fifth Element—Jurisdiction of the U.S. Government

The fifth element is that the statement *or* representation be made with regard to a matter within the jurisdiction of the Government of the United States. The FBI is a department of the United States Government.

To be within the jurisdiction of a department or agency of the United States Government means that the statement must concern an authorized function of that department or agency. In this regard, it is not necessary for the Government to prove that the defendant had actual knowledge that the false statement was to be

used in a matter that was within the jurisdiction of the United States Government. It is sufficient to satisfy this element if you find that the false statement was made with regard to a matter within the jurisdiction of the United States Government.

I remind you again, it is the Government's burden to establish every element of each of these counts beyond a reasonable doubt. The Government must prove each element of each count beyond a reasonable doubt. If you find the Government has not proved each of the elements of a count beyond a reasonable doubt, you must acquit the Defendant on that count. Also, proof of guilt on one count does not establish proof of guilt on another count. You must consider each count, and each element of each count, individually.

## QQ. Count Nine: Elements (Obstruction of Justice)

Count Nine charges the defendant with obstruction of justice. I have instructed you about the statements allegedly made by the Defendant in Count 8. That instruction applies here as well.

In order to prove the defendant guilty of Count Nine, the Government must prove each of the following three elements beyond a reasonable doubt.

First, from at least in or about March 2017, up to and including at least in or about November 2017, there was a proceeding pending before a federal court or grand jury;

Second, that the defendant knew of the proceeding; and

50

Third, that the defendant corruptly acted to obstruct or impede, or endeavored to obstruct or impede the proceeding.

## RR. Count Nine: First Element—Pending Proceeding

The first element that the Government must prove beyond a reasonable doubt is that on or about March 2017 through November 2017, the date set forth in the Indictment, there was a proceeding pending before a federal grand jury.

## SS. Count Nine: Second Element—Knowledge

The second element that the Government must prove beyond a reasonable doubt is that the defendant knew that such a proceeding was in progress.  In order to satisfy this element, you need only determine that the defendant knew on or about the date charged that a grand jury proceeding was in progress.

## TT. Count Nine: Third Element—Acted to Obstruct or Impede

The third element that the Government must prove beyond a reasonable doubt is that the defendant did corruptly obstruct or impede, or corruptly endeavor to obstruct or impede the proceeding.

The word "corruptly" means simply having the improper motive or purpose of obstructing justice.

Success of the endeavor is not an element of the crime. The term endeavor is designed to reach all conduct that is aimed at influencing, intimidating and impeding the jurors or judges or officers. Thus, it is sufficient to satisfy this

element if you find that the defendant knowingly acted in a way that obstructed or had the natural and probable effect of obstructing justice from being duly administered.

## UU. Count Ten: Elements (Contempt of Court)

Count Ten charges the defendant, from at least in or about April 2018, up to and including at least in or about October 2018, with contempt of court.  In order to sustain its burden of proving the charge of contempt, the Government must establish beyond a reasonable doubt each of the following three elements:

First, that the Court issued a protective order that applied to the Defendant.

Second, that the defendant disobeyed or disregarded that order; and

Third, that the Defendant acted willfully and knowingly in disobeying the Court's order.

## VV. Count Ten: First Element—Specific Court Order

The first element of the offense of contempt is that the Court gave a certain order to the Defendant.  The Government must prove beyond a reasonable doubt that the Court ordered the Defendant to use certain discovery materials only for the purpose of defending against the charges in this case, and not disclose them to third parties.  I instruct you as a matter of law that this order was lawful and proper in every respect.  Further, that it did not violate any constitutional or other legal rights of the Defendant.

## WW. Count Ten: Second Element—Knowledge

The second element that the Government must prove beyond a reasonable doubt is that the Defendant disobeyed or disregarded the Court's order.  Court orders must be precisely and promptly obeyed.  If you find, therefore, that the Defendant failed to comply with the Court's order to use certain discovery materials only for defending against the charges in this case, this element of the offense is satisfied.

## XX. Count Ten: Third Element—Intent

The third element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.  "Contempt" is defined as willful disregard or disobedience of public authority. In order to be guilty of criminal contempt, therefore, it is essential that the Government establish that the defendant acted knowingly and with the specific intent to disobey or disregard the Court's order.

To satisfy this element, the Government must prove, beyond a reasonable doubt, that the Defendant understood this Court's order and consciously refused to obey that order.

I remind you again, it is the Government's burden to establish every element of each of these counts beyond a reasonable doubt. The Government must prove each element of each count beyond a reasonable doubt.  If you find the

Government has not proved each of the elements of a count beyond a reasonable doubt, you must acquit the Defendant on that count.  Also, proof of guilt on one count does not establish proof of guilt on another count.  You must consider each count, and each element of each count, individually.

