*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 5, 2020

**By Email**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

    Re:    *United States v. Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

    We write in response to the defendant's letter of earlier today requesting that the Court halt deliberations and conduct individual voir dire of Jurors 2 through 4 and 6 through 12. The defendant's request should be denied. Other than the information contained in Court Exhibits 15 and 17, there is no indication that any juror has received "extra-record information." With respect to the information identified in the Court Exhibits, the Court has already conducted the necessary inquiry to ensure that the jury has not been exposed to extrajudicial information. At the defense's request, the Court examined Juror 1 who recounted the statements made by Juror 5 with the other jurors present. Given that Juror 5's statements were made to all of the other jurors at the same time, the Court knows precisely what information was conveyed to the other members of the jury. Moreover, Court Exhibits 15 and 17 clearly described what had happened with respect to Juror 5.

    Accordingly, there is no need to inquire of the other jurors and "any such investigation is intrusive and may create prejudice by exaggerating the importance and impact of what may have been an insignificant incident." *United States v. Abrams*, 137 F.3d 704, 708 (2d Cir. 1998); *see also United States v. Ruggiero*, 928 F.2d 1289, 1301 (2d Cir. 1991) ("[D]ecisions as to when to question jurors and the manner of that inquiry are generally left to the trial judge's broad discretion. We note, moreover, that 'if the members of the jury are questioned in depth about a possible jury tampering incident, they may become so prejudiced that the accused cannot obtain a fair trial.'" (quoting *United States v. Moten*, 582 F.2d 654, 661 (2d Cir. 1978)); *United States v. Burrous*, 147

The Honorable Paul A. Crotty, U.S.D.J.
March 5, 2020
Page 2

F.3d 111, 118 (2d Cir. 1998) (holding that the district court did not abuse its discretion in not conducting individual voir dire where there was "no reason to believe that the fairness of other jurors had been tainted in any way").

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney

by: ___/s/_____
      Matthew Laroche / Sidhardha Kamaraju / David W. Denton, Jr.
      Assistant United States Attorneys
      (212) 637-2420 / 6523 / 2744

cc: Defense Counsel (by email)