```
K2sWschF
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          S2 17 Cr. 548 (PAC)

JOSHUA ADAM SCHULTE,

                Defendant.              Trial

------------------------------x
                                        New York, N.Y.
                                        February 28, 2020
                                        1:15 p.m.
Before:

                    HON. PAUL A. CROTTY,
                                        District Judge
                                         -and a jury-
                           APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  MATTHEW J. LAROCHE
     SIDHARDHA KAMARAJU
     DAVID W. DENTON JR.
     Assistant United States Attorneys

SABRINA P. SHROFF
     Attorney for Defendant
     -and-
DAVID E. PATTON
     Federal Defenders of New York, Inc.
BY:  EDWARD S. ZAS
     Assistant Federal Defender
     -and-
JAMES M. BRANDEN


Also Present:   Colleen Geier
                Morgan Hurst, Paralegal Specialists
                Achal Fernando-Peiris, Paralegal
                John Lee, Litigation Support
                Daniel Hartenstine
                Matthew Mullery, CISOs, Department of Justice
```

1            (Trial resumed)
2            THE COURT:  Good afternoon.  Please be seated.
3            Is Ms. Shroff coming?
4            MR. ZAS:  She just stepped out.
5            THE COURT:  OK.
6            MR. ZAS:  Your Honor, I'm sorry we're not dressed for
7    court.
8            THE COURT:  That's OK.  I know you were busy doing
9    other things.
10           I called the conference.  Thank you, everybody, for
11   dropping what you were doing and coming over.
12           I have before me the letters from Mr. Zas of February
13   27 and the letter from the government of February 28.
14           Does the defendant have the February 28 letter?
15           MR. ZAS:  We do.  We just printed it out.  We have it.
16           Your Honor, we have a reply that we didn't have time
17   to file, but it's ready, if your Honor will take it.
18           THE COURT:  OK.
19           MS. SHROFF:  Your Honor, the government has a copy.
20   We gave it to them, I think, maybe five minutes ago.
21           THE COURT:  OK.  Your letter deals primarily or
22   exclusively with the Michael incident.  Is that correct?
23           MS. SHROFF:  Yes, your Honor.  We hadn't had enough
24   time to get to the other stuff.
25           THE COURT:  OK.  My concern is not about the charge,

1  if any, on Michael.  It deals with, the letter of February 28,
2  page 5, the fifth paragraph, which reads:
3           "With respect to Counts Two and Three of the
4  indictment, the government has decided that -- while the
5  government continues to believe that both charges are legally
6  applicable and supported by the evidence -- the government will
7  forgo Count Two in order to avoid the risk of juror confusion
8  raised by the Court at yesterday's conference."
9           I'll stop there.
10          I didn't raise the possibility of jury confusion.  I
11 raised the possibility of inconsistent verdicts, and the
12 transcript is available supporting what I'm saying.
13          And then:
14          "Pursuant to the Court's instruction at the
15 conference, the remaining counts have been renumbered so that
16 the WikiLeaks-related counts as to which the defendant has
17 waived venue are grouped together, followed by the remaining
18 counts pertaining to the defendant's post-leak conduct."
19          I didn't make that instruction either, so let's take
20 them up in order.
21          Is it permissible for the government to forgo Count
22 Two without undergoing a more formal procedure?  I think it's
23 something like Rule 48, where indictments can't be dismissed
24 during trial without the Court's approval or the defendant's
25 consent.  I don't know about separate counts within the

1    indictment.

2            Mr. Denton.

3            MR. DENTON:  Your Honor, I think that the analogy here
4    is to what is commonly done at a plea proceeding, where the
5    defendant pleads to only some portion of the counts in an
6    indictment; the remaining counts do not need to be dismissed
7    formally until sentencing as part of the judgment.  That's
8    especially true here, where the jury, as a matter of the
9    severance, is already only being asked to consider some of the
10   counts in the indictment, so we think that the appropriate
11   course here is simply to only instruct the jury to return a
12   verdict as to those counts.

13           I apologize if we mischaracterized the Court's
14   description yesterday as confusion.  We took seriously the
15   commentary about the potential for inconsistency and thought
16   this was the best way to address it.

17           THE COURT:  Does Mr. Schulte have any objection?

18           MR. ZAS:  Your Honor, unfortunately, I'm not familiar;
19   this is the first time I'm hearing of that rule.  Clearly we
20   want fewer counts rather than more.

21           THE COURT:  You're not familiar with Rule 48, Mr. Zas?

22           MR. ZAS:  I'm sorry.  I'm not.  It doesn't usually
23   happen that the government drops our counts in the middle of
24   trial.

