K3P3SCHF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                          S2 17 Cr. 548 (PAC)

JOSHUA ADAM SCHULTE,

             Defendant.                  Trial

------------------------------x
                                         New York, N.Y.
                                         March 9, 2020
                                         9:15 a.m.
Before:

                    HON. PAUL A. CROTTY,

                                         District Judge
                                           -and a jury-
                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  MATTHEW J. LAROCHE
     SIDHARDHA KAMARAJU
     DAVID W. DENTON JR.
     Assistant United States Attorneys

SABRINA P. SHROFF
     Attorney for Defendant
     -and-
DAVID E. PATTON
     Federal Defenders of New York, Inc.
BY:  EDWARD S. ZAS
     Assistant Federal Defender
     -and-
JAMES M. BRANDEN


Also Present:  Colleen Geier
               Morgan Hurst, Paralegal Specialists
               Achal Fernando-Peiris, Paralegal
               John Lee, Litigation Support
               Daniel Hartenstine, CISO, Department of Justice

1              (Trial resumed; jury not present)

2              THE COURT:  In response to the jury note we received

3    on Friday, I've received the submissions from Ms. Shroff and

4    Mr. Zas, and from the government.  I think I'm going -- I don't

5    think.  I'm going to use the submission of Mr. Schulte.

6              I have copies of the proposed charge that I'm going to

7    give to the jury.  I'm going to give those to counsel now.

8              THE DEPUTY CLERK:  Waiting on one juror.

9              MR. LAROCHE:  Your Honor, there's two pages on this.

10   Just for the record, you do intend to give both the first and

11   second pages?

12             THE COURT:  Yes, I do.

13             MR. LAROCHE:  Understood.  Thank you.

14             MR. ZAS:  Your Honor, may I ask a question.  There was

15   an issue about one of the jurors having to leave early today.

16             THE COURT:  2:30.

17             MR. ZAS:  Is that still the case?

18             THE COURT:  I think we're going to ask the juror if

19   she wants to postpone it.  If we can't postpone it, we're going

20   to break at 2:30.

21             Mr. Laroche, do you have any objections or comments?

22             MR. LAROCHE:  Generally, your Honor, I think we

23   proposed something that your Honor has given in the past that

24   we thought would be appropriate, given the status of

25   deliberations here and given what had happened last week with

1    respect to the issue with Juror 5 and essentially having a

2    different kind of dynamic starting on Thursday.

3          I'd say the one thing that sticks out on their

4    proposed charge is, generally when I see something that is

5    along the lines of an Allen charge, there is no discussion of

6    the length of time.  There is no suggestion that either you're

7    going to be deliberating for a bit longer, language like that

8    I've generally not seen included in Allen-type charges, so I

9    think --

10         THE COURT:  So you would strike "a bit longer"?

11         MR. LAROCHE:  I would, your Honor.

12         THE COURT:  Mr. Zas?

13         MR. ZAS:  Your Honor, the reason it's in there is the

14   jury could think that, essentially, there's no limit.  They

15   could be held until they reach a verdict.  So we wanted to give

16   them a signal that it's not indefinite.

17         THE COURT:  Okay.  Anything else, Mr. Laroche?

18         MR. LAROCHE:  The last line, your Honor, strikes us as

19   unbalanced.  There could be another line saying, "To the extent

20   you believe the government has proven his guilt beyond a

21   reasonable doubt, you must convict him."

22         THE COURT:  Okay.  Mr. Zas?

23         MR. ZAS:  Your Honor, I think we prefer just take

24   out -- I think we would take out the last line.  I think they

25   understand reasonable doubt.  So we'd rather it just end at

1   "reach a verdict."

2            THE COURT:  Okay.

3            MR. ZAS:  With the second paragraph.

4            MR. LAROCHE:  That's fine.  Thank you.

5            THE COURT:  Mr. Laroche, that's all right with you?

6            MR. LAROCHE:  That's fine.  Thank you.

7            THE COURT:  Ms. Shroff?

8            MS. SHROFF:  Your Honor, I just had a worry about the

9    juror that wants to leave for her appointment.

