*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 29, 2020

**By ECF**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

      We write in response to the Court's May 22, 2020 order concerning the anticipated superseding indictment (the "Proposed Indictment") and trial scheduling (Dkt. 400) (the "May Order").[1]  As discussed at the May 18, 2020 conference, the Proposed Indictment does not charge the defendant with any additional conduct, but merely clarifies what conduct is covered by each specific count.  In the May Order, the Court directed the Government to address when a grand jury would likely hear the defendant's case and the parties to address whether, in light of the Proposed Indictment, the child pornography trial should proceed in advance of the Espionage Act trial.  With respect to grand jury scheduling, we understand that a grand jury will be summoned in early June, pursuant to modified procedures in response to the COVID-19 pandemic.  If a quorum can be assembled, we expect to present the Proposed Indictment to the grand jury by mid-June and in advance of the conference currently scheduled for June 24, 2020.[2]  As to trial scheduling, and for the reasons discussed below, although we do not object to first proceeding on the non-national security counts (*i.e.*, the child pornography and copyright charges), we do not believe that the Proposed Indictment will delay the Espionage Act retrial.  Moreover, given that the defendant has recently objected to the exclusion of time based on the pandemic (even though time is already properly excluded due to the pending defense motions), we respectfully request that the Court set a trial date (whether on the Espionage Act or non-national security counts) for as soon as possible after normal court operations resume.

      By way of background, and as the Court is aware, on February 2, 2020, trial began as to the eleven national security related counts in the above-referenced indictment (the "S2

---

[1] On May 22, 2020, the Court also directed the Government to respond to the defendant's pro se letter, which was filed on the docket the same day.  In correspondence to the Court, dated May 26, 2020, defense counsel withdrew the defendant's pro se letter at his request.

[2] It is, of course, possible that, due to the ongoing pandemic, the grand jury may become unavailable before the June 24, 2020 conference.

The Honorable Paul A. Crotty, U.S.D.J.
May 29, 2020
Page 2

Indictment"). On March 9, 2020, a jury found the defendant guilty of two of those counts: making false statements to law enforcement, in violation of 18 U.S.C. § 1001, and contempt of Court, in violation of 18 U.S.C. § 401(3). The jury was unable to reach a unanimous verdict as to the remaining eight counts and, as a result, the Court granted the defendant's motion for a mistrial as to those counts.[3] The Government expects that the Proposed Indictment will contain the following nine counts:

- Count One: Gathering national defense information, in violation of 18 U.S.C. § 793(b), based on the defendant's theft of backup files (the "Backup Files") from DEVLAN on April 20, 2016;

- Count Two: Transmission of writings containing unlawfully possessed national defense information, in violation of § 793(e), based on the defendant's transmission of the Backup Files in late April and early May 2016;

- Count Three: Transmission of writings containing unlawfully possessed national defense information, in violation of § 793(e), based on the defendant's transmission from prison of notes to a reporter about a CIA computer network in September 2018;

- Count Four: Attempted transmission of writings containing unlawfully possessed national defense information, in violation of § 793(e), based on the defendant's attempted transmission from the Metropolitan Correctional Center (the "MCC") of one of his articles and tweets between July and October 2018;

- Count Five: Unauthorized access to a computer to obtain classified information, in violation of 18 U.S.C. § 1030(a)(1), based on the defendant exceeding his authorized DEVLAN access to obtain and later transmit the Backup Files;

- Count Six: Unauthorized access to a computer to obtain information, in violation of § 1030(a)(2)(B), based on the defendant exceeding his authorized DEVLAN access to copy the Backup Files;

- Count Seven: Causing the transmission of a harmful computer command to DEVLAN, in violation of § 1030(a)(5)(A), based on the defendant's manipulation of the Confluence virtual server on April 20, 2016;

- Count Eight: Causing the transmission of a harmful computer command to DEVLAN, in violation of § 1030(a)(5)(A), based on the defendant's deletion of log files on April 20, 2016; and

---

[3] The Government voluntarily dismissed Count Two of the S2 Indictment in advance of juror deliberations. *See* Feb. 28, 2020 Transcript.

The Honorable Paul A. Crotty, U.S.D.J.
May 29, 2020
Page 3

- **Count Nine**: Obstruction of justice, in violation of 18 U.S.C. § 1503, based on the defendant's false statements to law enforcement during the course of the investigation in this case.

