# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

*Appeals Bureau*
Barry D. Leiwant
Attorney-in-Charge

June 8, 2020

**BY ECF**

Hon. Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Joshua Adam Schulte*, S2 17 Cr. 548 (PAC)

Dear Judge Crotty:

We respectfully submit this letter in response to the government's letter of May 29, 2020 (Dkt. 401), which asks the Court to set a trial date "for as soon as possible after normal court operations resume."

In light of the uncertainty as to when the courthouse will be open, when legal visits with Mr. Schulte will resume, how post-pandemic jury trials will be conducted, and when jury selection will be possible, setting a trial date at this stage would be premature. First, given new information that came to light at the first trial, motion practice is incomplete. For example, for the reasons previously stated in our motion for a mistrial (*see* Dkt. 328, at 1-4, 8-12; Dkt. 331, at 3-5; Dkt. 331-1), the defense has been unfairly denied access to the full "mirror" images of the CIA's ESXi and FSO1 servers—images that were made fully available to the government's expert but not to Mr. Schulte's expert. Once the government files its proposed superseding indictment, Mr. Schulte intends to renew his request that the Court order the government to produce those mirror images as soon as possible. And because reviewing those servers will require that counsel, our experts, and Mr. Schulte spend substantial time in the SCIF—which is impossible given the current pandemic—the defense cannot commit to a firm trial date.

Second, Ms. Shroff has another trial set before Judge Ross in the Eastern District of New York. That trial, *United States v. Mohamed*, No. 18 Cr. 603, which is expected to last about three weeks, was scheduled to commence on May 26, 2020, but has been adjourned *sine die*. Because Mr. Mohamed has been custody since November 9, 2018, and has not been convicted of any charges, counsel committed to trying that case expeditiously and anticipates that she will be required to keep that commitment to Judge Ross before she can represent Mr. Schulte at his retrial.

Third, though the government suggests that it would be possible to try the pornography and copyright infringement counts before retrying Mr. Schulte on the espionage counts, the defense would need substantial lead time to prepare for such a trial. Our exclusive focus since the severance in 2019 has been on the espionage counts. The defense for the pornography charges will require time in the SCIF, and Mr. Schulte will need to retain a cleared expert for the pornography charges, which he does not currently have. The parties would then require time to prepare and exchange expert reports on the pornography and infringement counts. Thus, preparing for the pornography trial is likely to take at least as much time as preparing for a second trial on the espionage counts.

Fourth, the composition of Mr. Schulte's defense team going forward is uncertain. Our forensic expert, Dr. Bellovin, has advised us that concerns about potential exposure to COVID-19 and uncertainty regarding his Fall teaching schedule at Columbia University prevent him from committing to a trial date at this time.

In short, the prudent course, given these circumstances and the continuing grave uncertainty regarding when and how normal court operations will resume, is to postpone setting a trial date. Instead, the Court should arraign Mr. Schulte on the forthcoming superseding indictment, set a motion schedule, and schedule another status conference for August or September.

> Respectfully submitted,
> /s/
> Edward Zas and Sabrina Shroff
> Counsel for Joshua A. Schulte