

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 17, 2020

**By ECF**
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

    Re:   *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC)

Dear Judge Crotty:

    As the Court is aware, on June 15, 2020, the defendant filed a request for records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in this District. The defendant's motion is similar to motions that were made in other cases in this District. *See*, *e.g.*, *United States v. Balde*, No. 20 Cr. 281 (KPF); *United States v. Williams*, No. 20 Cr. 286 (WHP); *United States v. Baker*, No. 20 Cr. 288 (LJL); *United States v. Henry*, No. 20 Cr. 293 (LJL). On June 30, 2020, pursuant to an order issued by Judge Failla, who is presiding over the *Balde* case, the Government and defense counsel involved in the affected cases, including this one, participated in a conference call with this District's Jury Administrator. After the call, the Government and the Federal Defenders of New York (the "Federal Defenders"), who are defense counsel in the *Balde* case and who also represent the defendant in this matter, agreed to meet and confer about any outstanding issues and submit a proposal to Judge Failla by July 14, 2020. At the July 1, 2020 arraignment in this case before the Court, the Court directed the Government to respond to the defendant's motion by July 17, 2020, after this proposal was submitted to Judge Failla.

    On July 14, 2020, the Government submitted a letter to Judge Failla that outlined the areas of agreement between the Government and the Federal Defenders and the remaining open disputes. On July 16, 2020, Judge Failla issued an order resolving those disputes, which is attached hereto as Exhibit A. The Government believes that the agreement between the Government and the Federal Defenders and Judge Failla's order addresses the issues raised by the defendant's motion in this case as well, and believes the Court should adopt that order. The Government, however, asks for an opportunity to consult with defense counsel to determine whether there are any issues that the defense believes were not addressed by Judge Failla's order. The Government proposes

The Honorable Paul A. Crotty, U.S.D.J.
July 17, 2020
Page 2

that the parties would update the Court as to whether there are any remaining disputes on or before July 27, 2020.

                                    Respectfully submitted,

                                    AUDREY STRAUSS
                                    Acting United States Attorney

                          by: _____/s/_____
                                    Matthew Laroche / Sidhardha Kamaraju /
                                    David W. Denton, Jr.
                                    Assistant United States Attorneys
                                    (212) 637-2420 / 6523 / 2744

cc: Defense Counsel (by ECF)

**EXHIBIT A**



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**

July 14, 2020

**BY ECF & EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *United States v. Souleymane Balde*, 20 Cr. 281 (KPF)

Dear Judge Failla:

The parties write jointly to apprise the Court of the status of the defendant's requests for records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York, following a call with Linda Thomas, the Jury Administrator for the Southern District of New York (the "Jury Administrator"), that took place on June 30, 2020 (the "June 30 Call"). The defendant's requests are set forth in the defendant's letter motion filed on June 9, 2020 (Dkt. No. 14), attached hereto as Exhibit A.

### I.   The Defendant's Requests

#### a.   Fully Satisfied Requests

Following the June 30 Call, the defendant has informed the Government that the Jury Administrator has responded to the following requests in full, subject to the Jury Administrator's confirmation of the parties' understanding of the answers set forth in Exhibit B: requests 1, 2, 3, 5, 6, 9, and 14.

#### b.   Partially Satisfied Requests

Additionally, following the June 30 Call, the defendant has informed the Government that the Jury Administrator has provided partial responses to requests 4 and 13. More specifically, the parties' positions with respect to request 4 and 13 are set forth below:

July 14, 2020
Page 2

- **Request 4**: A description of work done, contact information, and communications with any vendors in the creation of the Master and Qualified Jury Wheels used to summon grand jurors in this case.

    Defendant's position: Ms. Thomas provided a summary of the work done by outside vendors in connection with the creation of the Jury Wheels and the issuance of summons. She also provided the name of the vendor. We still seek any and all communications between the vendor and the Administrator and her office regarding the application and implementation of the jury plan in the formulation of the Jury Wheels and the issuance of summonses.

