**Federal Defenders
OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
*and Attorney-in-Chief*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

September 15, 2020

**BY ECF**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Joshua Adam Schulte*, 17 Cr. 548 (PAC)

Dear Judge Crotty:

Mr. Schulte respectfully submits this reply in further support of his renewed motion for an order directing the government to provide the defense with the full "mirror" images of the CIA's ESXi and FSO1 Servers.

The government persists in defending its decision to withhold the mirror images by describing Mr. Schulte's request as "broad" and "unjustified." Dkt. 423 at 3. It also insists it has satisfied its discovery obligations by (supposedly) providing Mr. Schulte with "the facts and data upon which" its own expert, Patrick Leedom "based his opinions." Dkt. 423 at 3. On both counts, the government is wrong.

First, the defense is not seeking "unjustified" access to the government's investigative files. It is merely seeking the *same* access to crucial underlying evidence that the government's outside expert has long enjoyed. The government made a deliberate decision to provide Mr. Leedom with full access to the servers and to call him to testify at trial. Once that choice was made, the Due Process Clause, the Sixth Amendment, and Rule 16 required the government to produce the mirror images of the servers to the defense. Hiding behind CIPA is no longer an option, because CIPA is a shield to protect the secrecy of certain classified information; it may not be used as a sword to prejudice a defendant's fundamental right to present a complete defense. *See, e.g.*, *United States v. Libby*, 467 F. Supp. 2d 20, 24 (D.D.C. 2006) (noting that CIPA "rests on the presumption that the defendant should not stand in a worse position, because of the fact that classified information is involved, than he would without [CIPA]") (citing CIPA's legislative history).

As we have explained previously, the principle of equal access to key evidence is not new. In drug cases, child pornography cases, and cases involving DNA

United States v. Joshua Schulte                                    September 15, 2020
Hon. Paul A. Crotty                                                      Page 2 of 2

evidence, for example, the defense is rountinely permitted to conduct independent testing of forensic data to verify or rebut the government's claims. The government can't just turn over what it (or its expert) thinks the defense "needs." Indeed, in all of its lengthy filings opposing production of the servers, the government has never cited a single case upholding a prosecutor's decision to withhold from the defense the forensic evidence provided to a testifying government expert. That is not surprising: the law is to the contrary. *See, e.g.*, *United States v. Shrake*, 515 F.3d 743, 747 (7th Cir. 2008) ("Access provided to private experts retained by the prosecution must be provided to private experts retained by the defense.").

Second, the government mistakenly assumes that the subset of facts and data deemed material by a government expert suffices for defense expert review. In fact, access to the original data is paramount. In the attached ex parte declaration,[1] Dr. Bellovin explains in specific and concrete detail why the government's prior disclosures of forensic data are deficient. He also provides examples of specific tests and analyses that simply cannot be performed without access to the servers. Some of the tests have already been conducted by Mr. Leedom; others apparently have not been. Regardless, for the reasons described by Dr. Bellovin, each will be critical to Mr. Schulte's defense at the retrial.

For the reasons described above and in our previous filings, the Court should direct the government to produce the mirror images of the servers to the defense without any further delay.

Respectfully submitted,

/s/ Edward S. Zas, Sabrina P. Shroff, Deborah A. Colson

*Counsel for Joshua A. Schulte*

CC:   All Counsel of Record
           (via ECF)

---

[1] We are submitting Dr. Bellovin's declaration ex parte to avoid revealing to the government the specific tests he wishes to conduct and the defense's proposed stategy for the retrial.