# Exhibit B-1
# "Informal, BP-8"

## Response to Informal Resolution Form

Inmate: **SCHULTE, Joshua**
Register Number: **79471-054**

This is in response to your February 21, 2019 Informal Resolution Form, in which you allege the constant lighting in your cell violates your constitutional rights.

The Facilities Department has been working to switch the lights in the cells in your housing unit to operation via external switch. If your current cell has not been modified, please advise so that it can be addressed.

If you are not satisfied with this response, you may address your grievance through the administrative remedy program.

2/28/19
Date

_____
Unit Manager

NYM 1330.7
ATTACHMENT 1

## METROPOLITAN CORRECTIONAL CENTER, NEW YORK
## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

### INFORMAL RESOLUTION FORM (BP-8)

NOTE TO INMATE: With the exception of sensitive issues and DHO appeals, you are advised that prior to receiving and filing a Request for Administrative Remedy Form BP229(13) (old BP-9), you MUST attempt to informally resolve your complaint through your correctional counselor. Additionally, in accordance with P.S. 1330.13, you have the responsibility to present complaints in good faith and in an honest and straightforward manner. Before completing this form, you should make every effort to honestly attempt to informally resolve this matter verbally with staff. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally.

Date form issued and initials of Corr. Counselor: R. Proto 2/19/19

INMATE'S COMMENTS:

1. Complaint: Uncontrollable lights that cannot be turned off cause sleep deprivation and therefore violate the 8th amendment's ban of cruel and unusual punishment. This torture results in psychological, permanent damage. There is no reason inmates should not be able to control lights and turn them off at night. 2-way switches exist to allow COs a master light switch as well.

2. Efforts made by you to informally resolve: On Tuesday, Nov 27th I sent a list of 35 unconstitutional issues that were reviewed by the Warden. I was told the issues would be addressed, but none were.

3. Names of staff you contacted/Date you contacted the staff:
Proto, Warden, 11/27/18

Date returned to Correctional Counselor: _____

Schulte, Joshua   94710054   2/21/19
Inmate's Name     Register Number   Date

CORRECTIONAL COUNSELOR'S COMMENTS

1. Efforts made to informally resolve and staff contacted: _____

Date informally resolved: _____   Counselor Signature: _____

Date BP-229(13) Issued: 3/4/18

Unit Manager: _____

# Exhibit B-2
# "MCC, BP-9"

## RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY - PART B

Inmate Name: Shulte, Joshua A
Reg. No. 79471-054
Administrative Remedy Id.: **974081-F1**


This is in response to your Request for Administrative Remedy dated April 11, 2019, in which you allege that the lighting to the cells has no switch or control.

Every cell on 10 south has a light switch outside the cell that can be turned on or off by unit officer. This ensures that correctional staff can control the lighting on the unit.

Based on the above information, this response is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Region, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd & Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

4/25/19
Date

L. N'Diaye, Warden

U.S. DEPARTMENT OF JUSTICE  
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Schulte, Joshua A     79471054     10S     MCC
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

Disable 24/7 bright lights in cages: Uncontrollable lights that cannot be turned off cause sleep deprivation and therefore violate the 8th amendment's ban of cruel and unusual punishment. This torture results in psychological, permanent damage. There is no reason inmates should not be able to control the lighting in their cages, let alone lighting that the COs cannot turn off either. 7-way switches exist to allow COs a master switch; this "technology" ensures COs can turn on lights when they please and therefore, there is no reason that inmates cannot have a slave switch. BP-8 issued 2/19, and response stated this would be fixed — it was not.

3/28/19
DATE                                                SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____          _____
DATE                                  WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

                                                    CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                   RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                BP-229(13)
                                                       APRIL 1982

# Exhibit B-3
# "Regional, NE"

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 3, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : JOSHUA ADAM SCHULTE, 79471-054
      NEW YORK MCC    UNT: 9    QTR: Z07-304LAD
      150 PARK ROW
      NEW YORK, NY 10007


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 974081-R1      REGIONAL APPEAL
DATE RECEIVED   : MAY 20, 2019
SUBJECT 1       : ADMINISTRATIVE DETENTION CONDITIONS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: ALL FOUR PAGES OF YOUR (BP-9) (BP-10) (BP-11) FORM MUST BE
                 LEGIBLE AND WORDED THE SAME. PHOTOCOPIES OF THE FORM WILL
                 NOT BE ACCEPTED.

REJECT REASON 2: SEE REMARKS.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS         : PAGES 2, 3, AND 4 OF THE BP10 ARE NOT LEGIBLE.

ATTENTION: *NO BALLPOINT PEN*

AS A SAMS INMATE HELD IN SOLITARY CONFINEMENT, I HAVE NO ACCESS TO A BALLPOINT PEN OR PHOTOCOPIER

U.S. Department of Justice                                        **Regional Administrative Remedy Appeal**
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Schulte, Joshua A**    **74471054**    **10S**    **MCC**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL  Inmate control of cage lights and end to torture lights: MCC responded to my BP-9 filed 3/28/19 on 4/25/19. The response was insufficient and is attached herein. First of all, the primary issue here is the MCC's use of 24/7 torture lighting. Throughout the SAMs cages are lights that CANNOT BE TURNED OFF! There are no control switches to staff. This causes sleep deprivation and other psychological issues and is absolutely cruel and unusual punishment. This lighting has not been disabled nor the issue resolved. Additionally, the normal lights are uncontrollable by SAMs inmates. ALL other pretrial inmates have direct control of their own lights except the inmates housed in the SHU for punishment. The MCC's arbitrary denial of light control to SAMs inmates violates the 5th amendment's Due Process clause. Since I am on SAMs for national security reasons, there is absolutely no reason why I should not be able to control my own light: nowhere in 28 CFR 501 does it say the BOP must deny me access to my cage's lights. This denial causes issues because I must bang on the door to try to get an officer's attention to toggle the lighting or else, in the common case where I am neglected for hours, the lights cannot be turned on/off. There is a very easy solution. If the MCC maintains that it must have control over my cage's lighting, then simply allow for two switches: A slave switch for me and a master switch (that can override mine) for the officers. Problem solved.

**5/1/19**
DATE    SIGNATURE OF REQUESTER

Part B - RESPONSE





DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: **974081R1**

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN    PRINTED ON RECYCLED PAPER    BP-230(13)
JUNE 2002

## RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY - PART B

Inmate Name: Shulte, Joshua A
Reg. No. 79471-054
Administrative Remedy Id.: **974081-F1**

This is in response to your Request for Administrative Remedy dated April 11, 2019, in which you allege that the lighting to the cells has no switch or control.

Every cell on 10 south has a light switch outside the cell that can be turned on or off by unit officer. This ensures that correctional staff can control the lighting on the unit.

Based on the above information, this response is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Region, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd & Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

4/25/19
Date

L. N'Diaye, Warden

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Schulte, Joshua A.   97177-054   I/B   MCC
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST**

Disable 24/7 bright lights in cages: uncontrollable lights that cannot be turned off cause sleep deprivation and therefore violate the 8th amendment's ban of cruel and unusual punishment. This torture results in psychological, permanent damage. There is no reason inmates should not be able to control the lighting in their cages, let alone lighting that the COs cannot turn off either. 2-way switches exist to allow COs a master switch; this "technology" ensures COs can turn on lights when they please, and therefore, there is no reason that inmates cannot have a slave switch. BP-8 issued 2/19, any response stated this would be fixed — it was not.

3/28/19
DATE                                  SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____   _____
DATE                                  WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                      CASE NUMBER: _____

                                                                    CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____   _____   _____   _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____   _____
DATE                                  RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                             BP-229(13)
                                                                    APRIL 1982

# Exhibit B-4
# "Central Office"

RCVD 7/30

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 19, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSHUA ADAM SCHULTE, 79471-054
      NEW YORK MCC    UNT: 9    QTR: Z07-301LAD
      150 PARK ROW
      NEW YORK, NY 10007


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 974081-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : JUNE 19, 2019
SUBJECT 1       : ADMINISTRATIVE DETENTION CONDITIONS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **Schulte, Joshua A**    **74471054**    **10S**    **MCC**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** 24/7 lights that cannot be turned off: I did not receive a response to my BP-10 filed on 5/10 within 30 days as required by 28 CFR 542.18, and do hereby appeal that denial. Note that previous BP-10's have taken over 20 days to reach me after mailed from regional offices so MCC could still be sitting on the response — though I have not received it. First of all, the primary issue here is the MCC's use of 24/7 torture lighting. Throughout the SAMs cages are lights that CANNOT BE TURNED OFF. There are NO control switches to staff. This causes sleep deprivation and other psychological issues and is absolutely cruel and unusual punishment. This lighting has not been disabled nor the issue resolved. Additionally, the normal lights are uncontrollable by SAMs inmates. ALL other pretrial inmates have direct control of their own lights except the inmates housed in the SHU for punishment. The MCC's arbitrary denial of light control to SAMs inmates violates the 5th amendment's due process clause. Since I am in SAMs for national security reasons, there is absolutely no reason why I should not be able to control my own lights; nowhere in 28 CFR 501 does it say the BOP must deny me access to my cage's lights. This denial causes issues because I must bang on the door to try to get an officer's attention to toggle the lighting or else, in the common case where I am neglected for hours, the light cannot be turned on/off. Easy solution: Slave switches for the slaves and master switches for the masters that can override the slave switches.

6/11/19
DATE          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DP

RECEIVED
JUN 19 2019
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE          GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE    CASE NUMBER: **974081-A1**

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN    PRINTED ON RECYCLED PAPER    BP-231(13) JUNE 2002