# Exhibit E-1
# "Informal, BP-8"

## Response to Informal Resolution Form

Inmate: **SCHULTE, Joshua**
Register Number: **79471-054**

This is in response to your February 21, 2019 Informal Resolution Form, in which you allege the obstructed view from your window and preclusion from outside recreation violate your constitutional rights.

Many of the windows in the institution are frosted for security reasons. You are provided access to outside light and air in your housing unit's recreation area.

If you are not satisfied with this response, you may address your grievance through the administrative remedy program.

2\28\19
Date

_____
Unit Manager

NYM 1330.7
ATTACHMENT.1

## METROPOLITAN CORRECTIONAL CENTER, NEW YORK
## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

### INFORMAL RESOLUTION FORM (BP-8)

NOTE TO INMATE: With the exception of sensitive issues and DHO appeals, you are advised that prior to receiving and filing a Request for Administrative Remedy Form BP229(13) (old BP-9), you MUST attempt to informally resolve your complaint through your correctional counselor. Additionally, in accordance with P.S. 1330.13, you have the responsibility to present complaints in good faith and in an honest and straightforward manner. Before completing this form, you should make every effort to honestly attempt to informally resolve this matter verbally with staff. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally.

Date form issued and initials of Corr. Counselor: R. Pross 2/19/19

INMATE'S COMMENTS:

1. Complaint: Blacked out windows and ban of outside recreation violate the 8th amendment's ban of cruel and unusual punishment. All other inmates are able to view outside — to purposefully obstruct this view for only SAMs inmates is illegal. Likewise, to ban SAMs inmates from fresh air and outside recreation when all other inmates get to enjoy sure activities is illegal

2. Efforts made by you to informally resolve: On Tuesday, Nov 27th I sent a list of 35 unconstitutional issues that were reviewed by the warden. I was told the issues would be addressed, but none were.

3. Names of staff you contacted/Date you contacted the staff:
Proto, Warden, 11/27/18

Date returned to Correctional Counselor: _____

Schulte, Joshua       74471054       2/21/19
Inmate's Name         Register Number     Date

CORRECTIONAL COUNSELOR'S COMMENTS

1. Efforts made to informally resolve and staff contacted: See attached response

Date informally resolved: _____ Counselor Signature: _____

Date BP-229(13) Issued: 3/4/19

Unit Manager: Proto

# Exhibit E-2
# "MCC, BP-9"

## RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY - PART B

Inmate Name: **SCHULTE, Joshua**
Reg. No. **79471-054**
Administrative Remedy Id.: **971060-F1**

This is in response to your Request for Administrative Remedy dated March 6, 2019, wherein you state Special Administrative Measures violates the 8th Amendment's cruel and unusual punishment clause as solitary confinement is worse than any torment of barbaric torture. You make no specific request for relief.

An investigation into this matter revealed that you are housed in Unit 10 South in accordance with the restriction in your Special Administrative Measures (SAM), implemented by the authority of the Attorney General pursuant to 28 C.F.R.§ 501.2. In addition, you are subject to the restrictions of BOP Program Statement 5270.11, Special Housing Units, which provide SHU inmates will ordinarily be afforded the opportunity to exercise outside their quarters at least five hours a week. For security reasons, recreation room time is limited to Monday through Fridays.

As you make no specific request for relief, this response is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Region, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd & Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

7/24/19
Date

L. N'Diaye, Warden

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **Schulte, Joshua A**    79471-054    10S    MCC
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A – INMATE REQUEST**

Blacked out windows and ban of outside recreation violate the 8th amendment's ban of cruel and unusual punishment. All other inmates are able to view outside — to purposefully obstruct this view for ONLY SAMs inmates is illegal; "security" concerns is vague and unsatisfactory since no unit at MCC blocks out the windows and the "security" issue is not explained. Likewise, to ban SAMs inmates from fresh air and outside recreation when all other inmates get to enjoy fresh air and movement is arbitrary, cruel, and unusual.

3/6/19
DATE                               SIGNATURE OF REQUESTER

**Part B – RESPONSE**

_____           _____
DATE                             WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

CASE NUMBER: _____

**Part C – RECEIPT**

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____           _____
DATE                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN        PRINTED ON RECYCLED PAPER           BP-229(13)
APRIL 1982

# Exhibit E-3
# "Regional, NE"

U.S. Department of Justice                                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Schulte, Joshua A          79471-054          10S          MCC
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

Normal windows with unobstructed view and outside recreation: I did not receive a response to my BP-9 filed on 3/6/19 and it has now exceeded the 20-day time limitation. Blacked out windows and ban of outside recreation violate the 5th amendment's due process clause and the 8th amendment's ban of cruel and unusual punishment. All other inmates at the institution are able to view outside — to purposefully obstruct this view for all pretrial SAMs inmates is impermissible punishment without due process; likewise to ban pretrial inmates on SAMs from fresh air and outside recreation when all other inmates get to enjoy outside activities is impermissible punishment without due process. Both — obstructed outside views and ban of outside fresh air are cruel and unusual punishment and also completely unnecessary — there is absolutely NO legitimate reason to deny these things except to inflict torture.

4/3/19                                              [signature]
DATE                                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

_____                    _____
DATE                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _____

**Part C - RECEIPT**

                                           CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                               BP-230(13)
                                                                      JUNE 2002

# Exhibit E-4
# "Central Office"

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 31, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSHUA ADAM SCHULTE, 79471-054
      NEW YORK MCC    UNT: 9    QTR: Z07-304LAD
      150 PARK ROW
      NEW YORK, NY 10007

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 979385-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : MAY 13, 2019
SUBJECT 1       : SAFETY, SANITATION, ENVIRONMENTAL CONDITIONS
SUBJECT 2       : COMMUNICATION MANAGEMENT UNIT
INCIDENT RPT NO :

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL. YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, ~~REGIONAL OFFICE~~
                 OFFICE LEVEL.

REJECT REASON 2: ALL FOUR PAGES OF YOUR (BP-9) (BP-10) (BP-11) FORM MUST BE
                 LEGIBLE AND WORDED THE SAME. PHOTOCOPIES OF THE FORM WILL
                 NOT BE ACCEPTED.

REJECT REASON 3: SEE REMARKS.

REMARKS        : NO RECORD OF YOUR APPEALING THIS FIRST AT
                 INSTITUTIONAL LEVEL ACCORDING TO SENTRY. WARDEN MUST
                 ADDRESS YOUR CONCERN FIRST.

ATTENTION: NO BALLPOINT PEN

AS A SAMS INMATE HELD IN SOLITARY CONFINEMENT, I HAVE NO ACCESS TO A BALLPOINT PEN OR PHOTOCOPIER

U.S. Department of Justice | **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **Schulte, Joshua A**    **79471054**    **105**    **MCC**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

Normal windows with unobstructed view and outside recreation: The regional office received my BP-10 on 4/12/19, and denied it without any reason or attachment. Blacked out windows and ban of outside recreation violate the 5th amendment's due process clause and the 8th amendment's ban of cruel and unusual punishment. All other inmates at the institution are able to view outside — to purposefully obstruct this view for all pretrial SAMs inmates is impermissible punishment without due process; likewise to ban pretrial inmates on SAMs from fresh air and outside recreation when all other inmates get to enjoy outside activities is impermissible punishment without due process. Both — obstructed outside views and ban of outside fresh air are cruel and unusual punishment and also completely unnecessary — there is absolutely NO legitimate reason to deny these things except to inflict torture.

5/6/19
DATE                                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
MAY 13 2019
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                                                    GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE                              CASE NUMBER: **979385-A1**

**Part C - RECEIPT**
                                                        CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____    _____
DATE                       SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN                                                 BP-231(13)
                                                        JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Schulte, Justin A.    79471-054    10S    MCC
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

## Part A - REASON FOR APPEAL

Normal windows with unobstructed view and outside recreation: I did not receive a response to my BP-9 filed on 3/6/19 and it has now exceeded the 20-day time limitation. Blocked out windows and ban of outside recreation violate the 5th amendment's due process clause and the 8th amendment's ban of cruel and unusual punishment. All other inmates of the institution are able to view outside — to purposefully obstruct this view for all pretrial SAMs inmates is impermissible punishment without due process; likewise, to ban pretrial inmates on SAMs from fresh air and outside recreation when all other inmates get to enjoy outside activities is impermissible punishment without due process. Both — obstructed outside views and ban of outside fresh air are cruel and unusual punishment and also completely unnecessary — there is absolutely NO legitimate reason to deny these things except to inflict torture.

4/3/19                                                        [signature]
DATE                                                          SIGNATURE OF REQUESTER

## Part B - RESPONSE

DATE RECEIVED
FEDERAL BUREAU OF PRISONS
REGIONAL COUNSEL OFFICE
APR 12 2019
NERO-PHILADELPHIA

_____              _____
DATE                                      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY              CASE NUMBER: _____

## Part C - RECEIPT

                                            CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____              _____
DATE                                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002