# Exhibit F-1
# "Informal, BP-8"

**Response to Informal Resolution Form**

Inmate: **SCHULTE, Joshua**
Register Number: **79471-054**

This is in response to your February 21, 2019 Informal Resolution Form, in which you allege the limitations to your social calls and social visitation violate your constitutional rights.

Your SAM places limitations on your social telephone access by stating you are provided calls with a minimum of one per month, and that the calls must be contemporaneously monitored by the FBI.   Your SAM similarly limits your social visiting to times the monitoring agents are available.   However, you are offered two social visits for two hours each to be comparable to the four one hour visits other non-SAM inmates are offered.

If you are not satisfied with this response, you may address your grievance through the administrative remedy program.

2/28/19
Date

_____
Unit Manager

NYM 1330.7
ATTACHMENT 1

## METROPOLITAN CORRECTIONAL CENTER, NEW YORK
### ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

### INFORMAL RESOLUTION FORM (BP-8)

NOTE TO INMATE: With the exception of sensitive issues and DHO appeals, you are advised that prior to receiving and filing a Request for Administrative Remedy Form BP229(13) (old BP-9), you MUST attempt to informally resolve your complaint through your correctional counselor. Additionally, in accordance with P.S. 1330.13, you have the responsibility to present complaints in good faith and in an honest and straightforward manner. Before completing this form, you should make every effort to honestly attempt to informally resolve this matter verbally with staff.  Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally.

Date form issued and initials of Corr. Counselor: _R. Proto  2/19/19_

INMATE'S COMMENTS:

1.  Complaint: _Limited, Monitored family contact violate the 8th amendment's ban of cruel and unusual punishment. All other inmates are allocated 300 minutes per month while SAMs inmates are arbitrarily limited to 104 es unconstitutional punishment. likewise, all other inmates receive weekly unmonitored contact visit with family while SAMs inmates are restricted to 2 visits, non-contact, and monitored.— this is unconstitutional_

2.  Efforts made by you to informally resolve: _On Tuesday Nov 27th I sent a list of 35 unconstitutional issues that were reviewed by the Warden. I was told the issues would be addressed, but none were._

3.  Names of staff you contacted/Date you contacted the staff: _Proto, Warden, 11/27/18_

Date returned to Correctional Counselor: _____

_Schultz, Joshua_          _79471054_          _2/21/19_
Inmate's Name                Register Number          Date

### CORRECTIONAL COUNSELOR'S COMMENTS

1.  Efforts made to informally resolve and staff contacted: _See attached response_

Date informally resolved: _____   Counselor Signature: _____

Date BP-229(13) Issued: _3/21/18_

Unit Manager: _Proto_

# Exhibit F-2
# "MCC, BP-9"

**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY - PART B**

Inmate Name: **SCHULTE, Joshua**
Reg. No.: **79471-054**
Administrative Remedy Id.: **971059-F1**

This is in response to your Request for Administrative Remedy dated March 6, 2019, wherein you allege that limited and monitored family contact violate the 8th Amendment's prohibition against cruel and unusual punishment. Specifically, you also allege that all other inmates are allocated 300 minutes per month while inmates under Special Administrative Measures are arbitrarily limited to 30 minutes as unconstitutional punishment. You also claim all inmates receive weekly, unmonitored contact visits with family, but SAM's inmates are restricted to two (2) non-contact, monitored visits per month.   You make no specific request for relief.

Your SAM provides that the quantity and duration of your non-legally privileged telephone calls with your immediate family members shall be set by USMS/BOP/DF, with a minimum of one call per month.   Instead of one 15 minute call per month, as is provided to inmates in the Special Housing Unit, MCC New York provides inmates under SAMs with 30-minutes of social telephone privileges monthly.   Because your SAM requires all your calls to be live monitored by FBI and/or CIA, you are provided the maximum call duration currently available to SAM inmates to facilitate the required monitoring without impinging on the visiting and social call privileges of other SAM inmates.

Regarding visiting, your SAM requires contemporaneous monitoring by the FBI and/or CIA.   As such, you are offered two, two-hour visits per month instead of the four, one-hour visits afforded to inmates in general population.   Accordingly, you are offered the same amount of social visiting privilges as non-SAM inmates.

As you make no specific request for relief, this response is for informational purpose only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd & Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

_3/22/19_
Date

_for  D. Ma Brot_
L. N'Diaye, Warden

U.S. DEPARTMENT OF JUSTICE                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ~~Schulte, Joshua A~~                    ~~~~ 79471-054  105        MCC
   **LAST NAME, FIRST, MIDDLE INITIAL**            **REG. NO.**    **UNIT**   **INSTITUTION**

**Part A– INMATE REQUEST**

Limited, monitored family contact violate the 8th amendment's ban of
cruel and unusual punishment. It is also arbitrarily applied; all other inmates
are allocated 300 minutes per month while SAMs inmates are arbitrarily
limited to 10% as unconstitutional punishment. 30 minutes of contact per
month is cruel and unusual — forbidding contact with loved ones. Likewise,
all other inmates receive weekly, unmonitored contact visits with family
while SAMs inmates are restricted to 2 visits, non-contact, and
monitored. There is absolutely no reason to split the visitors and limit
the visit to non-contact.

3/6/19
_____                              _____
**DATE**                                       **SIGNATURE OF REQUESTER**

**Part B– RESPONSE**

_____                              _____
DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

                                             CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
            **LAST NAME, FIRST, MIDDLE INITIAL**    **REG. NO.**    **UNIT**   **INSTITUTION**

SUBJECT: _____

_____                              _____
DATE                                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          ♲ PRINTED ON RECYCLED PAPER                    BP–229(13)
                                                                 APRIL 1982

# Exhibit F-3
# "Regional, NE"

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Schulte, Joshua A ___ 79471054 ___ 10S ___ MCC
_____
LAST NAME, FIRST, MIDDLE INITIAL ___ REG. NO. ___ UNIT ___ INSTITUTION

**Part A - REASON FOR APPEAL** for Pretrial SAMs inmates: I did not receive a response to my BP-9 Normal visits and phone calls filed on 3/6/19 and it has now exceeded the 20-day time limitation. Limited, Monitored, non-contact Communication violates the 1st amendment's freedom of speech, 4th amendment's guarantee of privacy, 5th amendment's guarantee of due process, and the 8th amendment's ban of cruel and unusual punishment. All other inmates are allocated 300 minutes per month of calling while SAMs inmates are arbitrarily limited to 10% as unconstitutional punishment; likewise, all other inmates receive weekly, unmonitored, full-contact visits to family while SAMs inmates are limited to only 2 visits, monitored, and non-contact. Limitations on who a pretrial inmate can contact violates freedom of speech; Recording all conversations is an impermissible wiretap in violation of the 4th amendment; Arbitrary denial to SAMs inmates is impermissible punishment and without due process; Finally, preventing a human being from regularly contacting family or even hugging his mother is cruel and unusual. All these Constitutional violations are targeted at pretrial inmates legally presumed innocent.

4/3/19 ___ * BP-9 response ___ [signature] Josh Schulte
_____ ___ Attached * ___ _____
DATE ___ SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____ ___ _____
DATE ___ REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE ___ CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL ___ REG. NO. ___ UNIT ___ INSTITUTION

SUBJECT: _____

_____ ___ _____
DATE ___ SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN ___ PRINTED ON RECYCLED PAPER ___ BP-230(13)
JUNE 2002

# Exhibit F-4

# "Central Office"

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 31, 2019


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSHUA ADAM SCHULTE, 79471-054
      NEW YORK MCC    UNT: 9   QTR: Z07-304LAD
      150 PARK ROW
      NEW YORK,  NY 10007


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 979386-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : MAY 13, 2019
SUBJECT 1       : COMMUNICATION MANAGEMENT UNIT
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                WRONG LEVEL.  YOU SHOULD HAVE FILED AT THE
                INSTITUTION, ~~REGIONAL~~
                OFFICE LEVEL.

REJECT REASON 2: ALL FOUR PAGES OF YOUR (BP-9) (BP-10) (BP-11) FORM MUST BE
                LEGIBLE AND WORDED THE SAME. PHOTOCOPIES OF THE FORM WILL
                NOT BE ACCEPTED.

REJECT REASON 3: SEE REMARKS.

REMARKS         : NO RECORD OF YOUR APPEALING THIS FIRST AT
                INSTITUTIONAL LEVEL ACCORDING TO SENTRY. WARDEN MUST
                ADDRESS YOUR CONCERN FIRST

ATTENTION: NO BALLPOINT PEN*

AS A SAMS INMATE HELD IN SOLITARY CONFINEMENT, I HAVE NO ACCESS TO A BALLPOINT PEN OR PHOTOCOPIER

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Schulte, Joshua A       74471054       10S       MCC
　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

Part A - REASON FOR APPEAL Calls for pretrial SAMs inmates: Regional received by BP-10 on 4/12 and Normal visits and phone I used did not copy through all the pages. I'm in solitary confinement and MCC will not give me ballpoint pens. Regional could have made copies — they made no good faith attempt to review my BP-10 so I appeal here (they only gave me a single copy of the denial and I have no copies). Limited, monitored, non-contact communication violates the 1st amendment's freedom of speech, 4th amendment's guarantee of privacy, 5th amendment's guarantee of due process, and the 8th amendment's ban of cruel and unusual punishment. All other inmates are allocated 300 minutes per month of calling while SAMs inmates are arbitrarily limited to 10% as unconstitutional punishment; likewise, all other inmates receive weekly, unmonitored, full-contact visits to family while SAMs inmates are limited to only 2 visits, monitored, and non-contact. Limitations on who a pretrial inmate can contact violates freedom of speech; Recording all conversations is an impermissible wiretap in violation of the 4th amendment; Arbitrary denial to SAMs inmates is impermissible punishment and without due process; Finally, preventing a human being from regularly contacting family or even hugging his mother is cruel and unusual. All these constitutional violations are forgotten at pretrial inmates legally presumed innocent.

5/6/19
DATE

_Andy Schulte_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

MAY 13 2019

Administrative Remedy Section
Federal Bureau of Prisons

_____          _____
DATE                              GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: 979386-A1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT: _____

_____          _____
DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN          PRINTED ON RECYCLED PAPER          BP-231(13)
JUNE 2002

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Schulte, Joshua A | 79047-054 | 1AG | NYC
| LAST NAME, FIRST, MIDDLE INITIAL. | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** *[handwritten, partially illegible]*

I am appealing for getting SAMs imposed. I object because of multiple things, but chiefly this is an illegal action on itself it has now exceeded the 20-day time period. Limits, next I object that the communication restrictions the 1st amendment freedom of speech, the amendments guarantee of privacy the 5th amendments guarantee of due process, and the 8th amendment bar of cruel and unusual punishment. As other inmates are allowed 300 minutes per month of calling while SAM's inmates are arbitrarily limited to 1 hour, is unconstitutional punishment; likewise, other inmates receive weekly unmonitored, full-contact visits to family while SAM's inmates are limited to only 2 visits, monitored and non-contact visits is also a partial impute on 1st amendment freedom of speech; Recording all communication is an impermissible breakup in violation of the 4th amendment, Arbitrary denial to SAM's an impermissible punishment and without due process; Finally, preventing a teenage being from regularly contacting family or even hugging his mother is cruel and unusual. All these constitutional violations are targeted at pretrial inmates legally presumed innocent.

4/3/19 *BP-9 response mailed*         Josh Schulte
DATE                                   SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE RECEIVED
FEDERAL BUREAU OF PRISONS
REGIONAL COUNSEL OFFICE
APR 12 2019
NERO-PHILADELPHIA

_____        _____
DATE                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY          CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL. | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____        _____
DATE                   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

USP LVN

<u>**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY - PART B**</u>

Inmate Name: **SCHULTE, Joshua**
Reg. No.: 79471-054
Administrative Remedy Id.: **971059-F1**

This is in response to your Request for Administrative Remedy dated March 6, 2019, wherein you allege that limited and monitored family contact violate the 8th Amendment's prohibition against cruel and unusual punishment. Specifically, you also allege that all other inmates are allocated 300 minutes per month while inmates under Special Administrative Measures are arbitrarily limited to 30 minutes as unconstitutional punishment. You also claim all inmates receive weekly, unmonitored contact visits with family, but SAM's inmates are restricted to two (2) non-contact, monitored visits per month.   You make no specific request for relief.

Your SAM provides that the quantity and duration of your non-legally privileged telephone calls with your immediate family members shall be set by USMS/BOP/DF, with a minimum of one call per month.   Instead of one 15 minute call per month, as is provided to inmates in the Special Housing Unit, MCC New York provides inmates under SAMs with 30-minutes of social telephone privileges monthly.   Because your SAM requires all your calls to be live monitored by FBI and/or CIA, you are provided the maximum call duration currently available to SAM inmates to facilitate the required monitoring without impinging on the visiting and social call privileges of other SAM inmates.

Regarding visiting, your SAM requires contemporaneous monitoring by the FBI and/or CIA.   As such, you are offered two, two-hour visits per month instead of the four, one-hour visits afforded to inmates in general population.   Accordingly, you are offered the same amount of social visiting privilges as non-SAM inmates.

As you make no specific request for relief, this response is for informational purpose only.

If you are dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd & Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

_3/22/19_
Date

_for D. McCrift_
L. N'Diaye, Warden

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ~~SCHULTE, Joshua A~~                 ~~79471-054~~   ~~I-05~~      ~~MCC~~
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

Limited, monitored family contact violate the 8th amendment's ban of cruel and unusual punishment. It is also arbitrary and if all other inmates are allocated 300 minutes per month while SAMs inmates are arbitrarily limited to 10% is unconstitutional punishment. 30 minutes of contact per month is cruel and unusual — forbidding contact with loved ones. Likewise, all other inmates receive weekly, unmonitored contact visits with family while SAMs inmates are restricted to 2 visits, non-contact, and monitored. There is absolutely no reason to split the visitors and limit the visit to non-contact.

3/6/19
| DATE | | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| DATE | | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**                         CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                                        CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

_____          _____
| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

USP LVN            PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982