# Exhibit H-1
# "Informal, BP-8"

## Response to Informal Resolution Form

Inmate: **SCHULTE, Joshua**
Register Number: **79471-054**

This is in response to your March 6, 2019 Informal Resolution Form, in which you request greater access to television.

A television is provided for your viewing during your recreation periods. There are no inmates at this facility with televisions in their cells.

If you are not satisfied with this response, you may address your grievance through the administrative remedy program.

3\20\2019
Date

_____
Unit Manager

NYM 1330.7
ATTACHMENT 1

## METROPOLITAN CORRECTIONAL CENTER, NEW YORK
## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

### INFORMAL RESOLUTION FORM (BP-8)

NOTE TO INMATE: With the exception of sensitive issues and DHO appeals, you are advised that prior to receiving and filing a Request for Administrative Remedy Form BP229(13) (old BP-9), you MUST attempt to informally resolve your complaint through your correctional counselor. Additionally, in accordance with P.S. 1330.13, you have the responsibility to present complaints in good faith and in an honest and straightforward manner. Before completing this form, you should make every effort to honestly attempt to informally resolve this matter verbally with staff. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally.

Date form issued and initials of Corr. Counselor: _____

INMATE'S COMMENTS:

1. Complaint: Arbitrary TV removal on SAMs. Access to a TV is certainly not a right; however, granting all inmates access to 15 hours of TV each day EXCEPT SAMs inmates is arbitrary, unconstitutional punishment. SAMs inmates must have the same access to TV and movies — most sentenced inmates have TVs in their cells. Why would pretrial inmates be denied TVs in their cells when convicted felons get them? ESPECIALLY given the harsh torture of solitary confinement and denial of use of the library, SAMs inmates should be permitted TVs in their cells

2. Efforts made by you to informally resolve: On Tuesday, Nov 27th I sent a list of 35 unconstitutional issues that were reviewed by the Warden. I was told the issues would be addressed, but none were.

3. Names of staff you contacted/Date you contacted the staff:
Proto, Warden, 11/27/18

Date returned to Correctional Counselor: _____

Schulte, Joshua      79471054      5/6/19
Inmate's Name        Register Number   Date

### CORRECTIONAL COUNSELOR'S COMMENTS

1. Efforts made to informally resolve and staff contacted: _____

Date informally resolved: _____   Counselor Signature: _____

Date BP-229(13) Issued: _____

Unit Manager: _____

# Exhibit H-2
# "MCC, BP-9"

## RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY - PART B

Inmate Name: **SCHULTE, Joshua**
Reg. No. **79471-054**
Administrative Remedy Id.: **974088-F1**

This is in response to your Request for Administrative Remedy dated April 11, 2019, wherein you state access to a television is certainly not a right, but granting all inmates access to 15 hours of television each day except for SAMS inmates is arbitrary, unconstitutional punishment. You are requesting television in cells for SAMS inmates.

Program Statement 5370.11, Recreation Programs, Inmate, does permit in cell television viewing for inmates housed in cells on a regular and continuous basis (e.g., USP Marion, and ADX Florence, etc.). However, this is intended for inmates that are designated to facilities that are designed and built with this capability. MCC New York was primarily designed to house pre-trial and holdover inmates, and was not built with the infrastructure to support in-cell television viewing in 10 South or elsewhere in the Special Housing Unit.

Based on the above information, the relief you seek is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director, Northeast Region, Federal Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th Floor, 2nd & Chestnut Streets, Philadelphia, PA 19106, within 20 calendar days of the date of this response.

7/24/19
Date

L. N'Diaye, Warden

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Schulte, Joshua A.   74471054   10S   MCC
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST**

Arbitrary TV removal on SAMs: Access to a TV is certainly not a right, but granting all inmates access to 15 hours of TV each day EXCEPT SAMs inmates is arbitrary, unconstitutional punishment. SAMs inmates must have the same access to TV and movies — most sentenced inmates have TVs in their cells. Why would pretrial inmates be denied TVs in their cells when convicted felons get them? The BP-8 response was "There are no inmates at this facility with television in their cells" which is true — but the other inmates aren't tortured in solitary confinement either. All inmates under SAMs at ADX have TVs in their cells — and in fact it seems to be BOP policy for SAMs inmates to have TVs.

3/28/19
DATE                SIGNATURE OF REQUESTER

**Part B- RESPONSE**




DATE                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: _____

                                                  CASE NUMBER: _____

**Part C- RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

DATE                RECIPIENT'S SIGNATURE (STAFF MEMBER)
USP LVN

# Exhibit H-3
# "Regional, NE"

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 16, 2019

June 7th
RCVD

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO   : JOSHUA ADAM SCHULTE, 79471-054
       NEW YORK MCC     UNT: 9    QTR: Z02-201LAD
       150 PARK ROW
       NEW YORK, NY 10007


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 977815-R1       REGIONAL APPEAL
DATE RECEIVED   : MAY 10, 2019
SUBJECT 1       : OTHER OPERATIONS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

U.S. Department of Justice  
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Schulte, Joshua A     79471054     LDS     MCC
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A – REASON FOR APPEAL** Request same privileges granted sentenced SAMs inmates — TVs. I did not receive a response to my BP-9 filed on 3/28/19 and it has exceeded the 20-day time limitation. The MCC arbitrarily denies SAMs inmates access to televisions. At MCC, other pretrial inmates have access to televisions for about 15 hours each day whereas SAMs inmates are restricted to a maximum of one hour per day during the week; zero hours on the weekend. Additionally, all other inmates get access to institutional movies and other special content that SAMs inmates do not receive. This denial to SAMs inmates is arbitrary, and therefore punitive, violating the 5th amendment's due process clause. SAMs inmates must have access to televisions in their cages. In response to my BP-8, the MCC says that "There are no inmates at this facility with televisions in their cells." While true, no other inmates are exposed to solitary confinement and the extreme psychological torture associated with this savagery. To be sure, every SAMs inmate would rather NOT have a TV in their cage and instead be free of solitary confinement. Since the government instead believes in torture, the next best thing is simply to provide TVs to pretrial SAMs inmates. Additionally, sentenced SAMs inmates in the BOP have access to televisions in their cells. Therefore, there can be absolutely no excuse as to why sentenced inmates receive better treatment than pretrial inmates

5/1/19  
DATE                                                             SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RETURNED    6/7

DATE                                                             REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                             CASE NUMBER: 977815R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____  _____  _____  _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                                    _____
DATE                                             SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                                 BP-230(13)
                                                                        JUNE 2002

# Exhibit H-4
# "Central Office"

REJECTION NOTICE - ADMINISTRATIVE REMEDY

RCVD 7/30

DATE: JULY 19, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : JOSHUA ADAM SCHULTE, 79471-054
      NEW YORK MCC    UNT: 9    QTR: Z07-301LAD
      150 PARK ROW
      NEW YORK, NY 10007


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 977815-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED   : JUNE 20, 2019
SUBJECT 1       : OTHER OPERATIONS
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.



ATTENTION: \*NO BALLPOINT PEN\*

AS A SAMS INMATE HELD IN SOLITARY CONFINEMENT, I HAVE NO ACCESS TO A BALLPOINT PEN OR PHOTOCOPIER

**U.S. Department of Justice**          **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Schulte, Joshua A__   __79471054__   __I/S__   __MCC__
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A – REASON FOR APPEAL  Request same privileges granted sentenced SAMs inmates – TVs: My BP-10 received by regional on 5/10 was denied 5/16 and returned to me on June 7th, claiming I must first file a BP-9. However, I clearly detailed in the BP-10 that I filed a BP-9 on 3/28/19, and have not yet received a response. 28 CFR 542.18 dictates that when the warden does not respond to the BP-9 within 20 calendar days, then it is considered a denial and therefore appealable. Hence, my BP-10 was illegally denied. I appeal. The MCC arbitrarily denies SAMs inmates access to televisions. At MCC, other pretrial inmates have access to televisions for about 15 hours each day whereas SAMs inmates are restricted to a maximum of one hour per day during the week and zero on the weekend (during rec). Additionally, all other inmates get access to institutional movies and other special content that SAMs inmates do not receive. This denial to SAMs inmates is arbitrary, and therefore punitive, violating the 5th amendment's due process clause. SAMs inmates must have access to TVs in their cages. No other inmates are exposed to solitary confinement and the extreme psychological torture associated with this savagery. To be sure, every SAMs inmate would rather NOT have a TV in their cage and instead be free of solitary confinement. Since the government instead believes in torture, the next best thing is simply to provide TVs to pretrial SAMs inmates. Additionally, sentenced SAMs inmates in the BOP have access to TVs in their cells. Therefore, there can be absolutely no excuse as to why sentenced inmates receive better treatment than pretrial inmates.

DATE __6/7/19__   SIGNATURE OF REQUESTER

Part B – RESPONSE

DIR ✓

**RECEIVED**
JUN 20 2019
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE      CASE NUMBER: __977815-A1__

Part C – RECEIPT

CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN         PRINTED ON RECYCLED PAPER        BP-231(13)
                                                              JUNE 2002

REJECTION NOTICE - ADMINISTRATIVE REMEDY

*June 7th*
*RCVD*

DATE: MAY 16, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : JOSHUA ADAM SCHULTE, 79471-054
      NEW YORK MCC    UNT: 9    QTR: Z02-201LAD
      150 PARK ROW
      NEW YORK, NY 10007


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 977815-R1        REGIONAL APPEAL
DATE RECEIVED   : MAY 10, 2019
SUBJECT 1       : OTHER OPERATIONS
SUBJECT 2       :
INCIDENT RPT NO :

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Schulte, Joshua A.  REG. NO. 79471/054  UNIT: 10S  INSTITUTION: MCC

**Part A - REASON FOR APPEAL** Request same privileges granted sentenced SAMs inmates — TVs. I did not receive a response to my BP-9 filed on 3/28/19 and it has exceeded the 20-day time limit. To live outside of a SAMs inmate's access to television. At MCC, all pretrial inmates have access to television for over 15 hours every day whereas SAMs inmates are restricted to a maximum of one hour per day during the week. Even more, on the weekends, MCC SAMs pretrial inmates get access to additional hours and are spending this same (?) if I do not receive. This denial to SAMs inmates is arbitrary and therefore punitive, violating the 5th amendment's due process clause. SAMs inmates must have access to televisions in their cages. In response to my BP-9 the MCC says that there are no inmates at this facility with televisions in their cells while SAMs inmates are exposed to solitary confinement and the extreme psychological torture associated with this. So as to be sure, every SAMs inmate would rather both have a TV in their cage and be free of solitary confinement. Since the government instead believes in torture, the next best thing is simply to provide TVs to pretrial SAMs inmates. Additionally, sentenced SAMs inmates in the BOP have access to televisions in their cells. Therefore, there can be absolutely no excuse as to why sentenced inmates receive better treatment than pretrial inmates.

5/1/19
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE RECEIVED
FEDERAL BUREAU OF PRISONS
REGIONAL COUNSEL OFFICE
MAY 10 2019
NERO-PHILADELPHIA

---

DATE                                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

FIRST COPY: REGIONAL FILE COPY                          CASE NUMBER: 977815R1

**Part C - RECEIPT**
                                                        CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                 BP-230(13)
                                                        JUNE 2002