

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

January 27, 2021

**VIA ECF**
The Honorable Paul A. Crotty
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Schulte*, No. 17 Cr. 548 (PAC)

Dear Judge Crotty:

    I am an Assistant U.S. Attorney in this Office's Civil Division, which represents the United States, as well as its employees sued in their official capacity, in habeas petitions challenging conditions of confinement and seeking relief under 28 U.S.C. § 2241. We write in response to defendant Joshua Adam Schulte's *pro se* "petition for writ of habeas corpus to modify conditions of confinement pursuant to 28 U.S.C. § 2241." *See* Dkt. No. 447. Mr. Schulte's criminal defense counsel filed this *pro se* petition "[o]n behalf of Mr. Schulte" in this criminal action. *See id.*

    The Court lacks jurisdiction to resolve this petition in the context of this criminal case. Specifically, the Supreme Court has instructed that that 28 U.S.C. § 2242 "straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over [the petitioner]," and that 28 U.S.C. § 2243 provides that "[t]he writ, or order to show cause shall be directed to the person having custody of the person detained." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quotation marks omitted). Mr. Schulte is presently detained at the Metropolitan Correctional Center. M. Licon-Vitale, MCC's Warden, is therefore the proper respondent to any habeas petition challenging his conditions of confinement. But Ms. Licon-Vitale cannot be named a respondent or defendant in this criminal case brought by the United States. *See, e.g., Groysman v. Baird*, No. 16-cv-4218 (PKC), 2016 WL 4097087, at *1 n.1 (E.D.N.Y. Aug. 1, 2016) (observing that the proper vehicle for a challenge to a BOP placement decision is a Section 2241 petition brought as a separate civil action, not a motion filed in an underlying criminal case).

    For these reasons, we respectfully request that the Court deny the relief sought by Mr. Schulte in his habeas petition, without prejudice. The Government has no objection to the commencement of a new civil action that includes Mr. Schulte's latest habeas petition and properly names Ms. Licon-Vitale as the respondent. Further, the Government has no objection to such an action being designated as related to the prior civil action and habeas petition filed by Mr. Schulte,

which Your Honor has stayed pending the resolution of the criminal case against Mr. Schulte. *See* Dkt. No. 11, *Schulte v. Attorney General of the United States,* 19 Civ. 3346 (S.D.N.Y.) (Aug. 14, 2019).

    We thank the Court for its consideration of this matter.

                                             Respectfully,

                                             AUDREY STRAUSS  
                                             United States Attorney

                   By:    /s/ Charles S. Jacob  
                           CHARLES S. JACOB  
                           Assistant United States Attorney  
                           86 Chambers Street, Third Floor  
                           New York, NY 10007  
                           Tel: (212) 637-2725  
                           Fax: (212) 637-2702  
                           charles.jacob@usdoj.gov

cc:  Counsel of Record (via ECF)