M-10-468

# AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Pursuant to the Jury Selection and Service Act of 1968 [28 U.S.C. §§ 1861 through 1969 (hereafter the Act)], and in order to implement its stated policy and purposes, the following plan is adopted by the Judges of the United States District Court (hereafter the Court) for the Southern District of New York (hereafter the District), which embraces the counties of New York, Bronx, Westchester, Putnam, Dutchess, Sullivan, Orange and Rockland.

**Article I.**

Definitions:

(1) "Chief Judge" means the Chief Judge of the Court or any active Judge of the Court to whom the Chief Judge may delegate authority under this plan.

(2) "Reviewing Panel" means the members of the Judicial Council of the Second Judicial Circuit of the United States and the Chief Judge.

(3) "Clerk" means the Clerk of the Court [or] the Deputy Clerk for juries or any other person authorized by the Court to assist the Clerk in the performance of functions under this plan.

(4) "Voter registration lists" means the official records maintained by the election officials of the State of New York or of the several counties comprising the District, of persons registered to vote in the most recent State or Federal General Election.

(5) "Master Jury Wheel" and "Qualified Jury Wheel" include any device or system similar in purpose or function, such as a properly programmed electronic data processing system or device.

(6) "Juror qualification form" means a form prescribed by the Administrative Office of the United States Courts and approved by the Judicial Conference of the United States, which shall elicit the name, address, age, education, length of residence within the District, prior jury service, citizenship and occupation of a potential juror, and whether such person should be excused, deferred, or exempted from jury service, has any physical or mental infirmity impairing his or her capacity to serve as a juror, is able to read, write, speak and understand the English language, has pending against him or her any charge for the commission of a State or Federal criminal offense punishable by imprisonment for more than one year, or has been convicted in any State or Federal court of record of a crime punishable by imprisonment for more than one year and has not had his or her civil

**AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS
IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

rights restored by pardon or amnesty.  The form shall also elicit the sworn statement that the responses are true to the best of the affiant's knowledge.  Notarization shall not be required.

(7)   "Public Officer" means a person who is either elected to public office or who is directly appointed by a person elected to public office.

**Article II.**

The Clerk shall manage the jury selection process, under the supervision of the Chief Judge.

**Article III.**

A.   <u>Initial Selection of Names for the Master Jury Wheels</u>.

The Judges of the Court find that the persons whose names appear on the voter registration lists of the aforesaid eight counties used for the last Federal or State General Election represent a fair cross-section of the community in the District.  Accordingly, the initial selection of persons to be considered for service as grand and petit jurors from such lists shall be made at random in such total number as may be deemed sufficient for a four-year period, but, in any event, not less than one-half of one percent of the total number of names on such lists.

The Judges of the Court find that electronic data processing methods can be advantageously used for selecting and copying names from voter registration lists.

The number of names to be drawn from each county shall reasonably reflect the relative number of registered voters in each county within the respective Master Jury Wheels.  The number taken as the total for each county may be based, at the Clerk's option, upon either a manual or a mechanized count of names on the county's list or upon such total number as is furnished by the Board of Elections for the county.

After first determining the total number of names needed for the Master Jury Wheels, and then the proportionate share of names to be drawn from the voter registration list for each particular county, the Clerk shall proceed either manually or through the use of a properly programmed data computer -- or through a combination of manual and computer methods -- to make the initial selection of names from the voter registration list of each of the eight counties.

A record shall be made and kept of the steps, numbers, and calculations pursuant to the foregoing requirements.

**AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS**
**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

At the Clerk's option, any one of the following methods of random selection described below may be used to select names for each step of the jury selection process.

1) <u>Selecting Names by Determining a "Quotient & Starting Number"</u>.  After ascertaining the total number of registered voters for all counties within each respective Master Jury Wheel, the Clerk will divide that number by the number of names needed for each respective Master Jury Wheel.  The result, rounded to the next highest percent figure, is referred to herein as the "quotient".  For example, if the Clerk should determine that to supply Court jury requirements for four years he will need 120,000 names in a Master Wheel, and if there are a total of 2,400,000 names on all county voter lists, the "quotient" to be used would be 2,400,000/120,000 or 20, and the Clerk would therefore take every 20th registered voter's name for a Master Wheel.  After determining the "quotient", the Clerk shall establish a starting number.  This number will locate on the voter registration list the first name to be selected.  The starting number will be manually drawn by lot from numbered cards placed in a jury drum or box.  Cards used for this drawing should begin with a card containing number one and end with a card containing the same number as the "quotient".  In other words, the range of numbers from which a starting number is drawn is exactly the same as the range between number one and whatever the "quotient" number happens to be.  As an example of how both starting number and quotient are used, if the quotient were 20 and the starting number drawn were 8, the first name chosen for each county would be the 8th name on its voter list, the second name would be the 28th, the third name the 48th, etc., up to the end of the list.

2) <u>Selecting Names by Pure Randomized Selection</u>.  The selection of names from complete source list databases in electronic media for the master jury wheels may be accomplished by a purely randomized process through a properly programmed electronic data processing system.  Similarly, a properly programmed electronic data processing system for pure randomized selection may be used to select names from the master wheels for the purpose of determining qualification for jury service, and from the qualified wheels for summoning persons to serve as grand or petit jurors.

3) <u>Selecting Names by Manual Methods</u>.  If selection from any county's voter registration list is made manually, the choosing of names shall be by counting names down the list, either in a numerical sequence if the names are numbered or, if they are not numbered, in any other logical consistent sequence.  For this counting and selecting process the entire list must be covered and the specific names picked will be according to the established "quotient" and "starting number" formula described above.  In lieu of making an actual, physical count of names, a measuring device that expresses name intervals in terms of inches of space on a page may be used providing it substantially approximates the desired "quotient" intervals between selected names that an actual name count would produce.

**AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS**
**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Therefore, a properly programmed electronic data processing system or a combination system employing both manual and electronic machine methods may be used to select names from voter registration lists of any or all counties in the District provided that the required proportions of names for each county are maintained.

B.   Maintaining the Master Jury Wheels.

The Clerk shall maintain two Master Jury Wheels to be constituted as stated hereafter, and shall place therein all names and addresses of those selected from voter registration lists (as provided in "A" above). The physical form of record on which these names are kept may include electronic data storage devices.

Initially the Clerk will place a supply of names in the Master Wheels sufficient to supply estimated Court juror needs for up to four years. From time to time thereafter, as the Chief Judge directs, names shall be added which shall also be randomly and proportionately selected from the voter registration lists of the eight counties in the manner prescribed for the original selection of names.

The Master Jury Wheels shall be emptied and refilled by not later than September 1 following the date of each Presidential Election. Names shall be selected in the manner above prescribed and placed in the Master Jury Wheels.

C.   Separation of Master Jury Wheels.

The Master Wheel for the Manhattan courthouse shall include residents from five counties, consisting of New York, Bronx, Westchester, Putnam and Rockland; and the Master Wheel for the White Plains courthouse shall include residents from six counties, consisting of Westchester, Putnam, Rockland, Orange, Sullivan and Dutchess.

D.   Qualifying Jurors.

Once or twice each year, or more frequently, if necessary, at times to be determined by the Chief Judge, the Clerk shall draw from the Master Wheels the names and addresses of persons to whom questionnaires will be sent for the purpose of examining their qualifications and availability for jury service. The clerk shall post a general notice for public review in the clerk's office and on the court's website explaining the process by which names are periodically and randomly drawn. The number of names to be drawn shall be determined by the Clerk based upon anticipated juror demands for the ensuing six months plus a margin of extra names sufficient to compensate for the estimated number that will turn out to be unavailable or ineligible. Jury qualification questionnaires will be mailed to the names selected at such times as may be administratively convenient.

**AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS
IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

For any of these drawings, names will be taken by using the same randomized selection formulas described in subdivision "A" of this article.

After completed questionnaires are returned by prospective jurors these will be reviewed by the Clerk and finally evaluated by a district judge as necessary. Final determinations respecting the eligibility of individual persons will be noted on the questionnaire form. The record of names and addresses of all eligible jurors shall constitute the "qualified jury wheels". Qualified jury wheels may be maintained either in manual records or in any electronic data storage device.

    E.    <u>Instructions to and Responsibilities of Persons Receiving Questionnaires</u>.

The Clerk shall send with the juror qualification form a covering letter of instructions to the prospective juror. This letter shall require that the form be filled out and, within ten days, returned to the Clerk by mail, duly signed and sworn to; and that the recipient, if unable to fill it out, shall have this done by another who shall state that he or she has done so and the reason therefor. The covering letter shall include a statement of the fees and expense allowances required by law to be paid for jury service.

In any case in which it appears that there is any omission, ambiguity, or error in a returned jury qualification form, the Clerk shall send it back with instructions to make such additions or corrections as may be necessary and to return to the Clerk by mail within ten days the amended form, duly signed and sworn to. Any person who fails to return a properly completed juror qualification form may be summoned by the Clerk to appear forthwith to properly complete a juror qualification form. At the time of appearance for actual service as a juror, any person may be required to fill out an additional juror qualification form in the presence of the Clerk who may question the person if that appears warranted, but only with regard to such person's responses to the questions contained on the form. Any new information respecting such person thus acquired by the Clerk shall be noted on the person's juror qualification forms and transmitted to a district judge. Any person summoned who fails to appear as directed shall be ordered by a district judge to appear forthwith and show cause for failure to do so. Any person who fails to appear or who fails to show good cause for his or her failure may be fined not more than $1000, imprisoned not more than three days, ordered to perform community service, or any combination thereof. Any person who willfully misrepresents a material fact on a juror qualification form for the purpose of avoiding or securing service as a juror may be fined not more than $1000, imprisoned not more than three days, ordered to perform community service, or any combination thereof.

    F.    <u>Summoning Jurors</u>.

Once each month, or more or less frequently, if necessary, at a time to be determined by the Chief Judge, the Clerk shall randomly draw, according to formulas set forth in subdivision "A" of

**AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS
IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

this Article, a sufficient number of names and addresses of prospective jurors from each of the Qualified Jury Wheels established by Article VII, Section B of this plan to satisfy all anticipated grand and petit juror requirements for the ensuing month or for such longer period as the Clerk and the Chief Judge shall decide. Persons so chosen will be summoned to appear on a date to be specified for assignment to grand or petit jury panels. The clerk shall post a general notice for public review in the clerk's office and on the court's website explaining the process by which names are periodically and randomly drawn.

**Article IV.**

    A.    <u>Qualified Jury Wheels</u>.

The Clerk shall maintain two Qualified Jury Wheels to be constituted as stated hereafter, and shall place therein the cards of all persons who have been found qualified to serve as jurors and are not exempt, excused, or deferred, pursuant to this plan. Those wheels shall, at all times, contain at least 500 names.

    B.    <u>Separation of Qualified Jury Wheels</u>.

The Manhattan courthouse shall draw residents from five counties, consisting of New York, Bronx, Westchester, Putnam and Rockland; and the White Plains courthouse shall draw residents from six counties, consisting of Westchester, Putnam, Rockland, Orange, Sullivan and Dutchess.

Each of the said eight counties shall be obligated to furnish its "quotient" of names needed for the Master Jury Wheels. The jurors drawn for service from the counties of Westchester, Putnam and Rockland shall be then divided between the Manhattan and White Plains Qualified Wheels. Such division of jurors from each of the counties of Westchester, Putnam and Rockland shall reasonably reflect the relative number of registered voters in each county within the respective Master Jury Wheels.

    C.    <u>Selection of Grand or Petit Jury Panels</u>.

The Clerk shall publicly draw at random from the Qualified Jury Wheels the cards of as many persons as appear to be needed for grand or petit juries. The names of those drawn shall not be made public until the jurors have been summoned and have appeared at the courthouses. Even then the Chief Judge or the trial judge for whom a panel is drawn may order the names kept confidential if the interests of justice so require.

The Clerk shall randomly assign jurors to jury panels for individual trial parts and grand juries, as needed. At the option of the Court, (a) the names of jurors assigned to a trial part may be

#### AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

placed in that part's jury wheel, in the presence of the Court, the parties in the case to be tried and their counsel, and may be drawn at random for service in that case by the Deputy Clerk in that part, or (b) the Court may accept the randomly generated jury panel list without placing the jurors' names in that part's jury wheel.  The jurors shall be seated in the same order as the jurors' individual names appear on the randomly generated jury panel list . The empaneling proceedings in criminal cases shall be recorded by the court reporter.  Recording of the empaneling proceedings in civil cases is not required unless requested by the trial judge or a party.  Those not chosen to serve shall be requested to return to a central jury room and their cards shall be returned to the Clerk to be available for subsequent drawings in other trials during the jurors' terms of service.

      D.      <u>Issuance of Summons for Prospective Veniremen</u>.

The Clerk shall issue summonses for each person selected by first class, certified or registered mail addressed to the person at his or her usual residence or business address.

      E.      <u>Failure to Appear</u>.

Any person summoned for jury service who fails to appear as directed may be ordered by a district judge to appear and show cause for failure to comply with the summons.  Any person who fails to show good cause for noncompliance with a summons may be fined not more than $1000, imprisoned not more than three days, ordered to perform community service, or any combination thereof.

**Article V.**

As required by § 1863(6) of the Act, persons belonging to any of the following groups are hereby declared exempt from service as jurors:

(1) Members in active service in the Armed Forces of the United States;
(2) Members of the fire or police departments of any state, district, territory, possession or subdivision thereof;
(3) Public officers in the executive, legislative, or judicial branches of the Government of the United States, or any State, district, territory, or possession or subdivision thereof, who are actively engaged in the performance of official duties.

**Article VI.**

The Judges of this Court find that jury service by persons in any of the following groups would entail undue hardship or extreme inconvenience to them and that the excuse of such persons

- 7 -

**AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS
IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

will not be inconsistent with the Act. Accordingly, they shall be excused or deferred upon individual request, as follows:

(1) Persons over 70 years of age;
(2) Persons having legal custody and active daily care of a child or children under the age of 12 years; or who are essential to the daily care of aged or infirm persons;
(3) Persons who have satisfactorily served as grand jurors or as petit jurors in a State or Federal court within the past 4 years;
(4) Volunteer safety personnel who serve without compensation as firefighters or members of a rescue squad or ambulance crew for a public agency;
(5) Persons as to whom a judge finds, for reasons other than the foregoing, that jury service would constitute undue hardship or extreme inconvenience.

**Article VII.**

Pursuant to 28 U.S.C. § 1865(b), the Judges of the Court shall deem any person qualified to serve on grand and petit juries in the Court unless he or she:

(1) Is not a citizen of the United States eighteen years old who has resided for a period of one year within the judicial district;
(2) Is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form;
(3) Is unable to speak the English language;
(4) Is incapable, by reason of mental or physical infirmity, to render satisfactory jury service; or
(5) Has a charge pending for the commission of, or has been convicted in a State or Federal court, a crime punishable by imprisonment for more than one year and his civil rights have not been restored.

The determinations respecting exemptions under Article IV and excuse or deferral under Article V or disqualification under this Article and the reasons therefor shall be noted by the Clerk on [the alphabetical list of names drawn from the Master Jury Wheels and also on] the relevant juror qualification form. If a person did not appear in response to a summons respecting his juror qualification form, such fact shall be noted on the list.

**Article VIII.**

Except as provided in this plan, no person or class of persons shall be disqualified, excluded, excused, or exempt from service as jurors, provided, however, that any person summoned for jury

**AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS
IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

service may be (1) excused by a district judge or the Clerk of Court upon a showing of undue hardship or extreme inconvenience, for such period as the judge or the Clerk of Court deems necessary, at the conclusion of which such person, without his card having been reinserted into a Qualified Jury Wheel, shall be summoned again for jury service as provided in Article VI-C; or (2) excluded by a district judge presiding at a trial or the empaneling of a grand jury, on the ground that such person may be unable to render impartial jury service or that his or her service as a juror would be likely to disrupt the proceedings; or (3) excluded upon peremptory challenge as provided by law; or (4) excluded pursuant to the procedure specified by law upon a challenge by any party for good cause shown; or (5) excluded upon determination by a district judge that the person's service as a juror would be likely to threaten the secrecy of the proceedings, or otherwise adversely affect the integrity of jury deliberations. No person shall be excluded under Clause (5) unless the judge ordering the exclusion determines in open Court that it is warranted and will not be inconsistent with the stated policy and purposes of the Act. Whenever a person is excluded from jury service pursuant to Clause (5), the specified reason therefor shall be noted by the Clerk on the person's card drawn from a Qualified Jury Wheel. The number of persons excluded under Clause (5) shall not exceed one percent of the number of persons who return executed jury qualification forms during the period between two consecutive fillings of the Master Jury Wheels as prescribed in article III-B of this plan. The names of persons excluded under Clause (5), together with detailed explanations for the exclusions, shall be forwarded immediately to the Judicial Council of the Circuit, which, pursuant to the Act, has the power to make any appropriate order, prospective or retroactive, to redress any misapplication of Clause (5). Otherwise, however, exclusions effectuated under Clause (5) shall not be subject to challenges under the provisions of the Act. The card of any juror excluded from a particular jury under Clause (2), (3), or (4) shall be returned to the Clerk and the juror shall remain a member of the pool to which he or she was assigned. Such jurors shall be eligible to serve on other juries if the basis for the initial exclusion would not be relevant to the juror's ability to serve on such other juries.

**Article IX.**

In any two-year period, no person shall be required to (1) serve or attend the Court for prospective service as a petit juror for a total of more than thirty days, except when necessary to complete service in a particular case; (2) serve on more than one grand jury; or (3) serve as both a grand and petit juror.

**Article X.**

The contents of records or papers used in connection with the jury selection process shall not be disclosed, except as may be necessary in the preparation or presentation of a motion pursuant to

**AMENDED PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS
IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

§ 1867 of the Act to challenge the validity of the selection of a jury, until after the Master Jury Wheels have been emptied and refilled pursuant to article III-B of this plan and all persons selected to serve as jurors before the Master Wheels were emptied have completed such service. The parties in a case shall upon application supported by affidavit be allowed to inspect, reproduce, and copy such records or papers at all reasonable times in order to prepare and prosecute such a motion. The application shall be made to the trial judge if the case has been assigned for trial, or, if not, to the judge presiding in Part I of the Court.

**Article XI.**

After the Master Jury Wheels are emptied and refilled pursuant to Article III-B of this plan and after all persons selected to serve as jurors before the Master Wheels were emptied have completed such service, all records and papers compiled and maintained by the Clerk before the Master Wheels were emptied shall be preserved in the custody of the Clerk for four years or for such longer period as may be ordered by a judge of the Court, and shall be available for public inspection for the purpose of determining the validity of the selection of any jury empaneled during the relevant period.

**Article XII.**

The Judges of the Court amended the original plan, effective July 26, 1983, January 20, 1984, December 15, 1988, June 27, 1996, June 24, 1999, November 29, 2000, March 20, 2002, and January 29, 2009, with the approval of the Reviewing Panel.

**Article XIII.**

This plan, as so amended, became effective on February 13, 2009.

NOTE: This Amended Jury Plan, which includes the original Jury Plan of the U.S. District Court for the Southern District of New York, effective July 26, 1983, incorporates all the changes approved by resolutions of the Board of Judges through January 29, 2009 and approvals by the Judicial Council through February 13, 2009.

DATED:   February 13, 2009