

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 7, 2021

**By Email**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 14C
New York, New York 10007

　　Re:　　*United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC)

Dear Judge Crotty:

　　The Government writes in response to the defendant's *pro se* letter dated April 12, 2021, requesting that he be provided with additional access to online legal databases. The defendant's request should be denied.

　　The defendant claims that he should be entitled to receive offline versions of paid online legal research databases so that he can, among other things, search for legal filings and other parties' briefs. The defendant's request should be denied, because he already has access to that material through his counsel, with whom he can consult about any legal materials he wishes to review. The defendant is capably represented by not one, but three attorneys, who have made numerous motions and continue to vigorously litigate the case on his behalf. *Cf. Santiago v. James*, No. 95 Civ. 1136 (JFK), 1998 WL 474089, at *5 (S.D.N.Y. Aug. 11, 1998) ("The Government must provide inmates with meaningful access to the courts, but does not have to afford inmates unlimited access to a library. . . . Moreover, if an inmate is represented by counsel, there can be no violation of his constitutional right to access to the courts as a matter of law.").

　　The defendant's request appears to be an attempt to further his pattern of engaging in inappropriate, quasi-*pro se* litigation. The Court should not consider the defendant's instant letter for that reason. "A defendant has a right either to counsel or to proceed *pro se*, but has no right to 'hybrid' representation, in which he is represented by counsel from time to time, but may slip into *pro se* mode for selected presentations." *United States v. Rivernider*, 828 F.3d 91, 108 (2d Cir. 2016). Although the Court has "discretion to hear from a represented defendant personally," *id.* at 108 n.5, "the interests of justice will only rarely be served by a defendant's supplementation of the legal services provided by his . . . counsel," *United States v. Swinton*, 400 F. Supp. 805, 806 (S.D.N.Y. 1975). To the extent the defendant has any colorable claims for relief, his attorneys can present them to the Court, and the Court should reject the defendant's attempts to "slip into *pro se* mode," *Rivernider*, 828 F.3d at 108, whenever it suits him. *See, e.g.*, *United States v. Crumble*, No. 18 Cr. 32 (ARR), 2018 WL 3112041, at *4 (E.D.N.Y. June 25, 2018) ("As Markus has not

The Honorable Paul A. Crotty, U.S.D.J.
May 7, 2021
Page 2

elected to represent himself, he does not have a right to make a motion on his own behalf, nor does he have a right to insist that the district court hear his applications.  While I have previously exercised my discretion to entertain Markus's *pro se* submissions, I will do so no longer. If Markus wishes to file any further motions, he is directed to ask his trial counsel—or appellate counsel—to adopt this motion. I trust that assigned counsel will file any motions that they do not view as frivolous on Markus's behalf. Any *pro se* motions made by Markus, however, will be summarily denied." (cleaned up)).

In any event, even if the Court considers the defendant's submission, it is without merit. As his letter acknowledges, he has access to legal databases (a fact confirmed by the volume of his recent *pro se* filings), but additionally he demands special access to "filings, briefs, modern search, and the ability to print." The defendant's claims about the purported deficiencies of the databases to which he does in fact have access do not support such demands or establish a basis for relief. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  The defendant identifies no reason he should be afforded special access beyond that which the facility provides in the normal course, and at bottom, he is represented by counsel who have the ability to make well-researched and thoroughly prepared legal claims on his behalf.

For the foregoing reasons, the defendant's request should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by:  ____/s/_____
Sidhardha Kamaraju / David W. Denton, Jr.
Assistant United States Attorneys
(212) 637-6523 / 2744

cc: Defense Counsel (by email)