UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JOSHUA ADAM SCHULTE,

        *Defendant.*

S3 17 Cr. 548 (PAC)

## MOTION TO COMPEL DISCOVERY

Joshua Adam Schulte
#79471054
Metropolitan Correctional Center
150 Park Row
NY, NY 10007

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  PRODUCTION OF ELECTRONIC DISCOVERY ........................................2

    A.   SRV02 ...............................................................................................................2

        1.   SRV02 is discoverable under Rule 16 ........................................................2

        2.   SRV02 is ineligible for the government to assert National Security ............3

        3.   SRV02 contains over 5,497,558,138,880 bytes of unviewed, critical defense documents................................................................................................4

    B.   WikiLeaks Vault 7 Publication ...................................................................5

    C.   SC01 .................................................................................................................5

        1.   SC01 is discoverable under Rule 16 ..........................................................5

        2.   SC01 can easily be produced without illegal content ................................5

        3.   SC01 contains 1,892,995,817,600 bytes and 303,575 files of critical defense documents................................................................................................6

III. CONCLUSION ........................................................................................................7

## I.   PRELIMINARY STATEMENT

Joshua Adam Schulte respectfully moves this court to order the government to product to the defendant in electronic format (1) Hyper-V Windows Server QNY_56_SC48_SRV02 (SRV02), (2) desktop QNY09_SC01_desktop (SC01), and (3) the WikiLeaks Vault 7 Publication.

The FBI seized SRV02 and SC01 along with multiple other servers, desktops, and electronics from Mr. Schulte's apartment on March 13, 2017. The government never produced SRV02 or SC01 to the defendant, although it did provide SC01 to the defense at the prosecutor's offices.

The government tried Mr. Schulte in February 2020 despite never producing SRV02 to the defense at all—notwithstanding thousands of documents and several days of testimony regarding Mr. Schulte's home servers. SRV02 would have been critical to showing Mr. Schulte's innocence to several counts charged in the indictment. Likewise, the deprivation of SC01 to Mr. Schulte harmed his defense.

Mr. Schulte moves this court to compel the government to produce these critical electronic devices to Mr. Schulte.

## II.  PRODUCTION OF ELECTRONIC DISCOVERY

Fed. R. Crim. P. 16(a)(1)(E) requires the government to produce to the defendant documents and objects that are (i) material to preparing a defense, (ii) intended for use at trial, or (iii) obtained from or belong to the defendant.

### A.  SRV02

SRV02 is one of the two primary servers that Mr. Schulte possessed. SRV01, the first of these two, was previously produced to Mr. Schulte's defense team, but only recently produced to Mr. Schulte in December 2020. The government never produced SRV02 to Mr. Schulte nor to his defense team. The government alleged that SRV02 contained classified documents which therefore classified the entire server; however, the government never produced the server in the SCIF. After years of requests for this server, in November 2019 the government claimed this server was provided in the SCIF within a safe to which the defense did not have the combination. The defense then requested the safe to be opened to review the server, but the court security officer could not open the safe—requiring the government to hire a locksmith to break into the safe. The 2020 trial commenced before the server was ever produced to the defense or the defendant.

#### 1.  SRV02 is discoverable under Rule 16

SRV02 is (i) material to preparing a defense and (iii) obtained from or belong to the defendant. Accordingly, SRV02 is discoverable under Rule 16.

2

### 2. SRV02 is ineligible for the government to assert National Security

The government produced the "classified files" from SRV02 to the defendant in November 2019. These "classified files" were web browser history from The *Guardian*—a publicly accessible website; the files were in fact from the Edward Snowden archive dumped on June 5, 2013.

#### a) *Classified files from the Internet cannot be prohibited from production*

The First Amendment protects American people from accessing and viewing classified information on the Internet. No person can be prosecuted from browsing the *Guardian*—indeed they did not prosecute Mr. Schulte nor even introduce these files at trial. While the government can maintain that these files are classified, it cannot prohibit production of these files to a defendant in a criminal trial; the government lost control over these documents and can no longer limit their dissemination.

The only argument for limiting production of classified information is to prevent unauthorized dissemination and to protect the classified information. The government has a compelling interest in protecting state secrets. However, once the government loses control over classified documents, they can no longer protect this information. Anyone with Internet access—which these days is most people—can access this "classified" information. Therefore, the government's argument for prohibiting the production of leaked classified information is moot—the information is already public and no longer controlled by the government.

Indeed, once the government loses control over classified documents that are published publicly, access and discussion of those documents become protected

speech guaranteed by the First Amendment. "Any system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutionality." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963); see also *Near v. Minnesota*, 283 U.S. 697 (1931). The Government "thus carries a heavy burden of showing justification for the imposition of such a restraint." *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971). The Supreme Court clearly upheld the First Amendment when the Government sought to enjoin the New York Times and the Washington Post from publishing the "Pentagon Papers" in *New York Times Co. v. United States*, 403 U.S. 713 (1971), thereby firmly establishing precedent that published classified information is protected speech and cannot be enjoined by the government.

### b) *Preventing disclosure of forensic images with leaked classified information would encumber and delay criminal cases unrelated to crimes of national security*

If this Court were to adopt the government's view that leaked classified information contaminates and prevents the production of proper Rule 16 discovery, then every person who has ever touched any classified information disseminated across the Internet would be unable to access their discovery outside a SCIF. Defendants accused of drug crimes, tax crimes, or even misdemeanors would be unable to access their discovery. This would encumber criminal defendants and delay criminal proceedings unnecessarily—since the information the government purports to protect is publicly accessible. This position is absurd and indefensible.

### 3. SRV02 contains over 5,497,558,138,880 bytes of unviewed, critical defense documents

Finally, the Snowden documents that "contaminate" SRV02 are not even relevant to this trial—the government did not even introduce them at trial. Yet, the

4

government is wielding the existence of these files—publicly accessible files—to deny Mr. Schulte access to hundreds of thousands of files over 5TiB in size. This is clearly absurd and unconstitutional.

### B. WikiLeaks Vault 7 Publication

For the same reasons and arguments outlined above, the government should be compelled to produce the WikiLeaks Vault 7 Publication to Mr. Schulte in unclassified discovery. The government need not *declassify* the documents, but merely produce publicly accessible documents directly to Mr. Schulte.

### C. SC01

SC01 is a desktop seized from Mr. Schulte's residence. The government asserts it contains a file containing child pornography and cannot be produced to Mr. Schulte.

#### 1. SC01 is discoverable under Rule 16

SC01 is (i) material to preparing a defense, (ii) intended for use at trial, and (iii) obtained from or belong to the defendant. Accordingly, SC01 is discoverable under Rule 16.

#### 2. SC01 can easily be produced without illegal content

Discovery Production 11 (7/3/2018) contains metadata and file listings from SC01. SC01 contains approximately 303,576 files and 2,000,370,000,000 bytes (~2TiB). A forensic image was provided to the defense in a controlled setting (i.e. the prosecutor's offices), but not to Mr. Schulte because the government asserts that one of the files contains child pornography. However, a legal forensic image can easily be produced and provided to Mr. Schulte. The government need only create a forensic image of SC01 and delete the data of the offending files while

5

leaving the metadata (simply overwriting the data with zeroes would be sufficient). The result is a forensic image without the illegal content.

### 3. SC01 contains 1,892,995,817,600 bytes and 303,575 files of critical defense documents

Finally, Mr. Schulte is not requesting access to child pornography, but the remaining 303,575 files. The government introduced files and data from Mr. Schulte's home devices at trial, and will likely do so at the next trial. Mr. Schulte would be severely prejudiced without access to these critical documents.

### III.   CONCLUSION

The Court should compel the government to produce SRV02, the WikiLeaks Vault 7 Publication, and SC01 to the defendant so he can properly review discovery and prepare for his second upcoming trial. The government can easily provide SRV02 and the Vault 7 Publication since the information it purports to protect is already on the Internet and public knowledge; and the government can easily replicate SC01 without the offending material. These three electronic productions are essential to Mr. Schulte's defense and would unfairly prejudice him if he were unable to review these documents—especially considering the ongoing COVID-19 global pandemic prevents Mr. Schulte from access to the SCIF or access to SC01.

Dated: New York, New York
      December 25, 2020

Respectfully submitted,

Joshua Adam Schulte
#79471054
Metropolitan Correctional Center
150 Park Row
NY, NY 10007
