UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>JOSHUA ADAM SCHULTE,<br>               *Defendant.* | S2 17 Cr. 548 (PAC) |

## MOTION TO SCHEDULE SENTENCING

Joshua Adam Schulte
#79471054
Metropolitan Correctional Center
150 Park Row
NY, NY 10007

## I.  DEFENDANT MOVES FOR SCHEDULING OF SENTENCING AND FINAL JUDGMENT FOR CONVICTED COUNTS

### A.  Unresolved counts after partial conviction are severed

Unresolved counts after a partial conviction are severed. "Although the litigant as framed in the indictment may not yet have run its course, the counts of conviction have been resolved and the sentence is ready for execution. The unresolved counts have in effect been severed, and will be resolved another time in a separate judgment." *United States v. Abrams*, 137 F.3d 704, 707 (2d Cir. 1998); See *United States v. King*, 257 F.3d 1013, 1019 (9th Cir, 2000) ("[P]leading guilty to a subset of charges in effect severed the indictment into two parts and made [defendant] ready for sentencing on the charges related to the Final Notice scheme…"); *United States v. Powell*, 24 F.3d 28, 31 (9th Cir. 1994) ("When sentence was imposed on the severed counts, [defendant] was entitled to appeal because there was nothing left to be done but to enforce the sentence.").

### B.  Fed. R. Crim. P. 32(b)(1) and the Fifth Amendment permit a defendant to move for sentencing after partial conviction

"For inordinate delay in sentencing, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clause of the Fifth and Fourteenth Amendments." *Betterman v. Montana*, 136 S. Ct. 1609, 1612 (2016); "As we have explained, at the third phase of the criminal-justice process, i.e., between conviction and sentencing, the Constitution's presumption-of- innocence-protective speedy trial right is not engaged. That does not mean, however, that defendants lack any protection against undue delay at this stage. The primary safeguard comes from statutes and rules. The federal rule on point directs the court

1

to 'impose sentence without unnecessary delay.' Fed. Rule Crim. Proc. 32(b)(1)... Further, as at the prearrest stage, due process serves as a backstop against exorbitant delay. See supra, at 3. After conviction, a defendant's due process right to liberty, while diminished, is still present. He retains an interest in a sentencing proceeding that is fundamentally fair." *Id.* at 1617-1618.

### C. Sentencing and Appeal does not block or prolong re-trial on remaining counts

Finally, since the two convicted counts have effectively been severed from the indictment, a final judgment and appeal does not block the re-trial on remaining counts; both can proceed in parallel since they are severed cases.

## II. CONCLUSION

For these reasons, this Court should schedule sentencing and final judgment for the two severed, convicted counts and appoint Mr. Schulte an appeals attorney.

Dated: New York, New York
December 25, 2020

Respectfully submitted,

Joshua Adam Schulte
#79471054
Metropolitan Correctional Center
150 Park Row
NY, NY 10007

2