**EXHIBIT B**

## *United States* v. *Joshua Adam Schulte* - Proposed *Faretta* Inquiry

1. Do you understand, speak, read, and write English?

2. Are you aware that you have a Sixth Amendment right to counsel?

3. Are you aware that you also have a Sixth Amendment right to represent yourself?

4. While you have the right to represent yourself, the Court must decide for itself whether your waiver of your right to counsel is knowing, intelligent, voluntary, and unequivocal. Do you understand this?

5. What is your full name?

6. Please describe your education.

7. Please describe your work experience.

8. Did you ever study law in the United States or any other country?

9. Have you ever represented yourself in any legal proceeding? (If so, please provide details.)

10. Do you understand the nature and purpose of this proceeding?

11. Are you feeling well enough to proceed?

12. Have you recently taken any medications or alcohol?

13. Have you ever received any treatment for alcohol or drug addiction or for any mental illness?

14. I am now going to advise you specifically about the charges for which you have been indicted and the possible penalties for those charges.

    You have been indicted by a grand jury on multiple criminal charges. I have already determined, at your request and with the consent of the Government, that those charges should be severed into two separate trials. The charges you are facing in the first trial, which will proceed on October 25, 2021, allege a variety of crimes of espionage, computer misuse, and obstruction of justice. After that trial, you will still face additional charges pertaining to the receipt, possession, and transportation of child pornography, and criminal copyright violations. In the event that I determine today that you can represent yourself at the first trial, I will hold another hearing later to determine whether you still want to represent yourself in the proceeding on the second set of charges.

    The charges you are facing in the first trial are one count of illegal gathering of national defense information, in violation of 18 U.S.C. § 793(b); three counts of illegal transmission

or attempted transmission of unlawfully possessed national defense information, in violation of 18 U.S.C. § 793(e); one count of unauthorized access to computers in order to obtain national defense information, in violation of 18 U.S.C. § 1030(a)(1); two counts of causing transmission of a harmful computer program, information, code, or command, in violation of 18 U.S.C. §§ 1030(a)(5); and one count of obstruction of justice, in violation of 18 U.S.C. § 1503.  Each of these counts carries a maximum term of 10 years' imprisonment, a maximum term of supervised release of 3 years, a maximum fine of $250,000 or twice the gross pecuniary gain or loss from the offense, and a $100 mandatory special assessment.   You are also facing one count of unauthorized access to computers in order to obtain information from an agency of the United States, in violation of 18 U.S.C. § 1030(a)(2), which carries a maximum term of 5 years' imprisonment, a maximum term of supervised release of 3 years, a maximum fine of $250,000 or twice the gross pecuniary gain or loss from the offense, and a $100 mandatory special assessment.

The maximum term of imprisonment for all nine counts is 85 years' imprisonment.

Do you understand the charges for which you were indicted and the maximum penalties for those charges?

15. Do you understand that your sentence will be, in part, governed by the United States Sentencing Guidelines?   Have you discussed the Sentencing Guidelines with an attorney?   (Advise defendant that, under the current state of the law, the Sentencing Guidelines are advisory and not binding on the Court.)

16. If you choose to represent yourself, you must stand by yourself.   The Court cannot advise you how to present your case nor can it help you with your case.   Do you understand this?

17. Do you understand, however, that self-representation may conflict with your Fifth Amendment right to remain silent, because you may have to speak in the course of representing yourself?

18. Are you familiar with the Federal Rules of Evidence?

19. Are you familiar with the Federal Rules of Criminal Procedure?

20. An attorney may be better able to deal with issues relating to trial, post-trial motions, sentencing, appeal, and other matters.   Do you understand that?

21. Do you understand that if you choose to represent yourself, you do not have the absolute right to request that counsel be appointed after that?

22. Do you understand that I am going to appoint a lawyer to act as "stand-by counsel" for you?   Do you understand that stand-by counsel cannot advocate for you?

23. Do you understand that if you do choose to represent yourself, you must understand that it does not give you license to abuse the dignity of the courtroom, or a license to violate the

      relevant rules of procedural and substantive law?

24. Do you understand that you must obey my rulings even if you disagree with them, knowing that you have preserved your objection for review by the appellate court?

25. Do you understand that if you do choose to represent yourself, that does not automatically entitle you to revisit rulings that I have already made in this case?

26. This case involves a substantial amount of information that has been classified in the interests of national security. The use of classified information in court proceedings is governed by a statute called the Classified Information Procedures Act, or CIPA. Do you understand that, if you do choose to represent yourself, you may only disclose classified information that I have specifically authorized, after following the procedures spelled out in that Act, and that if you disclose classified information without being authorized by the Court, you may be subject to additional penalties?

27. Do you understand that an experienced criminal defense attorney is almost always more qualified to conduct a defendant's legal defense than is the defendant himself?

28. Do you understand that if you represent yourself and make mistakes, you would not be able to use those mistakes as a basis for an appeal of your conviction or sentence? Do you now waive any claims of ineffective assistance of counsel?

29. In light of the penalties you may suffer if you are found guilty, in light of all the difficulties of representing yourself, do you still want to represent yourself and give up your right to be represented by counsel?

30. Are you making this waiver voluntarily? Has anyone made any threats to you in order to get you to waive this right? Has anyone made any inducements or other promises to get you to waive this right?

31. I wish to warn you that representing yourself at trial is unwise and that, in the Court's view, you will be far better represented by an experienced criminal defense attorney. Do you understand that?

      The Government respectfully requests that, based on the defendant's responses to the questions above and the Court's observations, the Court make express findings on the record as to: (a) whether the defendant is competent to stand trial (that is, whether the defendant understands the nature of the proceedings and has the ability to consult with counsel and assist counsel in preparing a defense); (b) whether the defendant understands that he has the right to an attorney throughout these proceedings; (c) whether the defendant is competent to waive his right to counsel (that is, whether the defendant has the mental capacity to conduct trial proceedings by himself and put on his own defense at trial); and (d) whether the defendant waives his right to counsel knowingly, intelligently, voluntarily, and unequivocally.