L7mWschC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                          S2 17 Cr. 548 (PAC)

JOSHUA ADAM SCHULTE,

              Defendant.              Trial

------------------------------x
                                      New York, N.Y.
                                      July 22, 2021
                                      1:00 p.m.
Before:

                    HON. PAUL A. CROTTY,
                                     District Judge
                                        -and a jury-
                         APPEARANCES

AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York
BY:  MICHAEL D. LOCKARD
     Assistant United States Attorney

SABRINA P. SHROFF
DEBORAH A. COLSON
     Attorneys for Defendant
```

1           (Case called)

2           THE COURT:  The proceeding today is a continuation of
3    the *Faretta* hearing we had last week on July 17.  At last
4    week's hearing, Mr. Schulte expressed his desire to proceed *pro*
5    *se* in this case but conditioned his request on the fulfillment
6    of certain conditions.  Without these conditions being met,
7    Mr. Schulte stated on the record that he would not be able to
8    represent himself.  That's on page 19 of the transcript.  In
9    light of these statements, I adjourned the conference for a
10   week and directed the parties to meet and confer about possible
11   accommodations with respect to Mr. Schulte's request.  I
12   reserved judgment on Mr. Schulte's motion to proceed *pro se*.

13          Mr. Lockard, can you bring us up to date on the
14   parties' progress in the past week?

15          MR. LAROCHE:  Yes, your Honor.

16          This morning, we filed a status letter to update the
17   Court and counsel about our efforts to address and with the
18   Metropolitan Correctional Center to address some of the issues
19   Mr. Schulte raised, and that letter summarizes the updated
20   status, including with respect to Mr. Schulte's access to his
21   unclassified discovery on laptops and hard drives, his access
22   to legal research time and his access to the SCIF.

23          THE COURT:  And what about the printer.

24          MR. LAROCHE:  And also with respect to the printer,
25   MCC has stated that he can make requests of his unit manager --

1    he's done that in the past -- and it will be provided to him,
2    so he can do that.
3              THE COURT:  Ms. Shroff.
4              MS. SHROFF:  I don't have anything to add, your Honor.
5    I think Mr. Schulte's ready with any further *Faretta* proceeding
6    the Court may wish to conduct.
7              THE COURT:  We have to swear you in, first, Mr.
8    Schulte.
9              (Defendant sworn)
10             THE COURT:  Mr. Schulte, just before you start, I want
11   to find out if it's still your wish to proceed *pro se* in this
12   matter.  Under the law, I must advise you that your waiver of
13   the right to counsel must be knowing, voluntary, and
14   intelligent.  It also must be unequivocal.  Asserting your
15   right to self-representation with conditions attached is not
16   *per se* equivocal under the law, but I need your assurance that
17   you are still willing to invoke your right to
18   self-representation without having your conditions satisfied.
19             THE DEFENDANT:  That's right.
20             THE COURT:  Yes?
21             THE DEFENDANT:  Yes.
22             THE COURT:  You still want to proce*ed pro se*.
23             THE DEFENDANT:  That's right, yes.
24             THE COURT:  Even though the conditions which you
25   outlined before were not satisfactorily resolved?

L7mWschC

1    THE DEFENDANT:  That's correct.  I think after the --
2    once you, once I'm *pro se*, then I think we can address some of
3    the issues in the letter and work on things.  If the Court
4    wants motions filed for access and stuff like that, I can do
5    that.  But it has nothing to do -- it's not contingent upon
6    anything.
7    THE COURT:  Let me see if I understand.  You want to
8    represent yourself --
9    THE DEFENDANT:  Right.
10   THE COURT:  -- without regard to the conditions we
11   talked about last week.
12   THE DEFENDANT:  Yes, that's correct.
13   THE COURT:  So your access to unclassified discovery,
14   your access to legal research, the hours of the SCIF, you're
15   willing to abide by whatever happens in those areas?
16   THE DEFENDANT:  Yes, that's correct.  If you want
17   motions filed for certain accesses or just to work with the
18   government to resolve these issues, that's what will happen.
19   THE COURT:  And what if the issues aren't resolved,
20   Mr. Schulte?
21   THE DEFENDANT:  There's no contingency upon -- I want
22   to go *pro se* regardless of the outcome.
23   THE COURT:  All right.
24   Anybody else have anything to say?  Is there any doubt
25   about Mr. Schulte's competence?

L7mWschC

1           Ms. Shroff.
2           MS. SHROFF: Your Honor, may I just have a second with
3  Ms. Colson.
4           THE COURT: Yes.
5           MS. SHROFF: No, your Honor. It is our considered
6  judgment that any evaluation of Mr. Schulte would say that he's
7  competent.
8           THE COURT: All right.
9           Mr. Lockard, are you of the same view?
10          MR. LAROCHE: No concerns about competency, your
11 Honor.
12          THE COURT: All right. As I told you last week, I'm
13 going to give you until a date to make any submissions that you
14 want. They have to be submitted by the close of business on
15 Friday, July 23, and I'll have a ruling on the *Faretta* issue on
16 Monday, July 26.
17          Anything else to do today?
18          THE DEFENDANT: Is there a way to address a couple of
19 these things as well?
20          (Counsel conferred with defendant)
21          THE DEFENDANT: From the government's letter, I wasn't
22 able to respond to some of the issues, and I was hoping to
23 bring some of those to light. And then a couple of other
24 issues, such as mail, mail delay, which is pertinent in this
25 case that I'm able to receive mail from the Court, and I've

1  been unable to do so, and I wanted to raise some issues about
2  the mail as well.
3              THE COURT:  Well, I suggest that rather than doing it
4  now, Mr. Schulte, you do it in the form of a motion so the
5  government can respond to it.  You have a problem with the
6  mail?
7              THE DEFENDANT:  Yeah.  I brought several pieces of
8  mail, but essentially, letters from this Court or from the
9  government takes about three months.  MCC, when they receive
10 the letter, they mark it when they receive it and then they
11 hold on to it for three months, and then they give it to me.
12 So for example, issues in the Court of Appeals and other -- and
13 issues in this Court, if you make rulings I won't know about it
14 for three months, and it makes things very difficult.  So even
15 if I'm able to file motions, I won't know when the government
16 responds so I won't have a chance to file replies.
17             It will affect the whole case going forward.  So
18 that's why I was hoping to address it now in open court,
19 before, because I don't think I will have a chance in the
20 motions to do so.
21             THE COURT:  All right.  What else do you have?
22             THE DEFENDANT:  Did you want me to respond to the
23 government's letter, or do you want me to discuss each of the
24 points now with that?  How do you want to proceed with that?
25             THE COURT:  I prefer you proceed in writing.

|   |   |
|---|---|
| 1 | THE DEFENDANT:  OK.  So just to respond to the |
| 2 | government's letter with those issues. |
| 3 | OK.  Then the only, the only other thing I wanted to |
| 4 | request was an electronic copy of the docket so that I can have |
| 5 | and review the filings in this case. |
| 6 | Do you want me to request that -- |
| 7 | THE COURT:  Yes, please. |
| 8 | THE DEFENDANT:  -- to the government too? |
| 9 | THE COURT:  Yes. |
| 10 | THE DEFENDANT:  OK.  Then the only other issue is the |
| 11 | mail delay.  I have mail both from my attorneys, from the |
| 12 | court, this Court, Court of Appeals, from the government, all |
| 13 | indicating delays varying from three weeks to three months. |
| 14 | And I don't know how this should be resolved or if you wanted |
| 15 | to review the mail I have.  But I was hoping to -- I don't |
| 16 | know -- order the MCC to deliver the mail promptly, or -- what |
| 17 | they usually do, if it's supposed to be from my attorney, they |
| 18 | log it in the book so you can see the times.  But the other |
| 19 | mail from the courts, they don't do that, but I have the unit |
| 20 | manager mark on it when he delivers it to me so you can see the |
| 21 | time difference.  But I don't know what this Court wants to do |
| 22 | about the issue. |
| 23 | THE COURT:  I want you to make a motion saying that |
| 24 | you want the mail delivered on time, serve the motion on the |
| 25 | government, and we'll get a response from the government and |

1 rule as we go along.

2 THE DEFENDANT:  OK.  But how -- if I can't receive
3 mail, I won't know when they reply -- when they respond, and I
4 won't be able to reply.  Is there a way I can get personal
5 service from the government for their responses?  If I'm going
6 to be in the SCIF Tuesdays and Thursdays, the government knows
7 where I would be.  They could -- if they could deliver the --

8 THE COURT:  Mr. Lockard.

9 Excuse me.

10 MR. LAROCHE:  Your Honor, we can discuss this issue
11 with legal counsel at MCC.  We may be able to send a courtesy
12 copy to legal counsel and get it to Mr. Schulte that way.  I
13 don't know that we can get him materials -- I don't think the
14 marshals will allow him to take materials back with him.  But
15 what I can say is that we'll work to address this issue so that
16 the defendant gets timely access to anything that's filed with
17 the Court.

18 THE COURT:  All right.

19 THE DEFENDANT:  OK.

20 THE COURT:  Let me give you one more word of caution
21 here, Mr. Schulte.  The fact of the matter is that a
22 professional attorney would not face the problems you're facing
23 because you're incarcerated.  And we can try to modify those
24 conditions as we go along, but the fact of the matter is that
25 you're always going to be at a deficit vis-à-vis retained or

L7mWschC

1  appointed counsel, who does not carry the burden of being
2  incarcerated.  And you are incarcerated.  That causes certain
3  problems in the preparation.  If you want to represent
4  yourself, that's fine.  But you can't modify all of the
5  conditions that are inhibiting you right now.
6          THE DEFENDANT:  I mean I guess we will address all the
7  issues in motions --
8          THE COURT:  Yes.
9          THE DEFENDANT:  -- to the court, so that's what I'm
10 hoping to do, is to be able to address -- I mean I expect --
11 I'm incarcerated as a pretrial detainee, so I don't expect that
12 just because someone is incarcerated pretrial, that therefore
13 they don't have a right to self-representation.  So I'm hoping
14 that the Court --
15         THE COURT:  No, no.  You're entitled to your right of
16 self-representation.  That's clear.  But the fact of the matter
17 is acting as your self-representative, because you're
18 incarcerated, you bear certain burdens that do not burden
19 retained counsel and appointed counsel.  That's the only point.
20         THE DEFENDANT:  Right.
21         THE COURT:  Is there anything else?  If anybody has
22 any further views, they can submit them by the close of
23 business on Friday.  I'll have an order for you on Monday.
24         Thank you very much.
25         (Adjourned)