UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
:
-v- : S3 17 Cr. 548 (PAC)
:
JOSHUA ADAM SCHULTE, :
: **OPINION & ORDER**
*Defendant.* :
:
:
------------------------------------------------------------X

    Defendant Joshua Adam Schulte ("Defendant" or "Schulte") is a former employee of the Central Intelligence Agency ("CIA") charged with stealing national defense information from the CIA and transmitting it to Wikileaks. Schulte, who is currently scheduled to stand trial in October 2021, moves to discharge legal counsel and represent himself in this criminal action. The Court held a *Faretta* Hearing on July 14 and 22, 2021, and reserved judgment on Schulte's motion. For the reasons set forth below, the motion is **GRANTED**.

    ***Background.*** During a status conference on June 15, 2021, Schulte expressed his desire to discharge legal counsel and proceed *pro se* in this criminal action. (June 15, 2021 Tr. at 4, ECF 469.) Accordingly, the Court ordered briefing from the parties on the propriety of a *Faretta* Hearing. (Min. Entry dated June 15, 2021.) The parties subsequently briefed the issue and jointly requested a *Faretta* Hearing to determine whether Schulte's waiver of counsel satisfies the necessary requirements under the Sixth Amendment. (ECF 478, 479.)

    The Court held a *Faretta* Hearing on July 14, 2021. (Min. Entry dated July 14, 2021.) There, the Court by way of an extensive colloquy with the Defendant advised him about the relevant considerations regarding his decision to represent himself. (July 14, 2021 Tr. at 3–9.)

1

In addition, the Court also inquired into the Defendant's personal and professional background, his knowledge of this case and the legal system, and whether he was knowingly and voluntarily waiving his right to counsel. (*Id.* at 12–23.)

During the *Faretta* colloquy, Schulte made several remarks that shed doubt on his waiver of counsel. In particular, he conditioned his request to proceed *pro se* on: (1) enhanced access to his unclassified discovery; (2) enhanced access to legal materials; (3) the use of a printer; and (4) access to the Sensitive Compartmented Information Facility ("SCIF"). (*Id.* at 10–12.)

Repeatedly, Schulte explained to the Court that he would be unable to represent himself at trial without these conditions being met. (*Id.* at 12, 24–37.) He stated, for example:

> If [the Government] want to agree to a good faith – working through this with a good-faith effort to resolve it, my – so here's my – let me just tell you what my concern is, okay? This is – this is – this is my concern. My concern is, if I – if I agree and waive this, right [to counsel], and then later on, the government doesn't give me access to my unclassified materials and I can't represent myself and I come back to the Court and say, listen – and I filed – or I talked to the Court and the Court, for whatever reason, disagrees and then – I say, listen, I can't represent myself, and then the Court would say, well, you agreed here that you can't go back to having counsel represent you.

(*Id.* at 32–33.)

In response to these statements, the Court stated: "Well, that doesn't sound very unequivocal to me. It sounds like you're hedging your bets." (*Id.* at 33.) Sensing equivocality in Schulte's waiver, the Court adjourned the *Faretta* Hearing for one week and directed the parties to meet and confer about possible accommodations with respect to his four conditions. (*Id.* at 35.)

Following intermission, the Court reconvened the parties on July 22 for the second half of the *Faretta* Hearing. (Min. Entry dated July 22, 2021.) There, the Government updated the Court that it had discussed the Defendant's requests with the relevant authorities and made good

2

faith accommodations to bolster Schulte's access to (1) unclassified discovery, (2) legal research databases, (3) the SCIF, and (4) printing capabilities. (July 25, 2021 Tr. at 2, ECF 483; *see also* Gov't Ltr. dated July 22, 2021, ECF 482.)

The Court then proceeded to ask Schulte whether he would unequivocally waive his right to counsel irrespective of the conditions that he had previously asserted at the July 14 *Faretta* Hearing. (July 25, 2021 Tr. at 3–4.) Schulte answered in the affirmative: he stated that it was his intention to proceed *pro se* regardless of any contingencies. (*Id.*) ("There's no contingency upon – I want to go *pro se* regardless of the outcome.")

The Court ultimately reserved judgment on Schulte's motion but concluded by offering a final suggestion of caution:[1]

> Let me give you one more word of caution here, Mr. Schulte. The fact of the matter is that a professional attorney would not face the problems you're facing because you're incarcerated. And we can try to modify those conditions as we go along, but the fact of the matter is that you're always going to be at a deficit vis-à-vis retained or appointed counsel, who does not carry the burden of being incarcerated. And you are incarcerated. That causes certain problems in the preparation. If you want to represent yourself, that's fine. But you can't modify all of the conditions that are inhibiting you right now.

(*Id.* at 8–9.)

---

[1] At the July 22 *Faretta* Hearing, the Court also asked the parties whether there was any doubt over the Defendant's competence. (July 22, 2021 Tr. at 4–5.) The parties both agreed that there were no concerns about the Defendant's competence. (*Id.* at 5.) Based on the representations made at the *Faretta* Hearing and in considering the record as a whole, the Court finds that Schulte is: (1) competent to stand trial, *Dusky v. United States*, 362 U.S. 402 (1960); (2) competent to waive counsel, *Godinez v. Moran*, 509 U.S. 389 (1993); and (3) competent to conduct his trial *pro se*, *Indiana v. Edwards*, 554 U.S. 164 (2008).

3

***Discussion.*** It is well established that, under the Sixth Amendment, a criminal defendant has the constitutional right to represent himself. *See Faretta v. California*, 422 U.S. 806 (1975). But to exercise this right, the defendant must first "knowingly, voluntarily, and unequivocally" waive his right to appointed counsel. *Wilson v. Walker*, 204 F.3d 33, 37 (2d Cir. 2000) (quoting *Johnstone v. Kelly*, 808 F.2d 214, 216 (2d Cir. 1986)). "To ensure the waiver is knowing and intelligent," the Second Circuit has instructed district courts to "engage the defendant in an on-the-record colloquy" and "be persuaded that the waiver is a rational one[.]" *United States v. Schmidt*, 105 F.3d 82, 88 (2d Cir. 1997); *see Faretta*, 422 U.S. at 835.

The record reflects that the Defendant entered a knowing and voluntary waiver of his right to counsel. *See supra.* At the July 14 and 22 *Faretta* Hearing, the Court engaged the Defendant in an extensive "on-the-record colloquy" and advised him about the relevant considerations of proceeding *pro se*—particularly its disadvantages, the unique complexities of this case, and his rights and obligations as a self-represented defendant. *Schmidt*, 105 F.3d at 88. Additionally, in the course of the *Faretta* Hearing, the Court also inquired into the Defendant's personal and professional background, including his knowledge of the legal system and the details of this particular case. *See id.* In light of the Defendant's representations at the *Faretta* Hearing, the Court concludes that Schulte has voluntarily and knowingly waived his right to counsel. *Schmidt*, 105 F.3d at 88.

The Court also finds that Schulte has unequivocally asserted his right to self-representation. *See Walker*, 204 F.3d at 37. Although Schulte initially conditioned his request to proceed *pro se* upon the satisfaction of certain conditions, under Second Circuit case law, that did not per se turn his waiver into an equivocal one. *See Johnstone v. Kelly*, 808 F.2d 214, 216 n.2 (2d Cir. 1986) ("A request to proceed pro se is not equivocal merely because it is an

4

alternative position, advanced as a fall-back to a primary request for different counsel[.]"). And in any event, the Defendant subsequently waived those conditions at the July 22 *Faretta* Hearing, where he unequivocally expressed his desire to proceed *pro se* in this case. *See supra.* Under these circumstances, only one conclusion is warranted under the Sixth Amendment: the Court must honor Schulte's request to discharge counsel and proceed *pro se*.

## CONCLUSION

For the foregoing reasons, Schulte's motion to discharge legal counsel and proceed *pro se* is **GRANTED**. The Government is directed to personally serve a copy of this Opinion & Order forthwith to Schulte.

Pursuant to *McKaskle v. Wiggins*, 465 U.S. 168 (1984), the Court appoints Deborah Colson and Sabrina Shroff as Standby Counsel for the Defendant. Standby Counsel are directed to meet and confer with Classified Information Security Officer Dan Hartenstine regarding arrangements for Schulte's weekly visits to the SCIF.

Dated: New York, New York  
July 26, 2021

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY  
United States District Judge