Joshua Adam Schulte, *pro se*

August 2, 2021

Judge Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC)

Dear Judge Crotty:

I write to remind the Court that there are currently 8 outstanding motions, several of which are currently impeding all progress in this case. (1) Motion for production of crime scene forensics; (2) motion for reconsideration of petition for writ of habeas corpus to modify conditions of confinement; (3) motion to suppress evidence seized from the MCC; (4) motion for production of outstanding unclassified forensic images of home servers; (5) motion to schedule sentencing; (6) motion to vacate SAMs and solitary confinement; (7) motion for effective self-representation; (8) motion to compel the MCC to deliver all court and legal mail promptly.

1. *Motion for Production of the Mirror Images of the ESXi and FS01 Servers*. Dkt. 420, 423, 431. This motion was filed over a year ago on July 28, 2020; it has been fully briefed and needs a ruling from this Court. In summary, the government alleges that Mr. Schulte used his CIA Workstation to access the ESXi server to steal data from the FS01 server. The CIA Workstation, ESXi server, and FS01 server therefore constitute the forensic crime scene; these servers *are* the government's case-in-chief at trial and are indisputably relevant and material. Their classification is irrelevant as the Supreme Court "make[s] clear that the privilege can be overcome when the evidence at issue is material to the defense." *United States v. Aref*, 533 F.3d 72 (2d Cir. 2008). A denial of this motion would be a case of first impression, as there is no case in the history of the United States where the government has refused to produce full forensic images of the crime scene that *they* allege and intend to rely on at trial. Such a denial would prevent the defense from conducting an independent analysis, subjecting the government's case to adversarial testing, and would ultimately render the defense incapable of presenting a complete defense. It is clearly established law that these forensic images should be produced to the defense, and any denial will result in a Petition for Writ of Mandamus that must be resolved by the Court of Appeals before trial.

2. *Motion for Reconsideration of Petition for Writ of Habeas Corpus to Modify Conditions of Confinement Pursuant to 28 U.S.C. § 2241 and Motion for Release*. Dkt. 456. This Court rejected the defense's *Petition for Writ of Habeas Corpus to Modify Conditions of Confinement Pursuant to 28 U.S.C. § 2241* on February 9, 2021 before the defense could file a Reply to the government's Response—due entirely to the MCC deliberately delaying mail, I did not receive the government's Response for nearly a month, and therefore was unable to meet the Reply deadline (This mail delay issue is addressed in the most recent motion to compel the MCC to deliver all court and legal mail promptly). In any case, the motion for reconsideration made clear that conditions of confinement are clearly within the Court's purview for pretrial inmates,

*United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC); August 2, 2021 letter from *pro se* defendant

and not relegated to civil action. In any case, this Court already "administratively closed" the civil action regarding these confinement conditions. There is literally no reason that I should be banned from outside recreation or even looking outside when the SAMs do not authorize this ban, and the Supreme Court clearly established that the ban of outside recreation is abhorrent to the notion of justice. I have literally never seen the sun or felt rays of actual sunlight for three years. Furthermore, my SAMs do not dictate that I must be tortured without air conditioning in the summer, without heat in the winter, without cleaning supplies, without proper medical treatment, without access to books, without access to a full commissary, exposed to sleep deprivation, etc. In fact, I am currently tortured in a United States **concentration camp**, under conditions of confinement *worse than any sentenced inmate in all fifty states of the union.* Including those convicted and sentenced to die. This issue is effectively pocket-vetoed and cannot be resolved until the Court issues a ruling; this issue is subject to interlocutory appeal, which I will take if this Court rules in favor of torture. **This motion is currently impeding the entire criminal case**, because it is impossible for me to focus on my defense while I am tortured in a concentration camp. There will be no trial until this motion is resolved.

      3. *Motion to Suppress Evidence Seized from the MCC*. Dkt. 455. Filed February 24, 2021. Special Agent Jeffrey David Donaldson perpetuated a fraud upon this Court when he requested to seize legally-produced unclassified discovery from the MCC. The MCC suppression motion provides exhibits that prove this fraud upon the court beyond *any* doubt—Donaldson subpoenaed Facebook for the "Schulte Articles"—which were written, ironically, about this corrupt criminal "justice" system—on May 15, 2018 (Suppression Motion Exhibit C). Donaldson then provided the "Schulte Articles" to the CIA to conduct a classification review; the CIA declared all the "Schulte Articles" unclassified, and the government produced the "Schulte Articles" as unclassified discovery on July 17, 2018 (Suppression Motion Exhibit K). Three months later Donaldson perpetuated a fraud upon this Court by claiming the "Schulte Articles" were "classified" and requesting to seize them—notwithstanding the CIA's determination that they were *unclassified* and obviously at the MCC because the government *literally produced them in discovery*. There is no escape for Donaldson or the government, and in fact, the government chose not to respond at all to the motion—and the time for response has long since expired. Accordingly, this Court should order the MCC evidence suppressed. A denial of the motion will result in a Petition for Writ of Mandamus, because authorizing the seizure of legally-produced unclassified discovery would be a case of first impression and incontrovertibly unconstitutional.

      4. *Motion to Compel Discovery*. **This motion is impeding the trial**, and delay will result in a delayed trial. The government NEVER PRODUCED home server SRV02 to the defense, and its production is critical to the defense. SRV02 was the equivalent of an "ESXi" server that ran multiple other virtualized servers. The government never produced SRV02 despite multiple requests, neither in unclassified or classified discovery. The government claims that there is web browser history on SRV02 from the public website *The Guardian* that contains files released by Edward Snowden. This server should be produced in unclassified format because regardless of the government's classification claim, the documents are all over the internet and therefore cannot be claimed as privileged—could the government require every criminal defendant who viewed the much-publicized Snowden documents on the internet to review his discovery in a

2

*United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC); August 2, 2021 letter from *pro se* defendant

SCIF, especially if his case had nothing to do with classified materials (drugs, taxes, etc…)? It would be absurd to do so, and accordingly this server must be produced in unclassified discovery—but it should at least be produced *somewhere* since it has not even been produced in the SCIF. Additionally, the government never produced the home desktop or the WikiLeaks documents from the internet in unclassified format for discovery review. UNTIL THE GOVERNMENT COMPLETES ITS OBLIGATION FOR DISCOVERY AND ALLOWS REASONABLE TIME FOR THE DEFENSE TO REVIEW THIS DISCOVERY, THERE CAN BE NO TRIAL.

   5. *Motion for Sentence.* It is clearly established law that a partial conviction severs the convicted counts from the remaining hung counts. Accordingly, this Court must schedule sentencing on the two convicted counts. This motion must be resolved before trial, and any denial will result in an interlocutory appeal, as the right to be sentenced before re-trial is an asserted right that cannot otherwise be resolved after re-trial.

   6. *Motion to Vacate Special Administrative Measures and Indefinite Solitary Confinement as Unconstitutional.* Indefinite solitary confinement is clearly established torture that indisputably causes permanent psychological damage. This motion is subject to interlocutory appeal, and must be resolved completely before trial.

   7. *Motion for Effective Self-Representation.* This motion, filed today, seeks basic knowledge and legal tools necessary for any legal practice in the United States. **This motion is impeding the trial**. There can be no progress in this criminal case until these issues are resolved. This motion is subject to interlocutory appeal as it asserts a right to effective self-representation that cannot be vindicated after trial.

   8. *Motion to Compel the MCC to Deliver All Court Correspondence and Legal Mail Promptly.* This motion, also filed today, seeks an end to the MCC's deliberate delay and obstruction of this case. The right of access to the courts requires a right of contemporaneous access since access every three months is the same as a denial of access at all. Denial of this motion may result in an interlocutory appeal or Writ of Mandamus, depending on this Court's reasoning for failing to preserve the right of access to the courts.

   Due to the pandemic or other reasons, this case has been neglected for over a year. There has been no progress, and the defense has been unable to review classified discovery at the SCIF or even unclassified discovery. Three motions are currently roadblocks to any progress in this case; until these critical issues are resolved, there can be no progress at all. Five of the eight motions are subject to interlocutory appeal, and the remaining subject to Writ of Mandamus.

                                                           Respectfully submitted,

                                                           Joshua Adam Schulte, *pro se*