Joshua Adam Schulte, *pro se*

August 3, 2021

Judge Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC)

Dear Judge Crotty:

      I write in response to the government's letter dated July 29, 2021, and to address SCIF issues.

      I believe the government's interpretation of this Court's Order dated July 27, 2021 is incorrect. Clearly, merely requesting someone from the Civil Division to monitor the call without imposing wall requirements does nothing—the result is not a "special" call. The defense requested, and this Court concurred that the phone call should be "special" in that it is subject to wall requirements. The FBI and AUSAs working on this criminal case should not have access to the phone call. Note that the government claims "all [other] inmate calls with family members… are non-privileged and lawfully subject to monitoring and recording, even in the absence of SAMs;" however, the government did not mention that every other inmate at the MCC receives regular privileged, private in-person visitations whereas I do not. Assuming my interpretation is correct, I ask the Court to reiterate it to the government and ensure that the special call is subject to wall requirements.

      Second, I want to notify the Court that many classified motions filed in my case were not docketed even in redacted or restricted format. This will cause numerous issues on appeal as the record is incomplete. I ask the Court and the government to review your records and at least update the docket to indicate classified motions were filed in the case. I will work on Thursday to identify these motions and potentially submit a classified motion with the missing motions as exhibits.

      Next, I want to update the Court on the SCIF. The government did not take me to the SCIF last week at all despite their claims in their previous letter. Additionally, today was delayed for over two and a half hours. Hopefully, as we work into a schedule there will be no further issues.

      I also wanted to request the Court to order future SCIF appointments proceed without chaining me to the floor like a dog. In the past, the Marshalls have chained me to the floor with about a two-foot leash; I remain leg cuffed as well. However, this is not necessary and further impedes my ability to access all resources in the SCIF. As an initial matter, this Court found in all bail applications that I am not a flight risk. Furthermore, there is a representative from the FBI *and* U.S. Marshall Services watching 24-7 from a room right outside the SCIF. Finally, the leg cuffs make it nearly impossible to move anyway. Hence, there is no need for the leash. I have worked in the SCIF for several years now without a single incident. There has never been any

*United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC); August 3, 2021 letter from *pro se* defendant

issue at all between myself and the Marshalls, who, unlike employees of the Bureau of Prisons, are professional and respectful. Moreover, note that the Marshalls do not chain me to the floor during Court appearances, and there are many more safeguards in place at the SCIF—it is therefore arbitrary and unnecessary to continue.

Finally, the biggest issue is the leash does not facilitate full access to the SCIF. While this did not cause many problems when I was represented by counsel, now it is a monumental problem. I cannot access the other computer systems that maintain special work environments, I cannot access the cabinets and drawers to search and obtain the specific discovery that I need, I cannot utilize the copiers and scanners to make exhibits. These problems greatly hinder my ability to effectively represent myself.

Respectfully submitted,

Joshua Adam Schulte, *pro se*