Joshua Adam Schulte, *pro se*

August 10, 2021

Judge Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC)

Dear Judge Crotty:

I write to request an adjournment of trial, currently set for October 25, 2021.

Since the first trial ended in a hung jury, the defense moved for an adjournment twice. The retrial was initially set after a November 4, 2020 hearing for June 7, 2021. See Transcript, Dkt. 438. The defense moved for a two week adjournment of trial on January 7, 2021, Dkt. 445, that was granted the next day, Dkt. 446. The defense moved for an adjournment of trial until October 25, 2021 on March 22, 2021, Dkt. 457, that was granted the next day, Dkt. 458.

Despite the fact it was the defense who moved for a trial adjournment both times, the government bears the brunt of the responsibility. The defense had no choice but to move for an adjournment because the government failed to re-establish SCIF appearances. During the period immediately following the first trial on March 9, 2020 until August 3, 2021, I was unable to assist in my own defense—unable to review classified discovery at all including the publicly released Wikileaks documents; *17 wasted, unproductive months*. There never could have been a trial on June 7, 2021, June 21, 2021, or even October 25, 2021 because the government simply neglected to perform its duties and permit me access to review discovery to prepare for the re-trial.

Additionally, the government failed in its obligation to produce *unclassified* discovery. First, the government failed to produce SRV01, one of the home servers seized from my apartment, until January 6, 2021. See Ex. A. Second, the government failed to produce SRV02, the primary server seized from my apartment. To date, the government has yet to produce the server at all. There are discovery requests for this critical server at least as far back as September 26, 2019, Ex. B, and almost certainly even further. Third, the government failed to produce the home desktop. Fourth, the government failed to produce the public Wikileaks files in unclassified format—resulting in my inability to review this evidence at all. Fifth, the MCC arbitrarily, severely restricted my ability to review unclassified discovery from 24 hours a day, 7 days a week permitted in general population to 2 hours a day, 2 days a week permitted in the SHU. This restriction, still in place today, has devastated my ability to assist in my own defense. Sixth, the government refuses to produce the forensic images of the alleged crime scene—evidence it is required to produce under Fed. R. Crim. P. 16(a)(1)(E)(i), (ii), and the Due Process Clause of the Fifth Amendment. There is no possible way an experienced trial lawyer could go

to trial in October without review of this critical discovery, let alone me acting *pro se*. Two and a half months is simply not enough time for me to prepare for trial—especially considering the government's failure in its obligation to produce discovery, for which there is no excuse.

Finally, there is another critical issue outstanding—my previous counsel never retained an expert for trial. Although now *pro se*, I maintain the Constitutional guarantee that the Courts provide me with an expert of my choosing. How am I supposed to find an expert while I am tortured in solitary confinement and denied access to search for an expert? This is an issue that we must address long in advance of trial.

Alternatively, I would be prepared for an October 25, 2021 re-trial on the MCC counts. The government is using the MCC counts as an excuse to torture me in indefinite solitary confinement on SAMs since there is no such thing as a presumption of innocence in this country anymore (See outstanding motion to vacate SAMs and torture, Dkt. 474); however, the government is simultaneously failing to produce unclassified discovery and classified discovery that I require to defend myself on the Wikileaks charges. It is unfair to hold my life hostage and torture me for the government's failure. The MCC counts are nothing more than a ruse, and as a forthcoming motion will prove—all the alleged "NDI" from the MCC charges was already public information and therefore a jury must be directed to acquit. Hence, I ask the Court to reconsider the severance motion of the MCC charges (which was denied due to the Court's ire of three separate trials, whereas it will now occur anyway due to the hung jury at the first trial).

Regardless of the Court's decision on severance, all of the outstanding issues disclosed herein will need to be addressed before a trial date for the Wikileaks charges can be set. Therefore, I move for an adjournment of trial until these issues are resolved.

Respectfully submitted,

Joshua Adam Schulte, *pro se*

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 18, 2020

RCVD 1/7 Thurs

Via Email
Sabrina Shroff, Esq.
Edward Zas, Esq.

**Re: *United States* v. *Joshua Adam Schulte*, S3 17 Cr. 548 (PAC)**

Dear Counsel:

Pursuant to your request, we are providing a drive to your client (Reg. No. 79471-054) at the Metropolitan Correctional Center that contains the Plex Server seized in 2017.

Very truly yours,

AUDREY STRUASS
Acting United States Attorney

by: [signature]
David W. Denton, Jr.
Matthew Laroche
Sidhardha Kamaraju
Assistant United States Attorneys
(212) 637-2420 / 6523

Cc: Nicole McFarland (via email)
*MCC Counsel*

BP-A0331 AUTHORIZATION TO RECEIVE PACKAGE OR PROPERTY CDFRM
JUN 10
U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

| Name and Address of Person Sending Package | EXPIRATION DATE |
|---|---|
| Name: LEGAL DEPARTMENT | N/A<br>This Authorization Is Not Valid After The Date Shown. |
| Address: MCC NEW YORK<br>150 PARK AVE | Enter Inmate Name, Register No., and Institution Address Here:<br>J. Schulte<br>79471-054 |
| City: NY State: NY Zip Code: 10007 | |

THE NAMED INMATE IS AUTHORIZED TO RECEIVE (specify below):
You are authorized to send the following personal property. **PLEASE NOTE:** Including unauthorized materials in the package will result in the entire package being returned undelivered.

| QUANTITY | ITEM AND DESCRIPTION (INCLUDED STATED VALUE) | DISPOSITION |
|---|---|---|
| 1 | HARD DRIVE | K |
| 1 | USB CORD FOR HARD DRIVE | |
| | | |
| | | |
| | | |
| | | |
| | | |

**SPECIAL INSTRUCTIONS:** The inmate will mail copy #3 and copy #4 to addressee. The addressee may retain copy #3 but must include the copy #4 in the package. The material must also be received prior to the Expiration Date shown above.

DISPOSITION: **S** = Storage; **D** = Donated; **K** = Keep in Possession; **M** = Mail; **C** = Contraband

**ENTER SIGNATURE, TITLE AND DATE OF APPROVING OFFICIAL - APPROVING OFFICIAL ALSO ENTERS EXPIRATION DATE, above.**

[signature] (Signature and Title) 1/6/2021 (Date Approved)

**INSPECTION AND RECEIPT**

Completed by Inspecting Staff

Status/Condition of Property Received:

Inspected and cleared for issue: [signature] (Staff Signature) 1/6/2021 (Date)

(Inmate Signature Upon Receipt) (Date)

The Original, Copy 1 and Copy 2 remain together until fully completed. Copy 3 and Copy 4 are forwarded to addressee by inmate. Original- Central File; Copy 1- R&D Property File; Copy 2- Inmate; Copy 3- Addressee to keep; Copy 4- Addressee place in package

# EXHIBIT B

Federal Defenders
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

September 26, 2019

Matthew Laroche & Sidhardha Kamaraju
United States attorney's Office
Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

Re: United States v. Joshua A. Schulte, 17 Cr. 548, (PAC)

Could you please provide us with the following?

1. Full file listing and associated metadata on ESXi server (e0022_rm9w89a_dell_raid10-logical)
2. Vmware configurations for all the virtual machines on ESXi server.
3. UUID of each virtual disk on ESXi server.
4. UUID of each physical disk on ESXi server.
5. Contents of /etc/fstab from ESXi server.
6. Starch backup files. We have been provided two Confluence backups (20160416_Confluence and 20160425_Confluence), but not the Stash backups. The government should provide the two Stash backups (20160416_Stash and 20160425_Stash) or state that they do not believe Mr. Schulte leaked any Stash information.
7. Schulte's home server: QNY56_SC48_SRV02_RAID.
8. The 302s for the witnesses that the government has spoken to recently.

Respectfully submitted,

/s/Sabrina Shroff & Edward Zas
Counsel for Joshua Schulte

cc: All Cleared Counsel

Josh Schulte #79471054
MCC
150 Park Row
NY, NY 10007

NEW YORK NY 100
19 AUG 2021 PM 6 L



ATTN: Judge Crotty, Case # 17-cr-548
Pro Se Intake Office
United States District Court
500 Pearl Street
NY, NY 10007

10007-131608