Joshua Adam Schulte, *pro se*

August 27, 2021

**BY HAND**

Judge Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC)

Dear Judge Crotty:

I was notified yesterday that the government expects to file responses for all outstanding motions by Friday, September 3, 2021 (likely does not include a response to my bail motion filed the 24th). In my August 17, 2021 letter to the Court (which it appears the Court has not yet received) I notified the Court that the government's failure to respond to the pending motions should result in the preclusion of any response since they only have 14 days to respond or ask the Court for an extension in accordance with the Local Rules of Criminal Procedure; these rules are not abandoned when a defendant proceeds *pro se*. Accordingly, I object to allowing the government to respond to any motion filed months ago that the government willingly chose not to respond. For whatever motions the Court permits the government to file responses, I intend to file reply briefs. Not including the bail motion, there are 7 outstanding motions with no government response; the government has had 6 months to review most outstanding motions. I request at least until Friday, October 1, 2021 to file 7 Reply motions. Some replies have already been drafted in anticipation of government arguments, but for those that have not, it may take considerably longer for me to review case law and draft replies. See MOTION FOR EFFECTIVE SELF-REPRESENTATION, Dkt. 490 at 15 (Assuming a conservative estimate of 8 hours of law review to draft a reply will take 8 weeks since I only get one hour per week of law review).

I also wanted to summarize most outstanding non-motion requests as some of them are contained in letters with multiple topics:

1. **Request the Court authorize free movement within the SCIF with only leg restraints**

See letter dated 8/3/2021, Dkt. 489:

> I also wanted to request the Court to order future SCIF appointments proceed without chaining me to the floor like a dog. In the past, the Marshals have chained me to the floor with about a two-foot leash; I remain leg cuffed as well. However, this is not necessary and further impedes my ability to access all resources in the SCIF. As an initial matter, this Court found in all bail applications that I am not a flight risk. Furthermore, there is a representative from the FBI and U.S. Marshal Services watching 24-7 from a room right

outside the SCIF. Finally, the leg cuffs make it nearly impossible to move anyway. Hence, there is no need for the leash. I have worked in the SCIF for several years now without a single incident. There has never been any issue at all between myself and the Marshals, who, unlike employees of the Bureau of Prisons, are professional and respectful. Moreover, note that the Marshals do not chain me to the floor during Court appearances, and there are many more safeguards in place at the SCIF—it is therefore arbitrary and unnecessary to continue.

Finally, the biggest issue is the leash does not facilitate full access to the SCIF. While this did not cause many problems when I was represented by counsel, now it is a monumental problem. I cannot access the other computer systems that maintain special work environments, I cannot access the cabinets and drawers to search and obtain the specific discovery that I need, I cannot utilize the copiers and scanners to make exhibits. These problems greatly hinder my ability to effectively represent myself.

**GOVERNMENT RESPONSE:** The government appears to object to this request claiming that the use of restraints are a "security measure." As I explained, this is arbitrary and not related to any legitimate penological interest considering I am leg cuffed and members of the U.S. Marshals and FBI are watching 24-7 right outside. As I am not a flight risk nor have I ever been accused of any physical harm to so much as a fly, these leg cuffs should be sufficient. Additionally, I am unable to access computer systems and data on the stationary desktop and other resources—it is not a matter of merely asking standby counsel to be my butler, but I simply cannot access resources confined in this manner.

2. **Request procedure for filing and docketing both unclassified and classified filings**

See letter dated 8/5/2021 (document apparently lost and never filed):

Any letters or motions I mail to the Court appear to be delayed by weeks (See letter dated 8/9/21 docketed 8/23/21) or are lost (8/5/2021 and 8/17/2021 letters missing from docket). Instead of mailing letters and motions that takes weeks and money for stamps that I cannot afford, I request the Court provide an easy alternative based on the SCIF to either (i) permit me to "file" letters and motions by placing them in the bin outside the SCIF and notifying the Court for an assistant to retrieve and docket or (ii) compel the government to retrieve the letters and motions placed in the bin, which effectuates service, and also to docket them with the Court.

Additionally, what is the process for filing classified motions or exhibits?

3. **Request classification review of docketed motions, letters, and other filings**

See letter dated 8/9/2021, Dkt. 494:

> I write to request the government undertake a new classification review of the filed motions and orders docketed as "classified filings," e.g. Dkts. 306-316. Upon review, most of these filings are unclassified, and many classified have since had their content declassified pursuant to CIPA and declassifications for trial and are therefore no longer classified. Since these documents are judicial documents with a First Amendment presumption of access, the difficulty and hardship for me to actually review these documents in classified format, and finally the need to reference and include these filings in new motions and court filings—filings that would otherwise be unclassified if not for the stale no-longer-classified materials—the Court should order the government to review all classified documents from the docket and declassify documents no longer classified—or, at least provide unclassified versions with the classified content redacted.

**GOVERNMENT RESPONSE:** The government appears to ask for specific filings for review. Since I do not have access to all the filings in my docket (see request below), I cannot determine which docket number applies to which specific filing nor do I have the appropriate filings. Additionally, my request is for ALL classified entries in the docket to be reviewed; these are judicial documents with a First Amendment right to public access, the materials have been declassified since trial, and I wish to file motions and letters with these documents as attachments. There are not that many classified filings—the government should simply perform a new classification review and release the documents as unclassified or redact the remaining classified information.

4. **Request electronic docket including all filed documents**

Also in 8/9/21 letter, Ibid:

> Finally, I ask the Court to provide me with a complete electronic docket, including all the associated filings. I do not have most filings in this case, and since I am now pro se, I require access to the entire docket and all associated filings. I cannot otherwise obtain this information for myself. I also request copies of all the classified filings for my review at the SCIF—my previous counsel's records appear incomplete as new filings were simply overwritten on the old motions and court filings. Accordingly, I require not only a complete electronic docket and all associated unclassified filings for my review in my torture cage at the MCC, but also a complete electronic docket and all associated classified filings for review at the SCIF.

NOTE: This request is for an *electronic* copy, to be delivered on a CD/DVD, so that I can review all filings electronically, search, sort, copy, paste, etc. that is otherwise impossible with printed documents.

**GOVERNMENT RESPONSE:** The government does not appear to respond to this request, and I am unsure who this task should fall to. I don't think there is any dispute that I need access to all filings in my docket, and paper copies are too much for me to have in my cell at the MCC and

are not easily searched. I ask the Court to task someone with delivering me all unclassified and classified filings from the docket in an electronic format, such as on a CD/DVD.

\*\*\*

**Respectfully submitted,**

Joshua Adam Schulte, *pro se*