

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 31, 2021

**BY ECF**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

  Re: *United States v. Joshua Adam Schulte*,
     S3 17 Cr. 548 (PAC)

Dear Judge Crotty:

  The Government respectfully submits this letter to request an order from the Court with respect to the scope of the defendant's standby counsel responsibilities, specifically, standby counsel's role in facilitating the defendant's communications with the Government. Because the defendant is now *pro se*, he no longer has the assistance of counsel in communicating with the Government on his behalf and, because he is subject to SAMs, he does not have the ability to use ordinary means of delivery. Standby counsel, however, is available to "assist[] the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task." *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1980). This assistance to overcome a routine obstacle, namely, the defendant's delivery of correspondence concerning this prosecution to the Government, is required here. Because standby counsel has refused to assist the defendant—asserting inaptly that standby counsel does not work for the government—the Government seeks the Court's assistance.

  By email dated August 24, 2021, standby counsel advised the Government that the defendant had left correspondence for the Government in the courthouse outside the Sensitive Compartmented Information Facility ("SCIF") and that it had been there for a week. As described below, the courthouse hallway is not a mailbox and the Government cannot accept service of letters, motions, or filings by leaving them in the courthouse hallway.[1] The Government does not know if the defendant has left other documents in the courthouse hallway intended for the Government or, if so, for how long they were unattended. The Government has

---

[1] Rules of service require delivery to the recipient or an authorized representative. *See, e.g.*, Fed. R. Civ. P. 5(b); Local Civil Rules 5.2 & 5.3.

suggested several proposals for the defendant to send mail relating to this case, all of which have been rejected by standby counsel.[2]

By way of background, the defendant is produced to the SCIF approximately twice weekly to review classified discovery in preparation for trial. He is monitored by USMS and FBI personnel for security purposes. The defendant is accompanied at all times by standby counsel or by cleared paralegals under the supervision of standby counsel. The courthouse SCIF and the hallway outside are controlled by the court. The courthouse itself is open to the public. The Government does not have access to the SCIF, does not attend or monitor the SCIF facility, and has no control over the hallway or over access to the hallway. We understand that a chair has been placed outside the SCIF with a bin on the seat so that counsel and cleared paralegals can leave their phones outside the SCIF. The bin is not monitored or secured in any way.

For these reasons, the Government cannot accept leaving mail in the courthouse hallway as effective service on the Government. The Government cannot accept responsibility for the defendant's documents merely by virtue of his placing them in a temporary bin set up in the hallway to hold counsel's phones. It is also not secure for an inmate under SAMs, based on his repeated disclosures and attempted disclosures of classified information, to leave correspondence or documents unattended in the courthouse hallway.[3] The Government has suggested several reasonable proposals for the defendant to deliver correspondence:

> (1) First, standby counsel—who is present with the defendant at the SCIF during all of his visits, personally or though paralegal staff—can scan and email correspondence to the AUSAs assigned to this matter. Standby counsel already scans and files the defendant's letters and motions to the Court by ECF, and have filed approximately nine motions and letters on his behalf to date. *See, e.g.*, D.E. 488, 489, 490, 491, 493, 494, 495, 496, & 497. Accordingly, standby counsel's emailing letters to the Government on the defendant's behalf appears to be a minimal additional burden in order to ensure the defendant's ability to communicate with the Government about his case.
>
> (2) Second, correspondence can be delivered to the U.S. Attorney's Office space on the 5th floor of the courthouse, so long as staff is present to accept it.
>
> (3) Third, correspondence can be delivered to the U.S. Attorney's Office at One St. Andrew's Plaza, which is one block from the courthouse and staffed at all hours.
>
> (4) Fourth, standby counsel can notify the Government that they have a letter from the defendant and, if personnel are available, the Government as a courtesy will collect the correspondence from standby counsel.

---

[2] In addition to written communications, the defendant can request phone calls to address any matters that cannot be addressed through correspondence, with advance scheduling.

[3] "Despite escalating restrictions on Schulte's freedom prior to his isolation in 10 South, Schulte continued to flout Court orders and his bail conditions, protective order, BOP rules, and procedures for handling classified information." D.E. 127 at 8.

The Government has requested the courtesy of notification by email of any deliveries to the U.S. Attorney's Office space at the courthouse or One St. Andrew's Plaza to ensure that delivery to the responsible AUSAs is not delayed because of COVID-19 teleworking protocols. Documents should not be left in the courthouse hallway overnight or unattended.

Standby counsel has rejected each of these proposals. The only argument standby counsel has offered is that "[w]e do not work for you," meaning the Government. Counsel states that the defendant will call the Government to give notice that he has left correspondence in the hallway. Standby counsel has offered no proposals of their own to facilitate the defendant's ability to send correspondence relating to his case. Standby counsel has also sought to instruct courthouse and USMS personnel that any documents the defendant places in the bin must be left there after the defendant is returned to the MCC.

For the reasons described above, the defendant's attempt to serve documents on the Government by leaving them in the courthouse hallway is unreliable, unsecure, inappropriately shifts the burden of mail delivery from the sender to the recipient, and inappropriately treats the courthouse hallway as a post office. It is not consistent with any rule of service. Standby counsel's contention that the Government's reasonable proposals amount to "working for the Government" misapprehends the issue. The role of standby counsel is to assist the *defendant*. The defendant appears unable to effectively serve the Government and his proposal to "deliver" mail by leaving it in a courthouse hallway is inadequate and inappropriate. However, just as standby counsel is available to assist the defendant with court filings, standby counsel also is available to assist the defendant in overcoming his inability to effectively deliver correspondence relating to his prosecution to the Government. The Government has offered several proposals to do so that are reasonable and minimally burdensome. The Government respectfully submits that standby counsel's position is inconsistent with the defendant's ability to effectively serve written communications, with the Court's order appointing standby counsel, and with the orderly progress of this case.

For the foregoing reasons, the Government respectfully requests that the Court enter an order clarifying that assisting the defendant with the delivery of correspondence relating to this case to the Government is within the scope of the order appointing standby counsel. The Government regrets the necessity of bringing this matter to the Court's attention.

        Respectfully submitted,

        AUDREY STRAUSS
        United States Attorney

By:     /s/
        David W. Denton, Jr. / Michael D. Lockard
        Assistant United States Attorneys
        212-637-2744/-2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by hand, via MCC Legal)