

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 3, 2021

**VIA ECF**
The Honorable Paul A. Crotty
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Schulte*, No. 17 Cr. 548 (PAC)

Dear Judge Crotty:

    We are Assistant U.S. Attorneys in this Office's Criminal and Civil Divisions. This Office's Civil Division represents the United States, as well as its employees sued in their official capacity, in habeas petitions challenging conditions of confinement and seeking relief under 28 U.S.C. § 2241. We write in response to *pro se* defendant Joshua Schulte's "motion for reconsideration of petition for writ of habeas corpus to modify conditions of confinement pursuant to 28 U.S.C. § 2241 and motion for release." Dkt. No. 456.

    On February 9, 2021, this Court correctly held that the "proper vehicle for a challenge to a BOP placement decision is a 28 U.S.C. 2241 petition brought as a separate civil action, not a motion filed in an underlying case." Dkt. No. 453. Schulte has now moved for reconsideration of this decision. "Courts consider criminal motions for reconsideration under 'largely the same' standards as the equivalent civil motions." *United States v. Lindsey*, 13 Cr. 271 (LTS), 2021 WL 2186975, *1 n.1 (S.D.N.Y. May 28, 2021) (citation omitted). "The standard for granting motions for reconsideration is strict, and a court may grant reconsideration only where the moving party demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Alvarez-Estevez*, 13 Cr. 380 (JFK), 2014 WL 12681364, *1 (S.D.N.Y Nov. 6, 2014) (citation, quotation omitted).

    Schulte's latest submission fails to meet this high bar. He has identified no intervening change in controlling law or the availability of new evidence. He likewise has not identified any need to correct a clear error or prevent manifest injustice. We have no objection to the commencement of a new civil action by Schulte, as the Government has previously noted, where he may assert his claims regarding his alleged conditions of confinement.[1] We also understand that Schulte has successfully commenced a number of separate civil lawsuits that relate to his alleged

---

[1] Schulte also notes that this Court has administratively stayed one of his pending civil actions until the resolution of this criminal case. Although the Second Circuit dismissed Schulte's appeal of that decision, Schulte has not, however, subsequently filed any motion in that case seeking to lift that stay. *See* Docket Sheet, *Schulte v. Attorney General of the United States,* 19 Civ. 3346 (S.D.N.Y.).

conditions at MCC. *See, e.g.,* Case Nos. 21 Civ. 5851 (S.D.N.Y.) (PAC), 21 Civ. 6504 (S.D.N.Y.) (PAC), 21 Civ. 4042 (S.D.N.Y) (PAC). Further, the Criminal Division AUSAs assigned to this case are addressing any issues affecting Schulte's ability to prepare an adequate defense in this prosecution, such as issues relating to legal mail in this criminal action.

In addition, although Schulte points out that certain district courts in this Circuit and District have reviewed conditions of confinement challenges in the context of criminal cases, *see* Dkt. No. 256 at 2, none of the cited decisions analyzed the threshold jurisdictional issue arising out of the Supreme Court's instruction in *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), and previously identified by the Government here, *see* Dkt No. 450. The remainder of Schulte's motion primarily focuses on his claims regarding his conditions. As this Court has already held, the proper vehicle for such claims is a separate civil case.

We thank the Court for its consideration of this matter.

    Respectfully,

    AUDREY STRAUSS
    United States Attorney

By:   /s/ Charles S. Jacob
    CHARLES S. JACOB
    MICHAEL D. LOCKARD
    DAVID W. DENTON, JR.
    Assistant United States Attorneys
    Tel: (212) 637-2725/2193/2744
    charles.jacob@usdoj.gov
    michael.lockard@usdoj.gov
    david.denton@usdoj.gov

cc:  Standby counsel (via ECF)
    Joshua Adam Schulte (via MCC Legal)