**SABRINA P. SHROFF**  
ATTORNEY AT LAW

80 BROAD STREET  
NEW YORK, NEW YORK 10007  
TELEPHONE: (646) 763-1490

September 10, 2021

**Via ECF**

Honorable Paul A. Crotty  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re:   *United States v. Joshua Adam Schulte*, 17 Cr. 548 (PAC)

Dear Judge Crotty,

We write in response to the government's letter dated August 31, 2021 and ask the Court to consider adopting the following protocol, which will allow Mr. Schulte, a *pro se* defendant, to function as counsel in his case.

Telephone Calls:

1. The government and Mr. Schulte are to have a telephone call twice a month to meet and confer about discovery and other issues, prior to involving the Court. The call will take place on Tuesdays at 11:00 a.m. or at any other time convenient for the government, but at a set time when Mr. Schulte is at the SCIF.

2. Present on the call will be a member of the government's trial team. The government may have whomever it wishes on the telephone line, but it shall not require Mr. Schulte to give advance notice of the call to the government.

3. Whoever is present in the SCIF with Mr. Schulte will place the call to the government, but Mr. Schulte will not be required to have a "lawyer" present during the call as he is the lawyer on the case. Setting up a twice a month telephone call between the parties will eliminate the need for protracted pre-scheduling email exchanges and telephone calls.

4. Should the government or the CISO object to telephone call being placed from the SCIF, the government and BOP should arrange for the call to take place from the MCC or the MDC should Mr. Schulte be moved as a result of MCC's looming shutdown.[1]

Mail:

5. Should Mr. Schulte have a *non-classified* letter missive/mail for the government he may, before he enters the SCIF, leave it in the box that sits outside of the SCIF. Throughout the last five years (i.e., the pendency of this case), counsel for both sides have used this method to leave mail/*non-classified* discovery for each other. CISO Hartenstine has

---

[1] CISO Hartenstine has been provided with a copy of these protocols and has to date not voiced any objections.

Honorable Paul A. Crotty                                                         September 10, 2021
Judge, Southern District of New York                                              Page 2

    informed us that a document becomes "presumptively classified" once it enters the SCIF, and to avoid classification review, Mr. Schulte's letters to the government must not enter but must be left outside the SCIF.

6. The government – whose paralegals, clerks and other personnel go back and forth from 1 St. Andrews Plaza to 500 Pearl Street -- may pick up the *un-classified* mail between SCIF hours which are 10:00 a.m. and 2:30 p.m., at which time Mr. Schulte leaves the SCIF.

7. If the government is unable to retrieve its *un-classified* mail between 10:00 a.m. and 2:30 p.m., the FBI agent who sits outside the SCIF can deliver it to the government or a member of the defense team can leave it at the government's fifth floor offices at 500 Pearl Street. Service at this location would be proper under any scenario and the government may make its own arrangements with its staff.

8. The government may drop off *non-classified* mail for Mr. Schulte in the same box that sits outside of the SCIF on any day of the week that Mr. Schulte is scheduled to be there.

9. To the extent the government has any *classified* disclosures it wishes to make, it can do so by knocking on the SCIF door and giving the classified disclosures to whoever is in the SCIF with Mr. Schulte on that given day.[2] Alternatively, the government may provide notice and the defense will make arrangement to retrieve it from the government.

10. Should Mr. Schulte have any *classified* disclosures he wishes to make, he will inform standby counsel. Standby counsel will then notify the CISO and government counsel. Cleared standby counsel will then deliver the *classified* disclosures to cleared counsel for the government or make arrangements to have the *classified disclosure* picked up from a SCIF or a cleared member of the defense team.

Classification Review:

11. Standby counsel will seek clarification on classification maters from the CISO. The CISO shall provide to the CIA questions regarding classification in a timely manner. The CIA will have 14 days to respond to Mr. Schulte's questions on whether a fact is or is not classified. This was the time frame the Court previously set for classification review.

Classified Filings:

12. Stand by counsel will undertake service and filing obligations for all classified filings in this case.

---

[2] Standby counsel has contracted with a cleared paralegal who has agreed to be present with Mr. Schulte at the SCIF twice a week. The paralegal is not employed by any of the lawyers who are stand by counsel and he has no office from which he is able to scan and email letters to the government.

Honorable Paul A. Crotty  September 10, 2021
Judge, Southern District of New York  Page 3

This letter formalizes what prior government counsel and defense counsel used (other than the weekly phone calls) and it worked well. We hope that it works well now.

                                   Respectfully submitted,

                                   /s/

                                   Deborah A. Colson, Sabrina P. Shroff
                                   Standby Counsel for Joshua A. Schulte

cc: Joshua A. Schulte
    Government Counsel