UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JOSHUA ADAM SCHULTE,

         *Defendant.*

S3 17 Cr. 548 (PAC)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF PETITION FOR WRIT OF HABEAS CORPUS TO MODIFY CONDITIONS OF CONFINEMENT PURSUANT TO 28 U.S.C. § 2241 AND MOTION FOR RELEASE**

 

Joshua Adam Schulte
Slave #7947105
Metropolitan Concentration Camp (MCC)
150 Park Row
NY, NY 10007

## I.     PRELIMINARY STATEMENT

Mr. Schulte's opening memorandum demonstrated that this Court has proper jurisdiction over the pretrial petition for a writ of habeas corpus. In response, the government merely ignores Mr. Schulte's arguments and incorrectly reasserts that he must file a separate civil action without precedent.

## II.     JURISDICTION AND LAW OF THE CASE

### A.     The Court should not consider the Opposition Motion

Mr. Schulte filed the Reconsideration Motion March 4, 2021. Dkt. 456. In accordance with Local Crim. R. 49.1(b), "[a]ny opposing papers shall be filed and served within 14 days after service of the motion papers." The government finally filed its opposition on September 3, 2021; 5 months, 4 weeks, and 2 days, or 182 total days later. Thus, their opposition is 168 days late. The government offers no excuse for the untimeliness of their opposition motion except, it seems, that they are the government, and may do as they please. This untimeliness is unprecedented and should not be excused simply because the government is lazy.

### B.     The Court should consider the Reconsideration Motion

The government argues in its Opposition Motion that the standard for reconsideration is unmet. However, as Mr. Schulte explained in the Reconsideration Motion, "Joshua Adam Schulte filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to modify unconstitutional conditions of confinement on January 15, 2021. The government responded on January 27, 2021. Mr. Schulte intended to file a Reply, but due to the FBI's interception and deliberate delay of all legal mail (which is one of the critical issues raised in this motion), he did not receive the government's response until February 23, 2021—at

1

which point this Court already issued an order dismissing the motion without prejudice (February 9, 2021), instructing Mr. Schulte to file a separate civil action." Due directly to the MCC's delay of court correspondence (See Motion to Compel the MCC to Deliver All Court Correspondence and Legal Mail Promptly, Dkt. 491), Mr. Schulte was deprived of his ability to file a reply. The Court, unaware of this intention and the MCC delay issue, filed its order and opinion after the deadline for a reply expired. Accordingly, the Court should consider this motion due to the MCC's deprivation of Mr. Schulte's right of access to the courts and inability to receive mail from the court to properly file a timely reply.

### C. This Court must review this petition as a civil court is *precluded from granting the requested relief*

The government ignores Mr. Schulte's reconsideration motion and merely restates its position, once again referencing *Rumsfeld v. Padilla*, 542 US 426 (2004). As explained in the reconsideration motion, *Rumsfeld* merely establishes that if Mr. Schulte were to file a separate civil action, he must name the prison's warden as the respondent and file it in the prison's district—it does not establish that a criminal defendant *must file a separate civil action*. The government's reliance on this decision here is inapposite and absurd. Mr. Schulte cites cases from 2005 and 2007, years after the *Rumsfeld* case, in which neither the government nor the Courts referenced *Rumsfeld* as it is entirely irrelevant. Instead, the district courts in this Circuit **have all concluded that challenges to pretrial conditions of confinement are properly addressed at the criminal district court**. "While BOP contends that because [defendant] has not been released on bail, the Court lacks jurisdiction to monitor the conditions of his confinement under the Bail Reform Act of 1984 ("BRA"), 18 U.S.C § 3141-3150, this contention ignores the Court's jurisdiction to entertain a habeas petition challenging the conditions of pretrial

confinement." *United States v. McGriff*, 468 F. Supp. 2d 445, 447 (E.D.N.Y. 2007); "The courts of this circuit consistently have held that a habeas petition is the appropriate vehicle for prisoners challenging their placement in pretrial administrative detention and seeking release into general population." (collecting cases) *United States v. Basciano*, 369 F. Supp. 2d 344, 348 (E.D.N.Y. 2005).

Finally, not only does this Court have jurisdiction over these issues, *but a separate civil court specifically does NOT have jurisdiction*. Mr. Schulte seeks modification of the conditions of confinement, or, *release from pretrial detention* if the government refuses to do so. Indeed, this is the conclusion reached by Judge Paul Oetken when Mr. Schulte sought a separate civil action. See *Joshua Adam Schulte v. William Barr*, 20-CV-9244 (JPO) (S.D.N.Y. Dec. 7, 2020) ("This petition requests intervention in Schulte's pending criminal proceedings. Because the Court will not intervene in those proceedings under the doctrine established in *Younger v. Harris*, 401 US 37 (1971), the petition is denied."). Dkt. 5 at 2. Accordingly, since Mr. Schulte requests *intervention in his criminal case, Younger v. Harris* firmly establishes that no court except this court has jurisdiction.

### III.   MR. SCHULTE MUST BE RELEASED FROM UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

The government relentlessly pursued dismissal of this motion on jurisdictional grounds because the government's position is indefensible. There is absolutely no defense for subjecting Mr. Schulte to the cruel and unusual torture that neither the SAMs require nor any other inmates in pretrial detention are subject. Accordingly, as the government offered no defense for its torture, this Court should rule in Mr. Schulte's favor and grant the requested relief from the unconstitutional conditions or release from pretrial detention.

## IV.   CONCLUSION

The Court should reconsider its dismissal of Mr. Schulte's January 15, 2021 Petition for Writ of Habeas Corpus to Modify Conditions of Release Pursuant to 28 U.S.C. § 2241. Upon review of the merits, this Court should rule that the Metropolitan Correctional Center imposed unconstitutional conditions of confinement upon Mr. Schulte, and should order relief from all issues. Alternatively, if the government refuses to relieve the unconstitutional conditions of confinement, then this Court should order Mr. Schulte's release. The Court should compel the MCC to abide by the Privacy Act and produce all prison documents to Mr. Schulte. The Court should order the FBI to stop intercepting mail sent to Mr. Schulte, particularly legal mail and court correspondence. Finally, the Court should find the BOP in violation of the Prisoner Litigation Reform Act, and order it to update its administrative remedy process to electronic format.

Dated: New York, New York
      September 13, 2021

Respectfully submitted,

Joshua Adam Schulte
Slave #79471054
Metropolitan Concentration Camp (MCC)
150 Park Row
NY, NY 10007