UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>JOSHUA ADAM SCHULTE,<br><br>               *Defendant.* | S2 17 Cr. 548 (PAC) |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO SCHEDULE SENTENCING

Joshua Adam Schulte
Slave #79471054
Metropolitan Concentration Camp (MCC)
150 Park Row
NY, NY 10007

I.  THIS COURT SHOULD SCHEDULE IMMEDIATE SENTENCING AND FINAL JUDGMENT FOR CONVICTED COUNTS

The government argues in its Omnibus Opposition to the Defendant's *Pro Se* Motions that the Court has broad discretion respecting the scheduling of sentencing proceedings, and should delay sentencing on the two convicted counts until the remaining counts of the third superseding indictment are resolved. The government is wrong. "Although the litigant as framed in the indictment may not yet have run its course, the counts of conviction have been resolved and the sentence is ready for execution. The unresolved counts have in effect been severed, and will be resolved another time in a separate judgment." *United States v. Abrams*, 137 F.3d 704, 707 (2d Cir. 1998); See *United States v. King*, 257 F.3d 1013, 1019 (9th Cir, 2000) ("[P]leading guilty to a subset of charges in effect severed the indictment into two parts and made [defendant] ready for sentencing on the charges related to the Final Notice scheme…"); *United States v. Powell*, 24 F.3d 28, 31 (9th Cir. 1994) ("When sentence was imposed on the severed counts, [defendant] was entitled to appeal because there was nothing left to be done but to enforce the sentence.").

Since the convicted counts have been severed from the indictment, Fed. R. Crim. P. 32(b)(1) and the Fifth Amendment permit a defendant to move for sentencing. "For inordinate delay in sentencing, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clause of the Fifth and Fourteenth Amendments." *Betterman v. Montana*, 136 S. Ct. 1609, 1612 (2016); "As we have explained, at the third phase of the criminal-justice process, i.e., between conviction and sentencing, the Constitution's presumption-of- innocence-protective speedy trial right is not engaged. That does not mean, however, that

defendants lack any protection against undue delay at this stage. The primary safeguard comes from statutes and rules. The federal rule on point directs the court to 'impose sentence without unnecessary delay.' Fed. Rule Crim. Proc. 32(b)(1)[…] Further, as at the prearrest stage, due process serves as a backstop against exorbitant delay. See supra, at 3. After conviction, a defendant's due process right to liberty, while diminished, is still present. He retains an interest in a sentencing proceeding that is fundamentally fair." *Id.* at 1617-1618.

Mr. Schulte has been convicted, but because this Court will not schedule sentencing, he has no judicial mechanism to challenge that conviction. The government is also incorrect in claiming that it does not matter if Mr. Schulte is held pretrial or if he is held as a convict; as a pretrial detainee, Mr. Schulte cannot appeal his convictions, but as a man duly convicted, he has right to appeal. If the Court had immediately sentenced Mr. Schulte after trial, the Court of Appeals would have had joint jurisdiction to hear Mr. Schulte's appeal on the severed counts in parallel with the district court's jurisdiction for the remaining counts; by now the Court of Appeals likely would have already heard his appeal, and not only reversed his convictions, but also reversed and suppressed evidence from the initial search warrants, thereby effectively ending all further prosecution in this case—saving this Court and the government both substantial time and money. Thus, if he had been granted his right to appeal, Mr. Schulte may well have been released by now. Justice delayed is justice denied.

## II.     CONCLUSION

For these reasons, this Court should schedule sentencing and final judgment for the two severed, convicted counts and appoint Mr. Schulte an appeals attorney.

Dated: New York, New York
September 13, 2021

Respectfully submitted,

Joshua Adam Schulte
Slave #79471054
Metropolitan Concentration Camp (MCC)
150 Park Row
NY, NY 10007