```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

-----------------------------------------------------------X
                                                           :
UNITED STATES OF AMERICA,                                  :
                                                           :
            -v-                                            :
                                                           :         17 Cr. 548 (PAC)
JOSHUA ADAM SCHULTE,                                       :
                                                           :
            Defendant.                                     :         **MEMORANDUM & ORDER**
                                                           :
-----------------------------------------------------------X

      Defendant Joshua Schulte ("Schulte") moves to compel the Government to produce (1) a Hyper-V Windows Server QNY_56_SC48_SRV02 ("SRV02"), (2) desktop QNY09-SC01_desktop ("SC01"), and (3) the WikiLeaks Vault 7 publication ("Vault 7"). (Def. Mot. 1, Dkt. 472.)[1]  For the following reasons, Schulte's motion is GRANTED in part, and DENIED in part.

## DISCUSSION

      The SRV02 server, originally seized from Schulte's home, includes "at least nine classified files." (Gov. Memo. 20, Dkt. 499)  The SC01 machine, also originally seized from Schulte's home, contains alleged child pornography placing it within the ambit of the Adam Walsh Child Protection and Safety Act, 18 U.S.C. § 3509.  Finally, the Vault 7 materials comprise a portion of the classified data that Schulte is alleged to have stolen and transmitted to WikiLeaks.

      As a preliminary matter, the parties dispute the extent to which the Government has

---

[1] Schulte originally filed this letter motion at ECF 472 along with a duplicate letter motion at ECF 473.  The Government responded in its omnibus opposition memorandum at ECF 499.  Schulte filed his reply at ECF 505.

already produced these materials. The Government claims that it has in fact already produced all three items Schulte seeks in the instant motion to the courthouse Sensitive Compartmented Information Facility ("SCIF") for Schulte to review. (Gov. Memo. 19.) Schulte disagrees: "The government never produced SRV02 or SC01 to the defendant, although it did provide SC01 to the defense at the prosecutor's offices."[2] (Def. Mot. 1.) He does not dispute that the Vault 7 materials have been produced to the SCIF; instead, he seeks their unclassified disclosure. (Def. Mot. 5.)

Schulte in fact seeks unclassified production of both the SRV02 and Vault 7 materials. He contends that, because some or all of the information contained therein "is already public and no longer controlled by the government," it should either be declassified or treated as declassified for purposes of discovery in this action. (Def. Mot. 3–4.) He argues that continued classification restrictions for information that has entered the public domain constitute an unconstitutional prior restraint on speech. (*Id.*) The Government counters that the information "remains classified and must be handled pursuant to applicable law and the Classified Information Protective Order," and that if the Court were to hold otherwise, it would in effect allow Schulte to "force the Government to treat the WikiLeaks Vault 7 release as unclassified as a result of his own illegal theft and transmission of that data." (Gov. Memo. 22.)

Regardless of how some of the classified information at issue may have entered the public domain—which is, as the parties are aware, a factual dispute central to this case—the

---

[2] At the Court's September 15, 2021 conference, standby counsel and the CISO clarified that SC01 has in fact been produced, but that logistical issues, including a malfunctioning SCIF safe, have complicated Schulte's ability to access it. (Tr. 13–16.) Schulte then noted, "[j]ust to be clear, that was only the one computer." (*Id.* at 15.) He continued, apparently referring to SRV02: "The server 02 or a different server, that was never there, right, that was something else?" (*Id.*) The CISO responded: "That's correct." (*Id.*)

Court finds Schulte's bid for unclassified discovery unpersuasive. The Second Circuit has held that "evidence of public disclosure does not deprive information of classified status" where the classifying agency "has demonstrated a reasonable basis for maintaining information . . . as classified." *Wilson v. C.I.A.*, 586 F.3d 171, 174 (2d Cir. 2009). Schulte does not dispute the underlying reasonable basis for the classification status of the material he seeks in this motion; rather, he argues that any reasonable basis is extinguished by public availability. As the Second Circuit has made clear, it is not. *Id.*

Nor can Schulte find refuge in the First Amendment. The protective orders and other disclosure restrictions in this case, which build upon Schulte's ongoing non-disclosure obligations as a former CIA employee, stem from the Government's "compelling interest in protecting both the secrecy of information important to our national security." *Snepp v. United States*, 444 U.S. 507, 510 n.3 (1980); *see also Wilson v. C.I.A.*, 586 F.3d 171, 183 (2d Cir. 2009) ("[O]nce a government employee signs an agreement not to disclose information properly classified . . . , that employee simply has no first amendment right to publish such information.") (internal quotation marks and citations omitted). These restrictions, all of which Schulte has agreed to, have been carefully tailored to allow Schulte full opportunity to review information relevant to his defense in a secure environment. They constitute neither an unlawful prior restraint on speech, nor an undue burden on Schulte's ability to present a defense.

Schulte also seeks partial, unrestricted production of the SC01 machine, without the alleged child pornography. He argues SC01 can "easily be produced without illegal content." (Def. Mot. 5.) The Government again disagrees, asserting that the machine contains "an extraordinary volume of illegal child pornography stored in deeper layers of encryption" which, as a practical matter, would be impossible to distill and delete without a time-intensive

"complete review" of every bit of data on the machine. (Gov. Memo. 20, 23.) Provided that the Government is able, as set forth below, to make accommodations allowing Schulte to review SC01 at his reasonable convenience, the Court agrees that such an undertaking for already-produced discovery is gratuitous.

Nevertheless, the Court's disposition in this Order relies on the premise that materials that must be produced in a secure setting—and that the Government maintains have been produced to the SCIF—*are* in fact made available for Schulte's review. The Court is concerned that key materials purportedly produced to Schulte years ago remain either unaccounted for or impractical for Schulte to access.

## CONCLUSION

Thus, for the foregoing reasons, Schulte's motion is GRANTED in part and DENIED in part. To the extent that it has not already done so, the Government is directed to produce to the SCIF the Vault 7 Leak and the SRV02 server by October 6, 2021. If the SRV02 server cannot promptly be located, the Government is directed to produce a duplicate copy by October 6, 2021.[3] The Government is further instructed to coordinate with the CISO and the FBI to ensure that Schulte has "ample opportunity" to review the SC01 desktop in compliance with statutory guidance for disclosure of items allegedly containing child pornography. *See* 18 U.S.C. § 3509. Finally, the Government is directed to file with the Court by October 6, 2021 a letter confirming that the foregoing arrangements have been made.

All disclosure contemplated in this Order is to comply with the various protective orders

---

[3] In the event the SRV02 server cannot be located, if the Government believes it must withhold disclosure of a duplicate copy for reasons related to national security, it is directed to object to this Order no later than October 6, 2021.

and procedures for classified information that already constrain the parties. To the extent Schulte seeks *unclassified* disclosure of the Vault 7 Leak, the SRV02 server, or the SC01 desktop, his request is denied. Further, Schulte's request for partial, unrestricted production of SC01 is denied.

The Clerk of Court is directed to terminate this motion at ECF 472 and 473.

Dated: New York, New York
September 23, 2021

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge