UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
:
-v- :
: 17 Cr. 548 (PAC)
JOSHUA ADAM SCHULTE, :
:
Defendant. : **MEMORANDUM & ORDER**
:
---------------------------------------------------------------X

Defendant Joshua Schulte ("Schulte") moves to compel prompt delivery of all court correspondence and legal mail. (Def. Mot., Dkt. 491.) For the reasons set forth below, the motion is GRANTED in part, and DENIED in part.

Schulte submits, and the Government does not dispute, that the Metropolitan Correctional Center ("MCC") has routinely delayed delivering to Schulte his mail for weeks at a time. He documents nearly 30 delays ranging from 11 to 48 days, including several received after court-imposed deadlines, spanning from September 2019 through July 2021. (*Id.* at 2–4.) In some cases, Schulte claims (again without dispute from the Government) that these post-deadline delays have resulted in adverse court action. (*Id.*) He seeks the following relief: (1) a court order "compelling the MCC to deliver all court correspondence and legal mail (to include, *inter alia*, the district courts, courts of appeals, supreme court, United States Attorney's office, Standby Counsel) promptly and without inspection"; (2) that MCC staff document and log when they receive and deliver mail to Schulte; and (3) that MCC notify the Court of any delays exceeding three days. (*Id.* at 6.)

The Government opposes Schulte's motion on two grounds. First, it notes that the

1

Government itself has already made arrangements to ensure delivery of its own correspondence with Schulte "within approximately one to two days." (Gov. Memo. 41, Dkt. 499.) Schulte concedes this point (Def. Reply 1, Dkt. 508), and the Court considers the matter resolved insofar as it pertains to mail sent to Schulte from the Government's prosecution team in the above-captioned criminal action.

Second, the Government argues that legal mail relating to other actions are beyond the scope of this case and should be confronted in the context of a separate civil action that Schulte has filed with this Court. (Gov. Memo. 41, Dkt. 499.) The Court agrees that a motion brought in the context of an ongoing criminal matter is not the proper venue to resolve correspondence issues pertaining to other actions. Therefore, insofar as Schulte's motion contemplates mail that does not relate to this specific action, his motion is denied.[1]

Nonetheless, the Court notes that the Government's opposition leaves one category of correspondence unaddressed: court and legal mail pertaining to the instant action from senders *other* than the Government. Mail falling into this third category is neither outside the scope of this case, nor covered by the Government's arrangement with MCC regarding its own mail. Here, the Court finds Schulte's concerns both compelling and relevant to these ongoing criminal proceedings.

---

[1] The Court is, however, skeptical that a solution that resolves Schulte's concerns for mail related to this action will prove inappropriate for court and legal mail relating to other actions, including the (at least) fifteen civil actions Schulte has filed in the Southern District of New York. The SAMs already substantially restrict Schulte's correspondence: he may send and receive legal mail, as well as non-legal mail between himself and "immediate family, U.S. courts, federal judges, U.S. Attorneys' Offices, members of U.S. Congress, the BOP, or other federal law enforcement entities." (SAMs Memo. ¶¶ 2(g), 3(h), Dkt. 92.) Because these same constraints and logistical concerns also affect the other disputes between Schulte and the Government, the Government may find it prudent to identify a solution that can scale beyond the instant action, thereby averting the need for the Court, the Government, and Schulte to expend further time and resources relitigating this issue in the future.

However, the Court is also aware of the practical pitfalls of attempting to dice its relief too finely. The Court does not presume that it can *sua sponte* fashion an effective order that, as a practical matter, only affects certain intended items of mail, and avoids disrupting the Special Administrative Measures ("SAMs") imposed and enforced by the Attorney General and the Bureau of Prisons ("BOP").

Therefore, although the Court denies the specific relief Schulte seeks in the instant motion, it directs the Government to meet and confer with MCC officials and standby counsel, and to submit a letter to the Court proposing a solution that will allow Schulte to receive legal and court mail from senders other than the Government, with minimal delay, and without impinging upon Schulte's privileged communications with standby counsel or his *ex parte* communications with the Court. The Government is directed to submit this letter by October 6, 2021.[2]

The Clerk of Court is directed to terminate this motion at ECF 491.

Dated: New York, New York
September 23, 2021

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

---

[2] The Court is aware of the ongoing uncertainty regarding the prospective closing of MCC. (*See* Sep. 15, 2021 Tr. 23–24.) Naturally, if Schulte is to be moved to a different facility, the Government is directed to take identical steps with respect to officials at that facility. In that event, the Government is directed to include in its letter a status update regarding mail arrangements at the new facility.