UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

-v-

JOSHUA ADAM SCHULTE,

Defendant.

17 Cr. 548 (PAC)

**ORDER**

------------------------------------------------------------X

WHEREAS, by Order dated July 26, 2021, the Court granted the defendant's request to waive his right to the assistance of counsel and proceed *pro se*, and appointed the defendant's former appointed counsel as standby counsel (Dkt. 485);

WHEREAS, the Third Superseding Indictment (Dkt. 405) in this matter, 17-cr-548 (PAC), charges the defendant with, among other things, illegally gathering national defense information, in violation of 18 U.S.C. § 793(b) (Count One); the illegal transmission of unlawfully possessed national defense information, in violation of 18 U.S.C. § 793(e) (Counts Two and Three); the attempted illegal transmission of unlawfully possessed national defense information, in violation of 18 U.S.C. §§ 793(e) & 2 (Count Four); and unauthorized access to a computer to obtain classified information, in violation of 18 U.S.C. § 1030(a)(1) (Count Five);

WHEREAS, the defendant is subject to Special Administrative Measures ("SAMs") that, among other things, restrict his access to the Internet or to electronic mail and impose restrictions and monitoring procedures on his delivery of non-legal mail;

WHEREAS, the SAMs are based on, among other things, the defendant's disclosure and attempted disclosure of protected and classified information in violation of the Court's protective orders and laws governing the disclosure of classified information (Dkt. 127 at 2–3, 7–8);

1

WHEREAS, the Government has requested an order clarifying the parties' roles and obligations in the delivery of correspondence regarding this case (Dkt. 498), and per the Court's request, the parties have filed proposals to aid the Court in resolving this issue (Dkt. 502, 510);

WHEREAS, standby counsel is available to "assist[] the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task," *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1980);

IT IS HEREBY ORDERED that the authorities and responsibilities of standby counsel in this matter include assisting the defendant with the delivery of correspondence relating to this case to the Government, and that all parties adhere to the following methods of correspondence:

(1) Correspondence can be scanned and emailed to the AUSAs assigned to this matter;

(2) Correspondence can be delivered to the U.S. Attorney's Office space on the 5th floor of the courthouse, so long as staff is present to accept it;

(3) The Government is directed to arrange for staff to be available to receive correspondence at its 5th floor workspace during the defendant's regularly scheduled appointments at the courthouse sensitive compartmented information facility ("SCIF");

(4) If staff from the U.S Attorney's Office is not present to accept correspondence on the 5th floor of the courthouse during the defendant's regularly scheduled SCIF hours, the burden will shift to the Government, upon notice from standby counsel or the defendant, to promptly collect the correspondence from standby counsel or the defendant at the courthouse;

(5) Outside of the defendant's regularly scheduled SCIF hours, if no U.S Attorney's Office staff is present in the 5th floor workspace to receive correspondence, standby counsel may deliver correspondence to the U.S. Attorney's Office at One St. Andrew's Plaza.

Other methods—including use of the bin immediately outside the SCIF—will not be considered effective delivery to the Government unless the Government so consents. Documents and information that are classified or that the defendant or standby counsel

reasonably believe may be classified shall continue to be handled according to law and applicable orders entered in this matter.

Furthermore, the parties are directed to schedule and hold a telephone call twice a month to meet and confer about discovery and other issues. The call is to take place at a mutually convenient time during the defendant's regularly scheduled SCIF hours. Present on the call will be the defendant and a member of the Government's trial team. Standby counsel may also join, at the discretion of the defendant and standby counsel.

Dated: New York, New York
September 23, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE