UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                            :
UNITED STATES OF AMERICA,                   :
                                            :
            -v-                             :
                                            :       17 Cr. 548 (PAC)
JOSHUA ADAM SCHULTE,                        :
                                            :
            Defendant.                      :       **MEMORANDUM & ORDER**
                                            :
-----------------------------------------------------------X
```

Defendant Joshua Schulte ("Schulte") moves for the Court to schedule sentencing as to the two counts for which he has already been convicted, while he awaits a second trial regarding nine additional counts. *See* Def. Mot., ECF No. 475.[1] For the reasons set forth below, Schulte's motion is **DENIED**.

## BACKGROUND

In the first trial in this action (the "2020 Trial"), Schulte was convicted of two counts (together, the "Convicted Counts"): Count 8 (Causing Transmission of a Harmful Computer Program, Information, Code, or Command) and Count 10 (Obstruction of Justice). After the jury was unable to reach a verdict on the remaining eight counts, a mistrial was granted, Schulte was reindicted, and an initial new trial date was set.[2]

---

[1] Schulte originally filed this letter motion at ECF No. 475. Although the letter is dated December 25, 2020, it was not filed until June 24, 2021. The Government responded in its omnibus opposition memorandum at ECF No. 499 (pp. 24–25) and Schulte filed his reply at ECF No. 509.

[2] In March 2021, the parties jointly requested, and the Court granted, an adjournment of the initial May 10, 2021 trial date. *See* ECF Nos. 457, 458. On September 24, 2021, upon the Government's consent, the Court granted Schulte's request for an adjournment of the subsequent October 25, 2021 trial date. *See* ECF Nos. 495, 516, 517. Neither the Government (*see* ECF No. 516) nor Schulte (*see* Sep. 15, 2021 Conf. Tr. 24–25) has yet been able to propose a new trial date; the Court has ordered that the matter be revisited by November 1, 2021. *See* ECF No. 517.

The Third Superseding Indictment, dated June 8, 2020, charged Schulte with the following nine counts (together, the "Remaining Counts"): Illegal Gathering of National Defense Information (Count One); Illegal Transmission of Unlawfully Possessed National Defense Information (Counts Two and Three); Attempted Illegal Transmission of Unlawfully Possessed National Defense Information (Count Four); Unauthorized Access to a Computer to Obtain Classified Information (Count Five); Unauthorized Access of a Computer to Obtain Information from a Department or Agency of the United States (Count Six); Causing Transmission of a Harmful Computer Program, Information, Code, or Command (Count Seven), Causing Transmission of a Harmful Computer Program, Information, Code, or Command—Deleting Log Files (Count Eight); and Obstruction of Justice (Count Nine). *See* S3, ECF No. 405. These counts closely track the charges Schulte faced in the 2020 Trial. *See* S2, ECF No. 68.

## DISCUSSION

In support of his motion, Schulte argues that the Convicted Counts are, in effect, severed from the remaining unresolved counts and that the Due Process Clause of the Fifth Amendment protects him from undue delay in sentencing. *See* Def. Mot. 1. The Government counters that a sentencing hearing prior to the second trial would be inefficient, unnecessarily duplicative, and, because the Court would not yet have the benefit of "the full picture of [Schulte's] conduct," premature. *See* Gov. Memo. 25, ECF No. 499.

The Court has "broad discretion respecting the scheduling of sentencing proceedings." *United States v. Prescott*, 920 F.2d 139, 146-47 (2d Cir. 1990). Although Rule 32(b) of the Federal Rules of Criminal Procedure provides that "[t]he Court must impose sentence without unnecessary delay," it adds that the Court may "for good cause, change any time limits

prescribed in this rule." Fed. R. Crim. P. 32(b); *see also United States v. Portolyoni*, No. 09-CR-674 (LAP), 2020 WL 5604047, at *2 (S.D.N.Y. Sept. 18, 2020) ("[T]he decision of when to impose sentence is in the sound discretion of the trial court.  Sentencing need not occur immediately after trial or plea.") (internal quotation marks and citations omitted).  The Court's discretion, of course, is not boundless.  While the Sixth Amendment's speedy trial guarantee does not apply to post-conviction proceedings, a defendant remains subject to protection under Rule 32(b) as well as a "diminished" due process liberty interest that "serves as a backstop against exorbitant delay." *Betterman v. Montana*, 136 S. Ct. 1609, 1617–18 (2016).  Whether a sentencing delay violates a defendant's due process right depends on "[1] the reasons for the delay as well as [2] the prejudice to the accused." *United States v. Cain*, 734 F. App'x 21, 24 (2d Cir. 2018) (summary order quoting *United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009)). "Even substantial delays in sentencing do not in all circumstances amount to a due process violation, especially when a defendant is unable to establish prejudice" that is "substantial and demonstrable." *Ray*, 578 F.3d at 200–02.

The Court finds that deferring sentencing as to the Convicted Counts until after Schulte faces trial for the Remaining Counts is both consistent with these protections and otherwise within its discretion.  To start, such a deferral is neither "unnecessary," Fed. R. Crim. P. 32(b), nor "exorbitant." *Betterman*, 136 S. Ct. at 1617.  Even after granting Schulte's request for an adjournment, the Court expects trial to proceed in early 2022.  Any additional delay should therefore be minimal. *See United States v. Paul*, 634 F.3d 668, 675 (2d Cir. 2011) (finding a four-year sentencing delay permissible where the final year was attributable to the defendant's

3

adjournment request).  In the meantime, Schulte is already detained[3] pending trial for the

Remaining Counts and subject to Special Administrative Measures ("SAMs") imposed and

enforced by the Attorney General and the Bureau of Prisons; setting a sentence for the Convicted

Counts will have no immediate effect on his liberty.  The Court further dismisses Schulte's

contention that an earlier sentencing would by now have allowed the Court of Appeals to "hear[]

his appeal, and not only reverse[] his convictions, but also reverse[] and suppress[] evidence

from the initial search warrants, thereby effectively ending all further prosecution in this case"

(Def. Reply 2, ECF No. 509) as far too remote and speculative to counsel seriously against

deferral.  The Court can therefore discern no "substantial" prejudice to Schulte stemming from

deferral. *See Ray*, 578 F.3d at 200.

Moreover, there is good cause for deferral.  The Convicted Counts comprise a relatively

marginal piece of the Government's case against Schulte, both in terms of the volume and

severity of the counts charged.  If Schulte is convicted on some or all of the Remaining Counts,

they are likely to bear heavily on his ultimate sentence.  Efficiency concerns therefore weigh

strongly against the parties—to say nothing of the Probation Department and the Court—

undertaking fact-finding, briefing, and argument concerning sentencing for Schulte's current

convictions, only for these efforts to potentially be supplanted (and in large part repeated) in a

few short months.  When confronted with similar scenarios, "[m]any courts have recognized the

desirability of delays in sentencing for good cause." *United States v. Flowers*, 983 F. Supp. 159,

170 (E.D.N.Y. 1997) (collecting cases); *see also Ray*, 578 F.3d at 200 (holding that while the

---

[3] The Court expects that Schulte's pre-trial detention will qualify for statutory crediting.  *See* 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.").

Government's "deliberate delay" in seeking to prosecute and sentence a defendant presents a significant due process concern, "more neutral reasons" for delay "weigh less heavily").

## **CONCLUSION**

Thus, for the foregoing reasons, the Court denies Schulte's motion to schedule sentencing for the Convicted Counts prior to his trial as to the Remaining Counts.  The Clerk of Court is directed to terminate this motion at ECF No. 475.

Dated: New York, New York       SO ORDERED
      September 29, 2021

                                  HONORABLE PAUL A. CROTTY
                                  United States District Judge