**EXHIBIT 2**

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>200 East 39th Street, Apartment 8C, New York, New York 10016, as well as Any Closed Containers/Items; See Attachment A | ) ) ) ) ) ) ) Case No.  **17 MAG 1856** |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     **Southern**     District of     **New York**
*(identify the person or describe the property to be searched and give its location)*:

200 East 39th Street, Apartment 8C, New York, New York 10016; see Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:
18 U.S.C. 793(d), 793(e), 1030(a)(1), 1030(a)(2)(B).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     **March 27, 2017**
*(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.     ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
☑ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. *BCM*
*USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*     ☑ for     **30**     days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of                     .

Date and time issued:  **MAR 1 3 2017  1:07**               S/Barbara Moses
                                                                                                                *Judge's signature*

City and state:     New York, NY                                           Honroable Barbara C. Moses
                                                                                                        *Printed name and title*

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## Attachment A

### I. Premises to be Searched—Subject Premises

The premises to be searched (the "Subject Premises") is described as follows, and includes all locked and closed containers found therein:

> The Subject Premises is particularly described as apartment 8C in a building located at 200 East 39th Street, New York, New York 10016 (the "Building"). The Building is located near the corner of 39th Street and Third Avenue. The Building is nineteen stories high and contains approximately ninety-one apartment units. The Subject Premises is a one-bedroom apartment located on the eighth floor of the Building, and it is clearly identifiable as apartment 8C from the outside of the Subject Premises.

### II. Execution of the Warrant

Law enforcement agents are permitted to execute the search warrant at any time in the day or night, and further to execute the search warrant covertly without advance or contemporaneous notice of the execution of the search warrant. Law enforcement agents will provide notice of the execution of the warrant within seven days of execution unless there is a new showing, made to the Court, that delayed notice is appropriate.

### III. Items to Be Searched and Seized

#### A. Evidence, Fruits, and Instrumentalities of the Subject Offenses

The items to be searched and/or seized from the Subject Premises include the following evidence, fruits, and instrumentalities of: (i) the unauthorized possession and, *inter alia*, the communication of national defense information to someone not entitled to receive it, in violation of Title 18, United States Code, Section 793(d); (ii) the unlawful retention of national defense information, in violation of Title 18, United States Code, Section 793(e); (iii) exceeding authorized access to a computer in order to obtain national defense information with reason to believe that information could be used to the injury of the United States and the advantage of a foreign nation and willfully transmitting that information to a person not entitled to receive it, in violation of Title

18, United States Code, Section 1030(a)(1); and (iv) intentionally exceeding authorized access and thereby obtaining information from a department or agency of the United States, in violation of Title 18, United States Code, Section 1030(a)(2)(B) (collectively, the "Subject Offenses"):

1. Evidence concerning occupancy or ownership of the Subject Premises, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books, telephone directories, and keys.

2. Evidence concerning the identity or location of, and communications with, any co-conspirators.

3. Any and all notes, documents, records, correspondence, or materials, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, chat logs and electronic messages, other digital data files and web cache information, and handwritten notes), pertaining to the unauthorized retention, gathering, and transmission of classified documents or materials, and the unauthorized removal and retention of classified documents or materials.

4. Electronic devices (including but not limited to computers, tablets, smartphones, and cellular telephones) and storage media used in furtherance of the Subject Offenses, containing evidence of the Subject Offenses, or containing evidence authorized for seizure in paragraphs 1, 2 and 3 above. The term "storage media" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

5. Electronic forensic evidence relating to the Subject Offenses, including for any electronic device or storage media whose search and/or seizure is authorized by this warrant as described above in paragraph 4 (hereinafter, "Computers"[1]), including:

   a. evidence of the times the Computers were used in furtherance of the Subject Offenses;

   b. passwords, encryption keys, and other access devices that may be necessary to access the Computers;

   c. documentation and manuals that may be necessary to access the Computers or to conduct a forensic examination of the Computers;

   d. evidence of software that would allow others to control the Computers, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   e. evidence indicating how and when the Computers were accessed or used in furtherance of the Subject Offenses;

   f. evidence indicating the Computers' user's/users' state of mind as it relates to the Subject Offenses;

   g. evidence of the attachment to the Computers of other storage devices or similar containers for electronic evidence in furtherance of the Subject Offenses;

---

[1] The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

3

    h. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Computers;

    i. records of or information about Internet Protocol addresses used by the Computers;

    j. records of or information about the Computers' Internet activity in furtherance of the Subject Offenses, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    6. If law enforcement personnel seize the computer(s) or other electronic device(s), the personnel will search the computer and/or device(s) within a reasonable amount of time, not to exceed 60 days from the date of execution of the warrant. If, after such a search has been conducted, it is determined that a computer or device contains any data listed in paragraphs 1 through 3, the Government will retain the computer or device. If it is determined that the computer(s) or device(s) are no longer necessary to retrieve and preserve the data, and the items are not subject to seizure pursuant to Federal Rule of Criminal Procedure 41(b), such materials and/or equipment will be returned within a reasonable time. In any event, such materials and/or equipment shall be returned no later than 60 days from the execution of this warrant, unless further application is made to the Court.

**B. Search and Seizure of Electronically Stored Information**

The items to be searched and seized from the Subject Premises also include any computer devices and storage media that may contain any electronically stored information falling within the categories set forth in Section III.A of this Attachment above, including, but not limited to,

4

desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners. In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be searched and seized from the Subject Premises also include:

1. Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2. Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3. Any evidence concerning the persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

### C. Review of ESI

Following seizure of any computer devices and storage media and/or the creation of forensic image copies, law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques, including but not limited to:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files;

- scanning storage areas for deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- making reasonable efforts to utilize computer search methodology to search only for files, documents, or other electronically stored information within the categories identified in Sections I.A and I.B of this Attachment.