**EXHIBIT 11**

ORIGINAL

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

17 MAG 1905

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No.
)
Huawei Nexus 6P cellular telephone )
with IMEI Number 867980020596552 )

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Southern   District of   New York
*(identify the person or describe the property to be searched and give its location)*:

Huawei Nexus 6P cellular telephone with IMEI Number 867980020596552

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:

18 U.S.C. 793(d), 793(e), 1030(a)(1), 1030(a)(2)(B), 1030(a)(5)(A)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    3/30/17
                                                                *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.   ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.

☑ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. _____
                                                                                                    USMJ Initials

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for   30   days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____

Date and time issued:  3/16/17 1:26 a.m.   _____
                                            Judge's signature

City and state:  New York, NY              Hon. BARBARA C. MOSES
                                            *Printed name and title*

AO 93  (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## Attachment A

### I. Device to be Seized and Searched

The device to be seized and searched (the "**Subject Device**") is a Huawei Nexus 6P cellular telephone with IMEI Number 867980020596552.

### II. Execution of the Warrant

Law enforcement agents are permitted to execute the search warrant at any time in the day or night. Upon the execution of this warrant, notice will be provided at or as soon as possible after the execution of the search.

### III. Review of ESI on the Subject Device

Law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained on the **Subject Device** for the following evidence, fruits, and instrumentalities of violations of (i) the unauthorized possession and, *inter alia*, the communication of national defense information to someone not entitled to receive it, in violation of Title 18, United States Code, Section 793(d); (ii) the unlawful retention of national defense information, in violation of Title 18, United States Code, Section 793(e); (iii) exceeding authorized access to a computer in order to obtain national defense information with reason to believe that information could be used to the injury of the United States and the advantage of a foreign nation and willfully transmitting that information to a person not entitled to receive it, in violation of Title 18, United States Code, Section 1030(a)(1); (iv) intentionally exceeding authorized access and thereby obtaining information from a department or agency of the United States, in violation of Title 18, United States Code, Section 1030(a)(2)(B); and (v) transmitting computer code to

intentionally damage a protected computer, in violation of Title 18, United States Code, Section 1030(a)(5)(A) (collectively, the "Subject Offenses"):

1. The phone number associated with the **Subject Device**, as well as call log information of phone numbers of incoming and outgoing, and missed or unanswered calls to and from the **Subject Device**;

2. Address books and contact lists stored on the **Subject Device** or its memory card(s);

3. Voicemail messages, opened or unopened, related to the Subject Offenses;

4. Evidence concerning the identity or location of the owner(s) or user(s) of the **Subject Device**;

5. Evidence concerning the identity and/or location of the individual(s) involved in the commission of the Subject Offenses;

6. Evidence of communications among, or concerning, participants in or witnesses to the commission of the Subject Offenses;

7. Contact information of co-conspirators and witnesses to the commission of the Subject Offenses, including telephone numbers, email addresses, and identifiers for instant messaging and social media accounts;

8. Text, data, "chats," MMS ("Multimedia Messaging Service") messages, SMS ("Short Message Service") messages, FaceTime messages, and e-mail messages, any attachments to those messages, such as digital photographs and videos, and any associated information, such as the phone number or e-mail address from which the message was sent, pertaining to the Subject Offenses;

9. Digital photographs and videos related to the commission of the Subject Offenses;

10. Browsing history, websites visited, and internet searches conducted on the **Subject Device**; and

11. Any Global Positioning Satellite ("GPS") entries, Internet Protocol connections, and location entries to include Cell Tower and WiFi entries.