UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                :
:
-v-                                      :
:                  17 Cr. 548 (PAC)
JOSHUA ADAM SCHULTE,                     :
:
Defendant.                  :  **MEMORANDUM & ORDER**
------------------------------------------------------------X

On February 9, 2021, the Court denied without prejudice Defendant Joshua Schulte's ("Schulte") "petition for writ of habeas corpus" filed in the form of a motion (*see* ECF No. 447) on the docket in the above-captioned criminal proceedings. *See* ECF No. 453. Schulte now moves the Court to reconsider that denial. *See* Def. Reconsideration Mot., ECF No. 456.[1] For the reasons set forth below, the motion for reconsideration is **DENIED**.

Further, on September 30, 2021, Schulte filed another habeas petition in the form of a motion seeking both habeas relief and bail. *See* Def. Habeas and Bail Mot. (currently undergoing classification review prior to docketing). For the same reasons articulated here and in the Court's denial of Schulte's previous habeas motion, Schulte's latest motion for habeas relief is also **DENIED** without prejudice.[2]

## DISCUSSION

The Court notes, as a preliminary matter, that Schulte's motion for reconsideration is technically time-barred. In the Southern District, such motions in criminal matters are subject to

---

[1] For the sake of administrative ease, the Court here documents the primary relevant docket entries. Schulte filed his original motion at ECF No. 447. The Government opposed the motion in a letter at ECF No. 450, and the Court endorsed the Government's letter, denying Schulte's original motion at ECF No. 453. Schulte then filed the instant motion to reconsider at ECF No. 456, prompting the Government's opposition at ECF No. 500 and Schulte's subsequent reply at ECF No. 506.

[2] The Court does not here address Schulte's motion for bail included alongside the recent habeas motion.

1

Local Criminal Rule 49.1(d): "A motion for reconsideration . . . shall be filed and served within fourteen (14) days after the Court's determination of the original motion."[3] The instant motion was filed on March 4, 2021,[4] more than three weeks after the Court's initial February 9, 2021 denial. Generally, such an untimely filing may be excused only for good cause. *See United States v. Lisi*, No. 15-cr-457 (KPF), 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020). "Critically, a moving party's *pro se* status will not, on its own, excuse a delay." *United States v. Okparaeke*, No. 17-cr-225 (NSR), 2019 WL 4233427, at *2 (S.D.N.Y. Sept. 6, 2019) (collecting cases). Here, however, in light of Schulte's *pro se* status,[5] the restrictive Special Administrative Measures ("SAMs") imposed upon him, and the ongoing mail delays that the Court has already addressed in a previous Order (*see* ECF No. 515; *see also* Def. Reconsideration Mot. 1), the Court deems appropriate an approach that is "more liberal in its discretion regarding procedural errors." *Davidson v. Scully*, 172 F. Supp. 2d 458, 462-63 (S.D.N.Y. 2001) (excusing *pro se* plaintiff's untimely filing because, in addition to his *pro se* status, he had timely filed a notice of motion with the clerk). It thus excuses the untimely filing.

Nonetheless, the Court finds Schulte's motion to be without merit. "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality

---

[3] Because Rule 49.1(d) is of "comparatively recent vintage," when ruling on motions for reconsideration, courts in this District rely on cases decided under both Local Criminal Rule 49.1 as well as Local Civil Rule 6.3. *United States v. Bright*, No. 18-cr-56-1 (KPF), 2021 WL 4084391, at *1 (S.D.N.Y. Sept. 8, 2021); *see also United States v. Carollo*, No. 10-cr-654 (HB), 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) ("Although neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules of this Court address the proper standard for a motion for reconsideration in criminal cases, courts in this district have applied the standard of Local Rule 6.3.").

[4] The Court notes that the letter itself is dated February 24, 2021.

[5] Although the Court had not yet granted Schulte permission to proceed *pro se* at the time he filed his original habeas motion in January 2021, nor when he filed the instant motion to reconsider in March 2021, it would ultimately do so after a *Faretta* hearing in July 2021. *See* ECF No. 485. Each of these motions was filed *pro se* with the aid of Schulte's counsel at the time. For purposes of this motion, the Court holds that these admittedly unusual circumstances warrant excusing the untimely filing. It expresses no view on whether other untimely *pro se* filings in this action would warrant similar treatment.

and conservation of scarce judicial resources." *Benjamin v. Goord*, No. 02-cv-1703 (NRB), 2010 WL 3341639 (S.D.N.Y. Aug. 18, 2010) (internal quotation marks and citations omitted). It is appropriate only when a court has overlooked controlling decisions or facts put forward in the underlying motion which might have led to a different result. *See Cooper v. Lapra*, No. 18-cv-9405 (KPF), 2020 WL 7027592, at *1 (S.D.N.Y. Nov. 30, 2020) ("Compelling reasons for granting a motion for reconsideration are limited to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Although a defendant's *pro se* status compels the Court to construe his filing liberally in evaluating whether it has satisfied this standard, it has no effect on the substantive standard itself. *See Okparaeke*, 2019 WL 4233427, at *3.

Even construed liberally, Schulte's *pro se* filing fails to clear the high bar for reconsideration. Schulte identifies no authority that even purports to undermine the Court's prior decision that "the proper vehicle for a challenge to a BOP placement decision is a 28 U.S.C. 2241 petition brought as a separate civil action, not a motion filed in an underlying criminal case." *See* ECF No. 453. To the contrary, Schulte's cited authority reaffirms it. *See, e.g., United States v. McGriff*, 468 F. Supp. 2d 445, 447 (E.D.N.Y. 2007) (construing a request made in the context of criminal action as a habeas petition and ruling accordingly). In determining the nature of a claim, courts do not rely on the "labels attached" to it, but rather "look to the substance of the remedy . . . sought." *Boudin v. Thomas*, 732 F.2d 1107, 1111 (2d Cir. 1984). Here, as the Court previously held and as Schulte freely admits, the instant motion is, both in substance and in style, a habeas petition. *See id.* ("[H]abeas corpus [is] the exclusive remedy for

3

prisoners challenging the fact or duration of their confinement.") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Although the Court does not hold today—nor did it hold in its prior Order—that it is barred from considering a habeas petition filed in the form of a criminal motion, it reiterates that the proper vehicle for such a petition is a separate civil action. Schulte has already brought at least two such actions, including one before this Court.[6] The Court has administratively closed that action, pending the forthcoming resolution of these criminal proceedings. *See* Case No. 19-cv-3346, ECF No. 11. If Schulte believes this decision was errant, or should now be revisited, the proper avenue is either (1) to pursue further appellate review; or (2) to move the Court, in the context of that action and subject to the relevant governing standards, to lift the stay.

## CONCLUSION

Schulte has not presented adequate grounds for reconsideration. Accordingly, the Court denies his motion. The Clerk of Court is directed to close the entry at ECF No. 456.

The Court also denies without prejudice Schulte's latest, as-yet-undocketed habeas motion, but does not rule on the motion for bail also contained therein. The bail application has yet to be fully briefed. The Government is directed to respond to the motion for bail by October 21, 2021.

Dated: New York, New York
October 6, 2021

SO ORDERED

*Paul A. Crotty*

HONORABLE PAUL A. CROTTY
United States District Judge

---

[6] The second habeas petition, Case No. 20-cv-9244, was dismissed in December 2020 by Judge Oetken.

4