UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
    UNITED STATES OF AMERICA,        :

                   -v-                     :        17 Cr. 548 (PAC)

    JOSHUA ADAM SCHULTE,            :

            Defendant.         :        **ORDER**
------------------------------------------------------------X

On August 14, 2019, the Court, except in two limited respects, denied Defendant Joshua Schulte's ("Schulte") motion to vacate his Special Administrative Measures ("SAMs") imposed and enforced by the Attorney General and Bureau of Prisons. *See* ECF No. 119 (hereafter the "2019 SAMs Order"). On June 24, 2021, Schulte filed a second motion to vacate the SAMs.[1] *See* ECF No. 474. Although cloaked in somewhat different constitutional guise, Schulte's arguments largely retread grounds that the Court already considered and, with two exceptions inapplicable to the instant motion, rejected in the 2019 SAMs Order.

Thus, for the reasons set forth below, the Court again **DENIES** the motion.

## DISCUSSION

*First*, to the extent Schulte seeks reconsideration of the 2019 SAMs Order, he has failed to identify "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

---

[1] For the sake of administrative ease, the Court here documents the primary relevant docket entries. Schulte filed his first motion to vacate the SAMs at ECF No. 92, prompting the Government's opposition at ECF No. 96. The Court issued an Order at ECF No. 127 primarily denying Schulte's motion, except with respect to (1) restrictions on non-attorney members of Schulte's defense team and (2) communications between Schulte and non-immediate family members. The instant motion was filed at ECF No. 474. The Government responded in its omnibus opposition memorandum at ECF No. 499 (pp. 26–34) and Schulte filed his reply at ECF No. 520.

1

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). His claim for Eighth Amendment protection, which was not raised in his prior motion, fails because "the Eighth Amendment standard applies to sentenced prisoners," not pretrial administrative measures. *Gabbay v. Gales*, No. 97-cv7605 (NRB), 2000 WL 28156, at *1 (S.D.N.Y. Jan. 14, 2000). Schulte's Fifth Amendment due process claim, raised only in passing in his prior motion, also fails because Schulte has been afforded adequate process, including written notice under 28 C.F.R § 501.2(b), administrative recourse under 28 C.F.R §§ 542.13–15, and judicial avenues such as the instant motion. *See Wilkinson v. Austin*, 545 U.S. 209, 216, 229 (2005) (upholding "written notice" and "informal, nonadversary procedures" as sufficient process for detainees assigned to solitary confinement).

*Second*, to the extent Schulte moves to vacate the SAMs based on changed circumstances subsequent to the 2019 SAMs Order, he has failed to undermine the original factual underpinnings for the SAMs. To the contrary, since the SAMs were imposed, Schulte, *inter alia*, has been convicted of violating this Court's protective orders, and has intentionally disclosed information he knows to be classified—including in a recent publicly-filed motion seeking declassification of that very information.[2] Thus, the Court today holds, as it did in 2019, that the SAMs are justified by a demonstrable "danger that [Schulte] will disclose classified information." *See* 2019 SAMs Order 7.

Nonetheless, the Court recognizes one change in circumstances between August 2019 and today: time. *See Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (acknowledging "the robust body of legal and scientific authority recognizing the devastating mental health consequences caused by long-term isolation in solitary confinement"). Pursuant to the SAMs, Schulte has been held in solitary confinement for a long period, and—even relative to other

---

[2] The Clerk of Court removed this filing from the public docket on September 21, 2021.

2

solitary detainees—subject to difficult conditions.[3] Still, the Court repeats its 2019 holding that these measures, although hard, are "'reasonably related' to legitimate penological objectives" so long as Schulte is facing trial for substantial espionage charges, handling and reviewing sensitive classified material in discovery as he prepares his *pro se* defense, and continuing his troubling pattern of disrespect for the Court's protective orders and other directives regarding classified information. *United States v. El-Hage*, 213 F.3d 74, 81 (2d Cir. 2000) (quoting *Turner v. Safley*, 482 U.S. 78, 87 (1987)). Moreover, Schulte has already signaled his intent to appeal his convictions (*see* Def. Sentencing Reply 2, ECF No. 509), which will likely prolong his contact with classified materials. In these circumstances, the SAMs serve a very specific purpose under 28 C.F.R § 501.2. They are not a "punitive" end, but rather a reasonable "administrative" means. *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000); *see also Pell v. Procunier*, 417 U.S. 817, 827 (1974) (holding that while courts "cannot, of course, abdicate their constitutional responsibility to delineate and protect fundamental liberties," they "should ordinarily defer to [officials'] expert judgment" in administrative matters); *Jones v. N. Carolina Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 128 (1977) ("The necessary and correct result of our deference to the informed discretion of prison administrators permits them, and not the courts, to make the difficult judgments concerning institutional operations.").

---

[3] *See* Katherine Erickson, *This Is Still A Profession: Special Administrative Measures, the Sixth Amendment, and the Practice of Law*, 50 COLUM. HUM. RTS. L. REV. 283, 320 (2018) ("SAMs create isolation that is even more extreme than solitary confinement."); Yale Law School, Allard K. Lowenstein Human Rights Clinic, *The Darkest Corner: Special Administrative Measures and Extreme Isolation in the Federal Bureau of Prisons*, at 6–8 (Sept. 2017), *available at* https://law.yale.edu/sites/default/files/area/center/schell/document/sams_report.final.pdf. ("SAMs inflict the most severe form of isolation found in United States federal prisons."); *see also Hum. Rts. Watch v. Dep't of Just. Fed. Bureau of Prisons*, No. 13-cv-7360 JPO, 2015 WL 5459713, at *9 (S.D.N.Y. Sept. 16, 2015), *on reconsideration sub nom. Watch v. Dep't of Just. Fed. Bureau of Prisons*, No. 13-cv-7360 (JPO), 2016 WL 3541549 (S.D.N.Y. June 23, 2016) ("As of October 21, 2013, there were only eight persons subject to SAMs under § 501.2 [National Security Cases] and 46 persons subject to SAMs under § 501.3 [Prevention of Acts of Violence and Terrorism] . . . .").

## **CONCLUSION**

For the reasons stated, the Court again denies Schulte's motion to vacate the SAMs. The Clerk of Court is directed to terminate the motion at ECF No. 474.

Dated: New York, New York
October 6, 2021

SO ORDERED

*[signature]*

HONORABLE PAUL A. CROTTY
United States District Judge