

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 6, 2021

**BY ECF**

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 14C
New York, New York 10007

  Re: *United States v. Joshua Adam Schulte*,
     S3 17 Cr. 548 (PAC)

Dear Judge Crotty:

  The Government respectfully submits this letter in response to the defendant's letter dated August 8, 2021 and filed August 23, 2021 (D.E. 494), which requests (1) "a new classification review of the filed motions and orders docketed as 'classified filings'" or, in the alternative, "unclassified versions with the classified content redacted;" and (2) "a complete electronic docket, including all the associated filings."

  With respect to the defendant's request for "a new classification review" of all classified filings in this matter, the Government respectfully suggests that the defendant identify to the Court and the Government any particular classified filings with respect to which he seeks a new classification review together with a brief description the basis for his belief that the filing is no longer classified. *First*, there have been numerous classified filings by both defense counsel and the Government, and a *de novo* classification review of those filings would be burdensome. *Cf. United States v. Mascheroni*, No. 10 Cr. 2626 (BB), 2012 WL 13081258, at *4 (D.N.M. Feb. 9, 2012) ("It is much more efficient in terms of time, manpower, and money to require Defendants to narrow the amount of material that must be subjected to a classification review, than to require the Government to perform a wholesale review."). *Second*, unclassified, redacted versions of a number of filings and orders already appear on the public docket. *See, e.g.*, D.E. 120 (opposition to motion to suppress); 124 (order pursuant to CIPA § 4); 158 (motion pursuant to CIPA § 6); D.E. 293 (order on witness protections); 323 (motion *in limine*). *Third*, contrary to the defendant's assertion that it is a "hardship for me to actually review these documents in classified format" (D.E. 494), the defendant visits the courthouse SCIF twice weekly to review classified discovery and has ready access to classified filings as well. *Fourth*, even if particular information has been declassified in a particular form, such as for use at trial, that does not mean that the same information is unclassified in all forms. For example, the vast majority of documents introduced at trial were declassified only subject to redactions and/or substitutions

approved by the Court pursuant to CIPA § 6(c). *Finally*, the extent to which any particular document may be appropriately declassified or produced in unclassified format depends on the nature and context of the document. Some filings, even if partly unclassified, still are not appropriately disclosed to the defendant or the public. *See, e.g.*, CIPA § 4 ("The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone."); § 6 ("Any hearing held pursuant to this subsection (or any portion of such hearing specified in the request of the Attorney General) shall be held in camera if the Attorney General certifies to the court in such petition that a public proceeding may result in the disclosure of classified information."); *see also United States v. Ressam*, 221 F. Supp. 2d 1252, 1262 (W.D. Wash. 2002) ("[T]he First Amendment right of access does not attach to the CIPA-related documents submitted by the United States.").

To the extent that there are any Court orders that the Court wishes to have reviewed or re-reviewed for classification status, the Government will facilitate that assessment. *See id.* ("As a result of th[e] important difference created by the Court's imprimatur, the sealed protective orders cannot be analyzed in the same manner as the Government's submissions."). Accordingly, and especially in light of the defendant's vague and generalized request, the Government respectfully suggests that he should identify particular filings that are subject to his request and a basis with respect to each document.

With respect to the defendant's request for "a complete electronic docket, including all the associated filings," the request should be denied. The defendant is subject to Special Administrative Measures ("SAMs") based on his disclosures and attempted disclosures of classified information, including while he was on bail and while he was detained. *See generally* D.E. 127 (August 14, 2019 Order). The defendant is also charged with receipt, possession, and transportation of child pornography. D.E. 6 (indictment). Even while defendant was released on bail, his conditions included prohibitions on access to or use of the internet. D.E. 8 (Sep. 14, 2017 Order). The defendant is not permitted access to the internet or internet-accessible resources, including the electronic docket. However, standby counsel has access to the electronic docket as well as all filings that they made or received during their representation of the defendant, and should provide these or copies of them to the defendant.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: _____/s/_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
212-637-2744/-2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by hand, via MCC Legal)