

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 6, 2021

**VIA ECF**

Honorable Paul A. Crotty
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    ***United States v. Schulte,***
               **S3 17 Cr. 548 (PAC)**

Dear Judge Crotty:

      The Government respectfully submits this status letter with respect to the Court's orders dated September 23, 2021 concerning discovery and the defendant's mail. (D.E. 513 & 515).

      *Discovery*.  With respect to the defendant's discovery copy of the SC01 Desktop and SRV02 Server, those discovery materials were produced in discovery in early 2018 and previously maintained on a single hard drive stored in a safe in the courthouse SCIF.  Early last year, the safe in which this hard drive was stored failed, which can be a consequence of long-standing disuse.  Since that time, the Court Information Security Office maintained custody of the hard drive.  Access to the drive was never requested until the defendant's motion to compel. Last week, a replacement safe was installed in the SCIF to store the hard drive.

      Before the discovery hard drive is returned to the SCIF, discovery stored on that drive other than the SC01 Desktop will be copied to a second hard drive.  This is because the SC01 Desktop contains depictions of child pornography and, accordingly, can only be reviewed with certain restrictions: it must be retrieved from the safe by Government personnel and can be reviewed by the defendant only on a special-purpose computer in the presence of Government personnel.  In order to allow the defendant freer access to other discovery that is currently stored on the hard drive along with the SC01 Desktop, that other discovery (including discovery from SRV02) will be duplicated onto a separate hard drive that, although it must remain in the SCIF, need not be stored in the same safe nor handled subject to the restrictions applicable to the SC01 Desktop containing child pornography.

      *Defendant's mail*. The Court ordered a status update with respect to mailings to the defendant concerning this case that do not originate from the Government. (D.E. 515 at 2-3). As noted in the Government's opposition to the defendant's motion and the Court's order,

correspondence from the Government to the defendant regarding this prosecution is currently delivered by MCC legal staff to the defendant.  The Government has also provided, and will continue to provide, courtesy copies of Court orders filed on ECF in the same manner. Accordingly, this delivery method applies to correspondence from the Government, filings by the Government, and orders issued by the Court.

With respect to correspondence to the defendant from standby counsel, the Government has confirmed with BOP that such correspondence is considered "legal mail" under the applicable SAMs, so long as it is sent by authorized counsel and properly marked.  Under the SAMs, legal mail is not subject to the same review procedures as non-legal mail and should be delivered to the defendant reasonably promptly.  In addition, standby counsel or their paralegal staff visit the defendant twice weekly during his visits to the courthouse SCIF and are able to communicate with him regularly through those visits.

Should the defendant be moved to a different facility at any point in the future during the pendency of this case, the Government will take the same steps to use these procedures to ensure that the defendant continues to receive correspondence, filings, and Court orders in a timely manner.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

by: _____/s/_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by hand via BOP Legal Department)