UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

-v-

JOSHUA ADAM SCHULTE,

Defendant.

17 Cr. 548 (PAC)

**ORDER**

------------------------------------------------------------X

In his letter dated August 9, 2021, and filed August 23, 2021, Defendant Joshua Schulte ("Schulte") submits two requests: (1) classification review of all "motions and orders docketed as 'classified filings;'" and (2) access to a "complete electronic docket." Def. Letter, ECF No. 494.[1] For the reasons set forth below, the classification review request is **GRANTED** in part and **DENIED** in part, while the electronic docket request is **GRANTED**.

a. **Classification Review**

In its opposition to Schulte's blanket request for a retrospective classification review of all prior classified filings, the Government suggests that Schulte instead "identify to the Court and the Government any particular classified filings with respect to which he seeks a new classification review together with a brief description the basis for his belief that the filing is no

---

[1] The Government opposed Schulte's requests in its letter at ECF No. 529. Schulte replied, and clarified his requests, at ECF No. 559. The Court notes that the Government's response at ECF No. 529 was filed on October 6, 2021, well after the October 1, 2021 deadline it had proposed, and the Court had accepted, in emails dated September 20–21, 2021. It further notes that Schulte has submitted a letter highlighting several instances in which the Government has failed to timely file its submissions. *See* ECF No. 523. As the Court accepted Schulte's untimely filing in its Order at ECF No. 526, and as it recognizes that the Government's delays are in large part attributable to Schulte's uncommonly prolific filing (*see* Sep. 15, 2021 Tr. 21–22), the Court accepts the Government's late filing in this instance. However, the Government is cautioned that, should it require future relief from deadlines imposed either by the Court or the local rules, it must proactively seek leave from the Court.

1

longer classified." Gov. Letter 1, ECF No. 529. This is plainly the more sensible approach. Rather than impose upon the Government the enormous burden of revisiting *all* prior classified filings, without any particularized rationale, should Schulte wish to seek such retrospective review, he is directed to identify specific documents,[2] justify his request as to those particular documents, and explain why his regular SCIF hours provide insufficient opportunity to review or otherwise make use of those documents in a classified setting. *See United States v. Mascheroni*, No. CR 10-2626 (BB), 2012 WL 13081258, at *4 (D.N.M. Feb. 9, 2012) (holding that, "due to the complexity of classification reviews" sought by the criminal defendants in that case, it was "appropriate to put the burden on Defendants . . . to narrow the scope of the required classification review").[3] Such requests should first be made directly to the Government, and should only be brought before the Court if the parties are unable to diligently resolve the matter themselves.

In his reply, Schulte also takes issue with ongoing delays in the CIA's review of his filings, as well as the Government's position that it has "no duty to provide [him] with anything in writing explaining the classified materials and reasons for classification." Def. Reply 2, ECF No. 559. Without expressing any view as to any underlying legal issues, which have not been briefed, the Court agrees that clear, consistent protocols for pending and future classification review of specific documents would offer several practical case-management benefits. The

---

[2] If Schulte is unable to identify the underlying classified document for an electronic docket entry that is represented by a "Notice of Classified Filing" cover sheet, he may seek clarification from the Government and/or the CISO and, if necessary, classified production of that document from the Government.

[3] As set forth in the Court's Order at ECF No. 552, the parties may also wish to consider whether Schulte's SCIF access should be increased as trial approaches, which may address some of the concerns underlying Schulte's request.

2

Court thus directs the Government to submit proposed procedures for all future classification review. This proposal should address: (1) a proposed timeline for all classification review, including whether the 14-day deadline the Court has in the past[4] imposed for its own orders could feasibly apply more broadly—for court orders, future defense filings, and retrospective classification review requests; (2) what, if any, explanation for specific classification review decisions the Government may be able to disclose to Schulte; and (3) what, if any, *proactive* guidance it may be able to provide to Schulte and standby counsel to aid them in determining which defense filings should undergo classification review prior to public docketing.[5] *Cf. United States v. Poindexter*, 727 F. Supp. 1470, 1486 (D.D.C. 1989) (observing, in a different context, that "the defendant's ability to prepare for trial is hampered by his inability to determine the classification status of the various documents he seeks to use [at trial] or to designate pursuant to Section 5 of CIPA"). If the Government's position is that it cannot, as a matter of law, provide any such explanation or proactive guidance, it should include in its proposal authority supporting that view.

### b. Electronic Docket

Although the Government initially interpreted Schulte's electronic docket request as one that would require "access to the internet or internet-accessible resources," as proscribed by his

---

[4] The Court is aware that various approaches have, at times, been taken during these proceedings, including this Court's frequent directive that its own orders undergo classification review within 14 days. *See, e.g.*, ECF No. 124. The instant briefing does not address whether the parties, or the CIA, are currently adhering to any such procedures. To the extent the Government wishes to continue or reinstate prior protocols, it should articulate them in full in its proposal to the Court.

[5] The Court recognizes that proactive guidance could, *inter alia*: (1) help prevent the mistaken public filing of classified documents; (2) discourage the needless or frivolous submission for classification review of documents that in fact pose no classification risk; and (3) limit standby counsel's concerns as to their role in publicly filing documents that could ultimately be deemed classified.

Special Administrative Measures ("SAMs") (ECF No. 529), Schulte has clarified that he merely seeks "an offline electronic copy of the docket and all associated filings—not . . . access to PACER." Def. Reply 1. The Government has subsequently informed the Court that it does not oppose this clarified request. The Court therefore directs the Government, to the extent it has not already done so, to furnish Schulte with the offline electronic copies of all filings from the up-to-date docket that he requests.

## CONCLUSION

For the forgoing reasons, Schulte's classification review request is granted in part, and denied in part. The Government is directed to submit its proposed procedures for future classification review by November 2, 2021. Schulte is directed to submit any response by November 17, 2021.

Schulte's clarified electronic docket request is granted.

The Clerk of Court is directed to terminate this letter motion at ECF No. 494.

Dated: New York, New York
October 18, 2021

SO ORDERED

*Paul A Crotty*
HONORABLE PAUL A. CROTTY
United States District Judge

4