Joshua Adam Schulte, *pro se*

October 8, 2021

**BY HAND**

Judge Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    **RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC)**

Dear Judge Crotty:

    I write in response to the government's letters dated October 6, 2021, and to request a procedure for the government to follow when claiming certain documents or materials are classified.

    The first letter, Dkt. 529, requests that I make specific requests for new classification reviews. First, I want to clarify for the Court and the government that my request for "a complete electronic docket, including all associated filings" is a request for an offline electronic copy of the docket and all associated filings—not a request for access to PACER. Until I obtain access to an electronic copy of the docket and all associated filings, I cannot undertake the specific review as requested by the government—as I have no idea what is filed in redacted form or what is filed as classified. So I request the court, clerks office, government, or whoever to please provide me with my entire docket, in electronic format (OFFLINE), so that I can finally review all the documents filed in my case as well as the orders.

    The second letter, Dkt. 546, incorrectly asserts that "legal mail" is "delivered to the defendant reasonably promptly." This is plainly false. The Motion to Deliver All Legal Mail and Court Correspondence Promptly literally provided exhibits indicating that mail from my attorneys, marked as attorney-client privileged, were literally the longest delayed mail—sometimes taking 60 days after the MCC received them before delivering them to me.

    Finally, I want to discuss the current procedures for identifying and notifying me of classified documents and materials. I spoke with the government in our first phone call today,

*United States v. Schulte*, S3 17 Cr. 548 (PAC); October 8, 2021 letter from *pro se* defendant

October 8, 2021, in which the government claimed they had no duty to provide me with anything in writing explaining the classified materials and reasons for classification. This is clearly an absurd position because it prevents me from challenging the decisions or learning what the government considers "classified" so I no longer file such materials in the future. The government said they'd undertake a review of my requested procedure, but I ask the Court to review and order the government to adhere to it.

I ask the Court to order the government and the CIA to provide me, in writing, with the specific portions and/or materials of documents it believes to be classified, along with the classification block required by Executive Order so that I am fully informed of what and why the government claims to be classified.

This way, I can challenge when the government over-classifies materials or mishandles classified information by improperly classifying materials embarrassing to the CIA; this is also necessary to maintain the full record in case I decide to challenge the classification decision in this court and on appeal. Additionally, this process ensures that I am updated on materials properly deemed to be classified so that I do not file or otherwise "spill" classified information inadvertently.

Finally, I ask the Court to remind the government and the CIA that it currently has 14 days to conduct its classification review. Several motions and filings, such as my bail motion filed August 24, 2021, have been "pending classification review" for over a month.

The Clerk of Court is directed to terminate this letter motion (ECF No. 559) as Judge Crotty's Order of October 18, 2021, *see* ECF No. 561, appears to have addressed it. SO ORDERED.

October 26, 2021

Respectfully submitted,

Joshua Adam Schulte

2