

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 26, 2021

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> **Re:**   ***United States v. Joshua Adam Schulte*,**
> **S3 17 Cr. 548 (JMF)**

Dear Judge Furman:

The Government respectfully submits this letter in response to the September 10, 2021 letter from the defendant, styled as a notice pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, asking that the Court declare the WikiLeaks Vault 7 Leak to be unclassified (the "Vault 7 Section 5 Notice") in connection with a prospective motion to dismiss Counts Three and Four of the superseding indictment or for use at trial.[1]  For the reasons discussed below, the defendant's motion should be denied.

In addition, the Government asks that the Court issue certain relief with respect to the defendant's public filing of documents containing classified information or requiring classification review prior to public filing, and also certain relief with respect to the timing of the Government's response to any future Section 5 notice or notices.

## Background

The third superseding indictment in this case, D.E. 405 (the "Indictment"), charges the defendant with nine counts relating to his theft and transmission of classified information from the CIA, his destruction of log files and other forensic data on CIA computer systems in the course of committing that theft, his obstruction of the investigation into the theft and leak of the classified information, and his transmission and attempted transmission of national defense information while detained in prison. On March 9, 2020, the defendant was found guilty by jury

---

[1] The letter is dated September 10, 2021, and was attempted to be publicly filed on or about September 21, 2021.  The Government first received a copy on that date. The defendant's motion is currently undergoing classification review.  This response does not require the discussion or disclosure of classified information and is being filed in unclassified form.

verdict of two counts in a second superseding information of making false statements to the FBI and contempt of court. D.E. 351.[2]

With respect to the defendant's transmission and attempted transmission of national defense information from prison, Count Three of the Indictment charges the defendant with the illegal transmission of unlawfully possessed national defense information in or about September 2018, in violation of 18 U.S.C. §§ 793(e) and 2, in connection with Schulte's transmitting classified documents, writings, and notes relating to the national defense to a third party who had not been authorized to receive that information. Count Four charges the defendant with the attempted illegal transmission of unlawfully possessed national defense information from at least in or about July 2018 up to and including at least in or about October 2018, in violation of 18 U.S.C. §§ 793(e) and 2, in connection with Schulte's attempts to communicate, transmit, and deliver documents, writings, and notes regarding tradecraft techniques, operations, and particular intelligence-gathering tools used by the CIA to a third party who had not been authorized to receive that information.

Schulte made these disclosures and attempted disclosures while confined at the New York Metropolitan Correctional Center following his arrest and revocation of his bail. *See generally* D.E. 127 (Aug. 14, 2019 Order) at 2-3.

### The Vault 7 Section 5 Notice

In the Vault 7 Section 5 Notice, Schulte argues that the documents, writings, notes, and information that he disclosed and attempted to disclose from prison were not classified because they had been publicly disseminated by WikiLeaks in 2017, prior to his 2018 transmission and attempted transmission to third parties. Schulte, accordingly, seeks an order "for the 'declassification' of certain public WikiLeaks Vault 7 documents intended for use as exhibits in my upcoming motion to dismiss the MCC Counts of the third superseding indictment for violation of the First Amendment and for use at trial provided the Court denies that motion."

### Discussion

The Vault 7 Section 5 Notice should be denied for two reasons. First, under the Court's prior orders, the Vault 7 leak already may be introduced at trial in its classified form, and was introduced at the defendant's prior trial as a classified exhibit. *See* GX1. Thus, the classified information that the defendant "expects to disclose or to cause the disclosure of," CIPA § 5, already may be disclosed in the classified form authorized by and in accordance with the Court's orders. Second, to the extent that the defendant seeks an order under § 5 declaring the material unclassified, that relief is (a) not available under § 5 and (b) contrary to binding Circuit precedent.

The defendant's § 5 notice assumes that CIPA permits courts to declassify classified information. That is not, however, the purpose or effect of CIPA. CIPA, rather, addresses the

---

[2] The Honorable Paul A. Crotty, United States District Judge, declared a mistrial as to the other counts in the second superseding indictment when the jury did not reach a verdict on them.

protection and use of classified information in criminal proceedings. *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008); *United States v. Abu Ali*, 528 F.3d 210, 245 (4th Cir. 2008). If a defendant expects to disclose or cause the disclosure of classified information, the defendant is required to provide notice to the Government. CIPA § 5. The Section 5 notice requirement is designed to allow a court to determine how a defendant intends to use the classified information and to ensure that a defendant is not allowed to "cloak his intentions and leave the government subject to surprise at what may be revealed in the defense." *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).

If the Government requests, "the court shall conduct . . . a hearing" pursuant to § 6(a) to determine the use, relevance, or admissibility of classified information at trial, including any information identified in the defendant's § 5 notice. The defendant is entitled to disclose classified information at trial only upon a finding by the Court that the classified information is relevant, helpful, and admissible at trial under the Federal Rules of Evidence. *See United States v. Miller*, 874 F.2d 1255, 1276-77 (9th Cir. 1989); *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984); *see also United States v. Cardoen*, 898 F. Supp. 1563, 1571 (S.D. Fla. 1995). The Government may offer a substitute or summary of the classified information for introduction at trial. CIPA § 6(c)(1). CIPA also permits the Government to introduce exhibits at trial in still-classified form, in a manner that protects classified information from public disclosure. Section 8 of CIP A provides: "Writings, recordings, and photographs containing classified information may be admitted into evidence without change in their classification status." *Id.* §§ 6(c), 8(a), & (b).

Here, the Court previously authorized the introduction at trial of the Vault 7 leak as a classified exhibit, subject to protections against further dissemination. D.E. 297. Accordingly, the defendant has all the relief available to him under CIPA.

Schulte's request for declassification is, moreover, premised on the false proposition that classified information becomes unclassified if it is publicly disseminated, even if that dissemination is without the approval or acquiescence of the government. As the Court has recently reaffirmed in denying the defendant's motion to compel the production of classified discovery in unclassified form, *see* D.E. 472, "evidence of public disclosure does not deprive information of classified status where the classifying agency has demonstrated a reasonable basis for maintaining information as classified." D.E. 513 (Sep. 23, 2021 Order) at 3 (cleaned up, *quoting Wilson v. CIA*, 586 F.3d 171, 174 (2d Cir. 2009); *see also* D.E. 61 (Aug. 16, 2018 Protective Order Pertaining to Classified Information) ("Information that is classified that also appears in the public domain is not thereby automatically declassified unless it appears in the public domain as the result of an official statement by a U.S. Government Executive Branch official who is authorized to declassify the information."). As in his motion to compel the production of classified information in unclassified form, "Schulte does not dispute the underlying reasonable basis for the classification status of the material he seeks in this motion; rather, he argues that any reasonable basis is extinguished by publicly availability. As the Second Circuit has made clear, it is not." D.E. 513 at 3. Accordingly, the relief the defendant seeks in the Vault 7 Section 5 Notice should be denied for the same reason.

Moreover, the defendant's proposed use of the documents and information does not require declassification in any event. The use Schulte proposes for the classified information is a legal one, not an evidentiary one. He argues that he cannot be held criminally liable for transmitting national defense information and classified records to a person not authorized to receive them,[3] if that information and those records previously had been publicly disclosed. The particular information and documents are not needed to decide that issue as a matter of law.

Accordingly, the defendant's declassification request should be denied.

## **Additional Relief**

The Government seeks two additional forms of relief.

First, with respect to the defendant's filing of notice under CIPA § 5, the Government requests that the Court admonish the defendant that classified information (including information the defendant reasonably should know is classified) cannot be publicly filed outside the procedures and without the authorization set forth in the CIPA and this Court's Protective Order. *See* D.E. 61 at 9-10. The defendant's idiosyncratic and incorrect view—that the prior unlawful publication of classified information and records renders them unclassified as a matter of law—is no safe harbor from the consequences of violating this Court's orders and the federal criminal laws governing the unauthorized disclosure of national defense information. *Id*. at 5. In recent weeks, the defendant has, through standby counsel, attempted to file several documents on ECF that appear to contain classified information. Section 5 notices are particularly likely to contain classified information, since the statute requires the defendant to "include a brief description of the classified information" at issue, and prohibits the defendant from "disclos[ing] any information known or believed to be classified in connection with a trial or pretrial proceeding until notice has been given under this subsection" and the United States has had an opportunity to seek a CIPA § 6 hearing and, if applicable, an appeal from the Court's determination under § 7. Should the defendant knowingly and intentionally publicly file or attempt to publicly file information "known or believed to be classified," including as part of a § 5 notice, he could be subject to penalties.

Second, with respect to the timing of the Government's response to any future § 5 notices or filings, the Government respectfully suggests that a date be scheduled for an omnibus response to all § 5 notices for the efficiency of responses and the Court's determinations. Among other reasons, a comprehensive rather than serial response to potential § 5 notices, and a comprehensive rather than serial § 6 hearing, will provide a greater context for the issues as a

---

[3] To the extent the charges in Counts Three and Four relate to the disclosure of information and records not included in the WikiLeaks publication, neither the defendant's proposed motion to dismiss nor his Section 5 notice apply to such information and records.

whole. The Government respectfully suggests that, when a trial date is scheduled, the parties also propose a schedule for CIPA briefing.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

cc: Standby counsel (by ECF)
Joshua Adam Schulte (by hand via BOP Legal Department)