Joshua Adam Schulte, *pro se*

September 16, 2021

**BY HAND**

Judge Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (PAC)

Dear Judge Crotty:

I write in response to the Court's request at the pretrial conference yesterday, September 15, 2021 regarding issues at the MCC.

The Court entered an Order on December 9, 2020 ordering social VTCs. Dkt. 443. Since then the MCC scheduled social VTCs the first Friday of each month. On Friday, September 3, 2021, the MCC informed me they decided to permit visitation again and therefore I would no longer have any VTCs. However, the Court's Order does not authorize the MCC to cancel such VTCs. Accordingly, the MCC should file a motion in the Court in accordance with federal criminal procedure to cancel the social VTCs. Since the MCC did not notify me ahead of time that they would re-open social visits nor that they were going to cancel social VTCs, the Court should order the MCC to schedule a makeup social VTC.

Next, since the MCC re-opened visitation we scheduled October 1, 2021 for my first in-person visit since December 2019. I ask the Court to order the MCC to permit physical contact for my social visits. Every other MCC inmate is allowed physical contact during social visits. Therefore, the MCC's denial of physical contact social visits for me is arbitrary—my ability to hug my mother does not endanger national security in any way, and the government already records my social visits unlike all other MCC inmates.

Finally, at least once each year the MCC executes a thorough shakedown of all SAMs inmates. This occurred on Thursday, August 19, 2021. During the shakedown, SIS Officer Rosencrance seized all of my discovery and legal CD/DVDs. He claimed that he spoke with the prosecutors, who informed him I no longer had a DVD drive and therefore my discovery CDs

*United States v. Schulte*, S3 17 Cr. 548 (PAC); September 16, 2021 letter from *pro se* defendant

were now "contraband." However, as requested at yesterday's conference, my standby counsel is in the process of obtaining an external DVD drive for me to review these materials.

In accordance with CFR 553.13(b)(2)(i), "Staff shall provide the inmate with a copy of the inventory as soon as practicable. A copy of this inventory shall also be placed in the inmate's central file." Rosencrance failed to deliver me a copy of the items he seized as "contraband." I then filed an informal-informal "COPOUT" as required by MCC administrative remedy procedure. The MCC did not respond. I then filed an informal BP-8, and the MCC did not respond. Finally, I filed a BP-9, and have not heard any response—but as I have demonstrated through hundreds of administrative remedies, there is effectively no administrative remedy process at the MCC since they simply ignore all requests. See *Motion for Reconsideration of Petition for Writ of Habeas Corpus to Modify Conditions of Confinement Pursuant to 28 U.S.C. § 2241*, Dkt. 456. It has now been a month since these materials were seized from me, and I have been unable to gain their return. Regretfully, I must now involve the Court and ask for an Order to return my discovery and legal correspondence to me.

As noted in the Court's Order of October 28, 2021, *see* ECF No. 570, Defendant's requests with respect to the conditions of his confinement in the MCC were mooted by his transfer to the MDC.  The Government's response to the remaining issue (regarding the August 19, 2021 search), *see* ECF No. 574, makes clear that it too is moot. Accordingly, Defendants' requests are denied in their entirety, without prejudice to any future motion regarding his conditions of confinement at the MDC.

Respectfully submitted,

Joshua Adam Schulte

SO ORDERED.

November 3, 2021