

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 5, 2021

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Joshua Adam Schulte*,
              S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter pursuant to the Court's Order, dated October 28, 2021, directing the parties to provide a variety of information regarding the status of this case. (D.E. 570). The Government sent a copy of the Order to Mr. Schulte via BOP legal counsel, and BOP has advised that a copy of the Order was delivered to Mr. Schulte.

1. The Government is currently represented in this matter by the undersigned Assistant U.S. Attorneys, David W. Denton, Jr. and Michael D. Lockard. Correct contact information for the AUSAs handling this case appears on the docket.

2. Other than the deadlines set forth in the Court's Order, the Government is not aware of any other specific dates set in this matter. The Court previously ordered the parties to "meet and confer as to Schulte's heightened trial preparation needs regarding . . . accommodations Schulte currently has access to, but for which increased access may . . . be possible as trial approaches" at some point "[a]fter a new trial date is set." (D.E. 552). The Court also directed the parties to confer "immediately" with the U.S. Marshals Service to make any necessary arrangements to implement the Court's Order regarding the defendant's access to a Sensitive Compartmented Information Facility ("SCIF") (D.E. 575).

3. The Government is not aware of any other outstanding motions beyond those listed in the Court's Order.

4. The Second Circuit's electronic docket reflects five pending appeals by the defendant from this case:

    a. 21-2528, *United States v. Schulte*: Interlocutory appeal from the Court's decision (D.E. 513) denying the defendant's motion for production of certain unrestricted, unclassified discovery.

    b. 21-2529, *United States v. Schulte*: Interlocutory appeal from the Court's decision (D.E. 515) regarding delivery of mail to the defendant.

    c. 21-2530, *United States v. Schulte*: Interlocutory appeal from the Court's decision (D.E. 519) denying the defendant's motion for scheduling of sentencing.

    d. 21-2558, *In re: Joshua Schulte*: Petition for writ of mandamus seeking production of discovery or, in the alternative, re-analysis of the Court's prior rulings pursuant to Section 4 of the Classified Information Procedures Act ("CIPA").

    e. 21-2756, *In re: Joshua Schulte*: Petition for writ of mandamus seeking consideration on the merits of the defendant's habeas corpus petition and release pending resolution of the defendant's motion for bail and habeas corpus petition.[1]

The defendant also has appealed the ruling of the Honorable J. Paul Oetken denying the defendant's separately filed habeas corpus petition. *Schulte v. Garland*, 21-2702 (appealing from *Schulte v. Barr*, No. 20 Civ. 9244 (JPO), Dkt. 5).

The defendant has filed additional notices of appeal for which no corresponding appeal has yet been docketed by the Second Circuit. *See* D.E. 554 (notice of appeal from order denying motion to vacate Special Administrative Measures); D.E. 556 (notice of appeal from order regarding access to legal resources).

5. The Government would propose that the Court schedule this matter for trial on March 21, 2022, or any date thereafter convenient for the Court.

6. The Government is available for trial of this matter at any time in the first or second quarters of 2022 that would be convenient for the Court.

7. Assuming that the Court were to sit full trial days, five days a week, the Government estimates that its case-in-chief would last approximately three weeks.

8. Although the Government is available for trial at any time in the first or second quarters of 2022, the Government does not believe it would be practical to schedule the trial prior to March 2022. In particular, although the Government believes that the Court's prior rulings pursuant to Section 6 of CIPA address the vast majority of questions concerning the use of classified information at trial in this matter, it appears likely that the defendant will seek to use additional classified information beyond that previously authorized by the Court. The process for pretrial consideration of that application pursuant to Section 6 is necessarily complex, entailing both briefing and hearings in a classified setting. To the

---

[1] Appeals docketed as 21-2528, 21-2529, 21-2530, and 21-2756 also seek recusal of the Honorable Paul A. Crotty, and have been mooted by the reassignment of this matter.

extent the Court authorizes the defendant to use additional classified information, implementation of the Court's rulings can also take time, such as through either declassification of information or supplemental briefing regarding the application of Section 8 of CIPA (authorizing the admission of classified evidence without change in classification status).  The proposed trial date also takes into consideration matters discussed in the Government's *ex parte* letter submitted on August 4, 2021. Accordingly, in order to afford sufficient time both for the likely upcoming CIPA litigation and for the parties to prepare for trial with the benefit of any supplemental CIPA rulings, the Government believes that the earliest practical trial date for this matter would be March 21, 2022.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

by:    /s/
      David W. Denton, Jr. / Michael D. Lockard
      Assistant United States Attorneys
      (212) 637-2744 / -2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by hand via BOP Legal Department)