BY HAND

October 25, 2021

District Judge Jesse M. Furman
Southern District of NY
500 Pearl Street
NY, NY 10007

RE: United States v. Joshua Adam Schulte 17-cr-548(JMF)

Dear Judge Furman:

I write this second letter to the Court with pen and paper as I still do not have access to my discovery, a law library, printer, or DVD drive to send it by electronic copy. I do not yet know how the Court prefers to be addressed, by letter, conference, motion, etc., so I hope the multiple letters I intend to send this week are okay for now.

I move for reconsideration of Judge Crotty's recent decisions that have spawned 3 mandamus petitions and 6 interlocutory appeals. I simply ask the Court perform a quick, cursory review of the relief sought and Judge Crotty's orders, as I am confident the Court will agree that the decisions violate clearly established law, and are legitimate interlocutory appeals and mandamus petitions (with the possible exception of 21-1445 that is now moot anyway). Hence, in lieu of waiting 6+ months for the government to file briefs and the Court of Appeals to render decisions (all my briefs were written before the District Court motions in anticipation of Judge Crotty's automatic denial), thereby delaying this case further, I simply ask the Court perform a quick, cursory review, and then for each issue the Court identifies as conflicting with clearly established law, I ask the Court review the fully briefed motions and issue a new opinion consistent with precedent. For example, I first moved for pretrial petition for writ of habeas corpus in a separate civil case in November 2020. That was dismissed as the district judge ruled it must be filed in the criminal case; however, when I briefed this to Judge Crotty, he sua sponte dismissed the petition, ruling it must be filed in the civil court. Accordingly, I had no option remaining except mandamus.

1. Access to the digital forensic crime scene, Mandamus 21-2558

See Dkt. 328, 331, 335, 420, 423, 430-31, Order 514, Mandamus Petition 21-2558, Dkt. 1. The government charged me with espionage and computer hacking for allegedly using my CIA workstation to gain unauthorized access to the ESXi server to gain unauthorized access to the Confluence Virtual Machine to gain unauthorized access to the Atlassian backups from the FS01 server. Since these computers and servers constitute the government's case-in-chief, then they are undoubtedly discoverable under Fed. R. Crim. P. 16; since the government provided the complete forensic images to its own experts then they must be provided to the defense and defense's experts in accordance with the Due Process Clause of the Fifth Amendment; since the government's experts testified exclusively about these materials and derived conclusions from their forensic examinations, then the underlying forensic images must be provided to the defense and the defense's experts in accordance with the Confrontation Clause of the Sixth Amendment and the need to subject the government's case-in-chief to adversarial testing and provide the defense with independent analysis of the underlying data; Finally, even though the government claims the computers and servers are classified, the government's states-secrets-privilege gives way in accordance with CIPA and the Roviaro v. United States, 353 U.S. 53 (1957) standard approved in United States v. Aref, 533 F.3d 72 (2d Cir. 2008). Accordingly, the government should be compelled to provide these materials. Judge Crotty overruled Supreme Court precedent, Second Circuit precedent, the Federal Rules of Criminal Procedure, and the Fifth and Sixth Amendments to the United States Constitution when he refused to compel the government to turn over these materials to the defense. Instead of waiting 6+ months for the Second Circuit to grant my mandamus petition, I ask this Court to review the mandamus petition and fully briefed motion and grant the requested relief.

2. Production in unclassified discovery of internet and non-illicit materials, Interlocutory Appeal 21-2528

Dkt. 472, 499, 505. Order 513. Defendant-Appellant Brief, 21-2528, Dkt. 32. Unrelated to the alleged espionage conduct, the government found web browser cache of the Edward Snowden documents released in 2013 on one of my servers. The government claims this information is still classified and therefore I cannot view it outside the SCIF. However, this decision is incorrect, because regardless of the government's privilege claim, the materials are protected by the First Amendment — this is different from other decisions, such as Wilson v. Central Intelligence Agency, 586 F.3d 171 (2d Cir. 2009), because I do not request permission to re-publish this public material, but simply to access the remaining terabytes of data on the server that are deemed "contaminated." In addition to the First Amendment guarantee to free speech, I argue that disclosing this information imposes minimal, if any, harm. I also argue that the government's position is absurd and arbitrary because it does not impose this restriction on other pretrial detainees — other inmates who viewed the Snowden documents were permitted access to those materials in their unclassified discovery. Additionally, such a position would encumber the entire criminal process because it would require attorneys to obtain security clearances and restrict un-cleared defendants from viewing their own discovery — and all because the defendant exercised his First Amendment right to view the publicly disclosed Snowden documents. Finally, I argue that the government's restrictions amount to impermissible punishment as it is imposed in retaliation for viewing classified information released on the internet, and imposes significant hardship as access to the SCIF to review those materials is cumbersome, restricted, and extremely difficult. It also unnecessarily delays trial since I must waste valuable SCIF time reviewing unclassified materials.

The Wikileaks disclosures that were published on the internet are also subject to the same arguments even though the materials differ from the Snowden documents in that the government alleges I was the one who leaked them. Similarly, the computer allegedly containing child pornography must be provided, minus the child pornography, in unclassified discovery. The government can easily remove the child pornography, and has already done so, to produce an untainted forensic image containing the remaining non-illicit files.

3. Prompt delivery of court correspondence and legal mail, Interlocutory Appeal 21-2529
Dkt. 441, 499, 508. Order 515. Defendant-Appellant Brief 21-2529, Dkt. 14.
This is a very simple one. The BOP delays all court correspondence and legal mail by over a month. This causes significant delays and violates clearly established Supreme Court precedent recognizing the right of access to the courts — this right clearly implies the right to contemporaneous access. Furthermore, the government's reason for delay is nonsensical: they claim that, in order to protect national security from me disclosing classified information (despite never doing so), they must delay and review mail sent TO me. It is impossible to transmit national defense information by RECEIVING mail.

4. Right to sentencing of partial conviction, Interlocutory Appeal 21-2530
Dkt. 475, 499, 509. Order 519. Defendant-Appellant Brief, 21-2530, Dkt. 19. This is another very simple issue. The Second Circuit clearly established that unresolved counts after a partial conviction are effectively severed and subject to a second sentencing and final judgment. Fed. R. Crim. P. 32(b)(1) and the Fifth Amendment also require a speedy sentencing. Judge Crotty's decision that I have no right to a prompt sentencing after partial conviction is clearly erroneous and must be reversed.

5. Modification of conditions of confinement, Interlocutory Appeal 21-XXXX

Dkt. 447, 450, 453, 456, 499, 506, 526. Defendant-Appellant Brief XX (completed, awaiting transmission of notice of appeal to court of appeals). It is clearly established law in this circuit that a pretrial petition for writ of habeas corpus is proper the proper vehicle to challenge conditions of confinement. Instead of addressing barbaric, inhumane conditions of confinement, Judge Crotty dismissed the petition, directing me back to the civil court where he already dismissed the exact same petition and directed me to the criminal court. This deadlock where no court has ever considered the merits of my argument is a manifest injustice.

6. Unconstitutionality of SAMs and indefinite solitary confinement, Interlocutory Appeal 21-XXXX

Dkt. 474, 499, 520. Order 527. Defendant-Appellant Brief XX (completed, awaiting transmission of notice of appeal to court of appeals). SAMs are facially unconstitutional, especially when applied to pretrial detainees based upon nothing more than the pending indictment that is legally presumed to be untrue. Solitary confinement is always punitive, and is an extreme form of torture recognized as such by psychology and the United Nations. Due to the permanent psychological damage incurred from indefinite solitary confinement, this court should adopt similar findings from other district courts and courts of appeals, and declare indefinite solitary confinement to be cruel and unusual punishment in violation of the Eighth Amendment as well as unlawful punishment for pretrial detainees in violation of the Due Process Clause of the Fifth Amendment.

7. Effective self-representation, Interlocutory Appeal 21-XXXX

Dkt. 490, 499, 522. Order 552. Defendant-Appellant Brief XX (completed, awaiting transmission of notice of appeal to court of appeals). Basic legal materials such as 24-7 access to discovery, a digital law library, and a printer are

bare essentials necessary even for a well-trained attorney to effectively represent himself, and therefore, are constitutionally required for pro se defendants.

8. Pretrial petition for writ of habeas corpus, Mandamus 21-XXXX

Finally, in addition to deadlocking me on addressing conditions of confinement, Judge Crotty also deadlocked me on challenging my current pretrial detention status. On August 24, 2021 I filed a joint motion for bail and petition for writ of habeas corpus for pretrial release. This motion is still pending classification review, and has not yet been docketed. Prior to waiting for the government to file a response, Judge Crotty sua sponte dismissed the habeas corpus petition in his order dated October 6, 2021, Dkt 526. Judge Crotty dismissed this petition based on the absurd, baseless, and erroneous belief that I must file a petition for writ of habeas corpus in civil court. As I stated in the motion, I already tried to file the petition in civil court. See Joshua Adam Schulte v. William Barr, 20-CV-9244 (JPO)(SDNY). District Judge Paul Oetken dismissed the petition on December 7, 2020, Dkt. 5. Judge Oetken ruled that "[T]his petition requests intervention in Schulte's pending criminal proceedings. Because the Court will not intervene in those proceedings under the doctrine established in Younger v. Harris, 401 U.S. 37 (1971), the petition is denied." Id at 2. Accordingly this Court should reverse Judge Crotty's second attempt to block and deadlock me from seeking review of my current confinement conditions and detention status — the court should entertain my petition, and ultimately grant the requested relief.

Respectfully submitted,
Joshua Adam Schulte

10/25/21

Josh Schulte #79471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: Judge Furman, Case 17-cr-548 (JMF)
Pro Se Intake Office
United States District Court SDNY
500 Pearl St.
NY, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2021 NOV -9 AM 9:45