Joshua Adam Schulte, *pro se*

November 9, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      I write the Court as requested after yesterday's pretrial conference.

      First, I wanted to update the Court regarding the two forensic images SRV02 and SC01 as discussed yesterday. The CISO provided SRV02 on a hard drive for me in the SCIF today, but I was notified that the entire SC01 forensic image can only be accessed on the fourth floor—and must be reviewed with the FBI. My interpretation of the government's letter dated October 6, 2021, Dkt. 546, was that the single child pornography file (a virtual machine) would be removed from a modified SC01 forensic image for me to review in the SCIF without FBI interference. However, it appears I misunderstood the government's letter, and this will not be done. I need to conduct a forensic examination and perform privileged analysis on the non-child-pornography portion of SC01, which is critical to my defense. The government's insistence that I must reveal my entire examination and trial strategy to the FBI is absurd. I ask the Court to order the government to provide me a modified SC01 forensic image without the sole child pornography virtual machine or otherwise arrange for my forensic examination and analysis on the non-child-pornography portion of the SC01 forensic image without FBI oversight and interference.

      Second, I wanted to ask clarification regarding the bail motion reply. As mentioned yesterday, I did not have access to my reply motion to make oral arguments. I do not believe a deadline was set for my reply motion or a date for oral arguments. With the Court's permission, I would simply file my reply motion as soon as I am able to access my external hard drive containing the case law and exhibits to complete the motion—which I anticipate will occur on

*United States v. Schulte*, S3 17 Cr. 548 (JMF); November 9, 2021 letter from *pro se* defendant

Friday. If the Court permits me to file a reply brief, would it be subject to the Court's new formatting and page limitations or would it be subject to Judge Crotty's formatting as existed at its inception as a final vestige of Judge Crotty's reign?

Respectfully submitted,

Joshua Adam Schulte

The Government shall respond to the first issue raised above in its letter due on Monday, November 15th. Among other things, the Government should address whether or to what extent the forensic image at issue is relevant to the charges at issue in the next trial - as opposed to the child pornography charges to be tried later. If the forensic image is relevant only to the latter charges, the Court would be inclined to address it down the road - and focus for now on ensuring that Defendant has the means to prepare for the retrial.

Per the Court's Order memorializing upcoming deadlines that was entered yesterday, *see* ECF No. 580, Defendant's reply in support of his motion for bail is due by **November 22, 2021**. It is subject to the formatting and page limitations set forth in the Court's Order of October 28th, which means it **may not exceed ten pages.**

The Court reminds counsel for the Government and standby counsel that, per the Court's Order of yesterday, they should promptly mail (or otherwise deliver) a copy of this Order to Defendant. The Court assumes that counsel will comply going forward and, thus, will not include similar reminders in future orders of the Court.

The Clerk of Court is directed to terminate ECF No. 582.

SO ORDERED.

November 10, 2021