Joshua Adam Schulte, *pro se*

November 12, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write the Court for permission to file additional pretrial motions.

1. CIPA 4 motion for discovery of the forensic crime scene

On September 23, 2021, Judge Crotty denied a similar motion, but noted that "[t]he parties do not ask the Court to reconsider the CIPA § 4 Order, nor to undertake a fresh, full-fledged *ex parte* review of the materials Schulte seeks in the instant motion. The Court thus refers the parties to its analysis in the CIPA § 4 Order..." Dkt. 514 at 3. I believe the Court should undertake a fresh, full-fledged *ex parte* review of the materials—especially because the information available to the Court has changed significantly since trial; the government's initial arguments in its *ex parte* CIPA § 3 motion that the Court relied upon in its CIPA § 4 denial were completely misleading as they claimed the only computer it intended to introduce at trial was the CIA Workstation. In reality, the government relied on two other major servers at trial—and all three constitute the government's case-in-chief. Due to the change in circumstances, updated information, and the benefit of a full trial record, the Court should permit me to file an updated CIPA § 4 motion for access to the forensic crime scene.[1]

---

[1] Note that I filed a petition for writ of mandamus on October 13, 2021, 21-2558, regarding access to the forensic crime scene. If the Court grants permission for me to file the CIPA §4 motion, I will first move for a stay in the mandamus petition before filing the motion in the district court.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); November 12, 2021 letter from *pro se* defendant

2. Motion to suppress March 16, 2017 cell phone search warrant

The government never produced the March 16, 2017 cell phone search warrant until its opposition motion to my initial warrantless cell phone suppression motion. Dkt. 525. My reply motion did not attack the warrant, but asked the Court to disregard it, because the government never produced it in discovery. Since the initial cell phone suppression motion was a motion to suppress the *warrantless* seizure of my cell phone, and I never had a chance to challenge the March 16, 2017 search warrant that was never produced to me in discovery, I ask the Court's permission to file a suppression motion based on the March 16, 2017 affidavit.

3. Motion to suppress specific attorney-client privileged and non-responsive documents seized from the MCC

Since the Court denied my motion to suppress the MCC search warrant, I now request permission to file a motion to suppress specific pages, documents, and statements seized from my property at the MCC that the government intends to use at trial that is protected by attorney-client privilege or is not responsive to the MCC search warrant. While the government claims it does not intend to introduce any privileged information at trial, this is a self-serving notion as the government simply disregards privilege. My former counsel never filed any similar motion nor did Judge Crotty ever examine and determine the documents introduced at trial were non-privileged and responsive.

4. Motion to suppress the March 14, 2017 Google, GitHub, and Reddit search warrant

While my former counsel filed a motion to suppress the initial March 13, 2017 New York City apartment search warrant, it did not file a motion to suppress the March 14, 2017 search warrant. Since the underlying probable cause is the same, I do not seek to challenge the probable cause, but challenge the warrant never established the necessary nexus to the *online accounts* and was insufficiently particular.

5.  Updated motion for severance and/or bifurcated trial

Judge Crotty denied the initial pretrial motion for severance; however, this denial was based on the government's false claims that the MCC charges involved additional transmissions of NDI. At trial, the government presented three instances where it claimed I committed thought crime and planned to release NDI—information that was *already released by WikiLeaks and on the internet.* While the government can claim anything is classified, the courts have very carefully ruled that information on the internet is NOT closely held and therefore NOT eligible to be NDI. Accordingly, the MCC Counts should be dismissed before trial as it is impossible for material on the internet to qualify as NDI. See *Motion to Dismiss MCC Counts for Violation of the First Amendment* (pending classification review). However, in the event that the Court denies that motion, there should be a severance. The alleged WikiLeaks transmission and MCC Counts are as similar as a rocket ship is to a pencil; the WikiLeaks transmission involves CIA data allegedly hacked, stolen, and transmitted to WikiLeaks in Virginia whereas the MCC Counts involve public information from the internet allegedly *planned* to be re-published from a prison in New York City—the latter has staggering repercussions for free speech and the free press, and if convicted would essentially greenlight the government to raid the New York Times and charge everyone who posted anything about public CIA classified documents. The government knows its MCC case is doomed to fail, but intends to use it to introduce incendiary statements and my pretrial incarceration that normally would not be admissible.

Finally, the bogus MCC Counts that are doomed to fail are the sole basis for the SAMs imposed upon me. Since the Court recently denied my SAMs motion, I will continue to be tortured by the United States Federal Government until I am acquitted in May. I therefore have a very strong interest in resolving the bogus MCC Counts ASAP. The government should not be allowed to hold me as a SAMs inmate for allegations it refuses to allow me to resolve immediately. I am ready for trial on the MCC Counts today—and that trial would be very short; I will simply show the jury pages from the internet detailing the exact information the government charged me with thought crime. The jury will have no choice but to acquit. I therefore ask the Court's permission to file a motion for a severance, or at the very least, a bifurcated trial on the two very different alleged crimes.

Joshua Adam Schulte

3