Joshua Adam Schulte, *pro se*

November 10, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    **RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)**

Dear Judge Furman:

    I write with respect to MDC confinement conditions first raised at the November 8th pretrial conference. There are several torturous conditions of confinement that are preventing me from working on my case as well as less serious confinement conditions that constitute unlawful punishment in violation of the Due Process Clause of the Fifth Amendment; Indeed, conditions of confinement that are imposed arbitrarily without any legitimate governmental objective violate substantive due process guaranteed by the Fifth Amendment. *Bell v. Wolfish*, 441 U.S. 520 (1979).

    Many of the challenged confinement conditions are similar to conditions imposed at the MCC—conditions that I have now spent over three years trying to get any court to merely entertain my request for relief. I now ask this Court for relief from MDC confinement conditions. "While BOP contends that because [defendant] has not been released on bail, the Court lacks jurisdiction to monitor the conditions of his confinement under the Bail Reform Act of 1984, 18 U.S.C § 3141-3150, this contention ignores the Court's jurisdiction to entertain a habeas petition challenging the conditions of pretrial confinement." *United States v. McGriff*, 468 F. Supp. 2d 445, 447 (E.D.N.Y. 2007). "The Supreme Court has noted that '[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution' and that '[w]hen a prison... practice offends a fundamental constitutional guarantee, federal courts will discharge their duty to protect constitutional rights.'" *United States v. Bout*, 860 F. Supp. 2d 303, 305 (S.D.N.Y. 2012) (quoting *Turner v. Safley*, 482 U.S. 78, 84 (1987)); See also *United States v. Khan*, 540 F. Supp. 2d 344 (S.D.N.Y. 2007). Federal judges "cannot simply defer to the Warden and abandon [their] duty to uphold the Constitution." *Id.* The entire purpose of a Republic is enforcement of the law, equally, amongst all its citizens. Any system or institution that permits and enables arbitrary treatment of the People undermines the bedrock from which a Republic is built; it decays into totalitarianism.

    At the November 8th appearance, the court appeared amenable to considering confinement conditions that impacted the criminal case, but less so for conditions that are applied arbitrarily as unconstitutional punishment—though they may not directly impact the

criminal case. I urge the Court to uphold the Constitution and put a stop to arbitrary conditions imposed upon me simply because I am accused of a crime against the government, and it is the government who confines me; surely, it would be unconstitutional for the government to seize all pretrial detainees accused of crimes against the government, and impose harsh conditions of confinement upon them simply for this alone. Indeed, this is exactly the situation here. My SAMs do not request or even remotely suggest the imposition of the following torture and arbitrary petty torments imposed upon me; they are imposed simply because the government does not like me, and wants to single me out and make my life as difficult and as miserable as possible. No general population pretrial detainee or *sentenced* inmate in the entire United States suffers the harsh, arbitrary confinement conditions imposed upon me.

## I. Torture imposed that directly impacts the criminal case

The following torture directly impacts my ability to engage in the criminal case before the Court. All 5 inmates of the new SAMs unit on K84 of the MDC intend to begin a hunger strike next week until these issues are resolved and we are treated less like concentration camp slaves. I hope the Court will help me resolve these critical issues.

### A. Sleep Deprivation

The MDC spent taxpayer dollars to modify our general population unit to install torture lights that are on 24/7. These bright lights prevent sleep, and are arbitrarily imposed upon us to torture us as there is no legitimate governmental objective to 24/7 bright lights except torture. I ask the Court to order the MDC to immediately remove these torture lights.

Additionally, although the government arbitrarily installed two 24/7 cameras in our torture cages, they force the COs to do 5 times as many rounds as they do in general population. So, at night the CO comes by every ten minutes, opens the cage's door's window-lid to peer into the cage with a bright flashlight and then slams the metal-on-metal window-lid shut. So, every ten minutes we hear a loud bang. This is absurd. I ask the Court to compel the MDC to treat us as equally as general population with regard to the COs' number of rounds at night. I also ask the Court to compel the MDC to install rubber guards on the window-lid as we had at MCC to muffle the sound as well as compel the MDC to require COs not to slam the window-lids. Note that this is not an issue in general population as they have no window-lids and can freely look outside their cells through their door's window.

### B. Starvation

The MDC is deliberately starving us. We no longer receive 3 regular meals per day. Most days we do not get breakfast and some days we do not get dinner. For example, on Saturday, November 6, 2021, I received neither breakfast nor dinner; and for lunch I received a piece of bread. Today, Wednesday, November 10, 2021, I did not receive lunch. When they do feed us, it is served in different trays than general population, in significantly less portions, and roughly

10% of the food we had at MCC. They also deliberately spread out the time between meals from about 4.5 hours in general population to 7 hours—not feeding us dinner until 8 or 9 PM. And finally, they routinely give me the wrong tray—"no flesh" or other special food trays. **I am hungry day and night. *I am literally starving.*** The most food I get in a week is when I am taken to the court and get to eat a sandwich. This is unconscionable. There is no legitimate governmental objective in starving us. I ask the Court to compel the MDC to feed us three times per day like general population and at the same times they feed general population, which is 7AM, 11AM, and 5PM. I also ask the Court to compel the MDC to provide us the exact same food served general population in the exact same trays and the exact same amount. Finally, I also ask the Court to compel the MDC to provide us two trays, or double portions, as we received at MCC since general population has the opportunity for seconds.

C. Exposure to the extreme cold

The MDC does not provide us with heat in our torture cages, but rather blasts the A/C all day long. This same torture was imposed at MCC—while the MCC provided heat to the general population, water literally froze in our torture cages at the MCC. COs literally wore multiple ski jackets and heavy winter gear while we froze to death. The MDC appears to have inherited this torture tactic. When we were first taken to MDC, we were placed in the SHU, which was properly heated; I wore just one set of clothes and slept with a single bedsheet. Now that we are in the special concentration camp designed for us, there is heat supplied out on the unit and in the visitation rooms, but no heat provided in our torture cages—just the constant cold air. I wear both sets of clothes, two sets of thermals, and sweats. And at night I use both the heavy blankets and sheets provided to me. There is no legitimate governmental objective to freezing us all winter. I ask the Court to compel the MDC to provide us equal heating as it does general population.

II. Psychological torment imposed that indirectly impacts the case

A. MDC permits only one hour of law library and discovery access per day

Out of the 24 hours per day that I am tortured each and every day of my life, the MDC only allows me access to the law library for case law review and discovery access once for one hour. General population has unlimited access to discovery and the law library. Since I attend SCIF twice each week, where I am not permitted law library review on my return to the MDC, I am now limited to 3 total hours every seven days, or 168 hours. 3 hours of 168. I will be unable to meet the Court's imposed deadlines without more time. There is no legitimate governmental objective in denying me access to my discovery and the law library. I ask the Court to either order the MDC to provide me 8 hours of access each day or to install the law library portal on my laptop so I have equal access as general population.

B.   MDC removed light switches from the cells so the lights cannot be toggled

The MDC spent taxpayer dollars to remove light-switches from our torture cages. This is a form of psychological torture as it is a statement that we cannot control anything in our lives now—they flip the lights on or off at their will, and we have no choice. I cannot read or work on my case into the night nor can I take a break during the day. There is no legitimate governmental objective to arbitrarily removing light switches. I ask the Court to order the MDC to replace the light-switch in our torture cage.

C.   The MDC replaced comfortable chairs with a short concrete "stool"

The MDC removed the general population-issued plastic chairs from our torture cages so we cannot sit down. I have nowhere I can work on my case except the floor, which is difficult. There is no legitimate governmental objective in removing chairs and imposing uncomfortable miniature concrete stools that do not reach the table and do not have a back. I ask the Court to order the MDC to return the plastic chairs so we can sit down.

D.   The MDC does not provide televisions in the cells. All other *sentenced* control units in the BOP are given televisions.

There is no legitimate governmental objective to denying pretrial detainees access to television. General population has access to 20+ hours of television viewing. AW Plourde explained that since we are pretrial inmates at a detention center, we are not entitled to a television—we have to get convicted and sent to a federal penitentiary to be eligible for televisions... which sounds like government logic. So, the government deliberately punishes pretrial control units and coerces them to plead guilty with promises of improved confinement conditions like access to television. There is no legitimate governmental objective to denying us access to televisions provided to general population. I ask the Court to order the MDC to provide us televisions in our torture cages.

E.   The MDC bans all SAMs inmates from its library

There is no legitimate governmental objective to denying pretrial detainees access to the institution's library. If the MDC desires to prevent us from utilizing the general population library then it must either provide us with eReaders with access to New York City's public libraries (easiest and cheapest option) or build and maintain a *separate, but equal* library for our use. I ask the Court to order the MDC to provide us access to a library.

F.   The MDC imposes commissary restriction as punishment

The MDC restricts commissary as a form of punishment, and arbitrarily inflicts this punishment upon us. AW Plourde explained that they cannot provide us with equal commissary since we must be punished for SAMs. The MDC therefore severely restricts our commissary, particularly sweets such as honeybuns, chocolate, etc. There is no legitimate governmental objective for this arbitrary punishment. The Court should order the MDC to offer us equal commissary as the general population.

    G.    The MDC installed two 24/7 cameras equipped with night vision

There is no legitimate governmental objective to installing 24/7 cameras in our torture cages. No other pretrial detainees are subject to 24/7 monitoring. I ask the Court to order the MDC to remove all cameras from our torture cages.

    H.    The MDC arbitrarily restricts phone minutes

The MDC arbitrarily restricts our phone minutes by 90% from 300 to 30; 30 minutes is arbitrarily chosen. There is no legitimate governmental objective to reducing our phone minutes by 90%. I ask the Court to order the MDC to grant us the same minutes as GP.

    I.    The MDC arbitrarily restricts our social visits

The MDC arbitrarily restricts our social visits by denying us access to unmonitored in-person contact visits with more than one person at a time. There is no legitimate governmental objective to these restrictions, and the Court should order the MDC to grant us equal social visits as general population.

    J.    The MDC removed the basketball goal from our recreation yard

Every recreation yard at MDC has a basketball court and goal. The MDC spent taxpayer dollars to deliberately and arbitrarily remove our basketball goal and all balls for no other purpose except to be ruthless, soulless assholes. There is no legitimate governmental objective to removing our balls. I ask the Court to order the MDC to replace our basketball goal and balls.

    K.    The MDC arbitrarily shackles me for all movement

For any and all movements within the MDC, they must cuff my feet, place a belly chain around me, and handcuff me; all I'm missing is the Hannibal Lector mask. There is no legitimate governmental objective to treating me as a violent prisoner when I've never even been accused of violence. I ask the Court to order the MDC to treat me as a normal, general population inmate when moved around the prison.

    L.    The MDC arbitrarily imposes solitary confinement

The MDC arbitrarily imposes solitary confinement upon me. SAMs do not require solitary confinement. Since the MDC is using a regular unit to house us, it is designed for us to move about it freely. The only other inmates here are SAMs inmates. There is no legitimate governmental objective to solitary confinement; why cannot SAMs inmates comingle in the same unit outside solitary confinement? I ask the Court to compel the MDC to open our torture cages and permit all SAMs inmates to mingle freely outside barbaric solitary confinement.

The ultimate timeout.

### III. Petty torments imposed arbitrarily

    A.    MDC replaced normal sinks using dials with push-dials

It is extremely difficult to wash your hands when you must push and hold down dials to dispense water. There is no legitimate governmental objective to imposing push-dial sinks.

    B.    MDC replaced normal porcelain toilets with seat-less toilets

The MDC paid taxpayer dollars to remove the general population porcelain toilets and install seat-less toilets. There is no legitimate governmental objective to imposing seat-less toilets.

    C.    MDC replaced normal showers using dials with a single timer-button

There is no legitimate governmental objective to imposing single timer-button showers with no temperature control.

    D.    The MDC blocks the outside view

There is no legitimate governmental objective in imposing blocked out windows.

    E.    The MDC removed lockers so commissary and clothes must be stored on the floor.

There is no legitimate governmental objective in imposing floor storage

***

These 20 issues are completely unrelated to SAMs; SAMs does not impose these restrictions. Since general population at the MDC and all pretrial BOP detainees are granted the same treatment and "amenities" I seek here, this Court should grant my requested relief to revert the arbitrarily imposed torment. Otherwise, the judiciary greenlights the BOP and executive branch to torture whomsoever it pleases in violation of the very foundations of a Republic. Is this inmate charged with crimes against the government? Yes? Then bring him to the concentration camp in New York City and torture him.

Respectfully submitted,

Joshua Adam Schulte

*[signature]*