

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 15, 2021

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Joshua Adam Schulte*,
             S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter pursuant to the Court's Orders, dated November 9, 2021 (D.E. 580) and November 10, 2021 (D.E. 584), directing the Government to update the Court regarding a variety of matters.

1. <u>Status of the SC01 Desktop and SRV02 Server</u>

      The Court's Order, dated September 23, 2021, directed the Government to address the status of two digital forensic images of computers seized from the defendant's home, referred to as "SC01" and "SRV02." (D.E. 513). The Government clarified in its letter, dated October 6, 2021, "the defendant's discovery copy of the SC01 Desktop and SRV02 Server . . . were produced in discovery in early 2018 and previously maintained on a single hard drive." (D.E. 546 at 1). Because SC01 contains child pornography, it must be maintained "in the care, custody, and control of either the Government or the Court," and the Government must "provid[e] ample opportunity for inspection, viewing, and examination at a Government facility." 18 U.S.C. § 3509(m)(2). In order to facilitate the defendant's review of SRV02, which is not subject to those statutory limitations (although it must be reviewed in the SCIF consistent with the handling restrictions applicable to discovery containing classified information), the Government recently recopied both servers onto separate hard drives (D.E. 546 at 1), and the defendant confirmed that he does in fact have access to both hard drives (D.E. 582).

      The contents of SC01 are relevant to the defendant's upcoming retrial on espionage charges. Judge Crotty previously denied the relief that the defendant again seeks in his November 9, 2021 letter, rejecting his request for "partial, unrestricted production of the SC01 machine, without the alleged child pornography" and concluding that "such an undertaking for already-produced discovery is gratuitous." (D.E. 513 at 3-4). Consistent with Judge Crotty's conclusion, courts that have considered the application of Section 3509(m) have recognized that there is no authority supporting the claim that "the Government must produce to the defense

material other than child pornography from a computer that contains child pornography." *United States v. Healey*, 860 F. Supp. 2d 262, 270 (S.D.N.Y. 2012) (citing *United States v. Cameron*, 672 F. Supp. 2d 133, 141 (D. Me. 2009), amended (Nov. 30, 2009) ("To require the Government to sift through the [discoverable material], redact non-pornographic images, and prepare a special document runs against the principle that the Government is not required to create a document to respond to a defense request for discovery.")).

Standby counsel has represented that the defendant does not want Government personnel (including FBI personnel) inside the courthouse SCIF where the defendant reviews classified discovery so, accordingly, the defendant will be given access to SC01 in the U.S. Marshal's Service area of the courthouse. Neither the defendant nor his standby counsel has yet made any request to review the material. The Government is prepared to ensure that the defendant has the statutorily required "ample opportunity" to review SC01 consistent with the requirements of Section 3509(m), and will work with the defendant, standby counsel, the CISO, and the Court to address any particular issues that arise should the defendant make such a request.

2. Copy of the Electronic Docket

On November 4, 2021, the defendant signed a property receipt confirming that he had received both the DVD containing a copy of the electronic docket and a CD/DVD player with which to view it. A copy of that property receipt is attached hereto as Exhibit 1.

3. Access to the Law Library and Electronic Discovery

Legal counsel for the Metropolitan Detention Center ("MDC") confirmed to the Government on November 10, 2021 that the defendant does have access to the law library computer and printer made available to the group of inmates subject to Special Administrative Measures ("SAMs"), and that the defendant was in fact using that computer. In addition, as noted above, the defendant has been provided with a CD/DVD player in order to review any discovery contained on discs, although the Government understands that all material previously provided on discs was in fact copied onto the hard drive of the defendant's new discovery laptop.

MDC legal counsel has advised the Government that the defendant has been allotted 2 hours of access to the unit law library each day. As noted above, the SAMs unit library has been functioning since approximately November 6, 2021. MDC legal counsel will advise the unit manager to allow the defendant up to 10 hours of access to the unit law library each week.

With respect to the defendant's complaints regarding his ability to access unclassified discovery, it is the Government's understanding that the defendant has access to all of his unclassified discovery at this time. First, the Government understands that the most recent discovery laptop provided to the defendant by his former counsel has a copy of all unclassified discovery, including the trial records, stored on its internal hard drive. Thus, it is the Government's understanding that any discovery that was previously provided to the defendant on disc or external hard drive is now duplicated on the laptop. Second, to the extent that the defendant also has discovery on discs, the defendant has been provided a disc reader by his standby counsel. *See* Ex. 1. Third, to the extent that the defendant also has discovery on external hard drives that require an external power source, inmate cells do not have power outlets and the

power cords themselves are kept by the unit manager for security reasons. The defendant, however, can have access to the power cords to use those external hard drives with the SAMs unit law library computer.

4. Conditions of Confinement

The Government has advised legal counsel for the MDC of the defendant's allegations concerning his conditions of confinement and provided MDC with a copy of the defendant's letter dated November 12, 2021. (D.E. 590).

MDC has advised the Government that the law library for SAMs inmates has been operational since on or about November 6, 2021.

To the extent the defendant is unable to access any of his unclassified discovery, additional copies could be made or copied onto the discovery laptop. To date, the defendant has not identified any particular such discovery materials.

With respect to the temperature at the MDC, legal counsel has advised the Government that the temperature in each housing unit at the MDC is regulated by thermostat and that MDC staff has not observed uncomfortably cold temperatures in the SAMs unit. Additional blankets are available to any inmate upon request. The air conditioning is not currently on at the MDC.

With respect to meals at the MDC, MDC legal counsel has advised the Government that three meals are served to inmates daily. The defendant may miss meals on days that he visits the courthouse SCIF when he is not at the MDC when meals are served. Additional food is also available for purchase from the commissary.

With respect to the defendant's complaints about lighting in the SAMs unit, legal counsel has advised the Government that the lighting is on automatic timer. At night, a low-wattage light comes on for staff visibility so that inmates can be seen for reasons of the safety of the inmates and the security of the institution and staff.

5. Allegations in the Defendant's September 14, 2021 Letter

The defendant's September 14, 2021 letter asks the Court to order production of "AFD and WTF [WikiLeaks Task Force] forensic analysis and reports," as well as the "Schulte CIA Workstation, the ESXi Server, and the FS01 server." (D.E. 504 at 11). The Court has already denied the defendant's requests for additional production of computer images from the CIA, specifically referencing the defendant's September 14, 2021 letter. (*See* D.E. 514 n.1 (citing D.E. 504)). With respect to materials from AFD, the Government has re-confirmed, as it previously informed defense counsel, that no such forensic report exists, and has already produced information responsive to the defendant's questions in classified discovery at CLASSIFIED_JAS_001170-72. With respect to materials from the WikiLeaks Task Force, the Government has already produced the information that the Court concluded the defendant was entitled to (*see* D.E. 124 at 7-9 (approving substitution of redacted version of, among other things, "a report by a CIA taskforce that investigated the Leaks")), and the report was entered into evidence at the previous trial subject to the Court's additional rulings pursuant to CIPA

§ 6(c). (*See* GX5001). Accordingly, the Government believes that the issues raised by the Defendant in his September 14, 2021 letter have been resolved.

6. Date of Production of Search Warrant

The Government has reviewed discovery records and consulted with former AUSAs who were previously responsible for this matter, and who are no longer with the Office, but has yet been unable to confirm whether the March 16, 2017 search warrant for the defendant's Huawei phone was previously produced in discovery, and if so, on what particular date. The Government has confirmed that the September 9, 2019 search warrant for the same phone was produced on or about September 13, 2019, and the extraction from the phone itself was produced on or about September 23, 2019. The affidavit in support of the September 13, 2019 warrant referred to, but did not attach, the March 16, 2017 warrant. (D.E. 497 Ex. 12 at 9 n.4). The defendant and his standby counsel now have, at the very least, a copy of the March 16, 2017 search warrant application from the Government's opposition to the defendant's *pro se* motion to dismiss. (*Id.* Ex. 6).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by mail)