Joshua Adam Schulte, *pro se*

November 15, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

    Due to Judge Crotty's Rule 29 Order issued November 9, 2021, Dkt. 581, the Court is compelled to dismiss Count Three of the third superseding indictment.

    Judge Crotty found "that the evidence presented at trial was insufficient to establish beyond a reasonable doubt that the Hickok information (i.e., that Hickok connected DEVLAN to another group's network) was national defense information. The [g]overnment elicited no testimony establishing how this information related to national defense or explaining the utility of such information. See GX 616 (Hickok User Guide marked unclassified)." *Id.* at 25. "Nor was there any evidence showing Schulte had reason to believe that the Hickok disclosure could harm the United States. At trial, the [g]overnment offered only vague testimony that if someone learned of Hickok 'it could be used for other folks to subvert a system, to move information between two networks that does not need to get moved.' Dave Tr. 786-87. There was no explanation of how Schulte's September 2018 disclosure, of DEVLAN's bridge to another group's network, could be used to the injury of the United States when the CIA had ceased using DEVLAN over a year earlier on March 7, 2017. See Weber Tr. 249-50." *Id.* at 25 n. 11.

    The government's issuance of a third superseding indictment after the first trial to "clarify" the counts does not shield the government from Rule 29 dismissal. Since Count Three of the third superseding indictment charges me *only* with this precise conduct, the illegal transmission of unlawfully possessed national defense information for allegedly emailing a reporter in September 2018 about the internal computer networks of the CIA, i.e., Hickok, this count must be dismissed in accordance with Fed. R. Crim. P. 29 and the double jeopardy clause of the Fifth Amendment. The government already had its chance at the first trial and failed—it does not get a second chance. I cannot be subject to double jeopardy for this same charge a second time at the subsequent retrial. Accordingly, Count Three of the third superseding indictment must be dismissed.

                                              Respectfully submitted,

                                              Joshua Adam Schulte