Joshua Adam Schulte, *pro se*

November 16, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    **RE:** *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

    I write in response to the government's November 2, 2021 letter regarding (1) proposed procedures and timing for classification review of filings in this case and (2) what if any explanation for specific classification decisions the government may be able to disclose to the defendant.

    A.    Procedures and timing for classification review of filings

    First, the government proposes 3 weeks for conducting a classification review. However, it also notes that it may take longer to review lengthy documents. I believe a catchall timeframe is unrealistic, and propose instead a graduated review length dependent upon the pages in the document. Considering that Judge Crotty's initial order was 14 days for review and based on my own experience with classification review procedures at the CIA, it is reasonable that the CIA can review 50 pages in 14 days. Thus, I propose a deadline of 14 days for any document or filing less than or equal to 50 pages, and extrapolate the deadline for anything over 50 pages based on the 50 pages / 14-day deadline. For example, 20 pages = 14 days; 30 pages = 14 days; 50 pages = 14 days; 100 pages = 28 days; 75 pages = ~25 days; 60 pages = ~17 days (rounding up).

    Additionally, I propose that the classification review, including all research, communication, and any and all documentation relied upon to arrive at the conclusion be recorded so that the Court can review the classification process for any challenged decisions *in camera*.

    B.    Classification decisions

        1.    Explanation

    The government acknowledges that knowledge of the determined classified information is important. Otherwise I would be unaware that the information I file is classified—obviously, the government has an obligation to notify me of information it determines to be classified. However, in addition to the knowledge of what specific information is classified, it is important to know what level it is classified and why.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); November 16, 2021 letter from *pro se* defendant

The government has absolutely no legs to stand on in its refusal to portion mark the classified information. Indeed, at the very least, the government should provide the defense two copies of the document: the redacted, unclassified version for public dissemination and the classified version including portion markings of the classified information. The government already provides this information in discovery—it has never argued that it must hide portion markings from the defense in discovery. In fact, the very definition of classified information breaks the information down into three categories—the government cannot provide the defense classified information consistent with the Executive Order defining classified information without providing the classification level of that information. This is absolutely critical because without knowledge of the classification level, it is impossible to communicate with other individuals and systems at different classification levels. If someone only has a SECRET clearance or CONFIDENTIAL clearance or a computer system limits classification to a certain level, how would you possibly know what you could or could not say? The government is simply wrong when it claims that the classification level is itself classified; the entire system of classification would break down if this were true. It would make absolutely no sense to classify the classification of a document, because that classification of the classification could not possibly deviate from the original classification—if something is classified as causing damage (CONFIDENTIAL) to national security, then how could this classification itself be classified at a higher level, say, severe damage (TOP SECRET), etc.? That makes no sense, and is not how classification works. Throughout my work at the NSA and the CIA, it is clearly established and absolutely *required* to portion mark all classified documents and properly classify each level of information before the document is considered properly classified.

In addition to portion marking the classified information, the government should provide the classification block required for classifying information pursuant to the Executive Order. It is impossible for information to be classified without specifying the reason(s), the declassification date, the classifying authority, and the individual derivative classifier. Pursuant to the Executive Order, information is not classified without this classification block. Thus, the government must be required to supply this information to me for any and all classification decisions—else the information is not properly classified.

2. Challenges

The government is incorrect in its assertion that I have no power to challenge the classification decisions. Neither the Second Circuit nor the Fourth Circuit has determined that classification decisions are unchallengeable. "The government has no legitimate interest in censoring unclassified materials," and, thus, "may not censor such material, contractually or otherwise." *McGehee v. Casey*, 718 F.2d 1137, 1141 (D.C. Cir. 1983); see also *Snepp v. United States*, 444 U.S. at 513 n. 8 ("If in fact information is unclassified or in the public domain, neither the CIA nor foreign agencies would be concerned.").

The reason for this is obvious: if the CIA acts in bad faith and tries to hide embarrassing information as it often does, then the Courts must have oversight to overrule and admonish the

classifying agency for mishandling classified information. The Court's overview is deferential, and rarely will the Court overrule the classifying agency except in obvious circumstances.

      Moreover, my status as a former CIA employee grants me additional privileges and the undeniable right to challenge classification decisions in the same manner as if the information was provided to the CIA's Prepublication Review Board. See Agency Prepublication Review of Certain Material Prepared for Public Dissemination S 2(f)(2) (2005). If the Agency censors a document because it contains classified information, the author, as a former employee, is entitled to judicial review of that decision to ensure that the information is, in fact, properly classified under the standards set forth in the applicable executive order. See *McGehee v. Casey*, 718 F.2d at 1148 (holding that Agency employee retains "a strong first amendment interest in ensuring that CIA censorship of his [work] results from a proper classification of the censored portions"; *United States v. Marchetti*, 466 F.2d 1309, 1317 (4th Cir. 1972) (noting right to judicial review in this context). Such judicial review is necessarily deferential because the designation and protection of classified information "must be committed to the broad discretion of the agency responsible." *Dep't of the Navy v. Egan*, 484 US 518, 529 (1988). Deferential review, however, does not equate to no review. See *John Doe, Inc. v. Mukasey*, 549 F.3d 861, 881 (2d Cir. 2008) (citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 426 (1995)). A court must satisfy itself "from the record, *in camera* or otherwise, that the CIA in fact had good reason to classify, and therefore censor, the materials at issue." *McGehee v. Casey*, 718 F.2d at 1149. To that end, a court may "require that CIA explanations justify censorship with reasonable specificity, demonstrating a logical connection between the deleted information and the reasons for classification." *Id.*; see also *John Doe, Inc. v. Mukasey*, 549 F.3d at 875, 881. The court's task is not to second-guess the Agency, but simply to ensure that its "reasons for classification are rational and plausible ones." *McGehee v. Casey*, 718 F.2d at 1149.

      The perfect example is the 2-page letter dated September 30, 2021 requesting clarification of the improperly classified CIPA 5 motion; the government improperly classified this letter. I urge the Court to review the 2-page letter and the proposed redactions—there is no possible way this information is classified. The CIPA 5 motion is similarly improperly classified.

Respectfully submitted,

Joshua Adam Schulte