Joshua Adam Schulte, *pro se*

November 18, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write in response to the government's letter dated November 15, 2021 pursuant to the Court's Orders; several misrepresentations must be corrected on the record.

First, with respect to SC01, I previously filed a motion for the government to remove the non-child-pornography files from SC01 and produce it to me in *unclassified* discovery. Dkt. 472. Judge Crotty denied that request. Dkt. 513. The issue, along with the request for production of classified internet files in unclassified discovery is pending interlocutory appeal. 21-2528. Contrary to the government's response, my November 9, 2021 letter **does not request reconsideration of this issue**. Instead, I noted that the government requires the forensic image of SC01 to be produced on the fourth floor *in the presence of the FBI.* SC01 is a critical forensic image, and I do not intend to conduct a forensic examination in the presence of the FBI. Thus, the critical issue before the Court is whether it will compel me to conduct a forensic examination and lengthy review of SC01 in front of the FBI, who would then have full access to my defense and all forensic notes I take. This cannot be legal, as I was not present during the FBI examiner's forensic review of SC01. I merely suggested in my November 9, 2021 letter that a possible solution would be for the government to take out the non-child-pornography files for my review in the SCIF—not production in unclassified discovery as I requested in Dkt. 472. Regardless, this is a critical issue that I request resolution before I begin my forensic examination and forensic review of SC01—which I have yet to review since my initial indictment over four years ago.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); November 18, 2021 letter from *pro se* defendant

Regarding the law library at the MDC, the government asserts that I have 2 hours allotted per day; I want to correct for the Court that I am only allotted 1 hour per day, but I have consented to forego recreation each day in exchange for 2 measly hours in the law library. I do not want to forego recreation, but I am struggling for enough time to review law library materials and my discovery. I also note for the Court that I am not permitted law library review on my SCIF days; I therefore have only 3 days each week with access to the law library for 2 hours each day if and only if I forego my one-hour recreation hour. This is not satisfactory as general population inmates have 24-7 access to the law library and their discovery—including weekend access. To deny me equal access is arbitrary punishment in violation of the Fifth Amendment. The government can easily provide me the law library software to install on my laptop so I can also have near 24-7 access, as requested in my November 10, 2021 letter.

I also note for the Court that I spoke with the government today about providing me separate hard drives for forensic productions 6, 9, and 12 so that I no longer require external power to review these forensic productions that otherwise must be split between my law library time.

I will not yet respond to the government's letter regarding conditions of confinement until it files an updated letter as requested by the Court. However, it seems the government is simply claiming my assertions are false (three meals per day despite several instances where this has not occurred) or otherwise exaggerated ("low-wattage" light that is in actuality just as bright as the regular lights whereas general population has no torture light imposed upon them), in which case I would strongly support a hearing where I can provide pictures and/or other documentary proof.

Finally, I want to highlight for the Court that the government has failed to produce proper Fed. R. Crim. P. 16 material as discussed in my September 14, 2021 Brady Letter. The government claims that "[w]ith respect to materials from AFD, the [g]overnment has re-confirmed, as it previously informed defense counsel, that no such forensic report exists…" 11/15/21 Letter at 3. This is impossible and contradictory to the Lync message that was the entire purpose of the Brady Letter: "Couple things:  1.  AFD previously assessed it was not

possible that the info Wiki had to have come from a backup. As of Friday, that was walked back. The error they thought was in the backup script was not actually there. As such, there was a backup of the Atlassian products on the FIle Share that every DevLAN user had access to. Bottom line: subject pool is every DevLAN user now. This may be significant in terms of PC for future warrants." The references to AFD assessments clearly indicate that there is some reports and/or forensic analysis indicating that "there was a backup of the Atlassian products on the File Share that every DevLAN user had access to." This was a major contention at trial as the government experts testified the opposite—that no one could have accessed the backups but me. Since the defense was prohibited from conducting a forensic examination, we had no ability to challenge this false assessment. However, here is seems clear that AFD reports indicate the exact opposite of what the government's experts testified to at trial. I also know from working at the CIA that the AFD conducts its own forensic examinations and reports for all leaks. Somewhere the CIA and the government is hiding the forensic reports from the AFD that are exculpatory.

Respectfully submitted,

Joshua Adam Schulte