

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 18, 2021

**VIA ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> **Re:**   ***United States v. Joshua Adam Schulte*,**
> **S3 17 Cr. 548 (JMF)**

Dear Judge Furman:

The Government respectfully submits this letter pursuant to the Court's Order, dated November 16, 2021 (D.E. 592), directing the Government to address the defendant's request for leave to file additional motions and propose a schedule regarding any further motions.

With respect to the new motions that the defendant proposes to file, the Government submits that the defendant's letter fails to make the requisite showing of cause for permission to file new motions at this late date.

Two of the motions seek reconsideration of the Court's prior rulings.  First, the defendant seeks reconsideration of the Court's ruling pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") (D.E. 124), which was incorporated into the Court's subsequent order (D.E. 514) denying the defendant's motion to compel the disclosure of records subject to the Section 4 order. Second, the defendant seeks to file a motion to suppress evidence seized from him at the Metropolitan Correctional Center on attorney-client privilege grounds.  Although the defendant claims that this motion has never previously been addressed, the motion was in fact made by his prior counsel (D.E. 242 at 23-24); considered carefully by the Court (D.E. 252 (directing the Government to identify particular materials to be introduced)); litigated by the parties (D.E. 257; 282; 285); and rejected by the Court (D.E. 288).  Local Criminal Rule 49.1(d) requires a movant to submit a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked" within "fourteen (14) days after the Court's determination of the original motion." The untimeliness of a defendant's motion "is itself a sufficient basis for denial," although "courts retain the discretion to excuse an untimely filing." *United States v. Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020). While the Government disputes the defendant's characterizations of the facts in his letter, the bases for reconsideration that he advances were known to him at least as of the conclusion of the

initial trial in this matter in March of 2020.  Both the defendant and his former counsel have filed numerous motions during that time, and he articulates no reason why these motions were not incorporated into his various filings that address these very subjects.  As Judge Failla has explained:

> The Second Circuit has made clear that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  Such a motion likewise should not be made "reflexively to reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *In re Optimal U.S. Litig.*, 813 F.Supp.2d 383, 387 (S.D.N.Y.2011) (quoting *Makas v. Orlando*, No. 06 Civ. 14305(DAB)(AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)).

*United States v. Almonte*, No. 14 Cr. 86 KPF, 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014).  Accordingly, the defendant's letter fails to demonstrate a basis either to excuse his untimely filing or to reconsider the Court's rulings.

The defendant also seeks leave to file two new motions: a motion to suppress evidence from various electronic service providers and a motion to sever certain counts of the Indictment.  While both of the proposed motions would be without merit, they are also untimely under Federal Rule of Criminal Procedure 12(c), which specifically requires motions for suppression and severance to be made by the deadline set by the Court or "the start of trial."  Where a motion is not made by that time, the Court may only consider the motion "if the party shows good cause."  The defendant makes no effort to show good cause for consideration of these motions other than the fact that they were not made before.  But "[a] strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish 'cause.'" *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003).  And "this is not a situation where the Defendant did not know of the basis for his motion before the deadline expired, only to discover of its existence after it was too late." *United States v. Robinson*, 357 F. Supp. 3d 221, 224 (E.D.N.Y. 2019).  The defendant has been aware of the warrant he now seeks to challenge and the counts that he now seeks to sever for *years*.  Thus, the defendant's letter also fails to demonstrate good cause for consideration of these motions.

To the extent that the Court grants the defendant leave to submit these, or any other, motions, the Government respectfully proposes the following pretrial motions schedule:

> December 31, 2021 – Defense motions due
> January 31, 2022 – Government responses due
> February 18, 2022 – Defense replies due

As previously ordered by the Court, the Government will separately propose a schedule for CIPA Section 5 notice and Section 6 motions and proceedings by November 29, 2021.  In proposing this pretrial motions schedule, the Government also submits that it is unfair and

inefficient for the Government and the Court to address seriatim pretrial motions filed by the defendant on an ad hoc basis.  Accordingly, the Government respectfully proposes that it will respond to any motions filed on or before December 31, 2021, by January 31, 2022, regardless of when the defendant files them, unless otherwise ordered by the Court.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

cc:  Standby counsel (by ECF)
 Joshua Adam Schulte (by mail)

Defendant's motion for leave to file additional motions regarding the Court's CIPA § 4 Order and to suppress documents seized from the MCC is DENIED, substantially for the reasons stated by the Government.  Put simply, Defendant had a full and fair opportunity to litigate both issues, and he provides no reason for the Court to revisit Judge Crotty's rulings on either issue.

The Court would be on firm ground denying Defendant's motion for leave to file new motions as to the two other issues --- the March 14, 2017 Google, GitHub, and Reddit search warrant and severance/bifurcation --- because he had ample opportunity to seek that relief before the first trial.  Nevertheless, the Court will exercise its discretion and allow Defendant to do so.  Defendant shall file any such motions, supported by a single, consolidated brief not to exceed 35 pages (unless Defendant ends up filing only one of the two motions, in which case the brief may not exceed 25 pages), by December 23, 2021; the Government shall file any opposition (subject to the same page limitations) by January 21, 2022; and Defendant shall file any reply, not to exceed 15 pages (unless Defendant ends up filing only one of the two motions, in which case the brief may not exceed 10 pages), by February 4, 2022.

It is high time to begin narrowing, rather than proliferating, the issues to be resolved before trial.  To that end, and given that Defendant has had ample opportunities (and then some) to file motions to date, Defendant may not file any new motions beyond those that he has already filed or as set forth above without prior leave of Court, except that Defendant may, of course, seek relief, as appropriate, with respect to any issue or development that postdates this Order.

SO ORDERED.

November 19, 2021