Joshua Adam Schulte, *pro se*

November 19, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write in reply to the government's October 26, 2021 letter, Dkt. 567, in response to my September 10, 2021 CIPA 5 motion. I note for the Court that I originally wrote this reply on October 26, 2021 by hand and mailed it to the Court because I did not have access to my materials at the MDC. To my knowledge, it does not appear this letter ever reached the Court. Since it is due on November 24, 2021, I retype it here. Should the Court receive the October 26, 2021 handwritten letter, it should disregard.

### CIPA 5 Notice for Declassification of Specific Public Content

The government incorrectly claims that I argued the content of the underlying MCC counts were unclassified because the material was already on the internet; to the contrary, my CIPA 5 motion very clearly requested declassification of this material. The government states this precisely in its next sentence: the purpose of my CIPA 5 motion is "for the 'declassification' of certain public WikiLeaks Vault 7 documents intended for use as exhibits in my upcoming motion to dismiss the MCC Counts of the third superseding indictment for violation of the First Amendment and for use at trial provided the Court denies that motion."

The government then claims there were "classified exhibits" at my trial, but to the best of my knowledge, and from review of the docket, this is simply false—there were no classified exhibits at my trial. This would violate my right to a public trial and would be extremely prejudicial. There is no order, either filed classified or unclassified, that authorizes any *classified* exhibits—nor does the government even pretend to reference any such order. The government

*United States v. Schulte*, S3 17 Cr. 548 (PAC); November 19, 2021 letter from *pro se* defendant

*tried* to introduce classified exhibits at trial, but never did after Judge Crotty ordered "if the government is seeking to introduce the WikiLeaks leaks exhibit to only the Court, the parties, and the jury at trial it should address the factors set forth in *Waller v. Georgia*, 467 U.S. 39, 44 (1984)." Dkt. 294. The government's mention of GX 1 makes no sense either—GX 1 was the laptop that the FBI used to download the Vault 7 / 8 data from *the internet* (Tr. 144). Furthermore, WikiLeaks GX 2-16 are all public. The government released these exhibits to the public, and even sent me a copy in my cage at the MCC. These exhibits are unclassified.

## The Court Should Grant My CIPA 5 Motion

At my first trial the government declassified portions of the WikiLeaks Vault 7 / Vault 8 release that it intended to introduce at trial. I merely ask the Court for that same opportunity. At trial, I intend to prove conclusively that the information the government claims is NDI, is unclassified, and that in any case, I never transmitted or attempted to transmit it.

Additionally, as I outline in my *Motion to Dismiss the MCC Counts for Violation of the First Amendment and Attorney-Client Privilege*, even if everything the government alleges were true, a jury, and this Court, would have no choice but to acquit me. And the reason for this is simple: The government charges me with transmission and attempted transmission of *National Defense Information* (NDI). "Rather than limiting the subject matter scope of the phrase 'information relating to the national defense,' or restricting it to tangible material, courts have carefully cabined the phrase's scope in two ways. First, courts have limited the term by requiring that the information be ***closely held by the government***. This requirement was recognized by the Supreme Court in *Gorin v. United States*, 312 U.S. 19, 28 (1941), and served as the basis for Judge Hand's decision in *United States v. Heine*, 151 F.2d 813 (2d Cir. 1945), in which he reversed Heine's conviction under the predecessor to § 794 because the information about airplane production Heine delivered to the Germans was publicly available." *United States v. Rosen*, 445 F. Supp. 2d 602, 620 (E.D. V.A. 2006), aff'd, 557 F.3d at 192 (4th Cir. 2009) (emphasis added). So, while the government can classify the entire internet if it so desires, a conviction for NDI requires the information to be "closely held." Since the material the government pretends I transmitted or attempted to transmit was public over a year before the

2

*United States v. Schulte*, S3 17 Cr. 548 (PAC); November 19, 2021 letter from *pro se* defendant

alleged "crime," the material is not closely held by the government—regardless of its classification status. Accordingly, this Court must acquit me. Otherwise, the First Amendment would cease to exist—the government could arrest literally every reporter, journalist, blogger, or Joe Shmoe for simply discussing classified information released on the internet. Thus, the government's entire MCC case violates the First Amendment and is an incredible case of first impression in that the government has never before indicted someone for discussing public news. The Supreme Court also already confirmed that the media has the right to publish classified information it obtains, and by correlation, the American people have the right to read and discuss this material. See the "Pentagon Papers Case," *New York Times Co. v. United States*, 403 U.S. 713 (1971).

Hence, it is paramount to my defense to show the jury that all the information the government claims I transmitted was already on the internet and not "closely held." My CIPA 5 motion seeks declassification of these documents for use at trial.

This Court should grant my CIPA 5 motion without holding any CIPA 6 hearing since my defense depends upon the requested public documents.

Respectfully submitted,

Joshua Adam Schulte