

Colson Law PLLC
80 Broad Street, 19th Floor
New York, NY 10004
(212) 257-6455
www.colsonlaw.com

November 22, 2021

By U.S. Mail

Honorable Jess M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:   *United States v. Joshua Adam Schulte*, 17 Cr. 548 (PAC)

Dear Judge Furman:

    Attached per the Court's order of November 18, 2021 (Dkt No. 600) is a declaration from forensic expert Steven Bellovin, Ph.D. describing the nature of his conflicts between May 24 and June 13, 2022 and explaining why those conflicts cannot be addressed.

        Respectfully submitted,

        /s/

        Deborah Colson
        *Standby Counsel for*
        *Pro Se Defendant Joshua Schulte*

cc:    Joshua Schulte
        Government Counsel

Enclosure

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

                                                                                 **DECLARATION**

        -v-                                                       17 CR 548 (PAC)

JOSHUA ADAM SCHULTE,

        *Defendant*

-------------------------------------------------------X

## DECLARATION OF STEVEN M. BELLOVIN, Ph.D.

**STEVEN M. BELLOVIN, Ph.D.,** declares under penalty of perjury:

1. I am Steven M. Bellovin, Ph.D. I have served as an expert witness for Mr. Joshua Schulte since September 2018 and attended his first trial, though I did not testify. My primary occupation is as a professor of computer science and affiliate law faculty at Columbia University. By university policy, I am permitted to engage in a limited amount of external consulting work; however, my professional obligations to the university and my students must take precedence.

2. During the weeks of May 23, May 30, and June 6, 2022, there are other activities I expect and intend to participate in. I did not schedule or participate in the scheduling of any of them, and I am not able to influence the dates of any of these activities.

3. May 22-26 is the IEEE Symposium on Security and Privacy, a conference I first attended in 1992. It is one of the premier technical conferences in that field, and it is highly likely (though not yet certain) that a paper I have co-authored with two junior doctoral students will be presented at next year's conference. It is my role, in such a situation, to assist these students in their presentation, to aid in the question-and-answer session for that paper, and to introduce them

to other security and privacy researchers. Were they senior students, I would not worry as much, but they are not; this would be their first in-person professional symposium. As of now, the conference organizers have not yet published the location on the web page (https://www.ieee-security.org/TC/SP2022/index.html), but I have been told by the conference chair that it will be held at the Hyatt Regency in San Francisco.

4. The Privacy Law Scholars Conference will take place June 2–3 in Boston (https://privacyscholars.org/). Given my current interests at the border of technology and law, it is the most important professional conference of the year for me. I have attended every year since 2010, and have workshopped a number of papers there. I expect to submit at least one and possibly two papers to next year's conference; I will almost certainly be asked to run at least one session.

5. My third conflict is personal in nature but very important to me: 2022 is my 50th college reunion year, and the gathering will be held June 9–11 (https://www.college.columbia.edu/alumni/events/reunion2022). For obvious reasons, this is an event that I cannot postpone for a year.

6. In principle, perhaps Mr. Schulte could work with another expert witness. However, I am already very familiar with the material and the case, have worked with Mr. Schulte for more than three years and gained his confidence, and do not know of any other available experts in the New York area who have the right technical background and the necessary security clearances. Furthermore, his counsel conducted an extensive search for other qualified people and could not find anyone else who could serve as an expert for him.

7. For these reasons, I respectfully request that the trial's start be postponed by a few weeks so that I may participate.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Steven M. Bellovin, Ph.D.
November 22, 2021