

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 22, 2021

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:   *United States v. Joshua Adam Schulte*,
             S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter pursuant to the Court's November 18, 2021 Order (D.E. 601), directing the Government to respond to the defendant's request to dismiss Count Three of the Third Superseding Indictment on double jeopardy grounds (D.E. 599). Because the Court's order denying the defendant's motion for a judgment of acquittal (D.E. 581) did not dismiss or direct a judgment of acquittal on any counts charged in the Second Superseding Indictment, and because Count Three in the Third Superseding Indictment charges a different offense with different elements than the charge addressed by the portion of the Court's opinion upon which the defendant now relies, Count Three should not be dismissed.

      The Double Jeopardy Clause "precludes a trial on an offense only if a court has previously heard the same offense as measured by its statutory elements." *Currier v. Virginia*, 138 S. Ct. 2144, 2154 (2018) (citing *Blockburger v. United States*, 284 U.S. 299 (1932)). This test "asks whether each offense contains an element not contained in the other, and provides that, if not, they are the same offense and double jeopardy bars additional punishment." *United States v. Garavito-Garcia*, 827 F.3d 242, 250 (2d Cir. 2016) (quotation marks omitted). "[T]he protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 325 (1984). Here, there has been no termination of the original jeopardy. The defendant has been acquitted of no counts in the Second Superseding Indictment either by verdict or ruling, and the mistrial on the counts as to which the jury could not reach a verdict was granted at his request. *See United States v. Rivera*, 802 F.2d 593, 597 (2d Cir. 1986) (double jeopardy does not bar retrial where a mistrial was sought or consented to by the defendant, or where mistrial was justified by "manifest necessity" such as a hung jury).

      Count Three of the Second Superseding Indictment (the "Former Count Three") (D.E. 68) charged the defendant with the unlawful transmission of "information related to the national defense, which information the defendant had reason to believe could be used to the injury of the United States and to the advantage of a foreign nation" in violation of 18 U.S.C. § 793(e). Count Three of the Third Superseding Indictment (the "Current Count Three"), however, charges the

defendant with a different offense under § 793(e): the disclosure of "documents, writings, and notes," rather than "information," which offense does not include as an element that the defendant had reason to believe the materials could be used to the injury of the United States. *See* 18 U.S.C. § 793(e) (applying to disclosure of "any document, writing, . . . or note relating to the national defense, *or* information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States" (emphasis added)); *New York Times Co. v. United States*, 403 U.S. 713, 740 n.9 (1971) (White, J., concurring) ("'The phrase "which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation" would modify only "information relating to the national defense" and not the other items enumerated in the subsection.'" (quoting S. Rep. No. 2369, pt. 1, 81st Cong., 2d Sess., 8-9 (1950))); *United States v. Drake*, 818 F. Supp. 2d 909, 916–17 (D. Md. 2011) ("[O]nly the second 'information' clause requires proof of the 'reason to believe' element."). Thus, Current Count Three requires proof of an element that Former Count Three did not—that the material the defendant sought to transmit was "documents, writings, and notes"—and Former Count Three required proof of an element that Current Count Three does not—that the defendant had "reason to believe [the information] could be used to the injury of the United States." Thus, the two counts are different offenses and neither is a greater- or lesser-included offense of one another. "Where a person could commit the latter offense without performing all of the acts that are elements of the former, the former is not a lesser included offense of the latter." *United States v. Khalil*, 214 F.3d 111, 120 (2d Cir. 2000). As a result, the Government expects to offer additional evidence at the retrial to address the differing elements.

It is immaterial that the defendant believes that the same conduct underlies both versions of Count Three. The Supreme Court "has emphatically refused to import into criminal double jeopardy law the . . . 'same transaction' or same criminal 'episode' test." *Currier*, 138 S. Ct. at 2154. Thus "the critical double jeopardy inquiry is not factual, *i.e.*, whether the same conduct is at issue in charges brought under different statutes, but legal, *i.e.*, whether the 'offense'—in the legal sense, as defined by Congress—complained of in one count is the same as that charged in another." *United States v. Basciano*, 599 F.3d 184, 198 (2d Cir. 2010) (cleaned up).

Nor does Judge Crotty's order warrant dismissal of the Current Count Three on the basis of issue preclusion. *See generally Ashe v. Swenson*, 397 U.S. 436 (1970) (precluding retrial for robbery charge when prior trial for charge of robbing a different victim in the same robbery resulted in acquittal). As a general matter, because the Government cannot appeal a Rule 29 order (except where such order follows a judgment of conviction), *see United States v. Martin Linen Supply Co.*, 430 U.S. 564, 567 (1977), the Supreme Court has "cautioned" that "[t]he absence of appellate review of acquittals . . . calls for guarded application of preclusion doctrine in criminal cases." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016).[1] As the Supreme Court

---

[1] This caution is particularly appropriate given that Judge Crotty's order did not acquit the defendant of Former Count Three, but rather opined as to the sufficiency of one aspect of the Government's proof as to only one of several ways in which the defendant was alleged to have committed the charged offense and denied the motion for acquittal. While the Government has not identified any case directly addressing this particular set of circumstances, the Third Circuit has recognized in an analogous context that such limited factual findings, when not resulting in actual acquittal, do not have preclusive effect. *See United States v. Console*, 13 F.3d 641, 664–65 (3d Cir. 1993) ("[I]nasmuch as a response to a special interrogatory regarding an element of a 'hung'

recently explained, issue preclusion is closely related to the familiar *Blockburger* test. Even "in [the] narrow circumstances [when] the retrial of an issue can be considered tantamount to the retrial of an offense[,] . . . a court's ultimate focus remains on the practical identity of offenses, and the only available remedy is the traditional double jeopardy bar against the retrial of the same offense—not a bar against the relitigation of issues or evidence. Even at the outer reaches of our double jeopardy jurisprudence, then, [the Supreme] Court has never sought to regulate the retrial of issues or evidence in the name of the Double Jeopardy Clause." *Currier*, 138 S. Ct. at 2153-54 (plurality op.). On the contrary, "the collateral estoppel component of the Double Jeopardy Clause" does not exclude evidence "simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Dowling v. United States*, 493 U.S. 342, 348 (1990). Rather, the defendant bears the burden of demonstrating "that his acquittal in his first trial represented a . . . determination" of an "ultimate issue" in the second trial. *Id.* at 349. Both the absence of an acquittal and the elemental differences between Former Count Three and Current Count Three thus set this case apart from *Ashe* and its progeny. In *Ashe*, the defendant was acquitted of robbing one victim on a particular occasion, and then subsequently reprosecuted on the same charge for robbing another victim during the same robbery. 397 U.S. at 446. Thus the "ultimate issue" in both cases was the same—did the defendant commit the robbery. Here, by contrast, the two versions of Count Three charge legally different offenses with different elements. Judge Crotty's order did not—and could not—address the "ultimate issue" presented by the Current Count Three, because that Count was not before the Court.[2]

                                            Respectfully submitted,

                                            DAMIAN WILLIAMS
                                            United States Attorney

by:      /s/
     David W. Denton, Jr. / Michael D. Lockard
     Assistant United States Attorneys
     (212) 637-2744 / -2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by mail)

---

count is neither a 'final' judgment nor a determination 'necessary' to a final judgment, such a response would not preclude the government from relitigating an issue. Thus, even if the jury at the first trial had indicated that the predicate offenses on which the RICO counts rested had not been established, . . . the government would have been free to reprosecute the RICO counts based on these predicate offenses.").

[2] Moreover, even if Judge Crotty's order had some preclusive effect, dismissal would not be the appropriate remedy. The order addresses the sufficiency of the Government's proof only as to one discrete issue: whether the fact "that Hickok connected DEVLAN to another group's network[] was national defense information." (D.E. 581 at 25). That fact is not the only national defense information contained in the documents, writings, and notes "pertaining to internal computer networks of the CIA" at issue in Current Count Three and that the Government plans to offer proof regarding at trial, and so wholesale dismissal is unwarranted.