U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 29, 2021

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Joshua Adam Schulte*,
            S3 17 Cr. 548 (JMF)

Dear Judge Furman:

    The Government respectfully submits this letter pursuant to the Court's November 16, 2021 Order (D.E. 592), directing the Government to file a comprehensive response to the defendant's November 13, 2021 letter regarding the conditions of confinement (D.E. 590).

    The Government provided copies of the Court's Order and the defendant's letter to the Bureau of Prisons ("BOP") legal department responsible for the Metropolitan Detention Center ("MDC") where the defendant is housed, and asked the BOP to provide the necessary information to provide a comprehensive response to the defendant's various complaints. In response, BOP provided the attached declaration from Norman Reid ("Exh. A"), the BOP Unit Manager for the Special Administrative Measures Unit.

    No hearing is necessary in response to the defendant's allegations. As noted in Unit Manager Reid's declaration, the majority of the defendant's complaints relate to the fact that he is not treated the same as inmates in general population, which is not a function of the defendant being unfairly punished, but rather of the Special Administrative Measures that the Court has repeatedly upheld as not a form of punishment but rather as security measures "'reasonably related' to legitimate penological objectives," *see, e.g.*, D.E. 527 (quoting *United States v. El-Hage*, 213 F.3d 74, 81 (2d Cir. 2000)). Unit Manager Reid's declaration also substantively addresses Schulte's other complaints.

    Moreover, as the Court has previously ruled, complaints regarding the defendant's conditions of confinement other than those directly related to his preparation for trial are not properly addressed through litigation in his criminal case, but rather through a petition pursuant to 28 U.S.C. § 2241. *See* D.E. 453 at 2 (requiring challenge to conditions of confinement to be "brought as a separate civil action, not a motion filed in an underlying criminal case"); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991) ("[C]hallenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241."). Nor is it possible to simply "constru[e the defendant]'s motion as a section 2241 petition." *United States v. Bout*,

860 F. Supp. 2d 303, 307 n.12 (S.D.N.Y. 2012). Section 2241(a) limits relief to that which can be granted by "the district courts . . . within their respective jurisdictions," and the Supreme Court has accordingly required that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement," *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Here, the defendant is not in custody in this district—the MDC is located in the Eastern District of New York—nor is the warden a respondent in this criminal case.

Thus, the Government submits that Unit Manager Reid's declaration addresses the substance of the defendant's complaints, and that any further litigation regarding the conditions of confinement unrelated to the defendant's preparation for trial should occur through a Section 2241 petition filed in the district of the defendant's confinement, so no hearing is necessary in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: ___/s/_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by mail)