Joshua Adam Schulte, *pro se*

December 3, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write to request clarification of the Court's letter dated 11/19/21 regarding pretrial motions, to formally request carryover of all previous motions into the second trial, and in response to the government's 11/18/21 letter. The government asserts a profound misunderstanding of the law—that somehow a mistrial automatically facilitates a continuation of the previous law-of-the-case and that a defendant cannot change his defense and file new pretrial motions pursuant to that change. While the Second Circuit has yet to weigh in on the issue, the other courts of appeals have rejected this, establishing that the law-of-the-case is *not* continued, but rather, that the retrial denotes completely new law-of-the-case in which the district courts have complete discretion to accept former decisions or permit refiling and re-litigation of all the previous motions. See *United States v. Palmer*, 122 F.3d 215 (5th Cir. 1997); *United States v. Todd*, 920 F.2d 399 (6th Cir. 19990); *United States v. Mann*, 590 F.2d 361, 371 (1st Cir. 1978); *United States v. Bettenhausen*, 499 F.2d 1223, 1230 (10th Cir. 1974); *Savage v. United States*, 295 F. 686, 687 (4th Cir. 1924). In *Palmer*, the government "argued that the mistrial invalidated all motions made by Palmer at her first trial, requiring her to reassert them at the second in a timely manner." *Id.* at 220. The Sixth Circuit concurred, asserting that "[e]ven considering the law-of-the-case doctrine, we agree with the government and find waiver under these circumstances. **A retrial following a mistrial is both in purpose and effect a new trial.**" *Id.* at 221. Indeed, it noted that "district courts hearing criminal cases may revisit pretrial issues, such as suppression motions, upon which they have previously ruled." *Id.* Thus, this Court is not bound by any decisions or rulings made by Judge Crotty before and during the first trial.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); December 3, 2021 letter from *pro se* defendant

However, in the case that the Court does not wish to re-litigate prior rulings, as appears to be the case here, then the prior motions and rulings are all preserved on appeal. To ensure I do not face a procedural hurdle on appeal, as happened in *Palmer*, I formally move to carry all previous motions before the first trial into the second retrial, and ask the Court to either permit me to refile these motions or accept the previous decisions and orders as law-of-the-case.

Regarding pretrial motion practice for all *new* or *changed* issues, my understanding of Fed. R. Crim. P. 12(b) is that the defense may make pretrial motions before the pretrial motion deadline. The government claimed in its 11/18/21 letter that this deadline already expired, but no pretrial motion deadline has yet been set. The fact that this case is pending retrial does not nullify my right to file pretrial motions. Furthermore, one of the reasons I decided to represent myself was so I could file the pretrial motions that my attorneys refused to file—I should not be prejudiced or harmed by the fact that my former counsel refused to file certain pretrial motions. Additionally, I note for the Court that I originally requested to represent myself over a year ago in November 2020; I should not be prejudiced or harmed by the fact that Judge Crotty did not hold a single conference or address my request for ***eight months*** until July 2021. And finally, I note for the Court that the government did not complete its discovery obligations at the first trial as it did not produce the cellphone search warrant, the home server, the home desktop, and many other discovery items that are missing or incomplete; I have written to the government regarding the incomplete and missing discovery in hopes of resolving the issues without needing to address the Court. On that note, discovery usually must be completed *before* the pretrial motions deadline so the defense has a chance to fully review the discovery and file any related motions.

My understanding of the Court's requirement to file a letter requesting permission to file any additional motions was to address concerns of re-litigating issues—to allow the Court to screen my requested motions to ensure old issues were not re-litigated, but not to limit my ability to file pretrial motions. If I am unable to file legitimate pretrial motions then I lose my right to appellate review of those issues, and since I cannot file for ineffective assistance of counsel then I effectively lose the right entirely. This is an entirely new pretrial phase of the criminal procedure so I cannot blame my former attorneys for failing to file motions at the first

trial, because I now have the opportunity to file those motions now. Thus, the Court's reasoning that I should not have the opportunity to file pretrial motions now since my previous attorneys had the opportunity at the first trial is not valid, and the court of appeals will not accept this excuse from me nor will it permit me to file for ineffective assistance of counsel for my first trial. Accordingly, it is imperative that I address all the issues my former counsel did not—even if they were ineffective at my first trial, it is now on me to address all the inadequacies before the retrial or lose them entirely on appeal.

On that note, my 11/12/21 letter requesting permission to file four additional motions was not a final motions request, but merely a request to file the motions I was considering. Indeed, depending on your response, I intended to request two other motions. For example, if the Court denied my request to file an updated CIPA 4 motion for the digital forensic crime scene, as is now the case, then I intended to ask permission to file a new CIPA 4 motion for basic access to the backups the government alleged that I stole and all backups maintained by the CIA—this new CIPA 4 request was never filed before and would not have been necessary if the first CIPA 4 motion was granted as the data would have been included in the digital forensic crime scene. However, without access to the digital forensic crime scene, I still require, at the bare minimum, access to the backups (Stash and Confluence) that were allegedly stolen so I could confirm that the data released by WikiLeaks was actually contained in those backups and to perform basic forensic analysis; to this date the government has refused to turn over the allegedly stolen backups, and instead, required the defense to trust the government. As for the other backups, since the government relied upon access to all of the CIA's backups to conduct its timing analysis that specifically identified a particular backup file, I would also require access to these backups for my expert to conduct a similar timing analysis. As for the second motion, I would move to preclude the government from introducing information and data derived from the digital forensic crime scene since the Court denied my request for access to this material. Neither motion was previously filed, so the issues are not preserved on appeal unless I have the opportunity now. Thus, I hereby request permission to file these two additional motions.

Furthermore, I note for the Court that I have only been representing myself for about four months now, with limited access to the SCIF until recently and scant access to the law

3

*United States v. Schulte*, S3 17 Cr. 548 (JMF); December 3, 2021 letter from *pro se* defendant

library to conduct legal research—so while I currently do not have any other motions planned, I should still have an opportunity to research and file pretrial motions up until the pretrial motion deadline—especially considering the government's incomplete discovery productions. I understand the Court's desire to quickly move the case along, but the Court's strict deadlines and page limitations facilitate organized, fair, and prompt review. I do not believe that additional motion practice, especially considering trial is 8 months away, will somehow harm or prejudice the government. I ask the Court to set a pretrial motions deadline of January 28, 2021.

Next, I wanted to respond to the government's 11/18/21 letter and the Court's denial of my request to file a motion to suppress specific MCC documents for attorney-client privilege and non-responsiveness to the MCC search warrant. Contrary to the government's claims, this issue has not previously been addressed by the Court—in fact, there was a months-long discussion of attorney-client privilege, advice-of-counsel defense, and a conflict-of-interest that required a *Curcio* hearing. Much of this is changed now that I am *pro se*.

The government claimed in its 11/18/21 letter that my requested motion was already addressed by my former counsel's motion in *limine*, Dkt. 242. There, the defense requested wholesale suppression of all the MCC notebooks based on attorney-client privilege and requested the Court relieve them as counsel due to an actual conflict-of-interest due to the privilege and advice-of-counsel *Id.* at 23-24. The Court ordered the government to identify the notebook entries it intended to use at trial, Dkt. 252. The government asked to preclude the advice-of-counsel defense and listed the proposed MCC documents it intended to use at trial, Dkt. 257. However, the conflict-of-interest became a major issue before trial. Dkt. 128, 150, 154, 157, 164, 166, 181 (appointment of *Curcio* counsel), 218 (re: *Curcio* hearing), 220 (ineffective assistance of counsel), 221, 232 (purported waiver of attorney-client privilege), 233 (disqualification recommendation from *Curcio* counsel), 241, 244, 245, 248, 249, 253. A *Curcio* hearing was held on December 18, 2021, in which I did not waive the actual conflict-of-interest. Judge Crotty overruled *Curcio* counsel and ordered the defense to disclose attorney-client privilege to the government. Dkt. 248. The defense did not do so due to the conflict-of-interest, so Judge Crotty ordered preclusion of the advice-of-counsel defense and other defense reliance

4

*United States v. Schulte*, S3 17 Cr. 548 (JMF); December 3, 2021 letter from *pro se* defendant

on attorney-client privilege. Dkt. 259. Now that I am representing myself, I intend to raise the advice-of-counsel defense at trial, call my attorneys as fact witnesses, and introduce evidence that several documents were protected by attorney-client privilege—including Malware of the Mind. So, there is no "reconsideration" requested, but rather a complete change in defense strategy, and even if it were interpreted as a "reconsideration," the facts that I am now representing myself, that there is no longer a conflict-of-interest, and that I intend to raise a new defense and introduce new evidence at this new trial is clearly new information material to that "reconsideration."

Finally, my former counsel never moved for suppression of materials that were not responsive to the MCC search warrant. Since at the first trial the defense relinquished the advice-of-counsel and attorney-client privilege arguments entirely, and since I now wish to rely upon them, this Court should permit me the ability to file a motion to suppress individual documents and pages based on attorney-client privilege and/or non-responsiveness to the MCC search warrant; else, the issue is <u>not preserved on appeal</u>.

Respectfully submitted,

Joshua Adam Schulte