

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 16, 2021

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:   *United States v. Joshua Adam Schulte*,
             S3 17 Cr. 548 (JMF)

Dear Judge Furman:

     The Government respectfully submits this letter pursuant to the Court's Order dated November 9, 2021 (D.E. 580) directing the parties to submit letters in advance of the December 20, 2021 pretrial conference "summarizing any issues they wish to raise at the conference." In addition to those matters the Court already has identified to be addressed (*see* D.E. 627 ("The Court will address the mailing delays and Defendant's request to file via CDs during the pretrial conference[.]"), 637 (defendant's motion to suppress cellphone search, CIPA protective order, and delays in delivery of orders and filings to the defendant)), the Government anticipates raising the following two issues with the Court.

     1.   <u>Government responses to the defendant's filings</u>. On November 19, 2021, the Court issued an order directing, among other things, that the "Defendant may not file any new motions beyond those that he has already filed or as set forth above without prior leave of Court, except that Defendant may, of course, seek relief, as appropriate, with respect to any issue or development that postdates this Order." (D.E. 610). Though the Court ordered that it "is high time to begin narrowing, rather than proliferating, the issues to be resolved before trial," since the Court's order the defendant has continued filing letters raising issues, seeking various forms of relief, or re-arguing the Court's prior orders. (*See, e.g.*, D.E. 613, 620, 623, 630, 631, 634, 638, 639). Also, notwithstanding the Court's order that "submissions filed in opposition to a motion, or in further support of a prior motion, should not themselves be filed as motions," (D.E. 613), several of these more recent filings have been docketed as letter motions, (*see, e.g.*, D.E. 631 ("response to the government's November 29, 2021 letter" docketed as "letter motion")).

     The Court has previously ordered that, absent an order stating otherwise, any opposition to future submissions and motions filed in this case are to be filed within three weeks of the motion being filed. (D.E. 570 at 4). The Government understands that the schedule for responding to any motion not otherwise addressed by the Court's scheduling orders is three

weeks from the date the motion is filed if the motion relates to issues or developments post-dating the Court's November 19, 2021 order; or upon an order from the Court finding that the defendant has demonstrated good cause for filing the motion. Given that the defendant continues to file a variety of missives, some of which are docketed as motions, the Government respectfully requests the opportunity to clarify the process the Court would prefer for submission of and response to the defendant's continued filings in this case. The Government believes that, as of the date of this letter, it has responded to all of the issues raised by the defendant for which a response is required.

    2. <u>Standby counsel's role in mailings and filings</u>. The Government has encountered difficulties in receiving mail from the defendant and in dealing with classified filings by the defendant. Standby counsel has taken the position that they have no role or responsibilities with respect to the defendant's correspondence to the Government, except to notify the Government when mail is available. Standby counsel has refused, however, to take any steps with respect to correspondence to the Government that the defendant claims to have sent but which the Government did not receive. Standby counsel has also treated classified filings as mailings rather than pursuant to the CIPA Protective Order.

    The delivery of the defendant's correspondence to the Government is addressed by an order dated September 24, 2021 (D.E. 518), which provides that "the authorities and responsibilities of standby counsel in this matter include assisting the defendant with the delivery of correspondence relating to his case to the Government." *Id.* at 2.[1] In the defendant's December 9, 2021 letter to the Court, he advised that he sent a letter to the Government regarding the CIPA Protective Order (D.E. 634), but the Government never received such a letter. Personnel from the U.S. Attorney's Office visited the courthouse SCIF as recently as November 29, December 2, December 3, and December 14 to collect correspondence or filings, but the letter the defendant appears to refer to was not among them or other correspondence previously given to the Government. The Government has repeatedly asked standby counsel whether such a letter had been written or whether there is undelivered correspondence in the SCIF, but standby counsel refused to answer those questions on the grounds that standby counsel has no responsibility for the defendant's mailings. We have asked the defendant to provide us with a duplicate copy of the letter. The Government recognizes that this may appear to be a minor issue, but standby counsel's position creates significant logistical and practical difficulties in ensuring that the defendant is able to effectively communicate with the Government.

---

[1] In addition to the defendant's ability to mail unclassified correspondence from the MDC, the September 24 order provides several alternative methods, including standby counsel scanning and emailing correspondence to the Government, standby counsel delivering correspondence to the U.S. Attorney's Office space on the 5th floor of the Daniel Patrick Moynihan courthouse, or standby counsel delivering correspondence to the U.S. Attorney's Offices at 1 St. Andrew's Plaza. *Id.* If standby counsel wishes to deliver mail during the defendant's scheduled SCIF hours and no one is available at the U.S. Attorney's Office space at the courthouse to accept it, the Government will arrange to collect correspondence from standby counsel or the defendant at the courthouse SCIF. *Id.* In practice, standby counsel has never used any delivery method other than notifying the Government that correspondence is available at the courthouse SCIF. Those notifications have at times been ambiguous or contradictory about the nature of the documents.

The defendant's filings of classified documents is governed by the CIPA Protective Order, which provides that the defendant's classified filings are filed with the Classified Information Security Officer ("CISO") and that the CISO delivers copies to the Court and the Government. (D.E. 61 ¶ 20). Standby counsel has recently treated classified filings as correspondence from the defendant to the Government and argued that they are governed by the September 24 order rather than the CIPA Protective Order. The Government believes that standby counsel's interpretation is plainly incorrect, and that treating classified filings as correspondence, thereby omitting the role of the CISO in delivering filings to the Government, creates confusion in the classified record and ambiguity about what has been provided to the Government has also been properly filed with the CISO and the Court.[2]

Finally, the Government provides the following brief status update with respect to its mailings to the defendant. As directed by the Court, the Government has promptly mailed copies of all Court orders to the defendant at the MDC, generally the same day or the next business day. The Government has also promptly mailed copies of all of its filings to the defendant the MDC. Standby counsel is also required to mail court orders to the defendant and is able to provide him copies during his SCIF hours.

                                  Respectfully submitted,

                                  DAMIAN WILLIAMS
                                  United States Attorney

by:    /s/
      David W. Denton, Jr. / Michael D. Lockard
      Assistant United States Attorneys
      (212) 637-2744 / -2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by mail)

---

[2] In the event the CISO is unavailable to accept a classified filing, the CISO may arrange for chambers staff and the Government to collect copies directly from the defendant and standby counsel on consent, but this is solely a matter of the CISO's and the Government's discretion.