File under Court of Appeals

21-8859

AND

Serve copy to government via email

District Court
SDNY
17-Cr-548 (JMF)

Thanks

Joshua Adam Schulte, *pro se*

December 28, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I was informed today by standby counsel that you issued an order that standby counsel has no obligation to assist me with my appeals in the Second Circuit; that they need not provide me with updated dockets or filings from the court of appeals.[1]

I disagree, and believe that standby counsel is obligated to assist me in filing documents, printing documents, and printing docket sheets from the court of appeals. I ask the Court to order standby counsel to fulfill all such duties associated with appeals filings from the criminal court.

Standby counsel is charged with fulfilling tasks that I cannot as an incarcerated *pro se* defendant, and charged with assisting me in all duties that are normally filled by an attorney. If standby counsel were fully representing me, then they would handle all appeals, motions, and filings in the Court of Appeals—the district court does not assign indigent defendants with special appeals standby counsel pretrial; indeed, standby counsel handled appeal 19-1048-cr when they represented me. Accordingly, this court should order standby counsel to assist me in all facets of the appellate process, as they are obligated to do so; however, all I request is that standby counsel print the appeals dockets and any new filings on the dockets each SCIF appearance as well as file motions, briefs, and other documents that I will need to be filed. I note for the Court that this would not be necessary if the MDC simply delivered court and legal mail promptly or the government served me all appeals documents through the SCIF.

Respectfully submitted,

Joshua Adam Schulte

---

[1] Standby counsel was not present at the SCIF (12/28/21) and did not provide the Order, an updated docket, or any new filings

Joshua Adam Schulte, *pro se*

December 28, 2021

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write the Court in response to the government's December 17, 2021 letter regarding discovery matters and, despite months of my own attempts, issues buying stamps to mail legal documents to the courts and standby counsel.

A. Discovery Issues

Contrary to the government's assertions, these issues are still not resolved; and as I did not receive the letter prior to the December 20, 2021 hearing, I could not adequately address my concerns.

1. Gmail account from Google search warrant returns

The government has not produced the allegedly classified email in classified discovery. The Court should order the government to identify this email and the associated discovery production.

2. Verizon FiOS subpoena returns

It is not possible there are no other records from Verizon because there is no custodian of records or contact information for the returns; surely, the government does not propose that they can introduce a file or content from a file at trial without testimony from the custodian validating the integrity of the file and guaranteeing that it actually originates from Verizon.

3. Productions 6, 9, and 12

(the Court ordered the government to investigate the missing drive); to clarify, it is <u>one</u> missing drive containing discovery productions 6, 9, and 12.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); December 28, 2021 letter from *pro se* defendant

  4. Discovery Indexes
(government agreed to produce discovery index)

  5. Encrypted partition

The government cannot produce an encrypted drive to a defendant, refuse to decrypt it, and tell him that since he's guilty he must know the password and therefore can decrypt the data himself. This is absurd. Moreover, I could not decrypt the partition even if I knew the password and wanted to, because the forensic software provided to me does not have such a capability. The Court should order the government to provide encrypted drive QNY09_SC01_RAID5/partition_2 in decrypted format.

Finally, the government still has not explained why this drive is included with the child pornography drive—the government has never alleged that this drive contains child pornography. I note for the Court that there are <u>two logical drives</u> identified in the child pornography production: **(1) SC1_1**, which the government alleges contains child pornography; and **(2) QNY09_SC01_RAID5**, which is encrypted or otherwise inaccessible with the software provided to me, and which the government does not allege contains child pornography. Accordingly, the Court should order the government to identify why this drive is produced alongside the alleged child pornography drive SC1_1 instead of normal, unclassified discovery.

  6. AFD Forensic Report

The government claims no such forensic report exists; however, it is obvious from the materials provided in discovery that such a report *does* exist. I also have direct knowledge that such a report exists. Accordingly, the government and the CIA are simply concealing *Brady* material because there is no other way for me to obtain it, and there are no consequences for their nondisclosure. Since the government claims the report does not exist, but I know that it does exist, the Court should hold an evidentiary hearing.

  B. Stamps

It is most unfortunate that I must bring this issue before the Court. Unfortunately, I am unable to solve it despite months of my own attempts. When I was at the MCC, they shopped us commissary each week and I was always able to buy stamps. Now that I am at the MDC, they impose arbitrary punishment upon SAMs inmates by only allowing them to shop at commissary

*United States v. Schulte*, S3 17 Cr. 548 (JMF); December 28, 2021 letter from *pro se* defendant

every other week (but in reality more like once per month) and not shopping us stamps. As a result, although I have now been incarcerated at the MDC for 10 weeks, and would have otherwise had 10 chances to purchase stamps, the MDC has only shopped me thrice: 11/10/21, 12/1/21, and 12/10/21. Each time I sought to purchase stamps, but was only shopped stamps on 11/10/21. **I have since exhausted my supply of stamps and can no longer mail documents in this Court, the Court of Appeals, or for my civil cases.**

I made multiple attempts to solve this issue on my own. I filed at least four BP-8s on 12/1/21, 12/10/21, 12/17/21, and 12/28/21; like the other **35** BP-8s I have filed since I have been incarcerated at the MDC, there was no response—and the MDC denied me access to the BP-9 since they claimed they did not receive my BP-8s. Thus, there is no administrative remedy available at the MDC. Next, I asked my family to mail me stamps. I received these stamps on 12/17/21, but the MDC rejected the letter and returned it, explaining that I am banned from receiving stamps in the mail.

Accordingly, I no longer have any access to the courts as required by the Supreme Court. The Supreme Court has long recognized that prisoners have a right to meaningful access to the courts and that prison officials are barred from "actively interfering with inmates' attempts to prepare legal documents." *Lewis v. Casey*, 518 U.S. 343, 350 (1996). "To state a claim for denial of access to the courts... a plaintiff must allege that the defendant took or was responsible for actions that hindered [the] plaintiff's efforts to pursue a legal claim." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quotation marks and citation omitted). The commissary receipts and BOP rejection notice of the stamps are available upon request.

As a solution, I propose the Court order the MDC to shop SAMs inmates each week as it does for general population inmates, to provide stamps for free if it does not allow inmates to purchase them in commissary, and to allow my family to mail me stamps.

Respectfully submitted,

Joshua Adam Schulte

3