UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
       :
UNITED STATES OF AMERICA,       :
       :
     -v-       :      17-CR-548 (JMF)
       :
JOSHUA ADAM SCHULTE,       :      ORDER
       :
     Defendant.       :
       :
------------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

       By letter dated December 21, 2021, and docketed on December 27, 2021, *see* ECF No. 662, Defendant informs the Court that he filed interlocutory appeals of two of the Court's orders issued at the pre-trial conference held on December 20, 2021, and seeks "emergency" relief in connection with the appeals. In particular, Defendant states that he is appealing the Court's orders (1) "denying relief from barbaric conditions of confinement," and (2) "that pro se defendants have no Fifth Amendment right against self-incrimination." *See id.*; *see also* ECF Nos. 655, 658 (Notices of Appeal).[1] As to the first order, Defendant seeks an injunction "ordering the MDC to properly feed [him], heat [his] torture cage, take down the torture lights, and take down the sound-blasting speakers pending appellate review." *See* ECF No. 662. As to the second order, Defendant seeks a stay pending appeal. *See id.*

       Defendant's applications for relief pending appeal are hereby DENIED. As to the first order from which Defendant seeks relief, concerning the conditions of confinement, *see* ECF No. 590, the Court takes, and has always taken, his allegations about the conditions of confinement

---

[1] On December 27, 2022, Defendant filed numerous other interlocutory appeals of orders issued at the same pre-trial conference. *See* ECF Nos. 653-54, 656-57, 659-60.

with the utmost seriousness, and has repeatedly urged the Government to work with the MDC to address them.  Nevertheless, as discussed on the record at the conference, *see* ECF No. 663 ("Tr."), at 57-66, the Court lacks jurisdiction over nearly all of the issues Defendant raised.  As the Court explained, "in general, federal pretrial detainees, such as Mr. Schulte, may only challenge their conditions of confinement in a civil action brought pursuant to a *Bivens* order in a Section 2241 habeas petition."  Tr. 57 (citing cases).  Moreover, the Court explained that it cannot construe Defendant's motion as a Section 2241 habeas petition because such a petition "must be brought in the district of confinement, which, here, is in the Eastern District of New York."  Tr. 57-58.  The Court further explained although there is an exception to the general rule that the Court lacks jurisdiction for "an inmate's challenges to conditions of confinement that impinge his or her ability to consult with counsel or exercise trial rights," Tr. 57 (citing cases), that exception applied to only one issue raised by Defendant (namely, access to the law library, which the Court addressed at length) because there was no indication that the other issues Defendant raised had prevented him from exercising his trial rights.  Tr. 57-60.  Defendant's allegations to the contrary, both at the conference, *see* Tr. 63-64, and in his letter seeking emergency relief pending appeal, *see* ECF No. 662, are belied by the record, the Court's personal observations of Defendant at the last two conferences, and the quantity and quality of his submissions in both the district court and the Court of Appeals.  In short, because the Court lacks jurisdiction over the issues raised in Defendant's motion that he is appealing, Defendant's application for an injunction pending appeal must be and is denied.

       As to the second order for which Defendant seeks emergency relief, the Court did not order that *pro se* defendants have no Fifth Amendment privilege.  To the extent Defendant is referring to the Court's order denying his motion to prohibit the Government from recording

telephone calls with him, *see* ECF No. 623 at 3, and holding that Defendant may not discontinue his participation in those calls, *see* Tr. 38-39, that order is not inconsistent with the Fifth Amendment because the telephone calls are limited to case management issues and Defendant is not required to speak about the merits of the case or in any way incriminate himself.

On top of that, the Fifth Amendment privilege against self-incrimination is a trial-based right. *See, e.g.*, *Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (plurality opinion) ("The privilege against self-incrimination guaranteed by the Fifth Amendment is a fundamental *trial* right of criminal defendants . . . . [A] constitutional violation occurs *only at trial*." (emphases added) (internal quotation marks and citation omitted)); *Mara v. Rilling*, 921 F.3d 48, 77 (2d Cir. 2019) ("An actual violation of the right against self-incrimination occurs . . . only when a coerced statement is used against a person 'at trial.'"). Accordingly, it would be premature at this stage for the Court to address whether or to what extent the Government may use any recordings of the required phone calls against Defendant at trial. For these reasons, and because the Court made clear during the conference that the issue of Defendant's Fifth Amendment rights as to the recordings was not ripe and had not been addressed, Tr. 38, Defendant's application for a stay pending appeal must be and is denied.

SO ORDERED.

Dated: January 4, 2022
New York, New York

JESSE M. FURMAN
United States District Judge