

Colson Law PLLC

80 Broad Street, 19th Floor
New York, NY 10004

(212) 257-6455
www.colsonlaw.com

January 18, 2022

By ECF
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

     Re:    *United States v. Joshua Schulte,* 17 Cr. 548 (JMF)

Dear Judge Furman:

We write per the Court's order of January 14, 2022, to address our role in connection with Mr. Schulte's appeals, including with respect to his appellate filings, and to state whether these issues can and should be addressed by this Court or left to the Court of Appeals.

We have not been assigned to represent or assist Mr. Schulte in the Second Circuit; he is proceeding there *pro se*. Nevertheless, because we are standby counsel in this Court, and because Mr. Schulte has had great difficulty obtaining stamps, we filed and served notices of appeal on his behalf. Given his problems obtaining stamps, we also transmitted pro se appellate papers to the Second Circuit for filing by emailing them to the Second Circuit Clerk's Office or by placing them in the Second Circuit's night depository box. We were informed this morning, however, that Mr. Schulte has recently been able to purchase postage stamps, thus making it possible for him going forward to mail his appellate filings directly to the Second Circuit (and to serve them on the Government) via United States Mail. The Second Circuit will deem such filings to be timely if they are deposited in the MDC's "internal mail system on or before the last day for filing." *See* Second Circuit Forms and Instructions, "How to Appeal as a Pro Se Party to the United States Court of Appeals for the Second Circuit."

In an order dated December 22, 2021, Your Honor ruled that you have "no jurisdiction to address service and the like with respect to matters in the Court of Appeals." Dkt No. 652. We have found nothing to contradict this Court's ruling. Accordingly, we do not believe our role in connection with Mr. Schulte's appeals can or should be determined by this Court. Mr. Schulte disagrees.

To address the issue of delay with Mr. Schulte's receipt of the Government's filings both in this Court and the Court of Appeals, we ask the Court to encourage the Government to effectuate personal service on Mr. Schulte at the MDC or at SCIF on his SCIF days.

Thank you for your consideration.

Very truly yours,

/s/

Deborah Colson
Sabrina Shroff
*Standby Counsel for Mr. Schulte*

cc:   Government Counsel

As far as the Court is concerned, standby counsel is required to assist Defendant only with respect to his submissions in the case before the undersigned in the district court.  Whether Defendant has standby counsel in connection with any appellate litigation and, if so, what duties or responsibilities they have, are matters to be addressed to the Court of Appeals.  As to standby counsel's proposal regarding service, the Court understands from the conference held on December 20, 2021 that standby counsel already provides Defendant with copies of any new material filed on the docket in this case -- i.e., the only issue over which this Court has jurisdiction -- on every SCIF day. *See* ECF No. 663 at 14.  As to mailing delays and issues regarding the availability of stamps at MDC, the Government has been ordered to address those issues in writing on January 19, 2022.  *See* ECF No. 671.  SO ORDERED.

January 18, 2022