

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 19, 2022

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Joshua Adam Schulte*,
              S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter to provide a supplemental status update to our letter dated January 7, 2022 (D.E. 670).

1. **Missing discovery productions 6, 9, and 12.**

      The defendant has asserted that the Metropolitan Detention Center ("MDC") misplaced a discovery hard drive containing the contents of three discovery productions, denominated production numbers 6, 9, and 12. (D.E. 643 at 2, 661 at 4). The Government has consulted with MDC and reviewed the records of discovery, and the defendant's description of the missing discovery does not correspond to the discovery that has been produced.

      On November 8, 2017, the Government produced a single external hard drive, comprising discovery production 6. On March 15, 2018, the Government produced another external hard drive, a ProRaid hard drive, and two discs, comprising discovery production 9. On July 5, 2018, the Government produced a laptop and a set of arrayed hard drives, comprising discovery production 12. Production 12 was a reproduction of certain previously produced materials. On December 12, 2020, the contents of the ProRaid hard drive from production 9 was again re-produced. In short, the defendant's description of the discovery that purportedly is missing and the media on which that discovery was stored—a single external hard drive containing productions 6, 9, and 12—does not correspond to the discovery produced in this matter. The Government has written to the defendant to request clarification with regard to what discovery materials are alleged to be missing. In addition, a teleconference with the defendant is currently scheduled for

tomorrow, January 20, 2022, where the Government hopes to discuss this matter with the defendant.[1]

The Government has also confirmed that the MDC has possession of one large external hard drive with discovery for the defendant that has a faulty external power cord. The drive itself was provided by the defendant's former defense counsel. Neither MDC nor the Government have reviewed the contents of this drive because, among other reasons, it may contain materials prepared by the defendant or his former counsel relating to his defense of the charges in this case. To the extent that this drive is the drive to which the defendant refers, it is available for his review but he must provide a power cord to replace the faulty cord.

2. **Whether the Government has completed its discovery review and whether it has identified any other materials subject to Rule 16 that have not been produced, see ECF No. 625.**

The Government provided a status report with respect to its review of discovery productions in this matter in the January 7, 2022 letter. Since then, the Government has produced the results of the order pursuant to 18 U.S.C. § 2703(d) referred to in the prior letter, and has produced a duplicate copy of the complete results of the 2017 search warrant executed on the defendant's email account in classified discovery.

With respect to the 2017 GPS warrants, the FBI has identified responsive location data with respect to three of the four target numbers listed in the warrants. The Government previously advised the Court and the defendant that the FBI had no responsive data in its possession (*see* D.E. 670 at 2), a representation that we understood to be accurate but which we have since learned was incorrect. As part of the Government's continued efforts to determine why there was no GPS location information, the agent reviewing FBI holdings for responsive data consulted an additional database that stores GPS data, and located responsive location data for three of the target numbers. The Government apologizes to the Court and the defendant for its earlier error. The responsive data is being produced to the defendant,[2] and the FBI will continue to review its records in an effort to determine why the second database does not hold location information relating to the fourth target number.

With respect to the extraction of the SC1_1/root/volume, the FBI will make a copy of the extraction available for the defendant's review using the laptop stored in a safe in the courthouse Sensitive Compartmented Information Facility. If software to extract and review such files can be copied onto the laptop, so that the defendant can conduct his own extractions, the FBI will make a copy of this software available as well.

---

[1] As noted in our letter dated January 7, 2022, standby counsel terminated a meet-and-confer teleconference call with the defendant on January 4, 2022. In the event the defendant does not participate in tomorrow's teleconference call, the Government will await his written reply.

[2] The GPS location data for the three numbers is within the time period between approximately March 31 and May 26, 2017. This post-dates Schulte's theft and leak of classified national defense information from the CIA. The GPS data was not used at the prior trial, and the Government does not intend to use the data in its case-in-chief at the upcoming trial.

4. **MDC mail delays, including specifically (1) whether there is a more efficient method to deliver mail to MDC inmates who are proceeding *pro se* and (2) how many such people are currently detained at MDC.**

MDC has provided the Government with logs relating to the receipt and delivery of mail for the defendant. These logs generally reflect that, first, the defendant receives a high volume of legal mail from multiple sources, including the undersigned Assistant U.S. Attorneys, the Civil Division of the U.S. Attorney's Office, the Clerk of the Court for this District, the Clerk of the Court for the Court of Appeals, and individual judges' chambers, among others. Between approximately November 1, 2021 and January 11, 2022, it appears that the defendant received more than 50 items of legal mail. Second, the logs reflect that, while mail to the defendant passes through three stages of the MDC (the mail room, Special Investigative Services, and the SAMs unit where mail is delivered to the defendant), mail typically spends approximately one day or less at each stage and it appears that legal mail typically reaches the defendant within approximately one week of its arrival at the MDC mailroom. It appears that there was a delay of a few days for mail received shortly before the Thanksgiving, Christmas, and New Year holidays, resulting in longer delivery times for mail during those windows.[3]

In light of this, and standby counsel's practice of providing the defendant with copies of court orders and filings during the defendant's twice-weekly SCIF visits, there does not appear to be a significant delay in delivery of documents relating to this prosecution to the defendant. In the event there is a particular delivery delay that may affect the defendant's ability to respond to a motion or court order, the Government generally would not anticipate objecting to an appropriate extension of the defendant's response time on a case-by-case basis.

6. **Arrangements can be made to provide Defendant access to the law library on days when he works in the SCIF or if there are other means to provide him at least ten hours of law library time per week.**

The MDC has approved the defendant's use of the law library for up to ten hours per week on days when he is not using the courthouse SCIF, with a preference for use on Saturdays and Sundays. If the defendant uses the unit computer for purposes other than discovery review and legal research, his use of the computer will be terminated for that session.

---

[3] One Court order sent by the Government to the defendant by Certified Mail has been described as "in transit" by the U.S. Postal Service since November 23, 2021, indicating that the mailing was likely lost.

**8. Issues raised in D.E. 661.**

MDC has advised the Government that the facility's supply of stamps was exhausted in December 2021 but has since restocked. The defendant should again be able to purchase stamps.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: ____/s/_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by mail)