Joshua Adam Schulte, *pro se*

January 18, 2022

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      I write to request the Court relieve standby counsel and appoint new counsel based on my intent to call my attorneys as fact witnesses at trial and ongoing issues.

      As an initial matter, I note for the Court that both myself and the government requested Judge Crotty replace standby counsel due to their conflict-of-interest. See government's June 28, 2021 letter, Dkt. 478 at 5-6. Since I intend to call my attorneys as fact witnesses regarding Malware of the Mind that was drafted for, and only ever sent to, my attorneys, for the sole purpose of assisting my defense, they cannot also proceed to trial as standby counsel.

      Additionally, I note longstanding issues with standby counsel. They are extremely lazy, rude and offensive to my family, liars, incompetent, literally work against my interests, and only seem to make my life more difficult. Since I began representing myself, I have asked very little of standby counsel—to file documents, to give me copies of Court Orders and government filings, and to assist me in scheduling social calls and visits with my family. Initially, standby counsel refused to do anything, stating that I was now completely on my own, and that they had no obligation to do anything at all. They eventually relented, but maintained their refusal to assist in scheduling phone calls and visits with my family. To this date, I have struggled to schedule my own social visits and phone calls through the prison. As for filing documents with the Court, they often times do not file my letters and motions for weeks, and I must constantly nag them to simply file documents. Additionally, standby counsel typically prints me an updated docket and filings once per month—they cannot manage to simply print these documents each week (***despite boldly lying to the Court and claiming they do***).

     I do not trust my standby counsel; they lie to me about everything, from small things like promising to schedule legal calls with the prison (they never call me), promising to visit me at the prison (they never visit me), to more important things like lying about court filings—when they do not bring me an updated docket sheet and new filings the excuse is always that there were no filings. Yet, as I always find out later, that is simply a lie because they are too lazy to print anything for me (E.g. I did not receive the government's January 7, 2022 letter last week even though I told them it must exist as the Court ordered the government to respond by that date; my attorneys told me there was no such filing). They have also lied to me about criminal procedure and other legal questions—which is why I do not believe anything they say and simply do not ask for their advice on any legal matter whatsoever.

     I cannot even trust standby counsel to properly schedule SCIF days for me. Since they refuse to assist my family in scheduling social visits and social calls, and I must try to do it myself, I inform standby counsel that Mondays are set aside for these visits, so do not schedule SCIF days on Mondays. Then, when I receive the SCIF calendar, they schedule Mondays that conflict with my once-per-month 15-minute social call. Typically, I am then responsible for informing the Marshals that I cannot make the SCIF day due to my social call; those SCIF days are not made up, they are merely lost due to the lazy incompetence of standby counsel.

     Standby counsel also works against me and takes positions against me whenever it benefits them or requires less work for them. For example, I asked my family to perform research on solitary confinement when I prepared my motion to vacate SAMs (since I cannot access the internet and perform research myself). I asked them to email their research to standby counsel to provide it to me. However, standby counsel was so incredibly lazy they refused to provide me with white papers, case studies, and other critical information about solitary confinement that was important to my motion. Standby counsel informed me that SAMs prevented them from providing me this information. My family simply emailed them weblinks—standby counsel could have simply taken 10 seconds to view and verify the content, asked the Court in an *ex parte* letter, or even simply sent it to the prosecutors for approval; instead, they simply refused to help me. Due to their lazy incompetence, they simply did nothing. Thus, my family then printed hundreds of pages and mailed them to me.

The issue regarding court of appeals filings is the most recent example. I asked standby counsel to simply print any updated docket sheets, serve my filings to the government, and drop off my filings at 40 Foley. Standby counsel ardently refuses to do this meager work, and instead, takes a position against me that this is outside their duties and that this Court is somehow precluded on jurisdiction. Absurd! There is no jurisdiction issue, and it is clearly within their duties since trial counsel always handles interlocutory appeals (they previously filed two interlocutory appeals when they represented me). The true underlying reason is they are incredibly lazy; not only do they consistently fail to print documents and file documents in the district court, but to do the very same tasks in the court of appeals—which maintains much less filings—would overtax and burden them so. And contrary to their assertions to this Court, they have directly told me that they **_WILL NOT PRINT ANY UPDATED DOCKET SHEETS from the court of appeals_**, and will do absolutely nothing to assist me with simply receiving filings.

Standby counsel simply does not want to do any work. They resent that they no longer function as attorneys, and are essentially secretaries when acting as standby counsel. Indeed, whenever I am forced to constantly nag them to do their job, they tell me they are not secretaries, and they will file document or print documents at their own leisure. They told me directly that if I want these tasks performed then I should hire my own secretary, paralegal, or standby counsel, because this work is beneath them and otherwise they will continue to make it difficult for me. Truly, they should have their license to practice law revoked if this is how they treat people who opt to proceed *pro se*.

Moreover, Sabrina Shroff insults my family to the point where they hate dealing with her at all. She insults me, mocks me, and is altogether insufferable and impossible to work with. I must constantly nag her to do the simplest of tasks, and feel miserable after any direct confrontation or simple conversation. I do not know why anyone would voluntarily pay her to represent them, and ultimately live this waking nightmare. I already must deal with incredible difficulties at MDC where this Court refuses to order the prison to feed me, heat my torture cage, disable the constant, blaring speakers, or prevent the prison from banging on my cage door throughout the night; I simply cannot deal with Sabrina Shroff for one more second.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); January 18, 2022 letter from *pro se* defendant

Thus, even if the Court finds that standby counsel can also testify at trial, the Court should still relieve standby counsel due to irreconcilable differences.

I ask the Court to relieve my current standby counsel, and to assign someone who can perform three simple tasks: (1) file my letters and motions in the district court and court of appeals, (2) retrieve updated dockets and all associated filings from the district court and court of appeals once each week and provide them to me at the SCIF, and (3) coordinate between my family and the MDC for my social calls and visits, avoiding any conflicts with the SCIF schedule. The person need not be an attorney, but could be a paralegal, secretary, homeless person, monkey, etc., as long as they can fulfill those three tasks.

Respectfully submitted,

Joshua Adam Schulte