Joshua Adam Schulte, *pro se*

January 24, 2022

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write the Court in response to the government's January 7, 2022 letter, the Court's Order dated January 14, 2022, and the government's January 19, 2022 letter regarding outstanding various issues and the CIPA Protective Order. I did not receive these letters promptly, and request additional time to address the CIPA protective order (as I have asked standby counsel to include in their own letter regarding the same topic).

A.  Missing discovery production 6, 9, and 12

The government continues to assert that I am somehow "incorrect" in my claim that I am missing an external hard drive. I have painfully explained this to the government numerous times, yet they continue to play games—if I am unable to obtain these productions soon then I may not be ready for trial in June. I currently possess two external hard drives that require external power. As I have repeatedly explained to the government, ***the very first of these drives that they produced to me is missing***. How difficult is it for the government to review these two external drives and determine which was the first given to me—the missing drive? Or, how hard would it be for the government to ask the MDC for which drive they possess—since the drive requires external power it is not kept in my torture cage, but in the SHU Lieutenant's office at MDC? The government should easily be able to determine which drive is missing and provide a duplicate. Instead, the government exults in playing lawyer word games with a *pro se* defendant, claiming that "the defendant's description of the missing discovery does not correspond to the discovery that has been produced." Note that they say nothing about identifying the missing drive, only that they cannot determine if the drive I claim is missing

*United States v. Schulte*, S3 17 Cr. 548 (JMF); January 24, 2022 letter from *pro se* defendant

contains the discovery I require. The court should order the government to stop playing games, identify the missing drive, and either find it or provide me a replacement (that does not require external power). That is all.

### B. January 7, 2022 Discovery Production including Verizon FiOS subpoena returns

Next, I confirm for the Court that the discovery produced by the government on January 7, 2022 (not received until January 19, 2022) was never previously provided by the government—notwithstanding the government's December 27th letter claiming that "all records provided by Verizon FiOS have been produced. The Government confirmed that no further records were received by Verizon FiOS and there are no additional records to produce." Dkt. 647 at 1. To the contrary, however, the January 7th production includes many more Verizon FiOS records, **_including some of the very records I specifically requested in my previous letters_**. However, the FiOS records provided by the government only cover my New York address—it is still incomplete and missing all of my Virginia records; specifically, *inter alia*, the *subscriber information*, *billing records*, *2703(d) context*, and, as required for presentation at trial, the *custodian of record declaration*. The government MUST have these records as (1) it issued subpoenas to Verizon FiOS with my Virginia address, (2) the government previously provided a Verizon FiOS 2703(d) of my Virginia account (production 13 on July 17, 2018), (3) the provided 2703(d) is missing critical context and other information, and (4) Verizon issues custodian of record declarations.

What must I do to obtain this proper Rule 16 discovery? My only remaining option is to issue a subpoena to Verizon to obtain a copy of all the records it provided to the government. Since the government continues to conceal these records, I ask once more that the Court order the government to provide these records—and if the government maintains they do not exist, then I will issue a subpoena to Verizon for all records it produced to the government; if my own subpoena turn up the very information that the government is hiding, I will move for sanctions against the government, including **dismissal of all pending indictments** (who knows what other critical information the prosecutors are hiding), preclusion of evidence at trial, and expulsion of testimony/witnesses, *inter alia*.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); January 24, 2022 letter from *pro se* defendant

### C. SC1 Drive

After review of the SC1 production and the government's recent January 7, 2022 unclassified discovery index, I note for the Court that there still seems to be several missing forensic images pursuant to the SC1 drive.

The government documents the confiscation and forensic imaging of my devices in JAS_022258-60 (RECEIPT FOR PROPERTY), 3501-675 2017.03.17 Email RE Digital Evidence, and JAS_022250-51. The row entry for SC01 states the following:

> *One (1) Black Tower-Imaged/Seized, see SC49 for bitlocked drive, see SC50 for logical copy of network shar /josh, see 51 for RAM dump of SC1*

The government does not appear to have ever produced SC49, SC50, or SC51.

Finally, I note that the SC1 drive contains 4 different hard drives; 3 of these are large drives that combine in a bitlocked encrypted RAID5, which is where the government seems to claim the child pornography virtual machine exists. However, the government does not appear to claim that the other 500 GB solid state drive (and forensic image) contains either child pornography or classified information. This is the distinction that I keep trying (and failing) to identify to the Court (and the government). I once again simply ask the Court to order the government to either identify all alleged illicit files (child pornography, classified, etc.) on the two different logical drives, or if there are none, to explain why it is not produced in unclassified discovery.

Respectfully submitted,

Joshua Adam Schulte