```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :
                        -v-                                             :     17-CR-548 (JMF)
                                                                        :
JOSHUA ADAM SCHULTE,                                                    :     MEMORANDUM OPINION
                                                                        :         AND ORDER
                        Defendant.                                      :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

By letter dated January 20, 2022, Defendant Joshua Adam Schulte moved to replace his standby counsel.  *See* ECF No. 677.  Defendant alleges that his standby counsel do not effectively assist him in litigating his case and that they cannot effectively assist him at trial because he intends to call them as fact witnesses.  *Id.*  Standby counsel filed a letter motion the same day, citing Schulte's letter as evidence that their relationship "has deteriorated beyond repair" and asking to be relieved.  ECF No. 678.

Both letter motions are denied.  It is well-established that the Court may appoint standby counsel over the objection of the accused, *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975), and that a *pro se* defendant "[i]s not entitled to the appointment of a standby of his own choosing," *United States v. Mills*, 895 F.2d 897, 904 (2d Cir. 1990); *see United States v. Ford*, No. 08-CR-411-8, 2011 WL 2036677 (W.D. Pa. May 24, 2011) (denying a *pro se* defendant's motion to relieve standby counsel); *see also United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998) ("[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel.").  Overall, "[i]n determining whether a defendant's *Faretta* rights have been respected, the primary focus must be on whether the defendant had a

fair chance to present his case in his own way." *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984). Moreover, "in proceedings outside the presence of the jury," like the pretrial proceedings at issue here, the defendant's rights "are adequately vindicated . . . if [he] is allowed to address the court freely on his own behalf and if disagreements between counsel and the *pro se* defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel." *Id.* at 179.  Here, standby counsel has done nothing to inhibit Defendant from presenting his case in his own way or addressing the Court freely; to the contrary, Defendants' filings and statements in Court confirm that he is in firm control of his own defense. Nor does Defendant's stated intention to call standby counsel as fact witnesses require their replacement at this point in time.  Among other things, whether Defendant can and will call either, let alone both, of his standby counsel as witnesses at trial remains to be seen.[1]

The fact that Defendant's and standby counsel's relationship has deteriorated is regrettable, but not a basis to grant either motion.  *See, e.g.*, *United States v. Dettelis*, No. 03-CR-62, 2005 WL 8157495, at *1 (W.D.N.Y. June 30, 2005) (denying standby counsel's motion to be relieved where the defendant had "pending claims against [counsel's] office . . . for false imprisonment").  "[T]he appointment of standby counsel is not merely for a defendant's benefit, but also for the benefit of the court, the government and the other parties to the case.  Standby

---

[1] Contrary to Defendant's assertions, the Government did not previously request that the Court replace standby counsel due to a conflict of interest.  The letter cited by Defendant asked the Court to "appoint as standby counsel one of the defendant's current or former attorneys not implicated in the defendant's claims asserting conflict or implicating the attorney-witness rule." ECF No. 478 at 6.  The potential conflict cited by the Government, relying on an appellate brief filed by Defendant, concerned only one of these two standby counsel, reinforcing that any conflict that may exist come the time of trial could probably be addressed by means short of replacing both standby counsel.  *See id.* at 5 (citing Petition for Writ of Mandamus, *In re: Joshua Schulte*, No. 21-1445 (2d Cir. June 9, 2021), ECF No. 1, at 4 ("Mr. Schulte wants to have the ability to call both Ms. Shroff and Mr. Larsen at trial as fact witnesses in his defense.")).

2

counsel is designed to 'relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals.'" *Ford*, 2011 WL 2036677, at *1 (quoting *McKaskle*, 465 U.S. at 184); *cf. United States v. Bertoli*, 994 F.2d 1002, 1017 (3d Cir. 1993) (concluding that a district court has the "power to require standby counsel for the purpose of advancing its own interest in the fair, speedy and efficient disposition of cases on its criminal docket" and affirming the court's order requiring a law firm to remain as standby counsel to *pro se* defendant). These considerations apply with extra force in this case, which — due in part to the quantum and nature of classified evidence involved — is extraordinarily complex. Indeed, to replace standby counsel at this juncture would cause substantial delay as any new standby counsel would have to obtain the necessary security clearance to assist Defendant. In short, "the wishes of the defendant carry no weight in the decision to appoint" or, here, to retain "stand-by counsel." *Ford*, 2011 WL 2036677, at *1 (emphasis omitted).[2]

One final word is warranted. Defendant lists tasks at the end of his letter that he expects standby counsel to perform. But several of these tasks are *not* part of the duties and responsibilities of standby counsel in this case. Standby counsel are required to (among other things) file Defendant's motions and letters in this Court and to retrieve updated docket reports and associated filings in this case for him on SCIF days. By contrast, the question of whether Defendant is entitled to standby counsel for purposes of any appeals — and, if so, the nature and

---

[2] In light of the foregoing, the Court need not and does not comment on Defendant's allegations with respect to standby counsel, except to say that, as far as the Court can tell, standby counsel have consistently and conscientiously sought to discharge their responsibilities as standby counsel under what can only be described as challenging circumstances. More broadly, Defendant's allegations with respect to standby counsel are not consistent with the Court's prior experiences with them in other cases.

scope of their responsibilities in connection with any appeals — are matters for the Second Circuit, not this Court.  *See* ECF No. 675.  Additionally, standby counsel have no obligation to — indeed, should not — schedule "social calls and visits" for Defendant.  ECF No. 677, at 4.

The Clerk of Court is directed to terminate ECF Nos. 677 and 678.

SO ORDERED.

Dated: January 26, 2022
       New York, New York

_____
JESSE M. FURMAN
United States District Judge