Joshua Adam Schulte, *pro se*

January 24, 2022

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write once more for leave to file a motion to suppress the March 16, 2017 warrant to seize my cellphone. I originally filed a motion to suppress evidence from the warrantless seizure of my cellphone on September 3, 2021. Dkt. 497. In its opposition motion, the government revealed for the first time that it obtained a search warrant for the cellphone on March 16, 2017, but concealed the search warrant from the defense. The court then ordered both parties to file supplemental briefs on whether the delay between the seizure and the government's second search warrant triggered the second circuit's recent decision in *United States v. Smith*, 967 F.3d 198 (2d Cir. 2020). The government argued that Smith did not apply, because the "continued custody of the Cellphone after obtaining the First Warrant was reasonable and lawful based on the authority of the warrant." Govt Supplemental Brief, Dkt. 615, at 2-3. I argued that, if the court found the government relied upon the first search warrant for the "continued custody" of the cellphone, then the court must permit me to file a motion to suppress that warrant; surely the government cannot obtain a search warrant, rely upon that warrant to seize a device, but then gain immunity from challenge of that search warrant.

Moreover, the government *did* execute a search of that cellphone pursuant to the March 16, 2017 search warrant; they produced a forensic image of the device to the defense on July 5, 2018 as QNY61. This is obviously before the second search warrant in 2019.

Based on both the government's reliance upon the March 16, 2017 search warrant to continue holding the cellphone as well as the government's searches and forensic examination of the cellphone pursuant to that warrant, I once more ask permission to file a motion to

*United States v. Schulte*, S3 17 Cr. 548 (JMF); January 24, 2022 letter from *pro se* defendant

suppress evidence obtained as a result of this unconstitutional search warrant. I note for the court that my right to file a suppression motion is clear and indisputable; this court cannot shield the government and its illegal search warrants from suppression motions. I must be permitted to file a suppression motion. If the court declines, my only remaining recourse is to file a petition for writ of mandamus with the second circuit as this issue would not be preserved on appeal since this court has not allowed me to file a suppression motion.

The Government shall respond to Defendant's letter by **February 2, 2022.** No reply will be permitted absent leave of the Court. SO ORDERED.

January 26, 2022

Respectfully submitted,

Joshua Adam Schulte