

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 2, 2022

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States v. Joshua Adam Schulte*,
              S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter pursuant to the Court's order, dated January 26, 2022 (D.E. 684), directing a response to the defendant's renewed request to file a motion to suppress the results of a March 16, 2017 search warrant for the defendant's cellphone. (D.E. 681). As described below, the Court has previously denied this same request, and the defendant has not met his burden to warrant reconsideration of the Court's previous orders.

      On November 13, 2021, the defendant sought the Court's permission to file a motion to suppress the March 16, 2017 search warrant (D.E. 587 at 2), which the Court denied as moot on November 16, 2021, noting that "the March 16, 2017 search warrant was never executed." (D.E. 592 at 1). On December 14, 2021, the defendant filed a reply to the Government's response to the Court's order to show cause regarding the length of time that the Government retained the defendant's cellphone before obtaining a second search warrant on September 9, 2019, and again sought permission to file a motion to suppress the March 16, 2017 search warrant. (D.E. 640 at 10). The Court denied this request at the December 20, 2021 conference, noting that "that warrant was not executed, . . . and while it certainly provides support for my decision that the fruits of the eventual search need not be suppressed, my decision does not depend on it . So any motion to suppress that warrant would be academic." (12/20/21 Tr. at 73). Thus, the defendant's January 25, 2022 request already has been twice denied by the Court.

      Local Criminal Rule 49.1(d) requires a movant to submit a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked" within "fourteen (14) days after the Court's determination of the original motion." The untimeliness of a defendant's motion "is itself a sufficient basis for denial," although "courts retain the discretion to excuse an untimely filing." *United States v. Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020). Even when timely, "'the standard for granting a . . .

motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *United States v. Nkanga*, 452 F. Supp. 3d 91, 93 (S.D.N.Y. 2020) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

The defendant satisfies none of the bases for reconsideration of the Court's two prior orders denying him leave to file a motion to suppress the March 16, 2017 search warrant. First, the defendant makes no explanation for the untimeliness of his request, filed more than 30 days after the Court denied his second request for leave to file a motion to suppress the March 16, 2017 search warrant at the December 20, 2021 conference. The defendant has filed numerous letters seeking leave to make or expand various filings during that time, but does not even attempt to explain his delay in this instance. The Court has rightly attempted to adhere to an orderly schedule for pretrial motions in this matter, and the defendant's belated attempt to upend that calendar with additional motions—unsupported by any good cause for the delay—should be rejected.

Second, any motion to suppress the fruits of the March 16, 2017 search warrant would be moot, because the Government does not intend to introduce the fruits of any search conducted pursuant to that warrant. *See, e.g.*, *United States v. Rivera*, No. 16 CR. 175 (LGS), 2017 WL 1843302, at *1 (S.D.N.Y. May 8, 2017) (denying as moot motion to suppress results of search of cell phone where "[t]he Government represents that it does not intend to offer such evidence at trial"). As described below, there was no search of the cellphone pursuant to that warrant, and to the extent that the Government does introduce at trial any evidence from the defendant's cellphone, it will be evidence obtained pursuant to the September 9, 2019 search warrant.

Third, the defendant mischaracterizes the Court's previous holding in suggesting that he should now be allowed to move to suppress the March 16, 2017 search warrant because it was necessary to the Court's conclusion that "that there is no basis to suppress the fruits of the search of the cell phone" pursuant to the September 9, 2019 warrant based on the length of time it was retained by the Government  (Dec. 20, 2021 Tr. at 71). Contrary to the defendant's suggestion, the Court specifically found that "while [the March 16, 2017 search warrant] certainly provides support for my decision that the fruits of the eventual search need not be suppressed, my decision does not depend on it." (*Id.* at 73). The Court has already concluded that "the agents' initial seizure [of the defendant's cellphone] was justified by exigent circumstances," (Nov. 8 2021 Tr. at 48) and "that the cell phone had independent evidentiary value, and thus, the government was entitled to retain it pending trial," (Dec. 20, 2021 Tr. at 72). Separately, the Court also noted that, the good faith exception would preclude suppression of the results of the September 9, 2019 search warrant. (*Id.* at 72-73). Accordingly, any motion to suppress attacking the validity of the March 16, 2017 search warrant would still be "academic," (*id.* at 73), because it was not necessary to the Court's holding that the evidence obtained pursuant to the September 9, 2019 warrant was validly acquired.

Fourth, the defendant also mischaracterizes the facts of the search of his cellphone by suggesting that "the government did execute a search of that cellphone pursuant to the March 16, 2017 search warrant; they produced a forensic image of the device." (D.E. 681 at 1). The logical image of the device previously produced to the defendant was not obtained pursuant to the March 16, 2017 search warrant—which could not be executed because the device was locked—but rather

pursuant to the defendant's consent, in the presence of his counsel, on March 21, 2017, when he unlocked the cellphone. (*See* D.E. 525 at 4 ("At the interview on March 21, 20[17], the defendant, in the presence of counsel, consented to a search of the Cellphone and entered his password to unlock it. When the Cellphone was unlocked, however, it rebooted, and FBI was able to obtain only a logical copy of the Cellphone rather than a complete forensic image.") (citing D.E. 525 Ex. 12 at ¶¶ 13(b)-(c) (Sept. 9, 2019 warrant affidavit, describing facts of consent search))). Moreover, the Government does not intend to introduce evidence from this incomplete logical image at trial—to the extent the Government uses evidence from the cellphone, it will be from the complete forensic copy obtained pursuant to the September 9, 2019 search warrant.

Finally, the defendant's desire to take immediate appeals of every ruling of this Court (D.E. 681 at 2) is irrelevant to the merits of the defendant's motion for reconsideration. The circumstances here are straightforward: the defendant cites no facts or law that the Court overlooked, and so reconsideration is not warranted. Moreover, the expenditure of the parties' efforts in briefing the validity of the March 16, 2017 search warrant and the Court's time considering the issue would be wasted, because the Government does not intend to introduce evidence obtained pursuant to the warrant the defendant seeks to attack.

Accordingly, the defendant's motion for reconsideration of the Court's prior orders denying leave to file a motion to suppress the March 16, 2017 search warrant should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: ____*/s/*_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

cc: Standby counsel (by ECF)
    Joshua Adam Schulte (by mail)