

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 8, 2022

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: *United States v. Joshua Adam Schulte*,
     S3 17 Cr. 548 (JMF)

Dear Judge Furman:

  The Government respectfully submits this letter pursuant to the Court's order, dated February 4, 2022 (D.E. 693), directing the Government to respond to the defendant's letter complaining that he has not been provided with a CD/DVD drive that has the capability to write or burn CD/DVDs (D.E. 692).

  The Government has conferred with the Bureau of Prisons ("BOP"), which has confirmed that the defendant, like anyone in BOP custody, is prohibited from having a CD/DVD drive with write capabilities. BOP Program Statement 1237.16, Information Security, Section 14.3, Electronic Media, provides that "[i]nmates may receive certain electronic media under special conditions. Such media may be accepted only from the inmate's legal representative, *must be read-only*, must be approved by the local CEO, and used only on workstations designated for e-discovery *that are configured to exclusively provide read-only access*" (emphasis added). Indeed, there is particular reason for adherence to this rule as applied to this defendant, who stands convicted of contempt of Court orders precluding him from disseminating protected discovery now stored on the laptop he maintains in his cell at the Metropolitan Detention Center (D.E. 351 at 3), and has "continu[ed] his troubling pattern of disrespect for the Court's protective orders and other directives" (D.E. 527 at 3).

  With respect to the defendant's representations that he was previously provided with a write-capable DVD drive and has used it for the pendency of this case, the Government is unaware of the defendant having such access. The Government has no knowledge of how the defendant communicates with his standby counsel or provides them with copies of materials for filing (although the appearance of many of the filings on the docket suggests that they were printed and scanned, rather than provided electronically). To the extent that the defendant was provided with

blank CDs that were not "read-only" and that were used to remove electronic data from his discovery laptop, that was in violation of generally applicable BOP regulations.

With respect to the defendant's access to physical equipment, the defendant did previously have a discovery laptop that contained an internal CD/DVD drive. BOP has informed the Government that before that laptop was provided to the defendant, BOP computer security staff reviewed it to ensure that it did not have capabilities inconsistent with BOP rules, such as the ability to access the Internet or to write to CD/DVDs. On or about April 28, 2021, that laptop was replaced by a new computer provided by the defendant's counsel that did not have an internal CD/DVD drive of any kind. On or about August 17, 2021, in a letter to the Government the defendant requested that the Government provide him with "an external USB CD/DVD burner for my MCC laptop." The Government responded by letter that "[t]he Government will not provide additional computer equipment, but if you procure an external DVD/CD drive, our office will provide it to MCC staff to make available for your use, following a security inspection." Standby counsel provided an external "DVD Player" for the defendant, which was delivered to him by BOP on or about November 4, 2021. (*See* D.E. 593 Ex. 1). At the conference in this matter on November 8, 2021, despite having already received the CD/DVD drive, the defendant claimed that he had not received it, and therefore could not "review forensics or other important information." (Nov. 8, 2021 Tr. at 7). The defendant also requested permission "to file letters and motions by putting them on blank CDs and mailing them to the court on PDFs," claiming that Judge Crotty had previously given him permission to do so,[1] but noting that he was "never able to actually do that because I didn't have a DVD drive or CDs." (*Id.*). The Government noted in response that the defendant had been provided with an "external disc reader," and that "as a matter of BOP policy, the defendant is not allowed to have blank CDs or unmarked CDs." (*Id.* at 8). On or about January 18, 2022, the Government forwarded to BOP a replacement disc drive that had been provided by the defendant's standby counsel. BOP informed the Government on or about January 20, 2022 that the drive could not be provided to the defendant because it had disc-writing capabilities, and the following day, the Government informed standby counsel that that if the defendant "requires a replacement DVD reader, please provide us with a read-only DVD drive." The Government received no response prior to the filing of the defendant's February 3, 2022 letter, and the Government remains willing to arrange for the delivery of a replacement CD/DVD drive that is read-only.

The facts make clear that the defendant does not need a CD/DVD drive with write-capabilities in order to represent himself. Putting aside the general accuracy of the defendant's representations about his prior access, there is no doubt that between April 28, 2021, when his new laptop with no CD/DVD drive was provided to him, and November 4, 2021, when the defendant acknowledged receipt of the first external CD/DVD reader provided by standby counsel, the defendant did not have any ability to write to CD/DVDs. During that time, the defendant was able to transfer to his counsel and thereby file numerous letters and motions. Indeed, even since the Government informed the defendant's standby counsel on January 21, 2022 that only a read-only drive could be provided, the defendant has filed numerous letters and motions, including his 65-

---

[1] No order was docketed to that effect. The defendant claimed to have received "an email from the district court, from his deputy." (Nov. 8, 2021 Tr. at 9).

page January 28, 2022 omnibus motions, which are currently undergoing classification review. (*See, e.g.*, D.E. 681, 682, 686, 687, 688, 692, 695, 696.)

To the extent that the defendant requires an external disc reader in order to review discovery, the Government is prepared to facilitate the delivery of equipment procured by the defendant or standby counsel that complies with generally applicable BOP regulations. There is no basis to conclude that adherence to those regulations has in any way inhibited the defendant's ability to make timely court filings, communicate with counsel, or otherwise represent himself, particularly in light of his extensive access to the SCIF, to a dedicated discovery laptop, and to BOP computers for legal research. Accordingly, no further relief is warranted.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by:    /s/
        David W. Denton, Jr. / Michael D. Lockard
        Assistant United States Attorneys
        (212) 637-2744 / -2193

cc: Standby counsel (by ECF and email)
    Joshua Adam Schulte (by mail)