

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 11, 2022

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**Re: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)**

Dear Judge Furman:

The Government respectfully submits this letter pursuant to the Court's February 7, 2022 Order (D.E. 698) to respond to the defendant's request for permission to file a motion to suppress "the government's unlawful seizure of my attorney-client privileged email to counsel." (*Id*.).

First, the document to which the defendant appears to refer is not an email and was not seized pursuant to any warrant; it is an article that the defendant provided to a third party (a non-lawyer), who produced the document to the Government in response to a subpoena. Second, the defendant has had ample opportunity to move with respect to the document and offers no cogent explanation for his failure to adhere to the Court's pretrial motions schedule. The Government opposes the request.

## Background

### A. The Schulte Article

On or about May 21, 2018, a grand jury subpoena was issued to a third party, who is personally known to the defendant and is not an attorney ("Individual-1"), for various categories of records relating to the defendant. The subpoena expressly instructed that documents subject to a valid claim of privilege need not be produced, but should be preserved and a privilege log provided. In response to the subpoena, Individual-1 provided documents through counsel, including a document described by Individual-1's counsel as "Article entitled '. . . unalienable rights, that among those are Life, Liberty, and the pursuit of Happiness' by Joshua Schulte" (the "Schulte Article"). The document was determined to include classified national defense information and was provided to the defendant in classified discovery on or about November 12, 2018. The discovery cover letter indicated that the document had been "provided by [Individual-

1] in response to a Grand Jury Subpoena." An unclassified version of the same document (in which the national defense information had been redacted) was produced to the defendant in unclassified discovery on or about February 25, 2019.

On or about July 29, 2019, the Government identified a portion of the Schulte Article as material upon which the Government expected to rely pursuant to Section 10 of the Classified Information Procedures Act ("CIPA"). The Government marked the Schulte Article for use at trial as GX 813, and the parties discussed appropriate redactions for the document to permit its use at trial during hearings pursuant to Section 6(c). (Dec. 20, 2019 Classified Tr. at 15-20). The Court subsequently approved revisions to the proposed redactions of GX 813 (attached in final form as Exhibit 1). (Jan. 24, 2020 Classified Order at 16). The Government ultimately decided not to offer GX 813 at trial. Following the revision of the charges against the defendant in the Third Superseding Indictment, the Government provided the defendant with supplemental notice pursuant to Section 10 of CIPA on January 28, 2022, which again gave notice that the Government may rely on the Schulte Article at the retrial in this matter.

**B. Prior Privilege Litigation**

On October 2, 2018, the Honorable Paul A. Crotty issued a warrant authorizing the search of the defendant's cell at the MCC, among other locations. (D.E. 120, Ex. F). The warrant was based on, among other things, evidence that the defendant had provided discovery materials to a reporter in violation of the Court's discovery protective order and was using contraband cellphones at MCC for unmonitored communications with unknown third parties and to disseminate documents. (*Id*. ¶¶ 11- 15). During the execution of the search, law enforcement agents identified certain notebooks and notepads in the defendant's cell, which resulted in a second warrant that also implemented wall procedures to address potentially attorney-client privileged communications that might be reflected in those documents. (D.E. 120, Ex. G). A wall team of prosecutors reviewed those documents and provided the trial prosecutors with copies having material determined to be privileged reacted. The redacted documents contained classified information and information about electronic and social media accounts and efforts to disseminate classified information and protective discovery materials, leading to further search warrants. (D.E. 120, Exs. H, I, J).

On June 18, 2019, the defendant moved to suppress, *inter alia*, the results of the MCC searches, arguing that (1) the search exceeded the scope of the warrants, (2) the searching agents reviewed attorney-client privileged materials while executing the searches, and (3) the wall review procedures were inadequate. (D.E. 98). The defendant also argued that certain materials in the redacted versions of his notebooks was privileged and those materials should be suppressed. (*Id.*).

By order dated October 18, 2019, the Court denied the defendant's motion to suppress the results of the MCC searches. (D.E. 159). The Court found that the notebooks were not privileged in their entirety, but contained intermingled privileged, non-privileged, and irrelevant material. (D.E. 5-6). The Government agreed not to introduce at trial the specific materials with respect to which the defendant asserted privilege. (*Id*. at 8).

Prior to the trial held from February 3 through March 9, 2020, the defendant objected to the admissibility of evidence from his MCC notebooks on the grounds that (1) it was privileged and (2) the defendant might have an argument that he was given ineffective advice regarding the notebooks. (D.E. 242 at 23-27).[1] The Court directed the Government to identify the particular portions of the MCC notebooks intended to be introduced at trial. (D.E. 252). The Government did so by letter dated January 21, 2020, in which the Government also noted that the Schulte Article was another exhibit the Government may use at trial. (D.E. 257 at 6, 14 n.4, 15). Ultimately, several exhibits derived from the defendant's MCC notebooks were admitted into evidence. (GX801, 806, 809, 812).

**C. The Defendant's Request**

On February 7, 2022, the defendant asked the Court to permit him to file yet another motion to suppress documents obtained from the MCC searches, referring to "my attorney-client privileged email to counsel, wherein I detail the FBI's interrogation of me. The government illegally seized this privileged email, incorrectly labeled it a 'Schulte Article,' and apparently intend [sic] to use it against me at trial." (D.E. 698).

The Government understands the defendant to be referring to the Schulte Article described above (*see* Ex. 1).

**Discussion**

The defendant's request for permission to file a motion to suppress the Schulte Article should be denied. As described above, Schulte argues that he intends to move to suppress the document on the grounds that it is attorney-client privileged and apparently unlawfully seized from him, but both factual assertions are baseless. The article is not an email to or from the defendant's attorneys, but rather was provided by the defendant to a third party and non-lawyer for dissemination. It was not seized from the defendant at the MCC, but was provided by Individual-1, through counsel, to the Government in response to a subpoena. It is self-evidently non-privileged and the defendant has offered no basis to assert that it is. Moreover, the passage of more than two years since the Schulte Article was provided to the defendant in discovery—and ample notice specifically identifying its relevance to this case—would also destroy any arguable claim of privilege that he might otherwise have had. *See Business Integration Svcs. v. AT&T Corp.*, 251 F.R.D. 121, 130 (S.D.N.Y. 2008) (collecting cases).

The defendant's request is also untimely. More than two months ago, the Court established a schedule for pretrial motions to dismiss or to suppress, which already has passed.

[1] The defendant also asserted an advice-of-counsel defense to charges that he violated the protective order or disclosed and attempted to disclose classified information while at the MCC. (D.E. 128, 147, 150, 177, 220, 231). Following extensive proceedings to address the issue, the Court directed the defendant to disclose to the Government the communications upon which he intended to rely in support of an advice-of-counsel defense and precluded the defense if those communications were not disclosed. (D.E. 248). The communications were never disclosed to the Government.

(D.E. 650). The defendant has sought to suppress other materials on the basis of purported attorney-client privilege. (January 28, 2022 Motion at 52-65) (classification review pending). The defendant has offered no cogent reason for failing to address the Schulte Article in his most recent motion, to say nothing of the extensive prior litigation regarding potentially privileged material, and he cannot show good cause for the failure given that the Schulte Article was among the proposed exhibits addressed in pretrial motions and CIPA practice. *See, e.g.*, January 24, 2020 Order at 16 n.12; January 30, 2020 Order. The fact that the Government ultimately decided not to offer GX 813 at trial is of no moment—it represents neither an endorsement of the claim of privilege nor any admission that it was improperly seized, and the Government reserves the right to offer the proposed exhibit at the upcoming trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: ______*/s/*______________________
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

cc: Joshua Adam Schulte (by mail)
Standby counsel (by ECF)