# SHAYANA KADIDAL

| | |
|---|---|
| 528 W. 111th St., Apt. 65 | *c/o* Dixon Kadidal LLP |
| New York NY 10025 | 43 W. 43d St., Ste. 105, NY NY 10036 |
| shayana.kadidal@gmail.com | mobile: (646) 498-8498 |

**EDUCATION**    **YALE LAW SCHOOL**. J.D., 1994. Senior Editor, Yale Law Journal.

**DUKE UNIVERSITY**. A.B., Chemistry and History, 1988. Junior year Phi Beta Kappa.

**EMPLOYMENT**

**JUDGE KERMIT V. LIPEZ, U.S. COURT OF APPEALS FOR THE FIRST CIRCUIT.** Law clerk, 1998-99.

**CENTER FOR CONSTITUTIONAL RIGHTS**, New York, NY. Senior Managing Attorney, Guantánamo project, 2006-present; Senior Attorney, 2004-2006; Attorney, 2002-2004; volunteer attorney, Nov. 2001-Feb. 2002. Litigator on matters listed below, including five cases before the Supreme Court:

**Military Jurisdiction**   Senior managing attorney responsible for supervision of litigation and advocacy efforts of Guantánamo staff of four attorneys and several paralegals, for coordination efforts among several hundred lawyers handling individual habeas petitions, and for specific litigation matters ranging from individual habeas petitions to civil damages suits for released detainees:

**Supreme Court litigation:** Extensive involvement, beginning with initial research on military jurisdiction in November 2001, in CCR's historic challenges to the legality of Guantánamo detentions, *Rasul v. Bush,* 542 U.S. 466 (2004) and *Boumediene v. Bush*, 553 U.S. 723 (2008).

**Habeas proceedings:** Represented dozens of individual detainees in habeas litigation. Argued appeal seeking application of Due Process Clause to habeas proceedings, *Ali v. Trump*, No. 18-5297 (D.C. Cir. argued Dec. 11, 2019); argued initial post-*Boumediene* hearing on behalf of all habeas counsel regarding shape of further proceedings in district courts, *see, e.g.*, *In re Guantanamo Bay Detainee Litigation*, 2008 U.S. Dist. LEXIS 71700 (D.D.C. Jul. 11, 2008); coordinated briefing of Case Management Order, 2008 WL 4858241 (D.D.C. Nov. 6, 2008); co-counsel on first challenge to a transfer presenting a risk of torture, *Zalita v. Bush*, 127 S. Ct. 2159 (2007); lead counsel on common briefing of habeas claims in 112 cases of transferred detainees before coordinating Judge Hogan, 700 F. Supp. 2d 119 (D.D.C. 2010); lead counsel for notorious torture victim Mohammed al Qahtani, *Al Qahtani v. Obama*, 443 F.Supp.3d 116 (D.D.C. 2020); co-counsel in first habeas case brought by one of the 14 "high value detainees" moved from secret CIA detention sites to Guantánamo in September 2006, *Majid Khan v. Obama*, Civil Action No. 06-1690 (D.D.C.).

**Periodic Review Boards:** representation of four detainees cleared before Guantanamo "parole boards," three of whom were formerly charged before military commissions (Mohammed Kamin, ISN 1045; Sufyian Barhoumi, ISN 694; and onetime-alleged "20th Hijacker" Mohammed al Qahtani, ISN 63), and one of whom is the first "High Value Detainee" held in CIA black sites to be cleared (Guled Hassan Duran, ISN 10023).

Co-counsel in numerous post-detention **damages** cases: *Rasul v. Rumsfeld*, 563 F.3d 527 (D.C. Cir. 2009); *Allaithi v. Rumsfeld*, 753 F.3d 1327 (D.C. Cir. 2014); *Al-Zahrani v. Rumsfeld*, 669 F.3d 315 (D.C. Cir. 2012).

**Military commission defense counsel** to Majid Khan (the first "high value detainee" to enter plea-and-cooperation agreement) and Sufyian Barhoumi..

**Amicus briefs:** Authored CCR's Fourth Circuit brief on behalf of 140 law professors, and 18 public interest groups, *Hamdi v. Rumsfeld*; 316 F.3d 450 (4th Cir. 2003), 542 U.S. 507 (June 28, 2004); co-authored Center's Second Circuit brief and multiple Supreme Court amicus briefs in *Padilla v. Rumsfeld*, 542 U.S. 426 (2004).

**Terrorism Sanctions and the First Amendment**   Counsel in pre-enforcement challenge to statute barring "material support" for designated foreign terrorist organizations, *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010), and similar restrictions under IEEPA & E.O. 13,224, *Humanitarian Law Project v. United States Dept. of the Treasury*, 578 F.3d 1133 (9th Cir. 2009). Advice and trainings to activists, funders and lawyers in wake of *Holder v. HLP* decision.

**No-Fly List/ RFRA**   Second chair in challenge to use of No-Fly listing to coerce American Muslims to serve as informers on their own religious and ethnic communities, resulting in 8-0 victory before Supreme Court, *Tanzin v. Tanvir*, ___ U.S. ___, 141 S. Ct. 486 (2020).

| | |
|---|---|
| **Electronic Surveillance** | Lead counsel in challenge to unlawful warrantless electronic surveillance by National Security Agency, *Center for Constitutional Rights v. Bush*, 522 Fed. Appx. 383 (9th Cir. 2013); Counsel for amici curiae in *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013). |
| **Racial discrimination in employment** | Lead counsel from 2002-2007 in EEOC charge leading to lawsuit against FDNY on behalf of Vulcan Society (fraternal organization of African-American firefighters) in disparate impact testing challenge resulting in settlement in 2015 for $99,098,358 in damages and over $9 million in attorneys' fees, along with systematic reforms and court-appointed monitor, *United States v. City of New York*, 731 F. Supp. 2d 291 (E.D.N.Y. 2010). |
| **Post-9/11 Immigration** | Challenges by aliens and media to post-9/11 ad hoc government policy of holding closed deportation hearings: *Detroit Free Press v. Ashcroft*, 303 F.3d 681 (6th Cir. 2002); *North Jersey Media Group v. Ashcroft*, 205 F. Supp.2d 288 (D.N.J. May 28, 2002) (granting nationwide injunctive relief), *stay granted*, 70 U.S.L.W. 3798 (U.S. June 28, 2002), *rev'd*, 308 F.3d 198 (3d Cir. Oct. 8, 2002). |
| | Counsel in suit challenging post-9/11 use of abusive detention of undocumented aliens after final order of deportation for purposes of criminal investigation, without probable cause, eventually reaching Supreme Court on *Bivens* issues, *Ziglar v. Abassi*, 582 U.S. ___ , 137 S. Ct. 1843 (2017); |
| | Lead attorney in successful *Zadvydas* habeas challenge to 23-month-long detention of stateless, undeportable Palestinian activist, *Farouk Abdel-Muhti v. Ridge*, 314 F. Supp. 2d 418 (M.D. Pa. 2004). |
| **First Amendment** | Counsel for defendants in four SLAPP cases. Counsel in numerous First Amendment cases seeking to vindicate right to public protest. Representation of Wikileaks founder Julian Assange in connection with potential Espionage Act charges and extradition. Argued *Center for Constitutional Rights v. United States* 72 M.J. 126 (C.A.A.F. 2012), and *Center for Constitutional Rights v. Lind*, 954 F.Supp.2d 389 (D. Md. 2013), seeking access to written records from Bradley Manning court martial, eventually obtaining release of most documents during first week of trial. Author of en banc and cert petitions in *Blum v. Holder*, 744 F.3d 790 (1st Cir. 2014) (regarding proper standard for evaluating standing in pre-enforcement challenges to criminal statutes in First Amendment context). Counsel for amici in challenges to ag-gag statutes in Idaho, Utah, and Iowa; |
| **Miscellaneous** | Mass representation of over 425 individuals facing Cuba travel civil sanctions. Counsel to individual forced to register as sex offender for decades-old conviction under Mississippi's obsolete sodomy statute, *Doe v. Hood*, 345 F.Supp.3d 749 (S.D. Miss. 2018). Represented immigrants in several cases challenging Trump administration child separation policy, and asserting family integrity as a fundamental right. |

**UNIVERSITY OF MICHIGAN LAW SCHOOL**, Spring 2013. Taught Law 496, Nat'l Security Litigation.

**DIXON KADIDAL LLP.** 2015-present. Two-lawyer partnership working on cases outside of CCR ambit, including two cert petitions and drafting successful clemency petition on behalf of former Illinois governor Rod Blagojevich, and extended consultation with defense in *United States v. Schulte*, 17-CR-548 (S.D.N.Y.) on CIPA, classification, and public access issues.

| | |
|---|---|
| **PUBLIC ENGAGE-MENT** | One book chapter and 8 law review articles. 74 published opinion pieces. 84 TV appearances (Rachel Maddow, CBS Evening News, CNN, and others); 274 radio appearances; 153 public speaking events and CLEs at law schools and other venues. Testimony to the House Judiciary Committee, Subcommittee on Crime, Terrorism and Homeland Security, May 26, 2005 (Patriot Act Sec. 804 and Material Witness Statute); New York City Council (four times; various topics). |
| **BAR ADMISSION** | New York, District of Columbia; S.D.N.Y., E.D.N.Y., D.D.C.; First Circuit, Second Circuit, Fourth Circuit, Ninth Circuit, D.C. Circuit; United States Supreme Court; Court of Appeals for the Armed Forces. Qualified to appear as Military Commission Civilian Defense Counsel. |
| **SECURITY CLEARANCE** | Top Secret//SCI (read in on Jan. 29, 2008; quintennial reinvestigations, 2013, 2018) |