BY HAND

Joshua Adam Schulte, pro se
~~[redacted]~~
February 23, 2022

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: United States v. Joshua Adam Schulte,
S3 17. Cr. 548 (JMF)

Dear Judge Furman:

I write in response to the government's February 21, 2022 letter, Dkt. 714. The government claims that "[t]he defendant can prepare documents on a word processing program on the computer in the SAMs unit, and can print from that computer." This is incorrect, but regardless, it disables me from using the discovery laptop provided to me — it is completely useless as I can no longer transfer any documents from it including the countless trial exhibits, technical research, forensic analysis, and draft motions already written.[1]

As an initial matter, the MDC Law Library contains two computers — a restricted computer for "discovery review" that does [not] connect to a printer, and which, prevents copying or creating any new documents to an external drive (my

---

[1] The MDC provided me with an ink cartridge to use as a pen (not a real pen) on February 23rd

external discovery drives) and automatically logs out after two hours and wipes any created documents (essentially reverts to a clean snapshot so inmates cannot create documents, store documents, or communicate with others). The other computer connects to the electronic law library for case law review (does not provide a forum for writing documents), and which, is connected to a printer for printing case law ONLY (at outrageous cost). Neither of these computers suffices for writing and printing motions, letters, and other documents. The government proposes no solution — they essentially assert I have no right to access and use a computer to defend myself in this justice system.

I require an electronic transfer system; printing alone will not suffice, because I cannot print video demonstratives I've created for use at trial; I cannot print forensics, forensic artifacts, and other binary files that would ultimately be tens of thousands of useless printed pages. I need a way to transfer my notes, documents, motion drafts, demonstrative videos, technical research, analysis, and countless other documents to my standby counsel, forensic expert, and for filing in this Court.

I note for the Court that the government's February 8, 2022 letter, Dkt. 704, incorrectly stated that there is a protective order on my unclassified discovery. That protective order of the initial search warrants was dissolved, and all the search warrants were released to the public; there is no longer any protective order on the unclassified discovery.

-2-

an adverse See Court Orders, ECF 87, 89; Notice of interlocutory appeal, ECF 90; interlocutory appeal 19-1048; Appellant Brief; the government's letter folding in lieu of the Court of Appeals' ruling, ECF 102 at 2.

Accordingly, the DVD drive is still the best solution — and the government provides no legitimate governmental objective to deny my access to a DVD writer.

- None of my unclassified discovery at MDC is subject to a protective order
- The MDC does not allow me to mail out CD/DVDs to anyone outside counsel
- The MDC conducts rigorous reviews of all outgoing mail in accordance with SAMs (including providing it to the FBI for review)

There are literally no reasons at all to prevent my access to a DVD burner to assist in my own defense; the government's prohibition is arbitrary and therefore violates the Due Process Clause of the Fifth Amendment. Indeed, the government undoubtedly relies on computers to prosecute me as well as the necessary electronic transfer of those documents amongst themselves, the FBI, and their law enforcement partners. There is simply no reason to prohibit me from similar access, especially considering the fact that I have used a DVD burner for the past 5 years without a single problem.

I ask the Court to order the government and MDC to provide me with the DVD burner given to them by standby counsel so this case can smoothly proceed.

Respectfully Submitted,
Joshua Adam Schulte

-3-