BY HAND

March 2, 2022

Judge Jesse M. Furman
United States District Judge
Southern District of New York

RE: United States v. Schulte   S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write to notify the Court that I am unable to meet any deadlines (3/4 protective order, 3/7 suppression motion) due to my inability to review case law at the MDC's law library and the government's obstruction of filing documents from my laptop.

I was unable to access the law library during the national BOP lockdown, despite general population's modified lockdown and limited ability to do so. Following the lifting of the lockdown, the law library computer was turned off, and since MDC locks the law library computer in a cabinet, I was unable to press the power button to turn the law library computer on (the discovery computer was accessible and I was able to turn this computer on and review discovery). Every single day for a week I requested MDC turn on the law library computer so that I could review case law — and each day was unsurprised to find the law library computer off (they finally turned it on today). Accordingly, I will not be able to file the suppression motion due 3/7 and request two additional weeks.

Next, the government's deliberate obstruction of my ability to prepare motions and letters on my laptop also precludes me from filing the motion as well as the letter requesting final adjustments to the protective order. I note for the court that I reviewed the software on the discovery computer in the law library, and discovered the only "word processing" program installed was WordPad (no office) which is ill-suited to

— 1 —

prepare motions, notwithstanding my inability to print from the discovery computer. Thus, once again, I highlight the government's absurd "solution" — that I write my letters and motions in wordpad on the discovery computer until the 2-hour limitation kicks in, after which the computer automatically restarts and reverts to a clean snapshot and I must start all over again, not unlike poor Sisyphus. I request a week's extension to the 3/4 protective order deadline. I will be unable to represent myself until there is some mechanism for me to transfer documents from my laptop.

Finally, I note for the Court that the government recently filed a response to my 65-page motion of various topics; it was classified, and thus I must review their response and prepare my reply in the SCIF. I ask the Court to provide funds for standby counsel or the CISO to purchase whatever legal resource the government uses in their SCIF; I merely request access to the same resources as the government, especially since I will be unable to use the law library at MDC to prepare my reply.

Respectfully submitted,

Josh Schulte

Application GRANTED in part. Defendant's deadline to respond to the Amended Protective Order is hereby EXTENDED to **March 11, 2022**. Defendant's deadline to file a motion to suppress the document discussed in ECF No. 695 is hereby extended to **March 21, 2022**. The Government's deadline to oppose that motion and Defendant's deadline to reply are also extended by two weeks. Finally, Defendant's request for additional resources in the SCIF are DENIED. The Clerk of Court is directed to terminate ECF No. 725.

March 7, 2022

-2-