**SABRINA P. SHROFF**
ATTORNEY

80 BROAD STREET
19TH FLOOR
NEW YORK, NEW YORK 10004
TEL: (646) 763-1490

March 8, 2022

Hon. Jesse M. Furman
United States District Judge
40 Foley Square
New York, New York 10004

Re: *United States v. Joshua A. Schulte*, 17 cr. 548 (JMF)

Dear Judge Furman:

As standby counsel to Joshua A. Schulte we write to object to the government's letter request of *yesterday* seeking an *ex-parte* CIPA section 2 hearing. Because Mr. Schulte is incarcerated he is unaware of the government's March 7, 2022 request for an ex-parte CIPA section 2 hearing. The government's request came after Mr. Schulte had left the SICF on March 7, 2022, and he is unable to voice his objection to the government's request. While the government had informed the CISO of its intent to seek an ex-parte hearing as early as last week, it did not so inform either standby counsel or Mr. Schulte.[1]

The text of CIPA section 2 envisions the hearing to allow for and require the presence of *all* parties including the defense. It notes: "[N]o admission made by the defendant or by any attorney for the defendant at such a conference may be used against the defendant unless the admission is in writing and is signed by the defendant and by the attorney for the defendant," thereby clearly envisioning the presence of the defense at the section 2 hearing. See, CIPA section 2.

Given the broad scope of a section 2 ("the court may consider any matters which relate to classified information or which may promote a fair and expeditious trial"), we are concerned that the government might urge the Court to take up matters concerning security procedures, clearances, and the like. The legislative history of CIPA emphasizes that while this provision gives the district court the same latitude as under Rule 17.1, *no substantive issues concerning the discovery or use of classified information are to be decided in a pretrial conference under Section 2*. See S. Rep. No. 823, 96th Cong., at 5-6, reprinted in 1980 U.S. Code Cong. & Ad. News at 4298-4299. Instead, CIPA requires such issues to be decided under Sections 4 and 6. The government has not sought a section 4 or 6 hearing.

Given these clear limitations, Mr. Schulte objects to any *ex-parte* section 2 hearing and requests that he and his standby counsel be allowed to be present should the Court hold such a hearing.

I thank the Court for its time and consideration of this request.

Respectfully submitted,
Sabrina Shroff & Deborah Colson
Standby Counsel to Joshua A. Schulte

---

[1] The government coordinated the scheduling of the CIPA section 2 hearing with CISO Hartenstine as early as last week. Neither the government nor the CISO informed standby counsel or Mr. Schulte of such a hearing or seek to square the hearing dates and times with our schedule.

---

*Handwritten/stamped annotation by the Court:*

Objection OVERRULED and Application DENIED. Although Section 2 does not explicitly address the issue, *ex parte* proceedings under Section 2 may be held under certain circumstances. *See, e.g., United States v. Saipov*, No. S1 17-CR-722 (VSB), 2019 WL 5558214, at *2-3 (S.D.N.Y. Oct. 29, 2019). That said, the Government should be prepared to explain at the outset of the proceeding why it is appropriate to proceed *ex parte* and the Court will limit the proceeding to any matters that should not be addressed in the presence of the Defendant and standby counsel. Moreover, a transcript of the proceeding will be made and kept for purposes of any future appeal. The Clerk of Court is directed to terminate ECF No. 730. SO ORDERED.

March 9, 2022