

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 9, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*,
               S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter pursuant to the Court's Order, dated March 4, 2022, directing the Government to address "what options, if any, there are to provide Defendant with the ability to draft and print documents at the MDC" and "whether the discovery on Defendant's laptop is subject to a Protective Order." (D.E. 723).

      With respect to the defendant's ability to draft and print documents, attached as Exhibit A is a declaration from Nedgine Santana, Trust Fund Specialist at the MDC, describing the resources currently available to the defendant. As described in the declaration, the defendant can draft, edit, save, and print motions using the Public Messaging Service on the Bureau of Prisons' TRULINCS service. Ex. A ¶¶ 3-5. In addition, the Government notes that the defendant has successfully filed a number of typed letters and memoranda in this Court after at least January 21, 2022, the date on which the Government informed the defense that a replacement disc drive provided by standby counsel could not be given to the defendant because it had write-capabilities. *See, e.g.*, D.E. 681; 682; 687; 692 (typed letter dated Feb. 1, 2022 regarding access to disc drive); 695; 696; Defendant's classified omnibus motion dated Jan. 28, 2022. The defendant has also similarly printed and filed by mail a number of typed documents, including motions and briefs, in the Court of Appeals during the same time period. *See, e.g.,* 2d Cir. Dkt. 21-3113, D.E. 132; 134; 136; 137; 140; 141; 164. While the Government has no particular information as to how the defendant researched, drafted, printed, and filed these materials, he demonstrably is not limited to handwritten letters.

      Moreover, the defendant has been on notice from the outset that his decision to represent himself does not entitle him to special modifications of the conditions of his incarceration, both those generally applicable to all inmates and those imposed pursuant to the Special Administrative Measures in response to the defendant's own conduct. *See, e.g.*, July 14, 2021 *Faretta* Hrg. Tr. at 26 (Court admonishing the defendant in response to complaints about limitations on his access that "I don't think that's an unequivocal response. You have to accept the rules as they exist."); July

22, 2021 *Faretta* Hrg. Tr. at 9 ("And you are incarcerated. That causes certain problems in the preparation. If you want to represent yourself, that's fine. But you can't modify all of the conditions that are inhibiting you right now."). The Sixth Amendment does not require more, and certainly does not require that the defendant personally receive the same resources available to or through appointed counsel. "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta v. California*, 422 U.S. 806, 835 (1975). "The rule is that he has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a law library, do not spring up." *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000). Although "the right to represent oneself in criminal proceedings is protected by the Sixth Amendment[,] . . . this right does not carry with it a right to state-financed library resources where state-financed legal assistance is available." *Spates v. Manson*, 644 F.2d 80, 85 (2d Cir. 1981); *see also Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996) (collecting cases noting that "many federal circuit courts have held that a prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law library"). The defendant has a laptop for review of discovery, expanded access to computers at the MDC, dedicated time in the Courthouse SCIF, and three capable standby counsel whom the Court has directed to aid the defendant in his defense. These resources are greater than those available to the typical *pro se* inmate. The fact that the defendant would prefer some alternative arrangement is of no moment— as *Faretta* demands, he was "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." 422 U.S. at 835 (internal quotation marks omitted).

With respect to the protective order, the unclassified protective order in this case was not "dissolved." The Government agreed to de-designate certain materials (specifically, search warrant applications) as confidential subject to the protective order. Other materials marked as confidential, which the Government understands have been copied to the defendant's laptop, remain subject to the protective order, such as the extraction from the defendant's phone containing graphic photographs of sexual assault (produced at JAS_027638). The Protective Order remains in effect with respect to this and other discovery materials designated as subject to the Order.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr./Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744/-2193

cc:   Standby Counsel (by ECF)
      Joshua Adam Schulte (by mail)