BY HAND,

March 11, 2022

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: United States v. Schulte, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write the Court regarding the government's 3/9/22 letter. Nedgine Santana and Unit Manager Bullock came to me in the law library on 3/8/22, and asked me what the government was asking from them. I explained that I once had a DVD drive to transfer motions written on my laptop, and that the government erroneously claimed I had an ability to similarly type and print from the law library. Unit Manager Bullock agreed that I did not have this ability. Unit Manager Bullock then informed me that he would "clear this up" with the government and inform them that I had no similar ability — that I could not type, edit, or print documents from either the discovery computer or the TRULINCS computer system.

Nedgine Santana committed perjury in statement 4: Never once did she explain to me that I could "draft notes and motions using the Public Messaging Service"; in fact, as has been well documented on the record, the BOP bars all SAMs inmates from using the Public Messaging Service — I have not had access to the Public Messaging Service in over three years. See, e.g. Dkt. 447 at 16 ("Denial of email access with attorneys (through TRULINCS)"). Nedgine Santana additionally committed perjury in statement 5: I never once confirmed anything

with Nedgine Santana — she barely spoke at all, and indeed, never once mentioned the Public Messaging Service — if she had, then I would have explained to her that I do not have access to this service.

Nedgine Santana lied and perpetrated a fraud on this Court. I ask the Court to order the MDC to immediately provide the video and audio of the conversation I had with her and Unit Manager Bullock in the morning of 3/8/22; the audio will categorically refute everything she swore to in her affidavit, and she should be prosecuted for perjury in violation of 28 USC § 1746.

I have never once, nor am I able to, write or print from the MDC. Furthermore, as I have explained previously, I require the ability to transfer documents electronically from my laptop, as I have already prepared many exhibits for trial and many other documents cannot be printed. As for the government's claims of filing printed documents since 1/21/22, "the date on which the [g]overnment informed the defense that a replacement disc drive would not be provided to me," the DVD burner I possessed was still functional, although it took approximately 45 minutes for it to read a DVD, and 30 minutes to write; hence, the request for a replacement. Ever since the MDC confiscated that dysfunctional DVD drive, there have been no printed letters or motions — nor will there ever be until this issue is resolved, except for classified letters & motions which are drafted & printed from the SCIF.

With respect to the unclassified protective order, I am not aware of any documents subject to it, and have certainly received no photographs of alleged sexual assault, nor any letter invoking the unclassified protective order. As I have already asked the government, I now ask the Court to order the government to provide a list of what document(s), under which production(s), are subject to the unclassified protective order.

Respectfully submitted,
Joshua Adam Schulte

-2-