BY HAND

March 9, 2022

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

RE: United States v. Schulte, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

Regarding the protective order, I have the following 3 requested changes:

- Dkt. 713 at 17/49 #27(j)

I still object to the notion that there can be discovery the government does not need to produce to the pro se defendant — this clearly violates Due Process and Fed. R. Crim. P. 16; however, if the Court intends to keep (j) I ask the Court to insert another clause that the government must notify the defendant of its intention to invoke 27(j) — I should at least be notified of the government's intent to conceal proper Rule 16 discovery from me.

- Dkt. 713 at 18/49 #28

I maintain by objection to this section due to the government's and CIA's manipulation; as standby counsel notified the Court, it is on the record that the government interfered with defense counsel's attempts to interview potential witnesses by removing the witnesses from the courthouse after they agreed to meet with defense counsel. At the very least, standby counsel should be permitted to contact and interview potential witnesses; they can coordinate through the CISO for setting up SCIF interviews if necessary. If the Court insists on this section then I ask for the ability to depose potential witnesses since the CIA essentially makes them all unavailable by forcing them to refuse contact with defense counsel

United States v. Schulte, S3 17 548 (JMF); 3/9/22 letter from Pro Se Defendant

- Dkt. 713 at 21/44 #34

I object to the categorical ban of the SCIF phone. For one, I should at least be able to answer incoming calls; since standby counsel only checks in on me every hour or so, I will no longer be able to answer my incoming calls. The SCIF phone does not record incoming calls, and therefore we will never know who called. I do not know the SCIF phone number, have not given it to anyone, and would sign a protective order that specifically limited my use of the SCIF phone to counsel — the government can easily check all inbound calls to the SCIF phone since the CISO or courthouse owns the phone line and can obtain the call log directly from the provider. There simply is no reason to bar me from receiving calls from the CISO or counsel.

Second, I thought the Court and CISO intended to create some procedure for me to make outbound calls. While the need for outbound calls is not as important as inbound, there have still been several instances where I was required to make a phone call at a certain time, e.g. to the government, CISO, etc., but standby counsel left on an urgent errand and therefore I had to make the call myself. There are a multitude of possible solutions. The simplest would be for the CISO to program the speed dial for all possible outbound calls, i.e. (1) Shroff, (2) Colson, (3) Paralegal, (4) CISO, (5) Govt. Teleconference, (6) Tech Expert, (7) Other, .... Thus, when I place a call, I simply face towards the camera and press a single button — the appropriate speed dial — and enter into an outbound call; the FBI can clearly see me press a single button, & thus can conclude it is an authorized call. And of course, once more the FBI can simply review the call log directly from the provider to ensure compliance.

Respectfully Submitted,

Joshua Adam Schulte

—2—