

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 18, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Joshua Adam Schulte*,
              S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter pursuant to the Court's Order, dated March 14, 2022, directing the Government to address the defendant's March 11, 2022, letter and, in particular, his "claim that he does not have access to the system described in the Government's filing of March 9, 2022." (D.E. 738).

      The Government provided a copy of the defendant's letter and the Court's order to legal counsel for the MDC. Following additional discussions between MDC counsel, the Trust Fund Specialist, and the defendant's unit manager, MDC counsel advised the Government that the defendant does not have access to the particular messaging service described in the March 9, 2022, letter and declaration due to the defendant's Special Administrative Measures ("SAMs"). The defendant has access to other TRULINCS services, but those services do not permit printing.

      After learning this, the Assistant United States Attorneys responsible for this prosecution and supervisors within the U.S. Attorney's Office had numerous discussions with MDC legal counsel and MDC officials, up to and including the Warden, who has been personally involved in seeking to identify a means for the defendant to "be able to prepare, print, and file documents" (D.E. 723) consistent with the SAMs provisions and MDC security requirements. Accordingly, MDC is making a laser printer and printer paper available for the defendant to print documents from his discovery laptop. The defendant's ability to use the printer, however, requires the installation of a printer driver, which MDC is unable to do because the defendant has password-protected the laptop such that MDC does not have any access to it and MDC does not have system administrator access to the laptop. If the defendant provides his discovery laptop to the U.S. Attorney's Office, IT staff at the U.S. Attorney's Office should be able to install the printer driver and would do so promptly upon receiving the laptop. Once the printer driver is installed, the defendant will be able to print from the discovery laptop during law library hours.

  In the interim, MDC is making an electric typewriter available to the defendant in the SAMs unit law library. Inmates in general population have access to the same type of typewriter in the Education Department, and the defendant's access to the typewriter will place him in a similar position to other inmates.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr./Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744/-2193

cc: Standby Counsel (by ECF)
   Joshua Adam Schulte (by mail)

The Court appreciates the Government's candor and the MDC's willingness to provide an accommodation that permits this case to proceed in an orderly fashion. The Court hopes and assumes that that willingness will persist, particularly as trial approaches.

Unless Defendant objects, he shall promptly provide his laptop to the U.S. Attorney's office to permit installation of a printer driver. Any staff member of the U.S. Attorney's office handling Defendant's laptop shall be walled off from the prosecution team, may access the laptop solely for the purpose of installing the printer driver, and may not access or review any information on the laptop. If Defendant wishes, standby counsel may be present during the printer driver installation process.

The deadline for Defendant's motion to suppress, originally March 21, 2022, is hereby extended to **March 25, 2022**, to permit time for the proposed solution to be implemented. The Court expects the parties to work together to implement the Government's proposed solution prior to this deadline with sufficient time for Defendant to print and file his motion. The Government's deadline to oppose that motion is extended to April 7, 2022, and Defendant's deadline to file any reply is extended to April 14, 2022. The Clerk of Court is directed to terminate ECF No. 744.

SO ORDERED.

March 18, 2022