

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 11, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

>  Re:   *United States v. Joshua Adam Schulte*,
>         S3 17 Cr. 548 (JMF)

Dear Judge Furman:

The Government respectfully submits this letter pursuant to the Court's Order, dated April 7, 2022 (D.E. 757), directing the Government to address certain matters raised in the defendant's letter filed on April 1, 2022 (D.E. 752), and to summarize any issues they wish to raise at the April 13th pretrial conference (D.E. 711).

The Defendant's Desktop Computer. During the search of the defendant's apartment on or about March 15, 2017, law enforcement agents recovered, among other things, the defendant's tower desktop computer. This computer was assigned evidence number "SC1" for identification purposes. Large volumes of child pornography were later found stored on the desktop, located within layered, compressed, and encrypted files. All digital evidence from the desktop[1] have been made available to the defendant in the Courthouse SCIF in a locked safe in order to comply with Adam Walsh Act protections. (*See* D.E. 714).

The defendant asks the Court to direct the Government to provide him with portions of data obtained from SC1 at the MDC. (D.E. 752 at 4). The defendant argues that it is "arbitrary" to treat SC1 as a single evidence item and that portions of SC1 that do not contain child pornography should be produced at the MDC. *Id*.

---

[1] Those digital evidence items have been given the identifiers "SC1_1.E01," "DENY57_2_LinuxMintVMDecrypted," "DENY57_5_Decrypted_VeraCryptFile_volume.E01," "NY57_SC49_Decrypted_Veracrypt_Container.E01," "JoshDecryptedHomeDirectory.tar_initial," "md5sum-extracted_data.bkp," "QNY09_SC01_HDD01.E01," "QNY09_SC01_HDD02.E01," "QNY09_SC01_HDD03.E01," "QNY09_SC01_HDD04.E01," "QNY09_SC01_RAID5.E01," "QNY_SC01_SC49.E01," "QNY09_SC01_RAID5-decrypted.E01," "QNY58_SC50_Logical.ad1," and "SC1_memory_ad1.ad1."

The Government's designation of SC1 as a single evidence item is not arbitrary. It reflects the defendant's configuration and use of the desktop. Moreover, given the large volumes of child pornography identified on the desktop, the defendant's use of compression and encryption to hide and store the illicit materials, and the difficulty of confirming whether additional illicit files reside in other portions of the desktop, including on additional internal hard drives with a collective storage capacity of 3.5 terabytes, it would be inappropriate to split the discovery as the defendant proposes and thereby remove any portion of the desktop from the Adam Walsh Act protective procedures. The defendant does not dispute that he has reasonable access to SC1 and his desire for increased convenience should not outweigh important victim interests served by these protections. The request should be denied. *See also* D.E. 513 (denying the defendant's prior request for "unrestricted production" of portions of the desktop computer).

Legal calls. The defendant asserts that he has been denied legal calls as a retaliatory measure by the MDC. (D.E. 752 at 6).

The Government has spoken with the MDC Legal Department and with Unit Manager Bullock about the issues the defendant raised in his letter relating to the MDC. The Government has been advised that any inmate, including the defendant, can schedule a legal call by submitting a written request, though in practice legal calls are sometimes arranged in response verbal requests. MDC staff schedule the legal call by coordinating a time with counsel. Counsel can arrange a legal call by contacting the MDC.

MDC Legal and Unit Manager Bullock report that the defendant has not submitted any recent written requests for a legal call and has not been denied legal calls. Records provided by the MDC indicate that the defendant requested and subsequently participated in a two-hour VTC with an attorney on March 16, 2022, which the defendant acknowledges.[2] (D.E. 752 at 6). Records provided by the MDC also indicate that the defendant has not submitted an administrative remedy request relating to purported denial of legal calls, though he has submitted a total of at least approximately 60 administrative remedies, including approximately 10 in 2022.

The VTC. The defendant asserts the VTC facility used by inmates to speak with family and counsel is not working and MDC refuses to fix it. (D.E. 752 at 6).

MDC Legal and Unit Manager Bullock reported that the VTC facility experienced performance issues that have since been remedied. Approximately three weeks ago, MDC staff learned that the VTC audio was not performing properly. Headphones were ordered and provided approximately two weeks ago, and inmates and call participants have reported that these have successfully addressed the issue. For example, MDC reports that the defendant had a family VTC during the week of April 3, 2022, and the defendant's family members reported that the audio issue had improved. Accordingly, it appears that this issue has been resolved.

---

[2] In his letter, the defendant alleges that he had an attorney VTC on March 16, 2022 that "had to end" because "the attorneys could not hear me at all." (D.E. 752 at 6). MDC records indicate that the VTC started at 1:31 p.m. and ended at 3:26 p.m.

Discovery index. The defendant asserts that he "asked the government to provide a list of all documents subject to the unclassified protective order" and was informed that "they did not keep a list, and would not provide any list." (D.E. 752 at 8).

The defendant's letter fails to inform the Court, as the Government informed him, that all discovery materials subject to the protective order (*see* D.E. 11) are marked "USG-CONFIDENTIAL," either on the document itself, in the filename, or both. The protected status of any discovery subject to the protective order, accordingly, is apparent on the face of the document. The defendant has not articulated any reason why he needs a list or why the Government should be compelled to compile one.

Classification-reviewed copy of document referenced in D.E. 720. Today, the Government filed on ECF the classification-reviewed copy of the Government's memorandum dated February 25, 2022, in opposition to the defendant's motion dated January 28, 2022. The Government apologizes for the delay in obtaining the classification-reviewed copy. Due to miscommunication, the CIA did not start its classification review until after the three-week period provided in the CIPA Protective Order that was entered after the motion was filed, D.E. 739 ¶ 25. We will endeavor to ensure that no such miscommunications recur.

Pretrial Conference Matters. The Government has no additional matters that it intends to raise at the pretrial conference.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr./Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744/-2193

cc: Standby Counsel (by ECF)
Joshua Adam Schulte (by mail)