UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

          -v-

JOSHUA ADAM SCHULTE,

             *Defendant.*

S3 17 Cr. 548 (JMF)

---

## MOTION TO SUPPRESS SEIZED ATTORNEY-CLIENT PRIVILEGED EMAIL

Joshua Adam Schulte
Slave #79471054
Metropolitan Detention Center (MDC)
P.O. Box 329002
Brooklyn, NY 11232

# TABLE OF CONTENTS

I.    TABLE OF AUTHORITIES ................................................................................. ii

II.   PRELIMINARY STATEMENT ......................................................................... 1

III.  BACKGROUND ................................................................................................ 1

IV.   THE EMAIL IS ATTORNEY-CLIENT PRIVILEGED AND MUST BE
      SUPPRESSED ................................................................................................... 6

   A.  Attorney-Client Privilege ............................................................................ 6

   B.  The Email dated March 20, 2017 is protected by attorney-client privilege .6

V.    CONCLUSION ................................................................................................ 11

# I.   TABLE OF AUTHORITIES

## Cases

*ACLU v. NSA,*
  925 F.3d 576 (2d Cir. 2019) ..................................................................................6

*Fisher v. United States,*
  425 U.S. 391 (1976)...............................................................................................6

*Gomez v. Vernon,*
  255 F.3d 1118 (9th Cir. 2001) ...............................................................................6

*In re Horowitz,*
  482 F.2d 72 (2d Cir. 1973) .....................................................................................8

*Pritchard v. County of Erie (In re County of Erie),*
  473 F.3d 413 (2d Cir. 2007) ...................................................................................6

*United States v. Adlman,*
  68 F.3d 1495 (2d Cir. 1995) ...................................................................................8

*United States v. DeFonte,*
  441 F.3d 92 (2d Cir. 2006) .................................................................................6, 8

*United States v. Finazzo,*
  682 Fed. Appx. 6 (2d Cir. 2017)..............................................................................6

*United States v. Kovel,*
  296 F.2d 918 (2d Cir. 1961) ...................................................................................7

*United States v. Mejia,*
  655 F.3d 126 (2d Cir. 2011) ...............................................................................6, 8

*Upjohn Co. v. United States,*
  449 U.S. 383 (1981)................................................................................................6

*Von Bulow v. Von Bulow,*
  811 F.2d 136 (2d Cir. 1987) ...................................................................................7

## Other Authorities

8 Wigmore, Evidence § 2301 (McNaughton rev. 1961) ...........................................7

## II.     PRELIMINARY STATEMENT

Mr. Schulte respectfully submits this memorandum of law in support of his motion to suppress the seized Attorney-Client Privileged Email ("The Email"). The Court should find that The Email, originally drafted and sent to counsel, is protected by attorney-client privilege; Mr. Schulte only sent this document to his counsel, and did not ever share it outside counsel or intend to share it outside counsel. Accordingly, The Email is protected by privilege and must be suppressed.

## III.     BACKGROUND

The FBI interviewed Mr. Schulte regarding the March 7, 2017 WikiLeaks disclosure on March 15, 2017. While the FBI were executing a search warrant of Mr. Schulte's apartment later that evening, Mr. Schulte paid a New York City legal service to contact him regarding legal concerns. Attorney Taylor Koss later contacted Mr. Schulte, gave him legal advice, and scheduled a legal consultation with his colleague, Kenneth Smith, the following day. On March 16, 2017, Mr. Schulte met and paid Kenneth Smith to represent him (assisted by Mr. Koss). As the first order of business, Mr. Schulte's new attorneys asked him to write down and document as much of the 15th as he could remember—in whatever format was easiest; the purpose of this exercise was to memorialize as much as possible for his attorneys to review. Accordingly, four days later, on March 20, 2017, Mr. Schulte finished his memorialization and emailed it to both Mr. Koss and Mr. Smith for review. See *ex parte* Ex. A:

---------- Forwarded message ----------

From: "Josh Schulte" <joshschulte@protonmail.com>

Date: Mar 20, 2017 9:59 PM

Subject: My Story

1

To: "mail@kfslawfirm.com" <mail@kfslawfirm.com>, "taylorkoss75@gmail.com"
<taylorkoss75@gmail.com>

Cc:

This email was protected by attorney-client privilege, and was not shared with anyone
outside counsel.

Mr. Schulte was later arrested for allegedly possessing child pornography on August 24,
2017. He was eventually released on bail; as a bail condition, the Court prohibited Mr. Schulte
from accessing any electronic devices at all. Since Mr. Schulte's entire case was based upon
forensic and electronic evidence, this essentially denied Mr. Schulte the ability to assist in his
own defense at all.

Additionally, Mr. Schulte was confined to 24-7 house incarceration. Thus, to assist with
day-to-day living, his cousin, Shane Presnall, moved in to help as needed. Mr. Presnall was then
employed as a paralegal to assist Mr. Schulte in reviewing his discovery and facilitating
communication; Mr. Schulte's attorneys emailed Mr. Presnall discovery to print for Mr. Schulte,
Mr. Presnall scanned and emailed the attorney notes Mr. Schulte wrote in reviewing his
discovery, Mr. Presnall texted and emailed the attorneys and relayed communications to Mr.
Schulte. Mr. Schulte's attorneys considered Mr. Presnall one of their "agents," and even emailed
him discovery pursuant to a protective order. See Dkt. 11 at 2. Mr. Presnall assisted Mr. Schulte
in any and all non-legal requests as a paralegal; thus, Mr. Schulte did not need to hire a paralegal,
and subsequently offered his cousin rent-free and meal-free room and board in his Manhattan
apartment, indefinitely, in exchange for his assistance.

2

As part of his paralegal responsibilities, The Email was forwarded to Mr. Presnall by Mr. Schulte's counsel so Mr. Presnall could print it for Mr. Schulte's review. See Ex. A:

---------- Forwarded message ----------

From: **Taylor Koss** <taylorkoss75@gmail.com>

Date: Wed, Oct 25, 2017 at 9:44 PM

Subject: Fwd: My Story

To: shane.presnall@gmail.com

The document remained protected by attorney-client privilege. Mr. Presnall did not send the email to anyone else except to forwarded it to Mr. Schulte's Gmail account to preserve the record (the original was sent from Mr. Schulte's Proton Mail account).

While on bail, Mr. Schulte began writing a redress of grievances he referred to as his articles ("Articles") about the corrupt criminal justice system. These 9 Articles were all unclassified, and titled "Presumption of Innocence" with an appropriate subtitle:

1.  *A Petition for a Redress of Grievances*

2.  *A Loss of Citizenship*

3.  *Do You Want to Play A Game?*

4.  *Detention is Not Punishment*

5.  *Guilty Until Proven Wealthy*

6.  *Can You Afford To Be Accused?*

7.  *A Proposed Solution.*

8.  *Origins*

9.  *The Devil's Dishonest, Deplorable, Diabolically Demented Demons.*

3

Mr. Schulte was later remanded into federal prison for allegedly violating his ban on electronic devices by relying on his cousin to search and use the internet on his behalf; although the release conditions did not ban third-party internet access, the district court enforced this condition *ex post facto* and ordered Mr. Schulte remanded indefinitely. There was no other way for Mr. Schulte to review his discovery, and once remanded into federal prison, ***he was immediately given a laptop to review discovery***. This absurdity only reinforced Mr. Schulte's Articles calling for immediate reform of the most corrupt, despicable "justice" system in the history of the world.

Once incarcerated, Mr. Schulte asked his family to publish his Articles on the internet. On April 20, 2018, Mr. Schulte's family and friends published his *unclassified* articles on Facebook under the pseudonym John Galt. FBI Special Agent Jeffrey David Donaldson subpoenaed Facebook for the public documents on May 15, 2018, and provided them to the CIA for classification review. The CIA determined the Schulte Articles were unclassified and the government produced them in unclassified discovery on July 17, 2018 as production #13.

The FBI additionally subpoenaed Mr. Schulte's family, including Mr. Presnall, on May 21, 2018 (the government never produced the subpoena in discovery), for any and all documents written by Mr. Schulte. On approximately August 27, 2018, Mr. Presnall's attorney, Andrew Bernstein, turned over the laptop used in the apartment while Mr. Schulte was released, on the condition that the government segregate communications between Mr. Presnall and his attorneys as well as Mr. Koss and Mr. Smith. See Ex. B. The government consented, but eventually discovered the Attorney-Client Privileged Email and seized it anyway. The government provided the email to the CIA for classification review, who determined that it contained "classified" information originally disclosed by WikiLeaks *13 days before the email was sent*. See Ex. C.

4

The FBI then promptly employed jailhouse snitch Carlos Luna Betance to lie about Mr. Schulte and Mr. Amanant. Betance disclosed to the FBI all information from the cell phones he smuggled into the MCC that he claimed were used by Mr. Amanant and Mr. Schulte. The CIA concluded that all the information was unclassified, and it was later produced in unclassified discovery on November 1, 2018. ***The Email was not on any of the cell phones nor was it ever mentioned or discussed in the prison notebooks.*** Indeed, after executing the MCC search on October 2, 2018, the FBI did not find The Email or any references to The Email—just as jailhouse snitch Betance told the FBI; **The Email did not exist at the MCC.**

The defense was unaware of the government's reliance on The Email until the Bill of Particulars, April 29, 2019. See Ex. D. Therein the government claimed The Email was indeed a basis of the MCC superseded counts despite the fact it was never found at the MCC. Counsel then contacted the government and provided them the initial email chain from March 20, 2017— and asked how the email was not protected by attorney-client privilege or how it could ever be considered a "Schulte Article" since it clearly predated the articles. Defense counsel indicated they would proceed with a motion to suppress The Email. Later that week, the government abruptly announced that it "decided" not to introduce The Email at trial; accordingly, defense counsel did not file a suppression motion nor was the document introduced at the first trial. Mr. Schulte believed the government agreed the email was protected by attorney-client privilege.

On Friday, January 28, 2022, the government filed its classified supplemental CIPA 10 letter, in which it once again intends to introduce The Email at trial. Standby counsel later confirmed to Mr. Schulte that the government never agreed The Email was protected by attorney-client privilege. Mr. Schulte sought permission to file the instant motion, and now moves to suppress The Email as attorney-client privileged.

## IV.     THE EMAIL IS ATTORNEY-CLIENT PRIVILEGED AND MUST BE SUPPRESSED

### A.     Attorney-Client Privilege

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Finazzo*, 682 Fed. Appx. 6, 15 (2d Cir. 2017) (quoting *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)). "The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *ACLU v. NSA*, 925 F.3d 576, 589 (2d Cir. 2019) (quoting *Pritchard v. County of Erie (In re County of Erie)*, 473 F.3d 413, 418 (2d Cir. 2007)). The privilege functions to "encourage attorneys and their clients to communicate fully and frankly and thereby to promote broader public interests in the observance of law and administration of justice." *Id.*; see also *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (explaining that one purpose of the privilege is "to encourage clients to make full disclosure to their attorneys" (internal quotation marks omitted)). It is "well settled that individuals retain their attorney-client privilege when incarcerated or detained." *United States v. Mejia*, *supra*. *See also United States v. DeFonte*, 441 F.3d 92, 94 (2d Cir. 2006) (per curiam); *Gomez v. Vernon*, 255 F.3d 1118, 1133 (9th Cir. 2001) (finding that prisoners retain right to keep privileged documents confidential where not inconsistent with legitimate penological interests).

### B.     The Email dated March 20, 2017 is protected by attorney-client privilege

As shown in Exhibit A, The Email was originally drafted and emailed to defense council for the sole purpose of defense; it is undoubtedly protected by attorney-client privilege. "Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *Fisher v. United States*, 425 U.S. 391, 403 (1976). After Mr. Schulte was

6

incarcerated, he requested a copy of The Email from his attorney as he was assisting in reviewing the search warrants and preparing the Franks Suppression Motion. Since Mr. Schulte could not use electronic media, he was unaware how The Email was electronically transferred and printed for him: Mr. Schulte's attorney, maintaining privilege over The Email, sent it to Mr. Presnall, who was acting as a paralegal for Mr. Schulte, to be printed and provided to Mr. Schulte. Mr. Presnall later forwarded any and all legal documents he possessed to Mr. Schulte's primary Gmail account to preserve the documents.

As an initial matter, since Mr. Presnall was employed as a paralegal and paid by Mr. Schulte through rent and food, his services should be considered the same as any professional paralegal. The Second Circuit has "recognized that an attorney's effectiveness depends upon his ability to rely on the assistance of various aides, be they 'secretaries, file clerks, telephone operators, messengers, clerks not yet admitted to the bar, and aides of other various sorts.'" *Von Bulow v. Von Bulow*, 811 F.2d 136, 146 (2d Cir. 1987) (quoting *United States v. Kovel*, 296 F.2d 918, 921 (2d Cir. 1961)). "The privilege must include all the persons who act as the attorney's agents." 8 Wigmore, Evidence § 2301 (McNaughton rev. 1961), (quoted in *United States v. Kovel*, *supra*, 296 F.2d at 921). Indeed, Mr. Schulte's attorney's decision to email Mr. Presnall attorney-client privileged documents, including the search warrants and other discovery protected by a Protective Order, clearly delineates Mr. Presnall as an "agent."

Regardless, the attorney-client privilege would still apply since Mr. Presnall worked as the conduit facilitating communication between Mr. Schulte and his attorneys. "While as a general matter the attorney-client privilege applies only to communications between lawyers and their clients," [the Second Circuit] ha[s] held that '[u]nder certain circumstances... the privilege for communication with attorneys can extend to shield communications to others when the

7

purpose of the communication is to assist the attorney in rendering advice to the client.'" *United States v. Mejia*, 655 F.3d at 132 (quoting *United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995)). Here, Mr. Presnall was needed as a conduit due to the unique circumstances of Mr. Schulte's release conditions that banned him from all electronic devices; without such absurd conditions, Mr. Schulte would not have needed a paralegal and Mr. Presnall's services would not have been required. However, in order for Mr. Schulte to review discovery, particularly forensic discovery and other electronic information, he had to rely upon a paralegal to obtain his discovery and display it on a screen for him to review or to print it for him (the forensic images and other digital files cannot be printed)—it would not be feasible nor financially possible to pay his attorneys to personally visit him in his home and essentially display each page of his discovery for him to read. Accordingly, all communication *routed* by Mr. Presnall, functioning as paralegal, is protected by attorney-client privilege.

Moreover, the Second Circuit indicated that the question of whether the privilege applies in this context continues to involve a determination of whether the claimant asserting the privilege "treated the [communications] in question in such a careless manner as to negate her [or his] intent to keep them confidential." *United States v. DeFonte*, 441 F.3d at 94-95; see also *In re Horowitz*, 482 F.2d 72, 82 (2d Cir. 1973) (noting generally that "[o]ne measure of the[] continuing confidentiality" of communications "is the degree of care exhibited in their keeping, and the risk of insufficient precautions must rest with the party claiming the privilege" (internal quotation marks omitted)). Due to his blanket electronics ban and inability to control his own discovery, Mr. Schulte was not involved at all in how his discovery and attorney-client privileged documents were handled, but did all he could to ensure they were not replicated beyond necessity or mishandled.

8

The government knew that Mr. Presnall acted as Mr. Schulte's paralegal and downloaded information from the internet for Mr. Schulte, because Mr. Schulte was remanded into indefinite federal prison for relying on Mr. Presnall to conduct these queries—it is clear on the record, both on the docket and in the bail hearings. Accordingly, the government should have proceeded with caution in both subpoenaing Mr. Presnall and examining his laptop—realizing the high probability that residual attorney-client privileged documents may remain. Nonetheless, the government did not even think to employ a taint team or even notify Mr. Schulte or his defense counsel of their intent to subpoena and obtain documents from a paralegal.

Furthermore, Mr. Presnall's attorneys cautioned the government and refused to provide the laptop unless they agreed not to search any content to or from both Mr. Schulte's and Mr. Presnall's counsel. The government disregarded this restriction, seized The Email, and then manufactured the typical baseless fantasy federal prosecutors love to fabricate from the ether: that Mr. Schulte wrote it as an "Article" and gave it to Mr. Presnall to publicly release at some indeterminate time in order to "harm" the government due to the obscure reference to information already publicly released and accessible.

Finally, not only is there no shred of proof that Mr. Schulte ever emailed The Email to Mr. Presnall or directed him to publish it online, but the very fact that documents written *after* The Email, particularly the 9 unclassified Schulte Articles, were published online indicates that Mr. Schulte had every opportunity to publish The Email if he so desired; yet he did not—nor did he ever plan to do so, as is clear from the attorney-client privileged notebooks seized by the government. The Email was never once mentioned nor referenced. The government's fantasy is just that—baseless accusations with no anchor to reality.

\*\*\*

From the time The Email was drafted in March of 2017 until the time *the government published it* in this case, The Email was never uploaded or transferred to anyone outside counsel. Mr. Schulte never sent it to Mr. Presnall—Mr. Schulte's attorney sent it to Mr. Presnall. Mr. Schulte never asked Mr. Presnall to publish it—he asked for his *unclassified* redress of grievances, "The Presumption of Innocence," to be published—which were published multiple times, and were cleared as unclassified each time by the CIA. Mr. Schulte never even wrote about The Email in his attorney-client privileged notebooks seized by the government—indeed, he completely forgot about it until the government seized it and invented their false narrative to pretend Mr. Schulte drafted it to somehow "harm" the government despite the indisputable fact that the content was *already published on the internet* and was first brought up *by the FBI* during the interrogation. The government's selective prosecution and witch hunt to crucify Mr. Schulte as the scapegoat of a crime it was too incompetent to investigate and solve knows no bounds.

10

## V.    CONCLUSION

This Court should find that Mr. Schulte originally drafted and sent The Email for his

attorneys, that the communication channel between client and attorney was protected by

attorney-client privilege, that Mr. Schulte did nothing to negate this privilege, and therefore, The

Email must be suppressed.


Dated: New York, New York

      March 15, 2022


                                             Respectfully Submitted,


                                             **/s/    Joshua Adam Schulte**

                                             Joshua Adam Schulte

                                             Slave # 79471-054

                                             Metropolitan Detention Center

                                             P.O. Box 329002

                                             Brooklyn, NY 11232


11

# EXHIBIT B

| From: | Schlessinger, Evan J. (NY) (FBI) |
| To: | Kamaraju, Sidhardha (USANYS); Donaldson, Jeff D. (NY) (FBI) |
| Subject: | RE: Presnall Subpoena – 18 Misc. 5017 |
| Date: | Tuesday, August 28, 2018 4:09:00 PM |

Sid,

Since KP is coming over tomorrow, did you want to provide those documents Dave printed out?

Thanks,
Evan

Evan J. Schlessinger
Special Agent
FBI New York
212.384.4348
917.848.4991 (cell)

-----Original Message-----
From: Kamaraju, Sidhardha (USANYS) [mailto:Sidhardha.Kamaraju@usdoj.gov]
Sent: Tuesday, August 28, 2018 3:52 PM
To: Donaldson, Jeff D. (NY) (FBI) <jddonaldson@fbi.gov>; Schlessinger, Evan J. (NY) (FBI)
<ejschlessinger@fbi.gov>
Subject: Fwd: Presnall Subpoena – 18 Misc. 5017

FYI - want to reach out to set up a time for him to unlock the laptop?

Sent from my iPhone

Begin forwarded message:

From: Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>>
Date: August 27, 2018 at 12:04:59 PM EDT
To: "Kamaraju, Sidhardha (USANYS)"
<Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov>>
Cc: "Laroche, Matthew (USANYS)" <Matthew.Laroche@usdoj.gov<mailto:Matthew.Laroche@usdoj.gov>>, Susan
Tipograph <stipograph@yahoo.com<mailto:stipograph@yahoo.com>>
Subject: Re: Presnall Subpoena – 18 Misc. 5017

Sid,

I hope you had a nice weekend. Susan and I appreciate your patience, we had a process we needed to go through
before responding. We have now finally concluded that process.

We will consent to a search of Mr. Presnall's laptop under the following parameters.

First, we understand that the FBI would image the laptop. After imaging the laptop, the FBI would search the image
for communications involving the following attorneys:

1) Bernstein Clarke & Moskovitz, PLLC        (info@bcmlaw.com<mailto:info@bcmlaw.com>>)
 Including but not limited to:                Andrew Bernstein, Esq,
(bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>>)
                                        Lance Clarke, Esq.

(clarke@bcmlaw.com<mailto:clarke@bcmlaw.com>)
                                           Gladys Iturralde
(iturralde@bcmlaw.com<mailto:iturralde@bcmlaw.com>)
                                           Josh Moskovitz, Esq.
(Moskovitz@bcmlaw.com<mailto:Moskovitz@bcmlaw.com>)
                                           Katelyn Wasserman
(Wasserman@bcmlaw.com<mailto:Wasserman@bcmlaw.com>)

2) Susan Tipograph, Esq.                   (stipograph@yahoo.com<mailto:stipograph@yahoo.com>)

3) Brafman & Associates, P.C.
   Including but not limited to:           Benjamin Brafman, Esq.
                                           Jacob Kaplan, Esq.
                                           Alex Spiro, Esq.
4) Federal Defenders of New York
   Including but not limited to:           Sabrina Shroff, Esq.
(Sabrina_Shroff@fd.org<mailto:Sabrina_Shroff@fd.org>)
                                           Matt Larsen, Esq.
(Mathew_Larsen@fd.org<mailto:Mathew_Larsen@fd.org>)
                                           Hannah Sotnick
5) Taylor Koss, Esq.
6) Kenny Smith, Esq.


Second, with respect to attorneys and employees at my firm and Susan Tipograph, the FBI would segregate those communications into one group (Group A). Those commutations would not be reviewed because the Government acknowledges that those communications are protected by attorney client privilege.

Third, as for all other attorneys and their employees, listed above (Group B), those communications would be segregated into another group. At this time, those communications would not be reviewed by the Government. We understand that there may come a time that Government seeks to review the Group B communications. If at some time in future, the Government does seek consent to review the Group B communications, further discussion will need to be held. The Government understands that the Federal Defenders would need to be included in those discussions before we given any further consent to search.

Fourth, it is our understanding that the searches for the names of the individuals or entities in Groups A and B will be conducted by some member of the FBI or other law enforcement officer and not a member of the prosecution team.

Finally, I would unlock the laptop and change the password to one that the Government can use.

Please let us know if everything included in this email is acceptable to you. Again, thank you for your patience and wiliness to work towards a resolution.

Best,

Andrew


--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930

Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential. If you have received this message in error, please do not read it, notify the sender, and delete the message and any attachments.

From: "Kamaraju, Sidhardha (USANYS)"
<Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov>>
Date: Monday, August 20, 2018 at 11:08 AM
To: Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>>
Cc: "Laroche, Matthew (USANYS)" <Matthew.Laroche@usdoj.gov<mailto:Matthew.Laroche@usdoj.gov>>, Susan Tipograph <stipograph@yahoo.com<mailto:stipograph@yahoo.com>>, "McCulloch, Scott (NSD) (JMD)" <Scott.McCulloch@usdoj.gov<mailto:Scott.McCulloch@usdoj.gov>>
Subject: RE: Presnall Subpoena – 18 Misc. 5017

Andrew,

To follow up on our conversation just now, I would propose that we handle a consensual search of your client's laptop as follows for now. First, the FBI would first image the laptop. After imaging the laptop, the FBI would search the image for communications involving the attorneys that you have identified. With respect to attorneys at your firm, the FBI would segregate those communications into one bucket. As for the other attorneys, those communications would be segregated into another group. We could then continue to discuss the potential privilege issues that you have raised with respect to this second bucket of emails while the FBI and our Office begins to review the non-segregated material (i.e. the material that does not involve the attorneys you have identified).

Finally, as we discussed, to make this work, we would either require the password to the laptop or that you unlock the laptop and change the password to one that the agents can use.

Please let me know if this proposal is acceptable to you and your client.

Thanks,

Sid

Sidhardha Kamaraju
Assistant United States Attorney
United States Attorney's Office for the Southern District of New York
(o): (212) 637-6523
(c): (646) 771-3941

From: Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>>
Sent: Monday, August 20, 2018 7:54 AM
To: Kamaraju, Sidhardha (USANYS) <SKamaraju@usa.doj.gov<mailto:SKamaraju@usa.doj.gov>>
Cc: Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov<mailto:MLaroche@usa.doj.gov>>; Susan Tipograph <stipograph@yahoo.com<mailto:stipograph@yahoo.com>>
Subject: Re: Presnall Subpoena – 18 Misc. 5017

Good morning,

I hope everyone had a good weekend.

I have to stop by the clerk's office at 100 Centre Street but I should be at my desk at 10:15 am. I should then be at my desk all day. Thanks.
Andrew M. J. Bernstein, Esq.

Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>
www.bcmlaw.com<x-apple-msg-load://627A9F61-6C9E-4319-8446-F5F33A63A615/www.blhny.com>

On Aug 17, 2018, at 3:46 PM, Kamaraju, Sidhardha (USANYS)
<Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov>> wrote:
I just tried you back. If you are able to speak, I am on my cell. Otherwise, I will call you Monday morning.

Thanks,

Sid

Sent from my iPhone

On Aug 17, 2018, at 3:36 PM, Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>> wrote:

Sid,

Just tried your cell phone and office lines. I'm heading out of the office soon and heading to a party for one of my partners. Give me a buzz in the next few minutes if you can. Thanks.

--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com> <http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential. If you have received this message in error, please do not read it, notify the sender, and delete the message and any attachments.

On 8/17/18, 3:09 PM, "Andrew Bernstein" <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>> wrote:

Are you free around 3:30pm?

--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com> <http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential. If you have received this message in error, please do not read it, notify the sender, and delete the message and any attachments.

On 8/17/18, 11:23 AM, "Kamaraju, Sidhardha (USANYS)" <Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov>> wrote:

Please give me a call when you can.

Thanks,

Sid

Sent from my iPhone

On Aug 16, 2018, at 5:18 PM, Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>> wrote:

Sid,

Thank you for getting back to me. Prior to your email, I was going to suggest what I think might be the best way to resolve this matter. Currently, Susan is still way, and I believe you were or are traveling. Both sides have sought some time to think through issues. I was thinking it makes a lot of sense for us all to sit down and try to resolve all the issues at once. If you are amenable to it, I would suggest that next week on 8/23, Susan and I could come over to your office and meet with you and/or Matt. This course of action would give us enough time to figure out our issues and then very likely be ready to make certain decisions at that meeting. Please let me know your thoughts.

As to your questions below, I will get back to you shortly, I'm waiting to hear back from the Federal defenders. Thank you.

Best,

Andrew

--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com> <http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential. If you have received this message in error, please do not read it, notify the sender, and delete the message and any attachments.

On 8/16/18, 2:07 PM, "Kamaraju, Sidhardha (USANYS)" <Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov>> wrote:

Andrew,

Thank you for the list. We will get back to you, but I do have an initial question. Was your client ever represented by Brafman & Associates, Federal Defenders, Taylor Koss, or Kenny Smith? If not, could you explain what the basis is for treating communications between your client and those attorneys as privileged? I had understood that you wanted to provide notice to those attorneys, but not that you were asserting a privilege over such

communications.

Thanks,

Sid

Sidhardha Kamaraju
Assistant United States Attorney
United States Attorney's Office for the Southern District of New York
(o): (212) 637-6523
(c): (646) 771-3941

-----Original Message-----
From: Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>>
Sent: Tuesday, August 14, 2018 3:16 PM
To: Kamaraju, Sidhardha (USANYS) <SKamaraju@usa.doj.gov<mailto:SKamaraju@usa.doj.gov>>
Cc: Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov<mailto:MLaroche@usa.doj.gov>>; Susan Tipograph
<stipograph@yahoo.com<mailto:stipograph@yahoo.com>>
Subject: Re: Presnall Subpoena – 18 Misc. 5017

Sid,

I hope you had a nice weekend.

Below are the names of law firms, attorneys, and their employees whose communications we ask be completely
separated out by a taint team and not reviewed at all. If we can agree on this measure, I believe Susan and I can,
sooner than later, provide a list of other possible privileged materials we would want to have separated out and not
reviewed as well.

1) Bernstein Clarke & Moskovitz, PLLC (info@bcmlaw.com<mailto:info@bcmlaw.com>)
Including but not limited to:        Andrew Bernstein, Esq,
(bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>)
                                     Lance Clarke, Esq. (clarke@bcmlaw.com<mailto:clarke@bcmlaw.com>)
                                     Gladys Iturralde (iturralde@bcmlaw.com<mailto:iturralde@bcmlaw.com>)
                                     Josh Moskovitz, Esq.
(Moskovitz@bcmlaw.com<mailto:Moskovitz@bcmlaw.com>)
                                     Katelyn Wasserman
(Wasserman@bcmlaw.com<mailto:Wasserman@bcmlaw.com>)
2) Brafman & Associates, P.C.
Including but not limited to:        Benjamin Brafman, Esq.
                                     Jacob Kaplan, Esq.
                                     Alex Spiro, Esq.
3) Federal Defenders of New York
Including but not limited to:        Sabrina Shroff, Esq. (Sabrina_Shroff@fd.org<mailto:Sabrina_Shroff@fd.org>)
                                     Matt Larsen, Esq. (Mathew_Larsen@fd.org<mailto:Mathew_Larsen@fd.org>)
        Hannah Sotnick
4) Taylor Koss, Esq.
5) Kenny Smith, Esq.
6) Susan Tipograph, Esq. (stipograph@yahoo.com<mailto:stipograph@yahoo.com>)

Please let me know if you have any question about any of the entities or individuals listed above. Thank you.

Best,

Andrew

--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com> <http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential. If you have
received this message in error, please do not read it, notify the sender, and delete the message and any attachments.

On 8/9/18, 4:47 PM, "Andrew Bernstein" <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>> wrote:

Sid,

Thank you. I will turn over my client's laptop this afternoon.

I did have such a discussion with Agent Donaldson and his colleague and per our discussion I will be present
tomorrow at the FBI office to witness and aid in the turning off of the wireless capabilities.

I'll be in touch as to the discussion of the search parameters.

Best,

Andrew

--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com> <http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential. If you have
received this message in error, please do not read it, notify the sender, and delete the message and any attachments.

On 8/9/18, 4:38 PM, "Kamaraju, Sidhardha (USANYS)"
<Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov>> wrote:

Andrew,

As we discussed, in light of the potential that it contains classified information, we ask that you turn client's
laptop over to the FBI agents for storage in a classified facility. We confirm that the Government (including the
FBI) will not search or review the contents of the laptop until we have had a chance to discuss the issue of your
client's consent to our searching the laptop and the parameters of such a search. As noted, the FBI may need to turn
the wireless features of the laptop off, which I understand the agents have discussed with you.

Thank you,

Sid

Sidhardha Kamaraju
Assistant United States Attorney
United States Attorney's Office for the Southern District of New York
(o): (212) 637-6523
(c): (646) 771-3941

-----Original Message-----
From: Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>>
Sent: Thursday, August 9, 2018 2:28 PM
To: Kamaraju, Sidhardha (USANYS) <SKamaraju@usa.doj.gov<mailto:SKamaraju@usa.doj.gov>>
Cc: Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov<mailto:MLaroche@usa.doj.gov>>; Susan
Tipograph <stipograph@yahoo.com<mailto:stipograph@yahoo.com>>
Subject: Re: Presnall Subpoena – 18 Misc. 5017

Just an update - FBI agent David Donaldson is coming over at 3 PM for the documents including the
documents that I told Dan Hartenstein from DOJ that we would turn over as well.

Sid - Susan and I are ready for the call - please call my office number and Susan and I will jump on speaker
phone. Thank you.

--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com> <http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential. If you have
received this message in error, please do not read it, notify the sender, and delete the message and any attachments.

On 8/9/18, 2:00 PM, "Andrew Bernstein" <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>> wrote:

Sid,

Please see the attached letter, it includes some of the thoughts I discussed with you on the phone earlier
today. It is two pages and we kindly request that you review it and then give us a call to discuss resolving the issue
of custody of the laptop.

Best,

Andrew

--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com> <http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential. If you have received this message in error, please do not read it, notify the sender, and delete the message and any attachments.

On 8/9/18, 12:50 PM, "Kamaraju, Sidhardha (USANYS)" <Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov>> wrote:

Thanks Andrew. I'll let the agents know. If possible I would like to see whether we can resolve the laptop issue first, so that the agents can make one trip.

Sent from my iPhone

On Aug 9, 2018, at 12:24 PM, Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com><mailto:bernstein@bcmlaw.com>> wrote:

Sid,

I certainly did not mean to rush you off the phone earlier, I apologize if it came across that way. I just was hoping to complete this disclosure and some other tasks, ASAP. The disclosure is ready to be picked up at my office, address below. We kindly ask that whomever comes around 1 pm, if possible. Please let us know who to expect. Additionally, we would appreciate it if the individual you send would provide a property receipt or agree to sign an acknowledgement form prepared by us.

Thank you very much.

Best,

Andrew

--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com><mailto:Bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com><http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential. If you have received this message in error, please do not read it, notify the sender, and delete the message and any attachments.

From: Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com> <mailto:bernstein@bcmlaw.com>>
Date: Thursday, August 9, 2018 at 8:24 AM
To: "Kamaraju, Sidhardha (USANYS)" <Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov> <mailto:Sidhardha.Kamaraju@usdoj.gov>>
Cc: "Laroche, Matthew (USANYS)" <Matthew.Laroche@usdoj.gov<mailto:Matthew.Laroche@usdoj.gov><mailto:Matthew.Laroche@usdoj.gov>>
Subject: Re: Presnall Subpoena – 18 Misc. 5017

Good morning Sid. Will do.

Andrew M. J. Bernstein, Esq.


Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com><mailto:bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com><x-apple-msg-load://627A9F61-6C9E-4319-8446-
F5F33A63A615/www.blhny.com>

On Aug 9, 2018, at 8:10 AM, Kamaraju, Sidhardha (USANYS)
<Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov>
<mailto:Sidhardha.Kamaraju@usdoj.gov>> wrote:
Hey Andrew,

Matt is out today, so when the production is ready, could you email me to let me know?  And also when
you're ready to discuss the laptop issue.

If you have any questions, feel free to reach out to me at 212-637-6523.

Thanks,

Sid

Sent from my iPhone


From: Andrew Bernstein [mailto:bernstein@bcmlaw.com]
Sent: Wednesday, August 8, 2018 7:35 PM
To: Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov<mailto:MLaroche@usa.doj.gov>
<mailto:MLaroche@usa.doj.gov><mailto:MLaroche@usa.doj.gov>>
Subject: Re: Presnall Subpoena – 18 Misc. 5017

FYI. I had a good conversation with Dan Hartenstine. He's comfortable with what you and I discussed.
So, tomorrow when we are ready to make the disclosures, I'll email you stating that and I'll be prepared for
someone from the FBI to pick up the one and only hard copy. Thanks.

Have a good night.


On Aug 8, 2018, at 11:42 AM, Andrew Bernstein
<bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com><mailto:bernstein@bcmlaw.com>
<mailto:bernstein@bcmlaw.com>> wrote:
Matt,

Sorry to be a pest. I left you a voicemail about 40 minutes or so. I was hoping we could speak briefly
before I meet in person with Dan. Thanks.

Andrew M. J. Bernstein, Esq.


Partner
Bernstein Clarke & Moskovitz, PLLC

11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com><mailto:bernstein@bcmlaw.com>
<mailto:bernstein@bcmlaw.com>
www.bcmlaw.com<http://www.bcmlaw.com><http://www.bcmlaw.com><x-apple-msg-
load://627A9F61-6C9E-4319-8446-F5F33A63A615/www.blhny.com>

On Aug 7, 2018, at 2:13 PM, Laroche, Matthew (USANYS)
<Matthew.Laroche@usdoj.gov<mailto:Matthew.Laroche@usdoj.gov><mailto:Matthew.Laroche@usdoj.gov>
<mailto:Matthew.Laroche@usdoj.gov>> wrote:
Andrew / Susan:

Thanks for jumping on a call this afternoon. I can now confirm that some of the documents you provided
to me via email contain classified information.

I'm copying the Court Information Security Officer, Dan Hartenstine, on this email. Dan can walk you
through next steps in dealing with the documents. Also, Dan will need to assess whether Mr. Presnall has any
copies of the document (whether in hardcopy or stored on an electronic device or email account) so he will be in
touch on that front as well.

Thanks for your cooperation as always. If you have any questions or concerns, please let us know.

Best,
Matt

From: Laroche, Matthew (USANYS)
Sent: Tuesday, August 07, 2018 12:39 PM
To: 'Andrew Bernstein' <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>
<mailto:bernstein@bcmlaw.com><mailto:bernstein@bcmlaw.com>>
Cc: Susan Tipograph <stipograph@yahoo.com<mailto:stipograph@yahoo.com>
<mailto:stipograph@yahoo.com><mailto:stipograph@yahoo.com>>; Kamaraju, Sidhardha (USANYS)
<SKamaraju@usa.doj.gov<mailto:SKamaraju@usa.doj.gov><mailto:SKamaraju@usa.doj.gov>
<mailto:SKamaraju@usa.doj.gov>>
Subject: RE: Presnall Subpoena – 18 Misc. 5017

Andrew / Susan – do you have time for a quick phone call? I'm at my desk (212-637-2420). It is time
sensitive. Thanks.

From: Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>
<mailto:bernstein@bcmlaw.com><mailto:bernstein@bcmlaw.com>>
Sent: Monday, August 06, 2018 3:28 PM
To: Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov<mailto:MLaroche@usa.doj.gov>
<mailto:MLaroche@usa.doj.gov><mailto:MLaroche@usa.doj.gov>>
Cc: Susan Tipograph <stipograph@yahoo.com<mailto:stipograph@yahoo.com>
<mailto:stipograph@yahoo.com><mailto:stipograph@yahoo.com>>; Kamaraju, Sidhardha (USANYS)
<SKamaraju@usa.doj.gov<mailto:SKamaraju@usa.doj.gov><mailto:SKamaraju@usa.doj.gov>
<mailto:SKamaraju@usa.doj.gov>>
Subject: Re: Presnall Subpoena – 18 Misc. 5017

Matt,

To date, we have not uncovered any such attachments in Mr. Presnall's possession. This disclosure
includes everything, responsive, that our review has yielded so far. Please let me know if you have any further
questions.

Best,
Andrew

--
Andrew M. J. Bernstein, Esq.
Partner
Bernstein Clarke & Moskovitz, PLLC
11 Park Place, Suite 914
New York, New York 10007
Tel. (212) 321-0087
Fax (917) 722-0930
Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com><mailto:Bernstein@bcmlaw.com>
<mailto:Bernstein@bcmlaw.com>
    www.bcmlaw.com<http://www.bcmlaw.com><http://www.bcmlaw.com><http://www.bcmlaw.com>

    This message is sent by an attorney and may contain information that is privileged or confidential. If you
have received this message in error, please do not read it, notify the sender, and delete the message and any
attachments.

    From: "Laroche, Matthew (USANYS)"
<Matthew.Laroche@usdoj.gov<mailto:Matthew.Laroche@usdoj.gov><mailto:Matthew.Laroche@usdoj.gov>
<mailto:Matthew.Laroche@usdoj.gov>>
    Date: Monday, August 6, 2018 at 3:11 PM
    To: Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>
<mailto:bernstein@bcmlaw.com><mailto:bernstein@bcmlaw.com>>
    Cc: Susan Tipograph <stipograph@yahoo.com<mailto:stipograph@yahoo.com>
<mailto:stipograph@yahoo.com><mailto:stipograph@yahoo.com>>, "Kamaraju, Sidhardha (USANYS)"
<Sidhardha.Kamaraju@usdoj.gov<mailto:Sidhardha.Kamaraju@usdoj.gov>
<mailto:Sidhardha.Kamaraju@usdoj.gov><mailto:Sidhardha.Kamaraju@usdoj.gov>>
    Subject: RE: Presnall Subpoena – 18 Misc. 5017

    Thanks Andrew, much appreciated. One initial question, the production includes the cover pages for a
search warrant and search warrant affidavit. Will you be producing the documents attached to those cover pages?

    Best,
    Matt

    Matthew Laroche
    Assistant United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York 10007
    Tel: 212-637-2420

    From: Andrew Bernstein <bernstein@bcmlaw.com<mailto:bernstein@bcmlaw.com>
<mailto:bernstein@bcmlaw.com><mailto:bernstein@bcmlaw.com>>
    Sent: Monday, August 06, 2018 2:54 PM
    To: Laroche, Matthew (USANYS) <MLaroche@usa.doj.gov<mailto:MLaroche@usa.doj.gov>
<mailto:MLaroche@usa.doj.gov><mailto:MLaroche@usa.doj.gov>>
    Cc: Susan Tipograph <stipograph@yahoo.com<mailto:stipograph@yahoo.com>
<mailto:stipograph@yahoo.com><mailto:stipograph@yahoo.com>>
    Subject: Presnall Subpoena – 18 Misc. 5017

    Mr. Larohce,

Attached, please find a cover letter, index, and documents that we believe are responsive to the subpoena your office served on Mr. Presnall. If you have any questions about the attached, please don't hesitate to reach out to Susan or me.

    Best,

    Andrew

    Andrew M. J. Bernstein, Esq.
    Partner
    Bernstein Clarke & Moskovitz, PLLC
    11 Park Place, Suite 914
    New York, New York 10007
    Tel. (212) 321-0087
    Fax (917) 722-0930
    Bernstein@bcmlaw.com<mailto:Bernstein@bcmlaw.com><mailto:Bernstein@bcmlaw.com>
<mailto:Bernstein@bcmlaw.com>
    www.bcmlaw.com<http://www.bcmlaw.com><http://www.bcmlaw.com><http://www.bcmlaw.com>

This message is sent by an attorney and may contain information that is privileged or confidential.  If you have received this message in error, please do not read it, notify the sender, and delete the message and any attachments.