UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
UNITED STATES OF AMERICA
:
:
    - *v.* -                                           S3 17 Cr. 548 (JMF)
:
JOSHUA ADAM SCHULTE,
:
               Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## <u>THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

David W. Denton, Jr.
Michael D. Lockard
Assistant United States Attorneys
      *Of Counsel*

# **TABLE OF CONTENTS**

1. STANDARD INSTRUCTIONS ................................................................................. 2

2. CENTRAL INTELLIGENCE AGENCY WITNESSES ......................................... 4

3. REDACTION OF EVIDENTIARY ITEMS .......................................................... 5

4. DEFENDANT'S SELF-REPRESENTATION ....................................................... 6

5. FALSE EXCULPATORY STATEMENTS ............................................................ 7

6. CLANDESTINE BEHAVIOR ............................................................................... 8

7. SUMMARY OF INDICTMENT ............................................................................ 9

8. COUNTS ONE THROUGH FOUR: PURPOSE OF THE STATUTE ................... 12

9. COUNT ONE: ELEMENTS .................................................................................. 13

10. COUNT ONE: FIRST ELEMENT—TAKING INFORMATION ......................... 14

11. COUNT ONE: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION .......... 15

12. COUNT ONE: THIRD ELEMENT—KNOWLEDGE AND INTENT ................. 17

13. COUNTS TWO-FOUR: ELEMENTS .................................................................. 19

14. COUNTS TWO-FOUR: FIRST ELEMENT—POSSESSION ............................. 20

15. COUNTS TWO-FOUR: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION .......................................................................................................... 22

16. COUNTS TWO-FOUR: THIRD ELEMENT—TRANSMISSION ...................... 23

17. COUNT FOUR: ATTEMPT ................................................................................. 25

18. COUNTS FIVE-EIGHT: PURPOSE OF THE STATUTE ................................... 27

19. COUNT FIVE: ELEMENTS ................................................................................. 28

20. COUNT FIVE: FIRST ELEMENT—UNAUTHORIZED ACCESS .................... 29

21. COUNT FIVE: SECOND ELEMENT—KNOWLEDGE ..................................... 31

22. COUNT FIVE: THIRD ELEMENT—PROTECTED OR RESTRICTED INFORMATION 33

i

23. COUNT FIVE: FOURTH ELEMENT—TRANSMISSION.................................................. 34

24. COUNT SIX: ELEMENTS ............................................................................................... 35

25. COUNT SIX: FIRST ELEMENT—UNAUTHORIZED ACCESS ..................................... 36

26. COUNT SIX: SECOND ELEMENT—INTENTIONALLY .................................................. 37

27. COUNT SIX: THIRD ELEMENT—U.S. GOVERNMENT INFORMATION ..................... 38

28. COUNTS SEVEN AND EIGHT: ELEMENTS ..................................................................... 39

29. COUNTS SEVEN AND EIGHT: FIRST ELEMENT—UNAUTHORIZED
    TRANSMISSION OF A COMPUTER PROGRAM ............................................................. 40

30. COUNTS SEVEN AND EIGHT: SECOND ELEMENT—INTENT TO CAUSE DAMAGE
    ............................................................................................................................................... 42

31. COUNTS SEVEN AND EIGHT: THIRD ELEMENT—DAMAGE ..................................... 43

32. COUNTS SEVEN AND EIGHT: FOURTH ELEMENT—HARM ....................................... 44

33. COUNT NINE: PURPOSE OF THE STATUTE ................................................................... 45

34. COUNT NINE: ELEMENTS ................................................................................................ 46

35. COUNT NINE: FIRST ELEMENT—PENDING PROCEEDING........................................ 47

36. COUNT NINE: SECOND ELEMENT--KNOWLEDGE ...................................................... 48

37. COUNT NINE: THIRD ELEMENT—ACTED TO OBSTRUCT OR IMPEDE ................. 49

38. VENUE ................................................................................................................................. 52

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                                      :

UNITED STATES OF AMERICA

                                        :

           - *v.* -                                    S3 17 Cr. 548 (JMF)

                                        :

JOSHUA ADAM SCHULTE,

                                        :

                Defendant.

                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## <u>REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully submits the following proposed jury instructions.

1

**Request No. 1.**

## STANDARD INSTRUCTIONS

Pursuant to the Court's Individual Rules, the Government respectfully requests that the Court give its standard instructions on the following subjects. The Government also respectfully requests that, where appropriate, the Court modify its standard instructions to reflect the defendant's self-representation at trial. *See, e.g.*, *United States v. Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. 2022) (transcript of Court's jury instructions, reflecting amendment to instruction on what is and is not evidence to address defendant's *pro se* status).

1. Role of the Court and Jury

2. The Parties

3. Conduct of Counsel and the Defendant

4. Presumption of Innocence and Burden of Proof

5. Proof Beyond a Reasonable Doubt

6. Direct and Circumstantial Evidence

7. Inferences

8. What Is and Is Not Evidence

9. Credibility of Witnesses

10. Law Enforcement Witnesses

11. Expert Witnesses

12. Cooperating Witness

13. Preparation of Witnesses

14. Uncalled Witnesses

15. Number of Witnesses and Uncontradicted Testimony

16. Stipulations

17. Charts and Summaries

18. Recordings and Transcripts

19. Particular Investigative Techniques

20. Persons Not on Trial

21. Evidence from Searches and Seizures

22. The Defendant's Testimony/Decision Not to Testify (as applicable)

23. Punishment Not a Factor

24. Motive

25. Variance in Dates and Amounts

26. Selection of the Foreperson

27. Right to See Exhibits and Hear Testimony

28. Juror Note-Taking

29. Bias or Sympathy as a Juror

30. Duty to Deliberate

31. Return of the Verdict

**Request No. 2.**

## <u>CENTRAL INTELLIGENCE AGENCY WITNESSES</u>

You have also heard testimony from a number of witnesses who were either currently or previously employed by the Central Intelligence Agency, which I will refer to by its initials as the CIA.  [*if applicable* Some of these people work directly as officers of the CIA, and some of them work as contractors performing work for the CIA.]  As with law enforcement officials, these witnesses do not deserve any more or less consideration, or greater or lesser weight than that of any other witness due to their employment with the CIA.  You should not let any feelings you have about the CIA in general affect your assessment of their testimony or of the charges in this case.

[*if applicable*] I have allowed some of these witnesses to testify either by using a made-up name—a "pseudonym"—or just their first name.  The disclosure of these witnesses' true names and what they look like could potentially compromise their work at the CIA.  That is why those precautions were taken, but you should weigh the testimony of those witnesses just as you would any other witness, and not weigh it differently because they testified using a pseudonym [*if applicable* or used their first name only].  Moreover, you should not consider the fact that I allowed these witnesses to testify in this way as an expression of my opinion as to any of the facts of this case.  Again, it is your job and your job alone to decide the facts of this case.[1]

---

[1] Adapted from the charges of the Hon. Paul A. Crotty in *United States v. Schulte*, No. S2 17 Cr. 548 (PAC) (S.D.N.Y. 2020) and the Hon. Leonie M. Brinkema in *United States v. Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015).

**Request No. 3.**

**<u>REDACTION OF EVIDENTIARY ITEMS</u>**

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document was taken out.  In other instances, you have seen that there have been words or phrases substituted for the original words or phrases that may appear in a document.  I have decided to allow substitutions and redactions in this fashion to protect national security interests.  Many of the substitutions and redactions pertain to names and specific locations, and those specific words themselves are simply not relevant to the issues at hand.

You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not speculate about what the deleted information contains, nor should you consider any possible reason why the other part of it has been deleted.[2]

---

[2] Adapted from the charge of the Hon. Leonie M. Brinkema in *United States v. Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015).

## Request No. 4.

### <u>DEFENDANT'S SELF-REPRESENTATION</u>

The defendant has decided to represent himself in this trial and not to use the services of a lawyer. He has a constitutional right to do that. This decision must not affect your consideration and your decision whether he is guilty or not guilty. Because the defendant has decided to act as his own lawyer, you have heard him speak at various times during the trial, such as during his opening statement and closing argument, questions of witnesses, objections, and the like. I want to remind you that when the defendant spoke in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Although the defendant has chosen to represent himself, the court has appointed Sabrina Shroff, Deborah Colson, and Shayana Kadilal to assist the defendant as standby counsel. This is a standard procedure. [*If applicable*] Standby counsel may confer with the defendant or otherwise address the court, but just as when the defendant speaks in these parts of the trial, when standby counsel speaks, their words are not evidence. [3]

---

[3] Adapted from Eighth Circuit Pattern Criminal Jury Instruction 2.23.

**Request No. 5.**

**<u>FALSE EXCULPATORY STATEMENTS</u>**

You have heard testimony that the defendant made certain statements outside the courtroom in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements, in which the defendant exonerated or exculpated himself, are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may—but are not required to—infer that the defendant believed that he was guilty.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his or her innocence.  You may not, however, rely on this evidence alone to support a finding of guilt.  Whether a defendant's statement does or does not point to consciousness of guilt and the significance, if any, to be attached to any such evidence are matters for you, the jury, to decide.[4]

---

[4] Adapted from Modern Federal Jury Instructions ¶ 6-11; *see also United States v. Strother*, 49 F.3d 869, 877 (2d Cir. 1995) (collecting cases).

**Request No. 6.**

## CLANDESTINE BEHAVIOR

Willful intent or guilty knowledge may be inferred from the secretive or irregular manner in which an action is carried out.[5]

---

[5] Adapted from Modern Federal Jury Instructions ¶ 6-19 (2019) and the charge of the Hon. Kiyo A. Matsumoto in *United States v. Greebel*, No. 15 Cr. 637 (KAM) (E.D.N.Y. 2017).

**Request No. 7.**

## SUMMARY OF INDICTMENT

The defendant is formally charged in an Indictment.  The Indictment is only a charge or accusation.  It is not evidence.

The Indictment contains nine charges, or "counts," against the defendant.  Each count accuses the defendant of committing a different crime.  You must, as a matter of law, consider each count, and you must return a separate verdict for each count in which the defendant is charged.  Your verdict on one count should not control your decision as to any other count.

Count One charges the defendant with the illegal gathering of national defense information, in violation of Title 18, United States Code, Section 793(b).  Specifically, it charges that, on or about April 20, 2016, the defendant copied without authorization backup files of certain electronic databases, which I will refer to just as the "Backup Files," housed on the DEVLAN classified computer system maintained by the CIA, which contained classified information pertaining to, among other things, the cyber-intelligence gathering capabilities of the CIA, and that the defendant did so with the intent or reason to believe that the information was to be used to the injury of the United States, or to the advantage of any foreign nation.

Count Two charges the defendant with the illegal transmission of unlawfully possessed documents relating to the national defense, in violation of Title 18, United States Code, Section 793(e).  Specifically, it charges that between in or about April and May 2016, the defendant retained copies of the stolen Backup Files, which he was not authorized to possess, and transmitted or caused the Backup Files to be transmitted to WikiLeaks.

Count Three also charges the defendant with the illegal transmission of unlawfully possessed documents relating to the national defense.  Specifically, it charges that in or about

September 2018, the defendant created documents, writings, and notes pertaining to internal computer networks of the CIA that he was not authorized to possess, and that he transmitted them to a third party who was also not authorized to receive them.

Count Four charges the defendant with attempting to illegally transmit unlawfully possessed documents relating to the national defense. Specifically, it charges that between in or about July and October 2018, the defendant created documents, writings, and notes that he was not authorized to possess regarding tradecraft techniques, operations, and particular intelligence-gathering tools used by the CIA, and that he attempted to transmit them to third parties who were also not authorized to receive them.

Count Five charges the defendant with accessing a computer system without authorization in order to obtain classified information, in violation of Title 18, United States Code, Section 1030(a)(1). Specifically, it charges that, on or about April 20, 2016, the defendant exceeded his authorized access on the CIA's DEVLAN computer network to obtain the Backup Files, and subsequently caused the Backup Files to be transmitted to WikiLeaks.

Count Six charges the defendant with accessing a computer system without authorization in order to obtain information from an agency of the United States, in violation of Title 18, United States Code, Section 1030(a)(2)(B). Specifically, it charges that, on or about April 20, 2016, the defendant accessed the DEVLAN computer network without authorization and in excess of his authorization, and copied the Backup Files, which belonged to the CIA.

Counts Seven and Eight charge the defendant with causing the transmission of a harmful computer command on a computer used by the United States Government in furtherance of national security, in violation of Title 18, United States Code, Section 1030(a)(5)(A). Specifically, Count Seven charges that, on or about April 20, 2016, the defendant transmitted

commands on DEVLAN to manipulate the state of the Confluence virtual server on DEVLAN, including by reverting the virtual server to a specific "snapshot," or version, of the system as it appeared on or about April 16, 2016, restoring the system to a "snapshot" the defendant created on or about April 20, 2016, and deleting that April 20 "snapshot," thus erasing the records of his activities on the system.  Count Eight charges that, on or about April 20, 2016, the defendant transmitted commands on DEVLAN to delete log files of activity on DEVLAN.

Count Nine charges the defendant with obstruction of justice, in violation of Title 18, United States Code, Section 1503.  Specifically, it charges that between in or about March and June 2017, the defendant made false statements to the FBI in which the defendant denied having any involvement in unlawfully disclosing the Backup Files, stated that he had not kept a copy of an email he sent to the CIA Office of Inspector General, denied having any classified materials in his apartment, denied ever taking information from the CIA and transferring it to an unclassified network, denied ever making DEVLAN vulnerable to the theft of data, denied housing information from the CIA on his home computer, and denied ever removing any classified information from the CIA and taking it home.

**Request No. 8.**

**<u>COUNTS ONE THROUGH FOUR: PURPOSE OF THE STATUTE</u>**

As I have just described to you, Counts One through Four of the Indictment charge the defendant with offenses related to the illegal gathering and/or transmitting of national defense information.  Protection of the national security secrets of the United States is crucial to the security of the United States and to its people. Congress, therefore, has made it a crime to jeopardize the security of the United States by gathering, transmitting, delivering or attempting to gather, transmit, or deliver information pertaining to the national defense.[6]

---

[6] Adapted from Modern Federal Jury Instructions ¶ 29-8 (2019).

**Request No. 9.**

## COUNT ONE: ELEMENTS

As I have described to you, Count One charges the defendant with the illegal gathering of national defense information, in violation of Title 18, United States Code, Section 793(b).  In order to convict the defendant of Count One, the Government must prove all of the following elements beyond a reasonable doubt:

First, that on or about April 20, 2016, the defendant copied, took, made, or obtained a sketch, photograph, photographic negative, blueprint, map, model, instrument, appliance, document, writing, or note.

Second, that the information in that material was connected to the national defense.

Third, that the defendant acted with the purpose of obtaining information respecting the national defense and with the intent or with reason to believe that the information was to be used to the injury of the United States, or used to the advantage of a foreign country.[7]

---

[7] Adapted from Modern Federal Jury Instructions ¶ 29-9 (2019).

**Request No. 10.**

## COUNT ONE: FIRST ELEMENT—TAKING INFORMATION

The first element of the offense that the Government must prove beyond a reasonable doubt is that the defendant copied, took, made, or obtained a sketch, photograph, photographic negative, blueprint, map, model, instrument, appliance, document, writing, or note. The Indictment specifically charges that on or about April 20, 2016, the defendant copied without authorization backup files of certain electronic databases housed on the DEVLAN classified computer system maintained by the CIA, which contained classified information pertaining to, among other things, the cyber-intelligence gathering capabilities of the CIA.[8]

_____

[8] Adapted from Modern Federal Jury Instructions ¶ 29-10 (2019).

**Request No. 11.**

## COUNT ONE: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION

The second element of the offense that the Government must prove beyond a reasonable doubt is that the information that the defendant is charged with taking is connected with the national defense of the United States.

You must determine whether the information is connected with the national defense. Information relating to the national defense broadly refers to all matters that directly concern or may reasonably be connected with the national defense of the United States against any of its enemies. The term "national defense" is a broad term that refers to United States military and naval establishments and to all related activities of national preparedness. This includes matters relating to the nation's intelligence capabilities such as how a U.S.-intelligence agency carried on its work and information related to the development of important intelligence-gathering techniques.

National defense information must also be closely held by the United States Government. Where the information has been made public by the United States Government and is found in sources lawfully available to the general public, it is not "closely held." Similarly, where sources of information are lawfully available to the public at the time of the claimed violation and the United States Government has made no effort to guard such information, the information itself is not "closely held." The fact that information has entered the public domain without the authorization of the United States Government, however, does not by itself mean that the information is not closely held. In considering whether information is "closely held," your focus should be on what, if any, actions the United States Government has taken to protect the information. Only information relating to our national defense that the United States

Government has not made lawfully available to the public at the time of the claimed violation falls within the prohibition of the statute charged in this count.

In determining whether material has been closely held, you may consider whether it has been classified by appropriate authorities and whether it remained classified on the dates pertinent to the Indictment.  "Classified information" means any information or material that has been determined by the United States Government pursuant to executive order, statute or regulations, to require protection against unauthorized disclosure for reasons of national security. Although you may consider whether information has been classified in determining whether it has been closely held, I caution you that the mere fact that information is classified does not automatically mean that the information qualifies as "national defense information."  Whether the information is connected with the national defense is a question of fact that you, the jury, must determine, following the instructions that I have just given you about what those terms mean. [9]

---

[9] Adapted from Modern Federal Jury Instructions ¶ 29-11 (2019); adapted from the charges of the Hon. Leonie M. Brinkema in *United States v. Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015) and the Hon. Mark. R. Kravitz in *United States v. Abu Jihaad*, No. 07 Cr. 57 (MRK) (D. Conn. 2008); *see United States v. Squillacote*, 221 F.3d 542, 577 (4th Cir. 2000) (jury instructions should "focus[] the jury's attention on the actions of the government when determining whether the documents were related to the national defense"); *see also Gorin v. United States*, 312 U.S. 19, 28 (1941); *United States v. Soblen*, 301 F.2d 236, 239 (2d Cir. 1962); *Fitzgibbon v. CIA*, 911 F.2d 755, 766 (D.C. Cir. 1990).

**Request No. 12.**

## COUNT ONE: THIRD ELEMENT—KNOWLEDGE AND INTENT

The third element of the offense that the Government must establish beyond a reasonable doubt is that the defendant acted with the purpose of obtaining information respecting the national defense and with the intent or with reason to believe that the information was to be used to the injury of the United States, or used to the advantage of a foreign country. This means that the defendant both intended to obtain information regarding the national defense and that he knew facts from which he concluded or reasonably should have concluded that the information relating to the national defense would be used for one of the prohibited purposes.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. But you have before you the evidence of certain acts, conversations and statements alleged to involve the defendant and others. The ultimate facts of knowledge and criminal intent may be established by words and conduct and all the surrounding circumstances, as well as the rational or logical inferences that may be drawn from the words and conduct. It is for you to determine whether the Government has established beyond a reasonable doubt such knowledge and intent on the part of the defendant.

In considering whether or not the defendant acted with the intent or having reason to believe that the material would be used to the injury of the United States or to the advantage of a foreign country, you may consider the nature of the documents or information involved.

The Government does not have to prove that the documents or information would be used both to injure the United States and to the advantage of a foreign country. The statute reads in the alternative, so proof of either will suffice. Further, the country to whose advantage the

17

information would be used need not necessarily be an enemy of the United States. The statute does not distinguish between friend and enemy.

If you find, therefore, that the defendant acted with the purpose of obtaining information respecting the national defense and with the intent or with reason to believe that the information was to be used either to injure the United States or to provide an advantage to another country, the third element of the offense is satisfied.[10]

---

[10] Adapted from Modern Federal Jury Instructions ¶ 29-12 (2019); adapted from the charges of the Hon. Leonie M. Brinkema in *United States v. Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015) and the Hon. Jesse M. Furman in *United States v. Kaufman*, No. 13 Cr. 411 (JMF) (S.D.N.Y. 2013); *see also United States v. Miller*, 874 F.2d 1255, 1277-78 (9th Cir. 1989) ("[T]he Government must show that Miller intentionally performed the acts charged and that he did so with 'intent or reason to believe that the information [delivered] is to be used to the injury of the United States, or to the advantage of any foreign Government.'  Contrary to the suggestion of Miller, this showing is all that the Supreme Court required when it stated that a person may not be convicted under these statutes absent a showing of 'bad faith.'" (quoting *Gorin*, 312 U.S. at 27-28)).

**Request No. 13.**

## <u>COUNTS TWO-FOUR: ELEMENTS</u>

Counts Two, Three, and Four of the Indictment charge the defendant with the illegal transmission or attempted transmission of unlawfully possessed national defense information. Because the elements of these offenses are very similar, I am going to instruct you on them all together, but I remind you that you must reach an independent verdict as to each Count.

In order to convict the defendant of the crimes charged in Counts Two, Three, and Four, the Government must prove all of the following elements beyond a reasonable doubt:

First, that the defendant had unauthorized possession of, access to, or control over any document, writing, plan, instrument, or note.

Second, that the document, writing, plan, instrument, or note related to the national defense.

Third, that on or about the dates charged in Counts Two, Three, and Four of the Indictment, the defendant willfully communicated, delivered, transmitted, *or* caused to be communicated, delivered, or transmitted, *or* attempted to communicate, deliver or transmit or cause to be communicated, delivered or transmitted, any document, writing, plan, instrument, or note related to the national defense to a person who was not entitled to receive it.[11]

---

[11] Adapted from Modern Federal Jury Instructions ¶ 29-21 (2019); *see* 18 U.S.C. § 793(e) (applying to disclosure of "any document, writing, . . . or note relating to the national defense, *or* information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States" (emphasis added)); *New York Times Co. v. United States*, 403 U.S. 713, 740 n.9 (1971) (White, J., concurring) ("'The phrase "which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation" would modify only "information relating to the national defense" and not the other items enumerated in the subsection.'" (quoting S. Rep. No. 2369, pt. 1, 81st Cong., 2d

**Request No. 14.**

**COUNTS TWO-FOUR: FIRST ELEMENT—POSSESSION**

The first element of these offenses that the Government must prove beyond a reasonable doubt is that the defendant had unlawful possession of *or* control over *or* access to the documents, writings, plans, instruments, or notes.

For Count Two, the materials that the defendant is charged with unlawfully possessing, accessing, or controlling are the backup files of certain electronic databases housed on the DEVLAN classified computer system maintained by the CIA.

For Count Three, the materials that the defendant is charged with unlawfully possessing, accessing, or controlling are documents, writings, and notes pertaining to internal computer networks of the CIA.

For Count Four, the materials that the defendant is charged with unlawfully possessing, accessing, or controlling are documents, writings, and notes regarding tradecraft techniques, operations, and particular intelligence-gathering tools used by the CIA.

The legal concept of possession may differ from the everyday term, so let me explain it in in some detail. Actual possession is what most of us think of as possession — that is, having physical custody or control of an object, as I possess this pen. However, a person need not have actual, physical possession — that is, physical control over an object — in order to be in legal possession of it. If a person has the ability to exercise substantial control over an object, even if he or she does not have the object in his physical custody, and that person has the intent to

_____

Sess., 8-9 (1950))); *United States v. Drake*, 818 F. Supp. 2d 909, 916–17 (D. Md. 2011) ("[O]nly the second 'information' clause requires proof of the 'reason to believe' element.").

exercise such control, then the person is in possession of that object. This is called "constructive possession." Control over an object may be demonstrated by the existence of a working relationship between one person having the power or ability to control the item and the person who has actual physical custody. The person having control "possesses" the object because he or she has an effective working relationship with the person who has actual physical custody of the object and because he or she can direct the movement or transfer or disposition of the object. My courtroom deputy, sitting right here, works for me. She's sitting at her computer. If I direct her to send an e-mail message to someone, I at that time have constructive possession of that computer because I'm in the position to control how it's being used.

More than one person can have control over the same object. The law recognizes that possession may be sole or joint. Finally, possession and ownership are not the same. A person can possess an object and not be the owner of the object.

A person has unauthorized possession of something if he is not entitled to have it. In this case, unauthorized possession of classified information means possession of classified information by a person who does not hold a security clearance or by a person who holds a security clearance without the need to know, or by a person who holds a security clearance, has a need to know, but removed the classified information from the official premises without authorization. The term "need to know" means a determination made by an authorized holder of classified information that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized Government function.[12]

_____

[12] Adapted from Modern Federal Jury Instructions ¶ 29-22 (2019); and from the charges of the Hon. Jesse M. Furman in *United States v. Marquez-Alejandro, et al.*, No. 16 Cr. 387 (JMF)

**Request No. 15.**

## COUNTS TWO-FOUR: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION

The second element of Counts Two, Three, and Four that the Government must prove beyond a reasonable doubt is that the documents, writings, plans, instruments, or notes related to the national defense of the United States.

I have already instructed you about what this means in connection with Count One, and you should follow that instruction with respect to Counts Two, Three, and Four as well.

---

(S.D.N.Y. 2022) and the Hon. Leonie M. Brinkema in *United States v. Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015).

**Request No. 16.**

<u>**COUNTS TWO-FOUR: THIRD ELEMENT—TRANSMISSION**</u>

The fourth element of the offense that the Government must establish beyond a reasonable doubt is that the defendant willfully communicated, delivered, transmitted, *or* caused to be communicated, delivered, or transmitted *or* attempted to communicate, deliver or transmit or cause to be communicated, delivered or transmitted, the documents, writings, plans, instruments, or notes to a person who was not entitled to receive it.

In deciding whether the person who received the material at issue was entitled to have it, you may consider all the evidence introduced at trial, including any evidence concerning the classification status of the document or testimony concerning limitations on access to the document.  A person is not entitled to receive classified information if he or she did not hold a security clearance, or if he or she holds a security clearance but has no need to know the information.

An act is done willfully if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.  However, in determining whether a defendant has acted willfully, it is not necessary for the Government to establish that the defendant was aware of the specific law or rule that his conduct may be violating. But the defendant must have acted with the intent to do something the law forbids.

Further, the Government need not prove that the defendant did the act himself—it is enough to prove that he merely caused the act to be done.[13]

---

[13] Adapted from Modern Federal Jury Instructions ¶ 29-25 (2019); the charge of the Hon. Mark. R. Kravitz in *United States v. Abu Jihaad*, No. 07 Cr. 57 (MRK) (D. Conn. 2008) and Executive Order 12968, 60 Fed. Reg. 40,245 (Aug. 2, 1995); *see also Bryan v. United States*, 524 U.S. 184 (1998) (affirming instruction that "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something the law forbids.").

**Request No. 17.**

## COUNT FOUR: ATTEMPT

With respect to Count Four, the defendant is charged with attempting to illegally transmit unlawfully possessed documents, writings, and notes regarding tradecraft techniques, operations, and particular intelligence-gathering tools used by the CIA.

In order to prove the charge of attempting to illegally transmit unlawfully possessed documents, writings, or notes relating to the national defense, the Government must prove each of the following two elements beyond a reasonable doubt:

First, the defendant intended to commit the crime of illegally transmitting unlawfully possessed materials relating to the national defense; and

Second, the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime of illegally transmitting those unlawfully possessed materials relating to the national defense.

Mere intention to commit a specific crime does not amount to an attempted crime. In order to convict the defendant of an attempt to illegally transmit unlawfully possessed materials relating to the national defense, you must find beyond a reasonable doubt that he intended to commit that crime, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts

25

of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.[14]

---

[14] Adapted from the charge of the Hon. Jesse M. Furman in *United States v. Ansah*, No. 19 Cr. 752 (JMF) (S.D.N.Y. 2021); Modern Federal Jury Instructions ¶ 10-01 (2019).

**Request No. 18.**

## COUNTS FIVE-EIGHT: PURPOSE OF THE STATUTE

Counts Five, Six, Seven, and Eight charge the defendant with various computer crimes, in violation of different subsections of Title 18, United States Code, Section 1030.  Congress passed this law providing criminal penalties for certain abuses of computer technology in response to society's increased dependence on computers and the criminal element's enlarged capacity to carry out computer crimes.[15]

---

[15] Adapted from Modern Federal Jury Instructions ¶ 40A-2 (2019).

**Request No. 19.**

**<u>COUNT FIVE: ELEMENTS</u>**

Count Five charges the defendant with unauthorized access to a computer in order to obtain protected or restricted information, in violation of Title 18, United States Code, Section 1030(a)(1). In order to convict the defendant of Count Five, the Government must prove all of the following elements beyond a reasonable doubt:

First, either that the defendant accessed a computer without authorization or that the defendant accessed a computer with authorization, but exceeded his authority in accessing the information in question;

Second, that the defendant knowingly accessed that computer;

Third, that the defendant obtained information protected against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, with reason to believe that such information could be used to the injury of the United States; and

Fourth, that the defendant willfully communicated, delivered, transmitted, *or* caused to be communicated, delivered, or transmitted *or* attempted to communicate, deliver or transmit or cause to be communicated, delivered or transmitted, the information to a person who was not entitled to receive it.[16]

---

[16] Adapted from Modern Federal Jury Instructions ¶ 40A-3 (2019).

**Request No. 20.**

## COUNT FIVE: FIRST ELEMENT—UNAUTHORIZED ACCESS

The first element that the Government must prove beyond a reasonable doubt is that the defendant either accessed a computer without authorization or accessed a computer with authorization, but exceeded his authority in accessing the information in question.

As defined in the statute, a "computer" means "an electronic, magnetic, optical, electromechanical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." The term "computer" does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar devices.

In this case, the Indictment charges both that the defendant did not have authorized access to the computer, and that the defendant, while authorized to access the computer, exceeded his authority in accessing the information in question, which here, are the backup files stored on DEVLAN at the CIA.  You need not find both to be true in order to find this element satisfied beyond a reasonable doubt.  To prove that the defendant exceeded his authority, the Government must prove beyond a reasonable doubt that the defendant accessed a computer with authorization but then obtained information located in particular areas of the computer—such as files, folders, or databases—that were off limits to him.  However, an individual does not exceed authorized access when he accesses a computer to obtain information he is authorized to access—even if he does so for an improper purpose.

A defendant exceeds authorized access when he or she has no permission to access a computer or when such permission has been revoked explicitly. Once permission has been

revoked, technological gamesmanship or the enlisting of a third party to aid in access will not excuse liability.[17]

---

[17] Adapted from Modern Federal Jury Instructions ¶ 40A-4 (2019); *see also Van Buren v. United States*, 141 S. Ct. 1648, 1662 (2021) (holding that a defendant exceeds authorized access "when he accesses a computer with authorization but then obtains information located in particular areas of the computer—such as files, folders, or databases—that are off limits to him," but not when he "obtain[s] information from [a] database [he is authorized to access] for an improper purpose"); *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1067 (9th Cir. 2016) ("[A] defendant can run afoul of the CFAA when he or she has no permission to access a computer or when such permission has been revoked explicitly. Once permission has been revoked, technological gamesmanship or the enlisting of a third party to aid in access will not excuse liability."); *United States v. Valle*, 807 F.3d 508, 528 (2d Cir. 2015) (agreeing with interpretation of Ninth Circuit).

**Request No. 21.**

## COUNT FIVE: SECOND ELEMENT—KNOWLEDGE

The second element that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly in accessing the computer without authorization *or* outside the scope of his authority.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.  The question of whether a person acted knowingly is a question of fact for you to determine, like any other fact question. The question involves one's state of mind.

Direct proof of knowledge is almost never available. It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past he committed an act with knowledge. Such proof is not required. The ultimate fact of knowledge, though subjective, may be established by circumstantial evidence, based upon a person's words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

As I have already told you, circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against the defendant, the Government must establish beyond a reasonable doubt that he knew that his accessing of a computer was unauthorized *or* that he knew his accessing of a computer was outside the scope of authorization granted.

The Government can also meet its burden of showing that a defendant had actual knowledge of the accessing of a computer without authorization if it establishes beyond a

31

reasonable doubt that he acted with deliberate disregard of whether he was so authorized, or with a conscious purpose to avoid learning the nature and scope of his authorization. Alternatively, the Government may satisfy its burden of proving knowledge by establishing beyond a reasonable doubt that the defendant acted with an awareness of the high probability that he was acting without authorization, unless the defendant actually believed that he had authorization to access a computer in the manner described in the Indictment. This guilty knowledge, however, cannot be established by demonstrating that the defendant was merely negligent or foolish.[18]

---

[18] Adapted from Modern Federal Jury Instructions ¶ 40A-5 (2019) and the charge of the Hon. Jesse. M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (JMF) (S.D.N.Y. 2022)

**Request No. 22.**

## COUNT FIVE: THIRD ELEMENT—PROTECTED OR RESTRICTED INFORMATION

The third element that the Government must prove beyond a reasonable doubt is that the defendant obtained information protected against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, with reason to believe that such information could be used against the interests of the United States or to the advantage of a foreign nation.

The specific information at issue in Count Five are the backup files of certain electronic databases housed on the DEVLAN classified computer system maintained by the CIA.

The United States may determine that information requires protection against unauthorized disclosure for reasons of national defense or foreign relations either by Executive Order or by statute.  I have previously instructed you about the meaning of protections applicable to classified information, and you should follow that instruction here as well.

This element requires that at the time the defendant obtained the protected or restricted information, the defendant must have had reason to believe that the information could be used against the interests of the United States or to the advantage of a foreign nation.  I have already instructed you about these terms in connection with Count One, and you should follow those instructions here as well.  For Count Five, you need not determine that the defendant had reason to believe that the information *would* be used against the United States, only that it could be so used.[19]

---

[19] Adapted from Modern Federal Jury Instructions ¶ 40A-6 (2019).

**Request No. 23.**

<u>**COUNT FIVE: FOURTH ELEMENT—TRANSMISSION**</u>

The fourth element of Count Five that the Government must establish beyond a reasonable doubt is that the defendant willfully communicated, delivered, transmitted, *or* caused to be communicated, delivered, or transmitted *or* attempted to communicate, deliver or transmit or cause to be communicated, delivered or transmitted, the information to a person who was not entitled to receive it.  I have already instructed you about what this element requires in connection with Counts Two, Three, and Four, and you should follow those instructions here as well.

**Request No. 24.**

## <u>COUNT SIX: ELEMENTS</u>

Count Six charges the defendant with unauthorized access to a computer in order to obtain information from a department or agency of the United States Government, in violation of Title 18, United States Code, Section 1030(a)(2)(B). In order to convict the defendant of Count Six, the Government must prove all of the following elements beyond a reasonable doubt:

First, either that the defendant accessed a computer without authorization or that the defendant accessed a computer with authorization, but exceeded his authority in accessing the information in question;

Second, that the defendant acted intentionally; and

Third, that the defendant obtained information from any department or agency of the United States.[20]

---

[20] Adapted from Modern Federal Jury Instructions ¶ 40A-10 (2019).

**Request No. 25.**

## <u>COUNT SIX: FIRST ELEMENT—UNAUTHORIZED ACCESS</u>

The first element of Count Six is the same as the first element of Count Five, and you should follow the instructions I gave you there on this element of Count Six as well.

**Request No. 26.**

## COUNT SIX: SECOND ELEMENT—INTENTIONALLY

The second element that the Government must prove beyond a reasonable doubt is that the defendant acted intentionally.  "Intentionally" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident.  The question of whether a person acted intentionally is a question of fact for you to determine, like any other fact question. The question involves one's state of mind. As I have previously instructed you, direct proof of intent is almost never available, and such proof is not required. The ultimate fact of intent may be established by circumstantial evidence, as I have previously explained. [21]

---

[21] Adapted from Modern Federal Jury Instructions ¶ 40A-12 (2019) and the charge of the Hon. Paul A. Crotty in *United States v. Schulte*, S2 17 Cr. 548 (PAC) (S.D.N.Y. 2020).

**Request No. 27.**

## COUNT SIX: THIRD ELEMENT—U.S. GOVERNMENT INFORMATION

The third element that the Government must prove beyond a reasonable doubt is that the defendant obtained information from any department or agency of the United States.  I instruct you that the CIA is a department or agency of the United States. However, it is for you to determine if the Government has proven that without authorization, the defendant obtained information contained in a computer of the CIA.[22]

---

[22] Adapted from Modern Federal Jury Instructions ¶ 40A-14 (2019).

**Request No. 28.**

## COUNTS SEVEN AND EIGHT: ELEMENTS

Counts Seven and Eight charge the defendant with causing the transmission of a harmful computer program, information, code or command, in violation of Title 18, United States Code, Section 1030(a)(5)(A).   In order to convict the defendant of Counts Seven and Eight, the Government must prove all of the following elements beyond a reasonable doubt:

First, that the defendant knowingly caused the unauthorized transmission of a program, information, code, or command to a protected computer;

Second, that the defendant caused the transmission of the program, information, code, or command with the intent to damage or deny services to a computer or computer system;

Third, that the defendant thereby caused damage, as I will define that term for you; and

Fourth, that the defendant's actions resulted in damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security.[23]

---

[23] Adapted from Modern Federal Jury Instructions ¶ 40A-31 (2019).

**Request No. 29.**

## <u>COUNTS SEVEN AND EIGHT: FIRST ELEMENT—UNAUTHORIZED TRANSMISSION OF A COMPUTER PROGRAM</u>

The first element that the Government must prove beyond a reasonable doubt is that the defendant knowingly caused the unauthorized transmission of a program, information, code, or command to a protected computer.

In particular, Count Seven charges that the defendant transmitted commands on DEVLAN to manipulate the state of the Confluence virtual server on DEVLAN, including by reverting the virtual server to a specific "snapshot," or version, of the system as it appeared on or about April 16, 2016, restoring the system to a "snapshot" the defendant created on or about April 20, 2016, deleting that "snapshot," and thus erasing the records of his activities on the system.

Count Eight charges that the defendant transmitted commands on DEVLAN to delete log files of activity on DEVLAN.

This element requires that the Government prove that the defendant's transmission of the charged computer program, information, code, or command was unauthorized. Under the statute, this means that the transmission occurred without the permission of the person or entity who owns or is responsible for the computer receiving the transmitted program, information, code, or command.

This element also requires that the Government prove that the defendant transmitted the program, information, code, or command knowingly. I have previously instructed you about what it means for a person to have acted knowingly, and you should follow those instructions with respect to Counts Seven and Eight as well.

Finally, this element requires that the Government prove that the defendant transmitted the program, information, code, or command to a "protected computer." As relevant to this case, this means that the Government must prove that the computer was exclusively for the use of the United States Government.[24]

---

[24] Adapted from Modern Federal Jury Instructions ¶ 40A-32 (2019).

Request No. 30.

## <u>COUNTS SEVEN AND EIGHT: SECOND ELEMENT—INTENT TO CAUSE DAMAGE</u>

The second element that the Government must prove beyond a reasonable doubt is that the defendant caused the transmission of the program, information, code, or command with the intent to cause damage, as I will define that term for you.

To act with "intent" means to act deliberately and purposefully. I have previously instructed you about the meaning of intent, and you should follow those instructions with respect to Counts Seven and Eight as well.

As a practical matter, then, in order to sustain the charges against the defendant, the Government must establish beyond a reasonable doubt that the defendant transmitted the computer program, information, code, or command for the purpose of causing damage.[25]

---

[25]Adapted from Modern Federal Jury Instructions ¶ 40A-33 (2019).

**Request No. 31.**

<u>**COUNTS SEVEN AND EIGHT: THIRD ELEMENT—DAMAGE**</u>

The third element the Government must prove beyond a reasonable doubt is that by transmitting the program, information, code, or command, the defendant caused damage.

As defined in the statute, "damage" means any impairment to the integrity or availability of data, a program, a system, or information.[26]

---

[26] Adapted from Modern Federal Jury Instructions ¶ 40A-34 (2019).

**Request No. 32.**

## <u>COUNTS SEVEN AND EIGHT: FOURTH ELEMENT—HARM</u>

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant's actions disrupted a computer system used by or for any Government agency in furtherance of the administration of justice, national defense or national security.[27]

---

[27] Adapted from Modern Federal Jury Instructions ¶ 40A-35 (2019).

**Request No. 33.**

## COUNT NINE: PURPOSE OF THE STATUTE

Count Nine charges the defendant with obstruction of justice, in violation of Title 18, United States Code, Section 1503.  This law is designed to prevent a miscarriage of justice resulting from corrupt methods. It is aimed at a variety of means by which the orderly and due process of the administration of justice may be impeded, thwarted, or corrupted.  The due administration of justice refers to the fair, impartial, uncorrupted, and unimpeded investigation, prosecution, disposition, or trial of any matter—civil or criminal—in the courts of the United States. It includes every step in a matter or proceeding in the federal courts to assure the just consideration and determination of the rights of parties, whether Government or individual.

In particular, the due administration of justice includes, but is not limited to, a grand jury proceeding or investigation. The sweep of the statute extends to any corrupt endeavor or effort to interfere with the grand jury's function in the discharge of its duties.[28]

---

[28] Adapted from the charge of the Hon. Jesse M. Furman in *United States v. Kaufman*, No. 13 Cr. 411 (JMF) (S.D.N.Y. 2013).

**Request No. 34.**

## COUNT NINE: ELEMENTS

In order to convict the defendant of Count Nine, the Government must prove each of the following elements beyond a reasonable doubt.

First, that on or about the date set forth in the Indictment, there was a proceeding pending before a federal court *or* grand jury;

Second, that the defendant knew of the proceeding; and

Third, that the defendant corruptly acted to obstruct or impede, or endeavored to obstruct or impede the proceeding.[29]

---

[29] Adapted from Modern Federal Jury Instructions ¶ 46-3 (2019).

**Request No. 35.**

## <u>COUNT NINE: FIRST ELEMENT—PENDING PROCEEDING</u>

The first element the Government must prove beyond a reasonable doubt is that on or about the date set forth in the Indictment, there was a proceeding pending before a federal grand jury.  With respect to grand juries, the proceeding commences, at a minimum, when an Assistant United States Attorney has issued subpoenas in furtherance of the grand jury investigation.  The grand jurors need not have heard testimony or taken a role in the decision to issue a subpoena.[30]

---

[30] Adapted from Modern Federal Jury Instructions ¶ 46-4 (2019).

**Request No. 36.**

## COUNT NINE: SECOND ELEMENT--KNOWLEDGE

The second element the Government must prove beyond a reasonable doubt is that the defendant knew that such a proceeding was in progress.  In order to satisfy this element, you need only determine that the defendant knew on or about the date charged that a grand jury proceeding was in progress.  As I have already instructed you, a grand jury proceeding is considered to be in progress when the U.S. Attorney's Office has issued subpoenas in furtherance of the grand jury investigation.  Accordingly, if you find that the defendant knew on or about the date charged that the U.S. Attorney's Office had issued grand jury subpoenas in furtherance of an investigation, then you can conclude that the defendant knew that a grand jury proceeding was in progress.[31]

---

[31] Adapted from Modern Federal Jury Instructions ¶ 46-5 (2019).

**Request No. 37.**

<u>**COUNT NINE: THIRD ELEMENT—ACTED TO OBSTRUCT OR IMPEDE**</u>

The final element the Government must prove beyond a reasonable doubt is that the defendant did corruptly obstruct or impede, or corruptly endeavor to obstruct or impede the proceeding.

The word "corruptly" means simply having the improper intent or purpose of obstructing justice. To establish that the defendant acted with corrupt intent, the Government also must prove that there existed a nexus or connection between the defendant's conduct and the grand jury investigation. That is to say, the government must prove some relationship in time, causation or logic between the defendant's action and the grand jury investigation, so that the defendant's conduct may be said to have the natural and probable effect of interfering with that investigation.

You need not find that a corrupt intent was the only purpose for the defendant's actions, so long as you find that he acted, at least in part, with that improper purpose. You may consider all the evidence and surrounding circumstances in determining whether the defendant acted corruptly.

Here, the conduct that the Indictment claims constituted an effort to obstruct the grand jury's investigation includes certain statements made to the FBI that are alleged to be false or misleading. Specifically, Count Nine alleges that the defendant made false statements to the FBI in which the defendant denied having any involvement in unlawfully disclosing the Backup Files, stated that he had not kept a copy of an email he sent to the CIA Office of Inspector General, denied having any classified materials in his apartment, denied ever taking information from the CIA and transferring it to an unclassified network, denied ever making DEVLAN

vulnerable to the theft of data, denied housing information from the CIA on his home computer, and denied ever removing any classified information from the CIA and taking it home.

False or misleading statements alone do not provide a basis for an obstruction of justice conviction unless the statements had the natural and probable effect of impeding the due administration of justice. Thus, where the allegation is that the defendant endeavored to influence, obstruct or impede the grand jury's investigation by making false or misleading statements to the FBI, the Government must prove beyond a reasonable doubt that the defendant knowingly gave false or misleading answers in his statements to the FBI, and that he did so in a corrupt endeavor to influence, obstruct, or impede the grand jury investigation by giving such false or misleading testimony.

The Government need not prove that the statements to the FBI were actually false if it otherwise proves beyond a reasonable doubt that the defendant gave answers, whether or not actually false, in a corrupt endeavor to influence, obstruct, or impede the grand jury investigation by giving such statements to the FBI.

Success of the endeavor is not an element of the crime. The term endeavor is designed to reach all conduct that is aimed at influencing, intimidating, or impeding the conduct of the proceeding. Thus, it is sufficient to satisfy this element if you find that the defendant knowingly acted in a way that obstructed or had the natural and probable effect of obstructing justice from being duly administered.  Because success is not an element of the offense, the Government need

not prove that any answers the defendant gave to the FBI would have been significant or

important to the grand jury investigation.[32]

_____

[32] Adapted from Modern Federal Jury Instructions ¶ 46-6 (2019); and from the charge of the Hon.
Jesse M. Furman in *United States v. Kaufman*, No. 13 Cr. 411 (JMF) (S.D.N.Y. 2013)

**Request No. 38.**

## <u>VENUE</u>

In addition to all the elements of each of the charges that I have just described for you, for Counts Three, Four, and Nine, you must also decide with respect to each of those three counts whether any act in furtherance of the crimes occurred within the Southern District of New York.  You do not need to consider whether any act in furtherance of Counts One, Two, Five, Six, Seven, or Eight occurred in the Southern District.  The Government and the defendant have agreed to venue in the Southern District of New York on those counts, as to which the Government alleges that the conduct occurred in the Eastern District of Virginia.  The Southern District of New York includes, among other places, Manhattan, the Bronx, Westchester, Dutchess, Putnam, Orange, Sullivan, and Rockland counties.  In this regard, the Government need not prove that the crimes charged in Counts Three, Four and Nine were committed in this district, or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crimes charged in Counts Three, Four, and Nine occurred in the Southern District of New York.

I should note that on this issue—and this issue alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged in Counts Three, Four, and Nine occurred in the Southern District.  If you find that the Government has failed to

prove this venue requirement with respect to any of Counts Three, Four, and Nine, then you must

acquit the defendant on that Count.[33]

---

[33] Adapted from the charge of the Hon. Paul A. Crotty in *United States v. Schulte*, No. S2 17 Cr. 548 (PAC) (S.D.N.Y. 2020).