UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JOSHUA ADAM SCHULTE,

               *Defendant.*

S3 17 Cr. 548 (JMF)

---

## DEFENDANT JOSHUA ADAM SCHULTE'S
## PROPOSED JURY INSTRUCTIONS

Joshua Adam Schulte
Slave #79471054
Metropolitan Detention Center (MDC)
P.O. Box 329002
Brooklyn, NY 11232

*NOTCE* INSTRUCTIONS ADAPTED FROM PREVIOUS PROPOSED JURY
INSTRUCTIONS DRAFTED BY ATTORNEYS EDWARD S. ZAS, ALLEGRA
M. GLASHAUSSER, AND SABRINA P. SHROFF; SEE DKT. 201

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ....................................................................1

II.   GENERAL INSTRUCTIONS ....................................................................1

III.  COUNTS OF THE INDICTMENT ...........................................................2

    A.   Count 1: Illegal Gathering of National Defense Information ......................2

        1.   Element 1: Defendant Copied or Took Document.........................................3

        2.   Element 2: Document was Connected with National Defense .....................3

        3.   Element 3: Purpose of Obtaining National Defense Information.................4

        4.   Element 4: Knowledge and Intent ................................................................4

    B.   Count 2: Illegal Transmission of Unlawfully Possessed National Defense Information .........................................................................................................5

        1.   Element 1: Possession ..................................................................................6

        2.   Element 2: National Defense Information ...................................................7

        3.   Element 3: Prejudice to the United States....................................................7

        4.   Element 4: Willfully Delivered Information................................................8

    C.   Count 3: Illegal Transmission and of Unlawfully Possessed National Defense Information ................................................................................................9

    D.   Count 4: Attempted Illegal Transmission of Unlawfully Possessed National Defense Information ................................................................................................9

    E.   Count 5: Unauthorized Access to a Computer to Obtain Classified Information .......................................................................................................10

        1.   Element 1: Unauthorized Access of Computer..........................................12

        2.   Element 2: Knowing Conduct....................................................................12

        3.   Element 3: Obtaining Federal Information ................................................13

        4.   Element 4: Reason to Believe Injury to the United States.........................13

        5.   Element 5: Willful Communication ...........................................................14

    F.   Count 6: Unauthorized Access of a Computer to Obtain Information from a Department or Agency of the United States.........................................................14

     1.   Element 1: Unauthorized Access of Computer .......................................... 15

     2.   Element 2: Intentional Conduct .................................................................. 16

     3.   Element 3: Obtaining Federal Information................................................. 16

  G.    Count 7: Causing Transmission of a Harmful Computer Program,
Information, Code, or Command .................................................................................. 17

     1.   Element 1: Unauthorized Transmission ..................................................... 18

     2.   Element 2: Intent to Cause Damage ........................................................... 18

     3.   Element 3: Causing Damage ....................................................................... 19

     4.   Element 4: Harmful Consequences ............................................................ 19

  H.    Count 8: Causing Transmission of a Harmful Computer Program,
Information, Code, or Command .................................................................................. 19

  I.   Count 9: Obstruction of Justice.................................................................... 20

     1.   Element 1: Official Proceeding .................................................................. 20

     2.   Element 2: Knowledge................................................................................ 21

     3.   Element 3: Acted to Obstruct or Impede .................................................... 21

IV.   CONCLUSION ............................................................................................... 22

## I.   PRELIMINARY STATEMENT

Mr. Schulte requests that the Court include the following in its charge to the jury:

## II.   GENERAL INSTRUCTIONS

The defense requests that the Court give its usual instructions with respect to the following

matters:

- Functions of Court and jury

- Statements of Court and counsel not evidence

- Indictment not evidence

- Witness credibility

- Bias and hostility

- Right to see exhibits and have testimony read during deliberations

- Requirement of unanimity of verdict

- Stipulations

- Expert witnesses

- Government as a party

- Law enforcement witnesses

- Burden of proof

- Presumption of innocence

- Venue

- Aiding and abetting

- Fatal Variance

1

## III.   COUNTS OF THE INDICTMENT

### A.   Count One: Illegal Gathering of National Defense Information

Count One of the indictment charges the defendant with violating § 793(b) of Title 18 of the United States Code, which provides:

> Whoever, for the purpose [of obtaining information respecting the national defense with intent or reason to believe that the information is to be used to the injury of the United States, or to the advantage of any foreign nation,] copies takes, makes, or obtains … any sketch, photographic negative, blueprint, plan, map, model, instrument, appliance, document, writing, or note of anything connected with the national defense [is guilty of a crime].

### ELEMENTS OF THE OFFENSE

In order to establish a violation of § 793(b), the government must prove all of the following four elements beyond a reasonable doubt:

*First*, that on April 20, 2016, the defendant copied, took, made, or obtained a document, writing, or note.

*Second*, that the document, writing, or note was connected with the national defense of the United States.

*Third*, that the defendant acted for the purpose of obtaining information respecting the national defense of the United States.

*Fourth*, that the defendant acted with the intent or with reason to believe that the information would be used to the injury of the United States or to the advantage of a foreign nation.

**AUTHORITY**

18 U.S.C. § 793(b); adapted from Sand, Instruction 29-9.

### 1.   Element 1: Defendant Copied or Took Document

The first element of Count One that the government must prove beyond a reasonable

doubt is that on April 20, 2016, the defendant copied, took, made, or obtained a document, writing,

or note.

**AUTHORITY**

18 U.S.C. § 793(b); adapted from Sand, Instruction 29-10.

### 2.   Element 2: Document was Connected with National Defense

The second element of Count One that the government must prove beyond a reasonable

doubt is that the document, writing, or note was connected with the national defense of the United

States.

The government must prove that the item was directly and reasonably connected with the

national defense. The term "national defense" is a broad term that refers to United States military

and naval establishments and to all related activities of national preparedness. The item need not

be classified under security criteria as long as you determine that the item has a reasonable and

direct connection with our national defense. On the other hand, the fact that an item was

classified does not automatically mean that the item was connected with the national defense.

To qualify as national defense information, the prosecution must also show that it was

closely held by the United States Government. In determining whether material is "closely held,"

you may consider whether it has been classified by appropriate authorities and whether it

remained classified on the dates pertinent to the Indictment. Where the information has been made

public by the United States Government and is found in sources lawfully available to the general

3

public, it is not "closely held." Similarly, where sources of information are lawfully available to

the public and the United States Government has made no effort to guard such information, the

information itself is not "closely held." In deciding this issue, you should examine the

information, and also consider the testimony of witnesses who testified as to their content and

their significance and who described the purpose and the use to which the information contained

therein could be put.

### AUTHORITY

Adapted from Sand, Instruction 29-11; *Gorin v. United States*, 312 U.S. 19 (1941); *United

States v. Soblen*, 301 F.2d 236 (2d Cir. 1962).

### 3.   Element 3: Purpose of Obtaining National Defense Information

The third element of Count One that the government must prove beyond a reasonable

doubt is that the defendant acted for the purpose of obtaining information respecting the national

defense of the United States. I have already instructed you regarding the meaning of "national

defense." That instruction applies here as well.

### AUTHORITY

18 U.S.C. § 793(b).

### 4.   Element 4: Knowledge and Intent

The fourth and final element of Count One that the government must establish beyond a

reasonable doubt is that the defendant acted with the intent or with reason to believe that the

information would be used to the injury of the United States or to the advantage of a foreign

nation.

The government is required to prove that the defendant acted with criminal intent—that is,

that he acted in bad faith and with a deliberate purpose either to disregard or disobey the law.

4

In considering whether or not the defendant had the intent or reason to believe that the information would be used to injure the United States, or to provide an advantage to a foreign country, you may consider the nature of the information involved. I emphasize that you must determine whether or not the defendant had the intent that the information *would* be used against the United States, not just that it *could* be so used.

The government does not have to prove that the intent was *both* to injure the United States *and* to provide an advantage to a foreign country—the statute reads in the alternative. Further, the foreign country need not necessarily be an enemy of the United States.

If you find, therefore, that the defendant acted with the intent or with reason to believe that the information would be used to injure the United States, or to provide an advantage to a foreign country, the fourth element of the offense is satisfied.

## AUTHORITY

Adapted from Sand, Instruction 29-12; *Gorin v. United States,* 312 U.S. 19 (1941); *United States v. Truong Dinh Hung*, 629 F.2d 908 (4th Cir. 1980); *United States v. Lee*, 589 F.2d 980 (9th Cir. 1979); *United States v. Perkins*, 47 C.M.R. 259, 1973 WL 14711 (A.F.C.M.R. 1973).

### B.    Count Two: Illegal Transmission of Unlawfully Possessed National Defense Information

Count Two charges the defendant with violating § 793(e) of Title 18 of the United States Code, which provides:

Whoever having unauthorized possession of, access to, or control over any document, writing, . . . or note relating to the national defense, or information relating to the national defense which information the possessor has reason to believe could be used to the injury of the United States or to the advantage of any foreign nation, willfully communicates, delivers, transmits, or

5

causes to be communicated, delivered, or transmitted, … the same to any person not entitled to receive it [is guilty of a crime].

## ELEMENTS OF THE OFFENSE

In order to establish a violation of § 793(e), the government must prove all of the following four elements beyond a reasonable doubt:

*First*, that between April and May 2016, the defendant had unauthorized possession of, access to, or control over the document, writing, note, or information in question.

*Second*, that the document, writing, note, or information in question was related to the national defense.

*Third*, that the defendant had reason to believe that the document or information could be used to the injury of the United States or to the advantage of a foreign nation.

*Fourth*, that between April and May 2016, the defendant willfully communicated (or delivered or transmitted or caused to be communicated, delivered, or transmitted) the document or information to a person who was not entitled to receive it.

## AUTHORITY

Adapted from Sand, Instruction 29-21.

### 1.    Element 1: Possession

The first element of Count Two that the government must prove beyond a reasonable doubt is that between April and May 2016, the defendant had lawful possession of, access to, or control over, or was entrusted with, a document, writing, note, or information.

The word "possession" is a commonly used and commonly understood word. Basically it

6

means the act of having or holding property or the detention of property in one's power or command. Possession may mean actual physical possession or constructive possession. A person has constructive possession of something if he knows where it is and can get it any time he wants, or otherwise can exercise control over it.

A person has lawful possession of something if he is entitled to have it.

**AUTHORITY**

Adapted from Sand, Instruction 29-22.

### 2.   Element 2: National Defense Information

The second element of Count Two that the government must prove beyond a reasonable doubt is that the document, note, or information in question was related to the national defense of the United States.

I already instructed you regarding the meaning of "national defense." That instruction applies here as well.

**AUTHORITY**

Adapted from Sand, Instruction 29-23.

### 3.   Element 3: Prejudice to the United States

The third element of Count Two that the government must prove beyond a reasonable doubt is that the defendant had reason to believe that the information could be used to the injury of the United States or to the advantage of a foreign nation.

"Reason to believe" means that the defendant knew facts from which he concluded or reasonably should have concluded that the information could be used to injure the United States or to the advantage of a foreign nation. In considering whether or not the defendant had reason to

7

believe that the information could be used to the injury of the United States or to the advantage of

a foreign nation, you may consider the nature of the information involved. For this Count, unlike

Count One, you need not determine that the defendant had reason to believe that the information

*would* be used against the United States, only that it *could* be so used.

## AUTHORITY

Adapted from Sand, Instruction 29-24.

### 4.      Element 4: Willfully Delivered Information

The fourth and final element of Count Two that the government must establish beyond a

reasonable doubt is that between April and May 2016, the defendant willfully communicated or

transmitted the document or information in question to a person not entitled to receive it.

The word "person" includes a corporation, company, association, firm, partnership,

society, and joint stock company, as well as an individual.

In deciding whether a person was entitled to receive a document or information, you may

consider all the evidence introduced at trial, including any evidence concerning the classification

status of the document or testimony concerning limitations on access to the document.

An act is done willfully if it is done voluntarily and intentionally and with the specific

intent to do something the law forbids, that is to say, with a bad purpose either to disobey or

disregard the law.

The government need not prove that the defendant actually delivered the document or

information—it is enough to prove that the defendant merely attempted to do so. Further, the

government need not prove that the defendant did the act himself—it is enough to prove that he

caused the act to be done.

## AUTHORITY

Adapted from Sand, Instruction 29-25; 1 U.S.C. § 1 (defining "person").

### C.   Count Three: Illegal Transmission of Unlawfully Possessed National Defense Information

See, *supra* B, replacing "between April and May 2016" with "in September 2018"

### D.   Count Four: Attempted Illegal Transmission of Unlawfully Possessed National Defense Information

See, *supra* B, replacing "April and May 2016" with "July and October 2018"

For Count Four, the following additional instruction should be delivered for Element 4, regarding "attempt":

You may find the defendant guilty of Count Four if you find that the Government has proved beyond a reasonable doubt that the defendant attempted to illegally transmit national defense information.

To prove the charge of attempted illegal transmission of national defense information, the government must prove each of the following two elements beyond a reasonable doubt:

First, the defendant intended to commit the crime of illegally transmitting national defense information; and

Second, the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempted crime. In order to convict the defendant of an attempt to illegally transmit national defense information,

you must find beyond a reasonable doubt that he intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

## AUTHORITY

Jury Charge, Dkt. 345 at 33-34.

### E.     Count Five: Unauthorized Access to a Computer to Obtain Classified Information

Count Five charges the defendant with violating § 1030(a)(1) of Title 18 of the United States Code, which provides:

[Whoever] having knowingly accessed a computer without authorization or exceeding authorized access, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an Executive order . . . to require protection against unauthorized disclosure for reasons of national defense or foreign relations, . . . with reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation, willfully communicates, delivers, transmits, or causes to be communicated, delivered, or  transmitted, or attempts to communicate, deliver,

10

transmit, or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it ... [shall be guilty of a crime].

## ELEMENTS OF THE OFFENSE

In order to prove the defendant guilty of Count Five, the government must establish each of the following five elements beyond a reasonable doubt:

*First*, that between April 18 and April 20, 2016, the defendant accessed a computer without authorization or exceeded authorized access;

*Second*, that the defendant knowingly accessed that computer outside of the scope of his authority.

*Third*, that by means of this conduct, the defendant obtained information that was determined by the United States Government under an Executive order to require protection against unauthorized disclosure for reasons of national defense or foreign relations.

*Fourth*, that the defendant had reason to believe that the information so obtained could be used to the injury of the United States or to the advantage of a foreign nation;

*Fifth*, that between April 18 and April 20, 2016, the defendant willfully communicated, delivered, transmitted, or caused to be communicated, delivered, or transmitted, or attempted to communicate, deliver, transmit, or cause to be communicated, delivered, or transmitted the information to a person not entitled to receive it.

## AUTHORITY

Adapted from Sand, Instruction 40A-3.

11

### 1.   Element 1: Unauthorized Access of Computer

The first element of Count Five that the government must prove beyond a reasonable doubt is that between April 18 and April 20, 2016, the defendant accessed a computer without authorization, or exceeded his authority in accessing the information in question. A "computer" means "an electronic, magnetic, optical, electromechanical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device." The term "computer" does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar devices.

In this case, the government charges that the defendant, while authorized to access a government computer, exceeded his authority in accessing the information in question. This requires the government to prove beyond a reasonable doubt that the defendant used his authorized access to a computer to obtain information in the computer that the defendant was not entitled to obtain for any purpose. An individual does not exceed authorized access when he accesses a computer to obtain information he is authorized to access—even if he does so for an improper purpose.

### AUTHORITY

*United States v. Valle*, 807 F.3d 508 (2d Cir. 2015); adapted from Sand, Instruction 40A-4.

### 2.   Element 2: Knowing Conduct

The second element of Count Five that the government must prove beyond a reasonable doubt is that the defendant acted knowingly in accessing a computer outside the scope of his authority. "Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. This guilty knowledge cannot be established by demonstrating that the defendant

was merely negligent or foolish. The question of whether a person acted knowingly is a question of fact for you to determine, like any other fact question. The question involves one's state of mind. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

As a practical matter, then, in order to sustain the charge against the defendant, the government must establish beyond a reasonable doubt that he knew that his accessing of a computer was outside the scope of authority granted, but did so anyway. If you find that the defendant believed that he had authorization to access a computer in the manner described, even if that belief was mistaken, you should acquit the defendant.

## AUTHORITY

Adapted from Sand, Instruction 40A-5.

### 3.     Element 3: Obtaining Federal Information

The third element of Count Five that the government must prove beyond a reasonable doubt is that the defendant used his computer access to obtain information that was determined by the United States Government by Executive Order to require protection against unauthorized disclosure for reasons of national defense or foreign relations.

## AUTHORITY

Adapted from Sand, Instruction 40A-6.

### 4.     Element 4: Reason to Believe Injury to the United States

The fourth element of Count Five that the government must prove beyond a reasonable doubt is that, at the time he allegedly obtained the information in question, the defendant had

13

reason to believe that the information obtained could be used to injure the United States or give advantage to a foreign nation.

## AUTHORITY

Adapted from Sand, Instruction 40A-6.

### 5.   Element 5: Willful Communication

The fifth and final element of Count Five that the government must establish beyond a reasonable doubt is that the between April 18 and April 20, 2016, the defendant willfully communicated, delivered, transmitted, or caused to be communicated, delivered, or transmitted, or attempted to communicate, deliver, transmit, or cause to be communicated, delivered, or transmitted, the information to a person not entitled to receive it.

Once again, as I instructed you earlier, an act is done willfully only if it is done voluntarily and intentionally and with the specific intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

## AUTHORITY

Adapted from Sand, Instruction 40A-7.

### F.   Count Six: Unauthorized Access of a Computer to Obtain Information from a Department or Agency of the United States

Count Six charges the defendant with violating § 1030(a)(2) of Title 18 of the United States Code, which provides:

[Whoever] intentionally accesses a computer without authorization or exceeds authorized access, and by means of such conduct obtains . . . information from any department or agency of the United States . . . [shall be guilty of a crime].

14

## ELEMENTS OF THE OFFENSE

In order to prove the defendant guilty of this crime, the government must establish each of the following three elements beyond a reasonable doubt:

First, that on April 20, 2016, the defendant accessed a computer without authorization or exceeded his authorized access;

Second, that the defendant acted intentionally;

Third, that by means of this conduct the defendant obtained information from a department or agency of the United States.

## AUTHORITY

Adapted from Sand, Instruction 40A-8.

### 1.    Element 1: Unauthorized Access of Computer

The first element of Count Six that the government must prove beyond a reasonable doubt is that on April 20, 2016, the defendant accessed a computer without authorization or exceeded his authorized accessed. I already defined the term "computer" for you.

A person accesses a computer "without authorization" if he or she has not received permission to use the computer for any purpose, or when his or her employer has revoked permission to access the computer and the person uses the computer anyway. A person "exceeds authorized access" when he or she is authorized to access a computer for some purposes, but uses that access to obtain information that he is not allowed to obtain for any purpose.

## AUTHORITY

Adapted from Sand, Instruction 40A-11; *United States v. Valle,* 807 F.3d 508 (2d Cir. 2015).

15

## 2.   Element 2: Intentional Conduct

The second element of Count Six that the government must prove beyond a reasonable doubt is that the defendant acted intentionally in accessing a computer without authority or outside the scope of his authority. "Intentionally" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of defendant's conscious objective, rather than the product of a mistake or accident. The question of whether a person acted intentionally is a question of fact for you to determine, like any other fact question. The question involves one's state of mind. Direct proof of intent is almost never available. It would be a rare case when it could be shown that a person wrote or stated that as of a given time in the past he committed an act intentionally. Such proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

As a practical matter, then, in order to prove Count Six, the government must establish beyond a reasonable doubt that the defendant knew that his accessing of a computer was unauthorized or outside the scope of authority granted, but did so anyway. To conclude on this element, if you find that the defendant did not know he was acting outside the scope of authority, or if he did not intentionally access the computer beyond his authority, then you must acquit the defendant.

### AUTHORITY

Adapted from Sand, Instruction 40A-12.

## 3.   Element 3: Obtaining Federal Information

The third and final element of Count Six that the government must prove beyond a

16

reasonable doubt is that the defendant obtained information contained in a computer of any department or agency of the United States. The Central Intelligence Agency is a department or agency of the United States.

However, it is for you to determine if the government has proven, beyond a reasonable doubt, that the defendant, in excess of his authority, obtained information contained in a computer of the Central Intelligence Agency.

## AUTHORITY

Adapted from Sand, Instruction 40A-14.

### G.    Count Seven: Causing Transmission of a Harmful Computer Program, Information, Code, or Command

Count Seven charges the defendant with violating § 1030(a)(5)(A) of Title 18 of the United States Code, which provides:

[Whoever] knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer [shall be guilty of a crime].

## ELEMENTS OF THE OFFENSE

In order to prove the defendant guilty of Count Seven the government must establish each of the following four elements beyond a reasonable doubt:

First, that on April 20, 2016, the defendant knowingly caused the unauthorized transmission of a program, information, code, or command to a protected computer;

Second, that the defendant caused the transmission of the program, information, code, or command with the intent to damage or deny services to a computer or computer system;

17

Third, that the defendant thereby caused damage, as I will define that term for you; and

Fourth, that the defendant's actions resulted in damage to a computer system operated by the CIA.

## AUTHORITY

Adapted from Sand, Instruction 40A-31.

### 1.    Element 1: Unauthorized Transmission

The first element of Count Seven that the government must prove beyond a reasonable doubt is that on April 20, 2016, the defendant knowingly caused the unauthorized transmission of a program, information, code, or command to a protected computer.

I have already explained to you what a "computer" means. A "protected computer" means a computer that was used exclusively by the U.S. Government.

This element requires that the government prove that the defendant's alleged transmission of the computer program, information, code, or command was "unauthorized." This means that the transmission occurred without the permission of the person or entity who owns or is responsible for the computer receiving the transmitted program.

This element also requires that the government prove that the defendant transmitted the program knowingly. As I explained earlier, a person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

## AUTHORITY

Adapted from Sand, Instruction 40A-32.

### 2.    Element 2: Intent to Cause Damage

The second element of Count Seven that the government must prove beyond a reasonable

18

doubt is that the defendant caused the transmission of the program, command, or code with the intent to cause damage, as I will define that term for you. To act with "intent" means to act deliberately and purposefully. That is, the defendant's acts must have been the product of defendant's conscious objective, rather than the product of a mistake or accident.

## AUTHORITY

Adapted from Sand, Instruction 40A-33.

### 3.   Element 3: Causing Damage
The third element of Count Seven that the government must prove beyond a reasonable doubt is that by transmitting the program, code, or command, the defendant caused damage.

For the purposes of Count Seven, "damage" means any impairment to the integrity or availability of data, a program, a system, or information.

## AUTHORITY

Adapted from Sand, Instruction 40A-34.

### 4.   Element 4: Harmful Consequences
The fourth and final element of Count Seven that the government must establish beyond a reasonable doubt is that the defendant's actions disrupted a computer system used by or for a government agency in furtherance of national defense or national security.

## AUTHORITY

Adapted from Sand, Instruction 40A-35.

### H.   Count Eight: Causing Transmission of a Harmful Computer Program, Information, Code, or Command
See, *supra* G.

19

## I.      Count Nine: Obstruction of Justice

Count Nine charges the defendant with violating § 1503 of Title 18 of the United States Code, which provides:

Whoever corruptly … influences, obstructs or impedes, or endeavors to influence, obstruct or impede the due administration of justice [shall be guilty of a crime].

## ELEMENTS OF THE OFFENSE

In order to prove the defendant guilty of Count Nine, the government must prove each of the following three elements beyond a reasonable doubt.

*First*, that between March and June 2017, there was a proceeding pending before a federal court or a federal grand jury.

*Second*, that the defendant knew of the proceeding; and

*Third*, that the defendant corruptly acted to obstruct or impede, or endeavored to obstruct or impede the proceeding.

## AUTHORITY

Adapted from Sand, Instruction 46-3.

### 1.      Element 1: Official Proceeding

The first element of Count Nine that the government must prove beyond a reasonable doubt is that between March and June of 2017, there was a proceeding pending before a federal grand jury or a federal court.

## AUTHORITY

Adapted from Sand, Instruction 46-4.

20

### 2.    Element 2: Knowledge

The second element of Count Nine that the government must prove beyond a reasonable doubt is that the defendant knew that such a proceeding was in progress. In order to satisfy this element, the government must prove that the defendant knew on or about the date charged that a grand jury proceeding was in progress.

### AUTHORITY

Adapted from Sand, Instruction 46-5.

### 3.    Element 3: Acted to Obstruct or Impede

The third and final element of Count Nine that the government must prove beyond a reasonable doubt is that the defendant did corruptly obstruct or impede, or corruptly endeavor to obstruct or impede, the proceeding.

The word "corruptly" means having the improper motive or purpose of obstructing justice.

Success of the endeavor is not an element of the crime. The term endeavor is designed to reach all conduct that is aimed at influencing, intimidating and impeding jurors (or judges or officers). Thus, it is sufficient to satisfy this element if you find that the defendant knowingly acted in a way that obstructed or had the natural and probable effect of obstructing justice from being duly administered.

### AUTHORITY

Adapted from Sand, Instruction 46-6.

## IV.    CONCLUSION

The Court should issue these jury instructions.

Dated: New York, New York

April 22, 2022

Respectfully Submitted,

___/s/___   **Joshua Adam Schulte**

Joshua Adam Schulte
Slave # 79471-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

22