Joshua Adam Schulte, *pro se*

April 19, 2022

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

  Due to the government's constant filing of non-substantive motions to moot the interlocutory appeals, I move to stay trial pending resolution of all outstanding appeals and mandamus petitions—which the Second Circuit ordered consolidated and *expedited*.

  On October 6, 2021, I filed three notice of appeals challenging the government's arbitrary restriction of discovery (21-2528), deliberate delay of legal mail and court correspondence (21-2529), and the district court's refusal to schedule sentencing and final judgment of the two convicted counts from the first trial (21-2530). I filed all three Briefs promptly on October 14, 2021. The government did not file a single substantive brief on the merits, and instead opposed my motion to expedite the appeals—solely to delay and ultimately moot the appeals.

  On October 15, 2021, I filed three more notice of appeals challenging the government's imposition of SAMs and indefinite solitary confinement (21-2877), pretrial conditions of confinement (21-2878), and access to legal materials for effective self-representation (21-2879). I filed all three Briefs promptly on November 23, 2021 (after standby counsel corrected the improperly filed notices). The government did not file a single substantive brief on the merits, and instead opposed my motion to expedite the appeals—solely to delay and ultimately moot the appeals.

  On December 27, 2021, I filed eight more notice of appeals challenging bail and pretrial detention (21-3113), the government's successive prosecution of the acquitted Hickok conduct (21-3116), pretrial conditions of confinement (21-3117), the government's indictment for the

*United States v. Schulte*, S3 17 Cr. 548 (JMF); April 19, 2022 letter from *pro se* defendant

MCC Counts in violation of the First Amendment (21-3118), classification review of judicial documents (21-3120), the Court's Order to consent to audio recording with the FBI and prosecutors that is admissible at trial (21-3122), access to the internet (21-3124), and a Brady Hearing (21-3125). I filed all Briefs promptly on January 3, 2022. The government did not file a single substantive brief on the merits, and instead opposed my motion to expedite the appeals—solely to delay and ultimately moot the appeals.

On December 28, 2021, the Second Circuit ordered all appeals to "be heard in tandem." 21-3113, Dkt. 35 at 2.

On January 18, 2022, the Second Circuit ordered all pending 15 interlocutory appeals and 2 mandamus petitions to be <u>expedited</u>. 21-3113, Dkt. 111 at 3. The Court additionally ordered the government to file briefs in 21-3113 and 21-3116.

On January 24, 2022, the Second Circuit placed all pending interlocutory appeals and mandamus petitions on the "calendar for Wednesday, March 9, 2022 B Panel."

On February 18, 2022, the government filed its briefs for 21-3113 and 21-3116.

On March 4, 2022, I filed my reply briefs for 21-3113 and 21-3116.

On March 9, 2022, all pending interlocutory appeals went out to the B Panel.

The Court of Appeals has yet to issue any rulings.

It now appears unlikely that the government can file all remaining briefs, that I can file reply briefs, and the Second Circuit can review and issue decisions for all outstanding interlocutory appeals and mandamus petitions before trial on June 14, 2022. The government is largely to blame for refusing to file any briefs and prolonging all the appeals; I first filed my briefs over six months ago. Accordingly, I have no remaining choice except to move for a stay of trial pending resolution of all <u>expedited</u> interlocutory appeals and mandamus petitions.

Respectfully submitted,

Joshua Adam Schulte

2