Joshua Adam Schulte, *pro se*

May 7, 2022

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

These ongoing MDC issues are now critically impacting this case so close to trial. There has been no good faith effort by the MDC to resolve any issues or engage with my standby counsel or even the government.

The biggest problem is the administrative remedy system. Unit Manager Bullock continues to block all of my efforts to seek administrative remedies, forcing me to write directly to you. I have filed no less than 60 BP-8s over the past two months—and Unit Manager Bullock has not responded to single BP-8 nor allowed me to file any BP-9s. Judge Furman, we cannot continue in this manner.

For example, the law library computer is constantly crashed or off, and no officer has the keys to the locked cabinet to simply restart the computer. This persistent issue has plagued me. Last Wednesday, April 27, 2022, the law library computer was crashed and unusable. I told the officers and Lieutenant of this issue and wrote an administrative remedy for someone to fix it. There was no response. On Thursday, April 28, 2022, the law library computer was still broken. I again contacted the officers and Lieutenant of this issue, and again wrote an administrative remedy for someone to fix it. There was no response. The same occurred on Friday, Saturday, Sunday, and Monday. Finally, on Tuesday, May 3, 2022, the law library computer was working again. However, by Thursday the computer was no longer working. I again attempted administrative remedies as well as contacting the officers and Lieutenant directly. The law library computer was not fixed Thursday, Friday, and now again it is the weekend, and the issue is not resolved. Someone simply needs to press the power button.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); May 7, 2022 letter from *pro se* defendant

    Judge Furman, this is ridiculous. I've lost two weeks because the MDC refuses to answer administrative remedies, and locks its law library computer in a cabinet where only a few unknown individuals have keys; neither the officers nor the Lieutenants—who have the keys to our torture cages—have the key to unlock the cabinet. Since no one can access the cabinet, it takes weeks for someone to come and merely press the power button.

    This is just one of many issues. The MDC has not answered my administrative remedies about refusing to shop us commissary (and therefore I have no way to purchase stamps to mail documents to the courts), about losing my outgoing legal mail, about refiling the printer with paper, about giving me legal calls, or about making up my phone calls and social visits that I continually miss because the Court schedules conferences on Wednesdays. I ask the Court to order the following relief:

(1) Someone from MDC must press the power button on the law library computer
(2) MDC must comply with the administrative remedy process so this Court is not dragged into every single issue such as someone pressing the power button on a computer; the MDC must provide receipts for every BP-8 I file, respond to every BP-8 I file, and provide me with BP-9s on request (which is already BOP policy)
(3) MDC must either place the law library computer outside its locked cabinet (as it does the discovery computer) so anyone can press the power button, or provide keys to the staff officers so they can unlock it and press the power button.
(4) MDC must regularly shop the SAMs unit each week so we can purchase stamps
(5) MDC must record and provide receipts for outgoing legal mail
(6) MDC must provide makeup calls and visits when its slaves miss a day due to court

    Finally, due to the law library downtime, I ask the Court to give me a week extension for all current replies, including the motions *in limine*, jury instructions, and *voir dire*. Almost all my extension requests are due to the downtime of the MDC's Law Library computer.

Respectfully submitted,

Joshua Adam Schulte