**SABRINA P. SHROFF**
ATTORNEY AT LAW

80 BROADWAY, 19TH FLOOR
NEW YORK, NEW YORK 10004
TELEPHONE: (646) 763-1490

May 11, 2022

> The Court is dismayed to see that these issues and disputes persist.  The Government shall arrange for a representative from the MDC to attend the conference on May 18, 2022. Meanwhile, Defendant's request for extensions of his upcoming deadlines is GRANTED.  His responses to the Government's motions in limine and request to charge shall be filed by May 20, 2022.  His proposed voir dire shall be filed May 23, 2022.  SO ORDERED.
>
> *[signature]*
> May 12, 2022

Hon. Jesse M. Furman
Judge, United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *United States v. Joshua A. Schulte*, 17 Cr. 548 (JMF)

Dear Judge Furman,

It is with regret that I provide to the Court the attached letter from pro se defendant Joshua A. Schulte.  Mr. Schulte continues to experience issues with access to the law library at MDC-Brooklyn. See, Exhibit A.

On May 9, 2022, Ms. Chan, who was to be the point person at the MDC was provided with Mr. Schulte's letter in the hopes that the issues he raised would be addressed without need for court intervention. Ms. Chan's response to the issues raised was to inform me that she had forwarded the information to the Unit Manager. She also provided to me the relevant statutory provisions governing the filings of administrative remedies.

My follow up (May 10, 2022) with Ms. Chan was non-productive. I invited her to provide to me contact information for the Segregated Housing Unit, as I would be pleased to reach out to them in an effort to save the Court from these missives and to ensure that those housed in that unit had access to the law library.  As of today, May 11, 2022, I have not received any response or update.[1]

In light of the continued conditions of confinement issues, we ask the Court to encourage the MDC Legal Department to either provide counsel with a substantive response or to provide us with a contact in the SHU so that I may attempt to resolve the matter directly with the Unit Manager.  Mr. Schulte seeks separate relief – additional time to file his reply briefs. See, Exhibit A.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,
/s/Sabrina P. Shroff & Deborah A. Colson
Standby Counsel to Joshua A. Schulte

cc:   Joshua Schulte, MDC
      Irene Chan, MDC (via e-mail)

---

[1] Today MDC has provided notice that because of a particularly aggressive assault yesterday, the MDC is closed to legal visits and VTCs but that clients would be produced for in-court and virtual appearances.

Joshua Adam Schulte, *pro se*

May 7, 2022

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

These ongoing MDC issues are now critically impacting this case so close to trial. There has been no good faith effort by the MDC to resolve any issues or engage with my standby counsel or even the government.

The biggest problem is the administrative remedy system. Unit Manager Bullock continues to block all of my efforts to seek administrative remedies, forcing me to write directly to you. I have filed no less than 60 BP-8s over the past two months—and Unit Manager Bullock has not responded to single BP-8 nor allowed me to file any BP-9s. Judge Furman, we cannot continue in this manner.

For example, the law library computer is constantly crashed or off, and no officer has the keys to the locked cabinet to simply restart the computer. This persistent issue has plagued me. Last Wednesday, April 27, 2022, the law library computer was crashed and unusable. I told the officers and Lieutenant of this issue and wrote an administrative remedy for someone to fix it. There was no response. On Thursday, April 28, 2022, the law library computer was still broken. I again contacted the officers and Lieutenant of this issue, and again wrote an administrative remedy for someone to fix it. There was no response. The same occurred on Friday, Saturday, Sunday, and Monday. Finally, on Tuesday, May 3, 2022, the law library computer was working again. However, by Thursday the computer was no longer working. I again attempted administrative remedies as well as contacting the officers and Lieutenant directly. The law library computer was not fixed Thursday, Friday, and now again it is the weekend, and the issue is not resolved. Someone simply needs to press the power button.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); May 7, 2022 letter from *pro se* defendant

  Judge Furman, this is ridiculous. I've lost two weeks because the MDC refuses to answer administrative remedies, and locks its law library computer in a cabinet where only a few unknown individuals have keys; neither the officers nor the Lieutenants—who have the keys to our torture cages—have the key to unlock the cabinet. Since no one can access the cabinet, it takes weeks for someone to come and merely press the power button.

  This is just one of many issues. The MDC has not answered my administrative remedies about refusing to shop us commissary (and therefore I have no way to purchase stamps to mail documents to the courts), about losing my outgoing legal mail, about refiling the printer with paper, about giving me legal calls, or about making up my phone calls and social visits that I continually miss because the Court schedules conferences on Wednesdays. I ask the Court to order the following relief:

(1) Someone from MDC must press the power button on the law library computer
(2) MDC must comply with the administrative remedy process so this Court is not dragged into every single issue such as someone pressing the power button on a computer; the MDC must provide receipts for every BP-8 I file, respond to every BP-8 I file, and provide me with BP-9s on request (which is already BOP policy)
(3) MDC must either place the law library computer outside its locked cabinet (as it does the discovery computer) so anyone can press the power button, or provide keys to the staff officers so they can unlock it and press the power button.
(4) MDC must regularly shop the SAMs unit each week so we can purchase stamps
(5) MDC must record and provide receipts for outgoing legal mail
(6) MDC must provide makeup calls and visits when its slaves miss a day due to court

  Finally, due to the law library downtime, I ask the Court to give me a week extension for all current replies, including the motions *in limine*, jury instructions, and *voir dire*. Almost all my extension requests are due to the downtime of the MDC's Law Library computer.

Respectfully submitted,

Joshua Adam Schulte