Joshua Adam Schulte, *pro se*

May 12, 2022

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

I write the Court regarding mistrial concerns ahead of the retrial. I have a couple issues I want to raise with the Court to ensure there is a contingency plan.

The first is the issue of COVID-19. I have recently learned from standby counsel that the courts typically declare a mistrial if the defendant tests positive for COVID-19. <u>I hope to avoid this at the trial</u>. As an initial matter, I was infected with COVID-19 along with the rest of the pretrial SAMs inmates at MCC almost immediately after the pandemic began. The MCC quarantined infected inmates downstairs from the SAMs unit in the SHU, and the SHU Lieutenant responsible for the quarantined inmates also brought us our food. I was asymptomatic aside from the loss of smell. Due to this infection and my strong immune system (I have not been sick for 15 years), I opted out of the experimental vaccine; contrary to public opinion, while mRNA vaccines appear safer than other vaccines, they are based upon accelerating the body's typical immune response, and completely unnecessary for those with strong immune systems who have already been infected. Regardless, I am not vaccinated nor do I intend to become vaccinated before the retrial.

I ask the Court *not to declare a mistrial* if I or any of the other attorneys become infected. I ask that I continue to come to trial, but simply wear a mask (whether or not there is a mask mandate in effect). I also ask that we only select jurors who consent to proceedings with potentially infected individuals. Thus, in the event I am infected, an attorney, or even a juror, so long as they are asymptomatic, do not mind continuing with the trial, and the others do not mind that they are infected, the Court should **NOT** declare a mistrial.

*United States v. Schulte*, S3 17 Cr. 548 (JMF); May 12, 2022 letter from *pro se* defendant

  The second issue I bring to the Court is the ongoing MDC issues. I need a way to both bring information from the trial to my torture cage, and to bring material from my torture cage to the trial. At the first trial, the defense team provided me the trial transcripts immediately when they became available via DVD. I then brought the DVD back to my cage to review the materials, and write questions for cross examination or other data, burned it to DVD, and brought it with me to the trial. Some days I worked well into the night to prepare information for the next day. I will need similar resources at the retrial. As I adapt my cross examinations, exhibits, or other information, I will need a mechanism to bring this material to court. I will also need a mechanism to bring the court transcripts back so I can work on this material.

  I will not be able to go to the law library after court, nor would it be helpful as I would not have any changes until much later at night, potentially after count. Since the MDC refuses to provide the printer outside my torture cage anymore, and no longer allows me a DVD burner (despite all others having laptops with DVD burners), I am caught between a rock and a hard place. Standby counsel offered the solution of bringing my laptop from the prison to the courtroom, along with the power cable. I think this is a workable solution, so long as the Court approves it for the Marshals (I am not aware of any policy that precludes this). Thus I also ask to be able to use the laptop throughout the trial to type notes and prepare other information.

  Alternatively, I would need some mechanism for taking data to and from court, which would most likely require a DVD burner—which the Court has already refused to provide.

Respectfully submitted,

Joshua Adam Schulte