UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                      :

UNITED STATES OF AMERICA             :

       -v.-                            :        S3 17 Cr. 548 (JMF)

JOSHUA ADAM SCHULTE,             :

              Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

# GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

                                          DAMIAN WILLIAMS
                                          United States Attorney for the
                                          Southern District of New York
                                          *Attorney for the United States*
                                          *of America*

David W. Denton, Jr.
Michael D. Lockard
Assistant United States Attorneys
     *-Of Counsel-*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                        :

UNITED STATES OF AMERICA         :

              -v.-                             :        S3 17 Cr. 548 (JMF)

JOSHUA ADAM SCHULTE,         :

                  Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## GOVERNMENT'S PROPOSED EXAMINATION
## OF PROSPECTIVE JURORS

      The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate. If further questions might influence other prospective jurors, or might prove embarrassing to the juror, or would disclose sensitive information, the Government requests that such questioning take place at the bench or in the robing room. The Government further requests that all follow-up questioning conclude with an inquiry whether the particular fact or circumstances would influence the juror in favor of, or against, either the Government or the defendant.

### Problems with Perception

    1.     Do any of you have a problem with hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

    2.     Do any of you take medication which would prevent you from giving full attention to all the evidence at this trial?

3. Do any of you have any difficulty in reading or understanding English?

4. Do you have any religious, philosophical, or other beliefs that would make you unable to render a fair and impartial verdict based upon the law and the evidence?

## The Charges

5. This is a criminal case. The defendant, JOSHUA ADAM SCHULTE, has been charged with the commission of a number of federal crimes in a nine-count Indictment returned by a Grand Jury sitting in this District. The Indictment is not evidence, and is not proof of a crime. It is merely a document that specifies the criminal charges against the defendant. Those of you who are selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I would like to give you a brief summary of the charges now, so that we can determine whether there is anything about the charges that would make it impossible for you to sit as a fair and impartial juror. After I summarize the charges, I will ask a series of questions. If you have an affirmative response to any of my questions, and would feel uncomfortable responding in open court, let me know and I will hear your answer at the bench or in the robing room.

6. The Indictment charges the defendant with nine counts. The charges include six counts relating to the defendant's alleged unlawful theft of national defense information from the Central Intelligence Agency ("CIA")'s Center for Cyber Intelligence ("CCI"). These charges stem from the defendant's alleged theft of national defense information from CIA computer systems in or about 2016 and his transmission of that information to the organization WikiLeaks.org, which posted the information online under the names Vault 7 and Vault 8 between March and November 2017.

7. The Indictment also charges the defendant with two counts relating to his alleged

unlawful disclosure and attempted disclosure of other national defense information at various points in or about 2018.

8. The Indictment also charges the defendant with one count relating to obstruction of justice through false statements the defendant allegedly made to the FBI in 2017 during its investigation of the theft of the information disclosed by WikiLeaks.

9. Do any of you have any personal knowledge of the charges in the Indictment as I have described it? Have you read or heard anything about this case, including any accounts in the press or on websites? If so, is there anything that you have read or heard that would cause you to feel that you cannot decide the facts of this case fairly and impartially?

## Nature of the Charges

10. As I explained earlier, the defendant in this case is charged with offenses that involve the alleged theft of national defense information from the CIA. Do any of you feel that you could not view fairly and impartially a case involving such charges? Has anyone formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

11. The charged offenses in this case also involve the alleged transmission by the defendant of national defense information to WikiLeaks. Do any of you feel that you could not view fairly and impartially a case involving such charges? Has anyone formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes? Do you have any opinion, favorable or unfavorable, about organizations, such as WikiLeaks, or individuals who release to the public classified government documents and information without authorization?

12. Some of the crimes charged in this case allege violations of 18 U.S.C. § 793, which is part of a law called the Espionage Act. Do any of you feel that you could not view fairly and impartially a case involving the Espionage Act? Has anyone formed an opinion that the crimes set forth in the Espionage Act should not be illegal?

13. Some of the crimes charged in this case allege violations of 18 U.S.C. § 1030, which is part of a law called the Computer Fraud and Abuse Act, or CFAA. Do any of you feel that you could not view fairly and impartially a case involving the CFAA? Has anyone formed an opinion that the crimes set forth in the CFAA should not be illegal?

14. Do any of you have any opinion about the enforcement of federal laws more generally that might prevent you from being fair and impartial in this case? Do any of you believe that any of these crimes should not be illegal or that such laws should not be enforced? Do any of you have any opinions or beliefs about the enforcement of these or other federal laws that might prevent you from being fair and impartial in this case?

## **Knowledge of Trial Participants**

15. Do any of you know, or have you had any direct or indirect dealings with the defendant, JOSHUA ADAM SCHULTE *[Please ask the defendant to stand.]* Do any of you know, or have you had any direct or indirect dealings with any relatives, friends, or associates of the defendant?

16. To your knowledge, do you have any relatives, friends, associates, employers, or employees who know, or who may have had any dealings with, the defendant, or with any relatives, friends, or associates of his?

17. The Government is represented officially here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Damian

Williams.  Do any of you know Mr. Williams?  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys David W. Denton, Jr. and Michael D. Lockard.  They will be assisted by Special Agents Sean Collins and Vincent Lai of the Federal Bureau of Investigation, also known as the FBI, and Charlotte Cooper, a paralegal in the United States Attorney's Office.  *[Please ask each to stand.]*  Do any of you know Mr. Denton, Mr. Lockard, Special Agents Collins or Donaldson, or Ms. Cooper?  Have any of you had any dealings, either directly or indirectly, with any of these individuals?

18. A defendant in a criminal case has a constitutional right to waive his right to a lawyer and represent himself in Court and to act as his own attorney.  The defendant has chosen to do that in this case, and so he will be representing himself in this trial and acting as his own attorney during the proceedings in this case.  Do any of you have any opinions or beliefs about a defendant who chooses to represent himself that might prevent you from being fair and impartial in this case?

19. Although the defendant has chosen to represent himself, he is assisted by lawyers, called standby counsel.  The defendant's standby counsel in this case are Sabrina Shroff, Deborah Colson, and Shayana Kadidal.  Do any of you know Ms. Shroff, Ms. Colson, or Mr. Kadidal?  Have any of you had any dealings, either directly or indirectly, with any of them?

20. I am now going to give you a list of additional names of people, businesses, and locations that may be mentioned during the trial.  When I am finished, please raise your hand if you know any of the people, businesses, or locations I name, or if you have had any direct or indirect dealings with them.  *[A list of witnesses and other people, businesses, and locations likely to be mentioned during the trial will be supplied prior to voir dire.]*

21. Do any of you have relatives, friends, associates, employers, or employees who, to

your knowledge, either know or have had some dealings with any of these individuals, businesses, or specific locations?

### Relationship with the Government

22. Do any of you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York; or with any member of the staff of the FBI; or with any other law enforcement agency?

23. Have any of you, either through any experience you have had, or anything you have seen or read, developed any bias or prejudice for or against the United States Attorney's Office, the FBI, or any other federal, state, or local government law-enforcement agency?

24. Do any of you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the Central Intelligence Agency, or CIA?

25. Have any of you, either through any experience you have had, or anything you have seen or read, developed any bias or prejudice for or against the CIA, the alleged victim of some of the crimes charged in the Indictment, or any other U.S. intelligence agency, such as the National Security Agency?

### Prior Jury Service

26. Have you ever served as a member of a grand jury, whether in federal, state, or local court? If so, when and where?

27. Have you ever served as a juror in a trial in any court? If so, in what court did you serve and was it a civil or criminal case? What type of case was it? Without telling us what the verdict was, please tell us whether the jury reached a verdict in that case.

**Experience as a Witness, Defendant, or Crime Victim**

28. Have you, or has any relative or close friend of yours ever been involved, or appeared as a witness, in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or Governmental agency?

29. Have you or has any relative or close friend of yours ever been a witness or a complainant in any hearing or trial, whether federal, state, local, or in another country?

30. Are you, or is any member of your family or close friend, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case either here, or in another country?

31. Have you or has any member of your family, any associate, or close friend, ever been charged with a crime, either in the United States or in another country?

32. To your knowledge, have you or has any relative, associate, or close friend ever been the subject of any investigation or accusation by any federal or state Grand Jury?

33. Have you, or has any friend or relative of yours, ever been a victim of a crime of any kind, either in this country or abroad?

**Ability to Render a Fair Verdict**

34. *Law Enforcement Witnesses.* The witnesses in this case will include agents with the FBI and other law enforcement personnel. Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

35. Do you have strong feelings or opinions either in favor or against the FBI? Would those opinions make it difficult for you to render a wholly fair and impartial verdict?

36. *CIA Witnesses.* The witnesses in this case may also include current and former officers and employees with the CIA, as well as contractors who work or have worked for the

CIA. Would you be more likely to believe or disbelieve a witness merely because he or she works or has worked for the CIA?

37. Some of the CIA witnesses may testify as to intelligence gathering activities that were engaged in by the CIA. Would the fact that the CIA may conduct intelligence gathering activities make it difficult for you to render a wholly fair and impartial verdict?

38. Some of the CIA witnesses may testify using their first name or other protective measures because of the nature of their work with the CIA. Would the fact that a witness may testify without using his or her true name or uses some other means of concealing his or her identity affect your ability to assess the credibility of that witness or your ability to be an impartial juror?

39. *Classified Information*. This case will involve classified documents the government alleges relate to national security. Many of these documents were classified. For trial purposes, I have authorized the use of such documents with redactions, that is deletions, of certain information, and, frequently, the substitution of certain words or phrases for the redacted material in order to protect classified information.

40. Is there anything about the use of classified documents, the use of redacted documents, or the use of documents that have had some words or phrases replaced with unclassified substitutions that would affect your ability to weigh fairly the evidence received at trial or your ability to be an impartial juror?

41. Have you, or has any close relative, ever received any training regarding classified information? Have you, or has any close relative, ever possessed a security clearance for classified information?

42. Have you, or has any close relative ever been investigated for or charged with the

possession of classified government documents without authorization, or the unauthorized disclosure of classified information? Have you, or has any close relative, ever been denied a security clearance or ever lost a security clearance?

43. Jurors who are selected to serve on this jury will be required to hold in strict confidence classified information you are exposed to at trial, even after your jury service ends. Disclosure of any of this classified information, even to your spouse, other close relatives, or friends, could involve a violation of federal law. Would this obligation affect your ability to serve as a juror in this case?

44. Would you have any objections or concerns about looking at classified information during this trial?

45. *Expert Witnesses*. You may hear testimony in this case by expert witnesses. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

46. *Searches*. Some of the evidence may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches at trial?

47. *Electronic Communications.* Some of the evidence in this trial will be presented in the form of recorded conversations, as well as text messages, chat messages, e-mail messages, and social media. I instruct you that these communications were properly obtained by the Government and that it is proper for this evidence to be introduced at trial for your consideration. Do any of you have any feelings or opinions about the use of evidence obtained by law enforcement from recorded conversations that could affect your ability to be fair in this case?

48. *Particular Types of Evidence*.  Does anyone have any expectations about whether certain types of evidence, such as DNA or fingerprint analysis, should be presented by the Government at a criminal trial?  Would any of you be unable to follow my instructions that the Government is not required to use any particular technique investigating and presenting evidence of a crime?

49. *WikiLeaks*.  You will hear the organization WikiLeaks mentioned in this case.  You may also hear the name Julian Assange.  Do you have feelings or opinions about either WikiLeaks or Julian Assange that would affect your ability to serve as a fair and impartial juror?

50. *Press*.  There has been some news coverage of this case.  Have you read anything about Joshua Schulte or about this case in the press?  If so, what have you read or heard?  If you have read or heard about this case, would it affect your ability to serve as a fair and impartial juror?

## Persons Not on Trial

51. You may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

## Function of the Court and Jury

52. The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law you must take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think the law should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the

Indictment. Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of the law that I will give you in this case?

53. Do any of you have any legal training, or have any relative or close friend who is an attorney? If so, would this for any reason prevent you from applying the law in this case as stated by the Court? Will each of you accept my instruction that you are not to discuss the case with anyone, including attorneys you may know, until you are excused as jurors?

54. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant on trial here is guilty or not guilty?

55. Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves that particular defendant's guilt beyond a reasonable doubt. Would any of you have difficulty accepting and applying this rule of law?

56. In a criminal case the burden of proof remains with the prosecution. It never shifts to the defendant. For the jury to return a verdict of guilty as to any charge, the prosecution must prove beyond a reasonable doubt each and every element of the charge you are considering. A person charged with a crime has absolutely no burden to prove that he or she is not guilty. Would any of you have difficulty accepting and applying this rule of law?

57. I will also instruct the jury that as you consider whether the Government has met its burden of proof, you must consider each count of the Indictment separately. Is there anyone who feels he or she cannot evaluate each count separately?

58. You are required by law to make your decision based solely on the evidence or lack of evidence presented in Court, and not on the basis of conjecture, suspicion, sympathy, or

11

prejudice. Would any of you have difficulty accepting and applying this rule of law?

59. A defendant in a criminal case has the right to testify and the right not to testify. If a defendant does not testify, the jury may not draw any inference against him based on that decision. The fact that a defendant chooses not to testify may not enter into a jury's deliberation at all. Would any of you have difficulty accepting and applying this rule of law?

60. Do any of you believe that our system of criminal justice improperly favors either the prosecution or the defense?

61. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do any of you feel that, even if the evidence established the guilt of a defendant beyond a reasonable doubt, you might not be able to render a guilty verdict against the defendant for reasons unrelated to the law and the evidence, including any religious, philosophical, or other belief?

62. In the alternative, if the Government fails to prove the defendant's guilt beyond a reasonable doubt, is there any juror who feels he or she could not render a verdict of not guilty with respect to the defendant?

63. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

64. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?

## Individual Juror's Background

The Government respectfully requests that the Court ask each juror to provide the following information:

    a. the juror's current county of residence and prior counties of residence during the last five years;

    b. the juror's highest level of education;

    c. the juror's current occupation and the name of the juror's employer;

    d. the period of employment with that employer;

    e. the same information concerning other employment of the juror within the last five years;

    f. whether the juror has other members of his/her household;

    g. the occupations of other adult members of the juror's household and of any children of the juror who are employed;

    h. from which sources the juror receives his/her daily news, including any foreign news sources;

    i. which television and radio programs the juror watches or listens to on a regular basis;

    j. which Internet websites the juror visits on a regular basis;

    k. whether the juror is active in any associations, organizations, clubs, or unions; and what else the juror does in his/her spare time.

*   *   *

From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom—what we call a "sidebar"—or by calling a recess. Please understand that while you are waiting, we are working. The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the Rules of Evidence and to avoid confusion and error.

Now, we will be going to sidebar to discuss whether any jurors should be struck for cause.

> *[Discuss and resolve for-cause challenges at sidebar.]*

## Requested Instruction Following Impaneling of the Jury

1. From this point on, until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family and friends.

2. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me, and to no one else, including your fellow jurors. In this regard, please let me explain to you that the attorneys and the defendant are not supposed to speak with any juror, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will and should ignore you. Please do not take offense. They will only be acting properly by doing.

3. If anything should happen involving any of you that is of an unusual nature, or

which you think is something the Court should be told about, do not discuss it with any other juror. Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say. Of course, I do not expect anything unusual or improper to happen.

Dated:    New York, NY
          May 17, 2022

                                      Respectfully submitted,

                                      DAMIAN WILLIAMS
                                      United States Attorney for the
                                      Southern District of New York

                 By:          /s/
                                      David W. Denton, Jr.
                                      Michael D. Lockard
                                      Assistant United States Attorneys