UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JOSHUA ADAM SCHULTE,

          *Defendant.*

S3 17 Cr. 548 (JMF)

# JOSHUA ADAM SCHULTE'S SUPPLEMENTAL MOTION IN LIMINE TO PRECLUDE INADMISSIBLE GOVERNMENT EXHIBITS

Joshua Adam Schulte
Slave #79471054
Metropolitan Detention Center (MDC)
P.O. Box 329002
Brooklyn, NY 11232

# TABLE OF CONTENTS

I. TABLE OF AUTHORITIES ................................................................................ ii
II. PRELIMINARY STATEMENT ......................................................................... 1
III. INADMISSIBLE EXHIBITS ............................................................................. 2
   A. 800 Series -- Prison Evidence ...................................................................... 2
      1. Irrelevant Exhibits .................................................................................. 2
      2. Incomplete Exhibits ................................................................................ 3
   B. 1300 Series -- Non-CIA Electronic Accounts .............................................. 4
      1. 1301*: WordPress status ........................................................................ 4
      2. 1302*: Buffer status ............................................................................... 4
      3. 1303*: Emails ......................................................................................... 4
      4. 1304*: Jason Bourne .............................................................................. 4
      5. 1305*: Google Search History from 2018 ............................................. 4
   C. 1400 Series -- NY Media ............................................................................. 5
      1. 1405*: IRC ............................................................................................. 5
   D. 1600 Series -- Schulte NY Apt - Hardcopy Documents .............................. 5
      1. GX 1616: The OIG Email ...................................................................... 5
      2. GX 1617: Unclassified Emails from the CIA ........................................ 5
      3. GX 1618: Planned Cross-Examination .................................................. 6
      4. GX 1619: Various Protective Order Documents ................................... 6
      5. GX 1621: Shredded Unclassified CIA Documents ............................... 6
      6. GX 1622: Diplomatic Passport ............................................................. 6
      7. GX 1623 – GX 1644: Pictures of Mr. Schulte's New York City Apartment 7
   E. 2000 Series -- Prison Calls and Transcripts ................................................. 7
IV. CONCLUSION ................................................................................................... 8

## I.   TABLE OF AUTHORITIES

**Rules**

Fed. R. Evid. 401 ................................................................................................2, 4, 6

Fed. R. Evid. 403 ................................................................................................ passim

Fed. R. Evid. 501 ................................................................................................6

Fed. R. Evid. 502 ................................................................................................6

## II.   PRELIMINARY STATEMENT

The government recently produced its proposed trial exhibits. Several of these proposed exhibits are inadmissible under the Federal Rules of Evidence. There was no way for Mr. Schulte to previously move to preclude or suppress these exhibits as he did not know the government intended to introduce them at trial. Accordingly, the Court should accept this supplemental motion *in limine* and ultimately exclude the irrelevant or otherwise inadmissible exhibits.

### III.   INADMISSIBLE EXHIBITS

**A.   800 Series -- Prison Evidence**

Mr. Schulte objects to the form of many of the "Prison Evidence" exhibits, and outright objects to other exhibits that are entirely irrelevant—particularly the screenshots the snitch took of the various cellphones.

**1.   Irrelevant Exhibits**

The following exhibits are irrelevant to any charges in the indictment and must be excluded per Fed. R. Evid. 401

*a)   GX 811: Apartment Lease*

GX 811 is Mr. Schulte's New York City Apartment lease agreement from 2016, W2s, and other irrelevant information. GX 811 should be excluded in its entirety for relevance.

*b)   GX 820\*: Snitch Cellphone Screenshots*

GX 820-1 – GX 820-449 are 270 exhibits of entirely irrelevant screenshots of cellphone information, search history, pictures of documents that the government already exhibits in full, and other useless information. The exhibits are all irrelevant pursuant to Fed. R. Evid. 401. To the degree that the Court finds any of it to be relevant, it should still be precluded under Fed. R. Evid. 403 for "confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.*

*c)   GX 821-1 and GX 822-2: Text Messages and Extracted Metadata*

GX 821-1 and GX 822-2 exhibit text messages and extracted metadata; this information is entirely irrelevant to the charges in the indictment, and therefore inadmissible. To the degree that any of it is deemed relevant, it should nonetheless be excluded under Fed. R. Evid. 403.

### d) GX 828 and GX 829: Protective Order

GX 828 and GX 829 detail the Court's protective order and subsequent hearing before Judge Crotty. These exhibits were relevant to the Contempt of Court charge that Mr. Schulte was convicted before the first trial. This information is neither relevant nor admissible at the retrial.

### 2. Incomplete Exhibits

The following exhibits are missing information, cherrypicked, or otherwise incomplete. The evidence must be provided in its entire context, otherwise it must be excluded under Fed. R. Evid. 403 for confusing and misleading the jury.

### a) GX 801: Malware of the Mind

The government should not be allowed to exhibit the two pages of the 146-page document. Indeed, Mr. Schulte intends to read the entire document into evidence. Accordingly, the government should provide an agreed-upon redacted version of Malware for introduction at trial (it discusses the child pornography charges and other inadmissible information, in part).

### b) GX 806 and GX 809: Prison Notebooks

The government should not be allowed to exhibit the few, cherrypicked pages of the prison notebooks. The entire prison notebooks, including all redacted pages for privilege, are relevant and necessary to alert the jury to the types of information typically entered into the notebooks. Moreover, the government should provide color scans of the front covers for a more accurate version of the document for the jury to see.

### c) GX 813: The Email

The government should not be allowed to exhibit only the few, cherrypicked pages of The Email, presented without the accompanying email header; this is entirely misleading. The

government should be required to exhibit the entire email including the email header demonstrating when it was written, and who it was sent to.

### B.    1300 Series -- Non-CIA Electronic Accounts

The majority of the 1300-series government exhibits are a continuation of the prison evidence, and likewise inadmissible.

#### 1.    1301*: WordPress status

GX 1301-1, GX 1301-2, GX 1301-3, and GX 1301-4 exhibit meaningless WordPress status information. They are not relevant and should be excluded.

#### 2.    1302*: Buffer status

GX 1302-1 exhibits meaningless Buffer status information. It is not relevant and should be excluded.

#### 3.    1303*: Emails

GX 1303-1 – GX 1303-70 are 66 exhibits of entirely irrelevant emails. The exhibits are all irrelevant pursuant to Fed. R. Evid. 401. To the degree that the Court finds any of it relevant, it should still be precluded under Fed. R. Evid. 403.

#### 4.    1304*: Jason Bourne

GX 1304-1, GX 1304-2, and GX 1304-3 display pictures and other information about Jason Bourne. They are neither relevant nor admissible.

#### 5.    1305*: Google Search History from 2018

GX 1305-3 and GX 1305-4 display Google Search History from 2018; this information is neither relevant not admissible.

### C.     1400 Series -- NY Media

The 1400-series exhibits entail forensic artifacts from the electronic media seized from Mr. Schulte's New York City Apartment.

#### 1.     1405*: IRC

GX 1405-1 – GX 1405-12 exhibit 12 samples of IRC chats. Mr. Schulte already moved *in limine* to exclude all IRC chats because they are not true logs based upon any IRC client, and are otherwise deliberately fabricated. Mr. Schulte additionally objects to the 1405 series of exhibits because they do not provide a reference year for the jury, are stale, and otherwise inadmissible. These exhibits are additionally inadmissible because they are not relevant to any of the charges in the indictment; even if they were deemed relevant, they still must be excluded for unfair prejudice, confusing the issues, and misleading the jury.

### D.     1600 Series -- Schulte NY Apt - Hardcopy Documents

The 1600-series exhibits detail physical evidence seized from Mr. Schulte's New York City Apartment.

#### 1.     GX 1616: The OIG Email

GX 1616 is a copy of the OIG email Mr. Schulte printed from the CIA, which he believed to be unclassified and marked it unclassified pursuant to his authority as a derivative classifier. The government already plans to exhibit the OIG email. There is no relevance into introducing the fact that Mr. Schulte possessed a copy of this email—which, again, he believed to be unclassified; it is not relevant to any of the charges against Mr. Schulte.

#### 2.     GX 1617: Unclassified Emails from the CIA

GX 1617 is a legitimately unclassified email. Again, the government already intends to introduce a copy of this email. There is no relevance into introducing the fact that Mr. Schulte possessed a copy of this email.

### 3. GX 1618: Planned Cross-Examination

GX 1618 is a handwritten copy of planned cross-examination of the witness at the Loudoun County Protective Order Hearing. There is no relevance into introducing planned cross-examination notes, which, are protected by privilege. Accordingly, GX 1618 is inadmissible due to irrelevance, Fed. R. Evid. 401, privilege, Fed. R. Evid. 501 and Fed. R. Evid. 502, and even if it were found to be relevant, it should still be excluded pursuant to Fed. R. Evid. 403 for unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

### 4. GX 1619: Various Protective Order Documents

GX 1619 encompasses several different documents all relating to the Loudoun County Protective Order. They should all be excluded for the same reasons as GX 1618, *supra*. GX 1619 is a document prepared for, and delivered to, several employee litigation firms, which is protected by privilege, irrelevant, or otherwise inadmissible.

### 5. GX 1621: Shredded Unclassified CIA Documents

GX 1621 encompasses multiple shredded ***unclassified*** CIA documents that the FBI reassembled. The majority are emails that the government is already introducing. There is simply no reason to inform the jury that Mr. Schulte shredded ***unclassified*** CIA documents; it is irrelevant to any of the pending charges. To the degree that any of the documents are deemed relevant, they should be excluded pursuant to Fed. R. Evid. 403 for unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

### 6. GX 1622: Diplomatic Passport

A copy of Mr. Schulte's diplomatic passport should be excluded for the same reasons, *supra*.

### 7. GX 1623 – GX 1644: Pictures of Mr. Schulte's New York City Apartment

Pictures of Mr. Schulte's New York City Apartment are irrelevant or should otherwise be excluded for the same reasons, *supra*. GX 1636, however, is relevant, as it displays the multiple hard drives and computer equipment owned by Mr. Schulte.

### E. 2000 Series -- Prison Calls and Transcripts

The 2000-series exhibits encompass several selected prison calls from April 17, 2018 in which Mr. Schulte speaks to his family and a reporter. Mr. Schulte does not discuss any classified information, and merely reiterates the same points already included as exhibits from CIA emails and interviews. Mr. Schulte states that infrastructure branch (IB) was incompetent, that he reported the insecurity and vulnerability of DevLAN to management, and other timelines of events during his time at the CIA. None of this information is relevant to the charges in the indictment, and to the degree any of it is deemed relevant, it should still be excluded pursuant to Fed. R. Evid. 403. At the very least, the beginning of the calls designating them as prison calls should be removed as well as any references to incarceration—which is highly prejudicial to Mr. Schulte.

## IV.    CONCLUSION

For these reasons, the Court should order the irrelevant or otherwise inadmissible government exhibits excluded from trial.

Dated: New York, New York

     May 20, 2022

Respectfully Submitted,

  /s/   **Joshua Adam Schulte**

Joshua Adam Schulte
Slave # 79471-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232