UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

JOSHUA ADAM SCHULTE,

          *Defendant.*

S3 17 Cr. 548 (JMF)

---

# DEFENDANT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

Joshua Adam Schulte
Slave #79471054
Metropolitan Detention Center (MDC)
P.O. Box 329002
Brooklyn, NY 11232

## TABLE OF CONTENTS

I. PROPOSED EXAMINATION OF PROSPECTIVE JURORS ........................ 1
II. BACKGROUND OF THE CASE AND THE VOIR DIRE PROCESS ......... 1
III. PROPOSED QUESTIONS ................................................................................ 4
    A. General Questions ................................................................................. 4
    B. Knowledge of the CIA and Media Coverage ................................. 4
    C. Knowledge of the Parties ..................................................................... 5
    D. Views about the Government and Lawyers .................................... 6
    E. Experience with and Views of the Criminal Justice System ....... 7
    F. Victim of a Crime .................................................................................. 8
    G. National Defense Information ............................................................ 9
    H. Prior Jury Service .................................................................................. 9
    I. Ability to Follow the Law ................................................................... 9
    J. Questions for Individual Jurors ........................................................ 11
    K. Summary Question .............................................................................. 12
IV. CONCLUSION .................................................................................................. 13

## I. PROPOSED EXAMINATION OF PROSPECTIVE JURORS

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, Joshua A. Schulte requests that the Court include the following questions in its oral examination of prospective jurors. Extended *voir dire* is necessary to identify potential juror prejudice caused by the extensive media coverage of this and other cases involving Mr. Schulte and is necessary to preserve Mr. Schulte's right to a fair trial and an impartial jury.

Mr. Schulte also requests that the Court pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate. In addition, if a juror's answer reveals that the juror may have seen or become aware of these or other charges against Mr. Schulte, the Court is requested to pursue more detailed questioning regarding what the juror may have seen or heard outside the presence of the other jurors.

Prior to questioning the panel, Mr. Schulte requests that the Court inform the jury of the nature of the case, and also inform the jury that he is representing himself in this matter.

## II. BACKGROUND OF THE CASE AND THE VOIR DIRE PROCESS

This is a criminal case. The charges against Mr. Schulte are set forth in an indictment. An indictment is a formal method of accusing a defendant of a crime. It's not evidence of any kind. It merely states what crimes the government will attempt to prove that the defendant committed. It is the government's burden to establish Mr. Schulte's guilt beyond a reasonable doubt. I will instruct the jury on this burden of proof and what it means after all the evidence is presented.

Mr. Schulte has pleaded not guilty to the indictment — that is, he has denied the charges made by the government. The accusations and Mr. Schulte's denial of those accusations raise issues of fact that must be decided by the jury on the basis of the evidence that will be presented in court.

I have no knowledge of the actual facts of this case and nothing that I say today or at any time during the trial is to be considered evidence. I will, however, briefly summarize the charges in the indictment so that we can determine whether there is anything about the charges that would make it difficult or inappropriate for any of you to sit as a fair and impartial juror. Those of you who are selected to sit as jurors will receive a detailed explanation of the charges at the conclusion of the case and after closing arguments.

The indictment in this case contains a total of 9 counts. Mr. Schulte, once an employee of the CIA, is charged with computer fraud and abuse of the CIA's DevLAN computer network to obtain and transmit national defense information from the CIA to WikiLeaks in 2016. The indictment also charges Mr. Schulte with two counts of unlawful disclosure and attempted disclosure of national defense information at various points in 2018. Finally, the indictment charges Mr. Schulte with obstruction of justice for allegedly making false statements to the FBI in 2017.

Again, the indictment is not evidence. It merely contains formal accusations. The government has the burden of producing evidence sufficient to prove Mr. Schulte's guilt on any count beyond a reasonable doubt. And Mr. Schulte is presumed to be innocent.

I expect the trial will last about ___ days. Sometimes a trial lasts longer or shorter than the judge or the lawyers expect, but I wanted to give you some idea of what we expect at this point. I'll tell you a little more about our schedule once the jury is selected.

In a moment, I'm going to ask you all to respond to certain questions. If you have an answer to any question you prefer not to give in public, just let us know and the lawyers and I will hear you up here at the bench. During the questioning, you may be excused from serving as

a juror in this case. If you happen to be one of those excused, it is no reflection on you. This is all part of our system of justice, which is intended to provide all parties with a jury that they believe will be fair to them. You will have done your duty by your presence and readiness to serve if chosen.

Before I begin with the questioning, I must give you a few simple rules of law that will guide all of us during a trial. The function of the jury is to decide questions of fact — that is, to decide any disputed questions about what actually happened in connection with this case. You, who are chosen as jurors, will be the only judges of the facts, and nothing I or the lawyers say or do may in any way intrude on your role as the exclusive fact finders based on the evidence presented here in the courtroom. In particular, it's not up to me to decide what happened or even to have an opinion about what happened. If you get the impression from anything I say or do that I do have an opinion about the facts, you should disregard it.

When it comes to the law, however, as distinguished from the facts, you must take your instructions from me, and you are bound by those instructions. You may not substitute your own ideas of what the law is or what you think it ought to be. At the conclusion of the case, your job will be to determine whether the government has proven its case beyond a reasonable doubt according to my instructions on the law.

I'm going to begin with a series of general questions. Please raise your hand if your answer to any of the questions is yes. If your answer is no, you don't have to do anything. If you raise your hand but your answer is something that you would rather not discuss in public, just say so, and we'll hear you up here at the bench.

### III. PROPOSED QUESTIONS

#### A. General Questions

This trial is expected to take about ___ days.

1) Is there anything that would prevent anyone from serving as a juror for that period of time?

2) Does anyone have any problem with your hearing or vision that would prevent you from giving their full attention to all the evidence in the case?

3) Does anyone have any difficulty in understanding or reading English that would make it difficult for you to follow the evidence in this case?

4) Is anyone taking any medication or does anyone have some other health problem that would prevent you from giving full attention to the evidence as it's presented to you?

5) Does anyone have any doubt that you would be able to evaluate each witness' credibility without bias or prejudice?

6) Does anyone have any strong feelings about litigation or the criminal justice system in general that would make it difficult for you to be a fair and impartial juror in this case?

7) Does anyone have any doubt that you would be able to decide this case based solely on the evidence presented at the trial here in the courtroom and not based on any other information?

#### B. Knowledge of the CIA and Media Coverage

8) Do you have any personal knowledge concerning this case or know anything about the facts of this case other than what I have told you?

9) Have you heard, read, or seen anything from newspapers, television, radio, the internet, friends, family, or any other source, regarding Josh Schulte? What have you heard, read, or seen?

10) If you are selected as a juror, you will not be permitted to read or listen to any news about this case. You won't be allowed to do any internet research concerning it. You will only be allowed to consider as evidence information that you hear in this courtroom. You won't be allowed to write about your participation as a juror on any internet site or blog. You won't be able to discuss what you are doing, with whom you are doing it, or the events that occur during the course of the trial. This is very important. We live in a connected world, but this is a matter about which you need to focus solely on what's happening in the courtroom. Does anyone believe that you would have any difficulties complying with this extremely important instruction?

### C.     Knowledge of the Parties

The government is represented here by the United States Attorney's Office for the Southern District of New York. Mr. Damian Williams is the United States Attorney. Assistant United States Attorneys Michael Lockhard and David Dention will try the case for the government. They will be assisted by Special Agent _____ of the FBI. At times, the government will also be assisted by _____, who are legal assistants in the U.S. Attorney's Office.

11) Do you, a family member, or a close friend, know any of these individuals? Have you, or anyone you know, had any dealings with any of these individuals or with the United States Attorney's Office here in the Southern District of New York?

12) Do you, a family member, or a close friend have any associations or employment with the FBI?

13) As I mentioned at the outset, the defendant is Joshua A. Schulte. Do you, a family member, or a close friend know or have any dealings with Mr. Schulte?

14) Mr. Schulte is representing himself at this trial. He is assisted by Sabrina Shroff, Deborah Colson, and Shane Kadidal, who are acting as his standby counsel. Do you, a family member, or a close friend know or have you or anyone you know had any dealings directly or indirectly with any of the individuals?

15) Under our Constitution a person has a right to represent himself. Would any of you have any trouble sitting as a juror in a case where the defendant is representing himself?

16) I am going to read a list of names to you. These are names of people and companies that might be mentioned at trial, or who might testify at trial. The purpose of the exercise is to find out whether you know any of these people. It's a long list, but it's important that we know whether you know or have any dealings with any of the people whose names are going to be mentioned in the course of the trial.

[List of Names to be presented when Witness Lists are Exchanged]

17) Do you know or have you heard of any of these individuals or companies? Have you, a family member, or close friend ever worked at or had any contact with any of the listed companies and entities?

### D. Views about the Government and Lawyers

18) Have you, a family member, or a close friend ever been employed by or had any association with, the federal, state, or local government, or by any of its offices, departments, or agencies, including any law enforcement agency?

6

19) Are you, a family member, or a close friend a judge, law clerk, court attendant, court clerk, any kind of court personnel, probation officer, or person connected with correctional institutions or jails?

20) Have you, a family member, or a close friend ever applied for a position with any law enforcement agency?

21) Have you, a family member, or close friend been a member of a group that lobbies or takes positions on law enforcement issues on a state, federal, or local level?

22) Have you, a family member, or close friend ever been a part of any branch of the United States military or any other country's military? If so, what military branch did you serve in?

23) Have you, a family member, or close friend studied or practiced law or worked in any capacity for a law office or for a private investigator? Is there anything about that experience that would affect your ability to be impartial in this case?

24) Would you tend to give the government's witness testimony or evidence more or less weight than the defendant's evidence on the same subject, because the testimony is presented by the government?

25) Do you believe that just because a person choses to represent himself, there is something wrong with him or his decision?

26) Mr. Schulte is an ex-CIA employee. What is your opinion of the CIA?

### E. Experience with and Views of the Criminal Justice System

27) Do you believe that simply because a person has been charged with a crime that it is likely he did something wrong?

28) If, after hearing all the evidence and my instructions on the law, you found that the government has not proven its case beyond a reasonable doubt, would you feel uncomfortable finding the defendant not guilty?

29) Have you, or a relative or close friend, ever been charged with a crime? If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case? Again, if you would prefer not to give your answer in open court, please say so.

30) Have you, or a relative or close friend, ever been the subject of an investigation or accusation by any grand jury, state or federal, or any other investigation, or the recipient of a subpoena for any inquiry or investigation?

31) Have you, or has any relative or close friend, ever appeared as a witness, been involved with in an individual or business capacity, or been questioned for any investigation or inquiry by any of the following: The United States Department of Justice, the United States Attorney's Office for the Southern District of New York, the FBI, or the IRS?

### F. Victim of a Crime

32) Have you, or has any family member or any close friend, ever been a victim of a crime, or ever pressed criminal charges against someone, or tried to press criminal charges against someone? If you feel uncomfortable answering this question in open court, please say so. If so, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action.

33) Is there anything about that experience that could affect your ability to be fair and impartial in this case?

G.   **National Defense Information**

34) Do you believe that the CIA as an agency could be wrong in deciding that the release of certain information could harm the national security of the United States?

35) Are you of the opinion that just because the prosecutor refers to something as National Defense Information, it is national defense information?

H.   **Prior Jury Service**

36) Have you ever served as a juror before in any type of case?

37) If so, please state whether each case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

38) Have you served as a grand juror, which is different? If you have done so, please indicate where and when you served, and describe, in general terms, the kinds of cases you heard.

39) For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

I.   **Ability to Follow the Law**

40) Every defendant is presumed innocent and can't be convicted unless the jury unanimously, based solely on the evidence in the case, decides that his guilt has been proven beyond a reasonable doubt. The burden of proving guilt beyond a reasonable doubt rests entirely with the government. The defendant has no burden of proof whatsoever. Would any of you have any difficulty in following this instruction?

41) Under the law, an indictment is merely a list of formal charges and is not considered proof of any wrongdoing. The fact that the defendant has been indicted is entitled to no weight at all in deciding whether a defendant is innocent or guilty. Is there anyone who would have any difficulty in accepting this principle?

9

42) The burden of proof in a criminal case beyond a reasonable doubt is greater than in a civil case. In a criminal case, the defendant is presumed innocent. The government has to prove guilt beyond a reasonable doubt whereas in a civil case the plaintiff's burden is only to show that he or she is more likely than not to be entitled to relief. And that is, of course, a much lesser standard than the beyond-a-reasonable-doubt standard. Some of you have had experience in civil cases. And so you understand that it's a different burden and a much higher burden in a criminal case. Is there anyone who does not understand that the burden of proof in a criminal case beyond a reasonable doubt is higher than the preponderance -of-the- evidence test that you use in a civil case?

43) Under the law, the defendant does not have to testify or even present any evidence. If the defendant does not testify, the jury cannot draw any unfavorable inference against the defendant based on that decision. That fact can't enter at all into the jury's deliberation. Would any of you have any difficulty in applying this principle?

44) Under the law, the defendant is under no obligation to present any evidence or case on his own behalf. If the defendant elects not to present any evidence, the jury can't draw any adverse inference against the defendant based on that decision. Again, that fact can't enter at all into the jury's deliberation. Would any of you have any difficult in following that instruction?

45) Conversely, should the defense counsel decide to put on a case on the defendant's behalf, that fact does not in any way shift the burden of proof to the defendant. And it doesn't diminish the obligation of the government to prove the defendant's guilt beyond a reasonable doubt. Would any of you have any difficult in following that principle?

46) The law provides that only the evidence that's produced here in court may be used by you to determine whether the government has met its obligation of proving the defendant's guilt beyond a reasonable doubt. Nothing that happens outside of court, nothing in your background can play any role in that. It's only what you hear and see in this courtroom. Is there anyone who would have difficulty in applying that principle?

    **J.**    **Questions for Individual Jurors**

Now, let me find out some general information about each juror.

Starting with Juror No. 1:

47) What is your name, date of birth, and place of birth?

48) What is you county and general section or community of residence? How long have you resided there? Do you own or rent your home? (If fewer than five years, the same questions with respect to prior residence.)

49) What is your educational background? What is the highest level of schooling you have completed?

50) What is your present employment? Where is your place of work? What is the nature of your work? How long have you held your current position? (If fewer than five years, the same questions with respect to prior employment.) If retired, what did you do before?

51) Do you have a spouse or partner? If so, how is he or she employed?

52) Do you have any children? How old are they? Do any of them live at home with you? If they are adults, how are they employed?

53) Have you or any relatives ever served in the military?

54) Have you or any relatives ever worked for a government agency?

11

55) Have you ever held a job related to computer information? Have you ever written computer code?

56) Are you familiar with Linux or Virtual Machines?

57) How do you like to spend your spare time?

58) Do you belong to or hold any leadership positions in any associations, clubs, unions, or volunteer organizations? If so, please describe.

59) What is the main way you get news: from newspapers, television, the internet, or otherwise? Which specific newspapers, television shows, or websites?

60) What types of newspapers, magazines, books and news or business websites do you read on a regular basis?

61) What television programs do you watch on a regular basis?

62) Do you watch NCIS, CSI, Law & Order, or any other type of crime drama?

63) What radio programs do you listen to on a regular basis?

64) Who is a historical figure you admire?

65) How comfortable are you sitting in this courtroom every day given the fact that we are in the middle of the COVID-19 pandemic?

66) Do you know anyone else on this jury panel?

    K.    **Summary Question**

67) As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror. So let me ask you directly, is there anything — whether I have asked specifically about it or not — that would affect your ability to render a fair and impartial verdict in this case?

## IV. CONCLUSION

Mr. Schulte respectfully submits this *voir dire* proposal. Mr. Schulte asks the Court to provide the parties copies of its final *voir dire* for review and to make any relevant objections.

Dated: New York, New York
       May 23, 2022

Respectfully Submitted,

Joshua Adam Schulte
Slave # 79471-054
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

13