

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 24, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*,
               S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter regarding the defendant's supplemental notice pursuant to Section 5 of the Classified Information Procedures Act ("CIPA"), filed yesterday afternoon, May 23, 2022 (the "Supplemental Notice"). The Supplemental Notice, encompassing broad swaths of general categories of classified materials, represents the defendant's latest notice pursuant to § 5 since the February 18, 2022, deadline for such notices ordered by the Court (D.E. 628) and was received by the Government less than three weeks before the June 13, 2022, trial date. The Supplemental Notice is, in addition to its many fatal deficiencies on the merits, wildly untimely and prejudicial. For the reasons set forth below, the Court should deny the defendant's notice.

      Section 5 requires that "the defendant shall, within the time specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing" of classified information the defendant seeks to disclose. 18 U.S.C. App. 3 § 5(a). The Court has long been clear that the defendant's notice pursuant to Section 5 was due on February 18, 2022. (*See* D.E. 628 at 1; D.E. 650 at 2; D.E. 711 at 1). "If the defendant fails to comply with the requirements of subsection (a) the court may preclude disclosure of any classified information not made the subject of notification." 18 U.S.C. App. 3 § 5(b). "The Court's preclusion powers under CIPA resemble those under the preclusion powers of the Federal Rules with respect to alibi and insanity defenses." *United States v. North*, 708 F. Supp. 389, 397 (D.D.C. 1988) (collecting authorities). In those analogous contexts, it is well-established that "a defendant who fails to comply with the time requirements waives his right to raise [the asserted] defense." *United States v. Duggan*, 743 F.2d 59, 80 (2d Cir. 1984).

      The Supplemental Notice is unquestionably untimely: it comes more than 13 weeks after the February 18, 2022, deadline for CIPA § 5 notice, and approximately three weeks after the conclusion of the Court's schedule for all CIPA proceedings. That schedule was set by the Court for good reason: the CIPA issues in this matter have been numerous and complex and, while many

Case 1:17-cr-00548-JMF   Document 824   Filed 05/24/22   Page 2 of 4

Page 2

of those issues were raised and resolved prior to the February 2020 trial, the defendant has continued to raise new issues under § 5 and § 6. Under the Court's schedule, the Government had one month to respond to the defendant's § 5 notice pursuant to § 6(a); the defendant had three weeks to respond to the Government's filing; and a hearing would be held approximately three weeks after the defendant's final response date, with CIPA proceedings concluding approximately one month before trial. (D.E. 628). This schedule ensured that any CIPA matters would be timely raised, that the Court and the parties would have sufficient time to address them with the care and attention they deserve, and that the parties would have the certainty of the Court's rulings sufficiently in advance of trial in order to prepare accordingly.

Not only is the Supplemental Notice wildly untimely, but the defendant (a) failed to request an extension of his time to file § 5 notices prior to the expiration of his deadline or, indeed, at any time thereafter; and (b) offers an utterly unpersuasive excuse for his belated filing. The defendant claims that he could not have raised the matters contained in the Supplemental Notice by his deadline because they are based on the Government's proposed exhibits and materials pursuant to 18 U.S.C. § 3500. This claim, however, is frivolous. The defendant received proposed exhibits and 3500 materials in advance of the trial held more than two years ago in February 2020. The defendant participated in that trial, observed the witnesses' testimony, and has received transcripts of that testimony. The Government later produced proposed exhibits and 3500 materials for the retrial on May 13, 2022, as ordered by the Court. (D.E. 733 at 2). The Government's proposed trial exhibits are substantively identical to those identified prior to the February 2020 trial,[1] and the 3500 material is similarly substantively identical to the material the defendant has had since the conclusion of the prior trial. The defendant does not even attempt to claim that his Supplemental Notice is based on new exhibits or new evidence. Moreover, prior to the defendant's § 5 deadline, the Government had set forth repeatedly and at length an overview of the evidence against the defendant in multiple responses to motions and CIPA filings. There is no basis for any assertion that the defendant lacked notice or could not have "reasonably expect[ed]" any of the claimed bases on which he now seeks to disclose additional classified information.

Moreover, the defendant was well aware of the deadline for the exchange of proposed exhibits and 3500 materials for months prior to filing the Supplemental Notice, yet never sought permission to file a § 5 notice after the deadline for receiving those materials. He has instead used that time to file a torrent of letters, motions, and appellate filings. (*See, e.g,*. D.E. 716, 722, 725, 730, 734, 735, 736, 744, 750, 752, 753, 759, 763, 764, 768, 772, 775, 779, 792, 801, 807, 808, 816). The defendant's failure to timely seek an extension further militates against permitting the untimely notice.

The defendant's failure to comply with the Court's deadlines is particularly prejudicial here. The Government, in consultation with the CIA, believes it likely that it would not be possible to resolve the issues raised by the Supplemental Notice in advance of the currently scheduled trial date. The Government's and CIA's efforts to respond would also divert resources and significantly hamper the Government's trial preparation. This, too, is sufficient reason to deny the defendant's untimely notice. *Cf. United States v. Polanco-Antonio*, No. 90 CR. 751 (CSH), 1992 WL 170676,

---

[1] The Government expects to update its expert witness demonstrative and summary exhibits, but those updates are principally for purposes of organization and appearance. No new data or analysis is included.

at *1 (S.D.N.Y. July 7, 1992) ("A Rule 12.2 application may be denied as untimely if it could have been made earlier within the time frame of the trial schedule, but was delayed to the extent that granting the application would force an adjournment."). "[T]he accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). "[T]he function of [Section 5] is frustrated when notice is given after the 'time provided' as well as when the evidence is offered without any prior notice. In either instance, a continuance is or may be required. Orderly trial preparation is disrupted. The defendant is seeking unfair advantage despite the rules, rather than a fair trial under the rules." *United States v. Edwards*, 90 F.R.D. 391, 397 (E.D. Va. 1981) (precluding Rule 12.2 notice).

Moreover, the Supplemental Notice is facially deficient in failing to identify the classified information that he wishes to disclose at trial with sufficient particularity to enable the government to identify the records the defendant is referring to and to effectively respond. "'Cause' [for a late filing] consists not only of explanation for the belatedness of the party's action, but also of a showing of some merit in the position belatedly to be advanced." *Duggan*, 743 F.2d at 80. The defendant's vague assertions that the broad swaths of materials are "necessary" fails to even meet the basic requirement of Section 5 that "the defendant state, with particularity, which items of classified information entrusted to him he reasonably expects will be revealed by his defense in this particular case," *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983)—much less establish sufficient merit to support a finding of good cause. In addition to its lack of particularity, the Supplemental Notice also relies heavily on an *ex parte* submission, to the point where the entire justification for the defendant's notice with respect to certain categories of classified information is wholly unknown to the Government. Judge Crotty previously recognized that there is no basis to permit the defendant to withhold his Section 5 notice, which by statute must be provided to "the attorney for the United States," 18 U.S.C. App. 3 § 5(a), noting that such a course "would be both ineffective and inefficient." (D.E. 142). The defendant cannot evade the requirement that he serve notice on the Government by choosing to incorporate by reference *ex parte* materials.

Accordingly, the Government respectfully requests that the Court deny the defendant's untimely and inadequate Supplemental Notice. *See, e.g.*, D.E. 757 at 1 (denying defendant's

Page 4

requests based on untimeliness and other grounds), 701 (denying defendant's motion to suppress as untimely and without merit).

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

by:    /s/
       David W. Denton, Jr./Michael D. Lockard
       Assistant United States Attorneys
       (212) 637-2744/-2193

cc:    Standby Counsel (by ECF)
       Joshua Adam Schulte (by mail)