```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
                                                                       :
                -v-                                                    :    17-CR-548 (JMF)
                                                                       :
JOSHUA ADAM SCHULTE,                                                   :    ORDER
                                                                       :
                Defendant.                                             :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On May 23, 2022, Defendant filed a supplemental Classified Information Procedures Act ("CIPA") Section 5 Notice ("Notice").[1] The following day, the Government filed a letter asking the Court to deny the Notice in its entirety because (1) it is "untimely and prejudicial" and (2) it "fail[s] to identify the classified information that [Defendant] wishes to disclose at trial with sufficient particularity to enable the government to identify the records [he] is referring to and to effectively respond." *See* ECF No. 824 at 1, 3. The Government's arguments are not without force — the deadline for Defendant to file Section 5 Notices has long since past and it may be impossible at this late stage to litigate the CIPA Section 6 issues raised by Defendant's latest Notice between now and the June 13, 2022 trial date. That said, the Court is not prepared to categorically deny or strike Defendant's latest Notice in its entirety at this time.

Instead, having reviewed Defendant's Notice and the Government's letter, the Court orders as follows:

- Defendant asks the Government to make available four items of evidence, which he contends do not contain any classified information, or from which classified information could be easily redacted. *See* Notice §§ A.1-4. The Government is ordered to file a response by **June 1, 2022,** stating (1) whether the evidence Defendant seeks is classified;

---

[1] Defendant's Notice was not delivered to the Court until May 24, 2022.

- (2) if so, whether the evidence could be redacted to exclude classified information; and (3) if so, whether the Government is willing to, or should be ordered to, redact the exhibits. The parties should confer to determine whether they can come to agreement on these issues without further intervention of the Court.

- Defendant also seeks declassification of certain interviews, *see* Notice § B.1, USB or thumb drives, *id.* §§ B.2 (thumb drives), C.3 (USB drive), and the file listing of a certain tool from the Stash repository, *id.* § B.2. The Government is ordered to file any motion pursuant to CIPA Section 6(a) or 6(c) as to those issues by **June 1, 2022.** That is to say, in the interest of streamlining the CIPA litigation in the brief period available prior to trial, the Government should address *both* whether the proposed evidence is admissible and whether they would seek to a substitute to disclosing the information. Additionally, to the extent these issues were previously addressed by the Court, the Government should provide copies of those decisions. Finally, the Government should explain in its motion, with particularity, how Defendant could reasonably have anticipated any need for this information prior to the original CIPA Section 5 Notice deadline. Any response from Defendant shall be due **June 6, 2022.** No reply will be permitted absent leave of the Court.

- The remainder of Defendant's requests are for additional forensic discovery. *See* Notice §§ B.2 (source code), B.3 (source code), C.1-7 (seeking access to forensic mirror images of various servers); D (seeking independent forensic examination). Those requests are DENIED. To begin with, Defendant's request for additional forensic discovery has been the subject of extensive litigation and has been repeatedly denied. *See* ECF No. 124 (granting in part the Government's CIPA Section 4 Motion and denying Defendant's request for "a complete forensic copy of the Schulte Workstation and DevLAN"); ECF No. 514 (denying Defendant's renewed request, after the first trial, for "full 'mirror' images of the CIA's ESXi and FSO1 ('NetApp') servers"); ECF No. 823 (denying Defendant's request for "the CIA's Stash and Confluence backups that were allegedly stolen and transmitted to WikiLeaks"); *see also* Notice § D (acknowledging that Defendant's request for additional forensic discovery "has been litigated for the entirety of this case"). In fact, Defendant appears to be seeking reconsideration of those decisions, made pursuant to CIPA Section 4, via a Section 5 Notice. Indeed, much of the information Defendant seeks in his Section 5 Notice is the <u>exact same information</u> he was previously denied. *Compare* Notice §§ C.4 (seeking access to the "Schulte CIA Workstation"), C.7 (seeking access to the "ESXi server") *with* ECF No. 124 (denying Defendant's request for access to the Schulte CIA Workstation) *and* ECF No. 514 (denying Defendant's request for access to the ESXi server). Those requests are not a proper use of CIPA Section 5.[2] Moreover, Defendant was invited, only four weeks ago, to file an expert affidavit explaining his need for additional forensic discovery. *See* ECF Nos. 787-1. Defendant contends that the issues he now raises could not have been anticipated before seeing the Government's trial exhibits and 3500 material, but that contention is wholly unpersuasive as to forensic discovery. Defendant has long had access to the Government's experts' testimony from the first trial, as well as their more

---

[2]  To be clear, it may be that some of the arguments Defendant raises in his motion as to the forensic evidence are proper arguments for Defendant or his expert to make at trial. But they do not entitle him to further access to classified information.

recent submissions in response his expert affidavit, *see* ECF Nos 791-1, 791-2.  For all the foregoing reasons, Defendant's Notice as to forensic discovery is denied.

SO ORDERED.

Dated: May 25, 2022
       New York, New York

                                                JESSE M. FURMAN
                                          United States District Judge