

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 16, 2022

**BY EMAIL (LETTER)**                          **FILED UNDER SEAL**
**BY HAND (WITH CLASSIFIED ENCLOSURES)**       **USG-CONFIDENTIAL**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*,
              **S3 17 Cr. 548 (JMF)**

Dear Judge Furman:

      The Government respectfully submits this letter in response to the defendant's letter dated April 29, 2022, initially submitted to the Court *ex parte* and provided to the Government pursuant to the Court's order on May 11, 2022 (the "Letter"). In the Letter, the defendant seeks various relief based on discovery materials produced to him that the Government obtained from a separate, ongoing criminal investigation ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (the "▮▮▮▮▮▮ Investigation Materials"). Because the materials relate to, and disclose the existence and scope of, an ongoing criminal investigation that is neither known to the public nor to all of the targets of the investigation, and because they include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the materials are designated "USG-CONFIDENTIAL" and subject to the unclassified discovery protective order filed in this matter. (D.E. 11 (the "Protective Order")). The discovery production cover letters that accompanied the ▮▮▮▮▮▮ Investigation Materials are enclosed as classified exhibits to this letter. (Ex. A).

      The defendant contends that the materials provided to him from this other investigation are "relevant and helpful to the defense," and seeks an order compelling the production of additional materials; funds for an investigator; and for the removal of the materials from the scope of the Protective Order so that the defendant can publicly disclose them in motions and at trial. (Ltr. at 1).

      The Government takes no position on the defendant's request for funds for an investigator. However, the defendant is incorrect that the ▮▮▮▮▮▮ Investigation Materials are helpful to him. To the contrary, those materials are entirely consistent with the evidence of the defendant's guilt and with the Government's theory of how the defendant committed the charged offenses, and do

not point to an alternative perpetrator. The Government does not intend to use any of the ▆▆▆ Investigation Materials at trial, such that they also are not material to the preparation of the defense for that additional reason. Nonetheless, the defendant has been provided with records that are more than sufficient for him to attempt to identify any exculpatory value, and is not entitled to more. Moreover, because the ▆▆▆ Investigation Materials relate to an ongoing criminal investigation, and their disclosure could cause serious harms to that investigation and other law enforcement interests, his request to remove them from the scope of the Protective Order should be denied.

I. The ▆▆▆ Investigation Materials

As described in the discovery production cover letters, as part of the ▆▆▆ investigation, ▆▆▆ Also as part of the ▆▆▆ investigation, ▆▆▆

Upon being alerted to the existence of potentially discoverable material by the other investigative team, the Government undertook substantial efforts to identify any relevant information and data for disclosure to the defendant. The Government has, to date, provided the defendant with ▆▆▆ and certain identified relevant information ▆▆▆ (*See* Ex. A (discovery letters)).

A. ▆▆▆

▆▆▆

▆▆▆

B. ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ Following an extensive process of ▮▮▮▮▮ ▮▮▮▮ the Government produced to Schulte ▮▮▮▮▮▮▮▮

▮▮▮▮ The Government has alerted the investigative team conducting the ▮▮▮ investigation of the potential discoverability of materials relating to ▮▮▮▮▮▮▮ In the event that any additional information or data relating to ▮▮▮▮ is identified by the investigative team conducting the ▮▮▮▮ investigation, the Government prosecution team in

this case will take steps to promptly review those materials and to make any necessary disclosures. The Government is not currently aware of the presence of additional potentially discoverable data related to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in these other items. (*See generally* Ex. A).

## II.   The Defendant's Requests to Compel and to Remove the Protective Order Protections Should Be Denied.

Schulte asks for an order compelling ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ltr. at 1), including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ and other relevant information" (*id*. at 5). In other words, Schulte seeks an order compelling the indiscriminate production of ▓▓▓▓▓▓▓▓▓▓▓▓ regardless of whether it has any bearing on ▓▓▓▓▓▓▓▓▓▓▓▓. Because, as described above, the Government already has produced information relating to ▓▓▓▓▓▓▓▓ that is more than sufficient to permit the defendant to attempt to identify any exculpatory value to the materials, and the defendant has identified no additional records that are material to the preparation of his defense, the motion should be denied.

The Government's disclosure obligations in any case are governed by Federal Rule of Criminal Procedure 16 and the principles discussed in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. These obligations, though broad, are not limitless. *See United States v. Agurs*, 427 U.S. 97, 106 (1976) (noting that the Government is under "no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor"); *United States v. Ruggiero*, 472 F.2d 599, 604 (2d Cir. 1973) (reasoning that the purpose of *Brady* "is not to provide the defendant with complete disclosure of all evidence in the government's file which might conceivably assist him in the preparation of his defense, but to assure that he will not be denied access to exculpatory information known to the government but unknown to him"); *United States v. Conyers*, No. 15 Cr. 537 (VEC), 2016 WL 7189850, at *7-11 (S.D.N.Y. Dec. 9, 2016) (addressing the Government's discovery obligations). Rather, the Government is required to provide the defense with all discoverable material called for by Rule 16 and *Brady*.

Rule 16(a)(1)(E) requires the Government, upon the request of a defendant, to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: the item is material to preparing the defense; [or] the government intends to use the item in its case-in-chief at trial . . . ." In a motion to compel discovery, "[t]he defendant must make a prima facie showing of materiality and must offer more than the conclusory allegation that the requested evidence is material.'" *United States v. Weigand*, No. 20 Cr. 188 (JSR), 2020 WL 5105481, at *11 (S.D.N.Y. Aug. 31, 2020) (quoting *United States v. Urena*, 989 F. Supp. 2d 253, 261 (S.D.N.Y. 2013)); *see also United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991); *United States v. Akasha*, No. 14 Cr. 716 (VM), 317 F. Supp. 3d 786, 794 (S.D.N.Y. 2018) (denying motion to compel where defendants "fail[ed] to make a prima facie showing that the documents they seek from the Government would be material to any non-frivolous defense to their prosecution"). Evidence is material within the meaning of Rule 16 if it "could be used to counter the government's case or to bolster a defense. . . ." *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993) (internal citations omitted). Put another way, evidence is material if its "pretrial disclosure will enable a defendant to alter significantly the quantum of proof in his favor." *United States v. Giffen*, 379 F. Supp. 2d 337, 342 (S.D.N.Y. 2004)

(citations omitted). "Rule 16 does not entitle a criminal defendant to a broad and blind fishing expedition among items possessed by the Government on the chance that something impeaching might turn up," *United States v. Scully*, 108 F. Supp. 3d 59, 123 (E.D.N.Y. 2015); hence the well-established rule that merely speculative or "conclusory" allegations are plainly insufficient to establish materiality. *United States v. McGuinness*, 764 F. Supp. 888, 894 (S.D.N.Y. 1991).

The Government does not intend to offer the ▆▆▆ Investigation Materials as part of its case-in-chief, nor are they helpful to the defendant or material to the preparation of the defense. ▆▆▆ and in any event they have been disclosed in their entirety. ▆▆▆ are also not helpful to the defendant: contrary to Schulte's contention that ▆▆▆ is critical to the defense" with ▆▆▆ (Ltr. at 1-2), ▆▆▆

Schulte also argues that the fact of ▆▆▆ is exculpatory because (1) if Schulte had stolen classified information from the CIA and transmitted it to WikiLeaks to harm the Government, ▆▆▆ and (2) ▆▆▆ (Ltr. at 3). Schulte's first assertion bears no relationship to ▆▆▆ or to how the offense was committed. ▆▆▆ Schulte's second assertion, which is inconsistent with his first, has no bearing on the relevance, helpfulness, or admissibility of the ▆▆▆ Investigation Materials, which contain no evidence of ▆▆▆

Finally, Schulte argues that ▆▆▆ shows that the stolen classified information was obtained by hackers, rather than by an insider like Schulte. (Ltr. at 5). Schulte's argument is based on ▆▆▆

---

[2] To the extent that Schulte's claims are interpreted as an assertion that ▆▆▆ even crediting his incorrect assertion that ▆▆▆ are helpful to him, the Government has discharged its ▆▆▆

Schulte also asks for an order removing the ▬▬▬ Investigation Materials from the scope of the Protective Order "for use in motions and at trial." This request, too, should readily be denied. Rule 16(d) grants District Courts the discretion to establish conditions "under which defense counsel may obtain access to discoverable information." *In re Terrorist Bombings*, 552 F.3d 93, 122 (2d Cir. 2008). Good cause for such a protective order exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006). Protective orders are appropriate where the public disclosure of certain materials will jeopardize ongoing investigations of other criminal actors. *See, e.g.*, *United States v. Guzman Loera*, 24 F.4th 144, 154–55 (2d Cir. 2022) (holding that protective order's limitations on dissemination of discovery containing, among other things, "information related to ongoing investigations," were "restrictions . . . well within the discretion of the District Court under Rule 16(d)(1)"); *United States v. Smith*, 985 F. Supp. 2d 506, 531-32 (S.D.N.Y. 2013) (collecting cases). Good cause to maintain the protections of the Protective Order exist here—it is beyond dispute that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and the scope of the ongoing investigation into those activities is both sensitive and not publicly known. First, with respect to motions, the Protective Order is no bar to Schulte's ability to refer to the ▬▬▬ Investigation Materials in motions filed with the Court. The protected information need only be filed under seal. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (noting that potential for disclosure to "adversely affect law enforcement interests" can support sealing of judicial documents). Removing the materials from the scope of the Protective Order is unnecessary for this purpose. Second, with respect to trial, Schulte has only generically asserted that he intends to introduce ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and has otherwise failed even to attempt to identify what other protected materials he would seek to introduce or to articulate a basis for admitting them at trial. For the reasons described above, ▬▬▬▬▬▬▬▬▬▬▬ are not admissible and Schulte has not pointed to any other materials he would introduce. Should he identify proposed exhibits the Government can respond more concretely to the admissibility of any such materials, but Schulte's arguments relating to trial do not in any way support lifting the Protective Order provisions.

As noted above, the Government takes no position on the defendant's request for funds for an investigator.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr./Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744/-2193

cc:  Standby Counsel (by email)
     Joshua Adam Schulte (by mail)