

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 1, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Joshua Adam Schulte*,
              S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government writes, pursuant to the Court's May 19, 2022 Order (D.E. 811), to advise the Court of the Government's consultations with relevant parties, among others, the defendant, the U.S. Marshals Service ("USMS"), the Bureau of Prisons ("BOP"), the Classified Information Security Officer ("CISO"), and the Department of Justice's Office of Enforcement Operations ("DOJ-OEO") and to propose certain procedures regarding the conduct of trial in this matter.

      First, with respect to the defendant's access to the Courthouse Secure Compartmented Information Facility ("SCIF") during trial, the USMS has advised that, if the defendant wishes, he can be brought to the SCIF from the conclusion of each trial day until approximately 5:30 p.m. before being returned to the Metropolitan Detention Center ("MDC"). These SCIF visits will be conducted in the same manner as the defendant's current scheduled SCIF days, and will continue to be jointly monitored by personnel from both the USMS and the Federal Bureau of Investigation.

      Second, after each trial day, the BOP has advised that the defendant will be afforded access to his unit's law library facilities, including the printer. BOP has advised that unit staff has been made fully aware that Schulte's requests to use the law library and printer should be granted as much as possible subject to other scheduled slots by another unit inmate and/or institution emergencies.

      Third, the USMS and BOP have each advised that they have no objection to the defendant transporting his laptop to and from the MDC each day during trial along with the defendant's other legal papers. The defendant will not be allowed to bring the laptop into the SCIF pursuant to the generally applicable rules barring any outside electronics in that space, but will otherwise be able to have access to it during the trial day at the Courthouse. The Government was advised today that the defendant's current laptop was broken (*see* D.E. 838), and is working with defense counsel, the MDC, and the IT staff of the U.S. Attorney's Office to ensure that a replacement obtained by standby counsel can be provided to the defendant expeditiously.

Page 2

Fourth, with respect to the trial itself, the USMS has advised that the defendant will be permitted to stand at the podium for jury addresses and examination of witnesses, and to move back and forth between the podium and his seat at the defense table.  The USMS has further advised, however, that the defendant will not be permitted to approach witnesses or the sidebar.  With respect to approaching witnesses, the Government would propose to provide an additional copy of the unclassified and classified 3500 binders for each witness that can be placed on the witness box so that, if the defendant wishes to attempt to refresh a witness's recollection or otherwise use 3500 material, he can do so by directing the witness to those binders without a need to approach the witness box.  With the exception of the limited number of exhibits that the Government proposes to introduce in classified form (which either the Government or standby counsel can facilitate providing to a witness as necessary), all other exhibits will have been addressed through the Classified Information Procedures Act process and should be available in unclassified, electronic form and the Government can facilitate showing them to witnesses through the display monitors in the Courtroom.  As for sidebars, the USMS has advised that the defendant can be brought to the robing room or jury room as needed for discussions outside the hearing of the jury.

Fifth, with respect to the Special Administrative Measures ("SAMs"), DOJ-OEO has advised that no modification of the SAMs is necessary to permit the defendant to address the jury, examine witnesses, or otherwise conduct his defense in the courtroom at trial.  Although neither the defendant nor standby counsel has requested any other modification to the SAMs, the Government is nevertheless working with DOJ-OEO on a temporary modification of the SAMs through the duration of the trial that would allow the defendant to speak by phone with witnesses pursuant to the same terms generally applicable to his non-legal calls with family members (subject to certain additional modifications necessary to, for example, permit witnesses to have their own counsel present on such a call if they wish).

The Government appreciates the Court's attention to these issues, and will be prepared to address any other questions regarding trial logistics at the conferences on June 3 and June 8, 2022.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr./Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744/-2193

cc:   Standby Counsel (by ECF)
      Joshua Adam Schulte (by mail)