Joshua Adam Schulte, *pro se*

June 2, 2022

**BY HAND**

Judge Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    RE: *United States v. Joshua Adam Schulte*, S3 17 Cr. 548 (JMF)

Dear Judge Furman:

    The Court asked the parties to prepare for a discussion about the severed charges at the last pretrial conference. I write the Court ahead of the conference regarding my position.

    I am not yet prepared to request a trial date or waive my right to counsel for the severed charges—it all depends upon my own perceived evaluation of my performance at the first trial. I expect a not guilty verdict on all counts, and anything less will be an utter failure. Thus, it's not possible for the defense to gauge the time necessary to prepare for the next trial.

    Additionally, I note for both the Court and the government that the child pornography charges will implicate CIPA since I am falsely accused of acquiring child pornography during my employment at the CIA. First, the defense discovered that the FBI found child pornography on DevLAN or otherwise through its examination of CIA devices; since many CIA employees utilized my servers, this evidence is proper Rule 16 discovery (which has not yet been produced) especially if it points to the same individual who improperly used my web servers and storage to download and store the child pornography. Moreover, I expect to invoke an alibi defense. Several instances in which the government asserts I was downloading or viewing child pornography, I was actually at CIA functions, including assisting in an operational deployment of one of my tools. Due to the many dates in which the government falsely asserts I was involved with child pornography, I expect the introduction of about the same quantity of classified information as was involved at this trial; I have also identified approximately 9 covert officers, 17 overt officers, and at least 1 asset who could or should be able to testify about my whereabouts on many of these dates.

Finally, my former mentor previously investigated computer crimes at the CIA, including assisting on high profile espionage investigations such as the Harold Nicholson case. Based on his experience, he informed me that the CIA was a safe haven for pedophiles; the CIA routinely ignored child pornography crimes and refused to refer them to the FBI for criminal investigations. Indeed, he told me about hundreds of investigations that he was directly involved, including one that implicated a high-ranking official's daughter, who apparently turned her child pornography over to a colleague during her routine reinvestigation polygraph so she could pass (which she didn't, and the case was ultimately referred to my mentor). CIA executive staff apparently had a soft spot for child pornography, and ordered my mentor and other security investigators to stop conducting searches of CIA employees entering headquarters due to the extensive amount of child pornography discovered, among other things (drugs, particularly cocaine).

My former mentor eventually left CIA security due to this issue of child pornography and high-ranking CIA officials. He is now retired, but still one of those intelligence officers who "knows where the bodies are buried." His candor and loyalty is unquestioned, and I anticipate to elicit much from him on direct about the acceptance and encouragement of child pornography at the CIA (and others who can independently corroborate this information). This testimony is relevant and admissible not because I was one of these pedophiles, but rather, to show the jury the CIA culture implicating the largest user base of my servers.

Accordingly, while there may not be much traditional pretrial motion practice, I anticipate much difficulty in obtaining the requisite discovery from the CIA involving their recent past (or present) implicating leadership in promoting child pornography crimes as well as information concerning my alibi, particularly as it relates to CIA operations and assets. Until we delve into this vast ocean and related maelstrom (particularly by motion pursuant to CIPA § 5), the Court should hold off on setting any trial date. However, once these issues are resolved and I receive the necessary discovery to demonstrate my alibi, I hope to schedule trial ASAP.

Respectfully submitted,

Joshua Adam Schulte