

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 6, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Joshua Adam Schulte*,
              S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government writes to provide the Court and parties with updates regarding two matters addressed during the June 3, 2022, pretrial conference and with respect to the defendant's letter filed today regarding the law library computer at the Metropolitan Detention Center ("MDC") (*see* D.E. 842).

      First, with respect to the defendant's discovery laptop, which he reported to be inoperable as of June 1, 2022 (D.E. 838), the laptop was operational and returned to Mr. Schulte by the end of the day on June 3, 2022. Mr. Schulte brought the laptop to the courthouse on the morning of June 3 and it was provided to the U.S. Attorney's Office information technology staff in the early afternoon. It appears that the laptop's charger was not working and, after being charged with one of the Office's power cords, the laptop could be turned on and booted. IT staff discovered, however, that the user login for the laptop BIOS[1] had been changed. IT staff was able to log in to the laptop using an administrator BIOS account and a Windows login password provided by the defendant. IT staff also discovery an encrypted 15-gigabyte partition on the defendant's hard drive. The laptop was returned to Mr. Schulte, who confirmed that he was able to log in to the laptop and access his files, along with a replacement power cord. Mr. Schulte was admonished about electronic security requirements, that he is not permitted to enable or use any wireless capabilities on the laptop, and that attempting to do so may result in the laptop being confiscated and other consequences. Mr. Schulte returned to the MDC with the laptop.

      Second, with respect to the Special Administrative Measures ("SAMs") applicable to the defendant, as of today the defendant's SAMs have been modified to permit him to speak with

---

[1] The BIOS is firmware used to provide runtime services for operating systems and programs and to perform hardware initialization during the booting process. The BIOS settings can determine, for example, whether external ports and wireless capabilities are enabled or disabled.

prospective witnesses who have been subpoenaed for trial pursuant to the non-legal call provisions of the SAMs.

Finally, with respect to the defendant's letter that the law library computer was inoperable on May 31 and June 1, 2022, and has been inoperable since June 4, 2022 (D.E. 842), the government brought the claims in the letter to the attention of the MDC legal staff immediately after the letter was filed. Legal staff have confirmed that the law library computer is reporting an error message and advise that relevant MDC personnel will review the computer tomorrow in order to restore it.

The Government respectfully opposes the defendant's request for an adjournment of his deadline to file a reply in support of his motions to reconsider on this basis. The defendant could have raised any issues relating to May 31 and June 1 during the pretrial conference on June 3, 2022, so that the parties and the Court could address it at that time.  In addition, any issues with the law library computer demonstrably have not impeded the defendant's ability to write and file letters on a variety of issues.  (*See, e.g.*, D.E. 841 (letter dated June 2, 2022), 842 (letter dated June 4, 2022), 843 (supplemental motion *in limine* dated June 4, 2022)).  Thus, his adjournment request should be denied both because he failed to raise it during the conference when he had an opportunity to do so, and because his ability to file pretrial filings appears not to be impeded. Moreover, the defendant claims a need for legal research for a reply memorandum in support of a motion for reconsideration, which is not a filing that requires substantial legal research, and the standards for reconsideration already have been addressed by the parties and the Court on multiple prior occasions in recent months. (*See, e.g.*, D.E. 526 (denying motion for reconsideration), 757 (same), 811 (same)).  Given the substantial potential impact on the upcoming trial of the Court's decision on the defendant's motion for reconsideration of the denial of his earlier requests for severance or bifurcation, the Government respectfully requests that the Court adhere to the current schedule so that the issue can be decided by the final pretrial conference on June 8, 2022.

In the same letter, the defendant proposes to provide "a list of defense exhibits" as his "first defense exhibit notification" and to provide a "complete defense exhibit list" on Friday, June 10, 2022. The Government will bring an external DVD drive to the final pretrial conference on Wednesday, June 8, 2022, in order for the defendant to copy of all proposed defense exhibits from

his laptop to a disc on that date, which is the deadline for him to provide the Government with his proposed exhibits.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

by: _____/s/_____
        David W. Denton, Jr./Michael D. Lockard
        Assistant United States Attorneys
        (212) 637-2744/-2193

cc:    Standby Counsel (by ECF)
        Joshua Adam Schulte (by mail)