

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 7, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Joshua Adam Schulte*,
             S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government writes, pursuant to the Court's directive at the June 3, 2022 conference in this matter, to address certain limiting instructions provided by Judge Crotty during the previous trial in this matter, and to propose language regarding other limiting instructions that may be appropriate at the upcoming retrial.

      I.      **Previous Limiting Instructions**

      At the previous trial in this matter, Judge Crotty's only limiting instructions, during the testimony of Paul Rosenzweig, advised the jury that certain statements by Wikileaks.org were only admitted for the fact that they were made, and not for their truth. Those instructions were:

> THE COURT: I'll grant the instruction. Much of your objection deals with the offering of statements to prove the truth. It's not offered for that purpose but only to establish that WikiLeaks made these statements, when they did so and how the classified information was published. That's the limiting instruction I'll provide. (Tr. 52: 21-53)
>
> THE COURT: Members of the jury, let me remind you these are offered not for the truth but for the fact that Wiki[Leaks] made these statements. Not for the truth. (Tr. 74:6-8)

      II.      **Instructions Regarding Classified Exhibits and/or Classification Markings**

      With respect to the introduction of classified information or unclassified exhibits that still bore classification markings at trial, Judge Crotty did not provide any specific instruction on that subject. However, in conducting *voir dire* of potential jurors, the Court inquired:

> THE COURT: The jurors who are selected to sit on this jury must hold in strict confidence classified information that you're exposed to at trial, even after your jury service ends. Disclosure of any of the classified information, even to anyone, close relatives or friends, might involve a violation of federal law. Would that obligation affect your ability to serve as a juror in this case? Would you have any objection to looking at classified information during the trial?
> (Tr. 28:1-8)

The Government respectfully proposes that it would be appropriate for the Court to give the following instruction regarding classification markings and classified exhibits, which is adapted from the January 22, 2015 charge of the Hon. Leonie M. Brinkema in *United States v. Sterling*, 10 Cr. 485, D.E. 493 at 110-11 (E.D. Va.):

> A number of the exhibits received in evidence contain their original classification markings, such as Secret or Top Secret. Except for Exhibits [*as applicable*], which I will address shortly, all of these exhibits are now unclassified. These unclassified exhibits are public record documents and do not require any special handling procedures.
>
> Because Exhibits [*as applicable*] remain classified as [Secret/Top Secret *as applicable*], and you're going to know that because they have a [red/orange *as applicable*] cover on them when you see them in the jury room, you may not communicate the contents of these exhibits to anyone after this trial is concluded. You should draw no inference as to the guilt or innocence of the defendant from the fact that you cannot communicate anything about these exhibits.

In *Sterling*, Judge Brinkema gave this charge as part of her final instructions to the jury. To the extent the Court feels it is appropriate to give some instruction regarding the presence of classification markings or the handling of classified information either as part of preliminary instructions or when the first exhibit to which such an instruction might apply is introduced, the Government has no objection.

The Government notes that Courts have adopted differing approaches to instructing the jury on this subject. For example, in *United States v. Mallory*, 17 Cr. 154 (E.D. Va. 2018), the Hon. T.S. Ellis III gave the following instruction at the conclusion of his final instructions to the jury:

> As you all know, this has been a federal criminal prosecution concerning the delivery of national defense information, including classified information. And to try this case, the Government had to show you the national defense information that the defendant was charged with improperly delivering, attempting to deliver, and conspiring to deliver to a foreign government.
>
> Therefore, some of the documents and testimony presented to you during the trial relate to this national defense information. Under the law, the Government is entitled to have this type of information protected and to have it remain confidential even though it was discussed in the courtroom.

> Therefore, while you would ordinarily be free to discuss the trial with anyone once you have been excused from the jury service, that is, once you've reached a verdict, if you choose to do so, this case is different. I'm instructing you that you may not at any time reveal to anyone any of the national defense information or classified information discussed or referenced at trial, thus you may discuss this trial generally if you wish to do so, but you may not reveal national defense information or classified information during those discussions.

*Mallory*, 17 Cr. 154, D.E. 223 at 51. Although Judge Ellis's instruction is legally correct, the Government believes that an adaptation of Judge Brinkema's charge in *Sterling* both more directly addresses the specific issues regarding the jury's consideration of both currently and previously classified evidence, and also balances that instruction by directing the jury to draw no inference as to the guilt or innocence of the defendant from the limitations on disclosure of classified information.

### III. Instruction Regarding Material Available to the Defense

The defendant has indicated that he intends to call his expert, Dr. Steven Bellovin, to testify that certain material was not available to him or that he was unable to perform certain tests. While a defendant's expert may testify to the limitations of his review so that the jury can assess whether his opinions are based on sufficient data, an expert may not create the misleading impression that material was improperly withheld from the defendant or his expert. Indeed, the scope of the material to be produced to Schulte and his expert has been the subject of extensive CIPA litigation, and the materials produced to the defendant, including the redactions to those materials, have been approved by the Court. Accordingly, in advance of the previous trial in this matter, the Government requested that, should Schulte's expert testify that certain material was redacted or otherwise unavailable to him, the Court give an instruction along the following lines:

> You heard the witness testify that certain material was not available for him to review or that certain materials that he reviewed were redacted, meaning that parts of the materials were blacked out. You heard this testimony because it is up to you, as the jury, to determine whether an expert's opinions are based on sufficient data or expertise, and to determine what weight to give to the expert's opinions. You may not, however, consider why any material was not available to the witness to review. The reasons are not relevant to your determination of the facts of this case, and I instruct you that there was nothing improper about the fact that certain materials were not available to the defendant's expert. The Court has already determined that the materials provided to the defendant's expert, even if not exactly the same as the materials available to the Government, provide the defendant with substantially the same ability to make his defense. You should not consider the fact that I have made that determination as an expression of my opinion regarding the facts of this case. It is your job and your job alone to decide the facts of this case. I remind you that the burden of proving the defendant's guilt beyond a reasonable doubt rests at all times with the Government.

The specifics of this instruction will certainly require additional tailoring to address the particular testimony that the defendant elicits, and the Government will propose a revised instruction at that time.

### IV.    Instruction Regarding Absence of an Advice-of-Counsel Defense

There was no limiting instruction either requested or delivered regarding an advice-of-counsel defense at the prior trial. Should the defendant suggest, through testimony or argument, that his state of mind with respect to the charged offenses was based on or influenced by communications with attorneys, the Government respectfully requests the following instruction, adapted from one given by the Hon. Jed S. Rakoff in *United States v. Petit et al.*, 19 Cr. 850, D.E. 189 at 97[1] (S.D.N.Y. 2020):

> You have heard evidence regarding certain communications between the defendant and his attorneys. You should understand that there is no defense in this case of so-called reliance on counsel. The defendant does not argue that he received or relied on any advice from his attorneys with respect to any documents or the conduct charged in this matter. It is up to you to determine the relevance of the evidence that was admitted of his communications with his attorneys, and you should not speculate about any advice that his attorneys may have given him.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by:    /s/
David W. Denton, Jr./Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744/-2193

cc:    Standby Counsel (by ECF)
Joshua Adam Schulte (by mail)

---

[1] The Government has attached the relevant docketed transcripts of the *Sterling*, *Mallory*, and *Petit* cases for ease of reference.