—U.S. v. Mallory—

1173

1            UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF VIRGINIA
2                 ALEXANDRIA DIVISION


3    -----------------------------x
                                  :
4    UNITED STATES OF AMERICA,    : Criminal Action No.
                                  : 1:17-CR-154
5              versus             :
                                  :
6    KEVIN PATRICK MALLORY,       : June 7, 2018 - P.M.
                                  :
7                   Defendant.    : Volume VII of VIII
     -----------------------------x
8

9            The above-entitled Jury Trial was continued
     before the Honorable T.S. Ellis, III, United States District
     Judge.
10
                    A P P E A R A N C E S
11

12   FOR THE GOVERNMENT:

13           UNITED STATES ATTORNEY'S OFFICE
             John T. Gibbs, Esquire
             Colleen E. Garcia, Esquire
14           Jennifer K. Gellie, Esquire
             US Attorney's Office
15           2100 Jamieson Avenue
             Alexandria, VA 22314
16
     FOR THE DEFENDANT:
17
             OFFICE OF THE FEDERAL PUBLIC DEFENDER
18           Geremy C. Kamens, Esquire
             Todd Richman, Esquire
19           1650 King St
             Suite 500
20           Alexandria, VA 22314

21   OFFICIAL UNITED STATES COURT REPORTER:

22           MS. TONIA M. HARRIS, RPR
             United States District Court
23           401 Courthouse Square
             Ninth Floor
24           Alexandria, VA 22314
             703-646-1438
25

─U.S. v. Mallory─

1174

1        TABLE OF CONTENTS

2            MISCELLANY

3    Preliminary matters................................. 1175
     Jury Instructions.................................. 1180
4    Jury Question...................................... 1225
     Certificate of Court Reporter...................... 1232

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

─────U.S. v. Mallory─────

1175

1          **P R O C E E D I N G S**

2       **A F T E R N O O N   S E S S I O N**

3   (Court proceedings commenced at 1:30)

4   (Jury not present and the jury instructions conference

5   continued.)

6          THE COURT:  Is there any reason, though, why Ms.

7   Gellie is not here?

8          MR. GIBBS:  She was just behind us, Your Honor.

9          THE COURT:  I'll wait until she arrives.

10          MR. GIBBS:  Okay.  Thank you.

11          THE COURT:  Now, let me tell you while we're waiting

12   for Ms. Gellie.  The jury has requested permission to

13   deliberate in the conference room back there.  That request

14   was denied.  So they made a subsequent request to deliberate

15   in the lunchroom area.  That's going to be granted.

16          The reason is, I don't know if any of you have had

17   the occasion to see the jury room here, but it's small.  And

18   you -- you're essentially up against the wall and very close

19   to the next person.  And I understand their desire to have

20   more room and I understand their desire, especially if they're

21   going to be looking at documents and the like.

22          I'm also going to send back to the jury the physical

23   exhibits, namely, the telephone and the chip.  I don't think

24   there's any objection to that, is there?

25          MR. KAMENS:  No objection.

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

1    THE COURT:  I don't think they're going to do

2  anything with it.  But what is it that you want me to caution

3  them about it?

4    MR. GIBBS:  Well, Your Honor, I think if the phone

5  goes back, the one concern would be if it were powered up, so

6  if the battery could be taken out.

7    THE COURT:  Why don't I do it this way.  Why don't I

8  tell them that the telephone and the chip are available.  If

9  they want them, I'll provide it.  And at that time we can

10  consider whether to remove the battery or not or I'll simply

11  tell them don't turn the thing on.

12    MR. GIBBS:  That will be fine, Judge.

13    THE COURT:  I think that's the better way to do it.

14  Any objection to that, Mr. Kamens?

15    MR. KAMENS:  No objection.

16    THE COURT:  All right.  Now, let's see, I have

17  changed the verdict form, Mr. Kamens, to accommodate your

18  requests, or at least I have had the Government do it and

19  provide me with a copy.

20    Do you have another copy there, Ms. Gellie, of the

21  verdict form?

22    MS. GELLIE:  I do not, Your Honor.

23    THE COURT:  All right.  Let me show the verdict form

24  to Mr. Kamens and see if I -- if that --

25    MR. GIBBS:  We did find one, Judge.

—U.S. v. Mallory—

1177

1      THE COURT:  You did.  Hand it to Mr. Kamens.

2          Does that adequately address the issue that you

3  raised?

4          MR. KAMENS:  It does, Your Honor.  Your Honor, can I

5  have a moment to confer with counsel?

6          THE COURT:  Yes, you may.

7          (A pause in the proceedings.)

8          MR. KAMENS:  Your Honor, can I mention one issue I

9  just saw and it's not a particularly big issue.  I conferred

10  with counsel for the Government.  One of the instructions here

11  says, "Character Evidence - Reputation of the Defendant."

12          THE COURT:  Is that at the caption?

13          MR. KAMENS:  Yes.

14          THE COURT:  Well, I don't read captions.

15          MR. KAMENS:  Well, it also has that, "The defendant

16  has offered evidence of his good general reputation..."

17          And just as a point of clarity, we had an opinion --

18          THE COURT:  Just a moment.  What page number are you

19  on?

20          MR. KAMENS:  Twenty-one, Your Honor.

21          THE COURT:  I beg your pardon.

22          MR. KAMENS:  Twenty-one.

23          THE COURT:  Just a moment.  Let me look at it.  I

24  changed it on --

25          (A pause in the proceedings.)

—U.S. v. Mallory—

1178

1    THE COURT:  All right.  It isn't reputation
2  evidence.
3    MR. KAMENS:  Correct.
4    THE COURT:  So it ought to read, "has offered
5  evidence of a character trait..."
6    MR. KAMENS:  Correct.
7    THE COURT:  "A risk-taking."  Would that be correct?
8    MR. KAMENS:  Yes.  And "patriotism."
9    THE COURT:  Yes.  How about "has offered opinion
10 evidence"?
11   MR. KAMENS:  Yes, Your Honor.
12   THE COURT:  "Of his patriotism and a character trait
13 of risk-taking."
14   MR. KAMENS:  That's fine, Your Honor.
15   THE COURT:  Mr. Gibbs.
16   MR. GIBBS:  That's fine, Judge.  And I would just
17 note in the next paragraph.  I guess it should read, "evidence
18 of this opinion evidence..."  Or it repeats the reputation
19 language.
20   THE COURT:  Yeah, it should get out -- "Evidence of
21 a defendant's" -- why don't we just say, "evidence
22 inconsistent with those -- those traits of character..."?
23 Leave out, "of a defendants."
24   MR. GIBBS:  No objection.
25   MR. KAMENS:  No objection.  That's fine, Your Honor.

———U.S. v. Mallory———

1179

1    THE COURT:  And then the last sentence has to

2  change.  "Unlikely that a person..."  why not say, "improbable

3  or unlikely that a person..."

4    MR. KAMENS:  "Of patriotic character," Your Honor?

5    THE COURT:  Any objection to that?

6    MR. GIBBS:  No, Your Honor.  I believe that was the

7  testimony.

8    (A pause in the proceedings.)

9    THE COURT:  No, I don't think that captures it.

10  Just a minute.

11    (A pause in the proceedings.)

12    THE COURT:  How about, "that a person who is a

13  patriotic citizen" because that's what the evidence was?

14    MR. KAMENS:  That's fine.

15    THE COURT:  "Who is a patriotic citizen would commit

16  such a crime or crimes."

17    Any objection?

18    MR. GIBBS:  No, Your Honor.

19    THE COURT:  All right.  Are we ready to go?

20    MR. GIBBS:  One last point on the question about the

21  exhibits.  They will have a number of clips.  Will they be

22  provided with a laptop if they do want to listen to those?

23    THE COURT:  Yes.

24    MR. GIBBS:  Thank you.  That was my only --

25    THE COURT:  Let me confirm that.  Ms. Pham?

———U.S. v. Mallory———

1180

1    THE DEPUTY CLERK:  Yes.

2    THE COURT:  The answer is, "yes."  And I'll be

3  reminded to tell them that.

4                    JURY INSTRUCTIONS

5    THE COURT:  Members of the jury, now that you've

6  heard the evidence and arguments of counsel, it becomes my

7  duty to give you instructions as to the law applicable to this

8  case.  Now, you will not have these instructions in written

9  form, because they really don't exist in a form that I'm

10  prepared to give to you.  But you will have a tape recording

11  of the instructions as I give them to you so that you can

12  listen to all or portions of it, if you wish.  You're

13  certainly not required to.

14    All right.  All of the instructions given to you by

15  the Court, those given to you at the opening or beginning of

16  the trial, those given to you during the trial, and these

17  final instructions must guide and govern your deliberations.

18  And it is your duty as jurors to follow the law as stated by

19  the Court and to apply the rules of law to the facts as you

20  find them from the evidence in the case.

21    Now, as I told you at the outset, counsel have quite

22  properly referred to some of the governing rules of law in

23  their arguments.  If, however, any difference appears to you

24  between the law as stated by counsel and the law as provided

25  to you by the Court, of course you are to be governed by the

──U.S. v. Mallory──

1181

1    Court's instructions.

2         Now, nothing I say or -- nothing I say in these

3    instructions is to be taken as an indication that I have an

4    opinion as to -- about the facts of the case or what that

5    opinion is.  It's not my function to determine the facts.

6    That's your function.

7         You're not to single out one instruction alone as

8    stating the law, but must consider the instructions as a whole

9    and neither are you to be concerned with the wisdom of any

10   rule of law stated by the Court.

11        Regardless of any opinion you may have as to what

12   you think the law ought to be, it would be a violation of your

13   sworn duty as jurors if you ignore the law as I give it to you

14   and apply some other law.

15        It would also be a violation of your sworn duty as

16   jurors of the facts to base a verdict upon anything but

17   evidence in the case.

18        You've been chosen as jurors for this trial in order

19   to evaluate all of the evidence received and to decide each of

20   the factual questions presented by the allegations brought by

21   the Government and the indictment and the pleas of not guilty

22   by the defendant.

23        In deciding the issues presented to you for decision

24   of trial, you must not be persuaded by bias, prejudice, or

25   sympathy for or against any of the parties in this case or by

—U.S. v. Mallory—

1182

1  any public opinion.

2          You should not be influenced by any person's race,

3  color, religion, national ancestry, or sex.  Justice through

4  trial by jury must always depend upon the willingness of each

5  individual juror to seek the truth as to the facts from the

6  same evidence presented to all the jurors and to arrive at a

7  verdict by applying the same rules of law given to you by the

8  Court.

9          Now, as I've told you at the outset, the law

10  presumes a defendant to be innocent of a crime, thus the

11  defendant, although accused, begins the trial with a clean

12  slate with no evidence against him and the law permits nothing

13  but legal evidence presented before the jury to be considered

14  in support of any charge against the accused.

15          So the presumption of innocence alone is sufficient

16  to acquit a defendant unless the jurors are satisfied beyond a

17  reasonable doubt of the defendant's guilt after careful and

18  impartial consideration of all the evidence in the case.

19          It's not required that the Government prove guilt

20  beyond all possible doubt.  The test is one of reasonable

21  doubt.

22          The jury will remember that a defendant is never to

23  be convicted on mere suspicion or conjecture.  The burden is

24  always on the prosecution to prove guilt beyond a reasonable

25  doubt and this burden never shifts to a defendant for the law

─U.S. v. Mallory─

1183

1    never imposes on a defendant in a criminal case a burden or

2    duty of calling any witnesses or producing any evidence.

3          So if the jury, after careful and impartial

4    consideration of all the evidence in the case, has a

5    reasonable doubt that a defendant is guilty of the charge, it

6    must acquit.

7          Now, there's nothing particularly different in the

8    way that a juror should consider the evidence in a trial from

9    that in which any reasonable and careful person would treat

10   any very important question that must be resolved by examining

11   facts, opinions, and evidence.

12         You're expected to use your good sense in

13   considering and evaluating the evidence in the case for only

14   those purposes for which it has been received and to give such

15   evidence a reasonable and fair construction in the light of

16   your common knowledge of the natural tendencies and

17   inclinations of human beings.

18         If a defendant be proved guilty beyond a reasonable

19   doubt, say so.  If not proved guilty beyond a reasonable

20   doubt, say so.  Keep constantly in mind that it would be a

21   violation of your sworn duty to base a verdict upon anything

22   other than the evidence received in the case and the

23   instructions of the Court.

24         Remember as well, as I've already mentioned, the law

25   never imposes on a defendant in a criminal case the burden or

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

─U.S. v. Mallory─

1184

1   duty of calling any witnesses or producing any evidence

2   because the burden of proving guilt beyond a reasonable doubt

3   is always with the Government.

4            Now, the evidence in this case consists of the sworn

5   testimony of the witnesses, regardless of who may have called

6   them, all exhibits received in evidence, regardless of who may

7   have produced them.  And you will have all of those exhibits

8   with you in the jury room, including a device to help you play

9   conversations if you wish to.

10           Now, I'm not going to send back -- although I will

11  if you ask -- I'm not going to send back the telephone and the

12  chip.  It's fragile and all that sort of thing.  But if you

13  want to see it, I will send it back to you.  I'll ask that you

14  don't power up the phone.  But it's there for you to see.  All

15  you have to do is tell the court security officer, who will be

16  right outside where you're deliberating, that you want that

17  and I will see that you are provided it.

18           Now, the evidence in the case, as I told you, it

19  consists of the sworn testimony of the witnesses, regardless

20  of who called them, and all exhibits received in evidence,

21  regardless of who produced them, and all facts, which may have

22  been agreed to or stipulated, and there were many

23  stipulations, as you will recall, and all facts and events,

24  which may have been judicially noticed.  There was one

25  incident there, I believe, where I judicially noticed.  What

1  was it?

2          MR. GIBBS:  The hotel room meeting was in the

3  Eastern District of Virginia, Judge.

4          THE COURT:  Does that comport with your

5  recollection?

6          MR. KAMENS:  It does, Your Honor.

7          THE COURT:  All right.

8          MR. GIBBS:  And, Your Honor, there was also -- you

9  took judicial notice of the executive order as well, so there

10  were actually two things.

11          MR. KAMENS:  That's correct.

12          THE COURT:  All right.  When the attorneys on both

13  sides stipulate or agree as to the existence of a fact, you

14  may accept the stipulation as evidence and regard that fact as

15  proof.  You're not required to do so, however, since you are

16  the sole judges of the facts.

17          And as I said, I did take judicial notice of certain

18  facts or events.  When the Court declares that it has taken

19  judicial notice of some fact or event, you may accept the

20  Court's declaration as evidence and regard as proved that fact

21  or event which has been judicially noticed.  You are not

22  required to do so, however, since you're the sole judges of

23  the facts.

24          Any proposed testimony, any proposed exhibit as to

25  which an objection was sustained by the Court, and any

─────U.S. v. Mallory─────

1186

1    testimony or exhibit ordered stricken by the Court must be

2    entirely disregarded.  And, of course, anything you may have

3    seen or read or heard outside the courtroom is not proper

4    evidence and must be entirely disregarded.

5        Now, questions, objections, statements, and

6    arguments of counsel are not evidence in the case.  You're to

7    base your verdict only on evidence received in the case.  And

8    in your consideration of the evidence received, however,

9    you're not limited to the bald statements of the witnesses or

10   to the bald assertions in the exhibits.  In other words,

11   you're not limited solely to what you see and hear as the

12   witnesses testify or as the exhibits are admitted.

13       You're permitted to draw from the facts which you

14   find have been proved such reasonable inferences as you feel

15   are justified in the light of your experience and common

16   sense.

17       As I told you at the outset, there are two types of

18   evidence generally presented during a trial, direct evidence

19   and circumstantial evidence.  Now, direct evidence is the

20   testimony of a person who asserts or claims to have actual

21   knowledge of a fact such as an eyewitness.  Circumstantial

22   evidence is proof of a chain of facts and circumstances

23   indicating the existence of a fact.

24       Now, the law makes no distinction between the weight

25   or value to be given to either direct or circumstantial

1   evidence, nor is a greater degree of certainty required of

2   circumstantial evidence than of direct evidence.  You should

3   weigh all the evidence in the case.  And after weighing all

4   the evidence, if you're not convinced of the guilt of the

5   defendant beyond a reasonable doubt, you must find the

6   defendant not guilty.

7          Now, inferences are simply deductions or conclusions

8   which reason and common sense lead the jury to draw from the

9   evidence in the case.

10          Testimony and exhibits can be admitted into evidence

11  during a trial only if certain criteria or standards are met.

12  It's a sworn duty of the attorney on each side of a case to

13  object when the other side offers testimony or exhibits which

14  that attorney believes is not properly admissible under the

15  rules of law.

16          Only by raising an objection can a lawyer request

17  and obtain a ruling from the Court on the admissibility of the

18  evidence being offered by the other side.  And you should not

19  be influenced against an attorney or his or her client because

20  the attorney has made objections.

21          Do not attempt, moreover, to interpret my rulings

22  as -- on objections as somehow indicating how I think you

23  should decide the case.  I'm simply making a ruling on a legal

24  question by allowing -- by allowing testimony or other

25  evidence to be introduced over the objection of an attorney.

1    The Court does not, unless I expressly stated,

2    indicate any opinion as to the weight or effect of all the

3    evidence.

4         On the other hand, where the Court has sustained an

5    objection to a question addressed to a witness, the jurors

6    must disregard the statement entirely and you may draw no

7    inference from the wording of the question or speculate as to

8    what this would have -- what the witness would have said had

9    he or she been permitted to answer the question.

10        Now, it's a duty of the Court to admonish or caution

11   an attorney who, out of zeal for his or her cause, does

12   something which I feel is not in keeping with the Rules of

13   Evidence or Procedure.  You're to draw absolutely no inference

14   against the side to whom an admonition or caution of the Court

15   may have been addressed during the trial of this case.

16        Now, during the course of the trial, I occasionally

17   asked questions of a witness.  Do not assume that I hold any

18   opinion on the matters to which my questions may relate.  The

19   Court may ask a question simply to clarify matters, not to

20   help one side of the case or the other .

21        And remember, at all times, that you as jurors are

22   the sole judges of the facts of this case.

23        Now, in certain instances, evidence may have been

24   admitted only for a particular purpose and not generally for

25   all purposes.  For the limited purpose for which this evidence

─────U.S. v. Mallory─────

1189

1   has been received, you may give it such weight as you may --

2   as you feel it deserves.  You may not, however, use this

3   evidence for any other purpose or against any party not

4   specifically mentioned.

5          Now, tape recordings of conversations have been

6   received in evidence and have been played for you.

7   Typewritten transcripts of these tape-recorded conversations

8   have been furnished to you for your -- solely for your

9   convenience in assisting you in following the conversation or

10  in identifying the speakers.

11         Now, this next part I should have reviewed with you.

12  Typically the tapes themselves are in evidence, which they are

13  here, that is, the conversations.  They are, are they not?

14         MR. GIBBS:  They are, Judge.

15         THE COURT:  Mr. Kamens.

16         MR. KAMENS:  Your Honor, there is one exhibit where

17  the transcript is admitted without the tape --

18         THE COURT:  Well, let me cover this.  Typically the

19  typewritten transcripts are just furnished for the convenience

20  of the parties.  It's the tape or the conversation itself that

21  is the evidence.  But in this case, I admitted the

22  transcripts, so they are evidence.

23         What's the one situation, Mr. Kamens?

24         MR. KAMENS:  Can I confer with --

25         THE COURT:  Yes, of course.

──────U.S. v. Mallory──────

1190

1      (Discussion off the record.)

2           MR. KAMENS:  It's Defense Exhibit 3B-9, Your Honor.

3           THE COURT:  Which was?

4           MR. KAMENS:  It is a short clip that was introduced

5   under completeness.

6           THE COURT:  All right.  And that -- they have that

7   clip, so that's the evidence.

8                (Discussion off the record.)

9           MR. KAMENS:  The transcript was in evidence.  We

10  were trying to streamline, and so we just put in the

11  transcript, not -- and we did play the tape --

12          THE COURT:  Well, the transcript is in evidence,

13  isn't it?

14          MR. KAMENS:  Yes, Your Honor.

15          THE COURT:  So I admitted all of the transcripts, so

16  they are all evidence.  And you don't have to draw a

17  distinction between what you hear and the transcript because I

18  admitted all of it without objection.

19          So I don't think anything further on No. 13 is

20  necessary.  Any objection to omitting it?

21          MR. GIBBS:  None from the Government, Judge.

22          MR. KAMENS:  None, Your Honor.

23          THE COURT:  Now, the Rules of Evidence ordinarily do

24  not permit witnesses to testify as to their own opinions or

25  their own conclusions about issues in the case.

─────U.S. v. Mallory─────

1191

1    An exception to this rule, as I told you earlier,

2  are witnesses who are described as expert witnesses.  And an

3  expert witness is someone who by virtue of education or by

4  experience may have become knowledgeable in some technical,

5  scientific, or very specialized area.

6    And if such knowledge or experience may be of

7  assistance to you in understanding some of the evidence in

8  this case or in determining a fact, an expert witness in that

9  area may state an opinion as to relevant material matter in

10 which he or she claims to be an expert.

11    You should consider the expert opinion received in

12 evidence in this case and give it such weight as you may think

13 it deserves.

14    You should consider the testimony of the expert

15 witness just as you consider other evidence in the case.  If

16 you should decide that the opinion of the expert witness is

17 not based on sufficient education or experience, or if you

18 should conclude that the reasons given in support of the

19 opinion are not sound or if you should conclude that the

20 opinion is outweighed by other evidence, you may disregard the

21 opinion in part or in its entirety.  As I've told you several

22 times , you, the jury, are the sole judges of the facts of

23 this case.

24    Does 15 have any application here?  I inserted it,

25 because I thought it might potentially, but I don't, at the

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

EASTERN DISTRICT OF VIRGINIA

─U.S. v. Mallory─

1192

1   moment, immediately recall any.

2        MR. GIBBS:  This would be Government Exhibit 8-21, I

3   believe, which was the Jim Hamrock -- sort of the work product

4   he put together regarding the CovCom, Your Honor.

5        THE COURT:  And you agree with that, Mr. Kamens?

6        MR. KAMENS:  Yes, Your Honor.

7        THE COURT:  All right.  Charts or summaries, Mr.

8   Gibbs mentioned them -- charts or summaries have been prepared

9   by the Government and have been admitted into evidence and

10  have been shown to you during the trial for the purpose of

11  explaining facts that are allegedly contained in books,

12  records, or other documents which are in evidence in the case.

13       You may consider the charts and summaries as you

14  would any other evidence admitted during the trial and give it

15  such weight or importance, if any, as you feel it deserves.

16       Now, if any reference by the Court or by counsel to

17  matters of testimony or exhibits does not coincide with your

18  own recollection of that evidence, it's your recollection

19  which controls -- which should control during your

20  deliberations and not the statements of the Court or counsel,

21  because you are the sole judges of the evidence received in

22  this case.

23       And your decision on the facts of this case should

24  not be determined by the number of witnesses testifying or for

25  or against the party.  You should consider all the facts and

———U.S. v. Mallory———

1193

1   circumstances in evidence to determine which of the witnesses

2   you choose to believe or not believe.  You may find that the

3   testimony of a smaller number of witnesses on one side is more

4   credible than the testimony of a greater number of witnesses

5   on the other.

6          Now, as I told you at the outset, you, as the

7   jurors, are the sole and exclusive judges of the credibility

8   of each of the witnesses called to testify in this case and

9   only you determine the importance or the weight that their

10  testimony deserves.

11         After making your assessment concerning the

12  credibility of a witness, you may decide to believe all of

13  that witness' testimony, only a portion of it, or none of it.

14         Now, in making your assessment, you should carefully

15  scrutinize all the testimony given, the circumstances under

16  which each witness has testified and all of the other evidence

17  which tends to show whether a witness is worthy of belief.

18         Consider each witness' intelligence, motive to

19  falsify, state of mind, and appearance and manner while on the

20  stand.  Consider the witness' ability to observe the matters

21  as to which he or she has testified and consider whether he or

22  she impresses you as having an accurate memory or recollection

23  of these matters.

24         Consider also any relation each witness may bear to

25  either side of the case, the manner in which each witness

———U.S. v. Mallory———

1   might be affected by your verdict and the extent to which, if

2   at all, each witness is either supported or contradicted by

3   other evidence of the case.

4         Now, inconsistencies or discrepancies in the

5   testimony of a witness or between the testimony of different

6   witnesses may or may not cause you to disbelieve or discredit

7   such testimony.  Two or more persons witnessing an incident or

8   a transaction may simply see or hear it differently.

9         Innocent misrecollection like failure of

10  recollection is not an uncommon experience.  In weighing the

11  effect of a discrepancy, however, always consider whether it

12  pertains to a matter of importance or an insignificant detail

13  and consider whether the discrepancy results from innocent

14  error or from intentional falsehood.

15        After making your own judgment or assessment

16  concerning the believability of a witness, you could then

17  attach such importance or weight to that testimony, if any,

18  that you may feel it deserves and you'll then be in a position

19  to decide whether the government has proven the charges beyond

20  a reasonable doubt.

21        Now, the defendant in a criminal trial has an

22  absolute right under our Constitution not to testify.  The

23  fact that the defendant did not testify must not be discussed

24  or considered by the jury in any way when deliberating and in

25  arriving at your verdict.

1    No inference of any kind may be drawn from the fact

2    that the defendant decided to exercise his privilege under the

3    Constitution and did not testify.

4    As stated before, the law never imposes on a

5    defendant in a criminal case the burden or duty of calling any

6    witnesses or producing any evidence.

7    Now, the defendant has offered opinion evidence of

8    his patriotism and his trait for being a risk-taking patriotic

9    citizen.  The jury should consider this evidence, along with

10    all the other evidence in the case, in reaching its verdict.

11    Evidence inconsistent with these traits of character

12    ordinarily involved in the commission of the crimes charged

13    may give rise to a reasonable doubt since the jury may think

14    it improbable or unlikely that a person who is a patriotic

15    citizen would commit such crime or crimes.

16    Now, evidence relating to any alleged statement,

17    confession, admission, or act or omission alleged to have been

18    made or done by a defendant outside of Court, and after a

19    crime has been committed, should always be considered by the

20    jury with caution and weighed with great care.

21    All such alleged statements, confessions, or

22    admissions should be disregarded entirely unless the other

23    evidence in the case convinces the jury beyond a reasonable

24    doubt that the statement, confession, admission, or act or

25    omission was made or done knowingly and voluntarily.

─────U.S. v. Mallory─────

1196

1    In determining whether any statement, confession,

2   admission, or act or omission alleged to have been made by a

3   defendant outside of Court, and after a crime has been

4   committed, was knowing and voluntarily made or done, the jury

5   should consider the age, training, education, occupation, and

6   physical and mental condition of the defendant and his

7   treatment while in custody or under interrogation as shown by

8   the evidence in the case.

9    Also, consider all other circumstances in evidence

10  surrounding the making of the statement, confession, or

11  admission.  If after considering the evidence, you determine

12  that a statement, confession, admission, or act or omission

13  was made or done knowingly and voluntarily, you may give it

14  such weight as you may feel it deserves under the

15  circumstances.

16   Now, as I told you at the outset, an indictment is

17  but a formal means used by the Government to accuse a

18  defendant of a crime.  It is not itself evidence of any kind

19  against the defendant.

20   The defendant's presumed to be innocent of the

21  crimes charged even though his indictment has been returned

22  against the defendant.  This indictment has been returned

23  against the defendant.  This defendant begins the trial with

24  absolutely no evidence against him.

25   And he's pled not guilty to the indictment, and

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

───────U.S. v. Mallory───────

1197

1   therefore denies that he's guilty of the charges.

2          And you will have the indictment with you in the

3   jury room.

4          Now, the defendant is not on trial for any act or

5   conduct not specifically charged in the indictment.  And in a

6   separate charge -- a separate crime is charged in each of the

7   four counts of the indictment.

8          Each charge and the evidence pertaining to it should

9   be considered separately by the jury.  The fact that you may

10  find the defendant guilty or not guilty as to one of the

11  offenses charged should not control your verdict as to the

12  other offenses charged.

13         Now, you'll see in the indictment charges that the

14  offenses alleged were committed on or about a certain date,

15  although it's necessary for the Government to prove beyond a

16  reasonable doubt that the offenses were committed on a date

17  reasonably near the dates alleged in the indictment.  It is

18  not necessary for the Government to prove that the offenses

19  were committed precisely on the dates charged.

20         The Court also instructs the jury that although the

21  indictment may charge a defendant with committing an offense

22  in several ways using the injunctive, that is, "and" language,

23  I instruct you that it is not necessary for the Government to

24  prove that defendant did each of those things.  It is

25  sufficient that the Government prove beyond a reasonable doubt

─U.S. v. Mallory─

1198

1    that the defendant did any of these alternative acts charged.

2         Now, Count 2 of the indictment -- and I'm going to

3    start with Count 2, because Count 3 -- or Count 1 is a

4    conspiracy to do what's in Count 2 and Count 3.  So I'm going

5    to start with Count 2 and go to Count 3 and then I'll come

6    back to Count 1 and finally to Count 4.

7         Count 2 of the indictment charges that between on or

8    about February 22, 2017, and June 22, 2017, in Loudoun County,

9    in the Eastern District of Virginia and elsewhere, including

10   locations outside of the jurisdiction of any particular state

11   or districts, defendant Kevin Patrick Mallory did knowingly

12   unlawfully communicate, deliver, and transmit to a foreign

13   government to wit the government of the People's Republic of

14   China and representatives, officers, agents, employees,

15   subjects, and citizens thereof directly and indirectly

16   classified documents and information relating to the national

17   defense of the United States with intent and reason to believe

18   that such documents and information were to be used to the

19   injury to the United States and to the advantage of a foreign

20   nation, namely the Government's -- the Government of the

21   People's Republic of China, all in violation of Title 18,

22   Section 9, 794(a), which provides in pertinent part that

23   whoever with intent or reason to believe that it is to be used

24   to the injury of the United States or to the advantage of a

25   foreign nation communicates, delivers, or transmits or

─────U.S. v. Mallory─────

1199

1   attempts to communicate, deliver, or transmit to any foreign

2   government or to any representative, officer, agent, employee,

3   subject, or citizen thereof either directly or indirectly any

4   document, writing, note, or information relating to the

5   national defense shall be guilty of an offense against the

6   United States.  That's Count 2.

7           Now, Count 3 is the following:  Between on or about

8   February 22, 2017, and June 22, 2017, in Loudoun County, in

9   the Eastern District of Virginia and elsewhere, including

10  locations outside of the jurisdiction of any particular state

11  or district, defendant Kevin Patrick Mallory did knowingly and

12  unlawfully attempt to communicate, deliver, and transmit to a

13  foreign government to wit the government of the People's

14  Republic of China and representatives, officers, agents,

15  employees, subjects, and citizens thereof directly and

16  indirectly classified documents and information relating to

17  the national defense of the United States with intent and

18  reason to believe that such documents and information were to

19  be used to the injury of the United States and to the

20  advantage of a foreign nation namely the Government of the

21  People's Republic of China in violation of Section 794(a) of

22  Title 18.

23          Now, the essential elements of delivery of national

24  defense information to a foreign government, each of which the

25  Government must prove beyond a reasonable doubt, are as

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────
EASTERN DISTRICT OF VIRGINIA

─────U.S. v. Mallory─────

1200

1  follows:

2       First, that the defendant Kevin Patrick Mallory

3  communicated, delivered, or transmitted a document, writing,

4  note, information to a foreign government, namely the People's

5  Republic of China or to a representative, officer, agent,

6  employee, subject, or citizen thereof either directly or

7  indirectly.

8       Second, these are the elements of the offense of

9  Count 2.  I should have made that clear.

10      First, that the defendant Kevin Patrick

11  communicated, delivered, transmitted a document, writing,

12  note, or information to a foreign government, namely the

13  People's Republic of China or to a representative, officer,

14  agent, employee, subject, or citizen thereof either directly

15  or indirectly.

16      Second, that such information related to the

17  national defense of the United States.

18      Third, that the defendant Kevin Patrick Mallory

19  acted with intent or reason to believe that such information

20  was to be used to the injury of the United States or to the

21  advantage of a foreign nation, that is, the People's Republic

22  of China.

23      Fourth, that the defendant, Kevin Patrick Mallory,

24  acted willfully in communicating, delivering, or transmitting

25  information related to the national defense.  Those are the

─────────U.S. v. Mallory─────────

1201

1  elements of Count 2.

2  　　　　Now, the elements of Count 3, the essential elements

3  of Count 3, which the Government must prove beyond a

4  reasonable doubt are as follows:

5  　　　　First, that the defendant, Kevin Patrick Mallory,

6  attempted to communicate, deliver, or transmit a document,

7  writing, note, or information to a foreign government, namely

8  the People's Republic of China or to a representative,

9  officer, agent, employee, subject, or citizen thereof either

10  directly or indirectly.

11  　　　　Second, that such information related to the

12  national defense of the United States.

13  　　　　Third, that the defendant, Kevin Patrick Mallory,

14  acted with the intent or reason to believe that such

15  information was to be used to the injury of the United States

16  or to the advantage of a foreign nation, that is, the People's

17  Republic of China.

18  　　　　And fourth, that Kevin Patrick Mallory acted

19  willfully in communicating, deliberating, or transmitting the

20  information related to the national defense.

21  　　　　Now, with regard to Count 3 of the indictment, proof

22  of an attempt requires the Government to prove the following

23  beyond a reasonable doubt:

24  　　　　First, that the defendant intended to commit the

25  crime of delivery of national defense information.

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

EASTERN DISTRICT OF VIRGINIA

U.S. v. Mallory

1202

1     Second, that the defendant did some act that was --
2  that was a substantial step in an effort to bring about or
3  accomplish the crime.  And a substantial step is a direct act
4  in a course of conduct planned to culminate in commission of a
5  crime, that is, strongly corroborative of the defendant's
6  criminal purpose.
7     A substantial step is more than mere preparation,
8  but less than completion of the crime.
9     Now, the term "national defense" is a broad term
10  which refers to the United States military and Naval
11  establishments, intelligence, and to all related activities of
12  national preparedness.
13     To prove that documents, writings, notes, or
14  information relate to the national defense, there are two
15  things that the Government must prove:
16     First, the Government must prove that the material
17  is closely held by the United States Government.  Where
18  information has been made public by the United States
19  government and is found sources lawfully available to the
20  general public, it's not closely held and as such does not
21  relate to the national defense.
22     Similarly, where the information is lawfully
23  available to the public and the United States Government has
24  made no effort to guard such information, the information
25  itself does not relate to the national defense.

─U.S. v. Mallory─

1203

1    Classified information does not become lawfully
2    available by virtue of having been leaked.  In determining
3    whether material is closely held, you may consider whether it
4    has been classified by appropriate authorities and whether it
5    remained classified on the date or dates pertinent to the
6    indictment.
7    Second, the Government must prove that the
8    disclosure of the material would be potentially damaging to
9    the United States or might be useful to a foreign nation or an
10   enemy of the United States.
11   Now, a defendant has reason to believe, as I've use
12   that phrase, a defendant has reason to believe if the
13   defendant knows facts from which he concluded or reasonably
14   should have concluded that the information related to the
15   national defense was to be used for prohibited purposes.  It
16   does not mean that the defendant acted negligently.
17   In determining whether a defendant has reason to
18   believe, the question whether a reasonable person in
19   defendant's position would have reached the same conclusion.
20   Now, I also told you that the Government must also
21   prove that the defendant acted willfully in communicating,
22   delivering, transmitting information related to the national
23   defense.
24   An act is done willfully if it is done voluntarily
25   and intentionally with the specific intent to do something

─────U.S. v. Mallory─────

1204

1   that the law forbids, that is to say with a bad purpose either

2   to disobey or to disregard the law with respect to the

3   offenses that are charged in the indictment.

4          Specific intent must be proved beyond a reasonable

5   doubt before a defendant can be convicted.  Specific intent,

6   as that term suggests, requires more than a general intent to

7   engage in a certain conduct.

8          To establish specific intent, the Government must

9   prove that the defendant knowingly did an act which the law

10  forbids.  It is the Government's burden to present affirmative

11  evidence of the existence of the required unlawful intent.

12         Again, in determining whether or not the intent

13  existed, you may look at all the facts and circumstances

14  involved in this case.

15         Now, we return to Count 1.

16         Count 1 charges that between on or about

17  February 22, 2017, and June 22, 2017, in Loudoun County, in

18  the Eastern District of Virginia and elsewhere, including

19  locations outside of the jurisdiction of any particular state

20  or district, defendant Kevin Patrick Mallory did knowingly and

21  unlawfully conspire with an unindicted co-conspirator and

22  others, known and unknown, to communicate, deliver, and

23  transmit to a foreign government to wit the Government of the

24  People's Republic of China and representatives, officers,

25  agents, employees, subjects, and citizens thereof directly and

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

EASTERN DISTRICT OF VIRGINIA

1  indirectly classified documents and information relating to

2  the national defense of the United States with the intent and

3  reason to believe that such documents and information were to

4  be used to the injury of the United States and to the

5  advantage of a foreign nation, namely the government of the

6  People's Republic of China in violation of Section 794(c) of

7  Title 18, which provides -- which defines the offense of

8  conspiracy to commit the offense of delivery of national

9  defense information to a foreign government.

10         This statute provides in pertinent part that if two

11 or more persons conspire to commit the offense of delivery of

12 national defense information, and one or more of such persons

13 do any act or effect the object of the -- or to effect the

14 object of -- let me start again.

15         This is what the statute provides in pertinent part.

16 If two or more persons conspire to commit the offense of

17 delivery of national defense information and one or more of

18 such persons do any act to effect the object of the

19 conspiracy, each of the parties to such a conspiracy shall be

20 guilty of an offense against the United States.

21         Now, Count 1 charges the defendant with conspiracy

22 to commit the offense of delivery of national defense

23 information to a foreign government.  So in order for you to

24 find the defendant guilty of that particular charge, the

25 Government must prove each of the following three elements

─────U.S. v. Mallory─────

1    beyond a reasonable doubt:

2          First, that the conspiracy agreement or

3    understanding as described in Count 1 of the indictment was

4    formed, reached, or entered into by two or more persons.

5          Second, that at sometime during the existence or

6    life of the conspiracy or understanding, the defendant knew

7    the purpose of the agreement; and with that knowledge, then

8    willfully joined the conspiracy agreement or understanding.

9          And third, that at sometime during the existence or

10   life of the conspiracy agreement or understanding, one of its

11   alleged members knowingly performed one of the overt acts

12   charged in the indictment and did so in order to further or

13   advance the purpose of the agreement.

14         And you will find the overt acts listed in the

15   indictment.

16         Now, a criminal conspiracy is an agreement or a

17   mutual understanding knowingly made or knowingly entered into

18   by at least two people to violate the law by some joint or

19   common plan or course of action.

20         A conspiracy is, in a very true sense, a partnership

21   in crime.  A conspiracy or agreement to violate the law, like

22   any other kind of agreement or understanding, need not be

23   formal, written, or even expressed directly in every detail.

24         The Government must prove that the defendant and at

25   least one other person knowingly and deliberately arrived at

U.S. v. Mallory

1207

1  an agreement or understanding that they and perhaps others

2  would violate some laws by means of some common plan or course

3  of action as alleged in Count 1 of the indictment.

4         It's proof of this conscious understanding and

5  delivered agreement by the alleged members that should be

6  central to your consideration of the charge of conspiracy.

7         Now, to prove the existence of the conspiracy or an

8  illegal agreement, the Government is required to produce a

9  written contract between the parties or even produce evidence

10  of an expressed oral agreement spelling out all of the details

11  of the understanding.

12         To prove that a conspiracy existed, moreover, the

13  Government is not required to show that all of the parties --

14  I'm sorry -- that all of the people named in the indictment as

15  members of the conspiracy were, in fact, parties to the

16  agreement or that all of the members of the alleged conspiracy

17  were named or charged or that all of the people whom the

18  evidence shows were actually members of a conspiracy agreed to

19  all of the means or methods set out in the indictment.

20         Unless the Government proves beyond a reasonable

21  doubt that a conspiracy as just explained actually existed,

22  then you must acquit the defendant of the Count 1 conspiracy

23  claim.

24         Now, before the jury may find that the defendant or

25  any other person became a member of the conspiracy charged in

─U.S. v. Mallory─

1208

1   the indictment, the evidence in the case must show beyond a

2   reasonable doubt that the defendant knew the purpose or goal

3   of the agreement or understanding and deliberately entered

4   into the agreement intending in some way to accomplish the

5   goal or purpose of this common plan or joint action.

6          If the evidence establishes beyond a reasonable

7   doubt that the defendant knowingly and deliberately entered

8   into an agreement to communicate, deliver, or transmit

9   information relating to the national defense, to a foreign

10  government, the fact that the defendant did not join the

11  agreement at its beginning and did not know or did not know

12  all of the details of the agreement or did not participate in

13  each act of the agreement or did not play a major role in

14  accomplishing the unlawful goal is not important to your

15  decision regarding membership in a conspiracy.

16         Merely associating with others and discussing common

17  goals, mere similarity of conduct between or among such

18  persons, merely being present at the place where a crime takes

19  place or is discussed or even knowing about criminal conduct

20  does not of itself make someone a member of the conspiracy or

21  a conspirator.

22         In order to sustain its burden of proof under

23  Count 1, the Government must prove beyond a reasonable doubt

24  that one of the members of the alleged conspiracy or agreement

25  knowingly performed at least one overt act and that this overt

─Tonia M. Harris  OCR-USDC/EDVA 703-646-1438─
EASTERN DISTRICT OF VIRGINIA

─────U.S. v. Mallory─────

1209

1 act was performed during the existence or life of the

2 conspiracy and that it was done somehow to further the goal of

3 the conspiracy or agreement.

4      The term "overt act" means some type of outward

5 objective action performed by one of the parties to or one of

6 the members of the agreement or conspiracy which evidences

7 that agreement.

8      Although you must unanimously agree that the same

9 overt act was committed, the Government is not required to

10 prove more than one of the overt acts charged in the

11 indictment.  The overt act may, but for the alleged illegal

12 agreement, appear totally innocent and legal.

13      In order to sustain its burden of proof under

14 Count 1 of the indictment, that is, conspiracy to gather or

15 deliver national defense information to a foreign government,

16 the Government must prove that the defendant acted with the

17 same intent that I instructed you as required to commit the

18 offense of gathering or delivering national defense

19 information.

20      That is the same intent that I instructed you with

21 respect to Counts 2 and Count 3.

22      The Government is not required to prove that the

23 parties or members of the alleged agreement or conspiracy were

24 successful in achieving any or all of the objects of the

25 agreement or conspiracy.

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

———U.S. v. Mallory———

1210

1    Now, we come to Count 4.  Count 4 of the indictment

2  charges that on or about May 24, 2017, in Loudoun County,

3  Virginia -- Loudoun County in the Eastern District of

4  Virginia, defendant Kevin Patrick Mallory did knowingly and

5  willfully make materially false, fictitious, and fraudulent

6  statements or representations to the Government in a matter

7  within the jurisdiction of the executive branch of the

8  Government or the United States.

9    Specifically, Kevin Patrick Mallory knew that the

10  FBI was investigating his conducts with in- -- his contacts

11  with individuals working with the Government of the People's

12  Republic of China, and he also knew that the FBI was

13  attempting to determine if Mallory had provided any classified

14  documents to individuals working for the People's Republic of

15  China.

16    Nonetheless, in response to the FBI's questions,

17  Mallory falsely stated to FBI agents that he had not provided

18  additional documents beyond two -- beyond two unclassified

19  white papers to individuals he identified as People's Republic

20  of China intelligence officers when in truth and in fact, as

21  he then well knew, he previously provided at least two

22  classified documents to individuals he knew to be People's

23  Republic of China intelligence officers.

24    And second, B, that he falsely stated to FBI agents

25  that he never transmitted documents other than a text message

U.S. v. Mallory

1211

1 using a covert communications device provided to him by the

2 person he knew to be a People's Republic of China intelligence

3 officer when in truth and in fact, as he then well knew, he

4 had previously used that device to transmit at least two

5 classified documents to the People's Republic of China

6 intelligence officer, all of that in violation of

7 Section 1001(a)(2) of Title 18.

8       And that statute provides and defines the offense of

9 making a false or fictitious or fraudulent statement by

10 providing in pertinent part that whoever in any manner -- in

11 any matter -- I'm sorry -- whoever in any matter within the

12 jurisdiction of the executive legislative or judicial branch

13 of the Government of the United States knowingly and willfully

14 makes materially false, fictitious, or fraudulent statement or

15 representation shall be guilty of an offense against the

16 United States.

17       So the essential elements of making a false

18 statement, fictitious or fraudulent statement, each of which

19 the Government must prove beyond a reasonable doubt are as

20 follows:

21       These are the four elements:  First, that the

22 defendant Kevin Patrick Mallory made a false, fictitious, or

23 fraudulent statement or representation to the Government as

24 detailed in Count 4 of the indictment.

25       Second, that in making the false, fictitious, or

─U.S. v. Mallory─

1212

1   fraudulent statement, the defendant acted willfully knowing

2   that the statement was false.

3          Third, that the statement was made in a matter -- in

4   a manner -- I'm sorry -- that the statement was made in a

5   matter within the jurisdiction of the executive legislative or

6   judicial branch of the Government of the United States.

7          And fourth, that the statement was made -- that the

8   statement made by the defendant was material to the

9   Government.

10          Now, a false or fictitious statement or

11   representation is an assertion which is untrue when made or

12   when used or which is known by the person making it or using

13   it to be untrue.

14          A fraudulent statement or representation is an

15   assertion which is known to be untrue and which is made or

16   used with intent to deceive.

17          The test of materiality is whether the false

18   statement has a natural tendency to influence a government

19   action or is capable of influencing a government action.  It

20   is not necessary for the Government to prove that the

21   statement here alleged did influence -- statements here

22   alleged did influence a government action.

23          Now, Count 4 of the indictment charging defendant

24   with knowingly and willfully making a material -- I'm sorry --

25   Count 4 of the indictment charging defendant with knowingly

U.S. v. Mallory

1213

1    and willfully making materially false, fictitious, and

2    fraudulent statements or representations to the Government

3    alleges that the defendant made two false or fraudulent

4    statements.

5            The Government is not required to prove that both of

6    the statements that are alleged in Count 4 of the indictment

7    are false -- are, in fact, false.  In other words, it doesn't

8    have to prove both statements are, in fact, false.  But each

9    juror must agree with each other -- each of the other jurors,

10   however, that the same statement or representation alleged in

11   Count 4 to be false, fictitious, or fraudulent is, in fact,

12   false, fictitious, or fraudulent.

13           The jury need not unanimously agree on both such

14   statements alleged, but in order to convict must unanimously

15   agree upon at least one such statement as false, fictitious,

16   or fraudulent when knowingly made by the defendant.

17           Unless the Government has proven the same false or

18   fraudulent statement as to each of you beyond a reasonable

19   doubt, you must acquit the defendant of the charge in Count 4

20   of the indictment.

21           Now, the intent of a person or the knowledge that a

22   person possesses at any given time may not ordinarily be

23   proved directly because there's no way of directly

24   scrutinizing or fathoming the workings of the human mind.

25           In determining the issue of what a person knew or

─────U.S. v. Mallory─────

1214

1   what a person intended at a particular time, you may consider

2   any statements made or acts done by that person and all other

3   facts and circumstances received in evidence which may aid you

4   in your determination of that person's knowledge or intent.

5          You may infer, but you're certainly not required to

6   infer, that a person intends the natural and probable

7   consequences of acts knowingly done or knowingly omitted.

8          It's entirely up to you, however, to decide what

9   facts to find from the evidence received during this trial.

10  And, knowingly, as used in these instructions, to describe the

11  alleged state of mind of the defendant means that he was

12  conscious and aware of his action, realized what he was doing

13  or what was happening around him and did not act because of

14  ignorance, mistake, or accident.

15         Now, you must not base your verdict in any way on

16  sympathy or bias or guesswork or speculation.  Your verdict

17  must be based solely on the evidence and the instructions of

18  the Court.

19         Now, your verdict must represent the considered

20  judgment of each juror.  In other words, in order to return a

21  verdict, it is necessary that each juror agree thereto.  Your

22  verdict must, therefore, be unanimous.

23         It is your duty as jurors to consult with one

24  another and to deliberate with a view of reaching an agreement

25  if you can do so without violence to your individual judgment.

─────U.S. v. Mallory─────

1215

1    You must each decide the case yourself but only after an

2    impartial consideration of all the evidence in the case with

3    your fellow jurors.

4            And in the course of your deliberations do not

5    hesitate to re-examine your own views and to change your

6    opinion if convinced it is erroneous but do not surrender your

7    honest conviction as to the weight or effect of the evidence

8    solely because of the opinion of your fellow jurors or for the

9    mere purpose of returning a verdict.  Remember at all times

10   you're not partisans, you are judges, judges of the facts and

11   your sole interest is to seek the truth from the evidence

12   presented in the case.

13           And the punishment provided by law for the offenses

14   charged in the indictment is a matter exclusively within the

15   province of the Court and should never be considered by the

16   jury in any way of arriving at an impartial verdict as to the

17   offenses charged.

18           Now, during your deliberations, you must not

19   communicate or provide any information to anyone by any means

20   about this case.  You may not use any electronic device.  In

21   other words, when you are deliberating, you can't communicate

22   with anybody outside.  You can't investigate.  You can't do

23   anything.  There's a whole list of devices here, which I

24   frankly know nothing about.  But you can't do anything.  You

25   can't access any electronics, Facebook, MySpace, LinkedIn,

─────U.S. v. Mallory─────

1   YouTube, Twitter.  I can go on and on, but it would only

2   create the impression, which is not true, that I know what all

3   those are.  But you can't use anything like that to

4   communicate with anybody while you're deliberating.

5        Yes.  You can't -- you can't use anything like that

6   to communicate to anyone any information about this case or to

7   conduct any research about this case.  Until after I accept

8   your verdict.

9        Now, when you retire to the jury room, you'll select

10  one of your number to serve as your foreperson.  The

11  foreperson will preside over your deliberation and will be

12  your spokesperson here in Court.

13       Forms of the verdict have been prepared for your

14  convenience, and I'm going to describe it to you now.  It's

15  quite simple.  It's a two-page document.  It says at the top

16  "Verdict Form."  And then there are four counts in the

17  indictment and there's a shorthand description for each of the

18  counts.  For Count 1, it says, "Conspiracy to gather or

19  deliver defense information to aid a foreign government."  And

20  then there's -- it says, "We, the jury, unanimously find Kevin

21  Patrick Mallory" -- you put in either not guilty or guilty as

22  you may find.

23       And then Count 2 is also a shorthand description,

24  "Delivering defense information to aid a foreign government."

25  And says, we, the jury, unanimously find defendant Kevin

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

EASTERN DISTRICT OF VIRGINIA

─U.S. v. Mallory─

1217

1   Patrick Mallory either not guilty or guilty.  And you have to

2   write in either not guilty or guilty, whichever you may find.

3          And then for Count 3, again, a shorthand description

4   of that charge and a place for you to write in either not

5   guilty or guilty.

6          And for Count 4, the same, material false

7   statements, we, the jury, unanimously find Kevin Mallory not

8   guilty or guilt of that charge.  And then there's a place for

9   the foreperson to sign it and to date it.

10         Now, you'll take the form of the verdict, which has

11  been prepared for your convenience, to the jury room.  And

12  when you reach your unanimous agreement as to your verdict,

13  you will have your foreperson fill it in, date it, and sign it

14  and setting forth the verdict on which you've unanimously

15  agree and then return with your verdict to the courtroom.

16         Now, it's important to add -- or proper to add the

17  caution that nothing in these instructions and nothing in any

18  form of the verdict prepared for your convenience is meant to

19  suggest or to convey in any way or manner any intimation as to

20  what verdict I think you should bring -- you should find.

21         What the verdict shall be is, as I've told you many

22  times, your sole and exclusive duty and responsibility.

23         Now, if it becomes necessary during your

24  deliberations to communicate with the Court, you may send a

25  note by the court security officer.  And he will be standing

─────U.S. v. Mallory─────

1218

1   right outside -- not this door, but the door where you will be

2   in that lunch area or whatever it's called.  He'll be standing

3   there.  And the note should be signed by your foreperson or by

4   one or more members of the jury.  Put the date and the time on

5   it.

6           No member of the jury should ever attempt to

7   communicate with the Court by any means other than by a signed

8   writing and the Court will never communicate with any member

9   of the jury on any subject touching the merits of the case

10  otherwise in an open -- then in writing or orally here in open

11  court.

12          Now, I will communicate with you on matters not

13  touching the merits of the case such as how long you wish to

14  deliberate, whether you've filled out your menu, in other

15  words, things not related to the merits of the case.  You will

16  hear from me about that.

17          And you will note from the oath about to be taken by

18  Mr. Flood that he, too, as well as all other persons are

19  forbidden to communicate in any way or manner with any member

20  of the jury on any subject touching the merits of the case.

21          And bear in mind that you are never to reveal to any

22  person, not even to the Court, how the jury stands numerically

23  or otherwise on the questions before you until after you have

24  reached your unanimous verdict.

25          Now, I will have further instructions for you after

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────
EASTERN DISTRICT OF VIRGINIA

1  you have reached a verdict about your responsibilities with

2  respect to the classified information that was presented

3  during your trial.  I don't see any need to give that

4  instruction now.  It will have more effect if I do it after a

5  verdict has been reached.  Is that -- you agree, Mr. Gibbs?

6           MR. GIBBS:  It is, Your Honor.

7           THE COURT:  Mr. Kamens?

8           MR. KAMENS:  No objection.

9           THE COURT:  All right.  Now, I told you at the

10 outset that the moment of deliberation is a precise one.  It's

11 now near at hand, but it's not quite here yet.  At this point,

12 I will permit you to retire to the jury room or to the -- the

13 new jury room.  I'm worried about the precedent I'm setting,

14 but so be it.  I agree with you, it's just not a big enough

15 room, is it?

16           Anyway, you'll file in there, but don't begin your

17 deliberations.  Do not begin discussing the case until

18 Mr. Flood has brought in all of the exhibits, the jury verdict

19 form, the tape recorder containing a recording of my

20 instructions.  And in the jury room, you will already find any

21 devices you need to listen to any of the conversations.  Is

22 that right, Ms. Pham?

23           THE DEPUTY CLERK:  Yes.

24           THE COURT:  All right.  Now, once all of that is

25 brought in, and the door closes , and all of you are present,

─U.S. v. Mallory─

1220

1   that's when you may begin your deliberations, that is, you may

2   then begin to discuss the case among yourselves.  And you may

3   deliberate as long or as little as you like.  There is no

4   requirement.  You must satisfy yourselves.

5          All right.  Counsel, come quickly to the bench,

6   please, for a last conference.

7          (Bench Conference.)

8          THE COURT:  All right.  Apart from the objections

9   that were raised, I think chiefly the objection raised by

10  Mr. Kamens and Mr. Richman in the instructions conference, do

11  the parties have any other objections or corrections or

12  instructions?

13         MR. GIBBS:  No objections and no corrections, Your

14  Honor.

15         MR. KAMENS:  No, Your Honor.

16         THE COURT:  Now, you are all aware, and as I'm sure

17  they are, too, only 12 get to deliberate.  And so I will now

18  tell the twelfth -- the thirteenth person who they are and

19  I'll excuse them.  But I will have them continue to refrain

20  from discussing the matter, because there could be

21  circumstances in which we will need their services.

22         Not likely, but possible.

23         And so I will tell them to continue to refrain from

24  discussing the matter or undertaking any investigation, and I

25  will have the deputy clerk contact them once a verdict is

1   reached.

2           MS. GELLIE:  Your Honor, (indiscernible)

3   individually by the classified information instruction.

4           THE COURT:  You mean individually at the end?

5           MS. GELLIE:  Outside the presence of the jury.

6           THE COURT:  Oh, you mean the one I'm going to

7   excuse?

8           MS. GELLIE:  Yes.

9           THE COURT:  Yes, I'll do that.  There's only one.

10  I'll do that.  And I am going to tell them now that I told you

11  you could take your books home afterwards, but maybe not.  And

12  I'll tell them that now.  Any objection?

13          MR. KAMENS:  No, Your Honor.

14          THE COURT:  And then I'll keep the -- I'll ask the

15  alternate to wait in the courtroom.  And once they've filed

16  out, and once Mr. Flood then begins to take everything back, I

17  will have that person come to the bench and we'll do it here

18  at the bench.  It won't be under seal, however.  Well, the

19  person can stay there.  I'll have them come to the podium,

20  that way it will be in the public record.

21          All right.  Let's proceed.

22          (Open court.)

23          THE COURT:  All right.  Ladies and gentlemen, I'm

24  sure this hasn't escaped your attention.  How many of you know

25  the number of people who deliberate in a federal criminal

---U.S. v. Mallory---

1222

1   trial?  I see Mr. Mondoro smiling particularly broadly.

2           As you know, sir, you were chosen as an alternate,

3   and so I'm going to excuse you at this time.

4           However, two things.  I want to caution you -- I

5   want you not to speak to anybody about this case or undertake

6   any investigation until the matter is entirely over, because

7   there could be circumstances that might arise in which we

8   would continue to need your services.  And at that time, if

9   that were to occur, I would ask you have you been successful

10  in not speaking and not investigating.

11          Now, I'm a little chagrined to admit that I told you

12  that you would be able to take your books home.  I was wrong.

13  You can keep your books and you can take your books into the

14  jury room, but the books need to be examined for -- to

15  determine whether they obtain classified information.  I don't

16  know what's going to happen in that regard.  So you may not

17  take your book home.  Give it to the court security officer.

18          You, however, the rest of you, may take your books

19  into the room for deliberations, but at the end of the trial,

20  I will have a further instruction for you as well.

21          You know, I think I'll give it to everybody now.

22  Any objection to that?

23          MR. GIBBS:  No, Your Honor.

24          MR. KAMENS:  No, Your Honor.

25          THE COURT:  All right.  This is for everybody.

─────U.S. v. Mallory─────

1223

```
 1              As you all know, this has been a federal criminal
 2    prosecution concerning the delivery of national defense
 3    information, including classified information.  And to try
 4    this case, the Government had to show you the national defense
 5    information that the defendant was charged with improperly
 6    delivering, attempting to deliver, and conspireing to deliver
 7    to a foreign government.
 8              Therefore, some of the documents and testimony
 9    presented to you during the trial relate to this national
10    defense information.  Under the law, the Government is
11    entitled to have this type of information protected and to
12    have it remain confidential even though it was discussed in
13    the courtroom.
14              Therefore, while you would ordinarily be free to
15    discuss the trial with anyone once you have been excused from
16    the jury service, that is, once you've reached a verdict, if
17    you choose to do so, this case is different.  I'm instructing
18    you that you may not at any time reveal to anyone any of the
19    national defense information or classified information
20    discussed or referenced at trial, thus you may discuss this
21    trial generally if you wish to do so, but you may not reveal
22    national defense information or classified information during
23    those discussions.
24              And if you've taken notes during this trial, I'm --
25    we're going to have your books collected.  And I, frankly,
```

—U.S. v. Mallory—

1224

1 can't tell you what's going to happen to the books yet.

2 They'll either be destroyed or the classified information will

3 be redacted in some fashion and the books returned to you.

4      But let me assure you I'm not going to look at the

5 books.  No lawyer is going to look at the books.  Not only are

6 we not going to, we don't want to.  And so we are not going to

7 look at it.  If anybody looks at it, it will be -- somebody

8 will look at it.  It will be -- I don't see that she's in the

9 courtroom.  It will be somebody looking for the NDI.

10      Thank you for your close attention.  This time you

11 won't hear the familiar litany about refraining from

12 discussing the matter because now the time is near at hand

13 when you must do so.  Follow Mr. Flood -- oh, Mr. Flood, we

14 need to administer the oath to you.

15      (CSO sworn.)

16      THE COURT:  All right.  Follow Mr. Flood out.  We'll

17 try to get the information in there as quickly as we can.  And

18 once -- Mr. Flood, once you have brought everything in and the

19 door is closed, come and report that fact to me, please.

20      THE CSO:  Yes, sir.

21      (Jury dismissed for deliberations at 2:53 p.m.)

22      THE COURT:  All right.  You may be seated.  Let me

23 just say succinctly that this record should reflect that the

24 parties, the United States and the defendant, I think were

25 fully, fairly, and zealously represented.  The case, I think,

─────U.S. v. Mallory─────

1225

1     was quite well litigated.  Thank you.

2           The Court stands in recess.  And you may -- as long

3     you're within about five minutes, and you can be reached by

4     the deputy clerk, you need not remain in the courtroom or in

5     the courthouse.

6           The Court stands in recess.

7           And I don't plan to reconvene the jury -- sometime

8     around 5:00 or 5:30, I will have Mr. Flood inquire of them how

9     long they wish to continue to deliberate and he will report

10    that to me and I'll do what's appropriate.

11          (Recess.)

12          (Jury question at 5:04 p.m.)

13          THE COURT:  All right.  I have a note unsigned

14    saying:  "The jury in the case of USA against Kevin P. Mallory

15    will leave at 5:00 o'clock."

16          No, they won't today.

17          "We will resume deliberations at 9:00 a.m. on June

18    8, 2018."

19          Yes, they will.

20          So I'm going to call them and recess them and let

21    them go.  This isn't signed.  I'll make this note a part of

22    the record.  I think it's Ms. O'Toole.  Ms. O'Toole was the

23    lady who raised the problem about her interview on Friday.

24    She has informed Mr. Flood that that's resolved.

25          So we were safe.

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

EASTERN DISTRICT OF VIRGINIA

─U.S. v. Mallory─

1226

1        You may bring the jury in.

2            (Jury in.)

3            THE COURT:  You may be seated.

4            I have a note.  I think it was written by

5    Ms. O'Toole.

6            THE JUROR:  It was another juror.  Another juror

7    wrote it.

8            THE COURT:  I beg your pardon?

9            THE JUROR:  Another juror wrote it.

10           THE COURT:  Yes.  Well, who wrote it, then?

11           THE JUROR:  I wrote it.

12           THE COURT:  All right.  Well, let me identify you

13   for the record.

14           THE JUROR:  Sure.

15           THE COURT:  No, let's -- but let me just identify --

16           THE JUROR:  Mary Brienne Tierney, Juror 72.

17           THE COURT:  All right.  Let's just note that.

18           And you're correct, I am going to release you now.

19   You may go home.  Remember to refrain from discussing the

20   matter with anyone or undertaking any investigation.  Don't

21   look up anything or do anything.  Put it out of your mind.

22   I'll see you tomorrow morning at 9:00 o'clock.

23           Now, all the exhibits and everything will be locked

24   up in that area.

25           THE CSO:  Correct.

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─
EASTERN DISTRICT OF VIRGINIA

─U.S. v. Mallory─

1227

1          THE COURT:  And it'll -- we need to be clear that

2     nobody can get in that area and the shades will remain down.

3          All right.  Thank you for your work today.  You may

4     follow Mr. Flood out.

5          You left your menus.

6          (Jury dismissed.)

7          THE COURT:  All right.  You may be seated.  Anything

8     else to be accomplished today?

9          MR. KAMENS:  Just one issue I was going to raise,

10    and it's a very minor issue, Your Honor.

11         The classified binder has apparently two copies of

12    each of the classified documents.  It has one that's shaded

13    that we discussed and one that's not shaded.  And I -- I

14    thought we had talked about giving the jury the one that was

15    not shaded because the shading part was used for the witness

16    and for the lawyers.  But I can't recall exactly how we

17    resolved it in terms of what was given to the jury.

18         THE COURT:  All right.

19         MS. GELLIE:  I do recall, Your Honor.  So the

20    decision was made they would get both copies.  Since they are

21    laypersons, they need to know what is classified so that once

22    dismissed from jury duty, they know which information they

23    must still hold closely and not discuss in the future.

24         So the binders currently have both versions back to

25    back behind the same tabs with a green Post-it sticky

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

─U.S. v. Mallory─

1228

1    delineating between the two versions.

2            THE COURT:  All right.  Mr. Kamens, I don't see a

3    problem, do you?  Let it be that way?

4            MR. KAMENS:  Well, not necessarily.  I don't think

5    the jury was told that that's the purpose for the shading for

6    them to know what was determined to be classified.

7            THE COURT:  All right.  Suppose I tell them that in

8    the morning?

9            MR. KAMENS:  Certainly.  Or the other alternative is

10   simply to say everything in these binders -- if it was just

11   the document without the shading, just that's not something

12   that you can discuss after you leave jury service.  In other

13   words, there would be a requirement that the jury would

14   distinguish between particular words in the document.  It

15   seems it would be much simpler --

16           THE COURT:  Well, they don't have to distinguish

17   because it's shaded.  I agree with you that if there was no

18   way, other than by some verbal description, that they could do

19   it, but if it's shaded an unshaded -- was there any testimony

20   about the shading?

21           MR. KAMENS:  There was, I believe so.

22           MS. GELLIE:  Yes, Your Honor.  And I believe Your

23   Honor did explain at the time of first handing out the binders

24   the shading had been added by the intelligence community to

25   indicate what was classified.

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─
EASTERN DISTRICT OF VIRGINIA

─────U.S. v. Mallory─────

1229

1    THE COURT:  Well, I don't see any prejudice,

2  Mr. Kamens.  If you can point something out to me and

3  something we should do, I'd be glad to consider it.  But it

4  seems to me that we ought to just leave things alone.

5    MR. KAMENS:  Understood, Your Honor.

6    MS. GELLIE:  And, Your Honor, as to the classified

7  binder, I presume they're not stored in the same way after

8  hours each night.

9    THE COURT:  I don't know.

10    MS. GELLIE:  Okay.  It should be the classified

11  binder but also the open source public documents are now also

12  considered secret, NOFORN.  Thank you.

13    THE COURT:  This case is such a pleasure.

14    I do think, Ms. Gellie, that at the present moment

15  those classified binders are in that locked room.  I have just

16  confirmed that.  Is that a problem, Ms. -- oh, Ms. Pham will

17  take them down to the SCIF.

18    MS. GELLIE:  Thank you.  And then Mr. Vera also

19  informed me that there's physical evidence up here as well

20  that should be locked up.

21    THE COURT:  There's what?

22    MS. GELLIE:  Physical evidence that also --

23    THE COURT:  You mean the telephone?

24    MS. GELLIE:  And the laptop has touched classified

25  as well.  Only the MacBook is turning up here.

─────Tonia M. Harris OCR-USDC/EDVA 703-646-1438─────

EASTERN DISTRICT OF VIRGINIA

─────U.S. v. Mallory─────

1230

1    (Discussion off the record.)

2        THE COURT:  Yes, let's be clear on the record what

3    Ms. Pham is going to take to the SCIF and return before 9:00

4    o'clock tomorrow.  Number 1, the two physical exhibits --

5        MS. GELLIE:  There's only one currently up here,

6    Your Honor, and it's a MacBook Pro laptop.

7        THE COURT:  All right.  Margaret, are you aware of

8    that?

9        All right.  So that one will be taken down to the

10   SCIF.  Next, all of the books that contain classified

11   information, the orange covers or whatever they were, those

12   Ms. Pham will take down and put in the SCIF.

13       MS. GELLIE:  Yes, Your Honor.

14       THE COURT:  Third, there is some public record

15   documents that the defendant used that, because of the way in

16   which they were used, need to go into the SCIF as well?

17       MS. GELLIE:  That is correct, Your Honor.

18       THE COURT:  And they're in a separate binder, aren't

19   they?

20       MS. GELLIE:  That is my understanding, Your Honor.

21       MR. KAMENS:  That is correct, Your Honor.

22       THE COURT:  All right.  And, Ms. Pham, do you know

23   how to distinguish those?  She does.

24       THE DEPUTY CLERK:  Yes.

25       THE COURT:  And anything else?

─U.S. v. Mallory─

1231

1    MS. GELLIE:  That is all I'm aware of, Your Honor.

2    THE COURT:  Mr. Kamens, are you aware of anything?

3    MR. KAMENS:  Nothing else, Your Honor.

4    THE COURT:  All right.  Well, I am content to rely

5  on Ms. Pham to go and collect that material and then to

6  have -- and the jury's notebooks.  And take those to the SCIF.

7  And then the room will be locked by Mr. Flood.  And nobody can

8  get in without him opening it and he won't open it until 9:00

9  o'clock tomorrow morning, at which time Ms. Pham will have

10  replaced the items that we just discussed.

11    Does that make sense.

12    MS. GELLIE:  It does.  Thank you, Your Honor.

13    THE COURT:  Mr. Kamens.

14    MR. KAMENS:  Makes sense to me.

15    THE COURT:  Thank you.  Court stands in recess until

16  9:00 o'clock tomorrow morning.

17    MR. KAMENS:  Can I ask one question?  Are we going

18  to -- is the Court going to convene or --

19    THE COURT:  Yes, I am going to convene.

20    MR. KAMENS:  Okay.

21    THE COURT:  Now, I don't have to convene, but what I

22  typically do is take the roll and tell them to go back to work

23  and tell them everything is there.  Many judges don't do that.

24  And there's a good reason for that.  It's technically

25  unnecessary.

─Tonia M. Harris OCR-USDC/EDVA 703-646-1438─

EASTERN DISTRICT OF VIRGINIA

─────────────U.S. v. Mallory─────────────

1232

1          In this case, because it's important about all this

2   classified information and everything else, I know it presents

3   a problem.  Now, if you need to be somewhere else, I will be

4   happy to advise the jury that I excused you because you had a

5   conflict.

6          MR. KAMENS:  I will be here, Your Honor.

7          MR. RICHMAN:  It's not a concern.

8          THE COURT:  All right.  And you-all will be here?

9          MS. GELLIE:  Yes, Your Honor.

10          THE COURT:  Not a problem.

11          Thank you.  Court stands in recess until 9:00

12   o'clock tomorrow morning.

13          **(Proceedings adjourned at 5:19 p.m.)**

14

15

16

17

18

19

20

21

22

23

24

25

1                    CERTIFICATE OF REPORTER

2

3           I, Tonia Harris, an Official Court Reporter for

4     the Eastern District of Virginia, do hereby certify that I

5     reported by machine shorthand, in my official capacity, the

6     proceedings had and testimony adduced upon the Jury Trial

7     in the case of the **UNITED STATES OF AMERICA versus KEVIN**

8     **PATRICK MALLORY**, Criminal Action No. 1:17-CR-154, in said

9     court on the 7th day of June, 2018.

10          I further certify that the foregoing 61 pages

11    constitute the official transcript of said proceedings, as

12    taken from my machine shorthand notes, my computer realtime

13    display, together with the backup tape recording of said

14    proceedings to the best of my ability.

15          In witness whereof, I have hereto subscribed my

16    name, this August 20, 2018.

17

18

19

20

21    _____

22    Tonia M. Harris, RPR
      Official Court Reporter

23

24

25

                                                          1233