```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :
                                                                        :
                                                                        :
             -v-                                                        :    17-CR-548 (JMF)
                                                                        :
JOSHUA ADAM SCHULTE,                                                    :    MEMORANDUM OPINION
                                                                        :         AND ORDER
                              Defendant.                                :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

This Order addresses the Government's remaining motions pursuant to the Classified Information Procedures Act ("CIPA"), 18. U.S.C. app. 3, Sections 6(a) and 6(c).

1. The Court's May 24, 2022 Opinion held, pursuant to CIPA Section 6(a), that the fact that Defendant was privy to highly classified information and did not leak it may be admissible to rebut the Government's argument that his conduct in Counts 3 and 4 was motivated by a desire to start an "information war." *See* ECF No. 825, at 20-21. In response, the Government moved pursuant to CIPA Section 6(c) to substitute a stipulation for the specific classified information referenced in Mr. Schulte's Third CIPA Section 5 Notice, dated January 28, 2022 ("Third Notice"). As stated on the record during the classified hearing on June 8, 2022, the Court concludes that a stipulation "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information," the standard for any such substitution under CIPA Section 6(c). *See* 18. U.S.C. app. 3 § 6(c); *see also United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984) (approving a similar stipulation). Accordingly, the Government's motion is GRANTED. As discussed during the hearing, the parties may agree to modify the precise language of the stipulation. Finally, to the extent the

Government argues that any such stipulation is not admissible to rebut the Government's argument about motive, that issue has already been addressed by the Court's May 24, 2022 Opinion, and the Court is not persuaded by the Government's arguments for reconsideration.

2. On May 9, 2022, Defendant filed a supplemental CIPA Section 5 Notice ("Fifth Notice"). On May 17, 2022, the Government filed a motion pursuant to CIPA Section 6(a). On May 23, 2022, Defendant filed a response, and after the classified hearing on June 3, 2022, Defendant filed a supplemental response on June 6, 2022. As stated on the record during the classified hearing on June 3, 2022, the Court concludes that the recordings listed in Defendant's Fifth Notice are inadmissible by him. As to the classified document listed, the Court concludes that Defendant has failed to carry his burden of showing that the document as a whole is admissible because, even if the document itself qualifies as a business record pursuant to Federal Rule of Evidence 803(6)(B), a substantial portion of it contains hearsay-within-hearsay not subject to any exception. That said, and as discussed on the record at the classified hearing held on June 8, 2022, the Court concludes that the particular statement Defendant seeks to admit is admissible. The Court further concludes that the information should likely be admitted as a stipulation, which would give Defendant "substantially the same ability to make his defense as would disclosure of" a portion of the document itself, pursuant to CIPA Section 6(c). *See* 18. U.S.C. app. 3 § 6(c). Accordingly, the parties shall propose an agreed upon stipulation or competing stipulations for the Court's approval **no later than June 17, 2022**.

3. On May 23, 2022, Defendant filed another supplemental CIPA Section 5 Notice ("Sixth Notice"). The Government moved to strike the Notice on the grounds that it was untimely. *See* ECF No. 824. Although the Court noted that the Notice was untimely and prejudicial, and could be struck for that reason, the Court issued an Order directing the Government to respond as to certain issues. *See* ECF No. 827. (The Court struck other portions

of the Notice on the ground that the issues identified had already been resolved and Defendant was improperly seeking reconsideration. *See id.*) On May 31, 2022, the Government filed a classified letter moving under CIPA Sections 6(a) and 6(c) as to certain issues in Defendant's Notice. On June 10, 2022, Defendant filed a response.[1] As to the issues addressed in the parties' submissions, the Court orders as follows:

- First, Defendant's Notice identified several forms of discovery he was seeking that he contends are unclassified. Plainly, a CIPA Section 5 Notice is not the appropriate vehicle to seek unclassified discovery, and Defendant's deadline to make any discovery-related motions passed long ago. That said, as to the Items in Sections A.3-A.4, the Government represents that either he already has access to it or it does not exist. In either case, no relief is warranted.

- As to the first two items the Defendant contends are unclassified, *see* Notice Sections A.1-A.2, the Government represents that they are classified in their entirety, and argues that Defendant's Notice should be struck because it is insufficiently particular, because it is untimely and prejudicial, and because the evidence is inadmissible pursuant to CIPA Section 6(a). The Court agrees on all three grounds. To begin, although Defendant argues that the items should not be classified, he is not entitled to question the Government's classification decisions through the CIPA process. *See United States v. Smith*, 750 F.2d 1215, 1217 (4th Cir. 1984). As to the specific items, the Court concludes that Defendant's Notice is insufficiently particular as to these issues, substantially for the reasons stated in the Government's letter. Defendant's Notice refers to categories of files without explaining what particular evidence he wishes to use. Moreover, his Notice is plainly untimely and prejudicial; As the Government explains, Defendant has long been aware of the Government's intention to use the evidence he seeks to rebut with the noticed evidence, and it would take the Government substantial time to redact the files identified in the Notice, assuming such redaction is even possible. Finally, to the extent Defendant has identified any particular information he wishes to disclose (for example, by attaching specific files to his response), he has not carried his burden of persuading the Court that it is relevant and admissible.

- Substantially for the reasons stated in the Government's motion, the Court concludes that the following categories of classified evidence are not admissible: (1) the interviews identified in the Notice at Section B.1; (2) the thumb drives identified at Section B.2; and (3) the SanDisk USB drive identified at Section C.4. In addition, Defendant's Notice as to these categories of evidence is also untimely and prejudicial, as he has long been aware of the reasons he would want to use such evidence and he provides no reason for moving only now to use it at trial.

---

[1] Defendant's response was originally due June 6, 2022, *see* ECF No. 827, but during the classified hearing on June 8, 2022, he informed the Court that he had not received the Government's motion. Accordingly, his deadline to respond was extended to June 10, 2022.

- As to the file listing of a tool from the Stash repository identified in the Notice at Section C.2, as stated on the record during the classified hearing on June 8, 2022, the Court concludes that that evidence is relevant and admissible and the Government's motion pursuant to CIPA Section 6(c) as to that evidence is GRANTED as discussed on the record at the classified hearing. The Court concludes that the stipulation, as modified with the Government's consent (namely, deleting the second sentence of the Government's proposal), offers Defendant "substantially the same ability to make his defense as would disclosure of" the underlying file listing. *See* 18. U.S.C. app. 3 § 6(c).

4. On May 27, 2002, Defendant filed yet another supplemental CIPA Section 5 Notice ("Seventh Notice"). That Notice was struck as untimely and prejudicial, as stated on the record during the classified hearing held on June 3, 2022.

SO ORDERED.

Dated: June 13, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge