MANDATE

21-3113 (L)
*United States v. Schulte*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 21 2022

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-two.

PRESENT:
>   DENNY CHIN,
>   RICHARD J. SULLIVAN,
>   JOSEPH F. BIANCO,
>       *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>   *Appellee*,

v.  No. 21-3113 (L)

JOSHUA ADAM SCHULTE,

>   *Defendant-Appellant.*

_____

MANDATE ISSUED ON 06/17/2022

**For Defendant-Appellant:** Joshua Adam Schulte, pro se, Brooklyn, NY.

**For Appellee:** David W. Denton, Jr., Michael D. Lockard, Won S. Shin, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Joshua Schulte, proceeding pro se, appeals from the district court's December 20, 2021 denial of his renewed application for bail. He has been detained since December 2017, while awaiting trial and/or retrial on grand jury charges for espionage, making false statements to FBI agents, obstruction of justice, and contempt of court – all related to his alleged theft of classified information from the Central Intelligence Agency ("CIA") and unauthorized disclosure of such information to WikiLeaks – as well as for possession of child pornography and criminal copyright infringement.

The district court initially released Schulte on bail at his September 2017

2

arraignment, but then revoked bail and remanded him to the custody of the United States Marshals Service on December 14, 2017, after the Commonwealth of Virginia placed a detainer on him for charges involving a sexual assault of a minor In January 2018, the district court denied Schulte's application to reinstate bail, citing both the pending Virginia sexual assault charges and Schulte's violating the terms of his initial bail by having his roommate access computers on his behalf. In March 2018, a panel of this Court affirmed the district court's denial of bail and denied Schulte's subsequent request, addressed directly to this Court, for bail. Since October 2018, Schulte has been subject to restrictive confinement conditions (e.g., solitary confinement and limitations on his non-legal communications) because of his alleged disclosure of classified information while detained.

After the district court granted his request to sever the child pornography and criminal copyright infringement counts, Schulte was tried on the remaining counts (i.e., those relating to his handling of classified information) in February 2020 before Judge Paul A. Crotty. The jury returned guilty verdicts on the counts for making false statements and contempt of court but was unable to reach a unanimous verdict on the espionage and obstruction counts, as to which a mistrial was declared at Schulte's request. A retrial on those counts, which was delayed

3

by Schulte's decision to proceed pro se and subsequent motion practice, is now scheduled for June 2022.

In September 2021, Schulte renewed his bail application, arguing that (1) "new" emails obtained in discovery showed that the FBI had engineered his state prosecution for sexual assault to cause his bail to be revoked, and (2) the length of his pretrial detention was unconstitutionally excessive. On December 20, 2021, the district court denied the renewed bail motion, concluding that: (1) the emails were neither new nor material; (2) "overwhelming evidence" of dangerousness justified Schulte's pretrial detention; and (3) his "indisputably" lengthy detention was not unconstitutionally excessive because the case was complex, the government was not responsible for the length of the detention, the charges were exceptionally serious, and the evidence of dangerousness was overwhelming. Dist. Ct. Doc. No. 663 at 66–68 [hereinafter 12/20/2021 Transcript]. Schulte now appeals from the district court's December 20, 2021 order. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

While the government normally bears the burden of justifying pretrial detention, *see United States v. Sabhnani*, 493 F.3d 63, 74–75 (2d Cir. 2007), there is a

4

rebuttable presumption in favor of detention in cases where, as here, there is probable cause to believe that the defendant committed an enumerated offense involving a minor victim, 18 U.S.C. § 3142(e)(3)(E). Once a defendant has been ordered detained, reopening a bail hearing generally requires a finding "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

This Court applies "deferential review to a district court's bail determination and will not reverse except for clear error." *United States v. Mattis*, 963 F.3d 285, 291 (2d Cir. 2020) (citation omitted and alteration incorporated). "The clear error standard applies not only to the factual predicates underlying the district court's decision, but also to its overall assessment, based on those predicate facts, as to the risk of flight or danger presented by defendant's release." *Id.* (internal quotation marks omitted). "We will find clear error only where, on [reviewing] the entire[ty] [of the] evidence, we are left with the definite and firm

5

conviction that a mistake has been committed." *Id.* (internal quotation marks omitted and alteration incorporated).[1]

We find no such error here. In denying Schulte's renewed request for bail, the district court concluded that there was "overwhelming evidence" of dangerousness, "including, but not limited to, his commission of sexual assault, his receipt and possession of child pornography, evidence of his involvement in the sophisticated theft and dissemination of highly classified information, his violations of protective orders, and his continued disclosures and attempted disclosures of classified information, even from jail." 12/20/2021 Transcript at 66. By failing to argue in his opening brief that these factual findings were clearly erroneous, Schulte has waived any such argument. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

Schulte nevertheless argues that (1) pretrial detention for possession of child pornography based on dangerousness is unconstitutional because such an offense

---

[1] Here, we owe deference not only to the district court's bail determinations, but also to this Court's March 2018 decision affirming the district court's earlier denial of bail. *See United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) ("As a general matter, this Court will adhere to its own decision at an earlier stage of the litigation." (internal quotation marks omitted)). The "law of the case doctrine is subject to limited exceptions made for compelling reasons," such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 123–24 (internal quotation marks omitted); *see also United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) ("We have stated that we will not depart from this sound policy absent cogent or compelling reasons." (internal quotation marks omitted)).

6

"is not a crime involving a minor victim" but rather is "a victimless crime," and (2) pretrial detention after a hung jury is unconstitutional. Schulte Br. at 20, 31. But these arguments are meritless and find no support in the law. To the contrary, this Court has repeatedly noted the "absurdity" of suggestions that trafficking in "child pornography [is] anything but a serious crime that threatens real, and frequently violent, harm to vulnerable victims." *United States v. Reingold*, 731 F.3d 204, 217 (2d Cir. 2013) (citation omitted). Likewise, we have flatly rejected any notion of a per se right "to be released on bail pending retrial," instead making clear that there is "no constitutional impediment to [a defendant's] continued detention" after the district court has granted such defendant's motion to declare a mistrial. *United States v. Millan*, 4 F.3d 1038, 1042, 1049 (2d Cir. 1993). Even where we *ourselves* have reversed a defendant's jury conviction and remanded to the district court for retrial, we have routinely denied the prevailing defendant-appellant's application for bail pending retrial. *See, e.g., United States v. Davidoff*, No. CR 85-100, 1988 WL 76568, at *1 (E.D.N.Y. June 30, 1988) (noting that after "the Second Circuit . . . reversed defendant's conviction and remanded for a new trial," the "Second Circuit [then] denied defendant's application for release on bail pending the retrial"), *on remand from* 845 F.2d 1151 (2d Cir. 1988).

7

Schulte also contends that the length of his pretrial detention – which is now approaching fifty-two months and will have reached nearly four-and-a-half years by the time his retrial is scheduled to commence in June 2022 – violates due process. While that is "indisputably a long time," as the district court acknowledged, 12/20/2021 Transcript at 67, we have held that "the length of detention alone is not dispositive and will rarely by itself offend due process," *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000) (internal quotation marks omitted). Rather, when considering "whether the length of pretrial detention has become unconstitutionally excessive," the district court is to weigh: "(1) its length, (2) the extent of the prosecution's responsibility for delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based, i.e., the evidence of risk of flight and dangerousness." *Id.* We then review the district court's "factual determinations for clear error" and its determinations of the "constitutional significance of those findings, including the ultimate determination of whether due process has been violated," de novo. *Id.*

Here, the second, third, and fourth *El-Hage* factors amply justify the length of Schulte's pretrial detention. As to the second factor, the record demonstrates that the government bears little responsibility for the delay, which is largely

8

attributable to Schulte's own conduct. Moreover, we have recognized that "the importance and complexity of [a] case and the extensive evidence" entailed in a case can "reasonably require a lengthy period for pretrial preparation." *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994). Here, the district court aptly observed that "the nature of the charges, the nature of the evidence, and the circumstances surrounding Mr. Schulte and his detention" have combined to make this case "among the most complex criminal proceedings" ever to come before that court. 12/20/2021 Transcript at 67. Notwithstanding the inherent complexities of this case, the government has consistently sought to schedule a retrial at the earliest available date. Accordingly, we find no reason "to place the responsibility for the delay on the prosecution." *El-Gabrowny*, 35 F.3d at 65. For his part, Schulte has repeatedly sought adjournments of the retrial to accommodate the "long list of things and tasks that he expects . . . to accomplish before a retrial," Dist. Ct. Doc. No. 427 at 9, such as his stated plan to file "at least 10 more pretrial motions" between August 2021 and the commencement of the retrial, Dist. Ct. Doc. No. 490 at 15. Here, then, the second *El-Hage* factor tips strongly against Schulte – not unlike the situation in *United States v. Hill*, where we found sufficient "justification" for a five-year pretrial detention "in the inherent

9

complexities of [that] . . . case, which present[ed] . . . counsel with voluminous discovery to absorb and the court with myriad motions to address." 462 F. App'x 125, 127 (2d Cir. 2012); *see also id.* (noting that, as here, "the record reflect[ed] no intentional, unwarranted delay by the prosecution, and most of the delay [was] attributable to the continuances requested by [defendants]").

As to the third *El-Hage* factor, the district court found that "the charges [against Schulte] – both the espionage charges, which involve the alleged theft and dissemination of some of our nation's most closely guarded secrets[,] and the child pornography charges – are exceptionally serious." 12/20/2021 Transcript at 68. Far from being clear error, that finding is firmly supported in the record and in relevant law. As one of our sister circuits has noted, "[e]spionage is one of this nation's most serious offenses." *United States v. Whitworth*, 856 F.2d 1268, 1289 (9th Cir. 1988). And as the former Deputy Director of the CIA's Directorate of Digital Innovation testified here, the theft of information with which Schulte is charged "was the equivalent of a digital Pearl Harbor," and his alleged dissemination of such information to WikiLeaks "immediately undermined the relationships [the CIA] had with . . . vital foreign partners, who had often put themselves at risk to assist the [A]gency," and "put [CIA] officers and [CIA] facilities, both domestically

10

and overseas, at risk." Dist. Ct. Doc. No. 373 at 1844. Likewise, our law leaves no doubt that "[t]he prevention of sexual exploitation . . . of children constitutes a government objective of surpassing importance." *New York v. Ferber*, 458 U.S. 747, 757 (1982); *see also* Child Pornography Prevention Act of 1996, Pub. L. No. 104–208, sec. 121, 110 Stat. 3009, 3009-26, 3009-27 (codified as amended at 18 U.S.C. § 2251) (finding that "child pornography permanently records the victim's abuse, . . . causes the child victims of sexual abuse continuing harm by haunting those children in future years," and "inflames the desires of . . . pedophiles . . . who prey on children, thereby increasing . . . the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of [child pornography] materials").

As to the fourth *El-Hage* factor, we have already discussed – and endorsed – the district court's thorough analysis of the "overwhelming evidence," 12/20/2021 Transcript at 66, of Schulte's dangerousness.

In sum, we could likely conclude that the second *El-Hage* factor alone was sufficient to justify Schulte's fifty-two- to fifty-four-month pretrial detention in the circumstances of this case. But the exceptional gravity of the charges against him and the overwhelming evidence of his dangerousness remove any doubt. *See El-*

11

*Hage*, 213 F.3d at 79. We therefore conclude that Schulte's pretrial detention, although lengthy, has not violated his due process rights.

We have considered all of Schulte's other arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the district court's order denying his renewed bail application.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

12