UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                    :
UNITED STATES OF AMERICA,                                           :
                                                                    :
         -v-                                                        :          17-CR-548 (JMF)
                                                                    :
JOSHUA ADAM SCHULTE,                                                :          MEMORANDUM OPINION
                                                                    :                  AND ORDER
                  Defendant.                                        :
                                                                    :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 16, 2022, Defendant Joshua A. Schulte moved for reconsideration of the Court's

April 29, 2022 Opinion addressing his pretrial motions.  *See United States v. Schulte*, 2022 WL

1284549, (S.D.N.Y. Apr. 29, 2022) (ECF No. 789); ECF No. 852 ("Def.'s Mem.").  The Court

denied his motion for reconsideration as to two issues and ordered the Government to respond as

to the remaining two issues.  *See* ECF No. 811.  On May 31, 2022, the Government opposed the

motion.  *See* ECF No. 835 ("Gov.'s Opp'n").  On June 7, 2022, after being granted an extension,

Defendant filed a reply that is pending classification review ("Def.'s Reply").  After reviewing

the parties' submissions, the Court entered a bottom-line order on June 9, 2022, denying the

motions, with an opinion to follow.  *See* ECF No. 857.  This is that opinion.

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the

case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at

the apple."  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)

(internal quotation marks omitted).  "The standard for granting [a motion for reconsideration] is

strict."  *Id.*  A motion will be granted "only where the movant identifies an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice."  *United States v. Brown*, No. 21-122, 2021 WL 5872940, at *1 (2d Cir. Dec.

13, 2021) (summary order) (internal quotation marks omitted).  None of Defendant's arguments meet these strict standards.

Beginning with the question of bifurcation, Defendant's only basis for seeking reconsideration is that the Court's prior opinion relied in part on the fact that he had failed to make a particularized showing of the testimony he wished to give as to the WikiLeaks Counts. *See Schulte*, 2022 WL 1284549, at *4-5; *see also United States v. Sampson*, 385 F.3d 183, 190-91 (2d Cir. 2004).  Seeking to remedy that deficiency, Defendant attaches to his motion an *ex parte* affidavit explaining the testimony he would give as to the WikiLeaks Counts and argues that he would be prejudiced if he was unable to testify while preserving his right to remain silent as to the MCC Counts.  *See* Def.'s Mem. Ex. A.

The Court is unpersuaded.  To begin with, Defendant provides no justification for filing an affidavit with his motion for reconsideration that he could have filed with his original motion. *See, e.g.*, *United States v. Gross*, No. 98-CR-0159 (SJ), 2002 WL 32096592, at *5 (E.D.N.Y. Dec. 5, 2002) (denying motion for reconsideration where the movant failed to justify submitting additional evidence in support of its position); *cf.* Local Civ. R. 6.3 ("No affidavits shall be filed by any party [on a motion for reconsideration] unless directed by the Court.").  But even assuming that it is proper to consider on a motion for reconsideration an affidavit that could have been filed with an original motion, Defendant's showing falls short.

The motion turns on Defendant's assumption that if he testified as to the WikiLeaks Counts in a bifurcated trial, he could not be cross-examined about, and evidence could not be introduced as to, the conduct underlying the MCC Counts.  But that assumption is wrong.  As the Government argues, evidence of the conduct underlying the MCC charges "is relevant to [Defendant's] motive, knowledge and intent in committing the offenses charged in the WikiLeaks Counts and to his identity as the person who committed the offenses."  *See* Gov.'s Opp'n 8; *see also* ECF No. 131, at 9.  It follows that there is no prejudice that bifurcation would

cure.  *Cf. United States v. Werner*, 620 F.2d 922, 930 (2d Cir. 1980) (holding that the defendant was not prejudiced by denial of a motion to sever because "evidence of the [the first] crime would have been admissible at a trial on the [second crime] whether he testified at the latter or not"); *United States v. Hester*, No. 19-CR-324 (NSR), 2020 WL 3483702, at *22 (S.D.N.Y. June 26, 2020) (denying a severance motion where "a separate trial would not seemingly accomplish Defendant's stated goal of allowing him to remain silent as to one count while providing testimony as to the other").  On top of that, as the Court noted on the record at the final pretrial conference, if Defendant testifies, his prior conviction for contempt of court — based on conduct occurring at the MCC — would be admissible on cross-examination.

Defendant's motion for reconsideration of the motion to suppress the documents seized from the MCC is also denied.  To begin, Defendant argues that the Court overlooked his argument that the MCC Notebook pages were not responsive to the MCC warrant because they "do not pertain to NDI."  Def.'s Mem. 11.  But as the Court previously explained, the broad language of the warrant, which authorized seizure of "[a]ny and all notes, documents, records, correspondence, or materials . . . pertaining to the unauthorized retention, gathering, and transmission of classified documents or materials, and the unauthorized removal and retention of classified documents or materials," ECF No. 758-1, Attachment A, § III.A, ¶ 6, plainly includes the documents at issue, *see Schulte*, 2022 WL 1284549, at *5.  As to Defendant's argument that the search warrant did not provide probable cause to search or seize any hardcopy documents, that argument was not made in his original motion, and is therefore an improper basis for reconsideration.  *See* ECF No. 765 ("Def.'s Omnibus Mem."), at 52-65 (making no argument that the MCC warrant authorizes the seizure only of the contraband cellphones).  In any event, it is meritless.  The warrant plainly provided probable cause to seize documents written by Defendant.  *See* ECF No. ECF No. 758-1, ¶ 11.

Finally, Defendant argues that the Court overlooked facts tending to show that "Malware of the Mind" and other seized MCC documents are privileged and that he did not waive the privilege during the first trial. As to the other MCC documents, the points Defendant raises were addressed in the Court's previous opinion and provide no basis for reconsideration. *See Schulte*, 2022 WL 1284549, at *5-7. As to "Malware of the Mind," however, Defendant makes three points that were not previously addressed, which the Court will briefly address now. First, he cites his memorandum of law in support of his motion to suppress the MCC documents prior to the first trial to argue that he did not waive privilege as to "Malware." *See* Def.'s Mem. 12-13. That memorandum stated that "in a 133-page document entitled 'Malware of the Mind,' which Mr. Schulte wrote for and shared with counsel, he articulated legal arguments as to why he believed the FBI's warrants to search his devices were illegal. But the wall team improperly failed to redact this document as privileged and subsequently turned it over to the prosecution." *See* ECF No. 98, at 17. Setting aside whether that passage suggests that Defendant was asserting privilege over the entire document, as opposed to mere portions of it, Judge Crotty ultimately denied Defendant's motion and stated that he could move to suppress any allegedly privileged documents when the Government sought to introduce them. *See* ECF No. 159, at 8. As that process unfolded, and as explained in the Court's previous opinion, the Government identified "Malware of the Mind" as a document on which it intended to rely. *See* ECF No. 257. Yet, the defense failed to assert particularized privilege objections as to the document. *See* ECF No. 282; *Schulte*, 2022 WL 1284549, at *6.

Second, Defendant's motion for reconsideration relies on a transcript of an *ex parte* proceeding prior to the first trial in which Defendant's then-counsel sought to be relieved due to a purported conflict of interest. *See* Def.'s Mem. Ex. B. This excerpt was not addressed in the Court's previous opinion (because it was not cited in Defendant's motion papers), but it does not support Defendant's argument that "Malware" is privileged. In the transcript, Defendant's

4

former counsel does not assert privilege over "Malware," but only over Defendant's communications with counsel about the document. *See id.* at 6 (stating that "the understanding is that *what we are about to tell you* is not a waiver of the privilege" and going on to reveal communications between Defendant and his former counsel about "Malware" (emphasis added)). At no point in the colloquy did Defendant's prior counsel assert privilege over the document itself. Underscoring the point, that proceeding took place on December 18, 2019 — over a month later, on January 28, 2020, Defendant asserted particularized privilege objections as to various documents, but not "Malware of the Mind." *See* ECF No. 282.

Third, Defendant filed with his reply a declaration from standby counsel stating that, "[a]fter the Government seized Mr. Schulte's notebooks from the MCC," standby counsel (then acting as Defendant's counsel) contacted the Government's counsel to assert privilege over these notebooks. *See* Def.'s Reply Ex. A. As with Defendant's other declaration, he offers no reason why this declaration was not filed in support of his original motion — let alone in conjunction with his opening brief seeking reconsideration. Moreover, the declaration conspicuously omits when the Government was contacted. That omission is significant because there is no dispute that Defendant, at one point, asserted privilege over the notebooks as a whole. *See Schulte*, 2022 WL 1284549, at *6. In other words, the declaration does not change the landscape.

Finally, reconsideration is unwarranted for an additional reason: Although the Court did not reach the issue in its prior opinion, it now concludes that, even if had there been no waiver, Defendant has not carried his burden of showing that "Malware of the Mind" was privileged in the first place. The burden of establishing attorney-client privilege is on Defendant. *See United States v. Schwimmer*, 892 F.2d 237, 244 (2d Cir. 1989). Defendant contends that "Malware" was "drafted for, and only ever transmitted to, my attorneys, for the express and sole purpose of aiding my criminal defense," Def.'s Omnibus Mem. Ex. D, ¶ 6, but as the Court previously stated, that assertion is hard to credit. *See Schulte*, 2022 WL 1284549, at *5-6. The document is

addressed "[t]o my fellow engineers and the tech industry," Def.'s Omnibus Mem. Ex. E-1, at 3,

and Defendant acknowledges that he intended to "rewrite" it, presumably for public

dissemination, Def.'s Omnibus Mem. Ex. D ¶ 5; *see also Robbins & Myers, Inc. v. J.M. Huber

Corp.*, 274 F.R.D. 63, 83 (W.D.N.Y. 2011) ("[C]ommunications between client and attorney

intended for publication or communication to third-parties, are not intended to be confidential

when made in order to obtain legal assistance and therefore are not within the privilege.").

Defendant contends that, even if he intended to release the document, the act of providing

it to counsel for review and advice renders it attorney-client privileged.  But that is incorrect.

The law is clear that "a document is not privileged merely because it was sent or received

between an attorney and client." *United States v. Correia*, 468 F. Supp. 3d 618, 622 (S.D.N.Y.

2020) (cleaned up).  Granted, although not cited by Defendant, there is authority for the

proposition that "the fact that certain information in the documents might ultimately be

disclosed . . . d[oes] not mean that the communications . . . were foreclosed from protection by

the privilege as a matter of law." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15,

1983*, 731 F.2d 1032, 1037 (2d Cir. 1984).  But the document must be intended to be

confidential: "If confidentiality were not intended . . . the privilege would not attach." *Id.*

Defendant fails to demonstrate that the document — addressed "[t]o my fellow engineers and the

tech industry," Def.'s Omnibus Mem. Ex. E-1, at 3 — was intended to be confidential.  In fact,

the transcript Defendant himself submits in support of his motion for reconsideration contains

statements by his own attorneys explaining that "Malware" was "a document that Mr. Schulte

had prepared himself at the prison" and that "[a]*t some point* he gave the original of that

document to a paralegal" working for Federal Defenders.  *See* Def.'s Mem. Ex. B. at 6 (emphasis

added); *see also id.* at 9-10.  In other words, the record does not support that the document was

prepared for Defendant's attorneys and intended to be confidential in the first instance.

Accordingly, because Defendant has not carried his burden of showing that the document is privileged, his motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, the remaining portions of Defendant's motion for reconsideration were DENIED.

SO ORDERED.

Dated: June 22, 2022
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

7