

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 6, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:   *United States v. Joshua Adam Schulte*,
               S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government writes in response to the Court's Order, dated July 4, 2022 (D.E. 847), requiring the parties to "submit new proposed jury instructions addressing the meaning of 'national defense information' (including, but not limited to, the significance, if any, of whether the information at issue was previously made public)," and proposed instructions "to advise the jury about the particular statements and information on which the Government is now relying in connection with Counts Three and Four." *Id.*

      With respect to the proposed instruction on the meaning of "national defense information," the Government respectfully submits the following proposed instruction in lieu of the request previously submitted by the Government as Request No. 11. (*See* D.E. 777 at 18). In brief, the Government believes that it would be appropriate for the Court to provide the jury with an instruction regarding the public availability of material that parallels the instruction regarding the classification of that material; *i.e.*, that it is a factor that the jury may consider but that is not, by itself, dispositive of whether the information is "closely held." Following that description, the Government submits that it is appropriate for the Court to provide the same instructions regarding the significance of public availability of the information contained in the charges of the Hon. Leonie M. Brinkema in *United States v. Sterling*, No. 10 Cr. 485 (LMB) (E.D. Va. 2015) and the Hon. Mark. R. Kravitz in *United States v. Abu Jihaad*, No. 07 Cr. 57 (MRK) (D. Conn. 2008), both of which track the language of the instruction approved by the Fourth Circuit in *United States v. Squillacote*, 221 F.3d 542, 577 (4th Cir. 2000).

<u>**Revised Request No. 11**</u>
<u>**COUNT ONE: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION**</u>

      The second element of the offense that the Government must prove beyond a reasonable doubt is that the information that the defendant is charged with taking is connected with the national defense of the United States.

You must determine whether the information is connected with the national defense. Information relating to the national defense broadly refers to all matters that directly concern or may reasonably be connected with the national defense of the United States against any of its enemies, including matters relating to the nation's intelligence capabilities.

National defense information must also be closely held by the United States Government. In determining whether material has been closely held, you may consider whether it has been classified by appropriate authorities and whether it remained classified on the dates pertinent to the Indictment. "Classified information" means any information or material that has been determined by the United States Government pursuant to executive order, statute or regulations, to require protection against unauthorized disclosure for reasons of national security. The fact that information may have been unlawfully publicly disclosed also does not necessarily deprive that information of classified status. Although you may consider whether information has been classified in determining whether it has been closely held, I caution you that the mere fact that information is classified does not automatically mean that the information qualifies as "national defense information."

Similarly, in determining whether material has been closely held, you may consider whether the material had already become public on the dates pertinent to the Indictment. As with whether the material is classified, the mere fact that material has, in some way, become public, does not by itself mean that the material is not closely held. Where the information has been made public by the United States Government and is found in sources lawfully available to the general public, it is not "closely held." Likewise, where sources of information are lawfully available to the public at the time of the claimed violation and the United States Government has made no effort to guard such information, the information itself is not "closely held."

In deciding this issue, you should examine the information, and also consider the testimony of witnesses who testified as to its content and significance, and who described the purpose and the use to which the information could be put.

Whether the information is connected with the national defense is a question of fact that you, the jury, must determine, following the instructions that I have just given you about what those terms mean.

With respect to advising the jury regarding "the particular statements and information on which the Government is now relying in connection with Counts Three and Four" (D.E. 847), the Government believes that it is appropriate for the Court to direct the jury's attention to the particular locations containing the information that the Government contends is national defense information and that were quoted in the Government's notices pursuant to Section 10 of the Classified Information Procedures Act. Accordingly, the Government respectfully proposes that the Court delete the description of the materials at issue in each count currently contained in the Government's Request No. 14 (*see* D.E. 777 at 23), and substitute the following instruction for

Government's Request No. 15 (*id.* at 25), specifically enumerating the national defense information at issue in each count.

## Revised Request No. 15
## COUNTS TWO-FOUR: SECOND ELEMENT—NATIONAL DEFENSE INFORMATION

The second element of Counts Two, Three, and Four that the Government must prove beyond a reasonable doubt is that the documents, writings, plans, instruments, or notes related to the national defense of the United States.

I have already instructed you about what this means in connection with Count One, and you should follow that instruction with respect to Counts Two, Three, and Four as well.

For Count Two, the materials that the Government has charged contain national defense information are the backup files of certain electronic databases housed on the DEVLAN classified computer system maintained by the CIA.

For Count Three, the material that the Government has charged contains national defense information is on page 3 of Government Exhibit 812. Specifically, the information on page 3 that concerns the CIA's network structure, the purpose and function of components of that structure, and the individual and group users of that structure, including the identification of particular CIA groups and the numbers of individuals within those groups.

For Count Four, the materials that the Government has charged contain national defense information are in Government Exhibits 801 and 809. Specifically, the information on page 3 of Government Exhibit 801 that concerns techniques used by the CIA in conducting cyber operations and designing cyber tools, including the defendant's involvement in and use of those techniques and tools for the CIA. Then in Government Exhibit 809, on pages 8, 10, and 11, the information that concerns the name and purpose of a specific CIA tool and associating that specific CIA tool to a public report describing aspects of the tool's design and operation.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr./Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744/-2193

cc: Standby Counsel (by ECF)
Joshua Adam Schulte (by mail)