```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :
UNITED STATES OF AMERICA,                                :
                                                         :
                                                         :
              -v-                                        :    17-CR-548 (JMF)
                                                         :
JOSHUA ADAM SCHULTE,                                     :         ORDER
                                                         :
                           Defendant.                    :
                                                         :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

At or before the charge conference, the parties should be prepared to address the following questions with respect to Count Nine (the obstruction of justice charge).

1. Regarding sufficiency of the evidence:

   a) Whether the Government has offered sufficient evidence to show, pursuant to *United States v. Aguilar*, 515 U.S. 593 (1995), that Defendant "knew that his [allegedly] false statement[s] would be provided to the grand jury" or whether "the evidence goes no further than showing that respondent testified falsely to an investigating agent." *Id.* at 601; *see also id.* ("[W]hat use will be made of false testimony given to an investigating agent who has not been subpoenaed or otherwise directed to appear before the grand jury is far more speculative . . . . [I]t cannot be said to have the 'natural and probable effect' of interfering with the due administration of justice."); *United States v. Triumph Capital Group, Inc.*, 544 F.3d 149, 169-70 (2d Cir. 2008) ("*Aguilar* makes clear that [18 U.S.C.] § 1503 is not violated if the defendant merely has the *impression* that his conduct will have the natural and probable effect of obstructing justice. The jury in that case heard evidence that the agent had told Aguilar that a grand jury

would be hearing evidence about the investigation, and Aguilar himself testified that, at the end of the interview, it was his 'impression' that his remarks would be conveyed to the grand jury." (citations omitted)).

b) Assuming the Court concludes that there is sufficient evidence for a reasonable jury to find Defendant guilty on Count Nine generally, whether the Court has authority to grant — and, if so, should grant — a motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure with respect to particular statements underlying Count Nine.

c) Assuming the Court has authority to grant a Rule 29 motion with respect to particular statements underlying Count Nine, whether the evidence is sufficient to support a conviction based on statements that Defendant allegedly made during the first interview with agents from the FBI on March 15, 2017, in light of the fact that he was not served with grand jury subpoenas until the end of that interview. *See* Tr. 210.

2. Regarding unanimity and the need for a special verdict form:

    a) Whether, to find Defendant guilty on Count Nine, the jury needs to be unanimous with respect to the particular statement or statements supporting that verdict. *See United States v. House*, 636 F. App'x 50, 53 & n.3 (2d Cir. 2016) (summary order); *United States v. Bayyouk*, No. CR-12-0420 (EMC), 2013 WL 6155300, at *3 (N.D. Cal. Nov. 22, 2013); *United States v. Bonds*, No. 07-CR-00732 (SI), 2011 WL 13350460, *3, 11 (N.D. Cal. Aug. 26, 2011), *rev'd on other grounds* 784 F.3d 582 (9th Cir. 2015).

    b) If so, whether the Court should give a specific instruction regarding unanimity with regard to Count Nine or whether the general unanimity charge is sufficient.

>*See United States v. Estevez*, 961 F.3d 519, 527 (2d Cir. 2020), *cert. denied,* 141 S. Ct. 388 (2020); *United States v. Dupre*, 462 F.3d 131, 144 (2d Cir. 2006); *United States v. Crisci*, 273 F.3d 235, 239 (2d Cir. 2001).

c) In either case, whether the verdict form should require the jury, in the event it returns a guilty verdict on Count Nine, to specify on which statement or statements it bases that verdict. *See Dupre*, 462 F.3d at 144; *United States v. Natelli*, 527 F.2d 311, 325 (2d Cir. 1975); *United States v. Berardi*, 675 F.2d 894, 902 (7th Cir. 1982).

SO ORDERED.

Dated: July 6, 2022
New York, New York

JESSE M. FURMAN
United States District Judge

3