# Inner City Press

July 20, 2022

By E-mail to Chambers

Hon. Jesse M. Furman, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: Press request to docket and unseal the email received by the Court on July 15, 2022  "purporting to have information about" US v. Schulte, 17-cr-548 (JMF)

Dear Judge Furman:

   Inner City Press is covering defendant Schulte's above-captioned criminal case before this Court, now pending sentencing the date of which has not been set, and unresolved severed counts.

   This is a request to the Court that it docket and unseal the email referenced in Docket Number 883: "the Court received an email from a member of the public purporting to have information about this case."

   While acknowledging the "judicial document" doctrine sometimes used to decline to docket or make public certain communications received by the Court, this request is made in the context of the extensive sealing to date in this criminal case, and its associated civil case *Schulte v. v. Attorney General of the US,* et al, 19-cv-3346 (JMF), including Docket Number 2-1 at the time of this writing remains entirely sealed.

   Given that the defendant has yet to be sentenced, and still faces a number of severed counts, the public interest militates for the unsealing of the referenced email to the Court purporting to have information about this case and defendant. The decision to docket and unseal it should not be left entirely up to the prosecution and defense.

   "Representatives of the press must be given an opportunity to be heard on the question of their exclusion from a court proceeding, and we have recognized a similar right of news media to intervene in this Court to seek unsealing of documents filed in a court proceeding." *Trump v. Deutsche Bank AG*, 940 F.2d 146, 150 (2d Cir. 2019) (internal citations, quotation marks and alterations omitted).

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

This request surmises, without having information about the email beyond its description as "an email from a member of the public purporting to have information about this case," that it may "reasonably have the tendency to influence [this] district court's... exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

On information and belief, "access to the [document might] materially assist the public in understanding the issues beofre the ... court, and in evaluating the fairness and integrity of the court's proceedings." *Bernstein v. Bernstein Litowitz Berger & Crossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) (quoting *Newsday LLC v. Cnty. of Nassau,* 730 F.3d 156, 166-67 (2d Cir. 2013) (alterations in original).

If appropriate, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter, in personal capacity, will move this Court before Honorable Jesse M. Furman U.S. Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order granting permission to the heard on sealing or unsealing of the communication received by the Court on July 15, 2022 purporting to have information about US v. Schulte, 17-cr-548 (JMF)."

Respectfully submitted,

/s/

Matthew Russell Lee, Inner City Press

cc: Joshua Schulte via sabrinashroff@gmail.com; michael.lockard@usdoj.gov

Application DENIED. It is well established that the "mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Instead, an "item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id.* In light of that standard, there is no basis to conclude that the unsolicited email -- which, for all the Court knows, is from a random member of the public with no connection to this case -- is a judicial document. That is, absent some basis to believe that the email is legitimate and that the author of the email actually does have information pertinent to this case, the email has no relevance to the judicial function or use in the judicial process. Accordingly, the application is DENIED. SO ORDERED.

July 20, 2022