| | |
|---|---|
| **SABRINA P. SHROFF** | 80 BROAD STREET, 19TH FLOOR |
| ATTORNEY AT LAW | NEW YORK, NEW YORK 10007 |
| | TELEPHONE: (646) 763-1490 |

August 7, 2022

**BY ECF**

Honorable Jesse M. Furman
United States Circuit Judge for
  the Southern District of New York
40 Foley Square
New York, NY 10007-1312

**United States v. Joshua Schulte, 17 Cr. 548 (JMF)**
**(Letter Motion to Compel Production of Search Warrant Affidavit)**

Hon. Furman:

On July 28, 2022, Mr. Schulte was handed a search warrant, and his laptop from the Metropolitan Detention Center located in the Eastern District of New York was seized by the government. When informed by Mr. Schulte of this, I contacted the United States Attorney's Office for the Eastern District of New York and requested a copy of the search warrant and any affidavits in support of the warrant. Within minutes of my email, I received a response from Mr. Pravda, Co-Chief of the National Security Unit, directing me to the AUSAs in the Southern District of New York. I then emailed and requested a copy of the documents from United States Attorney's Office for the Southern District of New York, but I received no response. This letter motion follows, seeking an Order that the government immediately provide a copy of the search warrant[1] and the affidavit(s) in support of that warrant to Mr. Schulte via counsel. Further, the Court should Order the government not to review the contents of the Schulte laptop until this matter is fully briefed and argued.

There is exigency here for two reasons. *First*, seizure of Mr. Schulte's laptop raises issues of privileged material being improperly read by the government regardless of whether there is or is not a taint team. To the extent necessary, Mr. Schulte hereby objects and asserts the attorney-client privilege and work product doctrine as to the privileged materials on his laptop. *Second*, Mr. Schulte has a deadline for the submission of his Rule 29 and Rule 33 motions (he remains *pro se* on the pending motions on the espionage case).

Federal courts "have recognized a Fourth Amendment right to access warrant materials, including the warrant itself and the supporting affidavits." *Rinaldi v. City of New York*, No. 13 Civ. 4881, 2014 WL 2579931, *4 (S.D.N.Y. June 10, 2014) (and cases cited), *report and recommendation adopted*, 2014 WL 4626076 (S.D.N.Y. Sept. 15, 2014); *United States v. Pirk*, 282 F. Supp. 3d 585, 591-592 (W.D.N.Y. 2017) (same); *In re Search Warrants issued on April 26, 2004*, 353 F. Supp. 2d 584, 590 (D. Md. 2004) ("While the government is free to lawfully exercise its power to execute search warrants, the persons against whom that awesome power is

---

[1] While the government provided to Mr. Schulte a copy of the search warrant, it did not provide or respond to counsel's request for a copy of the search warrant. Mr. Schulte is unable to share a copy of the search warrant with counsel as he is in the SHU and the Bureau of Prisons does not allow him to do so. Even though Mr. Schulte was provided with the search warrant, it remains sealed, and counsel is unable to access it. See, 22 MJ 178 (search warrant issued by Magistrate Judge Pollock).

**SABRINA P. SHROFF, ESQ.**

Honorable Jesse M. Furman
August 7, 2022
Page 2

unleashed at least have the right to discover the basis for the exercise."). *Accord In re Search Warrant*, 16-mc-00464, 2016 WL 7339113, *2 (S.D.N.Y. Dec. 19, 2016) (recognizing presumptive right to access search warrant applications under First Amendment and common law).

Mr. Schulte has standing and the right to move to suppress any use of the contents of the laptop and seek the return of his laptop. *See* Fed. R. Crim. P. 41.[2] However, he cannot ascertain the validity of the search warrant at issue, and make those motions, without first examining the warrant documents sought by this letter motion. *See, e.g., Franks v. Delaware*, 438 U.S. 154, 155-156 (1978) (recognizing that search warrants should be suppressed where warrant affidavit contains false statements made in a deliberate or reckless disregard for the truth that were necessary to the finding of probable cause); *United States v. Trzaska,* 111 F.3d 1019, 1023 (2d Cir.1997) (same). Accordingly, the search warrant and those warrant documents should be provided to Mr. Schulte immediately, and no review of the laptop contents should proceed until the matter of the warrant's validity is fully briefed and argued.[3]

I thank the Court for its attention to this matter.

Respectfully submitted,

/s/Sabrina P. Shroff
Counsel for Joshua Schulte

SPS/mtf
cc: Douglas Pravda, AUSA, EDNY

> The Government shall file a response no later than August 9, 2022. In its response, the Government should address the request set forth in footnote 3 as well.
>
> SO ORDERED.
>
> *[signature]*
>
> August 8, 2022

---

[2] Mr. Schulte is yet to be sentenced on his convictions in the espionage case and the government may well use the results of the search of the laptop to argue for an enhanced sentence. That too provides Mr. Schulte standing to seek a copy of the search warrant and the affidavits in support provided to the court which issued the search warrant.

[3] Mr. Schulte cannot work on the Rule 29 and 33 motions without a laptop. He requests the Court allow defense counsel to provide to him a laptop purchased from a vendor so that he may complete writing his motions.