

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 8, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*,
              S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government writes in response to defense counsel's letter, dated August 7, 2022, seeking to have the Court order (1) that the Government provide the defendant and defense counsel with copies of a search warrant (the "Warrant") issued by a magistrate judge in the Eastern District of New York for the search and seizure of the defendant's laptop, along with the sealed affidavit in support of that Warrant, (2) that the Government cease the execution of the search authorized by that warrant pending the litigation of unspecified potential claims by the defendant, and (3) authorizing the provision of a replacement laptop to the defendant.

      As background, defense counsel first contacted the undersigned Assistant U.S. Attorneys to request a copy of the search warrant at 4:57 p.m. on Friday, August 5, 2022, and proceeded to send a series of follow up emails during the following weekend.[1]  The defendant was given a copy of the Warrant on the date that the laptop was seized, and a courtesy copy was also provided to defense counsel today by email.  The cover email advised defense counsel in sum and substance that the affidavit remains under seal and that the Government will provide it to defense counsel and the defendant when and if subsequent events created a discovery obligation for the Government to do so.

      No further relief is warranted.  First, with respect to the request for disclosure of the affidavit in support of the search warrant, there is "no authority" in the Second Circuit "for the proposition that the Fourth Amendment (or any other constitutional or statutory provision) gives a person who has not been charged a right to review a search warrant affidavit during an ongoing investigation." *In re Search Warrants Executed on Apr. 28, 2021*, No. 21 Misc. 425 (JPO), 2021 WL 2188150, at *3 (S.D.N.Y. May 28, 2021), *appeal withdrawn* (June 30, 2021).  To the extent that the common-law right of access to judicial records applies to an affidavit in support of a search warrant, courts in this Circuit have routinely recognized that such right may be limited in

---

[1] When first contacted by defense counsel, the Government learned at that time that defense counsel had, earlier on August 5, contacted Assistant U.S. Attorneys in the Eastern District of New York.

response to the Government's legitimate interest in sealing "'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) (quoting *In re Dep't of Investigation*, 856 F.2d 481 (2d Cir.1988)); *see also In re Search Warrants*, 2021 WL 2188150, at *3 ("Assuming that the search warrant affidavits are "judicial documents" to which the First Amendment and common law right of access applies, the Court finds that the presumption of access is plainly outweighed by the need to protect a grand jury investigation that is ongoing."). Here, the Government's investigation of the defendant's conduct that gave rise to the search warrant is ongoing, no charges related to his use of the laptop have been filed, and the scope and precise nature of the conduct that the Government is investigating are not known either to the public or to the defendant.

If that investigation results in the use of information obtained pursuant to the search warrant, the Government will comply with its discovery obligations promptly. More generally, "the sealing of the [affidavit] is likely not indefinite. . . . [I]f charges are brought, the [affidavit] would be produced in discovery . . . as part of the Government's obligations under Federal Rule of Criminal Procedure 16. And if the grand jury Investigation is closed without any criminal charges being filed, the law enforcement interests . . . would have diminished to warrant revisiting the continued confidentiality of the Materials." *In re Search Warrant Dated Nov. 5, 2021*, No. 21 Misc. 813 (SLC), 2021 WL 5830728, at *8 (S.D.N.Y. Dec. 7, 2021). In short, defense counsel's application to obtain the warrant is entirely premature.[2]

Finally, the Government objects to defense counsel's request to provide the defendant with a replacement laptop. The defendant has seven weeks to draft and file his *pro se* motions pursuant to Federal Rules of Criminal Procedure 29 and 33, and can do so using the normal resources available to *pro se* inmates at the Metropolitan Detention Center. The defendant "has the right to legal help through appointed counsel, and when he declines that help, other alternative rights, like access to a [personal laptop], do not spring up." *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000). Particularly in view of the Magistrate Judge's determination that there is probable cause to believe that the defendant's previous laptop contains evidence of additional crimes, there is no reason that the defendant should be afforded special access to a

---

[2] To the extent that defense counsel's motion is premised on the need to litigate the privilege status of any materials contained on the defendant's laptop, the affidavit underlying the search warrant is completely irrelevant to such issues. The warrant itself spells out the filter procedures to be used by the Government, including affording the defendant the opportunity to object to the production of materials deemed non-privileged to the investigating agents before such production is made.

new laptop simply because the Court has permitted him to proceed partially *pro se* for certain matters going forward.

                          Respectfully submitted,

                          DAMIAN WILLIAMS
                          United States Attorney

by: _____/s/_____
      David W. Denton, Jr./Michael D. Lockard
      Assistant United States Attorneys
      (212) 637-2744/-2193

cc:    Defense Counsel (by ECF)