**SABRINA P. SHROFF**
ATTORNEY AT LAW

80 BROAD STREET
NEW YORK, NEW YORK 10004
TEL: (646) 763-1490

August 9, 2022

BY ECF

Honorable Jesse M. Furman
United States Circuit Judge for
the Southern District of New York
40 Foley Square
New York, NY 10007-1312

> The Court sees no basis to intervene at this time, substantially for the reasons stated by the Government in its letter (and because the search warrant was obtained in a different District). Most of what counsel says was on the laptop (most notably, the trial transcript) can be provided to Mr. Schulte by counsel through other means. To the extent that seizure of the laptop hinders Mr. Schulte's preparation of his post-trial motions, he may seek an appropriate extension.
>
> The Clerk of Court is directed to terminate Docket No. 926.
>
> SO ORDERED.
> [signature]
> August 9, 2022

**United States v. Joshua Schulte, 17 Cr. 548 (JMF)**
**(Reply in further support of Motion to Compel)**

Hon. Furman:

Mr. Schulte respectfully submits this reply letter in further support of his requested Order that the government (i) provide a copy of the search warrant and affidavit in support of the warrant; (ii) not review the contents of that laptop while this matter is considered; and (iii) allow Mr. Schulte a replacement laptop so he may continue working on his post-trial submissions.

**Mr. Schulte Should Be Given a Replacement Laptop**

Mr. Schulte requires a replacement laptop so he may draft and submit Rule 29 and Rule 33 motions to the Court. In opposing this request the government blithely asserts that this relief is unnecessary because Mr. Schulte can "draft and file his pro se motions … using the normal resources available to pro se inmates at the Metropolitan Detention Center." 8/8/22 Govt. Letter at 2. The government is wrong.

When the government took the laptop, it took away the trial transcripts, the 3500 material, work product documents, and the other materials Mr. Schulte needs to draft his motions. A replacement laptop would replace those materials and also allow him to draft what will be complex motions of law and fact. The Court repeatedly has recognized that this case is an outlier; far more complicated and involved than the usual or "normal" case. It is one of the many reasons why this and the prior Court presiding over this case, ordered Mr. Schulte be allowed a laptop in the first place. And those reasons remain extant here. See, Dkt. Entry Nos 451, 709, 723, and 849.

The only case cited by the government is *United States v. Byrd*, 208 F.3d 592 (7th Cir. 2000), a Seventh Circuit case declining to adopt an iron-clad rule that the lack of a law library always violates an inmate's constitutional rights.[1] In declining to adopt this strict rule, the Seventh Circuit did not approve, support, or even consider, the equally strict "no personal

---

[1] In *Byrd*, the defendant was accused of assaulting a prison guard. 208 F.3d at 593. This type of cut and dried case involving three witnesses (including Byrd) and a single act is readily distinguishable from the complicated weeks long trial and months of proceedings that are at issue here and will be on the appeal to the Second Circuit.

Hon. Jesse M. Furman
August 9, 2022
Page 2

laptops" rule suggested by the government. To the contrary, the *Byrd* court held that any request for resources would have to be considered on a case-by-case basis:

> [W]e are aware that managing a criminal trial in which a defendant is representing himself is a chore and that each case is different and may call for different procedures. We do not think that placing restrictions or specific requirements on trial judges in these situations would be a good idea. We prefer to trust the judge's discretion as to how best to handle the situation[.]

208 F.3d at 594. Here, a laptop is absolutely necessary; without a laptop Mr. Schulte will have no real ability to gather the necessary facts and law and write his post-trial motions. The laptop itself is air-gaped; it has no internet capabilities. The search warrant itself notes that the government is not alleging it has probable cause for any acts of espionage. Accordingly, the Court should order the government to receive a replacement laptop directly from a vendor which the government can then examine and load with the discovery, 3500 material, trial transcripts and the last version of Mr. Schulte's Rule 29 and 33 motions and allow Mr. Schulte's counsel to replace the laptop seized by the government.

The timing of the search warrant sought by the government as it relates to its stance on a replacement laptop is perhaps informative. Right before start of trial, a guard at the MDC dropped Mr. Schulte's laptop. See ECF Docket Entry No. 838. In an effort to "fix" the laptop, Mr. Schulte provided it to the government – for that limited purpose. The government then returned the laptop saying it was working but asked Mr. Schulte about the organization of the laptop and then asked the court to admonish Mr. Schulte for manner in which he was maintaining it. The government did nothing more. It did not ask the Court for a search warrant or to curtail Mr. Schulte's access to the laptop. The government allowed Mr. Schulte to keep his laptop – all through the trial – and only now seeks its seizure. The timing appears punitive and not keyed to any potential harm to a third party. This too counsels in favor of Mr. Schulte being provided a new laptop.

**Mr. Schulte Should Be Given a Copy of the Search Warrant Affidavit**

After the Court received Mr. Schulte's letter motion and ordered the government to respond, the government finally furnished a copy of the search warrant itself to defense counsel. Accordingly, that portion of Mr. Schulte's motion is now moot.[2] The request for the search warrant affidavit, however, remains in dispute.

---

[2] In its response, the government seems to complain that it received "a series of emails" asking for a copy of the warrant materials, after the government failed to respond to the request first made on August 5, for a search warrant it executed on July 28. From July 28 to August 4, Mr. Schulte tried to get a legal call. One was scheduled for August 2, but cancelled by the BOP as "something had come up". The call occurred on August 4, and it was then that I learned of the execution of a search warrant. As the MDC is in Brooklyn, I checked there and then emailed the government. The government's silence knowing the difficulties of getting legal calls, that MDC has in the past prevented Mr. Schulte from bringing legal paperwork to the attorney visits, that I was to see him on Saturday, and that the search warrant remained sealed on Pacer resulted in a waste of CJA resources. As an aside, the search warrant remains "*sealed*" on Pacer. The legal basis for sealing an executed search warrant is nebulous at best.

Hon. Jesse M. Furman
August 9, 2022
Page 3

      The government contends that the request for the supporting affidavit is "premature." 8/8/22 Govt. Letter at 2. The government's own letter, however, proves the government is wrong. The search warrant affidavit should be produced now because the government is already affirmatively using it in this case.

      In opposing this motion, the government contends that Mr. Schulte should not be afforded access to a laptop "[p]articularly in view of the Magistrate Judge's determination that there is probable cause to believe that the defendant's previous laptop contains evidence of additional crimes." 8/8/22 Govt. Letter at 2-3. Yet, the Magistrate Judge's decision on which the government now relies was entirely grounded on the factual allegations of the search warrant. The government should not be permitted to use the warrant as evidence of Mr. Schulte's purported additional crimes, while hiding the affidavit on which the warrant was based. *See, e.g., In re Search Warrants issued on April 26, 2004*, 353 F. Supp. 2d 584, 590 (D. Md. 2004). ("While the government is free to lawfully exercise its power to execute search warrants, the persons against whom that awesome power is unleashed at least have the right to discover the basis for the exercise."). Rather, Mr. Schulte should be given the affidavit now, so that he can prevent the government from continuing to rely upon, or benefit from, an improperly issued warrant. *See, e.g., Franks v. Delaware*, 438 U.S. 154, 155-156 (1978) (recognizing that search warrants should be suppressed where warrant affidavit contains false statements made in a deliberate or reckless disregard for the truth that were necessary to the finding of probable cause); *United States v. Trzaska*, 111 F.3d 1019, 1023 (2d Cir.1997) (same).

      Notably, while the government's letter states the factors which may permit an affidavit to be withheld – *e.g.*, to preserve confidential sources or protect witnesses – the government never explains how those factors possibly could apply here, where someone already incarcerated is accused of violations of Title 18, United States Code, Sections 401(3) (contempt of court) and 1791(a) (possessing contraband in a correctional facility). There are no confidential sources or witness at risk – and production of the affidavit in support of the search warrants implicates none of the articulated concerns. In short, the government does not meet its burden of showing that the affidavit cannot be supplied now, so Mr. Schulte can protect his Fourth Amendment rights.

### Review of the Laptop's Contents Should Be Temporarily Held In Abeyance

      If the warrant was improperly granted, then the government has no right to seize it or examine its contents, irrespective of what "filtering procedures" are spelled out in the warrant itself. *Franks*, 438 U.S. at 155-156; *Trzaska*, 111 F.3d at 1023. Accordingly, no review of the laptop contents should take place until a copy of the affidavit is produced, so defendant can ensure his rights have not been violated.

                                                           Respectfully submitted,

                                                            */s/*Sabrina P. Shroff
                                                            Counsel to Joshua Schulte

SPS/