

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 12, 2022

**BY ECF**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Joshua Adam Schulte*,
     S3 17 Cr. 548 (JMF)

Dear Judge Furman:

  The Government respectfully writes pursuant to the Court's order dated September 8, 2022 (D.E. 940) directing the Government to provide an update regarding (1) the review of the defendant's laptop pursuant to a search warrant (the "Warrant") issued by a magistrate judge in the Eastern District of New York; and (2) the Government's communications with the Metropolitan Detention Center ("MDC") regarding the trial-related materials that were previously sent to the defendant and potential accommodations that could be provided to the defendant to further facilitate his ability to prepare his post-trial motions.

  The Government's review of the laptop remains ongoing, and at this time we are not in a position to estimate the time frame required to complete the review. Generally speaking, given the complex attorney-client privilege, attorney work-product, and trial-preparation issues presented by the laptop, taint-review agents with the Federal Bureau of Investigation ("FBI") are conducting the initial review of the laptop for responsiveness to the Warrant with guidance from the prosecution team. Responsive material identified as a result of this review will be evaluated by a taint-review AUSA. Taint-review agents have begun reviewing the contents of the laptop hard drive, which are voluminous. As a result of a discussion between the prosecution team and the taint-review team last week, facilitated by a taint-team AUSA, additional steps are being taken to identify the portions of the laptop most likely to contain responsive material, including making use of date-limited searches; identifying search methods that focus on data other than materials provided in discovery; and conducting a technical review of deleted, hidden, or altered data and metadata and changes to system settings. In addition to these additional steps, the laptop contains an encrypted partition that has not yet been decrypted. Efforts to decrypt that partition are ongoing, but it is not feasible to estimate how long that process might take or whether it will be successful.

  The Government has discussed whether additional accommodations can be provided to the defendant by the MDC for his use in preparing and filing post-trial motions. Based on those

discussions, it does not appear feasible for the MDC to make additional computer resources available to the defendant beyond the unit computer that is presently available to him. However, following additional discussions and consideration, and subject to the proposed conditions below, the Government and the MDC do not oppose the defendant's obtaining a replacement laptop for the purpose of his post-trial motions, which he would be able to use with the printer that was previously made available for his use in connection with trial preparation and trial. However, the Government respectfully submits that any replacement laptop must not have internal WiFi or Bluetooth capabilities, or those capabilities must be fully removable by the Government's IT staff before the laptop is provided to the defendant. The Government advised defense counsel on Friday of these requirements for a replacement laptop.

If a replacement laptop is provided, the Government further submits that the defendant's use of that laptop should be contingent on the following additional conditions: the defendant may not connect the laptop to any external disc drives, flash drives, or SD cards, or to any external media that is writeable; may not alter or attempt to alter any write-blocking on external hard drives or other storage media he has previously been provided; and may not install any software on the laptop. If the defendant were to use or attempt to use prohibited external media or writeable external media, to alter or attempt to alter any operating system or BIOS settings, to encrypt or attempt to encrypt any internal or external storage media, or to install or attempt to install any software, his ability to use any laptop should be curtailed or terminated. In short, the purpose of a replacement laptop would be to facilitate the defendant's ability to draft and file his *pro se* post-trial motions pursuant to Rules 29 and 33, and these conditions would reduce the risk that the laptop would be used to send, receive, or attempt to send or receive communications or information in violation of applicable Special Administrative Measures, security protocols, laws, or regulations; or to hide or conceal evidence of unlawful or inappropriate activity on the laptop.

The Government has also discussed with MDC the CDs containing unclassified trial records and trial materials that the Government prepared and mailed to the defendant on August 29, 2022. We have been advised that the discs were delivered to the SAMs unit late last week and are available for the defendant's use on the unit computer.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr./Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744/-2193

cc:   Defense Counsel (by ECF)