

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 6, 2022

**BY EMAIL**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

   Re: *United States v. Joshua Adam Schulte*,
      S3 17 Cr. 548 (JMF)

Dear Judge Furman:

  The Government respectfully writes to provide an update regarding the Government's ongoing investigation of the defendant and to request that the Court unseal and docket publicly (i) the Government's *ex parte* letter dated September 23, 2022 (the "September 23 Letter") and the Court's memo endorsement on the same date; and (ii) the Government's *ex parte* letter dated September 30, 2022 (the "September 30 Letter") and the Court's memo endorsement on the same date. Because this letter discusses the contents of the September 23 and 30 Letters, which were received *ex parte* and sealed by previous orders of the Court, the Government respectfully submits this letter on a provisional *ex parte*, sealed basis in the first instance, but requests that it be publicly docketed as well should the Court grant the application to unseal those prior filings.

   **I.** **Update on the Government's Investigation**

  As the Court is aware, on July 27, 2022, United States Magistrate Judge Cheryl L. Pollak of the Eastern District of New York signed a warrant authorizing the seizure and search of the laptop previously provided to the defendant for his use in the Bureau of Prisons for reviewing unclassified discovery and preparing litigation materials in this case (the "Laptop Warrant"), which was at that time located at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Pursuant to the terms of the Laptop Warrant, the initial search and review of the contents of the defendant's laptop for evidence of the subject offenses set forth therein, specifically violations of 18 U.S.C. §§ 401(3) (contempt of court) and 1791(a) (possessing contraband in a correctional facility), is being conducted by agents from the Federal Bureau of Investigation ("FBI") who are not part of the prosecution team, supervised by an Assistant U.S. Attorney who is also not part of the prosecution team and is experienced in privilege matters (the "Wall Team"), to segregate out any potentially privileged documents or data.

  As described in the September 23 Letter, on September 22, 2022, the Wall Team contacted one of the FBI case agents handling this matter to inform him that, during the Wall Team's review

of the defendant's MDC laptop, they had discovered a substantial amount of what appeared to be child sexual abuse materials (the "Laptop CSAM Files") and to request guidance about how to proceed. The undersigned advised that the Wall Team should stop their review to permit the Government to obtain an additional search warrant for evidence of offenses involving child sexual abuse materials. Because the terms of the Laptop Warrant preclude the prosecution team from receiving the results of the Wall Team's search without first providing them to Schulte and his counsel, and because disclosure of this development to the defendant could have compromised the integrity of necessary additional investigative steps, another Assistant U.S. Attorney was assigned to the Wall Team at the request of the undersigned to be able to review the material and assist in obtaining that additional warrant, which this Court issued on September 23, 2022 (the "CSAM Expansion Warrant").[1] The Wall Team's review of the defendant's MDC laptop pursuant to both the Laptop Warrant and the CSAM Expansion Warrant remains ongoing.

As described in the September 30 Letter, as part of the Government's ongoing investigation of the Laptop CSAM Files, the Government has obtained two additional search warrants. One warrant, which was issued on October 4, 2022 by United States Magistrate Judge Robert M. Levy of the Eastern District of New York, authorized the search of the defendant's cell at the MDC and the seizure of certain materials contained therein, including electronic devices (the "MDC Cell Warrant"). The second warrant, which was also issued on October 4, 2022 by this Court, authorized the seizure and search of three specified electronic devices previously used by the defendant in the Courthouse Sensitive Compartmented Information Facility ("SCIF") in connection with his review of CSAM obtained from the defendant's home computer equipment and produced in discovery for review in the SCIF (the "CSAM Devices Warrant"). Both the MDC Cell Warrant and the CSAM Devices Warrant contain substantially the same procedures as the CSAM Expansion Warrant for initial review of the seized materials by the Wall Team. Both warrants were executed by the FBI on October 5, 2022.[2]

In addition, as also described in the September 30 Letter, the Government, in a letter to the Classified Information Security Officer ("CISO") dated September 30, 2022 (the "CISO Letter"), invoked the provisions of paragraph 32 of the March 14, 2022 Amended Protective Order Pertaining to Classified Information (D.E. 739, the "CIPA Protective Order"). That paragraph provides that the Wall Team may review log activity from computer equipment maintained in the SCIF for purposes of determining if the equipment has been used in an unauthorized manner. The Government, in coordination with the CISO, collected that information on October 5 and 6, 2022 as well.[3]

---

[1] The wall review provisions of the CSAM Expansion Warrant permit non-privileged potential CSAM discovered on the defendant's laptop to be provided to the prosecution team without prior notification to or review by defense counsel.

[2] The Government is also in the process of obtaining another search warrant in the Eastern District of New York for additional external hard drives that were outside the defendant's cell during the execution of the MDC Cell Warrant, and that are currently in the custody of the MDC Legal Department (the "MDC Drives Warrant").

[3] In order to ensure that the log data from that computer equipment was collected in a forensically accurate manner, an FBI technical expert from the Wall Team assisted the CISO, at the CISO's

Finally, on October 6, 2022, the Government provided electronic copies of the CSAM Expansion Warrant, the MDC Cell Warrant, and the CSAM Devices Warrant, and the affidavits in support of those warrants, as well as the affidavit in support of the Laptop Warrant, to defense counsel, marked "USG CONFIDENTIAL" pursuant to the terms of the September 18, 2017 Protective Order (D.E. 11)  The Government will also produce electronic copies of the MDC Drives Warrant and the affidavit in support of it, when and if it is issued and executed.[4]

**II.      Relief Requested**

First, now that the Government has completed the investigative steps set forth in the September 23 and September 30 Letters, the Government respectfully submits that there is no longer a need for those letters to be maintained under seal, and requests that they be docketed publicly (without redaction).

Second, the Government respectfully requests that the Court modify the terms of the CIPA Protective Order to allow the Wall Team to provide non-privileged portions of the above-described log files collected and reviewed pursuant to paragraph 32 of the CIPA Protective Order to the prosecution team in this matter.  As currently set forth, the CIPA Protective Order provides that "[i]n the event the Wall Team determines the Computer Equipment has been used in an unauthorized manner, including by attempting to circumvent any security measures or logging features, the Wall Agent will report that information to the CISO, who will notify the Court for further action."  (D.E. 739 ¶ 32).  Because evidence that the defendant has used the computer equipment in the SCIF in an unauthorized manner (i) is relevant, not only to the CISO's administration of the SCIF, but also to the Government's ongoing investigation of the defendant's potential crimes described in the recent search warrant affidavits; and (ii) may require the Government to seek additional orders or process from the Court to investigate more fully, such as search warrants for the contents of those devices necessary to identify digital forensic evidence in locations other than log files; the Government submits that it is appropriate for the Wall Team to provide such non-privileged information to the prosecution team in addition to the CISO.  The Government accordingly proposes that the log file information obtained pursuant to the CIPA Protective Order be handled pursuant to the wall review procedures set forth in the Laptop Warrant,

---

request, in making images of the computer equipment collected from the SCIF, from which the log files covered by the terms of the CIPA Protective Order were extracted by the CISO in coordination with the Wall Team technical expert.  The complete images were retained by the CISO, and the Wall Team has access only to the log files that the CISO provided from those images, consistent with the terms of paragraph 32 of the CIPA Protective Order.

[4] The Government previously informed the Court that it planned to provide Schulte's counsel with a copy of the extracted image of the MDC laptop.  (D.E. 936).  While the Government will of course ensure compliance with its discovery obligations, the identification of the Laptop CSAM Files requires that the image of that laptop also be handled in accordance with the Adam Walsh Act, 18 U.S.C. § 3509(m).  Thus that material will be made available to defense counsel consistent with the provisions of that statute once it is copied, but will not be provided directly to defense counsel.

meaning that the Wall Team would provide non-privileged materials from the log files to defense counsel, to afford them an opportunity to raise any objections to providing those materials to the prosecution team. The Wall Team will then turn over the non-privileged materials from the log files to the prosecution team two weeks after providing those documents and data to defense counsel, unless an objection has been made to the Court with respect to particular data. To the extent the Court agrees that such a modification would be appropriate, the Government can provide a proposed order if that would be helpful to the Court.

Third, the Government respectfully requests that the defendant's access to the SCIF be limited.[5] Previously, the Government had consented to regularly scheduled productions to the SCIF, primarily so that the defendant could review materials necessary for his *pro se* defense to the espionage and related charges that were the subject of the June 2022 trial in this matter, resulting in a verdict of guilty on all counts on July 13, 2022. The defendant has since revoked his *pro se* status for all purposes other than the submission of motions pursuant to Federal Rules of Criminal Procedure 29 and 33[6] and, as the Court has previously observed, the defendant has "no need at this stage to review discovery" because those motions "would be based on the record at trial," which is unclassified (D.E. 946). Nor is access to the SCIF required to prepare for the upcoming trial of the previously severed CSAM offenses. The hard drive containing the CSAM discovery and other discovery from the defendant's home computer has been seized as evidence pursuant to the CSAM Devices Warrant, and a replacement drive containing that discovery will be made available to defense counsel at the FBI pursuant to the procedures normally applicable in cases involving CSAM. In addition, as described in the September 23 Letter and application for the CSAM Devices Warrant, there is reason to believe that the defendant may have misused his access to the SCIF, including by connecting one or more unauthorized devices to the laptop used by the defendant to access the CSAM previously produced. Accordingly, the Government respectfully submits that the defendant should not be produced to the SCIF as a matter of course, but only upon application to the Court demonstrating a need to use SCIF resources in connection with legitimate tasks for the preparation of his defense.

Finally, the Government respectfully requests that the Court set a schedule for the defendant to submit his post-trial motions. The Court previously adjourned that schedule *sine die* pending "greater clarity on the situation regarding Defendant's access to a computer." (D.E. 940 at 1). As the Government previously informed defense counsel and the Court, the Government cannot at this point consent to providing the defendant with a replacement laptop under any conditions (D.E. 950), in light of both his convictions of a variety of computer-related offenses and the additional evidence of his misconduct with regard to the previous MDC laptop that was seized. The Government has conferred with legal counsel at the MDC to request that the defendant have access to a typewriter for purposes of drafting these post-trial motions, similar to that available to inmates in general population. MDC legal counsel has indicated that this would likely be possible, subject to approval from the senior management of the MDC. The Government is also sending today, via U.S. mail, another copy of the trial transcript and trial exhibits on a CD

---

[5] The defendant's next scheduled SCIF production is tomorrow, October 7, 2022.

[6] The Government does not, at this time, propose limiting access to the SCIF for Schulte's defense counsel.

that the defendant can view using the law library computer in his unit at the MDC. Accordingly, the Government submits that the circumstances are now sufficiently clear that it would be appropriate for the Court to set a schedule for the defendant to file his post-trial motions.

                                        Respectfully submitted,

                                        DAMIAN WILLIAMS
                                        United States Attorney

by:       /s/
                      David W. Denton, Jr./Michael D. Lockard
                      Assistant United States Attorneys
                      (212) 637-2744/-2193

The Court rules as follows:

1. The Government's letters dated September 23 and 30, 2022, and the Court's endorsements thereon, are hereby UNSEALED. (As the Government concedes that there is no basis or need to seal this letter, it shall be docketed as well.)

2. The Government is granted leave to handle the log file information pursuant to the wall review procedures set forth in the Laptop Warrant, which provide the defense with an opportunity to object before the materials are provided to the prosecution team.

3. The Defendant shall not be produced to the SCIF unless and until the Court orders otherwise -- based upon an application from Defendant demonstrating a specific need to use SCIF resources in connection with legitimate tasks for the preparation of his defense. If Defendant objects to that approach, he shall file a letter brief on the issue by October 14, 2022.

4. The parties shall confer and, no later than October 21, 2022, propose a schedule for Defendant's post-trial motions. To the extent that Defendant objects to the Government's proposed accommodations (access to a typewriter in lieu of a laptop and to the trial record on a CD), he shall file a letter brief on the issue by October 14, 2022.

                                        SO ORDERED.

                                        October 6, 2022