

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 23, 2022

**BY EMAIL**
Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*,
               S3 17 Cr. 548 (JMF)

              *EX PARTE* **AND UNDER SEAL**

Dear Judge Furman:

      The Government respectfully writes to provide an update regarding the Government's search of the defendant's laptop and to request that, for the reasons set forth below, the Court direct the United States Marshals Service to cancel the defendant's next planned production to the Courthouse Secure Compartmented Information Facility ("SCIF"), currently scheduled for Monday, September 26, 2022. As discussed more fully below, the SCIF may contain evidence of additional crimes committed by the defendant, and permitting the defendant access to the SCIF before the Government is able to take steps to secure and review that evidence could result in the intentional or unintentional destruction or alteration of relevant evidence and data.

## Background

**I.**    **The Defendant's Prior Conduct Involving Child Sexual Abuse Materials**

      As the Court is aware, in March 2017, the Federal Bureau of Investigation ("FBI") searched Schulte's residence in New York pursuant to a search warrant and recovered, among other things, multiple computers, servers, and other electronic storage devices, including Schulte's personal desktop computer (the "Home Desktop"). (Dkt. 1 ¶ 2). On the Home Desktop, FBI agents found an encrypted container containing over 10,000 images and videos of child sexual abuse materials (the "Home CSAM Files"). (*Id.* ¶ 3(a), (c)). For example, one file was a video depicting a prepubescent female approximately three-to-six years old engaging in various sex acts. (*Id.* ¶ 3(e)(ii)).

      Consistent with its discovery obligations and prior orders of the Court (*see, e.g.*, Dkt. 513), the Government has made available to Schulte and his counsel a hard drive containing forensic extractions from Schulte's Home Desktop, containing the Home CSAM Files. In order to comply

with the terms of the Adam Walsh Act governing disclosure of child sexual abuse materials, *see* 18 U.S.C. § 3509(m), that hard drive was stored in a dedicated safe in the Courthouse SCIF, and could be viewed using a laptop made available by the Classified Information Security Officer ("CISO") in the SCIF, which laptop has since been used exclusively for that purpose and also maintained in the dedicated safe. (*See, e.g.*, Dkt. 714 at 2).

Following the jury's guilty verdicts on all counts of the Third Superseding Indictment at trial in July 2022, the parties agreed that the defendant would no longer require access to the SCIF on as frequent a basis as had been necessary in advance of trial on those counts. Accordingly, the Government made arrangements for the hard drive containing forensic extractions from the Home Desktop, including the Home CSAM Files, to be removed from the SCIF and stored and made available to defense counsel consistent with the standard practices usually followed in cases involving child sexual abuse materials (as described below, the hard drive remained in the SCIF until on or about September 8, 2022). (*See* July 26, 2022 Tr. at 27-28).

## II.     The Warrant to Search the Defendant's MDC Laptop

On July 27, 2022, United States Magistrate Judge Cheryl L. Pollak of the Eastern District of New York signed a warrant authorizing the seizure and search of the laptop previously provided to the defendant for his use in reviewing unclassified discovery and preparing litigation materials in this case (the "Laptop Warrant"), which was at that time located at the Metropolitan Detention Center ("MDC") in Brooklyn, New York.

Pursuant to the terms of that warrant, the initial search and review of the contents of the defendant's laptop for evidence of the subject offenses set forth therein, specifically violations of 18 U.S.C. §§ 401(3) (contempt of court) and 1791(a) (possessing contraband in a correctional facility), is being conducted by law enforcement agents who are not part of the prosecution team, supervised by an Assistant U.S. Attorney who is also not part of the prosecution team and is experienced in privilege matters (the "Wall Team"), to segregate out any potentially privileged documents or data. The Laptop Warrant further provides that, before providing any non-privileged materials to the prosecution team, the Wall Team will first provide them to Schulte and his counsel to afford them an opportunity to present the Court with any objections to the materials being turned over to the prosecution team.

## III.    Evidence of Potential Mishandling of SCIF Materials

On or about August 26, 2022, Schulte was produced to the Courthouse SCIF and, during that visit, asked to view the hard drive containing the Home CSAM Files from the Home Desktop. The hard drive was provided to Schulte and afterwards re-secured in the dedicated safe in the SCIF. The FBI advised the undersigned that, while securing the hard drive containing the Home CSAM Files, they observed that an unauthorized thumb drive (the "Thumb Drive") was connected to the SCIF laptop used by Schulte and his counsel to review that hard drive containing the Home CSAM Files. On or about September 8, 2022, at the Government's request, the CISO retrieved the hard drive containing materials from the Home Desktop from the SCIF and returned it to the FBI so that it could be handled pursuant to the normal procedures applicable to child sexual abuse materials. The CISO inquired about what should be done with the Thumb Drive, which remained

in the dedicated SCIF safe. The Government requested that the Thumb Drive remain secured in the SCIF while the Government completed its review of the defendant's laptop and continued to investigate the defendant's potentially unauthorized activities.

### IV. Discovery of Additional Child Sexual Abuse Materials on the Defendant's MDC Laptop

On September 22, 2022, the Wall Team contacted one of the FBI case agents handling this matter to inform him that, during the Wall Team's review of the defendant's MDC laptop, they had discovered a substantial amount of what appeared to be child sexual abuse materials (the "Laptop CSAM Files") and to request guidance about how to proceed. The undersigned advised that the Wall Team should stop their review to permit the Government to obtain an additional search warrant for evidence of offenses involving child sexual abuse materials. Because the terms of the Laptop Warrant preclude the prosecution team from receiving the results of the Wall Team's search without first providing them to Schulte and his counsel, the undersigned requested that another Assistant U.S. Attorney be assigned to the Wall Team to be able to review the material and assist in obtaining that warrant (the "CSAM Expansion Warrant"). The undersigned, in consultation with supervisors in the U.S. Attorney's Office, also requested that the CSAM Expansion Warrant provide for one modification to the review procedures specified in the Laptop Warrant, in light of the discovery of child sexual abuse materials on the laptop. Because child sexual abuse materials may not be lawfully possessed by Schulte or his counsel except in accordance with the terms of the Adam Walsh Act, are themselves contraband, and cannot be privileged, it is appropriate for the Wall Team to make any materials that appear to be potentially responsive to the subject offenses related to child sexual abuse materials specified in the CSAM Expansion Warrant available to the prosecution team in this matter without being obligated first to notify or consult Schulte or his counsel. The undersigned understand that the CSAM Expansion Warrant was signed by the Court today.

### Requested Relief

Upon the execution of the CSAM Expansion Warrant, the Government anticipates taking additional steps to determine the origin of the Laptop CSAM Files and to investigate other potential violations of criminal law or Court orders. Among other potential steps, which will be informed by the prosecution team's review of the Laptop CSAM Files pursuant to the CSAM Expansion Warrant, the Government anticipates that it may seek a search warrant in the Eastern District of New York for the defendant's cell at the MDC and the other electronic media, such as hard drives, to which he has access there, to determine if other contraband, including additional child sexual abuse materials, is present. In addition, the Government intends to investigate the possibility that the Laptop CSAM Files are derived from Home CSAM Files which the defendant may have removed from the SCIF.[1] As part of that investigation, the Government may seek a warrant to

---

[1] It is possible that Schulte obtained the Laptop CSAM Files through other illicit means, such as by circumventing controls on the laptop to connect it to the Internet, or in some way receiving it on electronic media from an external source. Based on the information presently available to the Government, however, including the unauthorized connection of the Thumb Drive to the laptop

search the electronic devices to which the defendant has had access in the SCIF, including the Thumb Drive, the laptops to which he had access, and other materials where evidence relating to violations of laws governing the handling of classified and/or child sexual abuse materials and/or the Court order governing Schulte's access to the SCIF (Dkt. 739), may be found.

The parties had previously agreed with the U.S. Marshals that the defendant would be produced to the SCIF once every two weeks, and have set a schedule to that effect. Schulte's next scheduled production to the SCIF is Monday, September 26, 2022. In view of these developments, however, the Government respectfully requests that the Court direct the U.S. Marshals to cancel Schulte's next SCIF production, in order to prevent any access to the electronic materials in the SCIF potentially containing evidence of criminal violations as described above, as the intentional or unintentional alteration of data on those devices could compromise any future forensic examination of those materials.[2] Schulte's next subsequent SCIF production is scheduled for October 7, 2022, so any disruption to his defense from the cancellation of the September 26 production would be minimal, and the Government is committed to moving forward expeditiously with its investigation of these new potential offenses.

In addition to the investigative considerations discussed above, based on the discovery of the Laptop CSAM Files, the Government can no longer consent to providing the defendant with a replacement laptop computer to assist in the preparation of his post-trial motions in this matter. The Government expects to file a letter to that effect on Tuesday, September 27, 2022, in accordance with the deadline previously set by the Court. The Government is further consulting with the Department of Justice's Office of Enforcement Operations whether this development warrants any modification of the Special Administrative Measures governing the defendant's custody by the Bureau of Prisons, or other restrictions that may be imposed pursuant to the authority of the Director of the Bureau of Prisons. Finally, the Government previously represented to the Court that it would provide Schulte's counsel with a copy of the extracted image of the MDC laptop. (Dkt. 936). While the Government will of course ensure compliance with its discovery obligations, the identification of the Laptop CSAM Files requires that the image also be handled in accordance with the Adam Walsh Act, and so that material will be made available to defense counsel once it is copied, but not provided directly.

## Conclusion

Accordingly, the Government respectfully requests that the Court direct the U.S. Marshals to cancel the defendant's SCIF production for September 26, 2022. The Government will continue to provide updates as appropriate to the Court as further investigative steps are taken in this matter.

---

used by Schulte and his counsel to view the Home CSAM Files in the SCIF, there appears to be a substantial possibility that Schulte obtained the Laptop CSAM Files from that source.

[2] In addition to digital forensic analysis, if the Government does seek to seize the electronic media in the SCIF, the Government may also seek to perform physical forensic analysis of the devices to determine the identity of the individual(s) who accessed or otherwise physically handled them.

Because this letter describes an ongoing criminal investigation of the defendant, including potential future investigative steps that the Government may seek to take, which could be impeded if Schulte or his counsel is made aware of them in advance, the Government also respectfully requests that the Court maintain this letter *ex parte* and under seal at this time. *See, e.g.*, *United States v. Smith*, 985 F. Supp. 2d 506, 532 and n.13 (S.D.N.Y. 2013) (noting that "[c]ourts routinely consider these types of *ex parte* submissions" concerning ongoing investigative actions where disclosure "could alert the targets of the investigation and could lead to efforts by them to frustrate the ongoing investigations").

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr./Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744/-2193

Application GRANTED. The Government should promptly advise the MDC and the USMS that Mr. Schulte shall not be produced to the SCIF until October 7, 2022. The Clerk of Court will file and maintain this letter under seal until further notice of the Court.

SO ORDERED.

September 23, 2022