

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 18, 2022

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    United States v. Joshua Adam Schulte,
              S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter in response to a letter from one of the defendant's attorneys dated today, which has not yet been docketed; and to propose a schedule for the defendant's *pro se* post-trial motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. (*See* D.E. 954).

      Counsel's letter, which asks the Court to order the means by which the parties carry out their obligation to meet-and-confer about a proposed motions schedule, (i) is materially inaccurate, (ii) seeks unnecessarily burdensome and delay-laden restrictions on what should be a straightforward conversation about a schedule, and (iii) inappropriately attempts to speak on the defendant's behalf with respect to an issue for which the defendant is *pro se*. Defense counsel's letter falsely claims, for example, that the Government previously refused to have calls with the defendant while he was in the MDC and has "repudiated" this practice; when, in fact, the Government previously arranged meet-and-confer calls with the defendant during his courthouse SCIF days because doing so was logistically simpler. Here, where the defendant is no longer produced to the SCIF, the Government proposed a telephone call from the MDC, which defense counsel has been invited to join. When counsel objected to the call, the Government noted that the defendant is *pro se* and entitled to decide for himself whether or not to participate in the call and, if he declined to do so, the Government would attempt to confer through other means. The Government also offered to respond to a proposed schedule from the defendant conveyed by counsel. Rather than pursue either option or allow the defendant to speak for himself on this *pro se* matter,[1] defense counsel submitted today's letter to the Court.

---

[1] Counsel's letter does not assert that the defendant is incompetent to act for himself *pro se* and makes no representation that the defendant was consulted on the letter.

Page 2

In an effort to cut to the chase and reduce counsel's mountain to an appropriately molehill-size, the Government proposes the following schedule for the defendant's *pro se* post-trial motions. The Government would not object to a reasonable alternative schedule should the defendant propose one by the Court's October 21, 2022 deadline.

> December 16, 2022:  Defendant's motions due
> January 14, 2023:   Government's response
> February 10, 2023:  Defendant's reply

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

Cc:   Defense counsel (by ECF)
      Joshua Adam Schulte (by U.S. Mail)