BY HAND

Oct. 11, 2022

Judge Jesse M. Furman
U.S. District Judge
Southern District of NY
40 Foley Square
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2022 OCT 19 PM 2:32

RE: U.S. v. Schulte, S3 17 CR 548 (JMF)

Dear Judge Furman:

I write to inform the Court of a conflict-of-interest with my current counsel, to request assignment of new counsel, and to firmly state on the record once again my request for a speedy trial on the CP charges.

First, I have been trying to redeem my constitutional right to a speedy trial since I was first arrested in August 2017. Since July I have repeatedly informed my counsel not to waive any time under the Speedy Trial Act, to inform you of my request for a speedy trial, to request substitute counsel for someone available for trial, and ultimately proceed to a speedy trial. My attorney refuses to do so, claiming to have a full workload. This constitutes a clear conflict-of-interest because I want a speedy trial whereas she wants me to sit in a concentration camp another year so she can try the case. Regardless, after months of dispute, there are now irreconcilable differences and I request assignment of attorney(s) who can adequately represent me in the coming months for a speedy trial. If the Court refuses to provide me counsel (I have never been granted new counsel by my own request) consistent with the right to a speedy trial then I have no choice but to move for self-representation.

I also want to inform the Court that the waiver made by counsel with respect to the Speedy Trial Act is null and void due to her

conflict-of-interest and the fact that there is no provision under the Act that allows either counsel or a Court to exclude time simply because the attorney is busy — indeed, this is precisely the point of the Act — to ensure defendants and the public are not neglected by the system.

To be clear, I have always maintained my request for a speedy trial pursuant to both the Speedy Trial Act and the Sixth Amendment for the CP charges. I do so once again for the record.

Finally, I understand from counsel that the government is absurdly claiming that, after 90 days examining my discovery laptop, and notwithstanding the previous update that they were finished with the exam besides the encrypted drive, that they have magically stumbled upon a horde of child pornography. I simply ask that the Court direct the wall team to provide the defense with a complete file listing of these asserted illicit files. And now that the government is enacting harsh penalties including the confiscation of all my discovery drives and banning me from the SCIF (which they impossibly assert the CP was exfiltrated from notwithstanding the dual Marshals/FBI watch, strip search, metal detector, x-ray, cavity search, etc.), the Court should direct the disclosure of all search warrant affidavits to the defense (in addition to the punishments, there is nothing more they could possibly seize from me, no cooperators or witnesses, indeed no reason to continue hiding them).

10/10/22

Respectfully Submitted,

Josh Schulte

P.S. Paper is blue because MDC no longer providing paper to write on

Josh Schulte #79471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

NEW YORK NY 100
17 OCT 2022 PM 13 L
LEGAL MAIL

ATTN: U.S. v. Schulte, S3 17 CR 548(JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York, NY 10001

RECEIVED
SDNY PRO SE OFF
2022 OCT 19 PM 2: