```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA                                                :
                                                                        :
             -v-                                                        :    17-CR-548 (JMF)
                                                                        :
JOSHUA SHULTE,                                                          :    MEMORANDUM OPINION
                                                                        :         AND ORDER
                         Defendant.                                     :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On November 10, 2022, the Court received a letter from Defendant seeking "reconsideration" of the decision to deny his request for a laptop computer to prepare his post-trial motions, with respect to which he is still proceeding *pro se*. *See* Doc. No. 969 ("Def.'s Letter"). Defendant contends that the Court's decision violates his "5th Amendment right to Due Process." *Id.* at 1.

Every court to consider the question — including the Second Circuit — has held that "the right to represent oneself in criminal proceedings[, although] protected by the Sixth Amendment, . . . does not carry with it a right to state-financed library resources where state-financed legal assistance is available." *Spates v. Manson,* 644 F.2d 80, 84-85 (2d Cir. 1981); *see Tellier v. Reish*, 164 F.3d 619 (2d Cir. 1998) (unpublished); *Smith v. Hutchins*, 426 F. App'x. 785, 789-90 (11th Cir. 2011) (unpublished); *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000); *Benjamin v. Kerik*, 102 F. Supp. 2d 157, 163-64 (S.D.N.Y. 2000). Instead, any right of access to legal resources owed to pretrial detainees "is satisfied when the presiding courts merely offer such detainees appointed counsel or standby counsel." *Stanko v. Patton*, No. 06-CV-290, 2007 WL 1309701, at *2-3 (D. Neb. Mar. 28, 2007) (citing cases).

In light of these principles, Defendant's request for reconsideration is DENIED as utterly frivolous. The fact that Defendant was granted permission to use a laptop (and provided other extraordinary resources) to prepare for trial is immaterial — and gave him no "property right" that would trigger the protections of the Due Process Clause. First, the task now is simpler: Defendant is preparing a memorandum of law using a closed universe of materials (the trial transcript, exhibits, etc.). It is no hardship to require that he do so using a typewriter — or, if that technology is too "ancient" for his tastes, Def.'s Letter 1, by hand. Second, there have been two material developments since Defendant was granted a laptop: Defendant was convicted after two trials of various serious offenses — including contempt of court and offenses relating to the abuse of electronic devices — and multiple judges have found probable cause to believe that Defendant used his laptop in violation of Court orders and/or the law. *See* ECF No. 954, at 1-3.

In short, there is no merit to Defendant's argument that he is entitled to a laptop under the Constitution or otherwise (let alone to his suggestion that, if he is denied a laptop, the Government should be "force[d] . . . to use a typewriter as well," Def.'s Letter 2). And to the extent the Court has discretion over the matter, the Court exercises its discretion to deny Defendant's request for a laptop to prepare his post-trial motions. If Defendant does not want to use a typewriter or pen to prepare his motions, he has two choices: He can forego filing any motions or he can decide to give up his self-representation with respect to the post-trial motions and allow appointed counsel to file any motions on his behalf.

SO ORDERED.

Dated: November 10, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge