

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 11, 2022

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte,*
              S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully writes to provide the Court with an update regarding the classification review of the transcripts of various proceedings conducted pursuant to the Classified Information Procedures Act ("CIPA") in advance of the June 2022 retrial in this matter. The Government has consulted with the relevant classification authority, and the Government understands that one transcript has been redacted and was provided to the Classified Information Security Officer ("CISO") earlier this week, and that the remaining transcripts have been reviewed and marked and are currently undergoing a final management-level review. The classification authority has advised the Government that the review will be completed no later than the end of next week, November 18, 2022.

      Notwithstanding that review, the Government believes that the transcripts of the CIPA proceedings in this case—even if redacted to remove classified information—should remain under seal. The hearings conducted in this case under Sections 6(a) and 6(c) of CIPA were appropriately conducted *in camera*, based on the Government's submission of the appropriate certification from the Assistant Attorney General for National Security of the Department of Justice, *see* 18 U.S.C. App. 3 §§ 6(a) ("Any hearing held pursuant to this subsection (or any portion of such hearing specified in the request of the Attorney General) shall be held in camera if the Attorney General certifies to the court in such petition that a public proceeding may result in the disclosure of classified information."); 6(c) ("Any such hearing shall be held in camera at the request of the Attorney General."); pursuant to the delegated authority of the Attorney General, *see id.* § 14. CIPA further provides that "[i]f at the close of an in camera hearing under this Act (or any portion of a hearing under this Act that is held in camera) the court determines that the classified information at issue may not be disclosed or elicited at the trial or pretrial proceeding, the record of such in camera hearing shall be sealed and preserved by the court for use in the event of an appeal." *Id.* § 6(d). In this case, the Court did not approve the disclosure of classified information

at trial in this matter, instead either denying the defendant's requests or approving only the admission of stipulations or substitutions in lieu of the underlying classified information.  (*See, e.g.*, D.E. 863).  Accordingly, pursuant to Section 6(d) of CIPA, "the record of such in camera hearing shall be sealed."

Nor would unsealing of the redacted transcripts, even if permissible under CIPA (which mandates sealing of the entire "record of such in camera hearing"), alleviate the concerns about unwarranted disclosure that conducting the CIPA proceeding *in camera* is designed to address.  While such a redacted transcript would not literally reveal the content of the classified information at issue, it nevertheless potentially would expose and/or invite speculation as to the volume of classified materials and the source(s) from which they are derived.  Beyond that, the extensive colloquies and the specific issues of law discussed at that hearing would reveal, by itself, the specific type of relief sought by the parties on specific subjects, which would in turn provide significant indications about what classified information was at issue, prompting undue speculation that would undermine national security interests.  Even outside of the context of classified information, courts have appropriate recognized the concern that "extensive redactions could mislead the public and engender unfounded speculation about the documents' contents," *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570 (GBD/SN), 2019 WL 3296959, at *6 (S.D.N.Y. July 22, 2019); *see also In re Grand Jury Subpoenas Dated Mar. 2, 2015*, No. 15 Misc. 71 (VEC), 2016 WL 6126392, at *5 (S.D.N.Y. Oct. 19, 2016), thus warranting sealing of the entire documents.  These concerns are particularly acute in this case, which concerns the defendant's unlawful public disclosure of national defense information, creating a heightened risk that even redacted transcripts would prompt at a minimum speculation, if not outright disclosure—albeit indirectly—as to the classified information discussed at length in those hearings.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

by:    /s/
    David W. Denton, Jr. / Michael D. Lockard
    Assistant United States Attorneys
    (212) 637-2744 / -2193

Cc:    Defense counsel (by ECF)