

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 16, 2023

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    United States v. Joshua Adam Schulte,
                S3 17 Cr. 548 (JMF)

Dear Judge Furman:

        The Government respectfully moves to strike the defendant's *pro se* post-trial motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, filed by standby counsel. (*See* D.E. 992).

        At a conference in this matter on July 26, 2022, the Court set a limit of 40 pages for the defendant's post-trial motions and for the Government's response, as well as a 20-page limit for the defendant's reply. (7/26/22 Tr. at 17). Although the Court has repeatedly adjourned the deadline for the submission of those motions at the defendant's request, the defendant has sought no expansion of the reasonable page limits set by the Court. On January 12, 2023, however, standby counsel filed post-trial motions on the defendant's behalf totaling 112 pages. The Court has the authority to strike a disproportionately lengthy submission that does not comply with the orders of the Court. *Cf. generally Lue v. JPMorgan Chase & Co.*, 768 F. App'x 7, 9 (2d Cir. 2019) (finding no abuse of discretion in district court's "decision to strike this submission and to instruct Lue to resubmit her opposition in compliance with a reasonable page limitation" where *pro se* litigant "made no attempt to comply with the district court's instructions and has not shown that she could not adequately oppose summary judgment within the court's limits"). The Court should strike defendant's January 12, 2023 submission, and direct that the defendant refile any motions in compliance with the previously-set 40-page limit by no later than January 20, 2023. The Court should further direct that standby counsel ensure that any further post-trial motions filing complies with the procedural rules and orders of the Court. *See McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) (noting that one of the roles of standby counsel is "to relieve the judge of the need to explain and enforce basic rules"). The Government respectfully requests that the deadline for the Government's submission in response to any compliant set of post-trial motions be adjourned by an equivalent period of time, until February 17, 2023.

In the alternative, if the Court elects not to strike the defendant's January 12, 2023 submission, the Government respectfully requests an equivalent enlargement of the page limit for any response (to 112 pages) and of the time to respond, until April 6, 2023.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr. / Michael D. Lockard
Assistant United States Attorneys
(212) 637-2744 / -2193

Cc: Defense counsel (by ECF)
Joshua Adam Schulte (by U.S. Mail)

The Court shares the Government's frustration with Defendant's seemingly willful flouting of the Court-ordered page limitations on his brief. That said, upon quick review of the brief, the Court is persuaded that 40 pages would not be enough for Defendant to make his arguments. Additionally, the brief's length is attributable, in part, to the fact that it quotes extensively (and likely unnecessarily) from the trial transcript. In short, although the Court would be on firm ground striking the brief, it exercises its discretion not to do so. Instead, the Government is granted up to 80 pages and an extension to **March 2, 2023**, for its response. **Defendant's reply may not exceed 30 pages and shall be filed by March 30, 2023. If the reply exceeds 30 pages, it will be stricken.**

SO ORDERED.

*[signature]*

January 17, 2023