UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                               :
:
       -v-                                                          :       17-CR-548 (JMF)
:
JOSHUA SHULTE,                                         :       ORDER
:
                   Defendant.                              :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Earlier today, the Court received the attached letter from Defendant, dated December 16, 2022 (and postmarked January 27, 2023).  The Court will address the issues raised in the letter at the conference scheduled for **February 10, 2023**.

      SO ORDERED.

Dated: January 31, 2023
       New York, New York
                                                  JESSE M. FURMAN
                                         United States District Judge

Jesse M. Furman, U.S.D.J.  
SDNY  
40 Foley Square  
NY, NY 10007  

Dec. 16, 2022

RE: U.S. v. Schulte, 17 CR 548 (JMF)

Dear Judge Furman:

I write the Court after finally reviewing the laptop. First, I renew my application for self-representation and a speedy trial. Now, as it pertains to those requests, I seek to set the record straight about the laptop.

Judge Furman, there is not a single picture or video file of CP on the laptop — not one. The government has made it seem as if there were CP files being viewed while at prison — which could not be further from the truth. What the gov't actually recovered were thumbnails of CP generated by the operating system (windows) and stored in a hidden, system thumbcache database file — a file that cannot be viewed or accessed by the user.

The database does not store dates & so it is impossible to reliably & accurately determine the date the operating system created these files, but there is circumstantial evidence indicating that they were created when the gov't initially loaded the laptop with my discovery several years ago. Although no CP was copied onto the laptop, the act of connecting the drive with CP was sufficient to trigger the OS to generate the thumbnail files.

But most importantly Judge, I was able to review all the times a drive was connected to the laptop during the time I possessed the laptop, and they all correspond to my discovery drives (and standby counsel's flash drives during trial). There are no drives connected from the SCIF, none of my devices were connected to SCIF computers, AND there is no CP on my drives.

So, once we eliminate the impossible — what remains, no matter how unlikely the gov't may assert it to be — must be; namely, that the gov't caused the discovery laptop to generate the CP thumbnails that were then stored in an inaccessible file on the laptop.

And just to underscore this issue, there is no way for the gov't to claim otherwise. I found 2 cases on the law library before it broke related to this issue. See, e.g. United States v. Vosburgh, 602 F.3d 512, 520-21 (3d Cir. 2010)

"But the ordinary user cannot view the contents of thumbs.db. Indeed, the ordinary user does not even know that thumbs.db is there. At trial, the govt's expert Justin Price confirmed that opening the thumbs.db file to view its contents requires special software, and that there was no evidence that Vosburgh possessed such software or was otherwise capable of viewing the contents of the thumbs.db file."

See also U.S. v. Naida, 2021 U.S. Dist. LEXIS 169580 (19-CR-215)(N.D. Ohio Sept. 8, 21) "Here, Seavy testified the thumbcache could not be accessed without an FTK or something similar. Because of this, Naida's case is more like Flyer [United States v. Flyer, 633 F.3d 911, 919 (9th Cir. 2011)] where the images could not 'be seen or accessed by the user without the use of forensic software,' 633 F.3d at 918, ..."

There can be no question that I did not knowingly possess the CP thumbnails after the government created them, and hence did nothing wrong.

Finally, I must completely disabuse the court of any notion of exfiltrating data from the SCIF. The forensic evidence clearly illustrates this, but also the physical security was impenetrable. It never once even crossed my mind to take anything from the SCIF. To/from the MDC, I am strip searched, go through a metal detector, body scanner, the contents of my legal folder are x-rayed and searched; I am separated from the legal folder, searched again multiple times by the Marshalls, cuffed and shackled from head to toe. It would not be possible to take anything from the SCIF. I would also never jeopardize my SCIF or laptop access; I have dutifully followed all rules concerning both, and point the ~~~~ court to the U.S. Marshalls for confirmation.

12/16/22   Josh Schulte

Josh Schulte 47947-054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: U.S. v. Schulte, 17 CR 548 (JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York, NY 10007

NEW YORK NY 100
27 JAN 2023 PM 6 L
OUTGOING LEGAL MAIL

USMS
SDNY

