**EXHIBIT B**

*United States* **v.** *Joshua Adam Schulte* **- Proposed** *Faretta* **Inquiry**

1. Do you understand, speak, read, and write English?

2. Are you aware that you have a Sixth Amendment right to counsel?

3. Are you aware that you also have a Sixth Amendment right to represent yourself?

4. While you have the right to represent yourself, the Court must decide for itself whether your waiver of your right to counsel is knowing, intelligent, voluntary, and unequivocal. Do you understand this?

5. What is your full name?

6. Please describe your education.

7. Please describe your work experience.

8. Did you ever study law in the United States or any other country?

9. Do you understand the nature and purpose of this proceeding?

10. Are you feeling well enough to proceed?

11. Have you recently taken any medications or alcohol?

12. Have you ever received any treatment for alcohol or drug addiction or for any mental illness?

13. I am now going to advise you specifically about the charges for which you have been indicted and the possible penalties for those charges.

    You have already been convicted of eleven very serious charges that were severed from the charges you still face. Now, you are facing trial on four very serious charges, including one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B); one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). These counts carry a maximum term of imprisonment of 20 years, a maximum term of supervised release of life and a mandatory term of supervised release of at least 5 years, a maximum fine of $250,000 or twice the gross pecuniary gain or loss from the offense, and a $100 mandatory special assessment. The first two counts also carry a mandatory minimum term of imprisonment of 5 years. You are also facing one count of criminal copyright infringement, in violation of 17 U.S.C. § 506(a)(1)(A) and 18 U.S.C. § 2319(b)(1). This carries a maximum term of imprisonment of 5 years, maximum term of supervised release of 3 years, a maximum fine of $250,000 or twice the gross pecuniary gain or loss from the offense, and a $100 mandatory special assessment.

The maximum term of imprisonment for all four counts is 65 years' imprisonment.

Do you understand the charges for which you were indicted and the maximum penalties for those charges?

14. Do you understand that your sentence will be, in part, governed by the United States Sentencing Guidelines? Have you discussed the Sentencing Guidelines with an attorney? Do you understand that, in determining your sentence, the Court must consider the Sentencing Guidelines, even though they are not binding?

15. If you choose to represent yourself, you must stand by yourself. The Court cannot advise you how to present your case nor can it help you with your case. Do you understand this?

16. Do you understand, however, that self-representation may conflict with your Fifth Amendment right to remain silent, because you may have to speak in the course of representing yourself?

17. Are you familiar with the Federal Rules of Evidence?

18. Are you familiar with the Federal Rules of Criminal Procedure?

19. An attorney may be better able to deal with issues relating to trial, post-trial motions, sentencing, appeal, and other matters. Do you understand that?

20. Do you understand that if you choose to represent yourself, you do not have the absolute right to request that counsel be appointed after that?

21. Do you understand that if you do choose to represent yourself, you must understand that it does not give you license to abuse the dignity of the courtroom, or a license to violate the relevant rules of procedural and substantive law?

22. Do you understand that if you fail to comply with the procedural rules of the Court, including rules regarding the timing, length, and/or content of filings, I may choose to refuse to consider those filings or even to revoke your *pro se* status entirely?

23. Do you understand that you must obey my rulings even if you disagree with them, knowing that you have preserved your objection for review by the appellate court?

24. Do you understand that if you do choose to represent yourself, that does not automatically entitle you to revisit rulings that I have already made in this case?

25. Do you understand that if you do choose to represent yourself, you will have to do so with the resources that are currently available to you while you are incarcerated? Specifically, do you understand that you will not be given access to a personal computer or other electronic resources, and you will not be able to ask for exceptions to MDC policies or the Special Administrative Measures applied to you simply because you have chosen to

       represent yourself?

26. Do you understand that now that you have been convicted of the eleven counts that have already been tried, you are no longer presumed innocent of those charges, even though you are presumed innocent of the four charges that remain?  And do you understand that because you have been found guilty of those eleven charges, you may be subject to additional constraints while in jail that may be different from those applicable to someone who has not been convicted of any crimes?

27. Do you understand that I am going to appoint a lawyer to act as "stand-by counsel" for you?  Do you understand that stand-by counsel cannot advocate for you except with respect to certain matters I will describe in a moment?

28. Do you understand that you will not be permitted to have access to classified information simply because you have chosen to represent yourself?  Your standby counsel will handle litigation related to any classified matters relevant to this case, and you will not be permitted to access the courthouse SCIF.

29. Do you understand that, if you do choose to represent yourself, you may only disclose classified information that you already know if I have specifically authorized it, after following the procedures spelled out in the Classified Information Procedures Act, and that if you disclose classified information without being authorized by the Court, you may be subject to additional penalties?

30. Do you understand that an experienced criminal defense attorney is almost always more qualified to conduct a defendant's legal defense than is the defendant himself?

31. Do you understand that if you represent yourself and make mistakes, you would not be able to use those mistakes as a basis for an appeal of your conviction or sentence? Do you now waive any claims of ineffective assistance of counsel relating to your representation of yourself?

32. In light of the penalties you may suffer if you are found guilty, in light of all the difficulties of representing yourself, do you still want to represent yourself and give up your right to be represented by counsel?

33. Are you making this waiver voluntarily?  Has anyone made any threats to you in order to get you to waive this right?  Has anyone made any inducements or other promises to get you to waive this right?

34. I wish to warn you that representing yourself at trial is generally unwise and that, in the Court's view, you will be far better represented by an experienced criminal defense attorney.  Do you understand that?

The Government respectfully requests that, based on the defendant's responses to the questions above and the Court's observations, the Court make express findings on the record as to: (a) whether the defendant is competent to stand trial (that is, whether the defendant understands the nature of the proceedings and has the ability to consult with counsel and assist counsel in preparing a defense); (b) whether the defendant understands that he has the right to an attorney throughout these proceedings; (c) whether the defendant is competent to waive his right to counsel (that is, whether the defendant has the mental capacity to conduct trial proceedings by himself and put on his own defense at trial); and (d) whether the defendant waives his right to counsel knowingly, intelligently, voluntarily, and unequivocally.