USA v. Schulte, 17 CR 548 (JMF)

April 22, 2023

# MOTION FOR ACCESS TO SCIF WORK PRODUCT

In addition to the server in the SCIF (see other motion), Mr. Schulte also requires access to his work product and discovery in the SCIF. As an initial matter, because the server could only be reviewed in the SCIF, all of Mr. Schulte's notes, pulled documents, planned exhibits, and other related work product exist in the SCIF. This Court cannot countenance the government's seizure of legitimate work product simply because the government required it to be conducted in the SCIF. Furthermore, since the server was only deemed classified due to public Snowden documents, a classification review of this work product would indicate it is all unclassified.

Furthermore, several items produced in classified discovery related to the CP charges pending trial — including expert analysis of Mr. Schulte's home electronics. This material is obviously material to the defense.

Moreover, Mr. Schulte previously had access to the SCIF for the past 6 yrs without a single issue — he never mishandled any classified information or violated any SCIF rules. In fact, Mr. Schulte had access to the SCIF for this upcoming trial until the government made patently false allegations that are easily disproven with forensics. This Court cannot now arbitrarily bar Mr. Schulte from the SCIF simply because he is biased and prejudiced against Mr. Schulte and wants to assist his fellow prosecutors gain an upperhand to win at trial.

Finally, the terms of the Protective Order require Mr. Schulte's motions, letters, and all court correspondence to be reviewed by standby counsel in the SCIF for classified information.

If the Court prevents Mr. Schulte from using the SCIF to write potentially classified information or from bringing his material to be reviewed by standby counsel in the SCIF, then the protective order is essentially null and void — and neither the Court nor the government can blame or take action against Mr. Schulte for any incidental disclosure of classified information.

Accordingly, this Court must permit Mr. Schulte back into the courtroom SCIF on the 9th floor, as Mr. Schulte never once violated any SCIF rules, in order to review work product including discovery notes, pulled forensics, and exhibits from the server stored in the SCIF; to review relevant and material classified discovery produced by the government; and to comply with the protective order governing the review of all documents Mr. Schulte submits to the Court.

Josh Schulte, pro se
4/22/23

Josh Schulte #74471054
MDC
P.O. Box 329002
Brooklyn NY 11232

ATTN: U.S. v. Schulte, 17 Cr 548 (JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York NY 10007

RECEIVED
SDNY PRO SE OFFICE



OUTGOING
LEGAL
MAIL

