SDNY
40 Foley Square
New York, NY 10007

RECEIVED
PRO SE OFFICE
2023 MAY 11  PM 3: 35

May 3 2023

RE: U.S. v. Schulte, 17 CR 548 (JMF)

Dear Judge Furman:

   I finally have stamps and perhaps a resolved issue with stamps, pen, and paper. See motions written over the past few weeks: Motion for laptop to view discovery; Motion for missing discovery.
   I wanted to particularly identify the latter. The government wants to pretend the 9-month delay in producing discovery is not a big deal since it's being "reproduced." I disagree, but of course the government's entire argument is predicated on returning the knowledge from the prior discovery review — indeed I analyzed the approximately 180 full floors of books in an academic library — and took copious notes, highlights created trial exhibits and countless other work product that was stored in notebooks CDs/DVDs from counsel and in the discovery drives themselves. If indeed the government's discovery production is merely a "reproduction" then I require this material — my own work product — to be produced to me; otherwise it isn't a reproduction as I'd have to start all over with my discovery review — which I still haven't started since I have no laptop to review it — and cannot possibly recreate 6 years of work product, start from scratch on 180 full floors of books in an academic library, all within only a few months before trial. See the motion. →

Finally, I ask the Court to set a pretrial hearing. It's important to continue scheduling pretrial conferences at least every 2-3 weeks while I cannot review any discovery. Until this critical issue is finally resolved, I can't even begin preparing for trial. The last 9 months completely wasted due to government incompetence and refusal to provide Discovery despite weekly reminders to do so.

5/3/23

Josh Schulte

U.S. v. Schulte 17 CR 548 (JMF)

P. 1/3

# MOTION FOR LAPTOP TO VIEW DISCOVERY

Mr. Schulte finally received discovery in this case for the first time since September 2022 today April 25, 2023. However, he is still unable to review the discovery due to a lack of a laptop since the MDC will not install the required software on its discovery review computers — and has been unable to review discovery since July 2022 when the laptop was illegally seized. — over <u>NINE MONTHS</u> with <u>ZERO</u> Discovery to review.

## HISTORY OF INABILITY TO ACCESS DISCOVERY

When Mr. Schulte first received discovery in 2018, he could not view it on the MDC discovery computers. Accordingly Judge Crotty ordered a laptop provided and the government provided software on a CD for Mr. Schulte to install to view discovery. See Dkt # ??

## HISTORY OF COURT'S REFUSAL FOR DISCOVERY REVIEW

This Court has a history of bias and prejudice against Mr. Schulte since the government falsely alleged Mr. Schulte somehow possessed child porn on his previous laptop; instead of holding an evidentiary hearing, the Court stated on the record that Mr. Schulte was guilty — and the Court has been violating every law, regulation, rule, and even the Constitution to punish Mr. Schulte as much as possible and deny him the ability to defend himself for the imagined wrongs done to the Court.

P. 2/3

Most recently, the Court did not permit Mr. Schulte to file a Rule 29/33 Motion or reply. Among the countless problems the Court refused to resolve was Mr. Schulte's inability to view the trial transcripts or admitted exhibits. Mr. Schulte very clearly told the Court that some of the exhibits and transcripts cannot be displayed at the MDC. The Court however, was not interested in fairness, justice, or Due Process—and demanded Mr. Schulte write the Rule 29 Motion without access to the record. He was unable to do so. The Court then callously held Mr. Schulte delinquent

## 99% of DISCOVERY UNREVIEWABLE

It must first be noted that the government lied to the Court when it claimed the bulk of the discovery was "for the espionage case." Almost all of the discovery for the espionage case was classified and produced in the SCIF. 4.71TB/1.79TB or approximately 95.49% of the discovery reproduced today consists of forensic images of the seized electronics from Mr. Schulte's apartment—all relevant for the upcoming trial. None of it can be reviewed because it contains forensic images which the BOP has no approved software for reviewing. The government did not even provide the FTK executable for installing the required software.

Almost all remaining discovery is similarly unreviewable. .xls, .xlsx, .xml, .thmx, .msg, .csv, .doc, .docx, .msg, .json, are just a few unsupported formats. There is also proprietary filetypes that require special software that the government did produce—but which Mr. Schulte cannot install on BOP Computers: Cellebrite Reader (productions 6, 27), UFED Reader (prod. 6, 16), Portable Archive Player (prod. 13), "Player" (prod. 23), Export Player (prod. 13), and "Player 36 Setup" (prod. 13).

Finally, most of the pdf files (including FBI 302s) cannot be

P. 3/3

reviewed on the MDC computer. As Mr. Schulte told this Court numerous times, the MDC has no installed pdf viewer; however, pdfs can be viewed through proprietary review software —IF— it is OCR'd and contains no internal macros/etc. The government scanned in its PDFs instead of providing those with actual text, so the MDC software only displays garbage for most pdfs.

Thus, 99.27% of the discovery provided by the government is unreviewable. Mr. Schulte requires access to a laptop as he has told the Court for the past year in order to simply review discovery.

## COURT MUST PROVIDE LAPTOP FOR DISCOVERY REVIEW OR DECLARE MR. SCHULTE GUILTY SUA SPONTE

Although a laptop is necessary for discovery review, this Court is so biased and prejudiced against Mr. Schulte that it is actually violating the law to help his fellow prosecutors convict Mr. Schulte; Mr. Schulte needed a laptop to view the trial record to write a Rule 29 motion, yet the court refused to provide it — thus the record is clear for the Court of Appeals. Clearly, this Court is not interested in ensuring justice, fairness, or Due Process; this Court is not concerned about its legacy or the embarassing record it is creating for the Court of Appeals. Only treating Mr. Schulte like swine, punishing him, and ensuring he cannot defend himself whatsoever — all due to imagined crimes that Mr. Schulte did not commit.

Accordingly, this Court should try to ~~scribbled out~~ recognize its bias and prejudice; the Court must provide Mr. Schulte a laptop to review discovery. Alternatively, the Court should just declare Mr. Schulte guilty sua sponte and allow a real judge to take over on appeal. Since July 2022— for the past NINE MONTHS—Mr. Schulte has had ZERO DISCOVERY to review.

4/25/23

Josh Schulte

P.1/4

# MOTION FOR PRODUCTION OF MISSING DISCOVERY

Mr. Schulte finally received discovery in this case for the first time since September 2022 today April 25, 2023. However, he is still unable to review the discovery due to a lack of a laptop since the MDC will not install the requisite software on its discovery review computers — and has been unable to review discovery since July 2022 when the laptop was illegally seized. Noticeably missing from the discovery is the Plex server, the seized discovery drives, the seized notebooks and GPs, and the seized laptop — all of which are necessary for Mr. Schulte to mount a complete defense at trial.

## SEIZED DISCOVERY DRIVES

On October 4, 2022 the government illegally seized Mr. Schulte's discovery drives without probable cause — including at least two that were not even identified by the warrant and which the government did not even leave a receipt as required by criminal procedure rules. See illegal Search Warrant SPS-02 & 352-386. As the search warrant notes, these drives both belong to, and were seized from, Mr. Schulte, the defendant in the pending criminal action. Since those drives are "within the government's possession, custody, or control and ... (iii) the item was obtained from or belongs to the defendant," the government must produce the drives in discovery. Fed. R. Crim. P. 16(a)(1)(E)(iii). See United States v. Weigand, 482 F. Supp. 3d 224, 243 (SDNY Aug. 31, 2020) (Rakoff, J).

P. 2/4

That the government still claims to be "reviewing" them is of no consequence as they have been "reviewing" them since October 2022 — over 7 months. Moreover, the government can provide a copy while it continues to "review" the discovery — which is very common in criminal cases.

Furthermore, the government does not even allege that these devices contain any illicit materials — such as child pornography. In fact it would be impossible for any of the drives to contain child pornography as none were ever removed from the BOP.

Finally, it must be noted that the materials stored on the devices are also "material to preparing a defense" as they literally contain Mr. Schulte's entire work product including trial strategy, witness lists, direct examinations, cross examinations, exhibits, video demonstratives, forensic artifacts, discovery reviews and summaries, and finally proposed motions and pretrial litigation; and all related to the upcoming child pornography trial, not the completed Espionage trial.

The government seized approximately 6 years of work product — work product that cannot possibly be recreated in the short time between now and trial — especially since Mr. Schulte has thus far been unable to even review any discovery yet. The government has essentially stolen Mr. Schulte's entire work product so that it can defeat him at trial. There is no legitimate reason for the government to hold Mr. Schulte's work product hostage — and in fact the rules of criminal procedure clearly require the government to provide this material

SEIZED DOCUMENTS AND CDS

Also seized on October 4, 2022 were Mr. Schulte's privileged notebooks and CDs provided by the government and counsel. Obviously the notes and notebooks cannot possibly contain child pornography or any illicit

P3/4

Materials. When the government last seized Mr. Schulte's notebooks, they made copies and returned them within 30 days. It's now been 7 months. Mr. Schulte obviously needs his work product for trial. ~~This exist~~

Similarly, CDs from the government and counsel must be produced to Mr. Schulte. ~~CD's exist to~~ The privileged CDs contain no child pornography or illicit materials. Many of the CDs are irreplaceable — they contain work product produced by counsel that exists nowhere else. There is no reason these CDs cannot be copied and provided to Mr. Schulte.

Like the seized discovery drives, the notebooks and CDs are both "owned by or seized from the defendant" and "material to preparing a defense". Thus the government must produce them in accordance with Rule 16. Regardless, since the material is irreplaceable work products the government must produce it in discovery.

## MISSING PLEX SERVER

The government previously produced a 10+ TB Plex server on a large external drive that required external power and has stored in the K-84 office for Mr. Schulte's use in the law library. The plex server was seized from Mr. Schulte, when it is part of the government's case-in-chief on the copyright charge, and it is material to the defense. It must be reproduced in accordance with Rule 16, and it is not clear why it was not reproduced. The government should be compelled to either produce the Plex server or dismiss the relevant count. The server is also material to the CP case to demonstrate the purpose of the servers and community was NOT to download, store, or distribute child pornography.

## SEIZED LAPTOP

The government illegally seized the laptop in July 2022 and claims to still be "reviewing" it 9 months later despite the fact that the government provided the final forensic report in December 2022. The forensics prove that there is no child pornography on the laptop — only thumbnail images that

P4/4

were automatically generated when the government connected the Child pornography discovery drive to the laptop during setup. There is also no other possible way for child pornography, thumbnail images or otherwise, to ever exist on the laptop.

The government Must provide Mr. Schulte his work product from the laptop. There is no law or precedent that makes all materials on a hard drive with child pornography "infected" nor does this counteract Rule 16 obligations. See U.S. v. Mayer, 2020 U.S. Dist. LEXIS 28146, *16 (D. Min. Feb. 19, 2020) ("Though the government argued that filtering out the alleged CP would be time-consuming and a waste of resources, the government provided no affidavit or other evidence to support its claim of burden. Nor did the government cite any legal authority to support its position that discovery otherwise authorized by Rule 16(a)(1)(E) could be withheld if inefficient or costly.")

Indeed, the law itself dictates the opposite: 2252A(d) directs the simple deletion of CP files — not the contamination and destruction of the hard drive. And here, the CP thumbnail images are all contained in a single file — thumbnailcache db

Finally, the court cannot ~~con~~ countenance the ~~government~~ essentially causing Child pornography to exist on an adversary's drive so it can seize and make unavailable any and all ~~to~~ work product so it can win the litigation. The existence of the Child pornography thumbnails is the government's fault — it cannot benefit from its own mistake or bad faith; the laptop ~~cons~~ contains 6 yrs worth of irreplaceable work product that both belonged to the defendant and is material for his defense — at the very least this work product Must be provided to Mr. Schulte.

Considering the government's 9-month delay in producing discovery, Mr. Schulte will not be able to re-review nearly 15 TiBs of discovery — 180 full ~~floors~~ ~~reams~~ of books in an academic library (U.S. v. Cannas, 824 F.3d 149, 218 (2d Cir. 2019)) — in the remaining time until trial; his work product Must be produced to him.    4/27/23    Josh Schulte, prose

Josh Schulte #74471054
M.D.C.
P.O. Box 329002
Brooklyn, NY 11232

23-70471054-0888-HDS

ATTN: U.S. v. Schulte, 17 CR 548(JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2023 MAY 11 PM 2:54

