U.S. v. Schulte,
17 CR 548 (JMF)

Apr. 21, 2023

p. 1/2

MOTION FOR ACCESS TO SERVER IN SCIF

The government seized Mr. Schulte's primary server in 2017. Because a user accessed the publicly-disclosed Snowden documents from the server, the government claimed the entire server was "classified" and must be held in the SCIF—despite not holding other defendant's discovery hostage in this same manner; indeed, millions of people have viewed the Snowden documents on the internet; some have since been arrested and their electronics seized, but the government has provided these documents in regular unclassified discovery to other defendants. See Dkt. 472

The government must now make that server available to Mr. Schulte. Under Rule 16(a)(1)(E), "the government generally must provide an item to the defendant if the item is within the government's possession, custody, or control and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; OR (iii) the item was obtained from or belongs to the defendant." U.S. v. Weigand, 482 F. Supp. 3d 224, 243 (SDNY Aug. 3, 2020) (Rakoff, J). The server was seized from AND belongs to Mr. Schulte, thus under Rule 16(a)(1)(E)(iii) alone it must be provided to Mr. Schulte. Although this Court simply disregards the rules, laws, and constitution of the United States whenever convenient and to assist his fellow prosecutors due to bias and prejudice against Mr. Schulte, failure to comply with the rules will result in automatic reversal and reprimand by the Court of Appeals — if that even matters to this court.

p2/2

However, the server must also be provided because it is "material to preparing a defense." For an item to be material to preparing the defense, "[t]he burden on defendant[] is not high: There must be some indication that the pretrial disclosure of the disputed evidence would... enable[] [defendant] significantly to alter the quantum of proof in his favor." U.S. v. Nashash, 2014 WL 169743, at *1 (SDNY Jan 15, 2014) (Crotty, J) (citing U.S. v. Maniktala, 934 F.2d 25, 28 (2d Cir. 1991)). This server is the most critical piece of evidence for the defense. See ex parte Ex. A.

Moreover, there is no rational defense argument for withholding the discovery. See U.S. v. Aref, 533 F.3d 72 (2d Cir. 2008). This server contains only documents every person in the world can view on the internet. AND— it was previously provided by the government. Mr. Schulte did not violate any SCIF rules and there is no reason to deny him access to the SCIF to review this evidence. This Court cannot choose to ban Mr. Schulte from reviewing discovery simply because now it is filled with deep hatred, bias, and prejudice against Mr. Schulte due to imagined crimes. If the government doesn't want Mr. Schulte in the SCIF, then produce the server in unclassified discovery. It must choose.

Finally, denial of access to this server constitutes clear error and will invalidate any convictions at trial. Limiting the defense's presentation of his case implicates the fundamental right of "an accused to present witnesses in his own defense." Chambers v. Mississippi, 410 U.S. 284, 302 (1973).

Accordingly, this Court must abide by the Rules of Criminal Procedure and the Constitution— not the whims and desires of the Court based on bias and prejudice— and order the critical discovery provided

Josh Schulte

4/21/23

# Exhibit A

# SEALED

Josh Schulte #74471054
MDC
P.O. Box 329002
Brooklyn NY 11232

ATTN: U.S. v. Schulte, 17 cr 548 (JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York NY 10007

RECEIVED
SDNY PRO SE OFFICE



OUTGOING
LEGAL
MAIL

