

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 24, 2023

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Street
New York, New York 10007

    Re:   *United States v. Joshua Adam Schulte*,
           S2 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter pursuant to the Court's Order dated May 12, 2023 (D.E. 1043) directing a response to the defendant's *pro se* letters filed on May 12, 2023:

1. Letters dated March 31 and April 24, 2023, making certain requests relating to a reply memorandum of law in further support of his post-trial motion pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure (the "Rule 29/33 Reply Letters") (D.E. 1039);

2. A letter dated April 22, 2023, requesting access to the Courthouse Sensitive Compartmented Information Facility ("SCIF") (the "SCIF Letter") (D.E. 1040);

3. A letter dated May 3, 2023, requesting that he be provided a discovery and trial preparation laptop (the "Laptop Letter") (D.E. 1041); and

4. A letter dated April 21, 2023, requesting access to the defendant's server (the "Server Access Letter") (D.E. 1042).[1]

For the reasons discussed below, the Government opposes the defendant's requests and they should be denied.

---

[1] Copies of Schulte's *pro se* letters to the Court were not served on the Government, who received notice of the letters and copies of them as a result of their electronic filing. The Government does not object to electronic service by this method, but simply notes that his letters are not received unless and until they are filed.

## Background

### A. The Indictment and Trial

On June 8, 2020, Schulte was charged in a superseding indictment, S3 17 Cr. 548 (JMF) (the "Indictment"), with offenses arising out of his April 2016 theft of the CIA's cyber tool arsenal and his transmittal of that library of classified information to WikiLeaks.org ("WikiLeaks"); his 2017 obstruction of a resulting grand jury investigation that commenced when WikiLeaks began serially publishing portions of the stolen information; and his 2018 disclosure of, and attempts to disclose, additional classified, national defense information from prison using pseudonymous email and social media accounts Schulte created using a contraband prison cellphone.

Specifically, the Indictment charged Schulte with (1) two counts of illegally gathering and transmitting materials relating to the national defense, 18 U.S.C. § 793(b) and (e), in connection with his April 2016 theft of classified information from the CIA and transmittal to WikiLeaks (Counts One and Two); (2) two counts of illegally transmitting and attempting to transmit materials relating to the national defense, 18 U.S.C. § 793(e), in connection with his 2018 disclosure and attempted disclosure of classified information after being charged in this case from the Metropolitan Correctional Center (the "MCC") (Counts Three and Four); (3) four counts of unauthorized access to computers and transmission of harmful computer commands, 18 U.S.C. § 1030(a)(1), (a)(2), and (a)(5), in connection with Schulte's April 2016 unauthorized access to and manipulation of CIA computer systems and theft of classified information (Counts Five through Eight); and (4) one count of obstructing justice, 18 U.S.C. § 1503, in connection with false statements Schulte made to the FBI during its investigation (Count Nine).[2]  On July 13, 2022, following month-long trial, the jury returned a verdict of guilty on all counts.

After the Government rested following its case-in-chief, Schulte moved pursuant to Rule 29 for a judgment of acquittal. (Tr. 1947-57).  On July 26, 2022, the Court ordered a briefing schedule on Schulte's *pro se* motions pursuant to Rules 29 and 33, with the defendant's memorandum due on September 23, 2022.  Trial on the severed counts in the Second Superseding Indictment, S2 17 Cr. 548 (JMF), relating to Schulte's possession and transportation of Child Sexual Abuse Materials ("CSAM") and criminal violations of copyright law,[3] was scheduled for September 11, 2023. (D.E. 888).

### B. Schulte's Possession of CSAM on His Discovery Laptop and Mishandling of SCIF Materials

On July 26, 2022, a search warrant for Schulte's discovery laptop at the MDC was issued in the Eastern District of New York (the "First Laptop Warrant") based on, among other things,

---

[2] Schulte was found guilty at a prior trial of one count of contempt of court, 18 U.S.C. § 503, in connection with his 2018 disclosure of discovery materials subject to a protective order to a reporter while Schulte was at the MCC; and one count of making false statements, 18 U.S.C. § 1001 in connection with lies Schulte told the FBI in March 2017.

[3] The Government later voluntarily dismissed the copyright count. (D.E. 1038).

information learned shortly before the trial that Schulte had manipulated the BIOS (Basic Input/Output System) login and created a 15-gigabyte encrypted partition on the computer; and information learned during trial that Schulte had written computer programs and created executable files (including a program to manipulate file metadata) using the laptop. While reviewing the laptop pursuant to the search warrant, the FBI discovered a substantial amount of what appeared to be CSAM, and a second warrant to search the laptop was issued by this Court on September 23, 2022 (the "Second Laptop Warrant").

On or about August 26, 2022, Schulte was produced to the Courthouse SCIF and, during that visit, asked to view the hard drive containing CSAM materials recovered from his home computer, seized pursuant to search warrant in 2017.[4] The hard drive was provided to Schulte and afterwards re-secured in the dedicated safe in the SCIF. While securing the hard drive containing the Home CSAM Files, FBI observed that an unauthorized thumb drive (the "Thumb Drive") was connected to the SCIF laptop used by Schulte and his counsel to review that hard drive containing the Home CSAM Files. On or about October 4, 2022, this Court issued a warrant to search the Thumb Drive, the hard drive containing the home CSAM files, and the laptop used by the defendant to review the home CSAM files. That same day, a search warrant was issued in EDNY to search Schulte's cell at the MDC and seized documents and electronics found there. *See generally* D.E. 955.

C.  Schulte's Rule 29 and 33 Motion

Schulte filed a number of letters and motions requesting the return of his laptop, that MDC be ordered to provide him with a computer, and for other relief concerning his condition of confinement and access to resources. (*See, e.g.*, D.E. 930, 932, 935, 945, 947, 969). Those motions were denied. (*See, e.g.*, D.E. 934, 954, 970). Based on prior discussions with MDC legal counsel, the Government understands that MDC provided Schulte with pens, paper, and a typewriter after the laptop was seized. The Government provided Schulte with copies of transcripts of the trial and admitted exhibits. (D.E. 954).

Schulte's deadline to file his Rule 29 and 33 motion was extended, ultimately to January 12, 2023. (D.E. 986). On January 12, 2023, Schulte filed his *pro se* Motion for a judgment of acquittal pursuant to Rule 29 or for a new trial pursuant to Rule 33. (D.E. 992). Despite the provision of pens, paper, and a typewriter and the Court's multiple extensions of his filing deadline, Schulte filed a word processed document, which he claimed to have written during trial on his laptop, that exceeded the 40-page limit by 72 pages.

---

[4] The Government made a hard drive containing forensic extractions from Schulte's home desktop computer, including CSAM files, available to Schulte and his counsel in discovery. Following Schulte's waiver of his right to counsel, in order to provide Schulte access to this discovery and also comply with the terms of the Adam Walsh Act governing disclosure of child sexual abuse materials, *see* 18 U.S.C. § 3509(m), that hard drive was stored in a dedicated safe in the Courthouse SCIF, and could be viewed using a laptop made available by the Classified Information Security Officer ("CISO") in the SCIF, which laptop has since been used exclusively for that purpose and also maintained in the dedicated safe. (*See, e.g.*, Dkt. 714 at 2).

### D. Schulte's Waiver of Representation

At a hearing on April 21, 2023, Schulte waived his right to representation in connection with the September 11, 2023, trial. (D.E. 1033). During that hearing, Schulte repeatedly raised the issue of his access to resources at the MDC, but nonetheless expressly acknowledged that:

- "by proceeding *pro se*, that may not, indeed likely will not, entitle you to any additional resources merely by virtue of the fact that you are proceeding *pro se*" (Apr. 21, 2023 Tr. at 31);

- "to the extent that you are requesting to proceed *pro se* in the expectation that certain resources will therefore be given to you, that is a mistake and that is not an unequivocal request to proceed *pro se*" (*id.*);

- "your decision to proceed *pro se*, if indeed that is your decision, that decision is made independent of whatever resources you may get based on whatever relief you may seek" (*id.* at 32); and

- "subject to whatever relief you seek and whatever relief I grant, that you may not be given access to a personal computer or other electronic resources, and you may not be able to ask for exceptions to MDC policies or the SAMs that apply to you simply by virtue of the fact that you have chosen to represent yourself." (*Id.*).

During the course of the April 21, 2023 hearing, Schulte argued that his Rule 29 and 33 motion was not fully briefed because he had not yet filed his reply. The Court noted that the April 13, 2023, reply deadline had passed without Schulte having filed a reply or a request for an extension of time. (*Id.* at 17; *see also* D.E. 1023 at 3).

The Government has provided Schulte with a replacement copy of all unclassified discovery at the MDC on external hard drive and disc by productions dated April 11 and 26, 2023, which he can access using the SAMs unit computer, with the exception of the defendant's PLEX media server. The PLEX server comprises approximately 12 TB of data and, in the Government's view, is material only to the dismissed copyright count. The server is available for review by standby counsel or the defense expert upon request. In addition, classified discovery in this case remains available to standby counsel or a cleared defense expert in the Courthouse SCIF upon request.[5]

### **Schulte's Motions**

In his Rule 29/33 Reply Letters, Schulte seeks an undefined extension of his expired reply deadline and an order directing that he be provided various materials, including pens, paper, stamps, a copy of his motion, a copy of the docket, the full trial record, a typewriter, "a copy of

---

[5] No notices pursuant to CIPA § 5 were served by the February 24, 2023 deadline for making such notices, nor since.

my work product from the seized laptop and devices," access to the SCIF, and the ability to pass papers to standby counsel.  Rule 29/33 Reply Letters at 2.

In his SCIF Letter, Schulte seeks access to the Courthouse SCIF in order to review his work product and classified discovery, including his home server, which he argues is related to the CSAM charges.  SCIF Letter at 1.  Schulte asserts that, if he is not permitted access to the SCIF, the "Protective Order is essentially null and void – and neither the Court nor the government can blame or take action against Schulte for any incidental disclosure of classified information."  *Id*. at 2.  In his Server Letter, Schulte seeks access to the Courthouse SCIF specifically to review the server, which contains classified information.  Server Letter at 1-2.

In his Laptop Letter, acknowledges his access to stamps, pen, and paper, *see* Laptop Letter at 1; and seeks access to "notes, highlights, . . . trial exhibits, and countless other work product" stored in notebooks, CDs/DVDs from counsel, and on his discovery hard drives.  *Id.* at 2 & 6-9.  Schulte also seeks an order providing him with a laptop for discovery review and trial preparation.  *Id.* at 5.

## Discussion

Schulte's requests should all be denied.

With respect to Schulte's access to writing materials such as pens, paper, a typewriter, and stamps, the MDC recently confirmed that he already has access to these materials (D.E. 1044) and Schulte himself has acknowledged having pens, paper, and stamps.  Laptop Letter at 1.  Based on prior discussions with MDC counsel, the Government understands that MDC made a typewriter available to Mr. Schulte in approximately October 2022, and that he has been instructed on how to request access to the typewriter, paper, and typewriter ribbon.  Moreover, Schulte has filed a plethora of *pro se* letters and motions in this and other actions throughout the time period during which he claims not to have had access to writing materials or stamps, demonstrating his ready access to both.  *See, e.g.*, D.E. 1026 (*pro se* letter dated March 17, 2023), 1023 (*pro se* motions dated March 1, 2023), 1012 (letter dated December 16, 2022 and postmarked January 27, 2023), & 998 (*pro se* letters dated December 21, 2022 and January 5, 2022 and postmarked January 5 and January 12, 2023, respectively); *see also Schulte v. Warden*, 22 Civ. 766 (EK) (E.D.N.Y.) D.E. 16 (*pro se* letter dated March 9, 2023), 17 (*pro se* letter dated March 24, 2023), & 19 (*pro se* letter dated May 3, 2023); *Schulte v. United States*, 22 Civ. 5841 (EK) (RML) (E.D.N.Y.) D.E. 10 (undated *pro se* letter filed January 31, 2023), 13 (*pro se* letter dated February 1, 2023), 14 (*pro se* letter dated February 6, 2023), 15 (*pro se* letter dated February 13, 2023), 19 (*pro se* letter dated March 10, 2023), 20 (*pro se* letter dated March 17, 2023), 22 (*pro se* letter dated March 21, 2023), & 23 (*pro se* letter dated May 3, 2023); *United States v. Schulte*, Nos. 21-3118 & 21-3124 (2d Cir.) D.E. 136 (*pro se* letter dated February 11, 2023) & 138 (*pro se* letter dated March 10, 2023); *United States v. Schulte*, Nos. 21-2877, 21-3113, 21-3118 (2d Cir.) D.E. 151 (*pro se* letter dated February 14, 2023); *Schulte v. United States*, No. 22-7409 (S.Ct.) (36-page petition for *certiorari* dated March 2, 2023).  Contrary to his assertions in the Rule 29/33 Reply Letters, the defendant appears to have had ample writing and mailing resources for letters and memoranda.

In addition to his demonstrated access to writing and mailing materials, Schulte has also had a complete copy of the trial transcript and admitted exhibits at the MDC since at least September 2022. (D.E. 955 at 4-5). Accordingly, Schulte had ample opportunity to either file a reply on his Rule 29 and 33 motion or to file a request for an extension of his time to file before the deadline expired. Schulte failed to do so, and his purported justifications for his delay in seeking an extension are meritless. The Court should decline Schulte's late request to reopen the briefing.

Schulte's requests for SCIF access should also be denied. The trial on charges related to Schulte's theft, transmission, and attempted transmission of national defense information has concluded, and all that remains is a trial on the CSAM offenses. These charges do not involve classified information or classified discovery, no CIPA Section 5 notice has been given, and the upcoming trial does not implicate any of the materials in the SCIF. Schulte argues that his home server, which contains classified information, is related to the CSAM charges, but he does not explain how. The CSAM that Schulte received, stored, and transported was not on the server, but on his home desktop. Indeed, the CSAM materials were stored within an encrypted, password-protected Linux virtual machine saved on Schulte's home desktop computer, about which some evidence was presented at the 2022 trial. *See, e.g.*, Tr. 1170-73, GX 74. Within the encrypted, password-protected virtual machine were additional encrypted containers in which Schulte's CSAM was stored. No CSAM has been identified on Schulte's server and he has not explained why review of the server is material to the upcoming trial. Moreover, to the extent that the server materials might be relevant, standby counsel or a cleared expert can be given access to the server to assist in trial preparation. The Government is also willing to consider reasonable requests that specifically identified portions of the server that do not contain classified information be separately produced.

There are compelling reasons to prohibit Schulte from having further access to classified settings and classified information. While, prior to the 2022 trial, Schulte was presumed innocent, he has now been found guilty of a number of extremely serious national security crimes that he committed over a multi-year period of time, between 2016 and 2018. In committing those crimes, Schulte willfully violated and evaded any number of laws, rules, protocols, and handling requirements for classified information, used sophisticated computer techniques and smuggled prison cellphones, and took elaborate steps to conceal his activities and destroy evidence. Schulte is also wrong that he has never violated protocols at the Courthouse SCIF—after trial, an external thumb drive, which is not permitted in the SCIF, was found plugged in to the classified laptop that was used exclusively by Schulte for review of the hard drive containing CSAM materials that was safekept in the SCIF. CSAM materials were later found on Schulte's prison laptop, strongly indicating that Schulte used contraband external media to intentionally remove data from the SCIF. In addition, on at least two recent occasions, Schulte has threatened to disclose national defense information: first in his Rule 29 motion, where he threatened to disclose catastrophically damaging national defense information "[i]f and when Schulte ever decides to wage a war against the United States" (D.E. 992 at 23-24); and again in his SCIF Letter, where he threatens to treat the classified information protective orders in this matter as "null and void" if his demand for SCIF access is not granted. SCIF Letter at 2. Given these compelling reasons to prohibit SCIF access, the absence of any identifiable need for access, and the availability of alternative avenues to satisfy an

identifiable need for materials stored in the SCIF should Schulte later articulate one, Schulte's request for SCIF access should be denied.

Schulte's request for complete copies of all seized materials, including his prison laptop, discovery hard drives and discs, and notebooks should also be denied. Those materials were seized as part of an ongoing investigation of Schulte's additional CSAM offenses. That review is ongoing, and includes extensive filter team procedures and classified handling requirements. The trial team does not currently have access to the overwhelming majority of those materials, is not aware of any materials constituting *Brady* material, and is not aware of any materials constituting Rule 16 material except for the original discovery that has been re-produced as described above. Moreover, the discovery laptop at least contains CSAM materials, and the remaining devices and discs may well contain CSAM or classified information as well. The Government notes that notebooks seized from Schulte's jail cell in 2018 contained extensive classified information, and we understand that the hard drives seized from Schulte's cell in October contain significant encrypted partitions that did not exist when the drives were originally produced. The Government is, however, willing to consider reasonable requests that specifically identified files or materials that do not contain classified information or CSAM are reasonably required for trial preparation. Schulte's wholesale demands, however, are insufficient.

Finally, Schulte's request for a replacement laptop should be denied. The Court has already held that Schulte is not entitled to a laptop under the Constitution. (D.E. 970, 1023). Schulte presently is situated like any other defendant housed at MDC, where discovery laptops are the exception and not the rule. And, as set forth in sworn affidavits the Court has reviewed in connection with search warrant applications, and as described above, there is ample evidence that Schulte misused his discovery laptop – manipulating the BIOS settings, creating an encrypted partition, creating executable computer programs, and smuggling CSAM. With respect to Schulte's complaints about not being able to review discovery on the MDC computer, the Government respectfully submits that Schulte has the assistance of standby counsel to help provide him with discovery in alternative formats, including hardcopies or .pdf files. The Government is also willing to consider reasonable requests by the defendant to produce limited portions of discovery that are material to the CSAM trial in an alternative format.

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney
>
> by: _____/s/_____
> David W. Denton, Jr. / Michael D. Lockard / Nicholas S. Bradley
> Assistant United States Attorneys
> (212) 637-2744 / -2193 / -1581

cc: Counsel of record (by ECF)
Joshua Adam Schulte (by U.S. Mail)