U.S.D.J. Jesse Furman
USDC SDNY
40 Foley Square
New York, NY 10007

P1/4

May 19, 2023

RE: U.S. v. Schulte, 17 CR 548 (JMF)

Dear Judge Furman (finally have paper again after 2 weeks of requests):

I write the Court to first request the adjournment of all deadlines sine die until the government produces discovery to me, as there is simply no way to meet any court deadlines without at least basic discovery; and second in response to the government's decision to neither supercede or raise 404(b) arguments at the upcoming trial. Due to this decision and the ever-approaching trial date, the court should return to the status quo and provide me with a discovery laptop and my work product ASAP.

I warn the court that if it does not act swiftly, I will not get a fair trial. I have been sitting in this concentration camp twiddling my thumbs, unable to review discovery or prepare for trial despite my repeated requests over the last year. I will not continue to do so.

If the court waits any longer to act, I simply will not have time to prepare for trial — so I will interpret this as a denial of my right to self-representation and file a letter for the record illustrating my request for basic discovery over the past year and your failure to order compliance; I will request assignment of counsel since I cannot possibly represent myself without discovery. And standby counsel notified me today that they still cannot review the bulk of my discovery either since it was only recently provided and the material appears corrupted or otherwise unreadable. The government had 14 months and yet has still not provided discovery to either me or my attorneys. My attorneys will not be able to conduct the trial in September month either — there is not enough

time. So the Court will be faced with the decision to dismiss the indictment or force either myself or counsel to conduct a trial while ill-prepared to do so due to the government's laziness and incompetence.

Now I direct the court's attention to the government's recent letter declining to supercede or raise 404(b) arguments at trial with respect to the laptop. I ask the Court to set aside its bias, prejudice, and extreme hatred of me for just a second and examine the facts and implications.

The government's excuses are neither compelling nor even plausible. First the government claims there is too much to review — but of course the review of the laptop seized last July is long since completed. If what the government keeps saying to you is true — that there is actually child pornography on the laptop, then there is no need to review any other devices; they would clearly and easily have a prosecution for at least possession of CP — the easiest indictment in the world if not 404(b). Since the government has decided not to do so, the only logical conclusion is that they are lying to your face — there is no CP on the laptop, but only thumbnail images as I've told the court since my review in December.

Next, the government's same complaint of volume is a problem of their own making — they seized the material at the end of September, but chose not to begin searching it until over 7 months later as they admitted in their latest search warrant.

Finally, the government's claims that they must perform a classification review is a clear violation of the terms of the search warrants. The government never sought any warrants for violation of the Espionage Act — it has absolutely no authority to search my materials for classified information.

Moreover, 99% of the material is simply my discovery that can be disregarded; truthfully, there is very little material for the government to review.

Let me interpret the facts for the Court: a simple review of the laptop indicates it contains no CP itself — not even government experts could refute this fact — but only thumbnail images. A second simple review indicates these thumbnail images were automatically generated ~~[struck out]~~ on a date BEFORE the laptop was provided to me; a drive was connected to the laptop containing the CP discovery and then disconnected without any copying of that material. Finally, I was not aware of this nor had any ability to investigate or review these hidden-system thumbnail images stored in a database file thumbcache.db.

An evidentiary hearing would have established all these facts with little to no possible dispute from government experts.

The government's decision NOT to review any of the seized materials from September 2022 only lends credence to my argument — after the laptop review the government knew the other drives and materials seized from me were entirely irrelevant and would change nothing — hence they decided not to waste their time.

Finally, any notion of taking materials to/from the SCIF is easily disproven through the forensics and 24/7 MDC cameras of me. Every day I left for the SCIF, my discovery drives are all visibly stored in the same place; and on return I take back no devices nor connect them into my laptop — which records the dates, times, and devices connected. There is a plethora of concrete, indisputable evidence proving my innocence of all government allegations.

This Court stated in open court that if the government's allegations turned out to be "mistaken" then the laptop & my materials would be returned. There is insurmountable forensic evidence of my innocence

and the government's "mistaken" allegations that the court has chosen not to review or subject to adversarily testing at an evidentiary hearing. But now, the government has essentially endorsed my arguments through its decisions (i) not to conduct any reviews of my seized materials for over 7 months, (ii) not to supercede, and (iii) not to even raise 404(b) arguments at the upcoming trial.

I am not sure what more evidence I could possibly provide. I know that as a prosecutor and advocate for the government, you are strongly influenced and biased in favor of your fellow prosecutors — who could not possibly make a mistake or engage in prosecutorial misconduct; perhaps even you engaged honestly during your time as a prosecutor — but the government is not infallible, and prosecutorial misconduct happens all the time.

I therefore urge the Court to return to the status quo before the government made its provably false allegations against me — and the return of all my work product (which is not even alleged to contain CP or any illicit materials and which easily should have been finished processing had the government not chosen to forego review for a full 7 months) and either the return of the discovery laptop, minus the one thumbnail database file or production of a new laptop and the ability for me to review and remove necessary work product from the previous laptop so I can adequately meet court deadlines, review discovery, and prepare for trial.

5/19/23   Josh Schulte

Josh Schulte #74471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

RECEIVED
SDNY PRO SE OFFICE
2023 JUN -1  PM 3:54

ATTN: U.S. v. Schulte, 17CR 548 (JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York, NY 10007

1000781316 C095


