```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
               -v-                                                :     17-CR-548 (JMF)
                                                                  :
JOSHUA SCHULTE,                                                   :     ORDER
                                                                  :
                               Defendant.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On May 31 and June 5, 2023, the Clerk of Court docketed three more *pro se* letters from Defendant, dated May 12, 2023, May 15, 2023, and May 19, 2023. *See* ECF Nos. 1052-1054. The letters repeat allegations and complaints that Defendant has made repeatedly in other submissions and in conferences with the Court, including: that he lacks access to paper, pens, typewriter ribbons, and stamps; that mail delivery is delayed; and that he lacks access to discovery needed to prepare for his September 11, 2023 trial on child pornography charges. *See, e.g.*, ECF Nos. 1039-1042; Transcript of April 21, 2023 Pretrial Conference ("Apr. 21, 2023 Tr."). There are reasons to doubt many of Defendant's assertions (or to believe that they were overtaken by subsequent events): As the Government and the Court previously noted, MDC officials have repeatedly confirmed Defendant's access to paper, pens, typewriter ribbons, and stamps, *see* ECF Nos. 1035, 1044, and Defendant was provided with a new copy of "all unclassified discovery" in April 2023, *see* ECF No. 1048, at 4; *see also* ECF No. 1035.

Be that as it may, in an effort to ensure that these recurring complaints do not interfere with Defendant's ability to prepare for the September 11, 2023 trial, the Court — once again —

contacted the MDC's Senior Court Liaison. On June 2, 2023, in response to the Court's queries, the MDC's Senior Court Liaison represented as follows:

> Going forward, at MDC, each day, Monday through Friday, Mr. Schulte's Unit Manager (or designee), will visit Mr. Schulte and will address each of the following items:
>
>> (a) whether there is sufficient typewriter paper in the "law library" on Mr. Schulte's housing unit (in general, extra typewriter paper will be stored in the law library);
>>
>> (b) whether Mr. Schulte has sufficient writing pads;
>>
>> (c) whether Mr. Schulte has sufficient pens;
>>
>> (d) whether Mr. Schulte has sufficient typewriter ribbons;
>>
>> (e) whether Mr. Schulte has sufficient stamps;
>>
>> (f) whether Mr. Schulte has any outgoing mail; and
>>
>> (g) Mr. Schulte will be provided with any incoming mail.
>
> If Mr. Schulte indicates he requires any of the items above, unit team will have Mr. Schulte commit the request to a writing (in BOP terms, a "copout").
>
> On Thursday, June 1, 2023, Mr. Schulte's Unit Manager provided Mr. Schulte with two writing pads, placed two reams of typing paper in the law library for Mr. Schulte's use on the typewriter, two black pens. Mr. Schulte completed and submitted a written "copout" for twenty more stamps (BOP's records reflect that Mr. Schulte also purchased twenty stamps on January 31, 2023; twenty stamps on March 28, 2023; and twenty stamps on May 3, 2023), and a written "copout" for an additional typewriter ribbon. Mr. Schulte should receive the additional stamps and typewriter ribbon early next week.

The Court will regularly confirm with the MDC's Senior Court Liaison that these representations are being fulfilled. The Court trusts that these measures will put to rest Defendant's complaints about the alleged lack of access to paper, pens, typewriter ribbons, and stamps.

The Government — and the Court — have already addressed Defendant's other allegations. *See* Apr. 21, 2023 Tr. 45-76; ECF No. 1051. For the sake of completeness, however, the Court addresses them here as follows:

- **Access to discovery.**  Defendant's assertions about the lack of access to discovery are belied by the fact that the Government reproduced a copy of *all* unclassified discovery to the MDC in April 2023 — a fact that the Court confirmed earlier today with the MDC's Senior Court Liaison (who also confirmed that Defendant is able to access the discovery in the SAMs Unit Law Library at his request).  To the extent that Defendant claims that he is unable to access certain files and documents due to formatting issues, or insists that he needs access to his work product on the seized laptop, the Court previously directed him to communicate with and through standby counsel and the Government to identify those items and make "'reasonable' – that is, more targeted – 'requests'" for what he allegedly needs.  ECF No. 1051; *see also* Apr. 21, 2023 Tr. 62.  To the Court's knowledge, Defendant has not done so.  All of that said, Defendant's most recent letter states that standby counsel advised him that "they still cannot review the bulk" of discovery because "the material appears corrupted or otherwise unreadable." ECF No. 1054, at 1.  That is news to the Court, as standby counsel himself has raised no such issue with the Court.  **Standby counsel shall promptly confer with counsel for the Government and, no later than June 12, 2023, file a letter addressing this issue.**

- **Access to the PLEX Server.**  In its letter of May 24, 2023, the Government represented that the PLEX server "comprises approximately 12 TB of data . . . and is material only to the dismissed copyright count."  ECF No. 1048, at 4.  Moreover, the server is available for review by standby counsel or by Defendant's expert, *see id.*; Apr. 21, 2023 Tr. 48, and was previously provided to Defendant and his prior counsel, Sabrina Schroff, *see* Apr. 21, 2023 Tr. 48.  Defendant provides no basis to conclude that such access is insufficient.

- **Access to classified discovery.**  In its letter of May 24, 2023, the Government contended that Defendant's home server, which contains classified information, is irrelevant to the child pornography charges.  *See id.* at 6.  To the extent that Defendant contends otherwise, he fails — yet again — to explain why.  Moreover, as the Government notes, the server is available for review by standby counsel or by Defendant's expert.  And the Government has represented that it is "willing to consider reasonable requests that specifically identified portions of the server that do not contain classified information be separately produced."  *Id.*  Defendant provides no basis to conclude that these measures are insufficient.  On top of all that, the Court invited Defendant to make an application for access to classified discovery, on an *ex parte* basis if he believed that it would disclose something about his defense to which the Government should not be privy, *see* Apr. 21, 2023 Tr. 66-67, yet Defendant has never done so.

- **Access to a laptop.**  In his most recent letter, Defendant renews his request for a replacement laptop in light of the Government's disclosure that it " does not intend to rely on evidence obtained from the July and September 2022 search warrants at the upcoming trial and does not intend to supersede with any additional charges arising out of the investigation prior to the upcoming trial."  ECF No. 1046, at 1; *see* ECF No. 1054.  Contrary to Defendant's assertions, the Government's decision not to rely on evidence obtained from the laptop does not cast doubt on its representation that child pornography was found on Defendant's laptop.  *See also* ECF No. 1048, at 2-3.  In any event, the Government's disclosure provides no reason to revisit the Court's prior rulings rejecting

3

> Defendant's requests for a replacement laptop.  *See* ECF Nos. 970, 1023; *see also* ECF Nos. 954, 1022.  Among other things, Defendant has never meaningfully disputed that he misused his discovery laptop in other ways, by, for example, manipulating the BIOS settings, creating an encrypted partition, and creating executable computer programs.  (In fact, he has admitted to at least some of this conduct.  *See, e.g.*, ECF No. 945, at 1-2.)  And, of course, Defendant has now been convicted by juries of many serious crimes, including disclosure of national defense information and contempt of court, through the use of sophisticated computer techniques and smuggled prison cellphones.  The fact that Defendant is now representing himself does not entitle him to special privileges — as the Court repeatedly warned Defendant, and Defendant repeatedly acknowledged, during the *Faretta* inquiry.  *See* Apr. 21, 2023 Tr. 6, 7, 16-17, 19, 31-32; *see also* Transcript of February 10, 2023 Pretrial Conference ("Feb. 10, 2023 Tr."), at 17-18.

- **Mail delivery.**  In light of the MDC's Senior Court Liaison's representations above, the Court hopes and assumes that there will be no further problems with mail delays going forward.  That said, **the Government and standby counsel shall promptly confer with one another and with the MDC to determine if there are additional means to ensure prompt delivery of mail to and from Defendant and shall file a joint letter addressing the issue no later than June 12, 2023.**

- **Speedy Trial.**  Defendant's assertion that the September 11, 2023 trial date does not comply with the Speedy Trial Act and the Sixth Amendment is frivolous.  Time was excluded under the Speedy Trial Act, without objection, through the date of trial — and that was for good reason given the complexity of the case, then-defense counsel's trial schedule, and the potential need for additional rounds of motion practice, including under the Classified Information Procedures Act.  *See* Feb. 10, 2023 Tr. 14-15.  Indeed, Defendant's assertion is belied by his own complaints about the inability to prepare for trial in the allotted time (complaints that are absurd given that the Court scheduled the trial for September 2023 in July 2022 — *fourteen months* in advance) and by his stated intention to file various motions (all of which would now be untimely).  The fact that Defendant simultaneously asks for a speedier trial *and* complains that he does not have enough time to prepare for trial suggests that Defendants' complaints are not made in good faith, but rather made in an effort to plant land mines for later use on appeal.

In short, all of Defendant's complaints and demands are without merit.

It is important to note that the Court has gone to extraordinary lengths to address Defendant's issues throughout this case — including, for example, communicating directly on multiple occasions with the MDC and U.S. Marshal Service.  Moreover, at the Court's direction, Defendant has repeatedly been provided with special accommodations — from the designated laptop that he was provided before and during his 2022 trial (and allowed to keep during trial despite evidence of his misuse of the laptop), to increased access to the SCIF, to the ability to

4

bring papers to and from the courthouse during trial, to (most recently) an exception to the MDC's policy of not allowing a SAMs prisoner pass materials to and from counsel, *see* ECF No. 1044 — accommodations that have been withdrawn only after they have been abused by Defendant.  In the face of that history, Defendant's repeated demands — not to mention, his repeated attacks on the integrity of the Court — are all the more extraordinary.

Instead of continuing to write letters baselessly attacking the Court and renewing requests for relief that have been repeatedly rejected, Defendant would be better served spending his remaining time preparing for trial — and, to that end, doing what the Government and the Court have repeatedly invited him to do, namely identify **with specificity** any information or materials that he needs to prepare for trial and to which he does not presently have meaningful access.  *See* ECF No. 1051; Apr. 21, 2023 Tr. 52-76.  Put differently, the Court will no longer entertain requests for the same kinds of relief — absent a representation, confirmed by the Government, that Defendant has conferred with and through standby counsel and the Government to identify with specificity any items that he believes he needs.

Finally, during the *Faretta* hearing, the Court repeatedly and explicitly explained that going *pro se* would not entitle Defendant to many of the things that he has since been requesting.  *See* Apr. 21, 2023 Tr. 3-37.  Defendant acknowledged that he understood.  *See id.*  In his most recent letter, Defendant suggests that he may request reappointment of counsel in the event that the Court denies his various requests for relief.  *See* ECF No. 1054, at 1.  Defendant is, of course, free to make that request; indeed, such a move would arguably be a wise course given the challenges that proceeding *pro se* entails.  But any such request must be made sooner rather than later because, as the Court previously cautioned, Defendant will not be permitted to manipulate

the schedule and, thus, any request for reappointment of counsel would likely be rejected if it would affect the firm September 11, 2023 trial date.  *See* Apr. 21, 2023 Tr. 7-8, 37.

The parties (including standby counsel) shall appear for a conference with the Court on **June 15, 2023**, at **9:30 a.m.** in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007.

SO ORDERED.

Dated: June 6, 2023
New York, New York

JESSE M. FURMAN
United States District Judge

6