SDNY —
PV6

U.S. v. Schulte 17 CR 548 (JMF)

# MOTION FOR RECONSIDERATION OF/ AND "TARGETED" REQUESTS

On May 25, 2023 Judge Furman denied Mr. Schulte's motions without allowing him an opportunity to file a reply. The Court should reconsider that decision as Mr. Schulte currently has no ability to access or review the critical discovery in his case.

## I. A. DISCOVERY

Over 95% of the discovery provided by the government cannot be reviewed on the MDC's discovery computer; it does not have the applications necessary to open the discovery files, nor are there any "alternative formats" that can be provided. Particularly, the forensic images require FTK Imager which the government did not even bother to produce — and it cannot be run on the MDC's discovery computer.

<u>95%</u>. This Court cannot merely shrug and say "too bad, so sad."

## B. DISCOVERY — SCIF server

The server that the government keeps in the SCIF is required to be produced pursuant to Fed. R. Crim. P. 16; if the government wishes to remove the "classified" Snowden files and provide the server in unclassified discovery then Mr. Schulte has no objection (and in fact previously argued for the government to do so).

But the server contains materials the government intends to use in its case-in-chief at trial — the IRC chats — and access to the server is necessary to prove these "chats" were not as the government claims.

Next, the server is critical as the sine qua non for the defense. The defense intends to demonstrate at trial that the child pornography materials originated not from the desktop, but from this server —

p2/6

and from a user of that server.

Finally, the server was obtained from, or belonged to Mr. Schulte, and must be provided to Mr. Schulte.

Mr. Schulte requires access to the SCIF server one way or the other in accordance with Fed. Crim. P. 16.

C. DISCOVERY – PLEX Server

The government acknowledges that it has decided not to produce the Plex server. This is in violation with Rule 16 — the government seized this server from Mr. Schulte and must produce it regardless if it believes it to be "material". Moreover, there is material discovery on this server that Mr. Schulte intends to raise at trial to disprove arguments that the government has made with IRC chats — the purpose and community use of the servers, the accesses from this server to Mr. Schulte's home desktop; permissions and privileges. Mr. Schulte identified no less than 1500 items from this server that he showed previous experts and are material for trial.

D. DISCOVERY – SUMMARY

The SCIF server, Plex server, and 95% of produced discovery are unreviewable. All three items are material for the defense, were obtained from or belonged to the defendant, AND contain materials the government intends to use in its own case-in-chief at trial. There is no "alternative format" for the unreviewable 95%, and standby counsel's access to these materials is irrelevant; the law is quite clear — this Court cannot force an attorney on a man requesting pro se representation. The Court's failure to resolve these issues before trial will result in an automatic reversal of any conviction.

II. Copies of Seized Materials

The drives and notebooks seized by the government are proper Rule 16 and must be produced to Mr. Schulte. First of all, the government refused to search the seized material FOR OVER 7 MONTHS while lying to this court. The government's review would be completed by now if they had actually begun searching the material when the devices were seized. Mr. Schulte cannot be punished by the laziness and deceit of the government.

The drives and notebooks contain Mr. Schulte's entire work product including exhibits, expert testimony, cross examinations, demonstratives, and other trial evidence work product. These materials are the result of 6 yrs' worth of work and cannot be recreated.

All of these materials are proper Rule 16 materials as they were obtained from or belong to the defendant and are material to his defense — they are literally the sum total of the entire defense.

None of these materials contain any CSAM materials — there is not even probable cause to believe they contain CSAM materials. As stated later in Section IV.B, the alleged incident with the laptop and drive (which was not a violation of SCIF procedures) occurred AFTER the laptop was seized. There is absolutely no basis to believe that any of these materials contain CSAM.

As for classified materials, the government did not seek warrants to indicate probable cause for Espionage offenses, and cannot search the materials for classified information. Of course the government does not abide by the Constitution and simply does whatever it pleases.

Regardless, like the missing discovery, the government must make this material available to Mr. Schulte in some way; the government cannot seize an attorney's work product, refuse to provide it, then require him to proceed to trial.

**III.   Rule 29/33**

Mr. Schulte did not receive the Rule 29/33 motion until after the deadline expired on 3/31/23. At that point, he had no stamps, paper, or pen. The government identifies no pro se filings in April, consistent with this fact. Furthermore, the government made allegations in the response requiring a CIPA hearing to dispute — which he cannot access outside the SCIF. Moreover, he did not and still does not have access to the trial record — the MDC discovery computer does <u>NOT</u> have a pdf viewer, but proprietary software that ~~sometimes~~ often times cannot read the pdf, and no software to view the excel documents; this was identified to the government by email from standby counsel, and the government refused to modify the trial record or offer any alternative (emails available through standby counsel). The Court or government can easily request a standard MDC discovery computer (or installation) to see that this is true. And finally, Mr. Schulte ~~believed his motions dispositive motions~~ Rule 29 post-trial motions for a laptop and/or assignment of counsel and recusal were still outstanding as the Court did not feel like updating Mr. Schulte.

For all these reasons, the Court should provide Mr. Schulte with a copy of the necessary resources and the ability to file a reply.

Finally, the government's claims of "threats" in the Rule 29 and SCIF letter are ridiculous; the Rule 29 motion was outlining the absurdity of the government's MCC case — which is a joke, but not a funny one. The SCIF letter was not a threat — the classified information protective orders are now null and void as they required standby counsel to review all my filings ~~and~~ in the SCIF & for me to use a classification rubric <u>from the SCIF</u>; the government cannot enforce these provisions while banning me from the SCIF, so as a <u>matter of law</u> those protective orders are indeed null and void.

IV. The Court is legally barred from relying on 2022 Convictions

This Court cannot rely upon 2022 Convictions to restrict Mr. Schulte's access to prepare for trial. The convictions are not yet final, and indeed a motion for acquittal is currently pending. Mr. Schulte cannot even appeal his convictions at this point. There is absolutely zero basis or precedent in the Second Circuit for doing so — and in fact, Mr. Schulte is still considered a pretrial detainee until sentencing and final judgment.

A. NO SCIF protocols were ever violated

The government incorrectly claims Mr. Schulte violated SCIF rules by connecting a drive into a laptop in the SCIF. It claimed "an external thumb drive, which is not permitted in the SCIF." But of course external thumb drives were not only permitted but numerous in the Courthouse SCIF — as the CISO can attest to. Furthermore, both the drive and the laptop were at the same classification level. Finally, Mr. Schulte did not connect or use the thumbdrive in question — nor does it have any files related to his review.

B. Not a single shred of evidence anything ever "smuggled" from SCIF

First and foremost, the incident the government references about the SCIF laptop and connected thumbdrive occurred in August 2022 — AFTER Mr. Schulte's laptop was already seized; thus it could not possibly be related. Furthermore, there are 24/7 cameras and all forensic data indicates no drives were ever taken from the prison to the SCIF or vice versa; nor was it possible to do so.

Thus far the government, terrified of the truth that would be revealed in an evidentiary hearing, has succeeded in manipulating the Court into foregoing Due Process and simply believing whatever they claim.

6/6

V. The Court is legally barred from relying on laptop CP allegations

The government caused Mr. Schulte's discovery laptop to create thumbnail images of CSAM materials before it was ever provided to him. This is 100% provable through the forensic report generated by the government in September 2022. Instead of holding an adversarial evidentiary hearing, this Court simply asked the government who was telling the truth— the government said they were, and that was sufficient for "Judge" Furman.

Yet the government has stated they will neither raise 404(b) arguments at trial nor supersede. The government also notified the Court that it lied when it claimed to be investigating Mr. Schulte—because it admitted in a recent search warrant that after executing the October search warrants, it never conducted any searches. For 7 months.

Accordingly, this Court cannot consider any of the laptop CP allegations.

The Court also cannot rely upon any of the government's allegations of laptop misuse without an evidentiary hearing — the government is simply lying or wrong regarding each allegation.

VI. CONCLUSION

The Court initially ruled that the defendant could request further relief if the government denies more "reasonable" requests. (with respect to 16(a)) It is not Mr. Schulte's burden, but the government's to comply with Fed. R. Crim. P. 16; and it is not even disputed that all materials requested herein are proper Rule 16 requests — thus the Court must order the government to find some way to comply and provide these materials to Mr. Schulte. The only remedy for a Rule 16 violation, even if merely 16(a)(1)(E)(iii) but continually requested, is <u>not harmless error review</u>, but <u>automatic reversal!</u> Thanks.

6/6/23    Josh Schulte

Josh Schulte #74471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

USMP 3
SDNY

NEW YORK NY 100
15 JUN 2023 PM 14 L

ATTN: U.S. v. Schulte 17 CR 548 (JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York NY 10007

23-7447-054-0008-M01