```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :
                                                                        :    17-CR-548 (JMF)
        -v-                                                             :
                                                                        :    MEMORANDUM OPINION
JOSHUA ADAM SCHULTE,                                                    :       AND ORDER
                                                                        :
                       Defendant.                                       :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

During the pretrial conference held on June 15, 2023, Defendant asserted that he previously filed letters with the Court, including one *ex parte* letter, identifying with particularity materials to which he needs access to prepare for his September 11, 2023 trial on child pornography charges and explaining his need for those materials. Defendant appears to be referring to his letters dated between April 21, 2023, and May 3, 2023, which appear at ECF Nos. 1039-42. Upon re-review of these letters, the Court adheres to its previous denial of his requests for relief. *See* ECF No. 1051. Indeed, Defendant's requests fall short for any number of reasons:

- First, they do not constitute "reasonable" or narrowly tailored requests. To the contrary, Defendant's demands amount to a conclusory, blanket demand for access to all discovery that the Government has produced in the course of this case, despite the fact that vast quantities of that discovery are plainly irrelevant to the narrower child pornography charges that will be tried in the next trial.

- Second, Defendant's assertion that the Government is obligated to produce materials under Rule 16 of the Federal Rules of Criminal Procedure overlooks several facts: the Government *did* produce those materials to Defendant earlier in the litigation; the materials were available to counsel of record during the almost *nine-month* period when Defendant was represented; and the materials remain available to standby counsel and to Defendant's expert.

- Third, Defendant's arguments that he is entitled to access classified discovery fall short as well. For one thing, standby counsel and Defendant's expert have access to the classified discovery — which is more than sufficient given that Defendant's stated

need for access (articulated, albeit only in conclusory fashion, in his *ex parte* submission) could be fulfilled only through expert testimony.  More significantly, Defendant did not file a notice pursuant to Section 5 of the Classified Information Procedures Act by the Court-ordered deadline of February 24, 2023 — a deadline, it should be noted, that fell during the period when Defendant was represented by counsel with full access to all discovery.[1]  Nor has he sought leave to file a late notice in the four months since the deadline.  Accordingly, Defendant may not use any classified materials at trial.  *See* CIPA § 5(a) (If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant *shall*, within the time specified by the court . . . notify the attorney for the United States and the court in writing." (emphasis added)); *id.* § 5(b) ("If the defendant fails to comply with the requirements of subsection (a) the court may preclude disclosure of any classified information not made the subject of notification . . . ."); *see also, e.g.*, *United States v. Badia*, 827 F.2d 1458, 1466 (11th Cir. 1987) ("Badia failed to comply with the explicit provision of CIPA and has demonstrated no reason to justify his noncompliance.  Accordingly, we find no error in the district court's ruling that he is precluded from raising matters at trial that should have been noticed pursuant to CIPA."); *United States v. Alshahhi*, No. 21-CR-371 (BMC), 2022 WL 4273850, at *4 (E.D.N.Y. Sept. 15, 2022) ("By failing to timely file his notice, Grimes's counsel left the Court no time to conduct the subsequent CIPA § 6 hearing in advance of trial and, inadvertently, caused the very predicament that Congress created CIPA to avoid.  The Government's motion in limine to preclude defendants from inquiring about classified information at trial is therefore GRANTED.").

In short, Defendant's assertions to the contrary notwithstanding, his letters did not do "what the Government and the Court have repeatedly invited him to do, namely identify **with specificity** any information or materials that he needs to prepare for trial and to which he does not presently have meaningful access."  ECF No. 1055, at 5.

Since the June 15, 2023 pretrial conference, the Court has received three more letters from Defendant, all dated *before* the conference.  *See* ECF Nos. 1059-1061.  The letters are more of the same, repeating the same grievances that the Court has either found to be without merit or has already addressed, including during the June 15, 2023 pretrial conference.  As noted during that

---

[1] In a recent letter, addressed below, Defendant asserts that neither he nor counsel had access to the SCIF "when the CIPA 5 deadline expired." ECF No. 1060, at 2.  Defendant did indeed lack access to the SCIF at the time, but that is not the case for counsel.  And in any event, to the extent that counsel lacked access to something needed to serve a notice by the deadline, counsel obviously could have sought relief from the Court, but did not.

conference, the Court urges Defendant to use the time remaining before trial more wisely: to cease his letter-writing campaign and to use the resources he has to work with standby counsel and the Government to identify and obtain access to what he needs to prepare for trial.

All of that said, to further facilitate Defendant's preparation for trial, the Court will take two steps in response to the litany of complaints raised in Defendant's various letters. First, Defendant asserts that the computer available to him in the Metropolitan Detention Center does not have a PDF viewer. *See, e.g.*, ECF No. 1041, at 5.[2] No later than **June 29, 2023**, the Government shall (1) either (a) ensure that a PDF viewer is available to Defendant or (b) explain to the Court why that is not feasible; and (2) file a letter confirming that a PDF viewer is available to Defendant (and explaining how long one has been available to him).

Second, Defendant requests access to the notebooks and CD-ROMs that were seized from his cell pursuant to the searches that occurred last fall. *See, e.g.*, ECF No. 1041, at 7. Because these materials are (largely, if not entirely) Defendant's own work product and do not seem to pose the same risks of abuse that providing an electronic device to Defendant might pose, the Court is inclined to believe that he should be provided access to them. Accordingly, no later than **June 29, 2023**, the Government shall either (1) provide to Defendant a copy (or the original) of these materials or (2) show cause why it should not be ordered to do so.

---

[2] References to ECF No. 1041 are to the page numbers automatically generated by the Electronic Case Filing system.

3

Finally, the following is a list of the remaining dates and pretrial deadlines in this case:

| | |
|---|---|
| **June 30, 2023** | Parties' expert disclosures |
| **July 14, 2023** | Motions *in Limine*; Requests to Charge; *Voir Dire*; Government Exhibit List and copies of exhibits to be disclosed to Defendant |
| **July 28, 2023** | Any responses to Motions *in Limine* and Requests to Charge |
| **August 11, 2023** | Exchange of 18 U.S.C. § 3500 material, proposed exhibits, and Rule 26.2 materials |
| **September 6, 2023** | Final Pretrial Conference at 10:00 a.m. in Courtroom 1105 |
| **September 11, 2023** | Trial begins |

The Clerk of Court is directed to terminate ECF No. 1061.

SO ORDERED.

Dated: June 22, 2023　　　　　　　　　　　_____
　　　　　New York, New York　　　　　　　　　　　JESSE M. FURMAN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge