United States v. Schulte 17 CR 548 (JMF)

p. 1/4

# MOTION FOR ACCESS TO COPY OF WORK PRODUCT

The Court recently ruled that Mr. Schulte must make more "tailored" requests for access to his own work product, but the Court is gravely mistaken about the law; not only does Fed. R. Crim. P. 16 require the government to produce these materials, but Mr. Schulte's work product constitute a constitutionally protected property interest that cannot be deprived.

The materials at issue here are hand-written notebooks and documents, CDs/DVDs from counsel and the government, discovery drives, and the discovery laptop; six years' worth of work product.

## A. Fed. R. Crim. P. 16

The work product was seized from or belonged to the defendant; and is material to his defense at trial as it contains 6 years' worth of notes pursuant to discovery review, attorney correspondence including drafts and proposed motions, full motions practice, trial strategy, expert disclosure, expert review, testimony, demonstratives, exhibits, etc.

The government does not contest that it was seized from or belonged to the defendant, and admit that they have not fully reviewed the material so cannot possibly know its materiality.

Moreover, a more tailored request is <u>not possible</u> because Mr. Schulte has not memorized which notebooks, pages of notebooks, CDs, directories, or file structures from which to request; nor has the government provided references or directory listings.

Finally, the law does not require a defendant to make a tailored request—it requires the government to fully produce all materials.

p.2/4

B. Due Process Clause of the Fifth Amendment

"[T]he touchstone of due process is protection of the individual against arbitrary action of government." Leebaert v. Harrington, 332 F.3d 134, 139 (2d Cir. 2003) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845 (1998)). Before a due process violation can be established, there must exist a property or liberty interest.

Here, Mr. Schulte asserts a fundamental Constitutional property right to his work product. This property interest is derived from both the Sixth Amendment right to self-representation as found in Faretta v. California, 422 U.S. 806 (1975) and the right of access to the Courts as found in Bounds v. Smith, 430 U.S. 817, 824-25 (1977) (due process requires that prisoners have access to paper, pens, notarial services, stamps, and adequate library facilities); if the government could simply seize and hold hostage everything a prisoner writes or creates with the intention of furthering his claims as a pro se defendant, then neither right could be fulfilled.

Accordingly, the six years' worth of hand-written documents, CDs, drives, and other intangible work product are a protected property right.

1. Violation of Procedural Due Process

Due Process generally requires that the State afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest." DiBlasio v. Novello, 344 F.3d 292, 302 (2d Cir. 2003). "A procedural due process claim is composed of the elements: (1) the existent of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 218 (2d Cir. 2012). There was no hearing here, therefore triggering a procedural due process violation.

P.3/4

2. Violation of Substantive Due Process

This Circuit uses the shocks the conscience test to assess substantive due process challenges to government conduct. See, e.g., Velez v. Levy, 401 F.3d 75, 93-94 (2d Cir. 2005) (explaining that the plaintiff must allege governmental conduct that is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience" (quoting Lewis, 523 U.S. at 847 n.8)); Hurd v. Fredenburgh, 984 F.3d 1075, 1087 (2d Cir. 2021). Accordingly, to determine whether government conduct infringes on a substantive due process right, we first identify the "constitutional right at stake" or the "deprivation of property" interest at issue. Kaluczky v. City of White Plains, 57 F.3d 202, 211 (2d Cir. 1995). If either is identified, the Court then assesses whether the government's alleged conduct shocks the conscience. See Velez, 401 F.3d at 93; Hurd, 984 F.3d at 1087.

As the property right has been established, we proceed to the shocks the conscience test: the government's seizure of a defendant's work product and refusal to provide a copy to ensure a tactical advantage at trial truly shocks the conscience; there is absolutely no legitimate reason that the government cannot provide a copy of the work product, particularly when none of the materials are even identified as contraband.

\* \* \*

Finally, it must be noted that although the government's seizure of the material was unconstitutional, the primary due process violations of both procedural and substantive Due Process involve the government decision to refuse to provide Mr. Schulte with either a copy or

p.4/4

access to a copy of his own work product; this refusal both shocks the conscience and was done without any hearing whatsoever — the court's failure to uphold due process would in effect nullify both Faretta and Smith, because the government could seize a defendant's work product at any time for any reason, and without question. Thus, a defendant could not access the courts or represent himself.

CONCLUSION

For these reasons, the court should order the government to provide Mr. Schulte a copy of his work product.

Respectfully submitted,

6/13/23   Josh Schulte, pro se

Josh Schulte #79471-054
MDC
P.O. Box 329002
Brooklyn NY 11232

ATTN: U.S. v. Schulte, 17 CR 548 (JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York, NY 10007
23-79471-054-0622M01

NEW YORK NY 100

