## MOTION TO VACATE 2020 CONVICTIONS FOR VIOLATION OF FIFTH AMENDMENT RIGHT TO SPEEDY SENTENCING

Mr. Schulte was falsely convicted in 2020 after a partial verdict for making false statements and contempt of court. Consistent with Second Circuit precedent, he moved to schedule sentencing and final judgment on June 24, 2021, Dkt. 475. The government erroneously argued in violation of precedent and the presumption of innocence that Mr. Schulte will be found guilty of more crimes and therefore sentencing should be deferred. See Dkt. 499. The Court agreed, Dkt. 519.

The Second Circuit found in United States v. Ray, 578 F.3d 184 (2d Cir. 2009) that, while the 6th Amendment does not guarantee a right to speedy sentencing, the Due Process Clause of the Fifth Amend. does. See also United States v. Cain, 734 Fed. Appx. 21 (2d Cir. 2018). The Supreme Court later confirmed this analysis in Betterman v. Montana, 136 S.Ct. 1609, 1612 (2016) ("For inordinate delay in sentencing, although the Speedy Trial Clause does not govern, a defendant may have other recourse, including, in appropriate circumstances, tailored relief under the Due Process Clause of the Fifth and Fourteenth Amendments.").

It is now 2023 and sentencing is still not even scheduled yet despite numerous requests—and likely will not occur until 2024. The Court should now vacate and dismiss the two false convictions from 2020 that Mr. Schulte has never been permitted to challenge.

The Supreme Court identified the Barker v. Wingo, 407 U.S. 514 (1972), four-factor test used for analyzing 6th Amendment claims as the proper test to be used in analyzing 5th Amendment speedy sentencing claims in Betterman v. Montana (in dictum), but the Second Circuit has used a stripped version of this test previously; the full Barker test identified by the Supreme Court is more appropriate.

A. Length of Delay

As for allegations of Speedy Trial violations, it is first appropriate to establish a threshold dividing ordinary from 'presumptively prejudicial' delay. While the Second Circuit has never established this threshold, delays approximating a year, as used in Speedy Trial analysis, also seem appropriate for speedy sentencing delays; regardless, the 3+-4 year delay as in this case clearly qualify as presumptively prejudicial delay.

B. Reason for Delay

As Mr. Schulte correctly argued before the district court, unresolved counts after a partial conviction are severed. "Although the litigant as framed in the indictment may not yet have run its course, the counts of conviction have been resolved and the sentence is ready for execution. The unresolved counts have in effect been severed, and will be resolved another time in a separate judgment." United States v. Abrams, 137 F.3d 704, 707 (2d Cir. 1998); see United States v. King, 257 F.3d 1013, 1014 (9th Cir. 2000)("[P]leading guilty to a subset of charges in effect severed the indictment into two parts and made [defendant] ready for sentencing on the charges related to the Final Notice Scheme..."); United States v. Powell, 24 F.3d 28, 31 (9th Cir. 1994)("When sentence was imposed on the severed counts, [defendant] was entitled to appeal because there was nothing left to be done but enforce the sentence.").

Since the government blatantly ignored Second Circuit precedent, its actions were deliberate and unacceptable. The government also sought an unfair advantage at the retrial by introducing the convictions while simultaneously preventing appellate review. As will be discussed in the Prejudice section, the government also blocked appellate review of the hung counts, both delaying justice and making subsequent review unavailable as a deliberate stratagem.

There was simply no legitimate, lawful reason for the sentencing delay—absolutely no post-trial motions or any other judicial review was pending; the court easily could have held a sentencing, but simply chose not to do so.

C. Defendant's Assertion of his Right

Mr. Schulte plainly requested his Due Process right to be sentenced, including the same arguments and citations included herein, but was ignored by the Court. See, id., MOTION TO SCHEDULE SENTENCING, June 24, 2021, Dkt. 475.

D. Prejudice to the Defendant

The prejudice to Mr. Schulte is both substantial and demonstrable. As an initial matter, since the district court and government deliberately ignored Second Circuit and Supreme Court precedent—over Mr. Schulte's objections—the Court must vacate the convictions or else there would simply be no consequence for ignoring Second Circuit precedent and the Fifth Amendment. Why would any district court follow precedent when it can ignore it with impunity? Without any recourse whatsoever? In fact, Mr. Schulte even sought interlocutory appeal or Mandamus review of the district court's decision, United States v. Schulte, 21-2530, Dkt 19, but the Second Circuit declined review; Mr. Schulte exhausted every possible avenue, but was unable to compel compliance with the law. Hence, vacating the convictions is now the only available remedy.

Regardless, there is substantial prejudice to Mr. Schulte. The time he has thus far spent incarcerated — nearly 7 years, most of which in a concentration camp — far exceeds both the guidelines calculations and even the statutory maximums for the two convictions of making false statements and contempt of court. The delay in sentencing clearly "undermine[s]... successful rehabilitation as well as effectively imposes a sentence far in excess of the punishment allowed in violation of both procedural and substantive Due Process.

The government also gained an unfair advantage by delaying sentencing as they were able to threaten to introduce the convictions if Mr. Schulte testified at the retrial; if the government had allowed sentencing and final judgment, there was a possibility (and based on the evidence a very strong possibility) that the convictions would have been vacated, but by deliberately delaying sentencing there was no such possibility as Mr. Schulte could not yet file an appeal. This taint to Mr. Schulte's credibility was prejudicial and tactically deployed by the government's wanton disregard of the law.

Next, the government relied upon the convictions for denying bail — a demonstrable prejudice considering Mr. Schulte could not file an appeal. See United States v. Schulte, 21-3113.

The government's deliberate delay in sentencing also prevented appellate review of gross pretrial violations. The convictions were predicated on three outrageous pretrial rulings that the Second Circuit would never affirm: (1) In a decision unparalleled in any other district court or court of appeals in the history of the United States, the unconscionable district court effectively denied Mr. Schulte an expert witness and access to the critical digital forensics crime scene that the government relied upon in its case-in-chief and allowed its own experts to review; (2) the district court denied Mr. Schulte his right to self-representation by permitting only standby counsel access to the only critical evidence the government did disclose; and (3) upholding a search warrant that failed to establish even a minimal nexus between

the alleged crimes and the evidence it sought to seize — the government claimed simply that they wanted to seize an unknown number of electronics and conduct a general search just because. There is no chance the Second Circuit will affirm any of these absurd, unconstitutional decisions — but by delaying review, the government was able to pressure Mr. Schulte into abandoning these arguments and accepting a false guilty plea while simultaneously increasing his time incarcerated; once reversed this court can never return the years it has stolen from Mr. Schulte and the years this court has proudly tortured him in a concentration camp.

    The issue here is not simply "IF", but rather the <u>resolution</u> of issues — either one way or another; Mr. Schulte had a constitutional right to sentencing in 2020 that would have resulted in appellate review of these issues before the retrial two years later in 2022. These results would have provided Mr. Schulte with more <u>knowledge</u> with which to base his decision whether or not to take a plea — knowledge that the government does not want Mr. Schulte or any defendant to possess, and which they deliberately delayed sentencing to prevent. If overturned, Mr. Schulte would have been released from prison by today; if not, Mr. Schulte would have taken the 0-10 year plea deal the government offered before trial. The government sought to prevent Mr. Schulte from his Due Process right to sentencing and appellate review to cause substantial and demonstrable prejudice to Mr. Schulte, and ultimately to delay justice. Justice delayed is justice denied.

    Finally, the government's deliberate delay has now caused irreparable harm — Mr. Schulte has lost the "appeal as of right." United States v. Nieves, 648 F. Appx. 152, 154-55 (2d Cir. 2016) (summary order). A final order and sentencing would have allowed Mr. Schulte to appeal the sufficiency of the evidence not only for the two convicted counts, but also the hung counts. See Burks v. United States, 437 U.S. 1 (1978); however, by delaying sentencing, the government has now deprived Mr. Schulte of

that appeal as right. The Circuits have found that, by necessary extension, Richardson v. United States, 468 U.S. 317 (1984) forecloses any challenges to the sufficiency of evidence at a prior trial after conviction at a later trial. United States v. Robertson, 875 F.3d 1281 (9th Cir. 2017) (collecting cases).

E. Evaluation — CONCLUSION

The analysis favors Mr. Schulte at each and every factor: Length of Delay, Reason for Delay, Defendant's Assertion of Right, and Prejudice. Accordingly, there can be no question that Mr. Schulte's right to a speedy sentencing pursuant to the Fifth Amendment has been violated. The 2020 convictions for making false statements and contempt of court must be vacated and dismissed with prejudice.

Respectfully Submitted,

6/14/23

Josh Schulte, pro se

Josh Schulte #74471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: U.S. v. Schulte, 17 CR 548 (JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York, NY 10007
23-7947I-054-0622-M02

