```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
                -v-                                               :   17-CR-548 (JMF)
                                                                  :
JOSHUA SCHULTE,                                                   :   ORDER
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant has filed two additional *pro se* motions with the Court — the *seventh* and *eighth* that the Court has received in only the last week. See ECF Nos. 1063-64; *see also* ECF Nos. 1059-61, 1063. They are a motion, dated June 13, 2023, for access "to his own work product," ECF No. 1064, and a motion, dated June 14, 2023, to vacate his 2020 convictions on the ground that he has been denied his right to speedy sentencing, *see* ECF No. 1065.

The former is DENIED as moot in light of the Court's prior Orders, *see* ECF Nos. 1051, 1062, 1063, which directed the Government to make some of the relevant materials available to Defendant by tomorrow (or show cause why it should not be ordered to do so) and otherwise denied the relief that Defendant seeks.

The latter is DENIED substantially for the reasons set forth in Judge Crotty's Memorandum & Order entered September 29, 2021. *See* ECF No. 519. To be sure, two years have passed since that Memorandum & Order was entered. But there are still good reasons to defer sentencing until after resolution of *all* charges in the Indictment, as it will permit the Court to craft a sentence that is appropriate for the totality of Defendant's conduct and all counts of conviction and will minimize the burdens on the Probation Department and the parties — whose

attention is (or, in Defendant's case, should be) focused on preparing for the trial of the remaining counts scheduled to begin September 11, 2023. Defendant's assertions of prejudice ring hollow. He would remain detained (and subject to Special Administrative Measures) regardless of whether the Court sentenced him for the 2020 counts now (or vacated his convictions on those counts); and the prior convictions were not introduced against him in the 2022 trial. In any event, barring a mistrial in the upcoming trial, all charges against Defendant should be resolved in a matter of months, at which point the Court will proceed directly to sentencing. To that end, sentencing is hereby scheduled for **January 10, 2024**, at **10 a.m.**

These latest motions were, like the five letters or motions the Court has addressed in its two most recent Orders, *see* ECF Nos. 1062 and 1063, apparently written before the pretrial conference on June 15, 2023, during which the Court urged Defendant "to use the time remaining before trial more wisely: to cease his letter-writing campaign and to use the resources he has to work with standby counsel and the Government to identify and obtain access to what he needs to prepare for trial," ECF No. 1062, at 2-3. The Court hopes that that message got through and that the number of letters from Defendant raising the same grievances and casting aspersions on the Court will now diminish, if not cease. If not, it seems unlikely that Defendant will be fully prepared for the September trial — but he will have only himself to blame.

The Clerk of Court is directed to terminate ECF Nos. 1064 and 1065.

SO ORDERED.

Dated: June 28, 2023
      New York, New York

                                                 JESSE M. FURMAN
                                           United States District Judge