P.1/5

U.S. Dist. Judge Furman
40 Foley Square
New York, NY 10007

FINAL LETTER AND REQUEST FOR ASSIGNMENT OF COUNSEL - See to end

RE: U.S. v. Schulte, 17 CR 548 (JMF)

Today is 70 days until trial, and I write to notify the Court that it has denied my right to self representation and therefore I have no choice but to request assignment of counsel. I was able to try a complex month-long espionage trial; but I cannot even remotely prepare for a 2-day child pornography trial.

Mail delays continue to plague my efforts; I have not received mail in 3 weeks time including your orders, government letters, and correspondence with standby counsel — I am still waiting on case law and other information for over a month. It is not possible for anyone to litigate when delayed by more time than it took the Oregon Trail in the 1800s.

I still cannot access any discovery. I have notified the Court, standby counsel, and the government that I cannot review any forensic images from production 6, the forensics from production 16, or most FBI 302s and basic PDFs; I have directed standby counsel to file a letter with detailed screenshots of the Quick View Plus program displaying garbage when viewing most PDFs from the government's trial exhibits (showcasing both my inability to work on my Rule 29/33 motion as I have told the Court for years and the problems that will occur at the upcoming trial) and my discovery (including the program's failure to display forensic images and outright crashing on any relatively large file). These are just a sample site and don't represent all inaccessible files; I have previously provided the Court a more detailed list of filetypes.

I therefore continue to be unable to access 95% of the discovery produced by the government.

Finally, I attach for the Court the government's July 5, 2018 letter. The Court has repeatedly asserted incorrectly that the laptop was only provided to me for my self-representation, but the record soundly refutes this. I provide this to the Court because I will include it in my mandamus petition, and this single letter will render the outcome of the upcoming trial null and void on appeal, though you do not seem to care one bit about your record, but let it be clear that I notified you of the record and even directed you to the transcripts of June 28, 2018 when defense counsel notified the Court that I could not open "three-quarters of the files that are on the [Discovery] drive." Tr. 6/28/18. And the government responded that "part of this is complicated by the fact that the underlying discovery includes a lot of extensive forensic images of various devices." Id. Thus, after consultation, the government filed the July 5, 2018 letter notifying that the special software FTK Imager and UFED Reader, which cannot be installed on BOP computers, was therefore provided in a laptop IN ORDER FOR ME TO SIMPLY VIEW THE DISCOVERY. Note the software in the government's discovery production exhibit. The government has not provided that software to me here nor a way to run that software — and it has known this issue for well over a year but refused to remedy it. This Court usually just calls me a liar and ignores everything I say, but here is solid concrete proof that I am not a liar, and that I cannot review any discovery. I would have provided this information a year ago but you refused me access to the dockets, and mail delays with standby counsel abound.

Next, I still have no access to my countless hours of work product. The government refuses to provide me access to my own seized drives — which it will be compelled to do so anyway in my Bivens civil suit — and which will also require an automatic reversal of any conviction at trial. I note for the record that the court approved of ~~any~~ a limited method of retrieving some work product from the laptop by my unmonitored access to a forensic image of the laptop with standby counsel, decryption, review of the materials by standby counsel, production to wall counsel of specific files, then ex parte production to me at MDC. Though I reached out to the government to set this up, and alerted standby counsel, no dates have been set. At this late hour it is simply not possible to obtain my work product from the laptop in time. Nor has the Court provided any way to obtain it from the seized hard drives — which contain no contraband whatsoever.

Finally, the Court refused to provide me with access to my SCIF server or DLEX server notwithstanding Fed. R. Crim. P. 16(a)(1)(E)(ii). And contrary to the Court's diabolical attempts to violate the law in hopes of harmless error reviews, Fed. R. Crim. P. 52(a) does not apply to purposeful, willful violations — it requires an "error" which is unintentional by definition. You know the servers belonged to me, were seized from me, and I have specifically raised Fed. R. Crim. P. 16(a)(1)(E)(ii) to your attention. Accordingly, only automatic reversal is the remedy. Moreover, I specifically notified to you how the servers will be used in the government's case-in-chief and why they are material to the defense. And production to standby counsel only deprives a pro se defendant of the ability to represent himself — such actions have never been upheld on appeal and will require automatic reversal.

I also wanted to note that the Court seems extremely confused about CIPA. CIPA is invoked only if the material is classified; as I have told you for a year, the only "classified" information on the SCIF server is the Snowden documents — which are not relevant in this trial (or the last). All the other terabytes of UNCLASSIFIED material from the SCIF server can be introduced at trial <u>WITHOUT CIPA</u>. For example, the IRC chats are from the SCIF server, the government will introduce those in its case-in-chief at trial and CIPA was not involved.

This is only a brief summary of the litany of problems rendering my ability to represent myself totally impossible. I have briefed the Court countless times on my "letter-writing campaign" of my problems, but the Court is intent on violating my right to self-representation that will require the upcoming trial to be automatically vacated.

Accordingly, in lieu of standing throughout trial without the ability to cross-examine a single witness, call a single witness, or engage at all in trial — which will only be a waste of everyone's time, I am ~~confident~~ hopeful that standby counsel can effectively represent me and we can still win. Thus, I do not waive any of the issues that I have tried and failed to litigate, but maintain them on the record and on appeal; but since I am unable to represent myself due to the Court's Orders, I request the Court assign standby counsel to represent me at trial. They have notified me that they can still do so without a problem.

My final pro se motion will be my speedy trial motion which the Court has described as "frivolous" and will no doubt deny it without consideration, but it must be made for the record. This motion is

completed, but awaiting the full docket so I can input dates, docket entries, transcript excerpts, etc. If I am able to get this information or not — depending on if standby counsel can pass me the DVD or is forced to mail it (which would take 6 weeks and be untenable) — will be filed shortly. I note that I am drafting this letter with the intention of mailing it on Monday July 3rd — but the holidays are likely to delay it. The final speedy trial motion will be mailed — with or without requisite docket entries — by Friday July 7th. Standby counsel has been notified of my intentions, and is preparing the motions in limine. If this letter does not reach the court by Tuesday, July 11, I will request that standby counsel directly notify the court.

7/3/23                    Josh Schulte



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

July 5, 2018

By Hand
Sabrina Shroff, Esq.
Matthew Larsen, Esq.
Federal Defenders of New York Inc.
52 Duane Street, 10th Floor
New York, NY 10007

      Re:    *United States v. Joshua Adam Schulte*, S1 17 Cr. 548 (PAC)

Dear Ms. Shroff and Mr. Larsen:

      Pursuant to your request, this afternoon we are providing a laptop and a set of arrayed hard drives to your client at the MCC. The hard drives contain all of the discovery material produced to date (*i.e.*, Productions 1 through 11). A table identifying the folder structure of the hard drives is attached to this letter as Exhibit A.

      The laptop contains software, including FTK Imager and UFED Reader, that is capable of viewing the discovery except the PLEX server (SC48/QNY56), an ATT Sim Card (SC40/QNY48), and a series of discs (SC41/QNY49). As noted in our email to you, dated May 1, 2018, in order for your client to view this discovery, he will need a more powerful laptop and additional software that would need to be purchased by your office. Finally, there are eight electronic devices (SC15/QNY23 through SC24/QNY32) for which the forensic image contains no data. All of the devices remain available for inspection upon request.

      Please let us know if you have any questions.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

by: _____
Matthew Laroche / Sidhardha Kamaraju
Assistant United States Attorneys
(212) 637-2420 / 6523

## EXHIBIT A

| Folder | Description |
|---|---|
| FTK Software | N/A |
| Mobile Devices | - Samsung Tablet, serial no. R52H60LF5RY (QNY17_SC9_Samsung_Tablet);<br>- Kindle device (QNY18_SC10_KIndle_Fire);<br>- HTC cellphone, serial no. HTO68P900155 (QNY34_SC26_Google_HTC_Phone);<br>- HTC cellphone, serial no. HT806G001901 (QNY37_SC29_At&T_HTC_Phone);<br>- Garmin NUVI device, serial no. 1C2041768 (QNY38_SC30_Garmin_Nuvi);<br>- ATT SIM card (QNY48_SC40_Sim_Chip);<br>- Huawei cellphone, model no. H1511; serial no. 5VT7N16728000031 (QNY61_Huawei_Logical) |
| Previous Productions (#1-5, 7-8, and 10-11) | N/A |
| QNY_Bloomberg | Information provided by Bloomberg |
| QNY21_SC13_SSD | 120GB Samsung solid state drive, serial no. S19HNSAD5517655 |
| QNY22_SC14_HDD | Kingston Hyper X solid state drive |
| QNY23_SC15_HDD | 1TB Western Digital hard disc drive, serial no. WCAU45355046 |
| QNY24_SC16_HDD | 1TB Western Digital hard disc drive, serial no. WCAW32328401 |
| QNY25_SC17_HDD | 1TB Western Digital hard disc drive, serial no. WCAU42139599 |
| QNY26_SC18_HDD | 1TB Western Digital hard disc drive, serial no. WCAU45276871 |
| QNY28_SC20_HDD | 1TB Samsung hard disc drive, serial no. S2AEJ18Z4408961 |
| QNY30_SC22_HDD | 160GB Western Digital hard disc drive, serial no. WMAU2U189169 |
| QNY31_SC23_HDD | 640GB Western Digital hard disc drive, serial no. WCASY0416918 |
| QNY32_SC24_HDD | 1TB Western Digital hard disc drive, serial no. WCAW32653861 |
| QNY33_SC25 | Samsung cellphone, model no. SPH-L710 |
| QNY40_SC32_FM | 16GB SanDisk USB thumbdrive |
| QNY41_SC33_FM | OSR thumbdrive |
| QNY42_SC34_FM | 1GB PNY thumbdrive |
| QNY43_SC35_FM | 1GB SanDisk thumbdrive |
| QNY44_SC36_FM | Sans thumbdrive |
| QNY45_SC37_FM | 128MB UFCU thumbdrive |
| QNY46_SC38_FM | 8GB SanDisk Micro SD |
| QNY47_SC39_FM | 16GB Micro SD |
| QNY49_SC41_FDD_OD | 9 floppy discs and 5 optical discs |

| | |
|---|---|
| QNY50_SC42_ODs | 15 optical discs |
| QNY51_SC43_ODs | 29 optical discs |
| QNY52_SC44_ODs | 28 optical discs |
| QNY53_SC45_ODs | 27 optical discs |
| QNY54_SC46_ODs | 7 optical discs |
| QNY55_SC47_HDD1 | Black computer tower, no serial number |
| qny56_sc48_srv01_raid | PLEX rack server, no serial number |
| QNY64_Github_FM | Contents of defendant's Github account |

Josh Schulte #79471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: U.S. v. Schulte, 17 CR 548 (JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York, NY 10007

NEW YORK NY 112
12 JUL 2023 PM 1 L

USMP3
SDNY

