UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                      :

UNITED STATES OF AMERICA

                      :

        - *v.* -                            S2 17 Cr. 548 (JMF)

                      :

JOSHUA ADAM SCHULTE,

                      :

        Defendant.

                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

David W. Denton, Jr.
Michael D. Lockard
Nicholas S. Bradley
Assistant United States Attorneys
    *Of Counsel*

**TABLE OF CONTENTS**

1. STANDARD INSTRUCTIONS ............................................................................... 2

2. SUMMARY OF INDICTMENT .......................................................................... 4

3. COUNT TWELVE: ELEMENTS ........................................................................ 6

4. COUNT TWELVE: FIRST ELEMENT—RECEIVING A VISUAL DEPICTION .............. 7

5. COUNT TWELVE: SECOND ELEMENT—CHILD PORNOGRAPHY ........................... 8

6. COUNT TWELVE: THIRD ELEMENT—KNOWLEDGE ................................................. 10

7. COUNT TWELVE: FOURTH ELEMENT—INTERSTATE COMMERCE ....................... 11

8. COUNT THIRTEEN: ELEMENTS ....................................................................... 12

9. COUNT THIRTEEN: FIRST ELEMENT—POSSESSION ...................................... 13

10. COUNT THIRTEEN: SECOND, THIRD, AND FOURTH ELEMENTS ........................... 15

11. COUNT THIRTEEN: SPECIAL FINDING ............................................................. 16

12. COUNT FOURTEEN: ELEMENTS ..................................................................... 17

13. COUNT FOURTEEN: FIRST ELEMENT—INTERSTATE TRANSPORTATION .......... 18

14. COUNT FOURTEEN: SECOND AND THIRD ELEMENTS ............................................. 19

15. VENUE ............................................................................................................. 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
             :

UNITED STATES OF AMERICA
             :

        - *v.* -             :          S2 17 Cr. 548 (JMF)
             :

JOSHUA ADAM SCHULTE,
             :

         Defendant.
             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully submits the following proposed jury instructions with respect to Counts Twelve, Thirteen, and Fourteen of the Second Superseding Indictment in this case.[1]

---

[1] The Government's proposed jury instructions refer to these counts by the numbers assigned to them in the Second Superseding Indictment as returned by the grand jury. Those counts were severed from the other charges against the defendant in an Order dated July 25, 2019. (D.E. 117). In order to avoid any potential prejudice to the defendant, the Government respectfully proposes renumbering the remaining pending charges One, Two, and Three in a proposed trial indictment that the Government can submit in advance of the final pretrial conference, and similarly referring to Counts One, Two, and Three as appropriate in the jury instructions as delivered. The Government's proposed Verdict Sheet reflects this renumbering.

**Request No. 1.**

**<u>STANDARD INSTRUCTIONS</u>**

Pursuant to the Court's Individual Rules, the Government respectfully requests that the Court give its standard instructions on the following subjects:

1. Role of the Court and Jury

2. The Parties

3. The Defendant's Self-Representation

4. Conduct of Counsel and the Defendant

5. Presumption of Innocence and Burden of Proof

6. Proof Beyond a Reasonable Doubt

7. Direct and Circumstantial Evidence

8. Inferences

9. What Is and Is Not Evidence

10. Credibility of Witnesses

11. Law Enforcement Witnesses

12. Expert Witnesses

13. Preparation of Witnesses

14. Uncalled Witnesses

15. Number of Witnesses and Uncontradicted Testimony

16. Stipulations

17. Charts and Summaries

18. Particular Investigative Techniques

19. Persons Not on Trial

20. Evidence from Searches and Seizures

21. The Defendant's Testimony/Decision Not to Testify (as applicable)

22. Punishment Not a Factor

23. Motive

24. Variance in Dates and Amounts

25. Selection of the Foreperson

26. Right to See Exhibits and Hear Testimony

27. Juror Note-Taking

28. Bias or Sympathy as a Juror

29. Duty to Deliberate

30. Return of the Verdict

**Request No. 2.**

## <u>SUMMARY OF INDICTMENT</u>

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is only a charge or accusation.  It is not evidence.

The Indictment (a copy of which you will have in the jury room during your deliberations) contains three charges, or "counts," against the defendant.  Each count accuses the defendant of committing a different crime.  You must, as a matter of law, consider each count, and you must return a separate verdict for each count in which the defendant is charged.  Your verdict on one count should not control your decision as to any other count.

Count Twelve charges the defendant with the receipt of material that contained child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).  Specifically, it charges that, between in or about 2009 and March 2017, the defendant downloaded from the Internet electronic files depicting child pornography.

Count Thirteen charges the defendant with possessing and accessing with intent to view material containing images of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).  Specifically, it charges that, between in or about 2009 and March 2017, the defendant accessed with intent to view or possessed images and videos of child pornography at his residence in New York, New York.

Count Fourteen charges the defendant with mailing, transporting, or shipping child pornography in interstate commerce, in violation of Title 18, United States Code, Section 2252A(a)(1) and (b)(1).  Specifically, it charges that, in or about November 2016, the defendant

transported or caused to be transported a computer containing images and videos of child pornography from Virginia to New York.

**Request No. 3.**

## COUNT TWELVE: ELEMENTS

As I have described to you, Count Twelve charges the defendant with the receipt of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).  In order to convict the defendant of Count Twelve, the Government must prove all of the following elements beyond a reasonable doubt:

First, that between in or about 2009 and March 2017, the defendant knowingly received a visual depiction, as I will explain that term to you.

Second, that the visual depiction contained child pornography, as I will explain that term to you.

Third, that the defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct.

Fourth, that the visual depiction was shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.[2]

---

[2]   Adapted from Seventh Circuit William J. Bauer Pattern Criminal Jury Instructions at 909 (*available at* https://www.ca7.uscourts.gov/pattern-jury-instructions/Bauer_pattern_criminal_jury_instructions_2022updates.pdf); Modern Federal Jury Instructions ¶ 62-26 (2023).

### Request No. 4.

### COUNT TWELVE: FIRST ELEMENT—RECEIVING A VISUAL DEPICTION

The first element of the offense that the Government must prove beyond a reasonable doubt is that the defendant knowingly received a visual depiction.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image.

To receive a visual depiction means to take possession of it.  This includes the knowing acceptance of a depiction previously requested.  Receiving includes the downloading of a photograph or video by means of the Internet.

The Government must prove that defendant received the depiction knowingly.  An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason. Direct proof of knowledge is almost never available.  It would be a rare case when it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with knowledge.  Such proof is not required.  The ultimate fact of knowledge, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.[3]

---

[3]     Adapted from Modern Federal Jury Instructions ¶ 62-28 (2023) and the charge of the Hon. Jesse M. Furman in *United States v. Schulte*, S3 17 Cr. 548 (2022) (D.E. 879 at 30).

**Request No. 5.**

## COUNT TWELVE: SECOND ELEMENT—CHILD PORNOGRAPHY

The second element of the offense that the Government must prove beyond a reasonable doubt is that the visual depiction the defendant received is child pornography.

Child pornography means any visual depiction the production of which involved the use of a minor engaging in sexually explicit conduct, and that portrays that minor engaged in that conduct.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area.

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity.

Whether the child is displayed in an unnatural pose, or in inappropriate attire, considering the age of the child.

8

Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious;

Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition.  The importance that you give to any one factor is up to you to decide.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct.  The Government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.[4]

---

[4]    Adapted from Modern Federal Jury Instructions ¶¶ 62-36; 62-37 (2023); *see also United States v. Rivera*, 546 F.3d 245, 252-53 (2d Cir. 2008); *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987).

**Request No. 6.**

## <u>COUNT TWELVE: THIRD ELEMENT—KNOWLEDGE</u>

The third element of the offense that the Government must establish beyond a reasonable doubt is that the defendant knew that the material he received was child pornography.

As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of actual minors engaged in that sexually explicit conduct.

The Government must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage performer. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.[5]

---

[5]     Adapted from Modern Federal Jury Instructions ¶ 62-39 (2023).

10

**Request No. 7.**

**COUNT TWELVE: FOURTH ELEMENT—INTERSTATE COMMERCE**

The fourth element of the offense that the Government must establish beyond a reasonable doubt is that the visual depiction was shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

This means that the Government must prove that the child pornography crossed between one state and another or between the United States and a foreign country.  Transmission of photographs or video by means of the Internet constitutes transportation in interstate commerce. However, you must find beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of the Internet.[6]

---

[6]    Adapted from Modern Federal Jury Instructions ¶ 62-33 (2023).

11

**Request No. 8.**

**<u>COUNT THIRTEEN: ELEMENTS</u>**

Count Thirteen charges the defendant with the possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).  In order to convict the defendant of Count Thirteen, the Government must prove all of the following elements beyond a reasonable doubt:

First, that between in or about 2009 and March 2017, the defendant knowingly either possessed or accessed with intent to view a visual depiction.

Second, that the visual depiction contained child pornography.

Third, that the defendant knew both that the material depicted one or more minors and that the minor or minors were engaged in sexually explicit conduct.

Fourth, that the visual depiction was shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.[7]

---

[7]     Adapted from Seventh Circuit William J. Bauer Pattern Criminal Jury Instructions at 921 (*available at* https://www.ca7.uscourts.gov/pattern-jury-instructions/Bauer_pattern_criminal_jury_instructions_2022updates.pdf); Modern Federal Jury Instructions ¶ 62-26 (2023).

**Request No. 9.**

## <u>COUNT THIRTEEN: FIRST ELEMENT—POSSESSION</u>

The first element of the offense that the Government must establish beyond a reasonable doubt is that the defendant knowingly possessed or knowingly accessed with intent to view images or videos.

To "possess" something means to have it within a person's control.  This does not necessarily mean that the person must hold it physically, that is have actual possession of it.  As long as the visual depiction is within the defendant's control, he possesses it.  If you find that the defendant either had actual possession of the depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the Government has proven possession.

The law also recognizes that possession may be sole or joint.  If one person alone possesses it, that is sole possession.  However, it is possible that more than one person may have the power and intention to exercise control over the visual depiction.  This is called joint possession.  If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

The Government must prove that defendant possessed or accessed the depiction knowingly.  I have previously instructed you on what it means for the defendant to have acted knowingly, and you should follow those instructions here as well.

The Indictment charges that the defendant possessed or accessed with intent to view the images and videos that the Government alleges were child pornography.  The Government need not prove both that the defendant possessed the materials and that he accessed them with the intent

to view them.  It is sufficient to satisfy this element if you find that the Government has proven

beyond a reasonable doubt either that the defendant possessed the images or videos in question or

that the defendant accessed them with the intent to view them, as long as your finding is

unanimous.[8]

---

[8]     Adapted from Modern Federal Jury Instructions ¶ 62-31 (2023).

**Request No. 10.**

## <u>COUNT THIRTEEN: SECOND, THIRD, AND FOURTH ELEMENTS</u>

The second, third, and fourth elements of the offense that the Government must prove beyond a reasonable doubt are that the images and videos contained child pornography, that the defendant knew both that the material depicted one or more minors and that the minor or minors were engaged in sexually explicit conduct, and that the images and videos had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. I have previously instructed you about the requirements of these elements in connection with Count Twelve, and you should follow those instructions with respect to Count Thirteen as well.

**Request No. 11.**

**<u>COUNT THIRTEEN: SPECIAL FINDING</u>**

If you conclude that the Government has proven the elements of Count Thirteen beyond a reasonable doubt, then you must make a special finding with respect to the nature of the child pornography possessed or accessed with intent to view by the defendant.  Specifically, you must determine whether the Government has proven beyond a reasonable doubt that the visual depiction involved a minor who had not yet reached the age of puberty or was less than twelve years old. There will be a space on your verdict sheet to make this determination, which again must be unanimous.[9]

---

[9]     Adapted from Modern Federal Jury Instructions ¶ 62-40 (2023).

16

**Request No. 12.**

**COUNT FOURTEEN: ELEMENTS**

Count Fourteen charges the defendant with mailing, transporting, or shipping child pornography in interstate commerce, in violation of Title 18, United States Code, Section 2252A(a)(1). In order to convict the defendant of Count Fourteen, the Government must prove all of the following elements beyond a reasonable doubt:

First, the defendant knowingly mailed; transported or shipped using any means or facility of interstate or foreign commerce; transported or shipped in or affecting interstate or foreign commerce by any means, including by computer, a visual depiction, which I previously explained in my instructions for Count Twelve.

Second, that the visual depiction was child pornography.

Third, that the defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct.[10]

---

[10]     Adapted from Seventh Circuit William J. Bauer Pattern Criminal Jury Instructions at 907 (*available at* https://www.ca7.uscourts.gov/pattern-jury-instructions/Bauer_pattern_criminal_jury_instructions_2022updates.pdf); Modern Federal Jury Instructions ¶ 62-26 (2023).

**Request No. 13.**

**<u>COUNT FOURTEEN: FIRST ELEMENT—INTERSTATE TRANSPORTATION</u>**

The first element that the Government must prove beyond a reasonable doubt is that the defendant knowingly transported or shipped the visual depiction described in the Indictment in interstate or foreign commerce.

I have previously instructed you on what it means for the defendant to act "knowingly," and on what it means for material to be transported in interstate commerce, and you should follow those instructions here as well.

It is not necessary for the Government to show that the defendant personally transported or shipped the visual depiction. It is sufficient if the Government proves that the defendant knowingly caused the interstate shipment to take place.[11]

---

[11]    Adapted from Modern Federal Jury Instructions ¶ 62-27 (2023).

18

**Request No. 14.**

<u>**COUNT FOURTEEN: SECOND AND THIRD ELEMENTS**</u>

The second and third elements of the offense that the Government must prove beyond a reasonable doubt are that the visual depiction contained child pornography, and that the defendant knew both that the material depicted one or more minors and that the minor or minors were engaged in sexually explicit conduct. I have previously instructed you about the requirements of these elements in connection with Count Twelve, and you should follow those instructions with respect to Count Fourteen as well.

19

## Request No. 15.

## <u>VENUE</u>

In addition to all the elements of each of the charges that I have just described for you, you must also decide with respect to each of those three counts whether any act in furtherance of the crimes occurred within the Southern District of New York.  The Southern District of New York includes, among other places, Manhattan, the Bronx, Westchester, Dutchess, Putnam, Orange, Sullivan, and Rockland counties.  In this regard, the Government need not prove that the crimes charged were committed in this district, or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crimes charged occurred in the Southern District of New York.

I should note that on this issue—and this issue alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the charge you are considering occurred in the Southern District of New York.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged occurred in the Southern District.  If you find that the Government has failed to prove this venue requirement with respect to any of the charged crimes, then you must acquit the defendant on that count.[12]

---

[12]     Adapted from the charge of the Hon. Jesse M. Furman in *United States v. Schulte*, No. S3 17 Cr. 548 (JMF) (S.D.N.Y. 2023).