```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
   UNITED STATES OF AMERICA,           :
                                       :
                                       :
         - v -                         :        17 Cr. 548 (JMF)
                                       :
                                       :
   JOSHUA ADAM SCHULTE,                :
                                       :
               Defendant.              :
-------------------------------------------------------X
```

### DEFENDANT JOSHUA SCHULTE'S PROPOSED
### EXAMINATION OF PROSPECTIVE JURORS

Defendant Joshua Schulte respectfully requests that the Court include the following instruction and questions, in addition to the Court's standard *voir dire*, in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. Of course, if a particular juror's answer reveals that further inquiry is appropriate, we request the Court pursue more detailed questioning and, in such instance, to conclude with an inquiry whether the particular fact or circumstance would influence the juror in favor of or against either the government or Mr. Schulte.

### PROPOSED PRELIMINARY INSTRUCTION TO ALL JURORS

You are instructed that the indictment is not evidence. It merely contains the government's charges against the defendant, Joshua Schulte, which the government has the burden of proving beyond a reasonable doubt at trial. Mr. Schulte has pleaded not guilty to the charges against him. He is presumed innocent. Mr. Schulte has no obligation to produce any evidence, question any witness or do anything else at trial. At all times, the government has the burden of producing evidence establishing guilt beyond a reasonable doubt as to Mr. Schulte and

1

as to the counts against him, and the legal elements of each count, which I will explain to you before you begin your deliberations and reach a verdict. If you are selected as a juror in this case, it will be your duty to determine whether, based solely on the evidence presented at trial, the government has proven its case against Mr. Schulte beyond a reasonable doubt.

In this indictment, the government alleges that Mr. Schulte violated federal child sexual abuse materials laws. Therefore, I must ask you some questions concerning your views on the nature of the allegations and charges to make sure that this is the kind of case on which you could sit as a fair and impartial juror. The answers to some of these questions may be embarrassing, and in a short while, I am going to ask those jurors who would prefer to speak with me and counsel at sidebar to do so. That means that I am going to ask those jurors who may have answers to questions that are a bit sensitive to come up to the side of the bench and discuss those answers with me and with counsel. I do appreciate your frank and careful consideration of these questions.

## **PROPOSED QUESTIONS TO ALL JURORS**

### **Parties in the Case**

1. Have you ever heard of, do you know, or have you had any contact with Joshua Schulte? Has any family member or close friend had any contact with Mr. Schulte or his family?

2. Have you heard of or do you know any of following persons:

Assistant United States Attorneys:

   Michael Lockard

   David Denton

   Nicholas Bradley

Defense Team:

      César de Castro

      Shannon McManus

      Kimberly Tabares (paralegal)

      James Richard Kiper (Defense Expert Witness)

  3. Do you know anything about this case other than what you have heard in open court? If so, please explain.

## CSAM

  1. The indictment in this case charges Mr. Schulte with violating federal laws related to the possession of child pornography with the intent to view it. Mr. Schulte is not charged with creating any child pornography or that he engaged in any communications with any children. It's worth repeating that an indictment is a document that simply contains allegations. Those allegations have not been proven and Mr. Schulte is presumed innocent of the charges in the indictment. Does the fact that the charges involve child pornography affect your ability to render a fair verdict?

  2. Do you have any strong beliefs regarding child pornography that would make it difficult for you to serve as an impartial juror in a case involving allegations of the possession of child pornography?

  3. Have you read anything, articles, books, scholarship regarding child pornography? If so, please explain.

  4. Have you, or anyone close to you, ever had any problems, legal or personal, relating to child pornography? If yes, please explain.

5. Have you, or anyone close to you, ever been treated or had any education or training, or worked or volunteered in any type of child pornography addiction or treatment program? If yes, please explain.

### Contacts with Law Enforcement

6. Have you, or has any close friend or relative, ever worked in law enforcement—for example, as a police officer; as a security guard; at a jail or prison; in a local, state, or Federal prosecutor's office; or in some other law enforcement capacity? Have you had any contact with anyone in law, law enforcement, the justice system, or the courts that might influence your ability to evaluate this case?

7. Do you know, or have any association with, someone who works for the New York City Police Department, United States Attorney's Office for the Southern District of New York, New Jersey State Police or Federal Bureau of Investigation? If yes, please identify the person, their relation to you, and where they work. Have you ever discussed the nature of their work? If so, generally what have you discussed?

8. Have you or any member of your immediate family been questioned by the police or other law enforcement authorities? If yes, what were the circumstances and what was your reaction? Is there anything about that experience that would not allow you to be fair and impartial in this case?

9. Have you or any member of your immediate family been arrested and or convicted of any crimes? If yes, what were the circumstances? Do you believe that you or your family member was treated fairly? Is there anything about that experience that would not allow you to be fair and impartial in this case?

10. Have you, a member of your family, or a close friend ever been the victim of a crime, including but not limited to a sexual offense? If so, what were the circumstances? What was the resolution? Would that experience prevent you from being fair and impartial in this case?

### Law Enforcement Witnesses

11. Do you have any opinions or beliefs concerning law enforcement in general – including the Federal Bureau of Investigation, the New York City Police Department, or the Department of Justice – that would make it difficult for you to evaluate the evidence fairly and impartially in accordance with the Court's instructions?

12. That a witness is in law enforcement does not mean that you may accord the testimony of that witness any more or less credibility than that of any other witness. At least in the first instance, all witnesses are entitled to the same degree of credibility. Jurors will hear the testimony of all the witnesses and weigh their credibility at the end of the trial. Would you have difficulty following this rule of law?

### Expert Witnesses

13. You may hear testimony in this case by expert witnesses. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

14. As with any witness, it is your role to judge an expert witness's credibility. Would you have difficulty in assessing the credibility of an expert witness?

**Burden of Proof**

In addition to the Court's previous instructions on the government's burden of proof, we request that the court incorporate the following:

15. Do you feel that Joshua Schulte must be guilty, or he would not have been charged?

16. As I indicated to you, Mr. Schulte is not required to offer any evidence at all. Mr. Schulte can stay silent throughout the trial and has absolutely no obligation to prove his innocence. Is there anyone who disagrees with this principle or who would find it difficult to return a verdict of not guilty if Mr. Schulte did not present evidence? Mr. Schulte has the right not to testify. Do you need to hear his testimony? Should Mr. Schulte not testify in this case, would you hold that against him?

17. Before the Court can accept any verdict, all twelve jurors must agree. If any single juror feels, after weighing all the evidence, that he or she cannot accept the verdict of fellow jurors, then he or she must abide by the law and by his or her conscience. Would any of you find it difficult to apply this principle?

**Jurors' Personal Background**

In addition to the Court's previous questions for individual jurors, we request that the court include the following:

18. Do you consider yourself knowledgeable in information technology and/or computers.

19. Have you ever held a job in Information Technology or a job related to computer technology?

20. Have you ever written computer code?

21. Are you familiar with Linux or Virtual Machines?

22. If you use the internet, what are some of the websites you frequent?

23. What was the most interesting television show or movie you watched or book you read recently and why?

Dated: New York, New York
July 28, 2023

Respectfully submitted,

/s/

César de Castro
Shannon McManus
The Law Firm of Cesar de Castro, P.C.
111 Fulton Street – 602
New York, New York 10038
*Attorneys for Joshua Schulte*