UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
                                          :          **17 Cr. 548 (JMF)**
      - against -                         :
                                          :
                                          :
JOSHUA ADAM SCHULTE,                      :
                                          :
                  Defendant.              :
-------------------------------------------------------X


### <u>DEFENDANT JOSHUE SCHULTE'S PROPOSED REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Joshua Schulte respectfully

requests that in addition to the Court's general instructions, the Court include the following

instructions in its charge to the jury.  Mr. Schulte also requests leave to offer such additional

instructions as may become appropriate during the course of the trial.

REQUEST NO. 1
General Requests

The Defendant respectfully requests that the Court give its usual instructions to the jury on the

following matters:

    a. Function of Court and Jury;

    b. Indictment Not Evidence;

    c. Statements of Court and Counsel Not Evidence;

    d. Rulings on Evidence and Objections;

    e. Burden of Proof and Presumption of Innocence;

    f. Reasonable Doubt;

    g. Jury's Recollection Controls;

    h. Inferences;

    i. Government Treated Like Any Other Party;

    j. Definitions, Explanations, and Examples of Direct and Circumstantial

      Evidence;

    k. Credibility of Witnesses;

    l. Right to See Exhibits and Have Testimony Read During Deliberations;

    m. Sympathy: Oath of Jurors;

    n. Punishment is Not to be Considered by the Jury;

    o. Verdict of Guilt or Innocence Must be Unanimous;

    p. Duties of Foreperson and Return of Verdict Form;

    q. Interest in Outcome;

    r. Venue

REQUEST NO.  2
Summary of the Indictment

The defendant, JOSHUA ADAM SCHULTE, is formally charged in an Indictment.  As I instructed you at the outset of this case.  The Indictment is a charge or accusation.  It is not evidence.

The Indictment in this case contains three counts.  Each Count is a separate offense or crime.  Each Count must therefore be considered separately by you, and you must return a separate verdict on each Count.

Before you begin your deliberations, you will be provided with a copy of the Indictment.  Therefore, I will not read the entire Indictment to you at this time.  Instead, I will summarize in general terms the offenses charged in the Indictment.  Then I will explain in detail the elements of each offense.

Count One of the Indictment charges that from at least in or about 2009, up to and including at least in or about March 2017, the defendant knowing did receive and attempt to receive material that contained child pornography.

 Count Two of the Indictment charges that from at least in or about 2009, up to and including at least in or about March 2017, the defendant knowingly did possess and access with the attempt to view, and attempt to possess and access with intent to view material that contained an image of child pornography.

Count Three of the Indictment charges that in or about November 2016, the defendant knowingly transported and caused to be transported from Virginia to New York, New York, a computer containing child pornography.

REQUEST NO. 3
Count One – Receipt of Child Pornography: General Instructions

Count One of the Indictment charges the defendant, JOSHUA ADAM SCHULTE, with

knowingly receiving child pornography, and reads as follows:

>From at least in or about 2009, up to and including at least in or about March
2017, in the Southern District of New York and elsewhere, JOSHUA ADAM
SCHULTE, the defendant, knowingly did receive and attempt to receive material
that contained child pornography that had been mailed, and using a means and
facility of interstate and foreign commerce shipped and transported in and
affecting interstate and foreign commerce by any means, including by computer,
to wit, SCHULTE downloaded from the Internet electronic files depicting child
pornography.

This Count charges the defendant, JOSHUA ADAM SCHULTE, with violating Section

2252A(a)(2)(B) of Title 18, United States Code.  In pertinent part, that statute provides that:

>Any person who . . . knowingly receives. . . any material that contains child
pornography that has been mailed, or using any means or facility of interstate or
foreign commerce shipped or transported in or affecting interstate or foreign
commerce by any means, including by computer . . . [shall be guilty of a crime].

REQUEST NO. 4
Count One – Receipt of Child Pornography: Elements

In order to prove the defendant guilty of receiving child pornography, the Government must establish the following four elements beyond a reasonable doubt:

First, that on or about the date set forth in the Indictment, the defendant knowingly received or distributed a visual depiction;

Second, that the visual depiction was transported in interstate or foreign commerce;

Third, that the visual depiction was or contained child pornography; and

Fourth, that the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

Adapted from Sand, *Modern Federal Jury Instructions*, Instructions 62-26 & 62-33; from the charge of the Honorable Richard J.  Sullivan in *United States v. Davis*, 07 Cr. 468 (S.D.N.Y. 2009); and from the charge of the Honorable Richard Conway Casey in *United States v. Weisser*, 00 Cr. 0489 (RCC) (S.D.N.Y. 2000).

REQUEST NO. 5

<u>Count One – Receipt of Child Pornography: Element One – Knowingly Received</u>

The first element that the Government must prove is that the defendant knowingly received a visual depiction.  This means that the Government must prove that the defendant knowingly received a visual depiction.

The term "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image, whether or not stored in a permanent format.

To "receive" a visual depiction means to take possession of it.  This includes the knowing acceptance of a depiction previously requested.  Receiving includes downloading of a photograph or video by means of the Internet.

An act is done "knowingly" when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason.  I am now going to tell you a bit more about what it means for something to be done "knowingly."

As you can tell, this word concerns the defendant's state of mind.  Direct proof of state of mind is rarely available.  The knowledge that a person possesses at a given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with a certain state of mind.   Such direct proof is not required.

The ultimate fact of knowledge, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

The process of drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked a particular intent, you do not limit yourself to just what he said, but you also look at what he did and what others did in relation to him and, in general, everything that occurred.

For example, if I am given a key to a safe deposit box, I have received the safe deposit box and everything inside.  Let's say that, further, the safe contains precious artwork.  If I never open the safe, and have no idea what is inside of it, I received that artwork, but I did not *knowingly* receive it.

18 U.S.C.  § 2256(5); *See United States v. Dobbs,* 629 F.3d 1199, 1205 (10th Cir. 2011) ("The mere presence of the files in the cache is certainly proof that the files were received through the automatic-caching process; however, for this evidence to be probative of the question of knowing receipt, the government needs to present proof that [defendant] at least knew of the automatic-caching process.")

REQUEST NO. 6
<u>Count One – Receipt of Child Pornography: Element Two – Interstate of Foreign Commerce</u>

The second element that the Government must prove is that the transportation was done using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.  This just means that the Government must prove that the visual depiction was transported using a means of communication between one state and another or between the United States and a foreign country, or that the visual depiction crossed between one state and another or between the United States and a foreign country.  I instruct you that transmission of images or videos by means of the Internet constitutes both transportation using a means of interstate commerce and transportation in interstate commerce.  However, you must find beyond a reasonable doubt that one or more of the specific depictions in question was actually transmitted by means of the Internet.


Adapted from Sand, Modern Federal Jury Instructions, Instruction 62-33 & 62-34

REQUEST NO. 7

<u>Count One – Receipt of Child Pornography: Element Three – Child Pornography</u>

The third element that the Government must prove is that the visual depiction received in fact was child pornography.  The defendant does not dispute that the material in this case was in fact child pornography, but I will define child pornography now.

Child pornography means any visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and which portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen engaging in sexually explicit conduct.  The Government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen engaging in sexually explicit conduct.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer.  Not every exposure of the genitals or pubic area constitutes a lascivious exhibition.

18 U.S.C.  § 2256(8); Adapted from Sand, Modern Federal Jury Instructions, Instructions 62-36 & 62-37; and from the charge of the Honorable Richard J.  Sullivan in *United States v. Davis*, 07 Cr. 468 (S.D.N.Y.  2009); *see Ashcroft v.  Free Speech Coalition*, 535 U.S. 234 (2002); *United States v. Boudreau*, 250 F.3d 279 (5th Cir.  2001); *United States v. Pabon-Cruz*, 255 F. Supp. 2d 200, 206 (S.D.N.Y. 2003) (Lynch, J.) ("A jury exercising common sense could

9

easily infer that no rational person could believe that all of these images were simulated or virtual.").

REQUEST NO. 8
Count One – Receipt of Child Pornography: Element Four –
Knowledge That the Material Received was Child Pornography

The fourth element that the Government must prove is that the defendant knew that the material he received was child pornography.  For this element, the term "knowingly" refers particularly to an awareness of the sexually explicit nature of the material, and the knowledge that the visual depiction or depictions were in fact of actual minors engaged in sexually explicit conduct.

The Government must show that the defendant had knowledge of the general nature of the contents of the material.  The defendant need not have specific knowledge as to the identity or actual age of the underage performer.  The defendant must simply have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicted.  Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

Adapted from Sand, *Modern Federal Jury Instructions*, Instruction 62-39;
and from the charge of the Honorable Shira Scheindlin in *United States v. Healey*, 11 Cr.  132 (SAS).

REQUEST NO. 9
Count Two – Possession of Child Pornography: General

Count Two of the Indictment charges the defendant, JOSHUA ADAM SCHULTE, with

knowingly possessing child pornography, and reads as follows:

> From at least in or about 2009, and up to and including at least in or about March
> 2017, in the Southern District of New York and elsewhere, JOSHUA ADAM
> SCHULTE, the defendant, knowingly did possess and access with intent to view,
> and attempt to possess and access with intent to view, a book, magazine,
> periodical, film, videotape, computer disk, and other material that contained an
> image of child pornography that had been mailed, shipped and transported using a
> means a facility of interstate and foreign commerce and in and affecting interstate
> and foreign commerce by any means, including by computer, and that was
> produced using materials that had been mailed, shipped and transported in and
> affecting interstate and foreign commerce by any means, including by computer,
> to wit, SCHULTE accessed with intent to view and possessed images and videos
> of child pornography at his residence in New York, New York.

This Count charges the defendant, JOSHUA ADAM SCHULTE, with violating Section

2252A(a)(5)(B) of Title 18, United States Code.  In pertinent part, that statute provides that:

> Any person who .  .  .  knowingly possesses .  .  .  any .  .  .  material that contains
> an image of child pornography that has been mailed, or shipped or transported
> using any means or facility of interstate or foreign commerce or in or affecting
> interstate or foreign commerce by any means, including by computer [shall be
> guilty of a crime].

REQUEST NO.  10
<u>Count Two – Possession of Child Pornography: Elements</u>

In order to prove the defendant guilty of possession of child pornography, the Government must establish the following four elements beyond a reasonable doubt:

<u>First</u>, that on or about the date set forth in the Indictment, the defendant knowingly possessed a visual depiction;

<u>Second</u>, that the visual depiction was transported in interstate or foreign commerce;

<u>Third</u>, that the visual depiction was child pornography; and

<u>Fourth</u>, that the defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

Adapted from Sand, Modern Federal Jury Instructions, Instructions 62-26 & 26-33; from the charge of the Honorable Richard J. Sullivan in *United States v. Davis*, 07 Cr. 468 (S.D.N.Y. 2009); and from the charge of the Honorable Richard Conway Casey in *United States v. Weisser*, 00 Cr. 0489 (RCC) (S.D.N.Y. 2000).

REQUEST NO. 11

Count Two – Possession of Child Pornography: First Element – Knowing Possession

The first element that the Government must prove is that the defendant knowingly possessed child pornography.

To possess something means to have it within your dominion and control. This does not necessarily mean that you must hold it physically, that is have actual possession of it. As long as the image is within the individual's control, he possesses it. If you find that the defendant either had actual possession of child pornography, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the Government has proven possession.

An act is done "knowingly" when it is done voluntarily and intentionally and not because of accident, mistake, or some other innocent reason. I explained this in detail in Element One of Count One.

Using the same example as in Count One, if I am given a key to a safe deposit box, I have possession of the safe deposit box and everything inside. Let's say that, further, the safe contains precious artwork. If I never open the safe, and have no idea what is inside of it, I possess that artwork, but I do not *knowingly* possess it.

Thus, the Government must prove not only that the charged images of possession were within the defendant's control in the location(s) and on the dates at issue, but the Government must also prove that the defendant knew that they were there. If you find that the defendant was unaware that the images were there, you must acquit him of this count.

Adapted from the charge of the Honorable Paul A. Crotty in *United States v. McDarrah*, 05 Cr. 1182 (S.D.N.Y. 2006), from the charge of the Honorable Shirley Wohl Kram in *United States v. Zito*, 04 Cr. 352 (S.D.N.Y. 2005), from the charge of the Honorable Peter K. Leisure in *United States v. Brand*, S1 04 Cr. 194 (S.D.N.Y. 2005), from the charges of the Honorable Michael B. Mukasey in *United States v. Harding*, 91 Cr. 43 (S.D.N.Y. 1991), and in *United States v. Uccio*, 88 Cr. 906 (S.D.N.Y. 1989), *aff'd*, 917 F.2d 80 (1990), from the charge of the Honorable

Charles S.  Haight, Jr., in *United States v. Rogers*, 90 Cr.  77 (S.D.N.Y. 1991), and from Sand, Modern Federal Jury Instructions, Instructions 62-27 and 44-5 (based on the charge of the Honorable Edward Weinfeld in *United States v. Ranney*, 82 Cr. 771 (S.D.N.Y. 1983)).

REQUEST NO. 12

<u>Count Two – Possession of Child Pornography: Element Two – Interstate or Foreign Commerce</u>

The second element that the Government must prove is that the transportation was done using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.  I explained what it means to use interstate commerce in Element Two of Count One.

REQUEST NO. 13
<u>Count Two – Possession of Child Pornography: Element Three – Child Pornography</u>

The third element that the Government must prove is that the visual depiction that was possessed was child pornography.  I have explained the definition of what child pornography means in Element Three of Count One, and the defendant does not dispute that the material is in fact child pornography.

REQUEST NO. 14
<u>Count Two – Possession of Child Pornography: Element Four –</u>
<u>Knowledge that the Material Was Child Pornography</u>

The fourth element that the Government must prove is that the defendant knew that the material he possessed was child pornography.  For this element, the term "knowingly" has the same meaning as I explained in Element Four of Count One.

REQUEST NO.  15
Count Three—Transportation of Child Pornography: General Instructions

Count Three of the Indictment charges the defendant, JOSHUA ADAM SCHULTE, with

knowingly transporting child pornography, and reads as follows:

> In or about November 2016, in the Southern District of New York and elsewhere,
> JOSHUA ADAM SCHULTE, the defendant, knowingly did mail and transport
> and ship using a means and facility of interstate and foreign commerce and in and
> affecting interstate and foreign commerce by any means, including by computer,
> child pornography, to wit, SCHULTE transported and caused to be transported
> from Virginia to New York, New York, a computer containing images and videos
> of child pornography.

This Count charges the defendant, JOSHUA ADAM SCHULTE, with violating Section

2252A(a)(1) of Title 18, United States Code.  In pertinent part, that section provides that:

> Any person who knowingly .  .  .  transports or ships using any means or facility
> of interstate or foreign commerce or in or affecting interstate or foreign commerce
> by any means, including by computer, any child pornography [shall be guilty of a
> crime].

REQUEST NO.  16
<u>Count Three—Transportation of Child Pornography: Elements</u>

In order to prove the defendant guilty of this offense, the Government must prove

the following four elements beyond a reasonable doubt:

<u>First</u>, that on or about the date set forth in the Indictment, the defendant knowingly

transported one or more visual depictions using any means or facility of interstate or foreign

commerce or in or affecting interstate or foreign commerce;

<u>Second</u>, that the visual depiction was child pornography; and

<u>Third</u>, that the defendant knew of the sexually explicit nature of the material and

that the visual depiction was of an actual minor engaged in that sexually explicit conduct.


Adapted from Sand, *Modern Federal Jury Instructions*, Instruction 62-26;
and from the charge of the Honorable Shira Scheindlin in *United States v.
Healey*, 11 Cr. 132 (SAS).

REQUEST NO.  17
Count Three—Transportation of Child Pornography: Element One – Knowingly Transported

The first element you must find is that, on or about the date set forth in the Indictment, the defendant knowingly transported a visual depiction using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

I have defined the term "knowingly" in Element One of Count One.

To prove that the defendant knowingly transported a visual depiction using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, the Government must prove:

First, that the defendant knowingly transported a visual depiction; and

Second that the transportation was done using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

First, as noted, the Government must prove that the defendant knowingly transported a visual depiction.  Transportation has its common, everyday meaning.  I have already described to you what the term "knowingly" means.

Second, as noted, the Government must prove that the transportation was done using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.  I have described to you what transportation using or affecting interstate commerce means in Element Two of Count One.

If you find these two things—knowing transportation of a visual depiction and that the transportation was done using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, this element is satisfied.

Adapted from Sand, *Modern Federal Jury Instructions,* Instruction 62-26

21

REQUEST NO. 18
<u>Count Three—Transportation of Child Pornography: Element Two – Child Pornography</u>

The second element that the Government must prove is that the visual depiction that was transported or received or distributed was or contained child pornography.  I have explained the definition of child pornography in Element Three of Count One, and the defendant does not dispute that the material is in fact child pornography.

REQUEST NO. 19
<u>Count Three—Transportation of Child Pornography:</u>
<u>Element Three – Knowledge of Child Pornography</u>

The third element that the Government must prove is that the defendant knew the material he transported was child pornography.  I have explained "knowledge of child pornography" in Element Four of Count One.  Simply transporting child pornography is not sufficient.  The defendant must also have knowledge or an awareness that the material being transported contained a visual depiction of a minor engaging in sexually explicit conduct.

REQUEST NO. 20
Stipulations

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  If is for you, however, to determine the effect to be given that testimony.

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true but it is up to you to determine what, if any, effect such facts have in respect to whether the government has proven the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of the Honorable Stephen C. Robinson in *United States v. Leight*, No. 04 Cr. 1372 (SCR) (S.D.N.Y. 2006), and the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); *see also* Sand et al., *Modern Federal Jury Instructions*, Instr. 5-6 & 5-7.

REQUEST NO. 21
Charts and Summaries

[If Applicable]

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence. They are admitted into evidence as aids to you.

In understanding the evidence which you have heard, it may be easier and more convenient to use summary charts than to place all of the relevant documents in front of you. It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the charts conform to what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 5-13, and the charge of the Honorable Katherine B. Forrest in *United States v. Del Rosario*, 12 Cr. 81 (S.D.N.Y. 2012).

REQUEST NO. 22
Defendant's Testimony

[If the Defendant Testifies]

As you saw, the defendant took the witness stand and testified, and was subject to cross-examination like any other witness.  I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case.  You should evaluate the defendant's testimony the same way that you evaluate the testimony of the other witnesses in this case.

*See United States v. Gaines*, 457 F.3d 238, 240 (2d Cir. 2006) ("[W]e find error in the instruction that the defendant's interest in the outcome of the case created a motive to testify falsely, and we prohibit the use of such instructions in future trials.  We also express our disapproval of instructions that highlight a testifying defendant's deep personal interest in the outcome of a trial.  We recommend that a witness's interest in the outcome of the case be addressed in the court's general charge concerning witness credibility; if the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses.")

REQUEST NO. 23
<u>Defendant's Right Not to Testify</u>

[If the Defendant Does Not Testify]

The defendant did not testify in this case.  Under our Constitution, the defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove a thing.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

Adapted from charge of the Honorable Lewis A. Kaplan in *United States v. Redden*, 02 Cr. 1141 (S.D.N.Y. July 27, 2004); *see also* Sand et al., *Modern Federal Jury Instructions*, Instr. 5-21.

REQUEST NO. 24
Preparation of Witnesses

[If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charges of the Honorable Michael B. Mukasey in *United States v. Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and the Honorable John G. Koeltl in *United States v. Brooks*, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999).

REQUEST NO. 25
Law Enforcement Witnesses

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, defense counsel may and is permitted to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 7-16.

REQUEST NO. 26
Expert Testimony

You have heard testimony from what we call an expert witness.  An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge.  The Court has already concluded that the expert witnesses in this case possessed an expertise in the area the testified to.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt [his/her] conclusions, you would be justified in placing reliance on [his/her] testimony.

> Adapted from the charges of the Honorable Pierre N. Leval in *United States v. Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the Honorable Michael B. Mukasey in *United States v. Mensah*, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

REQUEST NO. 27
Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national-origin, gender, sexual orientation or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, gender, sexual orientation or age of any other witness or anyone else involved in this case.

Additionally, your personal feelings about child pornography are irrelevant when reaching a verdict.  When reaching a verdict, all that should be considered is whether or not the Government has proven each element of the crimes charged against the defendant beyond a reasonable doubt.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from the charges of the Honorable Richard M. Berman in *United States v. Kamara*, S1 01 Cr. 979 (S.D.N.Y. Jan. 8, 2003), and from the charge of the Honorable Denny Chin in *United States v. Olajide,* 01 Cr. 365.

REQUEST NO. 28
Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to each of the charges contained in the Indictment.

You must base your verdict solely on the evidence, or lack of evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

> Adapted from the charge of the Honorable Arnold Bauman in *United States v. Soldaro*, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y.  973); *see also United States v. Corr*, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), *aff'd*, 543 F.2d 1042 (2d Cir. 1976).

Dated:  New York, New York
        July 28, 2023

                                    Respectfully submitted,

                                           /s/

                                    César de Castro
                                    Shannon McManus
                                    The Law Firm of Cesar de Castro, P.C.
                                    111 Fulton Street – 602
                                    New York, New York 10038
                                    *Attorneys for Joshua Schulte*