*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 4, 2023

**BY ECF**

Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*,
              S2 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter in response to the defendant's requests to charge (D.E. 1089) (the "Defense RTC") and proposed examination of jurors (D.E. 1087) (the "Defense Voir Dire").

      The Government respectfully suggests that its proposed jury instructions (D.E. 1084) ("Government RTC") and examination of jurors (D.E. 1083) represent a fair and accurate statement of the law and relevant questioning of prospective jurors. Below the Government addresses its specific objections to the Defense RTC and Defense Voir Dire.

**Objections to Defense RTCs**

      <u>Request No. 4</u>: The Government objects to the phrase "or distributed" in the recitation of the first element. Count Twelve of the indictment (or renumbered Count One) charges the defendant with receipt under § 2552A(a)(2), and not with distribution.

      <u>Request No. 5</u>: The Government objects to the second sentence of this request, which is duplicative of the first. The Government further objects to the use of the defendant's proposed safe deposit box hypothetical and respectfully submits that the Court's ordinary instructions on knowledge, as reflected in the Government's submission, are sufficient and appropriate. *See* Government RTC Nos. 4 & 6.

      <u>Request Nos. 6, 12, 17</u>: The Government objects to the omission of the statutory language, "including by computer," with respect to the interstate transportation element of the three Counts. *See* 18 U.S.C. § 2252A(a)(1), (a)(2)(B), (a)(5)(B); Government RTC Nos. 3, 7, 8, 10, 12.

<u>Request No. 7</u>: The Government objects to the omission of instructions regarding what constitutes "lascivious exhibition." *See* 18 U.S.C. § 2256(2); *United States v. Rivera*, 546 F.3d 245, 252-53 (2d Cir. 2008); *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987); Government RTC No. 5. Though the Defense RTCs suggest that the defendant does not dispute that the materials downloaded and copied to, stored on, and transported on his home computer constitute child pornography, the jury still must find this element and should be appropriately instructed on it.

<u>Request No. 10</u>: The Government objects to the omission of instructions regarding "access with intent to view." *See* 18 U.S.C. § 2252A(a)(5)(B); Government RTC No. 8.

<u>Request No. 11</u>: The Government objects to the defendant's proposed safe deposit box hypothetical for the same reason as with respect to Defense RTC No. 5. To the extent the Court adopts a version of that hypothetical with respect to Count Twelve (or renumbered Count One), it is repetitive and redundant to repeat that hypothetical with respect to Count Thirteen (or renumbered Count Two). The Government further objects to the omission of instructions regarding "access with intent to view" for the same reason as with respect to Defense RTC No. 10.

<u>Request No. 17</u>: The Government objects to the formulation of the knowing transportation element of Count Fourteen (or renumbered Three) as unnecessarily repetitive and redundant. The proposed instruction repeats that the Government must prove the knowing transportation of a visual depiction five times. The proposed instruction similarly repeats that the Government must prove that the transportation involved a means or facility of interstate or foreign commerce, or was in or affecting interstate or foreign commerce, five times. The Government respectfully suggests that a more streamlined instruction will be easier for the jury to understand and apply. *See* Government RTC No. 13.

<u>Request No. 18</u>: The Government objects to the inclusion of "or received or distributed" in the child pornography element of Count Fourteen (or renumbered Count Three). That Count charges transportation of child pornography under § 2252A(a)(1), and does not charge receipt or distribution.

The Government also objects to the omission from the Defense RTCs of instructions regarding the need for a special finding with respect to Count Thirteen (or renumbered Count Two) whether the CSAM involved a minor who was prepubescent or below the age of twelve. *See* 18 U.S.C. § 2252A(b)(2); Government RTC No. 11.

**<u>Objections to Defense Voir Dire</u>**

<u>Paragraph 1 (CSAM)</u>: The Government objects to the first sentence, which describes the charged offense conduct as "possession of child pornography" without reference to the receipt and

transportation charges. The Government further objects to the second sentence describing uncharged offenses, which is unnecessary.

Paragraph 7 (Contacts with Law Enforcement); Paragraph 11 (Law Enforcement Witnesses): The Government objects to the references to the New York City Police Department and the New Jersey State Police as unnecessary.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
David W. Denton, Jr. / Michael D. Lockard / Nicholas S. Bradley
Assistant United States Attorneys
(212) 637-2744 / -2193 /-1581

cc: Defense counsel (by ECF)