THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Fax
cdecastro@cdecastrolaw.com
cdecastrolaw.com

September 10, 2023

*Via* ECF

The Honorable Jesse M. Furman
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

Re:     *United States v. Schulte,* 17 Cr. 548 (JMF)

Dear Judge Furman,

We submit this letter motion to preclude the government from introducing evidence that Mr. Schulte's possessed materials containing "child erotica."  As it noted in the final pretrial conference, the government intends to introduce evidence that Mr. Schulte allegedly possessed over 14,000 files containing child erotica.  The possession of child erotica is not illegal.  The introduction of this evidence has little to no probative value, is cumulative, and the prejudice of its introduction outweighs any probative value.  Furthermore, this evidence is purely propensity evidence that is inadmissible under Federal Rule of Evidence 404(b).

Through at least one of its expert witnesses, Federal Bureau of Investigation ("FBI") Special Agent Aaron Spivack, the government intends to elicit testimony that Mr. Schulte possessed approximately 3,000 files containing illegal child pornography.  However, the government intends to go further, and elicit from Special Agent Spivack that Mr. Schulte also possessed 14,000 files that were classified as child erotica.  As noted above, the possession of child erotica is not illegal – child erotica is not illegal contraband.  The government also intends to introduce one image of child erotica in its case in chief.  The government does not justify the introduction of this evidence under Rule 404(b), but instead intends to argue that it is direct evidence of what was found in the folders containing child pornography and is also necessary to explain how Special Agent Spivack differentiated child pornography from other materials.[1]  The government's justification does not support the admissibility of this irrelevant and overly prejudicial evidence.

---

[1] If the government shifts its theory of admissibility and instead attempts to rely on Rule 404(b), the Court should exclude this evidence on the ground that the government failed to timely make this motion as it did not include this point in its pretrial motions.  *See* Fed. R. Evid. 404(b)(3).

The Honorable Michael A Shipp of the United States District Court for the District of New Jersey dealt with this precise issue in 2022, and excluded evidence of child erotica in a similar child pornography possession case. *See United States v. Browne*, No. 20-965 (MAS), 2022 U.S. Dist. LEXIS 65500 (D.N.J. April 8, 2022). In *Browne*, the government moved, *in limine*, to introduce child erotica evidence. *Id.* at *4. The government defined child erotica as "images 'depict[ing] young girls in a sexually suggestive way but may not be sufficiently lascivious to meet the legal definition of 'sexually explicit conduct' under 18 U.S.C. § 2256.'" *Id.* Judge Shipp held that the child erotica evidence was inadmissible, reasoning that:

> The content, therefore, at most demonstrates that Browne had a prurient interest in children. But under Rule 403, the Court may exclude evidence if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice, misleading the jury, or cumulative evidence. Fed. R. Evid. 403. The Court finds ample risk of all three. The unfair prejudice stems from allowing the [g]overnment to introduce evidence of content that is not illegal but may inflame the jury by portraying children in a potentially inappropriate or sexualized manner. What's more, the probative value is low considering the weight of the [g]overnment's other evidence, including actual child pornography. The volume of other evidence the [g]overnment purports to have – including hundreds of videos allegedly depicting child pornography – directly bear on whether such child erotica evidence is merely cumulative. Moreover, the jury may conflate the child erotica with the child pornography, muddying the waters as to what factual finding they are required to make. Even with limiting instructions, the jury would have to delineate between the illicit contraband and the legal content.

*Id.* at * 9-10 (internal quotations and citation omitted).

The reasoning in *Browne* is sound and persuasive. The limited, if any, probative value of this evidence is outweighed by its unfair prejudice, it will confuse the jury, and will be unnecessarily cumulative. Accordingly, the government should be prohibited from eliciting any testimony regarding Mr. Schulte's possession of materials containing child erotica.


Respectfully submitted,

        /s/

César de Castro



cc:      All parties (*via* ECF)


2