UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                    :

UNITED STATES OF AMERICA,            :
                                      :

          -v-                    :        17-CR-548 (JMF)
                                      :

JOSHUA ADAM SCHULTE,         :        ORDER
                                      :

                 Defendant.     :
                                      :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Attached to this Order are the following:

- the draft jury charge that was considered at the charge conference held on September 13, 2023;

- language proposed by the Defendant at the conference; and

- the final jury charge that was delivered to the jury that same day.

    SO ORDERED.

Dated:  September 13, 2023
        New York, New York

                                      JESSE M. FURMAN
                                United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                                     :
UNITED STATES OF AMERICA,                                            :
                                                                     :
        -v-                                                          :
                                                                     :        S2 17-CR-548 (JMF)
JOSHUA ADAM SCHULTE,                                                 :
                                                                     :
                        Defendant.                                   :
                                                                     :
---------------------------------------------------------------------X

## CHARGE CONFERENCE — DRAFT JURY CHARGE

September 13, 2023

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ........................................................... 1

    Role of the Court and the Jury ................................................................. 2

    The Parties ............................................................................................... 2

    Conduct of Counsel .................................................................................. 2

    Presumption of Innocence and Burden of Proof ...................................... 3

    Proof Beyond a Reasonable Doubt .......................................................... 3

    Direct and Circumstantial Evidence ........................................................ 4

    What Is and What Is Not Evidence .......................................................... 5

    Credibility of Witnesses .......................................................................... 7

    Expert Witnesses ..................................................................................... 8

    Law Enforcement and Government Witnesses ........................................ 9

    Preparation of Witnesses ......................................................................... 9

    Uncalled Witnesses ................................................................................. 9

    Number of Witnesses and Uncontradicted Testimony ........................... 10

    Stipulations ............................................................................................. 10

    Charts and Summaries ............................................................................. 11

    Limited Purpose Evidence ....................................................................... 11

    Particular Investigative Techniques ........................................................ 11

    Persons Not on Trial ................................................................................ 11

    All Available Evidence Need Not Be Introduced .................................... 12

    The Defendant's Testimony ..................................................................... 12

II. SUBSTANTIVE CHARGES ........................................................................... 13

    The Indictment ........................................................................................ 13

    Count One: Elements ............................................................................... 14

    Count One, Element One: Receiving a Visual Depiction ........................ 14

    Count One, Element Two: Child Pornography ........................................ 15

    Count One, Element Three: Knowledge .................................................. 16

    Count One, Element Four: Interstate Commerce ..................................... 17

    Count Two: Elements .............................................................................. 17

Count Two, Element One: Knowingly Possessed or Knowingly Accessed with Intent to View ........................................................................................................................ 18

Count Two, Elements Two, Three, and Four ........................................................... 19

Count Three: Elements ............................................................................................ 20

Count Three, Element One: Knowing Interstate Transportation ............................. 20

Count Three, Elements Two and Three .................................................................... 21

Venue in the Southern District of New York ........................................................... 21

Variance in Dates .................................................................................................... 22

III. CONCLUDING INSTRUCTIONS ........................................................................... 22

Selection of the Foreperson .................................................................................... 22

Right to See Exhibits and Hear Testimony ............................................................. 23

Juror Note-Taking .................................................................................................. 23

Bias, Prejudice, and Sympathy .............................................................................. 24

Duty to Deliberate .................................................................................................. 25

Return of the Verdict .............................................................................................. 26

Closing Comments .................................................................................................. 27

1          I. GENERAL INTRODUCTORY CHARGES

2          Members of the jury, you have now heard all of the evidence and the lawyers' closing

3   arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my instructions to

4   you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but

5   there is a need for precision, and it is important that I get the words just right, and so that is why I will be

6   reading.

7          I have given you a copy of my instructions to follow along because they cover many points.

8   Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it

9   easier to listen and understand while you are following along with me, please do so.  If you would

10  prefer, you can just listen and not follow along.  In the unlikely event that I deviate from the written

11  instructions, it is my oral instructions that govern and that you must follow.  But you may take your

12  copy of the instructions with you into the jury room so you can consult it if you want to re-read any

13  portion of the charge to facilitate your deliberations.

14         For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should

15  not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a

16  whole when you retire to deliberate in the jury room.

17         My instructions to you will be in three parts.

18         First, I will give you general instructions — for example, about your role as the jury, what you

19  can and cannot consider in your deliberations, and the burden of proof.

20         Second, I will describe the law that you must apply to the facts as you find them to be established

21  by the evidence.

22         Finally, I will give you some instructions for your deliberations.

23

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the defendant, Joshua Schulte, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, religious beliefs, sex, or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

1    In addition, remember that it is the duty of a lawyer to object when the other side offers

2    testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

3    draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

4    you draw any inference related to the weight or importance of any testimony or evidence from the fact

5    that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

6    evidence to be introduced does not mean that I have decided on its importance or significance.  That is

7    for you to decide.

8

9    Presumption of Innocence and Burden of Proof

10   The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

11   guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

12   shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

13   case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

14   Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

15   presumption of innocence was in his favor when the trial began, continued in his favor throughout the

16   entire trial, remains with him even as I speak to you now, and persists in his favor as to each charged

17   crime during the course of your deliberations in the jury room, unless and until you determine that the

18   Government proves beyond a reasonable doubt that he committed the charged crime.

19

20   Proof Beyond a Reasonable Doubt

21   The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

22   doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

23   a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

1    arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice or

2    whim.  It is not speculation or suspicion.

3        Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

4    practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

5    by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

6    establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

7        If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

8    that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

9    defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

10   person to hesitate in acting in matters of importance in his or her own affairs — then you have a

11   reasonable doubt, and in that circumstance it is your duty to acquit.

12       On the other hand, if, after a fair and impartial consideration of all the evidence, you can

13   candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

14   prudent person would be willing to act upon in important matters in the personal affairs of his or her

15   own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

16

17   <u>Direct and Circumstantial Evidence</u>

18       There are two types of evidence that you may properly use in deciding whether the defendant

19   guilty or not guilty of the crimes with which he is charged.

20       One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

21   when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

22   observed through the five senses.  The second type of evidence is circumstantial evidence.

23   Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

1       There is a simple example of circumstantial evidence that is often used in this courthouse.

2   Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

3   outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

4   further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

5   then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

6       Now, because you could not look outside the courtroom and you could not see whether it was

7   raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

8   asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

9       That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

10  and common sense from one established fact the existence or the nonexistence of some other fact.

11      The matter of drawing inferences from facts in evidence is not a matter of guesswork or

12  speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

13  facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

14      Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

15  Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

16  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

17  between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

18  you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

19  the case.

20

21  <u>What Is and What Is Not Evidence</u>

22      What, then, is the evidence in the case?

1    The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

2    into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.

3    For example, the questions posed to a witness are not evidence: It is the witnesses' answers that

4    are evidence, not the questions.  In addition, exhibits marked for identification but not admitted by me

5    are not evidence.  Nor are materials brought forth only to refresh a witness's recollection.  Moreover,

6    testimony that has been stricken or excluded by me is not evidence and may not be considered by you in

7    rendering your verdict.

8    Arguments by the advocates are also not evidence.  What you heard during the opening

9    statements and summations is merely intended to help you understand the evidence and reach your

10    verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

11    recollection.  If a lawyer made a statement during his or her opening or summation and you find that

12    there is no evidence to support the statement, you should disregard the statement.

13    Last, any statements that I may have made during the trial or during these instructions do not

14    constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

15    to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

16    questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

17    evidence and to bring out something that I thought might be unclear.  You should draw no inference or

18    conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

19    reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

20    these instructions are no indication of my views of what your decision should be.  Nor should you infer

21    that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

22    you should decide any issue that is before you.  That is entirely your role.

1    Finally, I instruct you that all of the evidence presented to you in this case was lawfully obtained.

2    Whether you approve or disapprove of how any evidence was obtained should not enter into your

3    deliberations.

4

5    <u>Credibility of Witnesses</u>

6    How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

7    your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

8    same tests here that you use in your everyday life when evaluating statements made by others to you.

9    You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

10   was the witness to the questions asked on direct examination and on cross-examination?

11   If you find that a witness intentionally told a falsehood, that is always a matter of importance you

12   should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

13   untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

14   determine whether such inconsistencies are significant or inconsequential, and whether to accept or

15   reject all of the testimony of any witness, or to accept or reject only portions.

16   You are not required to accept testimony even though the testimony is uncontradicted and the

17   witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

18   or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

19   conclude that the testimony is not worthy of belief.

20   In evaluating the credibility of the witnesses, you should take into account any evidence that a

21   witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

22   a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

23   interests.  Therefore, if you find that any witness whose testimony you are considering may have an

7

1   interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

2   of his or her testimony and decide whether to accept it with great care.

3        Keep in mind, though, that it does not automatically follow that testimony given by an interested

4   witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

5   the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

6   common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

7

8   Expert Witnesses

9        You have heard testimony from two expert witnesses.  As I previously explained, an expert

10   witness is someone who, by education or experience, has acquired learning or experience in a

11   specialized area of knowledge.  Such a witness is permitted to express his opinions on matters about

12   which he has specialized knowledge and training.  The parties may present expert testimony to you on

13   the theory that someone who is experienced in the field can assist you in understanding the evidence or

14   in reaching an independent decision on the facts.

15        Your role in judging credibility applies to the expert as well as other witnesses.  In weighing an

16   expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as

17   well as all of the other considerations that ordinarily apply, including all the other evidence in the case.

18   If you find the opinion of an expert is based on sufficient data, education, and experience, and the other

19   evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance

20   on his testimony.  However, you should not accept witness testimony simply because the witness is an

21   expert.  The determination of the facts in this case rests solely with you.

22

Law Enforcement and Government Witnesses

1   You have heard testimony from law enforcement or other government witnesses. The fact that a

2   witness may be employed as a law enforcement official or government employee does not mean that his

3   or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

4   that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the

5   testimony of any law enforcement witness or government witnesses, as it is with every other type of

6   witness, and to give to that testimony the weight you find it deserves.

Preparation of Witnesses

You have heard some evidence during the trial that witnesses discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider such evidence when you are evaluating a witness's credibility, it is common for a witness to meet with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits before being questioned about them. In fact, it would be unusual for a lawyer to call a witness without such consultation. As always, the weight you give to the fact or the nature of these issues and what inferences you draw from them are matters completely within your discretion.

Uncalled Witnesses

There are people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as

1   to what they would have testified to had they been called.  Their absence should not affect your

2   judgment in any way.

3         You should, however, remember my instruction that the law does not impose on a defendant in a

4   criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

5   remains at all times with the Government.

6

7   Number of Witnesses and Uncontradicted Testimony

8         I remind you that the defendant is not required to call any witnesses or offer any evidence, since

9   he is presumed to be innocent.  On the other hand, the Government is not required to prove each element

10  of the offense by any particular number of witnesses.  The testimony of a single witness may be enough

11  to convince you beyond a reasonable doubt of the existence of the elements of the charged offenses — if

12  you believe that the witness has truthfully and accurately related what he or she has told you.  The

13  testimony of a single witness may also be enough to convince you that reasonable doubt exists, in which

14  case you must find the defendant not guilty.

15

16  Stipulations

17        A stipulation was entered into relating to various facts in this case.  A stipulation is an agreement

18  between parties as to what certain facts were or what the testimony would be if certain people testified

19  before you.  The stipulations are the same for your purposes as the presentation of live testimony.  You

20  should consider the weight to be given such evidence just as you would any other evidence.

21

1    Charts and Summaries

2        The Government presented exhibits in the form of charts and summaries.  As I mentioned to you

3    earlier, I admitted these charts and summaries in place of, or in addition to, the underlying testimony or

4    documents that they represent in order to save time and avoid unnecessary inconvenience.  They are no

5    better than the testimony or the documents upon which they are based.  Therefore, you are to give no

6    greater consideration to these charts or summaries than you would give to the evidence upon which they

7    are based.  It is for you to decide whether they correctly present the information contained in the

8    testimony and in the exhibits on which they were based.

9

10   Limited Purpose Evidence

11       If certain testimony or evidence was received for a limited purpose, you must follow the limiting

12   instructions I have given.

13

14   Particular Investigative Techniques

15       There is no legal requirement that the Government prove its case through any particular means.

16   While you are to carefully consider the evidence and/or lack of evidence adduced by the Government,

17   you are not to speculate as to why the Government used the techniques it did or why it did not use other

18   techniques.  Your concern is to determine whether or not, on the evidence or lack of evidence, the

19   Government has met its burden of proving each element of each charge beyond a reasonable doubt.

20

21   Persons Not on Trial

22       Some of the people who may have been involved in the events leading to this trial are not on

23   trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and

1    prosecuted, or tried together, in the same proceeding.  You may not draw any inference, favorable or

2    unfavorable, toward the Government or the defendant from the fact that any person was not named as a

3    defendant in this case, and you may not speculate as to the reasons why other people are not on trial

4    before you now.  Those matters are wholly outside your concern and have no bearing on your function

5    as jurors in deciding the case before you.

6

7    All Available Evidence Need Not Be Introduced

8            The law does not require any party to call as witnesses all persons who may have been present at

9    any time or place involved in the case, or who may appear to have some knowledge of the matter in

10   issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

11   things available to either party during the course of the trial.

12

13   The Defendant's Testimony

14           The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

15   no obligation to testify or to present any other evidence because, as I have told you many times, it is the

16   Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

17   the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

18   required to prove that he is innocent.

19           You may not attach any significance to the fact that the defendant did not testify.  No positive or

20   negative inference, for or against, the defendant may be drawn by you because the defendant did not

21   take the witness stand.  You may not speculate as to why he did not testify.  You may not consider this

22   in any way in your deliberations in the jury room.

23

12

1                                  II. SUBSTANTIVE CHARGES

2         That concludes my introductory instructions.  Let me now turn to the charges.

3    The Indictment

4         The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

5   case, the Indictment is simply a charge or accusation.  It is not evidence, and it does not prove or even

6   indicate guilt.  It does not create any presumption or permit any inference that the defendant is guilty.

7   As I have told you many times, the defendant is presumed innocent and has entered a plea of not guilty.

8   It is the Government's burden to prove the defendant's guilt beyond a reasonable doubt.

9         The Indictment (a copy of which you will have in the jury room during your deliberations)

10  contains three charges, or "counts," against the defendant.  Each count accuses the defendant of

11  committing a different crime.  You must, as a matter of law, consider each count, and you must return a

12  separate verdict for each count in which the defendant is charged.  Your verdict on one count should not

13  control your decision as to the other count.

14        Count One charges that, between in or about 2009 and in or about March 2017, the defendant

15  knowingly received material that contained child pornography by downloading from the Internet

16  electronic files depicting child pornography.

17        Count Two charges that, between in or about 2009 and in or about March 2017, the defendant

18  knowingly possessed or accessed with intent to view material that contained child pornography.

19        Count Three charges that, in or about November 2016, the defendant knowingly transported

20  child pornography in interstate commerce.

21        I will explain each count to you in turn.

22

1    Count One: Elements

2         As noted, Count One charges the defendant with the receipt of child pornography.  In order to

3    convict the defendant of Count One, the Government must prove the following <u>four</u> elements beyond a

4    reasonable doubt:

5         <u>First</u>, that on or about the dates set forth in the Indictment, the defendant knowingly received a

6    visual depiction, as I will explain that term to you;

7         <u>Second</u>, that the visual depiction contained child pornography, as I will explain that term to you;

8         <u>Third</u>, that the defendant knew both that the material depicted one or more actual minors and

9    knew that the minor or minors were engaged in sexually explicit conduct, and

10        <u>Fourth</u>, that the visual depiction was shipped or transported in or affecting interstate or foreign

11   commerce by any means, including by computer.

12   **Adapted from the parties' requests; Sand, *Modern Federal Jury Instructions*, Instr. 62-26.**

13

14   Count One, Element One: Receiving a Visual Depiction

15        The first element of the offense that the Government must prove beyond a reasonable doubt is

16   that the defendant knowingly received a visual depiction.

17        A "visual depiction" includes any photograph, film, video, or picture, including data stored on

18   computer disk or by electronic means that is capable of conversion into a visual image.

19        To receive a visual depiction means to take possession of it.  This includes the knowing

20   acceptance of a depiction previously requested.  Receiving includes the downloading of a photograph or

21   video by means of the Internet.

22        The Government must prove that defendant received the depiction knowingly.  An act is done

23   knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some

1   other innocent reason.  Direct proof of knowledge is almost never available.  It would be a rare case

2   when it could be shown that a person wrote or stated that, as of a given time in the past, he committed an

3   act with knowledge.  Such proof is not required.  The ultimate fact of knowledge, though subjective,

4   may be established by circumstantial evidence, based upon a person's outward manifestations, his

5   words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the

6   rational or logical inferences that may be drawn from them.

7   **Adapted from the parties' requests; Sand, *Modern Federal Jury Instructions*, Instr. 62-28.**

8

9   Count One, Element Two: Child Pornography

10        The second element of the offense that the Government must prove beyond a reasonable doubt is

11   that the visual depiction the defendant received is child pornography.  The defendant does not dispute

12   that material in this case was in fact child pornography, but I will nevertheless define the term, in part

13   because you also saw and heard evidence regarding what is known as child erotica.  I remind you that

14   the receipt, possession, and transportation of child erotica is not illegal.

15        Child pornography means any visual depiction the production of which involved the use of a

16   minor engaging in sexually explicit conduct, and that portrays that minor engaged in that conduct.

17        "Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-

18   genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

19   bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic

20   area of any person.

21        Not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  The term

22   "lascivious exhibition" means a depiction that displays or brings to view to attract notice to the genitals

23   or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer.

1    The visual depiction must be of a real person under the age of eighteen engaging in sexually

2    explicit conduct.  The Government does not have to prove the identity of the minor or the exact age of

3    the minor.  You may consider all of the evidence, including your viewing of the depiction, in

4    determining whether the depiction portrayed an actual person under the age of eighteen engaging in

5    sexually explicit conduct.

6    **Adapted from the parties' requests; Sand,** ***Modern Federal Jury Instructions*****, Instr. 62-36, 62-37.**

7

8    Count One, Element Three: Knowledge

9    The third element that of the offense that the Government must establish beyond a reasonable

10   doubt is that the defendant knew that the material he received was child pornography.

11   As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not

12   because of accident, mistake or some other innocent reason.

13   For this element, the term "knowingly" refers to an awareness of the sexually explicit nature of

14   the material and to the knowledge that the visual depictions were in fact of actual minors engaged in that

15   sexually explicit conduct.

16   The Government must show that the defendant had knowledge of the general nature of the

17   contents of the material.  The defendant need not have had specific knowledge as to the identity or

18   actual age of the underage person depicted in the material.  The defendant must have had knowledge or

19   an awareness that the material contained a visual depiction of a minor engaging in sexually explicit

20   conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both.  Eyewitness

21   testimony of the defendant's viewing of the material is not necessary to prove his awareness of its

22   contents; the circumstances may warrant an inference that he was aware of what the material depicts.

23   Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

1    **Adapted from the parties' requests; Sand, *Modern Federal Jury Instructions*, Instr. 62-39.**

2

3    Count One, Element Four: Interstate Commerce

4         The fourth element of the offense that the Government must establish beyond a reasonable doubt

5    is that the visual depiction was shipped or transported in or affecting interstate or foreign commerce by

6    any means, including by computer.

7         This means that the Government must prove that the child pornography crossed between one

8    state and another or between the United States and a foreign country.  Transmission of photographs or

9    video by means of the Internet constitutes transportation in interstate commerce.  But you must find

10   beyond a reasonable doubt that the specific depiction in question was actually transmitted by means of

11   the Internet.

12   **Adapted from the parties' requests; Sand, *Modern Federal Jury Instructions*, Instr. 62-33.**

13

14   Count Two: Elements

15        As noted, Count Two charges the defendant with possession of, or access with intent to view,

16   child pornography.  In order to convict the defendant of Count Two, the Government must prove the

17   following <u>four</u> elements beyond a reasonable doubt:

18        <u>First</u>, that on or about the dates set forth in the Indictment, the defendant knowingly either

19   possessed or accessed with intent to view a visual depiction;

20        <u>Second</u>, that the visual depiction contained child pornography;

21        <u>Third</u>, that the defendant knew that the material depicted one or more actual minors and knew

22   that the minor or minors were engaged in sexually explicit conduct; and

17

1    <u>Fourth</u>, that the visual depiction was shipped or transported in or affecting interstate or foreign

2    commerce by any means, including by computer.

3    **Adapted from the parties' requests; Sand, *Modern Federal Jury Instructions*, Instr. 62-26.**

4

5    <u>Count Two, Element One: Knowingly Possessed or Knowingly Accessed with Intent to View</u>

6           The first element of the offense that the Government must establish beyond a reasonable doubt is

7    that the defendant knowingly possessed or knowingly accessed with intent to view a visual depiction.

8           To "possess" something means to have it within a person's control.  This does not necessarily

9    mean that the person must hold it physically, that is have actual possession of it.  As long as the visual

10   depiction is within the defendant's control, he possesses it.  If you find that the defendant either had

11   actual possession of the depiction or that he had the power and intention to exercise control over it, even

12   though it was not in his physical possession, you may find that the Government has proved possession.

13          The law also recognizes that possession may be sole or joint.  If one person alone possesses it,

14   that is sole possession.  However, it is possible that more than one person may have the power and

15   intention to exercise control over the visual depiction.  This is called joint possession.  If you find that

16   the defendant had such power and intention, then he possessed the depiction even if he possessed it

17   jointly with another person.

18          To "access" something means to use, enter, or open it.

19          "Intent to view" something means to act knowingly and with the specific intent to view it.  Thus,

20   a person accesses something with the intent to view child pornography if he accesses it with the specific

21   purpose of viewing child pornography as I have defined that term.

22          Direct proof of intent is almost never available.  Such direct proof is not required.  Instead, the

23   ultimate facts of knowledge and intent, though subjective, may be established by circumstantial

18

1    evidence, based upon a person's words, his conduct, his acts, and all the surrounding circumstances

2    disclosed by the evidence and the rational or logical inferences that may be drawn from them.

3            The Indictment charges that the defendant knowingly possessed *or* knowingly accessed with

4    intent to view child pornography.  The Government need not prove both that the defendant knowingly

5    possessed the materials *and* that he knowingly accessed them with the intent to view them.  It is

6    sufficient to satisfy this element if you find that the Government has proved beyond a reasonable doubt

7    either that the defendant knowingly possessed child pornography or that the defendant knowingly

8    accessed child pornography with the intent to view it, as long as your finding is unanimous.

9            The Government must prove that defendant possessed or accessed the child pornography

10   knowingly.  I have previously instructed you on what it means for the defendant to have acted

11   knowingly, and you should follow those instructions here as well.

12   **Adapted from the parties' requests; Sand, *Modern Federal Jury Instructions*, Instr. 62-31;**

13   **www.merriam-webster.com ("Access"); *United States v. Tagg*, 886 F.3d 579, 587-89 (6th Cir.**

14   **2018); and the "intent" instruction in *United States v. Chastain*, 22-CR-305 (JMF).**

15

16   Count Two, Elements Two, Three, and Four

17           The second, third, and fourth elements that the Government must prove beyond a reasonable

18   doubt before you can convict him on Count Two are that the images and videos contained child

19   pornography, that the defendant knew both that the material depicted one or more actual minors and that

20   the minor or minors were engaged in sexually explicit conduct, and that the images and videos had been

21   shipped or transported in or affecting interstate or foreign commerce by any means, including by

22   computer.  I have previously instructed you about the requirements of these elements in connection with

23   Count One, and you should follow those instructions with respect to Count Two as well.

1

2    Count Three: Elements

3        As noted, Count Three charges the defendant with transporting child pornography in interstate

4    commerce.  In order to convict the defendant of Count Three, the Government must prove the following

5    three elements beyond a reasonable doubt:

6        First, that on or about the date set forth in the Indictment, the defendant transported or shipped in

7    or affecting interstate or foreign commerce by any means, including by computer, a visual depiction;

8        Second, that the visual depiction was child pornography; and

9        Third, that the defendant knew both that the material depicted one or more actual minors and that

10   the actual minor or minors were engaged in sexually explicit conduct.

11   **Adapted from the parties' requests; Sand, _Modern Federal Jury Instructions_, Instr. 62-26.**

12

13   Count Three, Element One: Knowing Interstate Transportation

14       The first element that the Government must prove beyond a reasonable doubt is that the

15   defendant knowingly transported or shipped the visual depiction described in the Indictment in interstate

16   or foreign commerce.

17       I have previously instructed you on what a "visual depiction" is, on what it means for the

18   defendant to act "knowingly," and on what it means for material to be transported in interstate

19   commerce, and you should follow those instructions here as well.

20       It is not necessary for the Government to show that the defendant personally transported or

21   shipped the visual depiction.  It is sufficient if the Government proves that the defendant knowingly

22   caused the interstate shipment to take place.

23   **Adapted from the parties' requests; Sand, _Modern Federal Jury Instructions_, Instr. 62-27.**

1

2   Count Three, Elements Two and Three

3       The second and third elements of the offense that the Government must prove beyond a

4   reasonable doubt are that the visual depiction contained child pornography and that the defendant knew

5   both that the material depicted one or more actual minors and that the actual minor or minors were

6   engaged in sexually explicit conduct.  I have previously instructed you about the requirements of these

7   elements in connection with Count One, and you should follow those instructions with respect to Count

8   Three as well.

9

10  Venue in the Southern District of New York

11      In addition to all of the elements I have described for you, in order to convict the defendant of

12  each count in the Indictment, you must also decide whether any act in furtherance of the count occurred

13  within the Southern District of New York.  The Southern District of New York includes Manhattan.

14  The Government does not have to prove that the complete crime was committed within the Southern

15  District of New York or that the defendant was ever in the Southern District of New York.  It is

16  sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

17      Venue must be examined separately for each count in the Indictment.  Venue on one count does

18  not establish venue on another count, although, if applicable, you may rely on the same evidence to

19  establish venue on multiple counts.

20      I should note that on this issue — and this issue alone — the Government need not prove venue

21  beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government

22  has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

23  in furtherance of the crime charged in that count occurred in the Southern District of New York and that

1   it was reasonably foreseeable to the defendant that the act would take place in the Southern District of

2   New York.  By contrast, if you find that the Government failed to prove venue by a preponderance of

3   the evidence with regard to any count, then you must acquit the defendant of that count.

4   **Adapted from the parties' requests;** *United States v. Raji*, **19-CR-870 (JMF) (S.D.N.Y. 2022).**

5

6   Variance in Dates

7        It does not matter if the evidence you heard at trial indicates that a particular act occurred on a

8   different date.  The law requires only a substantial similarity between the dates alleged in the Indictment

9   and the dates established by the evidence.

10

11                    III. CONCLUDING INSTRUCTIONS

12   Selection of the Foreperson

13        In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first

14   task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

15   but is the person who will communicate with me when questions arise and when you have reached a

16   verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should

17   be signed by the foreperson and should include the date and time they were sent.  They should also be as

18   clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So

19   please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else

20   how the jury stands on any issue until after a unanimous verdict is reached.

21

1   <u>Right to See Exhibits and Hear Testimony</u>

2       All of the exhibits (with the exception of the exhibits containing the alleged child pornography

3   and/or child erotica) will be given to you near the start of deliberations.  In addition, you will also be

4   provided with a list of all the exhibits that were received into evidence.

5       If you prefer to view any evidence here in the courtroom or if you want any of the testimony

6   submitted to you or read back to you, you may also request that.  Keep in mind that if you ask for

7   testimony, however, the court reporter must search through her notes, the parties must agree on what

8   portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That

9   can be a time-consuming process.  So please try to be as specific as you possibly can in requesting

10   portions of the testimony, if you do.

11       Again, your requests for testimony — in fact, any communication with the Court — should be

12   made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

13   Security Officers.

14

15   <u>Juror Note-Taking</u>

16       If any one of you took notes during the course of the trial, you should not show your notes to, or

17   discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

18   used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

19   greater weight than those of any other juror.  Finally, your notes are not to substitute for your

20   recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

21   the testimony, you may — as I just told you — request that the official trial transcript that has been

22   made of these proceedings be submitted or read back to you.

23

23

1     <u>Bias, Prejudice, and Sympathy</u>

2          All of us, no matter how hard we try, tend to look at others and weigh what they have to say

3     through the lens of our own experience and background.  We each have a tendency to stereotype others

4     and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

5     that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

6     all litigants and witnesses are entitled to a level playing field.

7          In particular, it would be improper for you to consider, in reaching your decision as to whether

8     the Government sustained its burden of proof, any personal feelings you may have about the defendant's

9     race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for

10    you to consider any personal feelings you may have about the race, religion, national origin, gender,

11    sexual orientation, or age of any witness or anyone else involved in this case.  Additionally, you must

12    not be influenced by any personal feelings you may have about child pornography or the nature of the

13    charged crimes.

14         Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

15    are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

16    question that you must ask yourselves for each count is:  Has the Government proved each element of

17    each count beyond a reasonable doubt?

18         It is for you and you alone to decide whether the Government has sustained its burden of proving

19    the defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence

20    and subject to the law as I have instructed you.

21         It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

22    there is a risk that you will not arrive at a true and just verdict.

1    If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

2    you must render a verdict of not guilty on that particular count.  On the other hand, if you should find

3    that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

4    with respect to a particular count, then you should not hesitate because of sympathy or any other reason

5    to render a verdict of guilty on that count.

6    I also caution you that, under your oath as jurors, you cannot allow to enter into your

7    deliberations any consideration of the punishment that may be imposed upon the defendant if he is

8    convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

9    and the issue of punishment may not affect your deliberations as to whether the Government has proved

10   the defendant's guilt beyond a reasonable doubt.

11

12   Duty to Deliberate

13   The most important part of this case, members of the jury, is the part that you as jurors are now

14   about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

15   presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

16   would well and truly try the issues joined in this case and a true verdict render.

17   As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

18   to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

19   the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

20   fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

21   hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

22   honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

1    Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

2    you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

3    any time during your deliberations.

4

5    <u>Return of the Verdict</u>

6    We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

7    attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

8    will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

9    foreperson has been selected.

10    You should draw no inference from the questions on the Verdict Form as to what your verdict

11    should be.  The questions are not to be taken as any indication that I have any opinion as to how they

12    should be answered.

13    After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

14    and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **<u>not</u>** the

15    Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

16    verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

17    Verdict Form and hand it to me in open court when I ask for it.

18    I will stress again that each of you must be in agreement with the verdict that is announced in

19    court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

20    revoked.

1

2      Closing Comments

3            Finally, I say this, not because I think it is necessary, but because it is the custom in this

4      courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

5            All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

6      litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

7      to see that justice is done.

8            Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

9      guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

10     the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict

11     on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your

12     clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and

13     impartial decision so that you will arrive at the just verdict.

14           Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

15     spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

16     patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

17     the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                     :

UNITED STATES OF AMERICA,           :

                                    :        S2 17-CR-548 (JMF)

       -v-                      :

                                    :

JOSHUA ADAM SCHULTE,           :        <u>VERDICT FORM</u>

                                    :

                   Defendant.      :

                                    :
-------------------------------------------------------------------X

*__All Answers Must Be Unanimous__*

## Count One – Receipt of Child Pornography

Guilty  _____   Not Guilty  _____

## Count Two – Possession of, or Accessing with Intent to View, Child Pornography

Guilty  _____   Not Guilty  _____

## Count Three – Transportation of Child Pornography

Guilty  _____   Not Guilty  _____

*__Please Turn to the Next Page__*

*After completing the Verdict Form, please sign your names below and fill in the date and time.*

_____          _____
Foreperson


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date and Time:     _____

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself —*
*to the Court Security Officer stating that you have reached a verdict.*

2

<u>Lesser Included Offense</u>

Proof of receiving child pornography necessarily includes proof of possession, meaning that you cannot receive something without possessing it. Therefore, to convict the defendant for both Count One and Count Two, you must find that he possessed and received two different images or videos, or separate conduct is found to underlie the two offenses.

*United States v. Dudeck*, 657 F.3d 424, 428-30 (6th Cir. 2011) (noting that Sixth Circuit has "held that possession under § 2252A(a)(5)(B) is a lesser-included offense of receipt under § 2252A(a)(2)(A)" and reviewing other circuits' decisions that "collectively indicate that while possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes is permissible if separate conduct is found to underlie the two offenses")

*United States v. Muhlenbruch*, 634 F.3d 987, 1003-04 (8th Cir. 2011) (agreeing with "analysis of our sister circuits and recogniz[ing] that . . . proof of receiving child pornography under § 2252(a)(2) necessarily includes proof of illegal possession of child pornography under § 2252(a)(4)(B), and Congress did not intend to impose multiplicitous punishment for these offenses" and holding that convictions for both possession and receipt "based on the same conduct" violated Double Jeopardy Clause)

*United States v. Bobb*, 577 F.3d 1366, 1373-75 (11th Cir. 2009) (concluding possession is lesser-included offense of receipt but allowing conviction to stand since it was "based on two distinct offenses, occurring on two different dates")

*United States v. Miller*, 527 F.3d 54, 71-72 (3d Cir. 2008) (holding possession is lesser-included offense of receipt, based on Supreme Court's decision in *Ball v. United States*, 470 U.S. 856, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985), and that generally "possession of a contraband item is a lesser-included offense of receipt of the item")

*United States v. Schales*, 546 F.3d 965, 977 (9th Cir. 2008) ("[W]e find a double jeopardy violation because possession of sexually explicit material is a lesser-included offense of receipt of sexually explicit material and because the government has not sufficiently alleged separate conduct.")

*United States v. Polouizzi*, 564 F.3d 142, 158-59 (2d Cir. 2009) (noting that that "the Ninth and Third Circuits have . . . concluded that § 2252A(a)(5)(B) (possession of child pornography) is a lesser-included offense of § 2252A(a)(2) (receipt of child pornography), because receiving an item necessitates taking possession of it" and stating that "we find the reasoning of [United States v.] Davenport[, 519 F.3d 940, 943-44 (9th Cir. 2008); United States v.] Miller[, 527 F.3d 54, 71-72 (3r Cir. 2008)] persuasive.")

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

   -v-

JOSHUA ADAM SCHULTE,

                                 Defendant.

----------------------------------------------------------------------X

S2 17-CR-548 (JMF)

**JURY CHARGE**

September 13, 2023

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES .................................................................... 1

    Role of the Court and the Jury .................................................................................. 2

    The Parties .................................................................................................................. 2

    Conduct of Counsel .................................................................................................... 2

    Presumption of Innocence and Burden of Proof ....................................................... 3

    Proof Beyond a Reasonable Doubt ............................................................................ 3

    Direct and Circumstantial Evidence ......................................................................... 4

    What Is and What Is Not Evidence ........................................................................... 5

    Credibility of Witnesses ............................................................................................ 7

    Expert Witnesses ....................................................................................................... 8

    Law Enforcement and Government Witnesses .......................................................... 9

    Uncalled Witnesses ................................................................................................... 9

    Number of Witnesses and Uncontradicted Testimony ............................................. 9

    Stipulations .............................................................................................................. 10

    Charts and Summaries ............................................................................................. 10

    Limited Purpose Evidence ....................................................................................... 10

    Particular Investigative Techniques......................................................................... 10

    All Available Evidence Need Not Be Introduced .................................................... 11

    The Defendant's Testimony ..................................................................................... 11

II. SUBSTANTIVE CHARGES .................................................................................... 12

    The Indictment......................................................................................................... 12

    Count One: Elements ............................................................................................... 13

    Count One, Element One: Receiving a Visual Depiction ....................................... 13

    Count One, Element Two: Child Pornography ....................................................... 14

    Count One, Element Three: Knowledge.................................................................. 14

    Count One, Element Four: Interstate Commerce .................................................... 15

    Count Two: Elements .............................................................................................. 15

    Count Two, Element One: Knowingly Possessed ................................................... 16

    Count Two, Elements Two, Three, and Four .......................................................... 16

Count Three: Elements ............................................................................................... 17

Count Three, Element One: Knowing Interstate Transportation .............................. 17

Count Three, Elements Two and Three ................................................................... 18

Venue in the Southern District of New York ........................................................... 18

Variance in Dates .................................................................................................... 19

III. CONCLUDING INSTRUCTIONS ...................................................................... 19

Selection of the Foreperson .................................................................................... 19

Right to See Exhibits and Hear Testimony ............................................................. 20

Juror Note-Taking ................................................................................................... 20

Bias, Prejudice, and Sympathy .............................................................................. 21

Duty to Deliberate .................................................................................................. 22

Return of the Verdict .............................................................................................. 23

Closing Comments .................................................................................................. 24

I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence and the lawyers' closing arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my instructions to you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

I have given you a copy of my instructions to follow along because they cover many points.  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it easier to listen and understand while you are following along with me, please do so.  If you would prefer, you can just listen and not follow along.  In the unlikely event that I deviate from the written instructions, it is my oral instructions that govern and that you must follow.  But you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

My instructions to you will be in three parts.

First, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions for your deliberations.

1    <u>Role of the Court and the Jury</u>

2     You, the members of the jury, are the sole and exclusive judges of the facts.  You must weigh

3    and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.  It

4    is your duty to accept my instructions as to the law and to apply them to the facts as you determine them.

5    If either party has stated a legal principle differently from any that I state to you in my instructions, it is

6    my instructions that you must follow.

7

8    <u>The Parties</u>

9     In reaching your verdict, you must remember that all parties stand equal before a jury in the

10   courts of the United States.  The fact that the Government is a party and the prosecution is brought in the

11   name of the United States does not entitle the Government or its witnesses to any greater consideration

12   than that accorded to any other party.  By the same token, you must give it no less deference.  The

13   Government and the defendant, Joshua Schulte, stand on equal footing before you.

14    It would be improper for you to consider, in reaching your decision as to whether the

15   Government sustained its burden of proof, any personal feelings you may have about the defendant's

16   race, national origin, religious beliefs, sex, or age.  All persons are entitled to the same presumption of

17   innocence and the Government has the same burden of proof with respect to all persons.

18

19   <u>Conduct of Counsel</u>

20    The personalities and the conduct of counsel are not in any way at issue.  If you formed opinions

21   of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or

22   disapproved of their behavior, those opinions should not enter into your deliberations.

1   In addition, remember that it is the duty of a lawyer to object when the other side offers

2 testimony or other evidence that the lawyer believes is not properly admissible.  Therefore, you should

3 draw no inference from the fact that there was an objection to any testimony or evidence.  Nor should

4 you draw any inference related to the weight or importance of any testimony or evidence from the fact

5 that I sustained or overruled an objection.  Simply because I have permitted certain testimony or

6 evidence to be introduced does not mean that I have decided on its importance or significance.  That is

7 for you to decide.

8

9 <u>Presumption of Innocence and Burden of Proof</u>

10   The defendant has pleaded not guilty to the charges against him.  As a result of that plea of not

11 guilty, the burden is on the Government to prove guilt beyond a reasonable doubt.  This burden never

12 shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal

13 case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

14   Furthermore, the law presumes the defendant to be innocent of the charges against him.  The

15 presumption of innocence was in his favor when the trial began, continued in his favor throughout the

16 entire trial, remains with him even as I speak to you now, and persists in his favor as to each charged

17 crime during the course of your deliberations in the jury room, unless and until you determine that the

18 Government proves beyond a reasonable doubt that he committed each charged crime.

19

20 <u>Proof Beyond a Reasonable Doubt</u>

21   The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a

22 doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that

23 a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and

1   arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice or

2   whim.  It is not speculation or suspicion.

3          Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is

4   practically impossible for a person to be absolutely and completely convinced of any disputed fact that,

5   by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to

6   establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

7          If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say

8   that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the

9   defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent

10  person to hesitate in acting in matters of importance in his or her own affairs — then you have a

11  reasonable doubt, and in that circumstance it is your duty to acquit.

12         On the other hand, if, after a fair and impartial consideration of all the evidence, you can

13  candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a

14  prudent person would be willing to act upon in important matters in the personal affairs of his or her

15  own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

16

17  <u>Direct and Circumstantial Evidence</u>

18         There are two types of evidence that you may properly use in deciding whether the defendant is

19  guilty or not guilty of the crimes with which he is charged.

20         One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented

21  when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise

22  observed through the five senses.  The second type of evidence is circumstantial evidence.

23  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

1        There is a simple example of circumstantial evidence that is often used in this courthouse.

2   Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day

3   outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume

4   further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and

5   then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

6        Now, because you could not look outside the courtroom and you could not see whether it was

7   raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have

8   asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

9        That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience,

10  and common sense from one established fact the existence or the nonexistence of some other fact.

11       The matter of drawing inferences from facts in evidence is not a matter of guesswork or

12  speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other

13  facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

14       Many material facts, such as a person's state of mind, are not easily proved by direct evidence.

15  Usually such facts are established by circumstantial evidence and the reasonable inferences you draw.

16  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction

17  between direct and circumstantial evidence.  The law simply requires that before convicting a defendant,

18  you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in

19  the case.

20

21  <u>What Is and What Is Not Evidence</u>

22       What, then, is the evidence in the case?

5

1      The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received

2      into evidence, and (3) any stipulations made by the parties.  Anything else is not evidence.

3      For example, the questions posed to a witness are not evidence: It is the witnesses' answers that

4      are evidence, not the questions.  In addition, materials brought forth only to refresh a witness's

5      recollection are not evidence.  Moreover, testimony that has been stricken or excluded by me is not

6      evidence and may not be considered by you in rendering your verdict.

7      Arguments by the advocates are also not evidence.  What you heard during the opening

8      statements and summations is merely intended to help you understand the evidence and reach your

9      verdict.  If your recollection of the facts differs from the lawyers' statements, you should rely on your

10      recollection.  If a lawyer made a statement during his or her opening or summation and you find that

11      there is no evidence to support the statement, you should disregard the statement.

12      Last, any statements that I may have made during the trial or during these instructions do not

13      constitute evidence.  At times, I may have admonished a witness or directed a witness to be responsive

14      to questions or to keep his or her voice up.  At times, I may have asked a question myself.  Any

15      questions that I asked, or instructions that I gave, were intended only to clarify the presentation of

16      evidence and to bring out something that I thought might be unclear.  You should draw no inference or

17      conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by

18      reason of any comment, question, or instruction of mine.  The rulings I have made during the trial and

19      these instructions are no indication of my views of what your decision should be.  Nor should you infer

20      that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

21      you should decide any issue that is before you.  That is entirely your role.

1    Finally, I instruct you that all of the evidence presented to you in this case was lawfully obtained.

2    Whether you approve or disapprove of how any evidence was obtained should not enter into your

3    deliberations.

4

5    Credibility of Witnesses

6    How do you evaluate the credibility or believability of the witnesses?  The answer is that you use

7    your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

8    same tests here that you use in your everyday life when evaluating statements made by others to you.

9    You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive

10   was the witness to the questions asked on direct examination and on cross-examination?

11   If you find that a witness intentionally told a falsehood, that is always a matter of importance you

12   should weigh carefully.  On the other hand, a witness may be inaccurate, contradictory, or even

13   untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

14   determine whether such inconsistencies are significant or inconsequential, and whether to accept or

15   reject all of the testimony of any witness, or to accept or reject only portions.

16   You are not required to accept testimony even though the testimony is uncontradicted and the

17   witness's testimony is not challenged.  You may reject it because of the witness's bearing or demeanor,

18   or because of the inherent improbability of the testimony, or for other reasons sufficient for you to

19   conclude that the testimony is not worthy of belief.

20   In evaluating the credibility of the witnesses, you should take into account any evidence that a

21   witness may benefit in some way from the outcome of the case.  Such an interest in the outcome creates

22   a motive to testify falsely and may sway a witness to testify in a way that advances his or her own

23   interests.  Therefore, if you find that any witness whose testimony you are considering may have an

7

1    interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility

2    of his or her testimony and decide whether to accept it with great care.

3          Keep in mind, though, that it does not automatically follow that testimony given by an interested

4    witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of

5    the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and

6    common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

7

8    Expert Witnesses

9          You have heard testimony from two expert witnesses.  As I previously explained, an expert

10   witness is someone who, by education or experience, has acquired learning or experience in a

11   specialized area of knowledge.  Such a witness is permitted to express his opinions on matters about

12   which he has specialized knowledge and training.  The parties may present expert testimony to you on

13   the theory that someone who is experienced in the field can assist you in understanding the evidence or

14   in reaching an independent decision on the facts.

15         Your role in judging credibility applies to the expert as well as other witnesses.  In weighing an

16   expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as

17   well as all of the other considerations that ordinarily apply, including all the other evidence in the case.

18   If you find the opinion of an expert is based on sufficient data, education, and experience, and the other

19   evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance

20   on his testimony.  However, you should not accept witness testimony simply because the witness is an

21   expert.  The determination of the facts in this case rests solely with you.

22

1   <u>Law Enforcement and Government Witnesses</u>

2       You have heard testimony from law enforcement or other government witnesses.  The fact that a

3   witness may be employed as a law enforcement official or government employee does not mean that his

4   or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than

5   that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the

6   testimony of any law enforcement witness or government witnesses, as it is with every other type of

7   witness, and to give to that testimony the weight you find it deserves.

8

9   <u>Uncalled Witnesses</u>

10      There are people whose names you have heard during the course of the trial but who did not

11  appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to

12  call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

13  to what they would have testified to had they been called.  Their absence should not affect your

14  judgment in any way.

15      You should, however, remember my instruction that the law does not impose on a defendant in a

16  criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof

17  remains at all times with the Government.

18

19  <u>Number of Witnesses and Uncontradicted Testimony</u>

20      I remind you that the defendant is not required to call any witnesses or offer any evidence, since

21  he is presumed to be innocent.  On the other hand, the Government is not required to prove each element

22  of the offense by any particular number of witnesses.  The testimony of a single witness may be enough

23  to convince you beyond a reasonable doubt of the existence of the elements of the charged offenses — if

1    you believe that the witness has truthfully and accurately related what he or she has told you.  The

2    testimony of a single witness may also be enough to convince you that reasonable doubt exists, in which

3    case you must find the defendant not guilty.

4

5    <u>Stipulations</u>

6        A stipulation was entered into relating to various facts in this case.  A stipulation is an agreement

7    between parties as to what certain facts were or what the testimony would be if certain people testified

8    before you.  The stipulation is the same for your purposes as the presentation of live testimony.  You

9    should consider the weight to be given such evidence just as you would any other evidence.

10

11    <u>Charts and Summaries</u>

12        The Government presented exhibits in the form of charts and summaries.  As I mentioned to you

13    earlier, I admitted these charts and summaries in place of, or in addition to, the underlying testimony or

14    documents that they represent in order to save time and avoid unnecessary inconvenience.  You should

15    consider the charts and summaries as you would any other evidence.

16

17    <u>Limited Purpose Evidence</u>

18        If certain testimony or evidence was received for a limited purpose, you must follow the limiting

19    instructions I have given.

20

21    <u>Particular Investigative Techniques</u>

22        There is no legal requirement that the Government prove its case through any particular means.

23    While you are to carefully consider the evidence and/or lack of evidence adduced by the Government,

1  you are not to speculate as to why the Government used the techniques it did or why it did not use other

2  techniques.  Your concern is to determine whether or not, on the evidence or lack of evidence, the

3  Government has met its burden of proving each element of each charge beyond a reasonable doubt.

4

5  <u>All Available Evidence Need Not Be Introduced</u>

6        The law does not require any party to call as witnesses all persons who may have been present at

7  any time or place involved in the case, or who may appear to have some knowledge of the matter in

8  issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

9  things available to either party during the course of the trial.

10

11  <u>The Defendant's Testimony</u>

12        The defendant did not testify.  Under our Constitution, a defendant is presumed innocent and has

13  no obligation to testify or to present any other evidence because, as I have told you many times, it is the

14  Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains on

15  the Government throughout the entire trial and never shifts to the defendant.  A defendant is never

16  required to prove that he is innocent.

17        You may not attach any significance to the fact that the defendant did not testify.  No positive or

18  negative inference, for or against, the defendant may be drawn by you because the defendant did not

19  take the witness stand.  You may not speculate as to why he did not testify.  You may not consider this

20  in any way in your deliberations in the jury room.

21

1          II. SUBSTANTIVE CHARGES

2          That concludes my introductory instructions.  Let me now turn to the charges.

3  The Indictment

4          The defendant is formally charged in an Indictment.  As I instructed you at the outset of this

5  case, the Indictment is simply a charge or accusation.  It is not evidence, and it does not prove or even

6  indicate guilt.  It does not create any presumption or permit any inference that the defendant is guilty.

7  As I have told you many times, the defendant is presumed innocent and has entered a plea of not guilty.

8  It is the Government's burden to prove the defendant's guilt beyond a reasonable doubt.

9          The Indictment contains three charges, or "counts," against the defendant.  Each count accuses

10  the defendant of committing a different crime.  You must, as a matter of law, consider each count, and

11  you must return a separate verdict for each count in which the defendant is charged.  Your verdict on

12  one count should not control your decision as to the other count.

13          Count One charges that, between in or about 2009 and in or about March 2017, the defendant

14  knowingly received material that contained child pornography by downloading from the Internet

15  electronic files depicting child pornography.

16          Count Two charges that, between in or about 2009 and in or about March 2017, the defendant

17  knowingly possessed material that contained child pornography.

18          Count Three charges that, in or about November 2016, the defendant knowingly transported

19  child pornography in interstate commerce.

20          I will explain each count to you in turn.

21

12

1    Count One: Elements

2          As noted, Count One charges the defendant with the receipt of child pornography.  In order to

3    convict the defendant of Count One, the Government must prove the following <u>four</u> elements beyond a

4    reasonable doubt:

5          <u>First</u>, that between in or about 2009 and in or about March 2017, the defendant knowingly

6    received a visual depiction, as I will explain that term to you;

7          <u>Second</u>, that the visual depiction contained child pornography, as I will explain that term to you;

8          <u>Third</u>, that the defendant knew both that the material depicted one or more actual minors and

9    knew that the minor or minors were engaged in sexually explicit conduct, and

10         <u>Fourth</u>, that the visual depiction was shipped or transported in or affecting interstate or foreign

11   commerce by any means, including by computer.

12

13   Count One, Element One: Receiving a Visual Depiction

14         The first element of the offense that the Government must prove beyond a reasonable doubt is

15   that the defendant knowingly received a visual depiction.

16         A "visual depiction" includes any photograph, film, video, or picture, including data stored on

17   computer disk or by electronic means that is capable of conversion into a visual image.

18         To receive a visual depiction means to take possession of it.  This includes the knowing

19   acceptance of a depiction previously requested.  Receiving includes the downloading of a photograph or

20   video by means of the Internet.

21         The Government must prove that defendant received the depiction knowingly.  An act is done

22   knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some

23   other innocent reason.  Direct proof of knowledge is almost never available.  It would be a rare case

13

1   when it could be shown that a person wrote or stated that, as of a given time in the past, he committed an

2   act with knowledge.  Such proof is not required.  The ultimate fact of knowledge, though subjective,

3   may be established by circumstantial evidence, based upon a person's outward manifestations, his

4   words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the

5   rational or logical inferences that may be drawn from them.

6

7   Count One, Element Two: Child Pornography

8          The second element of the offense that the Government must prove beyond a reasonable doubt is

9   that the visual depiction the defendant received is child pornography.  The defendant does not dispute

10  that material in this case was in fact child pornography.

11

12  Count One, Element Three: Knowledge

13         The third element that of the offense that the Government must establish beyond a reasonable

14  doubt is that the defendant knew that the material he received was child pornography.

15         As I stated before, an act is done knowingly when it is done voluntarily and intentionally and not

16  because of accident, mistake or some other innocent reason.

17         For this element, the term "knowingly" refers to an awareness of the sexually explicit nature of

18  the material and to the knowledge that the visual depictions were in fact of actual minors engaged in that

19  sexually explicit conduct.

20         The Government must show that the defendant had knowledge of the general nature of the

21  contents of the material.  The defendant need not have had specific knowledge as to the identity or

22  actual age of the underage person depicted in the material.  The defendant must have had knowledge or

23  an awareness that the material contained a visual depiction of a minor engaging in sexually explicit

14

1    conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both.  Eyewitness

2    testimony of the defendant's viewing of the material is not necessary to prove his awareness of its

3    contents; the circumstances may warrant an inference that he was aware of what the material depicts.

4    Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

5

6    Count One, Element Four: Interstate Commerce

7         The fourth element of the offense that the Government must establish beyond a reasonable doubt

8    is that the visual depiction was shipped or transported in or affecting interstate or foreign commerce by

9    any means, including by computer.  The parties have stipulated that the images and videos at issue in

10   this case were, in fact, transported in or affecting interstate and foreign commerce, including by

11   computer.

12

13   Count Two: Elements

14        As noted, Count Two charges the defendant with possession of child pornography.  In order to

15   convict the defendant of Count Two, the Government must prove the following <u>four</u> elements beyond a

16   reasonable doubt:

17        <u>First</u>, that between in or about 2009 and in or about March 2017, the defendant knowingly

18   possessed a visual depiction;

19        <u>Second</u>, that the visual depiction contained child pornography;

20        <u>Third</u>, that the defendant knew that the material depicted one or more actual minors and knew

21   that the minor or minors were engaged in sexually explicit conduct; and

22        <u>Fourth</u>, that the visual depiction was shipped or transported in or affecting interstate or foreign

23   commerce by any means, including by computer.

15

1

## Count Two, Element One: Knowingly Possessed

The first element of the offense that the Government must establish beyond a reasonable doubt is that the defendant knowingly possessed a visual depiction.

To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the depiction or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the Government has proved possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the visual depiction. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

The Government must prove that defendant possessed child pornography knowingly. I have previously instructed you on what it means for the defendant to have acted knowingly, and you should follow those instructions here as well.

## Count Two, Elements Two, Three, and Four

The second, third, and fourth elements that the Government must prove beyond a reasonable doubt before you can convict him on Count Two are that the images and videos contained child pornography, that the defendant knew both that the material depicted one or more actual minors and that the minor or minors were engaged in sexually explicit conduct, and that the images and videos had been

16

1   shipped or transported in or affecting interstate or foreign commerce by any means, including by

2   computer.  I have previously instructed you about the requirements of these elements in connection with

3   Count One, and you should follow those instructions with respect to Count Two as well.

4

5   Count Three: Elements

6         As noted, Count Three charges the defendant with transporting child pornography in interstate

7   commerce.  In order to convict the defendant of Count Three, the Government must prove the following

8   three elements beyond a reasonable doubt:

9         First, that in or about November 2016, the defendant transported or shipped in or affecting

10   interstate or foreign commerce by any means, including by computer, a visual depiction;

11         Second, that the visual depiction was child pornography; and

12         Third, that the defendant knew both that the material depicted one or more actual minors and that

13   the actual minor or minors were engaged in sexually explicit conduct.

14

15   Count Three, Element One: Knowing Interstate Transportation

16         The first element that the Government must prove beyond a reasonable doubt is that the

17   defendant knowingly transported or shipped the visual depiction described in the Indictment in interstate

18   or foreign commerce.

19         I have previously instructed you on what a "visual depiction" is, on what it means for the

20   defendant to act "knowingly," and on what it means for material to be transported in interstate

21   commerce, and you should follow those instructions here as well.

1    It is not necessary for the Government to show that the defendant personally transported or

2    shipped the visual depiction.  It is sufficient if the Government proves that the defendant knowingly

3    caused the interstate shipment to take place.

4

5    Count Three, Elements Two and Three

6    The second and third elements of the offense that the Government must prove beyond a

7    reasonable doubt are that the visual depiction contained child pornography and that the defendant knew

8    both that the material depicted one or more actual minors and that the actual minor or minors were

9    engaged in sexually explicit conduct.  I have previously instructed you about the requirements of these

10   elements in connection with Count One, and you should follow those instructions with respect to Count

11   Three as well.

12

13   Venue in the Southern District of New York

14   In addition to all of the elements I have described for you, in order to convict the defendant of

15   each count in the Indictment, you must also decide whether any act in furtherance of the count occurred

16   within the Southern District of New York.  The Southern District of New York includes Manhattan.

17   The Government does not have to prove that the complete crime was committed within the Southern

18   District of New York or that the defendant was ever in the Southern District of New York.  It is

19   sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

20   Venue must be examined separately for each count in the Indictment.  Venue on one count does

21   not establish venue on another count, although, if applicable, you may rely on the same evidence to

22   establish venue on multiple counts.

1      I should note that on this issue — and this issue alone — the Government need not prove venue

2      beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government

3      has satisfied its venue obligations as to a count if you conclude that it is more likely than not that any act

4      in furtherance of the crime charged in that count occurred in the Southern District of New York and that

5      it was reasonably foreseeable to the defendant that the act would take place in the Southern District of

6      New York.  By contrast, if you find that the Government failed to prove venue by a preponderance of

7      the evidence with regard to any count, then you must acquit the defendant of that count.

8

9      <u>Variance in Dates</u>

10      It does not matter if the evidence you heard at trial indicates that a particular act occurred on a

11      different date.  The law requires only a substantial similarity between the dates alleged in the Indictment

12      and the dates established by the evidence.

13

14

15      III. CONCLUDING INSTRUCTIONS

16      <u>Selection of the Foreperson</u>

17      In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first

18      task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

19      but is the person who will communicate with me when questions arise and when you have reached a

20      verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should

21      be signed by the foreperson and should include the date and time they were sent.  They should also be as

22      clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So

1    please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else

2    how the jury stands on any issue until after a unanimous verdict is reached.

3

4    <u>Right to See Exhibits and Hear Testimony</u>

5          All of the exhibits (with the exception of the exhibits containing the child pornography and/or

6    child erotica) will be given to you near the start of deliberations.  In addition, you will also be provided

7    with a list of all the exhibits that were received into evidence.

8          If you want to view any of the child pornography and/or child erotica, if you prefer to view any

9    evidence here in the courtroom, or if you want any of the testimony submitted to you or read back to

10   you, you may also request that.  Keep in mind that if you ask for testimony, however, the court reporter

11   must search through her notes, the parties must agree on what portions of testimony may be called for,

12   and if they disagree, I must resolve those disagreements.  That can be a time-consuming process.  So

13   please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

14         Again, your requests for testimony — in fact, any communication with the Court — should be

15   made to me in writing, signed by your foreperson with the date and time, and given to one of the Court

16   Security Officers.

17

18   <u>Juror Note-Taking</u>

19         If any one of you took notes during the course of the trial, you should not show your notes to, or

20   discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be

21   used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

22   greater weight than those of any other juror.  Finally, your notes are not to substitute for your

23   recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of

20

1    the testimony, you may — as I just told you — request that the official trial transcript that has been

2    made of these proceedings be submitted or read back to you.

3

4    <u>Bias, Prejudice, and Sympathy</u>

5        All of us, no matter how hard we try, tend to look at others and weigh what they have to say

6    through the lens of our own experience and background.  We each have a tendency to stereotype others

7    and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

8    that tends to favor those like ourselves.  You must do the best you can to put aside such stereotypes, for

9    all litigants and witnesses are entitled to a level playing field.

10       In particular, it would be improper for you to consider, in reaching your decision as to whether

11   the Government sustained its burden of proof, any personal feelings you may have about the defendant's

12   race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for

13   you to consider any personal feelings you may have about the race, religion, national origin, gender,

14   sexual orientation, or age of any witness or anyone else involved in this case.  Additionally, you must

15   not be influenced by any personal feelings you may have about child pornography or the nature of the

16   charged crimes.

17       Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy.  You

18   are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial

19   question that you must ask yourselves for each count is:  Has the Government proved each element of

20   each count beyond a reasonable doubt?

21       It is for you and you alone to decide whether the Government has sustained its burden of proving

22   the defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence

23   and subject to the law as I have instructed you.

1    It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking,

2    there is a risk that you will not arrive at a true and just verdict.

3    If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, then

4    you must render a verdict of not guilty on that particular count.  On the other hand, if you should find

5    that the Government has met its burden of proving the guilt of the defendant beyond a reasonable doubt

6    with respect to a particular count, then you should not hesitate because of sympathy or any other reason

7    to render a verdict of guilty on that count.

8    I also caution you that, under your oath as jurors, you cannot allow to enter into your

9    deliberations any consideration of the punishment that may be imposed upon the defendant if he is

10   convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court,

11   and the issue of punishment may not affect your deliberations as to whether the Government has proved

12   the defendant's guilt beyond a reasonable doubt.

13

14   Duty to Deliberate

15   The most important part of this case, members of the jury, is the part that you as jurors are now

16   about to play as you deliberate on the issues of fact.  I know you will try the issues that have been

17   presented to you according to the oath that you have taken as jurors.  In that oath you promised that you

18   would well and truly try the issues joined in this case and a true verdict render.

19   As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity

20   to express your own views.  Every juror should be heard.  No one juror should hold the center stage in

21   the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your

22   fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

1   hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your

2   honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

3          Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that

4   you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at

5   any time during your deliberations.

6

7   <u>Return of the Verdict</u>

8          We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is

9   attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

10   will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the

11   foreperson has been selected.

12          You should draw no inference from the questions on the Verdict Form as to what your verdict

13   should be.  The questions are not to be taken as any indication that I have any opinion as to how they

14   should be answered.

15          After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date

16   and time, and you should all sign the Verdict Form.  The foreperson should then give a note — **<u>not</u>** the

17   Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a

18   verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the

19   Verdict Form and hand it to me in open court when I ask for it.

20          I will stress again that each of you must be in agreement with the verdict that is announced in

21   court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be

22   revoked.

23

1

2    Closing Comments

3        Finally, I say this, not because I think it is necessary, but because it is the custom in this

4    courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

5        All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All

6    litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and

7    to see that justice is done.

8        Under your oath as jurors, you are not to be swayed by sympathy or prejudice.  You should be

9    guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to

10   the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict

11   on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your

12   clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and

13   impartial decision so that you will arrive at the just verdict.

14       Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to

15   spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

16   patiently in the jury box, without speaking to each other, and we will return in just a moment to submit

17   the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :            S2 17-CR-548 (JMF)
     -v-                                                      :
                                                              :
JOSHUA ADAM SCHULTE,                                          :            <u>VERDICT FORM</u>
                                                              :
                              Defendant.                      :
                                                              :
------------------------------------------------------------------X

*All Answers Must Be Unanimous*

<u>**Count One**</u> **– Receipt of Child Pornography**

     Guilty    _____    Not Guilty    _____


<u>**Count Two**</u> **– Possession of Child Pornography**

     Guilty    _____    Not Guilty    _____


<u>**Count Three**</u> **– Transportation of Child Pornography**

     Guilty    _____    Not Guilty    _____


*Please Turn to the Next Page*

*After completing the Verdict Form, please sign your names below and fill in the date and time.*

_____     _____
Foreperson


_____     _____


_____     _____


_____     _____


_____     _____


_____     _____

Date and Time: _____

*Once you have signed the Verdict Form, please give a note — NOT the Verdict Form itself —*
*to the Court Security Officer stating that you have reached a verdict.*