# **<u>EXHIBIT A</u>**

THE LAW FIRM OF

# CÉSAR DE CASTRO, P.C.

ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Facsimile
cdecastro@cdecastrolaw.com
cdecastrolaw.com

November 27, 2023

*Via* **Email**

Stephanie M. McMahon
U.S. Probation Officer Specialist
Southern District of New York
500 Pearl Street, 7th Floor
New York, NY 10007
stephanie_mcmahon@nysp.uscourts.gov

        Re:    *United States v. Schulte,* 17 Cr. 548 (JMF)

Dear Officer McMahon,

We have the following objections to the Draft Presentence Report ("Draft PSR"), separated into objections to Guidelines Enhancements, and miscellaneous objections:

Enhancement Objections:

- Paragraphs 129 and 158.  We object to a Terrorism enhancement under USSG §§ 3A1.4(a) (Offense Level) & 3A1.4(b) (Criminal History).  For an offense to be a "Federal Crime of Terrorism", and qualify for an enhancement under USSG §§ 3A1.4(a) and 3A1.4(b), it must be "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct".  18 U.S.C. § 2332B(g)(5)(A).  The government's theory presented at trial was that Mr. Schulte felt personally scorned by the way he was treated in CIA, not that he retaliated against government conduct, or that he was attempting to influence any government conduct.  Therefore, these enhancements should not apply.

- Paragraphs 121 and 131.  We object to an Obstruction of Justice enhancement under §3C1.1.  The Court granted Mr. Schulte's motion for a judgement for acquittal on the Obstruction of Justice count, where he was charged with obstructing justice by lying to the FBI (*See* ECF No. 1101).  Furthermore, disobeying a judicial order would not trigger an Obstruction of Justice enhancement under §3C1.1.  *See* Application Note 4 to USSG

§3C1.1, Examples of Covered Conduct.  Finally, Mr. Schulte was convicted of Contempt of Court (Count 11), and the Draft PSR properly omits the 2-point Obstruction enhancement in Paragraph 137 for the same alleged underlying conduct as in Paragraph 131.  Therefore, an Obstruct of Justice enhancement should not be applied.

- Paragraphs 127 and 133.  We object to an enhancement for gathering or transmitting Top Secret information.  An enhancement under USSG §§2M3.2(a)(1) or 2M3.3(a)(1) only apply to retained or transmitted Top Secret information, respectively.  The government has not proven that the information in Vault 7 or Vault 8 contained Top Secret information.  Because Top Secret documents were not presented to the jury or provided to the defense, this enhancement should not apply.

- Paragraph 130.  We object to an enhancement under §3B1.3 for abuse of position of trust or using a special skill.  Mr. Schulte's position as one of many software developers was not a position of trust, as he was not a manager, and the government has not shown that his position was given "substantial discretionary judgment that is ordinarily given considerable deference".  Application Note 1 to USSG §3B1.3.  Therefore, this enhancement should not apply.

Miscellaneous Objections:

- Paragraph 39.  This paragraph mischaracterizes the Judge's findings.  The Judge did not find that he was using the internet while on bail, rather he was instructing his cousin to use it on his behalf, as described in Paragraph 93.

- Paragraph 80.  We object to describing the email found in the headboard or the shredded documents as being classified.  The email was marked as unclassified (p. 311 of trial testimony), and the shredded documents were not classified (p. 366 of trial testimony).

- Paragraph 90 and 106 *et seq*.  We object to the inclusion of CSAM being found on the prison laptop.  Mr. Schulte was not charged with these offenses, nor was it presented as 404(b) evidence at the severed trial.  Additionally, when he represented himself *pro se*, he was denied the opportunity to review the laptop and refute the government's allegations.

Respectfully Submitted,

/s/

Shannon McManus
César de Castro

2