

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 9, 2024

**BY CM/ECF**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Joshua Adam Schulte*,
              **S2 17 Cr. 548 (JMF)**

Dear Judge Furman:

      The Government respectfully submits this letter to request the continued sealing of the child pornography victim impact statements submitted in connection with the defendant's sentencing on February 1, 2024, consistent with the victims' rights "to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).

      The identified child pornography victims in this case "filed victim impact statements that summarize the effects experienced by them from the perpetration of the ongoing sexual abuse perpetrated against them as a result of the dissemination of the child pornography that immortalizes their sexual abuse." (PSR ¶ 120.) As the Second Circuit recognized in this case, "child pornography permanently records the victim's abuse [and] causes the child victims of sexual abuse continuing harm by haunting those children in future years." *United States v. Schulte*, No. 21-3113, 2022 WL 1316210, at *3 (2d Cir. May 3, 2022), *citing* Child Pornography Prevention Act of 1996, Pub. L. No. 104–208, sec. 121, 110 Stat. 3009, 3009-26, 3009-27.

      The Government respectfully submits that public docketing of the victim impact statements would visit significant harms on the victims and compromise their rights to privacy and dignity. 18 U.S.C. § 3771(a)(8); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir, 1995) ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (cleaned up). The victim impact statements contain intimate and personal details about specific harms suffered, the victims' past and present mental states, and their relationships to their abusers. Many of the statements reflect highly personal and sensitive information about the ongoing effects of their trauma, including drug and alcohol abuse, medical and mental health treatment, the victims' troubled relationships with sex and intimacy, the victims' intrafamilial dynamics, and other intimate information. The statements also show that many of the victims live in extreme fear and anxiety of being recognized and associated with the images and videos of their earlier sexual abuse.

The victims have a significant privacy interest in this information, which is of the most intimate and personal nature. Making this information publicly available would expose the victims to a similar type of harm caused by the continued circulation of images and videos of their sexual abuse: making intimate information about their sexuality and their trauma public. Indeed, if docketed, the victims' intimate descriptions of their trauma, sexuality, and mental and physical health would be available to their abusers and to other perpetrators of child pornography and child exploitation offenses who derive personal gratification from just that kind of trauma and abuse.

These interests in privacy and dignity cannot be addressed through redaction. Even if this intimate information could reliably be anonymized, the victims themselves would know that their statements were publicly available for others to read, invading their privacy and raising the specter of fear and anxiety about being associated with their statements, just as the victims suffer fear and anxiety about being associated with images and videos of their sexual abuse. As the explained in the statements, the victims of child pornography often try to hide their abuse from those they know and interact with, or isolate themselves to avoid the risk of having people they know discover their past abuse. Moreover, the statements cannot be reasonably be anonymized, precisely because of their very personal and intimate nature. Those close to the victims would be in a position to infer the victims' identities from the contents of the victim statements because of the personal nature of the information in the statements. So, too, would the victims' abusers, who are familiar with the victims and the precise nature of the abuse that was originally inflicted on them. And, here, redacting sufficient information to truly anonymize the statements would "render [the statements] unintelligible." *Amodeo*, 71 F.3d at 1052.

Finally, the Government is also mindful that making the victims' statements public without their prior consent, even with redactions, will likely discourage future victims from submitting statements or providing details that are important for sentencing courts to consider in future cases. Victims could easily feel compelled to sanitize their victim statements or decline to submit a statement at all, depriving courts of information important to fashioning a just sentence.[1]

---

[1] To the extent the Court is inclined to unseal portions of the victim impact statements, the Government respectfully requests that the victims be offered notice of the potential publication of their statements and an opportunity to be heard, consistent with 18 U.S.C. § 3771(a)(4).

Accordingly, the Government respectfully requests that the Court permit the continued sealing of the child pornography victim impact statements in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
Michael D. Lockard / Nicholas S. Bradley
Assistant United States Attorneys
(212) 637-2193 /-1581

cc: Defense counsel (by ECF)