```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                 :
UNITED STATES OF AMERICA                         :
                                                 :   PRELIMINARY ORDER OF
         - v. -                                  :   FORFEITURE AS TO
                                                 :   SPECIFIC PROPERTY
JOSHUA ADAM SCHULTE,                             :
                                                 :   S2 17 Cr. 548 (PAC)(JMF)
                  Defendant.                     :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about October 31, 2018, JOSHUA ADAM SCHULTE (the "Defendant"), was charged in a 15-count superseding indictment, S2 17 Cr. 548 (JMF) (the "S2 Indictment"), with, *inter alia*, receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), and 2 (Count Twelve); possession of child pornography, in violation of 18 U.S.C. §§ 2252A (a)(5)(B), (b)(2) and 2; (Count Thirteen) and transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count Fourteen);

WHEREAS, the S2 Indictment included a forfeiture allegation as to Counts Twelve, Thirteen, and Fourteen of the S2 Indictment, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 2253(a), of any visual depiction described in the offenses set forth in Counts Twelve through Fourteen, and any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18 United States Code, and any property, real and personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property;

1

WHEREAS, on or about June 8, 2020, the Defendant was charged in a nine-count superseding indictment, S3 17 Cr. 548 (JMF) (the "S3 Indictment") with, *inter alia*, unauthorized access to a computer to obtain classified information, in violation of 18 U.S.C. §§ 1030(A)(1) and 2 (Count Five); unauthorized access of a computer to obtain information from a department of agency of the United States, in violation of 18 U.S.C. §§ 1030(a)(2)(B) and 2 (Count Six); causing transmission of a harmful computer program, information, code, or command, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 2 (Count Seven); and causing transmission of a harmful computer program, information, code, or command, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and (2) (Count Eight);

WEHREAS, the S3 Indictment included a forfeiture allegation as to Counts Five, Six, Seven, and Eight of the S3 Indictment, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 1030(i), of any interest in any personal property that was used or intended to be used to commit or to facilitate the commission of the conduct alleged in Counts Five through Eight, and any property, real or personal, constituting or derived from any proceeds the Defendant obtained, directly or indirectly, as a result of the commission of the offenses charged in Counts Five through Eight;

WHEREAS, on or about July 13, ~~2023~~ 2022, following a jury trial, the Defendant was found guilty of Counts Five Through Eight of the S3 Indictment;

WHEREAS, on or about September 13, 2023, following a jury trial, the Defendant was found guilty of Counts Twelve through Fourteen of the S2 Indictment;

WHEREAS, the Government asserts that the following property constitutes property used or intended to be used to commit or to promote the commission of the offenses charged in Counts Twelve through Fourteen of the S2 Indictment and personal property that was

2

used or intended to be used to commit or to facilitate the commission of the conduct charged in Counts Five through Eight of the S3 Indictment:

1. One (1) Black Tower
2. One (1) SanDisk Thumb Drive
3. One (1) SanDisk MP3 Player
4. One (1) SanDisk MP3 Player
5. One (1) Samsung Tablet S/N: R52H60LF5RY
6. One (1) Samsung Phone Model SM-J320P
7. One (1) Black Tower
8. One (1) 120 GB Samsung SSD S19HNSAD5517655
9. One (1) Kingston Hyper X SSD
10. One (1) Western Digital 1 TB HDD S/N: WCAU45355046
11. One (1) Western Digital 1 TB HDD S/N: WCAW32328401
12. One (1) Western Digital 1 TB HDD S/N: WCAU42139599
13. One (1) Western Digital 1 TB HDD S/N: WCAU45276871
14. One (1) Samsung 1 TB HDD S/N: S2AEJ18Z408963
15. One (1) Samsung 1 TB HDD S/N: S2AEJ18Z4408961
16. One (1) Samsung 1 TB HDD S/N: 52AEJ18Z408962
17. One (1) 160 GB Western Digital HDD S/N:WMAU2U189169
18. One (1) 640 GB Western Digital HDD S/N: WCASY0416918
19. One (1) Western Digital 1 TB HDD S/N: WCAW32653861
20. One (1) Samsung Phone Model: SPHL710
21. One (1) HTC Cell Phone S/N: HT068P900155

    22. One (1) HTC Phone S/N: HT806G001901

    23. One (1) TP-Link Network USB

    24. One (1) SanDisk USB Thumb Drive 16 GB

    25. One (1) OSR Thumb Drive

    26. One (1) PNY 1 GB Thumb Drive

    27. One (1) SanDisk 1 GB Thumb Drive

    28. One (1) Sans Thumb Drive

    29. One (1) UFCU 128 MB Thumb Drive

    30. One (1) 8 GB SanDisk Micro SD

    31. One (1) 16 GB Micro SD and

    32. One (1) ATT Sim Card

recovered from a search of the Defendant's residence in New York, New York on or about March 15, 2017 (items 1 through 32, collectively, the "Specific Property");

    WHEREAS, the Government seeks the forfeiture of all the Defendant's right, title and interest in the Specific Property as property used or intended to be used to commit or to promote the commission of the offenses charged in Counts Twelve through Fourteen of the S2 Indictment and personal property that was used or intended to be used to commit or to facilitate the commission of the conduct charged in Counts Five through Eight of the S3 Indictment; and

    WHEREAS, pursuant to 21U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts Twelve through Fourteen of the S2 Indictment and Counts Five through Eight of the S3 Indictment, as to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, JOSHUA ADAM SCHULTE and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to 21 U.S.C. § 853(n).

6. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____          2/1/24
HONORABLE JESSE M. FURMAN                   DATE
UNITED STATES DISTRICT JUDGE