

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 1, 2024

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:   *United States v. Joshua Adam Schulte*,
            S3 17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government writes to respectfully request that the Court issue an order (1) extending by 30 days the Government's time to appeal the Opinion and Order dated April 9, 2024 (D.E. 1139) (the "Order"), which directed the Government to propose additional redactions, if any, to transcripts of proceedings held pursuant to Section 6 of the Classified Information Procedures Act ("CIPA"), Title 18, United States Code, app. 3, by May 2, 2024, or otherwise to docket redacted, post-classification-review copies of those transcripts by May 3, 2024; and (2) stay the Order until the deadline for any appeal of the Order. The Government advised Schulte's counsel of this request but has not yet been informed of counsel's position.

fp      Under Federal Rule of Appellate Procedure 4(b)(1)(B)(i), the Government has 30 days from the date the Order was entered to file any notice of appeal. Accordingly, any such notice would normally be due on May 9, 2024. Department of Justice policy requires this Office to confer with the Office of the Solicitor General concerning the possibility of appealing any adverse decision. This process is currently expected to take longer than the 30-day period set forth in Fed. R. App. P. 4(b)(1)(B)(i). Accordingly, the Government respectfully requests that the Court issue an order pursuant to Fed. R. App. P. 4(b)(4) and 26(a)(1)(C) extending the time within which the Government must file a notice of appeal, if any, by 30 days from May 9, 2024, which is Monday, June 10, 2024.

      The Government further respectfully requests that the Court stay the Order until the time to appeal has expired. Compliance with the Order before the time to appeal has expired would render any appeal moot. Courts consider four factors in determining whether to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *SEC v. Citigroup Global Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012). With respect to the first factor, this Court acknowledged in the Order that the question presented "appears to be one of first impression, at least in this Circuit." Order at 2. With respect to the second factor, irreparable injury absent a stay, the relief the Government sought in its underlying motion—the continued sealing of transcripts of proceedings held pursuant to CIPA § 6—will be unavailable and cannot be remedied. With respect to the third factor, a stay will not irreparably injure other parties, because if the Government elects not to appeal, or appeals and the Order is affirmed, then the transcripts at issue will be docketed. Moreover, the stay the Government seeks in this application is a narrow one: a stay of the Order for a limited period of time in order for the Government to complete its consultations with the Office of the Solicitor General about the possibility of appeal. Finally, the public interest would not be impaired by the requested stay for the same reasons: it is of limited duration, and the transcripts at issue will still be docketed should the Government elect not to appeal or should the Government appeal and the Order be affirmed.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
Michael D. Lockard / Nicholas S. Bradley
Assistant United States Attorneys
(212) 637-2193 / -1581

cc: Counsel of record (by ECF)

---

Application DENIED. The Government provides no basis for an extension of the May 2nd deadline to propose additional redactions. Accordingly, that deadline remains in effect. As for the deadline to appeal, there is no final order from which to appeal at present since the Court invited the Government to propose additional redactions. If the Government does not propose additional redactions, then the Court's Opinion and Order would ripen into a final order and the appeal clock would begin to run. (If the Government proposes additional redactions, the appeal clock would begin to run from the Court's order addressing the request and ordering the Government to docket the transcripts as redacted.) All of that said, the Government's deadline to file the transcripts (with whatever redactions the Court authorized or authorizes) is hereby extended to one day after the Government's deadline to appeal. In the event of an appeal, the deadline will be stayed pending resolution of the appeal.

SO ORDERED.

May 1, 2024