

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

---

*The Jacob K. Javits Federal Building
26 Federal Plaza
New York, New York 10278*

July 17, 2025

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Street
New York, New York 10007

      Re:    *United States v. Joshua Adam Schulte*,
              17 Cr. 548 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter in opposition to defendant Joshua Adam Schulte's motion (D.E. 1155, the "Motion") to stay the Final Order of Forfeiture entered on June 18, 2025, pending Schulte's appeal from his conviction and sentence. (D.E. 1154.) In the Motion, Schulte argues that a stay is warranted because (a) "he may move for reconsideration," (b) "the forfeiture issues will be a subject of the pending appeal," and (c) "some of the items that are listed on the Court's Final Order of Forfeiture may contain data or information relevant to Mr. Schulte's appeal, as well as being the topic of any appeal of the forfeiture proceedings generally."

      Schulte's motion for a stay because he "may move for reconsideration" of the Final Order of Forfeiture should be denied. Schulte's interests in the forfeited property were terminated in the Preliminary Order of Forfeiture entered on March 5, 2024. (D.E. 1135.) His time to move for reconsideration of that order passed more than a year ago. *See* Local Crim. Rule 49.1(b) (motions for reconsideration to be filed within 14 days of order). The Final Order of Forfeiture resolves the interests of third parties—with no third-party interests having been asserted after notice of the Government's intent to forfeit the property was published for the required 30 days. *See* Declaration in Support of Final Order of Forfeiture (D.E. 1153). Schulte does not have standing to challenge of the resolution of interests that are not his. Moreover, to the extent Schulte intends to challenge the Preliminary Order of Forfeiture on appeal, this court is divested of jurisdiction to address those challenges. *See United States v. Katsougrakis*, 715 F.2d 769, 776 (2d Cir. 1983) ("[T]he filing of a timely and effective notice of appeal from a final judgment divests the court of jurisdiction to amend or otherwise reconsider that judgment."); D.E. 1125 (notice of appeal).

      Schulte's request to stay the Final Order of Forfeiture pending appeal should also be denied. The party seeking a stay "bears the burden of showing that the circumstances justify" a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In determining whether to issue a stay pending

appeal, this Court considers the following factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *SEC v. Citigroup Global Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012). Despite Schulte bearing the burden to demonstrate that a stay is justified, the Motion fails to address any of the four factors or even identify the basis on which Schulte's appeal will challenge the forfeiture orders; accordingly, the Motion fails to demonstrate that a stay is warranted.

Similarly, the Motion fails to explain how the contents of the electronics subject to the forfeiture orders are relevant to the appeal, or how that data could be relevant unless it already is part of the record through other means. In short, the Motion asserts vague generalizations and speculation, fails to justify a stay, and should be denied.

Respectfully submitted,

JAY CLAYTON
United States Attorney

by: _____/s/_____
Michael D. Lockard / Nicholas S. Bradley
Assistant United States Attorneys
(212) 637-2193 / -1581

cc:   Counsel of record (by ECF)