K5I3SCHC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                          S2 17 Cr. 548 (PAC)

JOSHUA ADAM SCHULTE,

          Defendant.             Teleconference

------------------------------x

                             New York, N.Y.
                             May 18, 2020
                             10:30 a.m.
Before:

                  HON. PAUL A. CROTTY,

                           District Judge

                   APPEARANCES

GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York
BY:  MATTHEW J. LAROCHE
    SIDHARDHA KAMARAJU
    DAVID W. DENTON JR.
    Assistant United States Attorneys

SABRINA P. SHROFF
    Attorney for Defendant
    -and-
DAVID E. PATTON
    Federal Defenders of New York, Inc.
BY:  EDWARD S. ZAS
    Assistant Federal Defender

K5I3SCHC

THE DEPUTY CLERK:  17 CR 548, United States of America v. Joshua Schulte.  Counsel for the government, please state your appearance.

MR. DENTON:  Good morning, your Honor.  This is David Denton.  Also appearing by phone are Matt Laroche and Sid Kamaraju.

THE COURT:  Good morning.

MS. SHROFF:  Good morning, your Honor.  For Mr. Josh Schulte, Sabrina Shroff and Edward Zas.

THE COURT:  Mr. Schulte, are you on the phone?

THE DEFENDANT:  Yes, I'm here.

THE COURT:  Thank you.

We are in the midst of the COVID-19 pandemic.  Counsel are appearing at this status conference by telephone. Mr. Schulte is also participating by teleconference.

Mr. Schulte, have you talked with your counsel, Mr. Zas and Ms. Shroff, about --

THE DEFENDANT:  Yes, we spoke a few days ago.

THE COURT:  Do you consent to participating in the status conference by telephone?

THE DEFENDANT:  Yes.

THE COURT:  We received yesterday or this morning the defense's post-trial motion.  How much time does the government need to respond and reply?

MR. DENTON:  Your Honor, this is David Denton.  In

K5I3SCHC

order to respond to both the pending Rule 29 motions that were made during the trial and the newest submission, we would ask for four weeks, until June 19, to the Friday.

THE COURT:  Ms. Shroff?

MS. SHROFF:  Your Honor, we do not object to that request.

THE COURT:  How much time do you need to respond?

MS. SHROFF:  Your Honor, I'm not sure.  I think it depends on the submission of the government.  May we request three weeks?

THE COURT:  Three weeks.  What does that bring us to, David?

THE DEPUTY CLERK:  July 10, Judge.

THE COURT:  July 10.  So, on the response to Mr. Schulte's motion, the government will respond by June 19, and Ms. Shroff has a tentative reply date of July -- what's the date, July 10?

THE DEPUTY CLERK:  Yes.

THE COURT:  Okay.  Have the parties discussed retrial of Mr. Schulte on the espionage charges or going forward on the pornography charges?

MR. DENTON:  Your Honor, this is David Denton again. We have not had an opportunity to confer with defense counsel. The government does intend to retry Mr. Schulte on the espionage charges.  Mindful of some of the notes that we got

from the jury, I think once we have a grand jury again and the courthouse is open, the government expects to supersede with respect to the espionage charges.  Not to add any new conduct, but simply to clarify the counts that remain for the retrial. We also expect to proceed on the child pornography charges, and we would be prepared to go forward in whatever order the Court thinks is most expeditious.

THE COURT:  Ms. Shroff, do you have a position on this?

MS. SHROFF:  I do not, your Honor.  I need to confer with Mr. Schulte and talk to Mr. Zas.  We did preliminarily reach out to the government, and I think that whatever the government has said here is basically what they told us.

I do want to point out to the Court, your Honor, that both Mr. Denton and I did have a trial that was scheduled for May 26, which is also now held in abeyance due to the COVID pandemic.

THE COURT:  Well, it's difficult to predict when things will approach normal again.  There's not a sitting grand jury at this time, is there?

MR. DENTON:  Your Honor, my understanding is that the grand juries are being brought in essentially as needed on an emergency basis.

THE COURT:  Mr. Schulte is not an emergency, correct?

MR. DENTON:  No, your Honor, given that he's already

K5I3SCHC

been charged, that's correct.

MS. SHROFF:  Your Honor, may I just -- this is Sabrina Shroff.  May I just inquire how it is that the government is determining what is an emergency?

THE COURT:  I don't know what is an emergency.  I do know that it is very difficult to -- I'm not aware that there is a grand jury that's sitting right now.

MS. SHROFF:  I was not aware either, your Honor, and if it is the government's position that grand jurors are being brought in as needed, I most respectfully request that the government be required to elaborate on what process the government is following, when they expect to have a grand jury. Because these are all questions that Mr. Schulte will surely present to his team after this call is over, and I have no authority to ask that of the government.  But the Court has the authority.

THE COURT:  Mr. Denton, can you elaborate on this?

MR. DENTON:  Your Honor, I think --

THE COURT:  Part of the problem is going to be that Mr. Denton will not know because I don't think any of us know.

Go ahead, Mr. Denton.

MR. DENTON:  That's correct, your Honor.  I think with respect to Mr. Schulte, what we can say is that we plan to proceed to the grand jury as soon as normal grand jury operations have resumed.

THE COURT:  My information is that won't occur until some time later in the summer.  The best information I have is that the earliest we'll have criminal jury trials is September. I don't know if the government or Ms. Shroff has different information.  That's my information.

MS. SHROFF:  Your Honor, I don't have any different information.  But, Mr. Denton did just say that grand juries are being brought in as needed.  We have no clarification as to what that means.  What does it mean, "as needed"?  I mean, I don't want to speak -- I'm sure if Mr. Schulte was sitting by my side, his position would be that for him, a grand jury is needed now, because he'd like the case to proceed.  So, I don't know what Mr. Denton means when he says a grand jury is being brought in.  What does that mean for Mr. Schulte or any other defendant for that matter?

THE COURT:  Mr. Denton, can you elaborate on that?

MR. DENTON:  As your Honor pointed out, I don't know actually all of the details of what's being done.  What I do know is what I stated earlier, which is that we expect to proceed to the grand jury with respect to Mr. Schulte as soon as normal grand jury operations have resumed.  I don't have any more precise information than the Court about when that will be.

THE COURT:  What is the view of the parties, both Mr. Schulte and the government, on trying to conduct a criminal

K5I3SCHC

trial while the COVID pandemic is ongoing?  How do we intend to get jurors?

My recollection is that a number of the jurors in the first trial were not from New York City but from Westchester, so we have a transportation problem getting people in.  I don't know if the trial will take five to six weeks as the first trial did.  It will be at least three or four weeks.

And does anybody have a view, one way or the other, about how are we going to meet the logistics of a trial in light of COVID-19?

MR. DENTON:  Your Honor, I think just to address one small point and then the larger question.  I think we do expect that the second trial could be substantially shorter than the first, sort of again, with the benefit of experience, we expect to streamline certainly the government's case substantially.

With respect to the broader question, I think we don't really have answers for the Court on that.  As Judge McMahon's standing orders have made clear, we think that there is a lot of logistical issues within the courthouse that we are not capable of addressing.  And we think it's best to sort of hold off for the time being until the chief judge lifts those orders and allows us to think about proceeding.

THE COURT:  I think that's the right approach.  I think we ought to try to meet again in a month's time, say in mid to late June, see if there is any further clarification

K5I3SCHC

that can be made with respect to retrial and a grand jury being convened so that the government can supersede.  My best information is there is not a grand jury sitting right now in the Southern District of New York, in Manhattan.

MS. SHROFF:  Your Honor, it would be our request that since it is the government that presents information to the grand jury, the government is in a good position to update the Court on, one, whether there is a grand jury that is sitting now; two, if there is a grand jury that is sitting now, will they hear the Schulte superseder request; and three, if there is no grand jury sitting now, when a grand jury will be convened to hear Mr. Schulte's case.

THE COURT:  I think I'll ask the government to respond to that.  Finding out when the grand jury in the Southern District of New York is likely to convene, what the schedule is to get the Schulte case before the grand jury.

David Gonzalez, can you give me a date, mid to late June, where we can meet again?

THE DEPUTY CLERK:  Yes, we can do Wednesday, June 24, at 10:30 a.m.

THE COURT:  Is there anything else that the government wants to raise or Mr. Schulte wants to raise?

MR. DENTON:  Your Honor, this is the government.  In light of the ongoing delays caused by the pandemic, and the need for the parties to brief ongoing post-trial motions, we

K5I3SCHC

would ask the Court to exclude time under the Speedy Trial Act between now and our next conference on June 24.

THE COURT:  Any objection, Ms. Shroff?

MS. SHROFF:  Your Honor, Mr. Schulte does have an objection.  Obviously under the speedy trial clock, the time for motions is excluded.  But beyond that, Mr. Schulte has indicated that he objects to any exclusion of speedy trial time.

THE COURT:  In light of the pandemic?

MS. SHROFF:  That's his position, your Honor.

THE COURT:  Well, motions are pending, and the time will be excluded.  So I'll exclude time between now and June 24.  There may be another further extension because of the pendency of the motions which Mr. Schulte has made and to which the government has to respond.  The government has to respond to the pending motion by Mr. Schulte by June 19, and Mr. Schulte will have until July 10 to reply.

So time through June 24 is excluded.  It is In the interest of justice to do so.  Those interests outweigh the interests of the public and the defendant in a speedy trial.

Is there anything else to discuss?

MR. DENTON:  Not from the government, your Honor.

THE COURT:  Ms. Shroff?

MS. SHROFF:  No, your Honor.  Thank you.

THE COURT:  All right.  The matter is adjourned now to

K5I3SCHC

June 24 at 10:30 a.m.   Thank you very much.

            MS. SHROFF:   Thank you, your Honor.

            MR. DENTON:   Thank you, your Honor.

            (Adjourned)