## YY. Venue

In addition to all the elements of each of the charges that I have just described for you, for Counts Three, Eight, Nine, and Ten, you must also decide with respect to each of those four counts whether any act in furtherance of the crimes occurred within the Southern District of New York.  You do not need to consider whether any act in furtherance of the WikiLeaks Counts, that is Counts One, Two, Four, Five, Six, and Seven occurred in the Southern District of New York.  The Government and Defendant have agreed to venue in the Southern District of New York on those counts, even though the Government alleges that the conduct occurred in the Eastern District of Virginia.  The Southern District of New York includes, among other places, Manhattan, the Bronx, Westchester, Dutchess, Putnam, Orange, Sullivan, and Rockland counties.  In this regard, the Government need not prove that the crime was committed in this district, or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crimes charged in Counts Three, Eight, Nine, and Ten occurred in the Southern District of New York.

I should note that on this issue—and this issue alone—the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence, which is a lower standard of proof. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged in Counts Three, Eight, Nine, and Ten occurred in the Southern District of New York. If you find that the Government has failed to prove this venue requirement with respect to any of Counts Three, Eight, Nine, and Ten, then you must acquit the defendant on that Count.

## IV.   Concluding Instructions

### A. <u>Unanimous Verdict</u>

You are about to go into the jury room and begin your deliberations. Your function now is to weigh the evidence in this case and to determine whether the Government has proved beyond a reasonable doubt that Mr. Schulte is guilty of the offenses charged in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I

have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.  If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.

## B. <u>Selection of Foreperson</u>

When you retire to the jury room, you must have a foreperson.  That person will preside over the deliberations and speak for you here in open court.  Other than those functions, the foreperson will have no greater or lesser authority than any other juror.

It is my custom to select juror number one in every case to be the foreperson of the jury.  Accordingly, I am now selecting juror number one as your foreperson.

## C. <u>Duty to Deliberate</u>

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement.  Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change an opinion if you become convinced it is erroneous.  But do not surrender your honest convictions as

to the weight or effect of evidence solely because of the opinions of your fellow jurors.

Because it is essential that every juror consider all the facts and arguments before reaching a decision, all of you must be present in order to deliberate.  If any juror takes a break during the course of your deliberations, you must stop discussing the case until he or she returns.  Similarly, if any juror arrives late in the morning, you may not commence your deliberations until all twelve of you are present.

For your deliberations, you will be provided with copies of the instructions I am currently giving to you and copies of the Indictment.  You will also be provided with one verdict sheet on which you will record your verdict.

I am going to send the exhibits received in evidence into the jury room.  If you want any of the testimony read, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting testimony or portions of testimony.  If you want further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of this charge, you may ask for clarification or further explanation.

Your requests—or any other communication you wish to make with the Court—should be made to me in writing, signed by your foreperson, and given to

one of the court security officers.  Bear in mind that you are never to reveal to any

person—not even to me—how you, the jury, stand, numerically or otherwise, on

the questions before you, until after you have reached a unanimous verdict.

Your decisions must be unanimous, but you are not bound to surrender your

honest beliefs concerning the effect or weight of the evidence for the mere purpose

of returning a verdict or solely because of the opinion of other jurors.  Discuss and

weigh your respective opinions dispassionately, without regard for sympathy,

prejudice or favor for either party, and adopt that conclusion that in your good

conscience appears to be in accordance with the truth.

Some of you have taken notes during the trial.  As I told you at the

beginning of the trial, this is permitted because some people find that taking notes

helps them focus on the testimony being given.  Your notes are for your private use

only, as a way to help you recall the testimony as you begin your deliberations.  A

juror's notes are not entitled to any greater weight than the recollections of a juror

who does not take notes.

Your function now is to weigh the evidence in this case and to determine

whether the Government has or has not established Mr. Schulte's guilt beyond a

reasonable doubt with respect to the ten counts of the Indictment.  You must base

your verdict solely on the evidence and these instructions as to the law.  You are

obliged by your oath as jurors to follow the law as I instruct you, regardless of

whether you agree or disagree with the particular law in question.  Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.

As to the alternate jurors, only twelve jurors may deliberate before reaching a verdict.  So I am going to <u>excuse</u> the alternates now.  You will notice I said "<u>excuse</u>," not "<u>dismiss</u>."  There may be circumstances where one or more of you will have to be recalled, such as if one or more of the twelve jurors unexpectedly becomes unavailable.

In addition to thanking you for your punctuality, your faithful attendance, and the close attention you paid, I am going to instruct the alternate jurors not to discuss the case with anyone; not to read, listen to, or watch any news reports; and not to do any research until this case is over.

We have the alternate jurors' contact information and we will contact you should the need arise.  If no need arises, we will contact you when the jury of twelve concludes its deliberations.

If you took notes, please leave your notes behind.  Please do not take the notebook or the transcripts.

[*Advise about schedule for deliberations*]