25           THE COURT:  Well, here it is.  Rule 48, dismissal --

1    by the government and by the Court.  Rule 48.
2             At any rate, in your view, Mr. Denton, no formal
3    procedure is required for this.
4             MR. DENTON:  Not at this time, your Honor.  Obviously
5    if we get to sentencing, then that would be the time for the
6    government to move to dismiss Count Two, with the Court's
7    permission.
8             THE COURT:  The way things stand right now, if we go
9    forward with Count Two not being submitted to the jury, could
10   you prosecute Mr. Schulte for violation of Count Two?
11            MS. SHROFF:  That's the question I just asked Mr. Zas,
12   your Honor.
13            THE COURT:  I wasn't lip reading.
14            MR. DENTON:  Your Honor, I think the answer is no.  I
15   think jeopardy has clearly attached on that count.
16            THE COURT:  Jeopardy clearly has attached.
17            MR. DENTON:  As a matter of process, your Honor, it
18   really doesn't matter to us.  If it would be more comfortable
19   for the Court for us to formally move to dismiss Count Two at
20   this point, we can do that.
21            THE COURT:  What are the wishes of the defendant?
22            MR. ZAS:  We would prefer that.  It's safer for our
23   client to have it dismissed now.
24            THE COURT:  OK.
25            MR. DENTON:  That's fine, your Honor.  The government

1    would move to dismiss Count Two.

2               THE COURT:  Count Two is dismissed.

3               Now, in the restructured indictment, this is causing a

4    lot of administrative problems, because I had thought that what

5    we were going to do when we first learned last night of your

6    intention to drop Count Two is to drop Count Two and renumber

7    all the other counts, advance them by one, rather than a

8    restructuring of the indictment.

9               MR. DENTON:  I think again, your Honor, perhaps we

10   misunderstood what you meant when you said that you would like

11   things tailored to the waiver of venue.  We thought you meant

12   that as part of the indictment being prepared for the jury.  Or

13   I certainly did.

14              THE COURT:  No.

15              MR. DENTON:  OK.

16              THE COURT:  That was not my intention.

17              MR. DENTON:  That's fine with us, your Honor.

18              THE COURT:  I hadn't even thought about it.

19              MR. DENTON:  We're happy to put together a version

20   that just simply takes out Count Two and leave all the rest of

21   the numbering the same.

22              THE COURT:  OK.  We should do that.

23              The other matters are fully briefed, and I'll decide

24   those by the close of business today.  I hope to get out a

25   revised draft reflecting the final changes in yesterday's

1    conference, including all the matters that are covered by
2    Mr. Zas's letters of February 27 and February 28 and the
3    government's letter of February 28.
4              I think just for the sake of safety here, I want it
5    clear that the Court's instructions did not deal with jury
6    confusion.  They dealt with inconsistent verdicts, and the
7    Court did not instruct to have the remaining counts renumbered
8    so that the WikiLeaks counts as to which the defendant has
9    waived venue are grouped together.  I didn't make that
10   suggestion, so I'm sorry there's confusion.
11             Does anybody want to take anything else up?
12             MR. DENTON:  No, your Honor.  I apologize for
13   misunderstanding.
14             THE COURT:  OK.  I don't think an apology is needed,
15   but if it is, it's accepted.  Thank you.
16             MR. DENTON:  Thank you, your Honor.
17             THE COURT:  Anything else?
18             Ms. Shroff.
19             Mr. Zas.
20             MS. SHROFF:  Your Honor, we prematurely handed up the
21   letter.  We hadn't fully finished all the points in response to
22   the letter of this morning.
23             THE COURT:  I'll give it back to you.
24             MS. SHROFF:  No, no.  It's OK.  You don't have to give
25   it back.  It's just that if there's something left out, could

1  we have until, like, 3:00 today to put something in?  Is that
2  OK?
3            THE COURT:  OK.
4            Do you want to take it back?
5            MR. ZAS:  Your Honor, it would only be a supplement.
6  We haven't fully reviewed the other points in Mr. Denton's
7  letter today, so we may have some more to say.  We probably
8  don't, but I just want to check; for example, go back to the
9  bill of particulars and make sure those are the false
10 statements that were alleged, and things like that.  We may
11 have something to supplement.
12           THE COURT:  I did a quick check, and those are the
13 bill of particulars.
14           MR. ZAS:  Good.
15           THE COURT:  And I don't intend to quote all of them,
16 just extracts from them.
17           MR. ZAS:  Very good.
18           THE COURT:  Thank you very much.
19           MR. DENTON:  Judge, I apologize.
20           Just one other thing?
21           THE COURT:  Yes, sir.
22           MR. DENTON:  We are going to prepare a new verdict
23 form with respect to the counts as they should be numbered.
24           THE COURT:  Right.
25           MR. DENTON:  I gather that Ms. Shroff would like it to

K2sWschF

1  say not guilty rather than guilty.
2           THE COURT:  Yes.  That was one of the changes I
3  suggested.
4           MR. DENTON:  That's fine, your Honor.  We'll take care
5  of that.
6           THE COURT:  Not guilty would be in the left-hand
7  column, guilty would be in the right-hand column.
8           MR. DENTON:  That's right.
9           THE COURT:  Thanks very much.
10          MR. ZAS:  Thank you, Judge.
11          MR. DENTON:  Thank you.
12          MS. SHROFF:  Thank you.
13          MR. KAMARAJU:  Thank you, your Honor.
14          (Adjourned to March 2, 2020, at 9:00 a.m.)