10           THE COURT:  Yes.

11           MS. SHROFF:  Did the Court -- were we going to ask her

12   individually if she wants to postpone?

13           THE COURT:  She has an appearance in court.  It is

14   wholly unrelated to this case.  We've told her that she can

15   make the appointment, so she'll have to leave here at 2:30.

16   Maybe that's why it's appropriate to say "a bit longer."

17           MS. SHROFF:  That's what our thinking was, but if the

18   Court was going to ask her if she wanted to postpone, were you

19   going to ask her one on one, or just Mr. Gonzalez was going to

20   ask?  I didn't want her to be asked in open court, that's all.

21           THE COURT:  You don't want her to be asked in open

22   court?

23           MS. SHROFF:  I didn't want to put her on the spot.

24           THE COURT:  We've accommodated her once before, you

25   know.

1          MS. SHROFF:  I know.  But housing is a big deal, your

2     Honor.  And I just want to kind of flag that for you.  That's

3     all.

4          THE COURT:  If no one objects, I'll have Mr. Gonzalez

5     check with the CSO and ask her what she wants to do about the

6     2:30 appointment this afternoon.

7          MS. SHROFF:  Nobody objects to that kind of ask.

8          THE COURT:  Is the jury here?

9          THE DEPUTY CLERK:  They are now.

10         THE COURT:  The jury is here.

11         (Jury present.  Time noted 9:20 a.m.)

12         THE COURT:  Good morning.  We received your note last

13    Friday.  I'm going to give you further supplemental

14    instructions.

15         I understand that you have not been able to reach a

16    verdict on eight of the counts.  I'm going to ask that you

17    return to the jury room and continue your deliberations a bit

18    longer to see whether a unanimous verdict is possible.

19         The instructions which I previously gave still apply.

20    Specifically, I remind you that you should discuss and consider

21    the evidence, listen to the arguments of your fellow jurors,

22    present your individual views, and consult with one another.

23         You should not hesitate to change your views if you

24    are convinced they are erroneous.  However, you should not

25    surrender a conscientiously held belief simply because you are

K393SCH2                         Verdict

1    outnumbered or merely in order to reach a verdict.

2            Now a word about partial verdicts.  It is the desire

3    of the Court and all of the parties that, if possible, you

4    return a verdict on all counts if you can do that without

5    violating your individual conscience.  However, if, after

6    conscientious deliberation, there are counts you can agree on,

7    you may return a verdict as to those counts.

8            You can resume your deliberations.  Thank you.

9            (Jury resumes deliberations.  Time noted 9:23 a.m.)

10           THE COURT:  Anything else to take up this morning?

11           MR. LAROCHE:  No, your Honor.  Thank you.

12           MS. SHROFF:  No, your Honor.  Thank you.

13           THE COURT:  Thank you.

14           (Recess pending verdict)

15           (At 10:35 a.m., a note was received from the jury)

16           THE COURT:  We have a note from the jury as of 10:30

17   this morning.  "We are extremely deadlocked and not making any

18   headway."

19           What do you want to do, Mr. Laroche, Mr. Zas?

20           MR. LAROCHE:  Your Honor, we'd ask for a traditional

21   Allen charge, and we have one with us that is the one proposed

22   by Sand in the Federal Modern Jury Instructions.

23           MR. ZAS:  Your Honor, in light of the language of the

24   note that they are extremely deadlocked, we would move at this

25   time for a mistrial on the counts for which the jury cannot

K393SCH2                          Verdict

1    reach agreement.  And just I am assuming that they still have a

2    verdict on the two, and the Court should just accept that

3    partial verdict.

4              THE COURT:  I should tell them if you've agreed on

5    anything, fill in the jury verdict sheet as to those counts.

6              MR. ZAS:  Yes.

7              THE COURT:  And you've already reported you're

8    deadlocked on the other counts.

9              MR. ZAS:  Yes.

10             THE COURT:  So an instruction that combines the advice

11   of the parties based on Friday's note, where they agree they

12   are aligned on two counts, and the deadlock counts which are

13   the remaining counts.

14             MR. ZAS:  Yes.

15             THE COURT:  Call the jury in.

16             (Jury present.  Time noted 10:43 a.m.)

17             THE COURT:  We have your note about your being

18   extremely deadlock and not making any headway.  On Friday you

19   indicated that you were aligned on two counts.

20             What I'm going to ask you to do is, if after your

21   deliberations there are counts you can agree on, you may return

22   a verdict as to those counts, the two counts that you referred

23   to on Friday and that I instructed you on this morning.  Those

24   counts that you can't reach agreement on, leave those blank on

25   your verdict sheet.  But fill in the verdict sheet and we'll

1    take it from there.

2            You can resume your deliberations now.

3            (Jury resumes deliberations.  Time noted 10:45 a.m.)

4            THE COURT:  While I was in the robing room, I read

5    Rule 26.3, the mistrial.  "Before ordering a mistrial, the

6    Court must give each defendant and the government an

7    opportunity to comment on the propriety of the order, to state

8    whether that party consents or objects, and to suggest

9    alternatives."

10           So I think this is kind of a belts and suspenders in

11   light of the jury's note about being extremely deadlocked and

12   not making any headway.  But I want to make sure I comply with

13   the rules, so this is your opportunity to comment on the

14   propriety of a mistrial order.

15           MR. LAROCHE:  Understood, your Honor.  I believe you

16   have complied with the rules.  As we noted, we had an

17   alternative approach, which we understand you are not pursuing,

18   so we understand.

19           THE COURT:  Mr. Zas.

20           MR. ZAS:  Your Honor, may I have one second?

21           THE COURT:  Yes.

22           MR. LAROCHE:  We object, obviously --

23           THE COURT:  Yes, yes.

24           MR. ZAS:  Your Honor, we do consent to a mistrial for

25   the counts for which they have not been able to reach

K393SCH2                    Verdict

1   agreement.

2            THE COURT:  All right.  Anything else to do under Rule

3   26.3?

4            MR. LAROCHE:  No, your Honor.

5            THE COURT:  Thank you.

6            (At 10:52 a.m., a note was received from the jury).

7            THE COURT:  Call in the jury.

8

9            (Jury present.  Time noted 10:56 a.m.)

10           THE COURT:  Have you reached a verdict, Ms. Wiker?

11           THE DEPUTY CLERK:  Madam Foreperson, you have reached

12   a verdict on two counts.

13           Count Eight, making false statements.  As to Count

14   Eight, how do you find the defendant Joshua Adam Schulte,

15   guilty or not guilty?

16           THE FOREPERSON:  Guilty.

17           THE DEPUTY CLERK:  Count 10.  Contempt of court.  As

18   to Count 10, how do you find the defendant Joshua Adam Schulte,

19   guilty or not guilty?

20           THE FOREPERSON:  Guilty.

21           THE DEPUTY CLERK:  Poll them?

22           THE COURT:  You've reached a verdict on no other

23   counts; is that correct?

24           Poll the jury, please.

25           THE DEPUTY CLERK:  Juror No. 1, is this your verdict

K393SCH2                        Verdict

1    for Count Eight and 10?

2              THE FOREPERSON:  Yes.

3              THE DEPUTY CLERK:  Juror No. 2, is this your verdict

4    for Count Eight and 10?

5              JUROR NO. 2:  Yes.

6              THE DEPUTY CLERK:  Juror No. 3, is this your verdict

7    for Count Eight and 10?

8              JUROR NO. 3:  Yes.

9              THE DEPUTY CLERK:  Juror No. 5, is this your verdict

10   for -- Juror No. 4, is this your verdict for Count eight and

11   10?

12             JUROR NO. 4:  Yes.

13             THE DEPUTY CLERK:  Juror No. 6, is this your verdict

14   for Count Eight and 10?

15             JUROR NO. 6:  Yes.

16             THE DEPUTY CLERK:  Juror No. 7, is this your verdict

17   for Count Eight and 10?

18             JUROR NO. 7:  Yes.

19             THE DEPUTY CLERK:  Juror No. 8, is this your verdict

20   for Count Eight and 10?

21             JUROR NO. 8:  Yes.

22             THE DEPUTY CLERK:  Juror No. 9, is this your verdict

23   for Count Eight and 10?

24             JUROR NO. 9:  Yes.

25             THE DEPUTY CLERK:  Juror No. 10, is this your verdict

K393SCH2

for Count Eight and 10?

JUROR NO. 10:  Yes.

THE DEPUTY CLERK:  Juror No. 11, is this your verdict for Count Eight and 10?

JUROR NO. 11:  Yes.

THE DEPUTY CLERK:  Juror No. 12, is this your verdict for Count Eight and 10?

JUROR NO. 12:  Yes.

THE COURT:  I never comment on a jury's verdict, but I want to thank you for your diligent service.  You've been really remarkable.  This has been a long trial, lots of pages of testimony, numerous exhibits, we've had 18 or 19 witnesses who testified, countless stipulations.  And you kept track of it all and you paid attention to it and you really have done a wonderful job.  So, you leave with my thanks for doing a great job.  I'm very grateful.  Thank you.

I guess you'll get notes from the jury coordinator. You will be exempt from jury service for an extended period of time.  Thank you again.

Jury dismissed.

(Jury dismissed.  Time noted 10:59 a.m.)

THE COURT:  On Counts One, Two, Three, Four, Five, Six, Seven, and Nine, I grant the defendant's motion for a mistrial.

Anything else to do, Mr. Laroche?

K393SCH2

1          MR. LAROCHE:  Your Honor, I'd propose we set a control

2     date of two weeks from now so the parties can discuss next

3     steps in terms of scheduling.  And I request that time be

4     excluded from now until then so the parties can continue those

5     discussions.

6          THE COURT:  Mr. Zas, Ms. Shroff?

7          MS. SHROFF:  Your Honor, may I just have a second with

8     Mr. Schulte?

9          THE COURT:  Yes.

10         MS. SHROFF:  Your Honor, we're fine with the two

11    weeks, but I would like to be able to submit a letter tomorrow

12    morning, maybe, asking the Court to extend our post-trial

13    motion time period, if that's okay.  I move formally now for an

14    extension, but I don't have actually how much time we would

15    need.

16         THE COURT:  Let's agree on two weeks.  If you want

17    more time and you want to submit something tomorrow, that will

18    be fine too.

19         MS. SHROFF:  I do think we'll need more than two weeks

20    for the post-trial motions, your Honor.  But the status

21    conference --

22         THE COURT:  What post-trial motions are you

23    anticipating?

24         MS. SHROFF:  Mr. Zas and I haven't really talked about

25    it.  But I think we didn't flush out our Rule 29 or the Rule

K393SCH2

1    33, so we'd like an opportunity to do that.  We're happy to

2    confer with the government as to the time period and write to

3    the Court.

4          THE COURT:  All right.  So two weeks from today would

5    be the 23rd.  You want the end of the week?

6          MR. LAROCHE:  That's fine, your Honor.

7          THE COURT:  The 27th.

8          MR. LAROCHE:  Yes, your Honor.

9          MS. SHROFF:  Oh.  Your Honor, actually my son has an

10   all day soccer tournament that I'd like to go to.

11         THE COURT:  Want to do it on the 26th then?

12         MS. SHROFF:  That's fine.

13         THE COURT:  What time is good for you?

14         MS. SHROFF:  Any time is fine.

15         THE COURT:  Do it at 10 o'clock then.

16         MS. SHROFF:  Sure.

17         THE COURT:  We'll meet again on the 26th at 10 a.m.

18   Time is excluded until we meet again on the 26th at 10 in the

19   morning.

20         MS. SHROFF:  Okay.

21         THE COURT:  All right.  Anything else?

22         MR. LAROCHE:  No, thank you, your Honor.

23         MS. SHROFF:  Your Honor, I think all of us, government

24   and the defense, would like to thank Mr. Gonzalez and obviously

25   Ms. King for all their hard work.

K393SCH2

1              MR. LAROCHE:  Yes, your Honor.

2              THE COURT:  You're welcome on their behalf.

3              MS. SHROFF:  And of course Rebecca.

4              THE COURT:  The court reporter has been terrific.  And

5    her colleague Carol Ganley, too.

6              MS. SHROFF:  Thank you, your Honor.

7              (Adjourned)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25