These counts are based on the same conduct that was at issue during the February trial, namely, the defendant's theft and transmission of the Backup Files, his destruction of log files and other forensic data on DEVLAN in the course of committing that theft, his obstruction of the investigation into the leak of the Backup Files, and his transmission and attempted transmission of national defense information while detained at the MCC. The modifications in the Proposed Indictment, however, are intended to make clear what conduct is covered in the specific counts. Thus, the Proposed Indictment (i) contains two separate § 793(e) counts related to (1) the defendant's transmission of writings containing national defense information from the MCC and (2) the defendant's attempted transmission of writings containing national defense information from the MCC, whereas the S2 Indictment grouped that conduct together in a single count; (ii) clarifies that all the § 793(e) counts, pertaining both to the transmission of the Backup Files and the defendant's conduct in the MCC, charge the transmission of documents and writings, which does not require proof that the defendant had reason to believe the information therein could be used to harm the United States; (iii) contains two separate § 1030(a)(5)(A) counts specifying that the charged harmful computer commands at issue are (1) the defendant's manipulation of the Confluence virtual server and (2) the defendant's log deletions, whereas the S2 Indictment grouped that conduct together in a single count; and (iv) lists the false statements underlying the obstruction charge, which had previously been identified for the defendant in a bill of particulars, whereas the S2 Indictment did not do so.

Furthermore, the Proposed Indictment, unlike the S2 Indictment, does not include a count for theft of Government property, in violation of 18 U.S.C. § 641, and the Government will dismiss that count of the S2 Indictment at the next court appearance in this case. The Government also does not intend to include the severed charges relating to child pornography and copyright infringement in the Proposed Indictment, to avoid the need for a redacted indictment in the trial on the national security charges, but will instead proceed on those counts as originally charged in the S2 Indictment.

Because the Proposed Indictment is more specific as to the nature of the charged conduct and does not include any conduct that was not encompassed in the original trial, the filing of the Proposed Indictment will not substantially delay scheduling the Espionage Act retrial. The defendant is fully aware of the Government's case; the relevant evidence and much of the 18 U.S.C. § 3500 material has been declassified pursuant to the Court's rulings under the Classified Information Procedures Act and may be reviewed in that form outside of a Sensitive Compartmented Information Facility ("SCIF"); and the Proposed Indictment does not in any way change the nature of the proof or conduct at issue. To the extent the defendant decides to challenge any aspect of the Proposed Indictment, that motion practice could happen in the near term and would likely be complete before normal court operations resume. Along those lines, the Court could also now set a schedule for pretrial motion practice, which we would expect to be minimal in comparison to the extensive briefing in advance of the February trial.

The Honorable Paul A. Crotty, U.S.D.J.
May 29, 2020
Page 4

    We also expect that the retrial would be substantially shorter than the first trial, and it would involve fewer witnesses, at least in the Government's case, who would require enhanced security precautions because we are significantly reducing our witness list and otherwise streamlining our evidence presentation. Moreover, because the defense now has declassified copies of the parties' exhibits, and is fully aware of the Government's case from the unclassified trial record, the retrial can proceed pursuant to the Court's regular trial schedule—Monday through Friday from 9:30 a.m. to 4:30 p.m. Accordingly, the Court is still in a position to schedule the retrial for a time shortly after normal court operations resume.

    Regardless, if the Court believes it is more appropriate, we are also prepared to proceed on the non-national security counts in the S2 Superseding Indictment (*i.e.*, the child pornography and copyright infringement counts) as soon as possible.

* * *

    In sum, we are prepared to proceed as quickly as possible to a retrial on the Espionage Act offenses or a trial on the non-national security counts. Accordingly, we respectfully submit that the Court should set a trial date for as soon as possible after normal court operations resume, and we will be prepared to discuss any pretrial scheduling matters at the next conference. Given our intention to seek the Proposed Indictment by mid-June, if possible, we respectfully submit that the Court should adjourn the June 1, 2020 conference currently scheduled, which we understand defense counsel is unavailable to attend, and hold the June 24, 2020 conference so that the defendant can be arraigned on the new indictment and the parties can address the scheduling matters raised by the Court.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

by:    /s/
    Matthew Laroche / Sidhardha Kamaraju / David W. Denton, Jr.
    Assistant United States Attorneys
    (212) 637-2420 / 6523 / 2744

cc: Defense Counsel (by ECF)