    Government's response: To the extent the request seeks information unrelated to the selection of the grand jury that indicted the defendant, the Government objects to the request. *See United States v. LaChance*, 788 F.2d 856, 868 (2d Cir. 1986) (under the Jury Selection and Service Act, defendants may "challenge only improprieties affecting the *particular* grand jury which indicted them" (citation omitted, emphasis in original)).

- **Request 13**: The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable as described in the Jury Plan Section III E.

    Defendant's position**:** We understand that the SDNY Jury Plan and 28 U.S.C. § 1866(g) document potential steps to take in response to jurors who do not respond to a juror qualification form or have their form returned as undeliverable. We continue to seek any steps or policies, formal or informal, which are followed during these scenarios. Alternatively, if no action was taken during the relevant time, please indicate such.

    Government's response: The Government objects to the defendant's request on the grounds that the Jury Administrator made clear during the June 30 Call that all relevant procedures—whether formal or informal—are outlined in the SDNY Jury Plan. (*See* June 30, 2020 Tr. at 40:13-41:11.)

    c. **Outstanding Requests**

The defendant has the following outstanding requests: requests 7, 8, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, and 22. The Government does not object to these requests.

July 14, 2020
Page 3

## II.  Production of Documents and Information

The parties jointly propose that the Jury Administrator produce documents responsive to the uncontested requests as soon as possible, consistent with the Court's order, simultaneously to both parties.[1]  Once the Court has resolved the dispute regarding request 4 and 13, the additional documents can be produced at that time.

## III.  Protective Order

The Government believes that a protective order governing the production of materials from the Jury Administrator is necessary, given the sensitive and/or personal identifying information expected to be contained in the materials.

Defense Position: Our request does not seek sensitive or personal identifying information. To the extent that any such information is produced, we do not have an objection to that information being covered by a protective order.  We believe that a protective order is unwarranted for the remainder of the data and documents because 28 U.S.C. section 1867(f) provides penalties for unlawful disclosure of the records.  We will continue to try to resolve the issue with the government and to reach agreement on a proposed order.

---

[1] As this Court is aware, similar requests have been made in multiple cases in this District, including *United States v. Baker*, 20 Cr. 288 (LJL), *United States v. Davila*, 20 Cr. 292 (PKC), *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), *United States v. Henry*, 20 Cr. 293 (LJL), *United States v. Hightower*, 20 Cr. 303 (RMB), *United States v. Leonos-Perez*, 20 Cr. 300 (PAC), *United States v. Rivera*, 20 Cr. 304 (AJN), *United States v. Rodriguez*, 20 Cr. 302 (PKC), *United States v. Sanjurjo*, 20 Cr. 316 (ER), *United States v. Shulte*, 17 Cr. 548 (PAC), *United States v. Simmons*, 20 Cr. 294 (PKC), and *United States v. Williams*, 20 Cr. 286 (WHP).  To the extent the Government is ordered to produce all or some of the records produced in this case in other cases, the Government can facilitate those productions without further burdening the Jury Administrator or requiring that she make multiple, duplicative productions.

July 14, 2020
Page 4

The parties intend to continue to attempt to reach resolution on this issue, and seek input from the Court if necessary, prior to the production of any materials by the Jury Administrator.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: *M. S[signature]*
Christy Slavik
Kiersten A. Fletcher
Assistant United States Attorneys
(212) 637-1113/2238

cc: Jennifer Willis, Esq.
Isaac Wheeler, Esq.

---

The Court is in receipt of the above joint letter from the parties in this matter. (Dkt. #29). The Court agrees with the Government with respect to Request #4. Mr. Balde may obtain a description of work done, contact information, and communications with any vendors regarding the summoning of the grand jurors who indicted Mr. Balde.

With respect to Request #13, the Court understood the Jury Administrator to state that the relevant procedure is outlined in the Jury Plan, which appears at Article III(E). Mr. Balde may however, request any further steps or policies, formal or informal, that the Jury Administrator has with respect to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

SO ORDERED.

Dated: July 16, 2020
       New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE